USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/3/2019

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

ULKU ROWE,

        Plaintiff,

-against-

GOOGLE LLC,

        Defendant.

Civ. 1:19-cv-08655 (LGS)(GWG)

**CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER**

LORNA G. SCHOFIELD, United States District Judge:

    This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. See 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a.    An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield
Yes.

    b.    A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
No.

    c.    A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-gschofield
No.

    d.    A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
No.

4. Alternative Dispute Resolution/Settlement

a. Settlement discussions have taken place.

b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following: There was a limited informal exchange of information prior to the filing of this action. The parties will also produce the documents specified by the Initial Discovery Protocols for Employment Cases Alleging Adverse Action.

c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: The parties will engage in mediation pursuant to the Second Amended Standing Administrative Order, 11-MISC-003 (Oct. 1, 2015).

d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery: This mediation will be held on or before February 14, 2020, pursuant to the Court's Order dated November 19, 2019 (ECF 11).

e. **The use of any alternative dispute resolution mechanism dos not stay or modify any date in this Order.**

5. No additional parties may be joined after December 1, 2019, without leave of Court.

6. Amended pleadings may be filed without leave of Court until December 1, 2019.

7. Initial disclosures pursuant to ~~Fed. R. Civ. P. 26(a)(1)~~ the Initial Discovery Protocols for Employment Cases Alleging Adverse Action shall be completed no later than January 7, 2020.

8. Fact Discovery

    a. All fact discovery shall be completed no later than ~~XXXXX 20, 2020X~~ May 4, 2020

    b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by January 21, 2020.

    c. Responsive documents shall be produced on a rolling basis, written responses to requests for the production of documents shall be served within 21 days of the service of the requests.
    Do the parties anticipate e-discovery? Yes.

    d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by April 15, 2020.

2

e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by May 20, 2020.

f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by June 15, 2020.

**g. Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery

a. Anticipated types of experts if any: Plaintiff may call an expert with respect to damages, in which case Defendant may call a rebuttal expert.

b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than June 19, 2020.

c. If you have identified types of experts in question 9(a), by April 20, 2020, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case is to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is 7 days.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below: None at this time.

13. Status Letters and Conferences

a. By February 3, 2020, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

b. By May 18, 2020, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

c. On July 9, 2020, at 10:40 A.M., a pre-motion conference will be held for any anticipated dispositive motions, provided:

      i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

      ii. If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

    This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

    The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

    SO ORDERED.

Dated: December 3, 2019
      New York, New York

                                              LORNA G. SCHOFIELD
                                      UNITED STATES DISTRICT JUDGE

Counsel for the Parties:

| OUTTEN & GOLDEN LLP | PAUL HASTINGS LLP |
|---|---|
| By: _____<br>Cara E. Greene<br>685 Third Avenue, 25th Floor<br>New York, New York 10017<br>(212) 245-1000<br>ceg@outtengolden.com<br>*Attorneys for Plaintiff*<br>Ulku Rowe | By: _____<br>Kenneth W. Gage<br>200 Park Avenue<br>New York, New York 10166<br>(212) 318-6000<br>kennethgage@paulhastings.com<br>*Attorneys for Defendant*<br>Google LLC |

4