

Advocates for Workplace Fairness

February 3, 2020

**Via ECF**
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

      Re:     <u>*Ulku Rowe v. Google LLC*, Case No. 1:19-cv-08655-LGS</u>

Dear Judge Schofield:

    Plaintiff Ulku Rowe and Defendant Google LLC, (collectively, "the Parties") respectfully submit this joint status letter as outlined in the Scheduling Order and the Court's Individual Rule IV.A.2.

## I. PROCEDURAL HISTORY

    The initial Complaint was filed on September 17, 2019 and the Amended Complaint was filed on November 22, 2019 after Plaintiff received a Notice of Right to Sue from the EEOC. Defendant filed its Answer on December 6, 2019.  Discovery is underway, and the Parties are working to finalize an ESI Protocol for the Court's consideration. With this joint status letter, the Parties are contemporaneously filing a joint Proposed Protective Order for the Court's consideration.  Mediation pursuant to the Second Amended Standing Administrative Order regarding Counseled Employment Discrimination Cases Assigned to Mediation by Automatic Referral ("Second Amended Order") is scheduled for February 10, 2020.

## II. DISCOVERY

    a.  **Early disclosure requirements:**

    On January 7, 2020, Google served its written responses in connection with the Initial Discovery Protocols for Employment Cases Alleging Adverse Action (the "Initial Discovery Protocols"), and an initial 21,617-page production.  On January 23, 2020, Google served amended written responses to the Initial Discovery Protocols and to the Second Amended Order, as well as a supplemental document production of 13,040 pages.

    Plaintiff notes that Google's production is missing important information and documents (e.g. comparator information and compensation), but anticipates that such production will be made in response to Plaintiff's document requests. Further, by email dated January 17, 2020,

**New York**  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
**Chicago**  161 N Clark Street  Suite 1600  Chicago, IL 60601  Tel (312) 809-7010  Fax (312) 809-7011
**San Francisco**  One California Street  12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
**Washington DC**  601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410

www.outtengolden.com

Hon. Lorna Schofield
February 3, 2020
Page 2 of 3

Plaintiff raised concerns with respect to the manner of Google's initial production. Specifically, Plaintiff's position is that the format of many documents does not allow for any contextual analysis of the items produced, nor any way to understand what the records are or how they relate to other records. The Parties expect to meet and confer on this issue.

On January 7, 2020, Plaintiff served written responses to the Second Amended Order and a document production of 655 pages. On January 26, 2020, Google inquired as to when it would receive Plaintiff's written responses and production pursuant to the Initial Discovery Protocols. On January 28, 2020, Plaintiff informed Google of her position that she was not required to comply with the Initial Discovery Protocols.

**Plaintiff's Position:** It is Plaintiff's position that this case is governed only by the Pilot Discovery Protocols as set forth in the Second Amended Standing Administrative Order. Indeed, the Court's November 19, 2019 Order stated that "the parties shall complete the initial discovery required by the pilot discovery protocols by January 7, 2020 and the parties shall complete mediation by February 14, 2020." (Dkt. No. 11) Further, on the December 23, 2020 Order of Automatic Referral, the Court directed the Parties to "[p]lease reference the Pilot Discovery Protocols" and attached the Pilot Discovery Protocols. (Dkt. No. 20) Thus, Plaintiff maintains that she has complied with her discovery obligations pursuant to the Pilot Discovery Protocols. Nonetheless, Plaintiff twice stated by email correspondence on January 28, 2020 and February 3, 2020, that Plaintiff is amenable to producing additional information and documents in advance of mediation and asked Google to identify which information and documents it seeks. Defendant has not responded to Plaintiff's offer.

**Google's Position**: It is Google's position that the Initial Discovery Protocols apply in this matter under Your Honor's Individual Rule I.A.4, and under Part I, Section 1(b) of the Initial Discovery Protocols, as Plaintiff alleges a failure to promote (Amended Complaint, Dkt. No. 12, ¶¶ 50, 66), and retaliation. (*Id.* ¶¶ 52-55, 68-71.) Plaintiff previously acknowledged that the Initial Discovery Protocols applied to this matter. *See* Dkt. No. 10 (parties' joint request to adjourn preliminary conference, stating that "this case is subject to the Second Amended Standing Administrative Order, 11-Misc-003 (S.D.N.Y. Oct. 1, 2015) and the Initial Discovery Protocols for Employment Cases Alleging Adverse Action.") (emphasis added); Parties' Proposed Civil Case Management Plan and Scheduling Order, Dkt. No. 14-1 (answering "yes" to whether this case is "[a]n employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield," (¶ 3(a)). Plaintiff also signed and filed with this Court a joint letter stating that "[t]he parties will also produce the documents specified by the Initial Discovery Protocols for Employment Cases Alleging Adverse Action" by January 7, 2020, (*Id.* ¶ 4(b)), which was subsequently So Ordered by the Court. (Dkt. No. 18.)

Only once Google had met its obligations under the Initial Discovery Protocols did Plaintiff change her position to assert that the Initial Discovery Protocols do not apply to this matter. Google believes that the Parties should be equally held to the discovery

obligations of this Court, and does not believe that Plaintiff's offer to produce *some* additional documents mitigates her obligation to produce *all* documents and information called for by the Initial Discovery Protocols.

The Parties therefore respectfully request that this Court instruct the Parties as to their obligations under the Initial Discovery Protocols. In the alternative, Google will file a letter motion pursuant to Your Honor's Individual Rule III.C.3 seeking a pre-motion conference to resolve this dispute.

    **b.  Additional discovery requests:**

On January 21, 2020, Plaintiff served Google with her First Request for the Production of Documents, and Google served Plaintiff with its First Request for the Production of Documents that same day. The Parties expect to receive written responses to the First Request for Production of Documents on February 11, 2020, and documents will be produced on a rolling basis. Google expects to receive written responses to its First Set of Interrogatories to Plaintiff on February 20, 2020.

## III. COURT-ORDERED DEADLINES

The Parties respectfully submit that they are working diligently and in good faith to efficiently proceed with fact discovery in compliance with the Court's schedule and do not anticipate needing additional time to complete fact discovery at this time.

Respectfully submitted,

_____
Kenneth W. Gage
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
*Counsel for the Defendant*

_____
Cara E. Greene
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017
*Counsel for the Plaintiff*

cc: All parties (via ECF)