UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE, <br><br> Plaintiff, <br><br> -against- <br><br> GOOGLE LLC, <br><br> Defendant. | No. 1:19-cv-08655 (LGS)(GWG) <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF CONFIDENTIAL INFORMATION |

WHEREAS, the parties to this action request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic, confidential, proprietary, and/or sensitive information, documents, and testimony that may be produced in discovery or otherwise provided or made available to the parties in this action;

WHEREAS, the parties, through the undersigned counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for the issuance of an appropriately tailored protective order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulated Confidentiality Agreement and Protective Order (the "Order")—including without limitation the parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon pain of contempt:

1.  Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a

deposition as confidential if counsel believes, reasonably and in good faith, that the information contained in the document or revealed in discovery is protected by statute or should be protected from disclosure as confidential personal information of a party to this lawsuit; medical or psychiatric information; trade secrets; information that is not publically available and is legally-protected as confidential or proprietary, concerning Defendants' personnel records and practices, business strategies, client records, trades, revenues, or profits and losses. Each page of any document designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

2. "Attorneys' Eyes Only" shall refer to material or information constituting trade secrets or confidential business information not previously disclosed to the opposing party or witness in these actions, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party producing or disclosing Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory response, admission, pleading or testimony, shall mark the same with the following legend "ATTORNEYS' EYES ONLY."

3. A party may designate deposition exhibits or portions of deposition transcripts as "Confidential" or "Attorneys' Eyes Only" either by: (a) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receiving the final deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Attorneys' Eyes Only," in which

case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the party. Until the deadline to designate deposition transcripts has passed, all parties will treat the entire deposition transcript as if it had been designated Confidential.

4. Each party that designates information or items for protection under this agreement will take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify for protection.

5. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information or materials designated Attorneys' Eyes Only disclosed will be held and used by the person receiving such information solely for the prosecution and defense of the above-captioned action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action. In the event that one party designates material produced by another party as Confidential Information or Attorneys' Eyes Only under this Order, the producing party will be bound by the terms of this Order with respect to filing such material with the Court or using such material in hearing or at trial, but such designation will not otherwise affect the rights or obligations of the producing party with respect to such material, including any confidentiality obligations arising from any agreements a party may have entered into in connection with such party's employment.

6. Nothing in this Order will prevent any party from producing any Confidential Information or materials designated Attorneys' Eyes Only in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government

agency having jurisdiction, provided that such party gives written notice to the producing party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing party deems it appropriate to do so.

7. In the event a party objects to another party's designation of Confidential or Attorneys' Eyes Only, the objecting party must notify the producing party in writing of its objection. If the producing party does not agree to declassify such document or material, the objecting party may move before the Court for an order declassifying those documents or materials. Such documents or materials shall continue to be treated as Confidential or Attorneys' Eyes Only unless and until the Court rules otherwise. The designating party shall have the burden of establishing that the materials properly are designated as Confidential Information or Attorneys' Eyes Only.

8. Information or documents designated as Confidential shall not be disclosed to any person, except:

    a. The parties to this action, including in-house counsel and the officers, directors, and employees of a party to whom disclosure is reasonably necessary for this litigation;

    b. Counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    c. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. Any mediator or arbitrator that the parties engage in this matter or that this Court appoints;

e. Outside vendors or service providers (such as copy-service providers, translators, and document-management consultants) that counsel hire and assign to this matter, consistent with the obligations set forth in Paragraph 11;

f. Any person a party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, consistent with the obligations set forth in Paragraph 11;

g. Any person from whom testimony is taken or is to be taken in this action, consistent with the obligations set forth in Paragraph 11, except that such a person may only be shown that Confidential Information or materials designated Attorneys' Eyes Only during and in preparation for his/her testimony and may not retain the Confidential Information or materials designated Attorneys' Eyes Only;

h. Stenographers and videographers engaged for deposition proceedings in this action; and

i. The Court (including any appellate court, its support personnel, and court reporters).

