# Exhibit 1

**OUTTEN & GOLDEN LLP**
Cara E. Greene
Shira Z. Gelfand
685 Third Avenue, 25th Floor
New York, New York 10017
(212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ULKU ROWE,

               Plaintiff,

    v.

GOOGLE LLC,

               Defendant.

**Case No. 1:19-cv-08655 (LGS)(GWG)**

**PLAINTIFF'S FIRST REQUEST TO DEFENDANT GOOGLE LLC FOR THE PRODUCTION OF DOCUMENTS**

TO:    PAUL HASTINGS LLP
        Kenneth W. Gage
        Caitlin Brown
        200 Park Avenue
        New York, NY 10166
        Phone: (212) 318-6000
        Fax: (212) 230-7601
        kennethgage@paulhastings.com
        caitlinbrown@paulhastings.com

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Civil Case

Management Order dated December 3, 2019, Plaintiff Ulku Rowe ("Plaintiff" or "Rowe")

requests that within 21 days after service of this First Request for the Production of Documents,

Defendant Google LLC ("Defendant" or "Google") shall produce the below requested

documents.  Defendant shall also serve written responses within 21 days after service of these

Requests, which responses shall state whether inspection, copying and related activities will be permitted as to each category of documents and things requested.

## **DEFINITIONS**

1.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all responses that might otherwise be construed to be outside its scope.

2.      "Answer" means Defendant Google's Answer to Plaintiff's Complaint, dated December 6, 2019.

3.      "Any" shall also be construed to mean "all," and "all" shall also be construed to mean "any."

4.      "Communication" means the transmittal of information from one or more persons to one or more other persons in the form of statements, facts, ideas, inquiries, or otherwise, by any means, whether written, oral, or nonverbal, as well as any Documents reflecting or recording the content of any oral, written, or other communications in any form, and specifically includes, but is not limited to, emails, phone records, voice mails, voice messages, text messages, letters, and handwritten notes.

5.      "Compensation" means all forms of financial compensation, including but not limited to salary, bonuses, incentive payments, sign-on bonuses, equity awards, deferred compensation, severance, commissions, stipends, cost-of-living adjustment ("COLA") payments, allowances, or gross-up payments.

6.      If not expressly stated, "control" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent

or affiliated corporation, and any person purporting to act on your behalf.

7.    "Defendant," "you," and "your" refer to Google and include any person or entity joined by subsequent amendments.

8.    As used herein, the term "Documents" shall have the broadest possible meaning, including, but not limited to:

    a.   Any written, recorded, or graphic matter or recording of symbols in tangible or electronic form, however produced or reproduced, of every kind, whether in draft or final form, and regardless of where located, including, but not limited to, communications, correspondence, electronic mail, text messages, instant messages, chats, handwriting, records, transcripts, minutes, agreements, contracts, memoranda, notes, statements, maps, diagrams, illustrations, photographs, pictures, telegrams, facsimile, letters, postcards, written analyses, reports, tape recordings, papers, books, computer printouts, diaries, journals, schedules, databases, worksheets, and records of oral communications;

    b.   All metadata associated with written, recorded, or graphic matter or recording of symbols in electronic form;

    c.   All electronic mail and information about electronic mail (including message contents, header information, metadata fields discussed below (and also referred to as "load file fields"), and logs of electronic mail system usage; text messages; and instant messages;

    d.   All databases (including all records and fields and structural information in such databases), as well as data maps and data dictionaries associated

with such databases), whether hosted on the Defendant's servers or on the

servers of a third-party vendor (whether on physical servers or cloud-

based); and

e.  All word processing, spreadsheets, presentations or other user program

files, including programs that convert files from one format to another

format.

9.      "Each" shall also be construed to mean "every," and "every" shall also be

construed to mean "each."

10.     "ESI" shall include, but is not limited to, any and all items stored in any electronic

medium.  Such medium include, but are not limited to:

a.  Active, online storage locations, such as servers, LANs, SANS, magnetic

disks, hard drives and cloud servers;

b.  Near-line storage locations, such as optical disks;

c.  Offline storage locations and archives, such as removable optical disks

and magnetic tape media;

d.  Back-up tapes;

e.  CDs, flash memory, DVDs, PDAs, memory cards;

f.  Any other medium, including, but not limited to third-party Electronic

Communications Service and Remote Computing Service providers, such

as wireless mobile phone companies, smart devices, tablets, online

electronic mail or social networking site providers (e.g., Gmail, Hotmail,

Facebook, Gchat, Twitter); and any website hosting providers (e.g.,

Typepad); and

g. Other medium not widely used, such as floppy disks, diskettes, zip discs, jazz discs, zip drive, videotapes, audiotapes.

