# Exhibit 2

**OUTTEN & GOLDEN LLP**
Cara E. Greene
Shira Z. Gelfand
685 Third Avenue, 25th Floor
New York, New York 10017
(212) 245-1000

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE,<br><br>                    Plaintiff,<br><br>       v.<br><br>GOOGLE LLC,<br><br>                    Defendant. | **Case No. 1:19-cv-08655 (LGS)(GWG)**<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT GOOGLE LLC.** |

TO:   PAUL HASTINGS LLP
        Kenneth W. Gage
        Caitlin Brown
        200 Park Avenue
        New York, NY 10166
        Phone: (212) 318-6000
        Fax: (212) 230-7601
        kennethgage@paulhastings.com
        caitlinbrown@paulhastings.com

   Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, as well as Local Civil Rules 26.3 and 33.3 of the Southern District of New York, Plaintiff Ulku Rowe ("Plaintiff" or "Rowe"), by and through her attorneys, Outten & Golden LLP, propounds the following interrogatories to be answered by Defendant Google LLC ("Defendant" or "Google") under oath. The information provided in response to these interrogatories must be given under oath whether it is secured by you, your agent, servant, representative or attorney, or any other person who has made this information known to you or from whom you can obtain this information and who is

1

competent to testify as to the facts stated.

Defendant is required to serve written responses within thirty (30) days of service hereof. In answering these interrogatories, Defendant is requested to furnish all information, including hearsay, in possession of Defendant's attorneys, agents, investigators, employees, independent contractors, and all other persons acting on behalf of Defendant, and not merely information known by personal knowledge of the person answering these interrogatories. A response to one interrogatory or part of an interrogatory may be incorporated by reference into a response to another interrogatory or parts thereof.

## DEFINITIONS

1. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all responses that might otherwise be construed to be outside its scope.

2. "Answer" means Defendant Google's Answer to Plaintiff's Complaint, dated December 6, 2019.

3. "Any" shall also be construed to mean "all," and "all" shall also be construed to mean "any."

4. "Communication" means the transmittal of information from one or more persons to one or more other persons in the form of statements, facts, ideas, inquiries, or otherwise, by any means, whether written, oral, or nonverbal, as well as any Documents reflecting or recording the content of any oral, written, or other communications in any form, and specifically includes, but is not limited to, emails, phone records, voice mails, voice messages, text messages, letters, and handwritten notes.

5. If not expressly stated, "control" means in your possession, custody, or control or

under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

6. "Defendant," "you," and "your" refer to Google and include any person or entity joined by subsequent amendments.

7. As used herein, the term "Documents" shall have the broadest possible meaning, including, but not limited to:

> a. Any written, recorded, or graphic matter or recording of symbols in tangible or electronic form, however produced or reproduced, of every kind, whether in draft or final form, and regardless of where located, including, but not limited to, communications, correspondence, electronic mail, text messages, instant messages, chats, handwriting, records, transcripts, minutes, agreements, contracts, memoranda, notes, statements, maps, diagrams, illustrations, photographs, pictures, telegrams, facsimile, letters, postcards, written analyses, reports, tape recordings, papers, books, computer printouts, diaries, journals, schedules, databases, worksheets, and records of oral communications;
>
> b. All metadata associated with written, recorded, or graphic matter or recording of symbols in electronic form;
>
> c. All electronic mail and information about electronic mail (including message contents, header information, metadata fields discussed below (and also referred to as "load file fields"), and logs of electronic mail

        system usage; text messages; and instant messages;

d. All databases (including all records and fields and structural information in such databases), as well as data maps and data dictionaries associated with such databases), whether hosted on the Defendant's servers or on the servers of a third-party vendor (whether on physical servers or cloud-based); and

e. All word processing, spreadsheets, presentations or other user program files, including programs that convert files from one format to another format.

8. "Each" shall also be construed to mean "every," and "every" shall also be construed to mean "each."

9. "External Complaint" means any complaint, charge, accusation, allegation, grievance or expression of concern, however characterized, made outside of Google, whether formal or informal, and whether written or oral, including any charge filed with an administrative agency, tribunal, ADR forum or court.

10. "Internal Complaint" means any complaint, charge, accusation, allegation, grievance or expression of concern, however characterized, made to or within Google, whether formal or informal, and whether written or oral, including any complaint made via Defendant's grievance process.

11. "Person" includes corporations, partnerships, and other business or legal entities, as well as individuals.

12. "Plaintiff" refers to Ulku Rowe and includes any person(s) joined by subsequent amendments.

13. The use of the singular form of any word includes the plural and vice versa.

14. All capitalized terms used and not otherwise defined shall have the meanings specified in Plaintiff's Complaint and/or Defendant's Answer.

15. Terms not defined herein shall have their plain and ordinary meaning.

## INSTRUCTIONS

1. Unless otherwise stated in a specific interrogatory, these interrogatories shall be deemed to cover the time period from June 1, 2016 to the present.

