# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ULKU ROWE,<br><br>              Plaintiff,<br><br>     v.<br><br>GOOGLE LLC,<br><br>              Defendant. | **Case No. 1:19-cv-08655 (LGS)(GWG)**<br><br><br>**DEFENDANT GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

TO:   **Outten & Golden LLP**
      Cara E. Greene
      Shira Z. Gelfand
      685 Third Avenue, 25th Fl.
      New York, NY 10017
      (212) 245-1000

        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Defendant" or "Google"), hereby provides the following objections and responses to Plaintiff Ulku Rowe's ("Plaintiff" or "Rowe") First Request for the Production of Documents.

### **DEFENDANT'S PRELIMINARY STATEMENT**

        1.     Defendant has not completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial.  As discovery proceeds, facts, information, evidence, documents, and things may be discovered that are not set forth in these responses, but which may have been responsive to Plaintiff's Requests.  The following responses are based on Defendant's knowledge, information, and belief at this time and are complete as to Defendant's best knowledge at this time.  Defendant assumes no obligation to voluntarily supplement or amend these responses to reflect information, evidence, documents, or

things discovered following service of these responses.  Furthermore, these responses were prepared based on Defendant's good faith interpretation and understanding of the individual Requests and are subject to correction for inadvertent errors or omissions, if any.  These responses are given without prejudice to subsequent revision or supplementation based upon any information, evidence, and documentation that hereinafter may be discovered.  Defendant reserves the right to refer to, to conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in these responses.

2. To the extent that any Request seeks documents that are also sought by or identified pursuant to any other Request, Defendant declines to produce multiple copies of such documents, and states that each document produced pursuant to any Request is also produced pursuant to every other Request to which it is or may be responsive.

3. To the extent that any Request seeks documents that have already been produced, Defendant declines to re-produce such documents.

4. To the extent that any Request seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity, Defendant declines to produce such documents, which would include and would not be limited to:

    a. All documents that constitute or record correspondence or other communications between counsel for Defendant, its agents or employees and  Defendant, its agents or employees regarding this action;

b.  All documents prepared for use in this litigation including notes, memoranda, draft pleadings and correspondence prepared by, at the direction of, or for review by counsel for Defendant; and

c.  All documents that constitute or record correspondence or other communications between Defendant and counsel for Defendant regarding this action.

## DEFENDANT'S GENERAL OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

1.     Defendant objects to the "Definitions" and "Instructions" set forth in Plaintiff's Requests in their entirety to the extent they purport to enlarge or alter Defendant's obligations under the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, or any other applicable local rules, or to enlarge the scope of discovery permitted by said rules or other applicable law.

2.     Defendant objects to Plaintiff's Instruction No. 6, which seeks to impose obligations upon Defendant beyond the requirements of applicable Federal and Local rules. Defendant will produce a privilege log in accordance with Federal Rule of Civil Procedure Rule 26 and Local Rule 26.2.

3.     Defendant objects to Plaintiff's general definition of "External Complaint" as overly broad as to scope, and vague and ambiguous as to a "grievance" or "expression of concern."

4.     Defendant objects to Plaintiff's general definition of "Internal Complaint" as overly broad as to scope, and vague and ambiguous as to a "grievance" or "expression of concern."

5.      By producing documents responsive to these Requests, Defendant does not waive any argument concerning relevance, materiality or admissibility, whether at trial or for any other purpose.

6.      Defendant objects to Plaintiff's Requests in their entirety to the extent that they seek documents that are not relevant to the subject matter of this litigation, are not proportional to the needs of this case, or are not reasonably calculated to lead to the discovery of admissible evidence.

7.      Defendant objects to Plaintiff's Requests in their entirety to the extent that they call for the production of documents that are protected from disclosure by the attorney-client privilege and/or work product doctrine, and/or any other applicable privilege or immunity.

8.      Defendant objects to Plaintiff's Requests in their entirety to the extent that they are overly broad and requires Defendant to make an unreasonable and unduly burdensome investigation.

9.      Defendant objects to Plaintiff's Requests in their entirety to the extent that they seek documents, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality.  Such documents will be produced pursuant to the terms of a stipulated protective order once entered by the Court.

All General Objections are incorporated by reference into each Response as though set forth in full therein.

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)**

**DOCUMENT REQUEST NO. 1**:

All documents concerning the commencement of Plaintiff's employment with Defendant, including Documents and Communications kept by Defendant's Human Resources department, Defendant's legal department, and/or Plaintiff's manager(s), supervisor(s), or superior(s).

**OBJECTIONS AND RESPONSE TO REQUEST NO. 1**:

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Plaintiff's … supervisor(s), or superior(s)."  Defendant further objects to this Request on the grounds that it is overly broad as to scope, seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, as it requests all documents "concerning" the commencement of Plaintiff's employment, including irrelevant communications such as those regarding positions for which Plaintiff was not hired or administrative scheduling communications.  Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant has produced Plaintiff's personnel file, records of communications regarding Plaintiff's hire retained in Google's gHire system, and non-privileged communications of Google Recruiters prior to March 13, 2017 regarding Plaintiff's proposed compensation package for the role into which she was hired. Defendant has conducted a reasonable search for non-privileged communications prior to March 13, 2017 between Plaintiff and Will Grannis regarding the role into which Plaintiff was hired,

Plaintiff's compensation, or her Level, and has located no such documents.  Google will continue

its reasonable search and, to the extent they exist and have not already been produced, will

produce non-privileged communications of Google Recruiters prior to March 13, 2017 regarding

Plaintiff's proposed Level for the role into which she was hired; and non-privileged

communications between Plaintiff and Google recruiters prior to March 13, 2017 regarding the

role into which she was hired.  Based on the foregoing objections, Defendant will not search for or

produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 2**:

       All documents concerning the terms and conditions of Plaintiff's employment with

Defendant, including but not limited to any offer letters, employment agreements, contracts,

promotion letters, commission or benefit agreements, Plaintiff's compensation (including without

limitation pay records, wage statements, equity and stock grants and options, deferred

compensation, and health insurance), and applicable policy manuals or procedures.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 2**:

       Defendant objects to this Request on the grounds that it is vague and ambiguous as to

"applicable policy manuals or procedures."  Defendant further objects to this Request on the

grounds that it is overly broad as to scope as it requests all documents "concerning" the terms

and conditions of Plaintiff's employment with Defendant.  Defendant further objects to this

Request to the extent that it seeks information protected by the attorney-client privilege and/or

attorney work product doctrine.

