# Exhibit 5



Advocates for Workplace Fairness

Cara E. Greene, Esq.
CEG@outtengolden.com

March 25, 2020

<u>Via Email: kennethgage@paulhastings.com</u>
Kenneth D. Gage, Esq.
Paul Hastings LLP
200 Park Ave.
New York, New York 10007

Re:   <u>Rowe v. Google LLC, Case No. 19-cv-08655 (LGS)(GWG)</u>

Dear Mr. Gage:

We write to address several deficiencies in Defendant's Objections and Responses ("Responses") to Plaintiff's First Set of Requests for the Production of Documents ("Requests") and Plaintiff's First Set of Interrogatories ("Interrogatories"). The cumulative effect of Defendant's general and specific deficiencies is to deprive Plaintiff of information necessary to litigate this matter, including, but not limited to: (1) comparator information; (2) information regarding Plaintiff's performance, and related promotion and demotion decisions; (3) information regarding internal investigations related to Plaintiff's internal complaint and other complaints pertaining to gender disparity in pay and promotion within Google CTO and Google Cloud; (4) information regarding the leveling structure of Google Cloud and the job responsibilities and duties associated with Level 8-10 job positions within Google Cloud; and (5) information regarding Google's hiring and promotion policies and practices. Several of Defendant's responses in limiting searches or withholding documents would be easily resolved by a tailored ESI search, like that enclosed as Exhibit 1, Plaintiff's ESI Search Proposal. We address these points in further detail below.

I.     <u>Categorical Deficiencies of Defendant's Responses to Plaintiff's Requests</u>

A.     **Comparator Information**

Defendant's production with respect to comparators is deficient. Defendant has identified four individuals as comparators for Plaintiff – Nicholas Harteau, Ben Wilson, Evren Eryurek, and Stuart Breslow. In connection with these four individuals, Defendant has produced compensation data, resumes and performance reviews. Defendant has not identified other comparators, nor provided information to allow Plaintiff to do so. *See, e.g.*, *Vuona v. Merrill Lynch & Co.*, No. 10 Civ. 6529, 2011 WL 5553709, at *4 (S.D.N.Y. Nov. 15, 2011) ("The purpose of discovery here is, in part, to help identify the universe of proper comparators."); *see*

New York  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
Chicago  161 N Clark Street  Suite 1600  Chicago, IL 60601  Tel (312) 809-7010  Fax (312) 809-7011
San Francisco  One Embarcadero Center  38th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
Washington, DC  601 Massachusetts Ave NW  Second Floor West Suite  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410
www.outtengolden.com

Kenneth Gage, Esq.
March 25, 2020
Page 2 of 9

*also Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 753 (6th Cir. 2012) ("The refusal of a defendant to disclose requested comparator information denies plaintiff the opportunity to determine whether the evidence actually reveals comparator status and different treatment, critical elements of the claim that the trier of fact must determine."). Similarly, Defendant has not provided information related to additional comparators.

### 1.   *Additional Comparators*

Plaintiff does not dispute that the four individuals Defendant has identified are potential comparators with respect to Plaintiff's equal pay claims, however, this list is underinclusive and omits comparators known to Defendant. For example, Defendant identifies Jonathan Donaldson, an individual hired as a Level 9 one month before Plaintiff into the same unit and who possessed similar experience at the time of hire, but Defendant has not produced compensation data or other relevant and responsive documents with respect to Mr. Donaldson. *See* GOOG-ROWE-00018014. Mr. Donaldson, and others like him, are relevant comparators. *See* N.Y. Labor L. § 194. Plaintiff requests that Defendant identify and produce responsive information for *all* comparators with whom Plaintiff is similarly situated where their information would aid Plaintiff in establishing her equal pay claims. *See Deluca v. Sirius Xm Radio, Inc*., No. 12 Civ. 8239, 2016 WL 3034332, at *2 (S.D.N.Y. May 27, 2016) (granting plaintiff's request for comparator information to aid in establishing "whether or to what extent plaintiff started off and continued at a lower pay rate than her male peers.") Plaintiff's Requests specifically seek this information. (*See* Request Nos. 6, 10-14, 17, 19, and 21)

Defendant also has failed to identify all potential comparators with respect to Plaintiff's gender discrimination claims. In her Complaint, Plaintiff asserts that Defendant treated her differently with respect to compensation, leveling, promotion, and other terms and conditions of employment because of her gender.  Thus, Defendant must identify any similarly situated men whose "work require[ed] substantially the same responsibility." *Belfi v. Prendergast*, 191 F.3d 129, 139 (2d Cir. 1999).

