# Exhibit 6



April 16, 2020 59605.00060

**VIA E-MAIL**

Cara E. Greene, Esq.
Shira Z. Gelfand, Esq.
Maya Jumper, Esq.
Outten & Golden, LLP
685 Third Avenue, 25th Floor
New York, NY 10017

Re: *Rowe v. Google LLC*, Case No. 19-cv-08655 (LGS)(GWG)

Dear Cara:

We are responding to your March 25th letter regarding Defendant's responses to Plaintiff's discovery requests. Defendant conducted a thorough search for responsive documents in satisfaction of its discovery obligations, as described below, which included substantial efforts to comply with the Initial Discovery Protocols for Employment Cases Alleging Adverse Action. We do not believe an additional ESI search as you propose is necessary or likely to yield additional responsive documents.

We address each of the issues Plaintiff has raised below. For convenience, we use headings similar to those in your letter.

## I. Alleged Categorical Deficiencies of Defendant's Responses

### A. Comparator Information

Plaintiff seeks information regarding a broad scope of individuals she now suggests may be her proper comparators. However, Plaintiff makes no factual allegations suggesting that these individuals and Plaintiff performed substantially equal duties, and these requests extend far beyond the alleged comparators Plaintiff identified in her complaint. As Plaintiff is a current Google employee working within the organization, she is better situated than most Plaintiffs to satisfy her obligation of identifying comparators who perform duties substantially similar to hers.

#### *1. Comparators with Respect to Plaintiff's Equal Pay Claims*

As an initial matter, it is incorrect to say that *Defendant* identified Nicholas Harteau, Ben Wilson, Evren Eryurek, and Stuart Breslow as comparators, as it was *Plaintiff* who identified these individuals.

In her Amended Complaint, Plaintiff stated that her comparators were "Technical Directors at Level 9," and that Plaintiff and her "male comparators were hired within weeks of each other, using the same position description." (Am. Complaint ¶¶ 26-27.) Plaintiff described each of her alleged comparators with some detail. "[O]ne male colleague had only nineteen years of industry experience, [she alleged], while Plaintiff had twenty-two years of experience at time of hire." Another's "background was in physics, not engineering, and he did not satisfy the requirement that candidates have an MS in Computer Engineering or demonstrated leadership in this area"; and "another man had no academic background in technology,"





according to the Amended Complaint. (Am. Complaint ¶ 28.) A comparison to Plaintiff's demand letter dated January 14, 2019, using this same language, makes clear that Plaintiff's Amended Complaint refers to Nicholas Harteau, Evren Eryurek and Benjamin Wilson. (*cf.* Plaintiff's January 14, 2019 Demand Letter at 3.) Defendant's production of discovery concerning these individuals does not translate to its agreement that they are proper comparators for Plaintiff under the Federal and New York Equal Pay Act.

Plaintiff now claims that Defendant also identified Jonathan Donaldson as a proper comparator, citing a list of individuals reviewed in connection with the investigation of Plaintiff's internal complaint.[1] The fact that Mr. Donaldson was included on this list, however, does not constitute an admission that Mr. Donaldson is a proper comparator for Plaintiff under the Equal Pay Act. Still, while Plaintiff claims that documents regarding Mr. Donaldson have not been produced (Pl. Letter at 2), this is not true—Google has produced Mr. Donaldson's resume and his interview feedback from gHire.[2] However, in the interest of compromise, Defendant will agree to produce documents sufficient to show Mr. Donaldson's gender, age, salary, annual bonuses, and equity refresh grants, Job Title, Business Title, Job Level, Manager History, Job Location and performance ratings.

In her letter, Plaintiff repeatedly requests that *Defendant* identify Ms. Rowe's comparators. (Pl. Letter at 2.) However, it is not Defendant's responsibility to do so. Instead, it is *Plaintiff's* burden to identify another employee who "perform[s] equal work on [a] job[] requiring equal skill, effort, and responsibility" in order to state an Equal Pay Act claim. *Weinreb v. Xerox Bus. Servs., LLC Health & Welfare Plan*, 323 F. Supp. 3d 501, 519 (S.D.N.Y. 2018); *see also E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 258 (2d Cir. 2014) (dismissing claim where "the EEOC ha[d] not alleged a single nonconclusory fact supporting its assertion that the claimants' and comparators' jobs required 'substantially equal' skill and effort.") Defendant has produced documents regarding the individuals Plaintiff has identified in her complaint. Nothing more is required.

Plaintiff also asserts "Defendant must identify any man who shared a reporting or supervisory line with Plaintiff during the relevant period," citing to *Akinyemi v. Chertoff*, No. 07 Civ. 4048, 2008 WL 1849002, at *5 (S.D.N.Y. Apr. 25, 2008). (Pl. Letter at 2.) However, *Akinyemi* did not state that reporting to the same supervisor was *sufficient* to establish an individual as a proper comparator, instead, it found that "[w]hether or not a plaintiff reports to the same supervisor as her comparator is an important factor in finding that plaintiff and the comparator are similarly situated." *Id.* Plaintiff has alleged no facts suggesting that these individuals are proper comparators for Plaintiff, and this Request goes far beyond the scope of comparators Plaintiff identified in her Amended Complaint—Harteau, Wilson, and Eryurek. This information is therefore irrelevant to any party's claim or defense, and not discoverable.

### ***2. Comparators with Respect to Plaintiff's Title VII Claims***

Plaintiff also claims that "[i]n her Complaint, Plaintiff asserts that Defendant treated her differently with respect to compensation, leveling, promotion, and other terms and conditions of employment because of her gender," and claims that "*Defendant* must identify any similarly situated men whose 'work require[ed] substantially the same responsibility.'" (Pl. Letter at 2 (emphasis added) (quoting *Belfi v. Prendergast*, 191 F.3d 129, 139 (2d Cir. 1999).) In fact, *Belfi v. Prendergast actually* states that "[i]n order to make out a *prima facie* case of unequal pay for equal work under Title VII, a *plaintiff* must show that . . . she was paid

[1] GOOG-ROWE-00018014.

[2] GOOG-ROWE-00018002-03; GOOG-ROWE-00018048-75.






less than non-members of her class for work requiring substantially the same responsibility." *Id.* (emphasis added). It is *Plaintiff* who must identify any comparators with respect to Plaintiff's Title VII claims, not Defendant.

Aside from the decisions relating to leveling previously discussed, Ms. Rowe identifies only one male employee who allegedly received preferential treatment: Stuart Breslow.[3] As Plaintiff identified Mr. Breslow in her Amended Complaint, Defendant produced documents regarding his qualifications, compensation and performance.[4]

While Plaintiff's Amended Complaint states that "[t]he VP treated Plaintiff . . . much differently than his male subordinates," and that he "regularly excluded Plaintiff, but not her male colleagues, from staff meetings, email distribution lists, team offsites, and one-on-one meetings," it does not identify these men who allegedly received better treatment. (Am. Complaint ¶ 34.) Plaintiff, who remains currently employed at Google, should be able to identify the individuals who allegedly received better treatment than she. If Plaintiff would like to amend her Complaint to identify these individuals, and state facts supporting that they were similarly situated to Plaintiff, Defendant will consider such allegations.

***3. Requests Allegedly Seeking Comparator Personnel Files and Relevant Documents***

Plaintiff's letter continues with a Section labeled "Production of Comparator Personnel Files and Relevant Documents," which purports to seek "1) the terms of employment offered by Defendant to Plaintiff's male comparators upon hire; 2) compensation and leveling determinations made with respect to Plaintiff's comparators and/by Plaintiff's supervisors; and 3) any rules, guidelines or criteria applied to the consideration of Plaintiff's comparators for promotional opportunities." (*Id*.) However, the Requests actually cited by Plaintiff in this section do not align with these descriptions:

> **Request No. 6**: Documents sufficient to show the name, gender, age, compensation, position, title, level, reporting line, location, and qualifications for Level 8, 9, and 10 employees within Google Cloud in the United States.
>
> **Request No. 10**: All documents concerning the hiring and compensation of all Level 9 employees within the office of the CTO.
>
> **Request No. 11**: All documents describing the duties or responsibilities for all Technical Directors within the office of the CTO.

Defendant has objected to the production of these documents because the scope of documents and information sought is far broader than the comparators Plaintiff identified in her Amended Complaint, and

---

[3] As with the other comparators, Ms. Rowe does not state Mr. Breslow's name in the Amended Complaint (*see* ¶¶ 41-43), but does so in her demand letter dated January 14, 2019 (*id.* at 5.)
[4] GOOG-ROWE-00018551-52, GOOG-ROWE-00053772-73, GOOG-ROWE-00053774-75, GOOG-ROWE-00053826-32, GOOG-ROWE-00053841-47, GOOG-ROWE-00053875-78, GOOG-ROWE-00053837-40.





so the documents requested are not relevant to the claims in this litigation. Plaintiff's letter provides no explanation as to why the scope of information sought in Plaintiff's Requests is appropriate.

For the comparators Plaintiff *did* identify in her Complaint, Defendant has produced their resumes, gHire feedback, performance reviews, job histories (including Level, Job Profile, Job Title, Business Title, supervisor, and location), annual compensation statements, the job postings used to hire the individual, and any applicable job ladder. Defendant will also agree to produce the final offer letter for each of these individuals. This is more than sufficient to satisfy Defendant's obligations.

