Defendant shall file a letter response by April 27, 2020.  The parties are reminded to comply with the page limits set forth in this Court's Individual Rules.

The parties shall also file a joint letter by April 27, 2020, explaining (1) the discovery that has been completed; (2) the discovery that is remaining; and (3) how the remaining discovery is affected by the COVID-19 pandemic.

So Ordered.

Dated: April 22, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Ulku Rowe v. Google LLC*, Case No. 19-cv-08655 (LGS)(GWG)

Dear Judge Schofield:

We represent Plaintiff Ulku Rowe in the above-referenced matter. We write pursuant to Rule Section III.C.3 of Your Honor's Individual Practices and Local Rule 37.2 to request a pre-motion conference in anticipation of Plaintiff's motion to compel the production of discovery relating to (1) comparator evidence; (2) complaints of discrimination; and (3) electronically stored information ("ESI"). In addition, the Parties jointly request an extension of the discovery schedule.

Plaintiff served requests for production of documents on January 21, 2020, *see* Exhibit 1, and her First Set of Interrogatories on February 11, 2020, *see* Exhibit 2. Defendant served its Objections and Responses to Plaintiff's discovery requests on February 28, 2019, *see* Exhibit 3, and its Responses to Plaintiff's First Set of Interrogatories on March 12, 2020, *see* Exhibit 4. The Parties met and conferred regarding outstanding discovery issues via telephone on March 3, 2020. On March 25, 2020, Plaintiff wrote to Defendant describing in detail numerous deficiencies in Defendant's discovery responses and production. *See* Exhibit 5. Defendant responded by letter on April 16, 2020, *see* Exhibit 6, and on April 20, 2020, the Parties met and conferred via telephone. The following issues remain unresolved.

**Comparator Information**

Plaintiff seeks discovery that will enable her to properly identify comparators and establish her equal pay, discrimination, and retaliation claims. *See* Request Nos. 6, 10-14, 17, 19, and 21 and Interrogatory 1. While Defendant has produced some information related to four male comparators, Defendant has not identified and produced *all* responsive information for *all* comparators with whom Plaintiff is similarly situated. In connection with her New York Equal Pay Law claims, Plaintiff is entitled to discovery on men who performed equal work requiring equal skill, effort, and responsibility, and performed under similar working condition, *see* N.Y. Labor Law § 194 (1), while under the New York City Human Rights Law, Plaintiff is entitled to discovery related to a broader group: men who were treated more favorably than Plaintiff in the terms and conditions of employment. *See* N.Y.C. Admin. Code § 8–107(1)(a); *see also Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (noting in the Title VII discrimination context, employees "need not be identical to that of another for the two to be similarly situated" and "[w]hether two employees are similarly situated

New York  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
Chicago  161 N Clark Street  Suite 1600  Chicago, IL 60601  Tel (312) 809-7010  Fax (312) 809-7011
San Francisco  One Embarcadero Center  38th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
Washington, DC  601 Massachusetts Ave NW  Second Floor West Suite  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410

www.outtengolden.com

April 21, 2020
Page 2 of 3

ordinarily presents a question of fact for the jury."); *McGuinness v. Lincoln Hall*, 263 F.3d 49, 53-54 (2d Cir. 2001) ("A plaintiff is not obligated to show disparate treatment of an *identically* situated employee.").

Defendant objected to the comparator requests claiming Plaintiff has not demonstrated that these individuals are true comparators. *See* Exhibit 6. Defendant misunderstands the purpose of discovery: "the purpose of discovery here is, in part, to help identify the universe of proper comparators." *Vuona v. Merrill Lynch & Co.*, No. 10 Civ. 6529, 2011 WL 5553709, at *4 (S.D.N.Y. Nov. 15, 2011); *see also Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 753 (6th Cir. 2012) ("The refusal of a defendant to disclose requested comparator information denies plaintiff the opportunity to determine whether the evidence actually reveals comparator status and different treatment, critical elements of the claim that the trier of fact must determine."). Plaintiff requests that the Court compel Defendant to identify and produce responsive information for *all* potential comparators.

**Complaints of Discrimination**

Plaintiff requested production of documents and information related to any internal or external complaints of gender discrimination, including pay or promotion discrimination, and/or retaliation. *See* Request No. 19. Defendant has unreasonably narrowed its response to only complaints against two of Plaintiff's managers. Further, Defendant has refused to conduct a search for documents related to Plaintiff's own complaints that may exist outside of its internal HR systems.

