April 27, 2020

**By ECF:**
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

Re: *Ulku Rowe v. Google LLC*, Case No. 1:19-cv-08655 (LGS)(GWG)

Dear Judge Schofield,

Plaintiff Ulku Rowe ("Plaintiff") and Defendant Google LLC ("Defendant"), jointly submit this status letter pursuant to the Court's Order dated April 22, 2020. (Dkt. No. 29.)

**I.     Discovery That Has Been Completed**

Although the parties have completed a significant amount of document discovery, the parties do have certain discovery disputes as raised to the Court, and depositions have not yet occurred.

This matter is subject to the Pilot Project Regarding Initial Discovery Protocols for Employment Cases Alleging Adverse Action (the "Initial Discovery Protocols"), and the Second Amended Standing Administrative Order for Counseled Employment Discrimination Cases (the "Standing Order"), which required the parties to produce certain relevant documents by January 7, 2020.

On January 7, 2020, Defendant served its written responses in connection with the Initial Discovery Protocols, and Plaintiff served written responses to the Standing Order. On January 23, 2020, Defendant served amended written responses to the Initial Discovery Protocols and to the Standing Order.  On January 28, 2020, Plaintiff informed Defendant that she understood that the Standing Order superseded the Initial Discovery Protocols, and the parties raised this dispute to the Court by letter on February 3. (Dkt. No. 21).  On February 4, 2020, the Court Ordered Plaintiff, by March 3, to also produce the documents required by the Initial Discovery Protocols, and Plaintiff did so.

The parties exchanged written requests for the production of documents on January 21, and exchanged their written responses to those requests on February 11, 2020. Plaintiff served her First Set of Interrogatories on February 11, 2020 and Defendant served its Responses to Plaintiff's First Set of Interrogatories on March 12, 2020. On February 18, Defendant emailed Plaintiff requesting to meet and confer regarding certain deficiencies in Plaintiff's discovery responses and production, and the parties met and conferred regarding these issues via telephone on March 3, 2020. On March 25, 2020, by letter, Plaintiff outlined perceived deficiencies in Defendant's responses and production. Defendant responded by letter on April 16, 2020, and on April 20, 2020, the Parties met and conferred via telephone. On April 24, Defendant, by letter, outlined continued perceived deficiencies in Plaintiff's responses and production. The Parties met and conferred by telephone on April 27, 2020.

Defendant has served the following document productions to date:

| Date | Pages |
| --- | --- |
| 1/7/2020 | 21,617 |
| 1/23/2020 | 13,040 |
| 2/26/2020 | 1,805 |
| 3/9/2020 | 21 |
| 3/11/2020 | 352 |
| 4/27/2020 | 1,656 |

Defendant's production to date includes approximately 25,457 pages of relevant emails, current policies, job descriptions, documents regarding employee pay, performance, qualifications and interviews, and other documents requested by the protocols and Plaintiff's discovery requests. As the Initial Discovery Protocols also require production of policies that were in effect at the time of the alleged adverse action, Google has undertaken significant efforts to reconstruct its policies as of certain historical dates. However, as these policies are hosted on an HTML based intranet which constructs live policies from references to a multitude of individual files, it is not possible to export all historical policies as they would appear on a browser, instead an export produces the individual files which comprise the historical policies (including 30,344 files in Defendant's production).  The parties are in discussion regarding the production format of these documents.

Plaintiff has served the following document productions to date:

| Date | Pages |
| --- | --- |
| 1/7/2020 | 655 |
| 2/28/2020 | 220 |
| 3/06/2020 | 577 |

In addition, Plaintiff, who is a current employee of Defendant, has isolated responsive documents located on Defendant's systems (*i.e.* work emails and documents in her work drive) and has identified the same to Defendant for production in this case.

## II.     Remaining Discovery and the Effect of COVID-19

The extent of remaining discovery will depend largely on the Court's ruling regarding the discovery disputes currently before the Court.  Should the Court order Defendant to conduct additional ESI searches and produce additional documents beyond what has already been produced, the parties will require additional time to complete documentary discovery. Because certain of Defendant's personnel who are usually tasked with collecting discovery have significant additional demands on their time addressing remote-work arrangements and other COVID-19 related issues, in addition to new demands relating to family care and virtual schooling, the collection of any additional documents will likely progress more slowly than in normal circumstances.  If the Court denies Plaintiff's motion, documentary discovery is essentially complete in this matter.

Once documentary discovery is complete, the parties will be prepared to proceed to depositions. Defendant has noticed Plaintiff's deposition. Plaintiff has noticed the depositions of William Grannis and Tariq Shaukat (Plaintiff's managers while at Google), Jennifer Burdis (an in-house Google recruiter who worked with Plaintiff during her recruitment to Google), Stuart Breslow (the individual Plaintiff asserts Google selected for the Financial Services Vertical Lead role instead of Plaintiff), and Diane Greene (former CEO of Google Cloud), as well as a deposition pursuant to Rule 30(b)(6). Plaintiff has reserved her right to notice additional depositions consistent with the limitations set forth in Fed. R. Civ. P. 30 following the completion of document production. Defendant objects to some of the topics included in Plaintiff's 30(b)(6) deposition notice, but those objections relate to the parties' disputes regarding the scope of permissible discovery currently before the Court.  We believe the Court's ruling on these issues should resolve the disputes regarding the 30(b)(6) notice, and so have not separately raised this issue.

The primary impact of the COVID-19 pandemic will be in connection with depositions.  The parties intend to conduct these depositions in person and do not see video depositions as a viable option, due to the difficulties in effectively defending a deposition, questioning a witness regarding exhibits, and in establishing a clear record when using a remote court reporter in connection with a fully remote deposition.  The parties also have concerns with depositions taking place in close quarters with family and others, as it is often difficult or impossible to establish a truly closed setting.  A failure to do so would likely result in breaches of confidentiality of sensitive information which has been produced in discovery in this matter.

Further, because several of the deponents are located in California, while Plaintiff and outside counsel for both parties are located in New York and Connecticut, these depositions would require interstate travel. While we cannot be certain as to when shelter-in-place orders will be lifted and air travel will once again be safe, the parties have proposed a revised discovery schedule providing until September 21 for the completion of depositions, which we hope will provide sufficient time for circumstances to adjust to permit these in-person depositions to take place.[1]

The parties thank the Court for its consideration of this matter.

Respectfully submitted,

_____  
Kenneth W. Gage  
Caitlin D. Brown  
Paul Hastings LLP  
200 Park Avenue  
New York, NY 10166  
*Counsel for the Defendant*

_____  
Cara E. Greene  
Shira Z. Gelfand  
Outten & Golden LLP  
685 Third Avenue, 25th Floor  
New York, NY 10017  
*Counsel for the Plaintiff*

cc: All parties (via ECF)

---

[1] The parties also contemplate the possibility of expert discovery, which they do not believe will be impacted by COVID-19, with the exception of expert depositions, in the same way described above.