May 11, 2020

**By ECF:**
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

Re: *Ulku Rowe v. Google LLC*, Case No. 1:19-cv-08655 (LGS)(GWG)

Dear Judge Schofield,

We represent Defendant Google LLC in the above-referenced matter. We write in advance of our May 14th discovery conference regarding an additional discovery dispute that the parties have been unable to resolve. Defendant asks that, with respect to the individuals Plaintiff now asserts are her proper comparators, Plaintiff be required to identify the time period during which she believes she was similarly situated to each such individual.

On January 21, 2020, Defendant served Plaintiff with interrogatories, including a request that Plaintiff "[i]dentify all current or former employees of Defendant whom Plaintiff believes to be her similarly situated male peers as referenced in paragraphs 2, 19, 26, and 29 of the Amended Complaint, and the time period during which Plaintiff believes she was similarly situated to each such individual." (Def. Interrogatory No. 5.) In her responses dated February 20, Plaintiff objected to this request but listed the names of fourteen individuals,[1] as well as "All men in Google Cloud with the level of 9 or 10 in Engineering and/or Vertical Head roles." However, Plaintiff did not identify the time period during which she believed each of these individuals was similarly situated to she.

On March 3, 2020, the parties conferred telephonically regarding the deficiencies in Plaintiff's responses to Defendant's discovery requests, including Plaintiff's failure to provide the requested time periods in response to the above interrogatory. During this call, Plaintiff objected to this interrogatory under S.D.N.Y. Local Rule 33.3, claiming it was impermissible at the commencement of discovery. On April 23, after discovery had progressed and tens of thousands of documents had been produced, Defendant raised this issue again by letter, and the parties again conferred telephonically on April 27, about this and other disputes. Despite the progress of discovery, Plaintiff continued to object to this interrogatory under Local Rule 33.3, claiming she would not respond until discovery was complete. After Defendant reiterated that it was only requesting a response based on Plaintiff's own personal knowledge, Plaintiff conceded that the inquiry would be proper at Plaintiff's deposition, but otherwise maintained that the request was premature. The parties continued to confer by email. As of Friday, May 8, the parties were able to resolve other discovery disputes,[2] but remain at an impasse here.

Defendant is entitled to know the time periods during which Plaintiff asserts each of these individuals was a proper comparator. Both Plaintiff and these other individuals have each reported to multiple managers or held multiple positions during their tenure with Google. Therefore, Plaintiff must provide this information so that Defendant may understand in which positions Plaintiff is asserting these individuals were comparable to she, allowing Google to review the duties performed during these time periods. Defendant is entitled to this information *before* Plaintiff's deposition takes place, so that it may conduct this review and prepare to question Plaintiff regarding her performance of these same duties. Withholding this information from Defendant until the date of Plaintiff's deposition denies Defendant this preparation. This interrogatory is also proper under Local Rule 33.3; it is more practical to request this

[1] Stuart Breslow, Otto Chan, Jonathan Donaldson, Evren Eryurek, Royal Hansen, Nicholas Harteau, John Honeycutt Greg Moore, Scott Penberthy, Jon Saxe, Eric Schenk, Paul Strong, Darryl Willis, and Benjamin Wilson.

[2] The parties are also seeking to resolve a dispute regarding Plaintiff's redaction of the names of individuals with whom she communicated regarding the claims at issue in this action. After several conferences, Plaintiff proposed a compromise to resolve this dispute on Friday, May 8th. Defendant responded with a counter-proposal on Sunday, May 10th. The parties hope to resolve this issue prior to the conference, without requiring the Court's intervention.







information from Plaintiff in written form, allowing her to refresh her recollection as necessary using documents in her possession, as opposed to relying on Plaintiff's recollection during her deposition.

Defendant notes that it believes discovery in this matter should be limited to the class of individuals that Plaintiff identified as her alleged comparators in her Amended Complaint, as explained in Defendant's letter to the Court of April 27. (Dkt. No. 30, Section II.) If the Court agrees with Defendant that the scope of discovery should correspond to the scope of Plaintiff's stated claims, Defendant would only ask that Plaintiff identify the relevant time frames with respect to the individuals falling within that scope.[3] However, to the extent the Court grants Plaintiff additional discovery beyond her stated claims, Defendant requires this information for all individuals Plaintiff now identifies as alleged comparators. We ask that the Court order Plaintiff to fully respond to Defendant's Interrogatory No. 5, within these parameters.

We thank the Court for its consideration of this matter, and look forward to resolving this issue at the upcoming discovery conference.

Respectfully submitted,

Kenneth W. Gage
Caitlin D. Brown
of PAUL HASTINGS LLP
200 Park Avenue, New York, New York 10166
kennethgage@paulhastings.com || telephone: (212) 318-6046
caitlinbrown@paulhastings.com || telephone: (212) 318-6601

Plaintiff is advised that the Court will accept a letter response on this matter prior to the conference on May 14, 2020. Regardless of whether Plaintiff files a letter response, the parties shall be prepared to discuss this dispute at the conference.

So Ordered.

The Clerk of Court is respectfully requested to close the motion at Dkt. No. 36.

Dated: May 12, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

[3] Mr. Harteau, Mr. Eryurek, Mr. Wilson, Mr. Donaldson and Mr. Breslow.