Case 1:19-cv-08655-JHR   Document 38   Filed 05/13/20   Page 1 of 2



Cara E. Greene, Esq.
CEG@outtengolden.com

May 13, 2020

**Via ECF:**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>*Ulku Rowe v. Google LLC*, Case No. 19-cv-08655 (LGS)(GWG)</u>

Dear Judge Schofield:

      We write on behalf of Plaintiff Ulku Rowe in response to Defendant's May 11 letter in the above-referenced matter, and pursuant to the Court's May 11 Order, permitting Plaintiff to submit this letter response prior to the parties' May 14 discovery conference, ECF No. 37.

      On April 27, 2020, the parties met and conferred regarding a number of discovery disputes, including Plaintiff's response to Defendant's Interrogatory No. 5, requesting the identity of "all current or former employees of Defendant whom Plaintiff believes to be her similarly situated male peers . . . and the time period during which Plaintiff believes she was similarly situated to each such individual."

      Contrary to Defendant's representation, Plaintiff has not refused to respond to this inquiry, but instead asserts that Defendant's request falls outside of the scope of information permissibly sought in the form of an interrogatory, as defined by S.D.N.Y. Local Rule 33.3 and is premature. Local Rule 33.3(a) provides that "[u]nless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Defendant's request for information related to the time periods during which Plaintiff was similarly situated to her identified comparators plainly falls outside the scope of information permissibly sought through an interrogatory at this stage of discovery.[1] *See Clean Earth Remediation & Const. Servs., Inc. v. Am. Int'l Grp., Inc.*, 245 F.R.D. 137, 141 (S.D.N.Y. 2007) (finding that interrogatories seeking identification of "fact[s] supporting an allegation" exceed the scope of Rule 33.3(a)).

      A party may *only* seek information outside of the categories identified in Section (a), if an interrogatory is a "more practical method of obtaining the information sought than a request for production or a deposition" or "if ordered by the Court." S.D.N.Y. Local Rule 33.3(b). Here, Defendant cannot meet this threshold showing to justify an exception to the restrictions set forth by Rule 33.3(a). As counsel for Plaintiff averred during the parties' discovery conferral process, at this stage of the

---

[1] The parties have not reached the "conclusion of other discovery", therefore Defendant cannot avail itself of Rule 33.3 (c) provision permitting service of contention interrogatories. *See* S.D.N.Y Local Rule 33.3 (c).

**New York**   685 Third Avenue   25th Floor   New York, NY 10017   Tel (212) 245-1000   Fax (646) 509-2060
**Chicago**   161 N Clark Street   Suite 1600   Chicago, IL 60601   Tel (312) 809-7010   Fax (312) 809-7011
**San Francisco**   One Embarcadero Center   38th Floor   San Francisco, CA 94111   Tel (415) 638-8800   Fax (415) 638-8810
**Washington, DC**   601 Massachusetts Ave NW   Second Floor West Suite   Washington, DC 20001   Tel (202) 847-4400   Fax (202) 847-4410

www.outtengolden.com

May 13, 2020
Page 2 of 2

discovery process, and absent fulsome comparator discovery, Plaintiff lacks the knowledge to respond to Defendant's inquiry with precision. The information sought here is most practically obtained through Plaintiff's deposition, once discovery production has been completed. *See Erchonia Corp. v. Bissoon*, No. 07 Civ. 8696, 2011 WL 3904600, at *7 (S.D.N.Y. Aug. 26, 2011), *aff'd*, 458 F. App'x 58 (2d Cir. 2012) ("The Local Rules reflect a preference for other forms of discovery, such as depositions and document requests.")

      Defendant's assertion that it would be unable to prepare for Plaintiff's deposition without Plaintiff's response to the challenged interrogatory is also incorrect. Information regarding the time period within which Plaintiff's comparators were employed in similar roles or engaged in the same or similar job duties is within Defendant's custody and control and most readily obtained through an internal search of Defendant's records. Once discovery production is completed, Defendant has the opportunity to depose Plaintiff Rowe and inquire about Plaintiff's knowledge regarding the facts supporting her allegations that her identified comparators were similarly situated.

      For the foregoing reasons, Plaintiff respectfully requests that Defendant's request to compel a response to portions of Interrogatory No. 5 be denied. We thank the Court for its consideration of this dispute and look forward to the upcoming hearing.

                                                    Respectfully submitted,

                                                   Cara E. Greene

cc:    All counsel of record (by ECF)