UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
   ULKA ROWE,
                                Plaintiff,

                                              19 Civ. 8655 (LGS)
            -against-

                                                 ORDER
   GOOGLE LLC,
                                Defendant.
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, a telephonic conference is scheduled for **June 4, 2020, at 10:40 a.m.**;

      WHEREAS, on May 29, 2020 the parties filed a joint letter regarding remaining disputes that require the Court's attention to resolve (Dkt. No. 40). It is hereby

      **ORDERED** that the June 4, 2020, conference is **CANCELED**. It is further

      **ORDERED** that, with respect to the dispute regarding the production of Level 8 and 9 comparator information, Defendant shall also produce the "snapshot" for years 2018 and 2019. Defendant shall also identify the Level (8 or 9) for each individual identified in the 2017, 2018 and 2019 snapshots. It is further

      **ORDERED** that, with respect to the dispute regarding the production of Level 10 comparator information, Defendants shall produce the requested information for the six VP/Head of Industry roles under Mr. Shaukat. It is further

      **ORDERED** that, with respect to the dispute regarding Defendant's ESI searches, this dispute is premature as the parties have not yet met and conferred regarding the most recent of Plaintiff's proposals and Defendant's counter-proposals. Any remaining dispute following appropriate negotiation shall be raised with the Magistrate Judge. A referral will issue separately. It is further

      **ORDERED** that, with respect to the dispute regarding Defendant's redaction of "non-

responsive, sensitive information," this Court generally declines to permit the unilateral redaction of purportedly irrelevant information.  *See, e.g., Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018) ("The weight of authority in this Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents 'based on that party's unilateral determinations of relevancy.'") (citing cases); *Durling v. Papa John's Int'l, Inc.*, No. 16 Civ. 3592, 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018) ("As guidance, the Court notes that redactions on grounds of non-responsiveness or irrelevance are generally impermissible, especially where, as here, a confidentiality stipulation and order . . . is in place."); *Johnson v. City of New York*, No. 16 Civ. 6426, 2018 WL 276349, at *3 (E.D.N.Y. Jan. 3, 2018) ("To the contrary, New York federal courts generally frown upon the practice of redacting unresponsive or irrelevant information. It is not the practice of this court to permit parties to selectively excise from otherwise discoverable documents those portions that they deem not to be relevant. To do so would require a finding of 'good cause' based on a need to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)." (quotation marks omitted)).  Defendant shall re-produce all documents redacted for reasons other than privilege in non-redacted form.  All remaining redactions must be included in the privilege log.  To the extent necessary to ensure any sensitive, non-privileged information is protected, the parties may propose an amended protective order or otherwise raise the issue with the Magistrate Judge.

An amended case management plan and scheduling order will issue separately.

Dated: June 1, 2020
    New York, New York

                                                                LORNA G. SCHOFIELD
                                                                **UNITED STATES DISTRICT JUDGE**

2