August 21, 2020

<u>**Via ECF:**</u>
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    <u>*Ulku Rowe v. Google LLC*</u>, Case No. 19-cv-08655 (LGS)(GWG)

Dear Judge Schofield:

Plaintiff Ulku Rowe ("Plaintiff") and Defendant Google, LLC ("Defendant") (collectively, the "Parties") jointly submit this status report pursuant to the Court's June 23, 2020 Order, ECF No. 51.

**I.    <u>Discovery That Has Taken Place Since Prior Status Letter (May 28, 2020)</u>**

Plaintiff has completed her production and has not served any document productions since the prior status letter.

Defendant has served the following document productions since the prior status letter:

- May 29, 2020 - 515 pages
- July 10, 2020 - 1,913 pages
- August 3, 2020 - 272 pages
- August 14, 2020 - 282 pages

These productions relate to Plaintiff's requested email searches, relevant job description data, process and policy documents maintained by Employee Relations, and documents sufficient to show the substance of complaints in Google's New York Office alleging gender discrimination in compensation or promotion, or retaliation.  Each of these categories is given more fulsome treatment below.

The Parties acknowledge that Your Honor has delegated all pre-trial matters to Magistrate Judge Gabriel W. Gorenstein, but provide the information regarding the status of discovery to comply with Your Honor's Individual Practices and keep the Court apprised of recent developments.

**a.    Alleged "Comparator" Information and 30(b)(6) Deposition**

By letter motion on April 21, Plaintiff requested that the Court compel discovery that she believes will enable her to properly identify comparators and establish her equal pay, discrimination, and retaliation claims. (Dkt. 28). Defendant responded by letter on April 27, 2020.  (Dkt. 30.)  Hon. Lorna G. Schofield held a conference to discuss the asserted discovery disputes on May 14, 2020.  (Dkt. 34.)  On June 1, 2020, the Court ordered that Defendant produce snapshots information regarding L8 and L9 employees for years 2018 and 2019, and identify the level of each individual identified to supplement the 2017 snapshot information already produced to Plaintiff.

August 21, 2020
Page **2** of **5**

(Dkt 43.)  The Court also ordered Defendant to produce information for the six VP/Head of Industry roles reporting to Tariq Shaukat.  (*Id.*)  Defendant produced the required snapshots for L8 and L9 employees in Eng/PM/Ops in Google Cloud U.S. on June 5, 2020.  With respect to the L10 employees, Plaintiff requested "2017-2019 L10 VP Snapshots" in email correspondence on June 10, 2020, and Defendant produced the information to Plaintiff on June 12, 2020.

During the May 14, 2020 conference before Your Honor, the Court identified a staged process to resolve disputes over identification of potential "comparators" for purposes of Plaintiff's pay discrimination claims: the parties would first engage in a 30(b)(6) deposition to determine the relevant universe of potentially comparable L8 and L9 Engineering roles; then, after further meet-and-confer discussions concerning alleged comparators, Defendant would produce additional information responsive to Plaintiff's discovery requests as to those individuals.  (Dkt. 41, Transcript of May 14, 2020 Hearing at 11:2-24.)

Following the production of snapshots, Plaintiff requested that Defendant supplement its prior production of job descriptions, before the 30(b)(6) deposition, for job titles identified on the L8-9 snapshots. Google believes this broad request is inconsistent with the Court's May 14, 2020 directive, but in a good faith effort to resolve the dispute, Google agreed to provide job description data for fourteen of 54 job titles (selected by Plaintiff) identified in the snapshots.  On June 18, Plaintiff requested documents reflecting job ladders and families associated with each role similar to documents that had already been produced with respect to Plaintiff's position.  Google produced certain requested data on August 3, 2020.  Thereafter, Plaintiff reiterated her request for job ladders and job families for these 14 positions prior to the 30(b)(6) deposition.  Google restated its position with respect to the staged process for comparator discovery ordered by the Court during the May 14, 2020 hearing.  On August 10, 2020, Plaintiff adjourned the 30(b)(6) depositions scheduled for August 12, 2020 and August 14, 2020 because Google would not agree to provide all of the requested documents. Plaintiff noted that the Parties were at an impasse and raised the issue of pre-30(b)(6) deposition discovery to Magistrate Judge Gorenstein on August 18, 2020, (Dkt. 52), to which Defendant will respond by the agreed-upon deadline of August 21, 2020.  The Parties' positions with respect to this dispute are set forth fully in those submissions.

