# EXHIBIT 1

| | |
|---|---|
| **From:** | Jumper, Maya |
| **To:** | Brown, Caitlin; Greene, Cara |
| **Cc:** | Gelfand, Shira Z.; Gage, Kenneth W.; Simmons, Adriana N.; Stromberg, Daniel |
| **Subject:** | [EXT] RE: Rowe v. Google: Discovery and ESI Searches [IWOV-OGDMS.FID701188] |
| **Date:** | Friday, May 22, 2020 4:31:32 PM |
| **Attachments:** | image001.png |

Caitlin,

The following RFPs correspond with Plaintiff's proposed search terms:

Term 1: RFPs 1, 2, 4
Term 2: RFPs 19
Term 3: RFPs 18, 24
Term 4: RFP 30
Term 5: RFPs 21, 22
Term 6: RFPs 15-17
Term 7: RFP 22
Term 8: RFPs 21, 22, 29
Term 9: RFPs 11, 17
Term 10: RFPs 5,6,10, 13, 25-28

Maya

**From:** Brown, Caitlin <caitlinbrown@paulhastings.com>
**Sent:** Thursday, May 21, 2020 9:08 PM
**To:** Greene, Cara <CEG@outtengolden.com>; Jumper, Maya <MJumper@outtengolden.com>
**Cc:** Gelfand, Shira Z. <sgelfand@outtengolden.com>; Gage, Kenneth W. <kennethgage@paulhastings.com>; Simmons, Adriana N. <adrianasimmons@paulhastings.com>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** RE: Rowe v. Google: Discovery and ESI Searches [IWOV-OGDMS.FID701188]

Cara,

We are confirming with our client, but my understanding is that the searches were not done on a custodian by custodian basis, so that hit count information is not available.  We are not available tomorrow at 11:00, but are available from either 12:00-1:00 or 4:00-5:00 for a call to discuss.  However, we would expect that, on that call, you would identify the discovery requests to which each search relates, and why our searches and production thus far are insufficient.

Thanks,

Caitlin



**Caitlin D. Brown** | Associate, Employment Law Department
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6601 | Main: +1.212.318.6000 | Fax: +1.212.319.4090 | caitlinbrown@paulhastings.com |
www.paulhastings.com

**From:** Greene, Cara <ceg@outtengolden.com>
**Sent:** Thursday, May 21, 2020 7:21 PM
**To:** Brown, Caitlin <caitlinbrown@paulhastings.com>; Jumper, Maya <MJumper@outtengolden.com>
**Cc:** Gelfand, Shira Z. <sgelfand@outtengolden.com>; Gage, Kenneth W. <kennethgage@paulhastings.com>; Simmons, Adriana N. <adrianasimmons@paulhastings.com>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** [EXT] RE: Rowe v. Google: Discovery and ESI Searches [IWOV-OGDMS.FID701188]

Caitlin:

I think it most efficient to get on a call to talk this through, especially since we are operating on a limited time frame. Are you

available tomorrow at 11:00?

I would expect, at a minimum, that the searches were done on a custodian by custodian basis and you could provide us with the hit count by search by custodian. Please let us know if that's possible.

Thanks,
Cara

---

**From:** Brown, Caitlin <caitlinbrown@paulhastings.com>
**Sent:** Thursday, May 21, 2020 6:50 PM
**To:** Jumper, Maya <MJumper@outtengolden.com>; Greene, Cara <CEG@outtengolden.com>
**Cc:** Gelfand, Shira Z. <sgelfand@outtengolden.com>; Gage, Kenneth W. <kennethgage@paulhastings.com>; Simmons, Adriana N. <adrianasimmons@paulhastings.com>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** RE: Rowe v. Google: Discovery and ESI Searches [IWOV-OGDMS.FID701188]

Maya,

Plaintiff has yet to respond to the issues we raised below to explain why these searches are necessary. As we explained below, Plaintiff's proposed searches seem to relate to issues that have already been addressed by Defendant's document production. Plaintiff's request for hit counts for every proposed custodian would require that Google run 110 individual searches, and if search terms are further broken out, that number multiplies exponentially—requiring hundreds if not thousands of searches. Defendant should not have to undertake this burdensome task where Plaintiff has not even explained why each of these searches are necessary. Therefore, in an effort to resolve this dispute and increase our understanding of your proposed searches, we ask that for each proposed search, Plaintiff identify (i) the Request for Production of Documents to which the search relates, and (ii) why the production of documents Google identifies below is insufficient to satisfy that request.

