# Exhibit 11

K5E5rowC                         telephonic proceeding

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ULKU ROWE,

              Plaintiff,              New York, N.Y.

         v.                           19 Civ. 8655 (LGS)

GOOGLE, LLC,

              Defendant.

------------------------------x
                                      May 14, 2020
                                      10:48 a.m.
Before:

                 HON. LORNA G. SCHOFIELD,

                                      District Judge


                       APPEARANCES


OUTTEN & GOLDEN, LLP
     Attorneys for Plaintiff
BY:  CARA GREENE


PAUL HASTINGS, LLP
     Attorneys for Defendant
BY:  KENNETH W. GAGE
BY:  CAITLIN D. BROWN
```

1   forward makes sense and Ms. Greene has proposed to us certain
2   parameters and we are in the process of trying to get our arms
3   wrapped around what that universe would look like and are
4   hoping would get that information soon so that we can share
5   some more information with opposing counsel to facilitate these
6   discussions.
7           THE COURT:  Okay.  That sounds good.
8           So let's move to the next issue which is -- let me
9   find the next issue -- complaints about discrimination.
10          So, I reject the defendant's position that the only
11  complaints that are relevant are complaints about the two
12  managers.  I think that that is not consistent with the case
13  law, at least as I read it most.  That doesn't mean, of course,
14  that other information and other complaints are necessarily
15  ultimately admissible but I think that they are within the
16  scope of proper scope of discovery.  So the question is, as I
17  understand it, the plaintiff is looking for all of the
18  complaints about discrimination, meaning pay or promotion or
19  retaliation from Google's New York office in the last five
20  years.
21          Is that right?
22          MS. GREENE:  Yes, your Honor.
23          THE COURT:  Let me hear from the defendant.  I am
24  rejecting your proposition that it should be limited to two.
25  If you want to make any remarks about the breadth of the

Case 1:19-cv-08655-JHR   Document 65-5   Filed 12/01/20   Page 4 of 6      13
K5E5rowC                        telephonic proceeding

1  request of the New York office in the last five years?

2  　　　　MR. GAGE:  Sure, your Honor.  Again, this is Ken Gage.

3  　　　　Part of the challenge here is Google has a robust
4  internal complaint process.  People raise all sorts of issues
5  and part of the challenge would be in identifying what would
6  qualify as the type of complaint that the plaintiff is looking
7  for here in the first instance and then collecting all
8  responsive documents relating to that complaint or those
9  complaints thereafter.  To say complaints of discrimination,
10 that doesn't really give us a precise way of finding things.
11 If an employee raises an internal complaint that her or his
12 boss didn't provide him or her with certain tools that they
13 needed, that arguably could be construed as a complaint of
14 discrimination so it is hard to --

15 　　　　THE COURT:  Let me stop you right there.

16 　　　　I understand your concern.  I think the plaintiff was
17 pretty precise.  I understand that having precise principles is
18 one thing and applying them is another, but what I am going to
19 do is ask you to meet and confer about the scope of the
20 production and specifically how you will identify what is
21 responsive and not and then come back to me if there are any
22 remaining issues to be resolved.  But, it sounds to me like you
23 need to talk to each other first.

24 　　　　But, in general, what I am ruling is that complaints
25 of gender discrimination specifically relating to pay or

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    promotion or retaliation should be provided if they were

2    complaints within the New York office in the last five years.

3            The next issue I believe has to do with the ESI

4    searches.  I am not exactly sure I understand what happened

5    here.  It sounds to me like Google fashioned its word searches

6    and then also followed up with the various custodians but that

7    there was no agreement either as to search terms or custodians.

8    Is that right?

9            MS. BROWN:  That's correct, your Honor.  This is

10   Caitlin Brown on behalf of Google.

11           THE COURT:  Okay.  Let me hear from Google because

12   that seems -- well, I mean on the one hand I commend you for

13   trying to meet the discovery schedule and get this thing going.

14   On the other hand, I would just say you must have known that

15   there was some risk involved if the plaintiffs hadn't agreed to

16   the search terms and the custodians.  On the other hand, I

17   would also say that the plaintiff is certainly within her right

18   to ask about that, although coming late given the schedule.

19           So, given all of that, what exactly is it that the

20   plaintiff -- I mean, as I understand it, the document retention

21   policy says there is only an 18-month retention period and in

22   this case there was, I presume, a discovery hold but that still

23   wouldn't change the fact that at least as of the date of the

24   hold there was only an 18-month retention period.  So, what

25   exactly is it that the plaintiff needs that hasn't been

K5E5rowC                      telephonic proceeding

1   produced that should be the subject of ESI?

2             MS. GREENE:  Thank you, your Honor.  This is Cara
3   Greene.

4             Just to step back for a moment, I think what happened
5   was because of the early discovery protocols people fashioned a
6   search, conducted that search before plaintiff's discovery
7   requests had even been served.  In plaintiff's discovery
8   request there was a section specifically related to ESI that
9   requests that the parties meet and confer and come to an
10  agreement as to how ESI would be conducted, how ESI searches
11  would be conducted.

12            So, from the time we first served our discovery
13  request we asked for the opportunity to meet and confer and
14  come to an agreement.  Since that time -- that was in
15  January -- we have repeatedly tried to engage on this issue and
16  didn't have the full information.  It was only after we filed
17  our request with the Court that we were even provided with the
18  search terms that Google had run previously.

19            In assessing those search terms and compared to the
20  search terms that we had composed this is very, very little
21  overlap.  The Google searches are very narrow in their scope,
22  they're very narrow in terms of their custodians.  Just by way
23  of example, there is no search with respect to Diane Greene who
24  is someone who, at various points of time, was involved in
25  decisions related to Ms. Rowe.  She is no longer with Google.