

1(212) 318-6046
kennethgage@paulhastings.com

December 4, 2020                                                                                                                                59605.00060

**VIA ECF**

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Ulku Rowe v. Google LLC*, Case No. 19-cv-08655 (LGS)(GWG)

Dear Judge Gorenstein:

We write in further support of Defendant Google LLC's motion for a protective order or, alternatively, motion to quash the deposition of former Chief Executive Officer of Google Cloud, Diane Greene. In her opposition to that motion (ECF 65 ("Pl.'s Opp.")), Plaintiff fails to justify her disproportionate and unnecessary request to depose Ms. Greene. Not only does she wholly ignore recent developments in the law, she also makes assertions about Ms. Greene's alleged unique knowledge that are inconsistent with or contradicted by the evidentiary record in this case. The deposition is nothing more than a fishing expedition, and Plaintiff has not shown otherwise. Google respectfully reiterates its request that this Court grant its motion.

   **1. Applicable Case Law Supports Google's Position that Ms. Greene's Duplicative Testimony Is Neither Necessary Nor Proportional To The Needs Of The Case.**

Well-established precedent disfavors the deposition of high-ranking corporate officers who possess no unique knowledge of relevant facts, or where the information sought can be obtained through other means. *See Choi v. Tower Research Capital LLC et al.*, No. 14-cv-09912(KMW)(GWG), at 2 (S.D.N.Y. Aug. 28, 2019) (Gorenstein, M.J.) (granting defendant's protective order to preclude deposition where plaintiff did not offer sufficient evidence that executive had "information that could not easily have been obtained through other discovery"), *report & recommendation aff'd*, No. 14-CV-9912 (KMW), 2019 WL 6271324, at *1 (S.D.N.Y. Nov. 22, 2019); *Hallmark Licensing LLC v. Dickens Inc.*, No. 17-CV-2149(SJF)(AYS), 2018 WL 6573435, at *5 (E.D.N.Y. Dec. 13, 2018) (denying plaintiff's motion to compel deposition testimony of corporate executive with relevant knowledge where executive's subordinates with knowledge of the same topics had been or were scheduled to be deposed); *Tiger Capital, LLC v. PHL Variable Ins. Co.*, No. 12 Civ. 2939(CM)(JCF), 2013 WL 4517267, at *5 (S.D.N.Y. Aug. 26, 2013) (denying deposition of senior executive when there is no evidence that the executive "possesses unique knowledge of relevant facts not known to witnesses who were deposed or will be deposed"); *Milione v. City Univ. of New York*, 950 F. Supp. 2d 704, 714 (S.D.N.Y. 2013) (precluding the deposition of CUNY Chancellor who affirmed by affidavit that he had no personal knowledge of the litigation, did not supervise plaintiff, and information had already been obtained from plaintiff's direct supervisor), *aff'd*, 567 F. App'x 38 (2d Cir. 2014); *Guzman v. News Corp.*, No. 09 Civ. 9323(BSJ)(RLE), 2012 WL 2511436, at *2 (S.D.N.Y. June 29, 2012) (precluding deposition of Board Chairman where plaintiffs failed to demonstrate "any special or unique knowledge relevant to the claims"); *Alliance Indus., Inc. v. Longyear Holding, Inc.*, No. 08CV490S, 2010 WL 4323071, at *4 (W.D.N.Y. Mar. 19, 2010) ("apex" depositions are "disfavored in this Circuit," noting that "apex" deposition would be needlessly cumulative, and barring plaintiff's request to depose defendant's president) (citation omitted); *Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*, No. 07 Civ. 9580(HB), 2008 WL 5099957, at *1 (S.D.N.Y. Dec. 3, 2008) ("[R]edundant depositions should be avoided, and senior executives should be deposed only if they possess unique personal knowledge related to the relevant issues in the case."); *Harris v. Computer Assocs. Int'l, Inc.*, 204 F.R.D. 44, 46 (E.D.N.Y. 2001) ("When a vice president can contribute nothing more than a lower level employee, good cause is shown to not take



Hon. Gabriel W. Gorenstein
December 4, 2020
Page 2

the deposition."). Plaintiff is willfully blind to this body of case law.

