**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ULKU ROWE,<br><br>           Plaintiff,<br><br>     -against-<br><br>GOOGLE LLC,<br><br>           Defendant. | No. 1:19-cv-08655 (LGS)(GWG)<br><br>**DECLARATION OF BERNITA JAMISON IN SUPPORT OF MOTION TO SEAL** |

I, BERNITA JAMISON, declare:

1.     I am the Head of Employee Relations for Defendant Google.  I have personal knowledge of the facts set forth in this declaration, or know them to be true in my capacity as an employee for Google based on records that Google keeps in the regular course of business.  I could and would competently testify to these facts under oath if called as a witness.

2.     I have held my current position at Google for approximately two years.  In my current role, I oversee the operations of Google's Employee Relations team, a group of investigators assigned to look into Google employees' concerns about potential violations of Google's policies against harassment, discrimination, retaliation, and bullying.  Prior to becoming the Head of Employee Relations, I was an Employee Relations Manager responsible for managing a team of investigators, and prior to that I was an Employee Relations partner responsible for conducting those investigations myself.

3.     I understand that Plaintiff Ulku Rowe has submitted documents identified as Exhibits 6 and 10 under seal with her opposition to Google's request to prevent the deposition of a former executive.  I have reviewed those documents and they contain Employee Relations investigators' notes taken during the confidential investigations into concerns raised by plaintiff

Ulku Rowe. I also understand that Google has marked these documents as "Confidential" pursuant to the protective order governing the treatment of confidential information in this case.

4. By virtue of my role, I am familiar with the steps Google takes to preserve the confidential nature of its workplace investigations into discrimination, harassment, retaliation, and bullying. It is critically important that Google maintain the confidentiality of its workplace investigations to the extent possible, consistent with the need to conduct a full and thorough investigation. Google employees must feel comfortable raising their concerns and participating in the investigation in order for the process to work. Confidentiality is a key component of this process. Without it, Google employees may not feel comfortable fully disclosing their concerns to Employee Relations, and may feel exposed to the threat of retaliation. In my personal experience as an Employee Relations investigator, it is not uncommon for a complainant to seek assurances that his or her complaint will be treated confidentiality during the course of the investigation, and that his or her privacy interests will not be compromised by virtue of having come forward with a complaint.

5. Confidentiality of the investigation also protects the privacy of third-party witnesses who participate in Google's investigation process. Employee Relations investigations often require interviews of other employees with knowledge of the complained-of events, and it is important for Employee Relations to interview those individuals to get a full and complete understanding of what occurred and assess whether the conduct amounts to a violation of Google's policies against discrimination, harassment, retaliation and bullying. Assurance of confidentiality (again, to the extent possible to permit a complete and thorough investigation), allows these witnesses to provide candid and complete information necessary to fully investigate

a complaint.  Without it, individuals may be discouraged from participating in the process and providing investigators with a complete understanding of the relevant facts.

6. Confidentiality also protects the privacy of individuals wrongfully or mistakenly accused of violating Google's policies against discrimination, harassment, retaliation and bullying.  Not every complaint investigated by Employee Relations is substantiated.  For example, Employee Relations may conclude at the end of an investigation that what a complainant believed to be discrimination on the basis of the complainant's membership in a protected class is actually a decision made for legitimate business reasons.  Confidentiality assures that individuals accused of wrongdoing are not harmed by unsubstantiated accusations.  If individuals accused of wrongdoing are found to have violated Google policy, however, Employee Relations recommends appropriate discipline up to and including termination to address those violations.

7. Finally, confidentiality protects the privacy of third parties whose names are mentioned during the course of an investigation but who otherwise did not participate in any of the complained-of events.  Often during an investigation, the employee raising complaints will refer to one or more peers they believe were treated differently, and the Employee Relations investigator may ask questions about those Google employees to assess whether the complainant had been treated less favorably than his or her peers.  Confidentiality of the investigation process is critical to ensure that personal and/or personnel information for those innocent third-parties is not widely disclosed.

8. For these reasons, I and others on my team instruct Employee Relations investigators to take several steps to maintain the confidentiality of an investigation and documents created during the investigation process.  Access to documents containing the

substance of a complaint and the investigator's notes are restricted to only those within Employee Relations or Google's legal team.  These documents are also labeled "Confidential" in the ordinary course.  Investigators are instructed to, and do, remind employees at the start or end of every investigation interview that the process is intended to be confidential, (*see* Pl.'s Ex. 6 (bullets for "Shared confidentiality & non-retaliation policies" and "Confidentiality" at start of witness interviews on pages GOOG-ROWE-00017998 and 18001, respectively); Pl.'s Ex. 10 (bullets referencing "Confidentiality" at start of witness interviews on pages GOOG-ROWE-00056990, 56993, 57001, 57004, 57007, 57010, and 57012)), and are careful to reveal only as much information about the complaint as is necessary to conduct a complete and thorough investigation.  An investigator's notes are not shared with interviewees (although interviewees are permitted to take their own notes if they wish).  (*See* Pl.'s Ex. 10 at GOOG-ROWE-00057012).  Generally, only complainants themselves or those accused of policy violations are provided with the Employee Relations investigator's findings or conclusions at the close of an investigation, and even then, the details of those findings are limited to only what the individual needs to know.

9. Employee Relations also instructs managers who may receive employee complaints to assure the complaining employee that his or her concerns will be handled confidentially to the extent possible.  Employee Relations publishes manager information sheets about the investigation process and how to escalate employee complaints that explicitly cover confidentiality.

LEGAL_US_W # 105968961.2

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed on the 4th day of December, 2020 at waxhaw, NC.

DocuSigned by:
*Bernita Jamison*
F04AC12EEB354A6...
Bernita Jamison