# Exhibit 6

OUTTEN & GOLDEN LLP
Cara E. Greene
Maya S. Jumper
Shira Z. Gelfand
685 Third Avenue
25th Floor
New York, NY 10017

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE,<br><br>                         Plaintiff,<br><br>          v.<br><br>GOOGLE LLC,<br><br>                         Defendant. | Case No. 1:19-cv-8655 (LGS)(GWG)<br><br>**[PROPOSED]**<br>**SUPPLEMENTAL COMPLAINT**<br><br>**Demand for Trial by Jury** |

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiff files this Supplemental Complaint containing facts that pertain to events arising after the filing of Plaintiff's Amended Complaint and pleads additional claims of retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 20002e *et seq.*, the New York City Human Right Law ("NYCHRL"), New York City Administrative Code §§ 8-101 *et seq.*, the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §§ 206(d), 215, and the New York Equal Pay Law ("NYLL"), *as amended*, N.Y. Lab. L. Art. 6, §§ 194, 215, against Defendant Google, LLC that could not have been pled in Plaintiff's initial Complaint, ECF No. 1, or Plaintiff's Amended Complaint, ECF No. 12. Plaintiff incorporates by reference all allegations set forth in her Amended Complaint, and alleges, upon knowledge, information and belief to the following.

## SUPPLEMENTAL FACTUAL ALLEGATIONS

1. On September 17, 2019, Plaintiff Ulku Rowe filed her initial Complaint alleging claims of unequal pay, sex and gender discrimination, and retaliation, pursuant to the Equal Pay Act of 1963, 29 U.S.C. § 206(d); New York's Equal Pay Law, *as amended*, N.Y. Lab. L. Art. 6, § 194; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq*.

2. On November 22, 2019, after receiving a Notice of Right to Sue from the Equal Employment Opportunity Commission, Plaintiff amended her initial Complaint to include sex discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (the "Amended Complaint").

3. On December 6, 2019, Defendant Google LLC filed its Answer to the Amended Complaint in this case.

4. Following the commencement of this case, in October 2019, Defendant initiated an investigation into Plaintiff's complaints of unequal pay, discrimination, and bias, which was conducted by Defendant's Employee Relations ("ER") department.

5. As part of the ER investigation, Defendant interviewed the executive recruiter involved in the recruitment and selection process for the Vice President of Financial Services role (the "Executive Recruiter").

6. On January 22 and 29, 2020, the Executive Recruiter discussed with ER his involvement in the recruitment process for the Vice President of Financial Services role, the position Plaintiff alleged she had been unlawfully denied. During that interview, the Executive Recruiter described Plaintiff in gendered terms, including "abrasive," "cantankerous," and "bristly."

7. The Executive Recruiter understood that he was being interviewed in connection

with claims of discrimination that Plaintiff had asserted.

8. In February 2020, Plaintiff learned from the hiring manager of another Vice President role for which Defendant was hiring, the Vice President of Sales for Financial Services (the "VP Sales" role). Plaintiff expressed to the hiring manager that she was interested in the VP Sales role.

9. On February 4, 2020, Plaintiff sent correspondence to the Executive Recruiter seeking further information regarding the VP Sales role. The Executive Recruiter acknowledged Plaintiff's interest in the role and forwarded to her the job description.

10. On February 5, 2020, Plaintiff reiterated to the Executive Recruiter her desire to be considered for the VP Sales role and requested that the Executive Recruiter provide her with guidance on the next steps.

11. The Executive Recruiter failed to respond to Plaintiff's emails or provide Plaintiff the additional information she requested. Days later, after being unresponsive to Plaintiff's emails requesting follow-up information on the application process, the Executive Recruiter told Plaintiff that he would schedule a meeting to discuss an "update" with her.

12. On February 25, 2020, the Executive Recruiter scheduled a meeting with Plaintiff and informed her that she would not be considered for the VP Sales role at all.

