

Advocates for Workplace Fairness

**MEMORANDUM ENDORSEMENT**

Cara E. Greene, Esq.
ceg@outtengolden.com

December 10, 2020

**The premotion conference requirement is waived. Briefing shall be in accordance with this Court's Individual Practices.**

**Via ECF:**
The Honorable Gabriel W. Gorenstein
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007

**So Ordered.**

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
**December 10, 2020**

Re: <u>*Ulku Rowe v. Google LLC*, Case No. 19-cv-08655 (LGS)(GWG)</u>

Dear Judge Gorenstein:

     We represent Plaintiff Ulku Rowe in the above-referenced matter. We write pursuant to Section III.C.3 of Your Honor's Individual Practices and Local Rule 37.2 to request a pre-motion conference in anticipation of Plaintiff's motion for leave to supplement the pleadings pursuant to Federal Rule of Civil Procedure 15(d) to add related and supplemental allegations of retaliation that transpired after the filing of Plaintiff's initial Complaint, ECF No. 1, and Amended Complaint, ECF No. 12. For the reasons set forth below, Defendant will not be prejudiced by said supplementation and Plaintiff's supplementation would not be futile. Pursuant to Your Honor's Individual Practice Rules 2.A, Plaintiff informed Defendant of her intent to amend the pleadings on Thursday, December 3, 2020.[1] On December 7, Plaintiff requested that Defendant consent to the relief requested in this Motion. Defendant opposes the requested relief.[2]

**I.**     <u>**Plaintiff Seeks to Supplement to Include Events Occurring After the Commencement of this Action.**</u>

     On September 17, 2019, Plaintiff Ulku Rowe filed her initial Complaint, ECF No.1, alleging claims of unequal pay, sex and gender discrimination, and retaliation, pursuant to the Equal Pay Act of 1963, 29 U.S.C. § 206(d); New York's Equal Pay Law, *as amended*, N.Y. Lab. L. Art. 6, § 194; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq*. Upon receipt of Plaintiff's Notice of Right to Sue from the Equal Employment Opportunity Commission, Plaintiff amended her initial Complaint to include sex discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"). *See* ECF No. 12.

---

[1]     Plaintiff conducted the deposition of Stuart Vardaman on November 17, 2020, and on Thursday, December 3, during a meet and confer conference with counsel for Defendant, counsel for Plaintiff informed Defendant of her intent to amend the pleading to include the additional retaliation claims.

[2]     Plaintiff submits three of the five exhibits cited herein under separate cover to the Court, as they have been marked by Defendant as confidential pursuant to the Protective Order in this case. Plaintiff has provided Defendant with a copy of the documents and Defendant has indicated that it continues to assess its position regarding the confidentiality of these documents.

New York    685 Third Avenue   25th Floor   New York, NY 10017   Tel (212) 245-1000   Fax (646) 509-2060
Chicago    161 N Clark Street   Suite 1600   Chicago, IL 60601   Tel (312) 809-7010   Fax (312) 809-7011
San Francisco    One California Street   12th Floor   San Francisco, CA 94111   Tel (415) 638-8800   Fax (415) 638-8810
Washington DC    601 Massachusetts Ave NW   Suite 200W   Washington, DC 20001   Tel (202) 847-4400   Fax (202) 847-4410
www.outtengolden.com

The Honorable Gabriel W. Gorenstein
December 10, 2020
Page 2 of 3

Among other things, Plaintiff alleged that Defendant discriminated against her by hiring her at a lower level and paying her less compensation than her similarly situated male peers, denying her additional earned compensation, and denying her a promotion for which she was the most qualified – the Vice President of Financial Services ("VP") position. In addition to Plaintiff's claims of discrimination, Plaintiff asserted that Defendant retaliated against her by demoting her after she complained about Google's discriminatory actions.

Following the filing of her complaint, in October 2019 through April 2020, Defendant undertook an internal investigation of Ms. Rowe's claims, which was conducted by the company's Employee Relations ("ER") team. As the ER notes detail, on January 22 and 29, ER interviewed Stuart Vardaman, the recruiter who ran the recruitment process for the VP position. In that interview, Mr. Vardaman described Plaintiff as "abrasive," "cantankerous," and "bristly," evidence of his personal bias against Ms. Rowe. *See* Exhibit 3, GOOG-ROWE-000057001-000057006. Ms. Rowe only learned details of this investigation as a result of discovery in this matter.

The same month, in February 2020, Plaintiff participated in a one-on-one meeting with Kristen Kliphouse, the head of the North American Sales organization at Google. *See* Exhibit 4, Rowe Tr. 289:24-290:25. During that meeting, Ms. Kliphouse informed Plaintiff about another Vice President role, the VP of Sales for Financial Services ("VP Sales"), and Plaintiff informed Ms. Kliphouse that she was interested in the role. *Id.* In response, Ms. Kliphouse instructed Plaintiff to follow up with the executive recruiter for the role, Mr. Vardaman. *Id.* On February 4, 2020, Plaintiff sent correspondence to Mr. Vardaman seeking further information regarding the VP Sales role. *See* Exhibit 5, Vardaman Tr. 130:21-131:22. Mr. Vardaman acknowledged Ms. Rowe's interest in the role and forwarded to her the job description. Exhibit 1, GOOG-ROWE-P-00004412; *see also* Exhibit 5, 132:13-135:22.

