THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civ. Action No. 19-cv-08655(LGS)(GWG) |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT PLEADINGS

Plaintiff Ulku Rowe seeks leave to file supplement pleadings[1] pursuant to Federal Rule of Civil Procedure 15(d) to include related and supplemental allegations of retaliation flowing from Google's failure to consider Plaintiff for Vice President of Sales for Financial Services ("VP Sales" role), an event which transpired after the filing of Plaintiff's initial Complaint, ECF No. 1, and Amended Complaint, ECF No. 12. For the reasons set forth below, Defendant will not be prejudiced by such supplementation where Plaintiff has caused no undue delay in bringing this motion and where supplementation of related claims would not be futile. Accordingly, Plaintiff's motion for leave to supplement the pleadings should be granted.[2]

---

[1] Plaintiff's proposed Supplemental Complaint is attached hereto as Exhibit 1.
[2] Plaintiff submits a number of the exhibits cited herein under separate cover to the Court, as they have been marked by Defendant as confidential pursuant to the Protective Order in this case. Plaintiff has conferred with Defendant and provided Defendant with a copy of these documents. Defendant has indicated that it intends to move to seal some of these documents and that it continues to assess its position regarding the confidentiality of other documents.

## PROCEDURAL HISTORY

On September 17, 2019, Plaintiff Ulku Rowe filed her initial Complaint against Defendant Google LLC, alleging claims of unequal pay, sex and gender discrimination, and retaliation, pursuant to the Equal Pay Act of 1963 (the "EPA"), 29 U.S.C. § 206(d); New York's Equal Pay Law ("NY EPL"), *as amended*, N.Y. Lab. L. Art. 6, § 194; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq*. *See* ECF No.1. Upon receipt of Plaintiff's Notice of Right to Sue from the Equal Employment Opportunity Commission, Plaintiff amended her initial Complaint to include sex discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"). *See* ECF No. 12. Specifically, Plaintiff alleges, among other things, that Defendant discriminated against her by hiring her at a lower level, paying her less compensation than her similarly situated male peers who performed the same or similar work, denying her additional earned compensation, and denying her a promotion for which she was the most qualified – the Vice President of Financial Services ("VP Financial Services") position. In addition to Plaintiff's claims of discrimination, Plaintiff asserted that Defendant retaliated against her by demoting her after she complained about Defendant's discriminatory actions.

## FACTUAL BACKGROUND

After Plaintiff filed the instant lawsuit, Defendant, through its Employee Relations ("ER") team undertook an internal investigation of Plaintiff's claims, which lasted from approximately October 2019 until April 2020. *See* ECF No. 12, ¶ 36-40. As the ER notes detail, on January 22 and 29, ER interviewed Stuart Vardaman, the recruiter who ran the recruitment process for the VP Financial Services position. *See* Ex. 2, GOOG-ROWE-00005701-06. During the interviews, Mr. Vardaman described his role in the VP Financial Services recruitment process and recounted the details of his interactions with Plaintiff during the process. *See id.*; *see also* Ex. 3, S. Vardaman Tr. at 52:2-18. As

detailed in the ER notes, throughout the selection process, Mr. Vardaman corresponded with Tariq Shaukat and met directly with Plaintiff, during which Plaintiff expressed her continued interest in the VP Financial Services role and her concerns regarding equitable consideration for the position. *Id.*

Mr. Vardaman was aware that the ER investigation related to Ms. Rowe and her consideration for the VP Financial Services role. Ex. 3, S. Vardaman Tr. at 46:15-21. Despite having previously described Plaintiff as a candidate with "executive poise," who was "confident (but not ego-driven)," and "forthright with a quick operating cadence," he described Plaintiff to ER as "abrasive," "cantankerous," and "bristly." *See* Ex. 4, GOOG-ROWE-17507-08; Ex. 2. Plaintiff only learned details of this investigation as a result of discovery in this matter.

