# Exhibit 1

Case 1:19-cv-08655-JHR   Document 79-1   Filed 12/17/20   Page 1 of 4

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ULKU ROWE,

                Plaintiff,              New York, N.Y.

          v.                            19 Civ. 8655 (LGS)

GOOGLE, LLC,

                Defendant.

------------------------------x
                                        May 14, 2020
                                        10:48 a.m.
Before:

                HON. LORNA G. SCHOFIELD,

                                        District Judge


                       APPEARANCES


OUTTEN & GOLDEN, LLP
     Attorneys for Plaintiff
BY:  CARA GREENE


PAUL HASTINGS, LLP
     Attorneys for Defendant
BY:  KENNETH W. GAGE
BY:  CAITLIN D. BROWN
```

1    level 9 were male.

2             MS. BROWN:  Yes, your Honor; as of November 2019.

3             THE COURT:  So, it seems to me that at least those men
4    out of the 25 are reasonably considered comparators.  I don't
5    agree with the argument that plaintiff is restricted to the
6    comparators at, that she has made and identified in the
7    complaint as I agree with the legal proposition that part of
8    the purpose of discovery is to identify comparators so that is
9    what I am inclined to order.

10            But, let me ask the plaintiff why you wanted more than
11   that.

12            MS. GREENE:  Thank you, your Honor.  This is Cara
13   Greene.

14            While technical director may have some value in terms
15   of assessing the comparability of individuals, in and of itself
16   it is not determinative.  What we know is that plaintiff was in
17   an engineering role.  What we have indicated to defendant is
18   that we are not interested in the level 8 or level 9s in an
19   unrelated role so things like marketing or operations or other
20   types of non-engineering roles.  But, as to engineering roles,
21   the plaintiff was told repeatedly that -- in Google speak they
22   refer to it as eng roles -- level 8 eng role is the same.  To
23   be able to assess comparability under the differing standards
24   of the equal pay law claims and the anti-discrimination claims
25   either we -- we don't believe that the starting point should be

1   Ken Gage.
2           If I understand what your Honor is suggesting
3   correctly, I want to make sure that I know whether the chicken
4   or the egg is coming first here.  If your Honor is suggesting
5   that there be a 30(b)(6) deposition focused on this topic to
6   then facilitate negotiations around what those comparable roles
7   would be within L8, L9 engineering roles, I think that would
8   make some sense.  If, on the other hand, the egg is coming
9   before the chicken, so to speak, and we are being, you are
10  inclined to order us to respond to all of the discovery
11  requests on this point for L8, L9 engineering roles that, I
12  think, would be a real problem and I think overly broad
13  because --
14          THE COURT:  You can stop right there because I was
15  contemplating the former and not the latter.
16          MR. GAGE:  Okay.
17          THE COURT:  What it really requires is for rather than
18  me micro managing how you and the plaintiff figure out who is
19  comparable, you all need to assess that between yourselves,
20  negotiate, do a 30(b)(6) if necessary, and then go forward on
21  that basis.  The basic concept is that the comparator would be
22  men in engineering roles at level 8 and 9 provided the
23  engineering roles are comparable as you all negotiate and
24  figure out.
25          MR. GAGE:  Okay, your Honor.  I think that path