# EXHIBIT 8

```
K5E5rowC                         telephonic proceeding
```

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   ULKU ROWE,

 4                 Plaintiff,                   New York, N.Y.

 5             v.                               19 Civ. 8655 (LGS)

 6   GOOGLE, LLC,

 7                 Defendant.

 8   ------------------------------x

 9                                              May 14, 2020
                                                10:48 a.m.
10
     Before:
11
                      HON. LORNA G. SCHOFIELD,
12
                                              District Judge
13

14
                           APPEARANCES
15

16   OUTTEN & GOLDEN, LLP
          Attorneys for Plaintiff
17   BY:  CARA GREENE

18
     PAUL HASTINGS, LLP
19        Attorneys for Defendant
     BY:  KENNETH W. GAGE
20   BY:  CAITLIN D. BROWN

21

22

23

24

25
```

1   level 9 were male.

2   MS. BROWN:  Yes, your Honor; as of November 2019.

3   THE COURT:  So, it seems to me that at least those men
4   out of the 25 are reasonably considered comparators.  I don't
5   agree with the argument that plaintiff is restricted to the
6   comparators at, that she has made and identified in the
7   complaint as I agree with the legal proposition that part of
8   the purpose of discovery is to identify comparators so that is
9   what I am inclined to order.

10  But, let me ask the plaintiff why you wanted more than
11  that.

12  MS. GREENE:  Thank you, your Honor.  This is Cara
13  Greene.

14  While technical director may have some value in terms
15  of assessing the comparability of individuals, in and of itself
16  it is not determinative.  What we know is that plaintiff was in
17  an engineering role.  What we have indicated to defendant is
18  that we are not interested in the level 8 or level 9s in an
19  unrelated role so things like marketing or operations or other
20  types of non-engineering roles.  But, as to engineering roles,
21  the plaintiff was told repeatedly that -- in Google speak they
22  refer to it as eng roles -- level 8 eng role is the same.  To
23  be able to assess comparability under the differing standards
24  of the equal pay law claims and the anti-discrimination claims
25  either we -- we don't believe that the starting point should be

K5E5rowC                         telephonic proceeding

1    Ken Gage.
2             If I understand what your Honor is suggesting
3    correctly, I want to make sure that I know whether the chicken
4    or the egg is coming first here.  If your Honor is suggesting
5    that there be a 30(b)(6) deposition focused on this topic to
6    then facilitate negotiations around what those comparable roles
7    would be within L8, L9 engineering roles, I think that would
8    make some sense.  If, on the other hand, the egg is coming
9    before the chicken, so to speak, and we are being, you are
10   inclined to order us to respond to all of the discovery
11   requests on this point for L8, L9 engineering roles that, I
12   think, would be a real problem and I think overly broad
13   because --
14            THE COURT:  You can stop right there because I was
15   contemplating the former and not the latter.
16            MR. GAGE:  Okay.
17            THE COURT:  What it really requires is for rather than
18   me micro managing how you and the plaintiff figure out who is
19   comparable, you all need to assess that between yourselves,
20   negotiate, do a 30(b)(6) if necessary, and then go forward on
21   that basis.  The basic concept is that the comparator would be
22   men in engineering roles at level 8 and 9 provided the
23   engineering roles are comparable as you all negotiate and
24   figure out.
25            MR. GAGE:  Okay, your Honor.  I think that path