# EXHIBIT 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ULKU ROWE,                                                     :
                                                               :   <u>ORDER</u>
                        Plaintiff,                             :   19 Civ. 8655 (LGS) (GWG)
                                                               :
        -v.-                                                   :
                                                               :
GOOGLE LLC,                                                    :
                                                               :
                        Defendant.                             :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

    The Court has reviewed the letters docketed as Docket ## 52 and 55. Putting aside the issue of whether there has been compliance with paragraph 2.A of the Court's Individual Practices, the Court is not convinced that sufficient communications have taken place between counsel. Thus, plaintiff's requests for relief are denied without prejudice.

    The parties are directed to confer in person or by telephone <u>at length</u> about all discovery disputes in a sincere attempt understand the other side's position and to reach a resolution. At the in-person or telephonic conference, the parties shall discuss each issue in detail making every possible effort to reach a reasonable agreement as to that issue. As part of this process, the Court expects that discovery disputes may be significantly narrowed even if they cannot be eliminated. The Court notes that relevance is not the only determinant of entitlement to discovery and the issues of burden and proportionality must also be part of the discussion (as well as part of the plaintiff's calculus in deciding whether and how to reach agreement on a particular issue).

    If any disputes remain, they shall be presented in the form of a jointly-composed letter that describes each dispute in detail and provides the opposing party's position as to that dispute in detail. Before filing such a letter, each side shall give the other an opportunity to adjust its portion of the letter to respond to the other side's written draft describing its side of the dispute. As part of this process, the Court expects that additional narrowing of disputes may be possible. Of course, each side must make itself available to consult telephonically with opposing counsel as part of the composition process. It is critical that each party address in the final letter its responses to the other side's position as to each issue. The Court notes that if such a letter is filed, the Court may decide any disputes based on the letter.

    Finally, it appears that both sides agree that there should be an adjustment to the discovery schedule. The parties shall file either joint or competing proposed schedules at their earliest convenience. The proposals should be filed separately from any letter raising discovery disputes.

SO ORDERED.

Dated: August 24, 2020
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge