**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ULKU ROWE,

                      Plaintiff,

        -against-

GOOGLE LLC,

                    Defendant.

No. 1:19-cv-08655 (LGS)(GWG)

**DEFENDANT GOOGLE LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO RETAIN DOCUMENTS UNDER SEAL**

# TABLE OF CONTENTS

**Page**

I.  STATEMENT OF FACTS ............................................................................... 1

    A.  The Parties' Stipulated Protective Order ............................................ 1

    B.  Plaintiff's December 10, 2020 Pre-Motion Letter and December 15, 2020
        Motion for Leave to Supplement Her Complaint ................................. 2

    C.  Plaintiff's December 12, 2020 Pre-Motion Letter ................................ 5

    D.  Google's December 23, 2020 Response Letter...................................... 7

II.  LEGAL ARGUMENT ................................................................................... 8

    A.  Legal Standard ............................................................................. 8

    B.  Good Cause Exists to Retain Notes of Internal Investigations Into
        Potential Discrimination Under Seal ................................................. 11

    C.  Good Cause Exists to Retain Information About Google's Business
        Initiatives and Strategies Under Seal ................................................ 14

    D.  Good Cause Exists to Retain Terms of Innocent Third-Parties'
        Employment Under Seal ................................................................ 14

    E.  Good Cause Exists to Retain Information About Google's Job Ladders and
        Leveling Guidelines Under Seal ...................................................... 15

    F.  Good Cause Exists to Retain The Identity of Candidates Seeking
        Executive Positions At Google and the Executive Recruiting Process
        Under Seal................................................................................. 16

III.  CONCLUSION........................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**                                                                **Page(s)**

*Alexander Interactive, Inc. v. Adorama, Inc.*,
  No. 12 Civ. 6608(PKC)(JCF), 2014 WL 4346174 (S.D.N.Y. Sept. 2, 2014) ..........................9

*Dodona I, LLC v. Goldman, Sachs & Co.*,
  119 F. Supp. 3d 152 (S.D.N.Y. 2015)....................................................................................11

*Gambale v. Deutsche Bank AG*,
  No. 02 Civ. 4791 HB, 2003 WL 21511851 (S.D.N.Y. July 2, 2003), *aff'd and
  remanded*, 377 F.3d 133 (2d Cir. 2004)................................................................................9

*GoSMiLE, Inc. v. Levine*,
  769 F. Supp. 2d 630 (S.D.N.Y. 2011)...................................................................................10

*Estate of Jackson v. Cty. of Suffolk*,
  No. 2:12-CV-1455, 2019 WL 3253063 (E.D.N.Y. July 19, 2019)........................................10

*Laura Laaman & Assocs., LLC v. Davis*,
  No. 3:16-CV-00594 (MPS), 2019 WL 3716512 (D. Conn. Aug. 7, 2019) .............................8

*Lugosh v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir. 2006)................................................................................................8, 9

*New York v. Actavis, PLC*,
  No. 14 Civ. 7473, 2014 WL 5353774 (S.D.N.Y. Oct. 21, 2014) ..........................................10

*Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*,
  347 F. App'x. 615 (2d Cir. 2009) .....................................................................................9, 10

*Stern v. Cosby*,
  529 F. Supp. 2d 417 (S.D.N.Y. 2007)....................................................................................9

*Tomassini v. FCA US LLC*,
  No. 3:14-cv-1226, 2017 WL 9400672 (N.D.N.Y. Jan. 6, 2017) ..........................................10

*Tropical Sails Corp. v. Yext, Inc.*,
  No 14 Civ. 7582, 2016 WL 1451548 (S.D.N.Y. Apr. 12, 2016).......................................8, 10

*United States Sec. & Exchange Comm. v. Ahmed*,
  No. 3:15-cv-675 (JBA), 2018 WL 4266079 (D. Conn. Sept. 6, 2018)..................................11

*United States v. Amodeo*,
  71 F.3d 1044 (2d Cir. 1995)................................................................................................11

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Stipulated Protective Order for the Treatment of Confidential Information dated February 4, 2020 (ECF 23) (the "Protective Order"), defendant Google LLC hereby moves this Court for an order permitting it to retain under seal certain documents or portions thereof submitted in connection with (1) Plaintiff Ulku Rowe's request for a pre-motion conference seeking leave to supplement her pleadings (ECF 73); (2) Plaintiff's Motion for Leave to Supplement (ECF 76); (3) Plaintiff's request for a pre-motion conference seeking leave to compel production of comparator discovery (ECF 79); and (4) Google's response to Plaintiff's pre-motion letter seeking leave to compel production of comparator discovery (ECF 84), as they contain: (1) non-public, confidential and sensitive business information concerning Google's operations and business strategies; (2) private and personal information about its former and current employees, the disclosure of which would result an unwarranted invasion of privacy; and (3) sensitive and confidential information concerning Google's investigations into complaints of alleged discrimination.

