# EXHIBIT A

| | |
|---|---|
| **From:** | Tomezsko, Sara B. |
| **To:** | "Jumper, Maya"; Gage, Kenneth W.; Cedar, Christine |
| **Cc:** | Gelfand, Shira Z.; Greene, Cara |
| **Subject:** | RE: Rowe v. Google LLC - 12/3 Meet and Confer |
| **Date:** | Tuesday, December 15, 2020 6:49:59 PM |
| **Attachments:** | image001.png |

Maya –

We will not be able to review the additional Vardaman excerpts and confer with our client in the 90 minute window you've given us before you intend to file.  We note that the protective order in this case requires you to provide us with several days' notice of your intent to file confidential documents on the docket, or at least provide notice that is reasonable under the circumstances.  Given that you picked the filing date for this motion, this is not the type of unforeseen circumstance that exempts plaintiff from compliance with the protective order.



**Sara Tomezsko | Associate, Employment Law Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6267 | Main: +1.212.318.6000 | Fax: +1.212.230.7767 | saratomezsko@paulhastings.com | www.paulhastings.com

**From:** Jumper, Maya <MJumper@outtengolden.com>
**Sent:** Tuesday, December 15, 2020 6:21 PM
**To:** Tomezsko, Sara B. <saratomezsko@paulhastings.com>; Gage, Kenneth W. <kennethgage@paulhastings.com>; Cedar, Christine <christinecedar@paulhastings.com>
**Cc:** Gelfand, Shira Z. <sgelfand@outtengolden.com>; Greene, Cara <ceg@outtengolden.com>
**Subject:** [EXT] RE: Rowe v. Google LLC - 12/3 Meet and Confer

Thanks, Sara.

Defendant's waivers of confidentiality for GOOG-ROWE-00017507-08 and U. Rowe's transcript excerpt (for this limited purpose) are noted. Plaintiff will submit GOOG-ROWE-00056272-73 under separate cover and proceed accordingly with respect to Defendant's maintenance of prior objections.

We've included three additional cites to the Vardaman transcript excerpt (attached): 52:2-18; 68:8-71:12; 141:7-142:4.

Please advise if Defendant maintains its position regarding the public filing of Vardaman's transcript excerpt. If we do not hear from Defendant by 8pm this evening, we will submit the entire exhibit under separate cover and note the status of the parties' discussions in the Motion.

Maya

**From:** Tomezsko, Sara B. <saratomezsko@paulhastings.com>
**Sent:** Tuesday, December 15, 2020 5:05 PM
**To:** Jumper, Maya <MJumper@outtengolden.com>; Gage, Kenneth W. <kennethgage@paulhastings.com>; Cedar, Christine <christinecedar@paulhastings.com>
**Cc:** Gelfand, Shira Z. <sgelfand@outtengolden.com>; Greene, Cara <CEG@outtengolden.com>
**Subject:** RE: Rowe v. Google LLC - 12/3 Meet and Confer

Hi Maya –

I'm providing Google's position on both of the new documents you identified this afternoon as well as the exhibits you attached to your letter, on the understanding that you will also attach those documents to your forthcoming motion.

- GOOG-ROWE-00017507-08 – Google will waive the confidentiality of this document for the limited purpose of this filing.
- GOOG-ROWE-00056272-73 – Google will not waive the confidentiality of this document.
- GOOG-ROWE-0005701-06 (Exhibit 3 to your pre-motion letter) – Google reiterates that it will not waive the confidentiality of this document.
- Ulku Rowe transcript excerpts (Exhibit 4 to your pre-motion letter) – The only information in these pages of the transcript

Google marked confidential is the name of a third-party, Kirsten Kliphouse.  Your publicly-filed letter discloses her name as the hiring manager for this role multiple times, so in this particular instance we will agree to the public filing of these portions of the deposition transcript with the name unredacted.
- Stuart Vardaman transcript excerpts (Exhibit 5 to your pre-motion letter) – Google will waive the confidentiality of these excerpts for the limited purpose of this filing.

If there are other confidential documents you intend to file with this motion, please let us know.

---



**Sara Tomezsko | Associate, Employment Law Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6267 | Main: +1.212.318.6000 | Fax: +1.212.230.7767 | saratomezsko@paulhastings.com | www.paulhastings.com

---

**From:** Jumper, Maya <MJumper@outtengolden.com>
**Sent:** Tuesday, December 15, 2020 12:46 PM
**To:** Tomezsko, Sara B. <saratomezsko@paulhastings.com>; Gage, Kenneth W. <kennethgage@paulhastings.com>; Cedar, Christine <christinecedar@paulhastings.com>
**Cc:** Gelfand, Shira Z. <sgelfand@outtengolden.com>; Greene, Cara <ceg@outtengolden.com>
**Subject:** [EXT] RE: Rowe v. Google LLC - 12/3 Meet and Confer

Sara,

As you know, Plaintiff will file her motion to supplement the pleadings today. We intend to include the following documents as exhibits. Please advise whether Defendant maintains its objections to those previously submitted under separate cover and whether it objects to the filing of the following additional exhibits: GOOG-ROWE-00017507-08; GOOG-ROWE-00056272-73.

