| | |
|---|---|
| **From:** | Tomezsko, Sara B. |
| **To:** | "Gelfand, Shira Z." |
| **Cc:** | Gage, Kenneth W.; Greene, Cara; Jumper, Maya; Cedar, Christine |
| **Subject:** | RE: Google/Rowe - Interrogatories and Other Follow Up [IWOV-OGDMS.FID701188] |
| **Date:** | Friday, October 16, 2020 12:52:12 PM |
| **Attachments:** | image001.png |

Hi Shira –

I'm following up on the items from your email below and your email about depo start times this morning. Both Kevin Lucas and Will Grannis are located in CA. They are both willing to start their depositions at 8:30 am PT/11:30 am ET. We'd like to revisit the issue of deposition platform for current Google witnesses. It wasn't an issue for the Xoogler depositions, but Zoom is not an application approved for use on Google's systems and does not seem to be working well for current Google employees. We acknowledge your preference for Zoom, but ask that you consider switching to Google Meet (same platform used for Ms. Rowe's deposition) for depositions of the upcoming current employees to minimize the number of technical disruptions. Please give it some thought and let us know.

Our remaining responses are inline below. Finally, please include my colleague Christine Cedar (copied here) on correspondence going forward in this matter, as she will be taking on a more active role in discovery.

Best regards,
Sara



**Sara Tomezsko | Associate, Employment Law Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6267 | Main: +1.212.318.6000 | Fax: +1.212.230.7767 | saratomezsko@paulhastings.com | www.paulhastings.com

---

**From:** Gelfand, Shira Z. <sgelfand@outtengolden.com>
**Sent:** Tuesday, October 13, 2020 3:43 PM
**To:** Tomezsko, Sara B. <saratomezsko@paulhastings.com>
**Cc:** Gage, Kenneth W. <kennethgage@paulhastings.com>; Greene, Cara <ceg@outtengolden.com>; Jumper, Maya <MJumper@outtengolden.com>
**Subject:** [EXT] RE: Google/Rowe - Interrogatories and Other Follow Up [IWOV-OGDMS.FID701188]

Hi Sara,

Thank you for supplementing production in advance of Mr. Breslow's deposition. Please let us know when we can expect these Bates-stamped documents, production of Mr. Strong's documents, and supplemental production of all other gHire documents, in color, with the cover page included. The reasons we are requesting these documents to be reproduced, per your question below, are that words were cut off in documents and relevant charts included in the feedback were not fully readable when produced as black and white copies. **We will agree to produce additional gHire documents for the Technical Solutions Consultants and individuals who applied for the Head of Financial Services role in Cloud, as well as the gHire feedback in color. We are collecting these (including Paul Strong's) currently and they will be in our next production. You should have received some of the expedited Stuart Breslow gHire documents, now with Bates stamps, in this week's production. Bates stamped versions of the remaining Stuart Breslow gHire documents will be in the next production with the other gHire documents referenced herein.**

As previously communicated, we agree to a production of unredacted Complaint documents with AEO designations. **Thank you for confirming. These were included in this week's production.**

Additionally, let us know when we can expect production of additional policy documents referenced on prior meet and confer calls. Moreover, on our last call, and via email, Plaintiff narrowed her request for supplemental documentation related to previously-identified internal complaints to a) investigation notes and b) corrective action/accommodation/recommendations, to the extent they exist. We believe that this proposal significantly decreases Defendant's burden of production, more so than a proposal which would call for the production of the full document file for a narrower subset of the 17 previously-

produced complaint files. Google has not responded to this proposal. Please also advise us of the updated timeline for the production of external complaints. **These were all included in this week's production and reflect Plaintiff's narrowed request for only certain documents associated with each identified Case ID, as described in more detail in the cover letter accompanying the production.**

Please let us know Ben Wilson's and Brian Stevens' availability for deposition. You had mentioned in a prior email that Mr. Eryurek is no longer with Google- that is not our understanding but in any event, please confirm his representation. **You are correct; Mr. Eryurek is indeed a current employee and we will represent him for purposes of his deposition. We are working on his and Mr. Wilson's availability and should have an update on that shortly. We are still confirming whether we will represent Mr. Stevens. I recall you had indicated there were several days the first week of November for which you were unavailable. Would you please confirm which dates those are?**

Separately, confirming that Mr. Vardaman is available on November 17, the date you proposed. **He is in the Central time zone.**

Furthermore, let us know your availability for a meet and confer on expert disclosures. **Is your team available for a meet and confer on Monday, October 19, at 6 pm? There are a few additional items we'd like to address in this discussion, including Ms. Green's deposition.**

Finally, Google recently produced correspondence regarding the VP of Financial Services role on the Sales team, for which Ms. Rowe applied for but was ultimately denied the position. Please supplement this production with gHire feedback and information relating to those who applied, interviewed, and ultimately were selected for the role. **We will take this request under advisement, but note that Ms. Rowe testified on Wednesday that she did not actually apply for the role, nor is it her understanding that she was formally interviewed.** *See* Tr. (Rough) at 288:5-290:4. **Further, her testimony reflects that she does not believe she was denied the opportunity on the basis of her sex.** *Id.* at 290:16-23. **It seems to us that the only documents relevant to any retaliation claim Ms. Rowe might assert with respect to this opportunity, if any, would be limited to her candidacy only. We're happy to discuss in more detail during next week's meet and confer if that would be productive.**

Thanks,
Shira

---

**From:** Tomezsko, Sara B. <saratomezsko@paulhastings.com>
**Sent:** Friday, October 9, 2020 8:03 AM
**To:** Jumper, Maya <MJumper@outtengolden.com>; Gelfand, Shira Z. <sgelfand@outtengolden.com>
**Cc:** Gage, Kenneth W. <kennethgage@paulhastings.com>; Greene, Cara <CEG@outtengolden.com>
**Subject:** RE: Google/Rowe - Interrogatories and Other Follow Up [IWOV-OGDMS.FID701188]

Maya –

Please see my inline comments below. We do not consider requests for production of documents and information at 5:00 pm the evening before a deposition appropriate. That said, in order to move forward with as minimal disruption as possible, we are willing to make good faith efforts to take some of these issues off the table as I describe below. We do not intend on making a practice of providing documents on an expedited basis before having had a chance to properly collect and Bates stamp them.



**Sara Tomezsko | Associate, Employment Law Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6267 | Main: +1.212.318.6000 | Fax: +1.212.230.7767 | saratomezsko@paulhastings.com |
www.paulhastings.com

---

**From:** Jumper, Maya <MJumper@outtengolden.com>
**Sent:** Thursday, October 8, 2020 4:55 PM
**To:** Tomezsko, Sara B. <saratomezsko@paulhastings.com>; Gelfand, Shira Z. <sgelfand@outtengolden.com>