THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ULKU ROWE,<br><br>                Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>                Defendant. | Civ. Action No. 19-cv-08655(LGS)(GWG) |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT PLEADINGS**

Plaintiff Ulku Rowe submits this Reply to Defendant's Opposition to Plaintiff's Motion for Leave to Supplement Pleadings, ECF No. 91. For the reasons stated in Plaintiff's Memorandum of Law In Support of Plaintiff's Motion for Leave To File Supplemental Pleadings, and expanded upon herein, Plaintiff respectfully requests that leave be granted to allow Plaintiff to supplement her Amended Complaint, ECF No. 12, to include related retaliation claims arising from Google's refusal to consider Ms. Rowe for the Vice President of Sales for Financial Services (the "VP Sales") position.

### INTRODUCTION

Contrary to Defendant's mischaracterization of the factual record and timeline, Plaintiff has timely moved to include the retaliation claims outlined in Plaintiff's Proposed Supplemental Complaint, ECF No. 78. Defendant's questioning of Plaintiff's "good faith" is unsupported by the record before the Court and its use of terms such as "gamesmanship" is inapplicable and baseless. While Defendant makes a number of assertions regarding the timeliness of Plaintiff's Motion, it provides no legal authority to rebut the panoply of cases cited in Plaintiff's opening

brief, which support that Plaintiff timely sought leave of the court to supplement the pleadings in accordance with Rule 15(d) of the Federal Rules of Civil Procedure. Rather than apply the straightforward mechanism of supplementing the Complaint, Defendant asks this Court to deny Plaintiff's request and instead require Plaintiff to bring related claims in a wholly separate action, which serves no efficiencies and only complicates adjudication of the claims. *See Bilt-Rite Steel Buck Corp. v. Duncan's Welding & Corr. Equip., Inc.*, No. 09 Civ. 311, 1990 WL 129970, at *1 (E.D.N.Y. Aug. 24, 1990) ("Liberal amendment promotes judicial economy by making it possible to dispose of all contentions between parties in one lawsuit."). Supplementation is timely, not futile, and is more efficient that commencing another lawsuit, and should be granted.

## LEGAL ARGUMENT

### I.  Plaintiff's Motion to Supplement Her Amended Complaint Is Timely.

Defendant attempts to turn this Circuit's directive with respect to the liberal application of Rule 15 on its head. *See Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000) ("In general, district courts should not deny leave unless there is a substantial reason to do so, such as *excessive* delay, prejudice to the opposing party, or futility.") (emphasis added). This Court has repeatedly held "that leave to file a supplemental pleading should be freely granted," particularly where, as here, the supplementation of the Amended Complaint aligns with the Court's "policy favoring a merit-based resolution of the entire controversy between the parties." *Witkowich v. Gonzales*, 541 F. Supp. 2d 572, 590 (S.D.N.Y. 2008). Contrary to Defendant's interpretation of the standard outlined by Rule 15(d), the Court is unbound by any specific timeframe within which to permit a party to serve supplemental pleadings, and instead must direct its attention to whether supplementation can occur "on just terms." Fed. R. Civ. P. 15(d).

Here, supplementation is both just and consistent with the Court's preference for unitary resolution of related claims.

Defendant makes much of the approximately nine months that elapsed between Google's refusal to consider Ms. Rowe for the VP Sales position and the filing of Plaintiff's Pre-Motion Letter to Supplement on December 10, 2020. Nine months is well within the statute of limitations for the claims she seeks to bring[1] and courts have repeatedly granted requests to supplement or amend under Rule 15 where far greater amounts of time have elapsed. *See e.g.*, *Contrera v. Langer*, 314 F. Supp. 3d 562, 565 (S.D.N.Y. 2018) (Gorenstein, J.) (granting amendment after a two-year delay); *see also Cummings-Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012) (same). Further, in this instance, Plaintiff has provided justification for any perceived delay in the filing of her Motion, evidencing her good faith efforts to fully present all related claims against Defendant before the Court for consideration at one time prior to the close of discovery and dispositive motion filings.

Defendant's assertion that there was a perceived delay in bringing this motion ignores the timeline of events at issue here. During the discovery process, Plaintiff undertook discovery which elucidated unlawful and retaliatory animus on the part of Stuart Vardaman, one of Google's executive recruiters in Ms. Rowe's consideration for both the VP Financial Services and VP Sales roles. This discovery, *see* ECF No. 77, Exhibits 7-8, in tandem with the deposition testimony of Mr. Vardaman, ECF No. 77, Exhibit 3[2], informed Plaintiff of the underlying bias and animus held by the very recruiter involved in the selection process and decision to deny Ms.

