**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ULKU ROWE, | No. 1:19-cv-08655 (LGS)(GWG) |
|                 Plaintiff, | |
|       -against- | |
| GOOGLE LLC, | |
|               Defendant. | |

**DEFENDANT GOOGLE LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO RETAIN DOCUMENTS UNDER SEAL**

# TABLE OF CONTENTS

**Page**

I.   STATEMENT OF FACTS ...................................................................................... 1

   A.   The Parties' Stipulated Protective Order ............................................... 1

   B.   Plaintiff's January 15, 2021 Reply In Further Support of Plaintiff's Pre-Motion Letter .......................................................................................... 1

II.  LEGAL ARGUMENT ......................................................................................... 5

   A.   Legal Standard ....................................................................................... 6

   B.   Good Cause Exists to Retain Under Seal Information About Google's Internal Transfer Process and the Transfer Process of One Employee In Particular ................................................................................................ 9

   C.   Good Cause Exists to Retain Under Seal Information About Google Cloud's Internal Business Strategies ..................................................... 10

   D.   Good Cause Exists to Retain Information About Google's Job Ladders and Leveling Guidelines Under Seal ...................................................... 11

III. CONCLUSION.................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                    **Page(s)**

*Alexander Interactive, Inc. v. Adorama, Inc.*,
No. 12 Civ. 6608(PKC)(JCF), 2014 WL 4346174 (S.D.N.Y. Sept. 2, 2014) .........................6

*Brown v. Maxwell*,
929 F.3d 41 (2d Cir. 2019)........................................................................................................8

*Dodona I, LLC v. Goldman, Sachs & Co.*,
119 F. Supp. 3d 152 (S.D.N.Y. 2015)......................................................................................8

*Gambale v. Deutsche Bank AG*,
No. 02 Civ. 4791 HB, 2003 WL 21511851 (S.D.N.Y. July 2, 2003), *aff'd and
remanded*, 377 F.3d 133 (2d Cir. 2004)...................................................................................6

*GoSMiLE, Inc. v. Levine*,
769 F. Supp. 2d 630 (S.D.N.Y. 2011).......................................................................................7

*Estate of Jackson v. Cty. of Suffolk*,
No. 2:12-CV-1455, 2019 WL 3253063 (E.D.N.Y. July 19, 2019)
(unpublished) .............................................................................................................................8

*Laura Laaman & Assocs., LLC v. Davis*,
No. 3:16-CV-00594 (MPS), 2019 WL 3716512 (D. Conn. Aug. 7, 2019) ..............................6

*Lugosch v. Pyramid Co. of Onondaga*,
435 F.3d 110 (2d Cir. 2006).................................................................................................6, 7

*New York v. Actavis, PLC*,
No. 14 Civ. 7473, 2014 WL 5353774 (S.D.N.Y. Oct. 21, 2014) ............................................8

*Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*,
347 F. App'x. 615 (2d Cir. 2009) .........................................................................................7, 8

*Stern v. Cosby*,
529 F. Supp. 2d 417 (S.D.N.Y. 2007).......................................................................................6

*Tomassini v. FCA US LLC*,
No. 3:14-cv-1226, 2017 WL 9400672 (N.D.N.Y. Jan. 6, 2017) .............................................7

*Tropical Sails Corp. v. Yext, Inc.*,
No 14 Civ. 7582, 2016 WL 1451548 (S.D.N.Y. Apr. 12, 2016).........................................6, 7

*United States Sec. & Exchange Comm'n v. Ahmed*,
No. 3:15-cv-675 (JBA), 2018 WL 4266079 (D. Conn. Sept. 6, 2018)....................................8

*United States v. Amodeo*,
   71 F.3d 1044 (2d Cir. 1995)..................................................................................................9

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Stipulated Protective Order for the Treatment of Confidential Information dated February 4, 2020, (ECF 23) (the "Protective Order"), defendant Google LLC hereby moves this Court for an order permitting it to retain under seal certain documents or portions thereof submitted in connection with Plaintiff Ulku Rowe's Reply in further support of Plaintiff's Pre-Motion Letter seeking to compel comparator discovery (ECF 97), as it contains: (1) non-public, confidential and sensitive business information concerning Google's operations and business strategies; (2) private and personal information about its former and current employees, the disclosure of which would result an unwarranted invasion of privacy; and (3) private and personal information, including sensitive medical information, of non-parties to this action.

