**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ULKU ROWE, | No. 1:19-cv-08655 (LGS)(GWG) |
| Plaintiff, | **GOOGLE LLC'S ANSWER AND** |
| -against- | **AFFIRMATIVE DEFENSES TO** |
| GOOGLE LLC, | **SECOND AMENDED COMPLAINT** |
| Defendant. | |

Defendant Google LLC ("Defendant" or "Google"), by and through its undersigned

counsel, hereby submits this Answer to Ulku Rowe's ("Plaintiff's") Second Amended

Complaint. Responding to the specific headings and numbered paragraphs of the Second

Amended Complaint, and using the same numbers that appear therein, Defendant answers each

as follows:

## NATURE OF THE ACTION

1.      Plaintiff Ulku Rowe ("Plaintiff"), by and through her attorneys Outten & Golden

LLP, brings this action against Defendant Google ("Defendant" or "Google" or the "Company")

for violating Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e *et seq*.,

the Equal Pay Act of 1963 (the "EPA"), 29 U.S.C. §§ 206(d), 215; New York's Equal Pay Law,

as amended, N.Y. Lab. L. ("NYLL"), §§ 194, 215; and the New York City Human Rights Law

("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq*.

**ANSWER:**    Defendant admits that Plaintiff purports to bring this action against Google

for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq*.

("Title VII"), the Equal Pay Act of 1963, 29 U.S.C. §§ 206(d), 215 ("EPA"); New York's Equal

Pay Law, as amended, N.Y. Lab. L. Art. 6, §§ 194, 215 ("NYLL"); and the New York City

Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq*. ("NYCHRL"), but Defendant denies that it committed any unlawful acts alleged by Plaintiff, and denies that Plaintiff is entitled to any of the relief requested in her Second Amended Complaint.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 1 of the Second Amended Complaint.

2.     Google has discriminated against Plaintiff by hiring her at a lower level and paying her less compensation than her similarly situated male peers, denying her additional earned compensation, and denying her a promotion for which she was the most qualified – instead hiring a less qualified man for the role. Further, Google retaliated against Plaintiff by demoting her after she complained about the Company's discriminatory actions.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 2 of the Second Amended Complaint.

## JURISDICTION AND VENUE

3.     This case arises, in part, under federal statute, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq*., and the Equal Pay Act, as amended, 29 U.S.C. § 206(d). Therefore, this court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

**ANSWER:**    Defendant admits that this case arises under federal statutes, giving this Court original jurisdiction of this matter pursuant to 28 U.S.C. § 1331, but denies that Plaintiff has any valid claim against Google pursuant to 42 U.S.C. §§2000e *et seq*., 29 U.S.C. § 206(d), or any other federal statute.

4.     The claims Plaintiff brings under New York's Equal Pay Law, as amended, N.Y. Lab. L. Art. 6, § 194, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101

LEGAL_US_W # 107060938.2

*et seq.*, arise out of the same events or omissions as the federal claims that are properly before this Court. Therefore, the Court properly exercises pendent jurisdiction over the New York Equal Pay Law and New York City Human Rights Law claims.

**ANSWER:**    Defendant admits that this Court properly exercises pendent jurisdiction over the NYLL and the NYCHRL claims, but denies that Plaintiff has any valid claim against Google pursuant to these laws, Title VII or the EPA, or any other state or local statute.

5.      Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions in this action occurred within the Southern District of New York.

**ANSWER:**    Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

6.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") to exhaust her administrative remedies and comply with all statutory prerequisites related to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq. and received a Notice of Right to Sue on October 22, 2019.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission or whether Plaintiff received a Notice of Right to Sue on October 22, 2019, and therefore denies the allegations set forth in Paragraph 6 of the Second Amended Complaint.

## PARTIES

7.      Plaintiff, Ulku Rowe, is a woman and an employee of Google within the meaning

LEGAL_US_W # 107060938.2

of all applicable statutes.

**ANSWER:**    Defendant admits that Ulke Rowe is a woman and an employee of Google for the purposes of Title VII, the EPA, the NYLL, and the NYCHRL.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 7 of the Second Amended Complaint.

8.    Plaintiff is currently a Director of Engineering at Google Cloud, and she is based in New York, New York, where she resides.

**ANSWER:**    Defendant admits that Plaintiff is currently employed at Google Cloud, based in New York, New York.  Defendant admits that Plaintiff has represented to Google that she resides in New York, New York, but Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff currently resides in New York, New York, and therefore denies this allegation.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 8 of the Second Amended Complaint.

9.    Defendant Google is a global technology company.

**ANSWER:**    Defendant admits that Google is a technology company with operations in multiple countries.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 9 of the Second Amended Complaint.

10.    Defendant is a Delaware corporation with its principal place of business in Mountain View, CA.

**ANSWER:**    Defendant admits that it is organized under the laws of Delaware and that

its principal place of business is in Mountain View, California.  Except as specifically admitted,

Defendant denies the allegations set forth in Paragraph 10 of the Second Amended Complaint.

11.     During all relevant times, Defendant was Plaintiff's employer within the meaning

of all applicable statutes.

