

Advocates for Workplace Fairness

April 28, 2021

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

    Re: *Ulku Rowe v. Google LLC, Case No. 19-cv-08655-LGS*

Dear Judge Schofield:

  We represent Plaintiff Ulku Rowe in the above-referenced matter. Pursuant to Rule III.A.1 of your Honor's Individual Rules, we write to request leave to file a motion for partial summary judgment.

  Plaintiff brings claims against Google under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e *et seq*., the Equal Pay Act of 1963 (the "EPA"), 29 U.S.C. §§ 206(d), 215; New York's Equal Pay Law, as amended, N.Y. Lab. L. Art. 6 ("NYEPL"), §§ 194, 215; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq*., for discrimination, retaliation, and equal pay. Plaintiff now seeks leave to file a motion for (1) partial summary judgment on the first, second, and third *prima facie* elements of Plaintiff's Title VII (First Claim) and NYCHRL (Fifth Claim) leveling and compensation claims[1]; (2) for summary judgment on her NYEPL (Fourth Claim) and EPA (Third Claim) claims; and (3) for summary judgment on Defendant's Fourth and Fifth affirmative defenses.

**Plaintiff's Title VII and NYCHRL Claims**

  To prevail on a claim for compensation discrimination under Title VII, an employee must establish that (1) she was a member of a protected class; (2) she was qualified for the job in question; (3) she was paid less than members outside of the protected class for the same work; and (4) the employer's decision to pay the plaintiff less occurred under circumstances that give rise to an inference discrimination. *Husser v. New York City Dep't of Educ.*, 137 F. Supp. 3d 253, 270 (E.D.N.Y. 2015) (citing *Belfi v. Prendergast*, 191 F.3d 129, 139–40 (2d Cir. 1999). Under New York City Human Rights Law, a plaintiff need only show that she was treated less well than other employees because of her sex. *Id.*

  There is no dispute that Ms. Rowe, as a woman, is a member of a protected class and that she was and is qualified for the role of Technical Director, Office of the Chief Technology

---

[1] Plaintiff does not seek summary judgment on her discriminatory promotion or retaliation claims.

**New York**  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
**San Francisco**  One California Street  12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
**Washington DC**  601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410

www.outtengolden.com

Officer ("OCTO"), a position she continues to hold to this day. Likewise, there is no material dispute that Ms. Rowe was hired as a Level 8 while certain male colleagues were hired as Level 9, and that as a consequence she was paid less than those men for performing the same work.[2] Specifically, Google hired Ms. Rowe and five other men at or around the same time for the same role of Technical Director, OCTO, each reporting to Will Grannis. Mr. Grannis, as well as two of the other individuals in the role, testified that Ms. Rowe and the other Technical Directors all performed the same role. Despite Plaintiff's placement in an identical job position where she performed the same work as her male comparators, Google leveled her below her male peers and paid her hundreds of thousands of dollars less. The only material dispute of fact, then, is whether Google's leveling and pay decisions were based on gender/sex, which is a question of intent for the jury to determine. *See Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) (holding that summary judgment is rarely appropriate where there is an issue of intent).

### **Plaintiff's NYEPL and EPA Claims**

Similarly, there is no material dispute of fact related to Plaintiff's NYEPL or EPA claims, rendering them well-suited for summary disposition. The NYEPL requires employers to pay employees equally for (a) equal work on a job the performance of which requires equal skill, effort and responsibility, and which is performed under similar working conditions, or (b) substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions. *See* N.Y. Lab. L. § 194 (1). The federal EPA requires a Plaintiff to establish that she received unequal pay for performing a job that requires: (1) equal skill; (2) equal effort; (3) equal responsibility; and (4) the jobs are performed under similar working conditions. 29 U.S.C. § 206(d).

The undisputed documentary and testimonial evidence establishes that Ms. Rowe and her male comparator, Nicholas Harteau, both worked in New York as Technical Directors, OCTO – a role that required equal skill, effort, and responsibility, and was performed under similar working conditions. Google hired Ms. Rowe and Mr. Harteau within two months of each other for the same posted position with the same job description, and each performed similar duties and reported to the same supervisor. They both were subject to the same performance evaluation and disciplinary standards. *See Torre v. Charter Comm.*, 493 F.Supp.3d 276 (S.D.N.Y. 2020). The record evidence also establishes that Google paid Mr. Harteau more than Ms. Rowe.

### **Defendant's Affirmative Defenses**[3]

Plaintiff also is entitled to summary judgment on Defendant's equal pay affirmative defenses (Fourth and Fifth Affirmative Defenses). The NYEPL provides only four defenses to wage differentials: (i) a seniority system, (ii) a merit system, (iii) "a system which measures earnings by quantity or quality of production," or (iv) "a bona fide factor" other than the

---

[2] Plaintiff does not seek summary judgment with respect to discrimination claims related to comparators outside of OCTO, nor with respect to equal pay claims related to Ms. Rowe's NY-based comparators other than Nicholas Harteau, and reserves all rights as to those claims.

[3] Counsel for Plaintiff, via email on April 26, 2021, requested that Defendant stipulate to drop certain of its asserted defenses, to obviate the need for summary judgment on those defenses. Defendant did not agree to Plaintiff's request.

protected status, such as education, training, or experience. N.Y. Labor Law § 194. With respect to prong (iv), an employer must show that the "bona fide factor" is job-related, satisfies a specific business purpose, and is consistent with business necessity. *Id.* The EPA provides similar defenses to those of the NYEPL and also requires that any "bona fide" reason be business-related. *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 526 (2d Cir. 1992). A defendant bears the burden of proof to establish an affirmative defense, and "[t]he burden of establishing one of the four affirmative defenses is 'a heavy one,' because the statutory exemptions are 'narrowly construed.'" *Ryduchowski v. Port Auth. of N.Y. & N.J.*, 203 F.3d 135, 143 (2d Cir. 2000) (citations omitted).

None of the affirmative defenses apply here. With respect to a differential based on a seniority system, it is undisputed that Google does not have a bona fide seniority-based or production-based system. While Google does have a performance evaluation system, the undisputed facts establish that the performance review system has no bearing on initial leveling or compensation decisions, and once at Google, Ms. Rowe either outperformed or equally performed to Mr. Harteau as measured by the performance evaluation system. With respect to the any "bona fide factor" other than sex defense, Google is unable substantiate the factors it used to determine level and compensation, dooming any such defense. *See Rizo v. Yovino*, 950 F.3d 1217, 1222 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 189, 207 L. Ed. 2d 1115 (2020) ("To counter a prima facie case, an employer must prove not simply that the employer's proffered reasons *could* explain the wage disparity, but that the proffered reasons *do in fact* explain the wage disparity."); *U.S. E.E.O.C. v. Maryland Ins. Admin.,* 879 F.3d 114, 123 (4th Cir. 2018) ("A viable affirmative defense . . . requires more than a showing that a factor other than sex *could* explain or *may* explain the salary disparity. Instead, the EPA requires that a factor other than sex *in fact* explains the salary disparity."). Further, there is nothing in the record substantiating that any factors Google applied were job-related, and Google will be unable to avail itself of the "bona fide factor" defense where its employment practice results in a disparate impact on women and an alternative employment practice that would serve the same business purpose and not produce such differential exists but has not been implemented by Google. *See* N.Y. Lab. L. § 194.

Plaintiff therefore respectfully asks the Court to grant leave to file her proposed motion for partial summary judgment.

        Respectfully submitted,
        /s/ Cara E. Greene
        Cara E. Greene

c: Counsel of record via ECF