

1(212) 318-6046
kennethgage@paulhastings.com

April 28, 2021                                                                                                                59605.00060

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Ulku Rowe v. Google LLC*, 1:19-cv-08655(LGS)(GWG)

Your Honor:

On behalf of Defendant Google LLC we write to request leave to file a motion for summary judgement on Plaintiff's claims.  Plaintiff alleges that Google discriminated against her based on her gender in decisions related to her compensation, "leveling," and promotion under federal and state law.  She also alleges that she was denied two new roles because she complained about gender discrimination.  The undisputed material facts show that Google had legitimate non-discriminatory and non-retaliatory reasons for all of these decisions.  There is no relevant evidence from which a reasonable jury could find that Google's reasons are pretext for unlawful discrimination, or that any decision with respect to Plaintiff was made on the basis of her gender or protected activity.

   1. **Undisputed Material Facts**

Plaintiff joined Google in March 2017 as a level 8[1] Technical Solutions Consultant ("TSC") in Google's Office of the CTO ("OCTO").[2]  Plaintiff and most director-level TSCs were hired at level 8 ("L8") but five were hired at level 9 ("L9").  Plaintiff was at the time (and remains) compensated generously.  Her starting salary was even higher than at least one male L9 TSC, and $16,000 higher than the average male L8 TSC hired within a year of her.  Although Google's practice is not to award equity refreshes to Googlers in their first year of employment, it made an exception for Plaintiff and granted her a $60,000 equity refresh award for 2017—the highest among any L8 TSCs that year.  Her total compensation has consistently increased year over year, and Google has continued to pay her well regardless of gender.

Plaintiff claims that the decision to hire her at L8 was gender-based, but there is no evidence of that.  Several male applicants were also hired as L8 TSC within a year of Plaintiff, some of whom had even more relevant experience than she did or more advanced degrees.  Plaintiff insists, however, that these L8 men are not her appropriate comparators; she has been paid more than nearly all of them.  Instead, she argues that she should be paid the same as the five men who were hired as L9 TSCs.  The undisputed evidence shows, however, that these individuals were hired at L9 (and paid more) for legitimate, business-related reasons having nothing to do with gender.  Each had experience that Plaintiff (and others hired at L8) lacked, extensive experience with cloud technology, and service as a Chief Technology Officer at their prior employer or a Vice President at a technology company.  Each of them had either successfully migrated large business or portions thereof to cloud technology, or understood intimately Google's cloud products and services having worked for years at a key Google client.  In contrast, Plaintiff admitted during the interview process that she was "not a cloud expert," her resume reflects no cloud experience whatsoever, and her interviewers noted that she knew "not very much" about the Google Cloud Platform.

In 2018, Plaintiff and three of her male colleagues were transferred from OCTO to an organization led by Tariq Shaukat, a senior leader in Google Cloud.  Plaintiff's title remained the same and her compensation continued to increase.  She alleges, however, that she was "excluded" from off-sites and other meetings, but that is belied by

---

[1] Each role at Google is associated with a "level" that differentiates the scope, complexity, expertise, experience, responsibility, and impact of the role as one rises in seniority within a job.  Generally, pay increases with level.
[2] This TSC role was unique at Google and did not exist before late 2016.  The hiring manager and Plaintiff's initial supervisor, Will Grannis, described the role as an "experimental" position unlike anything else in Google Cloud.



Hon. Lorna G. Schofield
April 28, 2021
Page 2

the evidence.  The male employees who transferred from OCTO with her also were inadvertently left off the same email distribution lists referenced in her complaint.  In August 2018, Plaintiff complained to Human Resources about her level.  Google investigated her concerns and found her level to be correctly determined based upon legitimate non-discriminatory factors.  This was communicated to Plaintiff.

