

Advocates for Workplace Fairness

May 5, 2021

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

**Re: *Ulku Rowe v. Google LLC* - Case No. 19-cv-08655-LGS**

Dear Judge Schofield:

We represent Plaintiff Ulku Rowe in the above-referenced matter. Pursuant to Rule III.A.1 of your Honor's Individual Rules, we write to oppose Defendant's Letter Motion, ECF No. 113, requesting leave to file for summary judgment on all claims.

Genuine disputes of material fact exist, and the Court will be unable to resolve these disputes in Defendant's favor, as on a motion for summary judgment, courts must "not … weigh the evidence," "assess credibility" or "resolve issues of fact," *United States v. Rem*, 38 F.3d 634, 644 (2d Cir. 1994). Further, courts must "constru[e] all the evidence in the light most favorable to the non-movant and draw[] all reasonable inferences in that party's favor[.]" *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 19 (2d Cir. 2014). Defendant's blanket request for leave to file for summary judgment on each of Plaintiff's claims is unjustified based on the facts, requires a futile expenditure of the Court's resources, and should be denied.[1]

**Plaintiff's Title VII and NYCHRL Claims**

Google ignores the evidence in this case and posits an alternative set of facts unsupported by the record in seeking summary judgment on Plaintiff's discrimination claims. Further, numerous issues of disputed facts preclude summary judgment on the discrimination claims, including:

- Whether Defendant's alleged non-discriminatory reasons for its treatment of Plaintiff are pretextual. Here, record evidence of pretext includes documentary and testimony evidence that the decisionmakers did not rely on the articulated reasons at the time of the adverse action – Google's own policy documents do not include years of experience as a factor in leveling. *See E.E.O.C. v. Ethan Allen, Inc.*, 44 F.3d 116, 120 (2d Cir. 1994) (inconsistent explanations are evidence of pretext).
- Whether Plaintiff and her male comparators had commensurate experience. The record reflects that Plaintiff possessed similar or equal qualifications and experience (*i.e.*

[1] In contrast to Defendant's overbroad request, Plaintiff seeks only to file a motion for partial summary judgment as to those issues where there truly are no disputed issues of material fact and which can be determined as a matter of law. *See* ECF No. 112.

New York 685 Third Avenue 25th Floor New York, NY 10017 Tel (212) 245-1000 Fax (646) 509-2060
San Francisco One California Street 12th Floor San Francisco, CA 94111 Tel (415) 638-8800 Fax (415) 638-8810
Washington DC 601 Massachusetts Ave NW Suite 200W Washington, DC 20001 Tel (202) 847-4400 Fax (202) 847-4410

www.outtengolden.com

expertise in using cloud operations in the financial services industry, extensive technical competency, and leadership experience as a Chief Technology Officer). *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845-46 (2d Cir. 2013) (pretext may be established through "weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate nonretaliatory reasons for its actions").

- Whether Google subjected Plaintiff to differing standards in the negotiation of the terms of employment. For example, Google told Ms. Rowe that all employees in the Technical Director position were being hired as a Level 8, even though it was aware that men had been and would be hired as a Level 9. Further, the record shows that women, including Plaintiff, who advocated for themselves in the negotiation of their employment offers were viewed unfavorably, and not "Googley," in contrast to their male peers.

Further, disputed issues of material fact regarding Plaintiff's denial of promotion for the Vice President - Financial Services ("VP Financial Services") role abound and must be decided by the jury. There is ample evidence from which a jury could conclude that Google was unlawfully biased against Ms. Rowe in rejecting her for the VP Financial Services role. *See Walsh v. N.Y.C. Hous. Auth.,* 828 F.3d 70, 74 (2d Cir. 2016) (recognizing need for "caution" in granting summary judgment in discrimination case where "merits turn on a dispute as to the employer's intent"). While Google told Ms. Rowe at the time of her hire that she would be the obvious choice to lead the Financial Services Vertical once Google Cloud verticalized, and senior members of Google believed her to be qualified for the position, the hiring manager never seriously considered her for the role. Further, Google's explanation for why she was not selected – that she lacked "Googleyness," was "overly self-oriented," and was "not qualified for the role in addition to ego concerns" – was factually unsupported and inconsistent with the assessment of Plaintiff's interviewers. Ultimately, instead of selecting Plaintiff for the position, Google hand-picked a lesser qualified man for the role, without requiring him to undertake a single interview. *Castillo v. Time Warner Cable of N.Y.C.*, No. 09 Civ. 7644, 2011 WL 3475419, *6 (S.D.N.Y. Aug. 9, 2011) (holding that "the allegation that the position went to a less qualified" candidate outside Plaintiff's protected class "is sufficient to establish an inference of discrimination").

