

1(212) 318-6046
kennethgage@paulhastings.com

October 20, 2021

59605.00060

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Ulku Rowe v. Google LLC*, 1:19-cv-08655(LGS)(GWG)

Your Honor:

Pursuant to Your Honor's Individual Rules and Procedures, Rule III.B.3, we write on behalf of Google LLC to request certain specific relief from the limitation on number of and page limits for exhibits we plan to offer in support of our forthcoming motion for summary judgment in the above-referenced matter.

In May, Your Honor directed the parties to participate in settlement discussions to determine whether they could narrow both the claims at issue in this lawsuit and the number of potential comparators for purposes of Plaintiff's equal pay claims. The parties were successful in narrowing the causes of action, but Plaintiff has not agreed to narrow the scope of her alleged comparators: 53 individuals across 15 different job codes for whom Google produced information in discovery. Accordingly, Google requests the following relief from the limitations set forth in Rule III.B.3 to properly support its motion.

1. **Evidence demonstrating the obvious differences between Plaintiff's unique role and the jobs performed by her 53 alleged comparators**

Google will show that these alleged comparators do not perform substantially similar work or are not similarly situated to Plaintiff as a matter of law, and that these questions can be resolved on a motion for summary judgment given the undisputed facts. Google will offer admissible evidence demonstrating that these individuals perform different work, in different organizations, for different supervisors. Google will present the information in the most condensed format possible by providing a declaration from an individual with access to this information in Google's systems, but will require relief from the page limitations on declarations to do so given the sheer number of alleged comparators at issue.

In addition, Google will offer evidence of the actual responsibilities and duties associated with the roles at issue so Your Honor can see the obvious distinctions between the job Plaintiff performs at Google and those of her alleged comparators in the Software Engineer, Application Engineer, and Product Manager job classifications. Relevant job descriptions and job ladders (*i.e.*, descriptions of groupings of jobs with the same focus organized by seniority or level reflecting the increasing expectations as one becomes more senior) are necessary to demonstrate those key, undisputed differences and refute Plaintiff's allegation that all Google employees with a Director-level engineering job perform substantially similar work.

2. **Evidence supporting the legitimate business reasons for Google's challenged leveling decisions**

Plaintiff also alleges that Google discriminated against her by hiring her as a level 8 employee. In support of its motion, Google will offer hiring packets for Plaintiff and the five men identified as her alleged level 9 comparators. These documents were contemporaneously created during the hiring and level-setting process, and set forth each of the legitimate business factors (qualifications, skills, and experience possessed by the candidates; interview feedback; rationale for the leveling recommendations; and the requirements of the unique role into which they were hired) that support Google's legitimate, non-discriminatory reason for hiring those men at a level 9 and Plaintiff at a level 8.[1] These documents are longer than 15 pages, even when Google eliminates extraneous

---

[1] There are similar documents for the 13 men hired into Plaintiff's role at her same level, but Plaintiff alleges that these men are not her comparators, despite the fact that they occupy the exact same job code she does. To



pages to present the Court will only relevant information. In addition, there are emails and other pieces of evidence that further demonstrate the gap in experience, skill, and qualifications between Plaintiff and these level 9 men both at the hiring stage and throughout their employment. These documents include correspondence with Plaintiff during the recruiting process reflecting Plaintiff's limited experience with cloud technology, and her performance reviews indicating that she demonstrated only limited success in the engineering components of her unique role.

3. **Evidence about Google's compensation practices from a compensation analyst Plaintiff chose not to depose**

Plaintiff alleges that Google discriminated against her in setting her compensation. Plaintiff did not depose the compensation analyst identified by Google in the course of discovery. Google intends to support its motion with a declaration from that individual to explain aspects of Google's compensation processes that are material to the issue of whether Google treated Plaintiff less well than similarly situated males or relied on impermissible factors when setting and evaluating Plaintiff's compensation. Google requires a modest enlargement of the page limitation on declarations in order to do so.

4. **Other undisputed documents that foreclose Claimant's success on her remaining discrimination and retaliation claims**

Finally, there are several documents and emails Google intends to offer to demonstrate that certain allegations in Plaintiff's complaint are belied by the undisputed evidence. By way of example only:

- Plaintiff alleges that after she transferred to Tariq Shaukat's organization within Google Cloud, she was intentionally excluded from meetings, email distribution lists, and offsite meetings on account of her gender. Google will offer documents and email correspondence demonstrating that men who transferred to Mr. Shaukat's organization along with Plaintiff were also inadvertently excluded from email distribution lists; that the issue was promptly remedied when raised to Mr. Shaukat and his support staff; and that Plaintiff was invited to and attended the offsite meetings from which she claims she was excluded.

- Plaintiff claims that she was demoted in April 2019 because she engaged in protected activity. Google will offer email correspondence to show that months after she raised concerns to Employee Relations, she was given a choice to either stay in Mr. Shaukat's organization and preserve the status quo, or return to the OCTO organization into which she was originally hired. Emails supporting Google's motion will demonstrate that Plaintiff was unhappy when she transferred out of OCTO in the first place, always wanted to go back, and *chose* the option that she now claims was retaliatory. In the end, she benefitted from the choice to select her own career path at Google. This is not conduct that would reasonably deter a person from engaging in protected activity.

- Plaintiff alleges that she was denied a promotion to the role of Financial Services Vertical Lead based of her gender and participation in protected activity. The undisputed evidence will show that in fact, Plaintiff would not have been selected because she received mixed feedback from her interviewers. Even if she had been a frontrunner for the role, the undisputed evidence will also show that the search for the role was ultimately paused in light of intervening leadership changes and resulting uncertainty as to the direction of the overall organization.

Accordingly, in order to properly support its motion and demonstrate the absence of genuine issues of material fact on Plaintiff's claims, Google requests the following specific relief:

- Declarations
    - An enlargement of the page limitation from 10 pages to 30 pages for a declaration from an individual in Human Resources to set forth basic, key facts about the alleged comparator population

---

minimize the volume of documents in support of its motion, Google will submit a declaration that summarizes the relevant facts about those individuals. It does not anticipate that declaration will exceed the 10-page limitation.



- 
    - An enlargement of the page limitation from 10 to 15 pages for a declarations from the compensation analyst Plaintiff did not depose in support of her equal pay claims

- Number of exhibits
    - An enlargement of the number of exhibits from 15 to 39, which accounts for: five (5) job ladders for Plaintiff's role and the roles held by her alleged comparators; six (6) hiring packets demonstrating the legitimate business reasons supporting Google's leveling decisions for Plaintiff and her alleged comparators; eight (8) excerpted transcripts of depositions taken in this matter, including two (2) 30(b)(6) witnesses; five (5) of Plaintiff's performance reviews demonstrating the work Plaintiff performed while at Google; and fifteen (15) additional emails or documents that indisputably belie the discrimination and retaliation allegations in Plaintiff's complaint

- Page limitations on exhibits
    - An enlargement on the page limitation from 15 pages to 19 pages for one of the relevant job ladders reference above
    - An enlargement on the page limitation from 15 pages to 18, 21, 23, 25, 41, and 42 pages for the six (6) hiring packets referenced above
    - An enlargement on the page limitation from 15 pages to up to 35 pages for the eight (8) deposition transcripts

In all instances, Google will endeavor to provide the most condensed version of the necessary evidence possible, excerpting where appropriate while still preserving the integrity of the document, and providing evidence in summarized declaration format where feasible.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

Kenneth W. Gage
of PAUL HASTINGS LLP


cc: All counsel of record (via ECF)