

Advocates for Workplace Fairness

October 21, 2020

**Via ECF:**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *Ulku Rowe v. Google LLC*, Case No. 19-cv-08655 (LGS)(GWG)

Dear Judge Schofield:

        We represent Plaintiff Ulku Rowe in the above-referenced matter. We write in response to Google LLC's October 20, 2021 letter request, ECF No. 133, seeking an enlargement of the page and exhibit number limitations in support of its motion for summary judgment. Plaintiff Rowe opposes the following portions of the aforementioned request.

        1. <u>Comparator Evidence</u>

        The record before the Court clearly refutes Google's position that issues of comparability between Plaintiff Rowe and the identified comparators can be undisputedly determined in Google's favor. To the contrary, sufficient evidence exists demonstrating that Plaintiff performed substantially similar work to those identified comparators. Accordingly, Plaintiff objects to Google's request for a 20-page extension of the declaration page limit to address this issue. Further, Google's assertion that a declaration from an unidentified "individual in Human Resources" could serve as sufficient evidence to negate any triable issue of fact with respect to specific comparators is simply false, and incongruent with the record of particularized evidence developed in this case thus far on the issue of comparability. At numerous stages of the proceeding, Google has had the opportunity to present evidence to rebut Plaintiff's showing of comparability. Google should not be permitted to belatedly submit a 30-page declaration from an unidentified Human Resources professional who Plaintiff has not had the opportunity to depose as a substitute for documentary evidence and testimony gleaned during discovery. Google's request is unwarranted given the breadth of the record and imposes an unnecessary burden on the Court and Plaintiff.

        As Plaintiff has consistently argued, the issue of comparability cannot simply be determined by a collection of job descriptions and job ladders, but instead requires a finding regarding the *actual* job responsibilities, skills, and effort associated with the work performed by Plaintiff's identified comparators and the rationale for why Google chose to pay Plaintiff less than her identified comparators

New York   685 Third Avenue  25th Floor   New York, NY 10017   Tel (212) 245-1000   Fax (646) 509-2060
Chicago   161 N Clark Street  Suite 1600   Chicago, IL 60601   Tel (312) 809-7010   Fax (312) 809-7011
San Francisco   One Embarcadero Center  38th Floor   San Francisco, CA 94111   Tel (415) 638-8800   Fax (415) 638-8810
Washington, DC   601 Massachusetts Ave NW  Second Floor West Suite   Washington, DC 20001   Tel (202) 847-4400   Fax (202) 847-4410

www.outtengolden.com

for substantially similar work.[1] Even with the belated submission of these documents, substantial evidence, both documented and testimonial, demonstrate that Plaintiff and her identified comparators performed substantially similar work. Google's request for an enlargement of the page limit to submit generalized job descriptions is without merit.[2] Should the Court permit such an extension, Plaintiff respectfully requests that she be given the opportunity to depose the declarant prior to submitting her opposition brief.

### 2. Business Necessity Showing

Plaintiff does not oppose Google's request for enlargement with respect to the hiring packets of Plaintiff's Level 9 comparators in OCTO. Plaintiff does, however, object to the submission of other documentation relevant to these identified comparators. Google has requested to submit additional "emails and other pieces of evidence" of undisclosed content and length to support its general proposition with respect to comparability of the identified Level 9 comparators. Here, where Google has failed to adequately describe the emails or documents it seeks to submit, let alone establish any necessity warranting their submission, Google should be directed to exercise discretion and operate within the bounds of this Court's rules with respect to summary judgment submissions, just as Plaintiff has had to.[3]

### 3. Compensation Analyst Declaration

Plaintiff opposes an enlargement of the page limit to 15 pages for the declaration of a compensation analyst, as the testimony of a witness who will speak to Google's compensation practices will not support a motion for summary judgment as to either equal pay or discrimination claims. As to the equal pay claims, any such testimony would be relevant only to whether Google has proven its affirmative defenses – a question of fact for the jury. Likewise, testimony as to Google's compensation practices will demonstrate that there are issues of disputed facts precluding summary judgment. In any event, if Google seeks to rely on this testimony in support of its application for summary judgment, Plaintiff respectfully requests that she be given the opportunity to depose the declarant prior to submitting her opposition brief.[4]

---

[1] Google misrepresents Plaintiff's position with respect to the comparability of "all Google employees with a Director-level engineering job." Based on the evidence produced during discovery, Plaintiff has limited her identified comparators to those 53 particular individuals who possessed substantially similar skill sets and performed substantially similar work in Google's New York office.

[2] To the extent Google intends to present evidence related to the job descriptions and job ladders of comparator positions that it previously refused to produce to Plaintiff in response to multiple requests for production, Plaintiff objects to the introduction of such evidence at this stage.

[3] Further, Plaintiff objects to the submission of any new documentation in support of Google's motion for summary judgment to the extent that such information existed during discovery and was not produced to Plaintiff.

[4] Plaintiff did not previously depose this witness, as under Fed. R. Civ. P. 30, Plaintiff was limited to 10 depositions. Accordingly, she prioritized the depositions of key fact witnesses and comparators over witnesses like this, who had, at best, only marginal relevance. She should not

    4. <u>Other Requested Relief</u>

   Likewise, Google's request to submit additional exhibits related to Plaintiff's showing of discrimination and retaliation further demonstrates that issues of material fact remain in dispute and final determination on the merits of Plaintiff's discrimination and retaliation claims brought under NYCHRL is not ripe for summary adjudication and must be reserved for the jury. Accordingly, Plaintiff opposes Google's request for an enlargement of the number of exhibits to include 15 ancillary "emails and documents" which do not resolve the issue, but simply place the issues pertinent to Plaintiff's discrimination and retaliation claims in further dispute.[5]

   To the extent the Court grants Google's extension requests, Plaintiff requests that such enlargement be ordered in parity with respect to the page and exhibit limitations applicable to Plaintiff's submissions.

   We thank the Court for its continued attention to this matter.

             Respectfully submitted,

             Cara E. Greene

cc: All counsel of record (by ECF)

---

now be penalized for abiding by the Federal Rules and exercising economy and efficiency in prosecuting this matter.

[5] Plaintiff does not oppose the page limit enlargement request with respect to transcripts of depositions taken in this matter.