

1(212) 318-6046
kennethgage@paulhastings.com

October 21, 2021                                                   59605.00060

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Ulku Rowe v. Google LLC*, 1:19-cv-08655(LGS)(GWG)

Your Honor:

Google writes briefly in response to Plaintiff's letter objecting to Google's request to use relevant evidence in support of its motion for summary judgment. To clarify, Google will not be offering any evidence in support of its motion for summary judgment that has not been made available to Plaintiff over the course of discovery. Google merely requested relief from Your Honor's page and exhibit limitations given the scope of Plaintiff's claims.

Plaintiff's speculation that Google is somehow trying to surprise her with new evidence is baseless. The Human Resources witness providing the declaration referenced in Google's request is a Director of Human Resources disclosed to Plaintiff at the very outset of this case. Plaintiff deposed this witness in his individual capacity and as a Rule 30(b)(6) witness. The alternative to providing the information in a condensed declaration format would be to introduce into evidence 53 separate documents reflecting various positions, reporting structures, and assigned organizations for each of the alleged comparators which are highly relevant to Plaintiff's discrimination and equal pay claims. All of those documents were produced to Plaintiff in discovery.

The job descriptions and job ladders Plaintiff now claims are immaterial to summary judgment were produced to Plaintiff over a year ago and prior to any 30(b)(6) deposition to which they were relevant. Indeed, those documents were the object of Plaintiff's motion to compel. That Plaintiff chose not to ask corporate witnesses questions about those documents was her choice, not Google's.

Finally, Plaintiff has no excuse for her failure to depose the compensation analyst whose declaration Google intends to submit in support of its summary judgment motion. Google identified that witness in its initial disclosures and made that witness available to Plaintiff. The parties even chose a date for the deposition, but in response to a request as to start times to accommodate time zone differences, Plaintiff withdrew her request to depose that witness and instead chose to depose Plaintiff's skip-level manager. Plaintiff's decision not to depose the compensation analyst who worked on her compensation package *in an equal pay case* should not preclude defendant from introducing relevant and material evidence in defense of those claims.

Respectfully submitted,

Kenneth W. Gage
of PAUL HASTINGS LLP


cc:     All counsel of record (via ECF)

Paul Hastings LLP | 200 Park Avenue | New York, NY 10166
t: +1.212.318.6000 | www.paulhastings.com