**THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

ULKU ROWE,

                Plaintiff,

      v.

GOOGLE LLC,

                Defendant.

Civ. Action No. 19-cv-08655(LGS)(GWG)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION TO SEAL**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION AND STATEMENT OF FACTS ...........................................................1

II.     ARGUMENT ...............................................................................................................2

        A.  Legal Standards ...............................................................................................2

        B.  Evidence of Google's General Compensation Processes and Individual
            Comparator Compensation Should be Publicly Filed................................4

            1.  Evidence Related to Google's "Compensation Processes" is Not
                Proprietary....................................................................................4

            2.  Evidence of Individual Comparator Compensation Is at the Heart of
                Plaintiff's Prima Facie Case .......................................................7

        C.  Google's "Job Ladders" Exhibits Contain No Confidential or Proprietary
            Information ......................................................................................9

III.    CONCLUSION.............................................................................................11

# TABLE OF AUTHORITIES

**CASES**                                                                    **Page(s)**

*Barrett v. Forest Lab., Inc.*,
   No. 12 Civ. 5224, 2015 WL 3851860 (S.D.N.Y. June 11, 2015)..........................................5, 8

*Walsh v. Doner Int'l Ltd., Inc.*,
   No. 18 Civ. 13930, 2020 WL 4569564 (E.D. Mich. Aug. 7, 2020) ........................................8

*Coscarelli v. ESquared Hosp. LLC*,
   No. 18 Civ. 5943, 2020 WL 6802516 (S.D.N.Y. Nov. 19, 2020) .............................................3

*Cunningham v. Cornell Univ.*,
   No. 16 Civ. 6525, 2019 WL 10892081 (S.D.N.Y. Sept. 27, 2019).......................................10

*Dickerson v. Novartis Corp.*,
   No. 15 Civ. 1980, 2016 WL 9560056 (S.D.N.Y. Apr. 11, 2016) .............................................6

*E.E.O.C. v. Kelley Drye & Warren LLP*,
   No. 10 Civ. 655, 2012 WL 691545 (S.D.N.Y. Mar. 2, 2012) ...................................................5

*Grayson v. Gen. Elec. Co.*,
   No. 13 Civ. 1799, 2017 WL 923907 (D. Conn. Mar. 7, 2017)..................................................3

*Harper v. Charter Commc'ns, LLC*,
   No. 219 Civ. 0902, 2021 WL 600960 (E.D. Cal. Feb. 16, 2021) ...........................................9

*Joy v. North*,
   692 F.2d 880 (2d Cir. 1982)..........................................................................................2, 3, 10

*Littlejohn v. BIC Corp.*,
   851 F.2d 673 (3d Cir. 1988)......................................................................................................3

*Lugosch v. Pyramid Co. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006)............................................................................................ *passim*

*MacroMavens, LLC v. Deutsche Bank Sec., Inc.*,
   No. 09 Civ. 7819, 2011 WL 1796138 (S.D.N.Y. Apr. 27, 2011).......................................4, 10

*Rogers v. Bank of New York Mellon*,
   No. 09 Civ. 8551, 2016 WL 4362204 (S.D.N.Y. Aug. 15, 2016) ..........................................9

*Rogers v. Bank of New York Mellon, on reconsideration*,
   No. 09 Civ. 8551, 2017 WL 4157376 (S.D.N.Y. Sept. 19, 2017)............................................9

*Sanchez v. MTV Networks*,
   525 F. App'x 4 (2d Cir. 2013) ................................................................................................7

*Travelers Indem. Co. v. Excalibur Reinsurance Corp.*,
    No. 11 Civ. 1209, 2013 WL 4012772 (D. Conn. Aug. 5, 2013) ......................................3, 6, 8

*United States v. Amodeo*,
    44 F.3d 141 (2d Cir. 1995)................................................................................................6

*United States v. Amodeo*,
    71 F.3d 1044 (2d Cir. 1995)................................................................................................2

*United States v. Wells Fargo Bank*,
    No. 12 Civ. 7527, 2015 WL 3999074 (S.D.N.Y. June 30, 2015)..............................................3

*Waobikeze v. Texas Educ. Found., Inc.*,
    No. 15 Civ. 0971, 2016 WL 7742815 (S.D. Tex. Mar. 15, 2016) ............................................9

