**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ULKU ROWE,<br><br>        Plaintiff,<br><br>-against-<br><br>GOOGLE LLC,<br><br>        Defendant. | No. 1:19-cv-08655 (LGS)(GWG) |

# DEFENDANT GOOGLE LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO RETAIN DOCUMENTS UNDER SEAL

Kenneth W. Gage
Sara Tomezsko
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Tel:  (212) 318-6000
Fax:  (212) 319-4090
kennethgage@paulhastings.com
saratomezsko@paulhastings.com

*Attorneys for Defendant*
GOOGLE LLC

## TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 1

II. GOOGLE HAS MET ITS BURDEN TO SHOW THAT IT HAS OVERRIDING INTERESTS THAT OVERCOME THE RIGHT OF PUBLIC ACCESS ......................... 2

    A. Google has an overriding interest in protecting highly-confidential information related to its proprietary compensation processes that could cause significant competitive harm if publicized to competitors ........................... 2

    B. Google has an overriding interest in the privacy rights of its current and former employees, none of whom chose to disclose their compensation .............. 6

    C. Google has an overriding interest in protecting its highly-confidential, proprietary job ladders that could cause significant competitive harm if publicized to competitors ........................................................................................ 7

III. CONCLUSION ..................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Cases**            **Page(s)**

*Andreu v. Hewlett-Packard Co.*,
  No. 15-23270-CIV-MORENO/O'SULLIVAN, 2016 U.S. Dist. LEXIS 59970
  (S.D. Fla. Apr. 28, 2016) ..................................................................................................6

*Barrett v. Forest Labs., Inc.*,
  No. 12 cv. 5224 (RA), 2015 WL 3851860 (S.D.N.Y. June 11, 2015)..................................4, 5

*E.E.O.C. v. Kelley Drye & Warren LLP*,
  No. 10 Civ. 655(LTS)(MHD), 2012 WL 691545 (S.D.N.Y. Mar. 2, 2012)..............................5

*Gambale v. Deutsche Bank AG*,
  No. 02 Civ. 4791 HB, 2003 WL 21511851 (S.D.N.Y. July 2, 2003), *aff'd and
  remanded*, 377 F.3d 133 (2d Cir. 2004).................................................................................1

*Harper v. Charter Communications, LLC*,
  No. 2:19-cv-00902 WBS DMC, 2021 WL 600960 (E.D. Cal. Feb. 12, 2021)........................8

*Kaggen v. IRS*,
  71 F.3d 1018 (2d Cir. 1995)...................................................................................................4

*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir. 2006)....................................................................................................1

*In re Reporters Comm. for Freedom of the Press*,
  773 F.2d 1325 (D.C. Cir. 1985)..............................................................................................7

*Rogers v. Bank of N.Y. Mellon*,
  No. 09 Civ. 8551(HBP), 2017 U.S. Dist. LEXIS 152130 (S.D.N.Y. Sept. 19,
  2017) ......................................................................................................................................6

*United States v. Amodeo*,
  71 F.3d 1044 (2d Cir. 1995)..............................................................................................1, 6

*Waobikeze v. Texas Educational Foundation, Inc.*,
  Civil Action No. H-15-0971, 2016 WL 7742815 (S.D. Tex. Mar. 15, 2016) .........................8

**I. INTRODUCTION**

Plaintiff simply overlooks that the right to access of judicial records "is not unlimited." *Gambale v. Deutsche Bank AG,* No. 02 Civ. 4791 HB, 2003 WL 21511851, at *2 (S.D.N.Y. July 2, 2003) (internal citation omitted), *aff'd and remanded*, 377 F.3d 133 (2d Cir. 2004). Defendant Google LLC ("Google") has met its burden under Fed. R. Civ. P. 26 to redact or seal a designated set of documents filed by Google in connection with its pending Motion for Summary Judgment (ECF 144, the "Motion to Seal").[1] Under the framework established by *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995), and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), Google has shown with specificity that there exist competing considerations whose "higher values" overcome the right of public access to the documents in the privacy rights of third-party Google employees, and in the highly confidential, commercially sensitive, Google-specific information that would be of great interest to Google's competitors.

