

December 6, 2021

**Via ECF:**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   <u>*Ulku Rowe v. Google LLC*, Case No. 19-cv-08655 (LGS)(GWG)</u>

Dear Judge Schofield:

      We represent Plaintiff Ulku Rowe in the above-referenced matter. Pursuant to the parties' Stipulated Protective Order (ECF No. 23, the "Protective Order"), Plaintiff filed the following exhibits to her Motion for Summary Judgment and her Opposition to Defendant Google Inc.'s Motion for Summary Judgment under seal:

| Exhibit Number: | Bates Number: | Exhibit Number: | Bates Number: |
|---|---|---|---|
|  | Plaintiff's Response to Defendant's Rule 56.1 Statement | 35 | Shaukat Tr. Excerpts |
|  | Plaintiff's Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1 | 37 | GOOG-ROWE-00017565.R |
|  | Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment | 40 | GOOG-ROWE-00018015 |
|  | Declaration of Cara Greene in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross Motion for Summary Judgment | 42 | Breslow Tr. Excerpts |
| 1 | Grannis Tr. Excerpts | 46 | GOOG-ROWE-00060560-62 |
| 2 | GOOG-ROWE-00061501-02 | 48 | GOOG-ROWE-00022669-70 |
| 3 | GOOG-ROWE-00061511-12 | 50 | GOOG-ROWE-00056872 |
| 4 | Lucas Tr. Excerpts | 53 | GOOG-ROWE-00019290 |
| 6 | GOOG-ROWE-00017719 | 54 | GOOG-ROWE-00034417 |
| 8 | GOOG-ROWE-00059863, 75-76 | 56 | GOOG-ROWE-00056473 |
| 9 | GOOG-ROWE-P-00000780 | 57 | GOOG-ROWE-00059503 |
| 13 | GOOG-ROWE-00018014 | 59 | GOOG-ROWE-00017401.RR |

December 6, 2021
Page 2 of 2

| | | | |
|---|---|---|---|
| 14 | GOOG-ROWE-00061918-19, 35 | 60 | GOOG-ROWE-00017706.R-08.R |
| 15 | GOOG-ROWE-00063516, 28, 31 | 61 | GOOG-ROWE-00078058 |
| 16 | GOOG-ROWE-00061880, 83, 87-88, 90, 93 | 62 | GOOG-ROWE-00053811.R |
| 18 | Rowe Tr. Excerpts | 65 | GOOG-ROWE-00017429 |
| 19 | GOOG-ROWE-00019103-04.R, 106-108.R | 67 | GOOG-ROWE-00017439 |
| 20 | GOOG-ROWE-00056318.R, 26-27.R, 33.R | 68 | GOOG-ROWE-00056994, 57001-02, 04 |
| 21 | GOOG-ROWE-00058500 | 71 | GOOG-ROWE-00017919 |
| 22 | GOOG-ROWE-00054266 | 74 | GOOG-ROWE-P-00000714 |
| 23 | GOOG-ROWE-00017999 | 79 | GOOG-ROWE-00056487 |
| 25 | GOOG-ROWE-00059824-26 | 81 | GOOG-ROWE-00017423 |
| 26 | GOOG-ROWE-00063692 | 83 | GOOG-ROWE- 00056975-76 |
| 27 | GOOG-ROWE-00017920 | 86 | GOOG-ROWE-00017556 |
| 28 | GOOG-ROWE-00017918 | 90 | GOOG-ROWE-00017731.RR |
| 29 | GOOG-ROWE-00017889-90 | 93 | GOOG-ROWE-00017583 |
| 30 | GOOG-ROWE-00017932-33 | 95 | GOOG-ROWE-00056910 |
| 34 | GOOG-ROWE-00054161-62 | 96 | GOOG-ROWE-00017644 |

Although Plaintiff has filed these exhibits under seal in order to comply with the Protective Order entered into this matter,[1] she submits that the exhibits should be filed as part of the public record and not under seal, as Google has not shown good cause why the exhibits require the extraordinary protection of sealing. *See New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *2-3 (S.D.N.Y. Oct. 21, 2014) (the party seeking to seal has the burden of demonstrating by specific, on the record facts the reason why sealing is appropriate); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) (explaining that there is a "strong presumption" against sealing of exhibits submitted for consideration in a summary judgment motion); *see also*, ECF No. 151 (Plaintiff's Memorandum of Law in Opposition to Google's Motion to Seal) (explaining why Google's request to seal similar exhibits was without merit).

Were Google to file a letter or motion with this Court seeking to retain these exhibits under seal, Plaintiff respectfully requests that she be given an opportunity to respond.

Respectfully submitted,

Cara E. Greene

Encl.
cc: All counsel of record (by ECF)

---

[1] Plaintiff met and conferred with Defendant in an effort to determine which, if any, of Plaintiff's intended exhibits marked Confidential by Defendant could be exempted from the Protective Order and filed publicly. Where the Parties could not reach a clear understanding, Plaintiff has filed those exhibits under seal in an abundance of caution.