UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE,<br><br>                Plaintiff,<br><br>    -against-<br><br>GOOGLE LLC,<br><br>                Defendant. | No. 1:19-cv-08655 (LGS)(GWG)<br><br>**DECLARATION OF SARA B. TOMEZSKO IN SUPPORT OF MOTION TO RETAIN DOCUMENTS UNDER SEAL** |

I, SARA B. TOMEZSKO, subject to the penalties by law for perjury, do hereby declare the following to be true and correct on the basis of my personal knowledge. If called upon to do so, I would be competent to testify to the matters set forth in this declaration.

1. I am an associate at Paul Hastings LLP, a member in good standing of the Bar of the State of New York, and outside counsel for Defendant in this matter.

2. The original deadline for Plaintiff to file her opposition to Google's motion for summary judgment (ECF 152) was December 3, 2021. (ECF 128.) Google agreed to extend the deadline to December 6, 2021, after Plaintiff granted Google a similar brief extension to file its moving brief.

3. On November 19, 2021, Plaintiff e-mailed Google asking for an extension of the deadline to identify documents marked confidential to be filed in support of her summary judgment motion to November 29, 2021. Google granted the request.

4. On November 29, 2021, Plaintiff identified 130 document excerpts and portions of deposition transcripts for Google to review and assert whether or not it would maintain those confidentiality designations.

5. On November 30, 2021, Plaintiff identified an additional 37 document excerpts and portions of deposition transcripts for Google's review, bringing the total number of

1

document excerpts and deposition transcripts to 167. Plaintiff requested a response by December 1, 2021.

6. On December 1, 2021, Google informed Plaintiff that it would not meet Plaintiff's deadline of that day, but would respond the following day. On December 2, Google provided a response to each of the document excerpts and portions of deposition transcripts Plaintiff identified on November 29 and 30, 2021. In some cases Google waived the confidentiality designation, in others it maintained the designation, and in the remaining situations requested specific redactions to maintain the designation for only a portion of the document or deposition transcript.

7. On the afternoon of December 2, 2021, Plaintiff clarified that in some instances where she had identified only a single Bates number, she was requesting Google's review of the entire document, not just the page associated with the Bates number provided. Plaintiff requested Google's review and designation as to the entire document of each item identified only by a single Bates number by 5:00 pm that day. Google responded that the deadline was not workable and asked Plaintiff to identify with specificity which Bates ranges she wanted Google to review. Plaintiff declined to identify additional Bates ranges and responded that she would proceed to file any other documents/transcript portions not identified previously according to the existing confidentiality designations made during discovery.

8. On December 6, 2021, Plaintiff filed a number of document excerpts and portions of deposition transcripts that had not been identified to Google pre-filing and therefore Google had no opportunity to review and waive or maintain the existing confidentiality designations. For some of those documents, Google is now waiving the confidentiality designation. Had they been identified to Google pre-filing, motion practice as to those documents could have been avoided.

9. On December 2, 2021, Google indicated that at least two of the documents currently filed under seal, Jumper Declaration Exhs. 27 and 46 (ECF 160-27 and 160-46), could be filed publicly. Google reiterated its position on those documents to Plaintiff on December 7, 2021. Plaintiff filed them under seal anyway, necessitating that Google address them in its motion to retain documents under seal.

10. Plaintiff also publicly filed at least one document that Google had previously indicated on December 2, 2021, should be filed in redacted form or under seal.

11. Plaintiff also publicly filed document excerpts or portions of deposition transcripts which Google had marked confidential during discovery. These documents excerpts or portions of deposition transcripts had not been identified to Google pre-filing, and Google did not waive their confidentiality designations before Plaintiff filed them on the docket. When Google discovered this on December 7, 2021, it promptly informed Plaintiff of each instance and requested she take all necessary steps to remove the confidential information from the docket pending Google's motion to seal. Plaintiff complied on December 8, 2021.

12. Attached as Exhibit A to this Declaration is a version of Plaintiff's Memorandum of Law In Support of Plaintiff's Motion for Summary Judgment and In Opposition to Google's Motion for Summary Judgment with limited redactions identifying the information Google is moving to keep sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

13. Attached as Exhibit B to this Declaration is a version of Plaintiff's Response to Google's Rule 56.1 Statement In Support of Google's Motion for Summary Judgment (ECF 154) with limited redactions identifying the information Google is moving to keep sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

14. Attached as Exhibit C to this Declaration is a version of Plaintiff's Affirmative Rule 56.1 Statement In Support of Plaintiff's Motion for Summary Judgment (ECF 155) with limited redactions identifying the information Google is moving to keep sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

15. Attached as Exhibit D to this Declaration is a version of the Declaration of Cara E. Greene (ECF 156) with limited redactions identifying the information Google is moving to keep sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

16. Attached as Exhibit E to this Declaration is a version of the Declaration of Maya S. Jumper ("Jumper Decl."), Exh. 1 (ECF 160-1) with limited redactions identifying the information Google is moving to keep sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

17. Attached as Exhibit F to this Declaration is a version of the Jumper Decl., Exh. 4 (ECF 160-4) with limited redactions identifying the information Google is moving to keep sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

18. Attached as Exhibit G to this Declaration is a version of the Jumper Decl., Exh. 10 (ECF 160-10) with limited redactions identifying the information Google is moving to keep sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

19. Attached as Exhibit H to this Declaration is a version of the Jumper Decl., Exh. 18 (ECF 160-18) with limited redactions identifying the information Google is moving to keep sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

20. Attached as Exhibit I to this Declaration is a version of the Jumper Decl., Exh. 25 (ECF 160-25) with limited redactions identifying the information Google is moving to keep sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

21. Attached as Exhibit J to this Declaration is a version of the Jumper Decl., Exh. 34 (ECF 160-34) with limited redactions identifying the information Google is moving to keep sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

22. Attached as Exhibit K to this Declaration is a version of the Jumper Decl., Exh. 42 (ECF 160-42) with limited redactions identifying the information Google is moving to keep sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

23. Attached as Exhibit L to this Declaration is a version of the Jumper Decl., Exh. 50 (ECF 160-50) with limited redactions identifying the information Google is moving to keep sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

24. Attached as Exhibit M to this Declaration is a version of the Jumper Decl., Exh. 59 (ECF 160-59) with limited redactions identifying the information Google is moving to keep sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

25. Attached as Exhibit N to this Declaration is a version of the Jumper Decl., Exh. 61 (ECF 160-61) with limited redactions identifying the information Google is moving to keep sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

26. Attached as Exhibit O to this Declaration is a version of the Jumper Decl., Exh. 79 (ECF 160-70) with limited redactions identifying the information Google is moving to keep sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

27. Attached as Exhibit P to this Declaration is a version of the Jumper Decl., Exh. 90 (ECF 160-90) with limited redactions identifying the information Google is moving to keep sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

28. Attached as Exhibit Q to this Declaration is a version of the Jumper Decl., Exh. 95 (ECF 160-95) with limited redactions identifying the information Google is moving to keep

sealed. An unredacted copy with highlighting is being concurrently submitted to the Court.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed on the 10th day of December, 2021 in Jersey City, New Jersey.

                                                    _____
                                                        Sara Tomezsko