THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE,<br><br>               Plaintiff,<br><br>   v.<br><br>GOOGLE LLC,<br><br>               Defendant. | Civ. Action No. 19-cv-08655(LGS)(GWG) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO SEAL**

# TABLE OF CONTENTS

I.   INTRODUCTION AND STATEMENT OF FACTS ...................................................... 1

    A.   The Parties' Conferral Process Regarding Confidentiality Designations .............. 2

    B.   Google's Request to Seal or Redact Information Central to the Claims at Issue .. 3

II.  ARGUMENT ................................................................................................................. 5

    A.   Legal Standards ..................................................................................................... 5

    B.   Evidence of Google's General Compensation and Leveling Processes and Policies Should be Publicly Filed ......................................................................... 9

    C.   Evidence of Individual Comparator Compensation Is at the Heart of Plaintiff's Prima Facie Case and Should Not Be Redacted ................................................. 10

    D.   Information Related to Other Women's Experience with Pay Inequity at Google Should Not Be Shielded from Public View ........................................... 12

    E.   Google's Job Ladder and Leveling Guide Exhibits Contain No Confidential or Proprietary Information ...................................................................................... 13

III. CONCLUSION ............................................................................................................ 15

# TABLE OF AUTHORITIES

**CASES**                                                 **Page(s)**

*Andreu v. Hewlett–Packard Co.*,
    No. 15 Civ. 23270 (S.D. Fla. Apr. 26, 2016) ...................................................................... 12

*Barrett* v. *Forest Laboratories, Inc.*,
    No. 12 Civ. 5224, 2015 WL 3851860, at *2 (S.D.N.Y. June 24, 2015) .......................... 10, 11

*Cf. Walsh v. Doner Int'l Ltd., Inc.*,
    No. 18 Civ. 13930, 2020 WL 4569564, at *9 (E.D. Mich. Aug. 7, 2020) ............................ 10

*Coscarelli v. ESquared Hosp. LLC*,
    No. 18 Civ. 5943, 2020 WL 6802516, at *1 (S.D.N.Y. Nov. 19, 2020) ..................................6

*Cunningham v. Cornell Univ.*,
    No. 16 Civ. 6525, 2019 WL 10892081, at *3 (S.D.N.Y. Sept. 27, 2019) ............................. 14

*Dickerson v. Novartis Corp.*,
    No. 15 Civ. 1980, 2016 WL 9560056, at *3 (S.D.N.Y. Apr. 11, 2016) ................................. 9

*EEOC v. Kelley Drye & Warren LLP*,
    No. 10 Civ. 655, 2012 WL 691545, at *3 (S.D.N.Y. Mar. 2, 2012) ........................................ 8

*Grayson v. Gen. Elec. Co.*,
    No. 13 Civ. 1799, 2017 WL 923907, at *1 (D. Conn. Mar. 7, 2017) ..................................6, 8

*Harper v. Charter Commc'ns, LLC*,
    No. 19 Civ. 0902, 2021 WL 600960, at *2 (E.D. Cal. Feb. 16, 2021) .................................. 14

*Joy v. North*,
    692 F.2d 880, 893 (2d Cir. 1982) ............................................................................... 5, 6, 14

*Littlejohn v. BIC Corp.*,
    851 F.2d 673, 685 (3d Cir. 1988) ....................................................................................... 6, 8

*Lugosch v. Pyramid Co. of Onondaga*,
    435 F.3d 110, 121 (2d Cir. 2006) ................................................................................ 1, 5, 11

*MacroMavens, LLC v. Deutsche Bank Sec., Inc.*,
    No. 09 Civ. 7819, 2011 WL 1796138, at *2 (S.D.N.Y. Apr. 27, 2011) ............................ 7, 15

*Newsday LLC v. Cty. of Nassau*,
    730 F.3d 156, 166 (2d Cir. 2013) ........................................................................................... 5

*Ortega v. Fedcap Rehab. Servs., Inc.*,
    No. 02 Civ. 3727, 2003 WL 21383383, at *1 (S.D.N.Y. June 16, 2003) ...............................13

*Pollis v. New Sch. for Soc. Rsch.*,
    132 F.3d 115, 119-20 (2d Cir. 1997) .....................................................................................12

