

December 30, 2021

**Via ECF:**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    **Re:**  ***Ulku Rowe v. Google LLC*, Case No. 19-cv-08655 (LGS)(GWG)**

Dear Judge Schofield:

  We represent Plaintiff Ulku Rowe in the above-referenced matter. We write pursuant to Rule Section III.A.1 of Your Honor's Individual Practices and Local Rule 37.2 to request a pre-motion conference in anticipation of Plaintiff's Motion to Strike Defendant Google LLC's Reply in Support of its Statement of Undisputed Material Facts ("Reply 56.1") (ECF No. 185). The Court should exercise its authority under Fed. R. Civ. P. 12(f) and strike Defendant's Reply 56.1; neither Local Civil Rule 56.1 ("Rule 56.1") nor your Honor's individual rules authorize a reply to a counter-statement. *See* Local Civ. R. 56.1. Further, Defendant's attempt to reargue the legal claims and assert additional facts not included in its initial 56.1 statement frustrates the purpose of Rule 56.1, which is to streamline the summary judgment process. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties.")

**Defendant's Reply 56.1 Contains Impermissible Legal Argument**

  Defendant's Reply 56.1 consists of impermissible legal argument or clarifications regarding its statement of undisputed facts and/or Plaintiff's responses. Google's legal argument set forth on pages 1-3 of its Reply 56.1 plainly belongs in a brief.[1] *Alliance Sec. Prods., Inc. v. Fleming Co.*, 471 F. Supp. 2d 452, 454 (S.D.N.Y. 2007) ("[L]egal arguments . . . belong in briefs, not Rule 56.1 statements, and so are disregarded in determining whether there are genuine issues of material fact"); *U.S. Info. Sys., Inc. v. Int'l Brotherhood of Elec. Workers Local Union No. 3,* No. 00 Civ. 4763, 2006 WL 2136249, at *3 (S.D.N.Y. Aug. 1, 2006) ("Rule 56.1 statements are not argument. They should contain factual assertions with citation to the record. They should not contain conclusions…") (citations omitted).

---

[1] Defendant's inability to include these arguments in its brief due to having already exceeded the Court-ordered page limitation by 10 pages should not result in prejudice to Plaintiff and unnecessary burden on the Court. (*See* ECF No. 191.)

**New York** 685 Third Avenue 25th Floor New York, NY 10017 Tel (212) 245-1000 Fax (646) 509-2060
**San Francisco** One California Street 12th Floor San Francisco, CA 94111 Tel (415) 638-8800 Fax (415) 638-8810
**Washington DC** 601 Massachusetts Ave NW Suite 200W Washington, DC 20001 Tel (202) 847-4400 Fax (202) 847-4410

www.outtengolden.com

Honorably Lorna G. Schofield
December 30, 2021
Page 2 of 3

Similarly, Defendant uses the remainder of its Reply 56.1 to make credibility assertions and legal conclusions in support of its own statement of facts. (*See, e.g.*, Reply 56.1 ¶¶ 88, 138, 141, 145, 157, 204, 222, 271-77, 333 (making legal argument about the comparability between Plaintiff and higher-paid males); ¶ 122 (stating that Plaintiff's additional fact could not support an inference of retaliatory animus); ¶ 320 (making legal argument about whether Plaintiff's complaint constituted a protected complaint of discrimination). Such statements are improper here and further support Plaintiff's position that the Court should deny Defendant's motion for summary judgment. *See Reeves v. Sanderson Plumbing,* 530 U.S. 133, 150-51 (2000) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.")

Defendant's legal arguments are not only impermissible in a 56.1 statement, they also are plainly wrong. For example, Defendant raises the same meritless argument in nearly every paragraph that the Court should disregard Plaintiff's additional facts as they have "not been submitted through the appropriate procedure outlined in Local Rule 56.1(b)." Contrary to this assertion, Plaintiff has complied with the Local Rules in her responses by including controverting statements and the supporting evidence. *See* Local Rule 56.1(d) ("Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible").

**Defendant Improperly Asserts New "Facts" and Repeats Evidence Already in the Record**

In addition to rearguing its case on the merits, Defendant improperly asserts new facts in an attempt to rebut Plaintiff's evidence demonstrating the existence of a disputed fact. (*See* Reply 56.1 ¶ 108 (adopting the position, for the first time, that "[t]ech versus non-Tech experience [was] the most heavily considered factor when gauging L8 versus L9 for similar years of work experience," an argument omitted from its memorandum of law in support of its motion for summary judgment and 56.1 Statement of Facts.). Defendant also adds statements that contradict its earlier representations. (Compare Reply 56.1 ¶ 108 (asserting that Google didn't consider years of experience when hiring Technical Directors) with Def's MOL in Support of Summary Judgment (ECF No. 138) at 4, 16-17 (asserting that Google considered years of experience when hiring Technical Directors).) *See Domino Media, Inc. v. Kranis,* 9 F.Supp.2d 374, 387 (S.D.N.Y. 1998) ("New arguments first raised in reply papers in support of a motion will not be considered").

Defendant also muddies and complicates the record by including unnecessary replies where the facts are uncontroverted or already in the record. (*See, e.g.*, Reply 56.1 ¶ 18 (adding 6 lines to confirm Plaintiff's admission that she and the Level 9 Technical Directors all reported directly to Will Grannis); ¶¶ 26-27, 33, 36, 39, 42, 48, 53, 68, 98, 104-05, 114, 128, 132 (repeating the same information from the original SMF and/or Plaintiff's response.); ¶¶ 171-73, 179, 209, 222 (not disputing Plaintiff's controverting fact "to the extent" it is consistent with other evidence, without confirming whether it is or is not).) *See Major League Baseball Props., Inc. v. Salvino, Inc.,* 542 F.3d 290, 314 (2d Cir. 2008) (responses that use the word "disputed" or "not material" but do not demonstrate the dispute or immateriality are improper). Defendant's

Honorably Lorna G. Schofield
December 30, 2021
Page 3 of 3

"argumentative and often lengthy narrative" to "spin the impact of" Plaintiff's responses are not appropriate under Rule 56.1 and should be stricken. *See Goldstick v. The Hartford, Inc.*, No. 00 Civ. 8577, 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002).

      Defendant's blatant attempt to have another bite at the apple to argue its position and to repeat or "clarify" facts that it included or should have included in its statement of facts should be rejected. *See Amalgamated Lithographers of Am. v. Unz & Co.*, 670 F. Supp. 2d 214, 217 (S.D.N.Y. 2009) (striking Rule 56.1 counterstatement that consisted primarily of legal argument and facts that "merely duplicate[d]" those set forth in the defendant's briefing). Accordingly, Plaintiff intends to move to strike Defendant's Reply 56.1 Statement in its entirety.

      We thank the Court for its consideration of this matter.

                                              Respectfully submitted,

                                              /s/ Shira Z. Gelfand
                                              Shira Z. Gelfand

cc:      All counsel of record (by ECF)