**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ULKU ROWE,                                          No. 1:19-cv-08655 (LGS)(GWG)

               Plaintiff,

     -against-

GOOGLE LLC,

               Defendant.

 

**DEFENDANT GOOGLE LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO RETAIN DOCUMENTS UNDER SEAL</u>**

## TABLE OF CONTENTS

**Page**

I.    STATEMENT OF FACTS ................................................................................ 1

    A.    Pending Motions to Retain Documents Under Seal ............................... 1

    B.    Additional Documents Now At Issue .................................................... 2

II.   LEGAL ARGUMENT ................................................................................. 4

    A.    Legal Standard ..................................................................................... 5

    B.    Good Cause Exists to Retain Under Seal Information about Google's
          Confidential Client Relationships and Business Initiatives ................... 8

    C.    Good Cause Exists to Retain Under Seal Confidential Compensation
          Processes and Individual Compensation Information of Innocent Third
          Parties.................................................................................................... 9

    D.    Good Cause Exists to Retain Under Seal Identifying Information of
          Candidates Seeking Employment At Google. ....................................... 11

    E.    Good Cause Exists to Retain Under Seal Personal and Confidential
          Personnel Information about Google's Current and Former Employees............ 12

    F.    Good Cause Exists to Retain Under Seal Information Extracted from
          Google's Confidential Job Ladders. ..................................................... 13

III.  CONCLUSION.......................................................................................... 14

**TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page(s)**

*Andreu v. Hewlett-Packard Co.*,
    No. 15-23270-CIV-MORE, 2016 U.S. Dist. LEXIS 59970 (S.D. Fla. Apr. 28,
    2016) ...................................................................................................................7, 10

*Brown v. Maxwell*,
    929 F.3d 41 (2d Cir. 2019)..............................................................................................7

*Dodona I, LLC v. Goldman, Sachs & Co.*,
    119 F. Supp. 3d 152 (S.D.N.Y. 2015)...........................................................................7, 10

*Gambale v. Deutsche Bank AG*,
    No. 02 Civ. 4791 HB, 2003 WL 21511851 (S.D.N.Y. July 2, 2003), *aff'd and*
    *remanded*, 377 F.3d 133 (2d Cir. 2004)............................................................................5

*GoSMiLE, Inc. v. Levine*,
    769 F. Supp. 2d 630 (S.D.N.Y. 2011)..............................................................................6

*Estate of Jackson v. Cty. of Suffolk*,
    No. 2:12-CV-1455, 2019 WL 3253063 (E.D.N.Y. July 19, 2019)
    (unpublished) ....................................................................................................................7

*Laura Laaman & Assocs., LLC v. Davis*,
    No. 3:16-CV-00594 (MPS), 2019 WL 3716512 (D. Conn. Aug. 7, 2019) ...........................4

*Lugosch v. Pyramid Co. of Onondaga*,
    435 F.3d 110 (2d Cir. 2006).............................................................................................5

*New York v. Actavis, PLC*,
    No. 14 Civ. 7473, 2014 WL 5353774 (S.D.N.Y. Oct. 21, 2014) .........................................6

*Rogers v. Bank of N.Y. Mellon*,
    2017 U.S. Dist. LEXIS 152130 (S.D.N.Y. Sep. 19, 2017).................................................7, 10

*Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*,
    347 F. App'x. 615 (2d Cir. 2009) ...................................................................................5, 6

*Tomassini v. FCA US LLC*,
    No. 3:14-cv-1226, 2017 WL 9400672 (N.D.N.Y. Jan. 6, 2017) .......................................6

*Tropical Sails Corp. v. Yext, Inc.*,
    No. 14 Civ. 7582, 2016 WL 1451548 (S.D.N.Y. Apr. 12, 2016).......................................5, 6

*United States Sec. & Exchange Comm'n v. Ahmed*,
    No. 3:15-cv-675 (JBA), 2018 WL 4266079 (D. Conn. Sept. 6, 2018)...................................7

*United States v. Amodeo*,
   71 F.3d 1044 (2d Cir. 1995)........................................................................................7

