

1(212) 318-6267
saratomezsko@paulhastings.com

59605.00060

January 6, 2022

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court Judge
U.S. Courthouse, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Ulku Rowe v. Google LLC*, No. 19-cv-08655 (LGS)

Dear Judge Schofield:

We represent Google LLC in the above-referenced matter. We are in receipt of (and oppose) Plaintiff Ulku Rowe's December 30, 2021 letter (ECF 195) requesting a pre-motion conference for a motion to strike Google's Reply 56.1 Statement submitted on December 24, 2021 (ECF 185). Plaintiff's letter makes no distinction between the different sections of the Reply 56.1 Statement: one that addresses Plaintiff's responses to Defendant's original Rule 56.1 statement in support of its motion for summary judgment (Reply SMF 1–169); and a second section that responds to Plaintiff's additional 198 facts on which she contends there is a genuine dispute of material fact to be tried (Reply SMF 170–367). For the reasons stated below, both sections of the Reply 56.1 Statement were necessary and proper. No pre-motion conference is necessary because Plaintiff's anticipated motion to strike is meritless.

**1. Google's Replies To Its Initial 56.1 Statement Are Proper**

Nothing in Local Rule 56.1 prohibits a reply in further support of a Rule 56.1 statement of undisputed facts. *See e.g.*, *Capital Records, LLC v. Vimeo, LLC*, Nos. 09-CV-10101 (RA), 09-CV-10105 (RA), 2018 WL 4659475, at *1 (S.D.N.Y. Sept. 7, 2018) (denying renewed motion to strike Reply 56.1 statement). There were several instances where a reply was warranted, and the examples drawn from Plaintiff's own letter demonstrate why.

Paragraph 108 of Google's Rule 56.1 statement receives particular attention from Plaintiff. (ECF 195 at p. 2.) In support of its motion, Google asserted that, "Human Resources investigated and concluded that [Plaintiff's] concern was unsubstantiated." (Reply SMF at 108.) In response, Plaintiff asserted a litany of non-responsive "facts" in an attempt to muddy the record, including argument about the sufficiency of the investigation and individuals interviewed; what the lead recruiter involved in the initial hiring and leveling decisions said at deposition; and argument based on Plaintiff's interpretation of a 2020 policy plainly inapplicable to a decision made in 2017. (*Id.*) Google's reply merely points out that the same documents on which Plaintiff relies to manufacture a "dispute" do not support her position, relying only on the documents previously cited by both parties.

The allegedly "new" fact, that "[t]ech versus non-Tech experience [was] the most heavily considered factor when gauging L8 versus L9 for similar years of work experience," is something *Plaintiff* raised in her lengthy response to which Google replied.[1] (*Id.*) This Court may consider statements submitted in a reply 56.1

[1] Plaintiff also claims that Reply SMF 108 "contradicts" other statements and Google's arguments. It does not; Google considered both years of experience *and* the type of work experience when leveling Plaintiff as an L8, and neither SMF 108 nor Google's reply brief take the position that one factor was considered to the





statement responding to arguments raised by the non-moving party or referring to evidence already in the record, even if the court declines to consider the reply 56.1 statement in full. *See, e.g.*, *Sanders v. City of New York*, No. 16-CV-6526-CBA-SJB, 2021 WL 4395219, at *3 n.8 (E.D.N.Y. June 15, 2021) (considering reply Rule 56.1 statement "to the extent it responded to the new facts in [non-movant's] Rule 56.1 statement or the evidence cited is contained in the materials provided to the Court, which it has independently reviewed"), *report and recommendation adopted*, No. 16-CV-6526 (CBA)(SJB), 2021 WL 4350487 (E.D.N.Y. Sept. 24, 2021) (unpublished).

Another example is Plaintiff attack on Google's response to paragraph 18. (ECF 195 at p.2.) Plaintiff argues that Google's reply "muddies the record," but if anything it course-corrects *Plaintiff*'s patent attempt to avoid summary judgment by unnecessarily complicating the facts. Instead of simply admitting there is no dispute that "[a]ll Technical Directors hired into OCTO between 2016 and 2020 reported either directly or indirectly to Will Grannis," Plaintiff went on to "aver" additional information, both here and in response to the vast majority of Google's material undisputed facts. (Reply SMF 18.)[2] Her attempt "to 'spin' the impact of the admissions plaintiff has been compelled to make" with argument and lengthy narrative is exactly the type of conduct addressed and discouraged by Plaintiff's cited authority, *Goldstick v. The Hartford, Inc.*, No. 00 CIV. 8577 (LAK), 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002). In reply, Google merely noted that Plaintiff's extraneous information in response to paragraph 18 should be stricken as unsupported by the document cited. (*Id.*) Her challenge to the other paragraphs cited in Plaintiff's December 30 letter are equally unwarranted and demonstrate only that Plaintiff engaged in conduct admonished by *Goldstick*.

