THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE,<br><br>      Plaintiff,<br><br> v.<br><br>GOOGLE LLC,<br><br>      Defendant. | Civ. Action No. 19-cv-08655(LGS)(GWG) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SEAL**

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION AND STATEMENT OF FACTS | | 1 |
| II. | ARGUMENT | | 3 |
| | A. | Legal Standards | 3 |
| | B. | Evidence of Google's General Compensation and Leveling Processes and Policies Should be Publicly Filed | 4 |
| | C. | Evidence of Individual Comparator Compensation Is at the Heart of Plaintiff's Prima Facie Case and Should Not Be Redacted | 7 |
| | D. | Google's Job Ladder and Leveling Guide Exhibits Contain No Confidential or Proprietary Information | 9 |
| III. | CONCLUSION | | 10 |

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                   **PAGE(S)**

*Andreu v. Hewlett–Packard Co.*,
  No. 15 Civ. 23270, 2016 WL 1713303 (S.D. Fla. Apr. 28, 2016), *aff'd,* 683 F.
  App'x 894 (11th Cir. 2017) ..................................................................................8, 9

*Barrett v. Forest Labs., Inc.*,
  No. 12 Civ. 5224, 2015 WL 3851860 (S.D.N.Y. June 24, 2015)..........................7, 8

*Coscarelli v. ESquared Hosp. LLC*,
  No. 18 Civ. 5943, 2020 WL 6802516 (S.D.N.Y. Nov. 19, 2020) .............................4

*Cunningham v. Cornell Univ.*,
  No. 16 Civ. 6525, 2019 WL 10892081 (S.D.N.Y. Sept. 27, 2019).........................10

*Dickerson v. Novartis Corp.*,
  No. 15 Civ. 1980, 2016 WL 9560056 (S.D.N.Y. Apr. 11, 2016)..............................6

*EEOC v. Kelley Drye & Warren LLP*,
  No. 10 Civ. 655, 2012 WL 691545 (S.D.N.Y. Mar. 2, 2012) ...................................5

*Grayson v. Gen. Elec. Co.*,
  No. 13 Civ. 1799, 2017 WL 923907 (D. Conn. Mar. 7, 2017)..............................4, 6

*Harper v. Charter Commc'ns, LLC*,
  No. 19 Civ. 0902, 2021 WL 600960 (E.D. Cal. Feb. 16, 2021) ...............................9

*Joy v. North*,
  692 F.2d 880 (2d Cir. 1982)...........................................................................3, 4, 10

*Littlejohn v. BIC Corp.*,
  851 F.2d 673 (3d Cir. 1988)..................................................................................4, 6

*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir. 2006)..............................................................................1, 3, 8

*MacroMavens, LLC v. Deutsche Bank Sec., Inc.*,
  No. 09 Civ. 7819, 2011 WL 1796138 (S.D.N.Y. Apr. 27, 2011)........................5, 10

*Newsday LLC v. Cty. of Nassau*,
  730 F.3d 156 (2d Cir. 2013)......................................................................................3

*Rogers v. Bank of New York Mellon*
  No. 09 Civ. 8551, 2016 WL 4362204 (S.D.N.Y. Aug. 15, 2016), *on
  reconsideration*, No. 09 Civ. 8551, 2017 WL 4157376 (S.D.N.Y. Sept. 19, 2017)..................8

*Sanchez v. MTV Networks*,
    525 F. App'x 4 (2d Cir. 2013) ..................................................................................6

*Travelers Indem. Co. v. Excalibur Reinsurance Corp.*,
    No. 11 Civ. 1209, 2013 WL 4012772 (D. Conn. Aug. 5, 2013).................................4

*United States v. Amodeo*,
    71 F.3d 1044 (2d Cir. 1995)......................................................................................3

*United States v. Wells Fargo Bank*,
    No. 12 Civ. 7527, 2015 WL 3999074 (S.D.N.Y. June 30, 2015)...............................4

