**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ULKU ROWE,<br><br>                Plaintiff,<br><br>       -against-<br><br>GOOGLE LLC,<br><br>                Defendant. | No. 1:19-cv-08655 (LGS)(GWG) |

**DEFENDANT GOOGLE LLC'S REPLY IN FURTHER SUPPORT OF ITS**
<u>**MOTION TO RETAIN DOCUMENTS UNDER SEAL**</u>

Kenneth W. Gage
Sara Tomezsko
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Tel:  (212) 318-6000
Fax:  (212) 319-4090
kennethgage@paulhastings.com
saratomezsko@paulhastings.com

*Attorneys for Defendant*
GOOGLE LLC

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II.     THE DOCUMENTS AT ISSUE ................................................................................... 2

III. GOOGLE HAS MET ITS BURDEN TO SHOW THAT IT HAS OVERRIDING
       INTERESTS THAT OVERCOME THE RIGHT OF PUBLIC ACCESS ....................... 3

   A.    Google has an overriding interest in protecting highly confidential
         information related to its proprietary compensation policies and processes
         that could cause significant competitive harm if publicized to competitors .......... 3

   B.    Google has an overriding interest in the privacy rights of its current and
         former employees, none of whom chose to disclose their compensation .............. 6

   D.    Google has an overriding interest in protecting its highly confidential,
         proprietary job ladders that could cause significant competitive harm if
         publicized to competitors ....................................................................................... 7

III. CONCLUSION .................................................................................................................... 9

```
```

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                       **Page(s)**

*Andreu v. Hewlett-Packard Co.*,
  No. 15-23270-CIV-MORENO/O'SULLIVAN, 2016 U.S. Dist. LEXIS 59970
  (S.D. Fla. Apr. 28, 2016) ...................................................................................................5

*Barrett v. Forest Labs., Inc.*,
  No. 12 cv. 5224 (RA), 2015 WL 3851860 (S.D.N.Y. June 24, 2015).......................................6

*E.E.O.C. v. Kelley Drye & Warren LLP*,
  No. 10 Civ. 655(LTS)(MHD), 2012 WL 691545 (S.D.N.Y. Mar. 2, 2012)..............................5

*Gambale v. Deutsche Bank AG*,
  No. 02 Civ. 4791 HB, 2003 WL 21511851 (S.D.N.Y. July 2, 2003), *aff'd and
  remanded*, 377 F.3d 133 (2d Cir. 2004)..................................................................................1

*Harper v. Charter Communications, LLC*,
  No. 2:19-cv-00902 WBS DMC, 2021 WL 600960 (E.D. Cal. Feb. 12, 2021)..........................8

*Kaggen v. IRS*,
  71 F.3d 1018 (2d Cir. 1995)....................................................................................................4

*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir. 2006)....................................................................................................1

*Rogers v. Bank of N.Y. Mellon*,
  No. 09 Civ. 8551(HBP), 2017 U.S. Dist. LEXIS 152130 (S.D.N.Y. Sept. 19,
  2017) ......................................................................................................................................5

*United States v. Amodeo*,
  71 F.3d 1044 (2d Cir. 1995)................................................................................................1, 6

*Zambrano v. Ins. Auto Auctions Corp.*,
  Civil Action No. 20-367, 2021 WL 4950849 (W.D. La. Sept. 15, 2021).................................8

**I.      INTRODUCTION**

Plaintiff overlooks that the right to access of judicial records "is not unlimited." *Gambale v. Deutsche Bank AG*, No. 02 Civ. 4791 HB, 2003 WL 21511851, at *2 (S.D.N.Y. July 2, 2003) (internal citation omitted), *aff'd and remanded*, 377 F.3d 133 (2d Cir. 2004). Defendant Google LLC ("Google") has met its burden under Fed. R. Civ. P. 26 to redact a designated set of documents submitted with Google's Reply in Further Support of its Motion for Summary Judgment and Opposition to Plaintiff's Partial Motion for Summary Judgment, filed January 5, 2022 (ECF 197) ("Google's Reply Brief").[1] Under the framework established by *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995), and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), Google has shown with specificity that there exist competing considerations whose "higher values" overcome the right of public access to the documents in the privacy rights of third-party Google employees, and in the highly confidential, commercially sensitive, Google-specific information that would be of great interest to Google's competitors.

