**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ULKU ROWE,

               Plaintiff,

      -against-

GOOGLE LLC,

               Defendant.

No. 1:19-cv-08655 (LGS)(GWG)


**DEFENDANT GOOGLE LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO RETAIN DOCUMENTS UNDER SEAL**

# TABLE OF CONTENTS

**Page**

I.      STATEMENT OF FACTS ............................................................................................. 1

    A.      Pending Motions to Retain Documents Under Seal ............................................ 1

    B.      Additional Document Now At Issue .................................................................. 2

II.     LEGAL ARGUMENT ............................................................................................... 2

    A.      Legal Standard ................................................................................................. 2

    B.      Good Cause Exists to Retain Confidential Compensation Policies and
           Processes Under Seal. ...................................................................................... 5

III.    CONCLUSION.......................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Cases**                                                                                           **Page(s)**

*Gambale v. Deutsche Bank AG*,
   No. 02 Civ. 4791 HB, 2003 WL 21511851 (S.D.N.Y. July 2, 2003), *aff'd and
   remanded*, 377 F.3d 133 (2d Cir. 2004)..................................................................3

*GoSMiLE, Inc. v. Levine*,
   769 F. Supp. 2d 630 (S.D.N.Y. 2011).....................................................................4

*Kaggen v. IRS*,
   71 F.3d 1018 (2d Cir. 1995).....................................................................................5

*Laura Laaman & Assocs., LLC v. Davis*,
   No. 3:16-CV-00594 (MPS), 2019 WL 3716512 (D. Conn. Aug. 7, 2019) .............2

*Lugosch v. Pyramid Co. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006)......................................................................................3

*New York v. Actavis, PLC*,
   No. 14 Civ. 7473, 2014 WL 5353774 (S.D.N.Y. Oct. 21, 2014) .............................4

*Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*,
   347 F. App'x. 615 (2d Cir. 2009) .........................................................................3, 4

*Tomassini v. FCA US LLC*,
   No. 3:14-cv-1226, 2017 WL 9400672 (N.D.N.Y. Jan. 6, 2017) ..............................4

*Tropical Sails Corp. v. Yext, Inc.*,
   No. 14 Civ. 7582, 2016 WL 1451548 (S.D.N.Y. Apr. 12, 2016).........................3, 4

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Stipulated Protective Order for the Treatment of Confidential Information dated February 4, 2020 (ECF 23) (the "Protective Order"), and the Court's Individual Rules and Procedures for Civil Cases, Rule I.D., defendant Google LLC hereby moves this Court for an order permitting it to retain under seal one document submitted in connection with Plaintiff's Ulku Rowe's Reply in Further Support of her Partial Motion for Summary Judgment, dated January 26, 2022 (ECF 206), as it contains information regarding Google's confidential compensation processes and policies, the disclosure of which would result in competitive harm to Google.

## I.    STATEMENT OF FACTS

### A.    Pending Motions to Retain Documents Under Seal

On August 9, 2021, Judge Schofield granted the parties' respective requests for leave to file cross-motions for summary judgment (ECF 128). On November 1, 2021, defendant Google LLC ("Google" or "Defendant") submitted its Motion for Summary Judgment as to Plaintiff's remaining claims in this lawsuit ("Google's Motion") (ECF 137). On November 2, 2021, Google moved this Court for an order permitting it to retain under seal certain documents or portions thereof submitted in connection with that briefing ("November 2 Motion to Seal") (ECF 144).

On December 6, 2021, Plaintiff Ulku Rowe ("Plaintiff") filed her Response to Google's Motion for Summary Judgment and her Cross-Motion for Partial Summary Judgment ("Plaintiff's Motion") (ECF 152). On December 10, 2021, Google moved this Court for an order permitting it to retain under seal certain documents or portions thereof submitted by Plaintiff in connection with that briefing ("December 10 Motion to Seal") (ECF 171).

