THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civ. Action No. 19-cv-08655(LGS)(GWG) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SEAL**

I.     INTRODUCTION AND STATEMENT OF FACTS

Over the course of four motions, Defendant Google LLC ("Google" or "Defendant") seeks to file under seal and conceal from the public considerable evidence of its improper pay practices that both Plaintiff and Google have relied on in their cross-summary judgment briefing. In the present motion, Google seeks to file under seal evidence of its compensation practices relied on in Plaintiff's Reply in Support of her Motion for Partial Summary Judgment ("Plaintiff's Reply Brief"). *See* ECF Nos. 206, 211, 212. As described herein and consistent with Plaintiff's previous Oppositions to Google's Motions to Seal, ECF Nos. 150, 179, 202, Plaintiff opposes Google's requests as set forth in Defendant's Memorandum of Law in Support of Motion to Retain Documents Under Seal, ECF No. 212 ("Def. Br.").

Google fails to meet the high standard required to allow wholesale sealing of evidence of compensation practices key to Plaintiff's gender discrimination, gender-based unequal pay, and retaliation claims. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) ("Documents filed in support of summary judgment" are, "as a matter of law," entitled to the "highest" presumption of public access under both the common law and the First Amendment). Google seeks to seal this information in furtherance of generalized and unsupported "competitive harm" concerns. Because Google has failed to demonstrate compelling reasons to seal information central to the claims and defenses at issue, Plaintiff objects to the sealing of the Sara Tomezsko Declaration, Exhibit A ("Tomezsko Decl."), ECF No. 213.

II.     ARGUMENT

A.     **Legal Standards**

The public is afforded a "presumption of access" to materials filed in federal court. *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Adherence to this presumption of

public access is "especially strong" where the materials at issue are germane to the claims and include "evidence [that will be] introduced in trial[]." *Id.* at 1049 (citation omitted). The "facts necessary to show good cause for a protective order applicable to discovery documents" will not necessarily suffice to fulfill the "higher threshold imposed by the First Amendment" regarding documents relied on in trial or for a dispositive motion. *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166 (2d Cir. 2013).

The purpose of the presumption of public access is to ensure both that there is a "measure of accountability" during litigation proceedings and that "the public [has] confidence in the administration of justice." *Amodeo*, 71 F.3d at 1048. Furthermore, it is well established – and Google agrees (Def. Br. 3) – that documents submitted to a court for its consideration in a summary judgment motion are, as a matter of law, "judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 121. These documents "should not remain under seal *absent the most compelling reasons*," none of which are present here. *Id.* at 123 (emphasis in original) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Pursuant to the "stringent" presumption of public access, the sealing of filed materials can only be justified by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Mere conclusory statements that the materials contain confidential information – like Google's arguments here – are insufficient; the moving party must make a "particular and specific demonstration of fact" that disclosure would cause an "injury sufficiently serious to warrant protection" despite the public's First Amendment and common law rights of access. *United States v. Wells Fargo Bank*, No. 12 Civ. 7527, 2015 WL 3999074, at *4 (S.D.N.Y. June

30, 2015) (internal citation and quotation marks omitted). "[C]onfidential business information," as opposed to information that is considered a trade secret or the like, is entitled only to minimal protection. *Grayson v. Gen. Elec. Co.*, No. 13 Civ. 1799, 2017 WL 923907, at *1 (D. Conn. Mar. 7, 2017) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 685 (3d Cir. 1988)).

Even a showing of injury is not conclusive; the court must also balance the particularized showing of need against the presumption of public access to determine whether the presumption should be overcome. *Coscarelli v. ESquared Hosp. LLC*, No. 18 Civ. 5943, 2020 WL 6802516, at *1 (S.D.N.Y. Nov. 19, 2020). Rarely will the presumption be overcome. *Cf. Joy*, 692 F.2d at 893 ("An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny."); *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 11 Civ. 1209, 2013 WL 4012772, at *15 (D. Conn. Aug. 5, 2013) (explaining that "blanket sealing" is inappropriate in all but "rare circumstances").

With respect to the document identified in Google's sealing motion, Google has failed to demonstrate the particularized harm necessary to overcome the presumption of public access. Accordingly, its request to seal this exhibit should be denied.

**B.      Evidence of Google's General Compensation and Leveling Processes and Policies Should be Publicly Filed.**

Google seeks to obscure from public view even the most general descriptions of its compensation and leveling policies – issues at the very center of the present dispute. Specifically, Google moves for the wholesale sealing of a document describing how the company handles setting the salary for employees hired in "special situations," such as mid-calendar year. *See* Tomezsko Decl., Ex. A. However, Google overstates the confidential and private nature of this material, which goes to the heart of Plaintiff's equal pay and gender discrimination claims. Sealing of this exhibit therefore would be improper. *See MacroMavens,*

*LLC v. Deutsche Bank Sec., Inc.*, No. 09 Civ. 7819, 2011 WL 1796138, at *2 (S.D.N.Y. Apr. 27, 2011) (explaining that the presumption of public access is especially strong where the information "goes to the heart of the dispute to be decided by the Court").

