**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ULKU ROWE,<br><br>　　　　　　Plaintiff,<br><br>　-against-<br><br>GOOGLE LLC,<br><br>　　　　　　Defendant. | No. 1:19-cv-08655 (LGS)(GWG) |

**DEFENDANT GOOGLE LLC'S REPLY IN FURTHER SUPPORT OF ITS**
**<u>MOTION TO RETAIN DOCUMENTS UNDER SEAL</u>**

　　　　　　　　　　　　　　　　　　　　　　　Kenneth W. Gage
　　　　　　　　　　　　　　　　　　　　　　　Sara B. Tomezsko
　　　　　　　　　　　　　　　　　　　　　　　PAUL HASTINGS LLP
　　　　　　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10166
　　　　　　　　　　　　　　　　　　　　　　　Tel:  (212) 318-6000
　　　　　　　　　　　　　　　　　　　　　　　Fax:  (212) 319-4090
　　　　　　　　　　　　　　　　　　　　　　　kennethgage@paulhastings.com
　　　　　　　　　　　　　　　　　　　　　　　saratomezsko@paulhastings.com

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　　　GOOGLE LLC

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

III. GOOGLE HAS MET ITS BURDEN TO SHOW THAT IT HAS OVERRIDING
      INTERESTS THAT OVERCOME THE RIGHT OF PUBLIC ACCESS ........................ 2

III. CONCLUSION .................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                      **Page(s)**

*Andreu v. Hewlett-Packard Co.*,
   No. 15-23270-CIV-MORENO/O'SULLIVAN, 2016 U.S. Dist. LEXIS 59970
   (S.D. Fla. Apr. 28, 2016) ..................................................................................................2

*E.E.O.C. v. Kelley Drye & Warren LLP*,
   No. 10 Civ. 655(LTS)(MHD), 2012 WL 691545 (S.D.N.Y. Mar. 2, 2012)........................4, 5

*Gambale v. Deutsche Bank AG*,
   No. 02 Civ. 4791 HB, 2003 WL 21511851 (S.D.N.Y. July 2, 2003), *aff'd and
   remanded*, 377 F.3d 133 (2d Cir. 2004).................................................................................1

*Kaggen v. IRS*,
   71 F.3d 1018 (2d Cir. 1995).....................................................................................................4

*Lugosch v. Pyramid Co. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006).....................................................................................................1

*Rogers v. Bank of N.Y. Mellon*,
   No. 09 Civ. 8551(HBP), 2017 U.S. Dist. LEXIS 152130 (S.D.N.Y. Sept. 19,
   2017) .......................................................................................................................................2

*United States v. Amodeo*,
   71 F.3d 1044 (2d Cir. 1995).....................................................................................................1

*United States v. Wells Fargo Bank N.A.*,
   No. 12-CV-7527 (JMF), 2015 WL 3999074 (S.D.N.Y. June 30, 2015) ..................................5

**I.     INTRODUCTION**

Plaintiff overlooks that the right to access of judicial records "is not unlimited." *Gambale v. Deutsche Bank AG*, No. 02 Civ. 4791 HB, 2003 WL 21511851, at *2 (S.D.N.Y. July 2, 2003) (internal citation omitted), *aff'd and remanded*, 377 F.3d 133 (2d Cir. 2004). Defendant Google LLC ("Google") has met its burden under Fed. R. Civ. P. 26 to seal a single document submitted in connection with Plaintiff's Reply in Further Support of her Partial Motion for Summary Judgment, filed January 26, 2022 (ECF 206) ("Plaintiff's Reply Brief").[1] Under the framework established by *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995), and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), Google has shown with specificity that there exist competing considerations whose "higher values" overcome the right of public access to the documents in the highly confidential, commercially sensitive, Google-specific information that would be of great interest to Google's competitors.

Plaintiff Ulku Rowe ("Plaintiff") makes only vague objections to Google's showing. Further, Plaintiff cannot refute Google's clear and specific evidence in support of its Motion to Seal set forth in the Declaration of Frank Wagner, (ECF 174), with her unsupported statement that Google's employees possess "general knowledge" regarding Google's compensation processes. The highly confidential information addressed by this declaration includes information about Google's proprietary compensation processes. The disclosure of Tomezsko Declaration, Exhibit A (ECF No. 213) (hereafter, the "Confidential Document") would result in competitive harm to Google, for the reasons set forth in Google's Motion to Seal and below.

