UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                        :
ULKU ROWE,                                              :
                                    Plaintiff           :
                                                        :           19 Civ. 8655 (LGS)
                          -against-                     :
                                                        :                ORDER
GOOGLE LLC,                                             :
                                    Defendant.          :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, Defendant Google LLC has filed five motions to seal documents submitted

in connection with the parties' cross-motions for summary judgment.  Plaintiff Ulku Rowe has

filed responses opposing portions of these motions to seal.  Because the motions present similar

issues and the Memoranda of Law submitted in connection with the motions present similar

arguments, they are addressed jointly below.

        WHEREAS, a three-part inquiry determines whether to seal a document.  *See Olson v.

Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of

Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first question is whether the document is "a

judicial document subject to the [presumed] right of public access," meaning that the document is

"relevant to the performance of the judicial function and useful in the judicial process."  *Lugosch*,

435 F.3d at 119 (internal quotation marks omitted).  The second step, if the presumption attaches,

is to determine the weight of the presumption by assessing "the role of the material at issue in the

exercise of Article III judicial power and the resultant value of such information to those

monitoring the federal courts."  *Id.* (internal quotation marks omitted).  The third step is to

balance against the presumption any "competing considerations" such as "impairing law

enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure."  *Id.* at

120 (internal quotation marks omitted).  In weighing the presumption against competing

considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted).

WHEREAS, the presumption of public access applies to the documents at issue. The pending motions seek to seal documents and portions of the briefing submitted in support of the parties' cross-motions for summary judgment. "It is well-settled that 'documents submitted to a court for its consideration in a summary judgment motion are -- as a matter of law -- judicial documents to which a strong presumption of access attaches.'" *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 121).

WHEREAS, the documents at issue are subject to a strong presumption of access, as they were submitted in connection with a summary judgment motion. *See Olson*, 29 F.4th at 90 ("[A] strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion."); *Maxwell*, 929 F.3d at 53 ("Materials submitted in connection with a motion for summary judgment are subject to a strong presumption of public access."). Such documents "should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 121 (internal quotation marks omitted).

WHEREAS, for each document, the party seeking to file under seal must show that competing considerations override the public right of access. *See id.* at 120. Defendant's motions to file under seal are addressed according to the type of information sought to be protected and the considerations offered in support.

**Identity of Clients and Strategic Initiatives**

WHEREAS, Defendant argues that disclosure of the identities of customers, clients, strategic business initiatives, and other sensitive commercial information (unrelated to

compensation, which is discussed below) contained in certain documents would result in competitive harm to the company.  Preventing competitive harm is a countervailing interest that can override the public right of access.  *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing for the redaction of "specific business information and strategies, which if revealed, may provide valuable insights . . . that a competitor would seek to exploit" (internal quotation marks omitted)).  Defendant argues that disclosure of the identities of certain clients, individuals who are in contact with Defendant's employees and strategies for cultivating business could put it at competitive disadvantage.  To avoid potential competitive harm, Defendant proposes redactions of specific information, satisfying the requirement that a sealing order be "narrowly tailored."  *Lugosch*, 435 F.3d at 124.  Because this information is unnecessary to adjudicate Plaintiff's claims and the parties' summary judgment arguments, the risk of competitive harm outweighs the public right of access.

It is therefore **ORDERED** that, to the extent the sealing motions seek to protect the identities of clients or strategic business initiatives, they are **GRANTED**.

**Individual Compensation Information**

WHEREAS, Defendant moves to file under seal documents containing information related to the compensation of individual employees.  This information concerns individuals who are not parties to this lawsuit, and whose privacy interests must factor into the sealing analysis.  *See Amodeo*, 71 F.3d at 1050-51 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.").  Individuals' financial information, including their compensation, is considered private and can override even a strong presumption in favor of

public access.  *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing the redaction of compensation as "sensitive personal information"); *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, No. 18 Civ. 2392, 2020 WL 3170566, at *2 (S.D.N.Y. June 15, 2020) (approving request to redact employee salary information).  *But see In re Terrorist Attacks on September 11, 2001*, No. 03 MDL 1570, 2019 WL 3296959, at *7 (S.D.N.Y. July 22, 2019) (denying request to redact individual salary information).

WHEREAS, this information is central to Plaintiff's claims and the parties' arguments at summary judgment.  To understand the equal-pay issues, the public must understand what constitutes the compensation of Plaintiff's proposed comparators and how Defendant determines it, making the presumption of access particularly strong with respect to this information. Defendant admits that individual salary information is not confidential and that employees may share information about their compensation freely, including outside of the company.  Defendant has not carried its burden to overcome the presumption of access with respect to compensation amounts.

