UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ULKU ROWE,

        Plaintiff,        Case No. 1:19-cv-08655-LGS

    v.

GOOGLE LLC,

        Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION IN LIMINE REGARDING
<u>EVIDENCE OF LEVELING DETERMINATIONS</u>**

**I.      INTRODUCTION**

A central allegation in this case is Plaintiff Ulku Rowe's claim that she was unlawfully hired as a Level 8 employee, instead of a Level 9 employee, and that has impacted her compensation since. Google anticipates that Rowe may offer evidence regarding leveling decisions affecting other employees. That evidence should be limited.

Rowe should be precluded from introducing any evidence concerning Google's leveling determinations, *except as to* herself and Level 8 and Level 9 Technical Directors in the Office of the CTO ("Technical Directors").[1] Evidence concerning leveling determinations for any other individuals should be excluded because (a) it is not relevant under Federal Rule of Evidence 401; and (b) even if it had limited relevance (which it does not) permitting it at trial would waste time, and create confusion and unfair prejudice, justifying exclusion under Federal Rule of Evidence 403.

**II.     ARGUMENT**

    **A.     Evidence regarding leveling decisions affecting other individuals is irrelevant.**

This trial presents the question of whether Google unlawfully hired Rowe as a Technical Director in the Office of Chief Technology Officer of Google Cloud ("OCTO") at Level 8, instead of a Level 9. Rowe should not be permitted to present evidence regarding leveling decisions or recommendations, except as to individuals offered Technical Director roles in OCTO. Evidence concerning other leveling determinations is irrelevant.

---

[1] In correspondence between counsel on November 8, 2022, Rowe represented that she "will not be using as comparators the other Eng. Directors who were the subject of [her] motion to compel." (*See* ECF 79 (seeking production of comparator evidence for Application Engineers, Software Engineers, Product Managers, and Global Client Leads).)

1

The Second Amended Complaint expressly identifies male Technical Directors in OCTO as the appropriate comparator population. (ECF 108 at ¶¶ 21–28.) Rowe alleges that a Level 8 Technical Director role "might not be the right level, considering her experience and compensation expectations," and that her "background and experience was commensurate to at least a Level 9." (*Id.* ¶ 23.) She also alleges that the decision to hire her as a Level 8 Technical Director diminished her earning potential, as the Level 9 Technical Director role "pays hundreds of thousands of dollars more in total annual compensation than Level 8." (*Id.* ¶ 26.) The evidence will show that the leveling determinations for Technical Directors in OCTO during the relevant time resulted from recommendations by the hiring manager, Will Grannis, and the CTO of Google Cloud, Brian Stevens.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Leveling determinations for individuals other than Technical Directors—those in other parts of Google or offered jobs by other managers, to work in different locations, or in different roles—is not a fact of consequence in determining whether the decision to hire Rowe as a Level 8 Technical Director was discriminatory. Such evidence does not have any logical tendency to make it more or less probable that anyone involved in Rowe's hiring acted with intent to discriminate. Nor does such evidence have any logical tendency to make it more or less probable that any differential in pay between Rowe and male Technical Directors is unlawful.

As Rowe well knows, jobs at Google are grouped into job families and organized into job ladders, which reflect, in Rowe's own words, "within a position, the progression to higher levels of pay, skill, responsibilities, or authority." (ECF 52 at p. 4 (seeking to compel production of job ladders for positions other than the Technical Director position in OCTO).) It follows, then, that

