UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ULKU ROWE,

        Plaintiff,        Case No. 1:19-cv-08655-LGS

    v.

GOOGLE LLC,

        Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF OTHER EMPLOYEE COMPLAINTS**

**I.      INTRODUCTION**

Plaintiff Ulku Rowe should not be permitted to introduce at trial any evidence concerning other employee's complaints of alleged unfair treatment by Google, including *but not limited to*: (1) *Haggan et al. v. Google LLC*, Case No. 518739/2022 (N.Y. Sup. Ct.) (*"Haggan"*); (2) *Ellis v. Google LLC*, Case No. CGC-17-561299 (Cal. Sup. Ct.) (*"Ellis"*); (3) employee protests; and (4) any internal complaint of discrimination or unfair treatment by Google (collectively, "Other Complaints").

Evidence concerning Other Complaints should be excluded because (a) it is inadmissible hearsay under Federal Rule of Evidence 802; (b) it is not relevant under Federal Rule of Evidence 401; and (c) even if it had limited relevance, which it does not, permitting it at trial would waste time, and create confusion and unfair prejudice, justifying exclusion under Federal Rule of Evidence 403. This Court should therefore exclude evidence concerning Other Complaints.

**II.     ARGUMENT**

    **A.      Other Complaints are hearsay under Rule 802.**

Like all large employers, Google receives complaints, external and internal, formal and informal. Some external complaints have generated publicity, including recent class settlements in *Haggan* and *Ellis*, and organized employee protests.[1] Google also has robust processes for the investigation and resolution of internal complaints, which were the subject of some discovery in this case. And employees are encouraged to raise concerns informally with their managers. Other Complaints should not be allowed into evidence at trial.

---

[1] *Google Walkout: Employees Stage Protest Over Handling of Sexual Harassment*, N.Y. TIMES (Nov. 1, 2018), https://www.nytimes.com/2018/11/01/technology/google-walkout-sexual-harassment.html (last visited Nov. 11, 2022.)

Other Complaints are out of court statements concerning events that someone not testifying at trial may believe represent unfair treatment of some kind. They are proof of nothing, and are inherently unreliable evidence in any event. Therefore, courts exclude such evidence from trial pursuant to Federal Rule of Evidence 802. *See*, *e.g.*, *Greene v. Brentwood Union Free Sch. Dist.*, 576 F. App'x 39, 41 (2d Cir. 2014) (summary order) ("complaints and charges are also inadmissible hearsay and not evidence of discrimination"); *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14-cv-5601, 2015 WL 7017431, at *5 (S.D.N.Y. Nov. 12, 2015) ("[i]f offered in another action, [plaintiff's] allegations against [defendant] would be hearsay and would be inadmissible"); *Dent v. U.S. Tennis Ass'n, Inc.*, No. 08-cv-1533, 2008 WL 2483288, at *3 (E.D.N.Y. June 17, 2008) ("In addition to being inadmissible as hearsay, unproved allegations of misconduct are not proof of anything"); *Howe v. Reader's Digest Ass'n, Inc.*, 686 F. Supp. 461, 464 n.3 (S.D.N.Y. 1988) (rejecting evidence of non-party complaints as inadmissible, in part because "the underlying complaints are hearsay").

### B.   Evidence concerning Other Complaints is irrelevant under Rule 401.

This trial concerns specific decisions affecting Rowe and no one else, and Rowe's complaints and no others. It relates to decisions about her pay and level, decisions about whether to place her in different jobs, her complaints concerning those decisions, and what she claims are retaliatory actions by specific employees.

How other employees were treated, and how they perceived their treatment, are not facts of consequence in determining Rowe's claims at trial. Nor would evidence concerning those matters have any logical tendency to make Rowe's claims more or less probable. Therefore, evidence concerning other employees' complaints does not satisfy the test for relevance. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable

2

than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

Neither the class in *Ellis* nor the class in *Haggan* even covers Rowe. Neither case involved any adjudication of wrongdoing by Google, moreover. The *Ellis* class encompasses only California employees in certain job codes (not including Rowe's), and the *Haggan* class encompasses New York employees in levels 3 through 7. Since her hiring in 2017, Rowe has been a Level 8 employee in New York.

