**OUTTEN & GOLDEN LLP**
Cara E. Greene
Gregory S. Chiarello
Shira Z. Gelfand
685 Third Avenue, 25th Floor
New York, New York 10017
(212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:19-cv-08655 (LGS) |

**MOTION ONE:
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE CONCERNING DEFENDANT'S CONSIDERATION OF OTHER REJECTED CANDIDATES FOR FINANCIAL SERVICES
<u>VERTICAL LEAD ROLE</u>**

In this action, Plaintiff alleges that Google denied her a promotion to the Financial Services Vertical Lead role ("FSVL") in violation of the New York City Human Rights Law ("NYCHRL"). Plaintiff hereby moves for an order *in limine* to exclude all evidence concerning Google's consideration of other candidates for the FSVL role. This evidence is irrelevant to Plaintiff's claims and does not provide a legitimate defense for Google's adverse action.

I.   **Facts**

Over the course of 2018, Google sought to hire a Vice President, Financial Services ("FSVL" role). Ms. Rowe's focus at Google was in financial services, an industry in which she had more than two decades of experience. (ECF No. 154 ¶ 170). Both Will Grannis, Ms. Rowe's former supervisor and Brian Stevens, Google Cloud's Chief Technology Officer, considered Ms. Rowe to be well qualified for the role, and Mr. Stevens asked Tariq Shaukat, the hiring manager and Ms. Rowe's then-supervisor, to consider her. (ECF No. 154 ¶ 305). On June 13, 2018, Ms. Rowe herself expressed interest in the FSVL role and, although Mr. Shaukat told Ms. Rowe he planned to give her a fair shot, in June 2018, prior to Rowe's application for the FSVL role and just weeks into any formal professional interaction with Rowe,[1] he formed the opinion that Rowe was not "likely right . . . for the role." (ECF No. 154 ¶ 301). Around the same time, Ms. Rowe spoke with Mr. Grannis regarding her concerns that she was not being fairly considered for the promotion. (ECF No. 154 ¶ 304). She also emailed the Google internal HR recruiters she had worked with, Melissa Lawrence and Kevin Lucas, that she perceived that her under-leveling at hire was negatively impacting her consideration for the FSVL role. (ECF No. 154 ¶ 309).

---

[1] Although they had limited interactions, Ms. Rowe observed that Mr. Shaukat treated her differently than her male peers whom he supervised. For example, Mr. Shaukat uniquely excluded her from staff meetings, distribution lists, and ignored her requests for one-on-one meetings. (ECF No. 163 ¶ 284-85, 289,)

1

In August 2018, four individuals interviewed Ms. Rowe for the FSVL role. Contrary to Google's standard practice, however, their feedback was not formally captured in writing and uploaded to its internal hiring software, gHire. Rather, their limited feedback, to the extent it was provided at all, was allegedly only shared orally and informally, and only one panelist, Sebastien Marotte, provided his feedback directly to Mr. Shaukat. (ECF No. 154 ¶ 310-12). Overall, "there was no negative feedback" from Ms. Rowe's interviewers; "[t]here was only positive feedback on the technical side," and while Mr. Marotte raised some questions on the "on the business side," it was with the caveat that his interview with Ms. Rowe was only 30 minutes. (ECF No. 154 ¶ 323). Notwithstanding that Google had not gathered or documented the panel feedback and that the limited feedback it had was positive, Google did not continue to consider Ms. Rowe for the role. Instead, just two days after she raised concerns about gender discrimination to HR, Google ended her consideration and noted on August 31, 2018 that it "sounds like she is not viable for the role." (GOOG-ROWE-00017722).

In December 2018, Mr. Shaukat told Ms. Rowe he was pausing his search for the FSVL role, but that that even if the position reopened, her selection for the role was "not going to happen." (ECF No. 154 ¶ 326). At the same time, Mr. Shaukat hand-selected Stuart Breslow to fill the role on an interim basis without requiring him to undertake a single interview. (ECF No. 154 ¶ 328-29). Mr. Breslow admitted he did not meet the core requirements for the role; his background was in compliance, he was trained as a lawyer and not a computer engineer, and he had worked for a consulting company (McKinsey) before joining Google, and not a financial services institution. (ECF No. 154 ¶ 115).

