**OUTTEN & GOLDEN LLP**
Cara E. Greene
Gregory S. Chiarello
Shira Z. Gelfand
685 Third Avenue, 25th Floor
New York, New York 10017
(212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE,<br><br>          Plaintiff,<br><br>     v.<br><br>GOOGLE LLC,<br><br>          Defendant. | Case No. 1:19-cv-08655 (LGS) |

**MOTION THREE:
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE CONCERNING YOLANDA PIAZZA OR DEFENDANT'S CONSIDERATION OR SELECTION OF CANDIDATES FOR THE VICE PRESIDENT-<u>FINANCIAL SERVICES, SALES ROLE</u>**

Plaintiff alleges that Google denied her consideration for the Vice President – Financial Services, Sales role ("VP-FS") in retaliation for her protected complaints, including the filing of this lawsuit in September 2019, in violation of the New York City Human Rights Law ("NYCHRL"). Plaintiff hereby moves for an order *in limine* to exclude all evidence concerning: (i) Google's consideration of candidates, apart from Ulku Rowe, for the VP-FS position; (ii) Google's selection of Yolanda Piazza for the VP-FS position; and (iii) Ms. Piazza's qualifications (collectively, the "VP-FS Candidate Evidence"). This evidence is irrelevant to Plaintiff's claim, as it had no bearing on Defendant's decision to exclude Ms. Rowe from consideration for the role, and is irrelevant as a defense against damages. Furthermore, because Defendant withheld and did not timely produce discovery related to the VP-FS Candidate Evidence, it should be precluded from introducing any such evidence at trial.

**I.      Facts**

Google unlawfully retaliated against Plaintiff by excluding her from consideration for the VP-FS role. Specifically, after Ms. Rowe filed her lawsuit on September 17, 2019, Google, through its Employee Relations ("ER") team, undertook an internal investigation of Ms. Rowe's claims. On January 22 and 29, 2020, ER interviewed Stuart Vardaman, the internal recruiter for a previous position Ms. Rowe had applied to, the Financial Services Vertical Lead ("FSVL") role. Mr. Vardaman testified at deposition that he was aware that the ER investigation related to Ms. Rowe's complaints regarding unequal pay and leveling and discrimination with respect to her consideration for the FSVL role. (ECF No. 163 ¶¶ 349-51).

Less than one week after ER interviewed Mr. Vardaman, on February 4, 2020, Ms. Rowe contacted Mr. Vardaman, at the instruction of Kristen Kliphouse, the hiring manager for the VP-FS role, to inquire about the position. (ECF No. 163 ¶ 358). Mr. Vardaman forwarded her the job

1

description, but ignored her repeated requests for more information on the application process. (ECF No. 163 ¶ 359). On February 10, Mr. Vardaman finally responded that he would be scheduling a meeting with her to discuss an "update." (ECF No. 163 ¶ 360). On February 25, 2020, Mr. Vardaman informed Ms. Rowe that she would not be considered for the VP-FS position. (ECF No. 163 ¶ 361).

Mr. Vardaman testified that he did not tell Ms. Rowe she needed to submit a formal application, he did not review any written materials related to Ms. Rowe in connection with considering her for the role, and he did not discuss her application with anyone else, including Ms. Kliphouse. (ECF No. 163 ¶¶ 363-66). Mr. Vardaman further testified that he could not recall doing anything to ascertain Ms. Rowe's qualifications for the role, was not aware of her external reputation or honors, did not solicit feedback from anyone at Google about her work, and did not review any of his notes from his prior interactions with her. (ECF No. 163 ¶ 367).

**II.     Argument**

     **A.     Google's Consideration of Other Candidates and Its Selection of Ms. Piazza for the VP-FS Position is Irrelevant and Inadmissible.**

Under Federal Rules of Evidence Rule 402, evidence which is not relevant is not admissible. The VP-FS Candidate Evidence is not relevant to the question of whether Google retaliated against Ms. Rowe by failing to consider her for the VP-FS position, because Mr. Vardaman did not consider Ms. Rowe's qualifications at all, let alone her qualifications vis-à-vis other candidates. *See Agron v. Trs. of Columbia Univ.*, 88 Civ. 6294 (MJL), 1997 U.S. Dist. LEXIS 19612, at *18-19 (S.D.N.Y. Dec. 2, 1997) (evidence should be excluded as irrelevant if it was not considered by the decisionmakers at the time of the decision); *Gethers v. McDonald*, No. 15 Civ. 00177, 2017 U.S. Dist. LEXIS 65676, at *5 (D. Conn. May 1, 2017) (granting motion to exclude evidence unknown to the hiring decision-makers at the time of their decision); *see also*

*Price Waterhouse v. Hopkins*, 490 U.S. 228, 252 (1989) (plurality opinion) ("An employer may not . . . prevail . . . by offering a legitimate and sufficient reason for its decision if that reason did not motivate it at the time of the decision."); *id.* at 260-61 (White, J., concurring); *id.* at 261 (O'Connor, J., concurring).

