**OUTTEN & GOLDEN LLP**
Cara E. Greene
Gregory S. Chiarello
Shira Z. Gelfand
685 Third Avenue, 25th Floor
New York, New York 10017
(212) 245-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | **Case No. 1:19-cv-08655 (LGS)** |

**MOTION FIVE:
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO BE
PERMITTED TO ASK LEADING QUESTIONS DURING DIRECT EXAMINATION OF
<u>DEFENDANT'S CURRENT AND FORMER EMPLOYEES</u>**

Plaintiff may call as witnesses on her direct case individuals who are or were employed by Google. Plaintiff seeks a ruling *in limine* that she may treat each of these witnesses as hostile for purposes of Federal Rules of Evidence Rule 611. This includes, but is not limited to, the following witnesses, who are current or former Google employees:

- Stuart Breslow: the individual who received the promotion to former Financial Services Vertical Lead.

- Jennifer Burdis: Google's internal recruiter for the Technical Director role.

- Evren Eryurek: Level 9 Technical Director and Plaintiff's comparator.

- William Grannis: Plaintiff's direct supervisor and hiring manager for the Technical Director role;

- Bernita Jamison: Google's 30(b)(6) witness;

- Adam Lief: Google's 30(b)(6) witness;

- Kevin Lucas: Google's Human Resources Business Partner who investigated Plaintiff's complaints and its 30(b)(6) witness;

- Tariq Shaukat: Google's Former President of Google Cloud, Plaintiff's direct supervisor in the Global Client Technical Lead role, and decisionmaker with respect to the Financial Services Vertical Lead promotion;

- Brian Stevens: Google Cloud's former Chief Technology Officer and Plaintiff's skip-level manager while she worked in the Technical Director role;

- Stuart Vardaman: The recruiter for the promotions Ms. Rowe was denied.

- Benjamin Wilson: a former Level 9 Technical Director and Plaintiff's comparator;

- Any other former or current Google employee called as a witness in Plaintiff's direct case.

Plaintiff deposed the above named individuals in this matter and Google represented each of them, regardless of whether they were current or former employees. As such, Plaintiff seeks permission of the Court to examine these hostile and adverse witnesses using leading questions.[1]

Federal Rule of Evidence 611(c) provides that, "[o]rdinarily, the court should allow leading questions (1) on cross-examination; and (2) when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Federal courts routinely have held that a defendant's current and former employees are "witnesses identified with an adverse party" under Rule 611(c), and therefore may be examined on plaintiff's direct case using leading questions. *See Harewood v. Braithwaite*, No. 09 Civ. 2874, 2013 U.S. Dist. LEXIS 168539, at *6 (E.D.N.Y. Sept. 23, 2013) (permitting leading questions of witness adverse to plaintiff); *Sheehan v. Metro. Life Ins. Co.*, 368 F. Supp. 2d 228, 235 (S.D.N.Y. 2005) (permitting plaintiff, pursuant to Rule 611(c), to use leading questions in direct examination of HR consultant employed by defendant); *see also Chonich v. Wayne Cty. Cmty. Coll.*, 874 F.2d 359, 368 (6th Cir. 1989) (holding that district court did not err in allowing plaintiff to examine defendant's former president and personnel director as adverse or hostile witnesses); *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1478 (11th Cir. 1984) (holding that district court erred in requiring plaintiff to establish actual hostility by defendant's former employee; rather, employee, who was present when alleged tort may have occurred, "certainly was identified with a party adverse to" plaintiff); *Ellis v. City of Chicago,* 667 F.2d 606, 612 (7th Cir. 1981) (holding that district court

---

[1] The Parties met and conferred regarding the scope of Plaintiff's motion and Defendant indicated it may be opening to entering into a stipulation with respect to certain individuals. However, the parties were unable to come to agreement before the deadline to file this motion.

erred in denying permission to plaintiffs to ask leading questions during direct examination of defendant's employees); *Walker v. Target Corp.*, No. 16 Civ. 42, 2017 U.S. Dist. LEXIS 107691, at *12 (S.D. Miss. July 12, 2017) (finding that "persuasive authorities provide that witnesses who were employees or agents of a defendant at the time of the alleged tort are identified with a party adverse to the plaintiff"); *Stahl v. Sun Microsystems, Inc.*, 775 F. Supp. 1397, 1398 (D. Colo. 1991) (holding that defendant's former employee is "clearly identified with Defendant, both through her previous employment and her ongoing relationship with . . . a key witness").

As each of these trial witnesses are currently or were formerly employed by Google, and/or were represented by Google at their depositions, Plaintiff should be permitted to use leading questions to examine them.

| | |
|---|---|
| DATED: New York, New York<br>November 21, 2022 | Respectfully submitted,<br><br>/s/ *Cara E. Greene*<br>OUTTEN & GOLDEN LLP<br>Cara E. Greene<br>Gregory S. Chiarello<br>Shira Z. Gelfand<br>685 Third Avenue, 25th Floor<br>New York, New York 10017<br>Telephone: (212) 245-1000<br>Facsimile: (646) 509-2060 |