

1(212) 318-6046
kennethgage@paulhastings.com

November 22, 2022

**VIA ECF**
Hon. Lorna G. Schofield
U.S. District Court, S.D.N.Y.

*Re:*     *Ulku Rowe v. Google LLC*, Case No. 1:19-cv-08655-LGS

Dear Judge Schofield:

We represent Google LLC ("Google") in this matter, which is on Your Honor's January trial calendar (1/9/2023) as the third case. Pursuant to Rule III(A)(1) of Your Honor's Individual Rules and Procedures for Civil Cases, we respectfully request a pre-motion conference to address Google's request for leave to take *de bene esse* depositions of three witnesses: Tariq Shaukat, Paul Strong, and Jennifer Burdis. All three are outside the Court's subpoena power for trial testimony. Shaukat and Burdis are former employees, and Strong's personal circumstances make it impossible for him to testify in-person should the trial proceed in January. The parties have met and conferred over Google's request, and Plaintiff does not consent. Google does not request any modification of the trial date in connection with these *de bene esse* depositions.

**I.      Factual Background**

Plaintiff deposed Tariq Shaukat on October 15, 2020. Shaukat was no longer employed by Google at the time, having left the Company in July 2020. Shaukat currently lives and works in Texas.

Plaintiff deposed Jennifer Burdis on December 9, 2020. Burdis was employed by Google in California at the time, but has since left the Company. She currently lives abroad and is unwilling to travel to New York for the trial.

Neither party deposed Paul Strong. Strong is currently employed by Google in California as an L9 Technical Director in OCTO. His wife is scheduled for surgery in early January. As a consequence, he must remain in California as the primary caregiver for their children during her period of recovery, which is scheduled to last into February 2023.

On October 14, 2022, this Court scheduled a jury trial, instructing the parties to "be ready to proceed on 24 hours' notice on or after January 9, 2023." (ECF No. 225). Google promptly contacted potential witnesses, including the three mentioned above, to determine their availability to appear at trial. In doing so, Google learned that Burdis, Shaukat, and Strong may not be available to appear at trial for the reasons set forth above, particularly given the uncertainty around when the trial will begin.[1]

During a November 17, 2022, telephonic meet-and-confer with Plaintiff's counsel, Google requested Plaintiff's consent to take the *de bene esse* depositions of witnesses who could not appear for trial in January. The parties discussed the issue on the call, without a resolution. Plaintiff formally responded on November 21, 2022, objecting to Google's request.

---

[1] Per the Court's instruction to identify only conflicts due to pre-paid vacations and other trials, their personal circumstances were not noted in the parties' submission dated October 7, 2022. (ECF 224.)



Hon. Lorna G. Schofield
November 22, 2022
Page 2


**II.      Legal Standard**

The Federal Rules of Civil Procedure provide that a witness is "unavailable" to attend a trial if, *inter alia*, he or she "is more than 100 miles from the place of . . . trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4). *De bene esse* depositions can solve this precise issue by "preserv[ing] [a witness's] testimony for use at the trial" where, as here, a witness "become[s] unavailable to attend the trial and testify[.]" *Shim-Larkin v. City of New York*, No. 16-6099, 2018 WL 3407710, at *1 (S.D.N.Y. May 11, 2018). Where the witness lives far away from the trial venue, a virtual *de bene esse* deposition is preferable to live virtual testimony at trial, because the latter "leads to a greater likelihood of technical problems arising, which would interfere with the flow of the trial and cause unnecessary delays . . . which might better be handled in a deposition rather than during trial." *RLS Assocs., LLC v. United Bank of Kuwait PLC*, No. 01-1290, 2005 WL 578917, at *7 (S.D.N.Y. Mar. 11, 2005); *see also* Fed. R. Civ. P. 43, *Notes of Advisory Committee on Rules* (1996) ("depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena").

When she objected to Google's request, Plaintiff stated that Google could have preserved Shaukat's and Burdis' testimony during discovery. The fact that Burdis and Shaukat were previously deposed is immaterial. A *de bene esse* deposition differs from a discovery deposition, however, insofar as it is "a substitute for live trial testimony and is typically 'conducted under trial rules of evidence rather than as a discovery deposition.'" *Shim-Larkin*, 2018 WL 3407710, at *1. The propriety of a *de bene esse* deposition "should be addressed after discovery has closed, and when (and if) it becomes clear that [the witness] would not be able to give live trial testimony[.]" *Wu v. Sushi Nomado of Manhattan, Inc.*, No. 17-4661, 2021 WL 7186735, at *12 (S.D.N.Y. Oct. 29, 2021); *see also RLS Associates*, 2005 WL 578917, at *6 (observing that, while there is a split of authority on the issue, "the majority of courts" have held that *de bene esse* depositions are "permissible even after the discovery deadline had passed").

