**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ULKU ROWE,

              Plaintiff,

      -against-

GOOGLE LLC,

              Defendant.

No. 1:19-cv-08655 (LGS)

**DEFENDANT GOOGLE LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO RETAIN DOCUMENTS UNDER SEAL**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Stipulated Protective Order for the Treatment of Confidential Information dated February 4, 2020 (ECF 23) (the "Protective Order"), defendant Google LLC hereby moves this Court for an order permitting it to retain under seal excerpts from a third party witness's confidential severance agreement submitted by both parties in connection with Google's request for leave to take *de bene esse* depositions. (ECF 248, 262.)[1] The severance agreement is confidential by its terms, and contains information that, if disclosed, would cause Google to suffer harm and invade the privacy of a third-party witness.

## I.     STATEMENT OF FACTS

On November 22, 2022, Google filed a letter request for leave to take the *de bene esse* depositions of certain third-party witnesses who may testify at trial. (ECF 248.) One of those witnesses is Tariq Shaukat. (*Id.*) Mr. Shaukat is not a party to this lawsuit, but he is party to a confidential severance agreement with Google. (*See* ECF 262.) In opposition to Google's request, on November 30, 2022, Plaintiff filed a letter excerpting portions of Mr. Shaukat's severance agreement. (*Id.*) Specifically, Plaintiff included the monetary amount of the severance benefit, and quoted select portions of a provision that she argues requires Mr. Shaukat to appear for in-person testimony at trial. (*Id.*) Plaintiff filed these portions of her letter under seal at Google's request. (ECF 263.)

On December 1, 2022, Google filed a letter to address certain issues raised in Plaintiff's opposition to its request for leave to take *de bene esse* depositions. (ECF 265.) Google excerpted the full text of the disputed provision in its submission for the Court's benefit in deciding this

---

[1] An unredacted version of ECF 262 with portions sought to be sealed highlighted was filed by Plaintiff at ECF 263. An unredacted copy of ECF 265 is attached as Exhibit A to the Declaration of Sara B. Tomezsko filed in support of this Motion to Seal.

1

procedural dispute between the parties. (*Id.*) Google redacted that language from its submission. (*Id.*)

Mr. Shaukat separated from Google in 2020 as a result of organizational changes to the industry verticals team in Google Cloud. (ECF 185 ¶ 117.) Mr. Shaukat's agreement is confidential by its terms. (Declaration of John Schrim in Support of Motion to Seal ["Schrim Decl."], ¶ 6.) It contains a confidentiality provision that requires Mr. Shaukat to hold all of the provisions contained therein in strictest confidence with limited exceptions, including those required by law. (*Id.*) It further provides that this obligation is a material term of the severance agreement. (*Id.*) If Mr. Shaukat were to breach the confidentiality clause, he is obligated to return a portion of the severance benefits paid to him in exchange for his agreement to the severance agreement's terms. (*Id.*)

## II.   LEGAL ARGUMENT

### A.   Legal Standard

To retain a document under seal, a party must show that good cause exists to shield the document from public view. *Laura Laaman & Assocs., LLC v. Davis*, No. 3:16-CV-00594 (MPS), 2019 WL 3716512, at *1 (D. Conn. Aug. 7, 2019); *accord Tropical Sails Corp. v. Yext, Inc.*, No 14 Civ. 7582, 2016 WL 1451548, at *1 (S.D.N.Y. Apr. 12, 2016) ("The proponent of the protective order bears the burden of demonstrating good cause for closure.") (citation omitted). Courts must first ascertain whether the document in question is a "judicial document," which is a document that is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosh v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (internal citation omitted). If the document is a judicial document, a common law presumption of access attaches. The "mere filing of a paper or document with the court is insufficient to render

that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995).

Even in the case of judicial documents, however, courts must still examine the *strength* of the presumption of access, based on the weight afforded to the document and the importance of the decision to be made, as "[t]he public's right to access of judicial records, while presumed, is not unlimited." *Gambale v. Deutsche Bank AG*, No. 02 Civ. 4791 HB, 2003 WL 21511851, at *2 (S.D.N.Y. July 2, 2003), *aff'd and remanded*, 377 F.3d 133 (2d Cir. 2004). For example, the presumption of public access to "[d]ocuments that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *see also Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608(PKC)(JCF), 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (weight of public presumption for disclosure of discovery materials "not particularly great" where "documents are not to be submitted in connection with a dispositive motion, but merely a motion to compel further discovery from a party"); *Stern v. Cosby*, 529 F. Supp. 2d 417, 422 (S.D.N.Y. 2007) (public right of access to discovery materials, even if filed in connection with a motion to compel, is low where court will not make decision on the merits of the case, but merely review materials in connection with discovery dispute).

Documents should be sealed if "countervailing factors" demand confidentiality. *Lugosh*, 435 F.3d at 120. Where the public's qualified right to access certain documents is implicated, the court must determine if "higher values" allow for sealing. *Id.* Such "higher values" may include, for instance, a party's "interest in protecting confidential business information [that] outweighs the qualified First Amendment presumption of public access." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x. 615, 617 (2d Cir. 2009) (affirming district

3

court's holding where "disclosure could cause [party] significant competitive disadvantage.") (citation omitted).

