UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE,<br><br>                  Plaintiff,<br><br>  -against-<br><br>GOOGLE LLC,<br><br>                  Defendant. | No. 1:19-cv-08655 (LGS)(GWG)<br><br>**DECLARATION OF JOHN SCHRIM IN SUPPORT OF MOTION TO RETAIN DOCUMENTS UNDER SEAL** |

I, John Schrim, declare:

1. I am a Director, Executive Compensation for Defendant Google. I have personal knowledge of the facts set forth in this Declaration, or know them to be true in my capacity as an employee for Google based on experience or records that Google keeps in the regular course of business. I could and would competently testify to these facts under oath if called as a witness.

2. I have worked in Google's Executive Compensation organization since approximately 2015. Currently, I support Google in managing compensation for our executive population.

3. By virtue of my position, I am aware of the process by which Google offers, negotiates, and enters into severance agreements with departing employees in exchange for benefits.

4. I am also familiar with the steps Google takes to preserve the confidentiality of severance agreements between the company and its former employees and executives. Such agreements are not disseminated widely at Google, and access to them is generally restricted to those with a business need for the information.

5. By virtue of my position, I am aware of the separation agreement between Google and Tariq Shaukat, Google Cloud's former President, Industry Products and Solutions executed in July 2020 (the "Severance Agreement"). I have reviewed the terms of the Severance Agreement in connection with this Declaration.

6. The Severance Agreement contains a confidentiality provision that requires Mr. Shaukat to hold all of the provisions contained therein in strictest confidence with limited exceptions, including in connection with filing a charge or participating in any investigation or proceeding conducted by the Equal Employment Opportunity Commission, National Labor Relations Board, or comparable federal, state or local agency. It further provides that this obligation is a material term of the Severance Agreement. If Mr. Shaukat were to breach the confidentiality clause, he is obligated to return a portion of the severance benefits paid to him in exchange for his agreement to the Severance Agreement's terms.

7. Accordingly, the parties entered into the Severance Agreement and Google agreed to pay Mr. Shaukat the severance benefits he received based, at least in part, on the understanding that the Severance Agreement would remain confidential unless one of the enumerated exceptions to confidentiality apply.

8. Because Google paid severance benefits in exchange for the confidentiality of the Severance Agreement's terms (unless such confidentiality is prohibited by law), forced disclosure of those terms deprives Google of the economic benefit of its contractual bargain.

9. In many instances, the terms of a severance agreement with a former employee, including the amount of any severance benefit, may be negotiated between the parties, and the terms that Google is willing to offer in exchange for severance benefits are specific to the

individual facts and circumstances of each case. Whether to include certain provisions in the severance agreement is a decision specific to the facts of each individual separation.

10. Google would suffer harm if the terms of the Severance Agreement were disclosed to the public. Other departing employees could use that information as leverage in negotiating their own severance agreements with Google. This leverage would exist without regard to facts and circumstances that informed the amount of severance benefits and the terms of the severance agreement—facts Google may not be in a position to disclose to explain differences in terms or benefits for privacy, contractual, or other reasons. Disclosure would disrupt Google's ability to orderly manage what would otherwise be routine separations in the future.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed on the __2__ day of December, 2022 at __Belvedere__, __California__.

_John Schrim_
DocuSigned by: B661C31FB8444AC...
John Schrim

3