# EXHIBIT A



1(212) 318-6046
kennethgage@paulhastings.com

December 1, 2022

**VIA ECF**
Hon. Lorna G. Schofield
U.S. District Court, S.D.N.Y.

*Re:*    *Ulku Rowe v. Google LLC*, Case No. 1:19-cv-08655-LGS

Dear Judge Schofield:

We represent Google LLC ("Google") and write briefly to address accusations of "bad faith" in Plaintiff's opposition to Google's request for leave to take *de bene esse* depositions (ECF 248). Google has at all times acted in good faith.

Google sought leave to depose Mr. Shaukat *de bene esse* in an abundance of caution, and obviously would prefer Mr. Shaukat to testify live if circumstances permit. Mr. Shaukat is no longer employed by Google, lives and works in Texas, and is the President of a publicly-traded company. As Google said in its November 22, 2022 submission, Mr. Shaukat's availability to appear at trial is uncertain given his circumstances, particularly if the trial would not begin on January 9, 2023 and parties were required to be in trial-ready status on 24-hours' notice. As the Court knows, the parties spoke with the courtroom deputy on Monday, November 28, 2022, and learned that the trial will not proceed on January 9, 2023, which will be memorialized in a forthcoming Order. There is even less certainty now about Mr. Shaukat's availability to appear at trial, and Plaintiff's reference to "the short timeframe the parties have before the trial ready date" is curious in light of this recent information.

We are further compelled to correct the record in Plaintiff's letter in several respects. *First*, on January 21, 2020, Plaintiff served requests for documents on Google seeking, among other things, "documents constituting any agreements between [each person identified as a deponent or who Google may call as a witness] and Google." Google objected to these particular requests on several grounds on February 11, 2020, and declined to respond based on those objections. Plaintiff served a discovery deficiency letter on March 25, 2020. It contained an exhaustive list of alleged deficiencies but no mention whatsoever of the above-quoted document requests. Plaintiff never sought to meet and confer over these specific requests until the evening of November 22, 2022, when she requested (for the first time) that "Google supplement its production in response to Request Nos. 31 and 32 of Plaintiff's First Request for Production of Documents. . . ."

*Second*, around 8:00 pm on Wednesday, November 16, 2022, in advance of a scheduled meet and confer, Plaintiff emailed an agenda of topics to discuss the following day. The final item sought identification of deponents still under Google's control. Google responded with information as to which deponents were still employed at the company, and when the parties spoke the following morning confirmed that it was looking into the issue of witness control.

Three business days later, at 8:39 pm on Tuesday, November 22, 2022, Plaintiff again inquired about which deponents are no longer under Google's control. Google responded on November 23, 2022, "We've been looking into this and do not believe Google has any legal basis to compel the former employees deposed in this case to appear for in-person testimony at the trial in January." Plaintiff thanked Google for its response and wrote, "Just so there are no ambiguities, are any of these individuals – including Burdis and Shaukat – party to agreements with Google that include 'cooperation' provisions?", requesting production of any such agreements by Monday, November 28, 2022.



Hon. Lorna G. Schofield
December 1, 2022
Page 2


Google promptly responded, "That's the information we're looking into. What we can confirm now is that Tariq Shaukat, [other deponent], and [other deponent] have separation agreements. None of the other identified deponents do." Google's counsel further represented that it was scheduled to speak with their client about the production of confidential separation agreements upon their point of contact's return after the Thanksgiving holiday. Google reminded Plaintiff of its objections to requests for production 31 and 32, but said it would take the request under advisement. On Monday, November 28, 2022, Google produced copies of the deponents' separation agreements by Plaintiff's requested deadline.

*Third*, Plaintiff has deliberately omitted relevant portions of Mr. Shaukat's separation agreement from footnote 2 of her submission. The full provision reads as follows (emphasis supplied):[1]

The Company may reach out to you as needed to review information and otherwise get your assistance with litigation (or litigation-related matters) involving the Company about which you have relevant knowledge, with which you were previously involved, or with which you are currently involved. ***You agree to discuss such litigation (or litigation-related matters) with, and give information about such matters to, the Company's Legal Department or its outside counsel, or both, but not with anyone else (including other non-Legal Department Company employees) unless legally compelled to do so (in which case, you agree to provide us with reasonable notice before doing so).*** The information you provide and discussions you have with the Company's Legal Department or its outside counsel regarding such litigation (or litigation-related matters) are privileged and confidential, and you agree to treat them as privileged and confidential. If we do ask you for your assistance with such litigation (or litigation-related matters), the Company will supply you with legal counsel if needed (and will pay legal fees of the counsel we provide) as well as pay any reasonable out-of-pocket expenses that you incur, during the course of any assistance you provide with any such litigation or litigation-related matters.

The Court can determine whether Google has a contractual basis to compel Mr. Shaukat to appear for in-person testimony at trial in New York, now that it has the full text of the relevant provision before it.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

Kenneth W. Gage

PAUL HASTINGS LLP

---

[1] The separation agreement is confidential by its terms, as will be explained in Google's forthcoming motion to retain the excerpted language and the cited portions from Plaintiff's submission under seal.