IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC.<br><br>Defendant. | No. 19-cv-08655 (LGS)<br><br>**[PLAINTIFF'S PROPOSED]<br>VERDICT FORM** |

According to the principles of law as charged by the Court and the facts as you find them, please answer the following questions:

## I. Liability

### A. Equal Pay under New York Labor Law

1.      Has Plaintiff, Ulku Rowe, established by a preponderance of the evidence that Defendant Google paid Ms. Rowe less than at least one male employee in New York in violation of New York's Equal Pay Law?

YES _____        NO _____

*If your answer is "No," please proceed to question 4. If your answer is "Yes," go to Question 2.*

2.      Has Defendant, Google, established by a preponderance of the evidence that the differential in pay between Ms. Rowe and her male colleagues in New York was the result of a bona fide factor other than sex, which was job-related and consistent with business necessity?

YES _____        NO _____

*If your answer is "No," please proceed to question 4. If your answer is "Yes," go Question 3.*

3.      Has the Plaintiff, Ulku Rowe, established that an alternative employment practice exists that would serve the same business purpose and not produce such a pay differential, and that Google has refused to adopt such an alternate practice?

YES _____        NO _____

*If you answered: (i) Yes to 1 and No to 2; **or** (ii) Yes to 1, Yes to 2, and Yes to 3, then you have answered "Yes" to Section (I)(A) for purposes of Section II.*

    B. **Gender Discrimination under New York City Law**

4.    Has Plaintiff, Ulku Rowe, established by a preponderance of the evidence that Defendant, Google, has on at least one occasion treated her less well, at least in part, on account of her gender?

YES _____         NO _____

    C. **Retaliation Claim under New York City Human Rights Law**

5.    Has plaintiff, Ulku Rowe, established by a preponderance of evidence that Defendant, Google, has on at least one occasion retaliated against her in violation of the New York City Human Rights Law?

YES _____         NO _____

    D. **Retaliation Claim under New York Labor Law**

6.    Has plaintiff, Ulku Rowe, established by a preponderance of evidence that defendant, Google, has on at least one occasion retaliated against her in violation of the New York Equal Pay Law?

YES _____         NO _____

*If you answered "No" to **all** Questions 1 through 6, please do not answer any further questions and have the foreperson sign and date the verdict sheet.*

*If you answered Yes to Section (I)(A), (1)(B), (I)(C), **or** (I)(D), please answer the questions in Section II.*

**II. Damages**

    A. **Back Pay**

7.    If you answered "Yes" to *Sections (I)(A), (1)(B), (I)(C), **or** (I)(D)*, state the amount of back pay, including benefits and stock awards, that you award to the plaintiff:

$_____

8.    Of the amount awarded in Question 7, how much, if any, is attributable to damages incurred in connection with answering Yes to *Section (I)(A)* (Equal Pay):

$_____

9.    Of the amount awarded in Question 7, how much, if any, is attributable the value of equity (stock) awards:

2

$_____

### B. Statutory Damages under New York Labor Law

10. If you answered "yes" to *Section (I)(A)*, has Google proved by a preponderance of evidence that its actions were taken in "Good Faith":

YES _____      NO _____

11. If you answered "yes" to *Section (I)(A)*, do you find that Google's conduct was willful?

YES _____      NO _____

### C. Compensatory Damages

12. If you answered "yes" to any of *Sections (1)(B), (I)(C), or (I)(D)*, state the amount of non-economic damages that you award to the plaintiff for emotional distress, pain and suffering, or mental anguish:

$_____

### D. Nominal Damages

13. If you answered "yes" to any of *Sections (I)(A), (1)(B), (I)(C), or (I)(D)*, but did not award ***any*** damages in answer to *Sections (II)(A), (II)(B), or (II)(C)*, state the amount of nominal damages that you award to the plaintiff:

$_____

### E. Punitive Damages under New York City Human Rights Law

14. If you answered "yes" to any of *Sections (1)(B), (I)(C), or (I)(D)*, do you find that defendant should be subjected to punitive damages under New York City Human Rights Law?

YES _____      NO _____

15. If you answered "yes" to Question 14, state the amount of punitive damages, if any, that you award to the plaintiff:

$_____

*Please have the foreperson sign and date this Verdict Sheet, and advise the Court by note that you have reached a verdict.*

Dated: _____, 2023
New York, New York

Signed:

_____
         FOREPERSON

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC.<br><br>Defendant. | No. 19-cv-08655 (LGS)<br><br>**DEFENDANT'S PROPOSED VERDICT FORM** |

According to the principles of law as charged by the Court and the facts as you find them, please answer the following questions:

I.   Liability

   A.   Sex-Based Pay Discrimination in Violation of N.Y. Labor Law Section 194

   1.   Has Plaintiff, Ulku Rowe, proved by a preponderance of the evidence that Google paid Ms. Rowe less than Nicholas Harteau or Stuart Breslow for performing equal work under similar working conditions?

   Nicholas Harteau: YES: _____   NO _____

   Stuart Breslow:    YES _____   NO _____

*If your answer is "No" to both persons in question I.A.1., please proceed to question I.B.1 without answering question I.A.2. If your answer is "Yes" to either person in question I.A.1, please proceed to question I.A.2 only as to the persons for whom you answered "Yes".*

   2.   Has Defendant, Google, proved by a preponderance of the evidence that the differential in pay between Ms. Rowe and Mr. Harteau or Stuart Breslow was the result of a bona fide factor other than sex?

