**OUTTEN & GOLDEN LLP**
Cara E. Greene
Gregory S. Chiarello
Shira Z. Gelfand
685 Third Avenue, 25th Floor
New York, New York 10017
(212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE, | |
| Plaintiff, | No. 19-cv-08655 (LGS) |
| v. | |
| GOOGLE, LLC | |
| Defendant. | |

## <u>JURY CHARGE</u>

## TABLE OF CONTENTS

JURY CHARGE ................................................................................................................. i

TABLE OF CONTENTS ................................................................................................... ii

I.    PRELIMINARY INSTRUCTIONS ....................................................................... 1

    Proposed Charge No. 1: Duty of Jury ...................................................................... 1

    Proposed Charge No. 2: Claims and Defenses ........................................................ 3

    Proposed Charge No. 3: Standard of Proof .............................................................. 5

    Proposed Charge No. 4: What is Evidence .............................................................. 6

    Proposed Charge No. 5: What is Not Evidence ....................................................... 7

    Proposed Charge No. 6: Direct and Circumstantial Evidence ................................. 9

    Proposed Charge No. 7: Evidence for a Limited Purpose ..................................... 10

    Proposed Charge No. 8: Ruling on Objections ...................................................... 11

    Proposed Charge No. 9: Jury Conduct ................................................................... 12

    Proposed Charge No. 10: Taking Notes ................................................................ 14

    Proposed Charge No. 11: Bench Conferences and Recesses ................................. 15

    Proposed Charge No. 12: Outline of Trial ............................................................. 16

II.   GENERAL INSTRUCTIONS ............................................................................... 17

    Proposed Charge No. 13: Duty of the Court ......................................................... 17

    Proposed Charge No. 14: Duty of the Jury ........................................................... 18

    Proposed Charge No. 15: Conduct of Counsel ..................................................... 19

    Proposed Charge No. 16: The Court's Role .......................................................... 20

    Proposed Charge No. 17: Burden of Proof - Preponderance of the Evidence ................. 21

    Proposed Charge No. 18: Direct and Circumstantial Evidence; Inferences .................... 23

    Proposed Charge No. 19: Depositions ................................................................... 25

    Proposed Charge No. 20: Admissions ................................................................... 26

Proposed Charge No. 21: Witness Credibility ................................................................ 27

Proposed Charge No. 22: Preparation of Witnesses ...................................................... 30

III. SUBSTANTIVE CLAIMS .................................................................................................. 31

Proposed Charge No. 23: Equal Pay Claims Under New York Labor Law § 194 ........... 31

PLAINTIFF'S PROPOSED CHARGE: ................................................................. 31

DEFENDANT'S PROPOSED CHARGE: ............................................................. 34

Proposed Charge No. 24: Discrimination Under New York City Human Rights Law .... 37

PLAINTIFF'S PROPOSED CHARGE: ................................................................. 37

DEFENDANT'S PROPOSED CHARGE: ............................................................. 39

Proposed Charge No. 25: Retaliation ............................................................................. 41

PLAINTIFF'S PROPOSED CHARGE: ................................................................. 41

DEFENDANT'S PROPOSED CHARGE: ............................................................. 43

IV.    DAMAGES ...................................................................................................................... 45

Proposed Charge No. 26: Damages Generally ............................................................... 45

Proposed Charge No. 27: Damages - Back Pay .............................................................. 46

Proposed Charge No. 28: Damages - Compensatory Damages ...................................... 47

Proposed Charge No. 29: Statutory Damages under New York Labor Law § 194 .......... 48

PLAINTIFF'S PROPOSED CHARGE: ................................................................. 48

DEFENDANT'S PROPOSED CHARGE: ............................................................. 50

Proposed Charge No. 30: Damages - Punitive Damages ................................................ 52

PLAINTIFF'S PROPOSED CHARGE: ................................................................. 52

DEFENDANT'S PROPOSED CHARGE: ............................................................. 54

Proposed Charge No. 31: Damages - Nominal Damages ................................................ 56

V.    CLOSING INSTRUCTIONS ............................................................................................. 57

Proposed Charge No. 32: Duty to Deliberate/Unanimous Verdict ................................. 57

Proposed Charge No. 33: Right to See Exhibits and Hear Testimony; Communications with Court ............................................................................ 59

Proposed Charge No. 34: Return of Verdict.................................................... 60

## I.      PRELIMINARY INSTRUCTIONS

### Proposed Charge No. 1:
### Duty of Jury

Thank you for being here, members of the jury. Now that you have been sworn, I will tell you what your duties are as jurors and give you some instructions to help you understand what will be presented during the trial. At the end of the trial, I will give you instructions again and it's those instructions that will control your deliberations.

At the end of the presentation of evidence and my final charge to you, it will be your duty to decide from the evidence what the facts are. You and you alone are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law, which I will give to you, and that is how you will reach your verdict.

My duty is to instruct you on the law and it is your duty to accept those instructions and apply them to the facts as you determine them. On these legal issues you must take the law as I give it to you, whether you agree with it or not. If any attorney states a legal principle different from what I state to you in my instructions, it is my instructions that you must follow. You must not take anything I say or do during the trial as indicating what your verdict should be. I will not express or imply any opinions about which witnesses you should believe, what facts are established, or what inferences should be drawn from the evidence.

You are the sole judges of the facts submitted to you. And as the sole judges of the facts, you must determine which witnesses to believe, what portion of their testimony to accept, and what weight to attach to it. You will decide what the facts are from the evidence that will be presented in court, and that evidence will consist of the testimony of witnesses who will sit here in the witness stand, documents and other things received into evidence as exhibits, and any facts that the lawyers agree to or admit or that I may instruct you to find.

In discharging your duties as jurors, you must remember to treat each party as equal to the other under the law. For purposes of this case, this means you must treat Ms. Rowe, a natural person, and Google, a corporation as equal under the law.

Adapted from: Jury Charge, *Saber v, NY State Dept. of Fin. Servs.*, 15 Civ. 5944 (LGS)

**Proposed Charge No. 2:**
**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the

parties:

The plaintiff, Ulku Rowe, asserts three separate claims. She asserts that the defendant,

Google, violated New York's equal pay law by failing to pay her the same as men performing

substantially equal work to her.  She also asserts that Google discriminated against her on

account of her gender by under-leveling her at hire, paying her less than comparable men,

refusing to consider her for the role of Financial Services Vertical Lead, and generally treating

her less well because of her gender. Finally, plaintiff asserts that Google retaliated against her for

raising concerns about discrimination and unequal pay practices by refusing to consider her for

two positions, Financial Services Vertical Lead in 2018 and Vice President – Financial Services,

Sales in 2020, and/or otherwise engaged in retaliatory conduct against her.

The plaintiff has the burden of proving these claims. The defendant, Google, denies those

claims and asserts that at all times, it treated Ms. Rowe in accordance with the law.  Specifically,

Google asserts that under the New York City Human Rights Law, it treated Ms. Rowe no

differently than similarly situated male employees, and that all of its actions towards Ms. Rowe

were motivated only by legitimate business reasons.  Google asserts that under New York Labor

Law Section 194[1], Ms. Rowe was paid what she was lawfully owed, and any difference in

compensation between her and male employees performing equal work was based on lawful

---

[1] Defendant Google objects to the global reference in Plaintiff's jury charges to the "New York Equal Pay Law," rather than New York Labor Law § 194. "New York Equal Pay Law" is a commonly used shorthand among attorneys and the court, but the New York State legislature does not refer to it this way, and it could potentially bias a jury.

3

factors other than gender.

**Proposed Charge No. 3:**
<u>**Standard of Proof**</u>

The plaintiff, Ulku Rowe, has the burden of proving the elements of her claims and the defendant, Google, has the burden of proving certain defenses. In each case, as I will describe to you, the burden of proof is by a preponderance of the credible evidence.

