UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ULKU ROWE,

                Plaintiff,                        Case No. 1:19-cv-08655-LGS

      v.

GOOGLE LLC,

                Defendant.

**OPPOSITION TO MOTION TWO:**
**MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE**
**CONCERNING PLAINTIFF'S CANDIDACY FOR**
**<u>FINANCIAL SERVICES VERTICAL LEAD ROLE</u>**

## I.  INTRODUCTION

It is undisputed that Tariq Shaukat decided not to offer Plaintiff Ulku Rowe the Financial Services Vertical Lead role ("FSVL Role"). To decide whether Shaukat's decision was based on legitimate, business factors or motivated by discriminatory or retaliatory animus, the jury must know all of the information that Shaukat considered when making his decision—including feedback from the panelists who interviewed Rowe for the FSVL Role, some of which was conveyed to Shaukat by Stuart Vardaman, the internal recruiter for the position.

Whether the interview panelists' feedback was accurate is irrelevant. This jury will not be empaneled to decide whether Rowe or anyone else was a good fit for the FSVL Role. What matters, rather, is that Shaukat *considered* this feedback—accurate or not—in arriving at his decision. In other words, the feedback is not offered for its truth, but for its effect on Shaukat. Shaukat's testimony regarding this feedback is therefore admissible non-hearsay.

The interview feedback Vardaman relayed to Shaukat is likewise admissible non-hearsay, because it is also not introduced for its truth. Vardaman's testimony regarding that feedback is offered only to establish that (1) interview panelists gave feedback to Vardaman, (2) which he then relayed to Shaukat, and (3) Shaukat considered that feedback in his decision not to hire Rowe into the FSLV Role.

Plaintiff's motion *in limine* to exclude evidence concerning Rowe's candidacy for the FSVL Role on the basis that it is hearsay, (ECF 240), should therefore be denied.

## II.  FACTUAL BACKGROUND

Shaukat decided not to offer the FSVL Role to Rowe based on feedback from panelists who interviewed her for the position. (Shaukat Tr. 161:14-162:20.) The panelists were Jason Martin, Vats Srivatsan, Sebastien Marotte, and Darryl Willis. (Vardaman Tr. 88:12-15.) Marotte provided his feedback directly to Shaukat. (GOOG-ROWE-0017533). Shaukat received the

panelists' feedback through Vardaman in one of their "standing weekly meeting[s]." (Shaukat Tr. 147:11-148:5.)[1]

According to Shaukat, Vardaman told him that while the interview panelists felt "quite comfortable with [Rowe's] technical capability," "there were concerns around . . . the business aspects of that; meaning specifically her ability to articulate . . . a vision for the industry," or "articulate a value proposition for Google Cloud in the industry that would be differentiated versus other potential offerings in the industry that would be translatable to a product level[.]" (Shaukat Tr. 150:9-18). "[O]ne of the core things that we were solving for," Shaukat continued, "was who could help us figure out what products to build and how to position those in the market," but the interview panelists "did not see evidence" during their interviews with Rowe that she had "the product vision or the ability to develop a product vision for the industry." (*Id*. 150:19-151:2.)

In his deposition, Shaukat did not recall which panelist contributed what specific feedback: "I don't recall specially [sic] what came from Jason [Martin] and what came from Sebastian [Marotte]," but "[t]he general feedback was that they had a hard time . . . getting [Rowe] to articulate a vision for the financial services industry, [and] to articulate the business needs that she felt the industry was facing that Google Cloud could help with[.]" (*Id*. 146:15-147:9). While Shaukat could not recall the specific date of receiving the interview panelists' feedback, he recalled that it was "the week or two . . . after that round of interviews with [Rowe]." (*Id*. 151:18-22).

---

[1] Shaukat did not recall receiving Willis' feedback, either directly or through Vardaman, so Google does not oppose the exclusion of Willis' statement to Vardaman that Rowe was "too junior" for the FSVL Role. (Shaukat Tr. 152:8-13; Vardaman Tr. 82:2-83:4).

1

## III.    ARGUMENT

### A.    Shaukat's testimony about interview feedback is admissible non-hearsay, because it is not offered for the truth of its substance, but rather the effect of the feedback on Shaukat's decision not to hire Rowe into the FSVL Role.

"Where statements are offered to show their effect on a listener's state of mind, they are not hearsay." *M.C. v. Cnty. of Westchester, N.Y.*, No. 16-3013, 2022 WL 1124920, at *4 (S.D.N.Y. Apr. 13, 2022) (citation omitted). Admission of this evidence is crucial where, as here, the jury must determine whether the out-of-court statements provided a legitimate, non-discriminatory basis for the employer's challenged decisions.

