**OUTTEN & GOLDEN LLP**
Cara E. Greene
Gregory S. Chiarello
Shira Z. Gelfand
685 Third Avenue, 25th Floor
New York, New York 10017
(212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE LLC,<br><br>    Defendant. | **Case No. 1:19-cv-08655 (LGS)** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
<u>EVIDENCE OF OTHER EMPLOYEE COMPLAINTS</u>**

**Preliminary Statement**

Defendant seeks to exclude all evidence concerning other employees' complaints of alleged unfair treatment by Google, including but not limited to: (1) *Haggan et al. v. Google LLC*, Case No. 518739/2022 (N.Y. Sup. Ct.) (*"Haggan"*); (2) *Ellis v. Google LLC*, Case No. CGC-17-561299 (Cal. Sup. Ct.) (*"Ellis"*); (3) employee protests; and (4) any internal complaint of discrimination or unfair treatment by Google, on the bases that such evidence is hearsay and/or more prejudicial than relevant. As described below, the limited evidence of other employee complaints Plaintiff seeks to introduce is probative and admissible.[1]

**Argument**

**A. Evidence of the Existence of the *Haggan* and *Ellis* Complaints Is Relevant to Issues Concerning Google's Intent.**

*Haggan et al. v. Google LLC*, Case No. 518739/2022 (N.Y. Sup. Ct.) (*"Haggan"*) and *Ellis v. Google LLC*, Case No. CGC-17-561299 (Cal. Sup. Ct.) (*"Ellis"*) are two recent class action matters asserting claims that Google systematically under-leveled and underpaid women. (the "Equal Pay Suits"). While Ms. Rowe was not part of the *Ellis* class, the court complaint in that matter was filed just six months after she joined Google and two months before she raised her first complaint of discrimination about her initial under-leveling at hire. *Haggan* is a New York-based class action similarly involving complaints of under-leveling and underpayment by women in Google's New York office, the same office where Ms. Rowe worked. The existence of the Equal Pay Suits is relevant evidence that Google does not actually undertake to ensure

---

[1] Plaintiff can provide the referenced documents if the Court would like to review them in connection with this Motion. We also note that, while protesting the admission of prior complaints, Google acknowledges their relevance in its Proposed Jury Charge on punitive damages (*See* Joint Proposed Jury Charge at 55, filed December 5, 2023).

1

woman and men are paid equally, as it claims in it defense, and also that Google knew it had a problem and could have remedied Ms. Rowe's under-leveling and underpayment, but did not.

Whether evidence of an employer's past discriminatory behavior toward other employees is admissible is "fact based and depends on many factors." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387-88 (2008). Evidence like the accounts of other women employed at Google which reflect the same type of discrimination as Ms. Rowe alleges, made at the same time that she raised complaints, is routinely considered by courts to be relevant evidence for establishing an inference of discrimination. *See* Fed. R. Evid. 404(b)(2); *see also Zubulake v. UBS Warburg*, LLC, 382 F. Supp. 2d 536, 544-45 (S.D.N.Y. 2005) (allowing testimony about sex discrimination and bias against women other than plaintiff because "the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent."); *Ri Sau Chan v. N.Y. Downtown Hosp.,* No. 03 Civ. 3003, 2004 U.S. Dist. LEXIS 16751, at *17 (S.D.N.Y. Aug. 19, 2004) ("Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive") (internal citations omitted). It likewise should be admissible here.

In addition, evidence of the Equal Pay Suits is relevant to Google's knowledge of and failure to remedy possible on-going gender discrimination concerns. Accordingly, Google's knowledge of and response to the Equal Pay Suits is relevant to the questions of whether Google acted in good faith and/or with willful disregard, wanton negligence, or recklessness, or a conscious disregard of the rights of others, as it relates to her claims for liquidated and punitive damages under the NY EPL and NYCHRL, respectively. *See* N.Y. Lab. Law § 198(1-a); N.Y.C.

Admin. Code § 8-502; *Chauca v. Abraham*, 89 N.E.3d 475, 481 (N.Y. 2017); *Pollis v. New Sch. for Soc. Rsch.*, 132 F.3d 115, 120 (2d Cir. 1997) (knowledge of pay disparity and failure to remedy provided sufficient evidence to support the jury's finding of a willful violation of the Equal Pay Act); *Duarte v. St. Barnabas Hosp.,* 341 F. Supp. 3d 306, 329 (S.D.N.Y. 2018) ("pattern of discrimination that extended to other [] employees in [her] protected group" relevant to determination of punitive damages award) (alterations in original); *Cole v. Foxmar, Inc.,* No. 18 Civ. 220, 2022 U.S. Dist. LEXIS 50793, at *33 (D. Vt. Mar. 22, 2022) (evidence that Defendant "had committed similar acts in the past against others" was relevant and "admissible with regard to Plaintiff's punitive damages claim."). In this regard, Ms. Rowe does not offer evidence of the Equal Pay Suits to establish other equal pay violations occurred, but to establish that Google had notice of gender-based concerns similar to Ms. Rowe's and, as the evidence will show, Google did not take adequate steps to investigate or address her concerns. Accordingly, this relevant evidence does not raise any hearsay concerns.[2] Fed. R. Evid. 803.

