**OUTTEN & GOLDEN LLP**
Cara E. Greene
Gregory S. Chiarello
Shira Z. Gelfand
685 Third Avenue, 25th Floor
New York, New York 10017
(212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ULKU ROWE,

                Plaintiff,

        v.

GOOGLE LLC,

                Defendant.

**Case No. 1:19-cv-08655 (LGS)**

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANT'S MOTION *IN LIMINE* REGARDING
## <u>EVIDENCE OF LEVELING DETERMINATIONS</u>

**<u>Preliminary Statement</u>**

Defendant has moved to exclude evidence of leveling "decisions or recommendations" outside of Level 8 and 9 Technical Directors in the Office of the CTO, arguing that this evidence is irrelevant to Plaintiff's claims and that even if it was relevant, it would cause unfair prejudice. Plaintiff does not seek to introduce evidence of leveling decisions for *all* employees outside the group Defendant identifies, but only select leveling decisions that relate to certain jobs and roles and that were made by a key decision-maker in this case, Tariq Shaukat, as well as the leveling history of Mr. Shaukat and Mr. Grannis. Contrary to Defendant's general and overbroad arguments, this limited material is specific, relevant, and probative on the issue of Mr. Shaukat's gender bias and Google's general corporate bias and approach to leveling, and therefore is admissible.

In this matter, Plaintiff Ulku Rowe alleges, in part, that Google discriminated against her in violation of the New York City Human Rights Law ("NYCHRL") by: (a) hiring Ms. Rowe at a lower level and paying her less than her male peers; (b) subjecting her to differential treatment; and (c) denying her a promotion for which she was qualified. Although Plaintiff has limited her male comparators and agreed not to introduce evidence related to the leveling of certain Engineers and Product Managers, she nevertheless seeks to introduce limited evidence of specific leveling decisions outside of the Technical Director cohort made by Mr. Shaukat, the same decisionmaker involved in the decision not to promote Ms. Rowe and who subjected her to differential treatment, because it is relevant and probative of Google's intent to discriminate and to whether its explanations for its decisions are impermissible pretext. Plaintiff also seeks to introduce evidence regarding the decision to re-level one L7 employee as it is relevant evidence to allow a jury to infer discriminatory intent and pretext. Similarly, the jury is entitled to hear

1

how Google leveled Mr. Shaukat as an L10 and releveled Mr. Grannis as an L9 when they had

19 and 18 years of experience respectively, similar to or less than the number of years of

experience Ms. Rowe had when Google leveled her as an L8. Further, Google releveled Mr.

Grannis to L9 in connection with his expanded role in OCTO, and releveled him to L10 in

connection with a VP promotion; evidence that, contrary to HR's assertion, Google could have

releveled Ms. Role in connection with placing her in the Financial Services Vertical Lead

("FSVL") position. As such, Defendant's motion should be denied with respect to those leveling

decisions.

## ARGUMENT

### a.  Leveling Decisions by Tariq Shaukat are Relevant.

Evidence that Google treated men similarly-situated to Ms. Rowe more favorably is

relevant evidence of Google's discriminatory intent and that its explanations otherwise are false.

Specifically, employment decisions, including leveling decisions, concerning male employees

made by the same decisionmakers involved in Ms. Rowe's hiring or promotion are relevant to a

jury's determination of whether gender was motivation of Google. *See Mihalik v. Credit

Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (under the NYCHRL,

plaintiff need only demonstrate "differential treatment — that she [was] treated 'less well' —

because of a discriminatory intent") (quoting *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27,

34 (1st Dep't 2009)); *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009), *superseded

on other grounds by* N.Y.C. Local L. No. 85, *as recognized in Mihalik*, 715 F.3d at 108-09 ("It is

well-settled that an inference of discriminatory intent may be derived from . . . more favorable

treatment of employees not in the protected group[.]") (internal citation omitted).

Defendant argues that evidence of Mr. Shaukat's leveling of Stuart Breslow is irrelevant to Plaintiff's claims because Mr. Shaukat played no role in Ms. Rowe's hire or initial leveling. But this argument misses the import of Plaintiff's proposed evidence. Ms. Rowe asserts that Mr. Shaukat made other decisions concerning position that were discriminatory, including denying her the FSVL role in favor of Mr. Breslow. Ms. Rowe has also asserted claims that Mr. Shaukat generally treated her less well because of her gender during the time she reported to him as a Global Client Technical Lead. Accordingly, evidence of how Mr. Shaukat treated Mr. Breslow and other male subordinates in their initial leveling and related compensation is relevant to the question of gender bias. *See Mihalik,* 715 F.3d at 110 (challenged conduct demonstrating less well treatment "need not be 'tangible' (like hiring or firing).") (internal citation omitted).

