UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE, | No. 1:19-cv-08655 (LGS)(GWG) |
| Plaintiff, | |
| -against- | Hon. Lorna Schofield |
| GOOGLE LLC, | |
| Defendant. | |

**OPPOSITION TO MOTION FIVE:
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO BE PERMITTED TO ASK LEADING QUESTIONS DURING DIRECT
EXAMINATION OF DEFENDANT'S CURRENT AND FORMER EMPLOYEES**

I.  **INTRODUCTION**

Rowe's motion *in limine* (ECF 246) seeks permission to ask leading questions during direct examination of Google's current and former employees. Google concedes it may be appropriate to ask leading questions of current employees who are "identified with an adverse party" for purposes of Federal Rule of Evidence 611(c)(2). Former employees, however, are no longer identified with Google and may have little incentive to be hostile or uncooperative in Rowe's case. She has not and cannot establish that employment status is dispositive of adversity as a general rule. Indeed, a former Google employee has already testified favorably in support of Rowe by offering a declaration in support of her motion for summary judgment against Google. (ECF 159 (Declaration of Nicholas Harteau).) Therefore, Rowe's categorical approach should be rejected, and instead, Rowe should establish adversity on a witness-by-witness basis and may only ask leading questions of former employees once she has <u>established hostility, bias, or re</u>calcitrance.   I.   **FACTUAL BACKGROUND**

Plaintiff identifies a number of individuals she intends to treat as "hostile and adverse" in her direct case. (ECF 247 at p. 1–2.) Of those, only Evren Eryurek, Will Grannis, Bernita Jamison, Adam Lief, and Kevin Lucas are current Google employees. Google does not oppose Plaintiff's request to ask those individuals leading questions, as they are clearly "identified with an adverse party" for purposes of Rule 611. Google also does not oppose Plaintiff's request with respect to Stuart Vardaman, the recruiter referenced throughout the Second Amended Complaint. (ECF 108.)

The rest of the witnesses identified are former employees and are relevant to the claims and defenses to be tried for various reasons, to varying degrees:

- **Stuart Breslow:** Breslow was involuntarily separated effective July 2020. (ECF 185 ¶ 117.) He did not participate in any of the challenged decisions. According to Rowe, he received an alleged promotion Rowe sought in 2018 (a characterization Google denies). (*See, e.g.*, ECF

1

239 at p.2.)

- **Jennifer Burdis:** Ms. Burdis voluntarily resigned in May 2022. She was one of the recruiters for the Technical Directors. She has not been accused of any wrongdoing, as Rowe's counsel made clear during her deposition in December 2020:

    > Q.  Do you understand that you have not been accused of any wrongdoing by the plaintiff?
    >
    > A.  Yes.

    (Burdis Tr. 11:6-8.) She was employed by Google when deposed in this case.

- **Brian Stevens:** Stevens has not worked for Google since June 2019, before Rowe even filed her lawsuit. He was the Chief Technology Officer of Google Cloud and one of Plaintiff's skip-level managers. He is not accused of any wrongdoing and can in no way be characterized as adverse or hostile to Rowe, who has repeatedly alleged that Stevens was largely supportive of Rowe and her career. (*See, e.g.*, ECF 239 at p. 1; ECF 154 ¶ 305; ECF 153 at p. 7.)

- **Benjamin Wilson:** Wilson separated from Google effective March 2021 as part of a reduction in force. Rowe has identified Wilson as one of her alleged comparators, but that is the extent of his relevance. (*See, e.g.*, ECF 245 at p.1.) At his deposition, Rowe made clear that Wilson has not been accused of any wrongdoing, and is "someone who just has information that may be relevant." (Wilson Tr. 13:5-12.) Wilson was employed by Google when deposed in this case.

- **Tariq Shaukat:** Shaukat was Rowe's supervisor from approximately June 2018 through April 2019, and the hiring manager for the Financial Services Vertical Lead role. He was involuntarily separated effective July 2020 when the new CEO of Google Cloud, Thomas Kurian, decided to take the organization in a different direction. (ECF 185 ¶ 117.) To date, he has complied with Rowe's requests to obtain his testimony. Shaukat agreed to sit for deposition

in October 2020, did not refuse to answer any of Rowe's questions, and was cooperative and forthcoming throughout.

## II.     LEGAL ANALYSIS

Federal Rule of Evidence 611(c) makes leading questions the exception on direct examination, not the default. The Court has discretion to determine whether and when a witness is hostile or adverse "based upon the demeanor of the witness, the witness's situation and relationship to and with the parties, the witness's interest in the case, and the inducements he or she may have for withholding the truth." *In re Terrorist Attacks on September 11, 2001*, No. 03-MDL-01570 (GBD)(SN), 2020 U.S. Dist. LEXIS 214011, at *1735–36 (S.D.N.Y. July 20, 2020) (quoting 81 Am. Jur. 2d Witnesses § 875 (2d ed. updated May 2020) (internal citations omitted)), *aff'd*, 2020 U.S. Dist. LEXIS 213971 (S.D.N.Y. May 5, 2021). A witness may be hostile, and leading questions may be appropriate, where the witness' interests and those of the defendant "in resisting plaintiff's claim" are "closely allied," and the witness "would be under a strong motive to exculpate themselves." *Id.* (citations omitted.)

