THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE,<br><br>                Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>                Defendant. | Civ. Action No. 19-cv-08655(LGS) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SEAL**

I.      INTRODUCTION AND STATEMENT OF FACTS

On November 22, 2022, Defendant Google filed a letter motion requesting permission to take *de bene esse* depositions of three former Google employees: Tariq Shaukat, Jennifer Burdis, and Paul Strong. (ECF No. 248). Plaintiff's November 30, 2022 opposition letter (ECF No. 263) argued, in relevant part, that Google can require Mr. Shaukat to appear in person at trial per the terms of his separation agreement, and cited certain sections of Mr. Shaukat's agreement that Google had designated confidential pursuant to the parties' Stipulated Protective Order for the Treatment of Confidential Information dated February 4, 2020 (ECF No. 23) (the "Protective Order"). Plaintiff accordingly filed the portions of her letter containing excerpts of Mr. Shaukat's agreement under seal; specifically, reference to the monetary amount of Mr. Shaukat's severance benefit and portions of the "Continued Litigation Assistance" provision (the "Cooperation Provision") which would allow Google to compel Mr. Shaukat to appear at trial. (*Id.*) Defendant included the full language of the Cooperation Provision in its December 1, 2022 reply letter, which it also filed under seal (ECF No. 265). The Court denied Google's motion in its entirety on December 6, 2022 (ECF No. 280).

Google has not satisfied its burden to overcome the presumption of public access to warrant sealing of this relevant material. The Cooperation Provision directly impacts the question of Google's ability to compel Mr. Shaukat's testimony for public trial and is therefore a "judicial document" which should be public. Additionally, sealing is inappropriate because the details of Mr. Shaukat's separation agreement – entered into prior to his deposition – will be public evidence at trial on the issue of Mr. Shaukat's credibility – *i.e.* his bias and motivation to lie – regardless of whether he testifies in person or by deposition. Accordingly, Google's sealing motion should be denied.

## II.     LEGAL STANDARD

The public is afforded a "presumption of access" to materials filed in federal court. *See United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). The purpose of the presumption of public access is to ensure both that there is a "measure of accountability" during litigation proceedings and that "the public [has] confidence in the administration of justice." *Id.* at 1048. These documents "should not remain under seal *absent the most compelling reasons*," *Lugosch v. Pyramid Co.*, 435 F.3d 110, 123 (2d Cir. 2006) (emphasis in original) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). Pursuant to the "stringent" presumption of public access, the sealing of filed materials can <u>only</u> be justified by "specific, on-the-record findings that sealing is necessary to preserve higher values" and <u>only</u> if the sealing order is narrowly tailored to achieve that aim. *Id*. at 124 (2d Cir. 2006) (emphasis added). Google has not done so here.

Mere conclusory statements that the materials contain confidential information are insufficient; the moving party must make a "particular and specific demonstration of fact" that disclosure would cause an "injury sufficiently serious to warrant protection" despite the public's First Amendment and common law rights of access. *United States v. Wells Fargo Bank*, No. 12 Civ. 7527, 2015 U.S. Dist. LEXIS 84602, at *14 (S.D.N.Y. June 30, 2015) (internal citation and quotation marks omitted). "[C]onfidential business information," as opposed to information that is considered a trade secret or the like, is entitled only to minimal protection. *Grayson v. Gen. Elec. Co.,* No. 13 Civ. 1799 2015 U.S. Dist. LEXIS 53159, at *3 (D. Conn. Apr. 23, 2015) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 685 (3d Cir. 1988)).

Indeed, even a showing of injury – about which Google can only speculate – is not conclusive; the court must also balance the particularized showing of need against the presumption of public access to determine whether the presumption should be overcome.

*Coscarelli v. ESquared Hosp. LLC*, No. 18 Civ. 5943, 2020 U.S. Dist. LEXIS 216959, at *7 (S.D.N.Y. Nov. 19, 2020). Rarely will the presumption be overcome. *Cf. Joy*, 692 F.2d at 893 ("An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny."). Here, Google's speculative concerns do not overcome the presumption of public access.

### III.     ARGUMENT

#### a. The Public Should Have Access to the Relevant Terms of Mr. Shaukat's Agreement Because They Relate to His Ability to Appear at Trial.

