UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
ULKU ROWE,                                                   :
                                        Plaintiff            :
                                                             :          19 Civ. 8655 (LGS)
                      -against-                               :
                                                             :               ORDER
GOOGLE LLC,                                                  :
                                        Defendant.           :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on November 22, 2022, Defendant filed a letter requesting a pre-motion

conference to address its request for leave to take three *de bene esse* depositions.  On November

30, 2022, Plaintiff filed a letter in opposition to the underlying request for *de bene esse*

depositions.  On December 1, 2022, Defendant filed a letter reply in further support of its request.

       WHEREAS, in connection with their respective filings, the parties filed motions to seal

portions of Plaintiff's letter in opposition and Defendant's reply.  The motions seek redactions of

excerpts from the separation agreement entered into by Defendant and Tariq Shaukat, a former

employee and one of the three witnesses from whom Defendant sought to take a *de bene esse*

deposition.  On December 2, 2022, Defendant filed a memorandum of law in support of the

motions to seal and on December 9, 2022, Plaintiff filed a memorandum of law in opposition to

the motions.

       WHEREAS, an Order issued December 6, 2022, denied Defendant's request to take *de*

*bene esse* depositions.

       WHEREAS, a three-part inquiry determines whether to seal a document.  *See Olson v.*

*Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first question is whether the document is "a

judicial document subject to the [presumed] right of public access," meaning that the document is

"relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*,

435 F.3d at 119 (internal quotation marks omitted).  The second step, if the presumption attaches,

is to determine the weight of the presumption by assessing "the role of the material at issue in the

exercise of Article III judicial power and the resultant value of such information to those

monitoring the federal courts." *Id.* (internal quotation marks omitted).  The third step is to

balance against the presumption any "competing considerations" such as "impairing law

enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at

120 (internal quotation marks omitted).  In weighing the presumption against competing

considerations, a court can seal documents only "if specific, on the record findings are made

demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve

that interest." *Id.* (internal quotation marks omitted).

WHEREAS, the letters submitted in connection with Defendant's request to take *de bene*

*esse* depositions are judicial documents.  The letters present the parties' arguments regarding

Defendant's request to take *de bene esse* depositions, and the Court's decision was based wholly

on the arguments they present.

WHEREAS, the weight of the presumption is relatively weak.  A request to take *de bene*

*esse* depositions does not "determin[e] litigants' substantive rights -- conduct at the heart of

Article III." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

WHEREAS, the privacy interest in the information of third parties can override a

presumption of public access*.  See Amodeo*, 71 F.3d at 1050-51 ("[T]he privacy interests of

innocent third parties . . . should weigh heavily in a court's balancing equation."). Individuals'

financial information, including their compensation, is considered private and can override even a

strong presumption in favor of public access. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119

F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing the redaction of compensation as "sensitive personal information"); *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, No. 18 Civ. 2392, 2020 WL 3170566, at *2 (S.D.N.Y. June 15, 2020) (approving request to redact employee salary information).

WHEREAS, another consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotation marks omitted). However, "[v]ague and conclusory allegations of potential harm are insufficient to establish good cause." *Saks Inc. v. Attachmate Corp.*, No. 14 Civ. 4902, 2015 WL 1841136, at *17 (S.D.N.Y. Apr. 17, 2015).  It is hereby

**ORDERED** that Defendant's motion to seal is **GRANTED IN PART.**  The dollar amount that Mr. Shaukat was paid in connection with the separation agreement, given on page two of Plaintiff's letter in opposition, may be filed under seal.  This is personal financial information of the kind that the Court's previously allowed the parties to file under seal, and is unrelated to the claims at issue in this lawsuit.  *See* Order (Sept. 26, 2022), Dkt. 220 (granting in part and denying in part motions to seal portions of the record submitted in connection with the parties' cross-motions for summary judgment).  It is further

**ORDERED** that Defendant's motion to seal all other information beyond the dollar amount paid to Mr. Shaukat, including the text of the separation agreement and Plaintiff's characterization of its terms, is **DENIED**.  That the parties deem the separation agreement confidential does not, in and of itself, rebut the presumption.  *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for

confidentiality does not overcome the presumption of access to judicial documents.") (collecting cases).  The relevant portions of the separation agreement go directly to whether Defendant has the ability to compel Mr. Shaukat's attendance at trial, a core issue in resolving Defendant's request.  Further, the letters contain allegations from Plaintiff that "Defendant has acted in bad faith" and from Defendant that "Plaintiff deliberately omitted relevant portions of Mr. Shaukat's separation agreement."  Members of the public have a right to access the portions of the documents that support these claims.  Finally, Defendant offers only conclusory statements of the harm it would suffer if the provision of Mr. Shaukat's separation agreement regarding cooperation in litigation were released.  These arguments are unpersuasive and do not rebut the presumption of public access.  It is further

**ORDERED** that Plaintiff shall file a new version of her letter in opposition with more narrow redactions, in line with the guidance of this Order, by **December 14, 2022**. The parties are apprised that this Order makes no holding on the admissibility of Mr. Shaukat's separation agreement in whole or in part at trial.

The Clerk of Court is respectfully directed to unseal the letter at Dkt. 269 and to close the motions at Dkts. 263 and 266.

Dated:  December 12, 2022
　　　　New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**