## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ULKU ROWE, | |
| Plaintiff, | Civ. Action No. 19-cv-08655(LGS)(GWG) |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

## JOINT PRETRIAL ORDER

Pursuant to the Court's October 14, 2022 and December 7, 2022 Scheduling Orders (ECF Nos. 225 and 281), and Rule IV(B)(2) of Your Honor's Individual Rules and Procedures, Plaintiff Ulku Rowe and Defendant Google LLC (collectively, the "Parties") in the above-captioned action submit to the Court for its approval the following Joint Pre-Trial Order.

### A.     FULL CAPTION OF THE ACTION

The full caption of this action is set forth above.

### B.     APPEARANCES

Plaintiff:
Cara E. Greene
Gregory S. Chiarello
Shira Z. Gelfand
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2071
ceg@outtengolden.com
gchiarello@outtengolden.com
sgelfand@outtengolden.com

Defendant:
Kenneth W. Gage
Sara B. Tomezsko
Kaveh Dabashi
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
(212)-318-6000
Fax: 212-918-4090
kennethgage@paulhastings.com
saratomezsko@paulhastings.com
kavehdabashi@paulhastings.com

## C.     SUBJECT MATTER JURISDICTION

As Plaintiff brought claims under federal statute, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq., and the Equal Pay Act, as amended, 29 U.S.C. § 206(d), this court had original jurisdiction of this matter pursuant to 28 U.S.C. § 1331. On August 31, 2021, Plaintiff voluntarily dismissed her federal claims with prejudice and the Court retained jurisdiction over the remaining New York State and City law claims. (*See* ECF No. 132).

## D.     SUMMARY OF CLAIMS

### 1.     Plaintiff's Claims

Plaintiff's asserted claims that remain to be tried are:

    a.   Sex-based pay discrimination in violation of New York's Equal Pay Law (N.Y. Lab. L. § 194) (Count IV of Plaintiff's Second Amended Complaint);

    b.   Gender discrimination in violation of the New York City Human Rights Law (N.Y.C. Admin. Code § 8-101 et seq.) (Count V of Plaintiff's Second Amended Complaint);

    c.   Retaliation in violation of the New York City Human Rights Law (N.Y.C. Admin. Code § 8-101 et seq.) (Count VI of Plaintiff's Second Amended Complaint); and

    d.   Retaliation in violation of New York's Equal Pay Law (N.Y. Lab. L. § 215) (Count VIII of Plaintiff's Second Amended Complaint).

2.     **Defendant's Defenses**

Defendant's affirmative defenses that remain to be tried are:

a.   To the extent Plaintiff can establish that she was denied equal pay for equal work under New York Labor Law § 194, such alleged unequal pay was lawful and not a violation of the New York Labor Law because it was pursuant to a differential based on any factor other than sex which is job-related and consistent with business necessity;

b.   Plaintiff cannot recover liquidated or punitive damages because at all times relevant to the Second Amended Complaint Defendant had in place a policy to prevent discrimination and retaliation in the workplace and made good faith efforts to implement and enforce that policy.

c.   Plaintiff may not recover liquidated damages because Defendant had a good faith basis to believe that its actions were in compliance with the law.

**E.   TRIAL OF THE CASE**

The Parties believe that the issues in dispute can be tried in 8 trial days, and those issues will be tried by a jury.

**F.   CONSENT TO MAGISTRATE**

The Parties do not consent to trial by a magistrate judge.

**G.   WITNESS LISTS**

1.     **Plaintiff's Witnesses**

a.     **Plaintiff's Trial Witness List**

Plaintiff identifies the following witnesses whom she may call live or by deposition at trial. Pursuant to the Court's Individual Rule and Procedure for Civil Cases IV.B.2(g), Plaintiff provides the following list of trial witnesses she genuinely intends to call in her case-in-chief. This list is not a commitment that Plaintiff will call any particular witness at trial, or a representation that any of the witnesses listed are available or will appear for trial. If any witness is unavailable, Plaintiff reserves the right to use his or her deposition testimony or to call a substitute witness. If any of the potential trial witnesses identified by Defendant fail to appear for

trial, Plaintiff reserves the right to use their deposition testimony. Plaintiff also reserves the right to call at trial in their case: (1) any witnesses identified by Defendant on their witness list live or by deposition; (2) additional witnesses to provide foundation testimony should Defendant contest the authenticity or admissibility of any materials to be proffered at trial; and (3) additional witnesses not identified herein based upon any developments that may occur leading up to and/or during the course of the trial. Plaintiff also may call witnesses, including persons not listed herein, in their rebuttal to Defendant's case, or for impeachment or foundational purposes. Plaintiff further reserves the right to amend this list after the Court rules on any motions *in limine* or to respond to issues raised by the Court's pretrial rulings. Other than the foregoing, Plaintiff does not anticipate the need for additional witnesses.

### Chart 1: Will Call

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Testimony |
|---|---|---|---|
| Breslow, Stuart | Live | His qualifications and selection for the FSVL role; his responsibilities, terms and conditions, performance, and compensation in his position(s) under Tariq Shaukat; his work with Plaintiff; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| Eryurek, Evren | Live | His responsibilities, terms and conditions, performance, and compensation in the OCTO Director role; his work with Ms. Rowe; his and Ms. Rowe's move to Mr. Shaukat's organization; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| Grannis, William | Live | His background; Ms. Rowe's hiring, initial leveling, and compensation decisions; Ms. Rowe's performance in OCTO; Ms. Rowe's consideration and qualifications for the FSVL position; Ms. Rowe's work in and transfer out of Mr. Shaukat's organization; and other facts and | .75 hours |

| | | circumstances related to Ms. Rowe's claims in this lawsuit. | |
|---|---|---|---|
| Harteau, Nicholas | Live | His responsibilities, terms and conditions, performance, and compensation in the OCTO Director role; his work with Ms. Rowe; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| Kurian, Thomas | Live | His knowledge of the lawsuit as indicated in Exhibit P83 | .25 hours |
| Lucas, Kevin | Live | Google's HR policies and practices; Ms. Rowe's complaints and his role in investigating those complaints; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | 1 hour |
| Ostrofe, Nora | Live | Plaintiff's economic damages, consistent with Ms. Ostrofe's FRCP Rule 26 expert disclosures. | .75 hours |
| Rowe, Ulku | Live | As the Plaintiff in this matter, Ms. Rowe will testify to her work at Google and the facts and circumstances supporting her claims in this lawsuit. | 6 hours |
| Shaukat, Tariq | Live | Ms. Rowe and Mr. Breslow's consideration for the FSVL role; his interactions with Ms. Rowe; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | 3 hours |
| Stevens, Brian | Deposition | Ms. Rowe's role in OCTO and consideration for the FSVL role. | .5 hours |
| Vardaman, Stuart | Deposition | Ms. Rowe's consideration for the FSVL role; Ms. Rowe's consideration for the VP-FS Sales role; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | 1.5 hours |
| Wilson, Benjamin | Deposition | His responsibilities, terms and conditions, performance, and compensation in the OCTO Director role; his work with Ms. Rowe; his and Ms. Rowe's move to Tariq Shaukat's organization; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| Corporate witness to be determined | Live | Authenticate and lay foundation for Exhibits P46, P47, P48, P49, P64, P86, P105, P108, P110, P112 | .5 hours |

**Chart 2: May Call**

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Testimony |
|---|---|---|---|
| Murray, Megan | Live | Testimony regarding correspondence on which she was a sender or recipient. | .25 hours |
| Orr, Lisa | Live | Testimony regarding correspondence on which she was a sender or recipient. | .25 hours |
| Tessier, Ashley | Live | Testimony regarding correspondence on which she was a sender or recipient. | .25 hours |

- Defendant objects to the identification of Thomas Kurian as a witness; his testimony should be excluded under Rule Fed. R. Evid. 401 as irrelevant, and under Fed. R. Evid. 403 as likely to confuse the issues, mislead the jury, and result in undue delay and wasted time. There is no evidence that he was involved in any decisions in the case. Defendant plans to file a motion *in limine* seeking to exclude Mr. Kurian from testifying at trial.

- Plaintiff argues that she requested that Defendant stipulate to the authenticity and foundation of the document referenced with respect to Mr. Kurian, which would obviate the need to call him, but since they would not, it necessitates him being called.

   **2.     Defendant's Witnesses**

      **a.     Defendant's Trial Witness List**

Pursuant to the Court's Individual Rule and Procedure for Civil Cases IV.B.2(g), the witnesses below are those Defendant genuinely intends to call in its case (first chart) and witnesses that Defendant "may call if the need arises" (second chart). Fed. R. Civ. P. 26(a)(3). This list is not a commitment that Defendant will call any particular witness at trial, or a representation that any of the witnesses listed are available or will appear for trial. Defendant is in the process of re-confirming that witnesses are available to testify live, given the new trial date set on December 7, 2022, (ECF 281), as it is Defendant's preference that each witness called will

testify live. Defendant has indicated that the witness will testify live below unless it has reason to believe as of the date of this filing that the witness will be unavailable for live testimony starting April 17, 2023.

If any witness is or becomes unavailable, Defendant reserves the right to use his or her deposition testimony, to call a substitute witness, or make an application to the Court for that witness to testify remotely upon a showing of good cause. (ECF 280 (Order dated December 6, 2022).) If any of the trial witnesses identified by Plaintiff fail to appear for trial, Defendant reserves the right to use their deposition testimony. Defendant also reserves the right to call at trial in its case: (1) any witnesses identified by Plaintiff on her witness list, live or by deposition; (2) additional witnesses to provide foundation testimony should Plaintiff contest the authenticity or admissibility of any materials to be proffered at trial; and (3) additional witnesses not identified herein based upon any developments that may occur leading up to and/or during the course of the trial. Defendant also may call witnesses, including persons not listed herein, for impeachment. Defendant further reserves the right to amend this list after the Court rules on any motions *in limine* or to respond to issues raised by the Court's pretrial rulings.

**Chart 1: Will Call**

| Witness Name | Anticipated Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| Grannis, William | Live | His background and experience; hiring, leveling, job responsibilities and performance, and compensation of Technical Directors in OCTO, including Rowe; development of industry verticals within Google Cloud; Rowe's transfer out of OCTO and return to OCTO; Nicholas Harteau's transfer out of OCTO in 2018; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 3.5 hours |
| Stevens, Brian | Live | His background and role at Google; creation of the OCTO function; hiring, leveling, and job responsibilities of Technical Directors in OCTO, including Rowe; development of industry verticals within Google Cloud; Rowe's transfer out of OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1.5 hours |
| Vardaman, Stuart | Live | His role as a recruiter; his interactions with Rowe, hiring managers, interviewees, and other candidates for positions in which Rowe expressed interest; Google's recruiting practices; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1.5 hours |
| Shaukat, Tariq | Live | His background and role at Google; development of industry verticals within Google Cloud; his decisions regarding | 3 hours |

| | | | |
|---|---|---|---|
| | | and interactions with Rowe; his decisions and interactions regarding other Google employees and candidates for positions on his team in Google Cloud; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | |
| Lawrence, Melissa | Live | Her background and role at Google; her interactions with Rowe and others concerning Rowe; Google's Human Resources processes; Human Resources personnel and support provided to OCTO; hiring, leveling, and job responsibilities of Technical Directors in OCTO, including Rowe; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1.5 hours |
| Humez, Christopher | Live | His background and role at Google; Google's compensation processes and policies; compensation determinations concerning Rowe and her alleged comparators; discussions with Rowe and others concerning Rowe's hiring process; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1.5 hours |
| Lucas, Kevin | Live | His background and role at Google; his interactions with Rowe and others concerning Rowe; Google's Human Resources processes; Human Resources personnel and support provided to Tariq Shaukat's organization; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |

| | | | |
|---|---|---|---|
| Burdis, Jennifer | Deposition or Remote testimony upon showing of good cause | Her background and role at Google; her interactions with Rowe and others concerning Rowe; hiring and leveling of Technical Directors in OCTO, including Rowe; Google's recruiting practices; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1.5 hours |
| Beaupain, April | Live | Her background and role at Google; her interactions with Rowe and others concerning Rowe's internal complaints; Google's Employee Relations processes; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 0.75 hours |
| Rensin, David | Live | His background and role at Google; hiring and leveling of Technical Directors in OCTO; Technical Solutions Consultant job ladder; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Eryurek, Evren | Live | His background; his role at Google; his work and performance; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Wilson, Benjamin | Live | His background; his role at Google; his work and performance; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Jonathan Donaldson | Live | His background; his role at Google; his work and performance in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |

| Witness Name | Anticipated Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| Paul Strong | Live | His background; his role at Google; his work and performance in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Nicholas Harteau | Live | His background; his role at Google; his work and performance; transfer outside of OCTO in 2018; his submission of a declaration in support of Rowe's motion for summary judgment; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Kliphouse, Kirsten | Live | Her background and role at Google; her interactions with Rowe and others concerning Rowe; her involvement in and decisions regarding the selection of the Vice President of Financial Services Sales from among multiple candidates; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |

