

Cara E. Greene, Esq.
CEG@outtengolden.com

November 30, 2022

**Via ECF:**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>*Ulku Rowe v. Google LLC*, Case No. 19-cv-08655 (LGS)(GWG)</u>

Dear Judge Schofield:

      We represent Plaintiff Ulku Rowe in the above-referenced matter. Pursuant to Rule III.A.1 of your Honor's Individual Rules, we write to oppose Defendant's Letter Motion (ECF No. 248), requesting leave to take *de bene esse* depositions of three witnesses: Tariq Shaukat, Paul Strong, and Jennifer Burdis. The Court should deny Defendant's request as to Mr. Shaukat and Ms. Burdis.[1] Defendant can compel at least one of these witnesses to appear in person at trial, it has not shown good cause to conduct these depositions after the close of discovery, its request is impracticable and creates an undue burden on Plaintiff, and the parties could instead use the previously obtained sworn videotaped deposition testimony from these witnesses.

      Defendant has acted in bad faith in seeking Mr. Shaukat's *de bene esse* deposition, as he is under Google's control and Google can compel him to testify in person. Plaintiff requested production of any separation agreements between Google and any deponents in her Initial Requests for Production of Documents served nearly three years ago on January 21, 2020, but Defendant objected and refused to produce them. On November 16, 2022, Plaintiff wrote to Defendant to ask whether Mr. Shaukat was under its control. Rather than answer the question, Google responded that he was no longer employed. Plaintiff repeated the question of control during a meet and confer on November 17, and asked again for the separation agreements. During that same meeting, Google raised *de bene esse* depositions of Ms. Burdis and Mr. Strong, but made no mention of Mr. Shaukat. Plaintiff repeated her question again on November 22, and the next day, Defendant's counsel wrote that they did not believe "Google has any legal basis to compel the former employees deposed in this case to appear for in-person testimony at the trial in January." On November 28, after it had filed this motion, Google <u>finally</u> produced Mr.

---

[1] Mr. Strong is a current employee whom Google can compel to testify in person. While Plaintiff believes that Mr. Strong's testimony is duplicative of the other three Level 9 Technical Directors in OCTO who will testify, she does not oppose him appearing at trial remotely if his personal situation makes him unable to travel.

New York  685 3rd Ave 25th Floor, New York, NY 10017  T (212) 245-1000  F (646) 509-2060
San Francisco  1 California Street, 12th Floor, San Francisco, CA 94111  T (415) 322-1391  F (415) 638-8810
Washington, DC  1225 New York Ave NW, Suite 1200B, Washington DC 20005  T (202) 914-5097  F (202) 847-4410
outtengolden.com   mail@outtengolden.com

November 30, 2022
Page 2 of 3

Shaukat's separation agreement, which evidenced that as part of a ▒▒▒▒▒▒▒ separation package, Mr. Shaukat is required to cooperate with Google in litigation matters[2] and, thus, Google can require his appearance at trial, and there is no need for a *de bene esse* deposition.

  *De bene esse* depositions are untimely and unnecessary. Discovery in this matter was completed on March 27, 2021, over eighteen months ago. (*See* ECF No. 107). Defendant has been aware of the significance of these witnesses since the case began – it identified Mr. Shaukat and Ms. Burdis in its own Initial Disclosures, which it served on January 7, 2020. Google has failed to identify any extenuating circumstances explaining why it waited until only six weeks before the parties' trial-ready date to seek these depositions. *See Media Glow Digit., LLC v. Panasonic Corp.*, No. 16 Civ. 7907, 2022 U.S. Dist. LEXIS 143946, at *6 (S.D.N.Y. Aug. 11, 2022) (denying defendant's request to conduct *de bene esse* deposition when it "has not explained why it failed to depose this witness during the . . . years that this case has been pending."); *see also George v. Ford Motor Co.*, No. 03 Civ. 7643, 2007 U.S. Dist. LEXIS 61453, at *32 (S.D.N.Y. Aug. 17, 2017) (there were no "unforeseen events arising after the close of discovery" and party "had every opportunity to seek [these] deposition[s] . . . during the discovery period"); *see also Donk v. Miller,* No. 99 Civ. 3775, 2000 U.S. Dist. LEXIS 1871 at *14-16 (S.D.N.Y. Feb. 24, 2000) (denying *de bene esse* depositions after the close of discovery because the party had a full and fair opportunity to take those depositions during the discovery period but counsel chose not to conduct them during discovery). It is immaterial that these witnesses reside beyond the subpoena range of the Court, especially considering that these witnesses also resided outside the subpoena range throughout the course of discovery. *See Sanofi-Synthelabo,* 2005 U.S. Dist. LEXIS 47930 at *6 (denying request to conduct *de bene esse* deposition seventeen months after the close of discovery and holding that "[d]epositions of fact witnesses who reside beyond the subpoena range of this Court were to have been conducted prior to the close of fact discovery, not long afterward"). Further, Defendant has failed to explain why Burdis – who is out-of-country and not subject to a subpoena – will appear at deposition but not at trial. Presumably, if Google can convince her to appear at deposition, it can do so for trial.

