

Advocates for Workplace Fairness

December 23, 2022

**Via ECF:**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Defendant shall file a letter, not to exceed three pages, in response by **January 6, 2023**. So Ordered.
>
> Dated: December 23, 2022
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:   <u>Ulku Rowe v. Google LLC, Case No. 19-cv-08655</u>

Dear Judge Schofield:

We represent the Plaintiff, Ulku Rowe in the above-referenced matter. Pursuant to Rule III.A.1 of your Honor's Individual Rules, we write to request permission to file a motion *in limine* to exclude witness Dave Rensin from Defendant's trial witness list.[1] Mr. Rensin's testimony is irrelevant, likely to confuse the issues, mislead the jury, and result in undue delay and wasted time. *See* Fed. R. Evid. 401 and 403. While motions *in limine* in this matter were due on November 21, 2022 (ECF No. 225), Plaintiff first learned that Defendant intended to call Mr. Rensin on its direct case when, just days before the December 12, 2022 filing deadline, it identified him as a possible trial witness for the parties' Proposed Joint Pre-Trial Order (ECF No. 285). On December 12, in advance of that filing, the parties met and conferred and Plaintiff objected to Defendant's inclusion of Mr. Rensin as a witness because Mr. Rensin was not involved in any decisions that gave rise to the claims and defenses in this case. Defendant disagreed and the parties were unable to resolve the dispute.

   **I.**   **Factual Background**

In this action, Plaintiff Ulku Rowe alleges, in part, that Google discriminated against her by hiring her at a lower level than her similarly situated male peers for the Technical Director role, in violation of the New York City Human Rights Law and New York Equal Pay Law. Between September and November 2016, six individuals interviewed Ms. Rowe for the Technical Director role: Eric Brewer, Jason Martin, Brian Stevens (who interviewed her twice), Dave Rensin, Solomon Boulos, and Will Grannis. In December 2016, Google offered Ms. Rowe a position as Technical Director in Google Cloud's Office of the CTO. While the Technical Director role spanned Levels 8 and 9, Google offered Ms. Rowe the role at a Level 8 but offered the role at Level 9 to several of her male counterparts.

---

[1] Plaintiff is cognizant of the upcoming holidays and will not oppose a reasonable extension of Defendant's January 3, 2023 response deadline should it need one.

Google has stated unequivocally throughout this litigation that the individuals involved in Plaintiff's leveling determination were not the panel of individuals who interviewed Ms. Rowe, but rather, Jennifer Burdis (HR), Urs Hoelzle (SVP), Sridhar Ramswamy (SVP), and Will Grannis (supervisor and hiring manager). (*See* ECF No. 197 at 11). None of these individuals stated that they spoke to Mr. Rensin (or anyone else who interviewed Ms. Rowe) in making their leveling determination. Mr. Rensin's testimony concerning his interview of Ms. Rowe therefore is irrelevant and cumulative given that Google admits he was not a decision-maker in Ms. Rowe's initial leveling. Indeed, Google further admits that he was not even a decision-maker in Ms. Rowe's hire.

## II.     Mr. Rensin's Testimony Should Be Excluded from Trial.

The record is devoid of any indication that Mr. Rensin had involvement in any of the decisions giving rise to the claims and defenses in this matter, nor did Google argue as much in its summary judgment motion. None of Google's written discovery responses identified Mr. Rensin as being a relevant decision-maker. (*See, e.g.,* Defendant's Initial Disclosures at 3(b)). No witness deposed in this matter identified Mr. Rensin as having been involved in any relevant decision, or testified that they spoke with Mr. Rensin in deciding to hire or level Ms. Rowe (or any other Technical Directors). While Mr. Rensin did interview Ms. Rowe for the role, he is the only interviewer (aside from Mr. Grannis, who made the final hiring decision and Brian Stevens, her skip-level supervisor) Google has included on its witness list. (*See* ECF No. 285).

Google furthermore has maintained in this litigation that the relevant decision-makers concerning Ms. Rowe's initial leveling relied on her gHire packet, not direct communications with individuals on the interview panel. Thus, any evidence outside of what is contained in Ms. Rowe's hiring packet is irrelevant. *See* Fed R. Evid. 402. Specifically, Ms. Burdis testified that no interviewers shared any feedback with her outside of what they wrote in gHire (Burdis Tr. 53:4-8). She further testified that her decision to extend the offer was "purely based on SVP approval" and not interview feedback (Burdis Tr. 53:13-18). Similarly, Mr. Grannis testified that the factors he considered when leveling Ms. Rowe were established "[a]fter reviewing [her] packet." (Grannis Tr. 68:21-25) and did not testify that he consulted with any of her interviewers in making the decision. To the extent Google seeks to include Mr. Rensin's testimony regarding the leveling and hire of other Technical Directors, such testimony is similarly irrelevant because Google did not consider the leveling decisions of other employees when leveling Ms. Rowe. (Grannis Tr. 71:17-24); *see also* Plaintiff's Motion *in Limine* to Exclude Evidence Concerning the Level 8 Technical Directors (ECF No. 245).

Accordingly, the Court should exclude Mr. Rensin's testimony because, other than the feedback he included in the gHire packet, Mr. Resnin's opinions were not known or considered by any of the decisionmakers at the time of Ms. Rowe's hire, or otherwise were considered at any other decision point in this case. Admission of his testimony therefore will mislead the jury and prejudice Ms. Rowe. *See McKennon v. Nashville Banner Publ'g. Co.,* 513 U.S. 352, 359-60 (1995) ("The employer could not have been motivated by knowledge it did not have"); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 252 (1989) (plurality opinion) ("An employer may not . . . prevail . . . by offering a legitimate and sufficient reason for its decision if that reason did not motivate it at the time of the decision."); *id.* at 260-61 (White, J., concurring); *id.* at 261

(O'Connor, J., concurring); *Gethers v. McDonald*, No. 15 Civ. 00177, 2017 U.S. Dist. LEXIS 65676, at *5 (D. Conn. May 1, 2017) (granting motion to exclude evidence unknown to the hiring decision-makers at the time of their decision); *see also* Fed. R. Evid. 403 (excluding even relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury"); *see also* Fed. R. Evid. 403 Advisory Committee's Note (evidence is excludable if it has "an undue tendency to suggest decision on an improper basis").

    We thank the Court for its consideration of this matter.

    Respectfully submitted,

    <u>*/s/ Cara E. Greene*</u>
Cara E. Greene
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017
*Counsel for the Plaintiff*

cc:    All Parties (via ECF)