```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  ULKU ROWE,                                                :
                              Plaintiff,                    :
                                                            :           19 Civ. 8655 (LGS)
               -against-                                    :
                                                            :                ORDER
  GOOGLE LLC,                                               :
                              Defendant,                    :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendant filed two motions in limine, and Plaintiff filed six motions in limine, one in the form of a letter motion. The motions are resolved as stated below. All references to rules refer to the Federal Rules of Evidence.

1. <u>Defendant's First MIL</u> (Dkt. No. 234). Defendant's motion to exclude evidence of "leveling determinations," outside of Level 8 and 9 Technical Directors in the Office of the CTO, is DENIED to the extent that Plaintiff may introduce evidence of (1) leveling decisions by Tariq Shaukat, whom Plaintiff alleges treated her in a discriminatory manner and (2) re-leveling decisions to illustrate that re-leveling was possible. This evidence is relevant under Rule 401 to show whether Plaintiff was treated in a discriminatory manner and with discriminatory intent. Defendant has not articulated any unfair prejudice or jury confusion, and any time spent on Defendants' contrary evidence is not wasted time and is outweighed by the probative value of the evidence. *See* Rule 403.

2. <u>Defendant's Second MIL</u> (Dkt. No. 236). Defendant's motion to exclude evidence of other employees' complaints of alleged unfair treatment by Defendant is GRANTED in part and DENIED in part. Evidence concerning the following is excluded under Rule 403 as the

evidence has limited, if any, probative value and is likely to confuse the jury in a way that will prejudice Defendant: (1) the *Haggan* and *Ellis* class actions, which were settled and did not include Plaintiff within the class, (2) protests principally concerning sexual harassment, which is not at issue in this case, and the resulting 2018 walkout and (3) a gender complaint against Stuart Breslow that did not involve Plaintiff.  Evidence of the following is permitted: (1) the December 2019 complaint of a Level 6 employee who was re-leveled to Level 7, to show that re-leveling was possible.

3. Plaintiff's First MIL (Dkt. No. 238).  Plaintiff's motion to exclude evidence of other candidates for the FSVL role for which she was not hired is DENIED, as this evidence is part of the factual background relevant under Rule 401 to show whether Defendant acted with discriminatory or retaliatory intent.

4. Plaintiff's Second MIL (Dkt. No 240).  Plaintiff's motion to exclude as hearsay evidence of oral feedback from interviewers is DENIED, as the evidence is offered for its effect on Defendant's hiring manager and not for the truth.  *See* Rule 802.  Plaintiff may submit a joint proposed limiting instruction to this effect at the time the evidence is presented.

5. Plaintiff's Third MIL (Dkt. No. 242).  Plaintiff's motion to exclude evidence of other candidates for the VP-FS role for which she was not interviewed is DENIED, as the evidence is relevant under Rule 401 to whether Defendant acted with retaliatory intent, and Plaintiff has not been prejudiced by the timeliness (or not) of the production of related documents.  *See* Rule 403.

6. Plaintiff's Fourth MIL (Dkt. No. 244).  Plaintiff's motion to exclude evidence of leveling determinations of male L8 Directors is DENIED because it is relevant under Rule 401 to show whether Plaintiff, who was hired as a Technical Director as an L8, was treated less well

than similarly situated men, and whether Plaintiff was more like others hired at L8 than those leveled at L9. For the same reason, the evidence will not confuse the jury with extraneous and irrelevant information. *See* Rule 403.

7. <u>Plaintiff's Fifth MIL</u> (Dkt. No. 246). Plaintiff's motion to permit leading questions of Defendant's employees as hostile witnesses is DENIED in part and GRANTED in part as follows: Plaintiff may treat as hostile witnesses (1) Defendant's current employees because Defendant does not object to Plaintiff's doing so, (2) Tariq Shaukat because Plaintiff accuses him of discriminatory conduct that is in part the basis for this action and (3) any former employee who at the time of trial is represented by defense counsel and who participates with defense counsel in preparing their testimony. The motion is denied as to any remaining employees. At least three weeks prior to the commencement of trial, defense counsel shall identify for Plaintiff any former employees as to whom the motion is denied.

8. <u>Plaintiff's Sixth MIL</u> (Dkt. No. 289). Plaintiff's motion to preclude Defendant from calling Dave Rensin as a witness is DENIED to the extent that Defendant may question Rensin about (1) the TSC Job Ladder generally and what it represents, but not in reference to Plaintiff or any other particular employee, and (2) any feedback from his interview of Plaintiff that he provided to those who made her leveling decision, not to be offered for the truth, but as information that was considered. As to item (2), Plaintiff may submit a joint proposed limiting instruction at the time the evidence is presented.

The Clerk of Court is respectfully directed to close the motions at Dkt. No. 234, 236, 238, 240, 242, 244, 246 and 289.

Dated: January 13, 2023
      New York, New York

                                    LORNA G. SCHOFIELD
                                 UNITED STATES DISTRICT JUDGE