

Advocates for Workplace Fairness

February 9, 2023

**Via ECF:**
The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Ulku Rowe v. Google LLC*, Case No. 19-cv-08655

Dear Judge Rearden:

Pursuant to the Court's February 1, 2023 Order (ECF No. 295) and in advance of the status conference scheduled for February 10, 2023 at 1:00PM, the Parties hereby submit this joint letter updating the Court on the status of this matter.

1. **Names of counsel and current contact information:**

| | |
|---|---|
| Cara E. Greene | Kenneth W. Gage |
| Gregory S. Chiarello | Sara B. Tomezsko |
| Shira Z. Gelfand | Kaveh Dabashi |
| Outten & Golden, LLP | Paul Hastings LLP |
| 685 Third Avenue, 25th Floor | 200 Park Avenue |
| New York, NY 10017 | New York, NY 10166 |
| Phone: (212) 245-1000 | Phone: (212) 318-6000 |
| Fax: (646) 509-2060 | Fax: (212) 230-7601 |
| Email: ceg@outtengolden.com | Email: kennethgage@paulhastings.com |
| gchiarello@outtengolden.com | saratomezsko@paulhastings.com |
| sgelfand@outtengolden.com | kavehdabashi@paulhastings.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

2. **A brief statement of the nature of the claims and principal defenses:**

Plaintiff's asserted claims that remain to be tried are:

    a. Sex-based pay discrimination in violation of New York's Equal Pay Law (N.Y. Lab. L. § 194) (Count IV of Plaintiff's Second Amended Complaint);

    b. Gender discrimination in violation of the New York City Human Rights Law (N.Y.C. Admin. Code § 8-101 et seq.) (Count V of Plaintiff's Second Amended Complaint);

    c. Retaliation in violation of the New York City Human Rights Law (N.Y.C. Admin. Code § 8-101 et seq.) (Count VI of Plaintiff's Second Amended Complaint); and

    d. Retaliation in violation of New York's Equal Pay Law (N.Y. Lab. L. § 215) (Count VIII of Plaintiff's Second Amended Complaint)

Defendant's affirmative defenses on which it bears the burden of proof and that remain to be tried are:

    a. To the extent Plaintiff can establish that she was denied equal pay for equal work under New York Labor Law § 194, such alleged unequal pay was lawful and not a violation of the New York Labor Law because it was pursuant to a differential based on any factor other than sex which is job-related and consistent with business necessity;

    b. Plaintiff cannot recover liquidated or punitive damages because at all times relevant to the Second Amended Complaint Defendant had in place a policy to prevent discrimination and retaliation in the workplace and made good faith efforts to implement and enforce that policy; and

    c. Plaintiff may not recover liquidated damages because Defendant had a good faith basis to believe that its actions were in compliance with the law.

3. **Basis for jurisdiction and venue:**

As Plaintiff initially brought claims under federal statutes, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq., and the Equal Pay Act, as amended, 29 U.S.C. § 206(d), this court had original jurisdiction of this matter pursuant to 28 U.S.C. § 1331. On August 31, 2021, at the Court's suggestion, Plaintiff voluntarily dismissed her federal claims with prejudice based on the Court's representation that the Court would retain jurisdiction over the remaining New York State and City law claims. (*See* ECF No. 219 at 1 n.1). Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the alleged events or omissions in this action occurred within the Southern District of New York.

4. **A statement of all existing deadlines, due dates, and/or cut-off dates:**

    - March 27, 2023: Defendant's deadline to identify for Plaintiff any former Google employees who, at the time of trial, will be represented by defense counsel and who participated with defense counsel in preparing their testimony. (ECF No. 292 at ¶ 7).

