

(212) 318-6046
kennethgage@paulhastings.com

June 14, 2023

**VIA ECF**
Hon. Jennifer H. Rearden
U.S. District Court, S.D.N.Y.

*For substantially the same reasons cited herein, the Court, pursuant to Federal Rule of Civil Procedure 43(a), finds good cause to permit Ms. Burdis, Ms. Kliphouse, and Ms. Callaghan to testify remotely at trial. Accordingly, Defendant's unopposed application is GRANTED.*

*SO ORDERED.*

*Jennifer H. Rearden, U.S.D.J.*
*Date: July 6, 2023*

Re:   *Ulku Rowe v. Google LLC*, Case No. 1:19-cv-08655-LGS

Dear Judge Rearden:

We represent Google LLC ("Google") in this matter. Pursuant to Rule 3(C) of Your Honor's Individual Rules and Practices in Civil Cases, we respectfully request leave to permit Google trial witnesses Jennifer Burdis, Kirsten Kliphouse, and Krista Callaghan to testify remotely at trial. Permitting remote testimony of witnesses outside the jurisdiction with significant limitations on their ability to travel will resolve all witness scheduling issues well in advance of trial and ensure a complete factual record for the jury's consideration. We have conferred with Plaintiff and she does not oppose the relief requested herein.

**I.      Factual Background**

Jennifer Burdis is a former Google employee who resides in the United Kingdom. Plaintiff deposed Ms. Burdis on December 9, 2020. Ms. Burdis was employed by Google in California at the time, but has not worked for Google since May 2022. She currently lives abroad and has primary caregiver responsibility for her three-year old daughter, in part because her husband's work requires him to frequently travel. Traveling to the United States for the trial to testify in person poses an undue burden on Ms. Burdis, who has graciously agreed to cooperate in Google's defense. Both parties designated Ms. Burdis to testify primarily about her role as the recruiter who facilitated Plaintiff's hire, and about Google's recruiting practices for the Technical Director role in OCTO.

Kirsten Kliphouse, who will be a former Google employee at the time of trial, resides in Florida. Ms. Kliphouse was Google's Head of North American Sales, and Google designated her as a witness to testify primarily about her involvement in the selection of the Vice President of Financial Services Sales role, which Plaintiff claims was unlawfully denied her. She was not deposed in this case. Ms. Kliphouse's daughter is



Hon. Jennifer H. Rearden
June 14, 2023
Page 2

expected to give birth in August 2023, and Ms. Kliphouse plans to be present for the birth of her grandchild. If that event does not coincide with the trial, Ms. Kliphouse has agreed to testify live.

Krista Callaghan is a current employee and resides in Texas. She was not deposed in this case. Google designated her as a witness to testify primarily about her role in Plaintiff's recruiting process and representations Plaintiff made about her experience and qualifications. Ms. Callaghan is a single mother of three children, one of whom is scheduled to start school on August 15, 2023. Travelling to New York for in-person testimony the week of August 14, 2023, would be a significant burden on Ms. Callaghan given her caregiver responsibilities that week. She can, however, make arrangements to travel to New York the week of August 21, 2023.

II.  **Good cause exists to permit Ms. Burdis, Ms. Kliphouse, and Ms. Callaghan to testify remotely.**

The Federal Rules of Civil Procedure provide that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Appropriate safeguards are ensured by modern videoconference technology, which "allows for live synchronized audio and visual feeds . . . ." *Castillo Frias v. Martinez*, No. 19-2792, 2021 WL 2661093, at *1 (E.D.N.Y. June 28, 2021).

First, good cause exists to permit Ms. Burdis to testify remotely, because she resides in the United Kingdom, so her live testimony would require international travel. Courts have permitted remote testimony under these circumstances. *See, e.g.*, *In re Rand Intern. Leisure Prods., LLC*, No. 10-71497, 2010 WL 2507634, at *4 (Bankr. E.D.N.Y. June 16, 2010) (granting motion to permit remote testimony from witnesses located in Canada and Taiwan, because live testimony "would require international travel," which "would be an undue burden on them and is a compelling circumstance").

Second, good cause exists to permit Ms. Kliphouse to testify remotely if necessary, because she plans to be present when her daughter gives birth. In *Castillo Frias*, for example, the court permitted a witness to testify remotely because she was "due to give birth three days before trial." 2021 WL 2661093,

Hon. Jennifer H. Rearden
June 14, 2023
Page 3

at *1. Ms. Kliphouse herself is not due to give birth, but Google requests that this Court consider extending the same graciousness to Ms. Kliphouse's as the *Castillo Frias* court granted to the pregnant witness. If the birth of Ms. Kliphouse's grandchild does not coincide with the trial, Google anticipates Ms. Kliphouse will testify live.

Third and finally, good cause exists to permit Ms. Callaghan to testify remotely, if necessary. Her circumstances as a single mother of three children, one of whom is scheduled to begin school the second day of trial, poses a significant burden on her ability to travel to New York from August 14, 2023 through August 18, 2023. In *Gabbidon v. Wilson*, for example, the court permitted a witness residing in Florida to testify remotely for a West Virginia trial, because she was "the mother and primary caregiver to five young children," and she was required to care for two of the children during trial while her husband was traveling with the other three. No. 19-828, 2022 WL 2706112, at *1 (S.D. W. Va. July 12, 2022). Under these circumstances, traveling from Florida to West Virginia—roughly half the distance between Texas and New York—"pose[d] a substantial hardship" justifying remote testimony. *Id*. The circumstances are nearly identical here. If Ms. Callaghan testifies during the second week of trial beginning August 18, 2023, there will be no need for her to testify remotely.

### III.  Conclusion

For the foregoing reasons, Google respectfully requests that this Court permit Ms. Burdis, Ms. Kliphouse, and Ms. Callaghan to testify remotely (and as to the latter two, only if the need arises). We thank the Court for its continued attention to this matter, and consideration of these witnesses' unique circumstances.

Respectfully submitted,

*[signature]*

Kenneth W. Gage
PAUL HASTINGS LLP