9. Material designated as Attorneys' Eyes Only may be disclosed only to the persons described in Paragraph 8(b), (c), (d), (e), (f), (g), (h), and (i) above. However, if the material designated "Attorneys' Eyes Only" indicates that it was authored by or provided to Defendants, then such information may be shown to Defendant, subject to compliance with the terms of this Order. Likewise, if the material designated "Attorneys' Eyes Only" indicates that it was authored by or provided to Plaintiff, then such information may be shown to Plaintiff, subject to compliance

with the terms of this Order.

10. Prior to disclosing or displaying the Confidential Information or materials designated "Attorneys' Eyes Only" to any person, counsel shall:

    a. inform the person of the confidential nature of the information or documents; and

    b. inform the person that the parties have agreed to enjoin the use of the information or documents by him/her for any purpose other than this litigation and have agreed to enjoin the disclosure of that information or documents to any other person.

11. In addition to the restrictions in Paragraph 8, the Confidential Information and materials designated "Attorneys' Eyes Only" may be disclosed or displayed to the persons identified in Paragraph 8(e), (f) and (g) only on the condition that prior to any such disclosure or display, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form attached hereto as Exhibit A stating that he or she has read the Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement.

12. The disclosure of a document or information without designating it as Confidential or Attorneys' Eyes Only shall not constitute a waiver of the right to designate such document or information as Confidential Information or Attorneys' Eyes Only provided that the material is retroactively designated pursuant to the procedures set forth herein. If so designated, the document or information shall thereafter be treated as Confidential Information or material designated as Attorneys' Eyes Only subject to all the terms of this Order.

13. If a party seeks to submit to the Court or use at hearing or trial information subject to confidential treatment in accordance with the terms of this Order, or any pleadings, motions or

other papers disclosing any Confidential Information or materials designated Attorneys' Eyes Only, the party shall comply with the following procedures:

  a. A party that seeks to use at a hearing or trial materials designated as Confidential or Attorneys' Eyes Only (the "Submitting Party"), and who seeks to have the record containing such information sealed, shall submit to the Court a motion to seal, pursuant to the individual rules and practices of the presiding Judge or Magistrate Judge (the "Individual Rules") and any applicable local rules. A party that seeks to use at any hearing or trial materials designated as Confidential or Attorneys' Eyes Only by anyone other than itself, and who does not seek to have the record containing such information sealed, shall provide a minimum of five (5) business days' notice to the Designating Party of the Submitting Party's intention to use such information, including specific identification of the information, unless the Court's rules or applicable deadlines preclude the provision of such notice, in which case the Submitting Party will provide to the Designating Party reasonable notice under the circumstances, and the parties will cooperate in good faith to ensure that each party may move to protect its own confidential information. The designating party may then file a motion to seal, pursuant to the Individual Rules and any applicable local rules.

  b. A Party that intends to file with the Court, materials designated as Confidential or Attorneys' Eyes Only as a basis for adjudication of discovery motions or proceedings shall provide a minimum of five (5) business days' notice to the party that so designated such information ("Designating Party") of the Submitting Party's intention to file or use such information, including specific identification of such information, unless the Court's rules or applicable deadlines preclude the provision of such notice, in which case the Submitting Party will provide to the Designating Party reasonable notice under the circumstances, and the parties

will cooperate in good faith to ensure that each party may move to protect its own confidential information (including by stipulating to extend time to submit oppositions, as necessary). The Designating Party promptly will inform the Submitting Party whether it will waive any confidentiality designations with respect to any of the identified information. If the Designating Party declines to waive the confidentiality designation with respect to any of the identified information, the Submitting Party will submit such information to the Court confidentially in accordance with the applicable Individual Rules, and the Designating Party may then submit to the Court a motion to seal, pursuant to the applicable Individual Rules.