11. "External Complaint" means any complaint, charge, accusation, allegation, grievance or expression of concern, however characterized, made outside of Google, whether formal or informal, and whether written or oral, including any charge filed with an administrative agency, tribunal, ADR forum or court.

12. "Internal Complaint" means any complaint, charge, accusation, allegation, grievance or expression of concern, however characterized, made to or within Google, whether formal or informal, and whether written or oral, including any complaint made via Defendant's grievance process.

13. "Party" refers to Plaintiff Ulku Rowe or Defendant Google.

14. "Person" includes corporations, partnerships, and other business or legal entities, as well as individuals.

15. "Plaintiff" refers to Ulku Rowe and includes any person(s) joined by subsequent amendments.

16. "Related to," "relating to," "concerning," "refer or relate to," "regarding" or "pertaining" each mean explaining, containing, corresponding to, evidencing or discussing, or to be in any way legally, logically, or factually connected with the matter inquired of, whether directly or indirectly.

17. Reference to "this lawsuit" shall mean the above-captioned action.

18. The use of the singular form of any word includes the plural and vice versa.

19. All capitalized terms used and not otherwise defined shall have the meanings specified in Plaintiff's Complaint and/or Defendant's Answer.

20.     Terms not defined herein shall have their plain and ordinary meaning.

## INSTRUCTIONS

1.     Defendant shall organize and label responsive documents to correspond with the numbered requests and with specific subsections thereof, and indicate in which or whose file(s) the documents were found.

2.     Defendant shall produce documents in the possession, custody or control of Defendant, Defendant's attorneys, employees, agents, representatives, experts, parent companies, subsidiaries, consultants, and all other persons acting on behalf of Defendant or over whom Defendant exercises any degree of control as a result of a cooperation agreement or any other agreement, or otherwise.

3.     Unless otherwise specified, all requests refer to the time period of January 1, 2016 through the present.

4.     If any document and ESI responsive to these requests is no longer in Defendant's possession, custody or control, Defendant shall identify each such document including:

   a.  The type or character of the document (e.g., letter, memorandum, signed statement, notes, etc.);

   b.  Title, date, and number of pages thereof;

   c.  Its subject matter;

   d.  The name and last known address of the author of the document;

   e.  The name and last known address of the recipient of the document, if any;

   f.  All information contained in each such document;

   g.  The date and circumstances under which each such document ceased to exist or to be in Defendant's possession, custody or control;

   h.  The reasons that each such document was caused to, or happened to, cease

to exist;

    i.   The time period during which each document was maintained;

    j.   The location of each such document; and

    k.   The person or persons from whom each such document may be obtained.

5.     Each document requested shall be produced in its entirety and without deletion or excisions, regardless of whether Defendant considers the entire document to be relevant or responsive to these requests.  If Defendant has redacted any portion of a document based upon attorney-client privilege or work product grounds, stamp the word "redacted" on each portion of the document that has been redacted.

6.     If any document responsive to these requests is not produced in full or is redacted on the grounds that it is privileged or otherwise claimed to be protected against production, Defendant shall provide the following information with respect to each such document or redaction:

    a.   The date such document or redaction was prepared;

    b.   The document's author, signatory and every other person who prepared or participated in its preparation, and their affiliation (e.g., in-house attorney, executive, outside party) and title at that time;

    c.   The type of document (e.g., letter, chart, memorandum, etc.) and its page length;

    d.   The title of the document and a description of the document's subject matter and purpose;

    e.   A list of those persons and entities to whom the document was disseminated, including in an email, at any point in the email thread,

together with their affiliation (e.g., in-house attorney, executive, outside party) and title at that time;

    f.   Each and every person having possession, custody or control of the document and all copies thereof; and

    g.   The nature of the privilege or other rule of law relied upon and any facts supporting Defendant's position in withholding production of each document.