2. These interrogatories are continuing in nature and require that further responses be provided if any subsequent information is obtained which is responsive to these Interrogatories, or if it is determined that the original responses are incomplete or inaccurate.

3. With respect to each interrogatory, Defendant is requested to provide all information, including documents in their possession custody or control, which are known to you or which can be located or discovered by you through reasonably diligent efforts. If you cannot respond to any part of the following interrogatories in full, please respond to the extent possible, specifying the reason or reasons for your inability to respond to the remainder of the interrogatories. Please also state whatever information, knowledge, belief, or approximate estimate you have concerning any unanswered portion.

4. Please attach a copy of any document referred to in answering each interrogatory and identify with reasonable particularity all categories of documents concerning the individuals to each such interrogatory.

5. For each document identified in response to each such interrogatory, please provide the following information:

    a. Description of the document including the date(s), author(s), recipient(s),

        and general subject matter;

b. Name(s) and address(es) of any person who has received or possessed the document or any copy of the document;

c. Current (or, if unknown, last known) location(s) of the document and any copies of the document; and

d. Current (or, if unknown, last known) custodian(s) of the document and any copies of the document.

e. If the requested documents are stored electronically or in a computer, Defendant shall identify the location of each document, including local and shared directories, and cloud storage utilized (eg Yammer, Dropbox, Google, Trello), the custodians in whose file(s) the documents have existed, the computer program in which the document was created, and the manner and method used to locate the document (e.g., search terms).

6. If, to your knowledge, a responsive document was never in your possession, custody, or control but has been in the possession, custody, or control of any other person, please identify all such persons.

7. If any responsive document was formerly in your possession, custody, or control but has been eliminated from your possession in any way, including but not limited to having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

a. Describe in detail the nature of the document and its contents;

b. Identify the person or persons who authored, prepared, or edited the document and, if applicable, the person or persons to whom the document was sent;

      c. List all dates when the document was created or modified;

      d. List all dates when the document was eliminated from your possession in any way;

      e. State any reason(s) the document was eliminated from your possession; and

      f. List all persons that have had possession of the document or have had knowledge of its contents.

8. In accordance with Fed. R. Civ. P. 26(b)(5) and Local Civil Rule 26.2, if any information or document responsive to Plaintiff's discovery demands is withheld pursuant to a claim of attorney-client privilege, attorney work product privilege, litigation materials privilege, or any other common law or statutory privilege or protection, please specify the following:

      a. The basis for withholding such information or document;

      b. A generic description of the information or document being withheld;

      c. The date the information was learned or the document created;

      d. The identity of the individual(s) who learned the information or authored the document;

      e. The date the information or document was transmitted or otherwise made available to anyone; and

      f. The specific interrogatory to which the withheld information or document relates.

9. If any information sought herein is not known by you but is, was, or may be known by any other person(s), state the information that fits this description and identify any such other person(s).

## **INTERROGATORIES**

1. Identify all employees in Engineering and/or Industry Verticals at Level 9 or 10 within Google Cloud.

2. Identify all individuals involved in determining Plaintiff's compensation (including base, incentive, and equity awards).

3. Identify all individuals with knowledge of the selection process for the Vice President of Financial Services/ Head of Financial Services role in Google Cloud.

4. Identify all individuals with knowledge about Internal or External Complaints of gender discrimination, including complaints of pay and promotion discrimination and/or retaliation for complaints of discrimination, filed by any Google Cloud employee who worked in Defendant's U.S. offices against Google in the past five years.

5. Identify all individuals who played any role in the investigation of Plaintiff's Internal Complaint and identify all documents generated in connection with Plaintiff's complaint.

6. Identify all individuals, including expert witnesses, Defendant intends to call as witnesses at trial.

7. Identify each person in custody of any document consulted, referred to, or relied upon in (a) obtaining information for answers to these Interrogatories and/or Plaintiff's First Request for Production of Documents or (b) drafting Defendant's Answer.

Dated: New York, NY
       February 11, 2020

By: */s/ Cara E. Greene*
Cara E. Greene

**OUTTEN & GOLDEN LLP**
Cara E. Greene
Shira Z. Gelfand
685 Third Avenue, 25th Floor

        New York, NY 10017
        Telephone: (212) 245-1000
        Facsimile: (646) 509-2060

        ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2020 a copy of the foregoing Plaintiff's First Set of Interrogatories to Defendant Google LLC was sent by e-mail to the following counsel of record for Defendant:

PAUL HASTINGS LLP
Kenneth W. Gage
Caitlin Brown
200 Park Avenue
New York, NY 10166
Phone: (212) 318-6000
Fax: (212) 230-7601
kennethgage@paulhastings.com
caitlinbrown@paulhastings.com

By:     */s/ Cara E. Greene*
    **OUTTEN & GOLDEN LLP**
    Cara E. Greene
    685 Third Avenue, 25th Floor
    New York, NY 10017
    Telephone: (212) 245-1000
    Facsimile: (646) 509-2060