       Subject to and without in any way waiving the foregoing objections, and to the extent it

understands this Request, Defendant responds as follows: Defendant has conducted a reasonable

search and produced the following responsive, non-privileged documents: Plaintiff's offer letters,

employment agreements, and contracts between Defendant and Plaintiff; Google policies

6

regarding Plaintiff's compensation and benefits; and documents sufficient to show Plaintiff's compensation and benefits.  Defendant is not currently in possession of any promotion letters for Plaintiff.  Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 3**:

All documents describing the duties or responsibilities for Plaintiff's position(s) with Google.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 3**:

Defendant objects to this Request on the grounds that it is overly broad as to scope, and unduly burdensome and oppressive.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant has conducted a reasonable search and has produced the Technical Solutions Consultant ladder applicable to Plaintiff's Job Title of Principal Technical Solutions Consultant, the external posting for Technical Director, Office of the CTO, Google Cloud Platform, email correspondence regarding Plaintiff's transitions between divisions, and Plaintiff's performance reviews.  Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 4**:

All documents concerning any payment Defendant made to Plaintiff including but not limited to paystubs, W-2s, stock or equity awards, Draft Agreements, distributions, and bonus notifications, as well as how Defendant financed each payment.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 4**:

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Draft Agreements," as it is unclear to which draft agreements regarding payments Plaintiff could be referring. Defendant further objects to this Request on the grounds that it is overly broad as to scope, seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, as it requests all documents "concerning" any payment Defendant made to Plaintiff, and how Defendant financed each payment. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information regarding how Defendant financed each payment.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant has conducted a reasonable search and has produced Plaintiff's 2017 and 2018 W-2s, and documents sufficient to show Plaintiff's salary, bonus, and equity refresh for each year of her employment, as well as any other equity awards provided to Plaintiff, and the vesting and release schedule, value and status of any such awards. Defendant will conduct a reasonable search and produce Plaintiff's 2019 W-2, and Plaintiff's paystubs. Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 5**:

For Level 8, 9, and 10 employees within Google Cloud in the United States, all documents constituting Defendant's rules, policies, and practices for the following:

      a.  Qualifications;

      b.  Responsibilities;

  c. Duties;

  d. Compensation;

  e. Performance appraisals or evaluations;

  f. Promotion; and

  g. Equity awards.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 5**:

  Defendant objects to this Request on the grounds that it is vague and ambiguous as to "rules, policies, and practices . . . for . . .Qualifications; Responsibilities; [and] Duties," and objects more generally that the Request is vague and ambiguous as to "rules . . . and practices." Defendant also objects to this Request on the grounds that it is overly broad as to scope of Levels and positions requested, as it requests policies applicable to neither Plaintiff nor her alleged comparators, which are not relevant to any party's claim or defense and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

  Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant will conduct a reasonable search and produce the following responsive, non-privileged documents, to the extent they exist and have not yet been produced: Google's policies regarding compensation, performance appraisals or evaluations, promotion and equity awards, applicable to Principal Technical Solutions Consultants and Distinguished Technical Solutions Consultants in Google Cloud Platform in the United States.  Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 6**:

Documents sufficient to show the name, gender, age, compensation, position, title, level, reporting line, location, and qualifications for Level 8, 9, and 10 employees within Google Cloud in the United States.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 6**:

Defendant objects to this Request on the grounds that it is overly broad as to scope and seeks information that is not relevant to any party's claim or defense, as it requests information regarding individuals Plaintiff has not identified as her comparators.  Defendant further objects to this Request on the grounds that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant has conducted a reasonable search and, to the extent they exist, produced the resumes for all those hired to the Office of the CTO, Google Cloud Platform in the United States as a Principal Technical Solutions Consultant or a Distinguished Technical Solutions Consultant within one year before or after Plaintiff's start date.  Defendant will produce the following responsive documents, to the extent they have not yet been produced: documents sufficient to show the name, gender, age, salary, annual bonuses, and equity refresh grants for each year of employment with Google, Job Title, Business Title, Job Level, Manager History and Job Location for Ulku Rowe, Benjamin Wilson ("Wilson"), Evren Eryurek ("Eryurek"), Nicholas Harteau ("Harteau") and Stuart Breslow ("Breslow").  Based on the foregoing objections, Defendant will not produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 7**:

Documents sufficient to show the organizational and reporting structure of Google Cloud.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 7**:

Defendant objects to this Request on the grounds that it is overly broad as to scope as Plaintiff's roles within Google Cloud were located only in the Office of the CTO and the Partners and Industry Platforms, and therefore this Request seeks information not relevant to any party's claim or defense and is not proportional to the needs of the case.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant does not regularly maintain organizational charts in the regular course of its business. Defendant has conducted a reasonable search for organizational charts reflecting the organizational and reporting structure of i) the Office of the CTO of Google Cloud from March 13, 2017 to June 25, 2018, and from April 26, 2019 to present; and ii) Partners and Industry Platforms from June 25, 2018 to April 26, 2019. Defendant has located one responsive non-privileged document, which it will produce. Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 8**:

All documents constituting Defendant's rules, policies, and practices regarding harassment, discrimination, and retaliation; including documents concerning the adoption of such policies and procedures, the dissemination of any such policies and practices to Google employees, any revisions or modifications to such policies or procedures, and training provided.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 8**:

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "rules" and "practices," and as to the "adoption" of policies. Defendant further objects to this