Further, Defendant must identify any man who shared a reporting or supervisory line with Plaintiff during the relevant period. While Defendant has produced a limited reporting structure during the time when Ms. Rowe reported to Mr. Breslow as the VP of Financial Services (*see* GOOG-ROWE-00051971), Defendant must produce additional information related to other men who shared a reporting or supervisory line with Plaintiff outside this limited time period. *See Akinyemi v. Chertoff*, No. 07 Civ. 4048, 2008 WL 1849002, at *5 (S.D.N.Y. Apr. 25, 2008) ("Whether or not a plaintiff reports to the same supervisor as her comparator is an important factor in finding that plaintiff and the comparator are similarly situated."); *see also Dzanis v. JPMorgan Chase & Co*., No. 10 Civ. 3384, 2011 WL 5979650, at *3 (S.D.N.Y. Nov. 30, 2011) (granting plaintiff's request for comparator information as "evidence that other [employees] were held to a different standard than [plaintiff] or were awarded promotions based on different criteria."). Defendant must identify these individuals and produce responsive information.

Kenneth Gage, Esq.
March 25, 2020
Page 3 of 9

**2.**     ***Production of Comparator Personnel Files and Relevant Documents***

In response to a number of Plaintiff's Requests (*see* Requests Nos. 6, 10-11), Defendant confirms that it has conducted only a limited search of documents, primarily consisting of documents received by Plaintiff pertaining to her terms of employment, compensation, and correspondence between Plaintiff and a narrow set of individuals. The limited scope of the search conducted thus far is unreasonable, and contrary to Rule 26's directive and this court's interpretation of "liberal civil discovery rules, giving plaintiffs broad access to employers' records in an effort to document their claims." *Vuona*, 2011 WL 5553709, at *3. While Defendant asserts in its preliminary statement that it "has not completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial, and as discovery proceeds, facts, information, evidence, documents, and things may be discovered that are not set forth in these responses, but which may have been responsive to Plaintiff's Requests," Defendant, just paragraphs later, refuses to conduct additional searches for documents responsive to the majority of Plaintiff's requests.

To date, Defendant's search efforts have been insufficient, omitting several categories of discovery that are both relevant and responsive to Plaintiff's requests. Under Fed. R. Civ. P. 26(b)(1), Plaintiff is entitled to discovery on "any nonprivileged matter that is relevant to any party's claim or defense[.]" Here, any and all discovery concerning:1) the terms of employment offered by Defendant to Plaintiff's male comparators upon hire; 2) compensation and leveling determinations made with respect to Plaintiff's comparators and/by Plaintiff's supervisors; and 3) any rules, guidelines or criteria applied to the consideration of Plaintiff's comparators for promotional opportunities, is central to Plaintiff's claims. Accordingly, all information related to comparators, whether in the comparator's possession or someone else's possession, pertaining to these categories of information are responsive to Plaintiff's Requests and must be produced. Plaintiff has drafted a set of tailored search terms and proposed that Defendant apply them to the review population to identify relevant and responsive ESI for production within the possession of the custodians identified therein.

**B.**     **Decisions Related to Plaintiff's Performance, Promotion, and Demotion**

With less than seven weeks remaining before the close of all fact discovery, Plaintiff has yet to receive essential information pertaining to Defendant's policies and practices for leveling, evaluating performance, promotion, demotion, and lateral moves, and Defendant's application of those policies and related to Plaintiff's claims. Further, while Defendant has produced formal performance evaluations, it has omitted other information that reflects Plaintiff's job performance. Plaintiff has drafted a tailored set of search term to identify ESI, in addition to the formal performance evaluations produced, that contain information concerning any evaluation of Plaintiff's performance in or qualifications for any position held during her tenure of employment with Defendant.