**B. Defendant's Policies, Leveling Criteria and Plaintiff's Performance**

Plaintiff then asserts that she "has yet to receive essential information pertaining to Defendant's policies and practices for leveling, evaluating performance, promotion, demotion, and lateral moves." (Pl. Letter Section I.B.) Plaintiff's statement is simply false. Google has produced its entire employee handbook, as well as its current help centers for compensation, performance (including promotion), and staffing (including leveling), as well as historic versions of its full help center, consisting of thousands of policies. As identified in the attached Appendix A, these include no less than 18 policies on leveling, 152 policies on performance, 55 policies on promotion, and 34 policies on transfer. Defendant has more than satisfied its obligations in this regard.

The aforementioned policies applied to individuals in Plaintiff's job ladder in Level 8 (who had the Job Title Principal Technical Solutions Consultant, and job code 5560), Level 9 (Distinguished Technical Solutions Consultant, job code 5578) and Level 10. Defendant has conducted a reasonable search and produced all documentation describing the expectations of individuals in Plaintiff's Job Ladder at Levels 8, 9 and 10. This should address the query in Section I.E of your letter

Plaintiff also wrongly claims that Defendant has not produced essential documents regarding Plaintiff's job performance, proposing to locate these documents with an ESI search protocol. Defendant has already produced all of Plaintiff's performance reviews, however, and confirmed that Plaintiff's managers do not possess any draft reviews or any other documents summarizing their views of Plaintiff's performance. If Plaintiff is aware of particular documents regarding her performance which have not been produced, it is she who is in the best position to identify them. As Defendant has already made inquiries of Plaintiff's managers, applying an ESI protocol to identify documents regarding employee performance, necessitating the review of numerous unresponsive documents, is unduly burdensome and disproportionate here.

**C. Documents Relating to Google's Internal Investigations**

Plaintiff also asserts that Google has failed to produce documents regarding its internal investigation and Plaintiff's complaints. This is also untrue. Defendant conducted a thorough search, and it has produced the documents Plaintiff identified.

In connection with responding to the Employment Protocols and Plaintiff's requests, Defendant reviewed and produced non-privileged documents from the Employee Relations file related to Plaintiff's complaints that she was mis-leveled at hire. Defendant also asked Aptil Beaupain, Fiona O'Donnell, Kevin Lucas, Melissa Lawrence, Jenny Burdis, Will Grannis and Tariq Shaukat to identify documents in their possession related to Plaintiff's complaints and the investigation of the same. Defendant also conducted





a thorough review of the emails of Ulku Rowe, Melissa Lawrence, April Beaupain, Kevin Lucas, Fiona O'Donnell, Becky Bucich, Will Grannis, and Tariq Shaukat for emails regarding Plaintiff's complaints and the investigation into her level. The vast majority of these responsive, non-privileged emails have been produced, and a handful of additional emails will be included in Defendant's imminent document production.

Plaintiff claims documentation of her complaint to Human Resources and to Mr. Shaukat and Ms. Greene were not produced. This too is untrue. Defendant produced communications Plaintiff had with Melissa Lawrence about her level in January 2018,[5] the complaint Plaintiff made to Melissa Lawrence and Kevin Lucas on August 28, 2018 and subsequent non-privileged communications resulting from that email,[6] and the complaint Plaintiff made to Ms. Greene and Mr. Shaukat on November 7, 2018, and subsequent non-privileged communications that followed.[7] As Plaintiff continues to have access to her Google email account, if additional complaints exist, Plaintiff should identify these emails for Defendant so that they may be collected.

While Plaintiff also asserts that Defendant limited its response to documentation of Plaintiff's complaint regarding the Financial Services Vertical Lead position, (Pl. Letter at 4), this is clearly not the case, both from the contents of Defendant's document production, and the text of its written response, which states that Defendant had already "produced non-privileged documents from Employee Relations' investigation file relating to Plaintiff's internal complaints of discrimination." (Def. Resp. to Pl. RFP No. 18.) Contrary to Plaintiff's claims, Defendant's investigation regarding Plaintiff's 2018 complaints is complete, and documents regarding that investigation have been produced. It is only the investigation of Plaintiff's complaint regarding the Financial Services Vertical Lead role, which she made through counsel in 2019, that is ongoing. Documents regarding this investigation will be produced in the near future.

**D. Other Complaints of Gender Discrimination**

Plaintiff has also sought "[a]ll documents relating to any internal or external complaints of gender discrimination, including pay or promotion discrimination, and/or retaliation by any Google employee within Google's New York office in the last five years." (Pl. Req. No. 19.) Google will respond to this request with respect to Plaintiff's managers, Will Grannis and Tariq Shaukat, and states that it has conducted a reasonable search and, aside from the instant matter, located no complaints of retaliation or gender discrimination against Mr. Grannis or Mr. Shaukat during their employment at Google.

However, Defendant maintains its objection to the production of documents regarding any complaints by other employees against managers who did not make the decisions at issue in this case. Actions taken by other managers are in no way probative as to whether Plaintiff's managers possessed any discriminatory intent, the relevant issue here. In such circumstances, "[t]he critical question is whether the same decisionmaker was involved in both the prior discriminatory acts and in the adverse employment action taken against the plaintiff." *Rivera v. Baccarat, Inc.*, No. 95 CIV. 9478 MBM JCF, 1997 WL 777887, at *2 (S.D.N.Y. Dec. 15, 1997) (finding complaints of discrimination asserted against individuals other than plaintiff's manager were not relevant to the case); *Syrkin v. State Univ. of N.Y.*, No. 04-CV-

[5] GOOG-ROWE-00017406-07.

[6] *See, e.g.,* GOOG-ROWE-00017558, GOOG-ROWE-00017555-57, GOOG-ROWE-00017563-64, GOOG-ROWE-00017573-74, GOOG-ROWE-00017607-20.

[7] GOOG-ROWE-00017589-91.





4336(FB)(RML), 2008 WL 4179690, at *7 (E.D.N.Y. Sept. 10, 2008) (acts taken by other supervisors not at issue in the lawsuit are "too attenuated" from the challenged adverse action to allow a reasonable inference of discrimination), *aff'd*, 370 F. App'x 150 (2d Cir. 2010).

The cases cited by Plaintiff are inapposite. In both *Vuona v. Merrill Lynch & Co., Inc.*, 2011 WL 5553709 (S.D.N.Y. 2011) and *Louison v. Blue Cross Blue Shield of Greater New York*, 1990 WL 108347, (S.D.N.Y. 1990), the plaintiffs asserted discrimination claims under a pattern and practice theory, which the Second Circuit subsequently held is not available in single plaintiff discrimination claims. *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 150 (2d Cir. 2012). Even so, the Court in *Vuona* still limited discovery of other discrimination complaints to those against individuals who had supervised the plaintiffs. *Vuona*, 2011 WL 5553709, at *8. The court in *Sasikumar v. Brooklyn Hosp. Center*, 2011 WL 1642585 (E.D.N.Y. 2011), similarly, limited a request so that it only applied to plaintiff's department while he was employed there.

Here, Plaintiff is not representing a class and so cannot assert a pattern and practice theory, and does not allege a hostile work environment. Plaintiff fails to explain how alleged discrimination by *other* managers would be probative as to whether her own managers possessed discriminatory intent. Defendant therefore will not produce further documents or information in response to this request.

## II. <u>Alleged Specific Deficiencies in Defendant's Responses</u>

Defendant responds to the specific deficiencies alleged by Plaintiff as follows:

**Request No. 1**: **All documents concerning the commencement of Plaintiff's employment with Defendant, including Documents and Communications kept by Defendant's Human Resources department, Defendant's legal department, and/or Plaintiff's manager(s), supervisor(s), or superior(s).**

Plaintiff asserts that Defendant's search for responsive documents is insufficient and proposes an ESI search protocol. However, as relayed to Plaintiff's counsel during the parties' meet and confer regarding sources of discovery, Defendant's standard email retention period is 18 months, therefore the vast majority of emails from the time of plaintiff's recruitment are not available. However, Defendant has produced its records related to Plaintiff from its gHire system, which includes the text of 195 emails exchanged between Plaintiff and Google employees prior to the start of Plaintiff's employment.[8] Further, Defendant has produced any responsive emails retained by Chris Humez, who prepared Plaintiff's compensation package,[9] and Jenny Burdis, Plaintiff's recruiter. William Grannis has confirmed that he has retained no communications regarding Plaintiff's recruitment, and Diane Greene is no longer employed by Google.

[8] GOOG-ROWE-00019062.
[9] *See, e.g.,* GOOG-ROWE-00017322-55.





**Request No. 2**: **All documents concerning the terms and conditions of Plaintiff's employment with Defendant, including but not limited to any offer letters, employment agreements, contracts, promotion letters, commission or benefit agreements, Plaintiff's compensation (including without limitation pay records, wage statements, equity and stock grants and options, deferred compensation, and health insurance), and applicable policy manuals or procedures.**

Contrary to Plaintiff's assertion, Google *has* produced its employee handbook: GOOG-ROWE-00027530-694. Plaintiff identifies no documents Defendant has failed to produce.