This Circuit has repeatedly found that complaints of the same or similar type of discrimination alleged by plaintiffs are relevant to an individual plaintiff's *prima facie* case of disparate treatment. *See Sasikumar v. Brooklyn Hosp. Ctr.*, No. 09 Civ. 5632, 2011 WL 1642585, at *3 (E.D.N.Y. May 2, 2011) ("[C]ourts in this circuit have repeatedly found similar complaints of discrimination by corporate employers to be relevant and discoverable"); *Louison v. Blue Cross Blue Shield of Greater New York*, No. 9 Civ. 1820, 1990 WL 108347, at *1 (S.D.N.Y. July 23, 1990) (granting plaintiff's request for other complaint of discrimination); *Chambers v. TRM Copy Ctrs Corp.*, 43 F.3d 29, 37 (2d Cir. 1994). Complaints of gender discrimination against high-level decision makers within Google are probative as to whether individuals involved in the leveling, hiring and promotion decision possessed any discriminatory intent. In addition, evidence of complaints or investigations conducted is relevant to Google's knowledge of and failure to remedy on-going gender discrimination concerns, which substantiate Plaintiff's claim of willfulness and her request for damages. *See Ri Sau Chan v. N.Y. Downtown Hosp.*, No. 03 Civ. 3003, 2004 WL 1886009, at *4 (S.D.N.Y. Aug. 23, 2004) ("Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive"); *see also Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997) (finding evidence of knowledge of disparity and failure to remedy sufficient to support the jury's finding of a willful violation of the Equal Pay Act). Plaintiff respectfully requests that the Court order Defendant to produce information regarding internal and external complaints of gender discrimination, as well as Plaintiff's own complaints of discrimination, and timely produce a privilege log, if privilege is asserted.[1]

---

[1] Because Defendant has not produced a privilege log, though it has indicated its intent to do so, Plaintiff respectfully reserves her right to challenge the withholding of any documents identified on the privilege log.

**ESI Searches**

Plaintiff proposed a tailored list of ESI search terms and custodians, designed to identify information responsive to Plaintiff's requests (*see* Attachment to Exhibit 5), but Defendant has thus far refused to conduct an ESI search of custodians. Instead, Defendant has relied on employees' manual searches to identify and collect information, which has resulted in a patently deficient production. The deficiencies include: (a) incomplete comparator information (Exhibit 5, Req. Nos. 6, 10-14, 17, 19, 21); (b) incomplete record of complaints of discrimination (*id.*, Req. Nos. 8, 18-20, 24); (c) incomplete information relevant to the commencement of Plaintiff's employment (*id.*, Req. No. 1); (d) withheld pay studies (*id.*, Req. Nos. 9, 20); (e) incomplete information related to consideration of individuals for Vice President of Financial Services/Head of Financial Services position (*id.*, Req. No. 22); (f) incomplete information regarding Plaintiff's change of role in April 2019, (*id.*, Req. No. 30); and (g) individuals with knowledge related to Plaintiff's claims (Interrogatory Nos. 1, 4).

Courts have recognized that "custodians cannot be trusted to run effective searches, because designing legally sufficient electronic searches in the discovery . . .context[ ] is not part of their daily responsibilities." *Nat'l Day Laborer Org. Network v. U.S. Immigration and Customs Enforcement Agency,* 877 F.Supp.2d 87, 108 (S.D.N.Y. 2012). Accordingly, search terms are often used in ESI discovery, and application of Plaintiff's limited search terms to the relevant custodians in this case would ensure that all relevant documents are appropriately captured and timely produced. *See Lightsquared Inc. v. Deere & Co.*, No. 13 Civ. 8157, 2015 WL 8675377, at *8 (S.D.N.Y. Dec. 10, 2015); *see also Sedona Conf. J.* 189, 200 (2007) ("[b]y far the most commonly used search methodology today is the use of "keyword searches" of full text and metadata as a means of filtering data for producing responsive documents in civil discovery."). Accordingly, Plaintiff requests an order requiring Defendant to perform an ESI search using the terms set forth in Plaintiff's March 25 proposal.[2]

**Extension of the Discovery Schedule**

Due to the impact of the current COVID-19 pandemic and in light of outstanding discovery disputes that are unlikely to be resolved before May 4, when document discovery is scheduled to close, the Parties respectfully request an extension of the discovery schedule. This is the second request for an extension and as it affects the remaining deadlines of the scheduling order, the Parties have attached a proposed Amended Schedule for the Court's consideration. *See* Exhibit 7.

Respectfully submitted,

Cara E. Greene

Encl.
cc:     All counsel of record (by ECF)

---

[2] Plaintiff has requested that Defendant provide Plaintiff with an initial hit count, so that revisions can be made to the search terms, if necessary, to ensure compliance with the Court's Individual Practices with respect to the amount of time spent in connection with ESI review and production.