Plaintiff's August 18, 2020 submission to Magistrate Judge Gorenstein attached a document containing information related to the job ladder associated with Plaintiff's position, marked by Google as Confidential ("Exhibit 2").  During the parties' meet and confer discussion on August 21, Plaintiff represented that the filing of Exhibit 2 without providing Google with the requisite five-day notice required by the parties Protective Order was inadvertent.  Google informed Plaintiff that it believes she is in violation of that Order, and requested that Plaintiff remove the document from the docket to protect its confidentiality. Plaintiff  has agreed to request that the clerk remove the exhibit while Defendant, as the designating party, file a motion to seal within the requisite five-day notice period under Magistrate Judge Gorenstein's Individual Rule 2.E. Plaintiff does not oppose the replacement of the existing unredacted document with a version redacted by Google to alleviate its concerns regarding the disclosure of confidential information. Should Google choose to move to seal the document pursuant to Your Honor's Individual Rules, Plaintiff does not oppose the filing of said motion.

### b. ESI Searches

Following the Court's order that Defendant "conduct additional, proportionate searches of ESI," after the parties meet and confer as to the manner of scope of the search. (Dkt. 39.)  The parties reached agreement on the terms and custodians for Google's second e-mail search in this matter.[1]  During the negotiation process, Defendant asked Plaintiff to associate each of its search terms with one of her January 21, 2020 discovery requests, which Plaintiff did.  On June 10, 2020, Google accepted Plaintiff's proposal for 10 keyword searches across 10 custodians.  This second search resulted in two productions, one on July 10, 2020 consisting of 302 documents, of which 38 had already been produced, and another on August 3, 2020, consisting of 182 documents.

On July 30, 2020, after Google's first production, the parties met and conferred via telephone conference to discuss the results of this second search up to that date.  On August 10, 2020, after Plaintiff noted that the Parties had reached impasse with respect to the production of documents responsive to the agreed-upon search terms.  Plaintiff raised this issue with Magistrate Judge Gorenstein in her August 18, 2020, submission, and the parties' positions are set forth more fully in their respective letters.

### c. Complaints of Gender Discrimination and Retaliation

In response to the Court's Order requiring Defendant to "produce to Plaintiff complaints of gender discrimination that related to compensation, promotion or retaliation made within the last five years at Defendant's New York office," after the parties "meet and confer regarding the scope of this production and how responsive complaints will be identified for production," the Parties met and conferred on May 22 to discuss Defendant's plan for obtaining and producing the relevant information. Defendant agreed to provide Plaintiff with information from this system regarding responsive complaints, to inform further negotiations between the Parties regarding the scope of future productions. Without waiving any rights, Plaintiff agreed to review this information.

On June 12, 2020, Defendant informed Plaintiff that it would isolate and review allegations with a nexus to Defendant's New York City office categorized in the Case360 system as either 1) "Discrimination" with subcategory "Gender Discrimination"; of 2) "Retaliation or Retribution" with subcategory "For raising concerns or discussing conditions of employment" or "For participating in investigation and/or raising concerns re potential policy/local law violation."  The Parties met and conferred on August 21, 2020 with respect to issues of redactions and the production of additional categories of complaints. The Parties are continuing the meet and confer process to determine which of these complaints are potentially relevant to Plaintiff's claims; what additional discovery associated with those complaints is warranted; and what redactions or other protections are necessary given the sensitive nature of the information in these documents.