Thanks,

Caitlin

---



**Caitlin D. Brown | Associate, Employment Law Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6601 | Main: +1.212.318.6000 | Fax: +1.212.319.4090 | caitlinbrown@paulhastings.com |
www.paulhastings.com

---

**From:** Jumper, Maya <MJumper@outtengolden.com>
**Sent:** Thursday, May 21, 2020 12:05 PM
**To:** Brown, Caitlin <caitlinbrown@paulhastings.com>; Greene, Cara <ceg@outtengolden.com>
**Cc:** Gelfand, Shira Z. <sgelfand@outtengolden.com>; Gage, Kenneth W. <kennethgage@paulhastings.com>; Simmons, Adriana N. <adrianasimmons@paulhastings.com>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** [EXT] RE: Rowe v. Google: Discovery and ESI Searches [IWOV-OGDMS.FID701188]

Caitlin,

Thank you for clarifying the process Google undertook to assess the number of hits for each search term. However, in order for Plaintiff to accurately respond to Google's challenge regarding proportionality, Google must provide hit counts for the specific terms identified by Google below (i.e. such as experience*, issue*, action, case*, etc.) for which it asserts that mis-hits are likely to occur.

Additionally, we request that Google provide search term hit numbers for each custodian as well.

Regards,
Maya



**Maya S. Jumper** | Associate
685 Third Ave 25th Floor | New York, NY 10017
T 212-245-1000 | F 646-509-2001
MJumper@outtengolden.com | Bio

  

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
*Please consider the environment before printing this e-mail.*

**From:** Brown, Caitlin <caitlinbrown@paulhastings.com>
**Sent:** Wednesday, May 20, 2020 1:39 PM
**To:** Greene, Cara <CEG@outtengolden.com>
**Cc:** Gelfand, Shira Z. <sgelfand@outtengolden.com>; Gage, Kenneth W. <kennethgage@paulhastings.com>; Simmons, Adriana N. <adrianasimmons@paulhastings.com>; Jumper, Maya <MJumper@outtengolden.com>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** RE: Rowe v. Google: Discovery and ESI Searches [IWOV-OGDMS.FID701188]

Hi Cara,

The searches were not broken down from what you proposed, they were run as you wrote them.

Thanks,

Caitlin



**Caitlin D. Brown** | **Associate, Employment Law Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6601 | Main: +1.212.318.6000 | Fax: +1.212.319.4090 | caitlinbrown@paulhastings.com |
www.paulhastings.com

**From:** Greene, Cara <ceg@outtengolden.com>
**Sent:** Wednesday, May 20, 2020 1:35 PM
**To:** Brown, Caitlin <caitlinbrown@paulhastings.com>
**Cc:** Gelfand, Shira Z. <sgelfand@outtengolden.com>; Gage, Kenneth W. <kennethgage@paulhastings.com>; Simmons, Adriana N. <adrianasimmons@paulhastings.com>; Jumper, Maya <MJumper@outtengolden.com>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** [EXT] RE: Rowe v. Google: Discovery and ESI Searches [IWOV-OGDMS.FID701188]

HI Caitlin:

Typically, when running the searches, each search is broken down into its individual components and then run. Do you know if that was done here? If so, it should be easy to share what the hits were for each component. If not, how were the searches done?