Instead, Plaintiff reaches as far back as the 1970s for contrary, outdated cases, that are in some instances older than most of the attorneys of record. In her entire submission, there is a single case[1] that post-dates the 2015 amendments to Rule 26 of the Federal Rules of Civil Procedure, and for obvious reason: recent cases do not support her request to depose Ms. Greene. The 2015 amendments emphasize proportionality of discovery in addition to relevance, and encourage courts "'to be more aggressive in identifying and discouraging discovery overuse' by emphasizing the need to analyze proportionality before ordering production of relevant information, including deposition testimony." *See Homeward Residential, Inc. v. Sand Canyon Corp.*, No. 12-CV-5067(AT)(JLC), 2016 WL 11662178, at *3 (S.D.N.Y. Feb. 3, 2016). On that basis, courts—including this one—have denied attempts to depose senior executives as disproportional to the needs of the case, even if the deposition would elicit relevant testimony. *Id.*; *Choi*, No. 14-cv-09912-KMW-GWG, at 1 n.1, –2 (Gorenstein, M.J.) (granting defendant's protective order and noting plaintiff failed to cite supporting case law post-dating 2015 amendments); *Hallmark Licensing LLC*, 2018 WL 6573435, at *5 (denying plaintiff's motion to compel deposition testimony of corporate executive where at least three other witnesses in possession of same knowledge as executive were available to testify).

### 2. There Are No Facts Establishing Ms. Greene Possesses Unique Knowledge.

Plaintiff's accusation that Google unjustifiably delayed seeking court intervention in light of Plaintiff's "repeated reiterations of her intent to proceed with Ms. Greene's deposition" is striking for two reasons. First, the accusation is unfounded. Google's letter makes clear, and Plaintiff does not dispute, that the parties engaged in a good faith effort to resolve this issue absent court intervention. (*See* ECF 62 at 1–2.) On October 29, 2020, Plaintiff indicated a willingness to review declarations that might obviate Ms. Greene's testimony. (*Id.* at 1.) Google suggested the parties revisit the necessity of Ms. Greene's deposition after the depositions of Brian Stevens and Stuart Vardaman, individuals involved in certain of the challenged decisions about which Plaintiff intends to depose Ms. Greene. (*Id.* at 1–2) Plaintiff did not oppose this suggestion. (*Id.*) Those depositions occurred, and Google provided declarations of both Tariq Shaukat and Ms. Greene to demonstrate her lack of unique knowledge. (*Id.* at 2.) As soon as Plaintiff refused to change her position on November 23, 2020, Google filed its letter seeking court intervention. (*Id.* at 2.) The timing of Google's submission was the result of the agreed-to meet and confer process, not the product of inexplicably delay. If Plaintiff knew she would pursue Ms. Greene's deposition from the start, regardless of what the facts in discovery would show, she should have said so in the first instance.

Second, Plaintiff's position highlights her utter disregard for the evidence that Ms. Greene lacks unique knowledge of the facts. After depositions of at least three of Ms. Greene's subordinates, receipt of two

---

[1] That single decision, *Burnett v. Wahlburgers Franchising LLC*, No. 16 CV 4602 (WFK), 2018 U.S. Dist. LEXIS 114548 (E.D.N.Y. July 10, 2018), is distinguishable on its facts. There, the party seeking to preclude the deposition did not offer a declaration or affidavit establishing that the deponent lacked unique testimony. *Id.* at *7–8. Many of the other decisions plaintiff cites are distinguishable on the same basis. *See, e.g.*, *Angiodynamics, Inc. v. Biolitec, Inc.*, No. 1:08-CV-004 (LEK/RFT), 2010 U.S. Dist. LEXIS 149147, at *8 (N.D.N.Y. Sep. 17, 2010) ("Biolitec failed to submit an affidavit from Dr. Neuberger, relying instead on a second-hand affidavit from its corporate counsel, who attests to Neuberger's lack of unique, relevant knowledge."); *Gen. Star Indem. Co. v. Platinum Indem., Ltd.*, 210 F.R.D. 80, 83 (S.D.N.Y. 2002) ("[N]either Montross nor Ferguson submitted affidavits at all, let alone affidavits swearing that they lack relevant knowledge or that their knowledge is identical to Roberts's. Instead, General Star relies on an affidavit from Roberts alone."); *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 90 Civ. 7811(KC), 1993 WL 34678, at *2 (S.D.N.Y. Feb. 4, 1993) (affidavit disclaiming unique knowledge offered in support of motion for protective order provided by defendant's attorney rather than executive witnesses).