13. Plaintiff was qualified for the VP Sales role.

14. Defendant never interviewed or meaningfully considered Plaintiff for the VP Sales role.

15. On information and belief, Defendant's refusal to meaningfully consider Plaintiff for the VP Sales role was retaliation for Plaintiff's protected complaints.

## SUPPLEMENTAL CLAIMS FOR RELIEF

### SECOND CAUSE OF ACTION
**Retaliation in Violation of Title VII of the
Civil Rights Act of 1964 (42 U.S.C. § 2000e-3)**

16.     Plaintiff hereby supplements the Second Cause of Action in the Amended Complaint to incorporate the allegations in the preceding paragraphs.

### SIXTH CAUSE OF ACTION
**Retaliation in Violation of
New York City Human Rights Law (N.Y.C. Admin. Code § 8-101 *et seq.*)**

17.     Plaintiff hereby supplements the Sixth Cause of Action in the Amended Complaint to incorporate the allegations in the preceding paragraphs.

### SEVENTH CAUSE OF ACTION
**Retaliation in Violation of
the Equal Pay Act of 1963 (29 U.S.C. § 206(d))**

18.     Plaintiff realleges and incorporates by reference all allegations in Amended Complaint and the preceding paragraphs.

19.     Plaintiff engaged in protected activities under the Equal Pay Act by, among other things, commencing this action and opposing unlawful pay practices.

20.     Defendant violated the Equal Pay Act when it treated Plaintiff less well because she commenced this action and opposed unlawful pay practices.

21.     As a consequence of Defendant's unlawful acts, Plaintiff has been deprived of compensation and is entitled to recovery of such amounts plus liquidated damages for all willful violations, pre-judgment and post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 206(d), 215.

## EIGHTH CAUSE OF ACTION
### Retaliation in Violation of
### New York Labor Law (N.Y. Lab. L. Art. 6, § 194)

22.  Plaintiff realleges and incorporates by reference all allegations in Amended Complaint and the preceding paragraphs.

23.  Plaintiff engaged in protected activities under New York Labor Law by, among other things, commencing this action and opposing unlawful pay practices.

24.  Defendant violated the New York Labor Law when it treated Plaintiff less well because she commenced this action and opposed unlawful pay practices.

25.  As a consequence of Defendant's unlawful acts, Plaintiff has been deprived of compensation and is entitled to recovery of such amounts plus liquidated damages for all willful violations, pre-judgment and post-judgment interest, attorneys' fees, costs, and other compensation pursuant to N.Y. Lab. L. Art. 6 §§ 194, 215.

## SUPPLEMENTAL PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.  Declare the acts and practices complained of herein and in the Amended Complaint to be violations of Title VII, the EPA, NYLL, and the NYCHRL;

B.  Enjoin and permanently restrain these violations of Title VII, the EPA, NYLL, and the NYCHRL;

C.  Direct Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D.  Direct Defendant to instate Plaintiff into the position(s) she was denied or a comparable position, or in the alternative, set Plaintiff's compensation and benefits at a

comparable level to those position(s);

  E. Award Plaintiff damages to make her whole for all earnings she would have received but for Defendant's unlawful treatment, including, but not limited to, wages, bonuses, equity awards, pension and retirement benefits, health care coverage, and other lost benefits, including future lost wages and benefits;

  F. Direct Defendant to pay liquated damages of one hundred percent under the EPA and three hundred percent under NYLL;

  G. Direct Defendant to pay punitive damages under the NYCHRL and Title VII in an amount to be determined by the jury;

  H. Award Plaintiff damages to compensate for any adverse tax consequences;

  I. Award pre-judgment interest at the statutory rate of 9%;

  J. Award Plaintiff attorneys' fees, costs, and disbursements pursuant to applicable law; and

  K. Award such other legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Supplemental Complaint and Plaintiff's Amended Complaint.

Dated: New York, New York
December 10, 2020

Respectfully submitted,

_____
Cara E. Greene

Cara E. Greene
Maya S. Jumper
Shira Z. Gelfand
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2071
ceg@outtengolden.com
mjumper@outtengolden.com
sgelfand@outtengolden.com

*Attorneys for Plaintiff*