On February 5, Plaintiff reiterated to Mr. Vardaman her desire to be considered for the VP Sales role and requested that Mr. Vardaman provide her with guidance on the next steps. *See* Exhibit 2, GOOG-ROWE-000060571. Mr. Vardaman failed to respond to Plaintiff's emails or provide Plaintiff the additional information she requested. Days later, after being unresponsive to Plaintiff's emails requesting follow-up on the application process, Mr. Vardaman told Plaintiff that he would schedule a meeting to discuss an "update" with her. *See* Exhibit 4, Rowe Tr. 291:2-23; *see also* Exhibit 1. On February 25, Mr. Vardaman scheduled a meeting with Plaintiff and another recruiter, and informed her that she would not be considered for the VP Sales role at all.

As the discovery record makes clear, Google refused to provide Plaintiff with an application for the position, failed to schedule Plaintiff for an interview, failed to provide Plaintiff with information regarding the application process, and ultimately failed to meaningfully consider Plaintiff for the role, despite her qualifications. Google's refusal to meaningfully consider Plaintiff for the VP Sales role, only weeks after the recruiter, Mr. Vardaman, was interviewed by ER with respect to Ms. Rowe's complaints, is strong evidence of retaliation. *See Zann Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 845 (2d Cir. 2013) (affirming temporal proximity between a protected activity and adverse action is sufficient to demonstrate causation at the *prima facie* stage of a retaliation claim). Accordingly, Plaintiff now seeks to supplement her Amended Complaint to include the additional retaliation claims based on these underlying facts that occurred after Plaintiff filed her initial and Amended Complaints.

The Honorable Gabriel W. Gorenstein
December 10, 2020
Page 3 of 3

**II.      Plaintiff's Request to Supplement is Appropriate.**

Federal Rule of Civil Procedure 15 provides, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Motions made pursuant to Rule 15(d) "are evaluated by the Court under the same standards used to evaluate motions to amend pleadings under paragraph (a) of the same rule." *Bemben v. Fuji Photo Film U.S.A., Inc.*, No. 01 Civ. 8616, 2003 WL 21146709, at *1 (S.D.N.Y. May 19, 2003). Therefore, courts are instructed to "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, "[t]he Second Circuit has characterized Rule 15 as encompassing a "liberal" amendment policy." *Amusement Indus., Inc. v. Stern*, No. 07 Civ. 11586, 2014 WL 4460393, at *9 (S.D.N.Y. Sept. 11, 2014). "Absent undue delay, bad faith, failure to cure deficiencies by amendments previously allowed, futility of the amendment or undue prejudice to the opposing party in allowing the amendment, leave to amend should be granted." *New York State Nat. Org. for Women v. Cuomo*, 182 F.R.D. 30, 35 (S.D.N.Y. 1998). The non-movant bears the burden of showing prejudice, bad faith and futility of the amendment. *Grant v. Citibank (S. Dakota), N.A.*, No. 10 Civ. 2955 KNF, 2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010).

Following the underlying factual events and the acquisition of relevant information necessary to fully and comprehensively supplement Plaintiff's Amended Complaint, Plaintiff acted promptly to inform Defendant of its intent to supplement the pleadings in this matter. Accordingly, there is no basis for Defendant to argue that there has been any undue delay or bad faith in the bringing of this motion, less than ten months following the subsequent act of retaliation, and one month after relevant testimony was provided related to the claims. The Court's interest in efficiency will be best served by allowing this supplemental pleading. *See New York State Nat. Org. for Women*, 182 F.R.D. at 36 (granting motion to amend in "order to better foster a full adjudication of the merits of the parties' disputes within a single comprehensive proceeding.")

Further, no undue prejudice to Defendant would result from Plaintiff's proposed supplementation of the pleadings in this matter. While a party can seek to amend at any stage of the litigation, *see* Fed. R. Civ. P. 15, Defendant is not prejudiced by Plaintiff's petition at this stage as the parties have not yet completed discovery in this matter and have not yet briefed or filed dispositive motions. Further, Plaintiff testified to this act of retaliation during her deposition, so Defendant has had an opportunity to inquire of her with respect to these claims. Because no indicia of undue prejudice exists in this case, this Court's liberal application of Rule 15 is appropriate here.

Last, the supplemental pleading is not futile, as the record evidence outlined above, among other evidence, and Plaintiff's plausible allegations, taken as true, support her supplemental claims of retaliation.

Plaintiff respectfully requests the relief sought and thanks the Court for its attention.

Respectfully submitted,

Cara E. Greene

c:      All counsel of record via ECF