In the course of discovery, Ms. Rowe learned additional evidence evidencing that Google was motivated by unlawful gender and retaliatory bias in denying her consideration for the VP Sales role. In January 2019, after Ms. Rowe had raised internal complaints of discrimination in October 2018, Mr. Vardaman unilaterally entered data into Defendant's applicant feedback database, Thrive, indicating that Plaintiff was rejected from the VP Financial Services position because she lacked "Googleyness" (an opinion unsupported by any record evidence or the assessment of Plaintiff's interviewers), and further describing Plaintiff as "overly self-oriented" and recorded that Plaintiff "was not qualified for the role in addition to ego concerns." *See* Ex. 5, GOOG-ROWE-00056272-73. These statements directly contradict his earlier description of Plaintiff as a candidate with experience "[i]n the financial services industry since 1997, with a focus on technology systems and processes," who "[h]as lead [sic] sizable teams," and who "seems to have a relevant network in FSI." Ex. 4.

In early February 2020, two weeks following Mr. Vardaman's interview with ER, Plaintiff participated in a one-on-one meeting with Kirsten Kliphouse, the head of the North American Sales organization at Google. *See* Ex. 6, U. Rowe Tr. at 289:24-290:25. During that meeting, Ms. Kliphouse

3

informed Plaintiff of another Vice President role, the VP Sales role, and Plaintiff informed Ms. Kliphouse that she was interested in the role. *Id.* In response, Ms. Kliphouse instructed Plaintiff to follow up with the executive recruiter for the role, Mr. Vardaman. *Id.* On February 4, 2020, Plaintiff sent correspondence to Mr. Vardaman seeking further information regarding the VP Sales role. *See* Ex. 3, S. Vardaman Tr. at 130:21-131:22. Mr. Vardaman acknowledged Ms. Rowe's interest in the role and forwarded to her the job description. Ex. 7, GOOG-ROWE-P-00004412-14; *see also* Ex. 3, S. Vardaman Tr. at 132:13-135:22.

On February 5, Plaintiff reiterated to Mr. Vardaman her desire to be considered for the VP Sales role and requested that Mr. Vardaman provide her with guidance on the next steps. *See* Ex. 8, GOOG-ROWE-000060571-73. Mr. Vardaman failed to respond to Plaintiff's emails or provide Plaintiff the additional information she requested. Days later, after being unresponsive to Plaintiff's emails requesting follow-up on the application process, Mr. Vardaman told Plaintiff that he would schedule a meeting to discuss an "update" with her. *See* Ex. 6, U. Rowe Tr. at 291:2-23; *see also* Ex. 7. On February 25, Mr. Vardaman scheduled a meeting with Plaintiff and another recruiter, and informed her that she would not be considered for the VP Sales role at all. *See* Ex. 7. In his deposition, Mr. Vardaman admits that he never informed Plaintiff of any required procedure for applying for the VP Sales role and that he took no steps to evaluate Plaintiff's qualifications for the position other than a general review of Plaintiff's LinkedIn profile, and he never facilitated an interview for Plaintiff to be considered for the role. *See* Ex. 3, S. Vardaman at 138:19-24; 141:6-142:4; 144:14-145:23. Mr. Vardaman did not recall receiving any instruction from Ms. Kliphouse or anyone else involved in the application process to reject Plaintiff for consideration. *See id.* at 135:24-136:10.

As the discovery record makes clear, Defendant refused to meaningfully consider Plaintiff for the VP Sales role, despite her qualifications. Defendant's refusal to meaningfully consider Plaintiff for

the VP Sales role after Plaintiff less than five months after she initiated a lawsuit against Defendant, and just a few weeks after Mr. Vardaman was interviewed by ER with respect to Plaintiff's complaints of discrimination is strong evidence of retaliation. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) ("A retaliatory purpose can be shown indirectly by timing: protected activity followed closely in time by adverse employment action."); *see also Zann Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 845 (2d Cir. 2013) (affirming temporal proximity between a protected activity and adverse action is sufficient to demonstrate causation at the *prima facie* stage of a retaliation claim). Accordingly, Plaintiff now seeks to supplement her Amended Complaint to include the additional retaliation claims based on these underlying facts that occurred after Plaintiff filed her initial and Amended Complaints.