I.      STATEMENT OF FACTS

A.  The Parties' Stipulated Protective Order

On February 4, 2020, Judge Schofield so-ordered the parties' Stipulated Protective Order for the Treatment of Confidential Information.  (ECF 23, the "Protective Order").)  In relevant part, the Protective Order requires a party who intends to file materials designated as Confidential or Attorneys' Eyes Only in connection with a discovery dispute to provide a minimum of five (5) business days' notice to the designating party of its intent to file the document, or reasonable notice under the circumstances.  (*Id.*, § 13(b).)  Ten (10) business days' notice is required if the confidential material will be filed in connection with matters other than discovery.  (*Id.*, § 13(c).)  The purpose of notice is to allow the parties to cooperate in good faith

1

to determine whether to waive confidentiality designations for filing, or to allow the designating party an opportunity to file a motion to retain the documents under seal pursuant to the Court's procedural rules.  (*Id.*, §§ 13(b), (c).)  The Protective Order also provides that the parties have a period of 30 days after receiving deposition transcripts from the court reporter to review the transcript and make confidentiality designations.  (*Id.*, § 3(b).)  "Until the deadline to designate deposition transcripts has passed, all parties will treat the entire deposition transcript as if it had been designated Confidential."  (*Id.*)

### B. Plaintiff's December 10, 2020 Pre-Motion Letter and December 15, 2020 Motion for Leave to Supplement Her Complaint

On December 7, 2020, Plaintiff informed Google that she intended to seek leave to supplement her pleadings and inquired whether Google would oppose the forthcoming motion. (Tomezsko Decl., ¶ 2, Exh. A.)  The email also identified three confidential documents that Plaintiff indicated she would file in support of her pre-motion letter requesting leave to file that motion (the "December 10 Letter"), and asked whether Google would waive the confidentiality designations for the limited purpose of the filing.  (*Id.*)  She also intended to file "several non-confidential excerpts from the deposition transcripts of Ulku Rowe and Stuart Vardaman," without specifying which specific portions of those transcripts she intended to file.  (*Id.*)

On December 8, 2020, Google responded that it would oppose the motion to supplement the complaint.  (*Id.*)  Google agreed to waive the confidentiality of one of the documents Plaintiff identified, but would not waive confidentiality of the other, noting that was an excerpt of a document for which it had filed a motion to seal the week prior.  (*Id.*; *see* ECF 67.)  Google also reminded Plaintiff that under the Protective Order, the entire transcript for the deposition of Stuart Vardaman ("Vardaman Deposition") was to be treated confidentially, and objected to Plaintiff's characterization of any portion of that transcript as "non-confidential." (Tomezsko

Decl., ¶ 2, Exh. A.)  Google agreed to expedite its review of specific portions if Plaintiff would identify them.  (*Id.*)

Plaintiff responded on December 9, 2020, at 7:19 p.m., identifying specific portions of the Vardaman Deposition and yet another document she intended to submit in connection with the December 10 Letter.  (*Id.*)  Google responded at 8:15 p.m., acknowledging receipt of the Vardaman Deposition excerpts and its willingness to expedite review of those excerpts for confidentiality.  (*Id.*)  At 9:21 p.m., Plaintiff responded that she would file the December 10 Letter by 10:00 a.m. the following morning.  (*Id.*)  If Plaintiff did not hear from Google in the approximately 12 hours she provided to review those excerpts, she would submit them under separate cover to Your Honor and allow Google to retain them under seal.  (*Id.*) Plaintiff filed the December 10 Letter as planned, (ECF 73), and submitted three confidential documents under separate cover:

- Pl.'s Exh. 3 – GOOG-ROWE-0059701-06, portions of the document Google had moved to retain under seal the week prior (ECF 67);

- Pl.'s Exh. 4 – excerpts from the Deposition of Ulku Rowe; and

- Pl.'s Exh. 5 – the Vardaman Deposition excerpts identified the night before.

(*Id.*, ¶ 3, Exh. B.)