Maya

---

**From:** Tomezsko, Sara B. <saratomezsko@paulhastings.com>
**Sent:** Thursday, December 10, 2020 9:59 AM
**To:** Jumper, Maya <MJumper@outtengolden.com>; Gage, Kenneth W. <kennethgage@paulhastings.com>; Cedar, Christine <christinecedar@paulhastings.com>
**Cc:** Gelfand, Shira Z. <sgelfand@outtengolden.com>; Greene, Cara <CEG@outtengolden.com>
**Subject:** RE: Rowe v. Google LLC - 12/3 Meet and Confer

Maya – Confirming that Google agrees to waive confidentiality of GOOG-ROWE-P-00004412 for the limited purpose of this filing.

---

**Sara Tomezsko | Associate, Employment Law Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6267 | Main: +1.212.318.6000 | Fax: +1.212.230.7767 | saratomezsko@paulhastings.com | www.paulhastings.com

---

**From:** Jumper, Maya <MJumper@outtengolden.com>
**Sent:** Wednesday, December 9, 2020 9:21 PM
**To:** Tomezsko, Sara B. <saratomezsko@paulhastings.com>; Gage, Kenneth W. <kennethgage@paulhastings.com>; Cedar, Christine <christinecedar@paulhastings.com>
**Cc:** Gelfand, Shira Z. <sgelfand@outtengolden.com>; Greene, Cara <ceg@outtengolden.com>
**Subject:** [EXT] RE: Rowe v. Google LLC - 12/3 Meet and Confer

Sara,

Thanks for confirming Defendant's position with respect to GOOG-ROWE-00060571-73.

We plan to file our letter by 10am ET tomorrow morning. If, at that time, we have not received further information from Defendant regarding GOOG-ROWE-P-00004412 or the transcript excerpts previously circulated, we will note for the Court that Defendant continues to assess its position regarding the confidentiality of the aforementioned documents and proceed according to the Protective Order to submit those documents to the Court under separate cover.

Maya

---

**From:** Tomezsko, Sara B. <saratomezsko@paulhastings.com>
**Sent:** Wednesday, December 9, 2020 8:15 PM
**To:** Jumper, Maya <MJumper@outtengolden.com>; Gage, Kenneth W. <kennethgage@paulhastings.com>; Cedar, Christine <christinecedar@paulhastings.com>
**Cc:** Gelfand, Shira Z. <sgelfand@outtengolden.com>; Greene, Cara <CEG@outtengolden.com>
**Subject:** RE: Rowe v. Google LLC - 12/3 Meet and Confer

Maya –

I think we have exhausted discussion about plaintiff's proposed amendment to her complaint.  As to the remainder of your email, I'll note as follows:

- We have not yet made any objection with respect to GOOG-ROWE-P-00004412, because this is the first time you have indicated you will file this document in support of your letter.  We may be willing to waive confidentiality for this document, but I will need to confer with my client.  I will try to get an answer in short order.

- As to the document you just sent me under separate cover, I can clarify that we are fine with you filing the entire thread, GOOG-ROWE-00060571-73.

- Finally, with respect to the portions of the Stuart Vardaman deposition transcript, in my email to you on November 22, I provided you with the specific excerpts of transcripts for which the time period to designate confidentiality had not yet elapsed.  I told you we would not be marking anything in those pages confidential, and gave you the opportunity to designate any portions of those excerpts confidential before filing (despite the fact that you have not marked any deposition testimony confidential to date).  In your response to me the following day, you did not designate any portions of those excerpts confidential or raise any objection to Google filing those excerpts.  This is very different from the email we received from you on Monday, which provided no information about the deposition excerpts in question and unilaterally declared unspecified testimony of Google's witness non-confidential.  I reject the description of my November 22 email as "the very thing we propose here," because, plainly, it is not.

  Now that you have provided us with the excerpts, we will expedite our review of those potions and let you know whether we intend to mark portions of them confidential, in which case we would request that you follow the procedures outlined in our protective order.

---



**Sara Tomezsko | Associate, Employment Law Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6267 | Main: +1.212.318.6000 | Fax: +1.212.230.7767 | saratomezsko@paulhastings.com | www.paulhastings.com

---

**From:** Jumper, Maya <MJumper@outtengolden.com>
**Sent:** Wednesday, December 9, 2020 7:19 PM
**To:** Tomezsko, Sara B. <saratomezsko@paulhastings.com>; Gage, Kenneth W. <kennethgage@paulhastings.com>; Cedar, Christine <christinecedar@paulhastings.com>
**Cc:** Gelfand, Shira Z. <sgelfand@outtengolden.com>; Greene, Cara <ceg@outtengolden.com>
**Subject:** [EXT] RE: Rowe v. Google LLC - 12/3 Meet and Confer

Hi Sara,

As you can imagine, we disagree with Defendant's characterization of the parties' discussions during the meet and confer and believe that we have set forth the factual basis (i.e. Stuart Vardaman's deposition testimony, among other evidence) for seeking to supplement Plaintiff's complaint.