---

[1] *See* 42 USCA § 2000e-5 (Title VII); N.Y.C. Admin. Code § 8-109 (NYCHRL); N.Y. Lab. Law § 198 (NY EPL); 29 U.S.C. §§ 206(d), 255(a) (EPA).
[2] Exhibit 3 to ECF No. 77 was submitted to the Court under separate cover on December 16, 2020.

Rowe both roles. Specifically, the notes from Defendant's Employee Relations ("ER") investigation detail that on January 22 and 29, 2020, ER interviewed Stuart Vardaman. In that interview, Mr. Vardaman described Plaintiff as "abrasive," "cantankerous," and "bristly" – evidence of his bias against Ms. Rowe. *See* ECF No. 73-3[3]. This interview, which stemmed directly from Ms. Rowe's protected complaints of discrimination, took place just weeks before Defendant denied Ms. Rowe consideration for the VP Sales role. Details regarding both the retaliatory animus and temporal proximity – significant pieces of Plaintiff's *prima facie* showing of causation, were only learned as a result of discovery in this matter and were only confirmed during Mr. Vardaman's deposition on November 17, 2020. Following Mr. Vardaman's deposition and before discovery concluded, Plaintiff's counsel informed Defendant's counsel of her intention to supplement the Complaint, and three weeks later, Plaintiff filed her pre-motion conference letter with the Court. *See* ECF No. 73.

Glaringly, Defendant cites no legal authority to support its contention that, in these circumstances, an approximately nine-month time span between the harm and the filing of a motion constitutes "undue delay." Nor does Defendant make any effort to grapple with the legal authority before the Court that establishes that "[m]ere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

Further, Defendant's assertion that Plaintiff should have sought to amend her complaint in late February or early March, based solely on information and belief, is without legal foundation. Rather, Plaintiff properly sought to supplement her Complaint when she had the

---

[3]   Exhibit 3 to ECF No. 72 was submitted to the Court under separate cover on December 10, 2020.

4

factual basis to plead her claims, consistent with Rule 15(d). This Circuit instructs courts to grant motions to amend pursuant to Rule 15(d) "where the amendment was proposed only after discovery revealed additional relevant facts because, in such a case, there has been no showing of . . . undue delay." *Kiarie v. Dumbstruck, Inc.*, 473 F. Supp. 3d 350, 356–57 (S.D.N.Y. 2020) (Gorenstein, J.) (internal citations and quotations omitted); *see also Ambac Assurance Corp. v. EMC Mortg. Corp.*, No. 08 Civ. 9464, 2010 WL 11595698, at *5 (S.D.N.Y. Dec. 16, 2010), *report and recommendation adopted in part sub nom. Ambac Assur. Corp. v. EMC Mortg. Corp.*, No. 08 Civ. 9464, 2011 WL 566776 (S.D.N.Y. Feb. 8, 2011) ("The most common reason that parties seek and are granted leave to amend their complaints is to conform the complaint to evidence obtained in discovery."); *accord S.E.C. v. Aragon Capital Mgmt., LLC*, No. 07 Civ. 919, 2010 WL 4456302, at *5 (S.D.N.Y. Oct. 28, 2010) (granting leave to amend after the moving party "had been afforded an opportunity to take their depositions . . . conform their prior pleadings to [the party's] present understanding" of the factual record).

## II.   Defendant Cannot Establish Its Burden of Demonstrating Undue Prejudice.

Defendant's argument of prejudice is belied by the case law, which it conveniently ignores in its memorandum of law. "In determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Defendant does not assert a challenge to Plaintiff's motion on any of these three bases.

Defendant's sole contention with respect to prejudice is that "[i]f Plaintiff's request to supplement is granted, Google will have missed the opportunity to fully and fairly explore her retaliation

claim and develop its defenses." This contention ignores two important truths: (1) documents and information related to this claim always have been and continue to be in Google's possession, and (2) Google had the opportunity to question, and indeed did question, Plaintiff about this retaliation claim at her deposition.

Any alleged "missed [] opportunity" was the result of Defendant's own dilatory action. Defendant has long been on notice of the relevance of the VP Sales role in this case. On September 14, Defendant produced documents relating to Plaintiff's consideration for the VP Sales role. *See* ECF No. 77, Exhibits 7-8. On October 13, 2020, almost two months' before deposition discovery concluded, Plaintiff requested that Defendant supplement its production with additional documentation related to the VP Sales role, including "gHire feedback and information relating to those who applied, interviewed, and ultimately were selected for the [VP Sales] role." *See* Def.'s Declaration In Support of Opposition, ECF No. 92.