## I.     STATEMENT OF FACTS

### A.  The Parties' Stipulated Protective Order

On February 4, 2020, Judge Schofield so-ordered the parties' Stipulated Protective Order for the Treatment of Confidential Information.  (ECF 23, the "Protective Order").)  In relevant part, the Protective Order requires a party who intends to file materials designated as Confidential or Attorneys' Eyes Only in connection with a discovery dispute to provide a minimum of five (5) business days' notice to the designating party of its intent to file the document, or reasonable notice under the circumstances.  (*Id.*, § 13(b).)  The purpose of notice is to allow the parties to cooperate in good faith to determine whether to waive confidentiality designations for filing, or to allow the designating party an opportunity to file a motion to retain the documents under seal pursuant to the Court's procedural rules.  (*Id.*, §§ 13(b), (c).)

### B.  Plaintiff's January 15, 2021 Reply In Further Support of Plaintiff's Pre-Motion Letter

On January 8, 2021, the Court set January 15, 2021, as the deadline for Plaintiff to submit

-1-

a reply in support of ECF 79, her pre-motion letter seeking to compel alleged comparator discovery in this matter.  (ECF 96.)  On January 14, 2021, Plaintiff informed Google that she intended to file a number of documents marked "Confidential" under the Protective Order in connection with her reply due the following day, and asked Google to advise whether it intended to maintain its confidentiality designations with respect to those documents.  (Declaration of Sara B. Tomezsko, ¶ 2, Exh. A.)  The email also stated that the time period for designating portions of the depositions of two witnesses, Ben Wilson and Evren Eryurek, had not yet elapsed, and Plaintiff intended to submit any excerpts of those transcripts under separate cover to the Court.  (*Id.*)  The email made no reference to Plaintiff's intent to file portions of the deposition transcripts of three additional deponents, Will Grannis, Kevin Lucas, or Tariq Shaukat.  (*Id.*)

Google responded later that day, stating that it would waive confidentiality of certain documents identified in Plaintiff's January 14, 2021 email but not others (including those subject to a pending motion to retain documents under seal).[1]  (*Id.*)  As to the deposition transcripts of Ben Wilson and Evren Eryurek, Google noted that several pages of those transcripts had already been filed publicly, and therefore Google expected that Plaintiff would not submit those publicly-filed pages under seal.  (*Id.*)  Google offered to review any specific portions of the transcript that Plaintiff intended to file in support of her reply and provide its position with respect to confidentiality, provided Plaintiff identified those deposition excerpts sufficiently in advance of her filing.  (*Id.*)  Plaintiff never responded to this offer.  (*Id.*)

On January 15, 2021, Plaintiff filed her reply, (ECF 97), and submitted ten (10) confidential documents via email to the Court:

- Pl.'s Exh. 2 – P001584-85, Google's Engineering-Wide Leveling Guide, which Google

---

[1] *See* ECF 85.

has already moved to retain under seal on December 24, 2020, (ECF 85, 86 at pp. 15–16);

- Pl.'s Exh. 3 – excerpts from the Deposition of Will Grannis (not referenced in Plaintiff's January 14, 2021 email), including several pages which have already been filed publicly, (*see* ECF 84-1);

- Pl.'s Exh. 4 – excerpts from the Deposition of Kevin Lucas (not referenced in Plaintiff's January 14, 2021 email), including several pages which have already been filed publicly, (*see* ECF 84-4);

- Pl.'s Exh. 5 – excerpts from the Deposition of Evren Eryurek, including several pages which have already been filed publicly, (*see* ECF 79-3, 84-18) ;

- Pl.'s Exh. 6 – excerpts from the Deposition of Tariq Shaukat (not referenced in Plaintiff's January 14, 2021 email);

- Pl.'s Exh. 7 – excerpts from the Deposition of Ben Wilson, including several pages which have already been filed publicly, (*see* ECF 79-2, 84-12);

- Pl.'s Exh. 8 – GOOG-ROWE-00062099-100, a statement of manager support containing confidential information pertaining to a non-party employee's internal transfer process;