**ANSWER:**     Defendant admits that it has been Plaintiff's employer within the meaning

of Title VII, the EPA, the NYLL, and the NYCHRL from March 13, 2017 through the date of

this filing. Except as specifically admitted, Defendant denies the allegations set forth in

Paragraph 11 of the Second Amended Complaint.

12.     During all relevant times, Defendant employed Plaintiff in New York, New York.

**ANSWER:**     Defendant admits that, from March 13, 2017 through the date of this

filing, it employed Plaintiff in New York, New York.  Except as specifically admitted, Defendant

denies the allegations set forth in Paragraph 12 of the Second Amended Complaint.

13.     Throughout the relevant period, Defendant had more than four (4) employees.

**ANSWER:**     Defendant admits the allegation set forth in Paragraph 13 of the Second

Amended Complaint.

## FACTUAL ALLEGATIONS

14.     Plaintiff is a highly-qualified technology executive with over twenty years of

experience in the financial services industry. She holds a Master of Science ("MS") in Computer

Science from the University of Illinois at Urbana-Champaign, where she was a Fulbright

Scholar, and has a Bachelor of Science ("BS") degree in Computer Engineering.

LEGAL_US_W # 107060938.2

**ANSWER:**    Defendant admits that Plaintiff has represented to Google that she holds a Master of Science in Computer Science from the University of Illinois at Urbana-Champaign, that she was a Fulbright Scholar, and that she has a Bachelor of Science degree in Computer Engineering.  Except as specifically admitted, Defendant lacks knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the Second Amended Complaint, and therefore denies these allegations.

15.    Prior to joining Google, Plaintiff was a Managing Director at JPMorgan Chase, where she was the Global Head and Chief Technical Officer of Credit Risk Technology for JPMorgan. Before that, Plaintiff was a Managing Director at Bank of America Merrill Lynch, where she was the Global Head of Market Risk Technology. Earlier in her career, Plaintiff held a variety of technology leadership positions at UBS building trading and analytics systems. In over two decades in the financial services industry, Plaintiff has built technology platforms for trading and analytics, middle and back-office, risk management, and finance, and has built and led global teams in more than ten countries, supporting business in more than 60 countries.

**ANSWER:**    Defendant admits that Plaintiff has represented to Google that, prior to joining Google, she was a Managing Director at JPMorgan Chase, where she represented she was Head of Credit Risk Technology for JPMorgan.  Defendant admits that Plaintiff has represented to Google that, before that, Plaintiff was a Managing Director at Bank of America Merrill Lynch, where she represented she was Global Head of Market Risk Technology. Defendant admits that Plaintiff has represented to Google that, earlier in her career, she held multiple positions at UBS building trading systems.  Defendant admits that Plaintiff has represented to Google that she built technology platforms for risk management.  Except as specifically admitted, Defendant lacks knowledge or information sufficient to form a belief as to

the allegations set forth in Paragraph 15 of the Second Amended Complaint, and therefore denies these allegations.

16.     While at Google, Plaintiff has played a critical leadership role in building Google Cloud's offering in Financial Services. She became the point person for financial services related product direction and recommendations, marketing plans, regulatory relationships and CXO-level customer engagements. She has represented the technical voice of Google Cloud in the market, which requires her to spearhead financial services regulatory engagement programs, travel around the world establishing important relationships with top companies and local financial regulators, provide recommendations to the technical C-suite, and meet with hundreds of customers at the C-suite level, as the Google Cloud Executive sponsor.

**ANSWER:**     Defendant admits that Plaintiff has played a leadership role at Google Cloud.  Defendant admits that Plaintiff has at times represented the technical voice of Google Cloud in the market.  Defendant admits that Plaintiff has traveled internationally in her role. Defendant admits that Plaintiff has provided recommendations to the technical C-suite, and has acted as a Google Cloud Executive Sponsor.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 16 of the Second Amended Complaint.

17.     Plaintiff's financial services expertise is recognized inside and outside of Google. She has delivered keynotes in multiple countries on behalf of Google Cloud, and she keynoted multiple Google Cloud Summits in many countries across the globe. Plaintiff has presented at financial services related sessions at Google's flagship conference, Google Cloud Next, and at international financial services conferences, including Payments Canada in Toronto, TradeTech in Paris, Sibos in Sydney, and Fortune Brainstorm Finance in New York, among others. She

frequently serves as a Google Cloud spokesperson, speaking to the press on financial services and technology topics, and also represents Google at the Federal Reserve Bank of New York's advisory group on Financial Technology.

**ANSWER:**    Defendant admits that Plaintiff's financial services expertise is recognized inside Google, but lacks knowledge or information sufficient to form a belief as to whether it is recognized outside of Google, and therefore denies this allegation.  Defendant admits that Plaintiff has delivered keynotes in multiple countries on behalf of Google Cloud, and has keynoted multiple Google Cloud Summits in multiple countries.  Defendant admits Plaintiff presented at a financial services related session at Google's conference, Google Cloud Next.  Defendant admits Plaintiff has presented at international financial services conferences, including Payments Canada in Toronto, TradeTech in Paris, Sibos in Sidney, and Fortune Brainstorm Finance in New York, among others.  Defendant further admits that Plaintiff has at times served as a Google Cloud spokesperson, has at times spoken with the press regarding financial services and technology topics, and is a member of the advisory group on Financial Technology at the Federal Reserve Bank of New York.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 17 of the Second Amended Complaint.