Plaintiff was considered in late 2018 for a senior role in Mr. Shaukat's organization, the Financial Services Vertical Lead, alongside internal and external candidates.  The interview panel returned mixed feedback about Plaintiff, including that she lacked the strategic vision required for the role.  Mr. Shaukat narrowed the list to two female finalists late in the year.[3]  Before a decision could be made, Google announced in November that Mr. Shaukat's boss, then-CEO of Google Cloud, was being replaced by an external hire.  Because of the uncertainty around what this meant for his organization, Mr. Shaukat chose not to fill the Financial Services Vertical Lead.  Instead, he asked Stuart Breslow, another executive within Google Cloud with over 30 years of experience in the financial services industry, to take on some of the responsibilities Mr. Shaukat planned for the Financial Services Vertical Lead role on a temporary basis.  Neither Mr. Breslow's level nor his compensation changed.[4]

Plaintiff was unhappy with her role in Mr. Shaukat's organization, and she told him.  He gave her the option to remain in the organization reporting to Mr. Breslow, to return to the OCTO team where she worked previously, or to look for another role within Google.  She was the only TSC who originally moved into Mr. Shaukat's organization from OCTO and who was given the option to go back.  She elected to return to OCTO in April 2019 to focus on "hybrid" cloud.  The transfer back to OCTO did not result in a title change or reduction in compensation.  Plaintiff continued to receive salary increases and equity refresh grants as before.

In early 2020, Plaintiff had coffee with a senior executive in the sales organization and allegedly expressed interest in a vice president-level sales role.  She subsequently spoke with an internal recruiter about the position and was eventually told that she would not be considered.  Google hired an external female candidate for that role who *American Banker* named one of the Most Powerful Women in Banking in 2019. Plaintiff admitted at deposition that she had no experience leading a sales team, a required qualification and skill for the role.  Moreover, there is no evidence—or even allegation—that the hiring manager had any knowledge of Plaintiff's complaints whatsoever.

   2.   **Plaintiff Cannot Sustain Her Gender Discrimination Claims As A Matter of Law.**

To prevail on her claims of discrimination under Title VII, Plaintiff must first establish a *prima facie* case by proving: "(1) [s]he belonged to a protected class; (2) [s]he was qualified for the positions [s]he held; (3) [s]he suffered an adverse employment action; and (4) that adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012) (citation omitted).  If Plaintiff makes this showing, then Google need only articulate, but not prove "some legitimate, nondiscriminatory reason" for the adverse employment action.  *Lam v. Sephora USA Inc.*, 488 F. App'x 487, 489 (2d Cir. 2012) (citations omitted).  The ultimate burden rests with Plaintiff to "demonstrate by competent evidence that the legitimate reasons" Google offered "were not its true reasons, but were a pretext for discrimination." *Id.* (citations omitted).  The same burden-shifting analysis applied to Plaintiff's claims under the NYSHRL. *See Ruiz v. County of Rockland*, 609 F.3d 486, 491–92 (2d Cir. 2010).  While the more lenient NYCHRL permits recovery if Plaintiff can prove she "has been treated less well than other employees because of" her gender, *Williams v. NYC Housing Authority*, 61 A.D.3d 62, 78 (1st Dept. 2009), this burden-shifting analysis still applies.  *See Ben-Levy v. Bloomberg*, L.P., 518 F. App'x 17, 20 (2d Cir. 2013) (affirming grant of summary judgment for employer on employee's discrimination claims under the NYCHRL).  These claims must fail because there are no facts suggesting anyone at Google acted with discriminatory intent in connection with her leveling, compensation or job assignments, and all decisions were based on legitimate, non-discriminatory factors.  Finally, there is no indication in the record that Plaintiff was denied any promotional opportunity on the basis of gender.

---

[3] *See Varughese v. Mount Sinai Med. Ctr.*, No. Civ. 8812(CM)(JCF), 2015 WL 1499618, at *42 (S.D.N.Y. Mar. 27, 2015), *aff'd*, 693 F. App'x 41 (2d Cir. 2017) (no discrimination in promotion decision where one of two people promoted to desired position was a member of plaintiff's protected class).

[4] Organizational changes within Google Cloud resulted in both Mr. Shaukat and Mr. Breslow leaving Google in 2020, and the Financial Services Vertical Lead position was never filled.