In short, Defendant will be unable to meet its burden to establish that "no jury could find that the [defendant] treated [the plaintiff] less well than other employees at least in part because of" her protected status, rendering Defendant's application to make a motion for summary judgment on Plaintiff's Title VII and NYCHRL claims improper. *Cameron v. N.Y.C. Dep't of Educ.*, No. 15 Civ. 9900, 2018 WL 1027710, at *10 (S.D.N.Y. Feb. 21, 2018) (internal quotation marks and citations omitted); *see also Mandell v. County of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) ("judgment in favor of an employer [should be granted] sparingly because careful scrutiny of the factual allegations may reveal circumstantial evidence to support the required inference of discrimination") (internal quotation marks and citation omitted).

**<u>Plaintiff's Retaliation Claims</u>**

Defendant does not dispute that Plaintiff engaged in protected activities and only argues that she cannot establish a causal connection between her complaints of discrimination and Google's decision to demote her and deny her an additional promotion. The record evidence

shows that after Plaintiff complained internally of discrimination, Google denied her the promotion to VP Financial Services and then demoted her. Further, after Plaintiff raised complaints, first internally and then through a public lawsuit, Google's perception of Ms. Rowe changed dramatically. Prior to Plaintiff's complaints of discrimination, the recruiter referred to her as a candidate with "executive poise," who was "confident (but not ego-driven)," and "forthright with a quick operating cadence." After her complaints, he described Plaintiff in gendered and unfounded terms, such as "overly self-oriented," "ego," "abrasive," "cantankerous," and "bristly."

There is other evidence supporting a causal connection. Only two weeks after ER conducted an interview of the recruiter in connection with Ms. Rowe's complaints, Plaintiff contacted the recruiter to apply for the Vice President, Financial Services-Sales role ("VP Financial Services-Sales"). Even though Plaintiff was qualified for the role and had been instructed by the hiring manager to reach out to the recruiter, the recruiter ignored Plaintiff's emails and failed to provide her the additional information she requested. Ultimately, he informed her that she would not be considered for the role. A jury could certainly conclude that Defendant's refusal to meaningfully consider Plaintiff for the VP Financial Services-Sales role, following her initiation of a lawsuit against Defendant, and just a few weeks after the recruiter was interviewed by ER with respect to Plaintiff's complaints of discrimination, is strong evidence of retaliation. *See Vega v. Hempstead Union Free Sch. Dist*., 801 F.3d 72, 90 (2d Cir. 2015) ("A retaliatory purpose can be shown indirectly by timing: protected activity followed closely in time by adverse employment action."); *Zann Kwan*, 737 F.3d at 845 (affirming temporal proximity between a protected activity and adverse action is sufficient to demonstrate causation at the *prima facie* stage of a retaliation claim).

**Plaintiff's Equal Pay Claims**

There is no evidence from which a factfinder could conclude anything other than that Ms. Rowe and the other Technical Directors were performing equal roles.[2] With respect to the comparability of positions other than the Technical Director role, "whether two positions are 'substantially equivalent' for Equal Pay Act purposes is a question for the jury." *Lavin-McEleney v. Marist College,* 239 F.3d 476, 480 (2d. Cir. 2001); *see Tomka v. Seiler*, 66 F.3d 1295, 1311 (2d Cir. 1995) ("[I]t is for the trier of fact to decide if [there] is a significant enough difference in responsibility to make the jobs unequal.").

Because numerous disputes of material fact exist, Plaintiff respectfully requests that the Court deny Defendant's request to move for summary judgment.

Respectfully submitted,
/s/ Cara E. Greene
Cara E. Greene

[2] As this Court is aware, Plaintiff herself has requested leave to file a motion for summary judgment with respect to her equal pay claims as they relate to the Technical Director position. Plaintiff respectfully directs the Court to her submission for consideration of those claims. ECF No. 112.

c: Counsel of record via ECF