## I.      INTRODUCTION AND STATEMENT OF FACTS

In connection with its November 1, 2021 Motion for Summary Judgment (Dkt. No. 143), Defendant Google LLC ("Google" or "Defendant") seeks to file under seal and hide from the public considerable evidence of its improper pay practices. *See* Dkt. No. 145, Defendant Google LLC's Memorandum of Law in Support of Motion to Retain Documents Under Seal ("Def. Br."). As described herein, portions of Google's motion must be denied. Documents filed in support of summary judgment are subject to the "highest" presumption of public access, and a motion to seal should be granted only for the "most compelling reasons." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (internal citation and quotation marks omitted). Google fails to meet the high standard required to allow sealing of certain compensation documents key to Rowe's claims of gender discrimination and gender-based unequal pay.

Specifically, Rowe objects to Google's request to seal: (i) documents purporting to relate to Google's "compensation processes and compensation earned or offered to present and former Google employees" (Def. Br. Point D, at 9-11), and (ii) documents detailing Google's "job ladder" descriptions (*id.* Point E, at 11-12). Specifically, for the reasons stated herein, Plaintiff objects to the sealing of the following documents:[1]

- Portions of the hiring packet for Evren Eryurek, filed as Exhibit ("Ex.") 11 to the Declaration of Sara B. Tomezsko Decl. ("Tomezsko Decl.") offered in support of Google's Motion for Summary Judgment ("Eryurek Hiring Packet," Dkt No. 143-11 and Def. Br. Ex. C);

- November 2017 email correspondence concerning employee compensation, filed as Ex. 20 to the Tomezsko Decl. ("Comp. Emails," Dkt No. 143-20 and Def. Br. Ex. E);

---

[1]      Rowe does not waive and expressly reserves any and all objections to the redaction and/or sealing of any proffered evidence at trial, including evidence to which she does not raise objection for purposes of Google's summary judgment motion.

- The full Declaration of Google compensation analyst Chris Humez filed in support of Google's Motion for Summary Judgment ("Humez Decl.") (Dkt. No. 140 and Def. Br. Ex. O);

- Software Engineering job ladder filed as Exhibit 1 to the Declaration of Kevin Lucas offered in support of Google's Motion for Summary Judgment ("Lucas Decl.") (Dkt. No. 149-17 and submitted as Def. Br. Ex. Q);

- Tech Manager job ladder filed as Ex. 2 to the Lucas Decl. (Dkt. No. 149-18 and Def. Br. Ex. R);

- Application Engineering job ladder filed as Exhibit 3 to the Lucas Decl. (Dkt. No. 149-19 and Def. Br. Ex. S); and

- Product Manager job ladder filed as Exhibit 4 to the Lucas Decl. (Dkt. No. 149-20 and Def. Br. Ex. T).

## II.    ARGUMENT

### A.    Legal Standards.

The public is afforded a "presumption of access" to materials filed in federal court. *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Adherence to this presumption of public access is "especially strong" where the materials at issue are germane to the claims and include "evidence [that will be] introduced in trial[]." *Id.* at 1049 (citation omitted). The purpose of the presumption of public access is to ensure both that there is a "measure of accountability" during litigation proceedings and that "the public [has] confidence in the administration of justice." *Id.* at 1048. Furthermore, it is well established – and Google agrees (Def. Br. 4) – that documents submitted to a court for purposes of summary judgment are, as a matter of law, "judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 121. These documents "should not remain under seal *absent the most compelling reasons*," *id.* at 123 (emphasis in original) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)), of which none are present with regard to the evidence Rowe now challenges.

2

Pursuant to the "stringent" presumption of public access, the sealing of filed materials can only be justified by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Mere conclusory statements that the materials contain confidential information – like the conclusory arguments Google makes – are insufficient; the moving party must make a "particular and specific demonstration of fact" that disclosure would cause an "injury sufficiently serious to warrant protection" despite the public's First Amendment and common law rights of access. *United States v. Wells Fargo Bank*, No. 12 Civ. 7527, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015) (internal citation and quotation marks omitted). "[C]onfidential business information," as opposed to information that is considered a trade secret or the like, is entitled only to minimal protection. *Grayson v. Gen. Elec. Co.*, No. 13 Civ. 1799, 2017 WL 923907, at *1 (D. Conn. Mar. 7, 2017) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 685 (3d Cir. 1988)).