Plaintiff Ulku Rowe ("Plaintiff") makes only vague objections to Google's showing, and concedes that certain information should be protected.[2] Plaintiff cannot refute Google's clear and specific evidence in support of its Motion to Seal set forth in the Declarations of Frank Wagner (ECF 147) and Kevin Lucas (ECF 148). The highly confidential information addressed by these declarations includes: information about Google's proprietary compensation processes; the specific compensation earned or offered to present and former Google employees who are not parties to this action; and the proprietary structure of Google's job classification system with respect to four broad categories of jobs that Plaintiff has not yet proven are even remotely similar

---

[1] The documents were submitted on November 1, 2021 as exhibits to the Declaration of Sara B. Tomezsko (ECF 143) (collectively, the "Exhs.") related to Google's Motion for Summary Judgment (ECF 137).
[2] On November 16, 2021, Plaintiff submitted a Memorandum of Law in Support of its Opposition to Defendant's Motion to Seal (ECF 150) ("Plf. Br."). In it, Plaintiff only contests the sealing of Exhs. C, E, O, Q, R, S, and T. Accordingly, Plaintiff concedes that the Court should grant Google's Motion to Retain Documents Under Seal (ECF 144) with respect to Exhs. A, B, D, F-N, and P, for the reasons set forth in Google's Memorandum of Law in Support of Motion to Retain Documents Under Seal (ECF 145) ("Def. Br.").

1

to her own. The disclosure of these documents would violate privacy interests and cause Google competitive harm for the reasons set forth in Google's Motion to Seal and below.

## II. GOOGLE HAS MET ITS BURDEN TO SHOW THAT IT HAS OVERRIDING INTERESTS THAT OVERCOME THE RIGHT OF PUBLIC ACCESS

Google has met its burden to show that it has overriding interests in its highly confidential, proprietary information and in the privacy rights of its current and former employees that overcome the right of public access and necessitate the limited sealing requested. Google's request with respect to the sealing of Exhs. C, E and O (referencing compensation processes and individual employee pay), and Exhs. Q-T (depicting job ladders) should be granted.

### A. Google has an overriding interest in protecting highly-confidential information related to its proprietary compensation processes that could cause significant competitive harm if publicized to competitors.

Exhs. C, E, and O contain confidential, non-public and proprietary information about the way Google has chosen to design and administer its compensation processes. Exhibit C provides the breakdown of a starting compensation package offered to one of Plaintiff's alleged comparators, as well as the details of his compensation at his former employer.[3] (ECF 149-3.) Exhibit E references Google's firm-wide change in its equity refresh policy for new hires in 2017. (ECF 149-5.) The *fact* that there was a policy change is not confidential, nor is the fact that Plaintiff was given an exception to this policy change. But the amounts awarded to some employees as an exception to the policy *are* confidential, as is the identity of the third-parties who benefitted along with Plaintiff, and the decision-making process behind those decisions. (*Id.*) Exhibit O is a declaration from a compensation analyst at Google that describes certain details of the company's compensation processes, (ECF 149-15), including: the inputs into Google's algorithmic approach

---

[3] Plaintiff cannot possibly claim that details concerning an alleged comparators pay at his former employer are "germane" or "at the heart of" her lawsuit. Google moved to seal these details in Exhibit C because they reflect private information about an innocent third-party, not because those details are proprietary to Google.

to setting starting pay, (*id.*, ¶ 5); Google's philosophy of how to set starting pay relative to the modeled figure for that position, (*id.*, ¶¶ 6, 7); a description of how bonuses are derived, (*id.*, ¶ 8); when these compensation decisions are revisited throughout the year and the process for doing so, (*id.*, ¶¶ 10–14); what factors determine increases in salary, bonus, and equity for Google employees, (*id.*, ¶¶ 11–13); legal processes conducted each compensation season, (*id.* ¶ 15); the proprietary tool used to facilitate each step in the compensation process, (*id.*, ¶¶ 16–17); and compensation details for Plaintiff's alleged comparators year-over-year. (*Id.*, ¶¶ 22–47.)