*Rogers v. Bank of New York Mellon*,
    No. 09 Civ. 8551, 2016 WL 4362204, at *23 (S.D.N.Y. Aug. 15, 2016) ..............................11

*Rogers v. Bank of New York Mellon*,
    No. 09 Civ. 8551, 2017 WL 4157376 (S.D.N.Y. Sept. 19, 2017) ..........................................12

*Sanchez v. MTV Networks*,
    525 F. App'x 4, 7 (2d Cir. 2013) ............................................................................................. 9

*Travelers Indem. Co. v. Excalibur Reinsurance Corp.*,
    No. 11 Civ. 1209, 2013 WL 4012772, at *15 (D. Conn. Aug. 5, 2013) ..............................6, 9

*United States v. Amodeo*,
    71 F.3d 1044, 1048 (2d Cir. 1995).......................................................................................5, 9

*United States v. Wells Fargo Bank*,
    No. 12 Civ. 7527, 2015 WL 3999074, at *4 (S.D.N.Y. Jun 30, 2015) ................................6, 7

*Veikos v. Trustees of Univ. of Pa.*,
    No. 20 Civ. 04408, 2021 WL 4306024, at *2 (E.D. Pa. Sept. 22, 2021) ...............................11

*Whittaker v. MHR Fund Mgmt. LLC*,
    No. 20 Civ. 7599, 2021 WL 4441524, at *3 (S.D.N.Y. Sept. 28, 2021) ................................. 9

*Zafar v. Abbott Labs., Inc.*,
    No. 15 Civ. 361, 2016 WL 6104358, at *2 (W.D. Mich. Jan. 27, 2016) ..........................11, 13

*Cf. Zambrano v. Ins. Auto Auctions Corp.*,
    No. 20 Civ. 367, 2021 WL 4950849, at *1 (W.D. La. Sept. 15, 2021) ............................. 8, 14

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*,
    529 F. Supp. 866, 906 (E.D. Pa. 1981) ..................................................................................13

I.  **INTRODUCTION AND STATEMENT OF FACTS**

Defendant Google LLC ("Google" or "Defendant") seeks to file under seal and conceal from the public considerable evidence of its improper pay practices that Plaintiff Ulku Rowe ("Plaintiff") relies on in support of her Motion for Summary Judgment and Opposition to Google's Motion for Summary Judgment, filed on December 6, 2021. *See* ECF No. 162. As described herein and consistent with Plaintiff's position as set forth in Plaintiff's Opposition to Google's Motion to Seal, ECF No. 150, Plaintiff opposes Google's requests as set forth in Defendant's Memorandum of Law in Support of Motion to Retain Documents Under Seal, ECF No. 172 ("Def. Br."), save specific categories of information identified hereinafter.

Google seeks to completely seal or substantively redact: (i) its compensation policies and processes; (ii) compensation information of Plaintiff's comparators; (iii) Google client names; (iv) candidate names and information; (v) correspondence regarding individual compensation negotiations of other women in OCTO; and (vi) Google job ladders and leveling guides.

Plaintiff does not oppose sealing candidate names and information and names of Google business clients.[1] For all other categories of information, Google fails to meet the high standard required to allow sealing or redaction of certain documents key to Plaintiff's claims of gender discrimination, gender-based unequal pay, and retaliation. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) ("Documents filed in support of summary judgment" are, "as a matter of law," entitled to the "highest" presumption of public access under

---

[1] For purposes of this motion, Plaintiff does not oppose the redactions proposed in the following exhibits to the Tomezsko Declaration (ECF No. 177): (i) client names in Exhibits B and K; (ii) candidate names in Exhibits E, H, I, L, O, and P; and (iii) third party names in Exs. M and Q. Plaintiff does not waive and expressly reserves any and all objections to the redaction and/or sealing of any proffered evidence at trial, including evidence to which she does not raise objection for purposes of her summary judgment motion.

both the common law and the First Amendment). Accordingly, Google's motion to retain information critical to Plaintiff's claims should be denied.