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Stipulated Protective Order for the Treatment of Confidential Information dated February 4, 2020 (ECF 23) (the "Protective Order"), and the Court's Individual Rules and Procedures for Civil Cases, Rule I.D., defendant Google LLC hereby moves this Court for an order permitting it to retain under seal certain documents or portions thereof submitted in connection with defendant Google LLC's Amended Reply in Further Support of its Motion for Summary Judgment and Opposition to Plaintiff's Partial Motion for Summary Judgment dated January 5, 2022 (ECF 197), as it contains: (1) non-public, confidential and sensitive business information concerning Google's operations, business strategies, and client and/or potential client names, the disclosure of which would result in competitive harm to Google and potentially harm those commercial relationships; (2) compensation information for innocent third parties, the disclosure of which would result in competitive harm to Google and an unwarranted invasion of privacy for those third parties; (3) identifying information for candidates who applied for positions at Google, the disclosure of which would result in unwarranted invasion of privacy; (4) confidential personal or personnel information about its former and current employees, the disclosure of which would result in an unwarranted invasion of privacy; and (5) confidential information derived from Google's job ladders, the disclosure of which would result in competitive harm.

## I.    STATEMENT OF FACTS

### A.  Pending Motions to Retain Documents Under Seal

On August 9, 2021, Judge Schofield granted the parties' respective requests for leave to file cross-motions for summary judgment (ECF 128). On November 1, 2021, defendant Google LLC ("Google" or "Defendant") submitted its Motion for Summary Judgment as to Plaintiff's remaining claims in this lawsuit ("Google's Motion") (ECF 137). On November 2, 2021, Google moved this Court for an order permitting it to retain under seal certain documents or portions

thereof submitted in connection with that briefing ("November 2 Motion to Seal") (ECF 144).
Google's November 2 Motion to Seal (ECF 144) is still pending before the Court. On December
6, 2021, plaintiff Ulku Rowe ("Plaintiff") filed her Response to Google's Motion for Summary
Judgment and her Cross-Motion for Partial Summary Judgment ("Plaintiff's Motion") (ECF 152).
On December 10, 2021, Google moved this Court for an order permitting it to retain under seal
certain documents or portions thereof submitted by Plaintiff in connection with that briefing
("December 10 Motion to Seal") (ECF 171). Google's November 2 Motion to Seal (ECF 144) and
the December 10 Motion to Seal (ECF 171) are both still pending before the Court.[1]

### B. Additional Documents Now At Issue

On January 5, 2022, Defendant submitted its Amended Reply in Further Support of its
Motion for Summary Judgment and Opposition to Plaintiff's Partial Motion for Summary
Judgment ("Google's Reply Brief") (ECF 197).[2] Google now moves for an order to retain under
seal the following documents or portions thereof (the "Confidential Documents") submitted in
connection with Google's Reply Brief, for the reasons set forth herein:

- Limited information redacted from Google's Reply Brief (ECF 197), (attached as
  Exh. A to the Tomezsko Sealing Decl.);

- Limited information redacted from Google's Reply to its Rule 56.1 Statement In
  Support of Google's Motion[3] (ECF 185), (attached as Exh. B to the Tomezsko

---

[1] On November 26, 2021, Plaintiff opposed portions of the November 2 Motion to Seal (ECF 150). Defendant then replied, in support of its Motion to Seal, on November 23, 2021 (ECF 151). On December 17, 2021, Plaintiff opposed portions of the December 10 Motion to Seal (ECF 179). Defendant then replied, in support of its Motion to Seal, on December 24, 2021 (ECF 183).

[2] Google's Reply in Further Support of Its Motion for Summary Judgment and in Opposition to Plaintiff's Partial Motion for Summary Judgment was originally filed on December 24, 2021 (ECF 184). It was then re-filed on January 5, 2022, (ECF 197), pursuant to the Court's December 28, 2021 Order (ECF 194). Google respectfully maintains its request to retain portions of its original Memorandum (*i.e.*, ECF 184) under seal as well. *See* Defendant's Motion to Seal, dated December 24, 2021 (ECF 188).