Finally, Plaintiff misunderstands Google's objection that she has failed to comply with Local Rule 56.1. Local Rule 56.1(b) states as follows: "The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, *and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried*." (emphasis supplied). There are numerous instances in which Plaintiff averred additional "facts" in response to Google's 56.1 statement which she failed to include in her separate "Additional Material Facts" section as required by Local Rule 56.1(b). (*See*, *e.g.*, Reply SMF 19, 24, 26, 27, 28, 30, 32, 33, 35, 36, 38, 39, 42, 44, 47, 52, 61, 62, 63, 67, 68, 70, 74, 75, 76, 77, 78, 80, 84, 86, 90, 104.) The Court need not consider them. *See Birchmore v. Granville Cent. Sch. Dist.*, No. 1:18-cv-1456 (GLS/CFH), 2021 WL 22606, at *1 (N.D.N.Y. Jan. 4, 2021) (declining to consider additional facts asserted along with Plaintiff's admissions unless those facts had been submitted through the procedure outlined in nearly identical local rule).

**2. Google's Responses to Plaintiff's "Additional Material Facts" Are Proper.**

Plaintiff accuses Google of making credibility assertions and legal conclusions "in support of its own statement of facts," but then cites examples from Google's response to *Plaintiff's* "Additional Material Facts." (ECF 195 at p. 2.) Many of those "facts" (Reply SMF170–367) have no business being in a Rule 56.1 statement, as they are neither material nor accurate representations of the evidence. For example, whether one of Plaintiff's colleagues believed she was a "prolific speaker on behalf of Google" is wholly irrelevant to the legal issue of whether they performed substantially equal or substantially similar work, and it certainly does not warrant a trial. (Reply SMF 204.) There are also multiple instances in which Plaintiff asserts "material facts" that are not facts at all, but select portions of documents quoted wholly out of context to manufacture a dispute where none exists. There is limited space to address all of those instances in this letter, but one or two examples illustrate why it was necessary for Google to correct the record.

---

exclusion of the other. In fact, Reply SMF 108 specifically notes that Employee Relations considered "type of work experience" *in addition to* Plaintiff's years of experience, which Plaintiff herself conceded.

[2] Plaintiff averred additional "facts" in response to 109 of Google's 169 statements.





In paragraph 253, Plaintiff asserts that the former CEO of Google Cloud "acknowledged that there was significant overlap in the Technical Director and PM Director role, noting that the Technical director role 'seems part Product management, part vertical, part product marketing." (Reply SMF 253.) But in the very same document, Brian Stevens specifically addresses that comment and corrects that misconception about the Technical Director role: "Product Mgmt: This part has had some efforts but IMO mostly not very successful." (*Id.*) Plaintiff omitted that portion of the document from her submission, and Google supplied the entire document for the Court's reference on reply. (*Id.*) Plaintiff's paragraph 253 cannot withstand scrutiny when placed in context, and it is disingenuous for Plaintiff to assert that it is a material fact that warrants a trial.

In the very next paragraph, Plaintiff asserts a material fact that is unambiguously contradicted by Plaintiff's testimony and the arguments in her accompanying brief. She alleges in Reply SMF 254, "The Global Client Technical Lead ('GCTL') position, as performed by Plaintiff and other Technical Directors, was virtually identical to the Technical Director position in OCTO." Not only is the statement not supported by the document cited, but it is squarely foreclosed by Plaintiff's testimony that in the GCTL role "my focus on product and eng was limited or reduced. My client engagements, you know, were reduced. And my thought leadership was also not as big as before." (*Id.*) It was imperative that Google correct the record in such instances where Plaintiff's "facts" are cut from whole cloth, lest Plaintiff argue that Google's failure to respond constitutes a concession. This Court also need not comb the remainder of the record to determine whether the statement is true and/or warrants a trial. *Accord Sea Trade Mar. Corp. v. Coutsodontis*, No. 09 CIV. 488 (LGS)(HBP), 2015 WL 4998638, at *4 (S.D.N.Y. Aug. 20, 2015) ("The Court declines to scour the numerous submissions and in effect become advocates for the [defendants] and their motion. ' [J]udges "are not like pigs, hunting for truffles buried in briefs" or the record.'") (quoting *Potter v. D.C.,* 558 F.3d 542, 553 (D.C. Cir. 2009)).

Finally, Plaintiff's cited authorities regarding legal argument in a Rule 56.1 statement are inapposite because they all clearly address legal argument lodged in response to the material facts themselves, not the preamble as Google has done here. *See All. Sec. Prod., Inc. v. Fleming Co.*, 471 F. Supp. 2d 452, 454 (S.D.N.Y. 2007) ("Finally, plaintiffs respond to many of defendant's statements by making legal arguments. [...] Such legal arguments, which are plentiful in plaintiff's counter-statement, belong in briefs, not Rule 56.1 statements, and so are disregarded in determining whether there are genuine issues of material fact." (citations omitted)), *aff'd sub nom. All. Sec. Prod., Inc. v. Fleming & Co.*, 290 F. App'x 380 (2d Cir. 2008); *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Loc. Union No. 3*, No. 00 CIV. 4763 RMB JCF, 2006 WL 2136249, at *4 (S.D.N.Y. Aug. 1, 2006) (noting that "In over two hundred entries, the plaintiffs dispute the factual assertions in the defendants' corresponding paragraphs with objections alone"), *adhered to on reconsideration,* No. 00 CIV. 4763 RMB JCF, 2006 WL 2556339 (S.D.N.Y. Sept. 5, 2006).

Accordingly, Google requests that the Court deny Plaintiff's request for a pre-motion conference and leave to file a motion to strike. We thank the Court for its continued attention to this matter.

Respectfully submitted,

for PAUL HASTINGS LLP

cc: All counsel of record (via ECF)