*Veikos v. Trustees of Univ. of Pa.*,
    No. 20 Civ. 04408, 2021 WL 4306024 (E.D. Pa. Sept. 22, 2021)........................7, 8

*Walsh v. Doner Int'l Ltd., Inc.*,
    No. 18 Civ. 13930, 2020 WL 4569564 (E.D. Mich. Aug. 7, 2020) .........................7

*Whittaker v. MHR Fund Mgmt. LLC*,
    No. 20 Civ. 7599, 2021 WL 4441524 (S.D.N.Y. Sept. 28, 2021)............................6

*Zafar v. Abbott Labs., Inc.*,
    No. 15 Civ. 361, 2016 WL 6104358 (W.D. Mich. Jan. 27, 2016)............................8

*Zambrano v. Ins. Auto Auctions Corp.*,
    No. 20 Civ. 367, 2021 WL 4950849 (W.D. La. Sept. 15, 2021).........................5, 9

I.      INTRODUCTION AND STATEMENT OF FACTS

Defendant Google LLC ("Google" or "Defendant") seeks to file under seal and conceal from the public considerable evidence of its improper pay practices that it relies on in support of its Reply in Further Support of its Motion for Summary Judgment and Opposition to Plaintiff's Partial Motion for Summary Judgment ("Reply Brief"), filed January 5, 2022. *See* ECF Nos. 197, 198. As described herein and consistent with Plaintiff's position in her previous Oppositions to Google's Motions to Seal, ECF Nos. 150, 179, Plaintiff opposes Google's requests as set forth in Defendant's Memorandum of Law in Support of Motion to Retain Documents Under Seal, ECF No. 199 ("Def. Br."), save specific categories of information identified hereinafter.

Google seeks to substantively redact: (i) Google business strategies and client names; (ii) compensation policies and processes; (iii) Plaintiff's comparators' compensation information; (iv) candidate names and information; (v) personnel information about former and current employees; and (vi) Google job ladders and leveling guides.

Plaintiff does not oppose sealing client information, job candidate names, and non-compensation personnel information about Google's former and current employees.[1] For all other categories of information, Google fails to meet the high standard required to allow redaction of information that is key to Plaintiff's claims of gender discrimination, gender-based unequal pay, and retaliation. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d

---

[1] For purposes of this motion, Plaintiff does not oppose the redactions proposed in the following exhibits to the Sara Tomezsko Declaration (ECF No. 200): Exs. B ¶ 19, D, E, F, G and I (candidate names and personnel information only); Exs. B ¶¶ 224, 227; H; J and K (client names only); and Ex. J (addresses). Plaintiff does not waive and expressly reserves any and all objections to the redaction and/or sealing of any proffered evidence at trial, including evidence to which she does not raise objection for purposes of her summary judgment motion.

1

Cir. 2006) ("Documents filed in support of summary judgment" are, "as a matter of law," subject to the "highest" presumption of public access).

Google seeks to redact large swaths of information found in its Reply Brief, its Reply in Support of its Rule 56.1 Statement;[2] and its Response to Plaintiff's Rule 56.1 Statement, in furtherance of unspecified and unsupported "privacy" and "competitive harm" concerns. Because Google has failed to demonstrate compelling reasons to seal information central to the claims and defenses at issue, Plaintiff objects to the sealing of: (i) information related to Google's compensation policies and processes (Def. Br. Point C, at 9-11); (ii) compensation data for comparators (*id.*); and (iii) information regarding Google's "job ladders and leveling guides" (*id.* Point F, at 13-14). Specifically, for the reasons stated herein, Plaintiff objects to the redaction of the following exhibits attached to the Declaration of Sara Tomezsko ("Tomezsko Decl.") (ECF No. 200):

- Redaction of comparator compensation in Google's Reply Brief (attached as Tomezsko Decl., Ex. A) (oppose proposed comparator compensation redactions at p. 7);