Plaintiff Ulku Rowe ("Plaintiff") makes only vague objections to Google's showing, and concedes that certain information should be protected. (*See* Section II, below.) Plaintiff cannot refute Google's clear and specific evidence in support of its Motion to Seal set forth in the Declarations of Kevin Lucas (ECF 173), Frank Wagner (ECF 174), Brian Ong (ECF 175), and Bernita Jamison (ECF 176). The highly confidential information addressed by these declarations includes: (1) information about Google's proprietary compensation processes; (2) the specific compensation earned or offered to present and former Google employees who are not parties to

---

[1] Consistent with local rules and the parties' protective order, Google submitted a Motion to Retain Under Seal documents filed in connection with Google's Reply Brief (ECF 198) ("Motion to Seal"). Google's Motion to Seal was supported by an accompanying Memorandum of Law (ECF 199), and declarations of Kevin Lucas (ECF 173), Frank Wagner (ECF 174), Brian Ong (ECF 175), Bernita Jamison (ECF 176), and Sara Tomezsko (ECF 200).

this action; and (3) the proprietary structure of Google's job classification system (*i.e.*, job ladders) with respect to a broad category of jobs that Plaintiff has not yet proven are even remotely similar to her own. The disclosure of these documents would result in competitive harm to Google and an unwarranted invasion of privacy for those third parties, for the reasons set forth in Google's Motion to Seal and below.

## II.    THE DOCUMENTS AT ISSUE

Given Plaintiff's representations that she is not opposing the request to seal certain documents (*See* Memorandum of Law in Support of Plaintiff's Opposition to Defendant's Motion to Seal ("Plf. Opp.") (ECF 203), at pp. 1–3), only the following portions of documents (the "Confidential Documents") are at issue:

- Redactions to Google's Reply Brief (ECF 197), attached as Exh. A to the Tomezsko Sealing Decl.;

- Redactions to Google's Reply in Support of its Rule 56.1 Statement[2] (ECF 185), attached as Exh. B to the Tomezsko Sealing Decl.; and

- Redactions to Google's Response to Plaintiff's Affirmative Rule 56.1 Statement[3] (ECF 187), attached as Exh. C to the Tomezsko Sealing Decl.

---

[2] Portions of this Rule 56.1 Statement, including but not limited to Plaintiff's Add. SMF ¶¶ 185, 189, and 190, are already subject to Google's December 10 Motion to Seal (ECF 171), which is pending before the Court. They were merely reproduced in connection with Google's Reply in accordance with the Court's Individual Rules and Procedures for Civil Cases, Rule III.C.6. Thus, Google respectfully requests the Court for an order to retain under seal the same portions of this document for the reasons already set forth in Google's December 10 Motion to Seal (ECF 171) in addition to any information redacted from Google's response or reply to the paragraphs referenced herein.

[3] Portions of this Rule 56.1 Statement, including Plaintiff's SMF ¶¶ 79-81, 85, 89–90, 93, 96, 99–100, 103, 106, and 108–09 are already subject to Google's December 10 Motion to Seal (ECF 171), which is pending before the Court. They were merely reproduced in connection with Google's Response in accordance with the Court's Individual Rules and Procedures for Civil Cases, Rule III.C.6. Thus, Google respectfully requests the Court for an order to retain under seal the same portions of this document for the reasons already set forth in Google's December 10 Motion to Seal (ECF 171) in addition to any information redacted from Google's responses to the paragraphs referenced herein.

Accordingly, Plaintiff concedes that the Court should grant Google's Motion to Seal (ECF 199) with respect to the remaining exhibits,[4] for the reasons set forth in Google's Memorandum of Law in Support of Motion to Retain Documents Under Seal (ECF 199), and its accompanying declarations (ECF 173–178).