On January 5, 2022, Google filed its Amended Reply in Further Support of its Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment ("Google's Reply") (ECF 197). That same day, Google moved this Court for an order permitting it to retain

under seal certain documents or portions thereof submitted in connection with that briefing ("January 5 Motion to Seal") (ECF 198).[1]

At present, Google's November 2 Motion to Seal (ECF 144), December 10 Motion to Seal (ECF 171), and January 5 Motion Seal (ECF 198) are still pending before the Court.[2]

### B.    Additional Document Now At Issue

On January 26, 2022, Plaintiff submitted a Reply in Further Support of her Motion for Partial Summary Judgment ("Plaintiff's Reply Brief") (ECF 206). Google now moves for an order to retain under seal the following document (the "Confidential Document") submitted in connection with Plaintiff's Reply Brief, for the reasons set forth herein:

- Greene Decl., Exh. 2 (GOOG-ROWE-19295)

## II.    LEGAL ARGUMENT

As set forth in the declaration of Frank Wagner ("Wagner Decl.") (ECF 174),[3] the information Google seeks to retain under seal reveals Google's confidential compensation policies and processes, the disclosure of which would result in competitive harm to Google.

### A.    Legal Standard

To retain a document under seal, a party must show that good cause exists to shield the document from public view. *Laura Laaman & Assocs., LLC v. Davis*, No. 3:16-CV-00594 (MPS),

---

[1] Google's Reply in Further Support of Its Motion for Summary Judgment and in Opposition to Plaintiff's Partial Motion for Summary Judgment was originally filed on December 24, 2021 (ECF 184).  It was then re-filed on January 5, 2022, (ECF 197), pursuant to the Court's December 28, 2021 Order (ECF 194).  Google respectfully maintains its request to retain portions of its original Memorandum (*i.e.*, ECF 184) under seal, as well.  *See* Google's Motion to Seal, dated December 24, 2021 (ECF 188).

[2] Briefing for each of these Motions to Seal is now closed.  On November 26, 2021, Plaintiff opposed portions of the November 2 Motion to Seal (ECF 150).  Google then replied, in support of its Motion to Seal, on November 23, 2021 (ECF 151).  On December 17, 2021, Plaintiff opposed portions of the December 10 Motion to Seal (ECF 179).  Google then replied, in support of its Motion to Seal, on December 24, 2021 (ECF 183).  On January 19, 2022, Plaintiff opposed portions of the January 5 Motion to Seal (ECF 203).  Google then replied, in support of its Motion to Seal, on January 26, 2022 (ECF 204).

[3] For efficiency, Google respectfully refers the Court to the declaration previously submitted to the Court in connection with Google's December 10 Motion to Seal (ECF 171).

2019 WL 3716512, at *1 (D. Conn. Aug. 7, 2019); *accord Tropical Sails Corp. v. Yext, Inc.*, No. 14 Civ. 7582, 2016 WL 1451548, at *1 (S.D.N.Y. Apr. 12, 2016) ("The proponent of the protective order bears the burden of demonstrating good cause for closure.") (citation omitted). Courts must first ascertain whether the document in question is a "judicial document," which is a document that is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (internal citation omitted). If the document is a judicial document, a common law presumption of access attaches. Here, Google acknowledges that at least portions of the Confidential Document are "judicial documents" for the limited purpose of resolving the pending dispositive motions.

Even in the case of judicial documents, however, courts must still examine the ***strength*** of the presumption of access, based on the weight accorded to the document and the importance of the decision to be made, as "[t]he public's right to access of judicial records, while presumed, is not unlimited." *Gambale v. Deutsche Bank AG*, No. 02 Civ. 4791 HB, 2003 WL 21511851, at *2 (S.D.N.Y. July 2, 2003) (internal citation omitted), *aff'd and remanded*, 377 F.3d 133 (2d Cir. 2004).

Documents should be sealed if "countervailing factors" demand confidentiality. *Lugosch*, 435 F.3d at 120. Where the public's qualified right to access certain documents is implicated, the court must determine if "higher values" allow for sealing. *Id.* Such "higher values" may include, for instance, a party's "interest in protecting confidential business information [that] outweighs the qualified First Amendment presumption of public access." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x. 615, 617 (2d Cir. 2009) (affirming district court's holding where "disclosure could cause [party] significant competitive disadvantage.") (citation omitted).

-3-

An entity's interest in protecting proprietary or sensitive business information outweighs the public's interest in accessing such materials, and serves as good cause supporting a motion to seal. *See, e.g.*, *Tropical Sails Corp.*, 2016 WL 1451548, at *4 (granting motion to seal "documents relating to marketing and business development activities as sales training materials, internal marketing strategies, company marketing plans, and internal emails regarding marketing tests" as higher values overcoming the presumption of public access under the qualified First Amendment right to access test because company would suffer competitive harm if made publicly available); *Tomassini v. FCA US LLC*, No. 3:14-cv-1226 (MAD/DEP), 2017 WL 9400672, at *4 (N.D.N.Y. Jan. 6, 2017) (noting that "higher values" may include "[a] business's sensitive information that could harm a litigant's competitive standing"); *GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal certain exhibits to reply declaration "contain[ing] highly proprietary material" concerning defendant's business because "the privacy interests of the defendants outweigh the presumption of public access").