The exhibit Google seeks to seal describes in broad terms Google's approach to employee compensation determinations in two specific circumstances (mid-year hires and transfers). Google asserts that its compensation policies and guidelines are "confidential and proprietary." Def. Br. 5. However, "formulaic recitations of firm policies and procedures," like much of what is found in the document at issue, are not likely to place Google "at [such] a broad competitive disadvantage" as to justify their sealing. *EEOC v. Kelley Drye & Warren LLP*, No. 10 Civ. 655, 2012 WL 691545, at *3 (S.D.N.Y. Mar. 2, 2012). Indeed, thousands of Google employees (former and current) possess the same general knowledge regarding Google's compensation processes, even if not all of them have seen the specific document at issue. *Cf. Zambrano v. Ins. Auto Auctions Corp.*, No. 20 Civ. 367, 2021 WL 4950849, at *1 (W.D. La. Sept. 15, 2021) (refusing to seal "procedures found in the policies of many companies").

Google's argument that, when it designs "any written materials regarding compensation, *e.g.*, training materials, written policies, and/or FAQs or other explainers," it assumes they will be kept confidential, Def. Br. 5, also fails. Google's mere use of the terms "proprietary" and "confidential" do not transform regular business information into information of such a confidential nature as to overcome the presumption of public access, nor does it transform the information into a trade secret. Even "confidential business information" is entitled only to minimal protection, unless the moving party can make the showing that the information is a trade secret (an argument Google does not raise) or its disclosure would be so harmful to business interests that it warrants the unusual step of sealing. *Grayson*, 2017 WL 923907, at *1 (citing

5

*Littlejohn*, 851 F.2d at 685). That Google must "beseech" this Court to simply take the company at its word that its bare allegations that "harm that would flow from disclosure of Google's compensation policies and practices" are true highlights the degree to which Google has failed to meet its burden. Def. Br. 5. Overcoming the First Amendment presumption of access requires more than just a generalized claim of harm – it requires a "particular and specific demonstration of fact" of an injury "sufficiently serious" to warrant sealing. *Wells Fargo Bank*, 2015 WL 3999074, at *4 (internal citation and quotation marks omitted).

Moreover, sealing of Google's compensation policies is improper given that compensation is at the very core of Plaintiff's claims. To truly understand the individual comparator pay data Plaintiff presents, the public must be able to put that data into context by understanding *how* compensation is set and adjusted at Google. Data in a vacuum, without the broader situational understanding of how Google claims Plaintiff's compensation was (or should have been) set and paid, would leave the public with only a partial understanding of the case. *See Sanchez v. MTV Networks*, 525 F. App'x 4, 7 (2d Cir. 2013) (denying request to seal email correspondences regarding the "specifics of" plaintiff's compensation because, in part, the adequacy of plaintiff's "compensation was the very subject of this litigation, and the public is entitled to understand the nature of the dispute…"); *Whittaker v. MHR Fund Mgmt. LLC*, No. 20 Civ. 7599, 2021 WL 4441524, at *3 (S.D.N.Y. Sept. 28, 2021) (appeal docketed) (refusing to seal "agreements [that] detail the terms of Petitioner's bonus and tax advances," in part because the documents "go directly to the Court's adjudication of the petition"); *Dickerson v. Novartis Corp.*, No. 15 Civ. 1980, 2016 WL 9560056, at *3 (S.D.N.Y. Apr. 11, 2016) (rejecting parties' request to redact information that pertained "to the general pay and benefit structure of the proposed classes" in Title VII and Equal Pay Act case).

Finally, were the Court determine that part of the document may be confidential, that still does not warrant wholesale sealing. Redactions are "the preferred method for sealing in that blanket sealing is overly broad in all but rare circumstances." *Travelers Indem. Co.*, 2013 WL 4012772, at *15. While Plaintiff does not necessarily oppose tailored redactions to this exhibit, it is Google's burden to identify and propose the appropriate redactions. *See Wells Fargo Bank*, 2015 WL 3999074, at *4.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Google's Motion to Seal be denied.

DATED:   New York, New York            Respectfully submitted,
         February 11, 2022

                                       /s/ *Cara E. Greene*
                                       OUTTEN & GOLDEN LLP
                                       Cara E. Greene
                                       Shira Z. Gelfand
                                       685 Third Avenue, 25th Floor
                                       New York, New York 10017
                                       Telephone: (212) 245-1000
                                       Facsimile: (646) 509-2060