---

[1] Consistent with local rules and the parties' protective order, Google submitted a Motion to Retain Under Seal documents filed in connection with Plaintiff's Reply Brief (ECF 211) ("Motion to Seal"). Google's Motion to Seal was supported by an accompanying Memorandum of Law (ECF 212), and declarations of Frank Wagner (ECF 174) and Sara Tomezsko (ECF 213).

**II.     GOOGLE HAS MET ITS BURDEN TO SHOW THAT IT HAS OVERRIDING INTERESTS THAT OVERCOME THE RIGHT OF PUBLIC ACCESS**

Courts are empowered to grant sealing requests for documents about compensation processes in an equal pay or discriminatory pay case. *See, e.g., Rogers v. Bank of N.Y. Mellon*, No. 09 Civ. 8551(HBP), 2017 U.S. Dist. LEXIS 152130, at *2 n.1 (S.D.N.Y. Sept. 19, 2017) (permitting redaction of "confidential salary information," and granting in part and denying in part plaintiff's employment discrimination claims, including claims for discriminatory pay); *Andreu v. Hewlett-Packard Co.*, No. 15-23270-CIV-MORENO/O'SULLIVAN, 2016 U.S. Dist. LEXIS 59970, at *33 (S.D. Fla. Apr. 28, 2016) (granting motion to redact "charts containing salary and other information about [plaintiff's alleged comparators]…" in summary judgment record on equal pay claim).

Tomezsko Declaration, Exhibit A (ECF No. 213) contains confidential, non-public and proprietary information about the way Google has chosen to design and administer its compensation processes and policies. The information includes descriptions of Google's confidential, algorithmic approach to salary, bonus and equity compensation modeling for mid-year hires and transfers; and Google's philosophy of how to set starting pay relative to the modeled figure in those circumstances. All of this information warrants sealing.

Plaintiff makes a meager attempt to undermine the highly confidential nature of documents detailing Google's compensation processes, but offers no actual evidence to support any of her supposed facts. Plaintiff has no basis for her claim that "thousands of Google employees (former and current) possess the same general knowledge regarding Google's compensation processes" as set forth in the Confidential Documents. (*See* Plf. Opp. at 5.) Tellingly, despite multiple opportunities to oppose Google's motions to seal compensation documents, (ECF 150, 179, 203, 217), Plaintiff has not even offered **her own** declaration stating the she has "general knowledge"

regarding Google's compensation processes separate from what she has learned during the discovery process. Moreover, whether employees have "general knowledge" of Google's compensation processes says nothing about whether the information in the Confidential Document, which Plaintiff concedes deals with "compensation determinations in two *specific* circumstances," is widely known. (Plf. Opp. at 5) (emphasis supplied).

To the contrary, Google takes extraordinary measures to ensure that written materials regarding its compensation programs are kept confidential and not published publicly. (Wagner Decl., ¶ 7.) Google does make use of "Proprietary" and "Confidential" footers on its written materials but, contrary to Plaintiff's representation, does so in conjunction with other measures (*e.g.*, restricted webpage access) to ensure they are maintained as such. (*Id.*) Indeed, the Confidential Document at issue includes an express disclaimer that its contents are **not** widely disclosed to the Google community. (Tomezsko Decl., Exh. A at GOOG-ROWE-00019295.)

The Wagner Declaration (ECF 174) establishes the specific harm necessary to overcome the presumption of public access. Plaintiff does not dispute that Google operates in a highly competitive industry. (Wagner Decl. ¶¶ 5–6.) It is also undisputed that Google's competitors would have a great interest in understanding the ways in which Google recruits and retains talent through its compensation processes. (*Id.* ¶ 6.) Even if Plaintiff disputed these two points, she has not submitted any evidence or declarations to rebut these facts.