WHEREAS, to accommodate the privacy interests of third-parties, documents may be filed under seal with the names, but not the compensation amounts, of non-party employees redacted.  Pseudonyms may be used to identify individual comparators.  Defendant argues that such an approach is unworkable and futile, as the identities of comparators could potentially be deduced from public filings.  This argument fails because it assumes the default is non-disclosure. The presumption -- particularly strong for documents submitted in support of a summary judgment motion -- is that of public filing, rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values."  *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted).  Defendant has not offered a sufficient factual basis to make these

findings.

It is **ORDERED** that, to the extent the sealing motions propose redactions to names and other identifying information that could connect specific individuals to compensation amounts, the motions are **GRANTED**.  The motions are **DENIED** to the extent they propose redactions to salary amounts or other information broader than necessary to preserve anonymity.

**Compensation Practices Generally**

WHEREAS, Defendant seeks to file under seal information about its compensation practices generally.  Defendant argues that disclosure of such information could cause competitive harm, by allowing competitors to hire talent away from Defendant more efficiently. This is a countervailing consideration, which in some cases can override the presumption of disclosure.  *See, e.g.*, *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706-07 (S.D.N.Y. 2017) (allowing the redaction of average and individual salary information from summary judgment record, due to risk of competitive harm).  Defendant also states that its internal compensation practices are proprietary.

WHEREAS, this information is central to Plaintiff's equal-pay claims and the parties' arguments at summary judgment.  Unlike individual salary amounts, information about how Defendant sets compensation in general does not implicate non-parties' privacy interests.  *See Barrett v. Forest Lab'ys, Inc.*, No. 12 Civ. 5224, 2015 WL 3851860, at *3 (S.D.N.Y. June 11, 2015) (denying motion to seal documents containing descriptions of compensation practices); *Saks Inc. v. Attachmate Corp.*, No. 14 Civ. 4902, 2015 WL 1841136, at *18-19 (S.D.N.Y. Apr. 17, 2015) (denying motion to seal records related to general business practices, contrasted with "information about employee compensation as it relate[d] to any particular employee").  To support its argument in favor of sealing, Defendant offers only conclusory statements and

speculative predictions of competitive harm resulting from the disclosure of materials about its internal organization.  For example, its supporting documentation states, "[i]t would be damaging to Google if these documents got into the hands of its competitors," without elaboration.  It also states that "[i]n designing any written materials regarding compensation, . . . we assume that they will be kept confidential and not published publicly."  That a fact has not previously been made public is not enough to override the right of public access, which is particularly strong with respect to these materials.  Instead, Defendant must show, with particularized evidence, that disclosure would cause some competitive harm.  The materials submitted do not permit this Court to make "specific, on the record findings" that sealing documents is "necessary to preserve higher values."  *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted).  Compounding the problem is the breadth of the withholding Defendant requests.  For example, it wishes to withhold entirely the Declaration of Chris Humez, which contains information about the compensation of Plaintiff and her comparators, as well as information about how Defendant sets compensation generally, all of which is central to Plaintiff's claims.  Defendant acknowledges that Plaintiff has disclosed information about her compensation in this suit, but still seeks to file the portions of the Humez Declaration concerning her compensation under seal.  Allowing Defendant to withhold the entire declaration would run afoul of the requirement that a sealing order be "narrowly tailored."  *Id.* at 124.

It is **ORDERED** that, to the extent the sealing motions seek to protect information about Defendant's compensation practices generally, they are **DENIED**.

**Job Descriptions**

WHEREAS, Defendant seeks to file under seal various job ladders and job descriptions. Defendant argues that the job ladders are proprietary and would result in competitive harm if

disclosed, in the form of competitors' modelling their internal employee management on Defendant's practices. This argument is unpersuasive. Defendant offers no plausible account of how disclosure of information on job responsibilities would cause competitive harm, beyond speculation that competitors would model their internal operations on those of Defendant. The job responsibilities of Defendant's employees, and whether or not they are comparable, are a central issue in this case. The job descriptions offer the kind of information that a member of the public would need to understand the resolution of the parties' motions for summary judgment. Defendant's arguments in favor of sealing fall short of what is needed to make "specific, on the record findings . . . that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120 (internal quotation marks omitted).

It is therefore **ORDERED** that, to the extent the sealing motions concern job ladders and job descriptions, they are **DENIED**.