2

the decision to hire someone as a Level 8 or a Level 9 on a *different* job ladder involves consideration of the "skill, responsibility, or authority," associated with a *different* job family.[2] Whether someone was hired as a Level 8 or Level 9 Software Engineer, for example, has absolutely no bearing on whether sex played any role in the decision to hire Rowe as a Level 8 on the Technical Director job ladder, nor could it. Accordingly, Rowe should be precluded from presenting such evidence at trial. *See Henry v. Wyeth Pharms., Inc.*, No. 05–cv-8106, 2008 WL 294443, at *1 (S.D.N.Y. Jan. 29, 2008) (in employment discrimination action, granting defendant's motion *in limine* to exclude "evidence of racial discrimination against other employees of defendant Wyeth Pharmaceuticals by decision makers different from those responsible for preparing performance reports and/or making recommendations or decisions relating to plaintiff's job assignments or promotions"), *aff'd*, 616 F.3d 134 (2d Cir. 2010); *accord Romain v. Great Expressions Dental of N.Y. LLP*, No. 16-cv-1966, 2018 WL 3542858, at *9 (S.D.N.Y. July 20, 2018) ("any income disparity between Plaintiff and Doctors John and Oglesbee is legally irrelevant, because the latter . . . are not similarly situated to Plaintiff"); *Shevack v. Litton Applied Tech.*, No. 95-cv-7740, 1998 WL 512959, at *3 (S.D.N.Y. Aug. 18, 1998) ("[t]he comparison between [plaintiff] and Mr. Schivano is irrelevant here, because they were not similarly situated in terms of job titles, grades, qualifications, and responsibilities").

Google understands that Rowe intends to oppose this motion by arguing that Stuart Breslow's hire as a Level 9 is relevant evidence of Tariq Shaukat's alleged bias. It is undisputed

---

[2] In fact, Rowe moved to compel production of job ladders for different job families (namely, the Software Engineer, Application Engineer, and Product Manager job families) to assess whether those positions were even comparable to Rowe's in the first instance. (ECF 52 at p. 4.) She has since represented that she will not argue at trial that her work is comparable to that performed by individuals who occupy roles in those job families. Therefore, she should be precluded from arguing that leveling determinations involving those job families is at all relevant to any decision impacting Rowe.

3

that Shaukat played no role whatsoever in Rowe's hire in 2017. His alleged "bias," if any, makes it no more or less probable that other decision-makers considered Rowe's sex when recommending her hire at a Level 8 on the Technical Director job ladder. *See Wyeth Pharms.*, 2008 WL 294443, at *1. Moreover, Breslow was hired in mid-2018 as a Level 9 Managing Director, Technology and Policy against a different job description than the one used to hire Rowe and other Technical Directors in OCTO. He was hired into a different job family with its own unique job ladder, and evaluated against different leveling criteria than Rowe. How decision-makers evaluated him against those different criteria is wholly irrelevant to the issues to be tried.

> **B.    The probative value of other leveling determinations is outweighed by its tendency to confuse the jury and prolong the trial.**

Even if this Court concludes that evidence concerning leveling determinations for anyone other than Technical Directors in OCTO is relevant, its probative value is far outweighed by the danger of confusing the issues, misleading the jury, and needlessly prolonging the trial. Therefore, it should be also be excluded pursuant to Rule 403 of the Federal Rules of Evidence.

If Rowe is permitted to present evidence concerning leveling determinations for other individuals, Google will necessarily have to present evidence supporting those determinations. This would potentially involve the introduction of hiring documentation and testimony from hiring managers in other parts of Google that otherwise have no connection to this trial. Such evidence would likely confuse the jury as to which leveling determinations are at issue, and prolong the trial unnecessarily. *See Gabel v. Richards Spears Kibbe & Orbe, LLP*, No. 07-cv-11031, 2009 WL 1856631, at *3 (S.D.N.Y. June 26, 2009) (holding on defendant's motion *in limine* that documents relating to individuals not called as witnesses at the trial are likely inadmissible save for "exceptional cases," and although plaintiff's position "makes evidence about other employees more relevant than it otherwise would have been, . . . the Court is not prepared to listen to endless

amounts of testimony, or to burden the jury with innumerable documents that are of marginal relevance.").

## III. CONCLUSION

For the foregoing reasons, evidence concerning Google's leveling determinations, except as to herself and Level 8 and Level 9 Technical Directors in OCTO ("Technical Directors ") should be excluded from trial.

Dated: November 21, 2022

PAUL HASTINGS LLP

_____
Kenneth W. Gage
Sara B. Tomezsko
200 Park Avenue
New York, NY 10166
(212) 318-6000
kennethgage@paulhastings.com
saratomezsko@paulhastings.com

*Attorneys for Defendant Google LLC*