The Google employee protests in 2018 related to allegations of sexual harassment and Google's response. Rowe does not allege sexual harassment. Nor do her claims relate in any way to the manner in which Google has responded to sexual harassment claims. None of the Other Complaints that were the subject of discovery relate to employees who made decisions concerning Rowe. Therefore, even if Other Complaints were not inadmissible hearsay, evidence concerning them is not relevant to Rowe's claims. *See*, *e.g.*, *Mugavero v. Arms Acres, Inc.*, No. 03-cv-5724, 2009 WL 1904548, at *9 (S.D.N.Y. July 1, 2009) (excluding evidence of retaliatory acts by a different manager; holding, "[the other manager's] alleged acts of retaliation are not probative because there is no evidence that [the other manager] played a role in any adverse actions allegedly taken against Plaintiff"); *Rivera v. Baccarat, Inc.*, No. 95-cv-9478, 1997 WL 777887, at *1 (S.D.N.Y. Dec. 15, 1997) (discriminatory remarks by former supervisor who was "not involved in the decision to terminate the plaintiff are inadmissible" for lack of relevance); *Mantione v. Ted Bates Advert./N.Y.*, No. 84-cv-2000, 1985 WL 2516, at *7 (S.D.N.Y. Sept. 10, 1985) ("because [the Manager of Client Accounting] was not in a position of authority regarding employment decisions, [her dii] comment is not relevant to whether plaintiff was discharged by [the company] because of her age").

3

### C. Evidence concerning Other Complaints will confuse the jury, generate mini-trials, and result in unfair prejudice under Rule 403.

The introduction of evidence concerning Other Complaints improperly will waste this Court's, the juror's, and the parties' time. Google will be forced to waste further precious time at trial responding to any such proof, offering legitimate non-discriminatory explanations and unnecessarily lengthening the trial. Hearing evidence concerning Other Complaints will also confuse the jury, because there will be no apparent relevance to it, and distract them from properly evaluating Rowe's own claims. Finally, Google will unfairly be prejudiced by such evidence. Therefore, this evidence should be excluded pursuant to Federal Rule of Evidence 403.

Courts routinely exclude this type of evidence. In *Dodson v. CBS Broadcasting, Inc.*, for example, the court excluded evidence of consent decrees the defendant entered into with the EEOC in other matters, holding that the "limited probative value of this evidence" was "substantially outweighed by the burden that the admission of this evidence would place on defendant to explain the circumstances at issue in the EEOC lawsuit[s] and [their] settlement, by the waste of time that would accompany such explanations, and by the danger that admission of this evidence will create unfair prejudice against defendant." 423 F. Supp. 2d 331, 334 (S.D.N.Y. 2006) (rejecting plaintiff's improper attempt "to show an apparent propensity for generalized sex discrimination"). Other decisions are in accord. *See also Martin v. Reno*, No. 96-cv-7646, 2000 WL 1863765, at *4 (S.D.N.Y. Dec. 19, 2000) (granting that portion of defendant's motion *in limine* seeking to exclude testimony "about alleged incidents of discrimination by [defendant] that do not involve [plaintiff]," because the testimony would "merely protract the trial by taking the testimony too far afield from [plaintiff's] actual claims"); *Castro v. City of New York*, No. 06-cv-2253, 2009 WL 2461144, at *7 (E.D.N.Y. Aug. 10, 2009) (granting motion *in limine* to exclude testimony from plaintiff's brother regarding a similar discrimination lawsuit against the same defendant, because "any

4

probative value is outweighed by the danger of unfair prejudice to defendants, confusion of the issues, misleading of the jury, and undue delay").

Evidence concerning Other Complaints is therefore inadmissible under Rule 403, as well, and should be excluded from trial.

### III. CONCLUSION

For the foregoing reasons, evidence concerning Other Complaints should be excluded from trial.

Dated: November 21, 2022

PAUL HASTINGS LLP

_____
Kenneth W. Gage
Sara B. Tomezsko
200 Park Avenue
New York, NY 10166
(212) 318-6000
kennethgage@paulhastings.com
saratomezsko@paulhastings.com

*Attorneys for Defendant Google LLC*

5