## II.     Argument

Google should be precluded under Federal Rules of Evidence Rule 402 from introducing evidence of the qualifications and consideration of other FSVL candidates who also did not receive the role, as such evidence is irrelevant. The undisputed evidence is that, after pausing the search for the position, Mr. Shaukat hand-selected Stuart Breslow for the role without having him go through the required interview process and despite his inferior qualifications. The issue at trial will be whether Mr. Shaukat was motivated in part by discriminatory or retaliatory bias when denying Ms. Rowe the FSVL role and giving it to Mr. Breslow. *See Rowe v. Google LLC*, No. 19 Civ. 8655, 2022 U.S. Dist. LEXIS 173540, *17-18 (S.D.N.Y. Sept. 26, 2022) ("In essence, '[u]nder the NYCHRL, unlawful discrimination must play 'no role' in an employment decision.'") (quoting *Lefort v. Kingsbrook Jewish Med. Ctr.,* 164 N.Y.S.3d 183, 188 (2d Dep't 2022). Accordingly, the qualifications and interview feedback for any other candidate is irrelevant to the jury's consideration of whether gender or retaliatory bias motivated Mr. Shaukat to reject Ms. Rowe and place Mr. Breslow in the position instead.

Google's consideration of other candidates, including other women, does not rebut Ms. Rowe's claim for discrimination based on gender, especially when Google did not hire any of the other candidates. *See Graham v. Long Island R.R.*, 230 F.3d 34, 43 (2d Cir. 2000) ("[A]n employer may not escape liability for discriminating against a given employee on the basis of [gender] simply because it can prove it treated other members of the employee's group favorably."). Further, because it did not follow its own process and rejected all legitimate candidates in favor of someone who was not even interviewed for the role, Google should not be permitted to argue that, even if it had not placed Breslow in the position, it would have selected one of the other candidates. *See Hampton v. Diageo N. Am., Inc.,* No. 04 Civ. 346, 2008 U.S.

3

Dist. LEXIS 8965, at *21 (D. Conn. Jan. 31, 2008) ("Given that the candidate[] selected did not comport with the Company's own description of the job requirements, this procedural irregularity supports an inference that the qualification-based reason given for the selection was pretextual."). Notably, there is nothing in the record to support that Google ever considered one of the other candidates as an alternative to Mr. Breslow if he did not accept, or that Google ever ranked candidates by preference or considered them against each other. *See Agron v. Trs. of Columbia Univ.*, 88 Civ. 6294, 1997 U.S. Dist. LEXIS 19612, at *18-19 (S.D.N.Y. Dec. 2, 1997) (evidence should be excluded as irrelevant if it was not considered by the decisionmakers at the time of the decision); *see also Price Waterhouse v. Hopkins,* 490 U.S. 228, 252 (1989) (plurality opinion) ("An employer may not . . . prevail . . . by offering a legitimate and sufficient reason for its decision if that reason did not motivate it at the time of the decision."); *id.* at 260-61 (White, J., concurring); *id.* at 261 (O'Connor, J., concurring). To the point of Ms. Rowe's claims, Google did the opposite and departed from all conventional practices for candidate selection by selecting someone entirely outside the candidate process for the position. Google should be prohibited from introducing such irrelevant and highly-prejudicial evidence which, at best, would invite improper speculation from the jury.

      For the foregoing reasons, the Court should grant Plaintiff's motion *in limine* and exclude all evidence, documentary and testimonial, concerning Google's consideration of other candidates for the FSVL role.

DATED:  New York, New York  
           November 21, 2022

Respectfully submitted,

/s/ *Cara E. Greene*  
OUTTEN & GOLDEN LLP  
Cara E. Greene  
Gregory S. Chiarello

4

                    Shira Z. Gelfand
                    685 Third Avenue, 25th Floor
                    New York, New York 10017
                    Telephone: (212) 245-1000
                    Facsimile: (646) 509-2060