The issue at trial will be whether Ms. Rowe can establish a causal connection between her protected activity and Mr. Vardaman's unilateral decision to exclude her (*see* ECF No. 219 at 15 (Google only disputes causal connection)) – not whether someone else was a more qualified candidate. *Jindal v. N.Y. State Off. of Mental Health*, 728 F. Supp. 1072, 1078 (S.D.N.Y. 1990) ("An employer's *post hoc* comparison between the promoted employees and the plaintiff does not articulate a legitimate nondiscriminatory reason for failing to consider the plaintiff for the promotion"); *see also Harris v. Niagara Mohawk Power Corp.*, 95 Civ. 788, 1998 U.S. Dist. LEXIS 22009, at *52-53 (N.D.N.Y. Dec. 5, 1998) ("If the process is discriminatory at any stage, Plaintiff is entitled to relief regardless of his qualifications relative to those ultimately hired."). Given that Google never considered Ms. Rowe for the role, whether Google ultimately would have hired her for the role is wholly irrelevant. *Nanty v. Barrows Co.*, 660 F.2d 1327, 1332 (9th Cir. 1981) (where plaintiff was summarily rejected for a job, employer's arguments for why plaintiff would not have been hired had he been considered "are simply not relevant [ ], since none explains *the reason for [plaintiff's] rejection*."), *overruled on other grounds by O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756 (9th Cir. 1996)). In short, the VP-FS Candidate Evidence has no bearing on a determination of liability and should be excluded.

### B. The VP-FS Candidate Evidence is Irrelevant to Determining Damages.

To the extent Defendant might seek to introduce the VP-FS Candidate Evidence to limit damages, on the basis that Ms. Piazza would have been given the role even if Ms. Rowe had

3

been considered (the so called "Same Decision" defense), it should be precluded from doing so as there is no such defense under the NYCHRL. While Title VII includes a Same Decision defense to damages in a mixed motive case, the NYCHRL does not – an intentional omission. "Rather than excluding damages in disparate impact cases and in mixed motive cases, as the Civil Rights Act of 1991 did in connection with Title VII cases, the City Human Rights Law contains no such exclusion." Craig Gurian, *A Return to Eyes on the Prize: Litigating Under the Restored New York City Human Rights*, 33 Fordham Urb. L.J. 255, 285.[1] This is a critical difference between Title VII and NYCHRL, and the exclusion of a "Same Decision" defense reinforces "the fundamental policy of the law the idea that discrimination must 'play no role.'" *Id.* at 285. Because no such defense exists, the VP-FS Candidate Evidence is irrelevant to damages and should be excluded.

### C. Defendant Should Be Precluded from Offering Evidence it Did Not Timely Produce.

Even if the VP-FS Candidate Evidence were relevant, which it is not, it should still be excluded because Defendant did not produce information related to the VP-FS Candidate Evidence in discovery.[2] By document request (Req. No. 48, Jan. 21, 2020), Plaintiff requested information related to Defendant's defenses, and by letter (Nov. 25, 2020), and conference (Dec. 3, 2020), Plaintiff requested "documentation . . . related to the hiring, leveling, and compensation

---

[11] This article has been ratified as part of NYCHRL Section 8-803(c). *See Chauca v. Abraham*, 30 N.Y.3d 325, FN. 5 (2017) (dissent noting, "Gurian's article, although separate from the legislative history, is an 'extensive analysis of the purposes of the Local Civil Rights Restoration Act, written by one of the Act's principal authors' that was used extensively in *Williams* **and has thus been ratified by section 8-130 (c)**") (internal citations omitted, emphasis added).

[2] Google produced information related to VP-FS Candidate Evidence on November 10 (6 days after the parties mediated per Court order), and November 17 (the day after Plaintiff's counsel met and conferred with Defendant's counsel and indicated her intent to move *in limine* on this issue).

setting processes for those individuals considered for and selected for the Financial Services, Vertical Lead – Sales position." On the Dec. 3, 2020 call, Defendant's counsel denied that the information was relevant. Even after Plaintiff amended her complaint on February 12, 2021 to include the VP-FS retaliation claim, Defendant did not produce responsive information per Rule 26(e). It was not until two weeks ago, more than a year and a half after discovery closed and less than two months before trial, that Google produced documents related to the VP-FS Candidate Evidence. Because it failed to comply with its discovery obligations, it should now be prohibited from using that information at trial per Fed. R. Civ. P. 37(c)(1) (excluding untimely produced evidence except where "the failure was substantially justified or is harmless . . . ."). Defendant's failure to produce is neither justified nor harmless; Plaintiff has not had the opportunity to seek additional deposition or documentary evidence related to it and is now being forced to contend with the new evidence at the same time she is preparing for an imminent trial. *See Patterson v. Balsamico*, 440 F.3d 104, 116-87 (2d Cir. 2006) (affirming exclusion of untimely produced information and weighing "the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony"). Thus, the VP-FS Candidate Evidence should be excluded on these grounds as well.

    For the foregoing reasons, the Court should grant Plaintiff's motion *in limine* and exclude all evidence, documentary and testimonial, relating to (i) Yolanda Piazza's qualifications; (ii) Google's consideration of candidates, apart from Ulku Rowe, for the VP-FS position; and (iii) Google's selection of Ms. Piazza for the VP-FS position.[3]

---

[3] Plaintiff does not seek to exclude evidence regarding the compensation, including equity, paid to Ms. Piazza in the VP-FS position, as it relates to the measure of damages for the claim.

|  |  |
|---|---|
| DATED: New York, New York<br>November 21, 2022 | Respectfully submitted,<br><br>/s/ *Cara E. Greene*<br>OUTTEN & GOLDEN LLP<br>Cara E. Greene<br>Gregory S. Chiarello<br>Shira Z. Gelfand<br>685 Third Avenue, 25th Floor<br>New York, New York 10017<br>Telephone: (212) 245-1000<br>Facsimile: (646) 509-2060 |