In any event, courts routinely permit a "discovery deposition" and a subsequent *de bene esse* deposition of the same witness. *See*, *e.g.*, *Manley v. AmBase Corp.*, 337 F.3d 237, 248 (2d Cir. 2003); *Mazzoni v. Long Island R.R. Co.*, No. 16-9366, 2018 WL 2999006, at *2 (S.D.N.Y. June 15, 2018). Discovery and *de bene esse* depositions also serve fundamentally different purposes, and are therefore subject to different rules; the parties to a *de bene esse* deposition are expected to "conduct themselves . . . as though they were at trial." *Manley*, 337 F.3d at 248 (internal quotation omitted). In Burdis' and Shaukat's depositions, Google's role as cross-examiner necessarily limited the scope of its questions to "the subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Evid. 611(b). In other words, Google could not use the opportunity to preserve Burdis' and Shaukat's trial testimony for its case in chief; it was limited to the narrow scope of Plaintiff's direct examination. A *de bene esse* deposition noticed by Google, however, "allows both parties a full and fair opportunity 'to be present and to inquire' of the witness and, thereafter, use the testimony obtained should the witness be unavailable to attend the trial." *Shim-Larkin*, 2018 WL 3407710, at *1. It would permit the parties to "conduct themselves . . . as though they were at trial," placing Google in the role of a direct examiner of its own witness. *Manley*, 337 F.3d at 248 (internal quotation omitted).



Hon. Lorna G. Schofield
November 22, 2022
Page 3

**III.    This Court should permit Google to take the *de bene esse* depositions of Burdis, Shaukat, and Strong.**

Plaintiff presumes that Google can exercise control over Burdis and compel her to testify at trial because it produced her for a deposition in 2020. Burdis left her employment with Google during this litigation and thereafter moved to England. She is unavailable to appear at trial because she is "outside the United States." Fed. R. Civ. P. 32(a)(4). These are sufficient grounds to permit her *de bene esse* deposition. In *RLS Associates*, for example, the court granted the defendant-company's request to take the *de bene esse* deposition of its own former manager. There, the former manager had left the company during the litigation and moved from New York to Dubai, and was "unwilling to travel to New York for live in-court testimony." 2005 WL 578917, at *7; *see also Mazzoni*, 2018 WL 2999906, at *2 (witness' "*de bene esse* deposition was authorized specifically because of his apparent unavailability to testify at trial, as he had retired from the [defendant-company] and now resides abroad"). The circumstances in *RLS Associates* and *Mazzoni* are identical to those here, and therefore the result should be the same: this Court should permit Burdis' *de bene esse* deposition.

Shaukat's availability to appear at trial is uncertain. He currently is the president of a public company, Bumble, and if this case does not proceed on January 9, 2023, it is unclear whether he will be available to travel when needed. Further, he lives and works in Texas, and is therefore "more than 100 miles from the place of . . . trial." Fed. R. Civ. P. 32(a)(4). These, again, are sufficient grounds for a *de bene esse* deposition. *See Manley*, 337 F.3d at 247 (observing that the trial court ordered the defendant-company's former chairman's *de bene esse* deposition, because he was a "California resident [who] would not travel to New York for trial"). This Court should therefore permit Shaukat's *de bene esse* deposition.

Strong lives in California, so he is also "more than 100 miles from the place of . . . trial" and therefore unavailable. Fed. R. Civ. P. 32(a)(4). Strong is currently employed by Google—but that is precisely why Google did *not* depose him during fact discovery. As in *RLS Associates*, "while he was still an employee, there was no reason for [Google] to depose [Strong], as it knew the substance of his testimony, and intended to present him as a live witness at trial." 2005 WL 578917, at *7. Google did not know until after fact discovery closed and this trial was scheduled that Strong would be unavailable to testify live. A *de bene esse* deposition, though, would "allow[] both parties a full and fair opportunity 'to be present and to inquire' of the witness and, thereafter, use the testimony" at trial. *Shim-Larkin*, 2018 WL 3407710, at *1.

According to Plaintiff, Strong does not need to testify at trial because his testimony would be cumulative of Nicholas Harteau's, Evren Eryurek's, and other L9 Technical Directors'. It is Google's understanding, however, that Plaintiff will argue at trial that Strong is one of her comparators for purposes of her pay discrimination claim under the New York City Human Rights Law. Further, Plaintiff used his compensation as a measure of damages in her expert's recently-produced report. If Plaintiff will insist on identifying Strong as a comparator, Google is entitled to present his testimony as to the *differences* in the work he and Plaintiff performed to show that it is not substantially equal or substantially similar. This Court should therefore permit Strong's *de bene esse* deposition.

Respectfully submitted,

Kenneth W. Gage

PAUL HASTINGS LLP