An entity's interest in protecting confidential business information outweighs the public's interest in accessing such materials, and serves as good cause supporting a motion to seal. *See, e.g.*, *United States Sec. & Exch. Comm'n v. Ahmed*, No. 3:15cv675 (JBA), 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018) (sealing employment agreements containing confidential business information); *Tomassini v. FCA US LLC*, No. 3:14-cv-1226 (MAD/DEP), 2017 WL 9400672, at *4 (N.D.N.Y. Jan. 6, 2017) (noting that "higher values" may include "[a] business's sensitive information that could harm a litigant's competitive standing"). This is particularly true where disclosure may result in financial harm, as is the case here. *Standard Inv. Chartered, Inc*, 347 F. App'x at 617 (affirming district court finding that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access," where disclosure of the information would subject the party to "financial harm") (citation omitted).

Likewise, if disclosure of information will compromise a third-party's privacy interests, courts have weighed this factor heavily when deciding whether to retain information under seal. *Ahmed*, 2018 WL 4266079, at *2 (granting request to seal personal financial and familial information, personal contact information, and information regarding the location and value of personal and real property); *accord Amodeo*, 71 F.3d at 1050–51 (on motion to retain documents under seal, stating that "privacy interests of innocent third parties" should weigh heavily in court's decision of whether to hold information confidential)). Such privacy interests are implicated by a confidential severance agreement. Courts have recognized the sensitive nature of these documents and have permitted parties to maintain the contents of confidential severance

4

agreements under seal. *See, e.g., Cancro v. Credit Agricole Indosuez Severance Pay Program*, No. 05 CIV. 2023 RJS, 2009 WL 8573475, at *5–6 (S.D.N.Y. Apr. 15, 2009) (redacting contents of severance agreements marked confidential, which parties were permitted to file under seal pursuant to protective order);[2] *accord Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting redaction of "sensitive personal information of current and former employees of the parties," including compensation).

### B.   Good Cause Exists to Retain Portions of Mr. Shaukat's Confidential Severance Agreement Under Seal.

Mr. Shaukat is not a party to this lawsuit; he is participating solely in the capacity of a fact witness. The parties do not dispute that Mr. Shaukat separated from Google as a result of organizational changes to the industry verticals team in Google Cloud. (ECF 185 ¶ 117.) He was not terminated for any misconduct–or any conduct that involved Plaintiff whatsoever–that could arguably make any severance benefits extended to him a matter of public concern. The redacted portions of the Severance Agreement do not bear on any issues to be tried, namely, Plaintiff's claims of gender discrimination, equal pay, and retaliation. The current dispute does not go to the heart of Plaintiff's claims such that the material at issue would bear directly on the claims and defenses in this case. It relates solely to the timing and manner of Mr. Shaukat's testimony. This situation is analogous to a discovery dispute in which the public's presumption right of access to documents is low. *See Amodeo*, 71 F.3d at 1050; *Alexander Interactive*, 2014 WL 4346174, at *2; *Stern*, 529 F. Supp. 2d at 422. Therefore, public interest in the redacted information is minimal.

Google and Mr. Shaukat entered into the severance agreement and Google agreed to pay

---

[2] The docket order permitting the parties to file the severance agreements under seal is available at ECF No. 57 and a true and correct copy is attached as Exhibit B to the accompanying declaration of Sara B. Tomezsko for the Court's review.

Mr. Shaukat the severance benefits he received based, at least in part, on the understanding that the severance agreement would remain confidential unless one of the enumerated exceptions to confidentiality apply. (Schrim Decl. ¶ 7.) Plaintiff apparently agrees that the contractual terms have intrinsic economic value; there is no other explanation for the otherwise gratuitous inclusion in her letter opposition of the amount of Mr. Shaukat's severance benefit. (ECF 262 at p.2.) Because Google paid severance benefits in exchange for the confidentiality of the severance agreement's terms (unless such confidentiality is prohibited by law), forced disclosure of those terms deprives Google of the economic benefit of its contractual bargain. (Schrim Decl. ¶ 8.)

In many instances, the terms of a severance agreement with a former employee, including the amount of any severance benefit, may be negotiated between the parties, and the terms that Google is willing to offer in exchange for severance benefits are specific to the individual facts and circumstances of each case. (*Id.* ¶ 9.) Google would suffer harm if the terms of the severance agreement were disclosed to the public. (*Id.* ¶ 10.) Other departing employees could use that information as leverage in negotiating their own severance agreements with Google. (*Id.*) This leverage would exist without regard to facts and circumstances that informed the amount of severance and the terms of the agreement—facts Google may not be in a position to disclose to explain differences in terms or benefits for privacy, contractual, or other reasons. (*Id.*) Disclosure would disrupt Google's ability to orderly manage what would otherwise be routine separations in the future. (*Id.*)

Finally, the privacy interest of Mr. Shaukat—a third-party whose severance agreement would remain confidential but for Plaintiff's refusal to agree on the timing and manner of his testimony—counsels in favor of maintaining under seal the discretionary severance benefits offered to him. *See Dodona I*, 119 F. Supp. 3d at 156.

6

**III.     CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court enter an Order

permitting Google to retain under seal the redacted portions of the above-referenced documents

at ECF 262 and 265.


Dated:  New York, New York
        December 2, 2022                    PAUL HASTINGS LLP


                                            By:    Kenneth W. Gage
                                                   Sara Tomezsko
                                            200 Park Avenue
                                            New York, NY  10166
                                            Tel:  (212) 318-6000
                                            Fax:  (212) 319-4090
                                            kennethgage@paulhastings.com
                                            saratomezsko@paulhastings.com

                                            *Attorneys for Defendant*
                                            GOOGLE LLC