   Nicholas Harteau: YES _____   NO _____

   Stuart Breslow:    YES _____   NO _____

*If your answer is "No" as to either person in question I.A.2., please proceed to question I.A.3. If your answer is "Yes" to both persons in question I.A.2., please proceed to question I.B.1 without answering question I.A.3.*

5

   3. Has Defendant, Google, proved by a preponderance of the evidence that it had a good faith and reasonable basis to believe that its underpayment, as found above, was in compliance with the law?

     YES _____  NO _____

*If your answer is "No" to question I.A.3., please proceed to question I.A.4. If your answer is "Yes" to question I.A.3., please proceed to question I.B.1 without answering question I.A.4.*

   4. Has Plaintiff, Ulku Rowe, proved by a preponderance of the evidence that Google's underpayment as found above was willful?

     YES _____  NO _____

*Please proceed to question I.B.1.*

  B. <u>Gender Discrimination under New York City Law</u>

   1. Has Plaintiff, Ulku Rowe, proved by a preponderance of the evidence that Defendant, Google intentionally discriminated against her because of her gender:

    a. in setting her level at hire?

      YES _____  NO _____

    b. in setting her compensation?

      YES _____  NO _____

    c. in failing to consider her for, or denying her, the Financial Services Vertical Lead role?

      YES _____  NO _____

    d. in any other terms and conditions of her employment?

      YES _____  NO _____

*Please proceed to question I.C.1.*

  C. <u>Retaliation Claim under New York City Human Rights Law</u>

   1. Has Plaintiff, Ulku Rowe, proved by a preponderance of the evidence that she engaged in protected conduct under the New York City Human Rights Law?

YES _____        NO _____

*If your answer is "No" to question I.C.1., please proceed to question I.D.1 without answering question I.C.2. If your answer is "Yes" to question I.C.1., please proceed to question I.C.2.*

       2.       Has Plaintiff, Ulku Rowe, proved by a preponderance of the evidence that Defendant, Google, retaliated against her because of her protected conduct?

YES _____        NO _____

*Please proceed to question I.D.1.*

      D.      <u>Retaliation Claim under New York Labor Law</u>

       1.       Has Plaintiff, Ulku Rowe, proved by a preponderance of the evidence that she engaged in protected conduct under the New York State Labor Law?

YES _____        NO _____

*If your answer is "No" to question I.D.1., please proceed to Section II (Damages). If your answer is "Yes" to question I.D.1., please proceed to question I.D.2.*

       2.       Has Plaintiff, Ulku Rowe, proved by a preponderance of the evidence that Defendant Google retaliated against her because of her protected conduct?

YES _____        NO _____

*If you have answered "No" to question I.A.3. OR "Yes" to any of questions I.B.1., I.C.2., or I.D.2., please proceed directly to Section II (Damages).*

*If you have either not answered or answered "Yes" to question I.A.3. **AND** you have answered "No" to, or not answered questions I.B.1.a., I.B.1.b., I.B.1.c., I.B.1.d., I.C.1., I.C.2., I.D.1., and 1.D.2., stop here, have the foreperson sign and date this Verdict Sheet, and advise the Court by note that you have reached a verdict.*

II.  <u>Damages</u>

    A.  Did Plaintiff, Ulku Rowe, prove by a preponderance of the evidence that she suffered monetary damages as a result of Google's unlawful conduct?

        YES _____        NO _____

*If you have answered "Yes" to question II.A., please proceed to question II.B. If you have answered "No" to question II.A., you must award Plaintiff Ulku Rowe $1, stop here, have the foreperson sign and date this Verdict Sheet, and advise the Court by note that you have reached a verdict.*

    B.  What amount of back pay, if any, do you find that Plaintiff, Ulku Rowe, has proved by a preponderance of the evidence?

        $_____

*Please proceed to question II.C.*

    C.  Of the amount awarded in response to question II.B., how much, if any, is attributable to Google's underpayment in violation of Labor Law Section 194 as found in Section I.A. above?

        $_____

*If you have answered "Yes" to question I.A.4., then you must triple the dollar amount you awarded in question II.C. If you have answered "No" to question I.A.43 AND "No" to question I.A.4., then you must double the amount you awarded in question II.C.*

*Please proceed to question II.D.*

       D.       What amount of compensatory damages, if any, do you find that Plaintiff, Ulku Rowe, has proved by a preponderance of the evidence?

$$\$_____$$

*Please proceed to question II.E.*

       E.       Has Plaintiff, Ulku Rowe proved by a preponderance of the evidence that defendant, Google should be subjected to punitive damages under New York City Human Rights Law?

       YES _____       NO _____

*If you have answered "No" to question II.E. stop here, have the foreperson sign and date this Verdict Sheet, and advise the Court by note that you have reached a verdict. If you have answered "Yes" to question II.E., please proceed to question II.F.*

       F.       What amount of punitive damages, if any, do you find should be awarded to Plaintiff, Ulku Rowe?

$$\$_____$$

*Please have the foreperson sign and date this Verdict Sheet, and advise the Court by note that you have reached a verdict.*

Dated: _____, 2023
New York, New York
Signed:

_____
      FOREPERSON