A "preponderance of the evidence" simply means that something is more likely so than not so. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.

The party with the burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what that party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should put it out of your mind. Preponderance of the evidence is the correct standard to use here.

Adapted from: Jury Charge, *Saber v, NY State Dept. of Fin. Servs.*, 15 Civ. 5944 (LGS)

**Proposed Charge No. 4:**
**<u>What is Evidence</u>**

As I have said, in determining the facts, you must rely on your own recollection of the evidence. What is evidence? Evidence consists of the testimony of witnesses, whether here at trial or previously at their depositions, the exhibits that have been received into evidence, any stipulations of fact to which the lawyers have agreed, and any facts I may instruct you to accept as proven and not in dispute.

Adapted from: Jury Charge, *Saber v, NY State Dept. of Fin. Servs.*, 15 Civ. 5944 (LGS)

**Proposed Charge No. 5:**
**What is Not Evidence**

I also want to be clear on what is not evidence. What the attorneys say very shortly in their opening statements is not evidence, what they say in their closing arguments is not evidence, nor is testimony that I ask you to disregard. Anything I say is not evidence. The only testimony that is evidence in this case will come from a witness sitting in the witness stand or from depositions previously taken. Although the lawyers may comment to you about the testimony, their arguments are not evidence. Their arguments are just intended to help you understand the evidence.

If in the course of your deliberations your recollection of the facts differs from the lawyers' arguments, it is your recollection that controls. Also, anything that you see or hear when the court is not in session, even if it is said by one of the lawyers or one of the parties -- for example, out in the hall or in the elevator -- that is not evidence. Only what is admitted into evidence here that all of us can see and hear at the same time may be considered by you as evidence.

I want to say something about the subject of implicit bias. Everyone, including me, has feelings, assumptions, perceptions, fears, sympathies, generalizations, prejudices and stereotypes that we may not be aware of. These are called implicit biases. These biases may concern race, gender, national origin, sexual orientation, class, education, many other issues.

These hidden thoughts can impact what we see and hear, how we remember what we see and hear and how we make important decisions. Because you're making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and resist jumping to conclusions based on personal likes and dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes or biases. The law requires that you return a just verdict

based solely on the evidence, your individual evaluation of the evidence, your reason and

common sense, and these instructions. Our system of justice is counting on you to render a fair

decision based on the evidence and not on any bias.

Adapted from: Jury Charge, *Zhang et al. v. Zhang*, 16 Civ. 4013 (LGS); Jury
Charge, *Saber v, NY State Dept. of Fin. Servs.*, 15 Civ. 5944 (LGS)

**Proposed Charge No. 6:**
**Direct and Circumstantial Evidence**

There are two kinds of evidence -- direct and circumstantial. Both are completely proper and admissible in this court. Direct evidence is testimony by a witness about what that witness personally saw, or heard, or did, or documents that prove or disprove a fact. Circumstantial evidence is indirect evidence. That is, proof of one or more facts from which you can find another fact. Both direct and circumstantial evidence may be used by you in deciding a case. The law permits you to give equal weight to both or to none. It's up to you to decide how much weight, if any, to give any piece of evidence. So there is no magical formula by which you should evaluate the testimony and the exhibits. I will, however, give you some guidelines for determining the credibility or believability of witnesses at the end of the trial. For now, you should know that you do not have to leave your common sense outside the courtroom. The same types of tests that you use in every day dealings are the tests that you apply in your deliberations here.

Adapted from: Jury Charge, *Saber v, NY State Dept. of Fin. Servs.*, 15 Civ. 5944 (LGS)

**Proposed Charge No. 7:**
**<u>Evidence for a Limited Purpose</u>**

Some evidence may be admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**Proposed Charge No. 8:**
**Ruling on Objections**

During the trial, I may sustain objections to questions that are asked. When that happens, I will not permit a witness to answer or if the witness has already answered, I will instruct that the answer be stricken from the record and that you disregard it and dismiss it from your minds. In reaching your decision, you may not draw any inference from an unanswered question, nor may you consider testimony that I have ordered stricken from the record. You should not show any bias against any attorney or their client because the attorney objected to the admissibility of evidence, asked for a conference outside the hearing of the jury, or asked the court for a ruling of law.

Adapted from: Jury Charge, *Saber v, NY State Dept. of Fin. Servs.*, 15 Civ. 5944 (LGS)

**Proposed Charge No. 9:**
**Jury Conduct**

I will give you some general instructions now about principles governing your conduct as jurors.

First, do not talk to anyone about the case or anyone who has anything to do with it until after you have reached a verdict and have been discharged. That means co-workers, family, friends. You can tell them you're a juror, but don't tell them anything else until it's over.

Second, do not let anyone talk to you about the case or anyone that has anything to do with it. If someone tries to talk to you about the case, just tell the bailiff. He'll bring it to my attention, and I'll deal with it. Don't talk to each other about it.

Third, as I told you already, don't converse in the courtroom or outside the courtroom with any of the parties or the lawyers. And don't hold it against them if they ignore you. They are just following my instructions.

Fourth, don't start reading news articles or anything on the Internet about labor and employment law or this case. Don't look anything up. Don't do research. The only evidence that you should be relying on is evidence we all hear in the courtroom.

Also, this may seem strange, but don't talk to each other about the case until all the evidence is in and I have instructed you to go into the jury room together to deliberate. I hope for all of you that the case is interesting and noteworthy not only from the perspective of what our antidiscrimination laws require, but also just what our system of justice is about and how things get decided by juries. I hope you will find it a good experience.

I know some of you may be excited or interested in your experience and want to post on social media about it. Please don't do that. You can do that after the trial is over. In the meantime, no tweets, no Facebook posts, no Instagram, no anything, please. No social media

12

about the trial until it's over. If you become aware that any juror is violating any of the rules I have just explained to you, please let the bailiff know. He will let me know and I will take care of it. I don't expect that will happen because I know you will all follow my instructions.

Adapted from: Jury Charge, *Zhang et al. v. Zhang*, 16 Civ. 4013 (LGS); Jury Charge, *Saber v, NY State Dept. of Fin. Servs.*, 15 Civ. 5944 (LGS)

**Proposed Charge No. 10:**
**<u>Taking Notes</u>**

You may take notes during the trial. You do not have to take notes, but you may take notes if you want. Please be sure, though, that any note taking does not interfere with your listening and considering all of the evidence. Also, if you do take notes, you must not show them to anyone, not other jurors, nor anybody else, at any time, before or even during your deliberations. Your notes are just for you. The bailiff will safeguard your notes during the breaks and at the end of each day and secure them. No one will be permitted to review your notes. And after the trial has concluded, your notes will be collected and destroyed.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. The fact that a particular juror takes notes does not entitle that juror's thoughts and recollection to more weight than those of any other juror.

It is okay if you don't take notes -- if during your deliberations you have any doubt about the testimony, you will be permitted to request that the official transcript that is being made of the proceedings be read to you.

Adapted from: Jury Charge, *Saber v, NY State Dept. of Fin. Servs.*, 15 Civ. 5944 (LGS)

14

**Proposed Charge No. 11:**
**Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Proposed Charge No. 12:**
**<u>Outline of Trial</u>**

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine her witnesses. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine those witnesses.

After all of the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Please do not make up your mind about what the verdict should be until you have heard all the evidence, I have instructed you on the law, and you have gone to the jury room and heard the views of all of your fellow jurors. This is very important because the parties deserve, and the law requires, that you give them an opportunity to be fully heard. So please keep an open mind until you sit down to deliberate.