In *Ramsaran v. Booz & Co. (N.A.) Inc.*, for example, the court declined to exclude out-of-court "comments from plaintiff's colleagues," because they were "admissible to show the effect those comments had on another person in this case," namely, "the person who made the decision to terminate [the plaintiff]." No. 14-708, 2015 WL 5008744, at *9 (S.D.N.Y. Aug. 24, 2015). The court observed, correctly, that "[i]n a discrimination case . . . we are decidedly not interested in the truth of the allegations against plaintiff." *Id*. at *10. Rather, "[w]e are interested in what '*motivated* the employer,'" so "the factual validity of the underlying imputation against the employee is not at issue." *Id*. (emphasis in original). Thus, because "the issue is the defendants' motivation in terminating plaintiff, not the adequacy of her performance as an employee," the other employees' out-of-court statements regarding the plaintiff's work performance were admissible. *Id*.; *see also DeNigris v. N.Y.C. Health & Hosp. Corp.*, 552 F. App'x 3, 6 (2d Cir. 2013) (affirming introduction at trial of "statements by interns, co-workers, and supervisors" regarding the plaintiff's inappropriate workplace conduct, not for the truth of the assertions, "but for the effect on [the decision-maker's] mind—that is, for her conclusion that [plaintiff] could not collaborate with her co-workers and should be fired"); *Hnot v. Willis Grp. Holdings Ltd.*, No. 01-6558, 2005 WL 831664, at *6 n.7 (S.D.N.Y. Apr. 8, 2005) (declining to exclude as hearsay an employee's out-of-

2

court complaints to a supervisor about the plaintiff, because "[t]he mere fact that [the employee] was complaining about plaintiff, even if inaccurately, would give [the decision-maker] a reason to demote [plaintiff]").

Here, as in *Ramsaran*, *DeNigris*, and *Hnot*, the jury need not (and, in fact, *cannot*) determine whether Rowe was qualified for the FSVL Role. That is not their function. *See Ekwegbalu v. Central Parking Sys.*, No. 97-9477, 2000 WL 1371335, at *3 (S.D.N.Y. Sept. 22, 2000) (in an employment discrimination dispute, "[t]he jury cannot substitute its business judgment for that of the employer"). Thus, whether Rowe actually had, for example, "the ability to develop a product vision for the industry" is irrelevant because it is not offered for its truth. (Shaukat Tr. 150:25-151:2); *Ramsaran*, 2015 WL 5008744, at *10 ("[i]n a discrimination case . . . we are decidedly not interested in the truth of the allegations against plaintiff").

Instead, what matters is that Shaukat *considered* the interview feedback in deciding not to hire Rowe into the FSVL Role. Shaukat's testimony will therefore assist the jury in deciding what *motivated* his decision, which is the ultimate issue the jury must resolve. (*See* Opinion and Order at pp. 14, 16) (ECF 219) (the jury must determine whether Shaukat "denied [Rowe] that role for discriminatory reasons," or alternatively, whether "there was a connection between Rowe's protected activities, and the decision not to hire her for the FSVL Role").

### B.   Vardaman's testimony about interview feedback is admissible, because it is not offered for its truth, and merely reflects the non-hearsay feedback that was relayed to Shaukat.

Vardaman's objected-to testimony is not offered for the truth of the underlying interview feedback. It is offered only to establish that (1) interview panelists gave feedback to Vardaman, (2) which he then relayed to Shaukat, and (3) which Shaukat considered in his decision not to hire Rowe into the FSLV Role. This non-hearsay testimony should be included at trial for the jury's consideration.

3

In *Paul v. Lenox Hill Hospital*, for example, the court declined to exclude patient complaints about the plaintiff-social worker that were relayed by nurses and case managers to the plaintiff's supervisors. No. 13-1566, 2016 WL 4775532, at *2 n.3 (E.D.N.Y. Jan. 15, 2016), *adopted*, 2016 WL 1271034 (E.D.N.Y. Mar. 29, 2016). "Plaintiff is correct that the Court cannot rely on the statements relayed from patients if offered for the truth of the patients' complaints," the Court observed, but the Court could rely on the documentation of those complaints relayed to plaintiff's supervisors "as establishing that those complaints were made, and to consider their impact on [plaintiff's supervisors] in their decision to discipline Plaintiff." *Id*.

Here, as in *Paul*, the objected-to testimony consists of underlying feedback relayed from its direct recipient (Vardaman) to the ultimate decision-maker (Shaukat). It is not "offered for the truth" of the panelists' feedback, but instead to establish that the feedback was given, so that the jury may "consider [its] impact" on Shaukat "in [his] decision" not to hire Rowe into the FSVL Role. *Paul*, 2016 WL 4775532, at *2 n.3.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion *in limine* to exclude evidence concerning Rowe's candidacy for the FSVL Role (ECF 240) should be denied.

Dated: December 5, 2022                                PAUL HASTINGS LLP
       New York, New York

                                       Kenneth W. Gage
                                       Sara B. Tomezsko
                                       200 Park Avenue
                                       New York, NY 10166
                                       (212) 318-6000
                                     kennethgage@paulhastings.com
                                     saratomezsko@paulhastings.com

                                     *Attorneys for Defendant Google LLC*

4