### B. Evidence of "Protests" is Relevant and Admissible.

Evidence of employee protests and the resulting 2018 Walkout are likewise relevant and admissible. While Google claims the employee protests during the Walkout were with respect to sexual harassment, documents posted internally at Google and circulated by email in November 2018 demanded "a commitment [from Google] to end pay and opportunity inequity" and the collection of data related to "relative promotion rates" and "under-leveling at hire" (P0001591), the exact concerns Ms. Rowe raised during the same time period. This notice was posted and

---

[2] The Court can properly instruct the jury as to the purpose for which this testimony is admitted to avoid any prejudice. *See, e.g., Soto v. Greiner,* No. 02 Civ. 2129, 2002 U.S. Dist. LEXIS 13373, *36-37 (S.D.N.Y. July 24, 2002*); King v. New York City Bd. Of Educ.*, No. 96 Civ. 2730, 2000 U.S. Dist. LEXIS 18709, *21-22 (S.D.N.Y. Dec. 19, 2000).

3

circulated widely during the same time Google purported to be investigating Ms. Rowe's complaints about her initial under-leveling at hire. In response to the 2018 Walkout, Google's CEO further acknowledged that "[w]e recognize that we have not always gotten everything right in the past and we are sincerely sorry for that. It's clear we need to make some changes." Sundar Pichai, *A note to our employees,* Google Blog (Nov. 8, 2018), https://www.blog.google/inside-google/company-announcements/note-our-employees/. The Walkout is thus further support for the jury to conclude Google did not take adequate steps to address leveling and pay concerns. To the extent the Walkout document references other concerns, such as ongoing sexual harassment at Google, Plaintiff is willing to discuss with Defendant redactions of unrelated concerns.

### C. Evidence of Internal Gender and Pay Equity Complaints is Relevant and Admissible.

In discovery, the Court ordered Defendant to produce complaints of discrimination similar to those Ms. Rowe alleged in the New York office going back five years. Of the 51 complaints Google produced, Plaintiff seeks introduction of evidence concerning only one complaint, GOOG-ROWE-00058542.R. In that complaint, made in or around December 2019, a Level 6 female employee in Google Cloud- Financial Services raised complaints that she was under-leveled and paid less than her male peers performing the same work. Following Google's investigation, it determined that the female employee would be releveled to a Level 7, backdated to when she began in the role. (*See* GOOG-ROWE-00058542.R.) This evidence is relevant to refute Google's claim, captured in communications between Human Resources and Ms. Rowe's manager, Will Grannis, that "there [wa]s no process to revisit leveling decisions after hire," once Ms. Rowe raised concerns. (ECF No. 154 ¶ 68). From this conflicting evidence a jury could permissibly infer that Google's continued under-leveling of Ms. Rowe was discriminatory and/or was done with the requisite intent to justify an award of liquidated and/or punitive damages. To

4

the extent GOOG-ROWE-00058542.R contains hearsay, the only statements being offered for their truth are admissions by Google, contemporaneously recorded in a business record, about actions which it subsequently took, and why it did so. Thus, this complaint is admissible.

### D. Evidence of an Employee Complaint About Stuart Breslow is Relevant to the FSVL Promotion Claim.

Plaintiff seeks introduction of evidence concerning a gender complaint made against Stuart Breslow, the man whom Tariq Shaukat appointed to the FSVL role (while excluding Ms. Rowe from consideration altogether). Mr. Shaukat was aware of the gender complaint against Mr. Breslow at the time he appointed Mr. Breslow to the role. (GOOG-ROWE-P-00001200). Accordingly, it is relevant, admissible evidence of Mr. Shaukat's gender bias.

Ms. Rowe and Mr. Breslow shared an assistant who raised complaints to Ms. Rowe and HR in or around August 2018 that Mr. Breslow had made jokes about how much money Google was paying him and also made statements like "next week, you're mine" while smirking at her. (GOOG-ROWE-00060592). Plaintiff does not seek to offer this evidence for the truth of the matters asserted – that Mr. Breslow took these actions – but as evidence probative of Mr. Shaukat's state of mind when considering Mr. Breslow for the FSVL role. Specifically, Google posits that Ms. Rowe's lack of "Googleyness" – Google's subjective term for whether someone fits within its culture – is an alleged reason Google denied Ms. Rowe the FSVL position. Evidence of Mr. Breslow's lack of "Googleyness," and Mr. Shaukat's disregard of it, is evidence of gender bias and gendered double-standards, as well as evidence that Google's stated reasons for denying Ms. Rowe the position are a pretext for discrimination.

Accordingly, Plaintiff respectfully requests that the Court deny Defendant's motion.

| | |
|---|---|
| DATED:   New York, New York<br>             December 5, 2022 | Respectfully submitted,<br><br>/s/ *Cara E. Greene* |

OUTTEN & GOLDEN LLP
Cara E. Greene
Gregory S. Chiarello
Shira Z. Gelfand
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060