The evidence will show that Mr. Shaukat hired Mr. Breslow as an L9, while refusing to reconsider releveling Ms. Rowe to L9, even though both were responsible for the Financial Services vertical within Cloud and had similar backgrounds. Six months after hiring Mr. Breslow, Mr. Shaukat elevated him to the FSVL role without requiring him to undergo a single interview and despite the fact that he did not meet the qualifications for the role. By contrast, Ms. Rowe underwent part of the interview process for the same role, received "no negative feedback" according to Mr. Shaukat, and met all the qualifications for the role, yet was viewed by Mr. Shaukat as too "junior" for the position. (ECF No. 154 ¶ 323, 327). Evidence of Mr. Shaukat's evaluation of Mr. Breslow's credentials at leveling, which in part informed his later conclusion that Ms. Rowe was "too junior" for the FSVL role, is relevant to the issue of gender bias and should be permitted. *Mihalik,* 715 F.3d at 110; *see Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 54 (2d Cir. 2014) (conduct need not be identical in nature or duration to be considered by jury as evidence of discrimination or pretext).

3

Plaintiff seeks introduction of similar evidence of bias related to Mr. Shaukat's pitch to hire a junior, inexperienced man two levels above the anticipated hiring level for the role. In October 2018, during the hiring process for the FSVL role, Mr. Shaukat proposed hiring a twenty-eight-year-old man with only seven years of experience at an L7 (just one level below Ms. Rowe who had 3x the experience), even though the candidate's experience, role, and tenure in the industry was consistent with hiring at L5. (*See* ECF No. 154, ¶ 177). In addition to showing Mr. Shaukat's favorable treatment of men, this evidence refutes one of Google's many shifting rationales for under-leveling Ms. Rowe: Google insisted for some time (despite its own policies to the contrary) that years of experience justified Ms. Rowe's leveling at L8. However, Mr. Shaukat did not consider years of experience to be determinative of a candidate's level when seeking to hiring a L5 candidate as a L7 and made statements about what Google did consider in making leveling decisions – namely, the role itself. Likewise, Mr. Shaukat's own leveling history demonstrates that level should correspond to role (and not individual experience), as Mr. Shaukat had the same number of years of experience as Ms. Rowe at the time he joined Google and Google leveled him as L10. The jury should be allowed to consider these obvious contradictions.

Defendant's argument that the evidence would be burdensome, cause juror confusion, and unnecessary prolonging of the trial is meritless. Plaintiff's proposed evidence is specific and limited, and will not confuse the jury as to its purpose or needlessly prolong the trial, and Defendant has failed to articulate with any clarity why that would not be so. Accordingly, this relevant evidence is admissible. Fed. R. Evid. 403.

**b.  Evidence of Re-Leveling is Relevant and Admissible.**

As noted in Plaintiff's Opposition to Defendant's Motion *In Limine* to Exclude Evidence of Other Employee Complaints ("MIL Opp. Exclude Employee Complaints"), filed December 5,

2022, Ms. Rowe intends to introduce evidence concerning Google's re-leveling of a female employee following her complaint about the same, as it is relevant to Google's claim to Ms. Rowe that there was no possible process for revisiting her level. (*See* GOOG-ROWE-00058542.R.; ECF No. 154 ¶ 68; MIL Opp. Exclude Employee Complaints at 4). Though that decision was made by different decision-makers than those concerning Ms. Rowe, that is precisely the point: elsewhere at Google re-leveling *was* possible, and Google's insistence it could not do the same for Ms. Rowe – even in connection with an expanded role – is evidence of bias. Similarly admissible is Google's releveling of Mr. Grannis to L9, and then later to L10; further evidence that Google could do what HR and Mr. Grannis claimed they could not do.

### c. Plaintiff May Introduce Relevant Evidence Leveling Unrelated to Leveling Decisions.

Defendant's motion *in limine* seeks only to exclude evidence of leveling *decisions* outside the Technical Director role. Accordingly, Plaintiff may introduce evidence unrelated to leveling decisions, such as the level held by certain employees and the fact of their level changes, as well as evidence of Google's leveling policies applicable to Ms. Rowe's role and other roles. *See Riddell Sports v. Brooks,* 158 F.R.D. 555, 557 (S.D.N.Y. 1994) (questioning is proper where it "deal[s] primarily with information that could lead to relevant evidence, including the usual background information about the witnesses.") This latter evidence is relevant to Ms. Rowe's claims for liquidated and punitive damages (as Google did not adhere to its policies), as well as to counter Defendant's claims that it acted in good faith. N.Y.C. Admin. Code § 8-502; N.Y. Labor Law §§ 194(1), 198(1-a).

Accordingly, Plaintiff respectfully requests that the Court deny Defendant's motion.

DATED:   New York, New York                    Respectfully submitted,
         December 5, 2022

                                               /s/ *Cara E. Greene*

OUTTEN & GOLDEN LLP
Cara E. Greene
Gregory S. Chiarello
Shira Z. Gelfand
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060