Former or even current employment is not dispositive of hostility or "identif[ication] with an adverse party," as Rowe suggests. Her own cited authority, *Harewood v. Braithwaite*, stands for that proposition. There, Plaintiff moved *in limine* to treat as hostile a witness currently working for the same employer as the defendant. No. 09-CV-2874 (PKC)(RML), 2013 WL 5366391, at *3 (E.D.N.Y. Sept. 23, 2013). Judge Chen reserved decision on the motion "until such time the witness evinces hostility, bias, or recalcitrance during her testimony." *Id. Braithwaite* is not an outlier; the Southern District of New York has also deferred a premature motion *in limine* until the moving party shows a witness' lack of cooperation or hostility. *See S.E.C. v. World Info. Tech., Inc.*, 250 F.R.D. 149, 151 (S.D.N.Y. 2008) (request for leading questions premature where SEC presented no evidence of lack of cooperation), *aff'd in part*, 334 F. App'x 386 (2d Cir. 2009).

Rowe's other authorities do not compel a contrary result. In her only other in-circuit authority, *Sheehan v. Metro. Life Ins. Co.*, Judge Haight noted on a Rule 52 motion that defendant's *current* HR consultant was "technically a 'hostile witness' as that phrase is used in Rule 611(c)" and that Rule 611 "allow[ed]" plaintiff to interrogate her with leading questions. 368 F. Supp. 2d 228, 235 (S.D.N.Y. 2005). The decision is silent on application of Rule 611(c) to former employees.[1]

Moreover, the approach Rowe advocates would lead to inconsistent and perverse results. Nicholas Harteau is a former employee who worked for Google from May 2017 through May 2020, and Plaintiff has identified him as one of her alleged comparators. (ECF 159 ¶ 1; 245 at p.1.) By Rowe's logic, Harteau would be inclined to testify favorably for Google as a former employee, yet he has already taken a position *adverse to Google* by offering a declaration in support of Rowe's motion for summary judgment. (ECF 159.) If called as a witness, there is no indication that Harteau will be hostile, uncooperative, or evasive at trial; quite the opposite. Rowe should not be permitted to treat her own witnesses as adverse by virtue of employment history alone.

Rowe has offered nothing to demonstrate the other former employees will be hostile, uncooperative, or evasive. Three of the supposedly adverse witnesses—Breslow, Wilson, and Shaukat—were involuntarily separated, which does little to suggest a sense of personal loyalty to

---

[1] Rowe's out-of-circuit authority is not persuasive as to former employees in any sense of the word. In *Stahl v. Sun Microsystems, Inc.*, the adverse witness at issue was not only a former employee, but had "ongoing relationship" with plaintiff's former supervisor, "a key witness who attended the trial on behalf of Sun." 775 F. Supp. 1397, 1398 (D. Colo. 1991). In *Haney v. Mizell Memorial Hospital*, there is no indication whatsoever that the witness at issue was a former employee. 744 F.2d 1467, 1478 (11th Cir. 1984). Rather, she is described in the opinion as "an employee of one of the defendants," suggesting that she was a current employee when she testified. *Id.* The former employee in *Chonich v. Wayne Cnty. Cmty. Coll.*, 874 F.2d 359, 367–68 (6th Cir. 1989) was the president of the defendant community college, and the court held that he in fact "personified" the institution. *Ellis v. City of Chicago*, 667 F.2d 606, 613 (7th Cir. 1981) does not concern former employees; "These police officers were employees of defendant City of Chicago at all times during the litigation. . . ." Finally, in *Walker v. Target Corp.*, No. 16 Civ. 42-KS-MTP, 2017 U.S. Dist. LEXIS 107691, at *12 (S.D. Miss. July 12, 2017), defendant arguably conceded that its former employees were adversarial by failing to oppose plaintiff's request to ask leading questions. Further, the court relied solely on the *Haney* decision which, as explained above, made no reference to *former* employees. *Id.*

their former employer. Neither Breslow, Burdis, nor Wilson are alleged to be decisionmakers with regard to the conduct at issue. As to the latter two, Rowe affirmatively represented that they were not accused of any wrongdoing. And with respect to Stevens, Rowe has repeatedly argued that he supported her throughout her career. Given these facts, any decisions on mode of interrogation should wait until hostility, bias, or recalcitrance is actually demonstrated.

Plaintiff also seeks a ruling with respect to "any other former or current Google employee called as a witness in Plaintiff's direct case," who have not yet been unidentified and whose alleged adversity to Plaintiff and her case is impossible to determine at this juncture. (ECF 247 at p. 2.) Google respectfully requests that the Court deny Rowe's motion with respect to these unidentified witnesses, and reserve judgment until it is clear from their identity, purpose in testifying, and demeanor at trial whether they are truly adverse to Rowe.

### III.   CONCLUSION

For all of the foregoing reasons, Google respectfully requests that the Court deny Rowe's motion to categorically treat all current and former Google employees as adverse for purposes of Rule 611(c). Rowe may question the current employees she previously identified as associated with an adverse party and ask them leading questions, but she should otherwise be required to establish hostility, bias, or recalcitrance on a witness-by-witness basis.

Dated: December 5, 2022
      New York, New York

Respectfully submitted,
PAUL HASTINGS LLP

By: _____
Kenneth Gage, Bar No. 2477784
Sara B. Tomezsko, Bar No. 5251533
kennethgage@paulhastings.com
saratomezsko@paulhastings.com
200 Park Avenue
New York, New York 10166
Phone: (212) 318-6000
Fax: (212) 319-4090
*Attorneys for Google LLC*