Mr. Shaukat's separation agreement should be public because it is a judicial document "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. Settlement agreements, even if they contain "bargained-for confidentiality," are judicial documents that should be disclosed to the public where "the terms of the settlement . . . are relevant to the disposition of the present motion." *Welch v. Bio-Reference Labs., Inc.,* No. 19 Civ. 0846, 2021 U.S. Dist. LEXIS 88327, at *10 (N.D.N.Y. May 10, 2021); *see TECHGURU Consultants, Inc. v. Tech Guru LLC*, No. 16 Civ. 8777, 2021 U.S. Dist. LEXIS 27847, at *3, (S.D.N.Y. Feb. 12, 2021) ("Because this Court's ruling on the Motion . . . will rely in part on the Agreement, it is plainly a 'judicial document.'"). Therefore, whether Mr. Shaukat's agreement requires confidentiality does not alter the document's status as a publicly-available judicial document. *See Lown v. Salvation Army, Inc.,* No. 04 Civ. 01562, 2012 U.S. Dist. LEXIS 148701, at *9 (S.D.N.Y. Oct. 12, 2012) (holding that the "mutual obligations of confidentiality" contained in a separation agreement are not "sufficient for the Court to conclude that the risk of impairing the severance agreement is a 'higher value' that outweighs public disclosure.") (internal citations omitted). In sum, whether or not Mr. Shaukat appears to testify, Google's

ability to compel Mr. Shaukat to appear at trial – an issue in part dependent on the Cooperation Provision – is a matter of importance to the case that should not be shielded from public view.

The caselaw Defendant relies on does not support a different outcome. *See U.S. Sec. & Exch. Comm'n v. Ahmed*, No.15 Civ. 675, 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018) (no discussion of sealing); *Tomassini v. FCA US LLC*, No. 14 Civ. 1226, 2017 WL 9400672, at *4 (N.D.N.Y. Jan. 6, 2017) (supporting *Plaintiff's* position that "Defendant has failed to meet its burden of showing that the sealed documents contain confidential commercial information that, if disclosed, would cause competitive injury."); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permissible redaction of "sensitive personal information" limited to "home addresses, biographical information, telephone numbers, and compensation" of non-party clients). Similarly, in *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x. 615, 617 (2d Cir. 2009), unlike in the present matter, the court held that the underlying information, which included financial data in IRS correspondence, "sheds almost no light on either the substance of the underlying proceeding or the basis for the Court's decision."

### b. Mr. Shaukat's Separation Agreement Amount Is Probative of Bias and Will Therefore Become Public at Trial, Rendering Defendant's Motion Moot.

The conditions of Mr. Shaukat's cooperation and the amount of severance Google paid to Mr. Shaukat in exchange for his "continued legal assistance" to Google is probative of the control Google has over Mr. Shaukat in compelling his appearance at trial, as well his incentive to testify favorably for Google, and should be part of the public record. *See, e.g., In re WorldCom, Inc. Sec. Litig.,* 2005 U.S. Dist. LEXIS 2214, at *23 (S.D.N.Y. Feb. 17, 2005) ("Evidence tending to show a witness's bias or motive to fabricate testimony or evidence presented at trial is nearly always relevant."); *Santrayll v. Burrell,* No. 91 Civ. 3166, 1998 U.S. Dist. LEXIS 586, at *5 (S.D.N.Y. Jan. 22, 1998) ("settlement agreement may . . .

establish [witness's] bias, interest, or prejudice and therefore would be admissible under Fed. R. Evid. 408.") Indeed, as Defendant acknowledges in its letter (ECF No. 267), "the contractual terms [of Mr. Shaukat's agreement] have intrinsic economic value." Accordingly, sealing will serve no purpose, as evidence concerning the contractual terms of Mr. Shaukat's separation agreement will be introduced into the public record at trial.

Google's argument that future employees may use the limited information from Mr. Shaukat's agreement as leverage in negotiating their own separations has been rejected by court's considering similar motions. Those courts have held that the concern Google articulates does not overcome the strong presumption of public access to materials relevant to the adjudication of Ms. Rowe's claims. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 339 (S.D.N.Y. 2012) ("the fear that disclosure [of a settlement agreement] will prompt additional litigation or embarrassment is too "speculative" and "insufficient to justify sealing."); *Richards v. Cordis Corp.,* No. 17 Civ. 178, 2022 U.S. Dist. LEXIS 36051, at *8 (N.D.N.Y. Mar. 1, 2022) ("The fact that Defendant argues it will be disadvantaged in other, active settlement negotiations does not itself constitute the necessary particularized showing."). Likewise, the alleged privacy concerns of Mr. Shaukat, a senior Google employee involved in key decisions underlying Ms. Rowe's claims, do not implicate the same privacy concerns as that of a true non-party for whom additional protection may be appropriate. Accordingly, Google has failed to establish any material harm that would warrant sealing.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Google's Motion to Seal be denied.

|  |  |
|---|---|
| DATED: New York, New York<br>December 9, 2022 | Respectfully submitted,<br><br>/s/ *Cara E. Greene*<br>OUTTEN & GOLDEN LLP<br>Cara E. Greene<br>Gregory S. Chiarello<br>Shira Z. Gelfand<br>685 Third Avenue, 25th Floor<br>New York, New York 10017<br>Telephone: (212) 245-1000<br>Facsimile: (646) 509-2060 |