**Chart 2: May Call**

| Witness Name | Anticipated Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| Krista Callaghan | Live | Her background and experience; correspondence and discussions with Rowe during the hiring process; correspondence and discussions with others concerning Rowe and recruiting of Technical Directors in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 0.75 hours |

| | | | |
|---|---|---|---|
| Jess Swale (Murphy-True) | Live | Her background and experience at Google; interactions and correspondence with Rowe and others concerning Rowe; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 0.75 hours |
| Eric Schenk | Live | His background; his role at Google; his work and performance in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Scott Penberthy | Live | His background; his role at Google; his work and performance in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |

- Plaintiff objects to the identification of David Rensin as a witness; his testimony should be excluded under Rule Fed. R. Evid. 401 as irrelevant, and under Fed. R. Evid. 403 as likely to confuse the issues, mislead the jury, and result in undue delay and wasted time. No other witnesses have testified that he was involved in the decisions that give rise to the claims or defenses in this case. Plaintiff plans to file a motion *in limine* seeking to exclude Mr. Rensin from testifying at trial.

- Defendant argues that David Rensin, who interviewed Plaintiff and her alleged comparators for the Technical Director position in OCTO, is identified in documents produced in discovery, including documents Plaintiff has proffered on her Exhibit list. His testimony is directly relevant to the issues presented.

## H.   DEPOSITION DESIGNATIONS

### 1.   The Parties' Designations for Their Respective Cases in Chief

#### a.   *Plaintiff's Designations:*

**Jennifer Burdis (Dec. 9, 2020)**

| | |
|---|---|
| 5:15-5:22 | 65:7-65:11 |
| 11:13-11:15 | 73:20-74:7 |
| 15:2-15:5 | 74:19-74:22 |
| 16:3-17:7 | 82:4-82:10 |
| 22:18-23:4 | 82:15-82:18 |
| 22:9-22:17 | 88:3-88:12 |
| 24:5-25:13 | 89:3-89:17 |
| 39:16-39:25 | 90:2-91:5 |
| 44:4-47:3 | 91:20-91:25 |
| 48:18-49:9 | 92:5-93:10 |
| 51:9:51:11 | 94:7-94:21 |
| 52:13-52:16 | 95:14-96:11 |
| 55:15-55:17 | 96:22-97:23 |
| 59:13-60:13 | 99:14-101:14 |

**Tariq Shaukat (Oct. 15, 2022)**

Defendant has indicated that Mr. Shaukat will be appearing live. If he does

not, Plaintiff will make deposition designations for his testimony.

**Brian Stevens (Nov. 13, 2020)**

| | |
|---|---|
| 5:16-6:2 | 65:12-66:12 |
| 19:10-19:17 | 67:6-69:5 |
| 25:17-28:19 | 69:10-70:18 |
| 34:11-35:22 | 72:12-74:7 |
| 40:9-42:11 | 79:2-79:19 |
| 47:7-48:4 | 80:9-81:5 |
| 50:2-50:7 | 81:20-82:17 |
| 53:14-54:7 | 84:6-84:18 |
| 54:23-56:14 | 85:13-85:17 |
| 58:2-58:8 | 85:18-87:3 |
| 60:25-63:21 | 88:19-88:24 |

**Stuart Vardaman (Nov. 17, 2020)**

| | |
|---|---|
| 5:11-5:19 | 34:23-38:17 |
| 17:4-17:25 | 40:6-45:12 |
| 20:23-22:3 | 46:3-48:8 |
| 24:14-27:18 | 49:22-54:21 |
| 32:17-34:12 | 55:6-59:12 |

| | |
|---|---|
| 59:22-62:22 | 106:4-115:23 |
| 65:8-74:15 | 116:6-118:21 |
| 75:4-75:6 | 118:23-119:23 |
| 76:15-78:12 | 124:24-130:18 |
| 78:21-79:22 | 130:21-131:22 |
| 85:10-87:9 | 132:9-133:18 |
| 88:7-88:25 | 134:8-135:22 |
| 92:18-93:4 | 135:24-136:10 |
| 94:4-95:4 | 137:10-141:9 |
| 95:18-97:10 | 142:5-142:20 |
| 99:12-100:5 | 142:25-145:23 |
| 100:17-102:2 | 150:16-152:3 |

### Benjamin Wilson

Defendant has indicated that Mr. Wilson will be appearing live. If he does not,

Plaintiff will make deposition designations for his testimony.


**2.      The Parties' Counter-Designations**

*a.  Plaintiff's Counter-Designations:*

### Jennifer Burdis (Nov. 17, 2020)

31:20-31:23
32:15-32:22
33:17-34:16
48:12-48:17
61:11-61:17
77:2277:24
91:12-91:19


### Brian Stevens (Nov. 13, 2020)

24:25-25:3
66:20-66:25
87:15-87:20

### Stuart Vardaman (Nov. 17, 2020)

17:2-17:3

82:8-83:4*
121:3-121:14
122:7-122:11


*Subject to Plaintiff's 2nd MIL (ECF NO. 241)

**b.**  ***Defendant's Counter-Designations:***

Defendant reserves the right to make an application for witnesses to testify

remotely should they become unavailable for live testimony at trial. (ECF 280

(Order dated December 6, 2022).) Should each of the below witnesses be

available to testify live or remotely at trial, introduction of their deposition

testimony is unnecessary and improper under this Court's Individual Rules

and Procedures for Civil Cases, Rule IV.B.2(g). If the witnesses are or

become unavailable for trial, Defendant counter-designates the following

portions of their deposition testimony.

**Jennifer Burdis (Nov. 17, 2020)**

| | |
|---|---|
| 11:6-11:24 | 52:17-53:3 |
| 12:7-14:22 | 53:23-55:14 |
| 17:8:17:22 | 60:18-61:9 |
| 18:4-18:16 | 65:12:66:3 |
| 22:12-23:4 | 66:14-67-2 |
| 29:16-31:19 | 69:11-70:21 |
| 31:24-32:14 | 70:24-71:4 |
| 32:23-33:16 | 71:15-73:3 |
| 34:17-34:23 | 74:13-74:22 |
| 39:16-40:12 | 74:23-77:21 |
| 41:9-44:3 | 80:20-82:3 |
| 47:11-48:11 | 91:6-11 |
| 51:2-51:11 | |


**Brian Stevens (Nov. 13, 2020)**

| | |
|---|---|
| 16:8-19:9 | 45:23-48:4 |
| 19:24-20:17 | 48:13-49:9 |

15

|              |              |
|--------------|--------------|
| 21:25-24:24  | 56:15-58:8   |
| 25:4-25:16   | 63:22-66:19  |
| 28:20-30:14  | 69:10-72:7   |
| 35:23-38:25  | 76:10-78:15  |
| 39:2-39:17   | 80:9-81:19   |
| 42:12-44:3   | 87:4-87:14   |

### Stuart Vardaman (Nov. 17, 2020)

|              |               |
|--------------|---------------|
| 12:2-12:25   | 90:7-91:10    |
| 13:9-14:19   | 97:6-97:17    |
| 14:20-16:25  | 98:8-98:22    |
| 18:13-20:22  | 102:3-103:15  |
| 24:5-24:15   | 119:24-121:2* |
| 48:9-48:12   | 121:15-122:3  |
| 62:23-63:21  | 122:12-122:25 |
| 79:23-80:12  | 141:10-142:4  |
| 80:20-82:7   | 146:15-148:9  |
| 89:2-89:10   | 149:18-150:12 |

**\*** Defendant conditionally designates this testimony in the event the Court denies

Defendant's motion *in limine* regarding leveling decisions for employees other

than L8 and L9 Technical Directors in OCTO (ECF No. 234). Defendant reserves

all rights to designate additional testimony after the Court rules on outstanding

pre-trial motions.

3. **The Parties' Objections to Designated Testimony**

   a.  *Plaintiff's Objections:*

**Stuart Vardaman (Nov. 17, 2020)**

| Designated Testimony | Objection |
|----------------------|-----------|
| 79:23-80:12 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by others, which are being offered for the truth of the matter asserted. |
| 80:20-82:7 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by |

| | |
|---|---|
| | him and others, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion in Limine (ECF No. 241) |
| 90:7-91:10 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements he made, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion in Limine (ECF No. 241) |
| 97:6-97:17 98:8-98:22 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by him and others, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion in Limine (ECF No. 241) |
| 146:15-148:9 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by him and others, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion in Limine (ECF No. 241) |
| 149:18-150:12 | Fed. R. Evid. 401 (relevance) – this witness is testifying regarding a position that is not in dispute in this lawsuit. |

**b. Defendant's Objections:**

**Jennifer Burdis (Dec. 9, 2020)**

| Designated Testimony | Objection |
|---|---|
| 82:4-82:10 82:15-82:18 89:3-89:17 91:12-91:19 | Fed. R. Evid. 401 (relevance) – "business necessity" is a legal concept that relates to an affirmative defense for a pay differential, but there is no legal requirement that a leveling decision be supported by "business necessity" Fed. R. Evid. 403 (prejudice) – suggesting the requirements of an affirmative defense to a Section 194 claim applies to a leveling decision challenged solely under the NYCHRL would confuse and mislead the jury |
| 94:7-94:12 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from notes taken by someone other than herself. This testimony also relates to Defendant's motion *in limine* concerning leveling decisions of |

| | those other than L8 and L9 Technical Directors in OCTO (ECF No. 234). |
|---|---|
| 95:14-95:25 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from notes taken by someone other than herself |
| 96:22-97:23 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from notes taken by someone other than herself |
| 99:14-101:14 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from notes taken by someone other than herself |

### Stuart Vardaman (Nov. 17, 2020)

| **Designated Testimony** | **Objection** |
|---|---|
| 46:3-48:8 | Fed. R. Evid. 106 (completeness) – designated testimony does not include the question posed or the preceding questions, which contextualize the answer |
| 46:25-47:11 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from notes taken by someone other than himself |
| 58:12-59:7 | Fed. R. Evid. 401 (relevance) – This testimony relates to Defendant's motion *in limine* (ECF 234). Determinations about Mr. Breslow's leveling are irrelevant to any of the challenged decisions at issue. Fed. R. Evid. 403 (prejudice) – given the lack of relevance, introduction of this testimony would only serve to confuse or mislead the jury, or waste time. |
| 59:22-61:4 | Fed. R. Evid. 801, 802 (hearsay) – the witness (or counsel) is reading from an email that contains an out-of-court statement offered for the truth of what Mr. Stevens allegedly said about Plaintiff's candidacy for the Financial Services Vertical Lead position. |
| 65:8-66:8 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from an email that contains an out-of-court statement offered for the truth of the matter asserted |
| 106:4-107:18 111:10-20 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from an email that contains an out-of-court statement offered for the truth of the matter asserted |

| 118:23-119:23<br>121:3-10 | Fed. R. Evid. 401 (relevance) – This testimony relates to Defendant's motion *in limine* (ECF 234). The process of hiring and leveling Mr. Breslow is not at issue nor does it bear on the issues to be tried<br>Fed. R. Evid. 403 (prejudice) – given the lack of relevance, this testimony will confuse or mislead the jury, and waste time |
| --- | --- |
| 125:3-128:6 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from an email that contains an out-of-court statement offered for the truth of the matter asserted |
| 127:23-129:23 | Fed. R. Evid. 401 (relevance) – the witness was not involved in any compensation decisions as it relates to anyone at Google; his opinion as to the appropriate amount of an equity refresh grant is irrelevant to any issue in this case<br>Fed. R. Evid. 403 (prejudice) – given the lack of relevance, introduction of this testimony would only serve to confuse or mislead the jury, or waste time |

## I.   PROPOSED EXHIBITS AND DEMONSTRATIVE AIDS

### 1.   Parties' Stipulation as to Demonstrative Aids

The Parties stipulate to exchanging demonstrative aids by March 13, 2023, three weeks in advance of the pre-trial conference scheduled for April 3, 2022. Should either party have any objections to the other's demonstrative aids, the Parties will raise those objections within one week, on or before March 21, 2023, for a ruling at the pre-trial conference. The Parties respectfully request that the Court consent to this modified timeline for exchange of demonstrative aids.