  The Federal Rules of Civil Procedure "make no distinction between depositions taken for the purpose of discovery and those taken *de bene esse* — both types of depositions are governed by the scheduling order." *Sanofi-Synthelabo v. Apotex Inc.*, No. 02 Civ. 2255, 2005 U.S. Dist. LEXIS 47930, at *5 (S.D.N.Y. Feb. 18, 2005). Therefore, "*de bene esse* depositions, like depositions taken for discovery purposes, cannot be conducted after the close of discovery absent extenuating circumstances." *Broker Genius, Inc. v. Seat Scouts LLC*, No. 17 Civ. 8627, 2018 U.S. Dist. LEXIS 202502, at *8-10 (S.D.N.Y. Nov. 29, 2018) (denying defendant's request to conduct a *de bene esse* deposition after the close of discovery as they "had every opportunity to depose [the witness] during the discovery period" and "were aware of [the witness's] importance at least five months before the close of fact discovery."). Given the short timeframe

---

[2] Mr. Shaukat's separation agreement states that Google "may reach out to you as needed to . . . otherwise get your assistance with litigation . . . .If we do ask for your assistance with such litigation (or litigation-related matters), the Company will supply with legal counsel if needed (and will pay legal fees of the counsel we provide), as well as pay any reasonable out-of-pocket expenses that you incur, during the course of any assistance you provide with any such litigation or litigation-related matters."

November 30, 2022
Page 3 of 3

the parties have before the trial ready date – during which time the parties are also required to conduct expert discovery – Defendant's request is impracticable and creates an undue burden on Plaintiff. *See, e.g., Donk,* 2000 U.S. Dist. LEXIS 1871 at *16.

The cases Defendant has cited to in support of its request can easily be distinguished. In *Shim-Larkin v. City of N.Y.,* the Court allowed a *de bene esse* deposition after discovery closed where the witness had "a neuromuscular disease characterized by progressive paralysis… [and] it [wa]s uncertain how much longer she w[ould] survive." No. 16 Civ. 6099, 2018 U.S. Dist. LEXIS 112765, at *2 (S.D.N.Y. May 11, 2018). Further, *RLS Associates, LLC v. United Bank of Kuwait PLC,* held that a *de bene esse* deposition was preferable to live remote testimony because of the possibility of technical issues arising. No. 01 Civ.1290, 2005 U.S. Dist. LEXIS 3815, at *7 (S.D.N.Y. Mar. 11, 2005). Notably, seventeen years have passed since this case was decided and the advancement of videoconferencing technology since – technology Google itself helped advance – renders this argument moot.

In addition, both the Federal Rules of Civil Procedure and Rule IV.B.2. of Your Honor's Individual Rules permit the introduction of deposition testimony where a witness is unavailable. *See* Fed. R. Civ. P. 32(a). In the event that Mr. Shaukat and Ms. Burdis may not be compelled to testify in person at this trial, the parties may utilize their previously taken videotaped deposition transcripts. *See also Radosti v. Hudson's Bay Co.*, No. 18 Civ. 12266, 2022 U.S. Dist. LEXIS 81031, at *6 (S.D.N.Y. May 4, 2022) (granting introduction of already-taken deposition testimony pursuant to Rule 32(a)(4)).

For the foregoing reasons, we respectfully request that Court deny Google's request and order that either Mr. Shaukat and Ms. Burdis appear in-person at trial or the parties use the previously obtained sworn deposition testimony per Federal Rule of Civil Procedure Rule 32(a)(4).

Respectfully submitted,

Cara E. Greene

c:   All counsel of record (by ECF)