5. **Any previously scheduled conferences or arguments with the Court that have not yet occurred, and the matters that were to be addressed:**

    The Court has scheduled a status conference with the Parties for February 10, 2023 (ECF No. 295). The Parties' pre-trial conference was scheduled by Judge Schofield for April 3, 2023, at 11:15AM. The Parties anticipated that, in advance of the pre-trial conference, the Court would set a deadline for the Parties to deliver their proposed trial exhibits identified in the Joint Final Pretrial Order, (ECF No. 285), and designated deposition testimony with objections noted in the margins, per Judge Schofield's Individual Rules. The Parties also anticipated that at the final pre-trial conference the Court would rule on objections to exhibits and deposition designations and counter-designations, and any disputed issues with the proposed jury charges, verdict form, and voir dire. (*See* ECF Nos. 270, 271, 273). Trial was scheduled by Judge Schofield to commence on April 17, 2023. (ECF No. 281) Plaintiff is prepared to proceed to trial on April 17, 2023. Defendant agrees that the case is trial ready and is prepared to proceed on a date that fits with the Court's schedule, consistent with the Order issued on February 1, 2023 (ECF 295).

6. **A brief description of any outstanding motions, including the date such motions were filed and the nature of the relief sought:**

    None.

7. **A statement and description of any pending appeals:**

    None.

8. **A detailed statement of all discovery to date, including the number of depositions taken by each party and any remaining discovery that is essential in order for the parties to engage in meaningful settlement negotiations:**

Discovery in this matter was completed on March 27, 2021 (ECF No. 107). The Parties exchanged written discovery responses and collectively produced over 84,000 pages of documents. Defendant has taken the depositions of Plaintiff and Plaintiff's expert. Plaintiff has taken three FRCP 30(b)(6) depositions and eight fact depositions. No further discovery is needed at this time.

9. **A brief description of the status of prior settlement discussions, without disclosing exact offers and demands:**

Prior to Plaintiff filing her Complaint, the Parties engaged in informal settlement discussions. On March 10, 2020, the Parties participated in court-ordered mediation. Following the conclusion of discovery, the Court ordered that the Parties mediate and the Parties attended a settlement conference with Magistrate Judge Fox on July 29, 2021. Following the Court's denial of the Parties' cross motions for summary judgment, the Parties engaged a private mediator in a full day mediation session on November 4, 2022, but were unsuccessful in resolving the matter. The Parties have had no further settlement discussions.

10. **A statement of whether the parties have discussed employing alternative dispute resolution mechanisms and whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) the retention of a private mediator would be productive and, if so, when (*e.g.*, within the next 60 days, after the deposition of the plaintiff is completed, at the close of fact discovery, etc.):**

The Parties have engaged in alternative dispute resolution with Magistrate Judge Fox, the District's Mediation Program, and a private mediator. The Parties do not believe further mediation would be productive at this time.

**11. Estimated Length of Trial:**

The Parties believe that the issues in dispute can be tried in 8 trial days.

**12. Any other information that the parties believe may assist the Court in advancing the case, including, but not limited to, a description of any dispositive or novel issue raised by the case.**

After the Court denied Defendant's and Plaintiff's cross motions for summary judgment on September 26, 2022, (ECF No. 219), it set a trial-ready date of January 9, 2023, (ECF No. 225), which was subsequently adjourned to April 17, 2023. (ECF No. 281). Plaintiff filed six motions *in limine* and Defendant filed two motions *in limine* on November 21, 2022. (ECF Nos. 234-247, 289). The Court ruled on the motions *in limine* on January 13, 2023. (ECF No. 292).

We thank the Court and look forward to discussing this matter during the February 10, 2023 status conference.

Respectfully submitted,

/s/ *Kenneth W. Gage*  
Kenneth W. Gage  
Paul Hastings LLP  
200 Park Avenue,  
New York, NY 10166  
*Counsel for the Defendant*

/s/ *Cara E. Greene*  
Cara E. Greene  
Outten & Golden LLP  
685 Third Avenue, 25th Floor  
New York, NY 10017  
*Counsel for the Plaintiff*

cc:   All Parties (via ECF)