        c.     A Party that intends to file with the Court materials designated as Confidential or Attorneys' Eyes Only as a basis for adjudication of matters other than discovery motions or proceedings shall provide a minimum of ten (10) business days' notice to the Designating Party of the Submitting Party's intention to file or use such information, including specific identification of the information, unless the Court's rules or applicable deadlines preclude the provision of such notice, in which case the Submitting Party will provide to the Designating Party reasonable notice under the circumstances, and the parties will cooperate in good faith to ensure that each party may move to protect its own confidential information (including by stipulating to extend time to submit oppositions, as necessary). The Designating Party promptly will inform the Submitting Party whether it will waive any confidentiality designations with respect to any of the identified information. If the Designating Party declines to waive the confidentiality designation with respect to any of the identified information, the Submitting Party will submit such information to the Court confidentially in accordance with the applicable Individual Rules, and the Designating Party may then submit to the Court a motion to seal, pursuant to the Individual Rules.

d. If a Designating Party files Confidential or Attorneys' Eyes Only information or material, not under seal and without redaction, its designation shall be deemed abandoned; provided, however, that a designating party who erroneously files such information or material shall have 30 days from the date it discovers its mistake to correct the mistake, and in doing so shall not be deemed to have waived or abandoned the designation.

14. Within sixty (60) days of the final disposition of this action, including all appeals, the Confidential Information, materials designated Attorneys' Eyes Only and any copies thereof or documents that reflect such information shall, at the request of the designating party, either be promptly returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential and materials therein previously designated "Attorneys' Eyes Only" shall remain for "Attorneys' Eyes Only." The parties' counsel may also retain an archival copy of all expert reports, court filings, correspondence, transcripts, or deposition or trial exhibits which have been designated "Attorneys' Eyes Only" and shall continue to treat them as "Attorneys' Eyes Only."

15. In the event a party requests additional limits on disclosure, the party may at any time before the trial of this action serve upon counsel for the recipient parties a written notice stating with particularity the grounds of this request. If the parties cannot reach agreement promptly, counsel for the affected parties will seek resolution by the Court.

16. This Order shall not be construed as: (a) a waiver by a party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence. Nothing in this Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or

immunity. Disclosures among a party's attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure. The inadvertent production of a privileged or work-product-protected document shall not be a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privilege or work product protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding, unless the producing party intended to waive privilege by so producing. A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection. In addition, the non-producing party shall provide notice to the producing party of information that contains privileged matter or attorney work product if such information appears on its face to have been inadvertently produced.

17. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

SO ORDERED.

Dated: February 4, 2020
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

SO STIPULATED AND AGREED.

Dated: February 3, 2020                                   Dated: February 3, 2020


OUTTEN & GOLDEN LLP                                       PAUL HASTINGS LLP

By: /s/ Cara E. Greene                                    By: /s/ Kenneth W. Gage
    Cara E. Greene                        Kenneth W. Gage
    Shira Z. Gelfand                       Caitlin D. Brown
    685 Third Avenue, 25th Floor           200 Park Avenue
    New York, New York 10017               New York, New York 10166
    (212) 245-1000                         (212) 318-6000
    ceg@outtengolden.com                   kennethgage@paulhastings.com
    sgelfand@outtengolden.com              caitlinbrown@paulhastings.com
    *Attorneys for Plaintiff*              *Attorneys for Defendant*
    Ulku Rowe                              Google LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ULKU ROWE, | No. 1:19-cv-08655 (LGS)(GWG) |
|                    Plaintiff, | |
| -against- | **EXHIBIT A – NON-DISCLOSURE AGREEMENT** |
| GOOGLE LLC, | |
|                    Defendant. | |

      I, _____, acknowledge that I have read and understood the Stipulated Protective Order for the Treatment of Confidential Information in this action governing the non-disclosure of certain documents or information that have been designated as Confidential or Attorneys' Eyes Only. I agree that I will not disclose such documents or information that have been labeled "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all confidential information to the party or attorney from whom I received it. By acknowledging these obligations, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Stipulated Protective Order for the Treatment of Confidential Information could subject me to punishment for contempt of Court.

_____
Signature

_____
Date

_____
Address