7.     If the requested documents are stored electronically or in a computer, Defendant shall identify the location of each document, including local and shared directories, and cloud storage utilized (e.g., Yammer, Dropbox, Google, Trello), the custodians in whose file(s) the documents have existed, the computer program in which the document was created, and the manner and method used to locate the document (e.g., search terms).

8.     Any and all descriptions or examples of documents provided in these requests are illustrative only and do not limit the request to those particular documents or types of documents, as if it were explicitly noted that such requests were "not limited to" the stated examples.

9.     These document and information requests are to be considered as continuing, and Defendant shall provide, by way of supplementary responses thereto, such additional documents or information as it or any persons acting on its behalf may hereafter obtain which are responsive to any of the requests contained herein.  Such supplementary responses are to be served upon Plaintiff within ten (10) days after discovery of any additional responsive documents, or sooner if 10 days would prejudice Plaintiff.

10.     Responding to any of Plaintiff's discovery requests in no way relieves Defendant from its ongoing discovery obligations, and Plaintiff does not waive any of her rights to fully

8

responsive answers to any future discovery requests she will serve in this proceeding.  To be specific, Plaintiff reserves the right to make future discovery requests regarding any discoverable material, whether related or unrelated to information and documents sought in this particular discovery request.

11.     If Defendant cannot respond to any part of any information request in full, Defendant shall respond to the extent possible, specifying the reason(s) for its inability to respond to the remainder of the request.

12.     Documents shall be produced in the format specified by and consistent with the Parties' ESI Protocol in this case.

13.     To maximize the security of information in transit, any media on which documents are produced may be encrypted by the producing Party.  In such cases, the producing Party shall transmit the encryption key or password to the requesting Party, under separate cover, contemporaneously with sending the encrypted media.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

Please produce the following:

1.     All documents concerning the commencement of Plaintiff's employment with Defendant, including Documents and Communications kept by Defendant's Human Resources department, Defendant's legal department, and/or Plaintiff's manager(s), supervisor(s), or superior(s).

2.     All documents concerning the terms and conditions of Plaintiff's employment with Defendant, including but not limited to any offer letters, employment agreements, contracts, promotion letters, commission or benefit agreements, Plaintiff's compensation (including

without limitation pay records, wage statements, equity and stock grants and options, deferred

compensation, and health insurance), and applicable policy manuals or procedures.

     3.     All documents describing the duties or responsibilities for Plaintiff's position(s)

with Google.

     4.     All documents concerning any payment Defendant made to Plaintiff including but

not limited to paystubs, W-2s, stock or equity awards, Draft Agreements, distributions, and

bonus notifications, as well as how Defendants financed each payment.

     5.     For Level 8, 9, and 10 employees within Google Cloud in the United States, all

documents constituting Defendant's rules, policies, and practices for the following:

     a.   Qualifications;

     b.   Responsibilities;

     c.   Duties;

     d.   Compensation;

     e.   Performance appraisals or evaluations;

     f.   Promotion; and

     g.   Equity awards.

     6.     Documents sufficient to show the name, gender, age, compensation, position,

title, level, reporting line, location, and qualifications for Level 8, 9, and 10 employees within

Google Cloud in the United States.

     7.     Documents sufficient to show the organizational and reporting structure of

Google Cloud.

     8.     All documents constituting Defendant's rules, policies, and practices regarding

harassment, discrimination, and retaliation; including documents concerning the adoption of such

policies and procedures, the dissemination of any such policies and practices to Google

employees, any revisions or modifications to such policies or procedures, and training provided.

9.     For Google Cloud employees within the United States, any salary studies and all

publications regarding those studies and salaries.

10.     All documents concerning the hiring and compensation of all Level 9 employees

within the office of the CTO.

11.     All documents describing the duties or responsibilities for all Technical Directors

within the office of the CTO.

12.     All documents describing the duties or responsibilities for all Vice President and

Head of Industry employees under the supervision of Tariq Shaukat.

13.     All documents concerning the compensation for all Vice President and Head of

Industry employees under the supervision of Tariq Shaukat.

14.     All documents describing the duties or responsibilities for Directors within

Google Cloud in New York.

15.     All documents relating to Plaintiff's job performance during her employment with

Defendant, whether formal or informal, including but not limited to all drafts and final versions

of performance reviews, end- and mid-year ratings reviews, any other performance reviews or

appraisals (whether formal or informal in nature), evaluations (including self-evaluations),

Plaintiff's rebuttals or responses, and performance feedback Plaintiff received from anyone at

Defendant.