Request on the grounds that it is overly broad as to scope and seeks documents that are not relevant to any party's claim or defense, as it seeks policies disseminated to and training for all "Google employees," and documents regarding the "adoption" "revision" or "modification" of such policies.  The Request is therefore unduly burdensome and oppressive and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant will conduct a reasonable search and produce the following responsive, non-privileged documents, to the extent they exist and have not yet been produced: Google's policies regarding harassment, discrimination, and retaliation applicable to employees in the United States in Google Cloud Platform; any training materials regarding harassment, discrimination, or retaliation provided to Google Cloud employees in the United States between 2017 and present; and documents evidencing any training regarding harassment, discrimination or retaliation received by Will Grannis or Tariq Shaukat from 2017 to present.  Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 9**:

For Google Cloud employees within the United States, any salary studies and all publications regarding those studies and salaries.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 9**:

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "salary studies."  Defendant further objects to this Request on the grounds that it is overly broad as to scope, seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, as it requests information far broader than is necessary to

compare Plaintiff's compensation to that of her alleged comparators.  Defendant further objects to

this Request to the extent that it seeks information protected by the attorney-client privilege and/or

attorney work product doctrine.  Defendant further objects to this Request to the extent that it

seeks private, privileged, and confidential commercial, financial, and/or proprietary business

information.  Defendant further objects to this Request to the extent that it seeks information

pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the

affected individuals' constitutional, statutory and/or common law rights to personal privacy and

confidentiality.

Based on the foregoing objections, Defendant declines to respond to this Request.

**DOCUMENT REQUEST NO. 10**:

All documents concerning the hiring and compensation of all Level 9 employees within

the office of the CTO.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 10**:

Defendant objects to this Request on the grounds that it is overly broad as to scope and

seeks documents that are not relevant to any party's claim or defense, as it seeks documents

beyond those individuals Plaintiff has identified as alleged comparators.  The Request is therefore

unduly burdensome and oppressive and not proportional to the needs of the case.  Defendant

further objects to this Request to the extent that it seeks information protected by the attorney-

client privilege and/or attorney work product doctrine.  Defendant further objects to this Request

on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or

proprietary business information.  Defendant further objects to this Request on the grounds that it

seeks information pertaining to individuals, the disclosure of which would constitute an

unwarranted invasion of the affected individuals' constitutional, statutory and/or common law

rights to personal privacy and confidentiality.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant has conducted a reasonable search and, to the extent they exist, produced the gHire feedback and resumes for all those hired to the Office of the CTO, Google Cloud Platform in the United States as a Distinguished Technical Solutions Consultant within one year before or after Plaintiff's start date.  Defendant will produce the following responsive, non-privileged documents, to the extent they have not yet been produced: documents sufficient to show the salary, annual bonuses, and equity refresh grants for Wilson, Harteau and Eryurek.  Based on the foregoing objections, Defendant will not produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 11**:

All documents describing the duties or responsibilities for all Technical Directors within the office of the CTO.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 11**:

Defendant objects to this Request on the grounds that it is overly broad as to scope and seeks documents that are not relevant to any party's claim or defense, as it seeks documents beyond those individuals Plaintiff has identified as alleged comparators.  The Request is therefore unduly burdensome and oppressive and not proportional to the needs of the case.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant has produced the external job posting used to hire Wilson, Harteau and Eryurek to their Distinguished Technical Solutions Consultant roles.  Defendant will conduct a reasonable search and produce the following responsive, non-privileged documents, to the extent they exist and have not yet been produced:

any job ladder applicable to, and performance reviews for Wilson, Harteau and Eryurek in their roles as Distinguished Technical Solutions Consultants.  Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 12**:

All documents describing the duties or responsibilities for all Vice President and Head of Industry employees under the supervision of Tariq Shaukat.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 12**:

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Head of Industry employees."  Defendant further objects to this Request on the grounds that it is overly broad as to scope, seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, as Plaintiff was not a Vice President ("VP") or "Head of Industry."  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Based on the foregoing objections, Defendant declines to respond to this Request.

**DOCUMENT REQUEST NO. 13**:

All documents concerning the compensation for all Vice President and Head of Industry employees under the supervision of Tariq Shaukat.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 13**:

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Head of Industry employees."  Defendant further objects to this Request on the grounds that it is overly broad as to scope, seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, as Plaintiff was not a Vice President ("VP") or "Head

of Industry." Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Based on the foregoing objections, Defendant declines to respond to this Request.

**DOCUMENT REQUEST NO. 14**:

All documents describing the duties or responsibilities for Directors within Google Cloud in New York.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 14**:

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "Directors." Defendant further objects to this Request on the grounds that it is overly broad as to scope and seeks information that is not relevant to any party's claim or defense, as it seeks documents beyond those individuals Plaintiff has identified as alleged comparators. The Request is therefore unduly burdensome and oppressive and not proportional to the needs of the case. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Based on the foregoing objections, Defendant declines to respond to this Request.

**DOCUMENT REQUEST NO. 15**:

All documents relating to Plaintiff's job performance during her employment with Defendant, whether formal or informal, including but not limited to all drafts and final versions of performance reviews, end- and mid-year ratings reviews, any other performance reviews or appraisals (whether formal or informal in nature), evaluations (including self-evaluations),

Plaintiff's rebuttals or responses, and performance feedback Plaintiff received from anyone at Defendant.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 15**:

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "informal" reviews, performance "appraisals," and "performance feedback." Defendant further objects to this Request on the grounds that it is overly broad as to scope, unduly burdensome and oppressive, and is not proportional to the needs of the case. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant has produced Plaintiff's performance reviews. Defendant has conducted a reasonable search and has not located any draft performance reviews for Plaintiff. Defendant will conduct a reasonable search and, to the extent they exist, produce non-privileged documents sufficient to show the rationale for any spot or peer bonuses Plaintiff received. Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 16**:

All documents relating to any awards, achievements, honors, grants, and/or accolades that Plaintiff received.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 16**:

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "achievements, honors, grants and/or accolades." Defendant objects to this Request on the

grounds that it is overly broad as to scope and seeks information that is not relevant to any party's claim or defense, as it seeks all documents "relating to" any such awards.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant has produced Plaintiff's performance reviews and Plaintiff's resume. Defendant will conduct a reasonable search and, to the extent that they exist, produce non-privileged documents sufficient to show the rationale for any spot or peer bonuses Plaintiff received. Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 17**:

All documents relating to policy and procedure with respect to how performance evaluations, ratings, reviews, and performance feedback are determined for Technical Directors at Google Cloud, including, without limitation, all metrics considered in performance evaluations, ratings, reviews, and performance feedback.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 17**:

Defendant objects to this Request on the grounds that it is overly broad as to scope and seeks information that is not relevant to any party's claim or defense as it seeks all documents "relating to policy," and documents beyond those applicable to Plaintiff and her alleged comparators. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant will conduct a reasonable search and produce the following responsive, non-privileged documents, to the extent they exist and have not yet been produced: Google's policies regarding performance appraisals or evaluations applicable to Principal Technical Solutions Consultants and Distinguished Technical

18

Solutions Consultants in Google Cloud Platform in the United States.  Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 18**:

All documents concerning Plaintiff's Internal and External Complaints of discrimination, including but not limited to, all documents Defendant submitted to the EEOC in response to Plaintiff's charge, drafts, proposals, notes, text messages, communications, emails, justifications, investigations, input, memoranda, meeting requests, or discussions relating to the investigation. This Request includes all Documents and Communications related to any investigation (witness identities, witness interviews and statements, information obtained from interviews, conclusions and findings, and actions taken), discussion, or dissemination of any such complaint.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 18**:

Defendant objects to this Request on the grounds that it is overly broad as to scope based on the incorporated definition of "Internal Complaint" and "External Complaint," and that it seeks "all documents concerning" any such complaint.  Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant has produced non-privileged documents from Employee Relations' investigation file relating to Plaintiff's internal complaints of discrimination.  Defendant submitted no documents to the EEOC in connection with Plaintiff's Charge of Discrimination.  Defendant will conduct a reasonable search and, to the extent they exist, produce non-privileged documents from Employee Relations' investigation file relating to Plaintiff's complaint regarding the Financial Services Vertical Lead role, once such investigation

is complete.  Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 19**:

All documents relating to any internal or external complaints of gender discrimination, including pay or promotion discrimination, and/or retaliation by any Google employee within Google's New York office in the last five years.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 19**:

Defendant objects to this Request on the grounds that it is overly broad as to time and scope and seeks information that is not relevant to any party's claim or defense.  This Request is therefore unduly burdensome and is not proportional to the needs of the case.  Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Based on the foregoing objections, Defendant declines to respond to this Request.

**DOCUMENT REQUEST NO. 20**:

All documents concerning any analysis, report, study, or self-appraisal conducted by or for Defendant concerning the presence, representation, discrimination, or unequal compensation of women within Google's New York offices.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 20**:

Defendant objects to this Request on the grounds that it is overly broad as to time and scope and seeks information that is not relevant to any party's claim or defense.  This Request is therefore unduly burdensome and is not proportional to the needs of the case.  Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Based on the foregoing objections, Defendant declines to respond to this Request.

**DOCUMENT REQUEST NO. 21**:

All documents concerning Defendant's search, recruitment, and hiring for the roles of Vice President of Financial Services/Head of Financial Services.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 21**:

Defendant objects to this Request on the grounds that it is vague and ambiguous as to "the roles of Vice President of Financial Services/Head of Financial Services," as the position to which Plaintiff applied was Financial Services Vertical Lead.  Defendant further objects to this Request on the grounds that it is overly broad as to scope as it requests "[a]ll documents concerning" Defendant's search, including irrelevant communications such as administrative scheduling communications.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the

disclosure of which would constitute an unwarranted invasion of the affected individuals'
constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Subject to and without in any way waiving the foregoing objections, and to the extent it
understands this Request, Defendant responds as follows: Defendant will conduct a reasonable
search and produce the following responsive, non-privileged documents, to the extent they exist:
for those candidates interviewed onsite for the Financial Services Vertical Lead role, i) any gHire
records of communications regarding their consideration for the role, ii) their resume or
comparable documentation of qualifications considered in connection with the role, and iii) their
interview feedback in connection with the role contained in gHire.  Based on the foregoing
objections, Defendant will not search for or produce documents beyond the scope identified in this
response.

## DOCUMENT REQUEST NO. 22:

All documents regarding Google's consideration of Plaintiff for the Vice President of
Financial Services/Head of Financial Services roles.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 22:

Defendant objects to this Request on the grounds that it is vague and ambiguous as to
"Vice President of Financial Services/Head of Financial Services roles" as the position to which
Plaintiff applied was Financial Services Vertical Lead.  Defendant further objects to this Request
on the grounds that it is overly broad as to scope as it seeks "[a]ll documents regarding" Google's
consideration of Plaintiff.  Defendant further objects to this Request to the extent that it seeks
information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, and to the extent it
understands this Request, Defendant responds as follows: Defendant has conducted a reasonable
search and has produced Plaintiff's gHire records regarding her consideration for the Financial

Services Vertical Lead role, and non-privileged communications reflecting the consideration of

Plaintiff for the Financial Services Vertical Lead role.  Based on the foregoing objections,

Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 23**:

All communications to, from, or copying Tariq Shaukat, Will Grannis, Diane

Greene, Thomas Kurian, or Google's HR employees concerning Plaintiff, where Plaintiff was not

a sender, a recipient or a copied recipient.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 23**:

Defendant objects to this Request on the grounds that it is overly broad as to scope,

seeks information that is not relevant to any party's claim or defense and is not proportional to the

needs of the case.  Defendant further objects to this Request on the grounds that it is unduly

burdensome and oppressive.  Defendant objects to this Request to the extent that it seeks

information protected by the attorney-client privilege and/or attorney work product doctrine.

Defendant objects to this Request to the extent that it seeks private, privileged, and confidential

commercial, financial, and/or proprietary business information.  Defendant further objects to this

Request to the extent that it seeks information pertaining to individuals, the disclosure of which

would constitute an unwarranted invasion of the affected individuals' constitutional, statutory

and/or common law rights to personal privacy and confidentiality.