Kenneth Gage, Esq.
March 25, 2020
Page 4 of 9

### C.      Documents Related to Google's Internal Investigations

In response to Plaintiff's Requests relating to the production of documents concerning Defendant's internal investigation of Plaintiff's complaints of discrimination (Requests Nos. 8, 9, 18-20, 24), Defendant has agreed to produce "non-privileged documents from Employee Relations' investigation file relating to Plaintiff's complaint regarding the Financial Services Vertical Lead role, once such investigation is complete." Defendant's response ignores that Plaintiff made complaints outside of Employee Relations and the scope of her complaint to Employee Relations, and improperly delays the production until any Employee Relations investigation is complete.

### 1.      *Documentation of Complaints Made to Individuals Outside of the Employee Relations Division*

In addition to her participation in the formal complaint process overseen by Employee Relations, Plaintiff made her complaints of discriminatory treatment known to individuals outside of the Human Resources/Employee Relations division. Plaintiff made two separate internal complaints of discrimination: Ms. Rowe made an internal complaint to Human Resources and separately, Ms. Rowe made an internal complaint to Diane Greene and Tariq Shaukat. Defendant must produce all documents concerning both of these internal complaints. In addition, Plaintiff raised concerns to Diane Greene, William Grannis and Tariq Shaukat regarding the compensation and leveling disparity between her and her male counterparts. Any correspondence between these individuals is relevant and responsive to Plaintiff's Requests related to the internal investigation conducted by Defendant.

Additionally, Defendant attempts to narrow its response to one category of the mistreatment alleged in Plaintiff's complaint of discriminatory treatment – "Plaintiff's complaint regarding the Financial Services Vertical Lead role." Plaintiff has asserted discriminatory treatment in pay and leveling since the start of her employment with Defendant and informally raised her concerns regarding it prior to her application for the Vertical Lead Role. Accordingly, all correspondence related to any complaint made, whether formal or informal must be produced. Plaintiff has drafted a set of tailored search terms which can be applied to identify relevant documents within this category.

In addition to improperly withholding information related to complaints made outside of the Employee Relations complaint process, Defendant has also attempted to unjustifiably narrow the scope of its production with respect to its formal Employee Relations/Human Resources investigation as well. In response to Plaintiff's Request for all documents concerning Human Resources' investigation, Defendant limits its search and production to "non-privileged documents from Employee Relations' *investigation file* relating to Plaintiff's internal complaints of discrimination." Defendant's response is deficient with respect to this category of information where additional communications and documents from Employee Relations' investigation outside of the investigation file are relevant, responsive and likely to lead to discoverable information.

Kenneth Gage, Esq.
March 25, 2020
Page 5 of 9

### 2.     *Timeframe to Respond to Plaintiff's Requests*

Defendant states in response to Plaintiff's Request No. 18 regarding its internal investigation that it will produce documents "once such investigation is complete."  This open-ended proffer from Defendant is unreasonable and contrary to the Rule's mandated timeline for Defendant to respond to Plaintiff's requests. *See* Fed. R. Civ. P. 34(b)(2)(B) (the production of documents must be "completed no later than the time for inspection specified in the request or another reasonable time specified in the response."). Plaintiff specified that all responsive documents be produced "21 days after the date of service."  Defendant not only exceeds that reasonable deadline, but fails to offer any tentative timeline for the production of documents related to its internal investigation, which it does not otherwise object to on the basis of relevancy. Defendant has had nearly nineteen (19) months to complete its investigation and two (2) months to prepare their document production in this matter. In light of the discovery schedule, Plaintiff cannot wait until an internal investigation into Plaintiff's 2018 complaints is completed by Defendant. Accordingly, Plaintiff requests that Defendant complete its document production by April 3, 2020.