**Request No. 3: All documents describing the duties or responsibilities for Plaintiff's position(s) with Google.**

In response to this request, Defendant agreed to produce the Technical Solutions Consultant ladder applicable to Plaintiff's Job Title of Principal Technical Solutions Consultant,[10] an external posting for Technical Director, Office of the CTO, Google Cloud Platform,[11] email correspondence regarding Plaintiff's transitions between divisions,[12] and Plaintiff's performance reviews.[13]

Plaintiff asserts that she seeks documentation of Plaintiff's job duties in positions other than her Technical Director position. However, Plaintiff's Job Title throughout her tenure at Google has remained "Principal Technical Solutions Consultant," with Job Code 5560.[14] Defendant also produced Plaintiff's performance reviews, in which she described the duties she completed, and confirmed that her managers were not in the possession of any draft reviews. If other documents describing Plaintiff's job duties exist, Plaintiff, with continuing access to Google email and drives, should be able to identify them with specificity. An ESI search is not an efficient method of identifying these documents, and further, Plaintiff's proposed searches Nos. 5-8, referenced by Plaintiff in connection with this Request, do not seem targeted at locating documents regarding Plaintiff's responsibilities, but seem to relate to positions Plaintiff did *not* hold, or relate to individuals other than Plaintiff.

---

[10] GOOG-ROWE-00017717-20.
[11] GOOG-ROWE-00018558-59.
[12] GOOG-ROWE-00017439-40, GOOG-ROWE-00017664, GOOG-ROWE-00017665-66, GOOG-ROWE-00017667-68, GOOG-ROWE-00017669-70, GOOG-ROWE-00017671-72, GOOG-ROWE-00017673-74, GOOG-ROWE-00017675-76, GOOG-ROWE-00017677-79, GOOG-ROWE-00017680-82, GOOG-ROWE-00017683-84, GOOG-ROWE-00017688, GOOG-ROWE-00017689, GOOG-ROWE-00017709.
[13] GOOG-ROWE-00017885-90, GOOG-ROWE-00017897-906, GOOG-ROWE-00017907-13, GOOG-ROWE-00017914-18, GOOG-ROWE-00017919, GOOG-ROWE-00017929-33, GOOG-ROWE-00017935, GOOG-ROWE-00017936-41, GOOG-ROWE-00017949-57, GOOG-ROWE-00017967-71.
[14] GOOG-ROWE-00018294-96.





**Request Nos. 9 and 20:**

**For Google Cloud employees within the United States, any salary studies and all publications regarding those studies and salaries.**

**All documents concerning any analysis, report, study, or self-appraisal conducted by or for Defendant concerning the presence, representation, discrimination, or unequal compensation of women within Google's New York offices**.

Plaintiff's letter seeks production of Defendant's pay equity studies, asserting that they would be relevant to Defendant's knowledge of an existing pay disparity. However, Defendant's pay equity studies have no bearing on whether a pay disparity existed as to *Plaintiff*, as Plaintiff's job code, 5560, was not included in the positions analyzed by Google's studies. Further, the vast majority of documents related to Google's pay equity studies are privileged, as they were conducted at the direction of counsel. Therefore Google will not produce these documents.

**Request Nos. 12-14**:

**All documents describing the duties or responsibilities for all Vice President and Head of Industry employees under the supervision of Tariq Shaukat.**

**All documents concerning the compensation for all Vice President and Head of Industry employees under the supervision of Tariq Shaukat.**

**All documents describing the duties or responsibilities for Directors within Google Cloud in New York.**

In her letter, Plaintiff asserts that she is entitled to documentation regarding all "VP and Head of Industry" positions because this is the position she asserts she was denied. However, this is not true: the position Plaintiff describes in her complaint was the Financial Services Vertical Lead, also referred to as Head of Financial Services. Defendant produced the job description for this position.[15] Plaintiff also asserts that documents regarding the responsibilities of all Directors should be produced, asserting that a differentiation between each employee in a Director-level role in Google Cloud is relevant to her claims. This is not the case. Plaintiff has asserted that she should have been hired at Level 9 on the Technical Solutions Consultant ladder, like Mr. Eryurek, Mr. Wilson and Mr. Harteau, who were in job code 5578. Defendant has produced documents regarding these individuals. Other positions, which Plaintiff does not assert she should have been hired into or promoted into, are not relevant.

[15] GOOG-ROWE-00017499-501.





**Request No. 21: All documents concerning Defendant's search, recruitment, and hiring for the roles of Vice President of Financial Services/Head of Financial Services.**

**Request No. 22: All documents regarding Google's consideration of Plaintiff for the Vice President of Financial Services/Head of Financial Services roles.**

Plaintiff asserts that Defendant's production of communications from gHire in response to these Requests is insufficient, and seeks the application of a separate ESI search protocol. However, Google's gHire system is specifically designed to record information regarding the interview and hiring process. Plaintiff fails to provide an explanation why relying on this system—which contains the exact information she requests—is insufficient with respect to the other individuals who were interviewed for the Financial Services Vertical Lead role. There is no reason to conduct a secondary ESI search for additional communications regarding the consideration of these individuals.

With respect to Plaintiff, Defendant agreed to produce Plaintiff's gHire file and non-privileged emails regarding Plaintiff's consideration for the Financial Services Vertical Lead role. (Def. Resp. to Req. 22.) To locate these documents, Defendant conducted a thorough review of the emails of Plaintiff, Tariq Shaukat, Will Grannis, Brian Stevens and Stuart Vardaman for emails regarding the consideration of Plaintiff for that role. Defendant also asked Mr. Vardaman, and the individuals who interviewed Plaintiff for this role who are still Google employees, for any notes or other documentation of Plaintiff's interviews, but none were located.

We are confident in the searches we have conducted, and have produced a significant number of emails regarding the consideration of Plaintiff—and others—for this role.[16]

**Request No. 30: All documents concerning Plaintiff's change in role in April 2019.**

While Plaintiff's letter implies that Defendant has refused to produce documents in response to this Request, Defendant agreed to produce non-privileged communications i) reflecting Plaintiff's decision to return to OCTO, ii) announcing Plaintiff's move back to OCTO, iii) reflecting the reason Plaintiff was offered the choice to return to OCTO, and iv) Plaintiff's job history. In order to locate these documents, Defendant requested from Tariq Shaukat any documents related to the reason for Plaintiff's return to OCTO, and conducted a thorough review of the emails of Plaintiff, Tariq Shaukat, Will Grannis, Kevin Lucas, Fiona O'Donnell and Becky Bucich for emails related to this transfer. The documents located have been produced.[17]

---

[16] *See, e.g.,*GOOG-ROWE-00017401-05, GOOG-ROWE-00017410-11, GOOG-ROWE-00017446-47, GOOG-ROWE-00017448, GOOG-ROWE-00017450-54, GOOG-ROWE-00017505- 17541, GOOG-ROWE-00017544-53, GOOG-ROWE-00017565-66, GOOG-ROWE-00017581, GOOG-ROWE-00017582, GOOG-ROWE-00017583-84, GOOG-ROWE-00017598, GOOG-ROWE-00017624-32, GOOG-ROWE-00017634-37, GOOG-ROWE-00017641-42, GOOG-ROWE-00017722-866.

[17] GOOG-ROWE-00017664, GOOG-ROWE-00017665-66, GOOG-ROWE-00017667-68, GOOG-ROWE-00017669-70, GOOG-ROWE-00017671-72, GOOG-ROWE-00017673-74, GOOG-ROWE-00017675-76, GOOG-ROWE-00017677-79, GOOG-ROWE-00017680-82, GOOG-ROWE-00017683-84, GOOG-ROWE-00017688, GOOG-ROWE-00017689, GOOG-ROWE-00017709.






## III. Alleged Deficiencies of Defendant's Responses to Plaintiff's Interrogatories

**Interrogatory No. 1: Identify all employees in Engineering and/or Industry Verticals at Level 9 or 10 within Google Cloud.**

As this interrogatory is duplicative of Plaintiff's Request No. 6, Defendant refers Plaintiff to its discussion in Sections I.A above. This Interrogatory also violates Local Civil Rule 33.3. That rule provides, "[u]nless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." This interrogatory seeks information far beyond these bounds, and is in effect a document request in another form. Further, Plaintiff's request to identify individuals "in Engineering" is vague and ambiguous.

**Interrogatory No. 2: Identify all individuals involved in determining Plaintiff's compensation (including base, incentive, and equity awards).**

Defendant has conducted a reasonable inquiry, and to Defendant's knowledge the individuals named in the identified documents were involved in determining Plaintiff's compensation, to the extent reflected in those documents. Defendant has identified no other individuals responsive to this interrogatory.

**Interrogatory No. 3: Identify all individuals with knowledge of the selection process for the Vice President of Financial Services/ Head of Financial Services role in Google Cloud.**

Defendant has conducted a reasonable inquiry, and to Defendant's knowledge and based on Defendant's understanding of the interrogatory, the individuals named in the identified documents were those with knowledge of the selection process for the Financial Services Vertical Lead role, to the extent reflected in those documents. Defendant has identified no other individuals responsive to this interrogatory.

**Interrogatory No. 4: Identify all individuals with knowledge about Internal or External Complaints of gender discrimination, including complaints of pay and promotion discrimination and/or retaliation for complaints of discrimination, filed by any Google Cloud employee who worked in Defendant's U.S. offices against Google in the past five years.**

As this interrogatory is duplicative of Plaintiff's Request No. 19, Defendant refers Plaintiff to its discussion in Section I.D above. Defendant objects to Plaintiff's definitions of "Internal Complaint" and "External Complaint" as both include any "grievance or expression of concern," which are incredibly vague. Further, both requests seek identification of any complaint "whether written or oral" made over a period of multiple years. It would be *impossible* for Defendant to identify every such complaint—which, by Plaintiff's definition would include an individual complaining to another co-worker over lunch that they feel underpaid—and would also be incredibly burdensome, and completely disproportionate to the needs of this case given that any such complaints would have no bearing on whether Plaintiff's claims have merit.