### d. Additional Discovery Propounded By Plaintiff.

On August 17, 2020, Plaintiff propounded her second set of interrogatories on Defendant.  There

---

[1] To comply with the Pilot Project Regarding Initial Discovery Protocols for Employment Cases Alleging Adverse Action, Defendant conducted a search for documents and communications relevant to claims and defenses in the case in January 2020, before Plaintiff had served her First Request for Production of Documents.

August 21, 2020
Page **4** of **5**

are fifteen interrogatories total.  Four are contention interrogatories which seek the facts on which Defendant relies to support its affirmative defenses in the case.  Three seek information about which Google's corporate witnesses were scheduled to testify at the cancelled August 12, 2020 and August 14, 2020 30(b)(6) depositions. Defendant's responses and objections are due on September 16, 2020.

## II.    Procedural History

Neither Party has submitted and sought leave to submit additional or amended pleadings since the prior status letter.  Plaintiff's Amended Complaint dated November 22, 2019, (Dkt. 12), and Defendant's Answer dated December 6, 2019, (Dkt. 19), remain the operative pleading documents.

Neither Party has filed any formal motions since the date of the last status letter.  On August 18, 2020, Plaintiff filed a request for a pre-motion conference with Magistrate Judge Gorenstein to address certain alleged discovery deficiencies in Defendant's document productions.  (Dkt. 52.)  Google's response is scheduled to be filed on August 21, 2020.  The Parties' positions on these issues are full set forth in those submissions.

## III.    Parties' Plans To Ensure They Meet Court-Ordered Discovery Deadlines

The current deadline for fact discovery, with the exception of depositions, is September 4, 2020. The deadline to complete depositions is currently September 21, 2020.

The Parties have scheduled three depositions to proceed in August and September on the following dates:

- September 9, 2020 (defendant's witness)
- September 15, 2020 (defendant's witness)
- September 17, 2020 (defendant's witness)

Depositions had been scheduled for August 12, 2020 (30(b)(6) deposition on subset of noticed topics), August 14, 2020 (same), August 21 (defendant's witness), and August 25 (30(b)(6) deposition on subset of noticed topics).  Plaintiff adjourned those depositions based on her belief that Defendant's document productions to date are incomplete, as stated more fully in her August 18, 2020, submission to Magistrate Judge Gorenstein and as stated above.  In that submission, Plaintiff indicated that she intends fact witness depositions to number ten in total, including Plaintiff.  To date, Plaintiff has noticed five depositions.  Defendant has noticed one deposition (Plaintiff's).  Defendant has requested Plaintiff's availability for her deposition in this matter, but Plaintiff has indicated that Plaintiff's deposition will not be able to move forward until document production  has been completed and the discovery disputes have been resolved.

In addition, the Parties met and conferred on August 21, 2020 with respect to expert disclosures and agreed to further confer after the Court's Order on the extension of the discovery schedule.

Plaintiff has requested an adjournment of deadlines in connection with her August 18, 2020 submission, given that document discovery is not complete.  The parties met and conferred over email and agreed to further meet and confer regarding the length of an appropriate extension after the Court issues an order on the pending discovery disputes, and submit a new proposed schedule in accordance

August 21, 2020
Page **5** of **5**

with Magistrate Judge Gorenstein's Individual Practices.


Respectfully submitted,

By: _____

*Attorneys for Defendant*

By: _____

*Attorneys for Plaintiff*

**PAUL HASTINGS LLP**
Kenneth W. Gage
Sara B. Tomezsko
200 Park Avenue
New York, NY 10166
Phone: (212) 318-6000

**OUTTEN & GOLDEN LLP**
Cara E. Greene
Shira Z. Gelfand
Maya S. Jumper
685 Third Avenue, 25th Floor
New York, New York  10017
Telephone: (212) 245-1000