-Cara



Outten & Golden LLP

**Cara E. Greene | Partner**
685 Third Ave 25th Floor | New York, NY 10017
T 212-245-1000 | F 646-509-2063
CEG@outtengolden.com | Bio

  

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
*Please consider the environment before printing this e-mail.*

**From:** Brown, Caitlin <caitlinbrown@paulhastings.com>
**Sent:** Wednesday, May 20, 2020 9:48 AM
**To:** Greene, Cara <CEG@outtengolden.com>
**Cc:** Gelfand, Shira Z. <sgelfand@outtengolden.com>; Gage, Kenneth W. <kennethgage@paulhastings.com>; Simmons, Adriana N. <adrianasimmons@paulhastings.com>; Jumper, Maya <MJumper@outtengolden.com>; Stromberg, Daniel <dstromberg@outtengolden.com>
**Subject:** Re: Rowe v. Google: Discovery and ESI Searches [IWOV-OGDMS.FID701188]

Cara, can you clarify? We provided hit counts based on the searches you proposed, and provided per-search hit counts below. Those searches contain a multitude of terms and connectors which could be combined in a vast number of permutations. If you are looking for those searches to be broken down in some fashion, please provide the individual searches you are asking us to get hit counts on, so we may properly consider your request.

Thanks,

Caitlin

_____
Caitlin Brown | Associate, Employment Law Department
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 |
Direct: +1.212.318.6601 | caitlinbrown@paulhastings.com |

Sent from my mobile device

On May 20, 2020, at 9:14 AM, Greene, Cara <ceg@outtengolden.com> wrote:


Caitlin:

Please provide the hit counts by search term, so that we can have an informed discussion about what revisions to our proposed searches, if any, are appropriate.


[Outten & Golden LLP]<http://www.outtengolden.com>
Cara E. Greene | Partner

685 Third Ave 25th Floor | New York, NY 10017
T 212-245-1000 | F 646-509-2063
CEG@outtengolden.com | Bio<www.outtengolden.com/lawyer-attorney/cara-e-greene>

[Facebook]<https://www.facebook.com/Outten-Golden-LLP-341045386007681/> [Twitter] <https://twitter.com/outtengolden>
[Linkedin] <https://www.linkedin.com/company/outten-&-golden-llp> [Blog] <http://www.employmentlawblog.info/>



This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Please consider the environment before printing this e-mail.
From: Brown, Caitlin <caitlinbrown@paulhastings.com>
Sent: Wednesday, May 20, 2020 8:34 AM
To: Gelfand, Shira Z. <sgelfand@outtengolden.com>
Cc: Gage, Kenneth W. <kennethgage@paulhastings.com>; Simmons, Adriana N. <adrianasimmons@paulhastings.com>; Jumper, Maya <MJumper@outtengolden.com>; Greene, Cara <CEG@outtengolden.com>
Subject: RE: Rowe v. Google: Discovery and ESI Searches [IWOV-OGDMS.FID701188]

Shira,

Thank you for your response. With respect to the specific points you raise:

While Ms. Rowe's name is relatively uncommon, almost half of Plaintiff's proposed searches are not limited by Plaintiff's name. Even those searches which are limited by Plaintiff's name result in thousands of hits, as including Plaintiff as a custodian in such a search effectively negates this limiter.

With respect to emails that fall outside of Google's retention policy, suggesting emails may have been saved, we have asked Ms. Burdis and Mr. Grannis for emails regarding Plaintiff's recruitment, but they had retained none. Your response fails to justify why searches related to discrete events should be run over the course of approximately four years. Time periods should be tailored to each issue, whereas Plaintiff proposes time periods of four years or more for every search.

With respect to Plaintiff's proposal to include Diane Greene as a custodian--the manager of the individual Plaintiff's manager reported to--is inappropriate. Google has produced the email Plaintiff sent to Diane Greene with her complaint, and documents relating to the resulting investigation. Even if Ms. Greene was involved in Plaintiff's hiring, this falls outside the document retention window, and, as demonstrated by the documents Google has already produced, Ms. Greene was not involved in the decision regarding the Financial Services Vertical Lead role. Plaintiff's decision to notice her deposition does not change these facts. Mr. Kurian has even less relevance to this case--the fact that he fell somewhere along Ms. Rowe's reporting line is not a sufficient reason to justify searching his emails.

The fact that Plaintiff's searches are overbroad is supported by the hit counts for these searches, which resulted in over 60,000 hits in total with families. While we are unable to obtain deduplicated hit counts at this stage, even a fraction of this total would be unreasonable and overly burdensome considering the documents Google has already produced. Plaintiff fails to identify how the search Google has already conducted is insufficient to respond to Plaintiff's requests.