Hon. Gabriel W. Gorenstein
December 4, 2020
Page 3

declarations (including one from Ms. Greene herself), and production of ESI for which Ms. Greene is a custodian—all of which demonstrate Ms. Greene's remoteness from the decisions at issue—Plaintiff remains undeterred.  Each time Google demonstrates that Ms. Greene's deposition testimony would be wholly cumulative, Plaintiff conjures yet another reason to depose Ms. Greene.  Counsel's November 19, 2020, email set forth Plaintiff's bases for deposing Ms. Greene as of that date.  (ECF 62-7.)  Now, after Google demonstrated those topics could, and indeed were, covered by other witnesses in deposition, plaintiff has added yet another deposition topic to her list: Ms. Greene's alleged involvement in and approval of "moving individuals employed in OCTO, including Plaintiff, to Mr. Shaukat's organization." (Pl.'s Opp. at 3.)  This newly asserted basis fails for the same reason as all the others.  Plaintiff has already had the opportunity to depose Brian Stevens and Tariq Shaukat about this precise topic.  (Tomezsko Decl., Exh. 1 ("Shaukat Trans."), 82:8-84:23 (describing thought process behind moving individuals from OCTO into Mr. Shaukat's organization and intended organizational design);  Exh. 2 ("Stevens Trans."), 64:25–65:21 (discussing plaintiff's move from OCTO to Mr. Shaukat's organization); 72:8-22 (discussing "e-mail, from [Mr. Stevens] about moving those in OCTO with industry experience into Tariq's group").)

Plaintiff's other grounds for deposing Ms. Greene similarly ignore the arguments and case law set forth in Google's initial submission, which Google need not recite here.  (ECF 62.)  Plaintiff offers no evidence to support her assertion that Ms. Greene was involved in any leveling decisions with respect to Plaintiff or any alleged comparator.  (Pl.'s Opp. at 2–3.)  Ms. Greene has no recollection of participating in the decisions related to a candidate's compensation or level, (ECF 62-1 ("Greene Decl."), ¶ 5), and her only involvement in the hiring process for one of plaintiff's alleged comparators was limited to approving his hire from a Google Cloud customer.  (*Id.*, ¶ 6.)

Plaintiff's reliance on her Exhibit 6[2] to overcome this limitation is misplaced.  That document shows merely that Ms. Greene reviewed decisions made by others already deposed in this case, which is entirely consistent with her declaration.  (Greene Decl., ¶ 5.)  It does not suggest that Ms. Greene made any decisions with respect to any candidate's level or compensation.  Nor does Exhibit 6 establish that Ms. Greene was in fact involved in Plaintiff's hire, only that <u>had</u> she been involved she may have recorded notes in a document "shared with the recruiter, and she would tell the recruiter if it was OK to send [the hiring packet] to Urs or not."  (Pl.'s Ex. 6 at GOOG-ROWE-00018001.)  Google has undertaken a diligent search for any notes associated with Plaintiff's hiring process and has located none from Ms. Greene.  Plaintiff will have the opportunity to depose the recruiter in question, Jennifer Burdis, this month.  Plaintiff may elicit all relevant testimony about Ms. Greene's supposed involvement in the hiring process—if any—from Ms. Burdis.

Plaintiff's specious assertion that Ms. Greene "oversaw hiring for the[] vertical roles" in Mr. Shaukat's organization is unsupported by the record.  Mr. Shaukat was the ultimate decision-maker with respect to the only role at issue, the Head of Financial Services.  (ECF 62-2, ("Shaukat Decl."), ¶¶ 6, 11.)  The fact that Ms. Greene wanted Mr. Shaukat to prioritize hiring for the Financial Services Vertical and potentially consider director-level candidates in his search does not suggest that she was personally involved in or "oversaw" the hiring process itself.  It simply defies logic to assume a CEO of an organization of approximately 25,000 people with 18 direct reports of her own would personally oversee the hiring process of one of her executive subordinates.  (Greene Decl., ¶ 2.)  Plaintiff's assertion that she did is pure speculation.

The "daily briefings" on which plaintiff relies are simply requests to schedule interviews with plaintiff and

---

[2] This document, and others marked "Confidential" or "Attorneys' Eyes Only" during discovery were submitted to Chambers to allow Google to move to retain the documents under seal.  (ECF 65 at 2 n.1.)



Hon. Gabriel W. Gorenstein
December 4, 2020
Page 4

the two female finalists[3] for the role.  (Pl.'s Exs. 7–9.)  Google does not dispute that Ms. Greene met with two finalist candidates, but Ms. Greene's thoughts about their qualifications are irrelevant to whether Mr. Shaukat believed Plaintiff was qualified.  Whether Ms. Greene thought they were perfectly qualified, underqualified, or anything in between does not matter in the least; it is facially implausible that gender played any role in Mr. Shaukat's assessment of Plaintiff's candidacy when both finalists were women.