## LEGAL ARGUMENT

### I.     Plaintiff's Proposed Supplement of the Pleadings Is Appropriate.

Federal Rule of Civil Procedure 15 provides, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Motions made pursuant to Rule 15(d) "are evaluated by the Court under the same standards used to evaluate motions to amend pleadings under paragraph (a) of the same rule." *Bemben v. Fuji Photo Film U.S.A., Inc.*, No. 01 Civ. 8616, 2003 WL 21146709, at *1 (S.D.N.Y. May 19, 2003). Therefore, courts are instructed to "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, "[t]he Second Circuit has characterized Rule 15 as encompassing a "liberal" amendment policy." *Amusement Indus., Inc. v. Stern*, No. 07 Civ. 11586, 2014 WL 4460393, at *9 (S.D.N.Y. Sept. 11, 2014). "Absent undue delay, bad faith, failure to cure deficiencies by amendments previously allowed, futility of the amendment or undue prejudice to the opposing party in allowing the amendment, leave to

amend should be granted." *N.Y. State Nat. Org. for Women v. Cuomo*, 182 F.R.D. 30, 35 (S.D.N.Y. 1998). The non-movant bears the burden of showing prejudice, bad faith and futility of the amendment. *Grant v. Citibank (S. Dakota), N.A.*, No. 10 Civ. 2955 KNF, 2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010). As outlined below, Defendant is unable to satisfy its burden and, thus, Plaintiff's requested relief should be granted.

**II.     Plaintiff's Motion Is Timely and Not Made in Bad Faith.**

Following the underlying factual events and the acquisition of relevant information necessary to fully and comprehensively supplement Plaintiff's Amended Complaint, Plaintiff acted promptly to inform Defendant of its intent to supplement the pleadings in this matter. *See* Plaintiff's Pre-Motion Letter, ECF No. 72 at 1, n.1. Accordingly, there is no basis for Defendant to argue that there has been any undue delay or bad faith in the bringing of this motion, less than ten months following the subsequent act of retaliation, and one month after relevant testimony was provided related to the claims. The Court's interest in efficiency will be best served by allowing this supplemental pleading. *See N.Y. State Nat. Org. for Women*, 182 F.R.D. at 36 (granting motion to amend in "order to better foster a full adjudication of the merits of the parties' disputes within a single comprehensive proceeding."); *see also Sorensen ex rel. Sorensen v. City of New York*, No. 98 Civ. 3356 (HB), 1999 WL 199066, at *2 (S.D.N.Y. Apr. 9, 1999) ("The Second Circuit has said, '[I]t is essential that [the courts] recognize that the Rules were intended to embody a unitary concept of efficient and meaningful judicial procedure[].'") (internal citation omitted).

Further, no undue prejudice to Defendant would result from Plaintiff's proposed supplementation of the pleadings in this matter. While a party can seek to amend at any stage of the litigation, *see* Fed. R. Civ. P. 15, courts in this Circuit have repeatedly found that a defendant is not prejudiced by a petition of this type at this stage, where the parties have not yet completed discovery in

6

this matter and have not yet briefed or filed dispositive motions. *See Lin v. Toyo Food, Inc.*, No. 12-CV-7392 (KMK), 2016 WL 4502040, at *3 (S.D.N.Y. Aug. 26, 2016) ( finding that amendment is appropriate where "no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants.") (internal citation omitted); *see also State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (granting amendment where "[t]his is not a case where the amendment came on the eve of trial and would result in new problems of proof"); *Cf. Milligan v. Citibank, N.A.*, No. 00 Civ. 2793, 2001 WL 1135943, at *9 (S.D.N.Y. Sept. 26, 2001) ("When the [Rule 15] motion is made after discovery has been completed and a motion for summary judgment has been filed, leave to amend is particularly disfavored because of the resultant prejudice to defendant."). Further, even if Defendant could demonstrate a delay occasioned by Plaintiff's proposed supplementation, Defendant must establish that said delay would give rise to prejudice. *See Aktiebolag v. Andrx Pharm., Inc.*, 695 F. Supp. 2d 21, 30 (S.D.N.Y. 2010) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend."). Here, there are no facts showing that Defendant would be unduly burdened or prejudiced by the filing of the proposed supplemental complaint.