On December 10, 2020, Your Honor ordered the parties to meet and confer on a briefing schedule for Plaintiff's forthcoming motion to supplement the pleadings.  (ECF 74.)  Plaintiff specified December 15, 2020, as the deadline to file her motion to supplement the pleadings (the "Motion to Supplement").  (ECF 75.)  At 12:46 p.m. on December 15, 2020, Plaintiff identified two additional documents she intended to file in support of the Motion to Supplement that day. (Tomezsko Decl., ¶ 2, Exh. A.)  Google responded at 5:05 p.m., indicating the documents for

which it would waive confidentiality, including the previously-identified Vardaman Deposition

excerpts.  (*Id.*)  Then, at 6:21 p.m., Plaintiff identified still more excerpts of the Vardaman

Deposition to include with her Motion to Supplement, indicating she would file those excerpts

under seal at 8:00 p.m. if Google did not respond within the brief 90 minute window she

provided to review those excerpts.  (*Id.*)  Google responded by reminding Plaintiff of her

obligations under the parties' Protective Order.  (*Id.*)  That evening, Plaintiff filed her Motion to

Supplement, (ECF 76), and submitted to Your Honor under separate cover:

- Pl.'s Exh. 2 - Pl.'s Exh. 3 – GOOG-ROWE-0059701-06, the same document attached
  as Exh. 3 to Plaintiff's December 10 Letter;

- Pl.'s Exh. 3 – excerpts from the Vardaman Deposition, including portions for which
  Google has expedited its review and explicitly agreed to waive confidentiality;

- Pl.'s Exh. 5 – GOOG-ROWE-00056272

(Tomezsko Decl., ¶ 4, Exh C.)

Google now respectfully requests an order to retain under seal the following documents

or portions thereof submitted in connection with the December 10 Letter (ECF 73) and Motion to

Supplement (ECF 76), for the reasons set forth below:

- December 10 Letter, Exhibit 3 and Motion to Supplement Exhibit 2, Employee
  Relations investigation notes Bates stamped GOOG-ROWE-00005701-5701,
  submitted to Your Honor via email by Plaintiff on December 10, 2020, and December
  15, 2020, respectively;[1]

- Motion to Supplement, Exhibit 5 a personnel document Bates stamped GOOG-

---

[1] The complete document from which this document is excerpted was also submitted under
separate cover to Your Honor by Plaintiff on December 17, 2020, in connection with her pre-
motion letter seeking leave to file a motion to compel comparator discovery, as indicated below.

ROWE-00056272-73, submitted to Your Honor by Plaintiff via email on December

15, 2020.

Google will not seek to retain under seal the portions of the Vardaman Deposition Plaintiff

submitted as Exhibit 5 to the December 10 Letter and Exhibit 3 to the Motion to Supplement, or

the excerpts from the Deposition of Ulku Rowe submitted as Exhibit 4 to the December 10

Letter. Google notes that the Vardaman Deposition excerpts reference the content of the

confidential Employee Relations investigation notes Google otherwise seeks to retain under seal.

Google has un-redacted these limited portions of the Employee Relations investigation notes to

reveal that content for purposes of the Motion to Supplement, but requests an order allowing the

remaining confidential information in those Employee Relations investigation notes to remain

under seal for the reasons set forth below.[2]

**C.  Plaintiff's December 12, 2020 Pre-Motion Letter**

On December 17, 2020, Plaintiff filed a letter requesting a pre-motion conference in

advance of an anticipated motion to compel comparator discovery.  (ECF 79, the "December 17

Letter").  On December 15, 2020, Plaintiff identified via email three confidential documents and

specific excerpts of two deposition transcripts for which the time period for each party to make

confidentiality designations had not elapsed.  (Tomezsko Decl., ¶ 5, Exh. D.)  She requested that

Google waive confidentiality of the documents for the limited purpose of that filing.  (*Id.*)  The

email also specified that Plaintiff "intend[s] to file confidential [transcript] excerpts and [she]

will file those with the appropriate redacted [*sic*]."  (*Id.*)  The email did not identify which

specific portions of the confidential excerpts Plaintiff intended to submit with her December 17

Letter.  (*Id.*)  On December 16, 2020, Plaintiff identified by Bates stamp two additional

---

[2] Google's suggested redactions are reflected in Exhibit F to the Tomezsko Declaration.

documents she intended to file.  (*Id.*)

On December 17, 2020, at 4:32 p.m., Plaintiff indicated she would file her letter by 6:00 p.m., and if Google did not respond with its position as to its confidentiality designations by that time, Plaintiff would submit the documents identified in her December 15, 2020, and December 16, 2020, emails under seal.  (Tomezsko Decl., ¶ 5, Exh. D.)  Google responded approximately 45 minutes later setting forth its position with respect to the specifically identified documents and deposition transcript excerpts.  (*Id.*)

That evening, Plaintiff filed her December 17 Letter (ECF 79) and submitted to Your Honor via email the three confidential documents for which Google was not willing to waive confidentiality.  (*Id.*, ¶ 6, Exh. E.)  Plaintiff also included in the submission to Your Honor excerpts of the depositions of Kevin Lucas, Adam Lief, Tariq Shaukat, and Will Grannis in that email, that had not been specifically identified to Google previously.  (*Id.*)  Had Plaintiff identified the particular portions of the Lucas, Lief, Shaukat, and Grannis deposition transcripts submitted with her December 17 Letter, Google would have consented – and hereby does consent – to waive the confidentiality designations therein for the limited purpose of this filing. Plaintiff should be directed to file these documents on the docket.