With respect to the exhibits we intend to submit in support of Plaintiff's pre-motion letter, Plaintiff will include GOOG-ROWE-P-00004412, in addition to those cited below. We will submit that document and GOOG-ROWE-000057001-06 under separate cover to the Court pursuant to your objection.

Finally, by "non-confidential excerpts" we mean – excerpts of portions of deposition transcripts that have not yet been designated as confidential by Defendant. Although Defendant did the very thing we propose here just weeks ago in its submission of transcript excerpts in support of its motion for a protective order, *see* S. Tomezsko 11/22 E-mail to Plaintiff's Counsel ("[W]e intended to submit in support of our motion very brief excerpts of depositions for which the time period for parties to designate testimony confidential has not yet elapsed. I have attached those excerpts here."), based on Defendant's objection, we'll also submit those excerpts (attached) under separate cover to the Court.

Maya

**From:** Tomezsko, Sara B. <saratomezsko@paulhastings.com>
**Sent:** Tuesday, December 8, 2020 12:33 AM
**To:** Jumper, Maya <MJumper@outtengolden.com>; Gage, Kenneth W. <kennethgage@paulhastings.com>; Cedar, Christine <christinecedar@paulhastings.com>
**Cc:** Gelfand, Shira Z. <sgelfand@outtengolden.com>; Greene, Cara <CEG@outtengolden.com>
**Subject:** RE: Rowe v. Google LLC - 12/3 Meet and Confer

Hi Maya –

Defendant opposes plaintiff's motion to amend the complaint. As we indicated last week, the request is not timely given that your client has known for months that she was not being considered for the position. Plus, neither during our call last week nor in your email below have you articulated any factual basis for asserting any legal claim concerning the VP of Sales for Financial Services role.

As to the exhibits you plan to attach to your pre-motion letter, we agree to waive confidentiality for GOOG-ROWE-000060571 for the limited purpose of this filing. We obviously cannot agree to the public filing of GOOG-ROWE-00057001-06. As you know, we moved to retain the same document under seal on Friday.

We're not sure what you're referring to as "non-confidential excerpts" from Stuart Vardaman's deposition. We received the final transcript for review on Monday, November 30. Our protective order provides that we have 30 days to review and make confidentiality designations, during which time "all parties will treat the entire deposition transcript as if it had been designated Confidential." That said, we are willing to expedite our review of specific excerpts you identify as relevant to your pre-letter motion, but you will need to identify those excerpts with more specificity.

Sara

---



**Sara Tomezsko | Associate, Employment Law Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6267 | Main: +1.212.318.6000 | Fax: +1.212.230.7767 | saratomezsko@paulhastings.com | www.paulhastings.com

---

**From:** Jumper, Maya <MJumper@outtengolden.com>
**Sent:** Monday, December 7, 2020 5:20 PM
**To:** Gage, Kenneth W. <kennethgage@paulhastings.com>; Tomezsko, Sara B. <saratomezsko@paulhastings.com>; Cedar, Christine <christinecedar@paulhastings.com>
**Cc:** Gelfand, Shira Z. <sgelfand@outtengolden.com>; Greene, Cara <ceg@outtengolden.com>
**Subject:** [EXT] RE: Rowe v. Google LLC - 12/3 Meet and Confer

Sara,

As counsel for Plaintiff represented during the parties' December 3 meet and confer conference, Plaintiff intends to seek leave to supplement her pleadings to include additional retaliation claims based on Google's refusal to consider Plaintiff for the VP of Sales for Financial Services position, despite her qualifications and her expression of interest for the role.

Pursuant to Judge Gorenstein's Individual Rules, we write to inquire whether Defendant opposes this motion so that we can accurately relay the parties' positions to the Court.

Additionally, Plaintiff intends to attach the following exhibits to its pre-motion conference letter: GOOG-ROWE-000060571; GOOG-ROWE-000057001-000057006, in addition to several non-confidential excerpts from the deposition transcripts of Ulku Rowe and Stuart Vardaman.

Please advise whether Defendant agrees to the filing of these exhibits on the public docket or whether it will be moving to seal these exhibits as well.

Regards,
Maya



**Maya S. Jumper | Associate**
685 Third Ave 25th Floor | New York, NY 10017
T 212-245-1000 | F 646-509-2001
MJumper@outtengolden.com | Bio



This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
*Please consider the environment before printing this e-mail.*