Defendant admits that it had the opportunity to and did depose Plaintiff on October 14 on the facts surrounding the VP Sales role. *See* Def.'s Opposition, ECF No. 91 ("Had Defendant been given meaningful notice of Plaintiff's newfound retaliation claim, it would have explored that allegation at Plaintiff's deposition *more fully*.") (emphasis added). Indeed, Defendant asked Plaintiff more than 20 questions related to the VP Sales role, which Plaintiff answered fully. *See* Ex.1, U. Rowe Tr. at 161:2-162:20; 289:24-295:6. Two days later, Defendant acknowledged that Plaintiff had potential claims of retaliation on the basis of denial of the VP Sales Role. *See id.* ("It seems to us that the only documents relevant to any retaliation claim Ms. Rowe might assert with respect to this opportunity, if any, would be limited to her candidacy only."). On November 17, Defendant's counsel appeared at and defended Mr. Vardaman's deposition, where Mr. Vardaman testified about Plaintiff's consideration for the VP Sales role. See *generally* ECF No. 77, Exhibit 3.

6

Defendant's contention that it was not given meaningful notice of possible retaliation claims until November 25, 2020, when Plaintiff was forced to formally reiterate its prior requests for production, is disingenuous. *See* Plaintiff's November 25 Letter to Defendant, Ex. 2. Plaintiff maintained her request and the relevance of the requested information during the month-long period Defendant took to consider Plaintiff's supplementation request, and participated in two depositions where the claims were discussed. Given that Defendant at all times possessed both the documentary evidence related to these claims and access to Mr. Vardaman – a Google employee, and had an opportunity to depose Plaintiff and Mr. Vardaman, Defendant has suffered no prejudice, let alone the undue prejudice that would justify denial of Plaintiff's motion to supplement.

### III. Plaintiff's Retaliation Claims Are Not Futile and Establish Plausible Allegations Evincing Prima Facie Claims of Retaliation.

Defendant's final argument – that supplementation would be futile because Plaintiff did not formally apply for the position – is easily disposed of and refuted by legal authority. First, Plaintiff <u>did</u> apply for the position; Plaintiff contacted Mr. Vardaman to start the application process, as Ms. Kliphouse had instructed her to do. *See* ECF No. 77, Exhibits 6-8. Plaintiff repeatedly followed up with Mr. Vardaman and sought additional information on applying for the position. *See id*; Ex. 1, U. Rowe Tr. at 291:2-23. Defendant understood Plaintiff to have sought the position, as the record makes clear. *See* ECF No. 77-8, S. Vardaman Tr. 135:24-136:7.

Even if Plaintiff's actions were not considered to be an application, however, courts have repeatedly held that a plaintiff need not formally apply to a position in order to allege a claim of retaliation under the failure-to-hire theory. *See, e.g.*, *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 446 (S.D.N.Y. 2018) ("But while a general request for employment is insufficient, a formal application is not always required.") (internal citations and quotations omitted); *Petrosino v. Bell Atl.*, 385 F.3d 210, 227 (2d Cir. 2004) ("The law recognizes that the facts of a particular

7

case' may sometimes make 'a specific application a quixotic requirement.'") (internal citations and quotations omitted). Rather, "a plaintiff may be deemed to have applied for an open position if she pleads that[:] (1) the vacancy at issue was not posted, and (2) the employee either had (a) no knowledge of the vacancy before it was filled or (b) she attempted to apply for it through informal procedures endorsed by the employer. *Hughes*, 304 F. Supp. 3d at 446. Here, Plaintiff alleges that she identified a specific position and requested that she be considered for that position, using the very procedure that Defendant had instructed her to use and implicitly endorsed: contacting Mr. Vardaman directly. Plaintiff has set forth plausible allegations that constitute cognizable claims of retaliation under Title VII, NYCHRL, the EPA, and NY EPL.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests leave to file the Proposed Supplemental Complaint to include additional claims of retaliation that arose from facts not in evidence at the time of the filing of Plaintiff's Complaint and Amended Complaint.

Dated: January 5, 2021
New York, New York

Respectfully submitted,

By: */s/ Cara E. Greene*
Cara E. Greene
Maya S. Jumper
Shira Z. Gelfand
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
ceg@outtengolden.com
sgelfand@outtengolden.com
mjumper@outtengolden.com

*Attorneys for Plaintiff*

# THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE,<br><br>                     Plaintiff,<br><br>   v.<br><br>GOOGLE LLC,<br><br>                     Defendant. | Civil Action No. 19-cv-08655 |

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, January 5, 2021, I filed the foregoing document using the Court's CM/ECF filing system, which will automatically send e-mail notification of such filing to the following individuals of record:

Kenneth W. Gage
Sara B. Tomezsko
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
kennethgage@paulhastings.com
saratomezsko@paulhastings.com

*Attorneys for Defendant*

                                                                         */s/ Cara E. Greene*
                                                                          Cara E. Greene