- Pl.'s Exh. 10 – GOOG-ROWE-00058834-37, an e-mail containing sensitive business information about potential clients, Google's capabilities and business strategies, as well as private and personal information about a non-party, including medical information about that non-party's parents;

- Pl.'s Exh. 12 – GOOG-ROWE-00061497-509, Google's Software Engineering Job Ladder, which Google had already moved to retain under seal on December 24, 2020,

(ECF 85, 86 at pp. 15–16); and

- Pl.'s Exh. 14 – GOOG-ROWE-00061493-96, Google Technical Solutions Consultant Ladder, which Google had already moved to retain under seal on December 24, 2020, (ECF 85, 86 at pp. 15–16).

(*Id.*, ¶ 2, Exh. B.)

Google does not seek to retain under seal Exhibits 3 (Grannis Deposition excerpts), 4 (Lucas Deposition excerpts), 5 (Eryurek Deposition excerpts), 6 (Shaukat Deposition excerpts), and 7 (Wilson Deposition excerpts).  Several of these deposition excerpts or portions thereof have already been filed publicly in this matter, and therefore Plaintiff had no reason to believe Google would continue to assert confidentiality over those previously-filed excerpts.  As to the remainder, Plaintiff should have given Google the opportunity to review those specific deposition excerpts and state whether it would continue to maintain its confidentiality designations for purposes of this filing; in fact, the Protective Order *requires* that Google be given that opportunity.  (*See* ECF 23, ¶ 13(b).)  Had Plaintiff complied with the Protective Order, Google would have consented – and hereby does consent – to waive the confidentiality designations therein for purposes of this filing. Plaintiff should be directed to file her Exhibits 3, 4, 5, 6, and 7 to ECF 97 on the docket.

Google now respectfully requests an order to retain under seal the following documents or portions thereof submitted in connection with Plaintiff's January 15, 2021 reply (ECF 97) for the reasons set forth below:

- Pl.'s Exh. 2 – P001584-85, which Google has already moved to retain under seal on December 24, 2020, because it contains sensitive and confidential business information that would result in competitive harm to Google if disclosed, (ECF 85, 86 at pp. 15–16);

- Pl.'s Exh. 8 – GOOG-ROWE-00062099-100, because it contains confidential information pertaining to Google's employee internal transfer process and the transfer process of one Google employee in particular, the disclosure of which would result in an unwarranted invasion of that employee's privacy;

- Pl.'s Exh. 10 – GOOG-ROWE-00058834-37, because it contains confidential and sensitive business information relating to the strategy for Google's U.S. Cloud business, as well as references to a non-party's family member's medical condition;

- Pl.'s Exh. 12 – GOOG-ROWE-00061497-509, which Google has already moved to retain under seal on December 24, 2020, because it contains sensitive and confidential business information that would result in competitive harm to Google if disclosed, (ECF 85, 86 at pp. 15–16); and

- Pl.'s Exh. 14 – GOOG-ROWE-00061493-96, which Google had already moved to retain under seal on December 24, 2020, because it contains sensitive and confidential business information that would result in competitive harm to Google if disclosed.  (ECF 85, 86 at pp. 15–16.)

## II.   LEGAL ARGUMENT

As set forth in the accompanying declaration of Kevin Lucas ("Lucas Decl."), and the Tomezsko Declaration, the information Google seeks to retain under seal reveals: (1) non-public, confidential and sensitive business information concerning Google's operations and business strategies; (2) private and personal information about its former and current employees, the disclosure of which would result an unwarranted invasion of privacy; and (3) sensitive medical information of non-parties to this action.

A.      **Legal Standard**

To retain a document under seal, a party must show that good cause exists to shield the document from public view. *Laura Laaman & Assocs., LLC v. Davis*, No. 3:16-CV-00594 (MPS), 2019 WL 3716512, at *1 (D. Conn. Aug. 7, 2019); *accord Tropical Sails Corp. v. Yext, Inc.*, No 14 Civ. 7582, 2016 WL 1451548, at *1 (S.D.N.Y. Apr. 12, 2016) ("The proponent of the protective order bears the burden of demonstrating good cause for closure.") (citation omitted).  Courts must first ascertain whether the document in question is a "judicial document," which is a document that is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (internal citation omitted). If the document is a judicial document, a common law presumption of access attaches.  Here, Google acknowledges that at least portions of the Confidential Documents are "judicial documents" for the limited purpose of resolving this discovery dispute.