18.     Since joining Google, Plaintiff has received "exceeds expectations" on all her performance reviews.

**ANSWER:**    Defendant admits the allegations set forth in Paragraph 18 of the Second Amended Complaint.

19.     Despite Plaintiff's exceptional performance and Google's recognition of her contributions, the Company has discriminated against her on the basis of her gender by hiring her

at a lower level than similarly situated men, paying her less than her male counterparts, and failing to promote her to a role for which she was the most-qualified candidate.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 19 of the Second Amended Complaint.

20.    Though Google considers Plaintiff a key employee with subject-matter expertise in several of its technologies and applications, upon information and belief, Google pays her less than her male colleagues for performing substantially similar work and having equal or better qualifications.

**ANSWER:**    Defendant admits that Plaintiff has subject-matter expertise in several of its technologies and applications.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 20 of the Second Amended Complaint.

21.    In March 2017, Plaintiff joined Google as the Technical Director of Financial Services at the Cloud, reporting to the Managing Director, Cloud CTO Office.

**ANSWER:**    Defendant admits that Plaintiff joined Google in March 2017 as part of the Google Cloud Platform.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 21 of the Second Amended Complaint.

22.    At the time she joined Google, Google was building out its Cloud platform. As part of that effort, Google hired Technical Directors for several different verticals and each Technical Director was responsible for similar tasks and performed substantially similar work. Further, each Technical Director position required substantially similar skills and experience and was performed under substantially similar conditions.

9

**ANSWER:**    Defendant admits that at the time Plaintiff joined Google, Google was in the process of building out its Cloud platform, and hired multiple individuals with the Business Title of Technical Director, Office of the CTO, Google Cloud Platform.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 22 of the Second Amended Complaint.

23.    Google hired Plaintiff as a Level 8 Director, although her background and experience was commensurate to at least a Level 9. When Plaintiff noted that the Level 8 position might not be the right level, considering her experience and compensation expectations, the hiring manager told her that all individuals hired for the Technical Director positions were joining at Level 8.

**ANSWER:**    Defendant admits that Google hired Plaintiff as a Level 8.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 23 of the Second Amended Complaint.

24.    Plaintiff was concerned that a Level 8 position would impact her long-term compensation, but her hiring manager, as well as the Google's Human Resources representative, indicated that she would receive an equity refresh award each year, situating her to exceed her prior compensation at JPMorgan.

**ANSWER:**    Defendant lacks knowledge and information sufficient to form a belief as to Plaintiff's mindset when she was hired, and denies all other allegations set forth in Paragraph 24 of the Second Amended Complaint.

25.    Plaintiff's hiring manager also indicated that once Google Cloud verticalized, she

10

would lead the Financial Services vertical, positioning her for long term advancement within Google. Based in part on those representations, Plaintiff accepted the position.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 25 of the Second Amended Complaint.

26.    After accepting the position, Plaintiff learned that Google had hired similarly situated male Technical Directors at Level 9, a level that pays hundreds of thousands of dollars more in total annual compensation than Level 8.

**ANSWER:**   Defendant admits that individuals with the Business Title of Technical Director, Office of the CTO, Google Cloud Platform at Level 9 generally have earned more in total annual compensation than individuals with the Business Title of Technical Director, Office of the CTO, Google Cloud Platform at Level 8.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 26 of the Second Amended Complaint.

27.    Plaintiff and the male comparators were hired within weeks of each other, using the same position description.

**ANSWER:**   Defendant lacks knowledge and information sufficient to form a belief as to the hiring dates and position descriptions of unidentified alleged comparators, and therefore denies the allegations set forth in Paragraph 27 of the Second Amended Complaint.

28.    Plaintiff was equally or more qualified than the men who were hired as Level 9 Technical Directors. For example, one male colleague had only nineteen years of industry experience, while Plaintiff had twenty-two years of experience at time of hire. Another male colleague's background was in physics, not engineering, and he did not satisfy the requirement

11

that candidates have an MS in Computer Engineering or demonstrated leadership in this area. Similarly, another man had no academic background in technology. Plaintiff, in contrast, has a MS in Computer Science and a BS in Computer Engineering, as well as demonstrated leadership in the field.

**ANSWER:**    Defendant denies that Plaintiff was equally or more qualified than the men who were hired as Technical Director, Office of the CTO, Google Cloud Platform at Level 9. Defendant admits that one male individual had nineteen years of industry experience, but denies that Plaintiff had twenty-two years of experience at time of hire.  Defendant admits that one male individual had no academic degrees in technology.  Defendant admits that Plaintiff has represented to Google that she has an MS in Computer Science and a BS in Computer Engineering.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 28 of the Second Amended Complaint.