Hon. Lorna G. Schofield
April 28, 2021
Page 3

###    3.   Plaintiff Cannot Sustain An Equal Pay Claim Under Federal Or State Law.

To prevail on her equal pay claims, Plaintiff must first establish a *prima facie* case by proving that she is paid less than a male employee in the same establishment for "*equal* work on jobs requiring *equal* skill, effort and responsibility", and which are "performed under similar working conditions," *Sobol v. Kidder, Peabody & Co.*, 49 F. Supp. 2d 208, 219 (S.D.N.Y. 1999) (citation omitted) (emphasis in original), or "substantially similar work" under New York's Equal Pay Law beginning October 2019. N.Y. Lab. Law § 194(1). If Plaintiff can establish a *prima facie* case, the burden of persuasion shifts to Google, who may "show that the wage disparity is justified," because of "any other factor other than sex" under federal law, or similarly, because of "a bona fide factor other than [sex], such as education, training or experience" under New York Law. *Belfi v. Prendergast*, 191 F.3d 129, 136 (2d Cir. 1999) (citation omitted), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); N.Y. Lab. Law § 194(1). The focus of the inquiry remains on the *actual work required of the jobs* at issue. *See Moccio v. Cornell Univ.*, 889 F. Supp. 2d 539, 571 (S.D.N.Y. 2012) (dismissing equal pay claims on summary judgment; alleged comparators "work in different fields, were placed in different thematic groups, and directed institutes with quite different missions from" plaintiff's), *aff'd*, 526 F. App'x 124 (2d Cir. 2013) (unpublished).

Plaintiff's TSC role was unique at Google and did not exist before late 2016. As described above, several men were hired as L8 and L9 TSCs. Plaintiff is and has been paid better than nearly all of the L8s, and the undisputed facts demonstrate that the L9s are not proper comparators; even if they were, the higher compensation paid to them is justified by their additional experience and more significant contributions to Google. Plaintiff also seeks to compare herself to 50 additional males in engineering roles materially different from Plaintiff's unique TSC role: L8 and L9 software engineers, product managers, and application engineers. Plaintiff's compensation actually exceeds many of these individuals', but even if it did not, there is no basis to treat them as proper comparators under federal or state law. The dissimilarities between Plaintiff's role and those occupied by these 50 additional men are outlined in Google's opposition to Plaintiff's motion to compel discovery into their compensation information. *See* ECF 84. These differences are sufficient to defeat Plaintiff's claims at summary judgment. Magistrate Judge Gorenstein remarked that Plaintiff made a weak showing on comparability even at the discovery phase but explicitly indicated that it was for Your Honor to determine the comparability question.

###    4.   Plaintiff's Retaliation Claim Fails Because There Is No Causal Link To Protected Activity.

To state a retaliation claim under the NYCHRL,[5] "a plaintiff must show that: '(1) [she] participated in a protected activity known to defendants; (2) defendants took an action that disadvantaged [her]; and (3) a causal connection exists between the protected activity and the adverse action.'" *Taylor v. City of N.Y.*, 207 F. Supp. 3d 293, 308 (S.D.N.Y. 2016) (alterations in original, citation omitted). Ms. Rowe's claim fails because there is no evidence that any of the alleged adverse actions was linked in any way to her alleged protected activity. Plaintiff *elected* to return to OCTO in April 2019, where her pay and the scope of her role has only increased. An employer's "decision[] to allow plaintiff to switch positions if [s]he chose" cannot support a claim of retaliation. *Zimmer v. Warner Bros. Pictures, Inc.*, No. 103732/2012, 2016 WL 9331304, at *7 (Sup. Ct., N.Y. Cty. Dec. 23, 2016). As described above, the reasons for her not being given the Financial Services Vertical Lead or the Vice President of Sales roles were undisputedly legitimate and not retaliatory.

For the foregoing reasons, Google respectfully seeks to file a motion for summary judgment. Google further requests that the Court schedule a pre-motion conference per Your Honor's Individual Rules and Procedures to address the briefing schedule, potential enlargement of the number of exhibits permitted under Individual Rule III.B.3 given the claims at issue, and the possibility of a joint submission of undisputed material facts should Plaintiff indicate her intent to file a motion for summary judgment as to the same claims.

---

[5] As the standard under the NYCHRL is the most lenient of the anti-discrimination statutes under which Plaintiff brings her claims, Google does not address the latter two in this letter. Plaintiff's claims under these statutes fail for the same reasons as explained herein.



Hon. Lorna G. Schofield
April 28, 2021
Page 4

Respectfully submitted,

Kenneth W. Gage
of PAUL HASTINGS LLP


cc:     All counsel of record (via ECF))


LEGAL_US_W # 107881384.6