Even a showing of injury is not conclusive; the court must also balance the particularized showing of need against the presumption of public access to determine whether the presumption should be overcome. *Coscarelli v. ESquared Hosp. LLC*, No. 18 Civ. 5943, 2020 WL 6802516, at *1 (S.D.N.Y. Nov. 19, 2020). Rarely will the presumption be overcome. *Cf. Joy*, 692 F.2d at 893 ("An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny."); *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 11 Civ. 1209, 2013 WL 4012772, at *15 (D. Conn. Aug. 5, 2013) ("blanket sealing" is inappropriate in all but "rare circumstances").

With respect to the exhibits identified in Google's sealing motion at pages 9-12, Google has failed to demonstrate the particularized harm necessary to overcome the presumption of public access. Accordingly, its request to seal those exhibits should be denied.

**B.      Evidence of Google's General Compensation Processes and Individual Comparator Compensation Should be Publicly Filed.**

Google moves to seal three exhibits that it asserts contain confidential compensation information: Ex. E (Comp. Emails), Ex. O (Humez Decl.), and Ex. C (Eryurek Hiring Packet). *See* Def. Br. Point D, at 9-11. Google attempts to justify sealing these exhibits by arguing that: i) the exhibits contain confidential and proprietary information on Google's compensation processes; and/or ii) the exhibits contain private individual compensation data. However, Google overstates the confidential and private nature of these materials, all of which go to the heart of Plaintiff's equal pay and gender discrimination claims. Sealing of these exhibits therefore would be improper. *MacroMavens, LLC v. Deutsche Bank Sec., Inc*., No. 09 Civ. 7819, 2011 WL 1796138, at *2 (S.D.N.Y. Apr. 27, 2011) (explaining that the presumption of public access is especially strong where the information "goes to the heart of the dispute to be decided by the Court").

**1.      Evidence Related to Google's "Compensation Processes" Is Not Proprietary.**

Google moves to seal the entirety of the Humez Declaration (Ex. O) and the substantive contents of the email correspondence described *supra* (Ex. E) on the grounds that they contain "confidential information about Google's compensation processes." Def. Br. 9. This description is not accurate, and in any event, does not justify sealing. [2]

---

[2] Google also seeks to seal individual compensation information identified in the email correspondence and Humez Declaration. Rowe addresses why this request should be denied in Section B.2., *infra*.

4

The Humez Declaration describes, in broad terms, Google's general approach to employee compensation determinations, *see* Def. Br., Ex. O ¶¶ 5-18, and the Comp. Email describes generally Google's process with respect to its equity refresh for certain employees relevant to Rowe's lawsuit, including Rowe. While Google claims that the descriptions of its compensation policies would be of interest to its competitors, it does not explain how knowledge of such descriptions would give them any competitive advantage, since applicants to Google (or its competitors) are not likely be aware of Google's compensation guidelines. To the extent compensation guidelines are shared with applicants, Google cannot then claim such information is confidential. Google also does not explain why its compensation guidelines would incentivize any employee to work at Google over a competitor.

Courts have rejected sealing of similar information based on general claims of competitive disadvantage. For example, in *Barrett v. Forest Lab., Inc.*, No. 12 Civ. 5224, 2015 WL 3851860 (S.D.N.Y. June 11, 2015), defendant Forest Laboratories made an almost identical argument to the one Google makes here, claiming that information related to its "salary review procedures and the rationale for payment of bonuses" was only intended for internal use, and that, the disclosure of its compensation practices "would give [its] competitors an unfair advantage in hiring individuals in the pharmaceutical industry and would impair [its] ability to maintain [defendant's] sales employees." *Barrett*, 2015 WL 3851860, at *2. The court rejected that argument and held that Forest Laboratories' "conclusory assertions" were insufficient to justify sealing of the materials. *Id.* Likewise, the "formulaic recitations of firm policies and procedures" found in the Humez declaration are not likely to place Google "at [such] a broad competitive disadvantage" as to justify their sealing. *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655, 2012 WL 691545, at *3 (S.D.N.Y. Mar. 2, 2012). Indeed, thousands of Google

employees (former and current) possess the same general knowledge regarding Google's compensation processes.

Google's argument that, when it designs "any written materials regarding compensation, *e.g.*, training materials, written policies, and/or FAQs or other explainers," it assumes they will be kept confidential (Def. Br. 10), also fails. Google's mere use of the terms "proprietary" and "confidential" do not transform regular business information into information of such a confidential nature as to overcome the presumption of public access. Notably, the Humez Declaration makes reference to a proprietary algorithm and confidential legal review, but does not disclose the proprietary algorithm itself nor any privileged discussions.