The Wagner Declaration (ECF 147) establishes the specific harm necessary to overcome the presumption of public access.[4] Plaintiff does not dispute that Google operates in a highly competitive industry. (Wagner Decl. ¶¶ 5–6.) It is also undisputed that Google's competitors would have a great interest in understanding the ways in which Google recruits and retains talent through its compensation processes. (*Id.* ¶ 6.) Even if Plaintiff disputed these two points, she has not submitted any evidence or declarations to rebut these facts.[5] She merely argues that this information cannot be proprietary because Google has allegedly not explained ***how*** knowledge of compensation processes would give competitors an unfair advantage. (Pl.'s Opp. at 5.) The answer to that question is obvious: if a competitor knows how Google is likely to pay or structure the pay for a desirable candidate, a competitor can use that information to out-bid Google for that

---

[4] This assumes, of course, that Plaintiff can plausibly claim that all of the information in these exhibits is germane to or "at the heart of" her lawsuit. Some of it clearly is not, just on its face. Plaintiff cannot realistically claim that details about an alleged comparator's pay at his former employer (half of the information sought to be redacted from Exhibit C) is relevant to her lawsuit. Google moved to seal these details in Exhibit C because they reflect private information about an innocent third-party, not because those details are proprietary to Google.

[5] Plaintiff makes a meager attempt to undermine the highly-confidential nature of documents detailing Google's compensation processes, but as her brief shows, there is simply no evidence to support any of her supposed facts. Plaintiff has no basis for her claim that "thousands of Google employees" possess knowledge of Google's compensation practices as set forth in the contested exhibits. (*See* Pl.'s Opp. at 5–6.) Nor can she substantiate her claim that Google's compensation guidelines are shared with job applicants. (*See id.*, at 5.) To the contrary, Google takes extraordinary measures to ensure that written materials regarding its compensation programs are kept confidential and not published publicly. (Wagner Decl., ¶ 7.) Google does make use of "Proprietary" and "Confidential" footers on its written materials but, contrary to Plaintiff's representation, does so in conjunction with other measures (*e.g.*, restricted webpage access) to ensure they are maintained as such. (*Id.*)

candidate, or structure its compensation offer in a way that the candidate may find more appealing. Google respectfully presumes that this Court is aware (or, hereby beseeches it to take notice) of the role competitive compensation might play in the ability to draw top-level talent from one employer to another. *See Kaggen v. IRS*, 71 F.3d 1018, 1019–20 (2d Cir. 1995) (district court may take notice of information which is not reasonably disputed as untrue).

While disclosure of one sentence or one data point in Exhibit O, for example, may not on its own result in competitive harm, the information Google seeks to seal *in toto* certainly would. For example, the description of how Google calculates starting pay may not reveal Google's proprietary compensation algorithm if presented in a vacuum. But that information would be coupled with the outcome of those proprietary processes for 19 individuals in the form of their starting compensation offers, as well as publicly-available details about each person from the Declarations of Will Grannis (ECF 142) and Kevin Lucas (ECF 141) filed in support of Google's motion for summary judgment. All of these details together provide a framework to reverse-engineer Google's precise compensation processes, which is why the Wagner Declaration is clear that "[i]t would be damaging to Google if these documents got into the hands of [their] competitors." (Wager Decl., ¶ 6.)

*Barrett v. Forest Labs., Inc.*, No. 12 cv. 5224 (RA)(MHD), 2015 WL 3851860, at *3 (S.D.N.Y. June 11, 2015), does not compel a different result. There, the Court denied a request to seal in part because "defendants proffer[ed] an incomplete set of documents for which they [sought] our ruling on sealing and redactions." *Id.* at *2.  That is not a concern here. More importantly, the *Barrett* recommendation Plaintiff cites was adopted in part and rejected in part later that month, after defendant renewed its sealing request. Mem. and Order, No. 12 Civ. 5224(RA)(MHD), ECF 104 (S.D.N.Y. June 24, 2015). In that decision, the Court held that "[a]

number of documents in question offer precise details of compensation categories and dollar figures attached to those categories." (*Id.* at 2–3.) That finding, among others, led the *Barrett* court to grant defendants' application for redaction and sealing of some of the documents at issue. (*Id.* at 2.)