**A. The Parties' Conferral Process Regarding Confidentiality Designations.**

On November 19, 2021, Plaintiff requested that Google identify the categories of documents that it would seek to retain under seal. Plaintiff noted that given Google's overbroad confidentiality designations (Google had marked nearly every document – upwards of forty thousand – and multiple transcript portions as confidential during the course of discovery), a categorical approach would be most efficient. On November 23, Google refused to provide the categories of information it believed should be filed under seal, and instead insisted that Plaintiff identify every document that she would potentially include as an exhibit to her motion. As Defendant was certainly aware, this created an undue burden on Plaintiff, as she had only a short period in which to prepare her opposition and finalize her cross-motion; while Defendant had had 12 weeks to prepare its summary judgment motion and identify exhibits, Plaintiff had only 4 weeks to do so after receiving Defendant's summary judgment motion and related papers.

Nevertheless, on November 29, the date agreed to by the parties, Plaintiff provided Google with a list of 130 documents, identified by the initial bates-number of the document, and citation excerpts and requested that Google provide its confidentiality designations by December 1, 2021. The following day, Plaintiff supplemented that list with 37 additional documents. On December 2, Google provided its designations, but rather than review the entire document, it reviewed and provided designations for only the first page of each document. In doing so, Google ignored the Parties' established practice of identifying a "document" by the Bates number of the first page. In light of Google's mistake and to obviate any harm to Google's privacy interests, Plaintiff agreed to file all confidential documents not explicitly waived by

2

Google during the conferral process under seal.[2] On December 7, 2021, Google requested an extension of the deadline to file its Motion to Seal (ECF No. 167), with Plaintiff's consent, and the Court granted the request. (ECF No. 168). Accordingly, Google cannot identify any substantive harm occasioned by the timing or form of Plaintiff's request for confidentiality designations.

### B. Google's Request to Seal or Redact Information Central to the Claims at Issue.

Google seeks to seal large swaths of documents, transcript excerpts, and portions of Plaintiff's brief and supporting 56.1 statements and declarations in furtherance of unspecified and unsupported "privacy" and "competitive harm" concerns. Because Google has failed to demonstrate compelling reasons to seal information central to the claims and defenses at issue, Plaintiff objects to the sealing of: (i) documents related to Google's compensation policies and processes (Def. Br. Point B, at 10-12); (ii) compensation data for comparators (*id.* at 12-13); (iii) information related to other women in OTCO evidencing discrimination in compensation based on gender (*id.* Point E, at 15); and (iv) documents regarding Google's "job ladders and leveling guides" (*id.* Point F, at 16-17). Specifically, for the reasons stated herein, Plaintiff objects to the sealing of the following exhibits attached to the Declaration of Maya S. Jumper (ECF No. 166):

- Jumper Decl., Ex. 2;
- Jumper Decl., Ex. 3;
- Jumper Decl., Ex. 6;
- Jumper Decl., Ex. 8;
- Jumper Decl., Ex. 9;
- Jumper Decl., Ex. 22;
- Jumper Decl., Ex. 53;
- Jumper Decl., Ex. 57;
- Jumper Decl., Ex. 60;
- Jumper Decl., Ex. 69.

---

[2] Despite Plaintiff's diligent efforts, a small amount of information designated by Google as confidential was inadvertently filed on the public docket. Once identified by Google, Plaintiff promptly contacted the Court, and remedied the error within 24 hours.

Plaintiff further opposes the following proposed redactions:

- Redaction of name of other woman in OCTO complaining of gender pay disparity and comparator compensation in Plaintiff's Memorandum of Law in Support of her Motion for Summary Judgment ("Pl. SJ Br."), (Tomezsko Decl., Ex. A);

- Redaction of comparator compensation and compensation policies and practices in Plaintiff's Response to Google's Rule 56.1 Statement ("Pl. Opp. 56.1"), (Tomezsko Decl,. Ex. B) (oppose compensation redactions at ¶¶ 83, 333 and "compensation policy" redactions at ¶¶ 182-183, 189-190);

- Redaction of comparator compensation in Plaintiff's Affirmative Rule 56.1 Statement ("Pl. 56.1"), (Tomezsko Decl., Ex. C) (oppose proposed redactions to ¶¶ 75, 79, 80, 82, 83, 85, 89, 90, 92, 93, 95, 96, 99, 100, 102, 103, 105, 106, 108, 109);