[3] Portions of this Rule 56.1 Statement are already subject to Google's December 10 Motion to Seal (ECF 171). They were merely reproduced in connection with Google's Reply Brief in accordance with the Court's Individual Rules

Sealing Decl.);

- Limited information redacted from Google's Response to Plaintiff's Affirmative Rule 56.1 Statement In Support of Plaintiff's Motion[4] (ECF 186), (attached as Exh. C to the Tomezsko Sealing Decl.);

- Limited information redacted from the Supplemental Declaration of Sara B. Tomezsko in Further Support of Google's Motion for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Summary Judgment ("Tomezsko Supp. Decl.") (ECF 187), (attached as Exh. D to the Tomezsko Sealing Decl.);

- Limited information redacted from the accompanying Declaration of Sara B. Tomezsko in Support of Google's Motion to Retain Documents Under Seal ("Tomezsko Sealing Decl.");

- Limited information redacted from Tomezsko Supp. Decl., Exh. 3 (ECF 187-3), (attached as Exh. E to the Declaration in Support of Sara B. Tomezsko filed herewith ["Tomezsko Sealing Decl."]);

- Limited information redacted from Tomezsko Supp. Decl., Exh. 4 (ECF 187-4), (attached as Exh. F to the Tomezsko Sealing Decl.);

- Limited information redacted from Tomezsko Supp. Decl., Exh. 5 (ECF 187-5), (attached as Exh. G to the Tomezsko Sealing Decl.);

- Limited information redacted from Tomezsko Supp. Decl., Exh. 6 (ECF 187-6),

---

and Procedures for Civil Cases, Rule III.C.6. Thus, Google respectfully requests the Court for an order to retain under seal the same portions of this document for the reasons already set forth in Google's December 10 Motion to Seal (ECF 171) in addition to any information redacted from Google's responses to that paragraphs referenced herein.

[4] Portions of this Rule 56.1 Statement are already subject to Google's December 10 Motion to Seal (ECF 171). They were merely reproduced in connection with Google's Reply Brief in accordance with the Court's Individual Rules and Procedures for Civil Cases, Rule III.C.6. Thus, Google respectfully requests the Court for an order to retain under seal portions of this document for the reasons already set forth in its December 10 Motion to Seal (ECF 171), in addition to any information redacted from Google's responses to that paragraphs referenced herein.

(attached as Exh. H to the Tomezsko Sealing Decl.);

- Limited information redacted from Tomezsko Supp. Decl., Exh. 7 (ECF 187-7), (attached as Exh. I to the Tomezsko Sealing Decl.);

- Limited information redacted from Tomezsko Supp. Decl., Exh. 10 (ECF 187-10), (attached as Exh. J to the Tomezsko Sealing Decl.);

- Limited information redacted from Tomezsko Supp. Decl., Exh. 14 (ECF 187-14), (attached as Exh. K to the Tomezsko Sealing Decl.);

## II.    LEGAL ARGUMENT

As set forth in the declarations of Brian Ong ("Ong Decl.") (ECF 146), Kevin Lucas ("Lucas Decl.") (ECF 148), and Frank Wagner ("Wagner Decl.") (ECF 147),[5] the information Google seeks to retain under seal reveals: (1) non-public, confidential and sensitive business information concerning Google's operations, business strategies, and clients or potential clients, the disclosure of which would result in competitive harm to Google and potentially harm those commercial relationships; (2) compensation information for innocent third parties, the disclosure of which would result in competitive harm to Google and unwarranted invasion of privacy for those third parties; (3) identifying information for candidates who applied for positions at Google, the disclosure of which would result in unwarranted invasion of privacy; (4) confidential personal or personnel information about its former and current employees, the disclosure of which would result in an unwarranted invasion of privacy; and (5) confidential information derived from Google's job ladders, the disclosure of which would result in competitive harm.

---

[5] For efficiency, Google respectfully refers the Court to the declarations previously submitted to the Court in connection with Google's December 10 Motion to Seal (ECF 171).

A.  **Legal Standard**

To retain a document under seal, a party must show that good cause exists to shield the document from public view. *Laura Laaman & Assocs., LLC v. Davis*, No. 3:16-CV-00594 (MPS), 2019 WL 3716512, at *1 (D. Conn. Aug. 7, 2019); *accord Tropical Sails Corp. v. Yext, Inc.*, No. 14 Civ. 7582, 2016 WL 1451548, at *1 (S.D.N.Y. Apr. 12, 2016) ("The proponent of the protective order bears the burden of demonstrating good cause for closure.") (citation omitted). Courts must first ascertain whether the document in question is a "judicial document," which is a document that is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (internal citation omitted). If the document is a judicial document, a common law presumption of access attaches. Here, Google acknowledges that at least portions of many of the Confidential Documents are "judicial documents" for the limited purpose of resolving the pending dispositive motions.