- Redaction of comparator compensation, compensation processes, and job descriptions in Google's Reply in Support of its Rule 56.1 Statement (attached as Tomezsko Decl., Ex. B) (oppose proposed comparator compensation redactions at ¶¶ 83, 137, 193, 333; "compensation policy" redactions at ¶¶ 181-82, 185, 189-90; and job descriptions at ¶¶ 240-41); and

- Redaction of comparator compensation and compensation processes in Google's Response to Plaintiff's Rule 56.1 Statement (attached as Tomezsko Decl., Ex. C) (oppose proposed comparator compensation redactions at ¶¶ 75, 79-83, 85, 89-90, 92-93, 95-96, 99-100, 102-03, 105-06, 108-09; and "compensation policy" redactions at ¶ 114).

---

[2] Plaintiff filed a letter brief requesting a pre-motion conference in anticipation of her Motion to Strike Google's Reply in Support of its Rule 56.1 Statement. ECF No. 195. That request is presently pending before the Court.

2

## II.   ARGUMENT

### A.   Legal Standards

The public is afforded a "presumption of access" to materials filed in federal court. *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Adherence to this presumption of public access is "especially strong" where the materials at issue are germane to the claims and include "evidence [that will be] introduced in trial[]." *Id.* at 1049 (citation omitted). The "facts necessary to show good cause for a protective order applicable to discovery documents" will not necessarily suffice to fulfill the "higher threshold imposed by the First Amendment" regarding documents relied on in trial or for a dispositive motion. *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166 (2d Cir. 2013).

The purpose of the presumption of public access is to ensure both that there is a "measure of accountability" during litigation proceedings and that "the public [has] confidence in the administration of justice." *Amodeo*, 71 F.3d at 1048. Furthermore, it is well established – and Google agrees (Def. Br. 5) – that documents submitted to a court for its consideration in a summary judgment motion are, as a matter of law, "judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 121. These documents "should not remain under seal *absent the most compelling reasons*," none of which are present here. *Id.* at 123 (emphasis in original) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Pursuant to the "stringent" presumption of public access, the sealing of filed materials can only be justified by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Mere conclusory statements that the materials contain confidential information

3

– like Google's arguments here – are insufficient; the moving party must make a "particular and specific demonstration of fact" that disclosure would cause an "injury sufficiently serious to warrant protection" despite the public's First Amendment and common law rights of access. *United States v. Wells Fargo Bank*, No. 12 Civ. 7527, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015) (internal citation and quotation marks omitted). "[C]onfidential business information," as opposed to information that is considered a trade secret or the like, is entitled only to minimal protection. *Grayson v. Gen. Elec. Co.*, No. 13 Civ. 1799, 2017 WL 923907, at *1 (D. Conn. Mar. 7, 2017) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 685 (3d Cir. 1988)).

Even a showing of injury is not conclusive; the court must also balance the particularized showing of need against the presumption of public access to determine whether the presumption should be overcome. *Coscarelli v. ESquared Hosp. LLC*, No. 18 Civ. 5943, 2020 WL 6802516, at *1 (S.D.N.Y. Nov. 19, 2020). Rarely will the presumption be overcome. *Cf. Joy*, 692 F.2d at 893 ("An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny."); *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 11 Civ. 1209, 2013 WL 4012772, at *15 (D. Conn. Aug. 5, 2013) (explaining that "blanket sealing" is inappropriate in all but "rare circumstances").

With respect to many of the documents identified in Google's sealing motion, Google has failed to demonstrate the particularized harm necessary to overcome the presumption of public access. Accordingly, its request to seal those exhibits should be denied.