## III. GOOGLE HAS MET ITS BURDEN TO SHOW THAT IT HAS OVERRIDING INTERESTS THAT OVERCOME THE RIGHT OF PUBLIC ACCESS

Google has met its burden to show that it has overriding interests in its highly confidential, proprietary business information and in the privacy rights of its current and former employees that overcome the right of public access and necessitate the limited sealing requested. Google's request with respect to the limited redaction of the aforementioned documents—referencing confidential compensation policies and processes, individual compensation information of third parties, and job ladder job family descriptions—should be granted.

### A. Google has an overriding interest in protecting highly confidential information related to its proprietary compensation policies and processes that could cause significant competitive harm if publicized to competitors.

Paragraphs 181-82 of Google's Reply in Support of its Rule 56.1 Statement (which consist of responses to Plaintiff's additional statements of material fact allegedly requiring a trial) and paragraph 114 of Google's Response to Plaintiff's Affirmative Rule 56.1 Statement contain confidential, non-public and proprietary information about the way Google has chosen to design and administer its compensation processes and policies. The information includes descriptions of Google's confidential, algorithmic approach to salary modeling; Google's philosophy of how to set starting pay relative to the modeled figure for that position; and what factors determine increases in salary for Google employees. All of this information warrants

---

[4] Specifically, Plaintiff does not contest Google's proposed redactions to the Declaration of Sara B. Tomezsko in Support of Google's Motion to Retain Documents Under Seal ("Tomezsko Sealing Decl.") (ECF 200); and Exhibits 4, 5, 6, 7, 10, and 14 (as attached to the Tomezsko Sealing Decl. (ECF 200)).

3

sealing.

The Wagner Declaration (ECF 174) establishes the specific harm necessary to overcome the presumption of public access. Plaintiff does not dispute that Google operates in a highly competitive industry. (Wagner Decl. ¶¶ 5–6.) It is also undisputed that Google's competitors would have a great interest in understanding the ways in which Google recruits and retains talent through its compensation processes. (*Id.* ¶ 6.) Even if Plaintiff disputed these two points, she has not submitted any evidence or declarations to rebut these facts.[5] She merely argues that this information cannot be proprietary because Google has allegedly not explained ***how*** knowledge of compensation processes would give competitors an unfair advantage. (Plf. Opp. at 5–6.) The answer to that question is obvious: if a competitor knows how Google is likely to pay or structure the pay for a desirable candidate, a competitor can use that information to out-bid Google for that candidate, or structure its compensation offer in a way that the candidate may find more appealing. Google respectfully presumes that this Court is aware (or, hereby beseeches it to take notice) of the role competitive compensation might play in the ability to draw top-level talent from one employer to another. *See Kaggen v. IRS*, 71 F.3d 1018, 1019–20 (2d Cir. 1995) (district court may take notice of information which is not reasonably disputed as untrue).

While disclosure of one sentence or one data point in a Confidential Document, for example, may not on its own result in competitive harm, the information Google seeks to seal *in toto* certainly would. For example, the description of how Google calculates starting pay may not

---

[5] Plaintiff makes a meager attempt to undermine the highly confidential nature of documents detailing Google's compensation processes, but as her brief shows, there is simply no evidence to support any of her supposed facts. Plaintiff has no basis for her claim that "thousands of Google employees" possess knowledge of Google's compensation practices as set forth in the Confidential Documents. (*See* Plf. Opp. at 5.) To the contrary, Google takes extraordinary measures to ensure that written materials regarding its compensation programs are kept confidential and not published publicly. (Wagner Decl., ¶ 7.) Google does make use of "Proprietary" and "Confidential" footers on its written materials but, contrary to Plaintiff's representation, does so in conjunction with other measures (*e.g.*, restricted webpage access) to ensure they are maintained as such. (*Id.*)

reveal Google's proprietary compensation algorithm if presented in a vacuum. But that information would be coupled with the outcome of those proprietary processes for at least six individuals in the form of their starting compensation offers, as well as publicly-available details about each person from the Declarations of Will Grannis (ECF 142) and Kevin Lucas (ECF 141), filed in support of Google's motion for summary judgment. All of these details together provide a framework to reverse-engineer Google's precise compensation processes, which is why the Wagner Declaration is clear that "[i]t would be damaging to Google if these documents got into the hands of [their] competitors." (Wager Decl., ¶ 6.)