This is particularly true where disclosure may result in competitive or financial harm. *Standard Inv. Chartered, Inc.*, 347 F. App'x at 617 (affirming district court finding that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access," where disclosure of the information would subject the party to "financial harm") (citation omitted); *New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (holding that documents that "contain non-public strategies and financial information constitute 'confidential commercial information' under Federal Rule 26(c)(1)(g), particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors").

-4-

### B.  Good Cause Exists to Retain Confidential Compensation Policies and Processes Under Seal.

Greene Decl., Exh. 2 contains information about Google's confidential compensation processes and policies that requires sealing. Google designs its compensation programs and policies to be highly-competitive in the global marketplace across the various industries in which Google operates. (Wagner Decl., ¶ 5.) The company's competitors would have a great interest in understanding the ways in which Google recruits and retains talent through its compensation process. (*Id.*, ¶ 6.) The harm that would flow from disclosure of Google's compensation policies and practices is therefore obvious: if a competitor knows how Google is likely to pay or structure the pay for a desirable candidate or employee, a competitor can use that information to out-bid Google for highly sought-after talent, or structure its own compensation policies to be more appealing to prospective candidates. Google respectfully presumes that this Court is aware (or, hereby beseeches it to take notice) of the role competitive compensation might play in the ability to draw top-level talent from one employer to another. *See Kaggen v. IRS*, 71 F.3d 1018, 1019–20 (2d Cir. 1995) (district court may take notice of information which is not reasonably disputed as untrue).

As a result, Google treats information about its compensation programs and policies and any trainings related thereto, as highly confidential and proprietary. (Wagner Decl., ¶ 5.)  In designing any written materials regarding compensation, *e.g.*, training materials, written policies, and/or FAQs or other explainers, Google assumes that they will be kept confidential and not published publicly. (*Id.*, ¶ 7.) It takes steps to ensure they are maintained that way. (*Id.*) Descriptions of compensation philosophy and approach are generally available to only certain employees on internal confidential Google sites. (*Id.*) Indeed, Greene Decl., Exh. 2 contains an express disclaimer that its content is "confidential and restricted to managers and People

Partners/People Consultants," meaning that it is not even available to everyone inside the company. More general information about compensation available to the wider Google audience does not bear such a disclaimer, and Google has not sought to keep that information confidential. (*See, e.g.*, Declaration of Maya S. Jumper In Support of Plaintiff's Motion for Partial Summary Judgment ["Jumper Decl."], Exh. 52 (ECF 160-52).) As Human Resources Director Kevin Lucas explains in Jumper Decl., Exh. 4 (ECF 160-4 at 139:22-104:2), compensation guidelines like those found at Greene Decl., Exh. 2 are closely guarded by the compensation team at Google.

## III.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court issue an order permitting it to retain under seal the Confidential Document identified in this memorandum. Should the Court determine that documents submitted fully under seal should not be filed as such, Google respectfully requests that the Court grant Google leave to submit an application to file specific portions of those documents under seal for the Court's consideration.

Dated:  Jersey City, New Jersey
         January 28, 2022                    PAUL HASTINGS LLP


                                             By:  Kenneth W. Gage
                                                  Sara Tomezsko

                                             200 Park Avenue
                                             New York, NY  10166
                                             Tel:  (212) 318-6000
                                             Fax:  (212) 319-4090
                                             kennethgage@paulhastings.com
                                             saratomezsko@paulhastings.com

                                             *Attorneys for Defendant*
                                             GOOGLE LLC

## <u>APPENDIX</u>

Pursuant to this Court's Individual Rules and Procedures for Civil Cases, Rule I.D.3, Google hereby identifies the following parties and counsel of record who should have access to the sealed documents:

- Plaintiff Ulku Rowe

- Cara Greene, Outten & Golden LLP

- Shira Gelfand, Outten & Golden LLP

- Google LLC

- Kenneth W. Gage, Paul Hastings LLP

- Sara B. Tomezsko, Paul Hastings LLP