Plaintiff argues that this information cannot be proprietary because Google has allegedly not explained **how** knowledge of compensation processes would give competitors an unfair advantage. (Plf. Opp. at 5–6.) The answer to that question is obvious: if a competitor knows how Google is likely to pay or structure the pay for its employees, a competitor can use that information to entice a desirable employee away from Google with a more generous compensation package —

a concern heightened by the extraordinarily competitive market for talent at the present moment. Google respectfully presumes that this Court is aware of the role competitive compensation might play in the ability to draw top-level talent from one employer to another. *See Kaggen v. IRS*, 71 F.3d 1018, 1019–20 (2d Cir. 1995) (district court may take notice of information which is not reasonably disputed as untrue).

While disclosure of one sentence or one data point in a Confidential Document, for example, may not on its own result in competitive harm, the information Google seeks to seal *in toto* certainly would. For example, the description of how Google calculates starting pay may not reveal Google's proprietary compensation algorithm if presented in a vacuum. But that information would be coupled with the outcome of those proprietary processes for at least six individuals in the form of their starting compensation offers, as well as publicly-available details about each person from the Declarations of Will Grannis (ECF 142) and Kevin Lucas (ECF 141), filed in support of Google's motion for summary judgment. All of these details together provide a framework to reverse-engineer Google's precise compensation processes, which is why the Wagner Declaration is clear that "[i]t would be damaging to Google if these documents got into the hands of [their] competitors." (Wager Decl., ¶ 6.) Plaintiff concedes as much when she argues that the Confidential Document must be made public because "[t]o truly understand the individual comparator pay data Plaintiff presents, the public must be able to put that data into context by understanding *how* compensation is set and adjusted at Google." (Plf. Opp. at 6.)

Plaintiff's reliance on *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655(LTS)(MHD), 2012 WL 691545 (S.D.N.Y. Mar. 2, 2012), is unpersuasive. The documents at issue in that case were documents "specific to [representative plaintiff's] situation (and consequently unlikely to place Kelley Drye at a broad competitive disadvantage)," or "formulaic

recitations of firm policies and procedures that can hardly be unique in the [employer's] industry." *Id.* at *3. That is not the case here, where the information at issue is not limited to Plaintiff's compensation, and the exhibits and declarations describe programs and policies specific to Google. (*See* Wagner Decl., ¶ 5 (stating that Google's compensation programs and policies are designed to be highly competitive in the various industries in which Google operates).) There is nothing in the record supporting Plaintiff's implication that Google's confidential, algorithmic approach to compensation setting is an industry-wide practice like the policies at issue in *Kelley Drye*.

*United States v. Wells Fargo Bank N.A.*, No. 12-CV-7527 (JMF), 2015 WL 3999074 (S.D.N.Y. June 30, 2015), does not compel a different result because it is highly distinguishable. There, the parties sought sealing of their entire filing on the basis that material described therein had been marked confidential or contained confidential business information. *Id.* at *4. There, the court noted that the sealing request was supported only by "conclusory statements that documents contain confidential business information," and "the mere fact that information is subject to a confidentiality agreement between litigants is not a valid basis to overcome the presumption in favor of public access to judicial documents." *Id.* Here, in contrast, Google has sought to seal only a single document, and its request is supported by a declaration explaining that disclosure of that document would result in harm to Google.

### III.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court issue an order permitting it to file under seal the Confidential Document identified in its Motion to Seal (ECF No. 211). Should the Court determine that the document submitted fully under seal should not be filed as such, Google respectfully requests that the Court grant Google leave to submit an application to file specific portions of the document under seal for the Court's consideration.

Dated: Jersey City, New Jersey
February 18, 2022

PAUL HASTINGS LLP

By: _____
    Kenneth W. Gage
    Sara Tomezsko

200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000
Fax: (212) 319-4090
kennethgage@paulhastings.com
saratomezsko@paulhastings.com

*Attorneys for Defendant*
GOOGLE LLC

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this February 18, 2022, I caused a true and exact copy of the foregoing DEFENDANT GOOGLE LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO RETAIN DOCUMENTS UNDER SEAL to be filed electronically and served by mail on anyone unable to accept electronic filing. Notice and copies of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: Jersey City, New Jersey
February 18, 2022

_____
Sara B. Tomezsko