## Recruiting Information

WHEREAS, Defendant seeks to file under seal information disclosing the identity of candidates under consideration for executive roles. Defendant argues that this information is private and, if disclosed, could harm those individuals because candidates typically do not disclose to their current employer or manager that they are seeking another role. The identity of individuals seeking executive positions is unrelated to the claims at issue or the parties' summary judgment briefing. The risk that disclosure of their identities could cause them harm outweighs the presumption of public access. For most of the relevant documents, Defendant seeks to withhold only the names of candidates, satisfying the requirement that a sealing order be "narrowly tailored." *Id.* (internal quotation marks omitted). However, for others, Defendant seeks to withhold large portions of a candidate's resume or information on their professional

background.  The nature of Plaintiff's claims makes the credentials of job candidates, including their prior experience, important context for understanding the adjudication of the parties' motions.  Any imposition on candidates' privacy by disclosure of this information, particularly when candidates' names are redacted, does not outweigh the right of public access.

It is **ORDERED** that, to the extent the motions to file under seal seek to protect the identities of candidates for positions with Defendant, they are **GRANTED**.  The motions are **DENIED** to the extent they propose redactions to other information broader than necessary to preserve anonymity.

### Other Personal Information

WHEREAS, Defendant seeks to file under seal personal information about non-parties to this lawsuit, unrelated to their compensation, qualifications, job history, or other characteristics relevant to Plaintiff's claims.  Such information consists of personal telephone numbers, email addresses and home addresses.  This information is unrelated to the resolution of this case and implicates the privacy interests of non-parties.  *See Amodeo*, 71 F.3d at 1050-51.  These countervailing privacy interests overcome the presumption against public access.

WHEREAS, Defendant seeks leave to file under seal the identity of a non-party female employee who sought advice from Will Grannis, the Managing Director for the Office of the CTO within Defendant's Cloud organization, regarding compensation.  Plaintiff opposes this portion of the motion, arguing that this person's seeking advice is relevant evidence to infer discrimination and accordingly, its probative value outweighs any imposition on privacy interests.  This argument ignores that Defendant seeks only to redact the identity of the employee, leaving the surrounding contents of the email and thereby preserving its probative value.  These redactions are "narrowly tailored" to protect the non-party's privacy interest.  *Lugosch*, 435 F.3d

8

at 120 (internal quotation marks omitted).

It is **ORDERED** that to the extent the motions to file under seal seek to protect private personal information unrelated to compensation, qualifications, job or educational history, and other characteristics relevant to Plaintiff's claims, they are **GRANTED**.

**Summary**

It is hereby **ORDERED** that Defendant's motions to file under seal are **GRANTED IN PART, DENIED IN PART**.  Some of the relevant documents may be filed under seal in the form requested by Defendant, as the proposed redactions comply with the guidelines given above. The motions are **GRANTED** with respect to the following documents, which may be filed under seal in the form requested by Defendant: Declaration of Sara B. Tomezsko in Support of Defendant Google LLC's Motion for Summary Judgment, Exhibits 21, 22, 23, 24, 34, 35, 38, and 40 (Dkt. 143); Declaration of Maya S. Jumper, Exhibits 25, 59, and 95 (Dkt. 160); and Supplemental Declaration of Sara B. Tomezsko in Further Support of Google's Motion for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Summary Judgment and Exhibits 3, 4, 10, and 14 thereto (Dkt. 187).  The motions to file under seal are **DENIED** with respect to all other documents.

The motions are denied without prejudice to renew.  Defendant may propose redactions consistent with the guidelines in this Order on documents it sought to file entirely under seal or more narrowly tailored redactions to documents it sought to file in redacted form.  All documents currently filed under seal shall remain under seal at this time.  If Defendant does not file a renewed motion with respect to a document within thirty days of the issuance of this order, the party originally filing the document shall refile it consistent with this Order.

The parties are reminded that this Order covers only the sealing or redaction of

information submitted in connection with the parties' motions for summary judgment.  That

information may be filed under seal in connection with those motions does not mean it may be

filed under seal at trial.  *See Amodeo*, 71 F.3d at 1049 ("[T]he public has an especially strong

right of access to evidence introduced in trials." (internal quotation marks omitted)).

The Clerk of Court is respectfully directed to close the motions at Dkt. 144, Dkt. 161,

Dkt. 171, Dkt. 188, Dkt. 198, and Dkt. 211.

Dated: September 26, 2022
　　　　New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

10