Adapted from: Jury Charge, *Zhang et al. v. Zhang*, 16 Civ. 4013 (LGS); Jury Charge, *Saber v, NY State Dept. of Fin. Servs.*, 15 Civ. 5944 (LGS)

16

## II.   GENERAL INSTRUCTIONS

### Proposed Charge No. 13:
### <u>Duty of the Court</u>

Members of the Jury, my charge to you on the law is lengthy and covers many points. You must listen closely as I read the charge. I will send one copy of these instructions into the jury room for you to have in your deliberations.

We are now approaching the most important part of this case: your deliberations. You have heard all of the evidence in this case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be – or ought to be – it is your sworn duty to follow the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

In listening to these instructions now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

17

**Proposed Charge No. 14:**
**Duty of the Jury**

Your duty is to decide the fact issues in the case. You are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in testimony; you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. None of what the lawyers have said in their opening statements, in their closing arguments, or in their objections is evidence. You should bear in mind particularly that a question put to a witness is never evidence. It is only the answer in the context of the question that is evidence. You may not consider any answer that I directed you to disregard. I remind you that nothing I have said during the trial or will say during these instructions is evidence. Similarly, the rulings I have made during the trial are not any indication of my views of what your decision should be.

The evidence before you consists of the answers given by witnesses, the exhibits that were received in evidence, the deposition testimony that was read, and stipulated facts and admissions. Exhibits marked for identification but not received may not be considered as evidence. Anything you may have seen or heard about this case outside the courtroom is not evidence and must be disregarded entirely.

**Proposed Charge No. 15:**
**Conduct of Counsel**

In the course of this trial, there may have been objections, motions may have been made to strike answers, or conferences may have been held. But you should not pay any attention to those matters. They are procedural matters; they are matters of law, and although you may have been curious about them, you should not consider them in your deliberations. Objections are not evidence. Objections are a proper part of the trial process, and you should make no inference or be influenced in any way by an objection or by the Court's ruling on it. Likewise, it is my function to cut off questioning, to strike remarks and to reprimand any person when I think it is necessary, but you should draw no inference from that.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. You should not draw any inferences or harbor any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

19

**Proposed Charge No. 16:**
**The Court's Role**

During the trial, I have been called upon to make various rulings – my rulings are not evidence.

The fact that I may have commented during the course of the trial or asked questions of witnesses does not indicate any feeling of mine about the facts or the credibility of any witness. I have no such feelings, and my comments were intended only to clarify the issue at hand. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or party because of any comment, question, or instruction of mine. It is for you alone to decide the credibility of the witnesses and the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**Proposed Charge No. 17:**
**Burden of Proof - Preponderance of the Evidence**

So now I am going to explain the concept of burden of proof. This is a civil case, so the burden of proof, as I mentioned, is by a preponderance of the evidence. The party with the burden of proof on any given issue has the burden of proving to you every disputed element of that party's claim by a preponderance of the evidence. If you conclude that the party with the burden of proof has failed to establish that party's claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does "a preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that a fact is more likely true than not true. And sometimes what I like to do is imagine a scale. A preponderance of the evidence means the greater weight of the evidence on that scale, however slight.  A preponderance of the evidence refers to the quality and persuasiveness of the evidence, not the number of documents or witnesses. In determining whether a claim has been proved by a preponderance of the evidence, you should consider the relevant testimony of all witnesses, regardless of who may have called them, and all of the relevant exhibits received in evidence, regardless of who may have produced them.

The party with the burden of proof does not need to prove any more than a preponderance of the evidence. So that means, as long as you find on a given issue that the scales tip, however slightly, in favor of the party with the burden of proof, then you must find for that party on that issue, as that issue will have been proved by a preponderance of the evidence.

So once more I remind you, as I did at the beginning of the trial, that proof beyond a reasonable doubt is not relevant here. It is the standard for a criminal trial. It doesn't apply to a civil case like this one. So you should put it out of your mind. The relevant standard here is

21

preponderance of the evidence.

Adapted from: Jury Charge, *Zhang et al. v. Zhang*, 16 Civ. 4013 (LGS); Jury Charge, *Saber v, NY State Dept. of Fin. Servs.*, 15 Civ. 5944 (LGS)

**Proposed Charge No. 18:**
**Direct and Circumstantial Evidence; Inferences**

In my beginning remarks, I told you that there were two kinds of evidence that you could use in reaching your verdict. One is direct evidence and the other is circumstantial evidence.

Direct evidence is when a witness testifies about something the witness knows by virtue of his or her senses. So something the witness has observed or felt or touched or heard. Direct evidence may also be in the form of a document or another exhibit admitted into evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

There is a simple example of circumstantial evidence that is often used in the courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom windows were covered so you couldn't see outside. Then, as you were sitting here, someone walked in with an umbrella that was dripping wet, and a few minutes later someone else also entered with a wet umbrella or a wet raincoat. Now, you can't see outside the courtroom and so you can't see with your own senses whether it is raining, so you have no direct evidence that it is raining. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. That is all there is to circumstantial evidence. You infer from one or more established facts, on the basis of reason, experience and common sense, the existence or nonexistence of some other fact. Similarly, based on the evidence presented at this trial, you may infer from one or more established facts, on the basis of reason, experience and common sense, the existence or nonexistence of other facts.

23

Let me say a few words about inferences. An inference is not speculation, suspicion or guess. An inference is a reasoned, logical deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. There are times when different inferences may be drawn from the same proven facts. Here, the plaintiffs ask you to draw one set of inferences, while the defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

Adapted from: Jury Charge, *Zhang et al. v. Zhang*, 16 Civ. 4013 (LGS); Jury Charge, *Saber v, NY State Dept. of Fin. Servs.*, 15 Civ. 5944 (LGS)

**Proposed Charge No. 19:**
**<u>Depositions</u>**

Some of the testimony before you is in the form of depositions that have been read into evidence or viewed on the monitor. A deposition is simply a procedure where the attorneys for one side questions a witness or an adversary party under oath before a court stenographer or videographer prior to trial. You should consider the deposition testimony that was read or viewed here in court according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Proposed Charge No. 20:**
**<u>Admissions</u>**

Evidence was presented to you in the form of admissions to the truth of certain facts.

These admissions were given in writing before the trial, in response to requests that were

submitted under established court procedures. You must treat these facts as having been proved.

## Proposed Charge No. 21:
## Witness Credibility

You have now had the opportunity to listen to and observe all of the witnesses. It is now your job to decide how believable you find each witness's testimony to be. So how do you determine where the truth lies? You should use all of the tests for truthfulness that you would use in determining matters of importance in your own everyday life.

One thing you should consider is any motivation, hostility, opinion or affection that a witness may have shown for or against a party. It is your duty to consider whether the witness has permitted any such bias to color their testimony. If you find a witness is biased, then you should view the witness's testimony with caution, weigh it with care, and subject it to close and searching scrutiny. When I use the word bias here, I am not necessarily speaking of discriminatory bias, but bias in general – a favoritism or partiality to one of the party's in this action.

You should consider any other interest or motive that the witness may have in cooperating with a particular party, as well as any interest the witness may have in the outcome of the case. Interest in the outcome of the case may create a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interest. Therefore, you should accept the testimony of interested witnesses with great care. Keep in mind, though, that it doesn't automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter how strong their interest in the outcome of a case, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, a witness's interest has affected his or her testimony.

Additional factors you should consider are: the opportunity the witness had to see, hear and know the things about which he or she has testified; the accuracy of the witness's memory;

27

the witness's candor or lack of candor; the witness's intelligence; the reasonableness of the

witness's testimony; and the testimony's consistency or lack of consistency with other credible

evidence or testimony. In other words, what you must try to do in deciding credibility is to size

up a witness in light of the witness's demeanor, the explanations given, and all of the other

evidence in the case. Always remember that you should use your common sense, your good

judgment, and your own life experience.