### 2.   Plaintiff's Proposed Exhibits

Plaintiff's Proposed Exhibits are attached as **Appendix A** to this Joint Pre-trial Order. Plaintiff understands and acknowledges the Court's practice of ruling on the admissibility of exhibits before trial and believes that the admission of documents to

which there are no objections, without the necessity of introducing documents through a competent witness with personal knowledge pursuant to Fed. R. Evid. 602, will be more efficient than what Defendant proposes.

**3.      Defendant's Proposed Exhibits**

Defendant's Proposed Exhibits are attached as **Appendix B** to this Joint Pre-trial Order. Defendant understands and acknowledges the Court's practice of ruling on the admissibility of exhibits before trial, but seeks clarification as to whether evidence deemed admissible will be affirmatively admitted into evidence at the start of the trial. It is Defendant's understanding and preference that each party introduce documents into evidence through a competent witness with personal knowledge pursuant to Fed. R. Evid. 602.

**4.      Exhibits for Purposes of Trial**

The parties have met and conferred and propose that, to the extent there is overlap in proposed exhibits, the parties will provide the Court prior to the final pre-trial conference on April 3, 2023, a list of agreed-upon joint exhibits. The exhibits will be renumbered, joint or otherwise, to facilitate their use at trial. Objections will be noted and exhibits provided in the format required by the Court's Individual Rules and Procedures for Civil Cases, Rule IV.B.6.

To the extent that any exhibits for which either party has asserted a hearsay objection are admitted into evidence for a purpose other than to prove the truth of the out-of-court statement, the parties respectfully request the Court provide a cautionary instruction to the jury regarding the purpose for which the exhibit has been admitted.

**J.      WRITTEN DISCOVERY RESPONSES**

1.  Defendant Google LLC's Objections and Responses to Plaintiff's First set of
    Requests for Admission, January 25, 2021

2.  Plaintiff Ulku Rowe's Responses and Objections to Google's First Set of
    Interrogatories, dated February 20, 2020

**K.    LIST OF MOTIONS *IN LIMINE***

**1.  Plaintiff's Motions *in Limine***

a.  Motion One: Plaintiff's Motion in Limine to Exclude Evidence
    Concerning Defendant's Consideration of Other Rejected Candidates for
    Financial Services Vertical Lead Role (ECF No. 238)

The following documents on Defendant's Proposed Exhibit List
relate to this motion:

| EXHIBIT | BEG. BATES | ENG BATES |
|---|---|---|
| D55 | GOOG-ROWE-00059007 | GOOG-ROWE-00059012 |
| D65 | GOOG-ROWE-00056487 | GOOG-ROWE-00056488 |
| D45 | GOOG-ROWE-00017721 | GOOG-ROWE-00017721 |
| D80 | GOOG-ROWE-00017873.R | GOOG-ROWE-00017875.R |
| D71 | GOOG-ROWE-00062337 | GOOG-ROWE-00062344 |
| D72 | GOOG-ROWE-00063421 | GOOG-ROWE-00063424 |
| D73 | GOOG-ROWE-00061871 | GOOG-ROWE-00061872 |
| D74 | GOOG-ROWE-00082370 | GOOG-ROWE-00082372 |

b.  Motion Two: Plaintiff's Motion in Limine to Exclude Hearsay Evidence
    Concerning Plaintiff's Candidacy for the Financial Services Vertical
    Lead Role (ECF No. 240)

The following documents on Defendant's Proposed Exhibit List
relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---|---|---|
| D62 | GOOG-ROWE-00017533 | GOOG-ROWE-00017538 |

c. Motion Three: Plaintiff's Motion in Limine to Exclude Evidence Concerning Yolanda Piazza or Defendant's Consideration or Selection of Candidates for the Vice President – Financial Services, Sales Role (ECF No. 242)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|------------|-----------|
| D70 | GOOG-ROWE-00055394.R | GOOG-ROWE-00055418.R |
| D79 | GOOG-ROWE-00078164 | GOOG-ROWE-00078169 |
| D76 | GOOG-ROWE-00082359 | GOOG-ROWE-00082366 |
| D77 | GOOG-ROWE-00082356 | GOOG-ROWE-00082358 |
| D78 | GOOG-ROWE-00082351 | GOOG-ROWE-00082355 |

d. Motion Four: Plaintiff's Motion in Limine to Exclude Evidence Concerning the Level 8 Technical Directors (ECF No. 244)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|------------|-----------|
| D43 | GOOG-ROWE-00063979 | GOOG-ROWE-00064012 |
| D44 | GOOG-ROWE-00063516 | GOOG-ROWE-00063589 |
| D68 | GOOG-ROWE-00065032 | GOOG-ROWE-00065090 |
| D69 | GOOG-ROWE-00064910 | GOOG-ROWE-00064968 |

e. Motion Five: Plaintiff's Notice of Motion to Be Permitted to Ask Leading Questions During the Direct Examination of Defendant's Current and Former Employees (ECF No. 246)

2. **Defendant's Motions *in Limine***

a. Defendant Google LLC's Motion *in Limine* Regarding Evidence of Leveling Determinations (ECF No. 234)

22

The following documents on Plaintiff's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---|---|---|
| P15 | GOOG-ROWE-00059224 | GOOG-ROWE-00059229 |
| P52 | GOOG-ROWE-00059824 | GOOG-ROWE-00059829 |

b. Defendant Google LLC's Notice of Motion in Limine to Exclude Evidence of Other Employee Complaints (ECF No. 236)

The following documents on Plaintiff's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---|---|---|
| P18 | GOOG-ROWE-00056473 | GOOG-ROWE-00056476 |
| P39 | GOOG-ROWE-P-00001200 | GOOG-ROWE-P-00001201 |
| | GOOG-ROWE-00060592 | GOOG-ROWE-00060593 |
| P58 | P001591 | P001603 |
| P105 | GOOG-ROWE-00058542 | GOOG-ROWE-00058555 |

Defendant also identifies P133 and P141 (GOOG-ROWE-00078071-GOOG-ROWE-00078072, GOOG-ROWE-00078069-GOOG-ROWE-00078070, GOOG-ROWE-00078198-GOOG-ROWE-00078202) as relating to her own motion *in limine* (ECF No. 242).

**L.    STIPULATIONS OF UNCONTESTED FACTS**

There are no stipulations of uncontested facts.

**M.    STATEMENT OF DAMAGES**

Plaintiff seeks those damages to which she is entitled under New York Labor Law and New York City Human Rights Law, including backpay, liquidated damages, compensatory damages, and punitive damages. These damages will be supported by Plaintiff's own testimony and that of her economic expert, Nora Ostrofe.

Plaintiff's economic losses through November 2022 are approximately $6,445,801.00. Of this amount, $2,035,989.00 is for liquidated damages on the portion of back-pay related to Equal Pay Law claims and $126,483 is for pre-judgment interest. Plaintiff's economic loss calculations will be updated within 10 days of Google supplementing its production for 2022 year-end bonuses and equity awards. Plaintiff proposes postponing the deposition of Plaintiff's expert until after she has supplemented her report. In the alternative, Plaintiff is amenable to Defendant undertaking a second deposition of Plaintiff's expert of no more than 2 hours, limited to new information in the supplemental report.

Plaintiff seeks emotional distress damages of $300,000.00.

Plaintiff seeks punitive damages in an amount to be determined by the jury as necessary to punish and deter Google from such unlawful behavior, consistent with constitutional limitations.

Plaintiff seeks attorneys' fees and costs for all work performed in connection with the case, including post-trial work and work related to the fee application. Plaintiff's attorneys' fees are presently approximately $2,140,000.

Plaintiff seeks reimbursement of costs, which are presently: $58,076.

Defendant denies that Plaintiff is entitled to any of the relief she seeks. Defendant reserves the right to request a second deposition of Plaintiff's expert, with such request being made within two weeks of the receipt of Plaintiff's expert's updated damages calculations.

**OTHER RELIEF**

Plaintiff seeks the following additional relief:

    a)  Declare that Defendant's actions are violative of the law;

    b)  Enjoin and permanently restrain these violations of the law;

c) Direct Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment opportunities.

d) Direct Defendant to instate Plaintiff into the position she was denied or a comparable position, or in the alternative, set Plaintiff's compensation and benefits at a comparable level to that position;

e) Award Plaintiff the number of Google shares she was unlawfully denied;

f) Award Plaintiff damages to compensate for any adverse tax consequences;

g) Award pre-judgment interest at the statutory rate of 9%;

h) Award Plaintiff attorneys' fees, costs, and disbursements pursuant to applicable law; and

i) Award such other legal and equitable relief as this Court deems necessary, just, and proper.

Defendant denies that Plaintiff is entitled to any of the relief she seeks.

**N.      UNANIMOUS VERDICT**

The parties do not consent to less than a unanimous verdict.


Dated: December 12, 2022                    Respectfully submitted,

By: /s/ Cara E. Greene                        By: /s/ Kenneth W. Gage

Cara E. Greene                                   Kenneth W. Gage
Gregory S. Chiarello                            Sara B. Tomezsko
Shira Z. Gelfand                                 Kaveh Dabashi
**OUTTEN & GOLDEN LLP**                **PAUL HASTINGS LLP**
685 Third Avenue, 25th Floor             200 Park Avenue
New York, NY 10017                          New York, NY 10166
Telephone: (212) 245-1000                 (212)-318-6000
Facsimile: (646) 509-2071                  Fax: 212-918-4090
ceg@outtengolden.com                       kennethgage@paulhastings.com
gchiarello@outtengolden.com              saratomezsko@paulhastings.com
sgelfand@outtengolden.com               kavehdabashi@paulhastings.com

*Attorneys for Plaintiff*                        *Attorneys for Defendant*
*Ulku Rowe*                                       *Google LLC*