16.     All documents relating to any awards, achievements, honors, grants, and/or

accolades that Plaintiff received.

17.    All documents relating to policy and procedure with respect to how performance evaluations, ratings, reviews, and performance feedback are determined for Technical Directors at Google Cloud, including, without limitation, all metrics considered in performance evaluations, ratings, reviews, and performance feedback.

18.    All documents concerning Plaintiff's Internal and External Complaints of discrimination, including but not limited to, all documents Defendant submitted to the EEOC in response to Plaintiff's charge, drafts, proposals, notes, text messages, communications, emails, justifications, investigations, input, memoranda, meeting requests, or discussions relating to the investigation. This Request includes all Documents and Communications related to any investigation (witness identities, witness interviews and statements, information obtained from interviews, conclusions and findings, and actions taken), discussion, or dissemination of any such complaint.

19.    All documents relating to any internal or external complaints of gender discrimination, including pay or promotion discrimination, and/or retaliation by any Google employee within Google's New York office in the last five years.

20.    All documents concerning any analysis, report, study, or self-appraisal conducted by or for Defendant concerning the presence, representation, discrimination, or unequal compensation of women within Google's New York offices.

21.    All documents concerning Defendant's search, recruitment, and hiring for the roles of Vice President of Financial Services/Head of Financial Services.

22.    All documents regarding Google's consideration of Plaintiff for the Vice President of Financial Services/Head of Financial Services roles.

23.     All communications to, from, or copying Tariq Shaukat, Will Grannis, Diane Greene, Thomas Kurian, or Google's HR employees concerning Plaintiff, where Plaintiff was not a sender, a recipient or a copied recipient.

24.     All documents concerning Human Resources' investigation of Plaintiff's internal complaints of discrimination.

25.     All documents concerning the commencement of Stuart Breslow's employment with Defendant, including documents kept by Defendant's Human Resources department, Defendant's legal department, and/or Mr. Breslow's manager(s), supervisor(s), or superior(s).

26.     All documents concerning the terms and conditions of Mr. Breslow's employment with Defendant, including but not limited to any offer letters, employment agreements, contracts, promotion letters, commission or benefit agreements, Plaintiff's compensation (including without limitation pay records, wage statements, equity and stock grants and options, deferred compensation, and health insurance), and applicable policy manuals or procedures.

27.     All documents describing Mr. Breslow's duties or responsibilities with Google.

28.     All documents concerning any payment Defendant made to Mr. Breslow, including but not limited to paystubs, W-2s, stock or equity awards, Draft Agreements, distributions, and bonus notifications, as well as how Defendants financed each payment.

29.     All documents concerning Defendant's decision to place Stuart Breslow into the Vice President of Financial Services/ Head of Financial Services role.

30.     All documents concerning Plaintiff's change in role in April 2019.

31.     As to each person identified as a deponent in this matter, produce:

    a.   All documents provided to such persons by Defendant or on Defendant's behalf;

    b.  If such person is a current or former Google employee, documents sufficient to establish such person's position, title, level, duties, responsibilities, qualifications, reporting structure, and compensation;

    c.  Documents constituting any agreements between such person and Google; and

    d.  All documents referring or relating to monies paid to such person or the person's designee by Defendant on behalf of Defendant; and

    e.  All other materials reviewed by such person or provided to such person in connection with this case.

32.    As to each person Defendant will or may call as a witness at the hearing of this matter, produce:

    a.  All documents provided to such persons by Defendant or on Defendant's behalf;

    b.  If such person is a current or former Google employee, documents sufficient to establish such person's position, title, level, duties, responsibilities, qualifications, reporting structure, and compensation;

    c.  Documents constituting any agreements between such person and Google; and

    d.  All documents referring or relating to monies paid to such person or the person's designee by Defendant on behalf of Defendant; and

    e.  All other materials reviewed by such person or provided to such person in connection with this case.