Based on the foregoing objections, Defendant declines to respond to this Request.

**DOCUMENT REQUEST NO. 24**:

All documents concerning Human Resources' investigation of Plaintiff's

internal complaints of discrimination.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 24**:

Defendant objects to this Request on the grounds that it is overly broad as to scope based on the incorporated definition of "Internal Complaint" and "External Complaint," as well as because it seeks "all documents concerning" the investigation.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant has produced non-privileged documents from Employee Relations' investigation file relating to Plaintiff's internal complaints of discrimination.  Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 25**:

All documents concerning the commencement of Stuart Breslow's employment with Defendant, including documents kept by Defendant's Human Resources department, Defendant's legal department, and/or Mr. Breslow's manager(s), supervisor(s), or superior(s).

**OBJECTIONS AND RESPONSE TO REQUEST NO. 25**:

Defendant objects to this Request on the grounds that it is overly broad as to scope, seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, as the commencement of Mr. Breslow's employment with Defendant is not related to the Financial Services Lead Role.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks information pertaining to

individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant has produced Mr. Breslow's resume.  Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 26**:

All documents concerning the terms and conditions of Mr. Breslow's employment with Defendant, including but not limited to any offer letters, employment agreements, contracts, promotion letters, commission or benefit agreements, Plaintiff's compensation (including without limitation pay records, wage statements, equity and stock grants and options, deferred compensation, and health insurance), and applicable policy manuals or procedures.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 26**:

Defendant objects to this Request on the grounds that it is overly broad as to scope, seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, as the entirety of Mr. Breslow's employment with Defendant is not related to the Financial Services Lead Role.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant will produce documents sufficient to show Mr. Breslow's 2018, 2019 and 2020 salary, his 2018 and 2019 bonuses and equity refreshes (awarded in early 2019 and 2020 respectively), and his Business Titles and Job Titles during the course of his employment.  Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 27**:

All documents describing Mr. Breslow's duties or responsibilities with Google.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 27**:

Defendant objects to this Request on the grounds that it is overly broad as to scope, seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, as the entirety of Mr. Breslow's duties or responsibilities with Defendant is not related to the Financial Services Vertical Lead role.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant will produce the external job posting related to Mr. Breslow's hire, his 2019 performance review, and any job ladder applicable to his current Job Title.  Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 28**:

All documents concerning any payment Defendant made to Mr. Breslow, including but not limited to paystubs, W-2s, stock or equity awards, Draft Agreements, distributions, and bonus notifications, as well as how Defendants financed each payment.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 28**:

Defendant objects to this Request on the grounds that it seeks information that is not relevant to any party's claim or defense, including how Defendant financed payments. Defendant further objects to this Request on the grounds that it is overly broad as to scope and is not proportional to the needs of the case, as it requests all documents "concerning" any payment Defendant made to Mr. Breslow, which would include irrelevant administrative communications. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information regarding how Defendant financed each payment. Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant will produce documents sufficient to show Mr. Breslow's salary for 2018, 2019 and 2020, and Mr. Breslow's annual bonus and equity refresh for 2018 and 2019 (paid in early 2019 and 2020 respectively).  Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 29**:

All documents concerning Defendant's decision to place Stuart Breslow into the Vice President of Financial Services/ Head of Financial Services role.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 29**:

Defendant objects to this Request as it is vague and ambiguous as to "Defendant's decision to place Stuart Breslow into the Vice President of Financial Services/ Head of Financial Services role" as Mr. Breslow was never appointed to this position.  Defendant further objects to this Request on the grounds that it is overly broad as to scope and is not proportional to the needs of the case, as it requests all documents "concerning" the alleged decision.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant will conduct a reasonable search and produce the following responsive, non-privileged documents, to the extent they exist and have not yet been produced: Communications reflecting the decision to assign to Mr. Breslow, on an interim basis, certain responsibilities that would have been assumed by the Financial Services Vertical Lead.  Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 30**:

All documents concerning Plaintiff's change in role in April 2019.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 30**:

Defendant objects to this Request on the grounds that it is overly broad as to scope, as it requests all documents "concerning" the change.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant has conducted a reasonable search and produced non-privileged communications reflecting Plaintiff's decision to return to OCTO and announcing Plaintiff's move back to OCTO; and Plaintiff's Job History reflecting this change.  Defendant will conduct a reasonable search and produce the following responsive, non-privileged documents, to the extent they exist and have not yet been produced: communications reflecting the reason Plaintiff was offered the choice to return to OCTO.  Based on the foregoing objections, Defendant will not search for or produce documents beyond the scope identified in this response.

**DOCUMENT REQUEST NO. 31**:

As to each person identified as a deponent in this matter, produce:

    a.   All documents provided to such persons by Defendant or on Defendant's behalf;

    b.   If such person is a current or former Google employee, documents sufficient to establish such person's position, title, level, duties, responsibilities, qualifications, reporting structure, and compensation;

    c.   Documents constituting any agreements between such person and Google; and

    d.   All documents referring or relating to monies paid to such person or the person's designee by Defendant on behalf of Defendant; and

    e.   All other materials reviewed by such person or provided to such person

in connection with this case.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 31**:

Defendant objects to this Request as it is premature; at this stage of litigation this Request is merely hypothetical as neither Defendant nor Plaintiff have noticed any depositions in this matter.  Defendant further objects to this Request on the grounds that it is overly broad as to scope, as it requests all documents ever provided to such hypothetical individual by Google, and seeks information regarding compensation and agreements which are likely to be irrelevant. Defendant further objects to this Request on the grounds that it seeks identification of information provided to such deponent in connection with this litigation, which would constitute attorney work product, and to the extent it seeks information otherwise protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Based on the foregoing objections, Defendant declines to respond to this Request.