### D.     Other Complaints of Gender Discrimination

In response to Plaintiff's Requests relating to any internal or external complaints of gender discrimination, including pay or promotion discrimination, and/or retaliation by any Google employee within Google's New York office in the last five years (*see* Request No. 19) Defendant has refused to produce any relevant and responsive documents. However, Defendant has already identified and produced discovery intimating that additional relevant documents exist. *See* GOOG-ROWE-00017555) (correspondence between ER employees Melissa Lawrence and Kevin Lucas have indicated that Ms. Rowe's complaints are "similar to other situations that they've handled"). Contrary to Defendant's objections to production of these complaints, this Circuit has repeatedly found that complaints for the same type of discrimination alleged by plaintiffs are relevant to plaintiffs' prima facie case of disparate treatment. *See Sasikumar v. Brooklyn Hosp. Ctr.*, No. 09 Civ. 5632, 2011 WL 1642585, at *3 (E.D.N.Y. May 2, 2011) ("[C]ourts in this circuit have repeatedly found similar complaints of discrimination by corporate employers to be relevant and discoverable."); *see also Vuona*, 2011 WL 5553709, at *7 (finding the plaintiff properly sought gender related complaints of discrimination made against supervisors); *Louison v. Blue Cross Blue Shield of Greater New York*, No. 9 Civ. 1820, 1990 WL 108347, at *1 (S.D.N.Y. July 23, 1990). Accordingly, Plaintiff reasserts her request for information pertaining to complaints made by other employees. Plaintiff has narrowly tailored this request to the relevant time frame and additionally has provided Defendant with reasonable search terms that can be applied to identify relevant and responsive ESI within this category. To the extent Defendant objects on grounds of confidentiality and privacy, such objections are unacceptable because the parties have entered into a valid and binding protective order.

### E.     Google's Leveling Criteria for Level 8-10 employees within Google Cloud

Defendant's response to Plaintiff's Request for information pertaining to the rules, policies, and practices governing leveling decisions within Google Cloud (*see* Request No. 5) is

Kenneth Gage, Esq.
March 25, 2020
Page 6 of 9

insufficient. Defendant has agreed to provide "Google's policies regarding compensation, performance appraisals or evaluations, promotion and equity awards applicable to Principal Technical Solutions Consultants and Distinguished Technical Solutions Consultants in Google Cloud Platform in the United States," however, Plaintiff also has requested policies and practices related to Levels 8-10: Plaintiff's level and the levels to which she alleges she was qualified and/or should have been promoted. Defendant states that it will not search for or produce documents beyond the scope identified in its response. If no guidelines or criteria exist to produce, which outline and differentiate the qualifications for employees leveled at Levels 8-10, please affirm as much. To the extent such information does exist, Defendant should produce.

## II.      Specific Deficiencies of Defendant's Responses to Plaintiff's Requests

In addition to the general deficiencies outlined above, Plaintiff identifies the following specific deficiencies.

**Request No. 1:** Defendant's limited search of communications between Plaintiff and William Grannis is insufficient and Defendant's assertion that it will continue to search for other non-privileged communications without a proposed timeline is likewise unreasonable. Contrary to Defendant's objection to the scope and relevancy of the hire information sought, documents containing information relevant to the commencement of Plaintiff's employment, including communications to which William Grannis, Diane Greene, Jennifer Burdis, Chris Humez, and other Human Resource/Employee Relations employees involved in the hiring and/or on-boarding and orientation of Plaintiff must be produced by April 3, 2020. A tailored ESI search would address this concern and Plaintiff has drafted a set of tailored search terms and custodians that target this information (*See* ESI Search Proposal 1).

**Request No. 2**: While Defendant has produced a small set of documents responsive to this Request, its statement that it will not search for or produce documents beyond the scope identified in is response is unreasonable. Plaintiff identifies other documents, such as an employee handbook, provided to her during her term of employment with Defendant, that have not been produced. This document, and any other documents like it which set forth the terms of Plaintiff's employment, are responsive and relevant to Plaintiff's claims and must be produced.

**Request No. 3:**  Request No. 3 seeks all documents pertaining to the job duties and responsibilities associated with *all* positions held by Plaintiff during her tenure at Google, not just the Technical Director position. Additionally, Defendant must produce any documentation regarding these duties and responsibilities in the possession of Plaintiff's supervisors, and any document pertaining to any evaluation of Plaintiff's performance as to the duties and responsibilities associated with her positions at Google. To the extent that Defendant has unreasonably limited its search to documents concerning the Technical Director position and *email* correspondence regarding Plaintiff's performance, Defendant must supplement its production to include responsive information and Plaintiff has drafted a set of tailored search terms and custodians that target this information (*see* ESI Search Proposal Nos. 5-8).