**Interrogatory No. 5: Identify all individuals who played any role in the investigation of Plaintiff's Internal Complaint and identify all documents generated in connection with Plaintiff's complaint.**

Defendant has conducted a reasonable inquiry, and to Defendant's knowledge and based on Defendant's understanding of the interrogatory, aside from in-house counsel as described in Defendant's response, the individuals named in the identified documents were those involved in the investigation of Plaintiff's complaint regarding her level.

## IV. Privilege Log and AEO

Defendant is currently in the process of preparing a privilege log for Plaintiff's review. Defendant also requests that Plaintiff produce a privilege log with respect to her document production. Please see Appendix B for a list of documents that Defendant has marked Attorneys' Eyes Only to date.

## V. Stipulated Discovery Order

Plaintiff also included with her letter a proposed edit to the parties' Stipulated Discovery Order, which would prohibit Defendant from redacting non-responsive, sensitive business information from the documents it produces. Defendant is not required to provide non-responsive information that is irrelevant to the claims at issue here. Where one part of a document is relevant to Plaintiff's claims, but other sections contain irrelevant, sensitive information, Defendant will redact those sections. While Defendant will meet and confer with Plaintiff regarding any particular redaction, it is not required to produce non-responsive information.

* * *

We are preparing a separate letter addressing certain deficiencies in Plaintiff's production, and look forward to conferring regarding the issues each side has raised. During our conference, we also think it would be helpful to discuss the discovery schedule and depositions in this matter. The deadline to complete depositions is currently set at May 20, 2020, which we do not think is realistic given our current circumstances. All concerned are currently working from home. Some of the witnesses Plaintiff seeks to depose are on the west coast. So we would like to discuss a timeline that allows for circumstances to stabilize to the point that travel for depositions no longer presents a health risk.





In closing, we at Paul Hastings and Google are doing our best to move discovery forward under these difficult circumstances. Our client contacts are not only working on this case, but others as well, but also helping Google and its employees navigate the challenges of the pandemic in real-time, while in many cases dealing with childcare and other consequences of stay-at-home orders. We appreciate your patience and hope that we can find a time in the coming days to discuss the issues above.

Sincerely,

Kenneth W. Gage
Caitlin D. Brown
for PAUL HASTINGS LLP

**APPENDIX A**

**LEVELING**

| File Name | Bates Range |
|---|---|
| Additional_Resources_-_Candidate_Leveling_Resources.pdf | GOOG-ROWE-00053764 - GOOG-ROWE-00053764 |
| Adjusting_the_rubric_level_for_a_candidate_-_Staffing_Help.pdf | GOOG-ROWE-00026013 - GOOG-ROWE-00026014 |
| Candidate_Leveling_Resources.pdf | GOOG-ROWE-00053767 - GOOG-ROWE-00053767 |
| Define_the_role_and_level_-_Hiring_@_Google_Help.pdf | GOOG-ROWE-00053262 - GOOG-ROWE-00053263 |
| Engineering-wide_leveling_guide_-_MyGoogle.pdf | GOOG-ROWE-00031413 - GOOG-ROWE-00031414 |
| Engineering-wide_leveling_guide_-_MyGoogle_Help.pdf | GOOG-ROWE-00038628 - GOOG-ROWE-00038629 |
| Escalations_-_Candidate_Leveling_Resources.pdf | GOOG-ROWE-00053765 - GOOG-ROWE-00053765 |
| Evaluate_level_-_Hiring_@_Google_Help.pdf | GOOG-ROWE-00052297 - GOOG-ROWE-00052298 |
| FAQs_-_Candidate_Leveling_Resources.pdf | GOOG-ROWE-00053761 - GOOG-ROWE-00053761 |
| Google_Cloud_Customers_Leveling_(go_cloudleveling)_(Staffing_and_HC_Access_Only).xlsx | GOOG-ROWE-00053769 - GOOG-ROWE-00053769 |
| Leveling_overview_-_Staffing_Help.pdf | GOOG-ROWE-00025559 - GOOG-ROWE-00025560 |
| Leveling_rationale_-_Staffing_Help.pdf | GOOG-ROWE-00026916 - GOOG-ROWE-00026917 |
| Leveling_Suggestion_Tool_-_Candidate_Leveling_Resources.pdf | GOOG-ROWE-00053763 - GOOG-ROWE-00053763 |
| Org-Specific_Guidelines_-_Candidate_Leveling_Resources.pdf | GOOG-ROWE-00053762 - GOOG-ROWE-00053762 |
| Our_leveling_approach_-_Hiring_@_Google_Help.pdf | GOOG-ROWE-00052153 - GOOG-ROWE-00052153 |
| Record_leveling_recommendations_-_Hiring_@_Google_Help.pdf | GOOG-ROWE-00053472 - GOOG-ROWE-00053472 |
| Selecting_proposed_level_and_appropriate_rubrics_-_Staffing_Help.pdf | GOOG-ROWE-00024922 - GOOG-ROWE-00024924 |
| Sitemap_-_Candidate_Leveling_Resources.pdf | GOOG-ROWE-00053766 - GOOG-ROWE-00053766 |

**PERFORMANCE**

| File Name | Bates Range |
|---|---|
| Do_candidates_perform_worse_after_lunch__-_Hiring_@_Google_Help.pdf | GOOG-ROWE-00052787 - GOOG-ROWE-00052787 |
| Learn_tech_candidate_performance_expectations_-_Hiring_@_Google_Help.pdf | GOOG-ROWE-00052177 - GOOG-ROWE-00052177 |
| 1._How_we_think_about_performance_management_at_Google_-_Perf_Help.pdf | GOOG-ROWE-00020287 - GOOG-ROWE-00020288 |

| | |
|---|---|
| 1._Perf_tool_and_reporting_basics_-_Perf_Help.pdf | GOOG-ROWE-00020796 - GOOG-ROWE-00020797 |
| 2._My_Team_tab_to_assign_ratings_-_Perf_Help.pdf | GOOG-ROWE-00020279 - GOOG-ROWE-00020281 |
| 2._Perf_101_-_Perf_Help.pdf | GOOG-ROWE-00020272 - GOOG-ROWE-00020273 |
| 4._Calibration_tab_and_sessions_-_Perf_Help.pdf | GOOG-ROWE-00021805 - GOOG-ROWE-00021806 |
| 4._Your_role_in_Perf_for_the_year-end_2019_cycle_-_Perf_Help.pdf | GOOG-ROWE-00021803 - GOOG-ROWE-00021804 |
| 5._Change_manager_or_share_a_Googlerâ€™s_Perf_-_Perf_Help.pdf | GOOG-ROWE-00020779 - GOOG-ROWE-00020780 |
| About_My_Team_-_Perf_Help.pdf | GOOG-ROWE-00020266 - GOOG-ROWE-00020267 |
| Additional_-_Perf_Help.pdf | GOOG-ROWE-00021789 - GOOG-ROWE-00021790 |
| Additional_Tech_Resources_-_Perf_Help.pdf | GOOG-ROWE-00020773 - GOOG-ROWE-00020774 |
| Assess_your_report's_performance_-_Perf_Help.pdf | GOOG-ROWE-00020752 - GOOG-ROWE-00020753 |
| Assessment_responsibilities_-_Perf_Help.pdf | GOOG-ROWE-00020741 - GOOG-ROWE-00020742 |
| Assessment_templates_(manager__peer__self)_-_Perf_Help.pdf | GOOG-ROWE-00021278 - GOOG-ROWE-00021279 |
| Assessment_templates_-_Perf_Help.pdf | GOOG-ROWE-00021285 - GOOG-ROWE-00021286 |
| Assessment_Visibility_for_GBO_and_Global_Advisory_Functions_-_Perf_Help.pdf | GOOG-ROWE-00021777 - GOOG-ROWE-00021778 |
| Assessment_Visibility_for_Tech_Googlers_-_Perf_Help.pdf | GOOG-ROWE-00021771 - GOOG-ROWE-00021773 |
| Assessments__ratings__and_calibration_-_Perf_Help.pdf | GOOG-ROWE-00021751 - GOOG-ROWE-00021752 |
| Assessments_and_reviews_-_Perf_Help.pdf | GOOG-ROWE-00021273 - GOOG-ROWE-00021275 |
| Assessments_and_reviews_while_OOO_-_Perf_Help.pdf | GOOG-ROWE-00021269 - GOOG-ROWE-00021270 |
| Begin_your_self_assessment_-_Perf_Help.pdf | GOOG-ROWE-00020734 - GOOG-ROWE-00020735 |
| Build_your_packet_-_Perf_Help.pdf | GOOG-ROWE-00020227 - GOOG-ROWE-00020229 |
| Calibration_and_assigning_ratings_-_Perf_Help.pdf | GOOG-ROWE-00020219 - GOOG-ROWE-00020220 |
| Committee_chair_role__responsibilities____best_practices_-_Perf_Help.pdf | GOOG-ROWE-00020198 - GOOG-ROWE-00020201 |
| Committee_member_tips___FAQs_-_Perf_Help.pdf | GOOG-ROWE-00020701 - GOOG-ROWE-00020704 |
| Committee_member_training_-_Perf_Help.pdf | GOOG-ROWE-00021245 - GOOG-ROWE-00021246 |
| Committee_tool_help_-_Perf_Help.pdf | GOOG-ROWE-00020205 - GOOG-ROWE-00020206 |