With respect to the individual searches:

Search 1: This search seems to be aimed at emails regarding Plaintiff's compensation offer or leveling at hire. As we have stated, emails from 2016 and early 2017 have not been retained pursuant to Google's document retention policy, so such a search is pointless. Google has produced Plaintiff's gHire file which includes almost 200 emails that were exchanged during her hiring process, as well as notes of calls and interviews, and also produced the emails regarding Plaintiff's compensation package that were retained. (GOOG-ROWE-00019062, GOOG-ROWE-00017322-55). This search resulted in 2,340 hits with families.

Search 2: This search seems to relate to other complaints of discrimination. Per the Court's order, Google will identify for Plaintiff complaints of gender discrimination relating to compensation, promotion or retaliation made within the last five years at Defendant's New York office, using Google's Case360 system. However, the search Plaintiff proposes is beyond the scope of the Court's order and as should be clear, reviewing email is not an efficient way to locate these materials. This search resulted in 5,147 hits with families.

Search 3: This search, which also repeats multiple terms from the first search, seems to be related to Plaintiff's complaints, however it contains numerous terms which will lead to likely mishits, such as experience*, issue*, action, case*, to name just a few, and also suffers from the same custodian and time period issues described above. This search resulted in 3,503 hits with families.

Search 4: This search seems to be related to Plaintiff's transfer out of Tariq's organization and back to OCTO, but, inexplicably, it is run over a period of multiple years. Additionally, using Tariq's name as a search term will result in a hit whenever both Plaintiff and Ulku are both recipients of an email. This search resulted in 5,342 hits with families.

Search 5: This search seems to be related to the Financial Services Vertical Lead role, but it too is inexplicably run over a period of multiple years. Further, neither party has ever suggested that this position was referred to as 'CTO of Financial Services," yet Plaintiff includes these search terms in the search. This search resulted in 1,057 hits with families.

Searches 6 and 7: There is significant duplication between these two searches, and it is difficult to tell what issue these searches are trying to address. To the extent that they are seeking emails regarding Plaintiff's performance, Defendant has already provided Plaintiff with the manager view of her performance reviews, and Plaintiff's gThanks record showing the explanation for any spot or peer bonuses Plaintiff received. An email search is not an efficient way to collect information regarding performance. These searches resulted in 750 and 4,525 hits with families, respectively.

Search 8: This search seems to be searching for emails regarding other individuals considered for the Financial Services Vertical Lead role. However, Defendant has already agreed to provide Plaintiff with the emails stored in gHire regarding the recruitment of individuals for this role who were interviewed at Google, similar to the records provided for Plaintiff at GOOG-ROWE-00019062. Plaintiff fails to identify why this is insufficient. Further, Plaintiff also includes as search terms the names of individuals who were not even considered for this role. This search resulted in 49,288 hits with families.

Search 9: This search seems to relate to the performance of Mr. Harteau, Mr. Wilson, Mr. Eryurek and Mr. Breslow. However, Defendant has already produced to Plaintiff the performance reviews of these individuals relating to the positions at issue. Plaintiff hasn't provided a reason why this is insufficient, and why an inefficient email search is necessary. This search resulted in 1,120 hits with families.

Search 10: This search seems to relate to the compensation of Mr. Harteau, Mr. Wilson, Mr. Eryurek and Mr. Breslow. However, Defendant has already produced the prosper letters for these individuals, as well as their gComp export (GOOG-ROWE-00055480-571), which, in addition to providing detailed information regarding their total compensation, also provides manager rationales for decisions regarding compensation. Where, as here, Google has such a comprehensive system for tracking compensation information, an email search is inefficient and not proportional to the needs of the case. This search resulted in 3,039 hits with families.

While we believe a compromise on ESI would be most quickly reached by Plaintiff providing a revised search, we are available for a call to discuss these issues today after 4:00 pm.