Ms. Greene's "personal reason" for agreeing to meet with Plaintiff at Mr. Shaukat's request—to the extent not already established for the record by Mr. Shaukat's testimony—is wholly irrelevant.  It is undisputed that her meeting with Plaintiff was cancelled in light of Ms. Greene's announced departure from Cloud.  (Shaukat Decl., ¶ 18; ECF 62-8 ("Rowe Trans."), 283:16-25.)  In any event, Ms. Greene has already reviewed the portion of Mr. Shaukat's declaration regarding his request that Ms. Greene meet with plaintiff and has stated she has nothing more to add or no unique knowledge beyond what Mr. Shaukat already provided.  (Greene Decl., ¶ 13.)[4]

Finally, Plaintiff's argument that she is entitled to depose Ms. Greene about complaints of alleged discrimination, whether Plaintiff's November 17, 2018, concern that she was under-leveled at hire[5] or complaints of gender discrimination generally, fares no better.  Ms. Greene has already testified that she has no unique knowledge of Mr. Shaukat's handling of Plaintiff's November 17, 2018, email (or the email itself) beyond what Mr. Shaukat included in his declaration.  (Greene Decl., ¶¶ 14, 15.)  Plaintiff claims she is entitled to refresh Ms. Greene's recollection at deposition, but Ms. Greene has already reviewed the email in question and could not recall any additional information about the document or Plaintiff's concerns.  (Id., ¶ 14.)  As to the general complaints of gender discrimination, this topic was specifically covered in a 30(b)(6) deposition with Bernita Jamison, Google's Head of Employee Relations.  (Tomezsko Decl., ¶ 4 & Ex. 3.)  In addition, Google has already produced to Plaintiff a comprehensive set of complaints by New York-based employees concerning allegations of gender discrimination in hiring, leveling, or promotion, and complaints alleging retaliation for raising concerns about gender discrimination, as reflected in Google's internal systems.  (Id., ¶ 6.)  There is no justification for Plaintiff's attempt to also depose Ms. Greene about this topic when she has already had the opportunity to depose Google's corporate witness about the same.

---

[3] Plaintiff misrepresents that Ms. Greene "personally interviewed all candidates for the VP/Head of Financial Services, Vertical Lead role except Plaintiff." (Pl.'s Opp. at 3.)  Ms. Greene met with the two finalist candidates for the role.  (Shaukat Decl., ¶ 11.)  Plaintiff's own exhibits demonstrate that there were approximately five candidates interviewed and considered for the role, some of whom were not finalists and therefore did not meet with Ms. Greene.  (Pl.'s Ex. 10 at GOG-ROWE-00057005.)

[4] Plaintiff overstates the nature of the communication referenced in Exhibit 10 as "messaging to Plaintiff regarding her prospects for the VP/Head of Financial Services role."  (Pl.'s Opp. at 4.)  The referenced communication is submitted herewith.  (Tomezsko Decl., ¶ 5 & Ex. 4.)  According to Mr. Shaukat, "The basic point [of the communication] was from me and Brian [Stevens] – your role hasn't changed[,] it is just going to another manager.  Told her I would be happy to consider her as part of the process we were kicking off."  (Pl.'s Ex. 10 at GOOG-ROWE-00056995.)  Plaintiff had the opportunity to depose both Mr. Shaukat and Mr. Stevens about this exchange.

[5] Plaintiff makes much of the fact that Mr. Shaukat failed to recall a conversation with Ms. Greene about plaintiff's November 17, 2018, email during his deposition.  (Pl.'s Opp. at 5.)  Notably, the one case citation in this section of plaintiff's letter does not address at all a plaintiff's "entitlement" to ascertain whether decision-makers' testimony is "inconsistent or contradictory," as she suggests.  (Id. (citing Mikorenda v. Town of Brookhaven, No. Civ. 041857, 2005 WL 8160874, at *2 (E.D.N.Y. May 23, 2005).)  Had counsel asked Mr. Shaukat directly whether he had spoken with Ms. Greene about the November 17, 2018, email (which she had every opportunity to do), it may have prompted his recollection, as he explained, "This was several years ago and it's not top of mind or the conversations aren't top of mind."  (Pl.'s Ex. 2.)



Hon. Gabriel W. Gorenstein
December 4, 2020
Page 5

### 3. Conclusion

Plaintiff has not, and cannot, introduce any evidence to support Ms. Greene's role as a "decision-maker" with respect to the leveling, compensation, and promotion decisions Plaintiff challenges in this lawsuit. Plaintiff's insistence that "Ms. Greene is the sole possessor of her individual thoughts, opinions, and professional positions taken on relevant business decisions" is entirely misplaced.  (Pl.'s Opp. 5.)  The well-established doctrine affording special protections to executives dictates that Ms. Greene's individual knowledge and opinion is only discoverable if it is relevant, unique, and not more easily obtained through other sources.  Absent that showing, this Court may exercise its discretion to preclude Ms. Greene's testimony.  Here, Google respectfully requests that this Court do so.  Ms. Greene's deposition would be needlessly cumulative of other witnesses' testimony, and not proportional to the needs of this case.


Sincerely,

Kenneth W. Gage

of PAUL HASTINGS LLP


cc: All counsel of record (via ECF)


LEGAL_US_W # 105971503.4