      Not only has Plaintiff moved timely to supplement her Amended Complaint, but the proposed supplement does not set forth a new legal theory that has not been articulated by Plaintiff, but rather is an extension of discrimination and retaliation claims previously pled. Supplementation would not cause any undue, articulable burden to Defendant that requiring it to expend substantial effort or resources to rebut or defend the supplemental claims. Even if Plaintiff's proposed supplementation did require some additional expenditure of time or money by Defendant to address these claims, courts have determined that such expenditure is insufficient to override the liberal application of Rule 15. *See Lin*, 2016 WL

4502040, at *2 ("Indeed, 'allegations that an amendment will require the expenditure of additional time, effort or money do not themselves constitute undue prejudice.'") (internal citation omitted).

Moreover, Plaintiff's supplemental claims are closely connected to her original pleadings and their inclusion promotes efficient resolution of this action. *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) ("[L]eave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading."). In her Complaint and Amended Complaint, Plaintiff previously set forth the circumstances giving rise to her claims of discrimination and retaliation and alleged that those claims arose from Defendant's discriminatory treatment of Plaintiff in the selection process for VP-level positions within Google. Defendant has had ample opportunity to gather any additional information need to defend against Plaintiff's supplemental claims, as Plaintiff testified to this act of retaliation during her deposition on October 14, 2020 and Defendant was able to inquire of her with respect to these claims. *See* Exhibit 6, U. Rowe Tr. at 289:24-290:5. Because no indicia of undue prejudice exists in this case, this Court's liberal application of Rule 15 is appropriate here.

### III. Plaintiff's Motion Is Not Futile.

Finally, the supplemental pleading is not futile, as the record evidence outlined above, among other evidence, and Plaintiff's plausible allegations, taken as true, support her supplemental claims of retaliation. Supplementation of a pleading is only considered "futile" when the proposed new claim would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted). At this stage, Plaintiff need not establish a *prima facie* case of retaliation. *See Vega*, 801 F.3d at 86–87 ("At the initial stage of a litigation, the plaintiff's burden is 'minimal' – he need only plausibly allege facts that provide 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.'").

Plaintiff has set forth plausible allegations that constitute cognizable claims of retaliation under Title VII, NYCHRL, the EPA, and NY EPL. The facts outlined above, among other facts, supports Plaintiff's allegations that she participated in protected activity by complaining to Defendant about discrimination and by filing this lawsuit, that Defendant was aware of these complaints, which eventually triggered an internal investigation into her claims, and shortly thereafter, Defendant took adverse action against Plaintiff by denying her consideration for the VP Sales position, a position for which she was qualified.

Where, as here, the party seeking to supplement "has at least colorable grounds for relief, justice . . . require[s]" that the motion to supplement must be granted. *Ryder Energy Distrib. Corp. v. Merrill Lunch Commodities Inc.*, 748 F.2d 774, 783 (2d Cir. 1984); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (holding that a claim can withstand a Rule 12(b)(6) motion to dismiss if it contains enough allegations of fact to state a claim for relief that is "plausible on its face"). Based on the record evidence, Defendant cannot satisfy the standard for a motion to dismiss under Rule 12(b)(6). Plaintiff has plausibly alleged and set forth the requisite facts to demonstrate that Defendant took an adverse action against her based on her prior complaints of discrimination, retaliation, and pay inequity.

## CONCLUSION

For the reason set forth herein, Plaintiff respectfully requests leave to file the Proposed Supplemental Complaint to include additional claims of retaliation that arose from facts not in evidence at the time of the filing of Plaintiff's Complaint and Amended Complaint.

Respectfully submitted,

Dated: December 15, 2020
New York, New York

By: */s/ Cara E. Greene*
Cara E. Greene
Maya S. Jumper
Shira Z. Gelfand
Outten & Golden LLP

685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
ceg@outtengolden.com
sgelfand@outtengolden.com
mjumper@outtengolden.com

*Attorneys for Plaintiff*

THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　　　Defendant. | Civil Action No. 19-cv-08655 |

**CERTIFICATE OF SERVICE**

　　　　I hereby certify that on Tuesday, December 15, 2020, I filed the foregoing document using the Court's CM/ECF filing system, which will automatically send e-mail notification of such filing to the following individuals of record:

Kenneth W. Gage
Sara B. Tomezsko
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
kennethgage@paulhastings.com
saratomezsko@paulhastings.com

*Attorneys for Defendant*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Cara E. Greene*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Cara E. Greene