Google now respectfully requests an order permitting it to retain under seal the following documents or portions of thereof submitted in connection with the December 17 Letter, for the reasons set forth below:

- December 17 Letter, Exhibit 9, redacted email correspondence Bates stamped GOOG-ROWE-00060436-37;[3]

---

[3] A redacted version of this document was filed as Exhibit 13 to Response Letter (ECF 84-13.) An unredacted courtesy copy of the document will be submitted to Chambers via e-mail, with the

- December 17 Letter, Exhibit 11, email correspondence Bates stamped GOOG-ROWE-00017439-40, submitted to Your Honor by Plaintiff via email on December 17, 2020;

- December 17 Letter, Exhibit 12, redacted Employee Relations investigation notes Bates stamped GOOG-ROWE-00056990-57014.[4]

### D.  Google's December 23, 2020 Response Letter

Google filed its response to Plaintiff's December 17 Letter on December 23, 2020, concurrently with this Motion (ECF 84, the "Response Letter").  Google respectfully requests an order permitting it to retain the following documents or portions thereof under seal, for the reasons set forth below:[5]

- Letter Response, Exhibit 1, redacted excerpts of the deposition of Will Grannis, (ECF 84-1);

- Letter Response, Exhibits 6, 14, 15, 16, and 19, Job Ladders for the Technical Director, Director – Application Engineer, Director – Software Engineer, and Director – PM roles;

- Letter Response, Exhibit 11, Google's Engineering Leveling Guide;

---

information Google proposes remain under seal so-indicated in that document, per Your Honor's Individual Rules.

[4] This document is also the subject of Google's pending motion to retain documents under seal, filed December 4, 2020 (ECF 67.)  A redacted version is attached to the Declaration of Sara B. Tomezsko as Exhibit F, filed herewith.  The redactions have been tailored to be consistent with the redactions requested in connection with Google's December 4, 2020 submission, and to disclose information sufficient for the Court to resolve the pending disputes articulated in the pending Motion to Supplement and the December 17 Letter, while still protecting the sensitive, confidential information upon which neither party relies.  An unredacted courtesy copy of the document will be submitted to Chambers via e-mail, with the information Google proposes remain under seal so-indicated in that document.

[5] Unredacted courtesy copies of these documents will be submitted to Chambers via e-mail, with the information Google proposes remain under seal so-indicated in that document.  Where possible, Google has tailored its redaction requests to disclose information sufficient for the Court to resolve the instant dispute, while still protecting the sensitive, confidential information upon which neither parties relies.

- Letter Response, Exhibit 13 (also December 17 Letter, Exhibit 9), redacted email correspondence Bates stamped GOOG-ROWE-00060436, (ECF 84-13).

## II.   LEGAL ARGUMENT

As set forth in the accompanying declarations of Bernita Jamison ("Jamison Decl."), Brian Ong ("Ong Decl.), and Kevin Lucas ("Lucas Decl."), the redacted information Google seeks to retain under seal reveal: (1) non-public, confidential and sensitive business information concerning Google's operations and business strategies; (2) private and personal information about its former and current employees, the disclosure of which would result an unwarranted invasion of privacy; and (3) sensitive and confidential information concerning Google's investigations into complaints of alleged discrimination.

### A.   Legal Standard

To retain a document under seal, a party must show that good cause exists to shield the document from public view.  *Laura Laaman & Assocs., LLC v. Davis*, No. 3:16-CV-00594 (MPS), 2019 WL 3716512, at *1 (D. Conn. Aug. 7, 2019); *accord Tropical Sails Corp. v. Yext, Inc.*, No 14 Civ. 7582, 2016 WL 1451548, at *1 (S.D.N.Y. Apr. 12, 2016) ("The proponent of the protective order bears the burden of demonstrating good cause for the closure.") (citation omitted).  Courts must first ascertain whether the document in question is a "judicial document," which is a document that is "relevant to the performance of the judicial function and useful in the judicial process."  *Lugosh v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (internal citation omitted).  If the document is a judicial document, a common law presumption of access attaches.  Here, Google acknowledges that at least portions of the Confidential Documents are "judicial documents" for the limited purpose of resolving this discovery dispute.