Even in the case of judicial documents, however, courts must still examine the *strength* of the presumption of access, based on the weight accorded to the document and the importance of the decision to be made, as "[t]he public's right to access of judicial records, while presumed, is not unlimited." *Gambale v. Deutsche Bank AG*, No. 02 Civ. 4791 HB, 2003 WL 21511851, at *2 (S.D.N.Y. July 2, 2003) (internal citation omitted), *aff'd and remanded*, 377 F.3d 133 (2d Cir. 2004).  Courts in this Circuit have opined that the presumption of public access to discovery materials submitted in connection with a discovery dispute is minimal. *See, e.g., Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608(PKC)(JCF), 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (weight of public presumption for disclosure of discovery materials "not particularly great" where "documents are not to be submitted in connection with a dispositive motion, but merely a motion to compel further discovery from a party"); *Stern v. Cosby*, 529 F.

Supp. 2d 417, 422 (S.D.N.Y. 2007) (public right of access to discovery materials, even if filed in connection with a motion to compel, is low where court will not make decision on the merits of the case, but merely review materials in connection with discovery dispute)).

Documents should be sealed if "countervailing factors" demand confidentiality. *Lugosch*, 435 F.3d at 120. Where the public's qualified right to access certain documents is implicated, the court must determine if "higher values" allow for sealing. *Id.* Such "higher values" may include, for instance, a party's "interest in protecting confidential business information [that] outweighs the qualified First Amendment presumption of public access." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x. 615, 617 (2d Cir. 2009) (affirming district court's holding where "disclosure could cause [party] significant competitive disadvantage.") (citation omitted).

An entity's interest in protecting proprietary or sensitive business information outweighs the public's interest in accessing such materials, and serves as good cause supporting a motion to seal. *See, e.g.*, *Tropical Sails Corp.*, 2016 WL 1451548, at *4 (granting motion to seal "documents relating to marketing and business development activities as sales training materials, internal marketing strategies, company marketing plans, and internal emails regarding marketing tests" as higher values overcoming the presumption of public access under the qualified First Amendment right to access test because company would suffer competitive harm if made publicly available); *Tomassini v. FCA US LLC*, No. 3:14-cv-1226 (MAD/DEP), 2017 WL 9400672, at *4 (N.D.N.Y. Jan. 6, 2017) (noting that "higher values" may include "[a] business's sensitive information that could harm a litigant's competitive standing"); *GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal certain exhibits to reply declaration "contain[ing] highly proprietary material" concerning defendant's business because "the privacy interests of the

defendants outweigh the presumption of public access").

This is particularly true where disclosure may result in competitive or financial harm, as is the case here. *Standard Inv. Chartered, Inc*, 347 F. App'x at 617 (affirming district court finding that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access," where disclosure of the information would subject the party to "financial harm") (citation omitted); *New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (holding that documents that "contain non-public strategies and financial information constitute 'confidential commercial information' under Federal Rule 26(c)(1)(g), particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors").

Likewise, courts regularly protect from disclosure personal information contained within judicial documents. *Estate of Jackson v. Cty. of Suffolk*, No. 2:12-CV-1455, 2019 WL 3253063, at *8 (E.D.N.Y. July 19, 2019) (unpublished) (ordering redaction of portion of summary judgment record "contain[ing] sensitive, personal information about parties and nonparties.") (citing *Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019) (redacting summary judgment record "to protect personally identifying information such as personal phone numbers [and] contact lists")); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (finding that redactions of current and former employees' "sensitive personal information," "including home addresses, biographical information, telephone numbers and compensation" in summary judgment record overcame right of public access). Similarly, if disclosure of information will compromise a third-party's privacy interests, courts have considered this factor when deciding whether to retain information under seal. *United States Sec. & Exchange Comm'n v. Ahmed*, No. 3:15-cv-675 (JBA), 2018 WL 4266079, at *2 (D. Conn. Sept. 6, 2018) (granting request to seal personal financial and

familial information, personal contact information, and information regarding the location and value of personal and real property); *accord United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (on motion to retain documents under seal, stating that "privacy interests of innocent third parties" should weigh heavily in court's decision of whether to hold information confidential) (citation omitted).