29.     Further, Google has exacerbated the pay differential by denying Plaintiff the equity refreshes that it promised to her at the time of hire. While she had been told that Google would award her annual equity refreshes, such that she would be well positioned to exceed her annual JPMorgan compensation on a going forward basis, Google instead awarded her only small equity awards that have left her with a significant shortfall in total annual compensation and will significantly impact her compensation on a going forward basis. On information and belief, the equity awards Google awarded her are hundreds of thousands of dollars less than the equity awards Google made to her similarly-situated male comparators.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 29 of the Second Amended Complaint.

LEGAL_US_W # 107060938.2

30.     The pay disparity between Plaintiff and her male comparators is not based on a seniority system, a merit system, or a system which measures earnings by quantity or quality of production.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 30 of the Second Amended Complaint.

31.     The pay disparity between Plaintiff and her male comparators is not based on any factors that are job-related and consistent with a business necessity.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 31 of the Second Amended Complaint.

32.     On several occasions, Plaintiff has complained to Human Resources that her Level 8 title is a result of initial hiring discrimination and has noted the ways it impacts her compensation and advancement within the Company.

**ANSWER:**     Defendant admits Plaintiff has complained to Human Resources that her being leveled at Level 8 is a result of initial hiring discrimination and has noted the ways it impacts her compensation and advancement within the Company.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 32 of the Second Amended Complaint.

33.     Not only did Google discriminate against Plaintiff in hiring and compensation, Google denied her a promotion into a position for which she was the most-qualified candidate and instead promoted a less-qualified man.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 33 of the Second Amended Complaint.

34.    In June 2018, Google changed Plaintiff's reporting structure and she began reporting to the Vice President of Partners and Industry Platforms (the "VP"). The VP treated Plaintiff, one of his only female direct reports, much differently than his male subordinates. The VP told Plaintiff that he envisioned her as a Global Client Technical Lead, a demotion given her background and seniority. He did not actively manage her; indeed, he only met with her approximately five times in the ten months he supervised her, despite her frequent requests for meetings. He frequently ignored her emails, and he excluded her from the development of the Financial Services vertical. The VP also regularly excluded Plaintiff, but not her male colleagues, from staff meetings, email distribution lists, team offsites, and one-on-one meetings.

**ANSWER:**    Defendant admits that in June 2018, Google changed Plaintiff's reporting structure and she began reporting to a new manager, and subsequently assumed a Global Client Technical Lead role.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 34 of the Second Amended Complaint.

35.    When Google began to move forward with verticalizing the different industries, Google undertook a search for the role of Vice President, Financial Services, a Level 10 position. Even though Plaintiff was amply qualified for the position and previously had been told by both her hiring manager and Google Cloud's Chief Technology Officer ("CTO") that she was expected to move into that role, the VP failed to meaningfully consider Plaintiff for position.

**ANSWER:**    Defendant admits that Google undertook a search for a Financial Services Vertical Lead, a role that sometimes was referred to as Vice President, Financial Services.

LEGAL_US_W # 107060938.2

Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 35 of the Second Amended Complaint.

36.     When Plaintiff learned that two, less qualified, external finalists were being considered for the position instead, she insisted that she be considered as well. Plaintiff also expressed concerns that the initial hiring discrimination – leveling her at Level 8 – would impact Google's consideration of her and that she was not being fairly considered for the Vice President of Financial Services Vertical position as a result.

**ANSWER:**     Defendant admits that Plaintiff insisted that she be considered for the Financial Services Vertical Lead position.  Defendant also admits that Plaintiff expressed concerns that her initial hiring at Level 8 would impact Google's consideration of her and that she was not being fairly considered for the position as a result.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 36 of the Second Amended Complaint.

37.     In response to her concerns regarding leveling, Human Resources responded that even if she were selected for the position, her level and title would not change.

**ANSWER:**     Defendant admits that Human Resources informed Plaintiff that if she were to be selected for the Vertical Lead position, her level would not change as a result.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 37 of the Second Amended Complaint.

38.     Plaintiff spoke with the CTO regarding the Vice President position and her concerns that she was not being fairly considered for the role. He confirmed that he considered her to be the most qualified candidate, but indicated that because he had been involved in hiring

her, he was excluded from the group considering her application for the Vice President position.

**ANSWER:** Defendant admits that Plaintiff spoke to the CTO regarding the position. Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 38 of the Second Amended Complaint.

39. Plaintiff also raised concerns with Google Cloud's Chief Executive Officer that the initial hiring discrimination was impacting Google's consideration of her for the Vice President Financial Services position.

**ANSWER:** Defendant admits that Plaintiff raised concerns with Google Cloud's then-Chief Executive Officer that her initial hiring level was impacting Google's consideration of her for a role she described as Head of Financial Services. Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 39 of the Second Amended Complaint.

40. After her repeated complaints, Human Resources eventually conducted a cursory investigation and in November 2018, ignoring the plain facts, communicated that they did not believe that the Company had committed any wrongdoing with respect to Plaintiff.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 40 of the Second Amended Complaint.

41. Despite Plaintiff's background, qualifications, and Google's previous representations that she would lead the Financial Services Vertical once Google Cloud verticalized, the Company did not select Plaintiff for the position of Vice President of Financial Services Vertical. Instead, on or about February 2019, Google selected a less-qualified man, who had only been with the Company for approximately six months, for the position of Head of

16

Financial Services Vertical.