Moreover, sealing of Google's compensation policies is improper given that compensation is at the very core of Plaintiff's claims. To truly understand the individual comparator pay data Rowe presents, the public must be able to put that data into context by understanding *how* compensation is set and adjusted at Google. Data in a vacuum, without the broader situational understanding of how Google claims Rowe's compensation was (or should have been) set, would leave the public with only a partial understanding of Rowe's case. *See Dickerson v. Novartis Corp.*, No. 15 Civ. 1980, 2016 WL 9560056, at *3 (S.D.N.Y. Apr. 11, 2016) (rejecting parties' request to redact information that pertained "to the general pay and benefit structure of the proposed classes" in Title VII and Equal Pay Act case).[3]

---

[3] Were the Court to conclude there are any specifics included in the declaration that potentially reference proprietary information, such information could be handled with narrowly tailored redactions, not through wholesale sealing. *See also United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (explaining that the court "should make its own redactions, supported by specific findings, after a careful review of all claims for and against access"); *Travelers Indem.*, 2013 WL 4012772, at *15 ("As always, redaction will continue as the preferred method for sealing in that blanket sealing is overly broad in all but rare circumstances.").

Google also seeks to seal the entire Comp. Email (Ex. E), on the ground that it contains confidential compensation policies. As discussed above, even if such a policy were contained in the exhibit, it would not warrant redaction. Exhibit E, however, contains no such policy, but rather, addresses specific compensation decisions made with respect to equity "refreshes" applicable to Rowe and her comparators. *See* Ex. E. While the correspondence alludes to a *change* in policy, it does not identify the policy or the specific changes made to it. Instead, the correspondence describes the decisions Google made concerning how to handle the discontent among employees around Google's changed policy. The correspondence is relevant to Rowe's claims because – as explained *supra* – it supports her allegations that Google did not consistently apply its compensation policies with respect to Rowe's equity grants. *See* Compl. ¶ 29 (alleging that Google "exacerbated the pay differential by denying Plaintiff the equity refreshes that it promised to her at the time of hire"). Sealing is therefore inappropriate. *See Sanchez v. MTV Networks*, 525 F. App'x 4, 7 (2d Cir. 2013) (denying request to seal email correspondences regarding the "specifics of" plaintiff's compensation because, in part, the adequacy of plaintiff's "compensation was the very subject of this litigation, and the public is entitled to understand the nature of the dispute…").

### 2.   Evidence of Individual Comparator Compensation Is at the Heart of Plaintiff's Prima Facie Case.

Google also requests to seal nearly all individual compensation data from its summary judgment filings. It seeks to redact comparator compensation data from the Eryurek Hiring Packet (Def. Br., Ex. C), as well as comparator employee compensation data included in the Humez Declaration. Both requests must fail.

As Google concedes, individual compensation is not actually confidential: "Google does not discourage employees from discussing their own compensation, either with their peers or

outside Google." Def. Br. 11. Further, the compensation data Google seeks to file under seal is at the very core of her equal pay claims. Compl. ¶ 2 ("Google has discriminated against Plaintiff by hiring her at a lower level and paying her less compensation than her similarly situated male peers [and] denying her additional earned compensation…."). "[R]edact[ing] the salaries of the comparators … would substantially impair the public's ability to understand the merits or demerits of this case…." *Barrett*, 2015 WL 3851860, at *2. The public cannot meaningfully understand her claims if they cannot judge her pay against the pay of those she asserts were similarly situated to her. *Cf. Walsh v. Doner Int'l Ltd., Inc.*, No. 18 Civ. 13930, 2020 WL 4569564, at *9 (E.D. Mich. Aug. 7, 2020) (denying motion to redact the names of plaintiff's clients because if "the names of the clients [are] redacted from the depositions, it would be difficult for the public to follow Plaintiff's arguments" that "younger, less experienced employees were given those same [client] accounts before and after she was terminated").