Plaintiff's reliance on *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655(LTS)(MHD), 2012 WL 691545 (S.D.N.Y. Mar. 2, 2012), is unpersuasive as well. The documents at issue in that case were documents "specific to [representative plaintiff's] situation (and consequently unlikely to place Kelley Drye at a broad competitive disadvantage)," or "formulaic recitations of firm policies and procedures that can hardly be unique in the [employer's] industry." *Id.* at *3. That is not the case here, where the information at issue is not limited to Plaintiff's compensation, and the exhibits and declarations describe programs and policies specific to Google. (*See* Wagner Decl., ¶ 5 (stating that Google's compensation programs and policies are designed to be highly competitive in the various industries in which Google operates).)

Finally, Plaintiff cannot presume public access to these documents simply because she now claims they are "at the very core of [her] claims." (Pl.'s Opp. at 6.) With respect to Exhibit O, the declaration from a compensation analyst, just last month Plaintiff minimized the importance of the information therein to her claims in a filing with this Court. (ECF 134.) She wrote, "Plaintiff did not previously depose this witness, as under Fed. R. Civ. P. 30, Plaintiff was limited to 10 depositions. Accordingly, she prioritized the depositions of key fact witnesses and comparators over ***witnesses like this, who had, at best, only marginal relevance***." (*Id.* at 2 n.4 (emphasis supplied).) If Plaintiff is correct and the statements of a compensation analyst are so irrelevant, then they are not "judicial documents" to which a presumption of access applies, according to Plaintiff's own cited authority. *See Kelley Drye*, 2012 WL 691545, at *3.

In any case, courts are empowered to grant sealing requests for documents about compensation processes in an equal pay or discriminatory pay case. *See, e.g.*, *Rogers v. Bank of N.Y. Mellon*, No. 09 Civ. 8551(HBP), 2017 U.S. Dist. LEXIS 152130, at *2 n.1 (S.D.N.Y. Sept. 19, 2017) (permitting redaction of "confidential salary information" in order and opinion granting in part and denying in part plaintiff's employment discrimination claims, including claims for discriminatory pay); *Andreu v. Hewlett-Packard Co.*, No. 15-23270-CIV-MORENO/O'SULLIVAN, 2016 U.S. Dist. LEXIS 59970, at *33 (S.D. Fla. Apr. 28, 2016) (granting motion to redact "charts containing salary and other information about [plaintiff's alleged comparators]..." in summary judgment record on equal pay claim). This Court should do so here, as well.

## B. Google has an overriding interest in the privacy rights of its current and former employees, none of whom chose to disclose their compensation

Google has plainly met its burden to protect the individual compensation information contained in Exhibits C, E and O. The fact that Plaintiff "consented to the disclosure of her own compensation data by bringing this action" is entirely beside the point. (Pl.'s Opp. at 8.) The innocent third-parties whose personal compensation Plaintiff seeks to thrust into the public record ***did not*** so consent, and the fact that Google does not prohibit them from disclosing their compensation if they so choose does not give Plaintiff the right to usurp that choice by filing a lawsuit. To force their disclosure would serve only to violate Plaintiff's colleagues' established right to privacy, which should weigh heavily in favor of sealing. *See Amodeo*, 71 F.3d at 1050–51 ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation. Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access.") (citations omitted).

Plaintiff's opposition also presumes that the broad array of individuals she has identified as alleged comparators in this case *actually are* comparable. There has been no judicial finding that these individuals are similarly situated to Plaintiff under any statute as a matter of law.[6] Until that matter is resolved (and resolved in Plaintiff's favor), the need for public access to these third-party's individual and confidential compensation information "is not pressing." *In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1342 n.3 (D.C. Cir. 1985) (where district court "denied the summary judgment motion, essentially postponing a final determination of substantive legal rights," the public interest in access "is not as pressing") (Wright, J., concurring in part). As Plaintiff herself has argued, the question of whether someone performs equal or substantially similar work depends on the actual work they are doing, (ECF 134 at 1–2), not on what those individuals are paid. If the Court ultimately finds that her alleged comparators are not similarly situated as a matter of law, there is no reason to disclose the compensation information for these innocent third-parties.