- Redaction of comparator compensation in Cara E. Greene Declaration ("Greene Decl."), (Tomezsko Decl., Ex. D);

- Redaction of name of other woman in OCTO complaining of gender pay disparity in Jumper Decl., Ex. 1;

- Redaction of compensation policy information in Jumper Decl., Ex. 4, (Tomezsko Decl., Ex. F) (oppose redactions at Lucas Tr. 138:12-17, 139:2-140:14, 141:2-17);

- Redaction of comparator compensation in Jumper Decl., Ex. 10, (Tomezsko Decl., Ex. G) (oppose redaction of compensation information at Burdis Tr. 86:7);

- Redaction of comparator compensation in Jumper Decl., Ex. 34 (Tomezsko Decl., Ex. J) (oppose redaction of compensation information);

- Redaction of comparator compensation in Jumper Decl., Ex. 34 (Tomezsko Decl., Ex. K); and

- Redaction of performance feedback in Jumper Decl., Ex. 61 (Tomezsko Decl., Ex. N).[3]

---

[3] Google identifies four additional documents for proposed redaction, but fails to comply with the Court's directive to submit proposed redactions to the Court. Notwithstanding this omission, Plaintiff does not object to the redaction of candidate names and prior employers or Google client names in Exhibits 30, 56, 71, and 93.

## II.     ARGUMENT

### A.     Legal Standards

The public is afforded a "presumption of access" to materials filed in federal court. *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Adherence to this presumption of public access is "especially strong" where the materials at issue are germane to the claims and include "evidence [that will be] introduced in trial[]." *Id.* at 1049 (citation omitted). The "facts necessary to show good cause for a protective order applicable to discovery documents" will not necessarily suffice to fulfill the "higher threshold imposed by the First Amendment" regarding documents relied on in trial or for a dispositive motion. *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166 (2d Cir. 2013).

The purpose of the presumption of public access is to ensure both that there is a "measure of accountability" during litigation proceedings and that "the public [has] confidence in the administration of justice." *Amodeo*, 71 F.3d at 1048. Furthermore, it is well established – and Google agrees (Def. Br. 7) – that documents submitted to a court for its consideration in a summary judgment motion are, a matter of law, "judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 121. These documents "should not remain under seal *absent the most compelling reasons*," none of which are present here. *Id.* at 123 (emphasis in original) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Pursuant to the "stringent" presumption of public access, the sealing of filed materials can only be justified by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Mere conclusory statements that the materials contain confidential information

– like Google's arguments here – are insufficient; the moving party must make a "particular and specific demonstration of fact" that disclosure would cause an "injury sufficiently serious to warrant protection" despite the public's First Amendment and common law rights of access. *United States v. Wells Fargo Bank*, No. 12 Civ. 7527, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015) (internal citation and quotation marks omitted). "[C]onfidential business information," as opposed to information that is considered a trade secret or the like, is entitled only to minimal protection. *Grayson v. Gen. Elec. Co.*, No. 13 Civ. 1799, 2017 WL 923907, at *1 (D. Conn. Mar. 7, 2017) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 685 (3d Cir. 1988)).

Even a showing of injury is not conclusive; the court must also balance the particularized showing of need against the presumption of public access to determine whether the presumption should be overcome. *Coscarelli v. ESquared Hosp. LLC*, No. 18 Civ. 5943, 2020 WL 6802516, at *1 (S.D.N.Y. Nov. 19, 2020). Rarely will the presumption be overcome. *Cf. Joy*, 692 F.2d at 893 ("An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny."); *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 11 Civ. 1209, 2013 WL 4012772, at *15 (D. Conn. Aug. 5, 2013) (explaining that "blanket sealing" is inappropriate in all but "rare circumstances").

With respect to many of the exhibits identified in Google's sealing motion, Google has failed to demonstrate the particularized harm necessary to overcome the presumption of public access. Accordingly, its request to seal those exhibits should be denied.

Further, Google proposes wholesale sealing of numerous exhibits where redactions are appropriate. *See, e.g.*, Jumper Decl., Exs. 8, 9, and 60. Redactions are "the preferred method for sealing in that blanket sealing is overly broad in all but rare circumstances." *Travelers Indem. Co.*, 2013 WL 4012772, at *15. Further, many of Google's proposed redactions are overbroad.