Even in the case of judicial documents, however, courts must still examine the ***strength*** of the presumption of access, based on the weight accorded to the document and the importance of the decision to be made, as "[t]he public's right to access of judicial records, while presumed, is not unlimited." *Gambale v. Deutsche Bank AG*, No. 02 Civ. 4791 HB, 2003 WL 21511851, at *2 (S.D.N.Y. July 2, 2003) (internal citation omitted), *aff'd and remanded*, 377 F.3d 133 (2d Cir. 2004).

Documents should be sealed if "countervailing factors" demand confidentiality. *Lugosch*, 435 F.3d at 120. Where the public's qualified right to access certain documents is implicated, the court must determine if "higher values" allow for sealing. *Id.* Such "higher values" may include, for instance, a party's "interest in protecting confidential business information [that] outweighs the qualified First Amendment presumption of public access." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x. 615, 617 (2d Cir. 2009) (affirming district court's

holding where "disclosure could cause [party] significant competitive disadvantage.") (citation omitted).

An entity's interest in protecting proprietary or sensitive business information outweighs the public's interest in accessing such materials, and serves as good cause supporting a motion to seal. *See, e.g.*, *Tropical Sails Corp.*, 2016 WL 1451548, at *4 (granting motion to seal "documents relating to marketing and business development activities as sales training materials, internal marketing strategies, company marketing plans, and internal emails regarding marketing tests" as higher values overcoming the presumption of public access under the qualified First Amendment right to access test because company would suffer competitive harm if made publicly available); *Tomassini v. FCA US LLC*, No. 3:14-cv-1226 (MAD/DEP), 2017 WL 9400672, at *4 (N.D.N.Y. Jan. 6, 2017) (noting that "higher values" may include "[a] business's sensitive information that could harm a litigant's competitive standing"); *GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal certain exhibits to reply declaration "contain[ing] highly proprietary material" concerning defendant's business because "the privacy interests of the defendants outweigh the presumption of public access").

This is particularly true where disclosure may result in competitive or financial harm. *Standard Inv. Chartered, Inc.*, 347 F. App'x at 617 (affirming district court finding that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access," where disclosure of the information would subject the party to "financial harm") (citation omitted); *New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (holding that documents that "contain non-public strategies and financial information constitute 'confidential commercial information' under Federal Rule 26(c)(1)(g), particularly where the disclosing company is engaged in a highly

-6-

competitive industry and deliberately has shielded such information from its competitors").

Likewise, courts regularly protect from disclosure personal information contained within judicial documents. *Estate of Jackson v. Cty. of Suffolk*, No. 2:12-CV-1455, 2019 WL 3253063, at *8 (E.D.N.Y. July 19, 2019) (unpublished) (ordering redaction of portion of summary judgment record "contain[ing] sensitive, personal information about parties and nonparties.") (citing *Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019) (redacting summary judgment record "to protect personally identifying information such as personal phone numbers [and] contact lists")); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (finding that redactions of current and former employees' "sensitive personal information," "including home addresses, biographical information, telephone numbers and compensation" in summary judgment record overcame right of public access). Similarly, if disclosure of information will compromise a third party's privacy interests, courts have considered this factor when deciding whether to retain information under seal. *United States Sec. & Exchange Comm'n v. Ahmed*, No. 3:15-cv-675 (JBA), 2018 WL 4266079, at *2 (D. Conn. Sept. 6, 2018) (granting request to seal personal financial and familial information, personal contact information, and information regarding the location and value of personal and real property); *accord United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (on motion to retain documents under seal, stating that "privacy interests of innocent third parties" should weigh heavily in court's decision of whether to hold information confidential) (citation omitted).