## B. Evidence of Google's General Compensation and Leveling Processes and Policies Should be Publicly Filed.

Google seeks to obscure from public view even the most general descriptions of its compensation and leveling policies – issues at the very center of the present dispute. Specifically, it moves to seal portions of its Reply in Support of its Rule 56.1 Statement and its Response to

4

Plaintiff's Affirmative Rule 56.1 Statement on the grounds that these documents contain "propriety" information. However, Google overstates the confidential and private nature of these materials, all of which go to the heart of Plaintiff's equal pay and gender discrimination claims. Sealing of these exhibits therefore would be improper. *MacroMavens, LLC v. Deutsche Bank Sec., Inc.*, No. 09 Civ. 7819, 2011 WL 1796138, at *2 (S.D.N.Y. Apr. 27, 2011) (explaining that the presumption of public access is especially strong where the information "goes to the heart of the dispute to be decided by the Court").

The portions of Google's Reply in Support of its Rule 56.1 Statement and its Response to Plaintiff's Affirmative Rule 56.1 Statement that it seeks to seal describe in broad terms Google's approach to employee compensation determinations. Google asserts that its compensation policies and guidelines are "confidential and proprietary." Def. Br. 11. However, "formulaic recitations of firm policies and procedures," like those found in the documents at issue, are not likely to place Google "at [such] a broad competitive disadvantage" as to justify their sealing. *EEOC v. Kelley Drye & Warren LLP*, No. 10 Civ. 655, 2012 WL 691545, at *3 (S.D.N.Y. Mar. 2, 2012). Indeed, thousands of Google employees (former and current) possess the same general knowledge regarding Google's compensation processes. *Cf. Zambrano v. Ins. Auto Auctions Corp.*, No. 20 Civ. 367, 2021 WL 4950849, at *1 (W.D. La. Sept. 15, 2021) (refusing to seal "procedures found in the policies of many companies").

Google's argument that, when it designs "any written materials regarding compensation, *e.g.*, training materials, written policies, and/or FAQs or other explainers," it assumes they will be kept confidential, Def. Br. 11, also fails. Google's mere use of the terms "proprietary" and "confidential" do not transform regular business information into information of such a confidential nature as to overcome the presumption of public access, nor does it transform the

5

information into a trade secret. Even "confidential business information" is entitled only to minimal protection, unless the moving party can make the showing that the information is a trade secret (an argument Google does not raise) or its disclosure would be so harmful to business interests that it warrants the unusual step of sealing. *Grayson*, 2017 WL 923907, at *1 (citing *Littlejohn*, 851 F.2d at 685). Notably, Exhibits B and C simply *make reference* to a proprietary algorithm, but do not disclose the proprietary information itself nor any privileged discussions.

Moreover, sealing of Google's compensation policies is improper given that compensation is at the very core of Plaintiff's claims. To truly understand the individual comparator pay data Plaintiff presents, the public must be able to put that data into context by understanding *how* compensation is set and adjusted at Google. Data in a vacuum, without the broader situational understanding of how Google claims Plaintiff's compensation was (or should have been) set, would leave the public with only a partial understanding of the case. *See Sanchez v. MTV Networks*, 525 F. App'x 4, 7 (2d Cir. 2013) (denying request to seal email correspondences regarding the "specifics of" plaintiff's compensation because, in part, the adequacy of plaintiff's "compensation was the very subject of this litigation, and the public is entitled to understand the nature of the dispute…"); *Whittaker v. MHR Fund Mgmt. LLC*, No. 20 Civ. 7599, 2021 WL 4441524, at *3 (S.D.N.Y. Sept. 28, 2021) (appeal docketed) (refusing to seal "agreements [that] detail the terms of Petitioner's bonus and tax advances," in part because the documents "go directly to the Court's adjudication of the petition"); *Dickerson v. Novartis Corp.*, No. 15 Civ. 1980, 2016 WL 9560056, at *3 (S.D.N.Y. Apr. 11, 2016) (rejecting parties' request to redact information that pertained "to the general pay and benefit structure of the proposed classes" in Title VII and Equal Pay Act case).