Plaintiff's reliance on *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655(LTS)(MHD), 2012 WL 691545 (S.D.N.Y. Mar. 2, 2012), is unpersuasive. The documents at issue in that case were documents "specific to [representative plaintiff's] situation (and consequently unlikely to place Kelley Drye at a broad competitive disadvantage)," or "formulaic recitations of firm policies and procedures that can hardly be unique in the [employer's] industry." *Id.* at *3. That is not the case here, where the information at issue is not limited to Plaintiff's compensation, and the exhibits and declarations describe programs and policies specific to Google. (*See* Wagner Decl., ¶ 5 (stating that Google's compensation programs and policies are designed to be highly competitive in the various industries in which Google operates).)

Finally, courts are empowered to grant sealing requests for documents about compensation processes in an equal pay or discriminatory pay case. *See, e.g.*, *Rogers v. Bank of N.Y. Mellon*, No. 09 Civ. 8551(HBP), 2017 U.S. Dist. LEXIS 152130, at *2 n.1 (S.D.N.Y. Sept. 19, 2017) (permitting redaction of "confidential salary information" in order and opinion, granting in part and denying in part plaintiff's employment discrimination claims, including claims for discriminatory pay); *Andreu v. Hewlett-Packard Co.*, No. 15-23270-CIV-

5

MORENO/O'SULLIVAN, 2016 U.S. Dist. LEXIS 59970, at *33 (S.D. Fla. Apr. 28, 2016) (granting motion to redact "charts containing salary and other information about [plaintiff's alleged comparators]..." in summary judgment record on equal pay claim). This Court should do so here, as well.

### B. Google has an overriding interest in the privacy rights of its current and former employees, none of whom chose to disclose their compensation

Google has plainly met its burden to protect the individual compensation information contained in paragraphs 83, 137, 193, and 333 of Google's Reply in Support of its Rule 56.1 Statement; paragraphs 75, 82, 83, 92, 95, 102, and 105 of Google's Response to Plaintiff's Affirmative Rule 56.1 Statement; and on page 7 of Google's Reply Brief. The innocent third parties whose personal compensation Plaintiff seeks to thrust into the public record did not consent to the disclosure of this information, and the fact that Google does not prohibit them from disclosing their compensation *if they so choose* does not give Plaintiff the right to usurp that choice by filing a lawsuit. To force their disclosure would serve only to violate Plaintiff's colleagues' established right to privacy, which should weigh heavily in favor of sealing. *See Amodeo*, 71 F.3d at 1050–51 ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation. Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access.") (citations omitted).

*Barrett v. Forest Labs., Inc.*, No. 12 cv. 5224 (RA)(MHD), 2015 WL 3851860 (ECF 104) (S.D.N.Y. June 24, 2015), does not compel a different result. There, the defendant's sealing request was rejected only in part. The *Barrett* court *granted* defendants' application for redaction and sealing of some of the documents at issue, including those that "offer precise details of compensation categories and dollar figures attached to those categories." (*Id.* at 2–3.)

6

Plaintiff's opposition also presumes that the broad array of individuals she has identified as alleged comparators in this case *actually are* comparable. There has been no judicial finding that these individuals are similarly situated to Plaintiff under any statute as a matter of law.[6] As Plaintiff herself has argued, the question of whether someone performs equal or substantially similar work depends on the actual work they are doing, (ECF 134 at 1–2), not on what those individuals are paid. If the Court ultimately finds that her alleged comparators are not similarly situated as a matter of law, there is no reason to disclose the compensation information for these innocent third parties.

### C. Google has an overriding interest in protecting its highly confidential, proprietary job ladders that could cause significant competitive harm if publicized to competitors.