      You have heard evidence that at some earlier time witnesses have said or done

something, or failed to say or do something, which counsel argues is inconsistent with the

witnesses' testimony here in court. Evidence of a prior inconsistent statement was placed before

you for the purpose of helping you decide whether to believe the trial testimony of the witness. If

you find that the witness made an earlier statement that conflicts with the witness's trial

testimony, you may consider that fact in deciding how much of the witness's trial testimony, if

any, to believe.

      If you find that any witness has willfully testified falsely to any material fact -- that is, to

an important matter -- then the law permits you to disregard the entire testimony of that witness

based upon the principle that someone who testifies falsely about one material fact is likely to

testify falsely about everything. You are not required, however, to consider such a witness as

totally unworthy of belief. You may accept so much of the witness's testimony as you deem true

and disregard what you find to be false. While it is quite legitimate for an attorney to try to attack

the credibility of a witness, as the sole arbiters of the facts, you must decide for yourselves which

witnesses you will believe, what portion of their testimony you will accept, and what weight you

will give their testimony.

      I will remind you of something I instructed on at the beginning of the case. Everyone,

including me, has feelings, assumptions, perceptions, fears, sympathies, generalizations,

prejudices, and stereotypes that we may not be aware of. These are called implicit biases. These biases may concern, race, gender, national origin, sexual orientation, class, education, and many other issues. These hidden thoughts can impact what we see and hear, how we remember what we see and hear, and how we make important decisions. Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. The law demands that you return a just verdict, based solely on the evidence, your individual evaluation of that the evidence, your reason and common sense, and these instructions. Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.

Adapted from: Jury Charge, *Zhang et al. v. Zhang*, 16 Civ. 4013 (LGS); Jury Charge, *Saber v, NY State Dept. of Fin. Servs.*, 15 Civ. 5944 (LGS)

**Proposed Charge No. 22:**
**Preparation of Witnesses**

You may have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying. The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

## III.  SUBSTANTIVE CLAIMS

**Proposed Charge No. 23:**
**Equal Pay Claims Under New York Labor Law § 194**

**PLAINTIFF'S PROPOSED CHARGE:**

**New York Equal Pay Law Violation**

Ms. Rowe brings claims under the New York Equal Pay Law – which I will refer to simply as the Equal Pay Law. It applies specific standards to the question of whether Ms. Rowe was paid less than male employees performing comparable work. The Equal Pay Law is a strict liability statute, so a plaintiff need not show an employer's discriminatory intent. This means that to prevail on her Equal Pay Law claim, Ms. Rowe need not prove that Google intended to discriminate against her on the basis of her gender, or even that her gender played any role in the decision to pay her less. Rather, to prevail on her Equal Pay Law claim, Ms. Rowe need only prove by a preponderance of the evidence that Google paid her less than at least one man in the same geographic area for work which required equal skill, effort and responsibility, and which was performed under similar working conditions.

Here, Ms. Rowe alleges for the purpose of her Equal Pay Law claims that Google paid her less than Nicholas Harteau and Stuart Breslow, who were located at the same work location as her. The primary question the jury must decide with respect to Ms. Rowe's Equal Pay claims is whether there is a preponderance of evidence to conclude that Ms. Rowe performed sufficiently similar work to Mr. Harteau and/or Mr. Breslow.

To determine whether Ms. Rowe has proven that her work and the work of Mr. Harteau and/or Mr. Breslow were equal for purposes of the law, you must compare the jobs being performed, not the individual employees holding those jobs.

 "Equal" does not mean identical, and job titles are not determinative. Rather, there must

31

be a comparison of actual job content. In evaluating whether the work performed was equal for purposes of the Equal Pay Law to work performed by comparable male employees, you should consider whether the work being compared required equal skill, effort, and responsibility. "Skill" under the Equal Pay Law refers to the experience, training, education, and ability required to perform a job. "Effort" refers to the mental exertion needed to perform the job. Jobs may require equal effort in their performance even though the effort may be exerted in different ways. "Responsibility" refers to the degree of accountability required in the performance of the job with the emphasis on the importance of the job obligation. The occasional or sporadic performance of an activity which may require different skill, effort, and responsibility is not alone sufficient to justify a finding that two jobs are not equal.

Finally, you must determine whether Google paid Ms. Rowe less than Mr. Harteau and/or Mr. Breslow. That other men may have performed similar roles at wages lower than plaintiff's does not mean an Equal Pay Law violation has not occurred. Rather, in determining whether Ms. Rowe has met her burden of proof on the Equal Pay Law claim, you must consider only whether she performed work equal for purposes of the Equal Pay Law to Mr. Harteau and/or Mr. Breslow, and whether she was compensated less for that work.

In determining whether Google paid Ms. Rowe less than Mr. Harteau and/or Mr. Breslow, you should examine all amounts earned for work performed at Google, including salary, bonus, and stock.

Additionally, Ms. Rowe need not show that she and Mr. Harteau and/or Mr. Breslow performed work equal for purposes of the Equal Pay Law while both were holding the same position or during the same time period. It is enough to find liability if Ms. Rowe proves by a preponderance of the evidence that she performed work and that Mr. Harteau and/or Mr. Breslow performed work equal for purposes of the Equal Pay Law – at any time – for which Mr. Harteau

and/or Mr. Breslow were paid more, even if the time period in which they were performing that work did not overlap.

       If plaintiff has proven these elements, Google may avoid liability only if it has proven by a preponderance of the evidence that it made the decision to pay Ms. Rowe less was based on a bona fide factor other than gender, and that the factor was both job-related and justified by business necessity. To meet the burden of establishing business necessity, Google must prove by a preponderance of credible evidence that the factor considered reflects a genuine business need and has a demonstrable relationship to the job in question or the successful performance of that job. This burden cannot be met with conclusory statements or bare assertions about the business need; Google must set forth a factor that bears a manifest relationship to the employment in question. In addition, Google must prove that the bona fide factor was the actual reason the wage decision was made at the time the decision was made, and not simply a possible or hypothetical reason or an after-the-fact creation. Google bears the burden of proof for this defense.

N.Y. Labor Law § 194(1); 29 C.F.R. § 1620.13(b); *Grant v. Bethlehem Steel Corp.*, 635 F.2d 1007, 1015 (2d Cir. 1980) (citing *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971); *Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001); *William v. Morrison & Foerster LLP*, No. 18 Civ. 02542, 2021 WL 3012739, at *14 (N.D. Cal. Mar. 12, 2021) (interpreting NY EPL); *see E.E.O.C. v. First Citizens Bank of Billings*, 758 F.2d 397, 420 (9th Cir. 1985).

**DEFENDANT'S PROPOSED CHARGE:**

**<u>New York Labor Law Section 194 Violation</u>**

Ms. Rowe brings a claim under New York Labor Law Section 194. As applicable here, it prohibits employers from paying men and women differently in the same establishment, except under certain circumstances, as I will explain in more detail momentarily. The Labor Law is a strict liability statute, so to succeed a plaintiff need not show that an employer intentionally paid her less because she is a woman. Also, both parties bear a burden of proof on this claim; first, the plaintiff bears a burden, and if she satisfies that burden, the defendant bears a burden of proof to avoid liability.

Here, plaintiff alleges for the purpose of her Labor Law Section 194 claim that Google paid her less than Nicholas Harteau and Stuart Breslow.

The first question for you to determine is whether plaintiff has proved that Mr. Harteau and Mr. Breslow are comparators under Labor Law Section 194. During the time period at issue, Section 194 made it presumptively unlawful for an employer to pay a woman less than a man for equal work on a job the performance of which requires equal skill, effort, and responsibility, and which is performed under similar working conditions.