## Appendix A – Plaintiff's Proposed Exhibits

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| * | P1 | P000751 | P000751 | Fed. R. Evid. 401 – How Plaintiff's prior employer chose to compensate her is irrelevant to Plaintiff's claims against Google. |
| | P2 | P001743 | P001745 | Fed. R. Evid. 401, 403 – an opinion piece that pre-dates Plaintiff's hiring is irrelevant to Plaintiff's claims against Google; it is not authored by anyone involved in the challenged decisions and will only serve to confuse the jury and waste time. |
| ** | P3 | GOOG-ROWE-00055477 | GOOG-ROWE-00055479 | |
| ** | P4 | P000434 | P000438 | |
| ** | P5 | GOOG-ROWE-00017341.R | GOOG-ROWE-00017352.R | |
| | P6 | P000736 | P000736 | Fed. R. Evid. 401, 403 – an image of Ms. Rowe posted to social media has no tendency to make the existence of any fact of consequence in this trial more or less probable; its introduction will only result in undue delay. |
| * | P7 | GOOG-ROWE-00058796 | 0091_GOOG-ROWE-00058799 | Fed. R. Evid. 801, 802 – descriptions of out-of-court statements allegedly made by Will Grannis, Brian Stevens, and others are offered for their truth. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| * | P8 | GOOG-ROWE-00017356 | GOOG-ROWE-00017358 | Fed. R. Evid. 106 – the exhibit is incomplete; Plaintiff has not included the document linked within this email, without which the jury will lack critical context (Exhibit D38).<br>Fed. R. Evid. 403 – without the linked document providing critical context, introduction of this exhibit will confuse and mislead the jury. |
| ** | P9 | GOOG-ROWE-00017375.R | GOOG-ROWE-00017378.R | None |
| ** | P10 | GOOG-ROWE-00017379.R | GOOG-ROWE-00017381.R | None |
| * | P11 | P001586 | P001586 | Fed. R. Evid. 801, 802 – to the extent Plaintiff offers the out-of-court statements allegedly made by Melissa Lawrence for the truth of what she alleged said to Plaintiff; Defendant does not object to the portions of the document that reflect Plaintiff's statements and/or impressions, which are admissible for their truth as admissions pursuant to Fed. R. Evid. 801(d)(2). |
| ** | P12 | GOOG-ROWE-00017401.RR | GOOG-ROWE-00017405.RR | |
| ** | P13 | GOOG-ROWE-00017406 | GOOG-ROWE-00017407 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| ** | P14 | GOOG-ROWE-00058866 | GOOG-ROWE-00058867 | |
| * | P15 | GOOG-ROWE-00059224 | GOOG-ROWE-00059229 | Fed. R. Evid. 401, 403 – Discussions concerning performance and leveling of an unrelated third-party seeking to transfer job ladders is irrelevant to any of the challenged decisions regarding Plaintiff's leveling, and its introduction will only serve to confuse and mislead the jury. This document also relates to Defendant's pending motion in *limine* (ECF 234). |
| ** | P16 | GOOG-ROWE-00017410 | GOOG-ROWE-00017411 | |
| * | P17 | GOOG-ROWE-00059503 | GOOG-ROWE-00059508 | Fed. R. Evid. 401, 403 – this document relates to Defendant's pending motion *in limine* (ECF 236). |
| * | P18 | GOOG-ROWE-00056473 | GOOG-ROWE-00056476 | Fed. R. Evid. 401, 403 – this document relates to Defendant's pending motion *in limine* (ECF 236). Fed. R. Evid. 801, 802 – to the extent the alleged out-of-court statements by Will Grannis and others are offered for their truth. |
| ** | P19 | GOOG-ROWE-P-00000714 | GOOG-ROWE-P-00000714 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P20 | GOOG-ROWE-00017417.R | GOOG-ROWE-00017417.R | |
| ** | P21 | GOOG-ROWE-00017425 | GOOG-ROWE-00017426 | |
| ** | P22 | GOOG-ROWE-00017431 | GOOG-ROWE-00017432 | |
| ** | P23 | GOOG-ROWE-00017427 | GOOG-ROWE-00017428 | |
| ** | P24 | GOOG-ROWE-00017429 | GOOG-ROWE-00017430 | |
| ** | P25 | GOOG-ROWE-P-00000726 | GOOG-ROWE-P-00000727 | |
| ** | P26 | GOOG-ROWE-P-00000729 | GOOG-ROWE-P-00000730 | |
| ** | P27 | P000705 | P000706 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P28 | GOOG-ROWE-P-00000742 | GOOG-ROWE-P-00000743 | |
| ** | P29 | GOOG-ROWE-P-00000762 | GOOG-ROWE-P-00000763 | |
| ** | P30 | GOOG-ROWE-00017443 | GOOG-ROWE-00017443 | |
| ** | P31 | GOOG-ROWE-P-00000821 | GOOG-ROWE-P-00000821 | |
| ** | | GOOG-ROWE-P-00004550 | GOOG-ROWE-P-00004552 | |
| ** | P32 | GOOG-ROWE-00017446 | GOOG-ROWE-00017447 | |
| * | P33 | GOOG-ROWE-00017459 | GOOG-ROWE-00017464 | Fed. R. Evid. 801, 802 – to the extent that Plaintiff offers the alleged out-of-court statements by Brian Stevens for their truth. |
| ** | P34 | GOOG-ROWE-00017465 | GOOG-ROWE-00017469 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P35 | GOOG-ROWE-00017515 | GOOG-ROWE-00017517 | |
| ** | P36 | GOOG-ROWE-00017518 | GOOG-ROWE-00017519 | |
| ** | P37 | GOOG-ROWE-00017507 | GOOG-ROWE-00017508 | |
| ** | P38 | GOOG-ROWE-00017532 | GOOG-ROWE-00017532 | |
| * | P39 | GOOG-ROWE-P-00001200 | GOOG-ROWE-P-00001201 | Fed. R. Evid. 401, 403 – these documents are irrelevant to the issues to be tried because Mr. Breslow did not participate in any of the challenged decisions as they relate to Plaintiff; their introduction only serves to confuse or mislead the jury, and waste time. They are also related to Defendant's pending motion *in limine* (ECF 236). |
| | | GOOG-ROWE-00060592 | GOOG-ROWE-00060593 | Fed. R. Evid. 401, 403 – these documents are irrelevant to the issues to be tried because Mr. Breslow did not participate in any of the challenged decisions as they relate to Plaintiff; their introduction only serves to confuse or mislead the jury, and waste time. They are also related to Defendant's pending motion *in limine* (ECF 236). Fed. R. Evid. 801, 802 – the alleged record of Ms. Kuhns interactions and alleged statements made to her |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
|  |  |  |  | are out-of-court statements offered to prove their truth. |
| ** | P40 | GOOG-ROWE-00017554 | GOOG-ROWE-00017554 |  |
| ** | P41 | GOOG-ROWE-00054145 | GOOG-ROWE-00054145 |  |
| ** | P42 | GOOG-ROWE-P-00001229 | GOOG-ROWE-P-00001229 |  |
| ** | P43 | GOOG-ROWE-00017555 | GOOG-ROWE-00017557 |  |
| ** | P44 | GOOG-ROWE-00017563 | GOOG-ROWE-00017564 |  |
| ** | P45 | GOOG-ROWE-00017565.R | GOOG-ROWE-00017566.R |  |
| * | P46 (cont.) | GOOG-ROWE-00058307 | GOOG-ROWE-00058307 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| * | P46 (cont.) | GOOG-ROWE-00058308 | GOOG-ROWE-00058308 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P46 (cont.) | GOOG-ROWE-00058309 | GOOG-ROWE-00058309 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P46 (cont.) | GOOG-ROWE-00058310 | GOOG-ROWE-00058310 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P46 (cont.) | GOOG-ROWE-00058311 | GOOG-ROWE-00058311 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P46 (cont.) | GOOG-ROWE-00058312 | GOOG-ROWE-00058312 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| * | P46 (cont.) | GOOG-ROWE-00058313 | GOOG-ROWE-00058313 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P46 (cont.) | GOOG-ROWE-00058317 | GOOG-ROWE-00058317 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P46 (cont.) | GOOG-ROWE-00058321 | GOOG-ROWE-00058321 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P46 (cont.) | GOOG-ROWE-00058325 | GOOG-ROWE-00058325 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P46 (cont.) | GOOG-ROWE-00058326 | GOOG-ROWE-00058326 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| * | P46 (cont.) | GOOG-ROWE-00058330 | GOOG-ROWE-00058330 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P46 (cont.) | GOOG-ROWE-00058334 | GOOG-ROWE-00058334 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P46 (cont.) | GOOG-ROWE-00058338 | GOOG-ROWE-00058338 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P46 (cont.) | GOOG-ROWE-00058342 | GOOG-ROWE-00058342 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P46 (cont.) | GOOG-ROWE-00058346 | GOOG-ROWE-00058346 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| * | P46 (cont.) | GOOG-ROWE-00058350 | GOOG-ROWE-00058350 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P46 (cont.) | GOOG-ROWE-00058354 | GOOG-ROWE-00058354 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P46 (cont.) | GOOG-ROWE-00058358 | GOOG-ROWE-00058358 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P46 (cont.) | GOOG-ROWE-00058362 | GOOG-ROWE-00058362 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P47 | GOOG-ROWE-00058315 | GOOG-ROWE-00058315 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| * | P47 (cont.) | GOOG-ROWE-00058319 | GOOG-ROWE-00058319 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P47 (cont.) | GOOG-ROWE-00058323 | GOOG-ROWE-00058323 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P47 (cont.) | GOOG-ROWE-00058327 | GOOG-ROWE-00058327 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P47 (cont.) | GOOG-ROWE-00058331 | GOOG-ROWE-00058331 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P47 (cont.) | GOOG-ROWE-00058336 | GOOG-ROWE-00058336 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| * | P47 (cont.) | GOOG-ROWE-00058340 | GOOG-ROWE-00058340 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P47 (cont.) | GOOG-ROWE-00058345 | GOOG-ROWE-00058345 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P47 (cont.) | GOOG-ROWE-00058349 | GOOG-ROWE-00058349 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P47 (cont.) | GOOG-ROWE-00058353 | GOOG-ROWE-00058353 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P47 (cont.) | GOOG-ROWE-00058356 | GOOG-ROWE-00058356 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| * | P47 (cont.) | GOOG-ROWE-00058361 | GOOG-ROWE-00058361 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P47 (cont.) | GOOG-ROWE-00058363 | GOOG-ROWE-00058363 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P47 (cont.) | GOOG-ROWE-00058367 | GOOG-ROWE-00058367 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P47 (cont.) | GOOG-ROWE-00058371 | GOOG-ROWE-00058371 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P47 (cont.) | GOOG-ROWE-00058373 | GOOG-ROWE-00058373 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| * | P47 (cont.) | GOOG-ROWE-00058375 | GOOG-ROWE-00058375 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P47 (cont.) | GOOG-ROWE-00058378 | GOOG-ROWE-00058378 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P48 | GOOG-ROWE-00058314 | GOOG-ROWE-00058314 