33.    As to each person Defendant will or may call as an expert to give testimony at the hearing of this matter, produce:

    a.  All documents provided to such persons by Defendant or on Defendant's behalf;

b. A complete and current version of such person's curriculum vitae, and a complete listing of every article, published or unpublished, authored, coauthored, or edited by that person;

c. Copies of all materials relied upon by that person in rendering his/her opinion;

d. Copies of all transcripts or recordings of that person's testimony at deposition or trial in a lawsuit, administrative proceeding, arbitration proceeding, or other judicial or quasi-judicial proceeding before any governmental agency, administrative agency or court, in which that person has testified as an expert for the past four years;

e. Copies of such person's speeches or presentations at seminars, meetings and conferences that refer or relate in any way to the subject about which that person is expected to testify;

f. All documents referring or relating to monies paid to such person of the person's designee by Defendant on behalf of Defendant; and

g. All other materials reviewed by such person or provided to such person in connection with this case.

34.   All documents supporting Defendant's affirmative defense that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

35.   All documents supporting Defendant's affirmative defense that Plaintiff fails to state facts sufficient to constitute a cause of action.

36.   All documents supporting Defendant's affirmative defense that Defendant's employment decisions, including all hiring, compensation and promotion decisions, were based on legitimate and nondiscriminatory factors unrelated to Plaintiff's protected characteristics.

37.     All documents supporting Defendant's affirmative defense that Defendant's unequal pay was lawful and not a violation of the EPA because it was pursuant to (i) a merit system, (ii) a seniority system, (iii) a system that measures earnings by quantity or quality of production, or (iv) a differential based on any other factor other than sex based on a legitimate business reason.

38.     All documents supporting Defendant's affirmative defense that Defendant's unequal pay was lawful and not a violation of the NYLL because it was pursuant to (i) a merit system, (ii) a seniority system, (iii) a system that measures earnings by quantity or quality of production, or (iv) a differential based on any other factor other than sex based on a legitimate business reason.

39.     All documents supporting Defendant's affirmative defense that assuming Defendant committed the acts or omissions alleged in the Amended Complaint for discriminatory or retaliatory motives, such acts or omissions would have been taken in any event for legitimate, non-discriminatory, non-retaliatory reasons.

40.     All documents supporting Defendant's affirmative defense that Plaintiff may not recover damages in this action because under the circumstances presented that would constitute unjust enrichment.

41.     All documents supporting Defendant's affirmative defense that Plaintiff's claims for damages (and certain categories of damages, and the amounts thereof recoverable) are limited by the EPA and the NYLL.

42.     All documents supporting Defendant's affirmative defense that Plaintiff may not recover liquidated or punitive damages because at all times relevant to the Amended Complaint

Defendant had in place a policy to prevent discrimination and retaliation in the workplace and made good-faith efforts to implement and enforce that policy.

43.     All documents supporting Defendant's affirmative defense that Plaintiff may not recover liquidated damages because Defendant had a good faith basis to believe that its actions were in compliance with the law

44.     All documents supporting Defendant's affirmative defense that Plaintiff's claim for injunctive or other equitable relief is barred because Plaintiff has an adequate and complete remedy at law.

45.     All documents supporting Defendant's affirmative defense that Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate any of the damages alleged in the Amended Complaint.

46.     All documents supporting Defendant's affirmative defense that Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff has not alleged facts sufficient to support an award of compensatory damages, punitive damages, and/or damages for any physical, mental, or emotional injury.

47.     All documents concerning Plaintiff's claims or Defendant's defenses of which Defendant is aware that have not been provided in response to the Requests above.

48.     All documents upon which Defendant intends to rely at trial or otherwise in support of any defense in this matter.

Dated:  New York, New York
        January 21, 2020

                                    By: */s/    Cara E. Greene*
                                        Cara E. Greene

                                    **OUTTEN & GOLDEN LLP**
                                    Cara E. Greene
                                    Shira Z. Gelfand

685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 21, 2020 a copy of the foregoing Plaintiff's First Request

to Defendant Google LLC for the Production of Documents was sent by e-mail to the following

counsel of record for Defendant:

PAUL HASTINGS LLP
Kenneth W. Gage
Caitlin Brown
200 Park Avenue
New York, NY 10166
Phone: (212) 318-6000
Fax: (212) 230-7601
kennethgage@paulhastings.com
caitlinbrown@paulhastings.com

By: */s/ Cara E. Greene*
Cara E. Greene

**OUTTEN & GOLDEN LLP**
Cara E. Greene
Shira Z. Gelfand
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060