**DOCUMENT REQUEST NO. 32**:

As to each person Defendant will or may call as a witness at the hearing of this matter, produce:

   a.  All documents provided to such persons by Defendant or on Defendant's behalf;

   b.  If such person is a current or former Google employee, documents sufficient to establish such person's position, title, level, duties, responsibilities, qualifications, reporting structure, and compensation;

    c.   Documents constituting any agreements between such person and Google; and

    d.   All documents referring or relating to monies paid to such person or the person's designee by Defendant on behalf of Defendant; and

    e.   All other materials reviewed by such person or provided to such person in connection with this case.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 32:

Defendant objects to this Request as it is premature; at this stage of litigation this Request is merely hypothetical Defendant has not identified witnesses for trial.  Defendant further objects to this Request on the grounds that it is overly broad as to scope, as it requests all documents ever provided to such hypothetical individual by Google, and seeks information regarding compensation and agreements which are likely to be irrelevant.  Defendant further objects to this Request on the grounds that it seeks identification of information provided to such deponent in connection with this litigation, which would constitute attorney work product, and to the extent it seeks information otherwise protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Based on the foregoing objections, Defendant declines to respond to this Request.

## DOCUMENT REQUEST NO. 33:

As to each person Defendant will or may call as an expert to give testimony at the hearing of this matter, produce:

31

a.  All documents provided to such persons by Defendant or on Defendant's behalf;

b.  A complete and current version of such person's curriculum vitae, and a complete listing of every article, published or unpublished, authored, coauthored, or edited by that person;

c.  Copies of all materials relied upon by that person in rendering his/her opinion;

d.  Copies of all transcripts or recordings of that person's testimony at deposition or trial in a lawsuit, administrative proceeding, arbitration proceeding, or other judicial or quasi-judicial proceeding before any governmental agency, administrative agency or court, in which that person has testified as an expert for the past four years;

e.  Copies of such person's speeches or presentations at seminars, meetings and conferences that refer or relate in any way to the subject about which that person is expected to testify;

f.  All documents referring or relating to monies paid to such person of the person's designee by Defendant on behalf of Defendant; and

g.  All other materials reviewed by such person or provided to such person in connection with this case.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 33**:

Defendant objects to this Request as it is premature; at this stage of litigation this Request is merely hypothetical as Defendant has not yet identified any real or potential experts to give testimony at the hearing of this matter.  Defendant further objects to this Request on the grounds that it is overly broad as to scope.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant objects to this Request to the extent that it seeks private, privileged, and confidential

commercial, financial, and/or proprietary business information. Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Based on the foregoing objections, Defendant declines to respond to this Request.

**DOCUMENT REQUEST NO. 34**:

All documents supporting Defendant's affirmative defense that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 34**:

Defendant objects to this Request on the grounds that it is unduly burdensome and oppressive in that an affirmative defense is a general statement, and it is virtually impossible to identify all documents upon which an affirmative defense is based. Defendant further objects to this Request on the grounds that it seeks information or the identification of documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. This Request seeks information and documents regarding an affirmative defense asserted by Defendant in response to Plaintiff's Complaint, including mental processes of counsel for Defendant and, therefore, are privileged from disclosure. Plaintiff has in effect requested information and documentation reflecting a legal position asserted by Defendant that is an improper request in this context. Further, the information and documentation supporting such a legal assertion may include case authority that counsel for Defendant have located and legal analysis of those cases as performed by counsel for Defendant. Such documentation and information is privileged.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant refers Plaintiff to the documents produced in response to previous Requests.

**DOCUMENT REQUEST NO. 35**:

All documents supporting Defendant's affirmative defense that Plaintiff fails to state facts sufficient to constitute a cause of action.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 35**:

Defendant objects to this Request on the grounds that it is unduly burdensome and oppressive in that an affirmative defense is a general statement, and it is virtually impossible to identify all documents upon which an affirmative defense is based. Defendant further objects to this Request on the grounds that it seeks information or the identification of documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. This Request seeks information and documents regarding an affirmative defense asserted by Defendant in response to Plaintiff's Complaint, including mental processes of counsel for Defendant and, therefore, are privileged from disclosure. Plaintiff has in effect requested information and documentation reflecting a legal position asserted by Defendant that is an improper request in this context. Further, the information and documentation supporting such a legal assertion may include case authority that counsel for Defendant have located and legal analysis of those cases as performed by counsel for Defendant. Such documentation and information is privileged.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant refers Plaintiff to the documents produced in response to previous Requests.

**DOCUMENT REQUEST NO. 36**:

All documents supporting Defendant's affirmative defense that Defendant's employment decisions, including all hiring, compensation and promotion decisions, were based on legitimate and nondiscriminatory factors unrelated to Plaintiff's protected characteristics.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 36**:

Defendant objects to this Request on the grounds that it is unduly burdensome and oppressive in that an affirmative defense is a general statement, and it is virtually impossible to identify all documents upon which an affirmative defense is based.  Defendant further objects to this Request on the grounds that it seeks information or the identification of documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  This Request seeks information and documents regarding an affirmative defense asserted by Defendant in response to Plaintiff's Complaint, including mental processes of counsel for Defendant and, therefore, are privileged from disclosure.  Plaintiff has in effect requested information and documentation reflecting a legal position asserted by Defendant that is an improper request in this context.  Further, the information and documentation supporting such a legal assertion may include case authority that counsel for Defendant have located and legal analysis of those cases as performed by counsel for Defendant.  Such documentation and information is privileged.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant refers Plaintiff to the documents produced in response to previous Requests.

**DOCUMENT REQUEST NO. 37**:

All documents supporting Defendant's affirmative defense that Defendant's unequal pay was lawful and not a violation of the EPA because it was pursuant to (i) a merit system, (ii) a seniority system, (iii) a system that measures earnings by quantity or quality of production, or (iv) a differential based on any other factor other than sex based on a legitimate business reason.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 37:**

Defendant objects to this Request on the grounds that it is unduly burdensome and oppressive in that an affirmative defense is a general statement, and it is virtually impossible to

identify all documents upon which an affirmative defense is based.  Defendant further objects to this Request on the grounds that it seeks information or the identification of documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  This Request seeks information and documents regarding an affirmative defense asserted by Defendant in response to Plaintiff's Complaint, including mental processes of counsel for Defendant and, therefore, are privileged from disclosure.  Plaintiff has in effect requested information and documentation reflecting a legal position asserted by Defendant that is an improper request in this context.  Further, the information and documentation supporting such a legal assertion may include case authority that counsel for Defendant have located and legal analysis of those cases as performed by counsel for Defendant.  Such documentation and information is privileged.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant refers Plaintiff to the documents produced in response to previous Requests.