Kenneth Gage, Esq.
March 25, 2020
Page 7 of 9

**Request Nos. 9 & 20:** Defendant's objections to these Requests and its refusal to produce any information in response to this request are unsupported. Any study conducted by Defendant with respect to pay equity studies conducted within the United States are relevant to Defendant's knowledge of existing disparity in pay and promotion and is directly related to Plaintiff's claims and Google's defenses. Accordingly, any study conducted by Defendant pertaining to pay equity should be produced. If no studies were conducted and Defendant asserts that its pay and promotion structures have not been validated to confirm that no discriminatory effect results from their implementation, please affirm as much. Salary studies conducted by Google would also be relevant to the issue of punitive damages. To the extent Defendant objects on grounds of confidentiality and privacy, such objections are unacceptable because the parties have entered into a valid and binding protective order.

**Request Nos. 12-14:** Defendant's refusal to produce relevant information in response to Plaintiff's Requests Nos. 12-14 is unjustified. Documents concerning the job duties and responsibilities and compensation for VP and Head of Industry, the position for which Plaintiff alleges she was denied consideration for based on her gender, is clearly relevant to her claim of promotion discrimination. Plaintiff's request for documentation related to the job duties and responsibilities for Directors within Google Cloud in New York is similarly relevant, as Defendant's defense relies on a differentiation in job duties and responsibilities associated with various job titles and leveling. Whether Directors and VPs of Heads of Industry share similar job duties is relevant to Plaintiff's qualification for the promotion she sought and probative of Defendant's discriminatory treatment towards a qualified applicant because of her gender (*see* ESI Search Proposal Nos. 5, 8).

**Request No. 21**: Defendant must also produce information outside gHire concerning Defendant's search, recruitment, and hiring for the role. Furthermore, to the extent that Defendant objects to this request on the ground that it is overbroad, a tailored ESI search would address this concern and Plaintiff has drafted a set of tailored search terms and custodians that target this information (*see* ESI Search Proposal Nos. 5, 7). To the extent Defendant objects on grounds of confidentiality and privacy, such objections are unacceptable because the parties have entered into a valid and binding confidentiality agreement.

**Request No. 22:** Defendant must also produce information outside gHire regarding Ms. Rowe's consideration for the role. During the Parties' meet and confer on February 12, 2020, Defendant stated that gHire contained feedback collected by interviewers and hiring managers. Defendant's response is deficient as it does not account for documents and communications by individuals outside of gHire. Plaintiff has drafted a set of tailored search terms and custodians that target this information (*see* ESI Search Proposal Nos. 6, 9).

**Request No. 30**: Plaintiff's request is sufficiently limited in scope as it requests information concerning Plaintiff's role during April 2019. Defendant must produce information regarding any legitimate, non-retaliatory reason Ms. Rowe's role was changed and communications and documents regarding the three options provided to Ms. Rowe. Plaintiff has drafted a set of tailored search terms and custodians that target this information (*see* ESI Search Proposal Nos. 4-5).

Kenneth Gage, Esq.
March 25, 2020
Page 8 of 9

### III.   <u>Deficiencies of Defendant's Responses to Plaintiff's Interrogatories</u>

**Interrogatory No. 1:** The identity of Engineering employees and Industry Verticals at Level 9 or 10 within Google cloud is sufficiently narrow and relevant to identifying Ms. Rowe's relevant comparators and Plaintiff is entitled to discovery regarding the compensation, performance, and gender of her potential comparators, regardless of whether they held the same job title or whether Defendant believes they are her true comparators. Moreover, please articulate how specifically this request violates Local Civil Rule 33.3.

**Interrogatory No. 2:** Please confirm that there is no individual outside the nineteen (19) individuals named in the documents Defendant has identified who was involved in determining Plaintiff's compensation.

**Interrogatory No. 3**: Please confirm that there is no individual outside the forty-seven (47) individuals named in the documents Defendant has identified who was involved in the selection process for the Vice President of Financial Services/Head of Financial Services position.

**Interrogatory No. 4:** This Interrogatory is relevant and not overly broad as complaints of a similar nature to Plaintiff's are relevant. (*See*, Section II.3.C, *supra*). Additionally, please articulate Defendant's objection based on Plaintiff's definition of "Internal Complaint" and "External Complaint".