| | |
|---|---|
| Conversation_guides_-_Perf_Help.pdf | GOOG-ROWE-00021707 - GOOG-ROWE-00021708 |
| Disciplinary_Policy__performance_(Ireland)_-_MyGoogle.pdf | GOOG-ROWE-00036338 - GOOG-ROWE-00036340 |
| Disciplinary_Policy__performance_(Ireland)_-_MyGoogle_Help.pdf | GOOG-ROWE-00033928 - GOOG-ROWE-00033930 |
| Discussion_guide_to_share_scores_with_team_-_Perf_Help.pdf | GOOG-ROWE-00021222 - GOOG-ROWE-00021223 |
| Explore_your_Perf_history_-_Perf_Help.pdf | GOOG-ROWE-00021705 - GOOG-ROWE-00021706 |
| Extra_Perf_guidance_for_managers_-_Perf_Help.pdf | GOOG-ROWE-00021713 - GOOG-ROWE-00021715 |
| Feedback_and_development_-_Perf_Help.pdf | GOOG-ROWE-00021697 - GOOG-ROWE-00021698 |
| Find_key_dates_for_MY20_Perf_-_Perf_Help.pdf | GOOG-ROWE-00020678 - GOOG-ROWE-00020679 |
| Frequently_Asked_Questions_about_People_Manager_Reviews_-_Perf_Help.pdf | GOOG-ROWE-00020171 - GOOG-ROWE-00020174 |
| Get_started__Perf_deep_dive_-_Perf_Help.pdf | GOOG-ROWE-00021703 - GOOG-ROWE-00021704 |
| Get_started__year-end_2019_-_Perf_Help.pdf | GOOG-ROWE-00021690 - GOOG-ROWE-00021691 |
| Get_started__Your_role_in_Perf_-_Perf_Help.pdf | GOOG-ROWE-00021688 - GOOG-ROWE-00021689 |
| Get_started_this_cycle_-_Perf_Help.pdf | GOOG-ROWE-00020151 - GOOG-ROWE-00020152 |
| Get_started_with_peer_reviews_-_Perf_Help.pdf | GOOG-ROWE-00020153 - GOOG-ROWE-00020154 |
| Give_and_receive_great_feedback_-_Perf_Help.pdf | GOOG-ROWE-00020149 - GOOG-ROWE-00020150 |
| Google's_calibration_model_and_ratings_-_Perf_Help.pdf | GOOG-ROWE-00021676 - GOOG-ROWE-00021677 |
| Googler_conversation_guide_-_Perf_Help.pdf | GOOG-ROWE-00020155 - GOOG-ROWE-00020156 |
| Guidance_for_Googlers__complete_people_manager_reviews_for_your_manager(s)_-_Perf_Help.pdf | GOOG-ROWE-00020635 - GOOG-ROWE-00020636 |
| Guidance_for_managers__how_people_manager_reviews_work_-_Perf_Help.pdf | GOOG-ROWE-00021673 - GOOG-ROWE-00021675 |
| Guidance_for_managers_of_managers__how_to_use_reviews_in_Perf_-_Perf_Help.pdf | GOOG-ROWE-00020127 - GOOG-ROWE-00020128 |
| Home_-_Perf_Help.pdf | GOOG-ROWE-00021174 - GOOG-ROWE-00021175 |
| Homepage_root_-_Perf_Help.pdf | GOOG-ROWE-00021176 - GOOG-ROWE-00021177 |
| How_the_process_works_-_Perf_Help.pdf | GOOG-ROWE-00020113 - GOOG-ROWE-00020114 |
| How_to_action_your_feedback_-_Perf_Help.pdf | GOOG-ROWE-00021653 - GOOG-ROWE-00021656 |
| How_to_know_if_you're_ready_-_Perf_Help.pdf | GOOG-ROWE-00020109 - GOOG-ROWE-00020110 |

| | |
|---|---|
| How_to_share_People_Manager_Reviews_(PMR)_-_Perf_Help.pdf | GOOG-ROWE-00021160 - GOOG-ROWE-00021161 |
| How_to_use_People_Manager_Reviews_in_Perf_-_Perf_Help.pdf | GOOG-ROWE-00020103 - GOOG-ROWE-00020104 |
| How_you're_nominated_-_Perf_Help.pdf | GOOG-ROWE-00020607 - GOOG-ROWE-00020608 |
| Impact__problem_difficulty__leadership_-_Perf_Help.pdf | GOOG-ROWE-00020099 - GOOG-ROWE-00020100 |
| Keeping_performance_expectations_top_of_mind_-_Perf_Help.pdf | GOOG-ROWE-00021630 - GOOG-ROWE-00021631 |
| Leave_OOO_FAQ_-_Perf_Help.pdf | GOOG-ROWE-00020081 - GOOG-ROWE-00020082 |
| List_major_achievements___projects_-_Perf_Help.pdf | GOOG-ROWE-00020586 - GOOG-ROWE-00020587 |
| List_one_thing_your_report_does_well_-_Perf_Help.pdf | GOOG-ROWE-00020564 - GOOG-ROWE-00020565 |
| Make_a_plan_to_improve_your_impact_-_Perf_Help.pdf | GOOG-ROWE-00021609 - GOOG-ROWE-00021610 |
| Manager's_Perf_tool_guide_-_Perf_Help.pdf | GOOG-ROWE-00020055 - GOOG-ROWE-00020056 |
| Manager_assessment_-_Perf_Help.pdf | GOOG-ROWE-00020053 - GOOG-ROWE-00020054 |
| Manager_assessment_guidance_-_Perf_Help.pdf | GOOG-ROWE-00021114 - GOOG-ROWE-00021115 |
| Manager_assessments_-_Perf_Help.pdf | GOOG-ROWE-00021611 - GOOG-ROWE-00021612 |
| Manager_conversation_guide_-_Perf_Help.pdf | GOOG-ROWE-00021591 - GOOG-ROWE-00021592 |
| Manager_toolkit_-_Perf_Help.pdf | GOOG-ROWE-00021581 - GOOG-ROWE-00021582 |
| Managers'_role_in_the_L1-4_process_-_Perf_Help.pdf | GOOG-ROWE-00020035 - GOOG-ROWE-00020036 |
| Managers_as_observers__FYI__-_Perf_Help.pdf | GOOG-ROWE-00021579 - GOOG-ROWE-00021580 |
| Managers_role_in_the_resolution_session_-_Perf_Help.pdf | GOOG-ROWE-00020538 - GOOG-ROWE-00020539 |
| Managing_performance_-_Perf_Help.pdf | GOOG-ROWE-00020023 - GOOG-ROWE-00020024 |
| More_information_-_Perf_Help.pdf | GOOG-ROWE-00020031 - GOOG-ROWE-00020032 |
| Needs_Improvement_Resources_-_Perf_Help.pdf | GOOG-ROWE-00020532 - GOOG-ROWE-00020533 |
| Nomination_reviewer___resolution_session_member_roles_-_Perf_Help.pdf | GOOG-ROWE-00021082 - GOOG-ROWE-00021083 |
| Noogler_Eligibility_FAQ_-_Perf_Help.pdf | GOOG-ROWE-00021086 - GOOG-ROWE-00021087 |
| 2019 Q1 Perf - Google Docs.pdf | GOOG-ROWE-00017650 - GOOG-ROWE-00017651 |
| Peer_reviews_-_Perf_Help.pdf | GOOG-ROWE-00020528 - GOOG-ROWE-00020529 |

| | |
|---|---|
| People_Manager_Review_data_-_Perf_Help.pdf | GOOG-ROWE-00021044 - GOOG-ROWE-00021045 |
| People_manager_reviews_-_Perf_Help.pdf | GOOG-ROWE-00020000 - GOOG-ROWE-00020002 |
| Perf_-_gComp_Help.pdf | GOOG-ROWE-00019529 - GOOG-ROWE-00019530 |
| Perf_Conversations_with_Googlers_on_Leave_-_Perf_Help.pdf | GOOG-ROWE-00019998 - GOOG-ROWE-00019999 |
| Perf_cycles_and_who's_eligible_-_Perf_Help.pdf | GOOG-ROWE-00020515 - GOOG-ROWE-00020516 |
| Perf_FAQ_and_mythbusting_-_Perf_Help.pdf | GOOG-ROWE-00021036 - GOOG-ROWE-00021037 |
| Perf_philosophy_-_Perf_Help.pdf | GOOG-ROWE-00020509 - GOOG-ROWE-00020510 |
| Perf_philosophy_and_design_-_Perf_Help.pdf | GOOG-ROWE-00020497 - GOOG-ROWE-00020498 |
| Perf_resources_(Perf_Help)_-_MyGoogle.pdf | GOOG-ROWE-00035116 - GOOG-ROWE-00035117 |
| Perf_resources_(Perf_Help)_-_MyGoogle_Help.pdf | GOOG-ROWE-00035104 - GOOG-ROWE-00035105 |
| Perf_resources_and_training_-_Perf_Help.pdf | GOOG-ROWE-00020495 - GOOG-ROWE-00020496 |
| Perf_resources_for_HR_-_Perf_Help.pdf | GOOG-ROWE-00020485 - GOOG-ROWE-00020486 |
| Perf_stats_-_Perf_Help.pdf | GOOG-ROWE-00019990 - GOOG-ROWE-00019991 |
| Performance_-_MyGoogle.pdf | GOOG-ROWE-00035098 - GOOG-ROWE-00035099 |
| Performance_-_MyGoogle_Help.pdf | GOOG-ROWE-00035112 - GOOG-ROWE-00035113 |
| Performance_and_development_conversations_-_Perf_Help.pdf | GOOG-ROWE-00021026 - GOOG-ROWE-00021027 |
| Performance_expectations_-_Perf_Help.pdf | GOOG-ROWE-00021523 - GOOG-ROWE-00021524 |
| Performance_Feedback_Tool_(Perf)_-_MyGoogle.pdf | GOOG-ROWE-00032695 - GOOG-ROWE-00032696 |
| Performance_management_-_Perf_Help.pdf | GOOG-ROWE-00019970 - GOOG-ROWE-00019971 |
| Performance_review_(go_perf)_-_MyGoogle.pdf | GOOG-ROWE-00037499 - GOOG-ROWE-00037500 |
| Performance_review_(go_perf)_-_MyGoogle_Help.pdf | GOOG-ROWE-00030264 - GOOG-ROWE-00030265 |
| Previous_cycles'_rating_distribution_stats_-_Perf_Help.pdf | GOOG-ROWE-00019962 - GOOG-ROWE-00019963 |
| Product_Excellence_in_Perf_-_Perf_Help.pdf | GOOG-ROWE-00021002 - GOOG-ROWE-00021003 |
| Rank_GBO_attributes_(GBO_peers_only)_-_Perf_Help.pdf | GOOG-ROWE-00019917 - GOOG-ROWE-00019918 |
| Rate_HOW_attributes_(if_you're_in_GBO)_-_Perf_Help.pdf | GOOG-ROWE-00019921 - GOOG-ROWE-00019922 |