Thanks,

Caitlin

_____

<http://www.paulhastings.com/>
<image001.png>

Caitlin D. Brown | Associate, Employment Law Department
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6601 | Main: +1.212.318.6000 | Fax: +1.212.319.4090 | caitlinbrown@paulhastings.com<mailto:caitlinbrown@paulhastings.com> |
www.paulhastings.com<http://www.paulhastings.com/>


From: Gelfand, Shira Z. <sgelfand@outtengolden.com<mailto:sgelfand@outtengolden.com>>
Sent: Monday, May 18, 2020 4:33 PM
To: Brown, Caitlin <caitlinbrown@paulhastings.com<mailto:caitlinbrown@paulhastings.com>>
Cc: Gage, Kenneth W. <kennethgage@paulhastings.com<mailto:kennethgage@paulhastings.com>>; Simmons, Adriana N. <adrianasimmons@paulhastings.com<mailto:adrianasimmons@paulhastings.com>>; Jumper, Maya <MJumper@outtengolden.com<mailto:MJumper@outtengolden.com>>; Greene, Cara <ceg@outtengolden.com<mailto:ceg@outtengolden.com>>
Subject: [EXT] RE: Rowe v. Google: Discovery and ESI Searches [IWOV-OGDMS.FID701188]

Hi Caitlin,

Thanks for your email. We wanted to respond to a few points you raised. First, with respect to ESI, we disagree as to your characterization that our search terms are overbroad by way of terms, custodians, and time periods. We would note that Ms. Rowe has a unique first and last name, which will limit the amount of mis-hits. Further, while we are aware of Google's retention policy, our understanding is that emails that are saved are not deleted per the policy. Moreover, your assertions that our search will result in

mis-hits is speculative, given that you have not run these searches and provided hit counts. In addition, we disagree that Plaintiff has not identified any relevant decisions in which Diane Greene and Thomas Kurian took part. Diane was in Ulku's reporting line, was a recipient of an internal complaint of discrimination, and was also involved in relevant hiring and promotion decisions. Notably, we identified her as a deponent in this matter. As Thomas Kurian took over Diane's role after she left, he is a relevant custodian with respect to the Financial Services Vertical and as a supervisor in her reporting line to Tariq Shaukat. We believe that the most efficient means to address the ESI search terms is to have a call to address any particular concerns you may have with our list, exchange a list of hit counts, and then further refine as necessary prior to the review and production of ESI.

Additionally, in accordance with the court's order that we meet and confer on proper L10 comparators, we wanted to remind you that in our May 12 email, we narrowed our request to L10 employees within Tariq Shaukat's organizational unit. Please let us know if you are amenable to this.

Let us know your availability on Wednesday, May 20th for a call to talk through the above, as well as the production of complaints.

Thanks,
Shira


From: Brown, Caitlin <caitlinbrown@paulhastings.com<mailto:caitlinbrown@paulhastings.com>>
Sent: Friday, May 15, 2020 9:54 PM
To: Gelfand, Shira Z. <sgelfand@outtengolden.com<mailto:sgelfand@outtengolden.com>>; Greene, Cara <CEG@outtengolden.com<mailto:CEG@outtengolden.com>>; Jumper, Maya <MJumper@outtengolden.com<mailto:MJumper@outtengolden.com>>
Cc: Gage, Kenneth W. <kennethgage@paulhastings.com<mailto:kennethgage@paulhastings.com>>; Simmons, Adriana N. <adrianasimmons@paulhastings.com<mailto:adrianasimmons@paulhastings.com>>
Subject: RE: Rowe v. Google: Discovery and ESI Searches [IWOV-OGDMS.FID701188]

Hi Shira,

No one is asking you to negotiate against yourself. Google responded to your search terms by sharing those that it used to collect information. While you say there is "almost no overlap," you fail to explain why you think Plaintiff's much broader search terms are likely to lead to the discovery of additional admissible evidence, beyond what has already been collected and produced by Google.

There are many issues with Plaintiff's proposed search, which is not narrowly tailored to specific issues. First, Plaintiff includes Diane Greene and Thomas Kurian as custodians, even though she has identified no relevant decisions in which they took part. Further, Plaintiff utilizes the same custodians for every search, resulting in searches being conducted on an individual's emails even where they have no involvement in the topic of the search, causing unnecessary mis-hits. Additionally, the time periods for every search start in either 2015 or 2016, running to the present, instead of limiting the search to the relevant time period for each topic. Further, these time frames include periods which —as the Judge acknowledged—fall outside of Google's document retention window. This, again, results in unnecessary mis-hits. Plaintiff must revise her search so that each search related to an issue is targeted based on the relevant custodian and time frame. Plaintiff also uses the email address of Plaintiff and others as a stand-in for an individual's name, however this will result in a hit whenever such an individual sent an email using one of the other words in the search (for example, with respect to search 6, whenever Ms. Rowe sent an email with "expect" in the title or beginning of the email.)