Even in the case of judicial documents, however, courts must still examine the *strength* of

the presumption of access, based on the weight accorded to the document and the importance of

the decision to be made, as "[t]he public's right to access of judicial records, while presumed, is

not unlimited." *Gambale v. Deutsche Bank AG*, No. 02 Civ. 4791 HB, 2003 WL 21511851, at

*2 (S.D.N.Y. July 2, 2003) (internal citation omitted), *aff'd and remanded*, 377 F.3d 133 (2d Cir.

2004).  Courts in this Circuit have opined that the presumption of public access to discovery

materials submitted in connection with a discovery dispute is minimal. *See, e.g., Alexander*

*Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608(PKC)(JCF), 2014 WL 4346174, at *2

(S.D.N.Y. Sept. 2, 2014) (weight of public presumption for disclosure of discovery materials

"not particularly great" where "documents are not to be submitted in connection with a

dispositive motion, but merely a motion to compel further discovery from a party"); *Stern v.*

*Cosby*, 529 F. Supp. 2d 417, 422 (S.D.N.Y. 2007) (public right of access to discovery materials,

even if filed in connection with a motion to compel, is low where court will not make decision

on the merits of the case, but merely review materials in connection with discovery dispute).

Documents should be sealed if "countervailing factors" demand confidentiality.  *Lugosh*,

435 F.3d at 120.  Where the public's qualified right to access certain documents is implicated,

the court must determine if "higher values" allow for sealing.  *Id.*  Such "higher values" may

include, for instance, a party's "interest in protecting confidential business information [that]

outweighs the qualified First Amendment presumption of public access." *Standard Inv.*

*Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x. 615, 617 (2d Cir. 2009)

(affirming district court's holding where "disclosure could cause [party] significant competitive

disadvantage.") (citation omitted).

An entity's interest in protecting proprietary or sensitive business information outweighs

the public's interest in accessing such materials, and serves as good cause supporting a motion to

seal. *See, e.g.*, *Tropical Sails Corp.*, 2016 WL 1451548, at *4 (granting motion to seal "documents relating to marketing and business development activities as sales training materials, internal marketing strategies, company marketing plans, and internal emails regarding marketing tests" as higher values overcoming the presumption of public access under the qualified First Amendment right to access test because company would suffer competitive harm if made publicly available); *Tomassini v. FCA US LLC*, No. 3:14-cv-1226 (MAD/DEP), 2017 WL 9400672, at *4 (N.D.N.Y. Jan. 6, 2017) (noting that "higher values" may include "[a] business's sensitive information that could harm a litigant's competitive standing"); *GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal certain exhibits to reply declaration "contain[ing] highly proprietary material" concerning defendant's business because "the privacy interests of the defendants outweigh the presumption of public access").

This is particularly true where disclosure may result in competitive or financial harm, as is the case here. *Standard Inv. Chartered, Inc*, 347 F. App'x at 617 (affirming district court finding that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access," where disclosure of the information would subject the party to "financial harm") (citation omitted); *New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (holding that documents that "contain non-public strategies and financial information constitute 'confidential commercial information' under Federal Rule 26(c)(1)(g), particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors").

Likewise, courts regularly protect from disclosure personal information contained within judicial documents. *Estate of Jackson v. Cty. of Suffolk*, No. 2:12-CV-1455, 2019 WL 3253063,

at *8 (E.D.N.Y. July 19, 2019) (ordering redaction of portion of summary judgment record "contain[ing] sensitive, personal information about parties and nonparties.") (citing *Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019) (redacting summary judgment record "to protect personally identifying information such as personal phone numbers [and] contact lists")); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (finding that redactions of current and former employees' "sensitive personal information," "including home addresses, biographical information, telephone numbers and compensation" in summary judgment record overcame right of public access). Similarly, if disclosure of information will compromise a third-party's privacy interests, courts have considered this factor when deciding whether to retain information under seal. *United States Sec. & Exchange Comm. v. Ahmed*, No. 3:15-cv-675 (JBA), 2018 WL 4266079, at *2 (D. Conn. Sept. 6, 2018) (granting request to seal personal financial and familial information, personal contact information, and information regarding the location and value of personal and real property); *accord United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (on motion to retain documents under seal, stating that "privacy interests of innocent third parties" should weigh heavily in court's decision of whether to hold information confidential)).