> **B.**    **Good Cause Exists to Retain Under Seal Information About Google's Internal Transfer Process and the Transfer Process of One Employee In Particular.**

Exhibit 8 to Plaintiff's January 15 Letter is a statement of manager support in connection with a non-party employee's request to transfer from one role (or "job ladder") to another, which Google marked this document "Confidential" under the Protective Order.  (Tomezsko Decl., ¶ 4.) Google considers this information about an employee's internal transfer confidential.  (Lucas Decl., ¶ 11.)  When a Google employee initiates a transfer from one job ladder to another, there is generally a trial period during which the individual must demonstrate he or she has the requisite skills, experience, and knowledge to justify a change in role.  (*Id.*)  As part of the process, the individual creates a transfer packet that outlines his or her credentials for the role, the artifacts or examples of past work that support the transfer request, and statements of manager support.  (*Id.*) Transfer packets are treated confidentially, and are generally shared only with the hiring managers/committee for the target job ladder and Human Resources.  (*Id.*)  Public disclosure of this information would result in an unwarranted invasion of the individual's privacy.  (*Id.*)

Disclosure of the information in a transfer packet, including statements of manager support, can also result in competitive harm to Google.  Typically, the evidence submitted to support the transfer request includes descriptions of projects or initiatives on which the individual worked, the names of customers on whose projects or initiatives the individual had a meaningful impact, or – as is the case with Plaintiff's Exhibit 8 – details of shifts in Google Cloud's business development

priorities and discussions with clients about the same.  (*See id.*, ¶ 11.)  Competitors would be interested in, and Google harmed by the disclosure of, this information given the highly competitive cloud marketplace in which Google operates.  (*Id.*, ¶¶ 11, 6.)  Google's Cloud product completes with only a few other offerings from a small number of competitors in the industry. Disclosure of the specific types of businesses or entities with which it is seeking to build relationships (or, in the case of Exhibit 8, scale back its business development efforts), would, among other things, provide those competitors with insights into Google's commercial strategies or remaining competitive in the marketplace.  (*Id.*, ¶ 6.)

      C.    **Good Cause Exists to Retain Under Seal Information About Google Cloud's Internal Business Strategies.**

Plaintiff's Exhibit 10 is a communication between two Google Cloud executives, and contains detailed thoughts about the organization's strategies with respect to a potential client, the substance of discussions with that client, and Google's capabilities to meet that potential client's technology needs; Google marked this document "Confidential" under the Protective Order. (Tomezsko Decl., ¶ 4.)[2]

Google's strategies for growing its Cloud business are confidential, and Google takes steps to protected that information.  (Lucas Decl., ¶ 5.)  Projects or products on which Googlers are working to advance Cloud's business objectives, key relationships Google employees are working to build in furtherance of those objectives, and strategies for cultivating business are not widely disclosed outside the Company, especially during initial planning or exploratory phases of those

---

[2] To balance the need for public access to the information on which this Court relies in deciding the pending discovery dispute against the need to protect Google's confidential information, Google has submitted a redacted version of Plaintiff's Exhibit 10, which leaves unredacted the precise portions upon which Plaintiff relies in her reply.  (Tomezsko Decl., ¶ 5, Exh. C.)  An unredacted version of the document will be transmitted to the Court simultaneously with this filing, pursuant to Your Honor's Individual Rules of Practice.  (*Id.*)

projects, products, or initiatives.  (*Id.*) Disclosure of this information in a public filing would put Google at a competitive disadvantage in the highly competitive cloud marketplace.  (*Id.*, ¶ 6.) Google's Cloud product competes with only a few other offerings from a small number of competitors in the industry.  (*Id.*)  Disclosure of the initiatives on which Google employees are working and the strategies to serve Google's client base (both current and potential) would, among other things, provide those competitors with insights into Google's commercial strategies for attracting business and remaining competitive in the marketplace.  (*Id.*)

Plaintiff's Exhibit 10 also includes discussion of the personal circumstances of one of those executives, and information about the medical conditions of that individual's parents.  Not only is this information irrelevant to the issues to be decided in this discovery dispute, the disclosure of this information about an innocent non-party and that individual's parents would constitute a gross invasion of that individual's privacy, as well as his family's.