**ANSWER:**   Defendant admits that it selected no one (including Plaintiff) for the position of Financial Services Vertical Lead.  Defendant admits that after suspending the selection process for this role, Defendant asked a male employee to take on some of the responsibilities intended for this position, on an interim basis.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 41 of the Second Amended Complaint.

42.     On information and belief, Google did not follow its normal processes for filling the position and did not interview the man in connection with considering him for the position, even though Plaintiff had been forced to undergo additional interviews to be considered for the role. Instead, he was selected via a "tap on the shoulder."

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 42 of the Second Amended Complaint.

43.     Unlike Plaintiff, the new Head of Financial Services Vertical has limited demonstrated leadership or experience in technology, let alone Google Cloud technology or customer engagement. His background primarily is in compliance and he is an attorney by training. He does not satisfy the position description requirements for the Head of Financial Services Vertical position.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 43 of the Second Amended Complaint.

44.     Google's denial of promotion materially impacted Plaintiff's total annual compensation; Vice Presidents at Google are paid hundreds of thousands of dollars more than

Directors and, on information and belief, Google is paying the man it selected to head the financial services vertical thousands of dollars more in compensation each year than Plaintiff.

**ANSWER:** Defendant admits that Google Vice Presidents generally are paid more than Google Directors. Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 44 of the Second Amended Complaint.

45. Plaintiff objected to the promotion of a less-qualified man over her and complained again about Google's discriminatory pay and promotion practices.

**ANSWER:** Defendant admits that, through her counsel, Plaintiff alleged that a less qualified man had been promoted over Plaintiff, and through her counsel, Plaintiff alleged discrimination with respect to pay and promotion. Except as specifically admitted Defendant denies the allegations set forth in Paragraph 45 of the Second Amended Complaint.

46. On April 2019, the Company communicated to Plaintiff that they were changing her role and provided her with three undesirable options: to work on a discrete project reporting to the new Head of Financial Services Vertical; to return to the Office of the CTO as an individual contributor; or to look for a different role within Google, during which time she would be reporting directly to the new Head of Financial Services Vertical.

**ANSWER:** Defendant admits that in April 2019, Google communicated to Plaintiff that she could elect to remain in her then-current role, which would involve working on discrete projects, she could return to a role in the Office of the CTO, or she could suggest an alternative role. Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 46 of the Second Amended Complaint.

47.     All three positions are reasonably perceived as demotions as they are less prestigious and have less responsibility, less opportunity for upward advancement, and less compensation potential.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 47 of the Second Amended Complaint.

48.     On September 17, 2019, Plaintiff Ulku Rowe filed her initial Complaint alleging claims of unequal pay, sex and gender discrimination, and retaliation, pursuant to the EPA, NYLL, and NYCHRL.

**ANSWER:**     Defendant admits that Plaintiff filed her initial Complaint in this matter on September 17, 2019.  Defendant further admits that the Complaint purported to bring claims against Google for alleged violations of the EPA, 29 U.S.C. § 206(d); NYLL § 194; and the NYCHRL, but Defendant denies that it committed any unlawful acts alleged by Plaintiff, and denies that Plaintiff is entitled to any of the relief requested in that initial Complaint.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 48 of the Second Amended Complaint.

49.     On November 22, 2019, after receiving a Notice of Right to Sue from the Equal Employment Opportunity Commission, Plaintiff amended her initial Complaint to include sex discrimination and retaliation claims pursuant to Title VII.

**ANSWER:**     Defendant admits that Plaintiff filed her First Amended Complaint in late 2019, which purported to add claims against Google for alleged violations of Title VII, 42 U.S.C. §§2000e *et seq*. Defendant denies that it committed any unlawful acts alleged by Plaintiff, and

denies that Plaintiff is entitled to any of the relief requested in that First Amended Complaint. Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 49 of the Second Amended Complaint.

50.     Following the commencement of this case, in October 2019, Defendant initiated an investigation into Plaintiff's complaints of unequal pay, discrimination, and bias, which was conducted by Defendant's Employee Relations ("ER") department.

**ANSWER:**    Defendant admits that it commenced an internal investigation based on the allegations set forth in Plaintiff's initial Complaint and First Amended Complaint filed in this case.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 50 of the Second Amended Complaint.

51.     As part of the ER investigation, Defendant interviewed the executive recruiter involved in the recruitment and selection process for the Vice President of Financial Services role (the "Executive Recruiter").

**ANSWER:**    Defendant admits that Employee Relations interviewed the executive recruiter involved in the recruitment process for the Financial Service Vertical Lead position, a role sometimes referred to as Vice President, Financial Services.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 51 of the Second Amended Complaint.

52.     On January 22 and 29, 2020, the Executive Recruiter discussed with ER his involvement in the recruitment process for the Vice President of Financial Services role, the position Plaintiff alleged she had been unlawfully denied. During that interview, the Executive

Recruiter described Plaintiff in gendered terms, including "abrasive," "cantankerous," and "bristly."