Google presents no justification for redacting or sealing any exhibit insofar as it contains compensation data related to Rowe's claims. Rowe consented to the disclosure of her own compensation data by bringing this action. To the extent the privacy interests of third-parties may be implicated, those concerns do not outweigh the presumption of public disclosure. *Barrett*, 2015 WL 3851860, at *2. Should the Court determine some sealing is necessary, it should not be done through wholesale redaction of all comparator compensation data, as Google requests, but through narrowly-tailored redactions; for example, by redacting only key identifying information of employees and leaving the compensate data public. *See Lugosch*, 435 F.3d at 124 (noting that sealing is appropriate "only if the sealing order is narrowly tailored to achieve that aim"); *Travelers Indem. Co.*, 2013 WL 4012772, at *15 (explaining that redaction is "the preferred method for sealing").

Google's scant citations (Def. Br. at 7) do not support redacting or sealing compensation data. Neither of its two citations alter the need for "specific, on-the-record findings" in order for this Court to consider granting Google's sealing request, *Lugosch*, 435 F.3d at 124, nor do they provide any detailed analysis from the granting court that would support Google's arguments here. For example, a review of an earlier decision in *Rogers v. Bank of New York Mellon* reveals that the extent of redaction it permitted was to replace the names of plaintiff's comparators with pseudonyms, not to redact the compensation information itself. *Rogers v. Bank of New York Mellon*, No. 09 Civ. 8551, 2016 WL 4362204, at *23 (S.D.N.Y. Aug. 15, 2016), *on reconsideration,* No. 09 Civ. 8551, 2017 WL 4157376 (S.D.N.Y. Sept. 19, 2017).

### C.  Google's "Job Ladder" Exhibits Contain No Confidential or Proprietary Information.

Google also seeks to file under seal four "job ladders" documents for specific job positions at Google (software engineer, technical manager, application engineer, and product manager). *See* Def. Br. Exs. Q-T. These exhibits are, at their core, job descriptions that present no compelling interest that would justify their sealing. The ladders documents describe job duties for each of the four roles, definitions of success in each role, and the evolution of the role as an employee advances. The documents also discuss the qualifications of each seniority level within the ladder. *Id.* Nothing about this information compels sealing. *See, e.g.*, *Harper v. Charter Commc'ns, LLC*, No. 219 Civ. 0902, 2021 WL 600960, at *2 (E.D. Cal. Feb. 16, 2021) (rejecting plaintiff's request to seal, *inter alia*, the job description for two specific positions because general assertions that the information is confidential and proprietary is insufficiently specific); *Waobikeze v. Texas Educ. Found., Inc.*, No. 15 Civ. 0971, 2016 WL 7742815, at *1 (S.D. Tex. Mar. 15, 2016) (rejecting's defendant's request to seal an exhibit that "appears to be a general job description").

Google provides no persuasive explanation for why the job description documents are so sensitive as to overcome the presumption of disclosure, and cites no legal authority for sealing them. Instead, it offers the conclusory assertions that the company "considers [the documents] to be proprietary" and "other companies may seek to model aspects of their employee hiring or people processes" on Google's processes. Def. Br. 12. Such unsupported and speculative conclusions do not justify sealing of ladders documents, particularly where Google has not sought to seal similar descriptions of positions and job functions contained in other exhibits. *See, e.g.*, Ex C at 2. *See Cunningham v. Cornell Univ.*, No. 16 Civ. 6525, 2019 WL 10892081, at *3 (S.D.N.Y. Sept. 27, 2019) ("Information that is publicly available need not be sealed."). There is no reason, let alone the "most compelling" reason, these exhibits should be filed under seal. *Joy*, 692 F.2d at 893.

The job ladders exhibits also are integral to Rowe's claims and Google's alleged defenses, and should not be sealed for that reason as well. Rowe alleges Google intentionally hired her at a lower job level than her male peers, while at the same time hiring less qualified men into higher levels. Compl. ¶¶ 19, 26. The job ladders, which describe the responsibilities and qualifications for roles held by Rowe and her comparators, are essential to a complete understanding of Rowe's allegations. *See MacroMavens*, 2011 WL 1796138, at *2 ("Because the material [that the party requests to seal] is central to the exercise of the judicial function, the presumption of public access is strong.").

10

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Google's Motion to Seal be denied as to Exhibits C, E, O, Q, R, S, and T.

DATED:   New York, New York                    Respectfully submitted,
         November 16, 2021

                                               /s/ Cara E. Greene
                                               OUTTEN & GOLDEN LLP
                                               Cara E. Greene
                                               Maya S. Jumper
                                               Shira Z. Gelfand
                                               685 Third Avenue, 25th Floor
                                               New York, New York 10017
                                               Telephone: (212) 245-1000
                                               Facsimile: (646) 509-2060