### C. Google has an overriding interest in protecting its highly-confidential, proprietary job ladders that could cause significant competitive harm if publicized to competitors.

Through the Lucas Declaration, Google has demonstrated with sufficient specificity that the job ladder documents (Exhibits Q, R, S, and T) are highly confidential and concern information regarding Google's compensation, recruitment, leveling, and performance management programs that would be of great interest to Google's competitors. (*See also* Wagner Decl., ¶¶ 5, 9 (discussing confidential treatment of leveling guidelines).) Google has expended considerable time, effort, and resources to maintain and update its job ladders to reflect the unique needs of its business and workforce. (Lucas Decl., ¶12.) The fruits of this labor would be lost if other companies—including

---

[6] Adjudication of this matter is still pending before the Court. *See* Defendant's Motion for Summary Judgment (ECF 137.)

7

Google's most ardent competitors—could publicly access that information and model aspects of their people processes on Google's internal practices. (*Id*.) In short: public disclosure of Google's job ladder documents would result in competitive harm.

Plaintiff fundamentally misunderstands the information reflected in Google's job ladder documents by claiming they are job descriptions. (*See* Pl.'s Opp. at 9.) Rather, job ladders are documents that depict how an employee in a particular job family might be expected to progress from lower to higher levels of skill, responsibility, or impact over time. (*See* Lucas Decl., ¶¶ 4–9.) Her citations to cases denying sealing requests for job descriptions are inapposite for this reason alone. (Pl.'s Opp. at 9.)[7] Other reasons to disregard Plaintiff's legal authority include the fact that the court in *Waobikeze v. Texas Educational Foundation, Inc.*, Civil Action No. H-15-0971, 2016 WL 7742815, at *1 (S.D. Tex. Mar. 15, 2016) held that a job description could not be maintained under seal because defendant failed to actually file a motion to seal, and in *Harper v. Charter Communications, LLC*, No. 2:19-cv-00902 WBS DMC, 2021 WL 600960, at *2 (E.D. Cal. Feb. 12, 2021), the court rejected ***plaintiff's*** motion to seal job descriptions that the defendant employer did not claim were proprietary. Neither situation is present here.

The job ladders—none of which relate to the only position Plaintiff actually held for the entirety of her employment with Google—are not integral to Plaintiff's claims, as she now suggests. (Pl.'s Opp. at 10.) Plaintiff's allegations with respect to her discriminatory leveling claims are specific to men who were hired **as Technical Directors in the Office of the CTO** at a higher level. Second Am. Compl. (ECF 108) at ¶¶ 21–27. There is not a single reference in the

---

[7] It is not clear to Google why Plaintiff argues that Google "has not sought to seal similar descriptions of positions and job functions contained in other exhibits" with a citation to Google's Exh. C page 2 in support of the Motion to Seal. Pl.'s Opp. at 10. The text on that page is a "Statement of support from hiring manager, Will Grannis," not a job description. It does not explain how or why Google groups together certain positions in its job classification system or how one progresses between levels as one rises in seniority in the organization. It simply details a hiring manager's rationale for recommending Google hire someone at a level 9 for the position Plaintiff ***actually held***.

original Complaint or either amended version discussing Plaintiff's pay in relation to men in wholly unrelated roles like Software Engineering, Product Management, and Application Engineering. If the job ladder documents were so integral to her claims, as she now suggests, one would expect Plaintiff to have at least questioned a witness about them during discovery. She did not. (ECF 84 at 3.)

### III. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court issue an order permitting it to file under seal documents or portions thereof identified in its Motion to Seal. Should the Court determine that documents submitted fully under seal should not be filed as such, Google respectfully requests that the Court grant Google leave to submit an application to file specific portions of those documents under seal for the Court's consideration.

Dated:  Jersey City, New Jersey
       November 23, 2021

PAUL HASTINGS LLP

By: _____
    Kenneth W. Gage
    Sara Tomezsko

200 Park Avenue
New York, NY  10166
Tel:  (212) 318-6000
Fax:  (212) 319-4090
kennethgage@paulhastings.com
saratomezsko@paulhastings.com

*Attorneys for Defendant*
GOOGLE LLC