(*See*, *e.g.*, Tomezsko Decl., Exs. F, K, and N.) While Plaintiff does not oppose tailored redactions to these exhibits, it is Google's burden to identify and propose the appropriate redactions. *See United States v. Wells Fargo Bank*, No. 12 Civ. 7527, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015).

### B. Evidence of Google's General Compensation and Leveling Processes and Policies Should be Publicly Filed.

Google seeks to obscure from public view even the most general descriptions of its compensation and leveling policies – issues at the very center of the present dispute. Specifically, it moves to seal portions of Plaintiff's Opposition Rule 56.1 Statement, Tomezsko Declaration, Exhibit B; and Jumper Declaration, Exhibit 4 (Lucas deposition transcript), Tomezsko Decl., Ex. F; Jumper Declaration Exhibit 22 (salary guidelines for technical solutions consultants) and Jumper Declaration Exhibit 53 (guidelines on "promo salary increases"), on the grounds that these exhibits contain "propriety" information. However, Google overstates the confidential and private nature of these materials, all of which go to the heart of Plaintiff's equal pay and gender discrimination claims. Sealing of these exhibits therefore would be improper. *MacroMavens, LLC v. Deutsche Bank Sec., Inc.*, No. 09 Civ. 7819, 2011 WL 1796138, at *2 (S.D.N.Y. Apr. 27, 2011) (explaining that the presumption of public access is especially strong where the information "goes to the heart of the dispute to be decided by the Court").

The portions of Plaintiff's Opposition Rule 56.1 Statement (Tomezsko Decl., Ex. B, ¶¶ 181, 182, 189, 190) and the Lucas deposition transcript (Jumper Decl., Ex. 4), that Google seeks to redact, and the salary guidelines (Jumper Decl., Ex. 53), that Google seeks to seal, describe in broad terms Google's approach to employee compensation determinations. Further, the salary targets for technical solutions consultants (Jumper Decl., Ex. 22) simply list target market rates and salary/bonus rates for Plaintiff's job title – information critical to assessing whether Google

7

paid Plaintiff less than her male comparators. Google asserts that its compensation policies and guidelines are "confidential and proprietary." Def. Br. 10. However, "formulaic recitations of firm policies and procedures," like those found in the exhibits at issue, are not likely to place Google "at [such] a broad competitive disadvantage" as to justify their sealing. *EEOC v. Kelley Drye & Warren LLP*, No. 10 Civ. 655, 2012 WL 691545, at *3 (S.D.N.Y. Mar. 2, 2012). Indeed, thousands of Google employees (former and current) possess the same general knowledge regarding Google's compensation processes. *Cf. Zambrano v. Ins. Auto Auctions Corp.*, No. 20 Civ. 367, 2021 WL 4950849, at *1 (W.D. La. Sept. 15, 2021) (refusing to seal "procedures found in the policies of many companies").

Google's argument that, when it designs "any written materials regarding compensation, *e.g.*, training materials, written policies, and/or FAQs or other explainers," it assumes they will be kept confidential, Def. Br. 10, also fails. Google's mere use of the terms "proprietary" and "confidential" do not transform regular business information into information of such a confidential nature as to overcome the presumption of public access, nor does it transform the information into a trade secret. Indeed, Google points to no authority supporting its attempt to equate this information to a trade secret. Even "confidential business information" is entitled only to minimal protection, unless the moving party can make the showing that the information is a trade secret or its disclosure would be so harmful to business interests that it warrants the unusual step of sealing. *Grayson*, 2017 WL 923907, at *1 (citing *Littlejohn*, 851 F.2d at 685). Notably, Exhibits B and F to the Tomezsko Declaration simply *make reference* to a proprietary algorithm, but do not disclose the proprietary information itself nor any privileged discussions.