Such protection is available even where, as here, an employer's compensation decisions are at issue. *See, e.g., Rogers v. Bank of N.Y. Mellon*, 2017 U.S. Dist. LEXIS 152130, at *2 n.1 (S.D.N.Y. Sep. 19, 2017) (permitting the redaction of confidential salary information in summary judgment record on pay discrimination claims); *Andreu v. Hewlett-Packard Co.*, No. 15-23270-

CIV-MORE, 2016 U.S. Dist. LEXIS 59970, at *33 (S.D. Fla. Apr. 28, 2016) (granting motion to redact "charts containing salary and other information about [plaintiff's alleged comparators]..." in summary judgment record on equal pay claim).

### B. Good Cause Exists to Retain Under Seal Information about Google's Confidential Client Relationships and Business Initiatives

Limited portions of Google's Reply in Support of its Rule 56.1 Statement and Tomezsko Sealing Decl., Exhs. 6, 14 all contain the names of clients and/or potential clients with whom Google Cloud seeks to develop business. Portions of these documents also identify sensitive, commercial information including the strategic approach by which Google seeks to develop business with clients and/or potential clients. Google takes steps to prevent the disclosure of this information and resulting competitive harm to the company. (Lucas Decl., ¶ 3.) Identification of Google's Cloud customers and clients is generally not disseminated outside of Google without permission from the customer or the client. (*Id.*) For example, if Google Cloud organizes panel discussions with customers, the company seeks written agreement from the customer to record the conversation if it will disclose details about the relationship with Google. (*Id.*)

Google also takes steps to preserve the confidential nature of its strategies for growing its Cloud business. (*Id.*, ¶ 5.) For example, lists of Google Cloud's top priority clients are not disseminated outside of Google. (*Id.*) Projects or products on which Googlers are working to advance Cloud's business objectives, and key relationships Google employees are working to build in furtherance of those objectives, are not widely disclosed outside the Company. (*Id.*)

Disclosure of this information in a public filing would put Google at a competitive disadvantage in the highly competitive cloud marketplace. (*Id.*, ¶ 6.) Google's Cloud product competes with only a few other offerings from a small number of competitors in the industry. (*Id.*) Disclosure of the specific clients the Cloud business is targeting, the types of businesses or entities

with which it is seeking to build relationships, the individuals at those companies who are in contact with Google Cloud's executives would, among other things, provide those competitors with insights into Google's commercial strategies for attracting business and remaining competitive in the marketplace. (*Id.*)

### C. Good Cause Exists to Retain Under Seal Confidential Compensation Processes and Individual Compensation Information of Innocent Third Parties.

Limited portions of Google's Reply Brief, Google's Reply in Support of its Rule 56.1 Statement, and Google's Response to Plaintiff's Affirmative Rule 56.1 Statement contain individual compensation information for third parties to this lawsuit—none of whom have consented to have their compensation information made public. Google designs its compensation programs and policies to be highly competitive in the global marketplace across the various industries in which Google operates. (Wagner Decl., ¶ 5.) As a result, Google treats information about its compensation programs and policies, and any trainings related thereto, as highly confidential and proprietary. (*Id.*)

The ways in which Google compensates its competitive, top-level global talent (and thus, recruits and retains its talent) are of great interest to Google's competitors who may seek to attract the same caliber of candidates away from Google and to their competing business. (Wagner Decl., ¶ 6.) For that reason, it would be damaging to Google if documents or information about how Google recruits and retains talent through its compensation systems got into the hands of its competitors, which range from small start-ups in California to multinational companies operating around the globe. (*Id.*) Information about Google's compensation programs and strategies, which are important to protect in the highly competitive technology industry in which Google operates, should remain under seal to protect Google's competitive interests. (Wagner Decl., ¶ 8; *see also* Declaration of Will Grannis in Support of Google's Summary Judgment Motion (ECF 142), ¶ 3

(noting that the market for cloud services in which Plaintiff and her alleged competitors work is "intensely competitive").)