C.  **Evidence of Individual Comparator Compensation Is at the Heart of Plaintiff's Prima Facie Case and Should Not Be Redacted.**

Google requests to seal nearly all individual compensation data from its Summary Judgment filings. Specifically, here, it moves to redact portions of its Reply Brief, Reply in Support of its Rule 56.1 Statement, and Reply to Plaintiff's Affirmative Rule 56.1 Statement.

As Google concedes, individual compensation is not actually confidential: "Google does not discourage employees from discussing their own compensation, either with their peers or outside Google." Def. Br. 10. Further, the compensation data Google seeks to file under seal is at central to Plaintiff's equal pay claims. *See* Second Amended Complaint ("Compl.") (ECF No. 108), ¶ 2 ("Google has discriminated against Plaintiff by hiring her at a lower level and paying her less compensation than her similarly situated male peers [and] denying her additional earned compensation"). "[R]edact[ing] the salaries of the comparators . . . would substantially impair the public's ability to understand the merits or demerits of this case." *Barrett v. Forest Labs., Inc.*, No. 12 Civ. 5224, 2015 WL 3851860, at *2 (S.D.N.Y. June 24, 2015). The public cannot meaningfully understand her claims if they cannot judge her pay against the pay of those she asserts were similarly situated to her. *Cf. Walsh v. Doner Int'l Ltd., Inc.*, No. 18 Civ. 13930, 2020 WL 4569564, at *9 (E.D. Mich. Aug. 7, 2020) (denying motion to redact the names of plaintiff's clients because if "the names of the clients [are] redacted from the depositions, it would be difficult for the public to follow Plaintiff's arguments" that "younger, less experienced employees were given those same [client] accounts before and after she was terminated"); *see also Veikos v. Trustees of Univ. of Pa.*, No. 20 Civ. 04408, 2021 WL 4306024, at *2 (E.D. Pa. Sept. 22, 2021) (declining "to shield from public view the substance of the tenure reviews themselves").

7

To the extent the privacy interests of third-parties may be implicated, those concerns do not outweigh the presumption of public disclosure. *See Barrett*, 2015 WL 3851860, at *2-3. As stated above, the compensation information "constitute[s] comparator evidence. [Google] has not shown that courts normally protect comparator evidence by placing it under seal." *Veikos*, 2021 WL 4306024, at *2 (further concluding that "in the Court's experience[] comparator evidence [is not] the type that usually gets protected"). Google's "generalized claims of harm or prejudice to the [comparators] do not suffice as compelling reasons" to justify sealing this evidence. *Zafar v. Abbott Labs., Inc.*, No. 15 Civ. 361, 2016 WL 6104358, at *2 (W.D. Mich. Jan. 27, 2016). Even though the comparators "are third parties who have no direct connection to this litigation, the documents Defendant seeks to keep from the public will likely be central to the Court's decision on Defendant's summary judgment motion and, absent a compelling reason, should be available to the public to explicate the Court's decision." *Id*. (citation omitted).

Google's scant citations (Def. Br. at 10) do not support redacting or sealing compensation data. Its citations do not alter the need for "specific, on-the-record findings" in order for this Court to consider granting Google's sealing request, *Lugosch*, 435 F.3d at 124, nor do they provide any detailed analysis from the granting court that would support Google's arguments here. For example, in *Rogers v. Bank of New York Mellon*, the only redaction the court permitted was to replace the names of plaintiff's comparators with pseudonyms; it did not redact the compensation information itself. No. 09 Civ. 8551, 2016 WL 4362204, at *23 (S.D.N.Y. Aug. 15, 2016), *on reconsideration*, No. 09 Civ. 8551, 2017 WL 4157376 (S.D.N.Y. Sept. 19, 2017).[3]