Through the Lucas Declaration, Google has demonstrated with sufficient specificity that information directly quoted from one of Google's confidential job ladder documents (*see* ¶¶ 240–41 of Google's Reply in Support of its Rule 56.1 Statement) are highly confidential and concern information regarding Google's compensation, recruitment, leveling, and performance management programs that would be of great interest to Google's competitors. (*See also* Wagner Decl., ¶¶ 5, 9 (discussing confidential treatment of leveling guidelines).) Google has expended considerable time, effort, and resources to maintain and update its job ladders to reflect the unique needs of its business and workforce. (Lucas Decl., ¶ 12.) The fruits of this labor would be lost if other companies—including Google's most ardent competitors—could publicly access that information and model aspects of their people processes on Google's internal practices. (*Id.*) In short: public disclosure of the contents of Google's job ladder documents would result in competitive harm.

---

[6] Adjudication of this matter is still pending. *See* Google's Motion for Summary Judgment (ECF 137.)

7

Plaintiff fundamentally misunderstands the information reflected in Google's job ladder documents by claiming they are job descriptions. (*See* Plf. Opp. at 9–10.) Rather, job ladders are documents that depict how an employee in a particular job family might be expected to progress from lower to higher levels of skill, responsibility, or impact over time. (*See* Lucas Decl., ¶¶ 4–9.) Plaintiff's citation to *Harper v. Charter Communications, LLC*, No. 2:19-cv-00902 WBS DMC, 2021 WL 600960, at *2 (E.D. Cal. Feb. 12, 2021) (denying sealing requests for job descriptions) is inapposite for this reason alone. (Plf. Opp. at 9.)[7] Other reasons to disregard Plaintiff's legal authority include the fact that in *Harper*, the court rejected ***plaintiff's*** motion to seal job descriptions that the defendant employer did not claim were proprietary, and in *Zambrano v. Ins. Auto Auctions Corp.*, Civil Action No. 20-367, 2021 WL 4950849 (W.D. La. Sept. 15, 2021), the court rejected the sealing of mundane information "found in the policies of many companies." Neither situation is present here.

The job ladder from which this information derives—which does not relate to the only position Plaintiff actually held for the entirety of her employment with Google—is not integral to Plaintiff's claims, as she now suggests. (Plf. Opp. at 10.) Plaintiff's allegations with respect to her discriminatory leveling claims are specific to men who were hired ***as Technical Directors in the Office of the CTO*** at a higher level. Second Am. Compl. (ECF 108) at ¶¶ 21–27. There is not a single reference in the original Complaint or either amended version discussing Plaintiff's pay in relation to men in wholly unrelated Software Engineering, Application Engineer, or Product Management roles. If the job ladder documents were so integral to her claims, as she now suggests,

---

[7] It is not clear to Google why Plaintiff argues that Google "has not sought to seal similar descriptions of positions and job functions contained in other exhibits" with a citation to Google's Exh. C page 2 in support of the Motion to Seal. (Plf. Opp. at 9–10.) The text on that page is a "Statement of support from hiring manager, Will Grannis"—not a job description. It does not explain how or why Google groups together certain positions in its job classification system or how one progresses between levels as one rises in seniority in the organization. It simply details a hiring manager's rationale for recommending Google hire someone at a level 9 for the position Plaintiff ***actually held***.

one would expect Plaintiff to have at least questioned a witness about them during discovery. She did not. (ECF 84 at 3.)

### III.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court issue an order permitting it to file under seal documents or portions thereof identified in its Motion to Seal (ECF No. 198). Should the Court determine that documents submitted fully under seal should not be filed as such, Google respectfully requests that the Court grant Google leave to submit an application to file specific portions of those documents under seal for the Court's consideration.

Dated: Jersey City, New Jersey
January 26, 2022

PAUL HASTINGS LLP

By: *Kenneth W. Gage*
     Sara Tomezsko

200 Park Avenue
New York, NY  10166
Tel:  (212) 318-6000
Fax:  (212) 319-4090
kennethgage@paulhastings.com
saratomezsko@paulhastings.com

*Attorneys for Defendant*
GOOGLE LLC

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this January 26, 2022, I caused a true and exact copy of the foregoing DEFENDANT GOOGLE LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO RETAIN DOCUMENTS UNDER SEAL to be filed electronically and served by mail on anyone unable to accept electronic filing. Notice and copies of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: Jersey City, New Jersey
January 26, 2022

_____
Sara B. Tomezsko