Ms. Rowe must prove by a preponderance of the evidence that Mr. Harteau and/or Mr. Breslow was performing work equal to the work she performed. Ms. Rowe can satisfy her burden if she proved by a preponderance of the evidence that Mr. Harteau and/or Mr. Breslow was performing a job requiring equal skill, effort and responsibility to Ms. Rowe's. This standard is demanding, and requires that Ms. Rowe establish that the compared jobs entail common duties or content, and do not simply overlap in titles or classifications. To satisfy this burden, Ms. Rowe must prove that the compared jobs have the same common core of tasks.

There must be a comparison of actual job content. In evaluating whether the work

performed was substantially similar to work performed by comparable male employees, you should consider whether the work being compared required similar skill, effort, and responsibility. "Skill" under Labor Law Section 194 refers to the experience, training, education, and ability required to perform a job. "Effort" refers to the mental exertion needed to perform the job. Jobs may require equal effort in their performance even though the effort may be exerted in different ways. "Responsibility" refers to the degree of accountability required in the performance of the job with the emphasis on the importance of the job obligation.

Finally, if you conclude that Mr. Harteau and/or Mr. Breslow are comparators under the law that I just described, you must determine whether Ms. Rowe proved that Google paid her less than Mr. Harteau and/or Mr. Breslow. In determining whether Google paid Ms. Rowe less than Mr. Harteau and/or Mr. Breslow, you should examine all amounts earned for work performed at Google, including salary, bonus, and stock.

Ms. Rowe need not show that she and Mr. Harteau and/or Mr. Breslow were comparators during the same time period. It is enough for her to meet her burden of proof if Ms. Rowe proved by a preponderance of the evidence that they were comparators under the law I have described, even if the time period in which they were performing that work did not overlap.

If plaintiff has proved these elements, Google avoids liability if it has proved by a preponderance of the evidence that it actually paid Mr. Harteau more based on a bona fide factor other than sex, and that the factor was both job-related and consistent with business necessity. To meet the burden of establishing business necessity, Google must prove by a preponderance of the evidence that the factor considered reflects a genuine business need and has a demonstrable relationship to the job in question or the successful performance of that job.

N.Y. Labor Law § 194(1); 29 C.F.R. § 1620.13(b); *Grant v. Bethlehem Steel Corp.*, 635 F.2d 1007, 1015 (2d Cir. 1980) (citing *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971); *Chiaramonte v. Center*, No. 13-5117, 2016 WL 299026, at \*8 (S.D.N.Y. Jan. 22, 2016); *Doroz v. Delorio's Foods, Inc.*, 437 F. Supp. 3d 140 (N.D.N.Y. 2020).

**Proposed Charge No. 24:**
**Discrimination Under New York City Human Rights Law**

**PLAINTIFF'S PROPOSED CHARGE:**

Separate from her Equal Pay Law claims, Ms. Rowe brings gender discrimination claims under the New York City Human Rights Law, which I will refer to as the City Law.  This law is similar but not identical to the City Law and applies to a broader range of conduct. Under the City Law, it is against the law for an employer to discriminate on the basis of gender, including by paying an employee less on that basis, but also by refusing to hire or promote them, or otherwise treating them differently in any way, at least in part, because of their gender. Stated more broadly, the City Law makes it unlawful for an employer to treat an employee less well – in any way – at least in part because of their gender.  The question of whether Google is liable under the City Law is separate and distinct from the question of whether Google is liable under the Equal Pay Law, even though some conduct may be actionable under both laws. Any action you determine meets this definition is a violation of the law; meaning, you may find that Google treated Ms. Rowe less well on one occasion, more than one occasion, or not at all.

The City Law has been violated if you find by a preponderance of the evidence that gender played some role in Google's treatment of Ms. Rowe. This treatment could include under-leveling her at her hire, paying her less than similarly situated male employees, denying her promotions, and excluding her from staff meetings, email distribution lists, and strategy setting meetings. Rowe need not establish that her gender was the sole consideration or even the most important consideration motivating Google in any of those circumstances – indeed, a number of factors may have contributed to the company's actions. If you find that Google treated Ms. Rowe less well – at least in part – because of her gender on any occasion, she is entitled to your verdict, even if you find that the Google's conduct was also motivated by a lawful reason.

The only exception is if Google proves by a preponderance of the evidence that the discriminatory conduct at issue was nothing more than what a reasonable person would consider a "petty slight and trivial inconvenience." Google bears the burden of proof as to this defense.

In determining whether Google discriminated against Rowe on the basis of gender, you may consider a variety of factors, including whether the language or conduct of Google managers reveals a bias against women or preference for men; whether Google treated Ms. Rowe less well than similarly-situated men; whether Google's explanations for its actions were credible or whether they are contradicted by fact or changed over time; or whether any of Google's witnesses were untruthful, either at trial or when speaking to Ms. Rowe.

One note examining treatment of similarly-situated men. While comparisons may offer some evidence of discrimination, it is not the only way to prove discrimination – I noted for you just now a number of ways discrimination may be proven. However, to the extent you consider comparator evidence, I will give you some guidelines. For the plaintiff and a comparator to be similarly-situated, under the City Law, a plaintiff is not required to show that both individuals' circumstances were identical. Rather, the fact finder must examine the acts, context, and surrounding circumstances of the plaintiff and her comparator to determine whether the comparator is similarly-situated. I draw this distinction because it is a less rigid standard for comparison than the standard I explained for comparing Rowe to other men for purposes of New York's Equal Pay Law.

N.Y.C. Admin. Code § 8-107(1); *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013); *Rowe v. Google LLC*, No. 19-8655, 2022 U.S. Dist. LEXIS 173540 (S.D.N.Y. Sept. 26, 2022) (Schofield, J.); *Albunio v. City of N.Y.*, 922 N.Y.S.2d 244 (2011); *Bennett v. Health Mgmt. Sys., Inc.*, 936 N.Y.S.2d 112, 120 (2011); *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 39 (N.Y. App. Div. 2009).

**DEFENDANT'S PROPOSED CHARGE:**

Separate from her Labor Law Section 194 claim, Ms. Rowe brings gender discrimination claims under the New York City Human Rights Law, which I will refer to as the City Law. Under the City Law, it is against the law for an employer to discriminate against an employee because of gender, in compensation or in terms, conditions or privileges of employment. Stated more broadly, the City Law makes it unlawful for an employer to treat an employee less well – in any way – at least in part because of their gender.  The question of whether Google is liable under the City Law is separate and distinct from the question of whether Google is liable under Labor Law Section 194, even though some conduct may be actionable under both laws.

The City Law has been violated if you find by a preponderance of the evidence that gender played some role in Google's treatment of Ms. Rowe. This treatment could include under-leveling her at her hire, paying her less than similarly situated male employees, denying her promotions, and excluding her from staff meetings, email distribution lists, and strategy setting meetings. Rowe need not establish that her gender was the sole consideration or even the most important consideration motivating Google in any of those circumstances – indeed, a number of factors may have contributed to the company's actions. If you find that Google treated Ms. Rowe less well – at least in part – because of her gender, she may succeed on this claim, even if you find that the Google's conduct was also motivated by a lawful reason.

Keep in mind, however, that the City Law is not a general civility code. Thus, even if Ms. Rowe establishes that she was treated less well because of her gender, Google can still avoid liability by proving by a preponderance of the evidence that the complained-of conduct at issue is nothing more than what a reasonable person would consider a "petty slight and trivial inconvenience."

In determining whether Google discriminated against Rowe because of gender, you may

consider a variety of factors, including whether the language or conduct of Google managers reveals a bias against women or preference for men; whether Google treated Ms. Rowe less well than similarly-situated men; whether Google's explanations for its actions were credible or whether they are contradicted by fact or changed over time; or whether any of Google's witnesses were untruthful, either at trial or when speaking to Ms. Rowe. In making this determination, however, you may not second-guess Google's business judgment. In other words, you may not find discrimination simply because you think that a business decision that Google made was incorrect or unwise, or because you disagree with the decision.