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P48 (cont.) | GOOG-ROWE-00058318 | GOOG-ROWE-00058318 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P48 (cont.) | GOOG-ROWE-00058322 | GOOG-ROWE-00058322 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| * | P48 (cont.) | GOOG-ROWE-00058328 | GOOG-ROWE-00058328 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P48 (cont.) | GOOG-ROWE-00058332 | GOOG-ROWE-00058332 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P48 (cont.) | GOOG-ROWE-00058335 | GOOG-ROWE-00058335 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P48 (cont.) | GOOG-ROWE-00058339 | GOOG-ROWE-00058339 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P48 (cont.) | GOOG-ROWE-00058344 | GOOG-ROWE-00058344 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| * | P48 (cont.) | GOOG-ROWE-00058347 | GOOG-ROWE-00058347 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P48 (cont.) | GOOG-ROWE-00058352 | GOOG-ROWE-00058352 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P48 (cont.) | GOOG-ROWE-00058357 | GOOG-ROWE-00058357 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P48 (cont.) | GOOG-ROWE-00058360 | GOOG-ROWE-00058360 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P48 (cont.) | GOOG-ROWE-00058364 | GOOG-ROWE-00058364 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| * | P48 (cont.) | GOOG-ROWE-00058368 | GOOG-ROWE-00058368 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P48 (cont.) | GOOG-ROWE-00058370 | GOOG-ROWE-00058370 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P48 (cont.) | GOOG-ROWE-00058374 | GOOG-ROWE-00058374 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P48 (cont.) | GOOG-ROWE-00058377 | GOOG-ROWE-00058377 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P48 (cont.) | GOOG-ROWE-00058379 | GOOG-ROWE-00058379 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| * | P49 | GOOG-ROWE-00058316 | GOOG-ROWE-00058316 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P49 | GOOG-ROWE-00058320 | GOOG-ROWE-00058320 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P49 | GOOG-ROWE-00058324 | GOOG-ROWE-00058324 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P49 | GOOG-ROWE-00058329 | GOOG-ROWE-00058329 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P49 | GOOG-ROWE-00058333 | GOOG-ROWE-00058333 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| * | P49 | GOOG-ROWE-00058337 | GOOG-ROWE-00058337 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P49 | GOOG-ROWE-00058341 | GOOG-ROWE-00058341 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P49 | GOOG-ROWE-00058343 | GOOG-ROWE-00058343 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P49 | GOOG-ROWE-00058348 | GOOG-ROWE-00058348 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P49 | GOOG-ROWE-00058351 | GOOG-ROWE-00058351 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| * | P49 | GOOG-ROWE-00058355 | GOOG-ROWE-00058355 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P49 | GOOG-ROWE-00058359 | GOOG-ROWE-00058359 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P49 | GOOG-ROWE-00058365 | GOOG-ROWE-00058365 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P49 | GOOG-ROWE-00058366 | GOOG-ROWE-00058366 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P49 | GOOG-ROWE-00058369 | GOOG-ROWE-00058369 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| * | P49 | GOOG-ROWE-00058372 | GOOG-ROWE-00058372 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P49 | GOOG-ROWE-00058376 | GOOG-ROWE-00058376 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| * | P49 | GOOG-ROWE-00058380 | GOOG-ROWE-00058380 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| ** | P50 | GOOG-ROWE-00056552 | GOOG-ROWE-00056555 | None |
| ** | P51 | GOOG-ROWE-00017568 | GOOG-ROWE-00017568 | None |
| * | P52 | GOOG-ROWE-00059824 | GOOG-ROWE-00059829 | Fed. R. Evid. 401, 403 – Discussions concerning performance and leveling of an unrelated third-party is irrelevant to any of the challenged decisions regarding Plaintiff's leveling, no one on the email was involved in Plaintiff's challenged leveling |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| | | | | decision, and its introduction will only serve to confuse and mislead the jury.<br>This document also relates to Defendant's pending motion in *limine* (ECF 234). |
| * | P53 | GOOG-ROWE-00017583 | GOOG-ROWE-00017584 | |
| * | P54 | GOOG-ROWE-P-00001737 | GOOG-ROWE-P-00001737 | |
| * | P55 | GOOG-ROWE-00017589 | GOOG-ROWE-00017591 | |
| * | P56 | GOOG-ROWE-00017594 | GOOG-ROWE-00017595 | Fed. R. Evid. 401, 403 – Mr. Vardaman did not participate in any compensation planning decisions, so his thoughts regarding compensation are irrelevant and will serve only to confuse or mislead the jury. |
| * | P57 | GOOG-ROWE-00017998 | GOOG-ROWE-00018001 | Fed. R. Evid. 801, 802 – statements made to an Employee Relations investigator are alleged out-of-court statements offered for their truth. |
| | P58 | P001591 | P001603 | Fed. R. Evid. 401, 403 – this document relates to one of Defendant's pending motions *in limine* (ECF 236). |
| ** | P59 | GOOG-ROWE-00017598 | GOOG-ROWE-00017598 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P60 | GOOG-ROWE-00017599 | GOOG-ROWE-00017602 | |
| ** | P61 | GOOG-ROWE-00017624 | GOOG-ROWE-00017632 | |
| ** | P62 | GOOG-ROWE-00017634.R | GOOG-ROWE-00017637.R | |
| ** | P63 | GOOG-ROWE-00017638 | GOOG-ROWE-00017638 | |
| ** | P64 | GOOG-ROWE-00017639 | GOOG-ROWE-00017639 | |
| ** | P65 | GOOG-ROWE-00056880 | GOOG-ROWE-00056889 | |
| ** | P66 | GOOG-ROWE-00017642 | GOOG-ROWE-00017642 | |
| ** | P67 | GOOG-ROWE-00017643 | GOOG-ROWE-00017643 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| ** | P68 | GOOG-ROWE-00017644 | GOOG-ROWE-00017647 | |
| ** | P69 | GOOG-ROWE-00017722.RR | GOOG-ROWE-00017866.RR | |
| * | P70 | GOOG-ROWE-00059939 | GOOG-ROWE-00059939 | Fed. R. Evid. 801, 802 – the document consists solely of alleged out-of-court statements offered to prove the truth of the matter asserted (i.e., who an unrelated third-party who did not participate in any of the challenged decisions thought led the various industry verticals in Mr. Shaukat's organization); the fact that Mr. Shaukat is a recipient of the communication does not change that fact. |
| ** | P71 | GOOG-ROWE-00057023 | GOOG-ROWE-00057024 | |
| ** | P72 | GOOG-ROWE-00059967 | GOOG-ROWE-00059969 | |
| ** | P73 | GOOG-ROWE-00061580 | GOOG-ROWE-00061581 | |
| | P74 | P000707 | P000709 | Fed. R. Evid. 801, 802 – to the extent that Plaintiff seeks to introduce alleged out-of-court statements by Ms. Kuhn and "Jess" to prove the truth of the matters asserted. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| | | | | Defendant asserts authenticity objections to portion of the document Bates labeled P000709 only. |
| * | P75 | GOOG-ROWE-00017663 | GOOG-ROWE-00017663 | Fed. R. Evid. 801, 802 – to the extent that Plaintiff seeks to introduce the alleged out-of-court statement by "Stuart" to prove the truth of the matter asserted (i.e., the occurrence of a meeting). |
| ** | P76 | P000659 | P000662 | |
| | P76 (cont.) | P000752 | P000753 | Defendant objects solely on the grounds of authenticity. |
| ** | P77 | GOOG-ROWE-00056890 | GOOG-ROWE-00056891 | None |
| ** | P78 | GOOG-ROWE-00056906 | GOOG-ROWE-00056909 | None |
| ** | P79 | GOOG-ROWE-00017677 | GOOG-ROWE-00017679 | None |
| ** | P80 | GOOG-ROWE-00057053 | GOOG-ROWE-00057055 | None |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P81 | GOOG-ROWE-00017690 | GOOG-ROWE-00017690 | None |
| ** | P82 | GOOG-ROWE-00056682 | GOOG-ROWE-00056690 | None |
| * | P83 | GOOG-ROWE-00060418 | GOOG-ROWE-00060418 | Fed. R. Evid. 401, 403 – there is no evidence in the record that the email recipients were involved in any of the challenged decisions to be tried in this case; the introduction of this evidence will only confuse or mislead the jury, waste time, and is intended to harass. |
| | P84 | P000683 | P000683 | Fed. R. Evid. 401, 403 – there is no evidence in the record that the recipient of the screen-shot chat message (which Defendant believes to be Leonard Law) was involved in any of the challenged decisions to be tried in this case; the introduction of this evidence will only confuse or mislead the jury and waste time. |
| ** | P85 | GOOG-ROWE-00056734 | GOOG-ROWE-00056736 | None |
| * | P86 | GOOG-ROWE-00017873 | GOOG-ROWE-00017875 | Fed. R. Evid. 106 – the document is incomplete when presented in redacted form, and Plaintiff should be required to use the document at D80. |
| * | P87 | GOOG-ROWE-00017710.R | GOOG-ROWE-00017712.R | Fed. R. Evid. 801, 802 – the document created by an unspecified author consists solely of alleged out-of-court statements to prove the truth of the matters asserted (i.e., the |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| | | | | performance of those referenced in the document). |
| ** | P88 | GOOG-ROWE-00018014 | GOOG-ROWE-00018014 | None |
| ** | P89 | GOOG-ROWE-00018015 | GOOG-ROWE-00018015 | None |
| * | P90 | GOOG-ROWE-00018558 | GOOG-ROWE-00018559 | Fed. R. Evid. 401, 403 – there is no evidence in the record that Plaintiff sought, applied, or was considered for a role as a Technical Director on OCTO's Applied AI team; as such, the information is irrelevant to any of the challenged decisions to be tried, and its introduction serves only to confuse or mislead the jury, and waste time. |
| | P91 | P000695 | P000697 | Fed. R. Evid. 801, 802 – this alleged reproduction of Mr. Breslow's LinkedIn profile is hearsay is offered to prove the truth of its contents. |
| * | P92 | GOOG-ROWE-00060490 | GOOG-ROWE-00060495 | Fed. R. Evid. 602 – Plaintiff has not identified a witness to lay the foundation for introduction of this document into evidence or speak to the purpose for which it was created. |
| ** | P93 | GOOG-ROWE-00019205 | GOOG-ROWE-00019208 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| * | P94 | GOOG-ROWE-00022669 | GOOG-ROWE-00022670 | Fed. R. Evid. 401, 403 – the leveling policy document is dated 2019, two years after Plaintiff's challenged leveling decision. It therefore could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse and mislead the jury. |