**DOCUMENT REQUEST NO. 38**:

All documents supporting Defendant's affirmative defense that Defendant's unequal pay was lawful and not a violation of the NYLL because it was pursuant to (i) a merit system, (ii) a seniority system, (iii) a system that measures earnings by quantity or quality of production, or (iv) a differential based on any other factor other than sex based on a legitimate business reason.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 38**:

Defendant objects to this Request on the grounds that it is unduly burdensome and oppressive in that an affirmative defense is a general statement, and it is virtually impossible to identify all documents upon which an affirmative defense is based.  Defendant further objects to this Request on the grounds that it seeks information or the identification of documents protected

from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  This

Request seeks information and documents regarding an affirmative defense asserted by Defendant

in response to Plaintiff's Complaint, including mental processes of counsel for Defendant and,

therefore, are privileged from disclosure.  Plaintiff has in effect requested information and

documentation reflecting a legal position asserted by Defendant that is an improper request in this

context.  Further, the information and documentation supporting such a legal assertion may

include case authority that counsel for Defendant have located and legal analysis of those cases as

performed by counsel for Defendant.  Such documentation and information is privileged.

Subject to and without in any way waiving the foregoing objections, and to the extent it

understands this Request, Defendant responds as follows: Defendant refers Plaintiff to the

documents produced in response to previous Requests.

**DOCUMENT REQUEST NO. 39**:

All documents supporting Defendant's affirmative defense that assuming Defendant

committed the acts or omissions alleged in the Amended Complaint for discriminatory or

retaliatory motives, such acts or omissions would have been taken in any event for legitimate,

non-discriminatory, non-retaliatory reasons.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 39**:

Defendant objects to this Request on the grounds that it is unduly burdensome and

oppressive in that an affirmative defense is a general statement, and it is virtually impossible to

identify all documents upon which an affirmative defense is based.  Defendant further objects to

this Request on the grounds that it seeks information or the identification of documents protected

from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  This

Request seeks information and documents regarding an affirmative defense asserted by Defendant

in response to Plaintiff's Complaint, including mental processes of counsel for Defendant and,

therefore, are privileged from disclosure.  Plaintiff has in effect requested information and

documentation reflecting a legal position asserted by Defendant that is an improper request in this

context.  Further, the information and documentation supporting such a legal assertion may

include case authority that counsel for Defendant have located and legal analysis of those cases as

performed by counsel for Defendant.  Such documentation and information is privileged.

Subject to and without in any way waiving the foregoing objections, and to the extent it

understands this Request, Defendant responds as follows: Defendant refers Plaintiff to the

documents produced in response to previous Requests.

**DOCUMENT REQUEST NO. 40**:

All documents supporting Defendant's affirmative defense that Plaintiff may not recover

damages in this action because under the circumstances presented that would constitute unjust

enrichment.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 40**:

Defendant objects to this Request on the grounds that it is unduly burdensome and

oppressive in that an affirmative defense is a general statement, and it is virtually impossible to

identify all documents upon which an affirmative defense is based.  Defendant further objects to

this Request on the grounds that it seeks information or the identification of documents protected

from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  This

Request seeks information and documents regarding an affirmative defense asserted by Defendant

in response to Plaintiff's Complaint, including mental processes of counsel for Defendant and,

therefore, are privileged from disclosure.  Plaintiff has in effect requested information and

documentation reflecting a legal position asserted by Defendant that is an improper request in this

context.  Further, the information and documentation supporting such a legal assertion may

include case authority that counsel for Defendant have located and legal analysis of those cases as performed by counsel for Defendant.  Such documentation and information is privileged.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant refers Plaintiff to the documents produced in response to previous Requests.

**DOCUMENT REQUEST NO. 41**:

All documents supporting Defendant's affirmative defense that Plaintiff's claims for damages (and certain categories of damages, and the amounts thereof recoverable) are limited by the EPA and the NYLL.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 41**:

Defendant objects to this Request on the grounds that it is unduly burdensome and oppressive in that an affirmative defense is a general statement, and it is virtually impossible to identify all documents upon which an affirmative defense is based.  Defendant further objects to this Request on the grounds that it seeks information or the identification of documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  This Request seeks information and documents regarding an affirmative defense asserted by Defendant in response to Plaintiff's Complaint, including mental processes of counsel for Defendant and, therefore, are privileged from disclosure.  Plaintiff has in effect requested information and documentation reflecting a legal position asserted by Defendant that is an improper request in this context.  Further, the information and documentation supporting such a legal assertion may include case authority that counsel for Defendant have located and legal analysis of those cases as performed by counsel for Defendant.  Such documentation and information is privileged.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant refers Plaintiff to the documents produced in response to previous Requests.

**DOCUMENT REQUEST NO. 42**:

All documents supporting Defendant's affirmative defense that Plaintiff may not recover liquidated or punitive damages because at all times relevant to the Amended Complaint Defendant had in place a policy to prevent discrimination and retaliation in the workplace and made good-faith efforts to implement and enforce that policy.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 42**:

Defendant objects to this Request on the grounds that it is unduly burdensome and oppressive in that an affirmative defense is a general statement, and it is virtually impossible to identify all documents upon which an affirmative defense is based. Defendant further objects to this Request on the grounds that it seeks information or the identification of documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. This Request seeks information and documents regarding an affirmative defense asserted by Defendant in response to Plaintiff's Complaint, including mental processes of counsel for Defendant and, therefore, are privileged from disclosure. Plaintiff has in effect requested information and documentation reflecting a legal position asserted by Defendant that is an improper request in this context. Further, the information and documentation supporting such a legal assertion may include case authority that counsel for Defendant have located and legal analysis of those cases as performed by counsel for Defendant. Such documentation and information is privileged.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant refers Plaintiff to the documents produced in response to previous Requests.