**Interrogatory No. 5:** Please confirm that there is no individual outside the eleven (11) individuals named in the documents Defendant has identified who played any role in investigating Plaintiff's Internal Complaint.

### IV.   <u>Other Deficiencies</u>

Defendant invokes attorney-client and work product privilege throughout its Objections and Responses to Plaintiff's Requests and Interrogatories. Plaintiff does not challenge the propriety of such objection when appropriately asserted, but requests that Defendant produce a privilege log relating to those documents for which it asserts a privilege. *See* Fed. R. Civ. P. 26(b)(5) (a party asserting privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim"). Plaintiff requests that by March 31, 2020, Defendant produce a privilege and redaction log for those documents already reviewed and withheld, to be supplemented as necessary as discovery production continues. Plaintiff also requests that Defendant produce a list of all documents that Defendant has designated "Attorneys Eyes Only" by March 31, 2020.

\*          \*          \*

Kenneth Gage, Esq.
March 25, 2020
Page 9 of 9

Please let us know your availability for a call on Friday, March 27th or Monday, March 30th for a meet and confer on the above and to come to an agreement on custodians and ESI search terms.

Additionally, enclosed our Plaintiff's initial deposition notices. While we have noticed the depositions for specific dates, we expect that the Parties will meet and confer with respect to identifying mutually agreeable dates for the depositions to proceed. Please note that we expressly reserve the right to notice additional depositions at a later date.

Sincerely,

Cara E. Greene

Enclosures

cc:     Maya S. Jumper, Esq.
        Shira Z. Gelfand, Esq
        Caitlin D. Brown, Esq.
        Adriana N. Simmons, Esq.

**Rowe v. Google LLC**
**Plaintiff's First Proposed ESI Search Terms**

| Search No. | Search Terms | Date Range |
|---|---|---|
| 1 | (Ulku OR Rowe OR [her email address]) w/20 (base OR benefit* OR bonus* OR cash OR comp OR compar* OR compensat* OR equity OR evaluat* OR increase* OR JPM* OR level* paid OR pay* OR perform* OR promot* OR raise* OR rate* OR rating* OR refresh OR review* OR RSU* OR salar* OR stock*) | June 2016 – Present |
| 2 | (accus* OR action OR alleg* OR claim* OR class OR complain* OR concern* OR experienc* OR EEO* OR EEOC OR ER OR investigat* OR *suit OR sue*OR suing OR suit*) w/20 (base OR bias OR bonus OR comp* OR discrim* OR equal* OR level* OR paid OR pay OR promot* OR retaliat* OR salar* OR stereotyp*) w/20 (woman OR women* OR female OR male OR men OR gender OR sex) | January 2015 – Present |
| 3 | (Ulku OR Rowe OR ([her email address]) w/20 (accus* OR action OR alleg* OR case* OR claim* OR class OR complain* OR concern* OR EEO* OR EEOC* OR ER OR experienc* OR issue * OR investigat* OR base OR bias OR bonus* OR comp* OR discrim* OR equal* OR level* OR paid OR pay OR promot* OR retaliat* OR salar* OR stereotyp* OR sue* OR *suit OR suing OR woman OR women OR female OR male OR men OR gender OR sex) | June 2016 – Present |
| 4 | (Ulku OR Rowe OR [her email address] w/20 (chang* OR demot* OR horizontal OR *join OR move* OR moving OR option* OR promot* OR reassign*OR switch* OR relocat* OR report* OR structure OR transfer* OR transition* OR Tariq) | June 2016 – Present |