| | |
|---|---|
| Rating_descriptions_-_Perf_Help.pdf | GOOG-ROWE-00020959 - GOOG-ROWE-00020960 |
| Rating_Descriptions_and_Special_Rating_Cases_-_Perf_Help.pdf | GOOG-ROWE-00021462 - GOOG-ROWE-00021463 |
| Re: Preparing for Perf | GOOG-ROWE-00017356 - GOOG-ROWE-00017358 |
| Receiving_a_Needs_Improvement_-_Perf_Help.pdf | GOOG-ROWE-00020407 - GOOG-ROWE-00020408 |
| Review_your_People_Manager_in_Perf_-_Perf_Help.pdf | GOOG-ROWE-00021452 - GOOG-ROWE-00021453 |
| Role_of_a_nomination_reviewer_-_Perf_Help.pdf | GOOG-ROWE-00019901 - GOOG-ROWE-00019902 |
| Role_of_a_resolution_session_lead_-_Perf_Help.pdf | GOOG-ROWE-00019907 - GOOG-ROWE-00019908 |
| Role_of_a_resolution_session_member_-_Perf_Help.pdf | GOOG-ROWE-00020947 - GOOG-ROWE-00020948 |
| See_what's_changed_in_Perf_for_year-end_2019_-_Perf_Help.pdf | GOOG-ROWE-00020393 - GOOG-ROWE-00020394 |
| Select_your_peer_reviewers_-_Perf_Help.pdf | GOOG-ROWE-00020933 - GOOG-ROWE-00020934 |
| Self__peer__and_manager_assessments_(Tech)_-_Perf_Help.pdf | GOOG-ROWE-00020931 - GOOG-ROWE-00020932 |
| Self__peer__and_manager_assessments_-_Perf_Help.pdf | GOOG-ROWE-00020375 - GOOG-ROWE-00020376 |
| Self__peer__and_manager_assessments_GBO_Global_Advisory_Functions_-_Perf_Help.pdf | GOOG-ROWE-00019881 - GOOG-ROWE-00019882 |
| Self_assessment_-_Perf_Help.pdf | GOOG-ROWE-00019869 - GOOG-ROWE-00019870 |
| Special_Rating_Cases_-_Perf_Help.pdf | GOOG-ROWE-00019876 - GOOG-ROWE-00019878 |
| Start_a_conversation_about_performance_expectations_-_Perf_Help.pdf | GOOG-ROWE-00020907 - GOOG-ROWE-00020908 |
| Start_your_manager_assessment_-_Perf_Help.pdf | GOOG-ROWE-00019864 - GOOG-ROWE-00019865 |
| Start_your_manager_assessments_-_Perf_Help.pdf | GOOG-ROWE-00020385 - GOOG-ROWE-00020386 |
| Step_1__Leaders_Share_Google's_Philosophy_-_Perf_Help.pdf | GOOG-ROWE-00020913 - GOOG-ROWE-00020914 |
| Step_2__Alignment_-_Perf_Help.pdf | GOOG-ROWE-00021414 - GOOG-ROWE-00021416 |
| Step_3__Assigning_Ratings_Using_a_Common_Notes_Template_-_Perf_Help.pdf | GOOG-ROWE-00020892 - GOOG-ROWE-00020895 |
| Step_3__Finalize_decisions_-_Perf_Help.pdf | GOOG-ROWE-00019832 - GOOG-ROWE-00019833 |
| Step_4__Pre-Review_and_Flagging_-_Perf_Help.pdf | GOOG-ROWE-00021403 - GOOG-ROWE-00021404 |
| Step_5__Resolution_-_Perf_Help.pdf | GOOG-ROWE-00019811 - GOOG-ROWE-00019813 |
| Suggest_a_way_to_improve_impact_-_Perf_Help.pdf | GOOG-ROWE-00020869 - GOOG-ROWE-00020870 |

| | |
|---|---|
| Suggest_reviewers_for_your_reports_-_Perf_Help.pdf | GOOG-ROWE-00021401 - GOOG-ROWE-00021402 |
| Suggested_peers_and_quick_survey_peer_reviews_-_Perf_Help.pdf | GOOG-ROWE-00019804 - GOOG-ROWE-00019806 |
| SWE_Categorization_-_Perf_Help.pdf | GOOG-ROWE-00021454 - GOOG-ROWE-00021455 |
| Take_action_on_feedback_-_Perf_Help.pdf | GOOG-ROWE-00019798 - GOOG-ROWE-00019799 |
| Take_notes_on_your_team_-_Perf_Help.pdf | GOOG-ROWE-00020865 - GOOG-ROWE-00020866 |
| Ulku_Rowe_-_2017_Q3_-_Feedback_-_Perf.pdf | GOOG-ROWE-00017929 - GOOG-ROWE-00017933 |
| Ulku_Rowe_-_2018_Q1_-_Feedback_-_Perf.pdf | GOOG-ROWE-00017914 - GOOG-ROWE-00017918 |
| Ulku_Rowe_-_2018_Q1_-_Feedback_-_Perf.pdf | GOOG-ROWE-00017967 - GOOG-ROWE-00017971 |
| Ulku_Rowe_-_2018_Q3_-_Feedback_-_Perf.pdf | GOOG-ROWE-00017885 - GOOG-ROWE-00017890 |
| Ulku_Rowe_-_2018_Q3_-_Feedback_-_Perf.pdf | GOOG-ROWE-00017936 - GOOG-ROWE-00017941 |
| Ulku_Rowe_-_2019_Q1_-_Feedback_-_Perf.pdf | GOOG-ROWE-00017897 - GOOG-ROWE-00017906 |
| Ulku_Rowe_-_2019_Q1_-_Feedback_-_Perf.pdf | GOOG-ROWE-00017949 - GOOG-ROWE-00017957 |
| Ulku_Rowe_-_2019_Q3_-_Feedback_-_Perf.pdf | GOOG-ROWE-00017935 - GOOG-ROWE-00017935 |
| Ulku_Rowe_-_2019_Q3_-_Feedback_-_Perf.pdf | GOOG-ROWE-00017919 - GOOG-ROWE-00017919 |
| Unbiasing_Champ_Guidance_-_Perf_Help.pdf | GOOG-ROWE-00019793 - GOOG-ROWE-00019797 |
| Viewing_and_sharing_people_manager_reviews_-_Perf_Help.pdf | GOOG-ROWE-00020319 - GOOG-ROWE-00020321 |
| What_does_Needs_Improvement_mean__-_Perf_Help.pdf | GOOG-ROWE-00019772 - GOOG-ROWE-00019773 |
| What_recommendation_makers_look_for_-_Perf_Help.pdf | GOOG-ROWE-00019759 - GOOG-ROWE-00019760 |
| What_we_do_to_keep_Perf_fair_and_equitable_-_Perf_Help.pdf | GOOG-ROWE-00020827 - GOOG-ROWE-00020828 |
| Who_sees_what_in_Perf_Assessments_(go_perfvisibility)_-_Perf_Help.pdf | GOOG-ROWE-00020303 - GOOG-ROWE-00020304 |
| Word_limits_FAQs_-_Perf_Help.pdf | GOOG-ROWE-00021373 - GOOG-ROWE-00021375 |
| Write_about_one_thing_you_do_well_-_Perf_Help.pdf | GOOG-ROWE-00020297 - GOOG-ROWE-00020298 |
| Write_one_thing..._-_Perf_Help.pdf | GOOG-ROWE-00019740 - GOOG-ROWE-00019741 |
| Write_your_self-assessment_-_Perf_Help.pdf | GOOG-ROWE-00021365 - GOOG-ROWE-00021366 |