In addition to these overarching issues, there are many issues with Plaintiff's individual searches, including but not limited to:

Search 1: This search seems to be aimed at emails regarding Plaintiff's compensation offer or leveling at hire. As we have stated, emails from 2016 and early 2017 have not been retained pursuant to Google's document retention policy, so such a search is pointless. Google has produced Plaintiff's gHire file which includes almost 200 emails that were exchanged during her hiring process, as well as notes of calls and interviews, and also produced the emails regarding Plaintiff's compensation package that were retained. (GOOG-ROWE-00019062, GOOG-ROWE-00017322-55).

Search 2: This search seems to relate to other complaints of discrimination. Per the Court's order, Google will identify for Plaintiff complaints of gender discrimination relating to compensation, promotion or retaliation made within the last five years at Defendant's New York office, using Google's Case360 system. However the search Plaintiff proposes is beyond the scope of the Court's order.

Search 3: This search, which also repeats multiple terms from the first search, seems to be related to Plaintiff's complaints, however it contains numerous terms which will lead to likely mishits, such as experience*, issue*, action, case*, to name just a few, and also suffers from the same custodian and time period issues described above.

Search 4: This search seems to be related to Plaintiff's transfer out of Tariq's organization and back to OCTO, but, inexplicably, it is run over a period of multiple years. Additionally, using Tariq's name as a search term will result in a hit whenever both Plaintiff and Ulku are both recipients of an email.

Search 5: This search seems to be related to the Financial Services Vertical Lead role, but it too is inexplicably run over a period of multiple years. Further, neither party has ever suggested that this position was referred to as 'CTO of Financial Services," yet Plaintiff includes these search terms in the search.

Searches 6 and 7: There is significant duplication between these two searches, and it is difficult to tell what issue these searches are trying to address. To the extent that they are seeking emails regarding Plaintiff's performance, Defendant has already provided Plaintiff with the manager view of her performance reviews, and Plaintiff's gThanks record showing the explanation for any spot or peer bonuses Plaintiff received. An email search is not an efficient way to collect information regarding performance.

Search 8: This search seems to be searching for emails regarding other individuals considered for the Financial Services Vertical Lead role. However, Defendant has already agreed to provide Plaintiff with the emails stored in gHire regarding the recruitment of individuals for this role who were interviewed at Google, similar to the records provided for Plaintiff at GOOG-ROWE-00019062. Plaintiff fails to identify why this is insufficient. Further, Plaintiff also includes as search terms the names of individuals who were not even considered for this role.

Search 9: This search seems to relate to the performance of Mr. Harteau, Mr. Wilson, Mr. Eryurek and Mr. Breslow. However, Defendant has already produced to Plaintiff the performance reviews of these individuals relating to the positions at issue. Plaintiff has provided a reason why this is insufficient, and why an inefficient email search is necessary.

Search 10: This search seems to relate to the compensation of Mr. Harteau, Mr. Wilson, Mr. Eryurek and Mr. Breslow. However, Defendant has already produced the prosper letters for these individuals, as well as their gComp export (GOOG-ROWE-00055480-571), which, in addition to providing detailed information regarding their total compensation, also provides manager rationales for decisions regarding compensation. Where, as here, Google has such a comprehensive system for tracking compensation information, an email search is inefficient and not proportional to the needs of the case.

We are open to conducting some additional reasonably tailored searches, but Plaintiff's original proposal is hardly that. Please let us know when we can expect to receive a revised search proposal that accounts for what Google already has conducted, or whether you would like to discuss these issues more by phone.