**B.**    **Good Cause Exists to Retain Notes of Internal Investigations Into Potential Discrimination Under Seal.**

GOOG-ROWE-00056990-57014 are confidential notes of an Employee Relations investigation, submitted in whole or in part by Plaintiff as Exhibit 3 to the December 10 Letter, Exhibit 2 to the Motion to Supplement, and Exhibit 12 to the December 17 Letter.  Plaintiff submitted these documents to Your Honor via email on December 10, 2020, December 15, 2020, and December 17, 2020.

It is critically important that Google maintain the confidentiality of its workplace

investigations to the extent possible, consistent with the need to conduct a full and thorough investigation. (Jamison Decl., ¶ 3.) Google employees must feel comfortable raising their concerns and participating in the investigation in order for the process to work as intended. (*Id.*) Confidentiality is a key component of that process. (*Id.*) Without it, Google employees may not feel comfortable fully disclosing their concerns to Employee Relations, and may feel exposed to the threat of retaliation. (*Id.*) It is not uncommon for a complainant to seek assurances from an Employee Relations investigator that his or her complaint will be treated confidentially during the course of the investigation, and that his or her privacy interests will not be compromised by virtue of having come forward with a complaint. (*Id.*)

Confidentiality of the investigation also protects the privacy of third-party witnesses who participate in Google's investigation process. (*Id.*, ¶ 4.) Employee Relations investigations often require interviews of other employees with knowledge of the complained-of events, and it is important for Employee Relations to interview those individuals to get a full and complete understanding of what occurred and assess whether the conduct amounts to a violation of Google's policies against discrimination, harassment, retaliation, and bullying. (*Id.*) Assurance of confidentiality (again, to the extent possible to permit a complete and thorough investigation), allows these witnesses to provide candid and complete information necessary to fully investigate a complaint. (*Id.*) Without it, individuals may be discouraged from participating in the process and providing investigators with a complete understanding of the relevant facts. (*Id.*)

Confidentiality also protects the privacy of individuals wrongfully or mistakenly accused of violating Google's policies against discrimination, harassment, retaliation and bullying. (*Id.*, ¶ 5.) Not every complaint investigated by Employee Relations is substantiated, and confidentiality assures that individuals accused of wrongdoing are not harmed by unsubstantiated accusations.

(*Id.*)  If individuals accused of wrongdoing are found to have violated Google policy, however, Employee Relations recommends appropriate discipline up to and including termination to address those violations.  (*Id.*)

Finally, confidentiality protects the privacy interests of third parties whose names are mentioned during the course of an investigation but who otherwise did not participate in any of the complained-of events.  (*Id.*, ¶ 6.)  Often during an investigation, the employee raising complaints will refer to one or more peers they believe were treated differently, and the Employee Relations investigator may ask questions about those Google employees to assess whether the complainant had been treated less favorably than his or her peers.  (*Id.*) Confidentiality of the investigation process is critical to ensure that personal and/or personnel information for those innocent third-parties is not widely disclosed.  (*Id.*)

Google takes appropriate steps to maintain the confidentiality of Employee Relations investigation notes to prevent the harm described above.  Google's Head of Employee Relations and others on her team instruct investigators to maintain the confidentiality of an investigation and documents created during the investigation process.  (*Id.*, ¶ 7.)  Access to documents containing the substance of a complaint and the investigator's notes are restricted to certain individuals within Google.  (*Id.*)  Those documents are also labeled "Confidential" in the ordinary course.  (*Id.*)  Investigators are instructed to, and do, remind employees at the start or end of every investigation interview that the process is intended to be confidential, and are careful to reveal only as much information about the complaint as is necessary to conduct a complete and thorough investigation. (*Id.*)  An investigator's notes are not shared with interviewees (although interviewees are permitted to take their own notes if they wish).  (*Id.*) Generally, only complainants themselves or those accused of policy violations are provided with

the Employee Relations investigator's findings or conclusions at the close of an investigation, and details of those findings are limited to only what the individual needs to know.  (*Id.*)

C.   **Good Cause Exists to Retain Information About Google's Business Initiatives and Strategies Under Seal.**

Exhibit 11 to Plaintiff's December 17 Letter submitted to Your Honor by Plaintiff via email on December 17, 2020 contains confidential information about Google's business initiatives and strategies.  Google's strategies for growing its Cloud business are confidential, and Google takes steps to protected that information.  (Lucas Decl., ¶ 5.)  Projects or products on which Googlers are working to advance Cloud's business objectives, key relationships Google employees are working to build in furtherance of those objectives, and strategies for cultivating business are not widely disclosed outside the Company, especially during initial planning or exploratory phases of those projects, products, or initiatives.  (*Id.*)