**D.     Good Cause Exists to Retain Information About Google's Job Ladders and Leveling Guidelines Under Seal**

Plaintiff's Exhibits 2, 12, and 14 consistent of leveling guidelines and job ladder and job family documents for various roles at Google, which Google marked "Confidential" under the Protective Order.[3]  (Tomezsko Decl., ¶ 4.)  Various organizations within Google maintain these ladders or leveling guides to describe the expanding breadth of responsibility, scope, and impact as one's level increases within a job ladder or collection of job ladders.  (Lucas Dep., ¶ 12.)  The specificity of the requirements at each level will vary based on the number of job ladders or roles to which the leveling guideline applies.  (*Id.*)  Googlers can consider these documents (among many other things) as a general guide when determining an employee's level of seniority within

---

[3] Google has previously moved to retain these documents under seal, and that motion remains pending as of the date of this filing.  (*See* ECF 85, 86 at pp. 15–16.)

a job ladder or when evaluating an employee's performance against general expectations for employees at that level of seniority in that particular role.  (*Id.*)

Google considers these leveling guidelines and job ladders to be proprietary in nature, and does not disclose them outside the Company.  (*Id.*)  Public disclosure of this information would result in competitive harm, as other companies may seek to model aspects of their employee hiring or people processes on Google's internal practices.  (*Id.*)  The considerable time, effort, and resources Google has expended to maintain and update its leveling guidelines and job ladders to reflect changes in the Company, its workforce, and the needs of the business would be lost if the fruits of its labor were publicly disclosed.  (*Id.*)

## III.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court issue an order:

- Granting Google's request to retain the Engineering Level Guide, P001584-85, submitted as Plaintiff's Exhibit 2 to ECF 97, under seal;

- Granting Google's request to retain the manager statement of support in connection with an employee internal transfer, GOOG-ROWE-00062099-100, submitted as Plaintiff's Exhibit 8 to ECF 97, under seal;

- Granting Google's request to retain the December 20, 2017 e-mail, GOOG-ROWE- 00058834-37, submitted as Plaintiff's Exhibit 10 to ECF 97, under seal;

- Granting Google's request to retain the job ladders and job family documents, GOOG-ROWE-00061497-509 and GOOG-ROWE- 00061493-96, submitted as Plaintiff's Exhibits 12 and 14 to ECF 97 under seal;

- Directing Plaintiff to file on the docket: portions of the Will Grannis Deposition submitted as Plaintiff's Exhibit 3 to ECF 97; portions of the Kevin Lucas

Deposition submitted as Plaintiff's Exhibit 4 to ECF 97; portions of the Evren

Eryurek Deposition submitted as Plaintiff's Exhibit 5 to ECF 97; portions of the

Tariq Shaukat Deposition submitted as Plaintiff's Exhibit 6 to ECF 97; and

portions of the Benjamin Wilson Deposition submitted as Plaintiff's Exhibit 7 to

ECF 97; and

- Reminding Plaintiff of her obligations under the parties' Protective Order.


Dated:  New Canaan, Connecticut
        January 29, 2021                    PAUL HASTINGS LLP


                                            By:     Kenneth W. Gage
                                                    Sara Tomezsko

                                            200 Park Avenue
                                            New York, NY  10166
                                            Tel:  (212) 318-6000
                                            Fax:  (212) 319-4090
                                            kennethgage@paulhastings.com
                                            saratomezsko@paulhastings.com

                                            *Attorneys for Defendant*
                                            GOOGLE LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this 29 day of January 2021, I caused a true and exact copy of the foregoing DEFENDANT GOOGLE LLC'S MOTION TO RETAIN DOCUMENTS UNDER SEAL and all supporting documents to be filed electronically and served by mail on anyone unable to accept electronic filing. Notice and copies of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: Jersey City, New Jersey
       January 29, 2021

_____
                        Sara B. Tomezsko