**ANSWER:**    Defendant admits that Employee Relations investigators took notes of any interviews with the Executive Recruiter, the contents of which speak for themselves.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 52 of the Second Amended Complaint.

53.    The Executive Recruiter understood that he was being interviewed in connection with claims of discrimination that Plaintiff had asserted.

**ANSWER:**    Defendant admits that the Executive Recruiter understood that Employee Relations investigators were asking him questions about Plaintiff.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 53 of the Second Amended Complaint.

54.    In February 2020, Plaintiff learned from the hiring manager of another Vice President role for which Defendant was hiring – the Vice President of Sales for Financial Services (the "VP Sales" role). Plaintiff expressed to the hiring manager that she was interested in the VP Sales role.

**ANSWER:**    Defendant admits that in or around February 2020, Plaintiff met with the hiring manager for the Financial Services Industry Leader role in Google Cloud.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 54 of the Second Amended Complaint.

55.    On February 4, 2020, Plaintiff sent correspondence to the Executive Recruiter

LEGAL_US_W # 107060938.2

seeking further information regarding the VP Sales role. The Executive Recruiter acknowledged Plaintiff's interest in the role and forwarded the job description to her.

**ANSWER:**     Defendant admits that Plaintiff and the Executive Recruiter exchanged email correspondence about the Financial Services Industry Leader role on or around February 4, 2020, the contents of which speak for themselves.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 55 of the Second Amended Complaint.

56.     On February 5, 2020, Plaintiff reiterated to the Executive Recruiter her desire to be considered for the VP Sales role and requested that the Executive Recruiter provide her with guidance on the next steps.

**ANSWER:**     Defendant admits that Plaintiff and the Executive Recruiter exchanged email correspondence about the Financial Services Industry Leader role on or around February 5, 2020, the contents of which speak for themselves.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 56 of the Second Amended Complaint.

57.     The Executive Recruiter failed to respond to Plaintiff's emails or provide Plaintiff the additional information she requested. Days later, after being unresponsive to Plaintiff's emails requesting follow-up information on the application process, the Executive Recruiter told Plaintiff that he would schedule a meeting to discuss an "update" with her.

**ANSWER:**     Defendant admits that Plaintiff and the Executive Recruiter exchanged email correspondence about the Financial Services Industry Leader role in or around February 2020, the contents of which speak for themselves.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 57 of the Second Amended Complaint.

58.     On February 25, 2020, the Executive Recruiter scheduled a meeting with Plaintiff and informed her that she would not be considered for the VP Sales role at all.

**ANSWER:**     Defendant admits that on or around February 25, 2020, the Executive Recruiter scheduled a telephone conference with Plaintiff about the Financial Services Industry Leader role.  Except as specifically admitted, Defendant denies the allegations set forth in Paragraph 58 of the Second Amended Complaint.

59.     Plaintiff was qualified for the VP Sales role.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 59 of the Second Amended Complaint.

60.     Defendant never interviewed or meaningfully considered Plaintiff for the VP Sales role.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 60 of the Second Amended Complaint.

61.     On information and belief, Defendant's refusal to meaningfully consider Plaintiff for the VP Sales role was retaliation for Plaintiff's protected complaints.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 61 of the Second Amended Complaint.

LEGAL_US_W # 107060938.2

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Sex Discrimination in Violation of Title VII of the
Civil Rights Act of 1964 (42 U.S.C. § 2000e-2)**

62.     Plaintiff realleges and incorporates by reference all allegations in the preceding

paragraphs.

**ANSWER:**     Defendant restates and incorporates by reference, as if fully set forth

herein, each and every answer to each and every allegation of this Second Amended Complaint.

63.     Defendant violated Title VII by discriminating against Plaintiff in the terms and

conditions of her employment, including but not limited to her compensation and equity awards,

because of her sex.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 63 of the Second

Amended Complaint.

64.     Defendant violated Title VII by failing to promote Plaintiff because of her sex.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 64 of the Second

Amended Complaint.

65.     Plaintiff is entitled to damages as a result of Defendant's unlawful acts, including,

but not limited to, past and future lost wages and benefits, damages to compensate her for past

and future physical and emotional distress, punitive damages, reasonable attorneys' fees and

costs of this action, and pre-judgment interest.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 65 of the Second

Amended Complaint.

## SECOND CAUSE OF ACTION
### Retaliation in Violation of Title VII of the
### Civil Rights Act of 1964 (42 U.S.C. § 2000e-3)

66.     Plaintiff realleges and incorporates by reference all allegations in the preceding

paragraphs.

**ANSWER:**    Defendant restates and incorporates by reference, as if fully set forth

herein, each and every answer to each and every allegation of this Second Amended Complaint.

67.     Plaintiff engaged in protected activities under Title VII, including opposing

discrimination.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 67 of the Second

Amended Complaint.

68.     Defendant violated Title VII when it treated Plaintiff less well because she

opposed discrimination.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 68 of the Second

Amended Complaint.

69.     Plaintiff is entitled to damages as a result of Defendant's unlawful acts, including,

but not limited to, past and future lost wages and benefits, damages to compensate her for past

and future physical and emotional distress, punitive damages, reasonable attorneys' fees and

costs of this action, and pre-judgment interest.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 69 of the Second

Amended Complaint.