Moreover, sealing of Google's compensation policies is improper given that compensation is at the very core of Plaintiff's claims. To truly understand the individual

8

comparator pay data Plaintiff presents, the public must be able to put that data into context by understanding *how* compensation is set and adjusted at Google. Data in a vacuum, without the broader situational understanding of how Google claims Plaintiff's compensation was (or should have been) set, would leave the public with only a partial understanding of the case. *See Sanchez v. MTV Networks*, 525 F. App'x 4, 7 (2d Cir. 2013) (denying request to seal email correspondences regarding the "specifics of" plaintiff's compensation because, in part, the adequacy of plaintiff's "compensation was the very subject of this litigation, and the public is entitled to understand the nature of the dispute…"); *Whittaker v. MHR Fund Mgmt. LLC*, No. 20 Civ. 7599, 2021 WL 4441524, at *3 (S.D.N.Y. Sept. 28, 2021) (appeal docketed) (refusing to seal "agreements [that] detail the terms of Petitioner's bonus and tax advances," in part because the documents "go directly to the Court's adjudication of the petition"); *Dickerson v. Novartis Corp.*, No. 15 Civ. 1980, 2016 WL 9560056, at *3 (S.D.N.Y. Apr. 11, 2016) (rejecting parties' request to redact information that pertained "to the general pay and benefit structure of the proposed classes" in Title VII and Equal Pay Act case).[4]

### C. Evidence of Individual Comparator Compensation Is at the Heart of Plaintiff's Prima Facie Case and Should Not Be Redacted.

Google requests to seal nearly all individual compensation data from Plaintiff's summary judgment filings. Specifically, it moves to redact portions of Plaintiff's Summary Judgment Brief, (Tomezsko Decl., Ex. A); portions of Plaintiff's Opposition Rule 56.1 Statement,

---

[4] Were the Court to conclude that specific lines of information contain proprietary information, such information could be handled with narrowly tailored redactions, rather than through wholesale sealing. *See United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (explaining that the court "should make its own redactions, supported by specific findings, after a careful review of all claims for and against access"); *Travelers Indem. Co.*, 2013 WL 4012772, at *15 ("As always, redaction will continue as the preferred method for sealing in that blanket sealing is overly broad in all but rare circumstances.").

(Tomezsko Decl., Ex. B); portions of Plaintiff's Affirmative Rule 56.1 Statement, (Tomezsko Decl., Ex. C); portions of the Greene Declaration, (Tomezsko Decl., Ex. D); and portions of Exhibit 10, (Tomezsko Decl., Ex. G); Exhibit 34, (Tomezsko Decl., Ex. J); and Exhibit 42, (Tomezsko Decl., Ex. K).

As Google concedes, individual compensation is not actually confidential: "Google does not discourage employees from discussing their own compensation, either with their peers or outside Google." Def. Br. 12. Further, the compensation data Google seeks to file under seal is at central to Plaintiff's equal pay claims. *See* Second Amended Complaint ("Compl.") (ECF No. 108), ¶ 2 ("Google has discriminated against Plaintiff by hiring her at a lower level and paying her less compensation than her similarly situated male peers [and] denying her additional earned compensation"). "[R]edact[ing] the salaries of the comparators . . . would substantially impair the public's ability to understand the merits or demerits of this case." *Barrett v. Forest Labs., Inc.*, No. 12 Civ. 5224, 2015 WL 3851860, at *2 (S.D.N.Y. June 24, 2015). The public cannot meaningfully understand her claims if they cannot judge her pay against the pay of those she asserts were similarly situated to her. *Cf. Walsh v. Doner Int'l Ltd., Inc.*, No. 18 Civ. 13930, 2020 WL 4569564, at *9 (E.D. Mich. Aug. 7, 2020) (denying motion to redact the names of plaintiff's clients because if "the names of the clients [are] redacted from the depositions, it would be difficult for the public to follow Plaintiff's arguments" that "younger, less experienced employees were given those same [client] accounts before and after she was terminated"). Further, Google itself elsewhere concedes that substantive comparator information is centrally "relevant to Plaintiff's claims and Google's defenses" – it does seek to redact any information about her comparator's performance reviews, a position which is inconsistent with its insistence that comparator compensation data must be redacted. *See* Def. Br. 15; (Tomezsko Decl., Ex. D)

(leaving performance evaluations unredacted); *see also Veikos v. Trustees of Univ. of Pa.*, No. 20 Civ. 04408, 2021 WL 4306024, at *2 (E.D. Pa. Sept. 22, 2021) (declining "to shield from public view the substance of the tenure reviews themselves").