Plaintiff will no doubt insist that because she has chosen to disclose ***her own*** compensation and has alleged an extraordinarily broad population of Director-level employees at Google to be her comparators, that she has a right to disclose the details of ***their*** compensation, whether they consent or not. To be clear, Google does not discourage employees from discussing their own compensation, either with their peers or outside Google. (Wagner Decl., ¶ 8.) But unless or until those individuals consent to the disclosure, Plaintiff has no right to usurp that choice and make a decision that impacts their privacy interest in this personal information. *Accord Dodona I, LLC*, 119 F. Supp. 3d at 156 ("sensitive personal information" can include "compensation" and redaction from summary judgment record was appropriate); *cf. Rogers*, 2017 U.S. Dist. LEXIS 152130, at *2 n.1 (permitting the redaction of confidential salary information in summary judgment record on pay discrimination claims)[6]; *Andreu*, 2016 U.S. Dist. LEXIS 59970, at *33 (granting motion to redact "charts containing salary and other information about [plaintiff's alleged comparators]..." in summary judgment record on equal pay claim).

Limited portions of Google's Response to Plaintiff's Affirmative Rule 56.1 Statement also contain information about Google's confidential compensation processes and policies that require sealing. Google designs its compensation programs and policies to be highly-competitive in the global marketplace across the various industries in which Google operates. (Wagner Decl., ¶ 5.) As a result, Google treats information about its compensation programs and policies and any

---

[6] In opposition to a still-pending motion to seal on the same topic, Plaintiff argued that an earlier opinion in *Rogers*, No. 09 Civ. 8551, 2016 WL 4362204 (S.D.N.Y. Aug. 15, 2016), revealed that the extent of the redaction it permitted was to replace the names of plaintiff's comparators with pseudonyms rather than redacting the compensation information itself (ECF 150 at p. 9). Such an approach is unworkable here, given that Plaintiff has repeatedly identified her alleged comparators by name. Any effort to redact or anonymize the names of competitors will be futile, given that their identities can easily be deduced from Plaintiff's many references to them in the public record.

trainings related thereto, as highly confidential and proprietary. (*Id.*) In designing any written materials regarding compensation, *e.g.*, training materials, written policies, and/or FAQs or other explainers, Google assumes that they will be kept confidential and not published publicly. (*Id.*, ¶ 7.) It takes steps to ensure they are maintained that way. (*Id.*) Descriptions of compensation philosophy and approach are generally available to only certain employees on internal confidential Google sites. (*Id.*)  More general information about compensation available to the wider Google audience is not subject to such restrictions, and Google is not seeking to keep that information confidential, here.

### D.  Good Cause Exists to Retain Under Seal Identifying Information of Candidates Seeking Employment At Google.

Limited portions of Google's Reply in Support of its Rule 56.1 Statement, the Tomezsko Sealing Declaration, and Tomezsko Sealing Decl., Exhs. 3, 4, 5, 7, thereto all contain identifying information of candidates who applied to positions at Google. Certain of those exhibits, including Tomezsko Sealing Decl., Exh. 7, contain information about candidates under consideration for positions **other than** those that Plaintiff has put at issue, and are therefore utterly irrelevant to the issues to be decided on the parties' competing motions for summary judgment.

Google takes steps to preserve the confidential nature of the recruiting and hiring process for executive-level candidates in the United States. Google does not disclose the names of individuals in consideration for executive-level roles outside of a group of employees with a need to know this information, which generally includes the recruiters assigned to staff the position for which the candidates are being considered, the hiring manager, and others (*e.g.*, interviewers, schedulers) directly involved in the hiring process. (Ong Decl., ¶ 4.) Recruiters for leadership positions are expected to limit access to documents detailing who is under consideration for an executive-level role. (*Id.*, ¶ 4.) Information about those candidates in gHire and Thrive, Google's

systems for storing data relevant to executive recruitment, is not widely accessible within Google. (*Id.*, ¶ 5.)

Separately, disclosure of a candidate's name and identity would constitute an unwarranted invasion of the affected individual's right to privacy and would result in undue harm. (*Id.*, ¶ 6.) Typically, these individuals have not disclosed to their current employer (or, in the case of a Google employee seeking another position within Google, their current manager) that they are seeking another role or exploring alternative career opportunities. (*Id.*) Disclosure of their names as part of the recruiting process, especially if Google declines to extend an offer, could result in harm to a candidate's career or professional opportunities with their current employer or manager. (*Id.*)

Disclosure of candidates' names in the public record could also result in harm to Google. (*Id.*, ¶ 7.) Google's ability to attract top talent is dependent, at least in part, on the confidential nature of the recruiting process. (*Id.*) External candidates applying for Google roles who may be concerned about the optics of exploring opportunities outside their current employer or role must be able to rely on the confidential nature of the process to feel comfortable participating in it in the first instance. (*Id.*) Even the threat of disclosure of candidates' names in a public filing could discourage highly sought-after employees from considering a role with Google. (*Id.*)

### E.  Good Cause Exists to Retain Under Seal Personal and Confidential Personnel Information about Google's Current and Former Employees.