---

[3] Another case on which Google relies, *Andreu v. Hewlett-Packard*, is similarly unpersuasive. No. 15 Civ. 23270, Doc. 83 (S.D. Fla. Apr. 26, 2016). In *Andreu*, the defendant moved to seal "entire portions of its motion for summary judgment and statement of undisputed facts." *Id.* The Magistrate Judge denied this request and permitted only redactions of the plaintiff's medical history and for two exhibits to be filed under seal. *Id.* In its summary judgment motion, the Court

8

### D. Google's Job Ladder and Leveling Guide Exhibits Contain No Confidential or Proprietary Information.

Google also seeks to redact all references to its "job ladders" and "leveling guides," *i.e.*, job descriptions, found in its Reply in Support of its Rule 56.1 Statement. These statements are, at their core, job descriptions that present no compelling interest to justify their sealing. The statements describe job duties for each of the relevant roles, definitions of success in each role, and the evolution of the role as an employee advances. The statements also discuss the qualifications of each seniority level within the ladder. Nothing about this information compels sealing. *See, e.g.*, *Harper v. Charter Commc'ns, LLC*, No. 19 Civ. 0902, 2021 WL 600960, at *2 (E.D. Cal. Feb. 16, 2021) (rejecting plaintiff's request to seal, *inter alia*, the job description for two specific positions because general assertions that the information is confidential and proprietary is insufficiently specific); *Zambrano*, 2021 WL 4950849, at *1 (refusing to seal information "found in the policies of many companies").

Google provides no persuasive explanation for why the job descriptions are so sensitive as to overcome the presumption of disclosure and cites no legal authority for sealing them. Instead, it offers the conclusory assertions that the company "considers [the documents] to be proprietary" and "other companies may seek to model aspects of their employee hiring or people processes" on Google's processes. Def. Br. 13-14. Such unsupported and speculative conclusions do not justify redacting all descriptions of the relevant job positions, particularly where Google has not sought to seal similar descriptions of positions and job functions contained in other

---

references sealed exhibits in citing support for its opinion, but provides no details on or rationale behind the sealing beyond that. *Andreu v. Hewlett–Packard Co.*, No. 15 Civ. 23270, 2016 WL 1713303, at *10 (S.D. Fla. Apr. 28, 2016), *report and rec. adopted sub nom. Andreu v. Hewlett-Packard Co.*, No. 15 Civ. 23270, 2016 WL 4542031 (S.D. Fla. June 8, 2016), *aff'd,* 683 F. App'x 894 (11th Cir. 2017) (citing to "Plaintiff's Sealed Exhibits").

exhibits. *See*, *e.g.*, Maya S. Jumper Declaration (ECF No. 166), Ex. C at 2; *Cunningham v. Cornell Univ.*, No. 16 Civ. 6525, 2019 WL 10892081, at *3 (S.D.N.Y. Sept. 27, 2019) ("Information that is publicly available need not be sealed.") (internal citation omitted). There is no reason, let alone the "most compelling" reason, this information should be redacted. *Joy*, 692 F.2d at 893.

The job ladder descriptions also are integral to Plaintiff's claims and Google's alleged defenses and should not be sealed for that reason as well. Plaintiff alleges Google intentionally hired her at a lower job level than her male peers, while at the same time hiring equally or less qualified men into higher levels. Compl. ¶¶ 19, 26. The job ladders, which describe the responsibilities and qualifications for roles held by Plaintiff and her comparators, are essential to a complete understanding of Plaintiff's allegations. *See MacroMavens*, 2011 WL 1796138, at *2 ("Because the material [that the party requests to seal] is central to the exercise of the judicial function, the presumption of public access is strong.").

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Google's Motion to Seal be denied as to the above-identified documents.

DATED:   New York, New York            Respectfully submitted,
         January 19, 2022

                                       /s/ *Cara E. Greene*
                                       OUTTEN & GOLDEN LLP
                                       Cara E. Greene
                                       Shira Z. Gelfand
                                       685 Third Avenue, 25th Floor
                                       New York, New York 10017
                                       Telephone: (212) 245-1000
                                       Facsimile: (646) 509-2060