One note on similarly situated men. While this evidence may offer some evidence of discrimination, it is not the only way to prove discrimination – I noted for you just now a number of ways discrimination may be proven. However, to the extent you consider whether Google treated similarly situated men differently than Ms. Rowe, I will give you some guidelines. For her and a comparator to be similarly-situated, under the City Law, a plaintiff is not required to show that both individuals' circumstances were identical. Rather, the fact finder must examine the acts, context, and surrounding circumstances of the plaintiff and her comparator to determine whether the comparator is similarly-situated, such that you believe a difference in their treatment could reasonably lead to the conclusion that it was because of gender. This is different from the standard I explained for comparators under Labor Law Section 194.

N.Y.C. Admin. Code § 8-107(1); *Rowe v. Google LLC*, No. 19-8655, 2022 U.S. Dist. LEXIS 173540 (S.D.N.Y. Sept. 26, 2022) (Schofield, J.); *Marseille v. Mount Sinai Health Sys., Inc.*, No. 18-12136, 2021 WL 3475620, at *9 (S.D.N.Y. Aug. 5, 2021); *Day v. City of New York*, No. 15-4399, 2015 WL 10530081, at *15-16 (S.D.N.Y. Nov. 30, 2015).

**Proposed Charge No. 25:**
**Retaliation**

**PLAINTIFF'S PROPOSED CHARGE:**

There is a third claim you must decide. You must determine whether Google retaliated against Ms. Rowe for making protected complaints. Under the City Law, it is unlawful for an employer to retaliate or discriminate in any manner against any person because such person has raised concerns about discrimination. Similarly, under the Equal Pay Law, it is unlawful for an employer to retaliate or discriminate in any manner against any person because such person has raised concerns about unequal pay between women and men. Although Ms. Rowe raises retaliation claims under both laws, both claims rely on the same standards and so your determination of both claims will be subject to the same instructions.

To have made a complaint, Ms. Rowe need not use any magic words; Ms. Rowe has opposed discrimination and/or unequal pay practices if you find she expressed clear disapproval of the discrimination and/or unequal pay practices by communicating, in substance, that she thought the conduct was wrong. To find in Ms. Rowe's favor, you must find by a preponderance of the evidence that Ms. Rowe's concerns were made in good faith, and that in response Google engaged in conduct that could be reasonably expected to "chill" or deter someone from making a complaint. A good faith belief is one in which, in light of all of the circumstances, someone standing in Ms. Rowe's shoes would view as reasonable.

Ms. Rowe claims that Google retaliated against her by, among other things, ending her consideration for the head of financial services position, denying her the head of financial services position, removing her core responsibilities related to the financial services industry, and refusing to consider her for the position of Vice President of Financial Services, Sales in 2020.

Ms. Rowe need not establish that her complaints were the sole consideration or even the

41

most important consideration motivating Google's treatment of her – indeed, a number of factors may have contributed to the company's actions. If you find that Google undertook those actions, at least in part, because of Ms. Rowe's complaints, she is entitled to your verdict, even if you find that Google's conduct was also motivated by a lawful reason.

N.Y.C. Admin. Code § 8-107(7); *LeRoy v. Delta Air Lines*, 2022 U.S. App. LEXIS 29352, at *12 (2d Cir. Oct. 21, 2022); *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013); *Rowe v. Google LLC*, No. 19-8655, 2022 U.S. Dist. LEXIS 173540, at *21 (S.D.N.Y. Sept. 26, 2022); *Benzinger v. Lukoil Pan Americas, LLC,* 447 F.Supp.3d 99, 130 (S.D.N.Y. 2020); *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 563 (S.D.N.Y. 2013); *Albunio v. City of N.Y.*, 16 N.Y.3d 472, 479 (2011); *Bennett v. Health Mgmt. Sys., Inc.*, 936 N.Y.S.2d 112, 120 (2011); *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27 (N.Y. App. Div. 2009).

**DEFENDANT'S PROPOSED CHARGE:**

There is a third claim you must decide. You must determine whether Google retaliated against Ms. Rowe for making protected complaints. Under the City Law, it is unlawful for an employer to retaliate or discriminate in any manner against any person because such person has raised, reasonably and in good faith, concerns about discrimination. Similarly, under the Labor Law, it is unlawful for an employer to retaliate or discriminate in any manner against any person because such person has made a complaint to her employer that she reasonably and in good faith believes the employer has violated the Labor Law regarding unequal pay between women and men. Although Ms. Rowe raises retaliation claims under both laws, both claims rely on the same standards and so your determination of both claims will be subject to the same instructions.

Raising a concern reasonably and in good faith requires two things. First, Ms. Rowe must prove by a preponderance of the evidence that she had a subjective good faith belief that Google violated the law. Thus, if Ms. Rowe's concern was not raised in good faith, but rather to protect her job or attempt to extract a benefit from Google, she has not satisfied the "good faith" requirement. Second, Ms. Rowe must prove by a preponderance of the evidence that her concern was objectively reasonable.

In order for Ms. Rowe to prevail on her retaliation claim, she must prove by a preponderance of the evidence that she raised, reasonably and in good faith, a concern about discriminatory treatment, and that because Ms. Rowe raised that concern, Google engaged in conduct that could be reasonably expected to "chill" or deter someone from making such a complaint. This conduct by the employer is commonly referred to as an "adverse action." Your determination of whether Google engaged in an adverse action must be made with a keen sense of workplace realities, and the fact that the "chilling effect" of particular conduct is context-dependent.

You must first decide, then, whether Ms. Rowe raised, reasonably and in good faith, complaints of discrimination or unequal pay. If you find that she did, you must then decide whether Google undertook any adverse actions, at least in part, because of her complaints.

Ms. Rowe claims that Google retaliated against her by, among other things, not considering her for the head of financial services position, denying her the head of financial services position, removing her core responsibilities related to the financial services industry, and not considering her for the position of Vice President of Financial Services, Sales in 2020.

Google, conversely, claims that all of its conduct towards Ms. Rowe, including the conduct I just described to you, was motivated entirely by legitimate business reasons. If you find that Ms. Rowe has proved by a preponderance of the evidence that Google undertook those actions, at least in part, because of her good faith and reasonable complaints, she may succeed on this claim.

N.Y.C. Admin. Code § 8-107(7); *Rowe v. Google LLC*, No. 19-8655, 2022 U.S. Dist. LEXIS 173540, at *21 (S.D.N.Y. Sept. 26, 2022); *Tang v. Glocap Search LLC*, No. 14-1108, 2015 WL 5472929, at *2 (S.D.N.Y. Sept. 16, 2015); *Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 332-333 (S.D.N.Y. 2010).

## IV.    DAMAGES

**Proposed Charge No. 26:**
**<u>Damages Generally</u>**

I will now instruct you on the measure of damages you should award to the plaintiff in the event you conclude that plaintiff has proven her claims for unequal pay, gender discrimination, and/or retaliation. The law permits me to charge you on damages now so that in the event you decide that the plaintiff is entitled to prevail on her claims and you reach the issue of damages, you will not have to file back in to listen to my charge on damages.

You should not interpret the fact that I am giving instructions about damages now as an indication that I believe that plaintiff should, or should not, receive damages. It is your task and yours alone to decide whether plaintiff is entitled to prevail on her claims. In other words, you should only reach the issue of what damages may be appropriate if you decide that Ms. Rowe prevails on any of her claims.

You may award only those damages that the plaintiff has proved by a preponderance of the evidence. Any damages that you may choose to award should be based on the evidence presented at trial.