| * | P95 | GOOG-ROWE-00026916 | GOOG-ROWE-00026917 | Fed. R. Evid. 401, 403 – the leveling policy document is dated 2019, two years after Plaintiff's challenged leveling decision. It therefore could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse and mislead the jury. |
| * | P96 | GOOG-ROWE-00020117 | GOOG-ROWE-00020118 | Fed. R. Evid. 401, 403 – Plaintiff does not assert that she should have been promoted to Level 9 in the manner contemplated by this policy, and she is estopped from advancing that argument now. Therefore, the substance of this document is irrelevant to the claims at issue, and its introduction into evidence serves only to confuse or mislead the jury. |
| ** | P97 | GOOG-ROWE-00019740 | GOOG-ROWE-00019741 | None |
| ** | P98 | GOOG-ROWE-00019782 | GOOG-ROWE-00019786 | None |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P99 | GOOG-ROWE-00030107 | GOOG-ROWE-00030112 | None |
| ** | P100 | GOOG-ROWE-00056764 | GOOG-ROWE-00056766 | None |
| ** | P101 | GOOG-ROWE-00060559 | GOOG-ROWE-00060562 | None |
| * | P102 | GOOG-ROWE-00052135 | GOOG-ROWE-00052135 | Fed. R. Evid. 401, 403 – the leveling policy document is dated 2020, three years after Plaintiff's challenged leveling decision. It therefore could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse and mislead the jury. |
| * | P102B | GOOG-ROWE-00052153 | GOOG-ROWE-00052153 | Fed. R. Evid. 401, 403 – the leveling policy document is dated 2020, three years after Plaintiff's challenged leveling decision. It therefore could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse and mislead the jury. |
| ** | P103 | GOOG-ROWE-00053767 | GOOG-ROWE-00053767 | |
| | P104 | P000738 | P000738 | Fed. R. Evid. 401, 403 – the undated "article" about Plaintiff's alleged credentials has no bearing on the issues in this case, and there is no evidence that anyone at Google |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| | | | | knew about or considered its contents when making any decision as it relates to Plaintiff.  It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time.<br>Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| | P104 (cont.) | P000739 | P000746 | Fed. R. Evid. 401, 403 – there is no evidence that anyone at Google knew about or considered the contents of this article when making any decision as it relates to Plaintiff. It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time.<br>Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| | P104 (cont.) | P000747 | P000748 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| | P104 (cont.) | P000754 | P000762 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| | P104 (cont.) | P000774 | P000780 | Fed. R. Evid. 401, 403 – the article about Plaintiff's alleged credentials has no bearing on the issues in this case, and there is no evidence that anyone at Google knew about or considered its contents when making any decision as it relates to Plaintiff.  It is therefore irrelevant |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| | | | | and its introduction into evidence serves only to confuse or mislead the jury, and waste time.<br>Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| | P104 (cont.) | P000781 | P000786 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| | P104 (cont.) | P000787 | P000791 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| | P104 (cont.) | P000792 | P000793 | Fed. R. Evid. 401, 403 – there is no evidence that anyone at Google knew about or considered the contents of this article when making any decision as it relates to Plaintiff. It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time.<br>Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| * | P104 (cont.) | P000800 | P000802 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| | P104 (cont.) | P000808 | P000813 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| | P104 (cont.) | P000814 | P000824 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| | P104 (cont.) | P000825 | P000826 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| | P104 (cont.) | P000827 | P000830 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| | P104 (cont.) | P000831 | P000850 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| | P104 (cont.) | P000858 | P000862 | Fed. R. Evid. 401, 403 – there is no evidence that anyone at Google knew about or considered the contents of this article when making any decision as it relates to Plaintiff. It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time. Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| * | P104 (cont.) | P000864 | P000864 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| | P104 (cont.) | P000865 | P000866 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| | P104 (cont.) | P000867 | P000870 | Fed. R. Evid. 401, 403 – there is no evidence that anyone at Google knew about or considered the contents of this article when making any decision as it relates to Plaintiff. It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time.<br>Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| ** | P104 (cont.) | P000871 | P000873 | |
| * | P104 (cont.) | P000876 | P000879 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-course statements contained therein. |
| * | P105 | GOOG-ROWE-00058542 | GOOG-ROWE-00058555 | Fed. R. Evid. 401, 403 – the substance of an unrelated third-party complaint is irrelevant to the issues to be tried, and its introduction into evidence serves only to confuse or mislead the jury, and waste time. It is also related to one of Defendant's pending motions *in limine* (ECF 236).<br>Fed. R. Evid. 801, 802 – the notes prepared during the investigation of the complaint consist solely of alleged out-of-court statements offered for the truth of the matters asserted. |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P106 | GOOG-ROWE-00060571 | GOOG-ROWE-00060573 | |
| ** | P107 | GOOG-ROWE-00055391 | GOOG-ROWE-00055393 | |
| * | P108 | GOOG-ROWE-00056990 | GOOG-ROWE-00057014 | Fed. R. Evid. 801, 802 – the notes prepared during the investigation of the complaint consist solely of alleged out-of-court statements offered for their truth. |
| ** | P109 | GOOG-ROWE-P-00004556 | GOOG-ROWE-P-00004556 | |
| * | P110 | GOOG-ROWE-00055946 | GOOG-ROWE-00055998 | Fed. R. Evid. 401, 403 – the document is irrelevant unless Plaintiff can show that this is the version of one of Google's workplace trainings taken by one of the relevant decision makers in the case. |
| ** | P111 | GOOG-ROWE-00056272 | GOOG-ROWE-00056273 | None |
| * | P112 | GOOG-ROWE-00056868 | GOOG-ROWE-00056874 | Fed. R. Evid. 801, 802 – the document consists of several alleged out-of-court statements offered to prove the truth of the matters asserted. |
| ** | P113 | GOOG-ROWE-00060591 | GOOG-ROWE-00060591 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| * | P114 | GOOG-ROWE-00058782 | GOOG-ROWE-00058782 | Fed. R. Evid. 401, 403 – there is no evidence in the record that any witness at Google consulted this document when making any of the challenged decisions, and its introduction into evidence serves only to confuse or mislead the jury, or waste time. |
| ** | P115 | GOOG-ROWE-00060579.R | GOOG-ROWE-00060590.R | None |
| ** | P116 | GOOG-ROWE-00063078 | GOOG-ROWE-00063111 | None |
| * | P117 | GOOG-ROWE-00062565 | GOOG-ROWE-00062596 | Fed. R. Evid. 106 – the document is incomplete, and Mr. Eryurek's full hiring packet is available at D42. |
| ** | P118 | GOOG-ROWE-00056318.R | GOOG-ROWE-00056346.R | |
| ** | P119 | GOOG-ROWE-00019097.R | GOOG-ROWE-00019146.R | |
| ** | P120 | GOOG-ROWE-00061880 | GOOG-ROWE-00061904 | |
| ** | P121 | GOOG-ROWE-00062214 | GOOG-ROWE-00062241 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| ** | P122 | GOOG-ROWE-00053826.R | GOOG-ROWE-00053832.R | |
| ** | P122 (cont.) | GOOG-ROWE-00053841.R | GOOG-ROWE-00053847.R | |
| ** | P122 (cont.) | GOOG-ROWE-00053875.R | GOOG-ROWE-00053878.R | |
| ** | P122 (cont.) | GOOG-ROWE-00053837.R | GOOG-ROWE-00053840.R | |
| ** | P123 | GOOG-ROWE-00056275 | GOOG-ROWE-00056275 | |
| ** | P123 (cont.) | GOOG-ROWE-00056312 | GOOG-ROWE-00056315 | |
| ** | P123 (cont.) | GOOG-ROWE-00056287 | GOOG-ROWE-00056294 | |
| ** | P123 (cont.) | GOOG-ROWE-00056276 | GOOG-ROWE-00056282 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P123 (cont.) | GOOG-ROWE-00056303 | GOOG-ROWE-00056311 | |
| ** | P123 (cont.) | GOOG-ROWE-00056283 | GOOG-ROWE-00056286 | |
| ** | P123 (cont.) | GOOG-ROWE-00056295 | GOOG-ROWE-00056302 | |
| ** | P123 (cont.) | GOOG-ROWE-00079130 | GOOG-ROWE-00079133 | |
| ** | P123 (cont.) | GOOG-ROWE-00079321 | GOOG-ROWE-00079323 | |
| ** | P123 (cont.) | GOOG-ROWE-00079317 | GOOG-ROWE-00079320 | |
| ** | P123 (cont.) | GOOG-ROWE-00079382 | GOOG-ROWE-00079386 | |
| ** | P123 (cont.) | GOOG-ROWE-00079175 | GOOG-ROWE-00079176 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P123 (cont.) | GOOG-ROWE-00079406 | GOOG-ROWE-00079407 | |
| ** | P124 | GOOG-ROWE-00053889.R | GOOG-ROWE-00053890.R | |
| ** | P124 (cont.) | GOOG-ROWE-00053833.R | GOOG-ROWE-00053835.R | |
| ** | P124 (cont.) | GOOG-ROWE-00053891.R | GOOG-ROWE-00053894.R | |
| ** | P124 (cont.) | GOOG-ROWE-00053864.R | GOOG-ROWE-00053868.R | |
| ** | P124 (cont.) | GOOG-ROWE-00053852.R | GOOG-ROWE-00053861.R | |
| ** | P124 (cont.) | GOOG-ROWE-00053901.R | GOOG-ROWE-00053909.R | |
| ** | P124 (cont.) | GOOG-ROWE-00053885.R | GOOG-ROWE-00053888.R | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P124 (cont.) | GOOG-ROWE-00053879.R | GOOG-ROWE-00053881.R | |
| ** | P124 (cont.) | GOOG-ROWE-00067197 | GOOG-ROWE-00067207 | |
| ** | P124 (cont.) | GOOG-ROWE-00067208 | GOOG-ROWE-00067213 | |
| ** | P124 (cont.) | GOOG-ROWE-00067233 | GOOG-ROWE-00067237 | |
| ** | P124 (cont.) | GOOG-ROWE-00079027 | GOOG-ROWE-00079031 | |
| ** | P124 (cont.) | GOOG-ROWE-00079104 | GOOG-ROWE-00079107 | |
| ** | P124 (cont.) | GOOG-ROWE-00079095 | GOOG-ROWE-00079098 | |
| ** | P124 (cont.) | GOOG-ROWE-00079099 | GOOG-ROWE-00079103 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P124 (cont.) | GOOG-ROWE-00078984 | GOOG-ROWE-00078993 | |
| ** | P124 (cont.) | GOOG-ROWE-00079145 | GOOG-ROWE-00079153 | |
| ** | P125 | GOOG-ROWE-00053811.R | GOOG-ROWE-00053811.R | |
| ** | P125 (cont.) | GOOG-ROWE-00053803.R | GOOG-ROWE-00053810.R | |