**DOCUMENT REQUEST NO. 43**:

All documents supporting Defendant's affirmative defense that Plaintiff may not recover liquidated damages because Defendant had a good faith basis to believe that its actions were in compliance with the law.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 43**:

Defendant objects to this Request on the grounds that it is unduly burdensome and oppressive in that an affirmative defense is a general statement, and it is virtually impossible to identify all documents upon which an affirmative defense is based. Defendant further objects to this Request on the grounds that it seeks information or the identification of documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. This Request seeks information and documents regarding an affirmative defense asserted by Defendant in response to Plaintiff's Complaint, including mental processes of counsel for Defendant and, therefore, are privileged from disclosure. Plaintiff has in effect requested information and documentation reflecting a legal position asserted by Defendant that is an improper request in this context. Further, the information and documentation supporting such a legal assertion may include case authority that counsel for Defendant have located and legal analysis of those cases as performed by counsel for Defendant. Such documentation and information is privileged.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant refers Plaintiff to the documents produced in response to previous Requests.

**DOCUMENT REQUEST NO. 44**:

All documents supporting Defendant's affirmative defense that Plaintiff's claim for injunctive or other equitable relief is barred because Plaintiff has an adequate and complete remedy at law.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 44**:

Defendant objects to this Request on the grounds that it is unduly burdensome and oppressive in that an affirmative defense is a general statement, and it is virtually impossible to identify all documents upon which an affirmative defense is based.  Defendant further objects to this Request on the grounds that it seeks information or the identification of documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  This Request seeks information and documents regarding an affirmative defense asserted by Defendant in response to Plaintiff's Complaint, including mental processes of counsel for Defendant and, therefore, are privileged from disclosure.  Plaintiff has in effect requested information and documentation reflecting a legal position asserted by Defendant that is an improper request in this context.  Further, the information and documentation supporting such a legal assertion may include case authority that counsel for Defendant have located and legal analysis of those cases as performed by counsel for Defendant.  Such documentation and information is privileged.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant refers Plaintiff to the documents produced in response to previous Requests.

**DOCUMENT REQUEST NO. 45**:

All documents supporting Defendant's affirmative defense that Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate any of the damages alleged in the Amended Complaint.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 45**:

Defendant objects to this Request on the grounds that it is unduly burdensome and oppressive in that an affirmative defense is a general statement, and it is virtually impossible to identify all documents upon which an affirmative defense is based.  Defendant further objects to

this Request on the grounds that it seeks information or the identification of documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  This Request seeks information and documents regarding an affirmative defense asserted by Defendant in response to Plaintiff's Complaint, including mental processes of counsel for Defendant and, therefore, are privileged from disclosure.  Plaintiff has in effect requested information and documentation reflecting a legal position asserted by Defendant that is an improper request in this context.  Further, the information and documentation supporting such a legal assertion may include case authority that counsel for Defendant have located and legal analysis of those cases as performed by counsel for Defendant.  Such documentation and information is privileged.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant refers Plaintiff to the documents produced in response to previous Requests.

**DOCUMENT REQUEST NO. 46**:

All documents supporting Defendant's affirmative defense that Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff has not alleged facts sufficient to support an award of compensatory damages, punitive damages, and/or damages for any physical, mental, or emotional injury.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 46**:

Defendant objects to this Request on the grounds that it is unduly burdensome and oppressive in that an affirmative defense is a general statement, and it is virtually impossible to identify all documents upon which an affirmative defense is based.  Defendant further objects to this Request on the grounds that it seeks information or the identification of documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  This Request seeks information and documents regarding an affirmative defense asserted by Defendant

in response to Plaintiff's Complaint, including mental processes of counsel for Defendant and, therefore, are privileged from disclosure.  Plaintiff has in effect requested information and documentation reflecting a legal position asserted by Defendant that is an improper request in this context.  Further, the information and documentation supporting such a legal assertion may include case authority that counsel for Defendant have located and legal analysis of those cases as performed by counsel for Defendant.  Such documentation and information is privileged.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant refers Plaintiff to the documents produced in response to previous Requests.

**DOCUMENT REQUEST NO. 47**:

All documents concerning Plaintiff's claims or Defendant's defenses of which Defendant is aware that have not been provided in response to the Requests above.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 47**:

Defendant objects to this Request on the grounds that it does not describe with reasonable particularity each item or category of items to be produced.  Defendant further objects to this Request on the grounds that it is overly broad as to scope.  Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant is not aware of documents

that support Plaintiff's claims and otherwise refers Plaintiff to the documents produced in response to previous Requests.

**DOCUMENT REQUEST NO. 48**:

All documents upon which Defendant intends to rely at trial or otherwise in support of any defense in this matter.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 48**:

Defendant objects to this Request on the grounds that it does not describe with reasonable particularity each item or category of items to be produced.  Defendant further objects to this Request on the grounds that it is overly broad as to scope.  Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Request on the grounds that it seeks information or the identification of documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  This Request seeks information and documents regarding potential defenses asserted by Defendant in response to Plaintiff's Complaint, including mental processes of counsel for Defendant and, therefore, are privileged from disclosure.  Plaintiff has in effect requested information and documentation reflecting legal positions asserted by Defendant that is an improper request in this context.  Further, the information and documentation supporting such a legal assertion may include case authority that counsel for Defendant have located and legal analysis of those cases as performed by counsel for Defendant.  Such documentation and information is privileged.

Subject to and without in any way waiving the foregoing objections, and to the extent it understands this Request, Defendant responds as follows: Defendant refers Plaintiff to the documents produced in response to previous Requests.

Dated: New York, New York
      February 11, 2020

PAUL HASTINGS LLP

By: _____

      Kenneth W. Gage
      Caitlin D. Brown

200 Park Avenue
New York, New York  10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090
kennethgage@paulhastings.com
caitlinbrown@paulhastings.com

*Attorneys for Defendant*
GOOGLE LLC