## Rowe v. Google LLC
## Plaintiff's First Proposed ESI Search Terms

| 5 | (Ulku OR Rowe OR [her email address]) w/20 ((financial OR services) /20 ((C.T.O.) OR CTO OR (V.P.) OR VP OR Head OR lead* OR level* OR Vertical*)) | June 2016– present |
|---|---|---|
| 6 | (Ulku OR Rowe OR [her email address] w/20 (assess* OR eval* OR evaluat* OR exceed* OR expect* OR expectation* OR lack* OR qualif* OR qualification* OR perform* OR poor OR under) | June 2016 - present |
| 7 | (Ulku OR Rowe OR [her email address]) w/20 (OR appl* OR adjust* OR assess* OR Breslow OR consider* OR criteri* OR decid* OR decision* OR evaluat* OR hir* OR interest* OR interview* OR qualif* OR level* OR nominat* OR opportunit* OR potential OR report* OR responsib* OR review* OR scor*) | June 2016 – Present |
| 8 | (Breslow w/2 Stuart) OR ([his email address])) OR (Layfield w/2 Diana) OR ([her email address])) OR (Clark w/2 Ranjana) or OR ([her email address])) OR (O'Dwyer w/2 Tais) OR ([his email address])) OR (Zazzera w/2 John) OR ([his email address])) OR (Dilip w/2 Venkatachari) OR ([his email address])) OR (Varadachary w/2 Venkat) OR ([his email address])) OR (Mayer, Lucille) OR ([her email address])) OR (Walsh w/2 Ekaterina) OR ([her email address])) OR candidate OR recruit w/20 (financial OR services OR (F.S.) FS OR (C.T.O.) OR (C.T.O.) OR CTO OR (V.P.) OR VP OR (V.P.) OR Head OR Lead* OR level* OR position* OR Vertical*) | January 2016 – present |

**Rowe v. Google LLC**
**Plaintiff's First Proposed ESI Search Terms**

| 9 | ((Harteau w/2 (Nick OR Nicholas)) OR ([his email address])) OR (Wilson w/2 (Benjamin OR Ben) OR ([his email address])) OR (Eryurekw/2 Evren)) OR ([his email address])) OR (Breslow w/2 Stuart) OR ([his email address])) w/20 (assess* OR eval* OR evaluat* OR exceed* OR expect* OR expectation* OR lack* OR qualif* OR qualification* OR perform* OR poor OR under) | June 2016 – present |
|---|---|---|
| 10 | ((Harteau w/2 Nicholas) OR ([his email address])) OR (Wilson w/2 (Ben OR Benjamin)) OR ([his email address])) OR (Eryurekw/2 Evren) OR ([his email address])) OR (Breslow w/2 Stuart) OR ([his email address])) w/20 (base OR benefit* OR bonus* OR cash OR comp OR compar* OR compensat* OR equity OR evaluat* OR increase* OR JPM* OR level* paid OR pay* OR perform* OR promot* OR raise* OR rate* OR rating* OR refresh OR review* OR RSU* salar* OR stock*) | June 2016 – present |

**Custodians:** 1) April Beaupain, 2) Jennifer Burdis, 3) Stuart Breslow 4) William Grannis, 5) Diane Greene/Thomas Kurian, 6) Chris Humez, 7) Melissa Lawrence, 8) Tariq Shaukat, 9) Brian Stevens, 10) Stuart Vardaman

**Additional Notes:**
- For all custodians, search period ends as of their last day of employment ("LDE") with Google.
- Diane Greene and Thomas Kurian should be treated as one custodian for purposes of the ESI Search Proposal
- For Diane Greene, relevant search period is July 2015 through LDE, unless shorter period specified.
- This search is without prejudice to identifying additional custodians or search terms based on information Defendant subsequently provides in the course of discovery.
- This document relates to searches of custodial drives, emails, Google account documents and data, and personal devices. This document is separate from the searches of other databases and platforms, *i.e.* time management, human capital management, recruitment, and finance management systems, which the Parties have discussed. Moreover, this document does not supersede Defendant's duties pursuant to the Federal Rules of Civil Procedure with respect to the production of other information or documents not covered by this document and is without prejudice to Plaintiff's right to receive documents of which Defendant is aware – even if not identified in response to searches – that are responsive to Plaintiff's discovery requests.

**Rowe v. Google LLC**
**<u>Plaintiff's First Proposed ESI Search Terms</u>**

- These searches should be read in conjunction with the parties' ESI Protocol in this matter. In addition, we request that you provide hit counts with respect to the searches. We would anticipate that the following hit count information would be included:

    1. Total document universe searched;
    2. Total number of documents with any hit;
    3. Total number of documents with any hit including families;
    4. Total number of documents with hits for each search term;
    5. Total number of documents with hits for each search term including families;
    6. Unique number of documents with hits for each search term (i.e. hit on a given term and no other terms); and
    7. Unique family count per search term (i.e. when a family has a hit for only one term and no others).

3/25/2020