**PROMOTION**

| File Name | Bates Range |
|---|---|
| 3._How_ratings_are_assigned_and_how_promotion_works_at_Google_-_Perf_Help.pdf | GOOG-ROWE-00021815 - GOOG-ROWE-00021816 |
| 3._Nominate_a_Googler_for_promotion_in_the_My_Team_tab_-_Perf_Help.pdf | GOOG-ROWE-00021811 - GOOG-ROWE-00021812 |
| 6._Release_ratings__feedback__and_promo_decisions_when_Perf_ends_-_Perf_Help.pdf | GOOG-ROWE-00020260 - GOOG-ROWE-00020261 |
| _For_L5+_promotion_candidates__How_to_share_confidential_docs_-_Perf_Help.pdf | GOOG-ROWE-00020811 - GOOG-ROWE-00020812 |
| Appeal_promo_recommendations_-_Perf_Help.pdf | GOOG-ROWE-00021791 - GOOG-ROWE-00021792 |
| Appealing_GBO_GAF_Director_promotion_decisions_-_Perf_Help.pdf | GOOG-ROWE-00021310 - GOOG-ROWE-00021312 |
| Canonical_promotion_packets_-_Perf_Help.pdf | GOOG-ROWE-00020705 - GOOG-ROWE-00020706 |
| Comment_on_your_peer's_promotion_-_Perf_Help.pdf | GOOG-ROWE-00021265 - GOOG-ROWE-00021266 |
| Communicate_promo_decisions_and_share_feedback_-_Perf_Help.pdf | GOOG-ROWE-00020695 - GOOG-ROWE-00020696 |
| Director_Promo_Process_for_GBO_GAF_job_families_-_Perf_Help.pdf | GOOG-ROWE-00021226 - GOOG-ROWE-00021228 |
| Go_for_promotion_Tech_L5+_-_Perf_Help.pdf | GOOG-ROWE-00021195 - GOOG-ROWE-00021196 |
| Help_reports_build_good_promo_packets_-_Perf_Help.pdf | GOOG-ROWE-00020131 - GOOG-ROWE-00020132 |
| How_L1-4_promotions_work_-_Perf_Help.pdf | GOOG-ROWE-00021665 - GOOG-ROWE-00021666 |
| How_long_does_it_take_to_get_promoted__-_Perf_Help.pdf | GOOG-ROWE-00020115 - GOOG-ROWE-00020116 |
| How_promos_and_leaves_affect_your_sales_bonus_-_MyGoogle.pdf | GOOG-ROWE-00033315 - GOOG-ROWE-00033316 |
| How_promotion_committees_work_-_Perf_Help.pdf | GOOG-ROWE-00021168 - GOOG-ROWE-00021169 |
| How_to__promo_salary_increase_conversations_-_gComp_Help.pdf | GOOG-ROWE-00019316 - GOOG-ROWE-00019317 |
| How_will_promotion_impact_my_compensation__-_MyGoogle.pdf | GOOG-ROWE-00038148 - GOOG-ROWE-00038149 |
| Introduction_to_promo_-_Perf_Help.pdf | GOOG-ROWE-00021634 - GOOG-ROWE-00021635 |
| Late_Promotion_Nomination___Appeal_Policy_-_Perf_Help.pdf | GOOG-ROWE-00020590 - GOOG-ROWE-00020592 |
| Learn_about_promotion_-_Perf_Help.pdf | GOOG-ROWE-00020582 - GOOG-ROWE-00020583 |
| Learn_about_promotion_in_GBO_Global_Advisory_Functions_(G_A_and_Marketing)_-_Perf_Help.pdf | GOOG-ROWE-00021625 - GOOG-ROWE-00021626 |
| Learn_about_promotion_in_Tech_-_Perf_Help.pdf | GOOG-ROWE-00021142 - GOOG-ROWE-00021143 |

| | |
|---|---|
| Make_late_changes_to_written_feedback__ratings__promos__or_reviews_-_Perf_Help.pdf | GOOG-ROWE-00021128 - GOOG-ROWE-00021129 |
| Managers'_role_in_the_L5+_promotion_committee_process_-_Perf_Help.pdf | GOOG-ROWE-00021575 - GOOG-ROWE-00021576 |
| Modeling_for_promo_salary_increases_-_gComp_Help.pdf | GOOG-ROWE-00019533 - GOOG-ROWE-00019534 |
| Overview_of_the_promotion_process_-_Perf_Help.pdf | GOOG-ROWE-00020019 - GOOG-ROWE-00020020 |
| Perf_rating__promotion_and_transfer_-_MyGoogle.pdf | GOOG-ROWE-00030272 - GOOG-ROWE-00030273 |
| Plan_and_prepare_for_promotion_-_Perf_Help.pdf | GOOG-ROWE-00020475 - GOOG-ROWE-00020478 |
| Prepare_a_strong_promotion_rationale_-_Perf_Help.pdf | GOOG-ROWE-00021014 - GOOG-ROWE-00021015 |
| Promo_Announcements_-_Perf_Help.pdf | GOOG-ROWE-00021008 - GOOG-ROWE-00021009 |
| Promo_clinics_(for_L5+_Googlers)_-_Perf_Help.pdf | GOOG-ROWE-00021511 - GOOG-ROWE-00021512 |
| Promo_for_cross_functional_Googlers_-_Perf_Help.pdf | GOOG-ROWE-00020995 - GOOG-ROWE-00020997 |
| Promo_for_GBO_GAF_Googlers_on_Tech_ladders_-_Perf_Help.pdf | GOOG-ROWE-00021504 - GOOG-ROWE-00021505 |
| Promo_outcomes_data_-_Perf_Help.pdf | GOOG-ROWE-00021502 - GOOG-ROWE-00021503 |
| Promotion_-_MyGoogle.pdf | GOOG-ROWE-00034894 - GOOG-ROWE-00034895 |
| Promotion_-_MyGoogle_Help.pdf | GOOG-ROWE-00030071 - GOOG-ROWE-00030072 |
| Promotion_-_Perf_Help.pdf | GOOG-ROWE-00020985 - GOOG-ROWE-00020986 |
| Promotion_Announcements_-_Perf_Help.pdf | GOOG-ROWE-00021488 - GOOG-ROWE-00021489 |
| Promotion_at_Google_-_Perf_Help.pdf | GOOG-ROWE-00020447 - GOOG-ROWE-00020448 |
| Promotion_basics_for_all_Tech_-_Perf_Help.pdf | GOOG-ROWE-00020977 - GOOG-ROWE-00020978 |
| Promotion_committee_eligibility_-_Perf_Help.pdf | GOOG-ROWE-00021478 - GOOG-ROWE-00021479 |
| Promotion_Rate_Budgets_and_Rating_Ranges_(go_promobudgetfaq)_-_Perf_Help.pdf | GOOG-ROWE-00021486 - GOOG-ROWE-00021487 |
| Promotion_responsibilities_-_Perf_Help.pdf | GOOG-ROWE-00019935 - GOOG-ROWE-00019936 |
| Promotion_timeline_-_Perf_Help.pdf | GOOG-ROWE-00020973 - GOOG-ROWE-00020974 |
| Promotions_by_Committee_-_Perf_Help.pdf | GOOG-ROWE-00021474 - GOOG-ROWE-00021475 |
| Promotions_to_Director_-_Perf_Help.pdf | GOOG-ROWE-00019937 - GOOG-ROWE-00019938 |
| Provide_promotion_rationale_(optional)_-_Perf_Help.pdf | GOOG-ROWE-00020437 - GOOG-ROWE-00020438 |

| | |
|---|---|
| Self_nominate_for_promotion_(if_applicable)_-_Perf_Help.pdf | GOOG-ROWE-00019862 - GOOG-ROWE-00019863 |
| Step_1__Prepare_for_promotion_-_Perf_Help.pdf | GOOG-ROWE-00020890 - GOOG-ROWE-00020891 |
| Step_2__Provide_promotion_recommendation_-_Perf_Help.pdf | GOOG-ROWE-00020884 - GOOG-ROWE-00020886 |
| Tech_L1-4_Promotions_-_Perf_Help.pdf | GOOG-ROWE-00020337 - GOOG-ROWE-00020338 |
| Tech_L5+_Promotions_-_Perf_Help.pdf | GOOG-ROWE-00020350 - GOOG-ROWE-00020351 |
| Tech_promotion_specific_-_Perf_Help.pdf | GOOG-ROWE-00019787 - GOOG-ROWE-00019788 |
| What_promotion_committees_look_for_-_Perf_Help.pdf | GOOG-ROWE-00020840 - GOOG-ROWE-00020843 |