Thanks,

Caitlin


_____

<http://www.paulhastings.com/>
<image001.png>

Caitlin D. Brown | Associate, Employment Law Department
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6601 | Main: +1.212.318.6000 | Fax: +1.212.319.4090 | caitlinbrown@paulhastings.com<mailto:caitlinbrown@paulhastings.com> |
www.paulhastings.com<http://www.paulhastings.com/>



From: Gelfand, Shira Z. <sgelfand@outtengolden.com<mailto:sgelfand@outtengolden.com>>
Sent: Friday, May 15, 2020 11:03 AM
To: Brown, Caitlin <caitlinbrown@paulhastings.com<mailto:caitlinbrown@paulhastings.com>>; Greene, Cara <ceg@outtengolden.com<mailto:ceg@outtengolden.com>>; Jumper, Maya <MJumper@outtengolden.com<mailto:MJumper@outtengolden.com>>
Cc: Gage, Kenneth W. <kennethgage@paulhastings.com<mailto:kennethgage@paulhastings.com>>; Simmons, Adriana N. <adrianasimmons@paulhastings.com<mailto:adrianasimmons@paulhastings.com>>
Subject: [EXT] RE: Rowe v. Google: Discovery and ESI Searches [IWOV-OGDMS.FID701188]

Hi Caitlin,

We believe that we have already provided a reasonable and narrow set of search terms with our March 25 letter. You did not respond to our search terms, except to say that Google would not be conducting another ESI search. We thoroughly reviewed your January ESI Search with ours and found almost no overlap. Therefore, its counterproductive and illogical to have to negotiate against ourselves. If you want to take a look at our ESI Search terms and give us your thoughts, we are happy to go from there.

Thanks,
Shira


[Outten & Golden LLP]<http://www.outtengolden.com>

Shira Z. Gelfand | Associate

685 Third Ave 25th Floor | New York, NY 10017

T 212-245-1000 | F 646-509-2090

sgelfand@outtengolden.com<mailto:sgelfand@outtengolden.com> | Bio

[Facebook]<https://www.facebook.com/Outten-Golden-LLP-341045386007681/> [Twitter] <https://twitter.com/outtengolden>
[Linkedin] <https://www.linkedin.com/company/outten-&-golden-llp> [Blog] <http://www.employmentlawblog.info/>

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
Please consider the environment before printing this e-mail.

From: Brown, Caitlin <caitlinbrown@paulhastings.com<mailto:caitlinbrown@paulhastings.com>>
Sent: Thursday, May 14, 2020 6:46 PM
To: Greene, Cara <CEG@outtengolden.com<mailto:CEG@outtengolden.com>>; Gelfand, Shira Z. <sgelfand@outtengolden.com<mailto:sgelfand@outtengolden.com>>; Jumper, Maya <MJumper@outtengolden.com<mailto:MJumper@outtengolden.com>>
Cc: Gage, Kenneth W. <kennethgage@paulhastings.com<mailto:kennethgage@paulhastings.com>>; Simmons, Adriana N. <adrianasimmons@paulhastings.com<mailto:adrianasimmons@paulhastings.com>>
Subject: Rowe v. Google: Discovery and ESI Searches

Hi Cara,

We wanted to let you know that we are working on collecting information in connection with the Court's order. Do you know when you might be able to send a revised ESI search proposal for discussion? As the Court has given us a tight turnaround, we want to make sure we have time to meaningfully confer to try to resolve the parties' disputes.

Thanks,

Caitlin


_____

<http://www.paulhastings.com/>

Caitlin D. Brown | Associate, Employment Law Department
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6601 | Main: +1.212.318.6000 | Fax: +1.212.319.4090 | caitlinbrown@paulhastings.com<mailto:caitlinbrown@paulhastings.com> | www.paulhastings.com<http://www.paulhastings.com/>

******************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE<https://www.paulhastings.com/global-privacy-statement>. If you have any questions, please contact Privacy@paulhastings.com<mailto:privacy@paulhastings.com>.

******************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE<https://www.paulhastings.com/global-privacy-statement>. If you have any questions, please contact Privacy@paulhastings.com<mailto:privacy@paulhastings.com>.

******************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE<https://www.paulhastings.com/global-privacy-statement>. If you have any questions, please contact Privacy@paulhastings.com<mailto:privacy@paulhastings.com>.

******************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.