Disclosure of this information in a public filing would put Google at a competitive disadvantage in the highly competitive cloud marketplace.  (*Id.*, ¶ 6.)  Google's Cloud product competes with only a few other offerings from a small number of competitors in the industry.  (*Id.*)  Disclosure of the initiatives on which Google employees are working and the strategies to serve Google's client base would, among other things, provide those competitors with insights into Google's commercial strategies for attracting business and remaining competitive in the marketplace.  (*Id.*)

D.   **Good Cause Exists to Retain Terms of Innocent Third-Parties' Employment Under Seal.**

Exhibit 9 to Plaintiff's December 17 Letter (also submitted as Exhibit 13 to Google's Response (ECF 84-13)) contains confidential information about the employment terms and internal transfer of a Google employee not a part to this lawsuit.  Google considers information about an employee's internal transfer confidential.  (Lucas Dep., ¶ 11.)  When a Googler initiates

a transfer from one technical role or job ladder to another, there is generally a trial period during which the individual must demonstrate he or she has the requisite skills, experience, and knowledge to justify a change in role. (*Id.*) As part of the process, the individual creates a transfer packet that outlines his or her credentials for the role, the artifacts or examples of past work that support the transfer request, and statements of manager support. (*Id.*) Transfer packets are treated confidentially, and are generally shared only with the hiring managers/committee for the target job ladder and Human Resources. (*Id.*) Public disclosure of this information would result in an unwarranted invasion of the individual's privacy. (*Id.*)

### E. Good Cause Exists to Retain Information About Google's Job Ladders and Leveling Guidelines Under Seal.

Exhibits 6, 14, 15, 16, and 19 to Google's Response (ECF 84) are job ladder and job family documents for various roles at Google. Exhibit 11 to Google's Response (ECF 84) is an Engineering Leveling Guide. Various organizations within Google maintain these ladders or leveling guides to describe the expanding breadth of responsibility, scope, and impact as one's level increases within a job ladder or collection of job ladders. (Lucas Dep., ¶ 12.) The specificity of the requirements at each level will vary based on the number of job ladders or roles to which the leveling guideline applies. (*Id.*) Googlers can consider these documents (among many other things) as a general guide when determining an employee's level of seniority within a job ladder or when evaluating an employee's performance against general expectations for employees at that level of seniority in that particular role. (*Id.*) Google considers these leveling guidelines and job ladders to be proprietary in nature, and does not disclose them outside the Company. (*Id.*) Public disclosure of this information would result in competitive harm, as other companies may seek to model aspects of their employee hiring or people processes on Google's internal practices. (*Id.*) The considerable time, effort, and resources Google has expended to

maintain and update its leveling guidelines and job ladders to reflect changes in the Company, its workforce, and the needs of the business would be lost if the fruits of its labor were publicly disclosed.  (*Id.*)

      **F.**     **Good Cause Exists to Retain The Identity of Candidates Seeking Executive Positions At Google and the Executive Recruiting Process Under Seal.**

Plaintiff's Motion to Supplement Exhibit 5 is Plaintiff Ulku Rowe's candidate profile in Google's Thrive system.  Google uses two systems for storing and tracking data relevant to executive recruiting: gHire (Google's internal proprietary system) and Thrive (a third-party application).  (Ong Decl., ¶ 5.)  Access to candidate data in gHire is restricted to individuals within the People Operations organization (e.g., recruiters and those assisting them to schedule interviews), and access to information in Thrive is further restricted to those who are aligned to recruiting directors and above for Google.  (*Id.*)

Google maintains the confidentiality of candidate data in both gHire and Thrive for several reasons.  An individual's Thrive profile contains information about the positions for which the individual may have been considered and, if he or she applied and ultimately did not get the position, what qualities or experience that individual was lacking.  (*Id.*, ¶ 8.)  Public disclosure of this information could result in competitive harm to Google, as other companies in the highly competitive cloud computing space would be privy to the type of individuals Google considers for certain executive-level positions (along with the background, experience, and profile associated with that individual) and the qualities Google is looking for in someone to fill the role.  (*Id.*)

Public disclosure of the Thrive profile could result in competitive harm to Google because competitors would be able to see what roles Google was looking to fill (which may not have been posted externally) and when Google was hiring into those positions to fill a business

need, and how long the search was held open.  (*Id.*, ¶ 9.)  Disclosure of these details would allow competitors to mirror aspects of their recruiting efforts on Google's processes, and undermine the time, effort, and expense Google expended to develop its confidential recruiting processes in the first instance.  (*Id.*)