### THIRD CAUSE OF ACTION
### Sex-Based Pay Discrimination in Violation of
### the Equal Pay Act (29 U.S.C. § 206(d))

70.     Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

**ANSWER:**    Defendant restates and incorporates by reference, as if fully set forth herein, each and every answer to each and every allegation of this Second Amended Complaint.

71.     Defendant violated the Equal Pay Act by paying Plaintiff less than her male counterparts for substantially equivalent work that required substantially equal skill, effort, and responsibility, and was performed under similar working conditions.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 71 of the Second Amended Complaint.

72.     The differential in pay between Plaintiff and her male colleagues was not due to a bona fide seniority system, a bona fide merit system, or a bona fide system that measures employee earnings by quantity or quality of work, nor was the difference in pay a result of a factor other than sex.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 72 of the Second Amended Complaint.

73.     As a consequence of Defendant's unlawful acts, Plaintiff has been deprived of compensation and is entitled to recovery of such amounts plus liquidated damages for all willful

violations, pre-judgment and post-judgment interest, attorneys' fees, costs, and other

compensation pursuant to 29 U.S.C. § 216(b).

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 73 of the Second

Amended Complaint.

**FOURTH CAUSE OF ACTION**
**Sex-Based Pay Discrimination in Violation of**
**New York Labor Law (N.Y. Lab. L. Art. 6, § 194)**

74.     Plaintiff realleges and incorporates by reference all allegations in the preceding

paragraphs.

**ANSWER:**   Defendant restates and incorporates by reference, as if fully set forth

herein, each and every answer to each and every allegation of this Amended Complaint.

75.     Defendant violated the Equal Pay Act provisions of New York Labor Law

("NYLL") by paying Plaintiff less than her male counterparts for substantially equivalent work

that required substantially equal skill, effort, and responsibility, and was performed under similar

working conditions.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 75 of the Second

Amended Complaint.

76.     Defendant's violation of NYLL, as described in this Complaint, was willful and

intentional. Defendant did not make a good faith effort to comply with NYLL with respect to its

compensation of Plaintiff.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 76 of the Second

Amended Complaint.

77.     As a consequence of Defendant's unlawful acts, Plaintiff has been deprived of

compensation and is entitled to recovery of such amounts plus liquidated damages, pre-judgment

and post-judgment interest, attorneys' fees, costs, and other compensation pursuant to N.Y. Lab.

L. § 194.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 77 of the Second

Amended Complaint.


### FIFTH CAUSE OF ACTION
### Gender Discrimination in Violation of
### New York City Human Rights Law (N.Y.C. Admin. Code § 8-101 *et seq.*)

78.     Plaintiff realleges and incorporates by reference all allegations in the preceding

paragraphs.

**ANSWER:**     Defendant restates and incorporates by reference, as if fully set forth

herein, each and every answer to each and every allegation of this Second Amended Complaint.


79.     Defendant violated the New York City Human Rights Law ("NYCHRL") by

discriminating against Plaintiff in the terms and conditions of her employment, including but not

limited to her compensation and equity awards, because of her gender.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 79 of the Second

Amended Complaint.


80.     Defendant violated the NYCHRL by failing to promote Plaintiff because of her

gender.

LEGAL_US_W # 107060938.2

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 80 of the Second

Amended Complaint.

81.     Plaintiff is entitled to damages as a result of Defendant's unlawful acts, including

past and future lost wages and benefits, damages to compensate her for past and future physical

and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and

pre-judgment interest.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 81 of the Second

Amended Complaint.

<u>**SIXTH CAUSE OF ACTION**</u>
**Retaliation in Violation of**
**New York City Human Rights Law (N.Y.C. Admin. Code § 8-101 *et seq.*)**

82.     Plaintiff realleges and incorporates by reference all allegations in the preceding

paragraphs.

**ANSWER:**     Defendant restates and incorporates by reference, as if fully set forth

herein, each and every answer to each and every allegation of this Second Amended Complaint.

83.      Plaintiff engaged in protected activities under the NYCHRL, including opposing

discrimination pursuant to Section 8-107(7).

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 83 of the Second

Amended Complaint.

84.     Defendant violated the NYCHRL when it treated Plaintiff less well because she

opposed discrimination.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 84 of the Second Amended Complaint.

85.     Plaintiff is entitled to damages as a result of Defendant's unlawful acts, including, but not limited to, past and future lost wages and benefits, damages to compensate her for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and pre-judgment interest.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 85 of the Second Amended Complaint.

**SEVENTH CAUSE OF ACTION**
**Retaliation in Violation of**
**the Equal Pay Act of 1963 (29 U.S.C. § 206(d))**

86.     Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

**ANSWER:**     Defendant restates and incorporates by reference, as if fully set forth herein, each and every answer to each and every allegation of this Second Amended Complaint.

87.     Plaintiff engaged in protected activities under the Equal Pat Act by, among other things, commencing this action and opposing unlawful pay practices.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 87 of the Second Amended Complaint.