To the extent the privacy interests of third-parties may be implicated, those concerns do not outweigh the presumption of public disclosure. *See Barrett*, 2015 WL 3851860, at *2-3. As stated above, the compensation information "constitute[s] comparator evidence. [Google] has not shown that courts normally protect comparator evidence by placing it under seal." *Veikos*, 2021 WL 4306024, at *2 (further concluding that "in the Court's experience[] comparator evidence [is not] the type that usually gets protected"). Google's "generalized claims of harm or prejudice to the [comparators] do not suffice as compelling reasons" to justify sealing this evidence. *Zafar v. Abbott Labs., Inc.*, No. 15 Civ. 361, 2016 WL 6104358, at *2 (W.D. Mich. Jan. 27, 2016). Even though the comparators "are third parties who have no direct connection to this litigation, the documents Defendant seeks to keep from the public will likely be central to the Court's decision on Defendant's summary judgment motion and, absent a compelling reason, should be available to the public to explicate the Court's decision." *Id*. (citation omitted).

Google's scant citations (Def. Br. at 12) do not support redacting or sealing compensation data. Its citations do not alter the need for "specific, on-the-record findings" in order for this Court to consider granting Google's sealing request, *Lugosch*, 435 F.3d at 124, nor do they provide any detailed analysis from the granting court that would support Google's arguments here. For example, in *Rogers v. Bank of New York Mellon*, the only redaction the court permitted was to replace the names of plaintiff's comparators with pseudonyms; it did not redact the

compensation information itself. No. 09 Civ. 8551, 2016 WL 4362204, at *23 (S.D.N.Y. Aug. 15, 2016), *on reconsideration*, No. 09 Civ. 8551, 2017 WL 4157376 (S.D.N.Y. Sept. 19, 2017).[5]

### D. Information Related to Other Women's Experience with Pay Inequity at Google Should Not Be Shielded from Public View.

Ulku Rowe is not the first woman to raise concerns about her salary at Google – Google, however, moves to hide the fact that at least one other woman experienced similar discriminatory treatment from public view. Specifically, Google moves to redact portions of Plaintiff's Summary Judgment Brief (Tomezsko Decl., Ex. A); portions of Exhibit 1 (Tomezsko Decl., Ex. E) to the Jumper Declaration; and Exhibit 57 to the Jumper Declaration. The information Google moves to redact reflects relevant information regarding the complaints lodged by other women within OCTO regarding pay inequity – and demonstrate that women, in addition to Plaintiff – were forced to negotiate with Google simply to receive the same pay men were offered as a matter of course.

Accounts of other women employed at the same company (and particularly in the same division) which reflect the same type of discrimination as a plaintiff alleges is routinely considered by courts to be relevant evidence for establishing an inference of discrimination. *See, e.g.*, *Pollis v. New Sch. for Soc. Rsch.*, 132 F.3d 115, 119-20 (2d Cir. 1997) (holding that

---

[5] Another case on which Google relies, *Andreu v. Hewlett-Packard*, is similarly unpersuasive. *Andreu v. Hewlett–Packard Co.*, No. 15 Civ. 23270, Doc. 83 (S.D. Fla. Apr. 26, 2016). In *Andreu*, the defendant moved to seal "entire portions of its motion for summary judgment and statement of undisputed facts." *Id.* The Magistrate Judge denied this request and permitted only redactions of the plaintiff's medical history and for two exhibits to be filed under seal. *Id.* In its summary judgment motion, the Court references sealed exhibits in citing support for its opinion, but provides no details on or rationale behind the sealing beyond that. *Andreu v. Hewlett–Packard Co.*, No. 15 Civ. 23270, 2016 WL 1713303, at *10 (S.D. Fla. Apr. 28, 2016), *report and rec. adopted sub nom. Andreu v. Hewlett-Packard Co.*, No. 15 Civ. 23270, 2016 WL 4542031 (S.D. Fla. June 8, 2016), *aff'd,* 683 F. App'x 894 (11th Cir. 2017) (citing to "Plaintiff's Sealed Exhibits").