Limited portions of Tomezsko Sealing Decl., Exhs. 6, 10, contain confidential personnel information of non-parties to this action in which those individuals have a privacy interest. Tomezsko Sealing Decl., Exh. 10 contains the personal contact information, including home addresses, for current and former Google employees. Tomezsko Sealing Decl., Exh. 6 contains sensitive medical information about a third party who is not a Google employee (but rather, a

Google employee's relative) and whose condition is not relevant to this case in any way. Moreover, neither redaction impairs comprehension of the overall Exhibits in which they appear. This information is personal to Google's former and current employees, and disclosure would result in an unwarranted invasion of their privacy.

Plaintiff herself recognizes the importance of maintaining a modicum of privacy for third parties, as is evident from her own filing. She has unilaterally redacted e-mail addresses from exhibits to the Jumper Declaration (ECF 160), and in Jumper Decl., Exh. 24 (ECF 160-24), Plaintiff has redacted references to her 2016 travel plans (P000235), and she is a *party* to this dispute. Similar information for non-parties should therefore remain redacted or under seal to prevent an unwarranted invasion of privacy.

### F. Good Cause Exists to Retain Under Seal Information Extracted from Google's Confidential Job Ladders.

Limited portions of Google's Reply in Support of its Rule 56.1 Statement (*e.g.*, Reply ¶ 240) contain confidential information directly quoted from one of Google's confidential job ladder documents for various software engineering roles at Google. Various organizations within Google maintain job ladders to describe the expanding breadth of responsibility, scope, and impact as one's level increases within a job ladder or collection of job ladders. (Lucas Decl., ¶ 12.) The specificity of the requirements at each level will vary based on the number of job ladders or roles to which the document applies. (*Id.*) Googlers can consider these documents (among many other things) as a general guide when determining an employee's level of seniority within a job ladder or when evaluating an employee's performance against general expectations for employees at that level of seniority in that particular role. (*Id.*)

Google considers the job ladder from which the Reply Statement quotes to be proprietary in nature, and does not disclose it outside the Company. (*Id.*; Wagner Decl., ¶ 5.) Public disclosure

-13-

of this information would result in competitive harm, as other companies may seek to model aspects of their employee hiring or people processes on Google's internal practices. (Lucas Decl., ¶ 12.) The considerable time, effort, and resources Google has expended to maintain and update its leveling guides and job ladders to reflect changes in the Company, its workforce, and the needs of the business would be lost if the fruits of its labor were publicly disclosed. (*Id.*)

## III.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court issue an order permitting it to retain under seal documents or portions thereof identified in this memorandum. Should the Court determine that documents submitted fully under seal should not be filed as such, Google respectfully requests that the Court grant Google leave to submit an application to file specific portions of those documents under seal for the Court's consideration.

Dated:  New York, New York
        January 5, 2022                    PAUL HASTINGS LLP


                                           By: Kenneth W. Gage
                                               Sara Tomezsko

                                           200 Park Avenue
                                           New York, NY  10166
                                           Tel:  (212) 318-6000
                                           Fax:  (212) 319-4090
                                           kennethgage@paulhastings.com
                                           saratomezsko@paulhastings.com

                                           *Attorneys for Defendant*
                                           GOOGLE LLC

## <u>APPENDIX</u>

Pursuant to this Court's Individual Rules and Procedures for Civil Cases, Rule I.D.3, Google hereby identifies the following parties and counsel of record who should have access to the sealed documents:

- Plaintiff Ulku Rowe

- Cara Greene, Outten & Golden LLP

- Maya Jumper, Outten & Golden LLP

- Shira Gelfand, Outten & Golden LLP

- Google LLC

- Kenneth W. Gage, Paul Hastings LLP

- Sara B. Tomezsko, Paul Hastings LLP