Plaintiff's claims each are entitled to a separate determination of damages by the jury. I will explain each category of damages separately, but generally plaintiff seeks back pay, compensatory damages, liquidated damages, and punitive damages.

### Proposed Charge No. 27:
### Damages - Back Pay

The economic loss plaintiff has suffered as a result of any of claims she has put forth is called "back pay." Back pay consists of the value of not only salary, but also bonuses, stock awards, and other forms of compensation and benefits that plaintiff would have received if not for Google's unlawful conduct, if that is what you find.

Specifically, plaintiff asserts that she was paid less than **[PLAINTIFF: men performing equal work under the Equal Pay Law] [DEFENDANT: men performing equal work under Labor Law Section 194]**. She also asserts that, because she is a woman, Google paid her less and denied her positions that would have entitled her to greater compensation, in violation of the City Law. She also asserts that, because she made protected complaints, Google denied her positions that would have entitled her to greater compensation. Your job as the jury is to determine what damages, if any, plaintiff has proved by a preponderance of the evidence for each claim.

Plaintiff is entitled to lost wages and benefits even if they are difficult to calculate. Any uncertainty about the amount of lost compensation to be awarded to plaintiff should be resolved in her favor. That said, plaintiff has the burden of proving that she actually incurred a loss of back pay.

*Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 52-53 (2d Cir. 2015); *Williams v. Firequench, Inc.*, No. 21-CV-4112 (PAE) (JLC), 2022 U.S. Dist. LEXIS 148682 (S.D.N.Y. Aug. 19, 2022); *DeCurtis v. Upward Bound Intern., Inc.*, No. 09-5378, 2011 WL 4549412, at *3 (S.D.N.Y. Sept. 27, 2011); *E.E.O.C. v. United Health Programs of Am., Inc.*, 350 F. Supp. 3d 199, 229 (E.D.N.Y. 2018).

46

**Proposed Charge No. 28:**
**<u>Damages - Compensatory Damages</u>**

If you find that Ms. Rowe has established any of her claims of gender discrimination or

retaliation under the City Law, you may award her compensatory damages for injuries such as

emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of

life. Compensatory damages are an amount that will fairly compensate her for any injury she

actually sustained as a result of defendant's conduct. There is no requirement that a claim of

emotional distress be supported by proof of expenses, lost earnings, or specifically measurable

damages. No expert testimony is necessary to prove such harm, and you may rest your findings

solely on Rowe's testimony.

No evidence of the monetary value of such intangible things as pain and suffering has

been, or need be, introduced into evidence. There is no exact standard for fixing the

compensation to be awarded for these elements of damage. Rather, you may issue an award of

monetary damages based on the emotional harm you determine plaintiff to have suffered, based

on the evidence presented and your best judgment. Any award you make should be fair in light

of the evidence presented at the trial.

*Quinby v. WestLB AG*, 2008 U.S. Dist. LEXIS 62366, at *9 (S.D.N.Y. Aug. 15,
2008)

47

**Proposed Charge No. 29:**
**Statutory Damages under New York Labor Law § 194**

**PLAINTIFF'S PROPOSED CHARGE:**

**Equal Pay Law – Statutory Damages**

If you find that Google violated the Equal Pay Law, Rowe is also entitled to certain statutory damages, unless you find that Google acted in good faith. Under the law, if you find for Ms. Rowe on liability, you are to presume that Google did not act in good faith. It is Google's burden to demonstrate by a preponderance of the evidence that it acted in good faith.

Good faith has two requirements. First, Google must produce plain and substantial evidence of at least an honest intention to ascertain what the Equal Pay Law requires and to comply with it. Second, Google must demonstrate objectively reasonable grounds for believing it was in compliance with the law.

Good faith requires more than ignorance of the prevailing law or uncertainly about its development. It requires an employer to take active steps to ascertain the dictates of the statute and then move to comply with the law. That a defendant did not purposefully violate the statute is not sufficient to establish that it acted in good faith. Nor is good faith demonstrated by conformity with industry-wide practice.

If you find that Google violated the Equal Pay Law, you must also consider whether Google's actions were willful. Willfulness is established if Google knew or showed a reckless disregard for whether its unequal compensation of Rowe was prohibited by law.

If you find that Ms. Rowe has proven by a preponderance of the evidence that Google knew or showed a reckless disregard for whether or not its payment of her complied with the law, you will find that it acted willfully. You may find that Google acted willfully even if you

48

find that Google did not act with an intent to violate the law. This is because willfulness can be shown where a defendant acts with reckless disregard for the law.

As you will see on the verdict sheet, if you find Google violated the Equal Pay Law, you must determine both whether it acted in good faith and whether its violation of the law was willful. If you find that Google's conduct was willful, you must also find that its conduct was not taken in good faith.

N.Y. Lab. Law § 198(1-a); *Kuebel v. Black Decker Inc.,* 643 F.3d 352, 366; *Knox v. John Varvatos Enters.*, 512 F. Supp. 3d 470, 494 (S.D.N.Y. 2021); *Copantitla v. Fiskardo Estiatorio, Inc.,* 788 F. Supp. 2d 253, 317 (S.D.N.Y. 2011).

49

**DEFENDANT'S PROPOSED CHARGE:**

**Labor Law Section 194 – Statutory Damages**

If you find that Google violated Labor Law Section 194, Rowe is also entitled to certain statutory damages, unless you find that Google acted in good faith.

Under the law, if you find for Ms. Rowe on liability, it is Google's burden to demonstrate by a preponderance of the evidence that it acted in good faith. Whether Google acted in good faith will impact the amount of damages you award, if any.

Good faith has two requirements. First, Google must produce plain and substantial evidence of at least an honest intention to ascertain what Labor Law Section 194 requires and to comply with it. Second, Google must demonstrate objectively reasonable grounds for believing it was in compliance with the law. Such reasonable grounds may include but are not limited to reliance on judicial decisions, the acts or opinions of a government agency, or the advice of an attorney.

Good faith generally requires an employer to take active steps to ascertain the dictates of the statute and then move to comply with it. That a defendant did not purposefully violate the statute, or that it was merely ignorant of the law, is not sufficient to establish that it acted in good faith. Nor is good faith demonstrated by conformity with industry-wide practice.

If you find that Google violated the Labor Law Section 194, you must also consider whether Google's actions were willful. Willfulness is established if Google knew or showed a reckless disregard for whether its unequal compensation of Rowe was prohibited by law. It is Ms. Rowe's burden to establish Google's willfulness by a preponderance of the evidence. Whether Google acted willfully will also impact the amount of damages you award, if any.

If you find that Ms. Rowe has proved by a preponderance of the evidence that Google knew or showed a reckless disregard for whether or not its payment of her complied with the

law, you may find that it acted willfully. You may find that Google acted willfully even if you find that Google did not act with an intent to violate the law. This is because willfulness can be shown where a defendant acts with reckless disregard for the law. Unlike the good faith standard, however, a simple ignorance of the law precludes a finding of willfulness. In other words, mere negligence is not sufficient to establish willfulness. Similarly, if you find that Google attempted to comply with Labor Law 194, you may not find that it acted willfully.

As you will see on the verdict sheet, if you find Google violated the Equal Pay Law, you must determine both whether it acted in good faith and whether its violation of the law was willful. If you find that Google's conduct was willful, you must also find that its conduct was not taken in good faith. By the same token, though, if you find that Google's conduct was in good faith, you cannot find that its conduct was willful

N.Y. Lab. Law § 198(1-a); *Haifeng Xie v. Sakura Kai I Inc.*, No. 17-7509, 2019 WL 1568756, at *8 (E.D.N.Y. Apr. 11, 2019); *Valle v. Gordon Chen's Kitchen LLC*, 254 F. Supp. 3d 665, 678 (S.D.N.Y. 2017).