| ** | P125 (cont.) | GOOG-ROWE-00053812.R | GOOG-ROWE-00053819.R | |
| ** | P125 (cont.) | GOOG-ROWE-00053798.R | GOOG-ROWE-00053802.R | |
| ** | P125 (cont.) | GOOG-ROWE-00053820.R | GOOG-ROWE-00053824.R | |
| ** | P125 (cont.) | GOOG-ROWE-00067168 | GOOG-ROWE-00067177 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P125 (cont.) | GOOG-ROWE-00067178 | GOOG-ROWE-00067186 | |
| ** | P125 (cont.) | GOOG-ROWE-00067187 | GOOG-ROWE-00067191 | |
| ** | P125 (cont.) | GOOG-ROWE-00067192 | GOOG-ROWE-00067196 | |
| ** | P126 | GOOG-ROWE-00017907 | GOOG-ROWE-00017913 | |
| ** | P126 (cont.) | GOOG-ROWE-00017929 | GOOG-ROWE-00017933 | |
| ** | P126 (cont.) | GOOG-ROWE-00017914 | GOOG-ROWE-00017918 | |
| ** | P126 (cont.) | GOOG-ROWE-00017885 | GOOG-ROWE-00017890 | |
| ** | P126 (cont.) | GOOG-ROWE-00017936 | GOOG-ROWE-00017941 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| ** | P126 (cont.) | GOOG-ROWE-00017897 | GOOG-ROWE-00017906 | |
| ** | P126 (cont.) | GOOG-ROWE-00017949 | GOOG-ROWE-00017957 | |
| ** | P126 (cont.) | GOOG-ROWE-00017919 | GOOG-ROWE-00017919 | |
| ** | P126 (cont.) | GOOG-ROWE-00017935 | GOOG-ROWE-00017935 | |
| ** | P126 (cont.) | GOOG-ROWE-00056246 | GOOG-ROWE-00056251 | |
| ** | P126 (cont.) | GOOG-ROWE-00079122 | GOOG-ROWE-00079124 | |
| ** | P126 (cont.) | GOOG-ROWE-00079125 | GOOG-ROWE-00079126 | |
| ** | P126 (cont.) | GOOG-ROWE-00079022 | GOOG-ROWE-00079022 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P126 (cont.) | GOOG-ROWE-00079128 | GOOG-ROWE-00079129 | |
| ** | P126 (cont.) | GOOG-ROWE-00079156 | GOOG-ROWE-00079161 | |
| ** | P126 (cont.) | GOOG-ROWE-00079165 | GOOG-ROWE-00079168 | |
| ** | P127 | GOOG-ROWE-00067274 | GOOG-ROWE-00067274 | |
| ** | P127 (cont.) | GOOG-ROWE-00067253 | GOOG-ROWE-00067256 | |
| ** | P127 (cont.) | GOOG-ROWE-00067257 | GOOG-ROWE-00067264 | |
| ** | P127 (cont.) | GOOG-ROWE-00067272 | GOOG-ROWE-00067272 | |
| ** | P127 (cont.) | GOOG-ROWE-00067265 | GOOG-ROWE-00067271 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| ** | P127 (cont.) | GOOG-ROWE-00067273 | GOOG-ROWE-00067273 | |
| ** | P127 (cont.) | GOOG-ROWE-00067275 | GOOG-ROWE-00067281 | |
| ** | P127 (cont.) | GOOG-ROWE-00079134 | GOOG-ROWE-00079134 | |
| ** | P127 (cont.) | GOOG-ROWE-00079242 | GOOG-ROWE-00079242 | |
| ** | P127 (cont.) | GOOG-ROWE-00079405 | GOOG-ROWE-00079405 | |
| ** | P127 (cont.) | GOOG-ROWE-00079062 | GOOG-ROWE-00079063 | |
| ** | P127 (cont.) | GOOG-ROWE-00079170 | GOOG-ROWE-00079174 | |
| ** | P127 (cont.) | GOOG-ROWE-00079056 | GOOG-ROWE-00079061 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P128 | GOOG-ROWE-00053862.R | GOOG-ROWE-00053862.R | |
| ** | P128 (cont.) | GOOG-ROWE-00053863.R | GOOG-ROWE-00053863.R | |
| ** | P128 (cont.) | GOOG-ROWE-00053848.R | GOOG-ROWE-00053851.R | |
| ** | P128 (cont.) | GOOG-ROWE-00053882.R | GOOG-ROWE-00053884.R | |
| ** | P128 (cont.) | GOOG-ROWE-00053869.R | GOOG-ROWE-00053874.R | |
| ** | P128 (cont.) | GOOG-ROWE-00053895.R | GOOG-ROWE-00053900.R | |
| ** | P128 (cont.) | GOOG-ROWE-00053825.R | GOOG-ROWE-00053825.R | |
| ** | P128 (cont.) | GOOG-ROWE-00053836.R | GOOG-ROWE-00053836.R | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P128 (cont.) | GOOG-ROWE-00067225 | GOOG-ROWE-00067232 | |
| ** | P128 (cont.) | GOOG-ROWE-00067238 | GOOG-ROWE-00067246 | |
| ** | P128 (cont.) | GOOG-ROWE-00067214 | GOOG-ROWE-00067218 | |
| ** | P128 (cont.) | GOOG-ROWE-00067219 | GOOG-ROWE-00067224 | |
| ** | P128 (cont.) | GOOG-ROWE-00079127 | GOOG-ROWE-00079127 | |
| ** | P128 (cont.) | GOOG-ROWE-00079169 | GOOG-ROWE-00079169 | |
| * | P129 | GOOG-ROWE-00053772.R | GOOG-ROWE-00053773.R | Fed. R. Evid. 401, 403 – to the extent Plaintiff offers this document to demonstrate Mr. Breslow's compensation prior to the date on which she alleged he was given the Financial Services Vertical Lead role she sought, the information is irrelevant because Mr. Breslow was not hired as a Technical Director in OCTO, and therefore what Google paid Mr. Breslow in this role has no bearing on the issues to be tried. Its introduction into evidence serves |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| | | | | only to confuse and mislead the jury. |
| ** | P129 (cont.) | GOOG-ROWE-00053774.R | GOOG-ROWE-00053775.R | |
| ** | P130 | GOOG-ROWE-00055386 | GOOG-ROWE-00055386 | |
| ** | P130 (cont.) | GOOG-ROWE-00055389 | GOOG-ROWE-00055390 | |
| ** | P130 (cont.) | GOOG-ROWE-00078246 | GOOG-ROWE-00078247 | |
| ** | P130 (cont.) | GOOG-ROWE-00068458 | GOOG-ROWE-00068459 | |
| ** | P130 (cont.) | GOOG-ROWE-00078273 | GOOG-ROWE-00078274 | |
| ** | P131 | GOOG-ROWE-00053776.R | GOOG-ROWE-00053777.R | |
| * | P131 (cont.) | GOOG-ROWE-00053778.R | GOOG-ROWE-00053779.R | Fed. R. Evid. 401, 403 – Mr. Eryurek's compensation at this point in time is irrelevant because he was indisputably performing the work of |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
|  |  |  |  | a Director, Product Manager beginning in August of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| * | P131 (cont.) | GOOG-ROWE-00053780.R | GOOG-ROWE-00053781.R | Fed. R. Evid. 401, 403 – Mr. Eryurek's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager beginning in August of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| * | P131 (cont.) | GOOG-ROWE-00078263 | GOOG-ROWE-00078264 | Fed. R. Evid. 401, 403 – Mr. Eryurek's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager beginning in August of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| * | P131 (cont.) | GOOG-ROWE-00078236 | GOOG-ROWE-00078237 | Fed. R. Evid. 401, 403 – Mr. Eryurek's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager beginning in August of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
|  |  |  |  | serves only to confuse or mislead the jury, and waste time. |
| ** | P132 | GOOG-ROWE-00053782.R | GOOG-ROWE-00053782.R |  |
| * | P132 (cont.) | GOOG-ROWE-00053783.R | GOOG-ROWE-00053784.R | Fed. R. Evid. 401, 403 – Mr. Harteau's compensation at this point in time is irrelevant because he was indisputably performing the work of an Engineering Director supervising a team of Software Engineers beginning in September of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| * | P132 (cont.) | GOOG-ROWE-00053785.R | GOOG-ROWE-00053786.R | Fed. R. Evid. 401, 403 – Mr. Harteau's compensation at this point in time is irrelevant because he was indisputably performing the work of an Engineering Director supervising a team of Software Engineers beginning in September of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| * | P133 | GOOG-ROWE-00078071 | GOOG-ROWE-00078072 | Fed. R. Evid. 401, 403 – Plaintiff has sought to exclude from evidence information relating to Ms. Piazza, her credentials, and Google's consideration of her for the Financial Services Sales position |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| | | | | Plaintiff sought. The compensation her skills and responsibilities commanded for that position should likewise be irrelevant, and it is prejudicial to Google if the only evidence the jury hears concerning Ms. Piazza is the evidence helpful to Plaintiff's case. |
| * | P133 (cont.) | GOOG-ROWE-00078069 | GOOG-ROWE-00078070 | Fed. R. Evid. 401, 403 – Plaintiff has sought to exclude from evidence information relating to Ms. Piazza, her credentials, and Google's consideration of her for the Financial Services Sales position Plaintiff sought. The compensation her skills and responsibilities commanded for that position should likewise be irrelevant, and it is prejudicial to Google if the only evidence the jury hears concerning Ms. Piazza is the evidence helpful to Plaintiff's case. |
| ** | P134 | GOOG-ROWE-00017984 | GOOG-ROWE-00017985 | |
| ** | P134 (cont.) | GOOG-ROWE-00017958 | GOOG-ROWE-00017959 | |
| ** | P134 (cont.) | GOOG-ROWE-00078216 | GOOG-ROWE-00078217 | |
| ** | P134 (cont.) | GOOG-ROWE-00078244 | GOOG-ROWE-00078245 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P134 (cont.) | GOOG-ROWE-00078294 | GOOG-ROWE-00078295 | |
| ** | P135 | GOOG-ROWE-00067249 | GOOG-ROWE-00067250 | |
| ** | P135 (cont.) | GOOG-ROWE-00067251 | GOOG-ROWE-00067252 | |
| ** | P135 (cont.) | GOOG-ROWE-00067247 | GOOG-ROWE-00067248 | |
| ** | P135 (cont.) | GOOG-ROWE-00068466 | GOOG-ROWE-00068467 | |
| ** | P135 (cont.) | GOOG-ROWE-00078292 | GOOG-ROWE-00078293 | |
| ** | P136 | GOOG-ROWE-00053787.R | GOOG-ROWE-00053787.R | |
| ** | P136 (cont.) | GOOG-ROWE-00053788.R | GOOG-ROWE-00053789.R | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|
| * | P136 (cont.) | GOOG-ROWE-00053790.R | GOOG-ROWE-00053791.R | Fed. R. Evid. 401, 403 – Mr. Wilson's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager as of late 2019, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| * | P136 (cont.) | GOOG-ROWE-00068464 | GOOG-ROWE-00068465 | Fed. R. Evid. 401, 403 – Mr. Wilson's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager as of late 2019, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| * | P137 | GOOG-ROWE-00060576 | GOOG-ROWE-00060578 | Fed. R. Evid. 401, 403 – Mr. Breslow was not hired into the role of Technical Director in OCTO, but rather an unrelated position outside of OCTO. What Google paid him to perform that role is irrelevant to the issues to be tried, and its introduction into evidence serves only to mislead and confuse the jury, and waste time. |
| ** | P138 | GOOG-ROWE-00054163 | GOOG-ROWE-00054165 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| ** | P139 | GOOG-ROWE-00054168 | GOOG-ROWE-00054170 | |
| ** | P140 | GOOG-ROWE-00054161 | GOOG-ROWE-00054162 | |
| * | P141 | GOOG-ROWE-00078198 | GOOG-ROWE-00078202 | Fed. R. Evid. 401, 403 – Plaintiff has sought to exclude from evidence information relating to Ms. Piazza, her credentials, and Google's consideration of her for the Financial Services Sales position Plaintiff sought. The compensation her skills and responsibilities commanded for that position should likewise be irrelevant, and it is prejudicial to Google if the only evidence the jury hears concerning Ms. Piazza is the evidence helpful to Plaintiff's case. |
| ** | P142 | GOOG-ROWE-00017920 | GOOG-ROWE-00017922 | |
| ** | P143 | GOOG-ROWE-00064798 | GOOG-ROWE-00064800 | |
| ** | P144 | GOOG-ROWE-00054166 | GOOG-ROWE-00054167 | |

| Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---------|---------|-------------|-----------|---------------------|
| * | P145 | N/A | N/A | Per the Court's individual practices, this is not an exhibit, but should be referenced elsewhere in the Joint Pretrial Order. |
| * | P146 | N/A | N/A | Per the Court's individual practices, this is not an exhibit, but should be referenced elsewhere in the Joint Pretrial Order. |
| * | P147 | N/A | N/A | Fed. R. Evid. 801, 802 – this declaration offered by Diane Greene at an earlier point in the case is an out-of-court statement offered to prove the truth of its contents. |

**Appendix B – Defendant's Proposed Exhibits**

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---------|---------|------------|----------|--------------------|
| ** | D1 | GOOG-ROWE-00017375.R | GOOG-ROWE-00017378.R | |
| ** | D2 | P001586 | P001586 | |
| ** | D3 | GOOG-ROWE-00017406 | GOOG-ROWE-00017407 | |
| ** | D4 | GOOG-ROWE-00017410 | GOOG-ROWE-00017411 | |
| ** | D5 | GOOG-ROWE-00017425 | GOOG-ROWE-00017426 | |
| ** | D6 | GOOG-ROWE-P-00000821 | GOOG-ROWE-P-00000821 | |
| | | GOOG-ROWE-P-00004550 | GOOG-ROWE-P-00004552 | |
| ** | D7 | GOOG-ROWE-00017554 | GOOG-ROWE-00017554 | |
| ** | D8 | GOOG-ROWE-P-00001229 | GOOG-ROWE-P-00001229 | |
| ** | D9 | GOOG-ROWE-00017555 | GOOG-ROWE-00017557 | |
| ** | D10 | GOOG-ROWE-00017565.R | GOOG-ROWE-00017566.R | |
| ** | D11 | GOOG-ROWE-00017568 | GOOG-ROWE-00017568 | |
| ** | D12 | GOOG-ROWE-00017589 | GOOG-ROWE-00017591 | |
| ** | D13 | GOOG-ROWE-00017598 | GOOG-ROWE-00017598 | |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---------|---------|------------|----------|--------------------|
| ** | D14 | P000102 | P000102 | |
| ** | D15 | GOOG-ROWE-00017642 | GOOG-ROWE-00017642 | |
| ** | D16 | GOOG-ROWE-00017643 | GOOG-ROWE-00017643 | |
| ** | D17 | GOOG-ROWE-00018015 | GOOG-ROWE-00018015 | |
| ** | D18 | GOOG-ROWE-00030107 | GOOG-ROWE-00030112 | |
| ** | D19 | GOOG-ROWE-00053767 | GOOG-ROWE-00053767 | |
| ** | D20 | GOOG-ROWE-00060571 | GOOG-ROWE-00060573 | |
| ** | D21 | GOOG-ROWE-00055391 | GOOG-ROWE-00055393 | |
| ** | D23 | GOOG-ROWE-00060579.R | GOOG-ROWE-00060590.R | |
| ** | D24 | GOOG-ROWE-00063078 | GOOG-ROWE-00063111 | |
| ** | D25 | GOOG-ROWE-00056318.R | GOOG-ROWE-00056346.R | |
| ** | D26 | GOOG-ROWE-00019097.R | GOOG-ROWE-00019146.R | |
| ** | D27 | GOOG-ROWE-00061880 | GOOG-ROWE-00061904 | |
| ** | D28 | GOOG-ROWE-00062214 | GOOG-ROWE-00062241 | |
| ** | D29 | Plaintiff's 122 | Plaintiff's 122 | |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---|---|---|---|---|
| ** | | GOOG-ROWE-00053826.R | GOOG-ROWE-00053832.R | |
| ** | | GOOG-ROWE-00053837.R | GOOG-ROWE-00053840.R | |
| ** | | Plaintiff's 123 | Plaintiff's 123 | |
| ** | | GOOG-ROWE-00056312 | GOOG-ROWE-00056315 | |
| ** | | GOOG-ROWE-00056287 | GOOG-ROWE-00056294 | |
| ** | | GOOG-ROWE-00056276 | GOOG-ROWE-00056282 | |
| ** | D30 | GOOG-ROWE-00056303 | GOOG-ROWE-00056311 | |
| ** | | GOOG-ROWE-00056283 | GOOG-ROWE-00056286 | |
| ** | | GOOG-ROWE-00079130 | GOOG-ROWE-00079133 | |
| ** | | GOOG-ROWE-00079382 | GOOG-ROWE-00079386 | |
| ** | | Plaintiff's 124 | Plaintiff's 124 | |
| ** | | GOOG-ROWE-00053852.R | GOOG-ROWE-00053861.R | |
| ** | D31 | GOOG-ROWE-00053885.R | GOOG-ROWE-00053888.R | |
| ** | | GOOG-ROWE-00053885.R | GOOG-ROWE-00053888.R | |
| ** | | GOOG-ROWE-00067197 | GOOG-ROWE-00067207 | |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---|---|---|---|---|
| ** | | GOOG-ROWE-00067208 | GOOG-ROWE-00067213 | |
| ** | | GOOG-ROWE-00079099 | GOOG-ROWE-00079103 | |
| ** | | GOOG-ROWE-00078984 | GOOG-ROWE-00078993 | |
| ** | | GOOG-ROWE-00079145 | GOOG-ROWE-00079153 | |
| ** | D32 | Plaintiff's 125 | Plaintiff's 125 | |
| ** | | GOOG-ROWE-00053803.R | GOOG-ROWE-00053810.R | |
| ** | | GOOG-ROWE-00053820.R | GOOG-ROWE-00053824.R | |
| ** | D33 | Plaintiff's 126 | Plaintiff's 126 | |
| ** | | GOOG-ROWE-00017907 | GOOG-ROWE-00017913 | |
| ** | | GOOG-ROWE-00017936 | GOOG-ROWE-00017941 | |
| ** | | GOOG-ROWE-00017949 | GOOG-ROWE-00017957 | |
| ** | | GOOG-ROWE-00017919 | GOOG-ROWE-00017919 | |
| ** | | GOOG-ROWE-00079122 | GOOG-ROWE-00079124 | |
| ** | | GOOG-ROWE-00079156 | GOOG-ROWE-00079161 | |
| ** | D34 | Plaintiff's 127 | Plaintiff's 127 | |
| ** | | GOOG-ROWE-00067253 | GOOG-ROWE-00067256 | |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---------|---------|------------|----------|--------------------|
| ** | | GOOG-ROWE-00067257 | GOOG-ROWE-00067264 | |
| ** | | GOOG-ROWE-00067272 | GOOG-ROWE-00067272 | |
| ** | | GOOG-ROWE-00067265 | GOOG-ROWE-00067271 | |
| ** | | GOOG-ROWE-00067273 | GOOG-ROWE-00067273 | |
| ** | | GOOG-ROWE-00079242 | GOOG-ROWE-00079242 | |
| ** | | GOOG-ROWE-00079062 | GOOG-ROWE-00079063 | |
| ** | | GOOG-ROWE-00079056 | GOOG-ROWE-00079061 | |
| ** | | Plaintiff's 128 | Plaintiff's 128 | |
| ** | D35 | GOOG-ROWE-00053848 | GOOG-ROWE-00053851 | |
| ** | | GOOG-ROWE-00053869 | GOOG-ROWE-00053874 | |
| ** | D36 | GOOG-ROWE-00017967 | GOOG-ROWE-00017971 | |
| ** | D37 | P001690 | P001698 | |
| | D38 | P001584 | P001585 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – document concerns roles not at issue in this case; no evidence this document was considered/relied upon by any decision-maker |
| ** | D39 | Solutions Consultant Job Ladder (Produced to | | |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---------|---------|------------|----------|--------------------|
|  |  | Plaintiff without bates) |  |  |
| * | D40 | GOOG-ROWE-P-00000827 | GOOG-ROWE-P-00000828 | Fed R. Evid. 801 (Hearsay) – Summary of Stuart Breslow's background as characterized by Tariq Shaukat offered for its truth |
| ** | D41 | GOOG-ROWE-00056975 | GOOG-ROWE-00056976 |  |
| ** | D42 | GOOG-ROWE-00061917 | GOOG-ROWE-00061966 |  |
| * | D43 | GOOG-ROWE-00063979 | GOOG-ROWE-00064012 | Subject to Motion *in Limine* (Motion Four); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff; Fed. R. Evid. 801 (Hearsay) – out-of-court opinions about candidate's qualifications for the Technical Director role offered for their truth |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---|---|---|---|---|
| * | D44 | GOOG-ROWE-00063516 | GOOG-ROWE-00063589 | Subject to Motion *in Limine* (Motion Four); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff; Fed. R. Evid. 801 (Hearsay) – out-of-court opinions about candidate's qualifications for the Technical Director role offered for their truth |
| | D45 | GOOG-ROWE-00017721 | GOOG-ROWE-00017721 | Subject to Motion *in Limine* (Motion One); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes unattributed feedback and commentary from unknown source(s) offered for its truth |
| ** | D46 | GOOG-ROWE-00019062 | GOOG-ROWE-00019062 | |
| ** | D47 | P000550 | P000552 | |
| ** | D48 | GOOG-ROWE-00058500 | GOOG-ROWE-00058500 | |
| | D49 | GOOG-ROWE-00062494 | GOOG-ROWE-00062499 | Fed. R. Evid. 801 (Hearsay) – out-of-court statements about Nicholas Harteau's performance and qualifications offered for their truth |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---|---|---|---|---|
| | D50 | GOOG-ROWE-00078056 | GOOG-ROWE-00078056 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – Not actual feedback presented to employees but a spreadsheet of unknown origin containing the feedback. Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative |
| | D51 | GOOG-ROWE-00078058 | GOOG-ROWE-00078058 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – Not actual feedback presented to employee but a spreadsheet of unknown origin containing the feedback. Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative |
| | D52 | GOOG-ROWE-00063425 | GOOG-ROWE-00063428 | Fed. R. Evid. 801 (Hearsay) – out-of-court statements about Ben Wilson's performance and qualifications offered for their truth |
| ** | D53 | GOOG-ROWE-00054267 | GOOG-ROWE-00054267 | |
| ** | D54 | GOOG-ROWE-00018551 | GOOG-ROWE-00018552 | |
| * | D55 | GOOG-ROWE-00059007 | GOOG-ROWE-00059012 | Subject to Motion in Limine (Motion One); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes unattributed feedback and commentary from unknown source(s) offered for its truth |
| ** | D56 | P000729 | P000733 | |
| ** | D57 | P000735 | P000735 | |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---------|---------|------------|----------|--------------------|
| ** | D58 | GOOG-ROWE-P-00000773 | GOOG-ROWE-P-00000775 | |
| ** | D59 | GOOG-ROWE-00059673 | GOOG-ROWE-00059677 | |
| ** | D60 | GOOG-ROWE-00017569 | GOOG-ROWE-00017570 | |
| ** | D61 | GOOG-ROWE-00057020 | GOOG-ROWE-00057020 | |
| * | D62 | GOOG-ROWE-00017533 | GOOG-ROWE-00017538 | Subject to Motion in Limine (Motion Two); Fed R. Evid. 801 (Hearsay) – out-of-court statement about Plaintiff's fitness for the FSLV role being offered for its truth |
| ** | D63 | GOOG-ROWE-00017717 | GOOG-ROWE-00017720 | |
| * | D64 | GOOG-ROWE-00056972 | GOOG-ROWE-00056972 | Fed R. Evid. 801 (Hearsay) – out-of-court statements offered for their truth, including double-hearsay statements about statements made by others, concerning the FSVL role |
| * | D65 | GOOG-ROWE-00056487 | GOOG-ROWE-00056488 | Subject to Motion *in Limine* (Motion One); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed. R. Evid. 801 (Hearsay) – includes unattributed feedback and commentary from unknown source(s) offered for its truth |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---------|---------|------------|----------|---------------------|
| * | D66 | GOOG-ROWE-00053763 | GOOG-ROWE-00053763 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – document reflects a web tool that (a) Google stopped using 12/1/17 and (b) was not used for any leveling decision relevant to this case. Admission would prejudice, mislead and confuse jurors to draw incorrect/unsupported conclusions |
| ** | D67 | GOOG-ROWE-00018011 | GOOG-ROWE-00018013 | |
| * | D68 | GOOG-ROWE-00065032 | GOOG-ROWE-00065090 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of a Technical Director candidate three years after Plaintiff's hire and protected complaints is not relevant as Plaintiff was not considered against this candidate, and admission will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes feedback and commentary offered for its truth; *also* Subject to Motion *in Limine* (Motion Four) |
| * | D69 | GOOG-ROWE-00064910 | GOOG-ROWE-00064968 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of a Technical Director candidate three years after Plaintiff's hire and protected complaints is not relevant as Plaintiff was not considered against them, and admission will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes feedback and commentary offered for its truth; *also* Subject to Motion *in Limine* (Motion Four) |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---------|---------|-----------|----------|--------------------|
| * | D70 | GOOG-ROWE-00055394.R | GOOG-ROWE-00055418.R | Subject to Motion *in Limine* (Motion Three); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court opinions about candidate's qualifications for the VP-FS role offered for their truth |
| * | D71 | GOOG-ROWE-00062337 | GOOG-ROWE-00062344 | Subject to Motion *in Limine* (Motion One); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes feedback and commentary offered for its truth |
| | D72 | GOOG-ROWE-00063421 | GOOG-ROWE-00063424 | Subject to Motion *in Limine* (Motion One); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – candidate's resume offered for its truth |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---------|---------|------------|----------|--------------------|
|  | D73 | GOOG-ROWE-00061871 | GOOG-ROWE-00061872 | Subject to Motion *in Limine* (Motion One); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – candidate's resume offered for its truth |
|  | D74 | GOOG-ROWE-00082370 | GOOG-ROWE-00082372 | Subject to Motion *in Limine* (Motion One); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court statements concerning consideration process offered for their truth Further object because Google did not produce this document until November 17, 2022, over 1 ½ years after the close of discovery |
| ** | D75 | GOOG-ROWE-00082367 | GOOG-ROWE-00082369 |  |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---|---|---|---|---|
| | D76 | GOOG-ROWE-00082359 | GOOG-ROWE-00082366 | Subject to Motion in Limine (Motion Three); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court statements concerning consideration process offered for their truth<br>Further object because Google did not produce this document until November 17, 2022, over 1 ½ years after the close of discovery |
| | D77 | GOOG-ROWE-00082356 | GOOG-ROWE-00082358 | Subject to Motion in Limine (Motion Three); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court statements concerning consideration process offered for their truth<br>Further object because Google did not produce this document until November 17, 2022, over 1 ½ years after the close of discovery |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---|---|---|---|---|
| | D78 | GOOG-ROWE-00082351 | GOOG-ROWE-00082355 | Subject to Motion in Limine (Motion Three); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court statements concerning consideration process offered for their truth<br>Further object because Google did not produce this document until November 17, 2022, over 1 ½ years after the close of discovery |
| * | D79 | GOOG-ROWE-00078164 | GOOG-ROWE-00078169 | Subject to Motion in Limine (Motion Three); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court opinions about candidate's qualifications for the VP-FS role offered for their truth |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---|---|---|---|---|
| | D80 | GOOG-ROWE-00017873.R | GOOG-ROWE-00017875.R | Subject to Motion in Limine (Motion One); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes unattributed feedback and commentary from unknown source(s) offered for its truth |
| ** | D81 | GOOG-ROWE-00060560 | GOOG-ROWE-00060562 | |
| | D82 | GOOG-ROWE-00069067 | GOOG-ROWE-00069071 | Subject to Motion *in Limine* (Motion Four); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | D83 | GOOG-ROWE-00068834 | GOOG-ROWE-00068838 | Subject to Motion *in Limine* (Motion Four); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---------|---------|------------|----------|--------------------|
| | D84 | GOOG-ROWE-00068890 | GOOG-ROWE-00068894 | Subject to Motion *in Limine* (Motion Four); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | D85 | GOOG-ROWE-00068703 | GOOG-ROWE-00068708 | Subject to Motion *in Limine* (Motion Four); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | D86 | GOOG-ROWE-00064541 | GOOG-ROWE-00064544 | Subject to Motion *in Limine* (Motion Four); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | D87 | GOOG-ROWE-00068515 | GOOG-ROWE-00068518 | Subject to Motion *in Limine* (Motion Four); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---------|---------|------------|----------|--------------------|
| | D88 | GOOG-ROWE-00068946 | GOOG-ROWE-00068951 | Subject to Motion *in Limine* (Motion Four); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | D89 | GOOG-ROWE-00068895 | GOOG-ROWE-00068900 | Subject to Motion *in Limine* (Motion Four); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | D90 | GOOG-ROWE-00068797 | GOOG-ROWE-00068801 | Subject to Motion *in Limine* (Motion Four); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | D91 | GOOG-ROWE-00069008 | GOOG-ROWE-00069015 | Subject to Motion *in Limine* (Motion Four); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |

| Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---|---|---|---|---|
| | D91 | GOOG-ROWE-00068680 | GOOG-ROWE-00068683 | Subject to Motion *in Limine* (Motion Four); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | D92 | GOOG-ROWE-00068776 | GOOG-ROWE-00068779 | Subject to Motion *in Limine* (Motion Four); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | D93 | GOOG-ROWE-00068606 | GOOG-ROWE-00068610 | Subject to Motion *in Limine* (Motion Four); Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| ** | D94 | GOOG-ROWE-00019996 | GOOG-ROWE-00019997 | |

Plaintiff reserves her right to raise objections as to certain documents that Defendant has indicated it will produce following this submission which relate to performance feedback for Level 8 Technical Directors.