**TRANSFER**

| **File Name** | **Bates Range** |
|---|---|
| Perf_rating__promotion_and_transfer_-_MyGoogle.pdf | GOOG-ROWE-00030272 - GOOG-ROWE-00030273 |
| Pre-move_location_transfer_checklist_-_MyGoogle.pdf | GOOG-ROWE-00037337 - GOOG-ROWE-00037339 |
| Product_Manager_role_transfer_-_MyGoogle.pdf | GOOG-ROWE-00032485 - GOOG-ROWE-00032486 |
| Product_Manager_role_transfer_-_MyGoogle_Help.pdf | GOOG-ROWE-00030065 - GOOG-ROWE-00030066 |
| Project_transfer_-_MyGoogle.pdf | GOOG-ROWE-00032473 - GOOG-ROWE-00032474 |
| Project_transfer_-_MyGoogle_Help.pdf | GOOG-ROWE-00034900 - GOOG-ROWE-00034901 |
| Request_offer_review_and_approval_(transfers)_-_Staffing_Help.pdf | GOOG-ROWE-00026400 - GOOG-ROWE-00026401 |
| Role_transfer_-_MyGoogle.pdf | GOOG-ROWE-00029927 - GOOG-ROWE-00029928 |
| Role_transfer_-_MyGoogle_Help.pdf | GOOG-ROWE-00034766 - GOOG-ROWE-00034767 |
| Split_hires_and_transfers_-_Staffing_Help.pdf | GOOG-ROWE-00026259 - GOOG-ROWE-00026260 |
| Tax_assistance_and_transfer_-_MyGoogle.pdf | GOOG-ROWE-00032174 - GOOG-ROWE-00032175 |
| Tech_role_transfer_-_MyGoogle.pdf | GOOG-ROWE-00034564 - GOOG-ROWE-00034572 |
| Things_to_consider_before_you_transfer_-_MyGoogle.pdf | GOOG-ROWE-00032137 - GOOG-ROWE-00032138 |
| Transfer_contacts_-_MyGoogle.pdf | GOOG-ROWE-00029685 - GOOG-ROWE-00029686 |
| Transfer_eligibility_-_MyGoogle.pdf | GOOG-ROWE-00029707 - GOOG-ROWE-00029708 |
| Transfer_eligibility_-_MyGoogle_Help.pdf | GOOG-ROWE-00032083 - GOOG-ROWE-00032084 |

| | |
|---|---|
| Transfer_implications_for_your_compensation_package_-_MyGoogle.pdf | GOOG-ROWE-00029682 - GOOG-ROWE-00029684 |
| Transfer_implications_for_your_compensation_package_-_MyGoogle_Help.pdf | GOOG-ROWE-00029692 - GOOG-ROWE-00029694 |
| Transfer_policies_-_Staffing_Help.pdf | GOOG-ROWE-00026157 - GOOG-ROWE-00026158 |
| Transfer_role__project_or_location_-_MyGoogle.pdf | GOOG-ROWE-00034482 - GOOG-ROWE-00034483 |
| Transfer_role__project_or_location_-_MyGoogle_Help.pdf | GOOG-ROWE-00036892 - GOOG-ROWE-00036893 |
| Transfer_types_at_a_glance_-_MyGoogle.pdf | GOOG-ROWE-00034530 - GOOG-ROWE-00034531 |
| Transfer_types_at_a_glance_-_MyGoogle_Help.pdf | GOOG-ROWE-00036888 - GOOG-ROWE-00036889 |
| Transferring_at_Google__Whatâ€™s_New_-_MyGoogle.pdf | GOOG-ROWE-00029666 - GOOG-ROWE-00029667 |
| Transferring_at_Google__Whatâ€™s_New_-_MyGoogle_Help.pdf | GOOG-ROWE-00036898 - GOOG-ROWE-00036899 |
| Transferring_Bonus_Plans_-_MyGoogle.pdf | GOOG-ROWE-00032085 - GOOG-ROWE-00032086 |
| Transferring_Bonus_Plans_-_MyGoogle_Help.pdf | GOOG-ROWE-00034532 - GOOG-ROWE-00034533 |
| Transfers_-_Staffing_Help.pdf | GOOG-ROWE-00021910 - GOOG-ROWE-00021911 |
| Understand_transfers_-_MyGoogle.pdf | GOOG-ROWE-00036828 - GOOG-ROWE-00036830 |
| US_state-to-state_transfers__learn_about_your_equity___action_items_-_MyGoogle.pdf | GOOG-ROWE-00032027 - GOOG-ROWE-00032028 |
| Vacation_and_transfer_-_MyGoogle.pdf | GOOG-ROWE-00036741 - GOOG-ROWE-00036742 |
| Vacation_and_transfer_-_MyGoogle_Help.pdf | GOOG-ROWE-00034336 - GOOG-ROWE-00034337 |
| Evaluate_an_internal_transfer_(Tech_only)_-_Hiring_@_Google_Help.pdf | GOOG-ROWE-00053220 - GOOG-ROWE-00053221 |
| Tips_for_hiring_internal_transfers_-_Hiring_@_Google_Help.pdf | GOOG-ROWE-00052066 - GOOG-ROWE-00052067 |

**APPENDIX B**
**Documents Designated Attorneys' Eyes Only**

| File Name | Bates Number |
|---|---|
| Breslow_-_2019_Total_Comp.pdf | GOOG-ROWE-00053772 - GOOG-ROWE-00053773 |
| Breslow_-_2020_Total_Comp.pdf | GOOG-ROWE-00053774 - GOOG-ROWE-00053775 |
| Eryurek_-_2018_Total_Comp.pdf | GOOG-ROWE-00053776 - GOOG-ROWE-00053777 |
| Eryurek_-_2019_Total_Comp.pdf | GOOG-ROWE-00053778 - GOOG-ROWE-00053779 |
| Eryurek_-_2020_Total_Comp.pdf | GOOG-ROWE-00053780 - GOOG-ROWE-00053781 |
| Harteau_-_2018_Total_Comp.pdf | GOOG-ROWE-00053782 - GOOG-ROWE-00053782 |
| Harteau_-_2019_Total_Comp.pdf | GOOG-ROWE-00053783 - GOOG-ROWE-00053784 |
| Harteau_-_2020_Total_Comp.pdf | GOOG-ROWE-00053785 - GOOG-ROWE-00053786 |
| Wilson_-_2018_Total_Comp.pdf | GOOG-ROWE-00053787 - GOOG-ROWE-00053787 |
| Wilson_-_2019_Total_Comp.pdf | GOOG-ROWE-00053788 - GOOG-ROWE-00053789 |
| Wilson_-_2020_Total_Comp.pdf | GOOG-ROWE-00053790 - GOOG-ROWE-00053791 |
| Eryurek_-_2017_Q1__Manager_Perf.pdf | GOOG-ROWE-00053889 - GOOG-ROWE-00053890 |
| Eryurek_-_2017_Q1__Self_Perf.pdf | GOOG-ROWE-00053833 - GOOG-ROWE-00053835 |
| Eryurek_-_2017_Q3__Manager_Perf.pdf | GOOG-ROWE-00053864 - GOOG-ROWE-00053868 |
| Eryurek_-_2017_Q3__Self_Perf.pdf | GOOG-ROWE-00053891 - GOOG-ROWE-00053894 |
| Eryurek_-_2018_Q1__Manager_Perf.pdf | GOOG-ROWE-00053852 - GOOG-ROWE-00053861 |
| Eryurek_-_2018_Q1__Self_Perf.pdf | GOOG-ROWE-00053901 - GOOG-ROWE-00053909 |
| Eryurek_-_2018_Q3__Manager_Perf.pdf | GOOG-ROWE-00053885 - GOOG-ROWE-00053888 |
| Eryurek_-_2018_Q3__Self_Perf.pdf | GOOG-ROWE-00053879 - GOOG-ROWE-00053881 |
| Harteau_-_2017_Q3__Manager_Perf.pdf | GOOG-ROWE-00053811 - GOOG-ROWE-00053811 |
| Harteau_-_2018_Q1__Manager_Perf.pdf | GOOG-ROWE-00053803 - GOOG-ROWE-00053810 |
| Harteau_-_2018_Q1__Self_Perf.pdf | GOOG-ROWE-00053812 - GOOG-ROWE-00053819 |
| Harteau_-_2018_Q3__Manager_Perf.pdf | GOOG-ROWE-00053798 - GOOG-ROWE-00053802 |
| Harteau_-_2018_Q3__Self_Perf.pdf | GOOG-ROWE-00053820 - GOOG-ROWE-00053824 |
| Stuart_Breslow_-_2019_Q1_-_Manager_Perf.pdf | GOOG-ROWE-00053826 - GOOG-ROWE-00053832 |
| Stuart_Breslow_-_2019_Q1_-_Self_Perf.pdf | GOOG-ROWE-00053841 - GOOG-ROWE-00053847 |
| Stuart_Breslow_-_2019_Q3_-_Manager_Perf.pdf | GOOG-ROWE-00053875 - GOOG-ROWE-00053878 |
| Stuart_Breslow_-_2019_Q3_-_Self_Perf.pdf | GOOG-ROWE-00053837 - GOOG-ROWE-00053840 |
| Wilson_-_2017_Q1__Manager_Perf.pdf | GOOG-ROWE-00053862 - GOOG-ROWE-00053862 |
| Wilson_-_2017_Q1__Self_Perf.pdf | GOOG-ROWE-00053863 - GOOG-ROWE-00053863 |
| Wilson_-_2017_Q3__Manager_Perf.pdf | GOOG-ROWE-00053848 - GOOG-ROWE-00053851 |
| Wilson_-_2017_Q3__Self_Perf.pdf | GOOG-ROWE-00053882 - GOOG-ROWE-00053884 |
| Wilson_-_2018_Q1__Manager_Perf.pdf | GOOG-ROWE-00053895 - GOOG-ROWE-00053900 |
| Wilson_-_2018_Q1__Self_Perf.pdf | GOOG-ROWE-00053869 - GOOG-ROWE-00053874 |
| Wilson_-_2018_Q3__Manager_Perf.pdf | GOOG-ROWE-00053825 - GOOG-ROWE-00053825 |
| Wilson_-_2018_Q3__Self_Perf.pdf | GOOG-ROWE-00053836 - GOOG-ROWE-00053836 |