The information redacted from the Deposition of Will Grannis, Exhibit 1 to Google's Response (ECF 84-1) is the name of a candidate for an executive-level position at Google. Google treats considers the identity of individuals who seek executive-level roles at Google confidentially for several reasons.  First, disclosure of a candidates' name and identity would constitute an unwarranted invasion of the affected individual's right to privacy and would result in undue harm.  (*Id.*, ¶ 6.)  Typically, these individuals have not disclosed to their current employer (or, in the case of a Google employee seeking another executive-level position within Google, their current manager) that they are seeking another role or exploring alternative career opportunities.  (*Id.*)  Disclosure of their names as part of the recruiting process, especially if Google declines to extend an offer, could result in harm to a candidate's career or professional opportunities with their current employer or manager.  (*Id.*)

Disclosure of candidates' names in the public record could also result in harm to Google.  (*Id.*, ¶ 7.)  Google's ability to attract top talent is dependent, at least in part, on the confidential nature of the recruiting process.  (*Id.*)  External candidates applying for senior Google roles who may be concerned about the optics of exploring opportunities outside their current employer or role must be able to rely on the confidential nature of the process to feel comfortable participating in it in the first instance.  (*Id.*)  Even the threat of disclosure of candidates' names in a public filing could discourage highly sought-after executives from even considering a role with Google.  (*Id.*)

III.   **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court issue an order:

- Granting Google's request to retain the information redacted from GOOG-ROWE-00056990-57014 (submitted in full as Exhibit 12 to the December 17 Letter) under seal because it contains confidential Employee Relations investigations notes;

- Directing Plaintiff to file the redacted version of that document submitted herewith as Exhibit F to the Declaration of Sara B. Tomezsko on the docket, and submit a redacted version of the portions of that document submitted as Exhibit 3 to the December 10 Letter and Exhibit 2 to the Motion to Supplement, with redactions conforming to Tomezsko Decl. Exh. F;

- Granting Google's request to retain Plaintiff's Thrive profile, GOOG-ROWE-00056272 (submitted as Exhibit 5 to Plaintiff's Motion to Supplement), under seal;

- Granting Google's request to retain the information redacted from GOOG-ROWE-00060436-37 (submitted as Exhibit 9 to the December 17 Letter and Exhibit 13 to the Response Letter) under seal;

- Directing Plaintiff to file the redacted version of that document submitted as Exhibit 13 to the Response Letter (ECF 84-13) on the docket in place of Exhibit 9 to the December 17 Letter, which she submitted wholly under seal;

- Granting Google's request to retain Exhibit 11 to the December 17 Letter, GOOG-ROWE-00017439-40 under seal;

- Granting Google's request to retain the information redacted from the Deposition of Will Grannis, Exhibit 1 to the Response Letter (ECF 84-1) under seal;

- Granting Google's request to retain the job ladders and job families submitted as

Exhibits 6, 14, 15, 16, and 19 to the Response Letter under seal;

- Granting Google's request to retain the Engineering Level Guide submitted as Exhibit 11 to the Response Letter under seal;

- Directing Plaintiff to file on the docket: portions of the Vardaman Deposition submitted as Exhibit 5 to the December 10 Letter and Exhibit 3 to the Motion to Supplement; portions of the Ulku Rowe Deposition submitted as Exhibit 4 to the December 10 Letter; portions of the Kevin Lucas Deposition submitted as Exhibit 2 to the December 17 Letter; portions of the Adam Lief Deposition submitted as Exhibit 3 to the December 17 Letter; portions of the Tariq Shaukat Deposition submitted as Exhibit 4 to the December 17 Letter; and portions of the Will Grannis Deposition submitted as Exhibit 7 to the December 17 Letter;

- Reminding Plaintiff of her obligations under the parties' Protective Order.

Dated:  New Canaan, Connecticut
      December 24, 2020                 PAUL HASTINGS LLP

                                        By:    Kenneth W. Gage
                                            Sara Tomezsko

                                    200 Park Avenue
                                    New York, NY  10166
                                    Tel:  (212) 318-6000
                                    Fax:  (212) 319-4090
                                    kennethgage@paulhastings.com
                                    saratomezsko@paulhastings.com

                                    *Attorneys for Defendant*
                                    GOOGLE LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this 24 day of December, 2020, I caused a true

and exact copy of the foregoing DEFENDANT GOOGLE LLC'S MOTION TO RETAIN

DOCUMENTS UNDER SEAL to be filed electronically and served by mail on anyone unable to

accept electronic filing. Notice and copies of this filing will be sent by e-mail to all parties by

operation of the Court's electronic filing system or by mail to anyone unable to accept electronic

filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the

Court's CM/ECF System.

Dated: Jersey City, New Jersey
      December 24, 2020

                                      Sara B. Tomezsko