88.     Defendant violated the Equal Pay Act when it treated Plaintiff less well because she commenced this action and opposed unlawful pay practices.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 88 of the Second Amended Complaint.

89.     As a consequence of Defendant's unlawful acts, Plaintiff has been deprived of compensation and is entitled to recovery of such amounts plus liquidated damages for all willful violations, pre-judgment and post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 206(d), 215.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 89 of the Second Amended Complaint.

<u>**EIGHTH CAUSE OF ACTION**</u>
**Retaliation in Violation of**
**New York Labor Law (N.Y. Lab. L. Art. 6, § 194)**

90.     Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 90 of the Second Amended Complaint.

91.     Plaintiff engaged in protected activities under New York Labor Law by, among other things, commencing this action and opposing unlawful pay practices.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 91 of the Second Amended Complaint.

92.     Defendant violated the New York Labor Law when it treated Plaintiff less well because she commenced this action and opposed unlawful pay practices.

LEGAL_US_W # 107060938.2

**ANSWER:** Defendant denies the allegations set forth in Paragraph 92 of the Second Amended Complaint.

93.     As a consequence of Defendant's unlawful acts, Plaintiff has been deprived of compensation and is entitled to recovery of such amounts plus liquidated damages for all willful violations, pre-judgment and post-judgment interest, attorneys' fees, costs and other compensation pursuant to N.Y. Lab. L. Art. 6 §§ 194, 215.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 93 of the Second Amended Complaint.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>FIRST SEPARATE AND AFFIRMATIVE DEFENSE</u>

1.     The Second Amended Complaint, and each of its causes of action, fails to state facts sufficient to constitute a cause of action.

<u>SECOND SEPARATE AND AFFIRMATIVE DEFENSE</u>

2.     Plaintiff's claims are barred because Defendant's employment decisions, including all hiring, compensation and promotion decisions, were based on legitimate and nondiscriminatory factors unrelated to Plaintiff's protected characteristics.

<u>THIRD SEPARATE AND AFFIRMATIVE DEFENSE</u>

3.     To the extent that Plaintiff was denied equal pay for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, which Defendant denies occurred, such alleged unequal pay was lawful and not a violation of the EPA because it was pursuant to (i) a merit system, (ii) a seniority system, (iii) a system that measures earnings by quantity or quality of production, or (iv) a differential based on any other factor other than sex based on a legitimate business reason.

<u>FOURTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

4.      To the extent that Plaintiff was denied equal pay for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, which Defendant denies occurred, such alleged unequal pay was lawful and not a violation of the NYLL because it was pursuant to (i) a merit system, (ii) a seniority system, (iii) a system that measures earnings by quantity or quality of production, or (iv) a differential based on any other factor other than sex which is job-related and consistent with business necessity.

<u>FIFTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

5.      Defendant did not commit the acts or omissions alleged in the Second Amended Complaint for discriminatory or retaliatory motives, but assuming that it did, such acts or omissions would have been taken in any event for legitimate, non-discriminatory, non-retaliatory reasons.

<u>SIXTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

6.      Plaintiff may not recover damages in this action because under the circumstances presented that would constitute unjust enrichment.

<u>SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

7.      Plaintiff's claims for damages (and certain categories of damages, and the amounts thereof recoverable) are limited by the EPA and the NYLL.

<u>EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

8.      Plaintiff may not recover liquidated or punitive damages because at all times relevant to the Second Amended Complaint Defendant had in place a policy to prevent discrimination and retaliation in the workplace and made good-faith efforts to implement and enforce that policy.

LEGAL_US_W # 107060938.2

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

9.      Plaintiff may not recover liquidated damages because Defendant had a good faith basis to believe that its actions were in compliance with the law.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

10.     Plaintiff's claim for injunctive or other equitable relief is barred because Plaintiff has an adequate and complete remedy at law.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

11.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate any of the damages alleged in the Second Amended Complaint.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

12.     Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff has not alleged facts sufficient to support an award of compensatory damages, punitive damages, and/or damages for any physical, mental, or emotional injury.


Defendant respectfully reserves the right, pending completion of discovery, to assert any additional defenses that may exist.  Defendants do not consent to the trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies.

WHEREFORE, Defendants respectfully request that the Second Amended Complaint be dismissed with prejudice in its entirety and that Defendants be awarded their attorneys' fees, costs, expenses, and such other and further relief as the Court deems just and proper.

34

Dated:  New York, New York
       February 26, 2021

PAUL HASTINGS LLP

By: _____
     Kenneth W. Gage
     Sara B. Tomezsko

     200 Park Avenue
     New York, New York  10166
     Telephone:  1(212) 318-6000
     Facsimile:  1(212) 319-4090
     kennethgage@paulhastings.com
     saratomezsko@paulhastings.com

     *Attorneys for Defendant*
     GOOGLE LLC

LEGAL_US_W # 107060938.2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 26th day of February, 2021, I caused a true and exact copy of the foregoing DEFENDANT GOOGLE LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT, to be filed electronically and served by mail on anyone unable to accept electronic filing. Notice and copies of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
        February 26, 2021

_____
Sara B. Tomezsko

LEGAL_US_W # 107060938.2