awareness of prior complaints about unequal pay supports finding of willfulness); *cf. Ortega v. Fedcap Rehab. Servs., Inc.*, No. 02 Civ. 3727, 2003 WL 21383383, at *1 (S.D.N.Y. June 16, 2003) (holding that similar complaints of discrimination are admissible to show intent). The public accordingly has a First Amendment right to review this information. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 906 (E.D. Pa. 1981) ("The core function of the right to inspect and copy judicial records can only be served by the release in full of documents that are the basis of a dispositive ruling."). Any privacy interest Google asserts is outweighed by the probative value of the information, which is limited to the first name of the third-party and contains no sensitive personal data. *Zafar*, 2016 WL 6104358, at *2 (noting results of internal investigations into third-parties did not contain "particularly sensitive [information], such as social security or financial institution account numbers"). Further, "generalized claims of harm or prejudice … do not suffice as compelling reasons [to seal documents. Neither harm to reputation nor conclusory allegations of injury or prejudice suffice to overcome the presumption in favor of public access." *Id.* (internal citations omitted)

Accordingly, Google should not be allowed to shield relevant evidence of other women's experiences of discrimination at the company – and its knowledge of it – from the public view, and its request to seal this information should be denied.

### E. Google's Job Ladder and Leveling Guide Exhibits Contain No Confidential or Proprietary Information.

Google also seeks to file "job ladders" and "leveling guides," *i.e.*, job descriptions, under seal. Specifically, it moves to file under seal Exhibit 2 (Software Engineer ladder); Exhibit 3 (Product Manager job family); Exhibit 6 (Technical Solutions Consultant ladder); and Exhibit 69 (Engineering-Wide leveling guide) to the Jumper Declaration.

These exhibits are, at their core, job descriptions that present no compelling interest to justify their sealing. The ladders documents describe job duties for each of the relevant roles, definitions of success in each role, and the evolution of the role as an employee advances. The documents also discuss the qualifications of each seniority level within the ladder. Nothing about this information compels sealing. *See*, *e.g.*, *Harper v. Charter Commc'ns, LLC*, No. 19 Civ. 0902, 2021 WL 600960, at *2 (E.D. Cal. Feb. 16, 2021) (rejecting plaintiff's request to seal, *inter alia*, the job description for two specific positions because general assertions that the information is confidential and proprietary is insufficiently specific); *Zambrano*, 2021 WL 4950849, at *1 (refusing to seal information "found in the policies of many companies").

Google provides no persuasive explanation for why the job description documents are so sensitive as to overcome the presumption of disclosure and cites no legal authority for sealing them. Instead, it offers the conclusory assertions that the company "considers [the documents] to be proprietary" and "other companies may seek to model aspects of their employee hiring or people processes" on Google's processes. Def. Br. 17. Such unsupported and speculative conclusions do not justify sealing of ladders documents, particularly where Google has not sought to seal similar descriptions of positions and job functions contained in other exhibits. (*See*, *e.g.*, Jumper Decl., Ex C at 2.); *Cunningham v. Cornell Univ.*, No. 16 Civ. 6525, 2019 WL 10892081, at *3 (S.D.N.Y. Sept. 27, 2019) ("Information that is publicly available need not be sealed.") (internal citation omitted). There is no reason, let alone the "most compelling" reason, these exhibits should be filed under seal. *Joy*, 692 F.2d at 893.

The job ladder exhibits also are integral to Plaintiff's claims and Google's alleged defenses and should not be sealed for that reason as well. Plaintiff alleges Google intentionally hired her at a lower job level than her male peers, while at the same time hiring equally or less

qualified men into higher levels. Compl. ¶¶ 19, 26. The job ladders, which describe the responsibilities and qualifications for roles held by Plaintiff and her comparators, are essential to a complete understanding of Plaintiff's allegations. *See MacroMavens*, 2011 WL 1796138, at *2 ("Because the material [that the party requests to seal] is central to the exercise of the judicial function, the presumption of public access is strong.").

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Google's Motion to Seal be denied as to the above-identified Exhibits.

DATED:  New York, New York
        December 17, 2021

Respectfully submitted,

/s/ *Cara E. Greene*
OUTTEN & GOLDEN LLP
Cara E. Greene
Maya S. Jumper
Shira Z. Gelfand
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060