**Proposed Charge No. 30:**
**Damages - Punitive Damages**

**PLAINTIFF'S PROPOSED CHARGE:**

If you find that Rowe prevails on any of her claims of gender discrimination or retaliation, you may award her punitive damages. Punitive damages are awarded to punish a defendant and to set an example in order to deter the defendant and others from committing similar acts in the future. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct. There is no exact rule by which to determine the amount of punitive damages. It is up to the jury to decide what amount is sufficient to punish the defendant.

A plaintiff is entitled to punitive damages where the wrongdoer's actions amount to willful or wanton negligence, or recklessness, or where there is a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard. Under this standard, a defendant need not know that he or she was violating the law, and the plaintiff is not required to prove intentional or malicious conduct.

In calculating a punitive damages award, you should consider, among other things, the (1) nature and reprehensibility of Google's conduct, including the character of the wrongdoing and Google's awareness of what harm the conduct caused or was likely to cause; (2) the amount of time Google engaged in the conduct; and (3) Google's financial condition and the impact your punitive damages award will have on Google. If you award punitive damages, you may consider Google's net worth and the impact of paying that award. Keep in mind that punitive damages are not intended to, and may not be used to, compensate plaintiff for her injuries. Instead, the purpose of punitive damages is to punish a defendant and to deter similar conduct in the future. Any punitive damages award should be limited to the amount reasonably necessary to achieve

52

the goals of punishment and deterrence.

N.Y.C. Admin. Code §8-502; *Chauca v. Abraham*, 67 N.Y.S.3d 85 (2017).

**DEFENDANT'S PROPOSED CHARGE:**

If you find that Rowe prevails on any of her claims of gender discrimination or retaliation, you may, but are not required to, award her punitive damages.

Punitive damages differ from compensatory damages in that they are intended only to address gross misbehavior or conduct that willfully or wantonly causes hurt to another. They may only be awarded for exceptional misconduct which transgresses mere negligence. They are warranted only where aggravating factors demonstrate an additional level of wrongful conduct.

Punitive damages, if awarded, are meant to punish a defendant and to set an example in order to deter the defendant and others from committing similar acts in the future. In other words, punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct. There is no exact rule by which to determine the amount of punitive damages. It is up to the jury to decide what amount is sufficient to punish the defendant.

A plaintiff may be awarded punitive damages only where she proves by a preponderance of the evidence that the wrongdoer's actions amount to willful or wanton negligence, or recklessness, or where there is a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard. Under this standard, a defendant need not know that they were violating the law, and the plaintiff is not required to prove intentional or malicious conduct.

Even if Ms. Rowe carries her burden to prove that a particular Google employee engaged in willful or wanton negligence, recklessness, or a conscious disregard of her rights under the City Human Rights Law, you may award punitive damages only if Ms. Rowe proves by a preponderance of the evidence that (1) the offending employee exercised managerial or supervisory responsibility, (2) Google knew of the offending employee's discriminatory conduct and acquiesced in it or failed to take immediate and appropriate corrective action, or (3) if Google should have known of the offending employee's unlawful discriminatory conduct but

54

failed to exercise reasonable diligence to prevent it.

In calculating a punitive damages award, you should consider, among other things, the (1) nature and reprehensibility (if any) of Google's conduct, including the character of the wrongdoing and Google's awareness of what harm the conduct caused or was likely to cause; (2) the amount of time Google engaged in the conduct (if any); and (3) Google's financial condition and the impact your punitive damages award will have on Google. If you award punitive damages, you may consider Google's net worth and the impact of paying that award. Keep in mind that punitive damages are not intended to, and may not be used to, compensate plaintiff for her injuries. Instead, the purpose of punitive damages is to punish a defendant and to deter similar conduct in the future. Any punitive damages award should be limited to the amount reasonably necessary to achieve the goals of punishment and deterrence.

You may also consider whether Google (1) has established and complied with policies, programs and procedures for the prevention and detection of discrimination by employees; and (2) a record of no, or relatively few, prior incidents of discriminatory conduct by the specific, offending employee. These factors may mitigate a punitive damages award, should you choose to impose one.

N.Y.C. Admin. Code §§ 8-107(13), 8-502; *Chauca v. Abraham*, 67 N.Y.S.3d 85 (2017).

**Proposed Charge No. 31:**
**Damages - Nominal Damages**

If plaintiff has prevailed on her claims as I have described them but has not shown any injury or any actual damages to warrant an award of back pay, compensatory or punitive damages, then you must return an award of nominal damages of one dollar.

Nominal damages must be awarded when a defendant has deprived a plaintiff of a right but a plaintiff has suffered no actual damages of monetary value as a natural consequence of that deprivation. The mere fact that a deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that Google violated that law but that plaintiff has suffered no injury as a result of Google's conduct other than the fact of a violation, you must award nominal damages of one dollar. However, if you find actual injury with monetary value, you need not consider nominal damages.

*Wat Bey v. City of New York*, No. 99-3873, 2013 WL 12082743, at *15 (S.D.N.Y. Sept. 4, 2013).

**V.      CLOSING INSTRUCTIONS**

**Proposed Charge No. 32:**
**Duty to Deliberate/Unanimous Verdict**

Shortly, you will go into the jury room to begin your deliberations. In order to prevail on her claims, the plaintiff must sustain her burden of proof as I have explained to you with respect to her claims. Defendant must carry its burden as to those areas I have likewise identified for you.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold center stage in the jury room, and no one juror should control and monopolize the deliberations. If, after listening to your fellow jurors, and if, after stating your own view, you become convinced that your view is wrong, do not hesitate to change your view. On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are outnumbered. Your final vote must reflect your conscientious belief as to how the issues should be decided.

Your verdict must be unanimous. Until such time as you reach unanimous agreement, you must not reveal the standing of the jurors, that is, the split of the vote, to anyone, including the court.

Your duty is to decide the issues fairly and impartially, and to see that justice is done. Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interests are to seek the truth from the evidence in the case, and to determine whether the Plaintiff has proved her claims by a preponderance of the evidence. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in

57

accordance with the truth.

**Proposed Charge No. 33:**
**Right to See Exhibits and Hear Testimony; Communications with Court**

Your first duty in the jury room is to elect one member of the jury as your foreperson. The foreperson has no greater voice or authority than any other juror, but is the person who will communicate with the Court when questions arise.

If during your deliberations you want to see any of the exhibits, you may request that they be sent to you in the jury room. A list of exhibits received in evidence will be forwarded to you in the jury room. If you want any of the testimony read, that can also be done and will occur here in open court.

Your requests for exhibits or testimony – in fact, any communication with the Court – should be made to me in writing, signed by your foreperson, and given to the Marshal. I will respond to any questions or requests you have as promptly as possible, by having you return to the courtroom so that I can address you in person. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**Proposed Charge No. 34:**
**Return of Verdict**

After you have reached a verdict, your foreperson will fill out the jury verdict form that will be given to you, sign and date it, and advise the Marshal outside your door that you are ready to return to the courtroom.

I stress that each of you should be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court, and officially recorded, it cannot ordinarily be revoked.

I will remind you that you took an oath to render judgment impartially and fairly, without regard to prejudice or sympathy and without fear, solely upon the evidence and the applicable law. So that is your duty, and I know you will do your duty and reach a just and fair verdict.

I have just one more comment. I don't think it is necessary because it seems that even though you haven't known each other very long you have a good relationship, but it is the custom in this courthouse to say it. You should treat each other with courtesy and respect during your deliberations. All litigants stand equal in this room. All litigants stand equal before the bar of justice. Your duty is to decide between these parties fairly and impartially to see that justice is done, all in accordance with your oath as jurors. Thank you for your time and your attentiveness, and now the case is in your hands.