**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| ULKU ROWE, |
| Plaintiff, |
| v. |
| GOOGLE LLC, |
| Defendant. |

Civ. Action No. 19-cv-08655-JHR

## SECOND AMENDED JOINT PRETRIAL ORDER

Pursuant to the Court's June 23, 2023 Scheduling Order (ECF No. 300), Plaintiff Ulku Rowe and Defendant Google LLC (collectively, the "Parties") in the above-captioned action submit to the Court for its approval the following Second Amended Joint Pre-Trial Order. The parties' amendments account for changes in witness availability as a result of the trial's adjournment to October 2023. Pursuant to Rule 1(D) of the Court's Individual Rules, the parties submit a redline reflecting all changes against the First Amended Joint Pretrial Order (ECF No. 304) as Exhibit D hereto.

**A.   FULL CAPTION OF THE ACTION**

The full caption of this action is set forth above.

**B.   APPEARANCES**

Plaintiff:
Cara E. Greene
Gregory S. Chiarello
Shira Z. Gelfand
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2071

ceg@outtengolden.com
gchiarello@outtengolden.com
sgelfand@outtengolden.com

Defendant:
Kenneth W. Gage
Sara B. Tomezsko
Kaveh Dabashi
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
(212)-318-6000
Fax: 212-918-4090
kennethgage@paulhastings.com
saratomezsko@paulhastings.com
kavehdabashi@paulhastings.com

## C.    SUBJECT MATTER JURISDICTION

As Plaintiff brought claims under federal statute, including Title VII of the Civil Rights

Act of 1964, 42 U.S.C. §§2000e et seq., and the Equal Pay Act, as amended, 29 U.S.C. § 206(d),

this Court had original jurisdiction of this matter pursuant to 28 U.S.C. § 1331. On August 31,

2021, Plaintiff voluntarily dismissed her federal claims with prejudice and the Court retained

jurisdiction over the remaining New York State and City law claims. (*See* ECF No. 132).

## D.    SUMMARY OF CLAIMS

### 1.    Plaintiff's Claims

Plaintiff's asserted claims that remain to be tried are:

    a.  Sex-based pay discrimination in violation of New York's Equal Pay Law
(N.Y. Lab. L. § 194) (Count IV of Plaintiff's Second Amended Complaint);

    b.  Gender discrimination in violation of the New York City Human Rights Law
(N.Y.C. Admin. Code § 8-101 et seq.) (Count V of Plaintiff's Second
Amended Complaint);

    c.  Retaliation in violation of the New York City Human Rights Law (N.Y.C.
Admin. Code § 8-101 et seq.) (Count VI of Plaintiff's Second Amended
Complaint); and

    d.  Retaliation in violation of New York's Equal Pay Law (N.Y. Lab. L. § 215) (Count VIII of Plaintiff's Second Amended Complaint).

**2.**    **Defendant's Defenses**

Defendant's affirmative defenses that remain to be tried are:

    a.  To the extent Plaintiff can establish that she was denied equal pay for equal work under New York Labor Law § 194, such alleged unequal pay was lawful and not a violation of the New York Labor Law because it was pursuant to a differential based on any factor other than sex which is job-related and consistent with business necessity;

    b.  Plaintiff cannot recover liquidated or punitive damages because at all times relevant to the Second Amended Complaint Defendant had in place a policy to prevent discrimination and retaliation in the workplace and made good faith efforts to implement and enforce that policy.

    c.  Plaintiff may not recover liquidated damages because Defendant had a good faith basis to believe that its actions were in compliance with the law.

**E.**    **TRIAL OF THE CASE**

The Parties believe that the issues in dispute can be tried in 10 trial days, and those issues will be tried by a jury.

**F.**    **CONSENT TO MAGISTRATE**

The Parties do not consent to trial by a magistrate judge.

**G.**    **WITNESS LISTS**

**1.**    **Plaintiff's Witnesses**

    **a.**    **Plaintiff's Trial Witness List**

Plaintiff identifies the following witnesses whom she may call live or by deposition at trial. Pursuant to the Court's Individual Rule and Procedure for Civil Cases 7.A.viii, Plaintiff provides the following list of trial witnesses she genuinely intends to call in her case-in-chief. This list is not a commitment that Plaintiff will call any particular witness at trial, or a representation that any of the witnesses listed are available or will appear for trial. If any witness

is unavailable, Plaintiff reserves the right to use his or her deposition testimony or to call a substitute witness. If any of the potential trial witnesses identified by Defendant fail to appear for trial, Plaintiff reserves the right to use their deposition testimony. Plaintiff also reserves the right to call at trial in their case: (1) any witnesses identified by Defendant on their witness list live or by deposition; (2) additional witnesses to provide foundation testimony should Defendant contest the authenticity or admissibility of any materials to be proffered at trial; and (3) additional witnesses not identified herein based upon any developments that may occur leading up to and/or during the course of the trial. Plaintiff also may call witnesses, including persons not listed herein, in their rebuttal to Defendant's case, or for impeachment or foundational purposes. Plaintiff further reserves the right to amend this list or to respond to issues raised by the Court's pretrial rulings. Other than the foregoing, Plaintiff does not anticipate the need for additional witnesses.

### Chart 1: Will Call

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Testimony |
|---|---|---|---|
| Beaupain, April | Live | Google's ER policies and practices; Ms. Rowe's complaints and her role in investigating those complaints; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | 1 hour |
| Breslow, Stuart | Live | His qualifications and selection for the FSVL role; his responsibilities, terms and conditions, performance, and compensation in his position(s) under Tariq Shaukat; his work with Plaintiff; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| Eryurek, Evren | Deposition | His responsibilities, terms and conditions, performance, and compensation in the OCTO Director role; his work with Ms. Rowe; his and Ms. Rowe's move to Mr. Shaukat's organization; and other facts | .5 hours |

| | | and circumstances related to Ms. Rowe's claims in this lawsuit. | |
|---|---|---|---|
| Grannis, William | Live | His background; Ms. Rowe's hiring, initial leveling, and compensation decisions; Ms. Rowe's performance in OCTO; Ms. Rowe's consideration and qualifications for the FSVL position; Ms. Rowe's work in and transfer out of Mr. Shaukat's organization; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .75 hours |
| Harteau, Nicholas | Live | His responsibilities, terms and conditions, performance, and compensation in the OCTO Director role; his work with Ms. Rowe; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| Kurian, Thomas | Live | His knowledge of the lawsuit as indicated in Exhibit P83 | .25 hours |
| Lawrence, Melissa | Live | Google's HR policies and practices; Ms. Rowe's complaints and her role in investigating those complaints; Ms. Rowe's performance; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | 1 hour |
| Lucas, Kevin | Deposition | Google's HR policies and practices; Ms. Rowe's complaints and his role in investigating those complaints; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | 1 hour |
| Ostrofe, Nora | Live | Plaintiff's economic damages, consistent with Ms. Ostrofe's FRCP Rule 26 expert disclosures. | .75 hours |
| Rowe, Ulku | Live | As the Plaintiff in this matter, Ms. Rowe will testify to her work at Google and the facts and circumstances supporting her claims in this lawsuit. | 6 hours |
| Shaukat, Tariq | Live | Ms. Rowe and Mr. Breslow's consideration for the FSVL role; his interactions with Ms. Rowe; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | 3 hours |
| Stevens, Brian | Live | Ms. Rowe's role in OCTO and consideration for the FSVL role. | .5 hours |
| Vardaman, Stuart | Deposition | Ms. Rowe's consideration for the FSVL role; Ms. Rowe's consideration for the | 1.5 hours |

| | | | |
|---|---|---|---|
| | | VP-FS Sales role; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | |
| Wilson, Benjamin | Deposition | His responsibilities, terms and conditions, performance, and compensation in the OCTO Director role; his work with Ms. Rowe; his and Ms. Rowe's move to Tariq Shaukat's organization; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| Corporate witness to be determined | Live | Authenticate and lay foundation for Exhibits P46, P47, P48, P49, P64, P86, P105, P108, P110, P112 | .5 hours |

### Chart 2: May Call

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Testimony |
|---|---|---|---|
| Greene, Diane | Live | Testimony regarding a sworn declaration she signed in this matter. | .25 hours |
| Meadows, Casey | Live | Testimony regarding correspondence on which he was a sender or recipient. | .25 hours |
| Murray, Megan | Live | Testimony regarding correspondence on which she was a sender or recipient. | .25 hours |
| Orr, Lisa | Live | Testimony regarding correspondence on which she was a sender or recipient. | .25 hours |
| Tessier, Ashley | Live | Testimony regarding correspondence on which she was a sender or recipient. | .25 hours |

- Defendant objects to the identification of Thomas Kurian as a witness; his testimony should be excluded under Fed. R. Evid. 401 as irrelevant, and under Fed. R. Evid. 403 as likely to confuse the issues, mislead the jury, and result in undue delay and wasted time. There is no evidence that he was involved in any decisions in the case. Should one be necessary, Defendant plans to move *in limine* at the pre-trial conference to exclude Mr. Kurian from testifying at trial.

- Plaintiff argues that she requested that Defendant stipulate to the authenticity and foundation of the document referenced with respect to Mr. Kurian, which would obviate the need to call him, but since they would not, it necessitates him being called.

- Defendant objects to the identification of Diane Greene as a witness; her testimony regarding a signed declaration in this matter should be excluded under Fed. R. Evid. 401 as irrelevant, and under Fed. R. Evid. 403 as likely to confuse the issues, mislead the jury, and result in undue delay and wasted time. As Ms. Greene's declaration makes clear, she does not recall being involved in the challenged decisions, nor does she have any unique or additive information beyond what other witnesses can provide.

- Plaintiff argues that Diane Greene's declaration is admissible under Fed. R. Evid. 804 and 807. Should Defendant maintain its hearsay objection with respect to the sworn declaration and the Court sustains the objection, Plaintiff seeks to call Ms. Greene as a rebuttal witness if necessary.

### 2.    Defendant's Witnesses

#### a.    Defendant's Trial Witness List

The witnesses below are those Defendant genuinely intends to call in its case (first chart) and witnesses that Defendant "may call if the need arises" (second chart). Fed. R. Civ. P. 26(a)(3).  This list is not a commitment that Defendant will call any particular witness at trial, or a representation that any of the witnesses listed are available or will appear for trial. Defendant has indicated that the witness will testify live below unless it has reason to believe as of the date of this filing that the witness will be unavailable for live testimony starting October 4, 2023.

If any witness is or becomes unavailable, Defendant reserves the right to use his or her deposition testimony, to call a substitute witness, or make an application to the Court for that

witness to testify remotely upon a showing of good cause. (ECF 280 (Order dated December 6, 2022).) If any of the trial witnesses identified by Plaintiff fail to appear for trial, Defendant reserves the right to use their deposition testimony. Defendant also reserves the right to call at trial in its case: (1) any witnesses identified by Plaintiff on her witness list, live or by deposition; (2) additional witnesses to provide foundation testimony should Plaintiff contest the authenticity or admissibility of any materials to be proffered at trial; and (3) additional witnesses not identified herein based upon any developments that may occur leading up to and/or during the course of the trial. Defendant also may call witnesses, including persons not listed herein, for impeachment. Defendant further reserves the right to amend this list to respond to issues raised by the Court's pretrial rulings.

### Chart 1: Will Call

| Witness Name | Anticipated Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| Grannis, William | Live | His background and experience; hiring, leveling, job responsibilities and performance, and compensation of Technical Directors in OCTO, including Rowe; development of industry verticals within Google Cloud; Rowe's transfer out of OCTO and return to OCTO; Nicholas Harteau's transfer out of OCTO in 2018; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 3.5 hours |
| Stevens, Brian | Live | His background and role at Google; creation of the OCTO function; hiring, leveling, and job responsibilities of Technical Directors in OCTO, including | 1.5 hours |

| | | | |
|---|---|---|---|
| | | Rowe; development of industry verticals within Google Cloud; Rowe's transfer out of OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | |
| Vardaman, Stuart | Deposition | His role as a recruiter; his interactions with Rowe, hiring managers, interviewees, and other candidates for positions in which Rowe expressed interest; Google's recruiting practices; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1.5 hours |
| Shaukat, Tariq | Live | His background and role at Google; development of industry verticals within Google Cloud; his decisions regarding and interactions with Rowe; his decisions and interactions regarding other Google employees and candidates for positions on his team in Google Cloud; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 3 hours |
| Lawrence, Melissa | Live | Her background and role at Google; her interactions with Rowe and others concerning Rowe; Google's Human Resources processes; Human Resources personnel and support provided to OCTO; hiring, leveling, and job responsibilities of Technical Directors in OCTO, including Rowe; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1.5 hours |
| Humez, Christopher | Live | His background and role at Google; Google's compensation | 1.5 hours |

| | | | |
|---|---|---|---|
| | | processes and policies; compensation determinations concerning Rowe and her alleged comparators; discussions with Rowe and others concerning Rowe's hiring process; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | |
| Lucas, Kevin | Live | His background and role at Google; his interactions with Rowe and others concerning Rowe; Google's Human Resources processes; Human Resources personnel and support provided to Tariq Shaukat's organization; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Burdis, Jennifer | Deposition | Her background and role at Google; her interactions with Rowe and others concerning Rowe; hiring and leveling of Technical Directors in OCTO, including Rowe; Google's recruiting practices; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Beaupain, April | Live | Her background and role at Google; her interactions with Rowe and others concerning Rowe's internal complaints; Google's Employee Relations processes; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 0.75 hours |
| Rensin, David | Live | His background and role at Google; hiring and leveling of Technical Directors in OCTO; Technical Solutions Consultant job ladder; and other facts and circumstances pertaining to | 1 hour |

| | | | |
|---|---|---|---|
| | | Rowe's claims and Google's defenses. | |
| Eryurek, Evren | Deposition | His background; his role at Google; his work and performance; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Wilson, Benjamin | Deposition | His background; his role at Google; his work and performance; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Nicholas Harteau | Live | His background; his role at Google; his work and performance; transfer outside of OCTO in 2018; his submission of a declaration in support of Rowe's motion for summary judgment; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Kliphouse, Kirsten | Live | Her background and role at Google; her interactions with Rowe and others concerning Rowe; her involvement in and decisions regarding the selection of the Vice President of Financial Services Sales from among multiple candidates; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Krista Callaghan | Live | Her background and experience; correspondence and discussions with Rowe during the hiring process; correspondence and discussions with others concerning Rowe and recruiting of Technical Directors in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 0.75 hours |

| | | | |
|---|---|---|---|
| Eric Schenk | Live | His background; his role at Google; his work and performance in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Scott Penberthy | Live | His background; his role at Google; his work and performance in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Patricia Florissi | Live | Her background and role at Google; Rowe's performance, the contributions Rowe makes, the influence Rowe has, and the standards by which her performance is assessed as an L8; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |

**Chart 2: May Call**

| Witness Name | Anticipated Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| Jess Swale (Murphy-True) | Remote Testimony (application forthcoming) | Her background and experience at Google; interactions and correspondence with Rowe and others concerning Rowe; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 0.75 hours |

- Plaintiff objects to Google's identification of Patricia Florissi as a witness; her testimony
  should be excluded under Rule Fed. R. Evid. 401 as irrelevant, and under Fed. R. Evid.
  403 as likely to confuse the issues, mislead the jury, and result in undue delay and wasted
  time. This witness was not identified at any point during the discovery period and was

only identified to Plaintiff within the last month. Thus, no pre-trial discovery has been taken. No other witnesses have testified that she was involved in the decisions that give rise to the claims or defenses in this case. Plaintiff therefore seeks to exclude Ms. Florissi from testifying at trial.

- Patricia Florissi is Plaintiff's direct supervisor, and has managed Plaintiff for over a year. Not only does Plaintiff have personal and direct knowledge of that fact, Plaintiff has no objection to the inclusion of Defendant's exhibit D98 (produced earlier in the case) making that supervisory relationship clear. (*See* Appendix B.) She alleges that (a) Google improperly hired her at Level 8 (L8) in the Office of the CTO, and (b) for the past 6+ years she in fact has performed work substantially equal to employees at level 9 (L9). Among Google's defenses are that (a) there are different expectations for L8 and L9 employees, and (b) Plaintiff has not been (and is not) performing work at an L9 level. William Grannis was Plaintiff's manager in OCTO from hire until Spring 2022, and both parties expect him to testify regarding her work in OCTO and the standards against which that work has been evaluated. (*See* Section G.1.a.-b.) Ms. Florissi became Plaintiff's manager in Spring 2022, and she is expected to testify on those same topics for the time she has managed Plaintiff. Moreover, Plaintiff seeks damages for alleged pay discrimination from 2017 to July 2023, and her estimates of economic loss account for recent compensation decisions made by Google. (*See* Section D.1.a.-b. above and Section M. below.) Ms. Florissi's testimony is relevant for the same reasons as Mr. Grannis's. It will not confuse the issues, mislead the jury or result in any undue delay or wasted time.

H.     **DEPOSITION DESIGNATIONS**

1.     **The Parties' Designations for Their Respective Cases in Chief**

   a. *Plaintiff's Designations:*

   **Jennifer Burdis (Dec. 9, 2020)**

| | |
|---|---|
| 4:2-5 | 52:13-16 |
| 15:2-11 | 53:23-55:17 |
| 16:3-17:2 | 59:13-61:17 |
| 17:8-22 | 65:7-11 |
| 18:4-16 | 90:21-91:5 |
| 22:4-8 | 91:20-25 |
| 22:18-23:4 | 92:11-93:17 |
| 23:9-25:13 | 94:7-96:11 |
| 26:4-13 | 96:22-97:9 |
| 29:16-30:6 | 100:2-101:14 |
| 37:20-38:7 | 101:21-102:10 |
| 39:16-40:8 | 102:16-25 |
| 42:4-46:6 | 103:17-21 |
| 51:9-11 | |

   **Evren Eryurek (Dec. 3, 2020)**

| | |
|---|---|
| 5:17-5:20 | 56:2-56:8 |
| 17:9-17:18 | 57:2-62:3 |
| 21:2-21:15 | 63:6-67:14 |
| 22:3-22:20 | 67:15-69:12 |
| 23:21-24:14 | 70:9-71:13 |
| 24:24-25:21 | 71:25-72:9 |
| 27:14-28:19 | 75:7-77:3 |
| 30:4-31:5 | 88:15-92:5 |
| 32:3-32:5 | 93:9-95:12 |
| 32:18-35:15 | 96:23-97:20 |
| 38:6-38:23 | 98:3-99:14 |
| 38:24-40:7 | 100:3-101:8 |
| 40:8-42:22 | 114:16-114:23 |
| 44:6-44:9 | 121:8-121:16 |
| 45:25-46:17 | 127:6-128:4 |

**Stuart Vardaman (Nov. 17, 2020)**

| | |
|---|---|
| 5:11-5:19 | 91:11-93:4 |
| 17:4-17:25 | 94:4-95:4 |
| 20:23-22:3 | 95:18-97:10 |
| 24:14-27:18 | 99:12-100:5 |
| 32:17-34:12 | 100:17-102:2 |
| 34:23-38:17 | 106:4-115:23 |
| 40:6-45:12 | 116:6-118:21 |
| 46:3-48:8 | 118:23-119:23 |
| 49:22-54:21 | 124:24-130:18 |
| 55:6-59:12 | 130:21-131:22 |
| 59:22-62:22 | 132:9-133:18 |
| 65:8-74:15 | 134:8-135:22 |
| 75:4-75:6 | 135:24-136:10 |
| 76:15-78:12 | 137:10-141:9 |
| 78:21-79:22 | 142:5-142:20 |
| 85:10-87:9 | 142:25-145:23 |
| 88:7-88:25 | 150:16-152:3 |

**Benjamin Wilson (Dec. 2, 2020)**

| | |
|---|---|
| 4:2-6 | 86:16-89:24 |
| 11:14-19 | 90:23-93:14 |
| 18:2-8 | 93:23-25 |
| 36:19-38:21 | 94:6-98:9 |
| 40:7-41:4 | 102:15-104:18 |
| 43:17-44:15 | 105:20-108:5 |
| 46:5-47:6 | 109:4-112:6 |
| 56:2-25 | 113:3-114:21 |
| 58:15-18 | 117:23-118:19 |
| 59:21-60:17 | 127:2-10 |
| 61:14-16 | 145:23-147:22 |
| 63:18-64:5 | 148:2-9 |
| 65:8-67:5 | 167:7-168:7 |
| 67:13-68:14 | 169:5-7 |
| 69:5-15 | 169:15-170:9 |
| 76:13-79:10 | 171:20-173:17 |
| 79:20-83:15 | |

*b.* ***Defendant's Designations:***

**Jennifer Burdis (Dec. 9, 2020)**

| | |
|---|---|
| 10:22-25 | 53:23-55:14 |

15

| | |
|---|---|
| 11:6-24 | 55:19-56:4 |
| 13:17-14:16 | 60:18-25 |
| 15:2-5 | 61:18-63:16 |
| 16:3-17:2 | 64:7-16 |
| 29:16-30:6 | 69:7-70:3 |
| 31:24-32:14 | 71:21-73:3 |
| 39:21-40:17 | 73:20-74:7 |
| 41:2-42:3 | 74:23-77:21 |
| 47:11-48:11 | 78:25-81:20 |
| 48:18-49:2 | 88:3-12 |
| 49:12-19 | 90:11-23 |
| 51:2-4 | 91:20-25 |
| 52:17-53:3 | |

**Evren Eryurek (Dec. 3, 2020)**

| | |
|---|---|
| 12:17 - 17:8 | 71:14 - 24 |
| 21:2 - 22:24 | 80:12 - 83:4 |
| 23:21 - 25:21 | 86:18 - 21 |
| 26:10 - 17 | 91:5 - 22 |
| 27:14 - 28:19 | 108:10 - 110:4 |
| 36:22 - 37:17 | 112:6 - 21 |
| 46:18 - 47:23 | 113:10 - 114:2 |
| 50:3 - 51:11 | 124:8 - 13 |
| 53:6 - 10 | 125:14 - 127:5 |
| 61:21 - 62:3 | |

**Benjamin Wilson (Dec. 2, 2020)**

| | |
|---|---|
| 13:15-14:2 | 48:12-20 |
| 14:10-15:17 | 48:22-49:3 |
| 15:21-17:3 | 49:5-12 |
| 17:19-20 | 49:14-22 |
| 17:22-18:12 | 51:7-10 |
| 19:13-16 | 51:12-53:2 |
| 19:19-20:24 | 53:9-17 |
| 21:5-18 | 54:3-55:15 |
| 21:22-22:19 | 63:4-25 |
| 24:15-22 | 65:8-22 |
| 24:24-26:14 | 69:16-18 |
| 26:24-27:06 | 69:25-71:24 |
| 29:2-30:17 | 72:2-7 |
| 30:19-31:8 | 72:9-11 |

| | |
|---|---|
| 31:10-19 | 72:13-24 |
| 31:21-24 | 73:2-12 |
| 32:3-4 | 73:14-74:14 |
| 32:7-16 | 75:2-76:12 |
| 32:18-33:14 | 90:23-91:6 |
| 33:16 | 99:3-10 |
| 35:20-36:7 | 101:3-23 |
| 38:12-39:22 | 102:15-17 |
| 40:7-21 | 102:19-25 |
| 41:5-14 | 104:19-105:12 |
| 41:18-24 | 108:22-109:23 |
| 42:12-17 | 112:7-11 |
| 45:14-24 | 112:17-114:14 |
| 46:5-24 | 118:20-119:19 |
| 47:2-6 | 127:2-10 |
| 47:11-22 | 135:21-136:18 |
| 48:8-10 | 153:7-154:9 |

2.      **The Parties' Counter-Designations**

        *a.   Plaintiff's Counter-Designations:*

**Jennifer Burdis (Dec. 9, 2020)**

| | |
|---|---|
| 11:2-5 | 77:22-78:24 |
| 14:17-22 | 81:21-82:10 |
| 49:20-25 | 82:15-18 |
| 63:21-64:6 | 89:3-17 |
| 70:4-21 | 91:6-19 |
| 74:8-12 | 97:10-23 |

**Evren Eryurek (Dec. 3, 2020)**

53:19-54:10
55:3-55:5

**Stuart Vardaman (Nov. 17, 2020)**

17:2-17:3
82:8-83:4
121:3-121:14

122:7-122:11

**Benjamin Wilson (Dec. 2, 2020)**

26:15-23                                    136:19-137:3

*b.  Defendant's Counter-Designations:*

**Jennifer Burdis (Dec. 9, 2020)**

28:3-22

**Evren Eryurek (Dec. 3, 2020)**

42:19 - 43:17                        67:15-69:12
44:10 - 23                            73:16 - 74:14
45:17 - 24                            74:15 - 18
48:3 - 49:21                          77:4 - 78:3
52:14 - 53:5

**Stuart Vardaman (Nov. 17, 2020)**

12:2-12:25                            90:7-91:10
13:9-14:19                            97:6-97:17
14:20-16:25                           98:8-98:22
18:13-20:22                           102:3-103:15
24:5-24:15                            119:24-121:2
48:9-48:12                            121:15-122:3
62:23-63:21                           122:12-122:25
79:23-80:12                           141:10-142:4
80:20-82:7                            146:15-148:9
89:2-89:10                            149:18-150:12

**Benjamin Wilson (Dec. 2, 2020)**

11:7-13                              67:6-8
58:19-59:11                          84:5-17
60:24-61:13

Defendant reserves all rights to designate additional testimony after the Court

rules on outstanding pre-trial motions.

3. **The Parties' Objections to Designated Testimony**

   a.  *Plaintiff's Objections:*

**Stuart Vardaman (Nov. 17, 2020)**

| Designated Testimony | Objection |
| --- | --- |
| 79:23-80:12 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by others, which are being offered for the truth of the matter asserted. |
| 80:20-82:7 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by him and others, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion in Limine (ECF No. 241) |
| 90:7-91:10 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements he made, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion in Limine (ECF No. 241) |
| 97:6-97:17 98:8-98:22 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by him and others, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion in Limine (ECF No. 241) |
| 146:15-148:9 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by him and others, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion in Limine (ECF No. 241) |
| 149:18-150:12 | Fed. R. Evid. 401 (relevance) – this witness is testifying regarding a position that is not in dispute in this lawsuit. |

**Jennifer Burdis (Dec. 9, 2020)**

| Designated Testimony | Objection |
| --- | --- |
| 11:6-8 | Fed. R. Evid. 403 (prejudice) – whether the witness understands if she is accused of wrongdoing is irrelevant to the issues to be tried, and its introduction into |

| | evidence would serve only to confuse or mislead the jury |
|---|---|

**Benjamin Wilson (Dec. 2, 2020)**

| Designated Testimony | Objection |
|---|---|
| 153:7-9 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – testimony regarding Ben Wilson's ladder transfer to the product manager role is not relevant, and will prejudice, mislead and confuse the jury. |

### b. *Defendant's Objections:*

**Jennifer Burdis (Dec. 9, 2020)**

| Designated Testimony | Objection |
|---|---|
| 4:2-5 | The designated text is not testimony. |
| 37:20-38:7<br>39:16-40:8<br>42:4-44:3 | To the extent that counsel is relying on this testimony to authenticate the document in question, P102B, Defendant objects on the grounds of Fed. R. Evid. 602 (lacks foundation) - the witness testified that she was not familiar with the document and had not seen it before (Tr. 37:20 - 38:11). Defendant objects to the introduction of the exhibit referenced in this testimony as irrelevant and prejudicial pursuant to Fed. R. Evid. 401 (relevance) and 403(prejudice).<br><br>Defendant has no objection to the question and answer at 39:21-40:8. |
| 44:21-46:6 | Fed. R. Evid. 401 (relevance), 403 (prejudice), 701 (lay opinion testimony based on hypotheticals) - counsel poses vague and ambiguous questions about "any role" at Google; this case is not about "any role," and counsel has not established a foundation that these hypotheticals accurately reflect the facts of the case. |
| 92:11-93:17 | Fed. R. Evid. 801, 802 (hearsay) - the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
| 94:7-94:12<br>95:14-95:25 | Fed. R. Evid. 801, 802 (hearsay) - the witness is being questioned about notes created and prepared |

|  | by someone else that contain out of court statements offered for their truth. |
|---|---|
| 96:22-97:9 | Fed. R. Evid. 801, 802 (hearsay) - the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
| 100:2-101:14 | Fed. R. Evid. 801, 802 (hearsay) - the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |

**Stuart Vardaman (Nov. 17, 2020)**

| **Designated Testimony** | **Objection** |
|---|---|
| 5:11-5:19 | The designated text is not testimony. |
| 17:2-17:3 | Fed. R. Evid. 401 (relevance) – the witness's employer at the time of his deposition is irrelevant to the issues to be tried. Fed. R. Evid. 403 (prejudice) – the witness was employed by Google at the time he was deposed in 2020, but is no longer employed by Google and will not be on the date of trial. The designated testimony is misleading to the jury unless they are told at the time of trial that the witness is a former employee. |
| 46:3-46:3 | Fed. R. Evid. 106 (completeness) – designated testimony does not include the question posed or the preceding questions, which contextualize the answer. |
| 46:25-47:11 | Fed. R. Evid. 801, 802 (hearsay) – the witness is being asked about notes taken by someone other than himself, which are being offered for the truth of their contents. |
| 59:22-61:4 | Fed. R. Evid. 801, 802 (hearsay) – the witness (or counsel) is reading from an email that contains an out-of-court statement offered for the truth of what Mr. Stevens allegedly said about Plaintiff's candidacy for the Financial Services Vertical Lead position. |
| 65:8-66:8 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from an email that contains an out-of-court statement offered for the truth of the matter asserted |
| 106:4-107:18 111:10-20 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from an email that contains an out-of- |

| Designated Testimony | Objection |
|---|---|
| | court statement offered for the truth of the matter asserted |
| 125:3-128:6 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from an email that contains an out-of-court statement offered for the truth of the matter asserted |
| 127:23-129:23 | Fed. R. Evid. 401 (relevance) – the witness was not involved in any compensation decisions as it relates to anyone at Google; his opinion as to the appropriate amount of an equity refresh grant is irrelevant to any issue in this case<br>Fed. R. Evid. 403 (prejudice) – given the lack of relevance, introduction of this testimony would only serve to confuse or mislead the jury, or waste time |

**Evren Eryurek (Nov. 3, 2020)**

| Designated Testimony | Objection |
|---|---|
| 5:17-5:20 | The designated text is not testimony. |
| 53:19-54:10 | Fed. R. Evid. 401 (relevance) – the witness was not involved in hiring Plaintiff, setting her compensation, or interviewing or selecting her for the Financial Services Vertical Lead role (or any other role). Whether he considered Plaintiff to be qualified for the role has no tendency to make any fact of consequence more or less probable.<br>Fed. R. Evid. 403 (prejudice) – given the lack of relevance, the opinion of a witness who has no involvement in any of the challenged decisions to be tried serves only to mislead the jury, confuse the issues, and waste time. |
| 57:12-58:5 | Fed. R. Evid. 801, 802 (hearsay) – testimony regarding what recruiters told the witness about how Google determined his compensation in connection with his offer of employment, offered for the truth of those representations. |
| 60:16-61:20 | Fed. R. Evid. 401 (relevance) – the comparative value of the sign-on equity award granted to the witness against the value of equity he forfeited by leaving his prior employer, and whether that grant was subject to vesting, is irrelevant to whether Plaintiff was treated in a discriminatory manner.<br>Fed. R. Evid. 403 (prejudice) – given the irrelevance of this information to the issues to be |

|  |  |  |
|---|---|---|
|  |  | tried, its introduction into evidence would serve only to confused or mislead the jury, or waste time. |
| 63:6-67:14 |  | Fed. R. Evid. 602 (lack of personal knowledge) – Plaintiff has not asserted, nor can she establish through testimony, that the witness participated in any decision to hire Plaintiff, determine her compensation or level, supervise her, or direct and evaluate her work. Accordingly, his opinion of Plaintiff's background, qualifications, and performance is not based on personal knowledge and he lacks the necessary foundation to testify about these topics.<br>Fed. R. Evid. 401 (relevance) – because the witness was not involved or consulted in any of the challenged decisions on trial, his opinion on these matters are irrelevant.<br>Fed. R. Evid. 403 (prejudice) – for these same reasons, introduction of this testimony into evidence will serve only to confuse or mislead the jury, or waste time. |
| 65:11-66:4 |  | Fed. R. Evid. 801, 802 (hearsay) – the testimony designated is the witness recalling out-of-court statements between himself and Plaintiff, all offered for the truth of the matters asserted. |
| 67:12-14 |  | Fed. R. Evid. 801, 802 (hearsay) – what the witness heard out-of-court (or, rather, did not hear) is being offered for its truth. |
| 75:7-77:3 |  | Fed. R. Evid. 801, 802 (hearsay) – the witness's testimony is limited to reading content from a document, which contains out-of-court statements offered for their truth.<br>Fed. R. Evid. 602 (lack of personal knowledge) – the witness was unable to identify the document available via link in the email placed in front of him at deposition, so his answers to questions about the linked document are speculative. |
| 89:3-91:3 |  | Fed. R. Evid. 801, 802 (hearsay) – the testimony consists solely of the witness's recollection of an out-of-court conversation with Plaintiff offered for its truth.<br>Fed. R. Evid. 401 (relevance) – the witness was not involved or consulted in the hiring process for the Financial Services Vertical Lead position at issue, so his opinions about the process and what Plaintiff told him about that topic are irrelevant. |

| | |
|---|---|
| | Fed. R. Evid. 403 (prejudice) – for the same reasons, the testimony would serve only to confuse or mislead the jury, or waste time, if admitted. |
| 91:23-92:5 | Fed. R. Evid. 801, 802 (hearsay) – the testimony consists solely of the witness's recollection of an out-of-court conversation with Plaintiff offered for its truth. Fed. R. Evid. 401 (relevance) – what Plaintiff told the witness about her alleged exclusion from meetings is irrelevant to the issue of whether Plaintiff was actually excluded from meetings or otherwise treated unfairly on the basis of sex. Fed. R. Evid. 403 (prejudice) – for the same reasons, the testimony would serve only to confuse or mislead the jury, or waste time, if admitted. |
| 93:9-95:12 | The testimony concerning Morgan Kuhn was already ruled inadmissible by Judge Schofield. *See* ECF 292 ¶ 2 ("Defendant's motion to exclude evidence of other employees' complaints of alleged unfair treatment by Defendant is granted in part and denied in part. Evidence concerning the following is excluded under Rule 403 as the evidence has limited, if any, probative value and is likely to confuse the jury in a way that will prejudice Defendant: (1) the *Haggan* and *Ellis* class actions, which were settled and did not include Plaintiff within the class, (2) the protests principally concerning sexual harassment, which is not an issue in this case, and the resulting 2018 walkout, and (3) **a gender complaint against Stuart Breslow that did not involve Plaintiff.**") (emphasis supplied). Fed. R. Evid. 401 (relevance) – an alleged complaint about an individual who is not alleged to have participated or been consulting in any of the challenged decisions on trial is irrelevant. Fed. R. Evid. 403 (prejudice) – for the same reason, admitting this testimony into evidence would serve only to confuse and mislead the jury, or waste time. Fed. R. Evid. 801, 802 (hearsay) – the testimony consists of information the witness heard second-hand, offered for its truth. |
| 127:6-128:4 | Fed. R. Evid. 602 (lack of personal knowledge) – the witness testified he knows nothing about years of experience and how it may have related to |

| | leveling, so his testimony about the impact that might have on the work performed lacks foundation.<br><br>Fed. R. Evid. 401 (relevance) – for the same reason, the witness's testimony as to whether "it" has any impact on the nature of the work he and Plaintiff performed is irrelevant.<br><br>Fed. R. Evid. 403 (prejudice) – for the same reason, the introduction of this testimony into evidence would serve only to confuse and mislead the jury, and waste time. |
|---|---|

### Benjamin Wilson (Dec. 2, 2020)

| 4:2-6 | The designated text is not testimony. |
|---|---|
| 18:2-8 | Fed. R. Evid. 106 (remainder of recorded statement required) – Plaintiff should be required to include the full question and answer for appropriate context (Tr. 17:19-18:8). |
| 37:19 - 38:11 | Fed. R. Evid. 401 (relevance) – what the witness's prior employer paid him for the job he held prior to joining Google has no bearing whatsoever on the issue to be tried, which is whether compensation decisions with respect to Plaintiff were motivated sex.<br><br>Fed. R. Evid. 403 (prejudice) – this testimony cannot possibly make any fact of consequence in this trial more or less likely, and will serve only to confuse or mislead the jury, or waste time. |
| 44:4-15 | Fed. R. Evid. 401 (relevance) – whether the witness knew what Mr. Eryurek's role and title was during his interview process, and the witness's opinion as to whether Mr. Eryurek's role was similar to the one for which the witness was interviewing, has no bearing on the issue to to tried, which is whether those involved in the decision to hire Plaintiff at L8 were motivated by sex.<br><br>Fed. R. Evid. 403 (prejudice) – for the same reasons, the testimony would serve only to confuse or mislead the jury, or waste time, if admitted. |
| 58:15-18 | Fed. R. Evid. 106 (remainder of relevant testimony required) – Plaintiff's designation begins in the middle of the witness's answer and lacks context. Even if Plaintiff includes the entire question and |

| | |
|---|---|
| | answer, Defendant objects on the grounds of Fed. R. Evid. 401 (relevance) - the witness is reading from a job description "about an AI role which I did not apply for and did not take a job of." (Tr. 56:2-58:15.) There is no dispute that the document about which the witness is testifying is not the job description associated with the Technical Director role Plaintiff held at Google.<br><br>Fed. R. Evid. 403 (prejudice) - for the same reasons, the testimony would serve only to confuse or mislead the jury, or waste time, if admitted. |
| 59:21-60:17 | Fed. R. Evid. 106 (remainder of relevant testimony required) – Plaintiff's designation fails to make clear the document about which the witness is testifying. If Plaintiff includes Tr. 58:19-59:11 so the jury is not confused or misled into thinking the witness is testifying about a different document, Google will remove its objection. If Plaintiff will not amend her designation accordingly, Defendant objects on the grounds of Fed. R. Evid. 403 (prejudice) - failure to identify the document about which the witness is testifying—particularly when the preceding testimony identifies a *different* job description—will confuse and mislead the jury. |
| 67:13-15 | Fed. R. Evid. 401 (relevance) - which employees the witness considered his "peers" is irrelevant given he did not participate in any challenged decisions in this case, including the decision to hire Plaintiff as an L8 rather than an L9.<br><br>Fed. R. Evid. 403 (prejudice) - testimony in response to a vague question about those people the witness considers his "peers" in OCTO has no bearing on whether the individuals who recommended she be hired as an L8 intentionally discriminated against Plaintiff on the basis of her sex, nor is it evidence that Plaintiff was actually performing work substantially equal to the witness or anyone else. Therefore, its introduction into evidence will serve only to mislead or confuse the jury, and waste time. |
| 69:5-15 | Fed. R. Evid. 401 (relevance) - the witness had no involvement in the decision to hire Plaintiff at L8 or set her compensation. When or whether he became aware of the level at which other employees were hired does not make it more or less likely that the leveling or compensation |

| | |
|---|---|
| | decisions with respect to Plaintiff were motivated by sex.<br>Fed. R. Evid. 403 (prejudice) - for the same reasons, the testimony would serve only to confuse or mislead the jury, or waste time. |
| 77:10-19 | Fed. R. Evid. 401 (relevance) - There is no evidence that the witness was involved in or consulted with respect to any of the challenged decisions in this case, including whether to offer Plaintiff the Financial Services Vertical Lead role in Tariq Shaukat's organization. His opinion as to Plaintiff's qualifications for that role or any other role has no bearing on the issues to be tried. The witness also expressly disavows sufficient knowledge to answer the question posed.<br>Fed. R. Evid. 403 (prejudice) - For those same reasons, the testimony would serve only to confuse or mislead the jury, or waste time. |
| 92:15-93:14 | Fed. R. Evid. 602 (lack of personal knowledge) - Plaintiff has not asserted, nor can she establish through testimony, that the witness participated in any decision to hire Plaintiff, determine her compensation or level, supervise her, or direct and evaluate her work. Accordingly, his opinion of Plaintiff's background, qualifications, and performance is not based on personal knowledge and he lacks the necessary foundation to testify about these topics.<br>Fed. R. Evid. 401 (relevance) - the witness was not involved or consulted in any of the challenged decisions to be tried, including the decision to hire Plaintiff as an L8 as opposed to an L9. What he understood or believed her educational and professional background to be is irrelevant and has no tendency to make any fact of consequence more or less likely.<br>Fed. R. Evid. 403 (prejudice) - for the same reasons, admitting this testimony into evidence would serve only to confuse and mislead the jury, and waste time. |
| 94:6-95:7<br>96:18-97:2 | Fed. R. Evid. 401 (relevance) - because the witness was not involved or consulted in any of the challenged decisions to be tried, his opinion on these matters is irrelevant.<br>Fed. R. Evid. 403 (prejudice) - for these same reasons, introduction of this testimony into |

| | evidence will serve only to confuse or mislead the jury, or waste time. |
|---|---|
| 97:7-98:9 | Fed. R. Evid. 801, 802 (hearsay) – the testimony recounts an out of court statement offered for the truth of the matter asserted. |
| 109:24-111:24 | Fed. R. Evid. 401 (relevance) - the witness was not involved in or consulted in any challenged decision to be tried, including the decision(s) to level any of the individuals mentioned. Therefore, what he knew or believed he knew about their backgrounds and education is irrelevant.<br>Fed. R. Evid. 403 (prejudice) - for the same reasons, this testimony would serve only to confuse or mislead the jury, or waste time, if admitted |
| 145:23-147:22 | Fed. R. Evid. 801, 802 (hearsay) – the testimony recounts an out of court statement offered for the truth of the matter asserted. |
| 148:2-9 | Fed. R. Evid. 801, 802 (hearsay) – the testimony recounts an out of court statement offered for the truth of the matter asserted. |
| 168:4-7 | Fed. R. Evid. 801, 802 (hearsay) – the testimony recounts an out of court statement offered for the truth of the matter asserted. |
| 169:5-7 | Fed. R. Evid. 401 (relevance) - whether the witness was ever contacted by Employee Relations in connection with an investigation into complaints about decisions in which he played no role or was not consulted has no bearing on whether the decisions themselves were motivated by sex.<br>Fed. R. Evid. 403 (prejudice) – for the same reasons, introduction of this testimony into evidence would serve only to confuse or mislead the jury, or waste time. |
| 169:15-170:9 | Fed. R. Evid. 401 (relevance) - whether the witness was ever contacted by Employee Relations in connection with an investigation into complaints about decisions in which he played no role or was not consulted has no bearing on whether the decisions themselves were motivated by sex.<br>Fed. R. Evid. 403 (prejudice) – for the same reasons, introduction of this testimony into evidence would serve only to confuse or mislead the jury, or waste time. |

| 171:20-173:17 | Fed. R. Evid. 401 (relevance) – Ms. Bennett's level is not at issue in this case, so any discussions the witness had with Ms. Bennett about their respective levels are irrelevant to whether the decision to hire Plaintiff as an L8 was motivated by sex. Fed. R. Evid. 403 (prejudice) – for the same reasons, introduction of this testimony into evidence would serve only to confuse or mislead the jury, or waste time. |

## I.   PROPOSED EXHIBITS AND DEMONSTRATIVE AIDS

### 1.   Parties' Stipulation as to Demonstrative Aids

The Parties stipulated to exchanging demonstrative aids by July 21, 2023, three weeks in advance of the trial conference previously scheduled for August 14, 2023. (*See* ECF 303.) Both Parties submitted copies of their intended demonstratives to the Court on July 21, 2023, via email to Chambers. The Parties raised objections to demonstratives on August 4, 2023.

### 2.   Plaintiff's Proposed Exhibits

Plaintiff's Proposed Exhibits are attached as Appendix A to this Joint Pre-trial Order. Plaintiff believes that the admission of documents to which there are no objections, without the necessity of introducing documents through a competent witness with personal knowledge pursuant to Fed. R. Evid. 602, will be more efficient than what Defendant proposes.

### 3.   Defendant's Proposed Exhibits

Defendant's Proposed Exhibits are attached as Appendix B to this Joint Pre-trial Order. If the Court will rule on the admissibility of exhibits before trial, Defendant seeks clarification as to whether evidence deemed admissible will be affirmatively admitted

into evidence at the start of the trial. It is Defendant's understanding and preference that each party introduce documents into evidence through a competent witness with personal knowledge pursuant to Fed. R. Evid. 602, unless unique circumstances dictate or the parties stipulate otherwise.

Consistent with the Court's Order dated January 13, 2023 (ECF 292), Defendant has removed objections to its trial exhibits and trial testimony to the extent that the Court ruled on the admissibility of the specific exhibit/testimony, or the subject matter covered by that exhibit/testimony. In doing so, Defendant is not waiving or abandoning those objections, all of which have previously been asserted in the initial Joint Pre-trial Order submitted on December 12, 2022 (ECF 285) and in Defendant's motions *in limine* (ECF 234, 236).

**4.      Exhibits for Purposes of Trial**

The parties have previously submitted their respective exhibits to the Court in the format required by the Court's Individual Rules and Practices in Civil Cases, Rule 7.D. The exhibits have been numbered to facilitate their use at trial.  The parties have indicated their request for an advance ruling on contested exhibits with a notation in Appendices A and B. To the extent that any exhibits for which either party has asserted a hearsay objection are admitted into evidence for a purpose other than to prove the truth of the out-of-court statement, the parties respectfully request the Court provide a cautionary instruction to the jury regarding the purpose for which the exhibit has been admitted.

**J.      WRITTEN DISCOVERY RESPONSES**

1. Defendant Google LLC's Objections and Responses to Plaintiff's First set of Requests for Admission, January 25, 2021.

2. Plaintiff Ulku Rowe's Responses and Objections to Google's First Set of
   Interrogatories, dated February 20, 2020.

## K.    LIST OF MOTIONS *IN LIMINE*

Judge Schofield's order on the parties' motions *in limine* is attached hereto as Appendix C. (*See* ECF 295 ("Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the reassignment.").) To the extent either party believes the Order on the motions *in limine* render any exhibit or designated deposition testimony inadmissible, those objections are reflected in Appendices A and B and above in section H.3, respectively.

### 1.    Plaintiff's Motions *in Limine*

   a.   Motion One: Plaintiff's Motion *in Limine* to Exclude Evidence
        Concerning Defendant's Consideration of Other Rejected Candidates for
        Financial Services Vertical Lead Role (ECF No. 238)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | ENG BATES |
|---------|------------|-----------|
| D55 | GOOG-ROWE-00059007 | GOOG-ROWE-00059012 |
| D65 | GOOG-ROWE-00056487 | GOOG-ROWE-00056488 |
| D45 | GOOG-ROWE-00017721 | GOOG-ROWE-00017721 |
| D80 | GOOG-ROWE-00017873.R | GOOG-ROWE-00017875.R |
| D71 | GOOG-ROWE-00062337 | GOOG-ROWE-00062344 |
| D72 | GOOG-ROWE-00063421 | GOOG-ROWE-00063424 |
| D73 | GOOG-ROWE-00061871 | GOOG-ROWE-00061872 |
| D74 | GOOG-ROWE-00082370 | GOOG-ROWE-00082372 |

Court Order on Plaintiff's Motion *in Limine*, Motion One: "Plaintiff's motion to exclude evidence of other candidates for the FSVL role for which she was not hired is DENIED, as this evidence is part of the

31

factual background relevant under Rule 401 to show whether Defendant acted with discriminatory or retaliatory intent." (ECF 292 at ¶ 3.)

b. Motion Two: Plaintiff's Motion *in Limine* to Exclude Hearsay Evidence Concerning Plaintiff's Candidacy for the Financial Services Vertical Lead Role (ECF No. 240)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|------------|-----------|
| D62 | GOOG-ROWE-00017533 | GOOG-ROWE-00017538 |

Court Order on Plaintiff's Motion *in Limine*, Motion Two: "Plaintiff's motion to exclude as hearsay evidence of oral feedback from interviewers is DENIED, as the evidence is offered for its effect on Defendant's hiring manager and not for the truth. *See* Rule 802. Plaintiff may submit a joint proposed limiting instruction to this effect at the time the evidence is presented." (ECF 292 at ¶ 4.)

c. Motion Three: Plaintiff's Motion *in Limine* to Exclude Evidence Concerning Yolanda Piazza or Defendant's Consideration or Selection of Candidates for the Vice President – Financial Services, Sales Role (ECF No. 242)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|------------|-----------|
| D70 | GOOG-ROWE-00055394.R | GOOG-ROWE-00055418.R |
| D79 | GOOG-ROWE-00078164 | GOOG-ROWE-00078169 |
| D76 | GOOG-ROWE-00082359 | GOOG-ROWE-00082366 |
| D77 | GOOG-ROWE-00082356 | GOOG-ROWE-00082358 |
| D78 | GOOG-ROWE-00082351 | GOOG-ROWE-00082355 |

Court Order on Plaintiff's Motion *in Limine*, Motion Three: "Plaintiff's motion to exclude evidence of other candidates for the VP-FS role for which she was not interviewed is DENIED, as the evidence is relevant

under Rule 401 to whether Defendant acted with retaliatory intent, and Plaintiff as not been prejudiced by the timeliness (or not) of the production of related documents." (ECF 292 at ¶ 5.)

d.   Motion Four: Plaintiff's Motion *in Limine* to Exclude Evidence Concerning the Level 8 Technical Directors (ECF No. 244)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|------------|-----------|
| D43 | GOOG-ROWE-00063979 | GOOG-ROWE-00064012 |
| D44 | GOOG-ROWE-00063516 | GOOG-ROWE-00063589 |
| D68 | GOOG-ROWE-00065032 | GOOG-ROWE-00065090 |
| D69 | GOOG-ROWE-00064910 | GOOG-ROWE-00064968 |

Court Order on Plaintiff's Motion *in Limine*, Motion Four: "Plaintiff's motion to exclude evidence of leveling determinations of male L8 Directors is DENIED because it is relevant under Rule 401 to show whether Plaintiff, who was hired as a Technical Director as an L8, was treated less well than similarly situated men, and whether Plaintiff was more like others hired at L8 than those leveled at L9. For the same reason, the evidence will not confuse the jury with extraneous or irrelevant information." (ECF 292 at ¶ 6.)

e.   Motion Five: Plaintiff's Notice of Motion to Be Permitted to Ask Leading Questions During the Direct Examination of Defendant's Current and Former Employees (ECF No. 246)

Court Order on Plaintiff's Motion *in Limine*, Motion Five: "Plaintiff's motion to permit leading questions or Defendant's employees as hostile witnesses is DENIED in part and GRANTED in part as follows: Plaintiff may treat as hostile witnesses (1) Defendant's current employees because Defendant does not object to Plaintiff's doing so, (2) Tariq Shaukat because Plaintiff accuses him of discriminatory conduct that is in part the basis for this action and (3) any former employee who at the time of trial is represented by defense counsel and who participates with defense counsel in preparing their testimony. The motion is denied as to any remaining employees. At least three weeks prior to the

commencement of trial, defense counsel shall identify for Plaintiff any former employees as to whom the motion is denied." (ECF 292 at ¶ 7.)

f.  Motion Six: Plaintiff's motion to preclude Defendant from calling Dave Rensin as a witness is DENIED to the extent that Defendant may question Rensin about (1) the TSC Job Ladder generally and what it represents, but not in reference to Plaintiff or any other particular employee, and (2) any feedback from his interview of Plaintiff that he provided to those who made her leveling decision, not to be offered for the truth, but as information that was considered. As to item (2), Plaintiff may submit a joint proposed limiting instruction at the time the evidence is presented.

## 2.  Defendant's Motions *in Limine*

a.  Defendant Google LLC's Motion *in Limine* Regarding Evidence of Leveling Determinations (ECF No. 234)

The following documents on Plaintiff's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|------------|-----------|
| P15 | GOOG-ROWE-00059224 | GOOG-ROWE-00059229 |
| P52 | GOOG-ROWE-00059824 | GOOG-ROWE-00059829 |

Court Order on Defendant's Motion *in Limine* Regarding Evidence of Leveling Determinations: "Defendant's motion to exclude evidence of 'leveling determinations,' outside of Level 8 and 9 Technical Directors in the Office of the CTO, is DENIED to the extent that Plaintiff may introduce evidence of (1) leveling decisions by Tariq Shaukat, whom Plaintiff alleges treated her in a discriminatory manner and (2) re-leveling decisions to illustrate that re-leveling was possible. This evidence is relevant under Rule 401 to show whether Plaintiff was treated in a discriminatory manner and with discriminatory intent. Defendant has not articulated any unfair prejudice or jury confusion, and any time spent on Defendant's contrary evidence is not waste time and is outweighed by the probative value of this evidence." (ECF 292 at ¶ 1.)

Plaintiff argues that Exhibit P15 does not relate to this motion as it is not a leveling determination, it is an internal discussion of a ladder transfer. Plaintiff further argues that P52 is admissible because it is not a leveling determination, and even if the Court determines it was, it was made by Tariq Shaukat.

b. Defendant Google LLC's Notice of Motion *in Limine* to Exclude Evidence of Other Employee Complaints (ECF No. 236)

The following documents on Plaintiff's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|-----------|-----------|
| P18 | GOOG-ROWE-00056473 | GOOG-ROWE-00056476 |
| P39 | GOOG-ROWE-P-00001200 | GOOG-ROWE-P-00001201 |
|  | GOOG-ROWE-00060592 | GOOG-ROWE-00060593 |
| P58 | P001591 | P001603 |
| P105 | GOOG-ROWE-00058542 | GOOG-ROWE-00058555 |

Court Order on Defendant's Motion *in Limine* to Exclude Evidence of Other Employee Complaints: "Defendant's motion to exclude evidence of other employees' complaints of alleged unfair treatment by Defendant is GRANTED in part and DENIED in part. Evidence concerning the following is excluded under Rule 403 as the evidence has limited, if any, probative value and is likely to confuse the jury in a way that will prejudice Defendant: (1) the *Haggan* and *Ellis* class actions, which were settled and did not include Plaintiff within the class, (2) protests principally concerning sexual harassment, which is not at issue in this case, and the resulting 2018 walkout and (3) a gender complaint against Stuart Breslow that did not involve plaintiff. Evidence of the following is permitted: (1) the December 2019 complaint of a Level 6 employee was no re-leveled to Level 7, to show that re-leveling was possible." (ECF 292 at ¶ 2.)

Plaintiff argues that Exhibit P18 does not relate to this motion because it is not an employee complaint. Plaintiff has removed Exhibits P39 and P58 from her exhibit list. Plaintiff further argues that P105 is admissible per the Court's ruling above (the complaint of a Level 6 employee was no re-leveled to Level 7, to show that re-leveling was possible.)

## L.   STIPULATIONS OF UNCONTESTED FACTS

There are no stipulations of uncontested facts.

**M.     STATEMENT OF DAMAGES**

Plaintiff seeks those damages to which she is entitled under New York Labor Law and New York City Human Rights Law, including backpay, liquidated damages, compensatory damages, and punitive damages. These damages will be supported by Plaintiff's own testimony and that of her economic expert, Nora Ostrofe.

Plaintiff's economic losses through July 2023 are approximately $10.9 million. Of this amount, approximately $3.68 million is for liquidated damages on the portion of back-pay related to Equal Pay Law claims and approximately $287,000 is for pre-judgment interest.

Plaintiff seeks emotional distress damages of $300,000.00.

Plaintiff seeks punitive damages in an amount to be determined by the jury as necessary to punish and deter Google from such unlawful behavior, consistent with constitutional limitations.

Plaintiff seeks attorneys' fees and costs for all work performed in connection with the case, including post-trial work and work related to the fee application. Plaintiff's attorneys' fees are presently approximately $3.01 million.

Plaintiff seeks reimbursement of costs, which are presently: approximately $122,000. Defendant denies that Plaintiff is entitled to any of the relief she seeks.

**OTHER RELIEF**

Plaintiff seeks the following additional relief:

a)  Declare that Defendant's actions are violative of the law;

b)  Enjoin and permanently restrain these violations of the law;

c)  Direct Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment opportunities.

d) Direct Defendant to instate Plaintiff into the position she was denied or a comparable position, or in the alternative, set Plaintiff's compensation and benefits at a comparable level to that position;

e) Award Plaintiff the number of Google shares she was unlawfully denied;

f) Award Plaintiff damages to compensate for any adverse tax consequences;

g) Award pre-judgment interest at the statutory rate of 9%;

h) Award Plaintiff attorneys' fees, costs, and disbursements pursuant to applicable law; and

i) Award such other legal and equitable relief as this Court deems necessary, just, and proper.

Defendant denies that Plaintiff is entitled to any of the relief she seeks.

## N.    UNANIMOUS VERDICT

The parties do not consent to less than a unanimous verdict.


Dated: September 18, 2023                    Respectfully submitted,

By: ___s/ *Cara E. Greene*___               By: ___s/ *Sara B. Tomezsko*___

Cara E. Greene                              Kenneth W. Gage
Gregory S. Chiarello                        Sara B. Tomezsko
Shira Z. Gelfand                            Kaveh Dabashi
**OUTTEN & GOLDEN LLP**                     **PAUL HASTINGS LLP**
685 Third Avenue, 25th Floor                200 Park Avenue
New York, NY 10017                          New York, NY 10166
Telephone: (212) 245-1000                   (212)-318-6000
Facsimile: (646) 509-2071                   Fax: 212-918-4090
ceg@outtengolden.com                        kennethgage@paulhastings.com
gchiarello@outtengolden.com                 saratomezsko@paulhastings.com
sgelfand@outtengolden.com                   kavehdabashi@paulhastings.com


*Attorneys for Plaintiff*                   *Attorneys for Defendant*
*Ulku Rowe*                                 *Google LLC*

# Appendix A

## Appendix A – Plaintiff's Proposed Exhibits

| Advanced Ruling Requested? | Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|---|
| Y | * | P1 | P000751 | P000751 | Fed. R. Evid. 401 – How Plaintiff's prior employer chose to compensate her is irrelevant to Plaintiff's claims against Google. |
| Y | | P2 | P001743 | P001745 | Fed. R. Evid. 401, 403 – an opinion piece that pre-dates Plaintiff's hiring is irrelevant to Plaintiff's claims against Google; it is not authored by anyone involved in the challenged decisions and will only serve to confuse the jury and waste time. |
| | ** | P3 | GOOG-ROWE-00055477 | GOOG-ROWE-00055479 | |
| | ** | P4 | P000434 | P000438 | |
| | ** | P5 | GOOG-ROWE-00017341.R | GOOG-ROWE-00017352.R | |
| Y | | P6 | P000736 | P000736 | Fed. R. Evid. 401, 403 – an image of Ms. Rowe posted to social media has no tendency to make the existence of any fact of consequence in this trial more or less probable; its introduction will only result in undue delay. |
| | * | P7 | GOOG-ROWE-00058796 | 0091_GOOG-ROWE-00058799 | Fed. R. Evid. 801, 802 – descriptions of out-of-court statements allegedly made by Will Grannis, Brian Stevens, and others are offered for their truth. |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P8 | GOOG-ROWE-00017356 | GOOG-ROWE-00017358 | |
| | ** | P9 | GOOG-ROWE-00017375.R | GOOG-ROWE-00017378.R | None |
| | ** | P10 | GOOG-ROWE-00017379.R | GOOG-ROWE-00017381.R | None |
| | * | P11 | P001586 | P001586 | Fed. R. Evid. 801, 802 – to the extent Plaintiff offers the out-of-court statements allegedly made by Melissa Lawrence for the truth of what she allegedly said to Plaintiff; Defendant does not object to the portions of the document that reflect Plaintiff's statements and/or impressions, which are admissible for their truth as admissions pursuant to Fed. R. Evid. 801(d)(2). |
| | ** | P12 | GOOG-ROWE-00017401.RR | GOOG-ROWE-00017405.RR | |
| | ** | P13 | GOOG-ROWE-00017406 | GOOG-ROWE-00017407 | |
| | ** | P14 | GOOG-ROWE-00058866 | GOOG-ROWE-00058867 | |
| Y | * | P15 | GOOG-ROWE-00059224 | GOOG-ROWE-00059229 | The document is inadmissible per Judge Schofield's ruling on Defendant's motion *in limine*. (ECF 292 ¶ 1.) This document falls into neither of the two narrow categories of permissible evidence |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | of leveling determinations outside of Level 8 and 9 Technical Directors in the Office of the CTO. Fed. R. Evid. 401, 403 – Discussions concerning performance and leveling of an unrelated third-party seeking to transfer job ladders is irrelevant to any of the challenged decisions regarding Plaintiff's leveling, and its introduction will only serve to confuse and mislead the jury. |
| | ** | P16 | GOOG-ROWE-00017410 | GOOG-ROWE-00017411 | |
| Y | * | P17 | GOOG-ROWE-00059503 | GOOG-ROWE-00059508 | Google acknowledges that Judge Schofield did not specifically reference this exhibit in her ruling on Defendant's motion *in limine*. (ECF 292.) However, this document should also be inadmissible for the reasons set forth in ¶ 2 of that Order (granting motion in part to exclude evidence of other employees' complaints of alleged unfair treatment). Fed. R. Evid. 401, 403 – alleged statements by another employee regarding her own compensation negotiations are not facts of consequence in determining Plaintiff's claims at trial. Nor do they have any logical tendency to make Plaintiff's claims more or less probable, and their introduction into evidence serves only to confuse and mislead the jury, or waste time. Fed. R. Evid. 801, 802 – to the extent Plaintiff intends to offer Will Grannis' out of court statement about what he heard from a third-party employee for its truth. |

| | | | | | |
|---|---|---|---|---|---|
| **Y** | * | P18 | GOOG-ROWE-00056473 | GOOG-ROWE-00056476 | Google acknowledges that Judge Schofield did not specifically reference this exhibit in her ruling on Defendant's motion *in limine*. (ECF 292.) However, this document should also be inadmissible for the reasons set forth in ¶ 2 of that Order (granting motion in part to exclude evidence of other employees' complaints of alleged unfair treatment).<br>Fed. R. Evid. 801, 802 – to the extent the alleged out-of-court statements by Will Grannis and others are offered for their truth. |
| | ** | P19 | GOOG-ROWE-P-00000714 | GOOG-ROWE-P-00000714 | |
| | ** | P20 | GOOG-ROWE-00017417.R | GOOG-ROWE-00017417.R | |
| | ** | P21 | GOOG-ROWE-00017425 | GOOG-ROWE-00017426 | |
| | ** | P22 | GOOG-ROWE-00017431 | GOOG-ROWE-00017432 | |
| | ** | P23 | GOOG-ROWE-00017427 | GOOG-ROWE-00017428 | |
| | ** | P24 | GOOG-ROWE-00017429 | GOOG-ROWE-00017430 | |

| | ** | P25 | GOOG-ROWE-P-00000726 | GOOG-ROWE-P-00000727 | |
| | ** | P26 | GOOG-ROWE-P-00000729 | GOOG-ROWE-P-00000730 | |
| | ** | P27 | P000705 | P000706 | |
| | ** | P28 | GOOG-ROWE-P-00000742 | GOOG-ROWE-P-00000743 | |
| | ** | P29 | GOOG-ROWE-P-00000762 | GOOG-ROWE-P-00000763 | |
| | ** | P30 | GOOG-ROWE-00017443 | GOOG-ROWE-00017443 | |
| | ** | P31 | GOOG-ROWE-P-00000821 | GOOG-ROWE-P-00000821 | |
| | ** | P31 (cont.) | GOOG-ROWE-P-00004550 | GOOG-ROWE-P-00004552 | |
| | ** | P32 | GOOG-ROWE-00017446 | GOOG-ROWE-00017447 | |

| | * | P33 | GOOG-ROWE-00017459 | GOOG-ROWE-00017464 | Fed. R. Evid. 801, 802 – to the extent that Plaintiff offers the alleged out-of-court statements by Brian Stevens for their truth. |
|---|---|---|---|---|---|
| | ** | P34 | GOOG-ROWE-00017465 | GOOG-ROWE-00017469 | |
| | ** | P35 | GOOG-ROWE-00017515 | GOOG-ROWE-00017517 | |
| | ** | P36 | GOOG-ROWE-00017518 | GOOG-ROWE-00017519 | |
| | ** | P37 | GOOG-ROWE-00017507 | GOOG-ROWE-00017508 | |
| | ** | P38 | GOOG-ROWE-00017532 | GOOG-ROWE-00017532 | |
| | | P39 | None | None | Exhibit intentionally left blank |
| | ** | P40 | GOOG-ROWE-00017554 | GOOG-ROWE-00017554 | |
| | ** | P41 | GOOG-ROWE-00054145 | GOOG-ROWE-00054145 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P42 | GOOG-ROWE-P-00001229 | GOOG-ROWE-P-00001229 | |
| | ** | P43 | GOOG-ROWE-00017555 | GOOG-ROWE-00017557 | |
| | ** | P44 | GOOG-ROWE-00017563 | GOOG-ROWE-00017564 | |
| | ** | P45 | GOOG-ROWE-00017565.R | GOOG-ROWE-00017566.R | |
| **Y** | * | P46 | GOOG-ROWE-00058307 | GOOG-ROWE-00058307 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058308 | GOOG-ROWE-00058308 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058309 | GOOG-ROWE-00058309 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| | | | | | |
|---|---|---|---|---|---|
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058310 | GOOG-ROWE-00058310 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058311 | GOOG-ROWE-00058311 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058312 | GOOG-ROWE-00058312 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058313 | GOOG-ROWE-00058313 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058317 | GOOG-ROWE-00058317 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058321 | GOOG-ROWE-00058321 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these |

| | | | | | documents are therefore unnecessarily cumulative. |
|---|---|---|---|---|---|
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058325 | GOOG-ROWE-00058325 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058326 | GOOG-ROWE-00058326 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058330 | GOOG-ROWE-00058330 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058334 | GOOG-ROWE-00058334 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058338 | GOOG-ROWE-00058338 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| | | | | | |
|---|---|---|---|---|---|
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058342 | GOOG-ROWE-00058342 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058346 | GOOG-ROWE-00058346 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058350 | GOOG-ROWE-00058350 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058354 | GOOG-ROWE-00058354 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058358 | GOOG-ROWE-00058358 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058362 | GOOG-ROWE-00058362 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 | GOOG-ROWE-00058315 | GOOG-ROWE-00058315 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058319 | GOOG-ROWE-00058319 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058323 | GOOG-ROWE-00058323 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058327 | GOOG-ROWE-00058327 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058331 | GOOG-ROWE-00058331 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| | | | | | |
|---|---|---|---|---|---|
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058336 | GOOG-ROWE-00058336 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058340 | GOOG-ROWE-00058340 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058345 | GOOG-ROWE-00058345 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058349 | GOOG-ROWE-00058349 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058353 | GOOG-ROWE-00058353 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058356 | GOOG-ROWE-00058356 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058361 | GOOG-ROWE-00058361 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058363 | GOOG-ROWE-00058363 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058367 | GOOG-ROWE-00058367 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058371 | GOOG-ROWE-00058371 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058373 | GOOG-ROWE-00058373 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| | | | | | |
|---|---|---|---|---|---|
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058375 | GOOG-ROWE-00058375 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058378 | GOOG-ROWE-00058378 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 | GOOG-ROWE-00058314 | GOOG-ROWE-00058314 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058318 | GOOG-ROWE-00058318 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058322 | GOOG-ROWE-00058322 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058328 | GOOG-ROWE-00058328 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058332 | GOOG-ROWE-00058332 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058335 | GOOG-ROWE-00058335 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058339 | GOOG-ROWE-00058339 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058344 | GOOG-ROWE-00058344 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058347 | GOOG-ROWE-00058347 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| | | | | | |
|---|---|---|---|---|---|
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058352 | GOOG-ROWE-00058352 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058357 | GOOG-ROWE-00058357 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058360 | GOOG-ROWE-00058360 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058364 | GOOG-ROWE-00058364 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058368 | GOOG-ROWE-00058368 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058370 | GOOG-ROWE-00058370 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these |

| | | | | | documents are therefore unnecessarily cumulative. |
|---|---|---|---|---|---|
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058374 | GOOG-ROWE-00058374 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058377 | GOOG-ROWE-00058377 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058379 | GOOG-ROWE-00058379 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 | GOOG-ROWE-00058316 | GOOG-ROWE-00058316 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058320 | GOOG-ROWE-00058320 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Y | * | P49 (cont.) | GOOG-ROWE-00058324 | GOOG-ROWE-00058324 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P49 (cont.) | GOOG-ROWE-00058329 | GOOG-ROWE-00058329 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P49 (cont.) | GOOG-ROWE-00058333 | GOOG-ROWE-00058333 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P49 (cont.) | GOOG-ROWE-00058337 | GOOG-ROWE-00058337 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P49 (cont.) | GOOG-ROWE-00058341 | GOOG-ROWE-00058341 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P49 (cont.) | GOOG-ROWE-00058343 | GOOG-ROWE-00058343 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058348 | GOOG-ROWE-00058348 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058351 | GOOG-ROWE-00058351 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058355 | GOOG-ROWE-00058355 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058359 | GOOG-ROWE-00058359 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058365 | GOOG-ROWE-00058365 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| | | | | | |
|---|---|---|---|---|---|
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058366 | GOOG-ROWE-00058366 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058369 | GOOG-ROWE-00058369 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058372 | GOOG-ROWE-00058372 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058376 | GOOG-ROWE-00058376 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058380 | GOOG-ROWE-00058380 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| | ** | P50 | GOOG-ROWE-00056552 | GOOG-ROWE-00056555 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P51 | GOOG-ROWE-00017568 | GOOG-ROWE-00017568 | |
| Y | * | P52 | GOOG-ROWE-00059824 | GOOG-ROWE-00059829 | This document should be deemed inadmissible for the reasons set forth in ECF 292 ¶ 1 (denying motion in part to permit evidence of "leveling decisions by Tariq Shaukat, whom Plaintiff alleges treated her in a discriminatory manner"). This document reflects another employee's out-of-court statements about the leveling process generally, and does not fall into that narrow universe of permissible evidence. On its face, the exhibit is clear that no leveling determination is being made—in fact, the potential candidate had not even interviewed. Fed. R. Evid. 401, 403 – Discussions concerning performance and leveling of an unrelated third-party is irrelevant to any of the challenged decisions regarding Plaintiff's leveling, no one on the email was involved in Plaintiff's challenged leveling decision, and its introduction will only serve to confuse and mislead the jury. |
| | ** | P53 | GOOG-ROWE-00017583 | GOOG-ROWE-00017584 | |
| | ** | P54 | GOOG-ROWE-P-00001737 | GOOG-ROWE-P-00001737 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P55 | GOOG-ROWE-00017589 | GOOG-ROWE-00017591 | |
| Y | * | P56 | GOOG-ROWE-00017594 | GOOG-ROWE-00017595 | Fed. R. Evid. 401, 403 – Mr. Vardaman did not participate in any compensation planning decisions, so his thoughts regarding compensation are irrelevant and will serve only to confuse or mislead the jury. |
| Y | * | P57 | GOOG-ROWE-00017998 | GOOG-ROWE-00018001 | Fed. R. Evid. 801, 802 – statements made to an Employee Relations investigator are alleged out-of-court statements offered for their truth. |
| | | P58 | None | None | Exhibit intentionally left blank |
| | ** | P59 | GOOG-ROWE-00017598 | GOOG-ROWE-00017598 | |
| | ** | P60 | GOOG-ROWE-00017599 | GOOG-ROWE-00017602 | |
| | ** | P61 | GOOG-ROWE-00017624 | GOOG-ROWE-00017632 | |
| | ** | P62 | GOOG-ROWE-00017634.R | GOOG-ROWE-00017637.R | |
| | ** | P63 | GOOG-ROWE-00017638 | GOOG-ROWE-00017638 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P64 | GOOG-ROWE-00017639 | GOOG-ROWE-00017639 | |
| | ** | P65 | GOOG-ROWE-00056880 | GOOG-ROWE-00056889 | |
| | ** | P66 | GOOG-ROWE-00017642 | GOOG-ROWE-00017642 | |
| | ** | P67 | GOOG-ROWE-00017643 | GOOG-ROWE-00017643 | |
| | ** | P68 | GOOG-ROWE-00017644 | GOOG-ROWE-00017647 | |
| | ** | P69 | GOOG-ROWE-00017722.RR | GOOG-ROWE-00017866.RR | |
| Y | * | P70 | GOOG-ROWE-00059939 | GOOG-ROWE-00059939 | Fed. R. Evid. 801, 802 – the document consists solely of alleged out-of-court statements offered to prove the truth of the matter asserted (*i.e.*, who an unrelated third-party who did not participate in any of the challenged decisions thought led the various industry verticals in Mr. Shaukat's organization); the fact that Mr. Shaukat is a recipient of the communication does not change that fact. |
| | ** | P71 | GOOG-ROWE-00057023 | GOOG-ROWE-00057024 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P72 | GOOG-ROWE-00059967 | GOOG-ROWE-00059969 | |
| | ** | P73 | GOOG-ROWE-00061580 | GOOG-ROWE-00061581 | |
| | | P74 | P000707 | P000709 | Fed. R. Evid. 801, 802 – to the extent that Plaintiff seeks to introduce alleged out-of-court statements by Ms. Kuhn and "Jess" to prove the truth of the matters asserted. Defendant asserts authenticity objections to portion of the document Bates labeled P000709 only. |
| | * | P75 | GOOG-ROWE-00017663 | GOOG-ROWE-00017663 | Fed. R. Evid. 801, 802 – to the extent that Plaintiff seeks to introduce the alleged out-of-court statement by "Stuart" to prove the truth of the matter asserted (i.e., the occurrence of a meeting). |
| | ** | P76 | P000659 | P000662 | |
| | | P76 (cont.) | P000752 | P000753 | Defendant objects solely on the grounds of authenticity. |
| | ** | P77 | GOOG-ROWE-00056890 | GOOG-ROWE-00056891 | |
| | ** | P78 | GOOG-ROWE-00056906 | GOOG-ROWE-00056909 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P79 | GOOG-ROWE-00017677 | GOOG-ROWE-00017679 | |
| | ** | P80 | GOOG-ROWE-00057053 | GOOG-ROWE-00057055 | |
| | ** | P81 | GOOG-ROWE-00017690 | GOOG-ROWE-00017690 | |
| | ** | P82 | GOOG-ROWE-00056682 | GOOG-ROWE-00056690 | |
| Y | * | P83 | GOOG-ROWE-00060418 | GOOG-ROWE-00060418 | Fed. R. Evid. 401, 403 – there is no evidence in the record that the email recipients were involved in any of the challenged decisions to be tried in this case; the introduction of this evidence will only confuse or mislead the jury, waste time, and is intended to harass. |
| Y | | P84 | P000683 | P000683 | Fed. R. Evid. 401, 403 – there is no evidence in the record that the recipient of the screen-shot chat message (which Defendant believes to be Leonard Law) was involved in any of the challenged decisions to be tried in this case; the introduction of this evidence will only confuse or mislead the jury and waste time. |
| | ** | P85 | GOOG-ROWE-00056734 | GOOG-ROWE-00056736 | |

| | | | | | |
|---|---|---|---|---|---|
| **Y** | * | P86 | GOOG-ROWE-00017873 | GOOG-ROWE-00017875 | Fed. R. Evid. 106 – the document is incomplete when presented in redacted form, and Plaintiff should be required to use the document at D80. |
| **Y** | * | P87 | GOOG-ROWE-00017710.R | GOOG-ROWE-00017712.R | Fed. R. Evid. 801, 802 – the document created by an unspecified author consists solely of alleged out-of-court statements to prove the truth of the matters asserted (*i.e.*, the performance of those referenced in the document). |
| | ** | P88 | GOOG-ROWE-00018014 | GOOG-ROWE-00018014 | |
| | ** | P89 | GOOG-ROWE-00018015 | GOOG-ROWE-00018015 | |
| **Y** | * | P90 | GOOG-ROWE-00018558 | GOOG-ROWE-00018559 | Fed. R. Evid. 401, 403 – there is no evidence in the record that Plaintiff sought, applied, or was considered for a role as a Technical Director on OCTO's Applied AI team; as such, the information is irrelevant to any of the challenged decisions to be tried, and its introduction serves only to confuse or mislead the jury, and waste time. |
| | | P91 | P000695 | P000697 | Fed. R. Evid. 801, 802 – this alleged reproduction of Mr. Breslow's LinkedIn profile is hearsay is offered to prove the truth of its contents. |
| | * | P92 | GOOG-ROWE-00060490 | GOOG-ROWE-00060495 | Fed. R. Evid. 602 – Plaintiff has not identified a witness to lay the foundation for introduction of this document into evidence or speak to the purpose for which it was created. |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P93 | GOOG-ROWE-00019205 | GOOG-ROWE-00019208 | |
| Y | * | P94 | GOOG-ROWE-00022669 | GOOG-ROWE-00022670 | Fed. R. Evid. 401, 403 – the leveling policy document is dated 2019, two years after Plaintiff's challenged leveling decision. It therefore could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse and mislead the jury. |
| Y | * | P95 | GOOG-ROWE-00026916 | GOOG-ROWE-00026917 | Fed. R. Evid. 401, 403 – the leveling policy document is dated 2019, two years after Plaintiff's challenged leveling decision. It therefore could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse and mislead the jury. |
| Y | * | P96 | GOOG-ROWE-00020117 | GOOG-ROWE-00020118 | Fed. R. Evid. 401, 403 – Plaintiff does not assert that she should have been promoted to Level 9 in the manner contemplated by this policy document, and she is estopped from advancing that argument now. Therefore, the substance of this document is irrelevant to the claims at issue, and its introduction into evidence serves only to confuse or mislead the jury. |
| | ** | P97 | GOOG-ROWE-00019740 | GOOG-ROWE-00019741 | |
| | ** | P98 | GOOG-ROWE-00019782 | GOOG-ROWE-00019786 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P99 | GOOG-ROWE-00030107 | GOOG-ROWE-00030112 | |
| | ** | P100 | GOOG-ROWE-00056764 | GOOG-ROWE-00056766 | |
| | ** | P101 | GOOG-ROWE-00060559 | GOOG-ROWE-00060562 | |
| Y | * | P102 | GOOG-ROWE-00052135 | GOOG-ROWE-00052135 | Fed. R. Evid. 401, 403 – the leveling policy document is dated 2020, three years after Plaintiff's challenged leveling decision. It therefore could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse and mislead the jury. |
| Y | * | P102B (SECOND P108) | GOOG-ROWE-00052153 | GOOG-ROWE-00052153 | Fed. R. Evid. 401, 403 – the leveling policy document is dated 2020, three years after Plaintiff's challenged leveling decision. It therefore could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse and mislead the jury. |
| | ** | P103 | GOOG-ROWE-00053767 | GOOG-ROWE-00053767 | |
| Y | | P104 | P000738 | P000738 | Fed. R. Evid. 401, 403 – the undated "article" about Plaintiff's alleged credentials has no bearing on the issues in this case, and there is no evidence that anyone at Google knew about or considered its contents when making any |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | decision as it relates to Plaintiff.  It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time.<br>Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| **Y** | | P104 (cont.) | P000739 | P000746 | Fed. R. Evid. 401, 403 – there is no evidence that anyone at Google knew about or considered the contents of this article when making any decision as it relates to Plaintiff.  It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time.<br>Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104 (cont.) | P000747 | P000748 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104 (cont.) | P000754 | P000762 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| **Y** | | P104 (cont.) | P000774 | P000780 | Fed. R. Evid. 401, 403 – the article about Plaintiff's alleged credentials has no bearing on the issues in this case, and there is no evidence that anyone at Google knew about or considered its contents when making any decision as it relates to Plaintiff.  It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104 (cont.) | P000781 | P000786 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104 (cont.) | P000787 | P000791 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| **Y** | | P104 (cont.) | P000792 | P000793 | Fed. R. Evid. 401, 403 – there is no evidence that anyone at Google knew about or considered the contents of this article when making any decision as it relates to Plaintiff.  It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time.<br>Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | * | P104 (cont.) | P000800 | P000802 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104 (cont.) | P000808 | P000813 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104 (cont.) | P000814 | P000824 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |

| | | | | | |
|---|---|---|---|---|---|
| | | P104 (cont.) | P000825 | P000826 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104 (cont.) | P000827 | P000830 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104 (cont.) | P000831 | P000850 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| **Y** | | P104 (cont.) | P000858 | P000862 | Fed. R. Evid. 401, 403 – there is no evidence that anyone at Google knew about or considered the contents of this article when making any decision as it relates to Plaintiff.  It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time. Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | * | P104 (cont.) | P000864 | P000864 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104 (cont.) | P000865 | P000866 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| **Y** | | P104 (cont.) | P000867 | P000870 | Fed. R. Evid. 401, 403 – there is no evidence that anyone at Google knew about or considered the contents of this article when making any decision as it relates to Plaintiff.  It is therefore irrelevant and its introduction into evidence |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | serves only to confuse or mislead the jury, and waste time.<br>Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | ** | P104 (cont.) | P000871 | P000873 | |
| | * | P104 (cont.) | P000876 | P000879 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | * | P105 | GOOG-ROWE-00058542 | GOOG-ROWE-00058555 | Google acknowledges that Judge Schofield ruled on the relevance of this exhibit in her Order on Defendant's motion *in limine*, but did not opine on the hearsay objections raised. (ECF 292 ¶ 2.) Fed. R. Evid. 801, 802 – the notes prepared during the investigation of the complaint consist solely of alleged out-of-court statements offered for the truth of the matters asserted. |
| | ** | P106 | GOOG-ROWE-00060571 | GOOG-ROWE-00060573 | |
| | ** | P107 | GOOG-ROWE-00055391 | GOOG-ROWE-00055393 | |
| Y | * | P108 | GOOG-ROWE-00056990 | GOOG-ROWE-00057014 | Fed. R. Evid. 801, 802 – the notes prepared during the investigation of the complaint consist solely of alleged out-of-court statements offered for their truth. |

| | ** | P109 | GOOG-ROWE-P-00004556 | GOOG-ROWE-P-00004556 | |
|---|---|---|---|---|---|
| | * | P110 | GOOG-ROWE-00055946 | GOOG-ROWE-00055998 | Fed. R. Evid. 401, 403 – the document is irrelevant unless Plaintiff can show that this is the version of one of Google's workplace trainings taken by one of the relevant decision makers in the case. |
| | ** | P111 | GOOG-ROWE-00056272 | GOOG-ROWE-00056273 | |
| | * | P112 | GOOG-ROWE-00056868 | GOOG-ROWE-00056874 | Fed. R. Evid. 801, 802 – the document consists of several alleged out-of-court statements offered to prove the truth of the matters asserted. |
| Y | | P113 | GOOG-ROWE-00060591 | GOOG-ROWE-00060591 | Fed. R. Evid. 401, 403 – the excel spreadsheet contains compensation information for Plaintiff's alleged comparators for years or partial years for which they indisputably performed roles other than L8 or L9 Technical Directors in OCTO, and Plaintiff has abandoned her claim that she is comparable to individuals who hold those other roles. The information is therefore irrelevant to her claims, and its introduction into evidence will serve to prejudice Defendant, or mislead and confuse the jury. Fed. R. Evid. 1006 - To the extent Plaintiff offers a "summary" document of the excel spreadsheet in lieu of the actual document produced in discovery, the spreadsheet in question is not so voluminous that it cannot be conveniently examined at trial, and Plaintiff's "summary" is just as "voluminous" as the document she |

| | | | | | purports to summarize. Finally, Plaintiff has not identified a competent witness who prepared the "summary" for cross-examination. Should the Court admit the "summary" into evidence, Defendant respectfully requests that the underlying document also be admitted and the jury be given a cautionary instruction to carefully examine whether the chart is an accurate reflection of that underlying document. |
|---|---|---|---|---|---|
| **Y** | * | P114 | GOOG-ROWE-00058782 | GOOG-ROWE-00058782 | Fed. R. Evid. 401, 403 – there is no evidence in the record that any witness at Google consulted this document when making any of the challenged decisions, and its introduction into evidence serves only to confuse or mislead the jury, or waste time. |
| | ** | P115 | GOOG-ROWE-00060579.R | GOOG-ROWE-00060590.R | |
| | ** | P116 | GOOG-ROWE-00063078 | GOOG-ROWE-00063111 | |
| **Y** | * | P117 | GOOG-ROWE-00062565 | GOOG-ROWE-00062596 | Fed. R. Evid. 106 – the document is incomplete, and Mr. Eryurek's full hiring packet is available at D42. |
| | ** | P118 | GOOG-ROWE-00056318.R | GOOG-ROWE-00056346.R | |
| | ** | P119 | GOOG-ROWE-00019097.R | GOOG-ROWE-00019146.R | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P120 | GOOG-ROWE-00061880 | GOOG-ROWE-00061904 | |
| | ** | P121 | GOOG-ROWE-00062214 | GOOG-ROWE-00062241 | |
| | ** | P122 | GOOG-ROWE-00053826.R | GOOG-ROWE-00053832.R | |
| | ** | P122 (cont.) | GOOG-ROWE-00053841.R | GOOG-ROWE-00053847.R | |
| | ** | P122 (cont.) | GOOG-ROWE-00053875.R | GOOG-ROWE-00053878.R | |
| | ** | P122 (cont.) | GOOG-ROWE-00053837.R | GOOG-ROWE-00053840.R | |
| | ** | P123 | GOOG-ROWE-00056275 | GOOG-ROWE-00056275 | |
| | ** | P123 (cont.) | GOOG-ROWE-00056312 | GOOG-ROWE-00056315 | |
| | ** | P123 (cont.) | GOOG-ROWE-00056287 | GOOG-ROWE-00056294 | |

| | ** | P123 (cont.) | GOOG-ROWE-00056276 | GOOG-ROWE-00056282 | |
|---|---|---|---|---|---|
| | ** | P123 (cont.) | GOOG-ROWE-00056303 | GOOG-ROWE-00056311 | |
| | ** | P123 (cont.) | GOOG-ROWE-00056283 | GOOG-ROWE-00056286 | |
| | ** | P123 (cont.) | GOOG-ROWE-00056295 | GOOG-ROWE-00056302 | |
| | ** | P123 (cont.) | GOOG-ROWE-00079130 | GOOG-ROWE-00079133 | |
| | ** | P123 (cont.) | GOOG-ROWE-00079321 | GOOG-ROWE-00079323 | |
| | ** | P123 (cont.) | GOOG-ROWE-00079317 | GOOG-ROWE-00079320 | |
| | ** | P123 (cont.) | GOOG-ROWE-00079382 | GOOG-ROWE-00079386 | |
| | ** | P123 (cont.) | GOOG-ROWE-00079175 | GOOG-ROWE-00079176 | |

| | ** | P123 (cont.) | GOOG-ROWE-00079406 | GOOG-ROWE-00079407 | |
| | ** | P123 (cont.) | GOOG-ROWE-00082596 | GOOG-ROWE-00082603 | |
| | ** | P123 (cont.) | GOOG-ROWE-00082628 | GOOG-ROWE-00082636 | |
| | ** | P123 (cont.) | GOOG-ROWE-00082943 | GOOG-ROWE-00082949 | |
| | ** | P123 (cont.) | GOOG-ROWE-00082764 | GOOG-ROWE-00082771 | |
| | ** | P124 | GOOG-ROWE-00053889.R | GOOG-ROWE-00053890.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053833.R | GOOG-ROWE-00053835.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053891.R | GOOG-ROWE-00053894.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053864.R | GOOG-ROWE-00053868.R | |

| | ** | P124 (cont.) | GOOG-ROWE-00053852.R | GOOG-ROWE-00053861.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053901.R | GOOG-ROWE-00053909.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053885.R | GOOG-ROWE-00053888.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053879.R | GOOG-ROWE-00053881.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00067197 | GOOG-ROWE-00067207 | |
| | ** | P124 (cont.) | GOOG-ROWE-00067208 | GOOG-ROWE-00067213 | |
| | ** | P124 (cont.) | GOOG-ROWE-00067233 | GOOG-ROWE-00067237 | |
| | ** | P124 (cont.) | GOOG-ROWE-00079027 | GOOG-ROWE-00079031 | |
| | ** | P124 (cont.) | GOOG-ROWE-00079104 | GOOG-ROWE-00079107 | |

| | ** | P124 (cont.) | GOOG-ROWE-00079095 | GOOG-ROWE-00079098 | |
|---|---|---|---|---|---|
| | ** | P124 (cont.) | GOOG-ROWE-00079099 | GOOG-ROWE-00079103 | |
| | ** | P124 (cont.) | GOOG-ROWE-00078984 | GOOG-ROWE-00078993 | |
| | ** | P124 (cont.) | GOOG-ROWE-00079145 | GOOG-ROWE-00079153 | |
| | ** | P124 (cont.) | GOOG-ROWE-00082556 | GOOG-ROWE-00082564 | |
| | ** | P124 (cont.) | GOOG-ROWE-00082565 | GOOG-ROWE-00082573 | |
| | ** | P124 (cont.) | GOOG-ROWE-00082574 | GOOG-ROWE-00082584 | |
| | ** | P124 (cont.) | GOOG-ROWE-00082585 | GOOG-ROWE-00082595 | |
| | ** | P124 (cont.) | GOOG-ROWE-00083158 | GOOG-ROWE-00083158 | |

| | ** | P124 (cont.) | GOOG-ROWE-00083159 | GOOG-ROWE-00083160 | |
| | ** | P125 | GOOG-ROWE-00053811.R | GOOG-ROWE-00053811.R | |
| | ** | P125 (cont.) | GOOG-ROWE-00053803.R | GOOG-ROWE-00053810.R | |
| | ** | P125 (cont.) | GOOG-ROWE-00053812.R | GOOG-ROWE-00053819.R | |
| | ** | P125 (cont.) | GOOG-ROWE-00053798.R | GOOG-ROWE-00053802.R | |
| | ** | P125 (cont.) | GOOG-ROWE-00053820.R | GOOG-ROWE-00053824.R | |
| | ** | P125 (cont.) | GOOG-ROWE-00067168 | GOOG-ROWE-00067177 | |
| | ** | P125 (cont.) | GOOG-ROWE-00067178 | GOOG-ROWE-00067186 | |
| | ** | P125 (cont.) | GOOG-ROWE-00067187 | GOOG-ROWE-00067191 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P125 (cont.) | GOOG-ROWE-00067192 | GOOG-ROWE-00067196 | |
| | ** | P125 (cont.) | GOOG-ROWE-00082647 | GOOG-ROWE-00082648 | |
| | ** | P125 (cont.) | GOOG-ROWE-00082688 | GOOG-ROWE-00082688 | |
| | ** | P125 (cont.) | GOOG-ROWE-00082923 | GOOG-ROWE-00082928 | |
| | ** | P125 (cont.) | GOOG-ROWE-00082929 | GOOG-ROWE-00082933 | |
| | ** | P126 | GOOG-ROWE-00017907 | GOOG-ROWE-00017913 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017929 | GOOG-ROWE-00017933 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017914 | GOOG-ROWE-00017918 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017885 | GOOG-ROWE-00017890 | |

| | ** | P126 (cont.) | GOOG-ROWE-00017936 | GOOG-ROWE-00017941 | |
|---|---|---|---|---|---|
| | ** | P126 (cont.) | GOOG-ROWE-00017897 | GOOG-ROWE-00017906 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017949 | GOOG-ROWE-00017957 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017919 | GOOG-ROWE-00017919 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017935 | GOOG-ROWE-00017935 | |
| | ** | P126 (cont.) | GOOG-ROWE-00056246 | GOOG-ROWE-00056251 | |
| | ** | P126 (cont.) | GOOG-ROWE-00079122 | GOOG-ROWE-00079124 | |
| | ** | P126 (cont.) | GOOG-ROWE-00079125 | GOOG-ROWE-00079126 | |
| | ** | P126 (cont.) | GOOG-ROWE-00079022 | GOOG-ROWE-00079022 | |

| | ** | P126 (cont.) | GOOG-ROWE-00079128 | GOOG-ROWE-00079129 | |
| | ** | P126 (cont.) | GOOG-ROWE-00079156 | GOOG-ROWE-00079161 | |
| | ** | P126 (cont.) | GOOG-ROWE-00079165 | GOOG-ROWE-00079168 | |
| | ** | P126 (cont.) | GOOG-ROWE-00082726 | GOOG-ROWE-00082731 | |
| | ** | P126 (cont.) | GOOG-ROWE-00082821 | GOOG-ROWE-00082827 | |
| | ** | P126 (cont.) | GOOG-ROWE-00082816 | GOOG-ROWE-00082820 | |
| | ** | P126 (cont.) | GOOG-ROWE-00082918 | GOOG-ROWE-00082922 | |
| | ** | P126 (cont.) | GOOG-ROWE-00083196 | GOOG-ROWE-00083196 | |
| | ** | P127 | GOOG-ROWE-00067274 | GOOG-ROWE-00067274 | |

| | ** | P127 (cont.) | GOOG-ROWE-00067253 | GOOG-ROWE-00067256 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067257 | GOOG-ROWE-00067264 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067272 | GOOG-ROWE-00067272 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067265 | GOOG-ROWE-00067271 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067273 | GOOG-ROWE-00067273 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067275 | GOOG-ROWE-00067281 | |
| | ** | P127 (cont.) | GOOG-ROWE-00079134 | GOOG-ROWE-00079134 | |
| | ** | P127 (cont.) | GOOG-ROWE-00079242 | GOOG-ROWE-00079242 | |
| | ** | P127 (cont.) | GOOG-ROWE-00079405 | GOOG-ROWE-00079405 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P127 (cont.) | GOOG-ROWE-00079062 | GOOG-ROWE-00079063 | |
| | ** | P127 (cont.) | GOOG-ROWE-00079170 | GOOG-ROWE-00079174 | |
| | ** | P127 (cont.) | GOOG-ROWE-00079056 | GOOG-ROWE-00079061 | |
| | ** | P127 (cont.) | GOOG-ROWE-00082702 | GOOG-ROWE-00082603 | |
| | ** | P127 (cont.) | GOOG-ROWE-00082805 | GOOG-ROWE-00082815 | |
| | ** | P127 (cont.) | GOOG-ROWE-00082637 | GOOG-ROWE-00082646 | |
| | ** | P127 (cont.) | GOOG-ROWE-00082950 | GOOG-ROWE-00082955 | |
| | ** | P127 (cont.) | GOOG-ROWE-00083184 | GOOG-ROWE-00083184 | |
| | ** | P127 (cont.) | GOOG-ROWE-00083185 | GOOG-ROWE-00083185 | |

| | ** | P128 | GOOG-ROWE-00053862.R | GOOG-ROWE-00053862.R | |
| --- | --- | --- | --- | --- | --- |
| | ** | P128 (cont.) | GOOG-ROWE-00053863.R | GOOG-ROWE-00053863.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053848.R | GOOG-ROWE-00053851.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053882.R | GOOG-ROWE-00053884.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053869.R | GOOG-ROWE-00053874.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053895.R | GOOG-ROWE-00053900.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053825.R | GOOG-ROWE-00053825.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053836.R | GOOG-ROWE-00053836.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00067225 | GOOG-ROWE-00067232 | |

| | ** | P128 (cont.) | GOOG-ROWE-00067238 | GOOG-ROWE-00067246 | |
| | ** | P128 (cont.) | GOOG-ROWE-00067214 | GOOG-ROWE-00067218 | |
| | ** | P128 (cont.) | GOOG-ROWE-00067219 | GOOG-ROWE-00067224 | |
| | ** | P128 (cont.) | GOOG-ROWE-00079127 | GOOG-ROWE-00079127 | |
| | ** | P128 (cont.) | GOOG-ROWE-00079169 | GOOG-ROWE-00079169 | |
| | ** | P128 (cont.) | GOOG-ROWE-00082614 | GOOG-ROWE-00082627 | |
| | ** | P128 (cont.) | GOOG-ROWE-00082649 | GOOG-ROWE-00082661 | |
| | ** | P128 (cont.) | GOOG-ROWE-00082732 | GOOG-ROWE-00082739 | |
| | ** | P128 (cont.) | GOOG-ROWE-00082900 | GOOG-ROWE-00082908 | |

| | | | | | |
|---|---|---|---|---|---|
| * | P129 | GOOG-ROWE-00053772.R | GOOG-ROWE-00053773.R | Fed. R. Evid. 401, 403 – to the extent Plaintiff offers this document to demonstrate Mr. Breslow's compensation prior to the date on which she alleged he was given the Financial Services Vertical Lead role she sought, the information is irrelevant because Mr. Breslow was not hired as a Technical Director in OCTO, and therefore what Google paid Mr. Breslow in this role has no bearing on the issues to be tried. Its introduction into evidence serves only to confuse and mislead the jury. | |
| | ** | P129 (cont.) | GOOG-ROWE-00053774.R | GOOG-ROWE-00053775.R | |
| | ** | P130 | GOOG-ROWE-00055386 | GOOG-ROWE-00055386 | |
| | ** | P130 (cont.) | GOOG-ROWE-00055389 | GOOG-ROWE-00055390 | |
| | ** | P130 (cont.) | GOOG-ROWE-00078246 | GOOG-ROWE-00078247 | |
| | ** | P130 (cont.) | GOOG-ROWE-00068458 | GOOG-ROWE-00068459 | |
| | ** | P130 (cont.) | GOOG-ROWE-00078273 | GOOG-ROWE-00078274 | |

| | ** | P131 | GOOG-ROWE-00053776.R | GOOG-ROWE-00053777.R | |
|---|---|---|---|---|---|
| **Y** | * | P131 (cont.) | GOOG-ROWE-00053778.R | GOOG-ROWE-00053779.R | Fed. R. Evid. 401, 403 – Mr. Eryurek's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager beginning in August of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| **Y** | * | P131 (cont.) | GOOG-ROWE-00053780.R | GOOG-ROWE-00053781.R | Fed. R. Evid. 401, 403 – Mr. Eryurek's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager beginning in August of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| **Y** | * | P131 (cont.) | GOOG-ROWE-00078263 | GOOG-ROWE-00078264 | Fed. R. Evid. 401, 403 – Mr. Eryurek's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager beginning in August of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| **Y** | * | P131 (cont.) | GOOG-ROWE-00078236 | GOOG-ROWE-00078237 | Fed. R. Evid. 401, 403 – Mr. Eryurek's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager beginning in August of |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| | ** | P132 | GOOG-ROWE-00053782.R | GOOG-ROWE-00053782.R | |
| Y | * | P132 (cont.) | GOOG-ROWE-00053783.R | GOOG-ROWE-00053784.R | Fed. R. Evid. 401, 403 – Mr. Harteau's compensation at this point in time is irrelevant because he was indisputably performing the work of an Engineering Director supervising a team of Software Engineers beginning in September of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| Y | * | P132 (cont.) | GOOG-ROWE-00053785.R | GOOG-ROWE-00053786.R | Fed. R. Evid. 401, 403 – Mr. Harteau's compensation at this point in time is irrelevant because he was indisputably performing the work of an Engineering Director supervising a team of Software Engineers beginning in September of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| | ** | P133 | GOOG-ROWE-00078071 | GOOG-ROWE-00078072 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P133 (cont.) | GOOG-ROWE-00078069 | GOOG-ROWE-00078070 | |
| | ** | P133 (cont.) | GOOG-ROWE-00083094 | GOOG-ROWE-00083095 | |
| | ** | P133 (cont.) | GOOG-ROWE-00083096 | GOOG-ROWE-00083096 | |
| | ** | P133 (cont.) | GOOG-ROWE-00083097 | GOOG-ROWE-00083098 | |
| | ** | P134 | GOOG-ROWE-00017984 | GOOG-ROWE-00017985 | |
| | ** | P134 (cont.) | GOOG-ROWE-00017958 | GOOG-ROWE-00017959 | |
| | ** | P134 (cont.) | GOOG-ROWE-00078216 | GOOG-ROWE-00078217 | |
| | ** | P134 (cont.) | GOOG-ROWE-00078244 | GOOG-ROWE-00078245 | |
| | ** | P134 (cont.) | GOOG-ROWE-00078294 | GOOG-ROWE-00078295 | |

| | ** | P134 (cont.) | GOOG-ROWE-00083067 | GOOG-ROWE-00083068 | |
| | ** | P134 (cont.) | GOOG-ROWE-00083069 | GOOG-ROWE-00083069 | |
| | ** | P134 (cont.) | GOOG-ROWE-00083070 | GOOG-ROWE-00083071 | |
| | ** | P135 | GOOG-ROWE-00067249 | GOOG-ROWE-00067250 | |
| | ** | P135 (cont.) | GOOG-ROWE-00067251 | GOOG-ROWE-00067252 | |
| | ** | P135 (cont.) | GOOG-ROWE-00067247 | GOOG-ROWE-00067248 | |
| | ** | P135 (cont.) | GOOG-ROWE-00068466 | GOOG-ROWE-00068467 | |
| | ** | P135 (cont.) | GOOG-ROWE-00078292 | GOOG-ROWE-00078293 | |
| | ** | P135 (cont.) | GOOG-ROWE-00083046 | GOOG-ROWE-00083047 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P135 (cont.) | GOOG-ROWE-00083048 | GOOG-ROWE-00083048 | |
| | ** | P135 (cont.) | GOOG-ROWE-00083049 | GOOG-ROWE-00083050 | |
| | ** | P136 | GOOG-ROWE-00053787.R | GOOG-ROWE-00053787.R | |
| | ** | P136 (cont.) | GOOG-ROWE-00053788.R | GOOG-ROWE-00053789.R | |
| Y | * | P136 (cont.) | GOOG-ROWE-00053790.R | GOOG-ROWE-00053791.R | Fed. R. Evid. 401, 403 – Mr. Wilson's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager as of late 2019, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| Y | * | P136 (cont.) | GOOG-ROWE-00068464 | GOOG-ROWE-00068465 | Fed. R. Evid. 401, 403 – Mr. Wilson's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager as of late 2019, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |

| | | | | | |
|---|---|---|---|---|---|
| **Y** | * | P137 | GOOG-ROWE-00060576 | GOOG-ROWE-00060578 | Fed. R. Evid. 401, 403 – Mr. Breslow was not hired into the role of Technical Director in OCTO, but rather an unrelated position outside of OCTO. What Google paid him to perform that role is irrelevant to the issues to be tried, and its introduction into evidence serves only to mislead and confuse the jury, and waste time. |
| | ** | P138 | GOOG-ROWE-00054163 | GOOG-ROWE-00054165 | |
| | ** | P139 | GOOG-ROWE-00054168 | GOOG-ROWE-00054170 | |
| | ** | P140 | GOOG-ROWE-00054161 | GOOG-ROWE-00054162 | |
| | ** | P141 | GOOG-ROWE-00078198 | GOOG-ROWE-00078202 | |
| | ** | P142 | GOOG-ROWE-00017920 | GOOG-ROWE-00017922 | |
| | ** | P143 | GOOG-ROWE-00064798 | GOOG-ROWE-00064800 | |
| | ** | P144 | GOOG-ROWE-00054166 | GOOG-ROWE-00054167 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P145 | N/A | N/A | |
| | ** | P146 | N/A | N/A | |
| | * | P147 | N/A | N/A | Fed. R. Evid. 801, 802 – this declaration offered by Diane Greene at an earlier point in the case is an out-of-court statement offered to prove the truth of its contents. |
| Y | * | P148 | GOOG-ROWE-00082407 | GOOG-ROWE-00082414 | Fed. R. Evid. 401, 403 – any amounts paid to Mr. Shaukat upon his separation from employment with Google, and the terms of his severance agreement, have no bearing on the claims or defenses in this case. There is also no dispute that Mr. Shaukat will appear to testify at trial, and Google concedes that Plaintiff may ask Mr. Shaukat leading questions or otherwise treat him as an adverse witness. Therefore, there is no basis for the introduction of this confidential document into evidence, and it will only confuse the issues, waste time, or mislead the jury. |
| | ** | P149 | GOOG-ROWE-00017533 | GOOG-ROWE-00017538 | |
| | ** | P150 | GOOG-ROWE-00056487 | GOOG-ROWE-00056488 | |

| | ** | P151 | GOOG-ROWE-00054218 | GOOG-ROWE-00054264 | |
|---|---|---|---|---|---|

# Appendix B

## Appendix B – Defendant's Proposed Exhibits

| Advanced Ruling Requested | Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---|---|---|---|---|---|
| | ** | D1 | GOOG-ROWE-00017375.R | GOOG-ROWE-00017378.R | |
| | ** | D2 | P001586 | P001586 | |
| | ** | D3 | GOOG-ROWE-00017406 | GOOG-ROWE-00017407 | |
| | ** | D4 | GOOG-ROWE-00017410 | GOOG-ROWE-00017411 | |
| | ** | D5 | GOOG-ROWE-00017425 | GOOG-ROWE-00017426 | |
| | ** | D6 | GOOG-ROWE-P-00000821 | GOOG-ROWE-P-00000821 | |
| | | D6 (cont.) | GOOG-ROWE-P-00004550 | GOOG-ROWE-P-00004552 | |
| | ** | D7 | GOOG-ROWE-00017554 | GOOG-ROWE-00017554 | |
| | ** | D8 | GOOG-ROWE-P-00001229 | GOOG-ROWE-P-00001229 | |
| | ** | D9 | GOOG-ROWE-00017555 | GOOG-ROWE-00017557 | |
| | ** | D10 | GOOG-ROWE-00017565.R | GOOG-ROWE-00017566.R | |
| | ** | D11 | GOOG-ROWE-00017568 | GOOG-ROWE-00017568 | |
| | ** | D12 | GOOG-ROWE-00017589 | GOOG-ROWE-00017591 | |
| | ** | D13 | GOOG-ROWE-00017598 | GOOG-ROWE-00017598 | |

| | ** | D14 | P000102 | P000102 | |
|---|---|---|---|---|---|
| | ** | D15 | GOOG-ROWE-00017642 | GOOG-ROWE-00017642 | |
| | ** | D16 | GOOG-ROWE-00017643 | GOOG-ROWE-00017643 | |
| | ** | D17 | GOOG-ROWE-00018015 | GOOG-ROWE-00018015 | |
| | ** | D18 | GOOG-ROWE-00030107 | GOOG-ROWE-00030112 | |
| | ** | D19 | GOOG-ROWE-00053767 | GOOG-ROWE-00053767 | |
| | ** | D20 | GOOG-ROWE-00060571 | GOOG-ROWE-00060573 | |
| | ** | D21 | GOOG-ROWE-00055391 | GOOG-ROWE-00055393 | |
| | ** | D23 | GOOG-ROWE-00060579.R | GOOG-ROWE-00060590.R | |
| | ** | D24 | GOOG-ROWE-00063078 | GOOG-ROWE-00063111 | |
| | ** | D25 | GOOG-ROWE-00056318.R | GOOG-ROWE-00056346.R | |
| | ** | D26 | GOOG-ROWE-00019097.R | GOOG-ROWE-00019146.R | |
| | ** | D27 | GOOG-ROWE-00061880 | GOOG-ROWE-00061904 | |
| | ** | D28 | GOOG-ROWE-00062214 | GOOG-ROWE-00062241 | |
| | ** | D29 | Plaintiff's 122 | Plaintiff's 122 | |
| | ** | D29 (cont.) | GOOG-ROWE-00053826.R | GOOG-ROWE-00053832.R | |

| | ** | D29 (cont.) | GOOG-ROWE-00053837.R | GOOG-ROWE-00053840.R | |
| | ** | D30 | GOOG-ROWE-00056312 | GOOG-ROWE-00056315 | |
| | ** | D30 (cont.) | GOOG-ROWE-00056287 | GOOG-ROWE-00056294 | |
| | ** | D30 (cont.) | GOOG-ROWE-00056276 | GOOG-ROWE-00056282 | |
| | ** | D30 (cont.) | GOOG-ROWE-00056303 | GOOG-ROWE-00056311 | |
| | ** | D30 (cont.) | GOOG-ROWE-00056283 | GOOG-ROWE-00056286 | |
| | ** | D30 (cont.) | GOOG-ROWE-82943 | GOOG-ROWE-00082949 | |
| | ** | D30 (cont.) | GOOG-ROWE-00082764 | GOOG-ROWE-00082771 | |
| | ** | D30 (cont.) | GOOG-ROWE-00079130 | GOOG-ROWE-00079133 | |
| | ** | D30 (cont.) | GOOG-ROWE-00079382 | GOOG-ROWE-00079386 | |
| | ** | D31 | GOOG-ROWE-00053833.R | GOOG-ROWE-00053835.R | |
| | ** | D31 (cont.) | GOOG-ROWE-00053891.R | GOOG-ROWE-00053894.R | |
| | ** | D31 (cont.) | GOOG-ROWE-00053852.R | GOOG-ROWE-00053861.R | |
| | ** | D31 (cont.) | GOOG-ROWE-00053885.R | GOOG-ROWE-00053888.R | |
| | ** | D31 (cont.) | GOOG-ROWE-00053885.R | GOOG-ROWE-00053888.R | |

| | ** | D31 (cont.) | GOOG-ROWE-00067197 | GOOG-ROWE-00067207 | |
| | ** | D31 (cont.) | GOOG-ROWE-00067208 | GOOG-ROWE-00067213 | |
| | ** | D31 (cont.) | GOOG-ROWE-00079099 | GOOG-ROWE-00079103 | |
| | ** | D31 (cont.) | GOOG-ROWE-00078984 | GOOG-ROWE-00078993 | |
| | ** | D31 (cont.) | GOOG-ROWE-00079145 | GOOG-ROWE-00079153 | |
| | ** | D32 | GOOG-ROWE-00053803.R | GOOG-ROWE-00053810.R | |
| | ** | D32 (cont.) | GOOG-ROWE-00053820.R | GOOG-ROWE-00053824.R | |
| | ** | D33 | GOOG-ROWE-00017907 | GOOG-ROWE-00017913 | |
| | ** | D33 (cont.) | GOOG-ROWE-00017967 | GOOG-ROWE-00017971 | |
| | ** | D33 (cont.) | GOOG-ROWE-00017936 | GOOG-ROWE-00017941 | |
| | ** | D33 (cont.) | GOOG-ROWE-00017949 | GOOG-ROWE-00017957 | |
| | ** | D33 (cont.) | GOOG-ROWE-00017919 | GOOG-ROWE-00017919 | |
| | ** | D33 (cont.) | GOOG-ROWE-00082816 | GOOG-ROWE-00082820 | |
| | ** | D33 (cont.) | GOOG-ROWE-00082918 | GOOG-ROWE-00082922 | |
| | ** | D33 (cont.) | GOOG-ROWE-00082726 | GOOG-ROWE-00082731 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D33 (cont.) | GOOG-ROWE-00082821 | GOOG-ROWE-00082827 | |
| | ** | D33 (cont.) | GOOG-ROWE-00079122 | GOOG-ROWE-00079124 | |
| | ** | D33 (cont.) | GOOG-ROWE-00079128 | GOOG-ROWE-00079129 | |
| | ** | D33 (cont.) | GOOG-ROWE-00079156 | GOOG-ROWE-00079161 | |
| | ** | D34 | GOOG-ROWE-00067253 | GOOG-ROWE-00067256 | |
| | ** | D34 (cont.) | GOOG-ROWE-00067257 | GOOG-ROWE-00067264 | |
| | ** | D34 (cont.) | GOOG-ROWE-00067272 | GOOG-ROWE-00067272 | |
| | ** | D34 (cont.) | GOOG-ROWE-00067265 | GOOG-ROWE-00067271 | |
| | ** | D34 (cont.) | GOOG-ROWE-00067273 | GOOG-ROWE-00067273 | |
| | ** | D34 (cont.) | GOOG-ROWE-00082950 | GOOG-ROWE-00082955 | |
| | ** | D34 (cont.) | GOOG-ROWE-00082637 | GOOG-ROWE-00082646 | |
| | ** | D34 (cont.) | GOOG-ROWE-00079242 | GOOG-ROWE-00079242 | |
| | ** | D34 (cont.) | GOOG-ROWE-00079062 | GOOG-ROWE-00079063 | |
| | ** | D34 (cont.) | GOOG-ROWE-00079056 | GOOG-ROWE-00079061 | |
| | ** | D35 | GOOG-ROWE-00053848 | GOOG-ROWE-00053851 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D35 (cont.) | GOOG-ROWE-00053869 | GOOG-ROWE-00053874 | |
| | ** | D35 (cont.) | GOOG-ROWE-00053825.R | GOOG-ROWE-00053825.R | |
| | ** | D35 (cont.) | GOOG-ROWE-00067225 | GOOG-ROWE-00067232 | |
| | ** | D35 (cont.) | GOOG-ROWE-00067214 | GOOG-ROWE-00067218 | |
| | ** | D35 (cont.) | GOOG-ROWE-00082732 | GOOG-ROWE-00082739 | |
| | ** | D35 (cont.) | GOOG-ROWE-00082900 | GOOG-ROWE-00082908 | |
| | ** | D36 | EXHIBIT INTENTIONALLY LEFT BLANK | | |
| | ** | D37 | EXHIBIT INTENTIONALLY LEFT BLANK | | |
| ^ | | D38 | P001584 | P001585 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – document concerns roles not at issue in this case; no evidence this document was considered/relied upon by any decision-maker |
| | ** | D39 | Solutions Consultant Job Ladder (Produced to Plaintiff without bates) | | |
| | * | D40 | GOOG-ROWE-P-00000827 | GOOG-ROWE-P-00000828 | Fed R. Evid. 801 (Hearsay) – Summary of Stuart Breslow's background as characterized by Tariq Shaukat offered for its truth |
| | ** | D41 | GOOG-ROWE-00056975 | GOOG-ROWE-00056976 | |
| | ** | D42 | GOOG-ROWE-00061917 | GOOG-ROWE-00061966 | |

| | | | | | |
|---|---|---|---|---|---|
| | * | D43 | GOOG-ROWE-00063979 | GOOG-ROWE-00064012 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff; Fed. R. Evid. 801 (Hearsay) – out-of-court opinions about candidate's qualifications for the Technical Director role offered for their truth |
| | * | D44 | GOOG-ROWE-00063516 | GOOG-ROWE-00063589 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff; Fed. R. Evid. 801 (Hearsay) – out-of-court opinions about candidate's qualifications for the Technical Director role offered for their truth |
| | | D45 | GOOG-ROWE-00017721 | GOOG-ROWE-00017721 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes unattributed feedback and commentary from unknown source(s) offered for its truth |
| | ** | D46 | GOOG-ROWE-00019062 | GOOG-ROWE-00019062 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D47 | P000550 | P000552 | |
| | ** | D48 | GOOG-ROWE-00058500 | GOOG-ROWE-00058500 | |
| ^ | | D49 | GOOG-ROWE-00062494 | GOOG-ROWE-00062499 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – document of unknown origin regarding Nicholas Harteau's ladder transfer is not relevant, and will prejudice, mislead and confuse the jury; Fed. R. Evid. 801 (Relevance, Prejudice) – out-of-court statements about Nicholas Harteau's performance and qualifications offered for their truth |
| ^ | * | D50 | GOOG-ROWE-00082724 | GOOG-ROWE-00082724 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 | GOOG-ROWE-00082973 | GOOG-ROWE-00082973 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082871 | GOOG-ROWE-00082876 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082672 | GOOG-ROWE-00082681 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082964 | GOOG-ROWE-00082969 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082956 | GOOG-ROWE-00082963 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |

| | | | | | |
|---|---|---|---|---|---|
| ^ | * | D50 (cont.) | GOOG-ROWE-00082881 | GOOG-ROWE-00082885 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082790 | GOOG-ROWE-00082797 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082689 | GOOG-ROWE-00082696 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00079140 | GOOG-ROWE-00079144 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00079004 | GOOG-ROWE-00079005 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00079000 | GOOG-ROWE-00079000 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082697 | GOOG-ROWE-00082701 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 | GOOG-ROWE-00082877 | GOOG-ROWE-00082880 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |

| ^ | * | D51 (cont.) | GOOG-ROWE-00082725 | GOOG-ROWE-00082725 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
|---|---|---|---|---|---|
| ^ | * | D51 (cont.) | GOOG-ROWE-00082751 | GOOG-ROWE-00082763 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082887 | GOOG-ROWE-00082899 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082798 | GOOG-ROWE-00082800 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082713 | GOOG-ROWE-00082723 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082854 | GOOG-ROWE-00082863 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082662 | GOOG-ROWE-00082671 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082867 | GOOG-ROWE-00082870 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082772 | GOOG-ROWE-00082781 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |

| | | | | | |
|---|---|---|---|---|---|
| ^ | * | D51 (cont.) | GOOG-ROWE-00082801 | GOOG-ROWE-00082804 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082782 | GOOG-ROWE-00082789 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | | D52 | GOOG-ROWE-00063425 | GOOG-ROWE-00063428 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – document of unknown origin regarding Ben Wilson's ladder transfer is not relevant, and will prejudice, mislead and confuse the jury; Fed. R. Evid. 801 (Relevance, Prejudice) – out-of-court statements about Ben Wilson's performance and qualifications offered for their truth |
| | ** | D53 | GOOG-ROWE-00054267 | GOOG-ROWE-00054267 | |
| | ** | D54 | GOOG-ROWE-00018551 | GOOG-ROWE-00018552 | |
| | * | D55 | GOOG-ROWE-00059007 | GOOG-ROWE-00059012 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes unattributed feedback and commentary from unknown source(s) offered for its truth |
| | ** | D56 | P000729 | P000733 | |
| | ** | D57 | P000735 | P000735 | |
| | ** | D58 | GOOG-ROWE-P-00000773 | GOOG-ROWE-P-00000775 | |
| | ** | D59 | GOOG-ROWE-00059673 | GOOG-ROWE-00059677 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D60 | GOOG-ROWE-00017569 | GOOG-ROWE-00017570 | |
| | ** | D61 | GOOG-ROWE-00057020 | GOOG-ROWE-00057020 | |
| | * | D62 | GOOG-ROWE-00017533 | GOOG-ROWE-00017538 | Fed R. Evid. 801 (Hearsay) – out-of-court statement about Plaintiff's fitness for the FSLV role being offered for its truth |
| | ** | D63 | GOOG-ROWE-00017717 | GOOG-ROWE-00017720 | |
| | * | D64 | GOOG-ROWE-00056972 | GOOG-ROWE-00056972 | Fed R. Evid. 801 (Hearsay) – out-of-court statements offered for their truth, including double-hearsay statements about statements made by others, concerning the FSVL role |
| | * | D65 | GOOG-ROWE-00056487 | GOOG-ROWE-00056488 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes unattributed feedback and commentary from unknown source(s) offered for its truth |
| ^ | * | D66 | GOOG-ROWE-00053763 | GOOG-ROWE-00053763 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – document reflects a web tool that (a) Google stopped using 12/1/17 and (b) was not used for any leveling decision relevant to this case. Admission would prejudice, mislead and confuse jurors to draw incorrect/unsupported conclusions |
| | ** | D67 | GOOG-ROWE-00018011 | GOOG-ROWE-00018013 | |

| | | | | | |
|---|---|---|---|---|---|
| | * | D68 | GOOG-ROWE-00065032 | GOOG-ROWE-00065090 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of a Technical Director candidate three years after Plaintiff's hire and protected complaints is not relevant as Plaintiff was not considered against this candidate, and admission will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes feedback and commentary offered for its truth |
| | * | D69 | GOOG-ROWE-00064910 | GOOG-ROWE-00064968 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of a Technical Director candidate three years after Plaintiff's hire and protected complaints is not relevant as Plaintiff was not considered against them, and admission will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes feedback and commentary offered for its truth; |
| | * | D70 | GOOG-ROWE-00055394.R | GOOG-ROWE-00055418.R | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court opinions about candidate's qualifications for the VP-FS role offered for their truth |

| | | | | | |
|---|---|---|---|---|---|
| | * | D71 | GOOG-ROWE-00062337 | GOOG-ROWE-00062344 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes feedback and commentary offered for its truth |
| | | D72 | GOOG-ROWE-00063421 | GOOG-ROWE-00063424 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – candidate's resume offered for its truth |
| | | D73 | GOOG-ROWE-00061871 | GOOG-ROWE-00061872 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – candidate's resume offered for its truth |

| | | | | | |
|---|---|---|---|---|---|
| | | D74 | GOOG-ROWE-00082370 | GOOG-ROWE-00082372 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court statements concerning consideration process offered for their truth Further object because Google did not produce this document until November 17, 2022, over 1 ½ years after the close of discovery |
| | ** | D75 | GOOG-ROWE-00082367 | GOOG-ROWE-00082369 | |
| | | D76 | GOOG-ROWE-00082359 | GOOG-ROWE-00082366 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court statements concerning consideration process offered for their truth Further object because Google did not produce this document until November 17, 2022, over 1 ½ years after the close of discovery |

| | | | | | |
|---|---|---|---|---|---|
| | | D77 | GOOG-ROWE-00082356 | GOOG-ROWE-00082358 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court statements concerning consideration process offered for their truth Further object because Google did not produce this document until November 17, 2022, over 1 ½ years after the close of discovery |
| | | D78 | GOOG-ROWE-00082351 | GOOG-ROWE-00082355 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court statements concerning consideration process offered for their truth Further object because Google did not produce this document until November 17, 2022, over 1 ½ years after the close of discovery |

| | | | | | |
|---|---|---|---|---|---|
| | * | D79 | GOOG-ROWE-00078164 | GOOG-ROWE-00078169 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court opinions about candidate's qualifications for the VP-FS role offered for their truth |
| | | D80 | GOOG-ROWE-00017873.R | GOOG-ROWE-00017875.R | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes unattributed feedback and commentary from unknown source(s) offered for its truth |
| | ** | D81 | GOOG-ROWE-00060560 | GOOG-ROWE-00060562 | |
| | | D82 | GOOG-ROWE-00069067 | GOOG-ROWE-00069071 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |

| | | | | | |
|---|---|---|---|---|---|
| | | D83 | GOOG-ROWE-00068834 | GOOG-ROWE-00068838 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D84 | GOOG-ROWE-00068890 | GOOG-ROWE-00068894 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D85 | GOOG-ROWE-00068703 | GOOG-ROWE-00068708 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D86 | GOOG-ROWE-00064541 | GOOG-ROWE-00064544 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |

| | | | | | |
|---|---|---|---|---|---|
| | | D87 | GOOG-ROWE-00068515 | GOOG-ROWE-00068518 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D88 | GOOG-ROWE-00068946 | GOOG-ROWE-00068951 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D89 | GOOG-ROWE-00068895 | GOOG-ROWE-00068900 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D90 | GOOG-ROWE-00068797 | GOOG-ROWE-00068801 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |

| | | | | | |
|---|---|---|---|---|---|
| | | D91 | GOOG-ROWE-00069008 | GOOG-ROWE-00069015 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D92 | GOOG-ROWE-00068680 | GOOG-ROWE-00068683 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D93 | GOOG-ROWE-00068776 | GOOG-ROWE-00068779 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D94 | GOOG-ROWE-00068606 | GOOG-ROWE-00068610 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | ** | D95 | GOOG-ROWE-00019996 | GOOG-ROWE-00019997 | |
| | ** | D96 | GOOG-ROWE-00078369 | GOOG-ROWE-00078374 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D97 | GOOG-ROWE-00078434 | GOOG-ROWE-00078440 | |
| | ** | D98 | GOOG-ROWE-00078508 | GOOG-ROWE-00078514 | |
| | ** | D99 | GOOG-ROWE-00078530 | GOOG-ROWE-00078535 | |
| | ** | D100 | GOOG-ROWE-00078460 | GOOG-ROWE-00078464 | |
| | ** | D101 | GOOG-ROWE-00078411 | GOOG-ROWE-00078417 | |
| | ** | D102 | GOOG-ROWE-00068214 | GOOG-ROWE-00068254 | |
| | * | D102 (cont.) | GOOG-ROWE-00067314 | GOOG-ROWE-00067348 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00068255 | GOOG-ROWE-00068297 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00067464 | GOOG-ROWE-00067495 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D102 (cont.) | GOOG-ROWE-00067600 | GOOG-ROWE-00067632 | |
| | ** | D102 (cont.) | GOOG-ROWE-00067538 | GOOG-ROWE-00067585 | |
| | ** | D102 (cont.) | GOOG-ROWE-00067931 | GOOG-ROWE-00067955 | |
| | ** | D102 (cont.) | GOOG-ROWE-00068171 | GOOG-ROWE-00068213 | |
| | ** | D102 (cont.) | GOOG-ROWE-00067282 | GOOG-ROWE-00067313 | |
| | * | D102 (cont.) | GOOG-ROWE-00067349 | GOOG-ROWE-00067365 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00067392 | GOOG-ROWE-00067432 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00067633 | GOOG-ROWE-00067652 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 7 or 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00067729 | GOOG-ROWE-00067743 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 7 or 8 |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00067685 | GOOG-ROWE-00067728 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00068298 | GOOG-ROWE-00068332 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00068333 | GOOG-ROWE-00068366 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |

# Appendix C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
                                              :
  ULKU ROWE,                                  :
                               Plaintiff,     :
                                              :        19 Civ. 8655 (LGS)
                     -against-                :
                                              :            ORDER
  GOOGLE LLC,                                 :
                               Defendant,     :
                                              :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant filed two motions in limine, and Plaintiff filed six motions in limine, one in the form of a letter motion. The motions are resolved as stated below. All references to rules refer to the Federal Rules of Evidence.

1. <u>Defendant's First MIL</u> (Dkt. No. 234). Defendant's motion to exclude evidence of "leveling determinations," outside of Level 8 and 9 Technical Directors in the Office of the CTO, is DENIED to the extent that Plaintiff may introduce evidence of (1) leveling decisions by Tariq Shaukat, whom Plaintiff alleges treated her in a discriminatory manner and (2) re-leveling decisions to illustrate that re-leveling was possible. This evidence is relevant under Rule 401 to show whether Plaintiff was treated in a discriminatory manner and with discriminatory intent. Defendant has not articulated any unfair prejudice or jury confusion, and any time spent on Defendants' contrary evidence is not wasted time and is outweighed by the probative value of the evidence. *See* Rule 403.

2. <u>Defendant's Second MIL</u> (Dkt. No. 236). Defendant's motion to exclude evidence of other employees' complaints of alleged unfair treatment by Defendant is GRANTED in part and DENIED in part. Evidence concerning the following is excluded under Rule 403 as the

evidence has limited, if any, probative value and is likely to confuse the jury in a way that will prejudice Defendant: (1) the *Haggan* and *Ellis* class actions, which were settled and did not include Plaintiff within the class, (2) protests principally concerning sexual harassment, which is not at issue in this case, and the resulting 2018 walkout and (3) a gender complaint against Stuart Breslow that did not involve Plaintiff.  Evidence of the following is permitted: (1) the December 2019 complaint of a Level 6 employee who was re-leveled to Level 7, to show that re-leveling was possible.

3. Plaintiff's First MIL (Dkt. No. 238).  Plaintiff's motion to exclude evidence of other candidates for the FSVL role for which she was not hired is DENIED, as this evidence is part of the factual background relevant under Rule 401 to show whether Defendant acted with discriminatory or retaliatory intent.

4. Plaintiff's Second MIL (Dkt. No 240).  Plaintiff's motion to exclude as hearsay evidence of oral feedback from interviewers is DENIED, as the evidence is offered for its effect on Defendant's hiring manager and not for the truth.  *See* Rule 802.  Plaintiff may submit a joint proposed limiting instruction to this effect at the time the evidence is presented.

5. Plaintiff's Third MIL (Dkt. No. 242).  Plaintiff's motion to exclude evidence of other candidates for the VP-FS role for which she was not interviewed is DENIED, as the evidence is relevant under Rule 401 to whether Defendant acted with retaliatory intent, and Plaintiff has not been prejudiced by the timeliness (or not) of the production of related documents. *See* Rule 403.

6. Plaintiff's Fourth MIL (Dkt. No. 244).  Plaintiff's motion to exclude evidence of leveling determinations of male L8 Directors is DENIED because it is relevant under Rule 401 to show whether Plaintiff, who was hired as a Technical Director as an L8, was treated less well

than similarly situated men, and whether Plaintiff was more like others hired at L8 than those leveled at L9. For the same reason, the evidence will not confuse the jury with extraneous and irrelevant information. *See* Rule 403.

7. Plaintiff's Fifth MIL (Dkt. No. 246). Plaintiff's motion to permit leading questions of Defendant's employees as hostile witnesses is DENIED in part and GRANTED in part as follows: Plaintiff may treat as hostile witnesses (1) Defendant's current employees because Defendant does not object to Plaintiff's doing so, (2) Tariq Shaukat because Plaintiff accuses him of discriminatory conduct that is in part the basis for this action and (3) any former employee who at the time of trial is represented by defense counsel and who participates with defense counsel in preparing their testimony. The motion is denied as to any remaining employees. At least three weeks prior to the commencement of trial, defense counsel shall identify for Plaintiff any former employees as to whom the motion is denied.

8. Plaintiff's Sixth MIL (Dkt. No. 289). Plaintiff's motion to preclude Defendant from calling Dave Rensin as a witness is DENIED to the extent that Defendant may question Rensin about (1) the TSC Job Ladder generally and what it represents, but not in reference to Plaintiff or any other particular employee, and (2) any feedback from his interview of Plaintiff that he provided to those who made her leveling decision, not to be offered for the truth, but as information that was considered. As to item (2), Plaintiff may submit a joint proposed limiting instruction at the time the evidence is presented.

The Clerk of Court is respectfully directed to close the motions at Dkt. No. 234, 236, 238, 240, 242, 244, 246 and 289.

Dated: January 13, 2023
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

# Appendix D

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

ULKU ROWE,

                  Plaintiff,

      v.

GOOGLE LLC,

                  Defendant.

Civ. Action No. 19-cv-08655-JHR

## SECOND AMENDED JOINT PRETRIAL ORDER

Pursuant to the Court's June 23, 2023 Scheduling Order (ECF No. 300), Plaintiff Ulku Rowe and Defendant Google LLC (collectively, the "Parties") in the above-captioned action submit to the Court for its approval the following Second Amended Joint Pre-Trial Order. The parties' amendments account for changes in witness availability as a result of the trial's adjournment to October 2023. Pursuant to Rule 1(D) of the Court's Individual Rules, the parties submit a redline reflecting all changes against the First Amended Joint Pretrial Order (ECF No. 304) as Exhibit D hereto.

**A.**    **FULL CAPTION OF THE ACTION**

The full caption of this action is set forth above.

**B.**    **APPEARANCES**

Plaintiff:
Cara E. Greene
Gregory S. Chiarello
Shira Z. Gelfand
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2071
ceg@outtengolden.com
gchiarello@outtengolden.com
sgelfand@outtengolden.com

Defendant:
Kenneth W. Gage
Sara B. Tomezsko
Kaveh Dabashi
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
(212)-318-6000
Fax: 212-918-4090
kennethgage@paulhastings.com
saratomezsko@paulhastings.com
kavehdabashi@paulhastings.com

## C.     SUBJECT MATTER JURISDICTION

As Plaintiff brought claims under federal statute, including Title VII of the Civil Rights

Act of 1964, 42 U.S.C. §§2000e et seq., and the Equal Pay Act, as amended, 29 U.S.C. § 206(d),

this Court had original jurisdiction of this matter pursuant to 28 U.S.C. § 1331. On August 31,

2021, Plaintiff voluntarily dismissed her federal claims with prejudice and the Court retained

jurisdiction over the remaining New York State and City law claims. (*See* ECF No. 132).

## D.     SUMMARY OF CLAIMS

### 1.     Plaintiff's Claims

Plaintiff's asserted claims that remain to be tried are:

  a.  Sex-based pay discrimination in violation of New York's Equal Pay Law
      (N.Y. Lab. L. § 194) (Count IV of Plaintiff's Second Amended Complaint);

  b.  Gender discrimination in violation of the New York City Human Rights Law
      (N.Y.C. Admin. Code § 8-101 et seq.) (Count V of Plaintiff's Second
      Amended Complaint);

  c.  Retaliation in violation of the New York City Human Rights Law (N.Y.C.
      Admin. Code § 8-101 et seq.) (Count VI of Plaintiff's Second Amended
      Complaint); and

  d.  Retaliation in violation of New York's Equal Pay Law (N.Y. Lab. L. §
      215) (Count VIII of Plaintiff's Second Amended Complaint).

2.      **Defendant's Defenses**

Defendant's affirmative defenses that remain to be tried are:

    a.   To the extent Plaintiff can establish that she was denied equal pay for equal work under New York Labor Law § 194, such alleged unequal pay was lawful and not a violation of the New York Labor Law because it was pursuant to a differential based on any factor other than sex which is job-related and consistent with business necessity;

    b.   Plaintiff cannot recover liquidated or punitive damages because at all times relevant to the Second Amended Complaint Defendant had in place a policy to prevent discrimination and retaliation in the workplace and made good faith efforts to implement and enforce that policy.

    c.   Plaintiff may not recover liquidated damages because Defendant had a good faith basis to believe that its actions were in compliance with the law.

## E.   TRIAL OF THE CASE

The Parties believe that the issues in dispute can be tried in ~~8~~10 trial days, and those issues will be tried by a jury.

## F.   CONSENT TO MAGISTRATE

The Parties do not consent to trial by a magistrate judge.

## G.   WITNESS LISTS

1.      **Plaintiff's Witnesses**

    a.      **Plaintiff's Trial Witness List**

Plaintiff identifies the following witnesses whom she may call live or by deposition at trial. Pursuant to the Court's Individual Rule and Procedure for Civil Cases 7.A.viii, Plaintiff provides the following list of trial witnesses she genuinely intends to call in her case-in-chief. This list is not a commitment that Plaintiff will call any particular witness at trial, or a representation that any of the witnesses listed are available or will appear for trial. If any witness is unavailable, Plaintiff reserves the right to use his or her deposition testimony or to call a

substitute witness. If any of the potential trial witnesses identified by Defendant fail to appear for

trial, Plaintiff reserves the right to use their deposition testimony. Plaintiff also reserves the right

to call at trial in their case: (1) any witnesses identified by Defendant on their witness list live or

by deposition; (2) additional witnesses to provide foundation testimony should Defendant contest

the authenticity or admissibility of any materials to be proffered at trial; and (3) additional

witnesses not identified herein based upon any developments that may occur leading up to and/or

during the course of the trial. Plaintiff also may call witnesses, including persons not listed

herein, in their rebuttal to Defendant's case, or for impeachment or foundational purposes.

Plaintiff further reserves the right to amend this list or to respond to issues raised by the Court's

pretrial rulings. Other than the foregoing, Plaintiff does not anticipate the need for additional

witnesses.

### Chart 1: Will Call

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Testimony |
|---|---|---|---|
| Beaupain, April | Live | Google's ER policies and practices; Ms. Rowe's complaints and her role in investigating those complaints; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | 1 hour |
| Breslow, Stuart | Live | His qualifications and selection for the FSVL role; his responsibilities, terms and conditions, performance, and compensation in his position(s) under Tariq Shaukat; his work with Plaintiff; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| Eryurek, Evren | Deposition | His responsibilities, terms and conditions, performance, and compensation in the OCTO Director role; his work with Ms. Rowe; his and Ms. Rowe's move to Mr. Shaukat's organization; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |

| | | | |
|---|---|---|---|
| Grannis, William | Live | His background; Ms. Rowe's hiring, initial leveling, and compensation decisions; Ms. Rowe's performance in OCTO; Ms. Rowe's consideration and qualifications for the FSVL position; Ms. Rowe's work in and transfer out of Mr. Shaukat's organization; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .75 hours |
| Harteau, Nicholas | Live | His responsibilities, terms and conditions, performance, and compensation in the OCTO Director role; his work with Ms. Rowe; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| Kurian, Thomas | Live | His knowledge of the lawsuit as indicated in Exhibit P83 | .25 hours |
| Lawrence, Melissa | Live | Google's HR policies and practices; Ms. Rowe's complaints and her role in investigating those complaints; Ms. Rowe's performance; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | 1 hour |
| Lucas, Kevin | Deposition | Google's HR policies and practices; Ms. Rowe's complaints and his role in investigating those complaints; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | 1 hour |
| Ostrofe, Nora | Live | Plaintiff's economic damages, consistent with Ms. Ostrofe's FRCP Rule 26 expert disclosures. | .75 hours |
| Rowe, Ulku | Live | As the Plaintiff in this matter, Ms. Rowe will testify to her work at Google and the facts and circumstances supporting her claims in this lawsuit. | 6 hours |
| Shaukat, Tariq | Live | Ms. Rowe and Mr. Breslow's consideration for the FSVL role; his interactions with Ms. Rowe; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | 3 hours |
| Stevens, Brian | Live | Ms. Rowe's role in OCTO and consideration for the FSVL role. | .5 hours |
| Vardaman, Stuart | Deposition | Ms. Rowe's consideration for the FSVL role; Ms. Rowe's consideration for the VP-FS Sales role; and other facts and | 1.5 hours |

| | | circumstances related to Ms. Rowe's claims in this lawsuit. | |
|---|---|---|---|
| Wilson, Benjamin | ~~Live~~Deposition | His responsibilities, terms and conditions, performance, and compensation in the OCTO Director role; his work with Ms. Rowe; his and Ms. Rowe's move to Tariq Shaukat's organization; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| Corporate witness to be determined | Live | Authenticate and lay foundation for Exhibits P46, P47, P48, P49, P64, P86, P105, P108, P110, P112 | .5 hours |

**Chart 2: May Call**

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Testimony |
|---|---|---|---|
| Greene, Diane | Live | Testimony regarding a sworn declaration she signed in this matter. | .25 hours |
| Meadows, Casey | Live | Testimony regarding correspondence on which he was a sender or recipient | .25 hours |
| Murray, Megan | Live | Testimony regarding correspondence on which she was a sender or recipient. | .25 hours |
| Orr, Lisa | Live | Testimony regarding correspondence on which she was a sender or recipient. | .25 hours |
| Tessier, Ashley | Live | Testimony regarding correspondence on which she was a sender or recipient. | .25 hours |

- Defendant objects to the identification of Thomas Kurian as a witness; his testimony should be excluded under Fed. R. Evid. 401 as irrelevant, and under Fed. R. Evid. 403 as likely to confuse the issues, mislead the jury, and result in undue delay and wasted time. There is no evidence that he was involved in any decisions in the case. Should one be necessary, Defendant plans to ~~file a motion~~move *in limine* ~~seeking~~at the pre-trial conference to exclude Mr. Kurian from testifying at trial.

- Plaintiff argues that she requested that Defendant stipulate to the authenticity and foundation of the document referenced with respect to Mr. Kurian, which would obviate

the need to call him, but since they would not, it necessitates him being called.

- Defendant objects to the identification of Diane Greene as a witness; her testimony regarding a signed declaration in this matter should be excluded under Fed. R. Evid. 401 as irrelevant, and under Fed. R. Evid. 403 as likely to confuse the issues, mislead the jury, and result in undue delay and wasted time. As Ms. Greene's declaration makes clear, she does not recall being involved in the challenged decisions, nor does she have any unique or additive information beyond what other witnesses can provide.

- Plaintiff argues that Diane Greene's declaration is admissible under Fed. R. Evid. 804 and 807. Should Defendant maintain its hearsay objection with respect to the sworn declaration and the Court sustains the objection, Plaintiff seeks to call Ms. Greene as a rebuttal witness if necessary.

### 2. Defendant's Witnesses

#### a. Defendant's Trial Witness List

The witnesses below are those Defendant genuinely intends to call in its case (first chart) and witnesses that Defendant "may call if the need arises" (second chart). Fed. R. Civ. P. 26(a)(3). This list is not a commitment that Defendant will call any particular witness at trial, or a representation that any of the witnesses listed are available or will appear for trial. Defendant has indicated that the witness will testify live below unless it has reason to believe as of the date of this filing that the witness will be unavailable for live testimony starting ~~August 14~~October 4, 2023.

If any witness is or becomes unavailable, Defendant reserves the right to use his or her deposition testimony, to call a substitute witness, or make an application to the Court for that witness to testify remotely upon a showing of good cause. (ECF 280 (Order dated December 6, 2022).) If any of the trial witnesses identified by Plaintiff fail to appear for trial, Defendant

reserves the right to use their deposition testimony. Defendant also reserves the right to call at

trial in its case: (1) any witnesses identified by Plaintiff on her witness list, live or by deposition;

(2) additional witnesses to provide foundation testimony should Plaintiff contest the authenticity

or admissibility of any materials to be proffered at trial; and (3) additional witnesses not

identified herein based upon any developments that may occur leading up to and/or during the

course of the trial. Defendant also may call witnesses, including persons not listed herein, for

impeachment. Defendant further reserves the right to amend this list to respond to issues raised

by the Court's pretrial rulings.

### Chart 1: Will Call

| Witness Name | Anticipated Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| Grannis, William | Live | His background and experience; hiring, leveling, job responsibilities and performance, and compensation of Technical Directors in OCTO, including Rowe; development of industry verticals within Google Cloud; Rowe's transfer out of OCTO and return to OCTO; Nicholas Harteau's transfer out of OCTO in 2018; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 3.5 hours |
| Stevens, Brian | Live | His background and role at Google; creation of the OCTO function; hiring, leveling, and job responsibilities of Technical Directors in OCTO, including Rowe; development of industry verticals within Google Cloud; Rowe's transfer out of OCTO; and other facts and circumstances pertaining to | 1.5 hours |

| | | | |
|---|---|---|---|
| | | Rowe's claims and Google's defenses. | |
| Vardaman, Stuart | Deposition | His role as a recruiter; his interactions with Rowe, hiring managers, interviewees, and other candidates for positions in which Rowe expressed interest; Google's recruiting practices; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1.5 hours |
| Shaukat, Tariq | Live | His background and role at Google; development of industry verticals within Google Cloud; his decisions regarding and interactions with Rowe; his decisions and interactions regarding other Google employees and candidates for positions on his team in Google Cloud; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 3 hours |
| Lawrence, Melissa | Live | Her background and role at Google; her interactions with Rowe and others concerning Rowe; Google's Human Resources processes; Human Resources personnel and support provided to OCTO; hiring, leveling, and job responsibilities of Technical Directors in OCTO, including Rowe; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1.5 hours |
| Humez, Christopher | Live | His background and role at Google; Google's compensation processes and policies; compensation determinations concerning Rowe and her alleged comparators; discussions with Rowe and | 1.5 hours |

| | | others concerning Rowe's hiring process; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | |
|---|---|---|---|
| Lucas, Kevin | ~~Deposition if called to testify August 14-18, 2023; Live if called to testify August 21-25, 2023~~Live | His background and role at Google; his interactions with Rowe and others concerning Rowe; Google's Human Resources processes; Human Resources personnel and support provided to Tariq Shaukat's organization; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Burdis, Jennifer | ~~Remote testimony (ECF 301)~~Deposition | Her background and role at Google; her interactions with Rowe and others concerning Rowe; hiring and leveling of Technical Directors in OCTO, including Rowe; Google's recruiting practices; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1.~~5 hour~~s |
| Beaupain, April | Live | Her background and role at Google; her interactions with Rowe and others concerning Rowe's internal complaints; Google's Employee Relations processes; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 0.75 hours |
| Rensin, David | Live | His background and role at Google; hiring and leveling of Technical Directors in OCTO; Technical Solutions Consultant job ladder; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Eryurek, Evren | Deposition | His background; his role at Google; his work and performance; and other facts | 1 hour |

| | | and circumstances pertaining to Rowe's claims and Google's defenses. | |
|---|---|---|---|
| Wilson, Benjamin | ~~Live~~Deposition | His background; his role at Google; his work and performance; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| ~~Jonathan Donaldson~~ | ~~Live~~ | ~~His background; his role at Google; his work and performance in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses.~~ | ~~1 hour~~ |
| ~~Paul Strong~~ | ~~Live~~ | ~~His background; his role at Google; his work and performance in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses.~~ | ~~1 hour~~ |
| Nicholas Harteau | Live | His background; his role at Google; his work and performance; transfer outside of OCTO in 2018; his submission of a declaration in support of Rowe's motion for summary judgment; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Kliphouse, Kirsten | Live ~~or Remote testimony if the circumstances require (ECF 301)~~ | Her background and role at Google; her interactions with Rowe and others concerning Rowe; her involvement in and decisions regarding the selection of the Vice President of Financial Services Sales from among multiple candidates; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Krista Callaghan | Live ~~or Remote testimony if the circumstances~~ | Her background and experience; correspondence and discussions with Rowe during the hiring process; correspondence and | 0.75 hours |

| Witness Name | Anticipated Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| | ~~require (ECF 301)~~ | discussions with others concerning Rowe and recruiting of Technical Directors in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | |
| Eric Schenk | Live | His background; his role at Google; his work and performance in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Scott Penberthy | Live | His background; his role at Google; his work and performance in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
| Patricia Florissi | Live | Her background and role at Google; Rowe's performance, the contributions Rowe makes, the influence Rowe has, and the standards by which her performance is assessed as an L8; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |

**Chart 2: May Call**

| Witness Name | Anticipated Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| Jess Swale (Murphy-True) | ~~Live~~Remote Testimony (application forthcoming) | Her background and experience at Google; interactions and correspondence with Rowe and others concerning Rowe; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 0.75 hours |

| | | ~~Her background and role at Google; Rowe's performance, the contributions Rowe makes, the influence Rowe has, and the standards by which her performance is assessed as an L8; and other facts and circumstances pertaining to Rowe's claims and Google's defenses.~~ | |
|---|---|---|---|
| ~~Patricia Florissi~~ | ~~Live~~ | | ~~1 hour~~ |

- Plaintiff objects to Google's identification of Patricia Florissi as a witness; her testimony should be excluded under Rule Fed. R. Evid. 401 as irrelevant, and under Fed. R. Evid. 403 as likely to confuse the issues, mislead the jury, and result in undue delay and wasted time. This witness was not identified at any point during the discovery period and was only identified to Plaintiff within the last month. Thus, no pre-trial discovery has been taken. No other witnesses have testified that she was involved in the decisions that give rise to the claims or defenses in this case. Plaintiff therefore seeks to exclude Ms. Florissi from testifying at trial.

- Patricia Florissi is Plaintiff's direct supervisor, and has managed Plaintiff for over a year. Not only does Plaintiff have personal and direct knowledge of that fact, Plaintiff has no objection to the inclusion of Defendant's exhibit D98 (produced earlier in the case) making that supervisory relationship clear. (*See* Appendix B.) ~~Moreover, Plaintiff seeks damages for alleged pay discrimination from 2017 to the present. (*See* Section D.1.a.-b. above and Section M. below.)~~ She alleges that (a) Google improperly hired her at Level 8 (L8) in the Office of the CTO, and (b) for the past 6+ years she in fact has performed work substantially equal to employees at level ~~L~~9 (L9). Among Google's defenses are that (a) there are different expectations for L8 and L9 employees, and (b) Plaintiff has not been (and is not) performing work at an L9 level. William Grannis was Plaintiff's manager in OCTO from hire until Spring 2022, and both parties expect him to testify

regarding her work in OCTO and the standards against which that work has been evaluated. (*See* Section G.1.a.-b.) Ms. Florissi became Plaintiff's manager in Spring 2022, and she is expected to testify on those same topics for the time she has managed Plaintiff. Moreover, Plaintiff seeks damages for alleged pay discrimination from 2017 to the present July 2023, and . (*See* Section D.1.a.-b. above and Section M. below.) Plaintiff's damages expert recently updated her estimates of economic loss to account for recent compensation decisions made by Google. (*See* Section D.1.a.-b. above and Section M. below.) Ms. Florissi's testimony is relevant for the same reasons as Mr. Grannis's. It will not confuse the issues, mislead the jury or result in any undue delay or wasted time.

## H.    DEPOSITION DESIGNATIONS

### 1.    The Parties' Designations for Their Respective Cases in Chief

#### a.    *Plaintiff's Designations:*

**Jennifer Burdis (Dec. 9, 2020)**

| | |
|---|---|
| 4:2-5 | 52:13-16 |
| 15:2-11 | 53:23-55:17 |
| 16:3-17:2 | 59:13-61:17 |
| 17:8-22 | 65:7-11 |
| 18:4-16 | 90:21-91:5 |
| 22:4-8 | 91:20-25 |
| 22:18-23:4 | 92:11-93:17 |
| 23:9-25:13 | 94:7-96:11 |
| 26:4-13 | 96:22-97:9 |
| 29:16-30:6 | 100:2-101:14 |
| 37:20-38:7 | 101:21-102:10 |
| 39:16-40:8 | 102:16-25 |
| 42:4-46:6 | 103:17-21 |
| 51:9-11 | |

Defendant has indicated that Ms. Burdis will be appearing remotely. If she does not, Plaintiff will make deposition designations for her testimony.

**Tariq Shaukat (Oct. 15, 2022)**

14

Defendant has indicated that Mr. Shaukat will be appearing live. If he does not, Plaintiff will make deposition designations for his testimony.

**Brian Stevens (Nov. 13, 2020)**

Defendant has indicated that Mr. Stevens will be appearing live. If he does not, Plaintiff will make deposition designations for his testimony.

**Evren Eryurek (Dec. 3, 2020)**

| | |
|---|---|
| 5:17-5:20 | 56:2-56:8 |
| 17:9-17:18 | 57:2-62:3 |
| 21:2-21:15 | 63:6-67:14 |
| 22:3-22:20 | 67:15-69:12 |
| 23:21-24:14 | 70:9-71:13 |
| 24:24-25:21 | 71:25-72:9 |
| 27:14-28:19 | 75:7-77:3 |
| 30:4-31:5 | 88:15-92:5 |
| 32:3-32:5 | 93:9-95:12 |
| 32:18-35:15 | 96:23-97:20 |
| 38:6-38:23 | 98:3-99:14 |
| 38:24-40:7 | 100:3-101:8 |
| 40:8-42:22 | 114:16-114:23 |
| 44:6-44:9 | 121:8-121:16 |
| 45:25-46:17 | 127:6-128:4 |

**Stuart Vardaman (Nov. 17, 2020)**

| | |
|---|---|
| 5:11-5:19 | 78:21-79:22 |
| 17:4-17:25 | 85:10-87:9 |
| 20:23-22:3 | 88:7-88:25 |
| 24:14-27:18 | 91:11-92:17 |
| 32:17-34:12 | 92:18-93:4 |
| 34:23-38:17 | 94:4-95:4 |
| 40:6-45:12 | 95:18-97:10 |
| 46:3-48:8 | 99:12-100:5 |
| 49:22-54:21 | 100:17-102:2 |
| 55:6-59:12 | 106:4-115:23 |
| 59:22-62:22 | 116:6-118:21 |
| 65:8-74:15 | 118:23-119:23 |
| 75:4-75:6 | 124:24-130:18 |
| 76:15-78:12 | 130:21-131:22 |
| 78:21-79:22 | 132:9-133:18 |
| 85:10-87:9 | |
| 88:7-88:25 | |

| | |
|---|---|
| 134:8-135:22 | 142:5-142:20 |
| 135:24-136:10 | 142:25-145:23 |
| 137:10-141:9 | 150:16-152:3 |

**Benjamin Wilson (Dec. 2, 2020)**

Defendant has indicated that Mr. Wilson will be appearing live. If he does not,

Plaintiff will make deposition designations for his testimony.

| | |
|---|---|
| 4:2-6 | 86:16-89:24 |
| 11:14-19 | 90:23-93:14 |
| 18:2-8 | 93:23-25 |
| 36:19-38:21 | 94:6-98:9 |
| 40:7-41:4 | 102:15-104:18 |
| 43:17-44:15 | 105:20-108:5 |
| 46:5-47:6 | 109:4-112:6 |
| 56:2-25 | 113:3-114:21 |
| 58:15-18 | 117:23-118:19 |
| 59:21-60:17 | 127:2-10 |
| 61:14-16 | 145:23-147:22 |
| 63:18-64:5 | 148:2-9 |
| 65:8-67:5 | 167:7-168:7 |
| 67:13-68:14 | 169:5-7 |
| 69:5-15 | 169:15-170:9 |
| 76:13-79:10 | 171:20-173:17 |
| 79:20-83:15 | |

**Evren Eryurek (Dec. 3, 2020)**

| | |
|---|---|
| 5:17-5:20 | 56:2-56:8 |
| 17:9-17:18 | 57:2-62:3 |
| 21:2-21:15 | 63:6-67:14 |
| 22:3-22:20 | 67:15-69:12 |
| 23:21-24:14 | 70:9-71:13 |
| 24:24-25:21 | 71:25-72:9 |
| 27:14-28:19 | 75:7-77:3 |
| 30:4-31:5 | 88:15-92:5 |
| 32:3-32:5 | 93:9-95:12 |
| 32:18-35:15 | 96:23-97:20 |
| 38:6-38:23 | 98:3-99:14 |
| 38:24-40:7 | 100:3-101:8 |
| 40:8-42:22 | 114:16-114:23 |
| 44:6-44:9 | 121:8-121:16 |
| 45:25-46:17 | 127:6-128:4 |

**Kevin Lucas (Oct. 27, 2020)**

17

4:2-4:6
19:3-19:20
55:13-58:11
80:22-81:2
81:13-81:15
81:23-86:5
89:7-91:19
158:5-159:2
168:13-171:16
182:19-183:24
188:19-189:23

192:20-194:6
194:17-196:23
195:5-204:8
203:14-203:18
204:9-205:19
212:9-214:8
214:24-216:5
223:10-225:15
228:16-228:20
229:7-234:23

### b. Defendant's Designations:

**Jennifer Burdis (Dec. 9, 2020)**

10:22-25
11:6-24
13:17-14:16
15:2-5
16:3-17:2
29:16-30:6
31:24-32:14
39:21-40:17
41:2-42:3
47:11-48:11
48:18-49:2
49:12-19
51:2-4
52:17-53:3

53:23-55:14
55:19-56:4
60:18-25
61:18-63:16
64:7-16
69:7-70:3
71:21-73:3
73:20-74:7
74:23-77:21
78:25-81:20
88:3-12
90:11-23
91:20-25

**Evren Eryurek (Dec. 3, 2020)**

12:17 - 17:8
21:2 - 22:24
23:21 - 25:21
26:10 - 17
27:14 - 28:19
36:22 - 37:17
46:18 - 47:23
50:3 - 51:11
53:6 - 10
61:21 - 62:3

71:14 - 24
80:12 - 83:4
86:18 - 21
91:5 - 22
108:10 - 110:4
112:6 - 21
113:10 - 114:2
124:8 - 13
125:14 - 127:5

**Benjamin Wilson (Dec. 2, 2020)**

17

| | |
|---|---|
| 13:15-14:2 | 48:12-20 |
| 14:10-15:17 | 48:22-49:3 |
| 15:21-17:3 | 49:5-12 |
| 17:19-20 | 49:14-22 |
| 17:22-18:12 | 51:7-10 |
| 19:13-16 | 51:12-53:2 |
| 19:19-20:24 | 53:9-17 |
| 21:5-18 | 54:3-55:15 |
| 21:22-22:19 | 63:4-25 |
| 24:15-22 | 65:8-22 |
| 24:24-26:14 | 69:16-18 |
| 26:24-27:06 | 69:25-71:24 |
| 29:2-30:17 | 72:2-7 |
| 30:19-31:8 | 72:9-11 |
| 31:10-19 | 72:13-24 |
| 31:21-24 | 73:2-12 |
| 32:3-4 | 73:14-74:14 |
| 32:7-16 | 75:2-76:12 |
| 32:18-33:14 | 90:23-91:6 |
| 33:16 | 99:3-10 |
| 35:20-36:7 | 101:3-23 |
| 38:12-39:22 | 102:15-17 |
| 40:7-21 | 102:19-25 |
| 41:5-14 | 104:19-105:12 |
| 41:18-24 | 108:22-109:23 |
| 42:12-17 | 112:7-11 |
| 45:14-24 | 112:17-114:14 |
| 46:5-24 | 118:20-119:19 |
| 47:2-6 | 127:2-10 |
| 47:11-22 | 135:21-136:18 |
| 48:8-10 | 153:7-154:9 |

**Kevin Lucas (Oct. 27, 2020)**

| | |
|---|---|
| 22:20 – 25:15 | 165:13 – 168:12 |
| 26:6 – 26:17 | 193:5 – 196:23 |
| 31:4 – 15 | 220:2 – 222:10 |
| 115:6 – 18 | 223:10 - 24 |

2.      **The Parties' Counter-Designations**

*a.*      *Plaintiff's Counter-Designations:*

**Jennifer Burdis (Dec. 9, 2020)**

17

|  |  |
|---|---|
| 11:2-5 | 77:22-78:24 |
| 14:17-22 | 81:21-82:10 |
| 49:20-25 | 82:15-18 |
| 63:21-64:6 | 89:3-17 |
| 70:4-21 | 91:6-19 |
| 74:8-12 | 97:10-23 |

**Evren Eryurek (Dec. 3, 2020)**

53:19-54:10
55:3-55:5

**Stuart Vardaman (Nov. 17, 2020)**

17:2-17:3
82:8-83:4
121:3-121:14
122:7-122:11

~~**Evren Eryurek (Dec. 3, 2020)**~~

~~53:19-54:10~~
~~55:3-55:5~~

~~**Kevin Lucas (Oct. 27, 2020)**~~

| | |
|---|---|
| ~~28:23-30:21~~ | ~~222:11-222:13~~ |
| ~~198:5-205:19~~ | ~~225:16-225:24~~ |

~~**Benjamin Wilson (Dec. 2, 2020)**~~

| | |
|---|---|
| ~~26:15-23~~ | ~~136:19-137:3~~ |

*b.*     ***Defendant's Counter-Designations:***

~~Defendant reserves the right to make an application for witnesses to testify~~

~~remotely should they become unavailable for live testimony at trial. (ECF 280~~

~~(Order dated December 6, 2022).) Should each of the below witnesses be~~

~~available to testify live or remotely at trial, introduction of their deposition~~

17

testimony is unnecessary. If the witnesses are or become unavailable for trial, Defendant counter-designates the following portions of their deposition testimony.

**Jennifer Burdis (Dec. 9, 2020)**

28:3-22

**Evren Eryurek (Dec. 3, 2020)**

| | |
|---|---|
| 42:19 - 43:17 | 67:15-69:12 |
| 44:10 - 23 | 73:16 - 74:14 |
| 45:17 - 24 | 74:15 - 18 |
| 48:3 - 49:21 | 77:4 - 78:3 |
| 52:14 - 53:5 | |

**Stuart Vardaman (Nov. 17, 2020)**

| | |
|---|---|
| 12:2-12:25 | 90:7-91:10 |
| 13:9-14:19 | 97:6-97:17 |
| 14:20-16:25 | 98:8-98:22 |
| 18:13-20:22 | 102:3-103:15 |
| 24:5-24:15 | 119:24-121:2 |
| 48:9-48:12 | 121:15-122:3 |
| 62:23-63:21 | 122:12-122:25 |
| 79:23-80:12 | 141:10-142:4 |
| 80:20-82:7 | 146:15-148:9 |
| 89:2-89:10 | 149:18-150:12 |

**Evren Eryurek (Dec. 3, 2020)**

| | |
|---|---|
| 42:19 - 43:17 | 67:15-69:12 |
| 44:10 - 23 | 73:16 - 74:14 |
| 45:17 - 24 | 74:15 - 18 |
| 48:3 - 49:21 | 77:4 - 78:3 |
| 52:14 - 53:5 | |

**Kevin Lucas (Oct. 27, 2020)**

| | |
|---|---|
| 20:13-22:8 | 86:6 - 87:12 |
| 61:2-23 | 184:14 - 186:3 |

67:22 – 68:23                                    203:19-204:8
80:22 – 81:17

**Benjamin Wilson (Dec. 2, 2020)**

11:7-13                                          67:6-8
58:19-59:11                                      84:5-17
60:24-61:13

Defendant reserves all rights to designate additional testimony after the Court

rules on outstanding pre-trial motions.

3.    **The Parties' Objections to Designated Testimony**

*a.    Plaintiff's Objections:*

**Stuart Vardaman (Nov. 17, 2020)**

| Designated Testimony | Objection |
|---|---|
| 79:23-80:12 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by others, which are being offered for the truth of the matter asserted. |
| 80:20-82:7 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by him and others, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion in Limine (ECF No. 241) |
| 90:7-91:10 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements he made, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion in Limine (ECF No. 241) |
| 97:6-97:17 98:8-98:22 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by him and others, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion in Limine (ECF No. 241) |

| 146:15-148:9 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by him and others, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion in Limine (ECF No. 241) |
| 149:18-150:12 | Fed. R. Evid. 401 (relevance) – this witness is testifying regarding a position that is not in dispute in this lawsuit. |

**Kevin Lucas (Oct. 27, 2020)**

~~Plaintiff objects to all of Defendant's designations and counter-designations, as he is not unavailable within the definition of Fed. R. Evid 32(a)(4), and because is a current employee and Google's designated corporate witness, he is in Google's control and Google is obligated to produce him at trial.~~

~~Defendant's position is that Mr. Lucas is available to testify live on Monday August 21, 2023. Since it is clear the trial will continue until this date, Google sees no reason that his testimony be presented via deposition at an earlier point in the trial.~~

**Jennifer Burdis (Dec. 9, 2020)**

| Designated Testimony | Objection |
| --- | --- |
| 11:6-8 | Fed. R. Evid. 403 (prejudice) – whether the witness understands if she is accused of wrongdoing is irrelevant to the issues to be tried, and its introduction into evidence would serve only to confuse or mislead the jury |

**Benjamin Wilson (Dec. 2, 2020)**

| Designated Testimony | Objection |
| --- | --- |
| 153:7-9 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – testimony regarding Ben Wilson's ladder transfer to the product manager role is not relevant, and will prejudice, mislead and confuse the jury. |

b.      **Defendant's Objections:**

**Jennifer Burdis (Dec. 9, 2020)**

| Designated Testimony | Objection |
|---|---|
| 4:2-5 | The designated text is not testimony. |
| 37:20-38:7<br>39:16-40:8<br>42:4-44:3 | To the extent that counsel is relying on this testimony to authenticate the document in question, P102B, Defendant objects on the grounds of Fed. R. Evid. 602 (lacks foundation) - the witness testified that she was not familiar with the document and had not seen it before (Tr. 37:20 - 38:11). Defendant objects to the introduction of the exhibit referenced in this testimony as irrelevant and prejudicial pursuant to Fed. R. Evid. 401 (relevance) and 403(prejudice).<br><br>Defendant has no objection to the question and answer at 39:21-40:8. |
| 44:21-46:6 | Fed. R. Evid. 401 (relevance), 403 (prejudice), 701 (lay opinion testimony based on hypotheticals) - counsel poses vague and ambiguous questions about "any role" at Google; this case is not about "any role," and counsel has not established a foundation that these hypotheticals accurately reflect the facts of the case. |
| 92:11-93:17 | Fed. R. Evid. 801, 802 (hearsay) - the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
| 94:7-94:12<br>95:14-95:25 | Fed. R. Evid. 801, 802 (hearsay) - the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
| 96:22-97:9 | Fed. R. Evid. 801, 802 (hearsay) - the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
| 100:2-101:14 | Fed. R. Evid. 801, 802 (hearsay) - the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |

**Stuart Vardaman (Nov. 17, 2020)**

| Designated Testimony | Objection |
|---|---|
| 5:11-5:19 | The designated text is not testimony. |

| 17:2-17:3 | Fed. R. Evid. 401 (relevance) – the witness's employer at the time of his deposition is irrelevant to the issues to be tried.<br>Fed. R. Evid. 403 (prejudice) – the witness was employed by Google at the time he was deposed in 2020, but is no longer employed by Google and will not be on the date of trial. The designated testimony is misleading to the jury unless they are told at the time of trial that the witness is a former employee. |
|---|---|
| 46:3-46:3 | Fed. R. Evid. 106 (completeness) – designated testimony does not include the question posed or the preceding questions, which contextualize the answer. |
| 46:25-47:11 | Fed. R. Evid. 801, 802 (hearsay) – the witness is being asked about notes taken by someone other than himself, which are being offered for the truth of their contents. |
| 59:22-61:4 | Fed. R. Evid. 801, 802 (hearsay) – the witness (or counsel) is reading from an email that contains an out-of-court statement offered for the truth of what Mr. Stevens allegedly said about Plaintiff's candidacy for the Financial Services Vertical Lead position. |
| 65:8-66:8 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from an email that contains an out-of-court statement offered for the truth of the matter asserted |
| 106:4-107:18<br>111:10-20 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from an email that contains an out-of-court statement offered for the truth of the matter asserted |
| 125:3-128:6 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from an email that contains an out-of-court statement offered for the truth of the matter asserted |
| 127:23-129:23 | Fed. R. Evid. 401 (relevance) – the witness was not involved in any compensation decisions as it relates to anyone at Google; his opinion as to the appropriate amount of an equity refresh grant is irrelevant to any issue in this case<br>Fed. R. Evid. 403 (prejudice) – given the lack of relevance, introduction of this testimony would only serve to confuse or mislead the jury, or waste time |

**Evren Eryurek (Nov. 3, 2020)**

| Designated Testimony | Objection |
|---|---|
| 5:17-5:20 | The designated text is not testimony. |
| 53:19-54:10 | Fed. R. Evid. 401 (relevance) – the witness was not involved in hiring Plaintiff, setting her compensation, or interviewing or selecting her for the Financial Services Vertical Lead role (or any other role). Whether he considered Plaintiff to be qualified for the role has no tendency to make any fact of consequence more or less probable.<br>Fed. R. Evid. 403 (prejudice) – given the lack of relevance, the opinion of a witness who has no involvement in any of the challenged decisions to be tried serves only to mislead the jury, confuse the issues, and waste time. |
| 57:12-58:5 | Fed. R. Evid. 801, 802 (hearsay) – testimony regarding what recruiters told the witness about how Google determined his compensation in connection with his offer of employment, offered for the truth of those representations. |
| 60:16-61:20 | Fed. R. Evid. 401 (relevance) – the comparative value of the sign-on equity award granted to the witness against the value of equity he forfeited by leaving his prior employer, and whether that grant was subject to vesting, is irrelevant to whether Plaintiff was treated in a discriminatory manner.<br>Fed. R. Evid. 403 (prejudice) – given the irrelevance of this information to the issues to be tried, its introduction into evidence would serve only to confused or mislead the jury, or waste time. |

| 63:6-67:14 | Fed. R. Evid. 602 (lack of personal knowledge) – Plaintiff has not asserted, nor can she establish through testimony, that the witness participated in any decision to hire Plaintiff, determine her compensation or level, supervise her, or direct and evaluate her work. Accordingly, his opinion of Plaintiff's background, qualifications, and performance is not based on personal knowledge and he lacks the necessary foundation to testify about these topics. Fed. R. Evid. 401 (relevance) – because the witness was not involved or consulted in any of the challenged decisions on trial, his opinion on these matters are irrelevant. Fed. R. Evid. 403 (prejudice) – for these same reasons, introduction of this testimony into evidence will serve only to confuse or mislead the jury, or waste time. |
|---|---|
| 65:11-66:4 | Fed. R. Evid. 801, 802 (hearsay) – the testimony designated is the witness recalling out-of-court statements between himself and Plaintiff, all offered for the truth of the matters asserted. |
| 67:12-14 | Fed. R. Evid. 801, 802 (hearsay) – what the witness heard out-of-court (or, rather, did not hear) is being offered for its truth. |
| 75:7-77:3 | Fed. R. Evid. 801, 802 (hearsay) – the witness's testimony is limited to reading content from a document, which contains out-of-court statements offered for their truth. Fed. R. Evid. 602 (lack of personal knowledge) – the witness was unable to identify the document available via link in the email placed in front of him at deposition, so his answers to questions about the linked document are speculative. |
| 89:3-91:3 | Fed. R. Evid. 801, 802 (hearsay) – the testimony consists solely of the witness's recollection of an out-of-court conversation with Plaintiff offered for its truth. Fed. R. Evid. 401 (relevance) – the witness was not involved or consulted in the hiring process for the Financial Services Vertical Lead position at issue, so his opinions about the process and what Plaintiff told him about that topic are irrelevant. Fed. R. Evid. 403 (prejudice) – for the same reasons, the testimony would serve only to confuse or mislead the jury, or waste time, if admitted. |

| 91:23-92:5 | Fed. R. Evid. 801, 802 (hearsay) – the testimony consists solely of the witness's recollection of an out-of-court conversation with Plaintiff offered for its truth.<br>Fed. R. Evid. 401 (relevance) – what Plaintiff told the witness about her alleged exclusion from meetings is irrelevant to the issue of whether Plaintiff was actually excluded from meetings or otherwise treated unfairly on the basis of sex.<br>Fed. R. Evid. 403 (prejudice) – for the same reasons, the testimony would serve only to confuse or mislead the jury, or waste time, if admitted. |
|---|---|
| 93:9-95:12 | The testimony concerning Morgan Kuhn was already ruled inadmissible by Judge Schofield. *See* ECF 292 ¶ 2 ("Defendant's motion to exclude evidence of other employees' complaints of alleged unfair treatment by Defendant is granted in part and denied in part. Evidence concerning the following is excluded under Rule 403 as the evidence has limited, if any, probative value and is likely to confuse the jury in a way that will prejudice Defendant: (1) the *Haggan* and *Ellis* class actions, which were settled and did not include Plaintiff within the class, (2) the protests principally concerning sexual harassment, which is not an issue in this case, and the resulting 2018 walkout, and (3) **a gender complaint against Stuart Breslow that did not involve Plaintiff.**") (emphasis supplied).<br>Fed. R. Evid. 401 (relevance) – an alleged complaint about an individual who is not alleged to have participated or been consulting in any of the challenged decisions on trial is irrelevant.<br>Fed. R. Evid. 403 (prejudice) – for the same reason, admitting this testimony into evidence would serve only to confuse and mislead the jury, or waste time.<br>Fed. R. Evid. 801, 802 (hearsay) – the testimony consists of information the witness heard second-hand, offered for its truth. |

| 127:6-128:4 | Fed. R. Evid. 602 (lack of personal knowledge) – the witness testified he knows nothing about years of experience and how it may have related to leveling, so his testimony about the impact that might have on the work performed lacks foundation.<br>Fed. R. Evid. 401 (relevance) – for the same reason, the witness's testimony as to whether "it" has any impact on the nature of the work he and Plaintiff performed is irrelevant.<br>Fed. R. Evid. 403 (prejudice) – for the same reason, the introduction of this testimony into evidence would serve only to confuse and mislead the jury, and waste time. |

**Benjamin Wilson (Dec. 2, 2020)**

| 4:2-6 | The designated text is not testimony. |
|---|---|
| 18:2-8 | Fed. R. Evid. 106 (remainder of recorded statement required) – Plaintiff should be required to include the full question and answer for appropriate context (Tr. 17:19-18:8). |
| 37:19 - 38:11 | Fed. R. Evid. 401 (relevance) – what the witness's prior employer paid him for the job he held prior to joining Google has no bearing whatsoever on the issue to be tried, which is whether compensation decisions with respect to Plaintiff were motivated sex.<br>Fed. R. Evid. 403 (prejudice) – this testimony cannot possibly make any fact of consequence in this trial more or less likely, and will serve only to confuse or mislead the jury, or waste time. |
| 44:4-15 | Fed. R. Evid. 401 (relevance) – whether the witness knew what Mr. Eryurek's role and title was during his interview process, and the witness's opinion as to whether Mr. Eryurek's role was similar to the one for which the witness was interviewing, has no bearing on the issue to to tried, which is whether those involved in the decision to hire Plaintiff at L8 were motivated by sex.<br>Fed. R. Evid. 403 (prejudice) – for the same reasons, the testimony would serve only to confuse or mislead the jury, or waste time, if admitted. |
| 58:15-18 | Fed. R. Evid. 106 (remainder of relevant testimony required) – Plaintiff's designation begins in the middle of the witness's answer and lacks context. |

| | Even if Plaintiff includes the entire question and answer, Defendant objects on the grounds of Fed. R. Evid. 401 (relevance) - the witness is reading from a job description "about an AI role which I did not apply for and did not take a job of." (Tr. 56:2-58:15.) There is no dispute that the document about which the witness is testifying is not the job description associated with the Technical Director role Plaintiff held at Google. Fed. R. Evid. 403 (prejudice) - for the same reasons, the testimony would serve only to confuse or mislead the jury, or waste time, if admitted. |
|---|---|
| 59:21-60:17 | Fed. R. Evid. 106 (remainder of relevant testimony required) – Plaintiff's designation fails to make clear the document about which the witness is testifying. If Plaintiff includes Tr. 58:19-59:11 so the jury is not confused or misled into thinking the witness is testifying about a different document, Google will remove its objection. If Plaintiff will not amend her designation accordingly, Defendant objects on the grounds of Fed. R. Evid. 403 (prejudice) - failure to identify the document about which the witness is testifying—particularly when the preceding testimony identifies a *different* job description—will confuse and mislead the jury. |
| 67:13-15 | Fed. R. Evid. 401 (relevance) - which employees the witness considered his "peers" is irrelevant given he did not participate in any challenged decisions in this case, including the decision to hire Plaintiff as an L8 rather than an L9. Fed. R. Evid. 403 (prejudice) - testimony in response to a vague question about those people the witness considers his "peers" in OCTO has no bearing on whether the individuals who recommended she be hired as an L8 intentionally discriminated against Plaintiff on the basis of her sex, nor is it evidence that Plaintiff was actually performing work substantially equal to the witness or anyone else. Therefore, its introduction into evidence will serve only to mislead or confuse the jury, and waste time. |
| 69:5-15 | Fed. R. Evid. 401 (relevance) - the witness had no involvement in the decision to hire Plaintiff at L8 or set her compensation. When or whether he became aware of the level at which other employees were hired does not make it more or less likely that the leveling or compensation decisions with respect to Plaintiff were motivated |

| | by sex. |
| | Fed. R. Evid. 403 (prejudice) - for the same reasons, the testimony would serve only to confuse or mislead the jury, or waste time. |
| 77:10-19 | Fed. R. Evid. 401 (relevance) - There is no evidence that the witness was involved in or consulted with respect to any of the challenged decisions in this case, including whether to offer Plaintiff the Financial Services Vertical Lead role in Tariq Shaukat's organization. His opinion as to Plaintiff's qualifications for that role or any other role has no bearing on the issues to be tried. The witness also expressly disavows sufficient knowledge to answer the question posed. |
| | Fed. R. Evid. 403 (prejudice) - For those same reasons, the testimony would serve only to confuse or mislead the jury, or waste time. |
| 92:15-93:14 | Fed. R. Evid. 602 (lack of personal knowledge) - Plaintiff has not asserted, nor can she establish through testimony, that the witness participated in any decision to hire Plaintiff, determine her compensation or level, supervise her, or direct and evaluate her work. Accordingly, his opinion of Plaintiff's background, qualifications, and performance is not based on personal knowledge and he lacks the necessary foundation to testify about these topics. |
| | Fed. R. Evid. 401 (relevance) - the witness was not involved or consulted in any of the challenged decisions to be tried, including the decision to hire Plaintiff as an L8 as opposed to an L9. What he understood or believed her educational and professional background to be is irrelevant and has no tendency to make any fact of consequence more or less likely. |
| | Fed. R. Evid. 403 (prejudice) - for the same reasons, admitting this testimony into evidence would serve only to confuse and mislead the jury, and waste time. |
| 94:6-95:7 96:18-97:2 | Fed. R. Evid. 401 (relevance) - because the witness was not involved or consulted in any of the challenged decisions to be tried, his opinion on these matters is irrelevant. |
| | Fed. R. Evid. 403 (prejudice) - for these same reasons, introduction of this testimony into evidence will serve only to confuse or mislead the jury, or waste time. |
| 97:7-98:9 | Fed. R. Evid. 801, 802 (hearsay) – the testimony |

| | recounts an out of court statement offered for the truth of the matter asserted. |
|---|---|
| 109:24-111:24 | Fed. R. Evid. 401 (relevance) - the witness was not involved in or consulted in any challenged decision to be tried, including the decision(s) to level any of the individuals mentioned. Therefore, what he knew or believed he knew about their backgrounds and education is irrelevant. Fed. R. Evid. 403 (prejudice) - for the same reasons, this testimony would serve only to confuse or mislead the jury, or waste time, if admitted |
| 145:23-147:22 | Fed. R. Evid. 801, 802 (hearsay) – the testimony recounts an out of court statement offered for the truth of the matter asserted. |
| 148:2-9 | Fed. R. Evid. 801, 802 (hearsay) – the testimony recounts an out of court statement offered for the truth of the matter asserted. |
| 168:4-7 | Fed. R. Evid. 801, 802 (hearsay) – the testimony recounts an out of court statement offered for the truth of the matter asserted. |
| 169:5-7 | Fed. R. Evid. 401 (relevance) - whether the witness was ever contacted by Employee Relations in connection with an investigation into complaints about decisions in which he played no role or was not consulted has no bearing on whether the decisions themselves were motivated by sex. Fed. R. Evid. 403 (prejudice) – for the same reasons, introduction of this testimony into evidence would serve only to confuse or mislead the jury, or waste time. |
| 169:15-170:9 | Fed. R. Evid. 401 (relevance) - whether the witness was ever contacted by Employee Relations in connection with an investigation into complaints about decisions in which he played no role or was not consulted has no bearing on whether the decisions themselves were motivated by sex. Fed. R. Evid. 403 (prejudice) – for the same reasons, introduction of this testimony into evidence would serve only to confuse or mislead the jury, or waste time. |
| 171:20-173:17 | Fed. R. Evid. 401 (relevance) – Ms. Bennett's level is not at issue in this case, so any discussions the witness had with Ms. Bennett about their respective levels are irrelevant to whether the decision to hire Plaintiff as an L8 was motivated |

| | by sex.<br>Fed. R. Evid. 403 (prejudice) – for the same reasons, introduction of this testimony into evidence would serve only to confuse or mislead the jury, or waste time. |
|---|---|

### Kevin Lucas (Oct. 27, 2020)

| Designated Testimony | Objection |
|---|---|
| 4:2-6 | The designated text is not testimony. |
| 28:23-30:21 | Fed. R. Evid. 401 (relevance) – the witness is not alleged to have been a decisionmaker with respect to any decision to be tried, nor is he an attorney upon whose advice Google could rely to assert an affirmative defense. Therefore, his training on aspects of various anti-discrimination laws and knowledge of their requirements is irrelevant to the claims and defenses asserted.<br>Fed. R. Civ. P. 403 (prejudice) – for the same reasons, the introduction of this testimony into evidence would serve only to confuse and mislead the jury, and waste time. |
| 169:4-169:19 | Fed. R. Evid. 401 (relevance) – hypothetical complaints of alleged under-leveling by individuals other than Plaintiff are not on trial, nor are they relevant to the claims and defenses asserted.<br>Fed. R. Evid. 403 (prejudice) – for the same reason, the introduction of this testimony into |

23

| | evidence would serve only to confuse and mislead the jury, and waste time. |
|---|---|
| 170:5-171:16 | Fed. R. Evid. 401 (relevance) — testimony concerning hypothetical studies or analyses on the fairness of leveling decisions across the entire company (or lack thereof) are irrelevant to the concrete leveling decisions challenged at trial, which Plaintiff alleges were made with discriminatory intent.<br>Fed. R. Evid. 403 (prejudice) — for the same reason, the introduction of this testimony into evidence would serve only to confuse and mislead the jury, and waste time. |
| 182:19-183:12 | Fed. R. Evid. 401 (relevance) — testimony about "hiring Level 10s at Google" is irrelevant to Plaintiff's claim that she was denied a promotion to what she claims was a Level 10 position.<br>Fed. R. Evid. 403 (prejudice) — for the same reason, the introduction of this testimony into evidence would serve only to confuse and mislead the jury, and waste time. |
| 188:19-189:23 | Fed. R. Evid. 401 (relevance) — testimony about subjects on which the witness disclaims knowledge (Plaintiff's background and qualifications) and about events in which he "wasn't really involved" (Plaintiff's transfer to a new organization in 2018) are not relevant to the challenged decisions on trial.<br>Fed. R. Evid. 403 (prejudice) — for the same reason, the introduction of this testimony into evidence would serve only to confuse and mislead the jury, and waste time. |
| 204:22-205:6 | Fed. R. Evid. 801, 802 (hearsay) — this testimony is recitation of an out-of-court statement in an email between the witness and another Google employee, offered for its truth. |
| 215:5-216:5 | Fed. R. Evid. 401 (relevance) — the testimony consists of counsel reading from a document placed before the witness, the witness saying he does not know what the written, out-of-court statement refers to, and his opinion regarding a hypothetical woman communicating that she believes she's the best candidate for the role e3. None of that has any tendency to make any fact of consequence more or less probable, nor does it bear on the issues to be tried. |

Case 1:19-cv-08655-JHR Document 310 Filed 07/18/23 Page 25 of 26

| | |
|---|---|
| | Fed. R. Evid. 403 (prejudice) – for the reasons stated above, introduction of this irrelevant testimony would serve only to mislead or confuse the jury, and waste time.<br>Fed. R. Evid. 801, 802 (hearsay) – the out-of-court statements from the document, read into the deposition record by counsel, are being offered for their truth. |
| 224:10-225:4 | The testimony concerning alleged complaints raised by an administrative assistant was already ruled inadmissible by Judge Schofield. *See* ECF 292 at 1-2 ("Defendant's motion to exclude evidence of other employees' complaints of alleged unfair treatment by Defendant is granted in part and denied in part. Evidence concerning the following is excluded under Rule 403 as the evidence has limited, if any, probative value and is likely to confuse the jury in a way that will prejudice Defendant: (1) the *Haggan* and *Ellis* class actions, which were settled and did not include Plaintiff within the class, (2) the protests principally concerning sexual harassment, which is not an issue in this case, and the resulting 2018 walkout, and (3) **a gender complaint against Stuart Breslow that did not involve Plaintiff.**") (emphasis supplied).<br>Fed. R. Evid. 401 (relevance) – an alleged complaint about an individual who is not alleged to have participated or been consulting in any of the challenged decisions on trial is irrelevant.<br>Fed. R. Evid. 403 (prejudice) – for the same reason, admitting this testimony into evidence would serve only to confuse and mislead the jury, or waste time. |
| 225:16-24 | Fed. R. Evid. 401 (relevance) – if the witness is testifying via deposition, there will be no opportunity for the witness to testify about other conversations with or about the Plaintiff that he did not otherwise recall at his deposition. Accordingly, statements about the completeness of his testimony are irrelevant.<br>Fed. R. Evid. 403 (prejudice) – the introduction of this irrelevant testimony into the record would only serve to waste time. |
| 228:16-20 | Fed. R. Evid. 401 (relevance) – whether the witness recalls being interviewed by Employee |

| | Relations with respect to Plaintiff's lawsuit is neither disputed nor relevant to any of the claims to be tried. Furthermore, the "answer" to the question posed is counsel's clarification of the question, not sworn testimony from the witness. Fed. R. Evid. 403 (prejudice) — for the same reasons, admitting this testimony into evidence would serve only to confuse and mislead the jury, or waste time. |
|---|---|
| 229:7-230:12 | Fed. R. Evid. 401 (relevance) — whether the witness recalls being interviewed by Employee Relations with respect to Plaintiff's lawsuit is neither disputed nor relevant to any of the claims to be tried. To the extent it could be relevant (and it is not), the witness could not corroborate that he made any of the alleged out-of-court statements attributed to him. Fed. R. Evid. 403 (prejudice) — for the same reasons, admitting this testimony into evidence would serve only to confuse and mislead the jury, or waste time. |
| 231:9-233:5 | Fed. R. Evid. 401 (relevance) — the witness was not a decisionmaker for any of the challenged decisions to be tried; whether he recalls being interviewed by Employee Relations with respect to Plaintiff's lawsuit, how he responded to investigator's questions, and his opinions as to whether he agreed or disagreed with the actual decisionmaker's conduct is irrelevant. Fed. R. Evid. 403 (prejudice) — for the same reason, admitting this testimony into evidence would serve only to confuse and mislead the jury, or waste time. |
| 233:22-234:15 | Fed. R. Evid. 401 (relevance) — the witness was not a decisionmaker for any of the challenged decisions to be tried; whether he recalls being interviewed by Employee Relations with respect to Plaintiff's lawsuit, how he responded to investigator's questions, and his opinions as to whether he agreed or disagreed with the actual decisionmaker's conduct is irrelevant. Fed. R. Evid. 403 (prejudice) — for the same reason, admitting this testimony into evidence would serve only to confuse and mislead the jury, or waste time. |

# I.    PROPOSED EXHIBITS AND DEMONSTRATIVE AIDS

1.    **Parties' Stipulation as to Demonstrative Aids**

The Parties stipulated to exchanging demonstrative aids by July 21, 2023, three weeks in advance of the trial conference previously scheduled for August 14, 2023. (*See* ECF 303.) ~~Should either~~Both ~~P~~parti~~es~~y submitted copies of their intended demonstratives to the Court on July 21, 2023, via email to Chambers. ~~have any objections to the other's demonstrative aids, t~~The Parties ~~will~~ raised ~~those~~ objections to demonstratives on August 4, 2023. ~~within one week, on or before July 28, 2023, for a ruling at the pre- trial conference.~~

2.    **Plaintiff's Proposed Exhibits**

Plaintiff's Proposed Exhibits are attached as Appendix A to this Joint Pre-trial Order. Plaintiff believes that the admission of documents to which there are no objections, without the necessity of introducing documents through a competent witness with personal knowledge pursuant to Fed. R. Evid. 602, will be more efficient than what Defendant proposes.

3.    **Defendant's Proposed Exhibits**

Defendant's Proposed Exhibits are attached as Appendix B to this Joint Pre-trial Order. If the Court will rule on the admissibility of exhibits before trial, Defendant seeks clarification as to whether evidence deemed admissible will be affirmatively admitted into evidence at the start of the trial. It is Defendant's understanding and preference that each party introduce documents into evidence through a competent witness with personal knowledge pursuant to Fed. R. Evid. 602, unless unique circumstances dictate or the parties stipulate otherwise.

Consistent with the Court's Order dated January 13, 2023 (ECF 292), Defendant

has removed objections to its trial exhibits and trial testimony to the extent that the Court

ruled on the admissibility of the specific exhibit/testimony, or the subject matter covered

by that exhibit/testimony. In doing so, Defendant is not waiving or abandoning those

objections, all of which have previously been asserted in the initial Joint Pre-trial Order

submitted on December 12, 2022 (ECF 285) and in Defendant's motions *in limine* (ECF

234, 236,.)

4.     **Exhibits for Purposes of Trial**

The parties ~~are~~ have previously submitt~~ing~~ed their respective exhibits to the

Court ~~concurrent with this filing, and~~ in the format required by the Court's Individual

Rules and Practices in Civil Cases, Rule 7.D. The exhibits ~~will be~~have been numbered

to facilitate their use at trial. The parties have indicated their request for an advance

ruling on contested exhibits with a notation in Appendices A and B. To the extent that

any exhibits for which either party has asserted a hearsay objection are admitted into

evidence for a purpose other than to prove the truth of the out-of-court statement, the

parties respectfully request the Court provide a cautionary instruction to the jury

regarding the purpose for which the exhibit has been admitted.

J.     **WRITTEN DISCOVERY RESPONSES**

1.  Defendant Google LLC's Objections and Responses to Plaintiff's First set of
    Requests for Admission, January 25, 2021

2.  Plaintiff Ulku Rowe's Responses and Objections to Google's First Set of
    Interrogatories, dated February 20, 2020

K.     **LIST OF MOTIONS *IN LIMINE***

Judge Schofield's order on the parties' motions *in limine* is attached hereto as Appendix

C. (*See* ECF 295 ("Unless and until the Court orders otherwise, all prior orders, dates, and

deadlines shall remain in effect notwithstanding the reassignment.").) To the extent either party

believes the Order on the motions *in limine* render any exhibit or designated deposition

testimony inadmissible, those objections are reflected in Appendices A and B and above in

section H.3, respectively.

*1.* **Plaintiff's Motions *in Limine***

a. Motion One: Plaintiff's Motion in Limine to Exclude Evidence Concerning Defendant's Consideration of Other Rejected Candidates for Financial Services Vertical Lead Role (ECF No. 238)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | ENG BATES |
|---------|------------|-----------|
| D55 | GOOG-ROWE-00059007 | GOOG-ROWE-00059012 |
| D65 | GOOG-ROWE-00056487 | GOOG-ROWE-00056488 |
| D45 | GOOG-ROWE-00017721 | GOOG-ROWE-00017721 |
| D80 | GOOG-ROWE-00017873.R | GOOG-ROWE-00017875.R |
| D71 | GOOG-ROWE-00062337 | GOOG-ROWE-00062344 |
| D72 | GOOG-ROWE-00063421 | GOOG-ROWE-00063424 |
| D73 | GOOG-ROWE-00061871 | GOOG-ROWE-00061872 |
| D74 | GOOG-ROWE-00082370 | GOOG-ROWE-00082372 |

Court Order on Plaintiff's Motion *in Limine*, Motion One: "Plaintiff's motion to exclude evidence of other candidates for the FSVL role for which she was not hired is DENIED, as this evidence is part of the factual background relevant under Rule 401 to show whether Defendant acted with discriminatory or retaliatory intent." (ECF 292 at ¶ 3.)

b. Motion Two: Plaintiff's Motion in Limine to Exclude Hearsay Evidence Concerning Plaintiff's Candidacy for the Financial Services Vertical Lead Role (ECF No. 240)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|-----------|-----------|
| D62 | GOOG-ROWE-00017533 | GOOG-ROWE-00017538 |

Court Order on Plaintiff's Motion *in Limine*, Motion Two: "Plaintiff's motion to exclude as hearsay evidence of oral feedback from interviewers is DENIED, as the evidence is offered for its effect on Defendant's hiring manager and not for the truth. *See* Rule 802. Plaintiff may submit a joint proposed limiting instruction to this effect at the time the evidence is presented." (ECF 292 at ¶ 4.)

    c.   Motion Three: Plaintiff's Motion in Limine to Exclude Evidence Concerning Yolanda Piazza or Defendant's Consideration or Selection of Candidates for the Vice President – Financial Services, Sales Role (ECF No. 242)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|-----------|-----------|
| D70 | GOOG-ROWE-00055394.R | GOOG-ROWE-00055418.R |
| D79 | GOOG-ROWE-00078164 | GOOG-ROWE-00078169 |
| D76 | GOOG-ROWE-00082359 | GOOG-ROWE-00082366 |
| D77 | GOOG-ROWE-00082356 | GOOG-ROWE-00082358 |
| D78 | GOOG-ROWE-00082351 | GOOG-ROWE-00082355 |

Court Order on Plaintiff's Motion *in Limine*, Motion Three: "Plaintiff's motion to exclude evidence of other candidates for the VP-FS role for which she was not interviewed is DENIED, as the evidence is relevant under Rule 401 to whether Defendant acted with retaliatory intent, and Plaintiff as not been prejudiced by the timeliness (or not) of the production of related documents." (ECF 292 at ¶ 5.)

    d.   Motion Four: Plaintiff's Motion in Limine to Exclude Evidence Concerning the Level 8 Technical Directors (ECF No. 244)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|------------|-----------|
| D43 | GOOG-ROWE-00063979 | GOOG-ROWE-00064012 |
| D44 | GOOG-ROWE-00063516 | GOOG-ROWE-00063589 |
| D68 | GOOG-ROWE-00065032 | GOOG-ROWE-00065090 |
| D69 | GOOG-ROWE-00064910 | GOOG-ROWE-00064968 |

Court Order on Plaintiff's Motion *in Limine*, Motion Four: "Plaintiff's motion to exclude evidence of leveling determinations of male L8 Directors is DENIED because it is relevant under Rule 401 to show whether Plaintiff, who was hired as a Technical Director as an L8, was treated less well than similarly situated men, and whether Plaintiff was more like others hired at L8 than those leveled at L9. For the same reason, the evidence will not confuse the jury with extraneous or irrelevant information." (ECF 292 at ¶ 6.)

e.  Motion Five: Plaintiff's Notice of Motion to Be Permitted to Ask Leading Questions During the Direct Examination of Defendant's Current and Former Employees (ECF No. 246)

Court Order on Plaintiff's Motion *in Limine*, Motion Five: "Plaintiff's motion to permit leading questions or Defendant's employees as hostile witnesses is DENIED in part and GRANTED in part as follows: Plaintiff may treat as hostile witnesses (1) Defendant's current employees because Defendant does not object to Plaintiff's doing so, (2) Tariq Shaukat because Plaintiff accuses him of discriminatory conduct that is in part the basis for this action and (3) any former employee who at the time of trial is represented by defense counsel and who participates with defense counsel in preparing their testimony. The motion is denied as to any remaining employees. At least three weeks prior to the commencement of trial, defense counsel shall identify for Plaintiff any former employees as to whom the motion is denied." (ECF 292 at ¶ 7.)

f.  Motion Six: Plaintiff's motion to preclude Defendant from calling Dave Rensin as a witness is DENIED to the extent that Defendant may question Rensin about (1) the TSC Job Ladder generally and what it represents, but not in reference to Plaintiff or any other particular employee, and (2) any feedback from his interview of Plaintiff that he provided to those who made her leveling decision, not to be offered for the truth, but as information that was considered. As to item (2), Plaintiff

may submit a joint proposed limiting instruction at the time the evidence is presented.

## 2. Defendant's Motions *in Limine*

    a.   Defendant Google LLC's Motion *in Limine* Regarding Evidence of Leveling Determinations (ECF No. 234)

The following documents on Plaintiff's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|------------|-----------|
| P15 | GOOG-ROWE-00059224 | GOOG-ROWE-00059229 |
| P52 | GOOG-ROWE-00059824 | GOOG-ROWE-00059829 |

Court Order on Defendant's Motion *in Limine* Regarding Evidence of Leveling Determinations: "Defendant's motion to exclude evidence of 'leveling determinations,' outside of Level 8 and 9 Technical Directors in the Office of the CTO, is DENIED to the extent that Plaintiff may introduce evidence of (1) leveling decisions by Tariq Shaukat, whom Plaintiff alleges treated her in a discriminatory manner and (2) re-leveling decisions to illustrate that re-leveling was possible. This evidence is relevant under Rule 401 to show whether Plaintiff was treated in a discriminatory manner and with discriminatory intent. Defendant has not articulated any unfair prejudice or jury confusion, and any time spent on Defendant's contrary evidence is not waste time and is outweighed by the probative value of this evidence." (ECF 292 at ¶ 1.)

Plaintiff argues that Exhibit P15 does not relate to this motion as it is not a leveling determination, it is an internal discussion of a ladder transfer. Plaintiff further argues that P52 is admissible because it is not a leveling determination, and even if the Court determines it was, it was made by Tariq Shaukat.

    b.   Defendant Google LLC's Notice of Motion *in Limine* to Exclude Evidence of Other Employee Complaints (ECF No. 236)

The following documents on Plaintiff's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|------------|-----------|
| P18 | GOOG-ROWE-00056473 | GOOG-ROWE-00056476 |

| P39 | GOOG-ROWE-P-00001200 | GOOG-ROWE-P-00001201 |
| | GOOG-ROWE-00060592 | GOOG-ROWE-00060593 |
| P58 | P001591 | P001603 |
| P105 | GOOG-ROWE-00058542 | GOOG-ROWE-00058555 |

Court Order on Defendant's Motion *in Limine* to Exclude Evidence of Other Employee Complaints: "Defendant's motion to exclude evidence of other employees' complaints of alleged unfair treatment by Defendant is GRANTED in part and DENIED in part. Evidence concerning the following is excluded under Rule 403 as the evidence has limited, if any, probative value and is likely to confuse the jury in a way that will prejudice Defendant: (1) the *Haggan* and *Ellis* class actions, which were settled and did not include Plaintiff within the class, (2) protests principally concerning sexual harassment, which is not at issue in this case, and the resulting 2018 walkout and (3) a gender complaint against Stuart Breslow that did not involve plaintiff. Evidence of the following is permitted: (1) the December 2019 complaint of a Level 6 employee was no re-leveled to Level 7, to show that re-leveling was possible." (ECF 292 at ¶ 2.)

Plaintiff argues that Exhibit P18 does not relate to this motion because it is not an employee complaint. Plaintiff has removed Exhibits P39 and P58 from her exhibit list. Plaintiff further argues that P105 is admissible per the Court's ruling above (the complaint of a Level 6 employee was no re-leveled to Level 7, to show that re-leveling was possible.)

## L.    STIPULATIONS OF UNCONTESTED FACTS

There are no stipulations of uncontested facts.

## M.    STATEMENT OF DAMAGES

Plaintiff seeks those damages to which she is entitled under New York Labor Law and New York City Human Rights Law, including backpay, liquidated damages, compensatory damages, and punitive damages. These damages will be supported by Plaintiff's own testimony and that of her economic expert, Nora Ostrofe.

Plaintiff's economic losses through July 2023 are approximately $10.9 million. Of this amount, approximately $3.68 million is for liquidated damages on the portion of back-pay related to Equal Pay Law claims and approximately $287,000 is for pre-judgment interest.

Plaintiff seeks emotional distress damages of $300,000.00.

Plaintiff seeks punitive damages in an amount to be determined by the jury as necessary to punish and deter Google from such unlawful behavior, consistent with constitutional limitations.

Plaintiff seeks attorneys' fees and costs for all work performed in connection with the case, including post-trial work and work related to the fee application. Plaintiff's attorneys' fees are presently approximately $3.01 million.

Plaintiff seeks reimbursement of costs, which are presently: approximately $122,000. Defendant denies that Plaintiff is entitled to any of the relief she seeks.

**OTHER RELIEF**

Plaintiff seeks the following additional relief:

a) Declare that Defendant's actions are violative of the law;

b) Enjoin and permanently restrain these violations of the law;

c) Direct Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment opportunities.

d) Direct Defendant to instate Plaintiff into the position she was denied or a comparable position, or in the alternative, set Plaintiff's compensation and benefits at a comparable level to that position;

e) Award Plaintiff the number of Google shares she was unlawfully denied;

f) Award Plaintiff damages to compensate for any adverse tax consequences;

g) Award pre-judgment interest at the statutory rate of 9%;

h)  Award Plaintiff attorneys' fees, costs, and disbursements pursuant to applicable law; and

i)  Award such other legal and equitable relief as this Court deems necessary, just, and proper.

Defendant denies that Plaintiff is entitled to any of the relief she seeks.

## N.    UNANIMOUS VERDICT

The parties do not consent to less than a unanimous verdict.

Dated: ~~July 14~~September 18, 2023

By: _____ *s/Cara E. Greene* _____

Cara E. Greene
Gregory S. Chiarello
Shira Z. Gelfand
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2071
ceg@outtengolden.com
gchiarello@outtengolden.com
sgelfand@outtengolden.com

*Attorneys for Plaintiff*
*Ulku Rowe*

Respectfully submitted,

/s/~~Kennth W. Gage~~*Sara B. Tomezsko*
By: _____

Kenneth W. Gage
Sara B. Tomezsko
Kaveh Dabashi
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
(212)-318-6000
Fax: 212-918-4090
kennethgage@paulhastings.com
saratomezsko@paulhastings.com
kavehdabashi@paulhastings.com

*Attorneys for Defendant*
*Google LLC*

# Appendix A

## Appendix A – Plaintiff's Proposed Exhibits

| Advanced Ruling Requested? | Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|---|
| Y | * | P1 | P000751 | P000751 | Fed. R. Evid. 401 – How Plaintiff's prior employer chose to compensate her is irrelevant to Plaintiff's claims against Google. |
| Y | | P2 | P001743 | P001745 | Fed. R. Evid. 401, 403 – an opinion piece that pre-dates Plaintiff's hiring is irrelevant to Plaintiff's claims against Google; it is not authored by anyone involved in the challenged decisions and will only serve to confuse the jury and waste time. |
| | ** | P3 | GOOG-ROWE-00055477 | GOOG-ROWE-00055479 | |
| | ** | P4 | P000434 | P000438 | |
| | ** | P5 | GOOG-ROWE-00017341.R | GOOG-ROWE-00017352.R | |
| Y | | P6 | P000736 | P000736 | Fed. R. Evid. 401, 403 – an image of Ms. Rowe posted to social media has no tendency to make the existence of any fact of consequence in this trial more or less probable; its introduction will only result in undue delay. |
| | * | P7 | GOOG-ROWE-00058796 | 0091_GOOG-ROWE-00058799 | Fed. R. Evid. 801, 802 – descriptions of out-of-court statements allegedly made by Will Grannis, Brian Stevens, and others are offered for their truth. |

| | | | | | |
|---|---|---|---|---|---|
| ~~Y~~ | ~~**~~ | P8 | GOOG-ROWE-00017356 | GOOG-ROWE-00017358 | ~~Fed. R. Evid. 106 – the exhibit is incomplete; Plaintiff has not included the document linked within this email, without which the jury will lack critical context (Exhibit D38). Fed. R. Evid. 403 – without the linked document providing critical context, introduction of this exhibit will confuse and mislead the jury.~~ |
| | ** | P9 | GOOG-ROWE-00017375.R | GOOG-ROWE-00017378.R | None |
| | ** | P10 | GOOG-ROWE-00017379.R | GOOG-ROWE-00017381.R | None |
| | * | P11 | P001586 | P001586 | Fed. R. Evid. 801, 802 – to the extent Plaintiff offers the out-of-court statements allegedly made by Melissa Lawrence for the truth of what she allegedly said to Plaintiff; Defendant does not object to the portions of the document that reflect Plaintiff's statements and/or impressions, which are admissible for their truth as admissions pursuant to Fed. R. Evid. 801(d)(2). |
| | ** | P12 | GOOG-ROWE-00017401.RR | GOOG-ROWE-00017405.RR | |
| | ** | P13 | GOOG-ROWE-00017406 | GOOG-ROWE-00017407 | |
| | ** | P14 | GOOG-ROWE-00058866 | GOOG-ROWE-00058867 | |

| Y | * | P15 | GOOG-ROWE-00059224 | GOOG-ROWE-00059229 | The document is inadmissible per Judge Schofield's ruling on Defendant's motion *in limine*. (ECF 292 ¶ 1.) This document falls into neither of the two narrow categories of permissible evidence of leveling determinations outside of Level 8 and 9 Technical Directors in the Office of the CTO. Fed. R. Evid. 401, 403 – Discussions concerning performance and leveling of an unrelated third-party seeking to transfer job ladders is irrelevant to any of the challenged decisions regarding Plaintiff's leveling, and its introduction will only serve to confuse and mislead the jury. |
|---|---|---|---|---|---|
|  | ** | P16 | GOOG-ROWE-00017410 | GOOG-ROWE-00017411 |  |
| Y | * | P17 | GOOG-ROWE-00059503 | GOOG-ROWE-00059508 | Google acknowledges that Judge Schofield did not specifically reference this exhibit in her ruling on Defendant's motion *in limine*. (ECF 292.) However, this document should also be inadmissible for the reasons set forth in ¶ 2 of that Order (granting motion in part to exclude evidence of other employees' complaints of alleged unfair treatment). Fed. R. Evid. 401, 403 – alleged statements by another employee regarding her own compensation negotiations are not facts of consequence in determining Plaintiff's claims at trial. Nor do they have any logical tendency to make Plaintiff's claims more or less probable, and their introduction into evidence serves only to confuse and mislead the jury, or waste time. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Fed. R. Evid. 801, 802 – to the extent Plaintiff intends to offer Will Grannis' out of court statement about what he heard from a third-party employee for its truth. |
| **Y** | * | P18 | GOOG-ROWE-00056473 | GOOG-ROWE-00056476 | Google acknowledges that Judge Schofield did not specifically reference this exhibit in her ruling on Defendant's motion *in limine*. (ECF 292.) However, this document should also be inadmissible for the reasons set forth in ¶ 2 of that Order (granting motion in part to exclude evidence of other employees' complaints of alleged unfair treatment). <br> Fed. R. Evid. 801, 802 – to the extent the alleged out-of-court statements by Will Grannis and others are offered for their truth. |
| | ** | P19 | GOOG-ROWE-P-00000714 | GOOG-ROWE-P-00000714 | |
| | ** | P20 | GOOG-ROWE-00017417.R | GOOG-ROWE-00017417.R | |
| | ** | P21 | GOOG-ROWE-00017425 | GOOG-ROWE-00017426 | |
| | ** | P22 | GOOG-ROWE-00017431 | GOOG-ROWE-00017432 | |
| | ** | P23 | GOOG-ROWE-00017427 | GOOG-ROWE-00017428 | |

| | ** | P24 | GOOG-ROWE-00017429 | GOOG-ROWE-00017430 | |
| | ** | P25 | GOOG-ROWE-P-00000726 | GOOG-ROWE-P-00000727 | |
| | ** | P26 | GOOG-ROWE-P-00000729 | GOOG-ROWE-P-00000730 | |
| | ** | P27 | P000705 | P000706 | |
| | ** | P28 | GOOG-ROWE-P-00000742 | GOOG-ROWE-P-00000743 | |
| | ** | P29 | GOOG-ROWE-P-00000762 | GOOG-ROWE-P-00000763 | |
| | ** | P30 | GOOG-ROWE-00017443 | GOOG-ROWE-00017443 | |
| | ** | P31 | GOOG-ROWE-P-00000821 | GOOG-ROWE-P-00000821 | |
| | ** | P31 (cont.) | GOOG-ROWE-P-00004550 | GOOG-ROWE-P-00004552 | |

| | ** | P32 | GOOG-ROWE-00017446 | GOOG-ROWE-00017447 | |
| | * | P33 | GOOG-ROWE-00017459 | GOOG-ROWE-00017464 | Fed. R. Evid. 801, 802 – to the extent that Plaintiff offers the alleged out-of-court statements by Brian Stevens for their truth. |
| | ** | P34 | GOOG-ROWE-00017465 | GOOG-ROWE-00017469 | |
| | ** | P35 | GOOG-ROWE-00017515 | GOOG-ROWE-00017517 | |
| | ** | P36 | GOOG-ROWE-00017518 | GOOG-ROWE-00017519 | |
| | ** | P37 | GOOG-ROWE-00017507 | GOOG-ROWE-00017508 | |
| | ** | P38 | GOOG-ROWE-00017532 | GOOG-ROWE-00017532 | |
| | | P39 | None | None | Exhibit intentionally left blank |
| | ** | P40 | GOOG-ROWE-00017554 | GOOG-ROWE-00017554 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P41 | GOOG-ROWE-00054145 | GOOG-ROWE-00054145 | |
| | ** | P42 | GOOG-ROWE-P-00001229 | GOOG-ROWE-P-00001229 | |
| | ** | P43 | GOOG-ROWE-00017555 | GOOG-ROWE-00017557 | |
| | ** | P44 | GOOG-ROWE-00017563 | GOOG-ROWE-00017564 | |
| | ** | P45 | GOOG-ROWE-00017565.R | GOOG-ROWE-00017566.R | |
| Y | * | P46 | GOOG-ROWE-00058307 | GOOG-ROWE-00058307 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P46 (cont.) | GOOG-ROWE-00058308 | GOOG-ROWE-00058308 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P46 (cont.) | GOOG-ROWE-00058309 | GOOG-ROWE-00058309 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058310 | GOOG-ROWE-00058310 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058311 | GOOG-ROWE-00058311 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058312 | GOOG-ROWE-00058312 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058313 | GOOG-ROWE-00058313 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058317 | GOOG-ROWE-00058317 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Y | * | P46 (cont.) | GOOG-ROWE-00058321 | GOOG-ROWE-00058321 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
|---|---|---|---|---|---|
| Y | * | P46 (cont.) | GOOG-ROWE-00058325 | GOOG-ROWE-00058325 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P46 (cont.) | GOOG-ROWE-00058326 | GOOG-ROWE-00058326 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P46 (cont.) | GOOG-ROWE-00058330 | GOOG-ROWE-00058330 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P46 (cont.) | GOOG-ROWE-00058334 | GOOG-ROWE-00058334 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P46 (cont.) | GOOG-ROWE-00058338 | GOOG-ROWE-00058338 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058342 | GOOG-ROWE-00058342 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058346 | GOOG-ROWE-00058346 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058350 | GOOG-ROWE-00058350 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058354 | GOOG-ROWE-00058354 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P46 (cont.) | GOOG-ROWE-00058358 | GOOG-ROWE-00058358 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Y | * | P46 (cont.) | GOOG-ROWE-00058362 | GOOG-ROWE-00058362 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P47 | GOOG-ROWE-00058315 | GOOG-ROWE-00058315 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P47 (cont.) | GOOG-ROWE-00058319 | GOOG-ROWE-00058319 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P47 (cont.) | GOOG-ROWE-00058323 | GOOG-ROWE-00058323 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P47 (cont.) | GOOG-ROWE-00058327 | GOOG-ROWE-00058327 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P47 (cont.) | GOOG-ROWE-00058331 | GOOG-ROWE-00058331 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058336 | GOOG-ROWE-00058336 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058340 | GOOG-ROWE-00058340 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058345 | GOOG-ROWE-00058345 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058349 | GOOG-ROWE-00058349 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058353 | GOOG-ROWE-00058353 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Y | * | P47 (cont.) | GOOG-ROWE-00058356 | GOOG-ROWE-00058356 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P47 (cont.) | GOOG-ROWE-00058361 | GOOG-ROWE-00058361 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P47 (cont.) | GOOG-ROWE-00058363 | GOOG-ROWE-00058363 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P47 (cont.) | GOOG-ROWE-00058367 | GOOG-ROWE-00058367 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P47 (cont.) | GOOG-ROWE-00058371 | GOOG-ROWE-00058371 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P47 (cont.) | GOOG-ROWE-00058373 | GOOG-ROWE-00058373 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058375 | GOOG-ROWE-00058375 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P47 (cont.) | GOOG-ROWE-00058378 | GOOG-ROWE-00058378 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 | GOOG-ROWE-00058314 | GOOG-ROWE-00058314 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058318 | GOOG-ROWE-00058318 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058322 | GOOG-ROWE-00058322 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| | | | | | |
|---|---|---|---|---|---|
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058328 | GOOG-ROWE-00058328 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058332 | GOOG-ROWE-00058332 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058335 | GOOG-ROWE-00058335 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058339 | GOOG-ROWE-00058339 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058344 | GOOG-ROWE-00058344 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058347 | GOOG-ROWE-00058347 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058352 | GOOG-ROWE-00058352 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058357 | GOOG-ROWE-00058357 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058360 | GOOG-ROWE-00058360 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058364 | GOOG-ROWE-00058364 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P48 (cont.) | GOOG-ROWE-00058368 | GOOG-ROWE-00058368 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Y | * | P48 (cont.) | GOOG-ROWE-00058370 | GOOG-ROWE-00058370 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
|---|---|---|---|---|---|
| Y | * | P48 (cont.) | GOOG-ROWE-00058374 | GOOG-ROWE-00058374 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P48 (cont.) | GOOG-ROWE-00058377 | GOOG-ROWE-00058377 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P48 (cont.) | GOOG-ROWE-00058379 | GOOG-ROWE-00058379 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P49 | GOOG-ROWE-00058316 | GOOG-ROWE-00058316 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P49 (cont.) | GOOG-ROWE-00058320 | GOOG-ROWE-00058320 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058324 | GOOG-ROWE-00058324 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058329 | GOOG-ROWE-00058329 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058333 | GOOG-ROWE-00058333 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058337 | GOOG-ROWE-00058337 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058341 | GOOG-ROWE-00058341 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| Y | * | P49 (cont.) | GOOG-ROWE-00058343 | GOOG-ROWE-00058343 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
|---|---|---|---|---|---|
| Y | * | P49 (cont.) | GOOG-ROWE-00058348 | GOOG-ROWE-00058348 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P49 (cont.) | GOOG-ROWE-00058351 | GOOG-ROWE-00058351 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P49 (cont.) | GOOG-ROWE-00058355 | GOOG-ROWE-00058355 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P49 (cont.) | GOOG-ROWE-00058359 | GOOG-ROWE-00058359 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| Y | * | P49 (cont.) | GOOG-ROWE-00058365 | GOOG-ROWE-00058365 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058366 | GOOG-ROWE-00058366 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058369 | GOOG-ROWE-00058369 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058372 | GOOG-ROWE-00058372 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058376 | GOOG-ROWE-00058376 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |
| **Y** | * | P49 (cont.) | GOOG-ROWE-00058380 | GOOG-ROWE-00058380 | Fed. R. Evid. 403 – there is no dispute that the individuals who interviewed Plaintiff for the Financial Services Vertical Lead position did not record their feedback into gHire; these documents are therefore unnecessarily cumulative. |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P50 | GOOG-ROWE-00056552 | GOOG-ROWE-00056555 | |
| | ** | P51 | GOOG-ROWE-00017568 | GOOG-ROWE-00017568 | |
| Y | * | P52 | GOOG-ROWE-00059824 | GOOG-ROWE-00059829 | This document should be deemed inadmissible for the reasons set forth in ECF 292 ¶ 1 (denying motion in part to permit evidence of "leveling decisions by Tariq Shaukat, whom Plaintiff alleges treated her in a discriminatory manner"). This document reflects another employee's out-of-court statements about the leveling process generally, and does not fall into that narrow universe of permissible evidence. On its face, the exhibit is clear that no leveling determination is being made—in fact, the potential candidate had not even interviewed. Fed. R. Evid. 401, 403 – Discussions concerning performance and leveling of an unrelated third-party is irrelevant to any of the challenged decisions regarding Plaintiff's leveling, no one on the email was involved in Plaintiff's challenged leveling decision, and its introduction will only serve to confuse and mislead the jury. |
| | ** | P53 | GOOG-ROWE-00017583 | GOOG-ROWE-00017584 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P54 | GOOG-ROWE-P-00001737 | GOOG-ROWE-P-00001737 | |
| | ** | P55 | GOOG-ROWE-00017589 | GOOG-ROWE-00017591 | |
| Y | * | P56 | GOOG-ROWE-00017594 | GOOG-ROWE-00017595 | Fed. R. Evid. 401, 403 – Mr. Vardaman did not participate in any compensation planning decisions, so his thoughts regarding compensation are irrelevant and will serve only to confuse or mislead the jury. |
| Y | * | P57 | GOOG-ROWE-00017998 | GOOG-ROWE-00018001 | Fed. R. Evid. 801, 802 – statements made to an Employee Relations investigator are alleged out-of-court statements offered for their truth. |
| | | P58 | None | None | Exhibit intentionally left blank |
| | ** | P59 | GOOG-ROWE-00017598 | GOOG-ROWE-00017598 | |
| | ** | P60 | GOOG-ROWE-00017599 | GOOG-ROWE-00017602 | |
| | ** | P61 | GOOG-ROWE-00017624 | GOOG-ROWE-00017632 | |
| | ** | P62 | GOOG-ROWE-00017634.R | GOOG-ROWE-00017637.R | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P63 | GOOG-ROWE-00017638 | GOOG-ROWE-00017638 | |
| | ** | P64 | GOOG-ROWE-00017639 | GOOG-ROWE-00017639 | |
| | ** | P65 | GOOG-ROWE-00056880 | GOOG-ROWE-00056889 | |
| | ** | P66 | GOOG-ROWE-00017642 | GOOG-ROWE-00017642 | |
| | ** | P67 | GOOG-ROWE-00017643 | GOOG-ROWE-00017643 | |
| | ** | P68 | GOOG-ROWE-00017644 | GOOG-ROWE-00017647 | |
| | ** | P69 | GOOG-ROWE-00017722.RR | GOOG-ROWE-00017866.RR | |
| Y | * | P70 | GOOG-ROWE-00059939 | GOOG-ROWE-00059939 | Fed. R. Evid. 801, 802 – the document consists solely of alleged out-of-court statements offered to prove the truth of the matter asserted (*i.e.*, who an unrelated third-party who did not participate in any of the challenged decisions thought led the various industry verticals in Mr. Shaukat's organization); the fact that Mr. Shaukat is a recipient of the communication does not change that fact. |

23

| | | | | | |
|---|---|---|---|---|---|
| | ** | P71 | GOOG-ROWE-00057023 | GOOG-ROWE-00057024 | |
| | ** | P72 | GOOG-ROWE-00059967 | GOOG-ROWE-00059969 | |
| | ** | P73 | GOOG-ROWE-00061580 | GOOG-ROWE-00061581 | |
| | | P74 | P000707 | P000709 | Fed. R. Evid. 801, 802 – to the extent that Plaintiff seeks to introduce alleged out-of-court statements by Ms. Kuhn and "Jess" to prove the truth of the matters asserted. Defendant asserts authenticity objections to portion of the document Bates labeled P000709 only. |
| | * | P75 | GOOG-ROWE-00017663 | GOOG-ROWE-00017663 | Fed. R. Evid. 801, 802 – to the extent that Plaintiff seeks to introduce the alleged out-of-court statement by "Stuart" to prove the truth of the matter asserted (i.e., the occurrence of a meeting). |
| | ** | P76 | P000659 | P000662 | |
| | | P76 (cont.) | P000752 | P000753 | Defendant objects solely on the grounds of authenticity. |
| | ** | P77 | GOOG-ROWE-00056890 | GOOG-ROWE-00056891 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P78 | GOOG-ROWE-00056906 | GOOG-ROWE-00056909 | |
| | ** | P79 | GOOG-ROWE-00017677 | GOOG-ROWE-00017679 | |
| | ** | P80 | GOOG-ROWE-00057053 | GOOG-ROWE-00057055 | |
| | ** | P81 | GOOG-ROWE-00017690 | GOOG-ROWE-00017690 | |
| | ** | P82 | GOOG-ROWE-00056682 | GOOG-ROWE-00056690 | |
| Y | * | P83 | GOOG-ROWE-00060418 | GOOG-ROWE-00060418 | Fed. R. Evid. 401, 403 – there is no evidence in the record that the email recipients were involved in any of the challenged decisions to be tried in this case; the introduction of this evidence will only confuse or mislead the jury, waste time, and is intended to harass. |
| Y | | P84 | P000683 | P000683 | Fed. R. Evid. 401, 403 – there is no evidence in the record that the recipient of the screen-shot chat message (which Defendant believes to be Leonard Law) was involved in any of the challenged decisions to be tried in this case; the introduction of this evidence will only confuse or mislead the jury and waste time. |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P85 | GOOG-ROWE-00056734 | GOOG-ROWE-00056736 | |
| Y | * | P86 | GOOG-ROWE-00017873 | GOOG-ROWE-00017875 | Fed. R. Evid. 106 – the document is incomplete when presented in redacted form, and Plaintiff should be required to use the document at D80. |
| Y | * | P87 | GOOG-ROWE-00017710.R | GOOG-ROWE-00017712.R | Fed. R. Evid. 801, 802 – the document created by an unspecified author consists solely of alleged out-of-court statements to prove the truth of the matters asserted (*i.e.*, the performance of those referenced in the document). |
| | ** | P88 | GOOG-ROWE-00018014 | GOOG-ROWE-00018014 | |
| | ** | P89 | GOOG-ROWE-00018015 | GOOG-ROWE-00018015 | |
| Y | * | P90 | GOOG-ROWE-00018558 | GOOG-ROWE-00018559 | Fed. R. Evid. 401, 403 – there is no evidence in the record that Plaintiff sought, applied, or was considered for a role as a Technical Director on OCTO's Applied AI team; as such, the information is irrelevant to any of the challenged decisions to be tried, and its introduction serves only to confuse or mislead the jury, and waste time. |
| | | P91 | P000695 | P000697 | Fed. R. Evid. 801, 802 – this alleged reproduction of Mr. Breslow's LinkedIn profile is hearsay is offered to prove the truth of its contents. |

| | | | | | |
|---|---|---|---|---|---|
| | * | P92 | GOOG-ROWE-00060490 | GOOG-ROWE-00060495 | Fed. R. Evid. 602 – Plaintiff has not identified a witness to lay the foundation for introduction of this document into evidence or speak to the purpose for which it was created. |
| | ** | P93 | GOOG-ROWE-00019205 | GOOG-ROWE-00019208 | |
| Y | * | P94 | GOOG-ROWE-00022669 | GOOG-ROWE-00022670 | Fed. R. Evid. 401, 403 – the leveling policy document is dated 2019, two years after Plaintiff's challenged leveling decision. It therefore could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse and mislead the jury. |
| Y | * | P95 | GOOG-ROWE-00026916 | GOOG-ROWE-00026917 | Fed. R. Evid. 401, 403 – the leveling policy document is dated 2019, two years after Plaintiff's challenged leveling decision. It therefore could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse and mislead the jury. |
| Y | * | P96 | GOOG-ROWE-00020117 | GOOG-ROWE-00020118 | Fed. R. Evid. 401, 403 – Plaintiff does not assert that she should have been promoted to Level 9 in the manner contemplated by this policy document, and she is estopped from advancing that argument now. Therefore, the substance of this document is irrelevant to the claims at issue, and its introduction into evidence serves only to confuse or mislead the jury. |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P97 | GOOG-ROWE-00019740 | GOOG-ROWE-00019741 | |
| | ** | P98 | GOOG-ROWE-00019782 | GOOG-ROWE-00019786 | |
| | ** | P99 | GOOG-ROWE-00030107 | GOOG-ROWE-00030112 | |
| | ** | P100 | GOOG-ROWE-00056764 | GOOG-ROWE-00056766 | |
| | ** | P101 | GOOG-ROWE-00060559 | GOOG-ROWE-00060562 | |
| Y | * | P102 | GOOG-ROWE-00052135 | GOOG-ROWE-00052135 | Fed. R. Evid. 401, 403 – the leveling policy document is dated 2020, three years after Plaintiff's challenged leveling decision. It therefore could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse and mislead the jury. |
| Y | * | P102B8 (SECOND P108) | GOOG-ROWE-00052153 | GOOG-ROWE-00052153 | Fed. R. Evid. 401, 403 – the leveling policy document is dated 2020, three years after Plaintiff's challenged leveling decision. It therefore could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse and mislead the jury. |

| | ** | P103 | GOOG-ROWE-00053767 | GOOG-ROWE-00053767 | |
|---|---|---|---|---|---|
| **Y** | | P104 | P000738 | P000738 | Fed. R. Evid. 401, 403 – the undated "article" about Plaintiff's alleged credentials has no bearing on the issues in this case, and there is no evidence that anyone at Google knew about or considered its contents when making any decision as it relates to Plaintiff. It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time. Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| **Y** | | P104 (cont.) | P000739 | P000746 | Fed. R. Evid. 401, 403 – there is no evidence that anyone at Google knew about or considered the contents of this article when making any decision as it relates to Plaintiff. It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time. Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104 (cont.) | P000747 | P000748 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104 (cont.) | P000754 | P000762 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |

| Y | | P104 (cont.) | P000774 | P000780 | Fed. R. Evid. 401, 403 – the article about Plaintiff's alleged credentials has no bearing on the issues in this case, and there is no evidence that anyone at Google knew about or considered its contents when making any decision as it relates to Plaintiff.  It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time.<br>Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104 (cont.) | P000781 | P000786 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104 (cont.) | P000787 | P000791 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| Y | | P104 (cont.) | P000792 | P000793 | Fed. R. Evid. 401, 403 – there is no evidence that anyone at Google knew about or considered the contents of this article when making any decision as it relates to Plaintiff. It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time.<br>Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | * | P104 (cont.) | P000800 | P000802 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |

| | | P104 (cont.) | P000808 | P000813 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
|---|---|---|---|---|---|
| | | P104 (cont.) | P000814 | P000824 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104 (cont.) | P000825 | P000826 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104 (cont.) | P000827 | P000830 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104 (cont.) | P000831 | P000850 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| Y | | P104 (cont.) | P000858 | P000862 | Fed. R. Evid. 401, 403 – there is no evidence that anyone at Google knew about or considered the contents of this article when making any decision as it relates to Plaintiff. It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time. Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | * | P104 (cont.) | P000864 | P000864 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |

| | | | | | |
|---|---|---|---|---|---|
| | | P104 (cont.) | P000865 | P000866 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| **Y** | | P104 (cont.) | P000867 | P000870 | Fed. R. Evid. 401, 403 – there is no evidence that anyone at Google knew about or considered the contents of this article when making any decision as it relates to Plaintiff. It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time.<br>Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | ** | P104 (cont.) | P000871 | P000873 | |
| | * | P104 (cont.) | P000876 | P000879 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | * | P105 | GOOG-ROWE-00058542 | GOOG-ROWE-00058555 | Google acknowledges that Judge Schofield ruled on the relevance of this exhibit in her Order on Defendant's motion *in limine*, but did not opine on the hearsay objections raised. (ECF 292 ¶ 2.) Fed. R. Evid. 801, 802 – the notes prepared during the investigation of the complaint consist solely of alleged out-of-court statements offered for the truth of the matters asserted. |
| | ** | P106 | GOOG-ROWE-00060571 | GOOG-ROWE-00060573 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P107 | GOOG-ROWE-00055391 | GOOG-ROWE-00055393 | |
| Y | * | P108 | GOOG-ROWE-00056990 | GOOG-ROWE-00057014 | Fed. R. Evid. 801, 802 – the notes prepared during the investigation of the complaint consist solely of alleged out-of-court statements offered for their truth. |
| | ** | P109 | GOOG-ROWE-P-00004556 | GOOG-ROWE-P-00004556 | |
| | * | P110 | GOOG-ROWE-00055946 | GOOG-ROWE-00055998 | Fed. R. Evid. 401, 403 – the document is irrelevant unless Plaintiff can show that this is the version of one of Google's workplace trainings taken by one of the relevant decision makers in the case. |
| | ** | P111 | GOOG-ROWE-00056272 | GOOG-ROWE-00056273 | |
| | * | P112 | GOOG-ROWE-00056868 | GOOG-ROWE-00056874 | Fed. R. Evid. 801, 802 – the document consists of several alleged out-of-court statements offered to prove the truth of the matters asserted. |
| Y | | P113 | GOOG-ROWE-00060591 | GOOG-ROWE-00060591 | Fed. R. Evid. 401, 403 – the excel spreadsheet contains compensation information for Plaintiff's alleged comparators for years or partial years for which they indisputably performed roles other than L8 or L9 Technical Directors in OCTO, and Plaintiff has abandoned her claim that she is comparable to individuals who hold those other roles. The information is therefore irrelevant to her claims, and its introduction into evidence will serve to prejudice Defendant, or mislead and confuse the jury. |

| | | | | | Fed. R. Evid. 1006 - To the extent Plaintiff offers a "summary" document of the excel spreadsheet in lieu of the actual document produced in discovery, the spreadsheet in question is not so voluminous that it cannot be conveniently examined at trial, and Plaintiff's "summary" is just as "voluminous" as the document she purports to summarize. Finally, Plaintiff has not identified a competent witness who prepared the "summary" for cross-examination. Should the Court admit the "summary" into evidence, Defendant respectfully requests that the underlying document also be admitted and the jury be given a cautionary instruction to carefully examine whether the chart is an accurate reflection of that underlying document. |
| Y | * | P114 | GOOG-ROWE-00058782 | GOOG-ROWE-00058782 | Fed. R. Evid. 401, 403 – there is no evidence in the record that any witness at Google consulted this document when making any of the challenged decisions, and its introduction into evidence serves only to confuse or mislead the jury, or waste time. |
| | ** | P115 | GOOG-ROWE-00060579.R | GOOG-ROWE-00060590.R | |
| | ** | P116 | GOOG-ROWE-00063078 | GOOG-ROWE-00063111 | |
| Y | * | P117 | GOOG-ROWE-00062565 | GOOG-ROWE-00062596 | Fed. R. Evid. 106 – the document is incomplete, and Mr. Eryurek's full hiring packet is available at D42. |

| | ** | P118 | GOOG-ROWE-00056318.R | GOOG-ROWE-00056346.R | |
| | ** | P119 | GOOG-ROWE-00019097.R | GOOG-ROWE-00019146.R | |
| | ** | P120 | GOOG-ROWE-00061880 | GOOG-ROWE-00061904 | |
| | ** | P121 | GOOG-ROWE-00062214 | GOOG-ROWE-00062241 | |
| | ** | P122 | GOOG-ROWE-00053826.R | GOOG-ROWE-00053832.R | |
| | ** | P122 (cont.) | GOOG-ROWE-00053841.R | GOOG-ROWE-00053847.R | |
| | ** | P122 (cont.) | GOOG-ROWE-00053875.R | GOOG-ROWE-00053878.R | |
| | ** | P122 (cont.) | GOOG-ROWE-00053837.R | GOOG-ROWE-00053840.R | |
| | ** | P123 | GOOG-ROWE-00056275 | GOOG-ROWE-00056275 | |

| | ** | P123 (cont.) | GOOG-ROWE-00056312 | GOOG-ROWE-00056315 | |
| | ** | P123 (cont.) | GOOG-ROWE-00056287 | GOOG-ROWE-00056294 | |
| | ** | P123 (cont.) | GOOG-ROWE-00056276 | GOOG-ROWE-00056282 | |
| | ** | P123 (cont.) | GOOG-ROWE-00056303 | GOOG-ROWE-00056311 | |
| | ** | P123 (cont.) | GOOG-ROWE-00056283 | GOOG-ROWE-00056286 | |
| | ** | P123 (cont.) | GOOG-ROWE-00056295 | GOOG-ROWE-00056302 | |
| | ** | P123 (cont.) | GOOG-ROWE-00079130 | GOOG-ROWE-00079133 | |
| | ** | P123 (cont.) | GOOG-ROWE-00079321 | GOOG-ROWE-00079323 | |
| | ** | P123 (cont.) | GOOG-ROWE-00079317 | GOOG-ROWE-00079320 | |

| | ** | P123 (cont.) | GOOG-ROWE-00079382 | GOOG-ROWE-00079386 | |
|---|---|---|---|---|---|
| | ** | P123 (cont.) | GOOG-ROWE-00079175 | GOOG-ROWE-00079176 | |
| | ** | P123 (cont.) | GOOG-ROWE-00079406 | GOOG-ROWE-00079407 | |
| | ** | P123 (cont.) | GOOG-ROWE-00082596 | GOOG-ROWE-00082603 | |
| | ** | P123 (cont.) | GOOG-ROWE-00082628 | GOOG-ROWE-00082636 | |
| | ** | P123 (cont.) | GOOG-ROWE-00082943 | GOOG-ROWE-00082949 | |
| | ** | P123 (cont.) | GOOG-ROWE-00082764 | GOOG-ROWE-00082771 | |
| | ** | P124 | GOOG-ROWE-00053889.R | GOOG-ROWE-00053890.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053833.R | GOOG-ROWE-00053835.R | |

| | ** | P124 (cont.) | GOOG-ROWE-00053891.R | GOOG-ROWE-00053894.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053864.R | GOOG-ROWE-00053868.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053852.R | GOOG-ROWE-00053861.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053901.R | GOOG-ROWE-00053909.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053885.R | GOOG-ROWE-00053888.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053879.R | GOOG-ROWE-00053881.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00067197 | GOOG-ROWE-00067207 | |
| | ** | P124 (cont.) | GOOG-ROWE-00067208 | GOOG-ROWE-00067213 | |
| | ** | P124 (cont.) | GOOG-ROWE-00067233 | GOOG-ROWE-00067237 | |

| | ** | P124 (cont.) | GOOG-ROWE-00079027 | GOOG-ROWE-00079031 | |
|---|---|---|---|---|---|
| | ** | P124 (cont.) | GOOG-ROWE-00079104 | GOOG-ROWE-00079107 | |
| | ** | P124 (cont.) | GOOG-ROWE-00079095 | GOOG-ROWE-00079098 | |
| | ** | P124 (cont.) | GOOG-ROWE-00079099 | GOOG-ROWE-00079103 | |
| | ** | P124 (cont.) | GOOG-ROWE-00078984 | GOOG-ROWE-00078993 | |
| | ** | P124 (cont.) | GOOG-ROWE-00079145 | GOOG-ROWE-00079153 | |
| | ** | P124 (cont.) | GOOG-ROWE-00082556 | GOOG-ROWE-00082564 | |
| | ** | P124 (cont.) | GOOG-ROWE-00082565 | GOOG-ROWE-00082573 | |
| | ** | P124 (cont.) | GOOG-ROWE-00082574 | GOOG-ROWE-00082584 | |

| | ** | P124 (cont.) | GOOG-ROWE-00082585 | GOOG-ROWE-00082595 | |
| --- | --- | --- | --- | --- | --- |
| | ** | P124 (cont.) | GOOG-ROWE-00083158 | GOOG-ROWE-00083158 | |
| | ** | P124 (cont.) | GOOG-ROWE-00083159 | GOOG-ROWE-00083160 | |
| | ** | P125 | GOOG-ROWE-00053811.R | GOOG-ROWE-00053811.R | |
| | ** | P125 (cont.) | GOOG-ROWE-00053803.R | GOOG-ROWE-00053810.R | |
| | ** | P125 (cont.) | GOOG-ROWE-00053812.R | GOOG-ROWE-00053819.R | |
| | ** | P125 (cont.) | GOOG-ROWE-00053798.R | GOOG-ROWE-00053802.R | |
| | ** | P125 (cont.) | GOOG-ROWE-00053820.R | GOOG-ROWE-00053824.R | |
| | ** | P125 (cont.) | GOOG-ROWE-00067168 | GOOG-ROWE-00067177 | |

| | ** | P125 (cont.) | GOOG-ROWE-00067178 | GOOG-ROWE-00067186 | |
| | ** | P125 (cont.) | GOOG-ROWE-00067187 | GOOG-ROWE-00067191 | |
| | ** | P125 (cont.) | GOOG-ROWE-00067192 | GOOG-ROWE-00067196 | |
| | ** | P125 (cont.) | GOOG-ROWE-00082647 | GOOG-ROWE-00082648 | |
| | ** | P125 (cont.) | GOOG-ROWE-00082688 | GOOG-ROWE-00082688 | |
| | ** | P125 (cont.) | GOOG-ROWE-00082923 | GOOG-ROWE-00082928 | |
| | ** | P125 (cont.) | GOOG-ROWE-00082929 | GOOG-ROWE-00082933 | |
| | ** | P126 | GOOG-ROWE-00017907 | GOOG-ROWE-00017913 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017929 | GOOG-ROWE-00017933 | |

| | ** | P126 (cont.) | GOOG-ROWE-00017914 | GOOG-ROWE-00017918 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017885 | GOOG-ROWE-00017890 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017936 | GOOG-ROWE-00017941 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017897 | GOOG-ROWE-00017906 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017949 | GOOG-ROWE-00017957 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017919 | GOOG-ROWE-00017919 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017935 | GOOG-ROWE-00017935 | |
| | ** | P126 (cont.) | GOOG-ROWE-00056246 | GOOG-ROWE-00056251 | |
| | ** | P126 (cont.) | GOOG-ROWE-00079122 | GOOG-ROWE-00079124 | |

| | ** | P126 (cont.) | GOOG-ROWE-00079125 | GOOG-ROWE-00079126 | |
| | ** | P126 (cont.) | GOOG-ROWE-00079022 | GOOG-ROWE-00079022 | |
| | ** | P126 (cont.) | GOOG-ROWE-00079128 | GOOG-ROWE-00079129 | |
| | ** | P126 (cont.) | GOOG-ROWE-00079156 | GOOG-ROWE-00079161 | |
| | ** | P126 (cont.) | GOOG-ROWE-00079165 | GOOG-ROWE-00079168 | |
| | ** | P126 (cont.) | GOOG-ROWE-00082726 | GOOG-ROWE-00082731 | |
| | ** | P126 (cont.) | GOOG-ROWE-00082821 | GOOG-ROWE-00082827 | |
| | ** | P126 (cont.) | GOOG-ROWE-00082816 | GOOG-ROWE-00082820 | |
| | ** | P126 (cont.) | GOOG-ROWE-00082918 | GOOG-ROWE-00082922 | |

| | ** | P126 (cont.) | GOOG-ROWE-00083196 | GOOG-ROWE-00083196 | |
| | ** | P127 | GOOG-ROWE-00067274 | GOOG-ROWE-00067274 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067253 | GOOG-ROWE-00067256 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067257 | GOOG-ROWE-00067264 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067272 | GOOG-ROWE-00067272 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067265 | GOOG-ROWE-00067271 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067273 | GOOG-ROWE-00067273 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067275 | GOOG-ROWE-00067281 | |
| | ** | P127 (cont.) | GOOG-ROWE-00079134 | GOOG-ROWE-00079134 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P127 (cont.) | GOOG-ROWE-00079242 | GOOG-ROWE-00079242 | |
| | ** | P127 (cont.) | GOOG-ROWE-00079405 | GOOG-ROWE-00079405 | |
| | ** | P127 (cont.) | GOOG-ROWE-00079062 | GOOG-ROWE-00079063 | |
| | ** | P127 (cont.) | GOOG-ROWE-00079170 | GOOG-ROWE-00079174 | |
| | ** | P127 (cont.) | GOOG-ROWE-00079056 | GOOG-ROWE-00079061 | |
| | ** | P127 (cont.) | GOOG-ROWE-00082702 | GOOG-ROWE-00082603 | |
| | ** | P127 (cont.) | GOOG-ROWE-00082805 | GOOG-ROWE-00082815 | |
| | ** | P127 (cont.) | GOOG-ROWE-00082637 | GOOG-ROWE-00082646 | |
| | ** | P127 (cont.) | GOOG-ROWE-00082950 | GOOG-ROWE-00082955 | |

| | ** | P127 (cont.) | GOOG-ROWE-00083184 | GOOG-ROWE-00083184 | |
| | ** | P127 (cont.) | GOOG-ROWE-00083185 | GOOG-ROWE-00083185 | |
| | ** | P128 | GOOG-ROWE-00053862.R | GOOG-ROWE-00053862.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053863.R | GOOG-ROWE-00053863.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053848.R | GOOG-ROWE-00053851.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053882.R | GOOG-ROWE-00053884.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053869.R | GOOG-ROWE-00053874.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053895.R | GOOG-ROWE-00053900.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053825.R | GOOG-ROWE-00053825.R | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P128 (cont.) | GOOG-ROWE-00053836.R | GOOG-ROWE-00053836.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00067225 | GOOG-ROWE-00067232 | |
| | ** | P128 (cont.) | GOOG-ROWE-00067238 | GOOG-ROWE-00067246 | |
| | ** | P128 (cont.) | GOOG-ROWE-00067214 | GOOG-ROWE-00067218 | |
| | ** | P128 (cont.) | GOOG-ROWE-00067219 | GOOG-ROWE-00067224 | |
| | ** | P128 (cont.) | GOOG-ROWE-00079127 | GOOG-ROWE-00079127 | |
| | ** | P128 (cont.) | GOOG-ROWE-00079169 | GOOG-ROWE-00079169 | |
| | ** | P128 (cont.) | GOOG-ROWE-00082614 | GOOG-ROWE-00082627 | |
| | ** | P128 (cont.) | GOOG-ROWE-00082649 | GOOG-ROWE-00082661 | |

| | ** | P128 (cont.) | GOOG-ROWE-00082732 | GOOG-ROWE-00082739 | |
| | ** | P128 (cont.) | GOOG-ROWE-00082900 | GOOG-ROWE-00082908 | |
| | * | P129 | GOOG-ROWE-00053772.R | GOOG-ROWE-00053773.R | Fed. R. Evid. 401, 403 – to the extent Plaintiff offers this document to demonstrate Mr. Breslow's compensation prior to the date on which she alleged he was given the Financial Services Vertical Lead role she sought, the information is irrelevant because Mr. Breslow was not hired as a Technical Director in OCTO, and therefore what Google paid Mr. Breslow in this role has no bearing on the issues to be tried. Its introduction into evidence serves only to confuse and mislead the jury. |
| | ** | P129 (cont.) | GOOG-ROWE-00053774.R | GOOG-ROWE-00053775.R | |
| | ** | P130 | GOOG-ROWE-00055386 | GOOG-ROWE-00055386 | |
| | ** | P130 (cont.) | GOOG-ROWE-00055389 | GOOG-ROWE-00055390 | |
| | ** | P130 (cont.) | GOOG-ROWE-00078246 | GOOG-ROWE-00078247 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P130 (cont.) | GOOG-ROWE-00068458 | GOOG-ROWE-00068459 | |
| | ** | P130 (cont.) | GOOG-ROWE-00078273 | GOOG-ROWE-00078274 | |
| | ** | P131 | GOOG-ROWE-00053776.R | GOOG-ROWE-00053777.R | |
| Y | * | P131 (cont.) | GOOG-ROWE-00053778.R | GOOG-ROWE-00053779.R | Fed. R. Evid. 401, 403 – Mr. Eryurek's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager beginning in August of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| Y | * | P131 (cont.) | GOOG-ROWE-00053780.R | GOOG-ROWE-00053781.R | Fed. R. Evid. 401, 403 – Mr. Eryurek's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager beginning in August of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| Y | * | P131 (cont.) | GOOG-ROWE-00078263 | GOOG-ROWE-00078264 | Fed. R. Evid. 401, 403 – Mr. Eryurek's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager beginning in August of 2018, and Plaintiff has abandoned her claim that she is comparable to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| Y | * | P131 (cont.) | GOOG-ROWE-00078236 | GOOG-ROWE-00078237 | Fed. R. Evid. 401, 403 – Mr. Eryurek's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager beginning in August of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| | ** | P132 | GOOG-ROWE-00053782.R | GOOG-ROWE-00053782.R | |
| Y | * | P132 (cont.) | GOOG-ROWE-00053783.R | GOOG-ROWE-00053784.R | Fed. R. Evid. 401, 403 – Mr. Harteau's compensation at this point in time is irrelevant because he was indisputably performing the work of an Engineering Director supervising a team of Software Engineers beginning in September of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| Y | * | P132 (cont.) | GOOG-ROWE-00053785.R | GOOG-ROWE-00053786.R | Fed. R. Evid. 401, 403 – Mr. Harteau's compensation at this point in time is irrelevant because he was indisputably performing the work of an Engineering Director supervising a team of Software Engineers beginning in September of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction |

| | | | | | into evidence therefore serves only to confuse or mislead the jury, and waste time. |
|---|---|---|---|---|---|
| | ** | P133 | GOOG-ROWE-00078071 | GOOG-ROWE-00078072 | |
| | ** | P133 (cont.) | GOOG-ROWE-00078069 | GOOG-ROWE-00078070 | |
| | ** | P133 (cont.) | GOOG-ROWE-00083094 | GOOG-ROWE-00083095 | |
| | ** | P133 (cont.) | GOOG-ROWE-00083096 | GOOG-ROWE-00083096 | |
| | ** | P133 (cont.) | GOOG-ROWE-00083097 | GOOG-ROWE-00083098 | |
| | ** | P134 | GOOG-ROWE-00017984 | GOOG-ROWE-00017985 | |
| | ** | P134 (cont.) | GOOG-ROWE-00017958 | GOOG-ROWE-00017959 | |
| | ** | P134 (cont.) | GOOG-ROWE-00078216 | GOOG-ROWE-00078217 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P134 (cont.) | GOOG-ROWE-00078244 | GOOG-ROWE-00078245 | |
| | ** | P134 (cont.) | GOOG-ROWE-00078294 | GOOG-ROWE-00078295 | |
| | ** | P134 (cont.) | GOOG-ROWE-00083067 | GOOG-ROWE-00083068 | |
| | ** | P134 (cont.) | GOOG-ROWE-00083069 | GOOG-ROWE-00083069 | |
| | ** | P134 (cont.) | GOOG-ROWE-00083070 | GOOG-ROWE-00083071 | |
| | ** | P135 | GOOG-ROWE-00067249 | GOOG-ROWE-00067250 | |
| | ** | P135 (cont.) | GOOG-ROWE-00067251 | GOOG-ROWE-00067252 | |
| | ** | P135 (cont.) | GOOG-ROWE-00067247 | GOOG-ROWE-00067248 | |
| | ** | P135 (cont.) | GOOG-ROWE-00068466 | GOOG-ROWE-00068467 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P135 (cont.) | GOOG-ROWE-00078292 | GOOG-ROWE-00078293 | |
| | ** | P135 (cont.) | GOOG-ROWE-00083046 | GOOG-ROWE-00083047 | |
| | ** | P135 (cont.) | GOOG-ROWE-00083048 | GOOG-ROWE-00083048 | |
| | ** | P135 (cont.) | GOOG-ROWE-00083049 | GOOG-ROWE-00083050 | |
| | ** | P136 | GOOG-ROWE-00053787.R | GOOG-ROWE-00053787.R | |
| | ** | P136 (cont.) | GOOG-ROWE-00053788.R | GOOG-ROWE-00053789.R | |
| Y | * | P136 (cont.) | GOOG-ROWE-00053790.R | GOOG-ROWE-00053791.R | Fed. R. Evid. 401, 403 – Mr. Wilson's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager as of late 2019, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| Y | * | P136 (cont.) | GOOG-ROWE-00068464 | GOOG-ROWE-00068465 | Fed. R. Evid. 401, 403 – Mr. Wilson's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager as of late 2019, and |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| Y | * | P137 | GOOG-ROWE-00060576 | GOOG-ROWE-00060578 | Fed. R. Evid. 401, 403 – Mr. Breslow was not hired into the role of Technical Director in OCTO, but rather an unrelated position outside of OCTO. What Google paid him to perform that role is irrelevant to the issues to be tried, and its introduction into evidence serves only to mislead and confuse the jury, and waste time. |
| | ** | P138 | GOOG-ROWE-00054163 | GOOG-ROWE-00054165 | |
| | ** | P139 | GOOG-ROWE-00054168 | GOOG-ROWE-00054170 | |
| | ** | P140 | GOOG-ROWE-00054161 | GOOG-ROWE-00054162 | |
| | ** | P141 | GOOG-ROWE-00078198 | GOOG-ROWE-00078202 | |
| | ** | P142 | GOOG-ROWE-00017920 | GOOG-ROWE-00017922 | |
| | ** | P143 | GOOG-ROWE-00064798 | GOOG-ROWE-00064800 | |

54

| | | | | | |
|---|---|---|---|---|---|
| | ** | P144 | GOOG-ROWE-00054166 | GOOG-ROWE-00054167 | |
| | ** | P145 | N/A | N/A | |
| | ** | P146 | N/A | N/A | |
| | * | P147 | N/A | N/A | Fed. R. Evid. 801, 802 – this declaration offered by Diane Greene at an earlier point in the case is an out-of-court statement offered to prove the truth of its contents. |
| Y | * | P148 | GOOG-ROWE-00082407 | GOOG-ROWE-00082414 | Fed. R. Evid. 401, 403 – any amounts paid to Mr. Shaukat upon his separation from employment with Google, and the terms of his severance agreement, have no bearing on the claims or defenses in this case. There is also no dispute that Mr. Shaukat will appear to testify at trial, and Google concedes that Plaintiff may ask Mr. Shaukat leading questions or otherwise treat him as an adverse witness. Therefore, there is no basis for the introduction of this confidential document into evidence, and it will only confuse the issues, waste time, or mislead the jury. |
| | ** | P149 | GOOG-ROWE-00017533 | GOOG-ROWE-00017538 | |

| | ** | P150 | GOOG-ROWE-00056487 | GOOG-ROWE-00056488 | |
|---|---|---|---|---|---|
| | ** | P151 | GOOG-ROWE-00054218 | GOOG-ROWE-00054264 | |

# Appendix B

## Appendix B – Defendant's Proposed Exhibits

| Advanced Ruling Requested | Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---|---|---|---|---|---|
| | ** | D1 | GOOG-ROWE-00017375.R | GOOG-ROWE-00017378.R | |
| | ** | D2 | P001586 | P001586 | |
| | ** | D3 | GOOG-ROWE-00017406 | GOOG-ROWE-00017407 | |
| | ** | D4 | GOOG-ROWE-00017410 | GOOG-ROWE-00017411 | |
| | ** | D5 | GOOG-ROWE-00017425 | GOOG-ROWE-00017426 | |
| | ** | D6 | GOOG-ROWE-P-00000821 | GOOG-ROWE-P-00000821 | |
| | | D6 (cont.) | GOOG-ROWE-P-00004550 | GOOG-ROWE-P-00004552 | |
| | ** | D7 | GOOG-ROWE-00017554 | GOOG-ROWE-00017554 | |
| | ** | D8 | GOOG-ROWE-P-00001229 | GOOG-ROWE-P-00001229 | |
| | ** | D9 | GOOG-ROWE-00017555 | GOOG-ROWE-00017557 | |
| | ** | D10 | GOOG-ROWE-00017565.R | GOOG-ROWE-00017566.R | |
| | ** | D11 | GOOG-ROWE-00017568 | GOOG-ROWE-00017568 | |
| | ** | D12 | GOOG-ROWE-00017589 | GOOG-ROWE-00017591 | |
| | ** | D13 | GOOG-ROWE-00017598 | GOOG-ROWE-00017598 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D14 | P000102 | P000102 | |
| | ** | D15 | GOOG-ROWE-00017642 | GOOG-ROWE-00017642 | |
| | ** | D16 | GOOG-ROWE-00017643 | GOOG-ROWE-00017643 | |
| | ** | D17 | GOOG-ROWE-00018015 | GOOG-ROWE-00018015 | |
| | ** | D18 | GOOG-ROWE-00030107 | GOOG-ROWE-00030112 | |
| | ** | D19 | GOOG-ROWE-00053767 | GOOG-ROWE-00053767 | |
| | ** | D20 | GOOG-ROWE-00060571 | GOOG-ROWE-00060573 | |
| | ** | D21 | GOOG-ROWE-00055391 | GOOG-ROWE-00055393 | |
| | ** | D23 | GOOG-ROWE-00060579.R | GOOG-ROWE-00060590.R | |
| | ** | D24 | GOOG-ROWE-00063078 | GOOG-ROWE-00063111 | |
| | ** | D25 | GOOG-ROWE-00056318.R | GOOG-ROWE-00056346.R | |
| | ** | D26 | GOOG-ROWE-00019097.R | GOOG-ROWE-00019146.R | |
| | ** | D27 | GOOG-ROWE-00061880 | GOOG-ROWE-00061904 | |
| | ** | D28 | GOOG-ROWE-00062214 | GOOG-ROWE-00062241 | |
| | ** | D29 | Plaintiff's 122 | Plaintiff's 122 | |
| | ** | D29 (cont.) | GOOG-ROWE-00053826.R | GOOG-ROWE-00053832.R | |

| | ** | D29 (cont.) | GOOG-ROWE-00053837.R | GOOG-ROWE-00053840.R | |
| | ** | D30 | GOOG-ROWE-00056312 | GOOG-ROWE-00056315 | |
| | ** | D30 (cont.) | GOOG-ROWE-00056287 | GOOG-ROWE-00056294 | |
| | ** | D30 (cont.) | GOOG-ROWE-00056276 | GOOG-ROWE-00056282 | |
| | ** | D30 (cont.) | GOOG-ROWE-00056303 | GOOG-ROWE-00056311 | |
| | ** | D30 (cont.) | GOOG-ROWE-00056283 | GOOG-ROWE-00056286 | |
| | ** | D30 (cont.) | GOOG-ROWE-82943 | GOOG-ROWE-00082949 | |
| | ** | D30 (cont.) | GOOG-ROWE-00082764 | GOOG-ROWE-00082771 | |
| | ** | D30 (cont.) | GOOG-ROWE-00079130 | GOOG-ROWE-00079133 | |
| | ** | D30 (cont.) | GOOG-ROWE-00079382 | GOOG-ROWE-00079386 | |
| | ** | D31 | GOOG-ROWE-00053833.R | GOOG-ROWE-00053835.R | |
| | ** | D31 (cont.) | GOOG-ROWE-00053891.R | GOOG-ROWE-00053894.R | |
| | ** | D31 (cont.) | GOOG-ROWE-00053852.R | GOOG-ROWE-00053861.R | |
| | ** | D31 (cont.) | GOOG-ROWE-00053885.R | GOOG-ROWE-00053888.R | |
| | ** | D31 (cont.) | GOOG-ROWE-00053885.R | GOOG-ROWE-00053888.R | |

| | ** | D31 (cont.) | GOOG-ROWE-00067197 | GOOG-ROWE-00067207 | |
| | ** | D31 (cont.) | GOOG-ROWE-00067208 | GOOG-ROWE-00067213 | |
| | ** | D31 (cont.) | GOOG-ROWE-00079099 | GOOG-ROWE-00079103 | |
| | ** | D31 (cont.) | GOOG-ROWE-00078984 | GOOG-ROWE-00078993 | |
| | ** | D31 (cont.) | GOOG-ROWE-00079145 | GOOG-ROWE-00079153 | |
| | ** | D32 | GOOG-ROWE-00053803.R | GOOG-ROWE-00053810.R | |
| | ** | D32 (cont.) | GOOG-ROWE-00053820.R | GOOG-ROWE-00053824.R | |
| | ** | D33 | GOOG-ROWE-00017907 | GOOG-ROWE-00017913 | |
| | ** | D33 (cont.) | GOOG-ROWE-00017967 | GOOG-ROWE-00017971 | |
| | ** | D33 (cont.) | GOOG-ROWE-00017936 | GOOG-ROWE-00017941 | |
| | ** | D33 (cont.) | GOOG-ROWE-00017949 | GOOG-ROWE-00017957 | |
| | ** | D33 (cont.) | GOOG-ROWE-00017919 | GOOG-ROWE-00017919 | |
| | ** | D33 (cont.) | GOOG-ROWE-00082816 | GOOG-ROWE-00082820 | |
| | ** | D33 (cont.) | GOOG-ROWE-00082918 | GOOG-ROWE-00082922 | |
| | ** | D33 (cont.) | GOOG-ROWE-00082726 | GOOG-ROWE-00082731 | |

| | ** | D33 (cont.) | GOOG-ROWE-00082821 | GOOG-ROWE-00082827 | |
| | ** | D33 (cont.) | GOOG-ROWE-00079122 | GOOG-ROWE-00079124 | |
| | ** | D33 (cont.) | GOOG-ROWE-00079128 | GOOG-ROWE-00079129 | |
| | ** | D33 (cont.) | GOOG-ROWE-00079156 | GOOG-ROWE-00079161 | |
| | ** | D34 | GOOG-ROWE-00067253 | GOOG-ROWE-00067256 | |
| | ** | D34 (cont.) | GOOG-ROWE-00067257 | GOOG-ROWE-00067264 | |
| | ** | D34 (cont.) | GOOG-ROWE-00067272 | GOOG-ROWE-00067272 | |
| | ** | D34 (cont.) | GOOG-ROWE-00067265 | GOOG-ROWE-00067271 | |
| | ** | D34 (cont.) | GOOG-ROWE-00067273 | GOOG-ROWE-00067273 | |
| | ** | D34 (cont.) | GOOG-ROWE-00082950 | GOOG-ROWE-00082955 | |
| | ** | D34 (cont.) | GOOG-ROWE-00082637 | GOOG-ROWE-00082646 | |
| | ** | D34 (cont.) | GOOG-ROWE-00079242 | GOOG-ROWE-00079242 | |
| | ** | D34 (cont.) | GOOG-ROWE-00079062 | GOOG-ROWE-00079063 | |
| | ** | D34 (cont.) | GOOG-ROWE-00079056 | GOOG-ROWE-00079061 | |
| | ** | D35 | GOOG-ROWE-00053848 | GOOG-ROWE-00053851 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D35 (cont.) | GOOG-ROWE-00053869 | GOOG-ROWE-00053874 | |
| | ** | D35 (cont.) | GOOG-ROWE-00053825.R | GOOG-ROWE-00053825.R | |
| | ** | D35 (cont.) | GOOG-ROWE-00067225 | GOOG-ROWE-00067232 | |
| | ** | D35 (cont.) | GOOG-ROWE-00067214 | GOOG-ROWE-00067218 | |
| | ** | D35 (cont.) | GOOG-ROWE-00082732 | GOOG-ROWE-00082739 | |
| | ** | D35 (cont.) | GOOG-ROWE-00082900 | GOOG-ROWE-00082908 | |
| | ** | D36 | EXHIBIT INTENTIONALLY LEFT BLANK | | |
| | ** | D37 | EXHIBIT INTENTIONALLY LEFT BLANK | | |
| ^ | | D38 | P001584 | P001585 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – document concerns roles not at issue in this case; no evidence this document was considered/relied upon by any decision-maker |
| | ** | D39 | Solutions Consultant Job Ladder (Produced to Plaintiff without bates) | | |
| | * | D40 | GOOG-ROWE-P-00000827 | GOOG-ROWE-P-00000828 | Fed R. Evid. 801 (Hearsay) – Summary of Stuart Breslow's background as characterized by Tariq Shaukat offered for its truth |
| | ** | D41 | GOOG-ROWE-00056975 | GOOG-ROWE-00056976 | |
| | ** | D42 | GOOG-ROWE-00061917 | GOOG-ROWE-00061966 | |

| | | | | | |
|---|---|---|---|---|---|
| | * | D43 | GOOG-ROWE-00063979 | GOOG-ROWE-00064012 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff; Fed. R. Evid. 801 (Hearsay) – out-of-court opinions about candidate's qualifications for the Technical Director role offered for their truth |
| | * | D44 | GOOG-ROWE-00063516 | GOOG-ROWE-00063589 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff; Fed. R. Evid. 801 (Hearsay) – out-of-court opinions about candidate's qualifications for the Technical Director role offered for their truth |
| | | D45 | GOOG-ROWE-00017721 | GOOG-ROWE-00017721 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes unattributed feedback and commentary from unknown source(s) offered for its truth |
| | ** | D46 | GOOG-ROWE-00019062 | GOOG-ROWE-00019062 | |

| | ** | D47 | P000550 | P000552 | |
|---|---|---|---|---|---|
| | ** | D48 | GOOG-ROWE-00058500 | GOOG-ROWE-00058500 | |
| ^ | | D49 | GOOG-ROWE-00062494 | GOOG-ROWE-00062499 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – document of unknown origin regarding Nicholas Harteau's ladder transfer is not relevant, and will prejudice, mislead and confuse the jury; Fed. R. Evid. 801 (Relevance, Prejudice) – out-of-court statements about Nicholas Harteau's performance and qualifications offered for their truth |
| ^ | * | D50 | GOOG-ROWE-00082724 | GOOG-ROWE-00082724 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 | GOOG-ROWE-00082973 | GOOG-ROWE-00082973 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082871 | GOOG-ROWE-00082876 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082672 | GOOG-ROWE-00082681 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082964 | GOOG-ROWE-00082969 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082956 | GOOG-ROWE-00082963 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |

| ^ | * | D50 (cont.) | GOOG-ROWE-00082881 | GOOG-ROWE-00082885 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
|---|---|---|---|---|---|
| ^ | * | D50 (cont.) | GOOG-ROWE-00082790 | GOOG-ROWE-00082797 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082689 | GOOG-ROWE-00082696 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00079140 | GOOG-ROWE-00079144 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00079004 | GOOG-ROWE-00079005 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00079000 | GOOG-ROWE-00079000 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082697 | GOOG-ROWE-00082701 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 | GOOG-ROWE-00082877 | GOOG-ROWE-00082880 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |

| ^ | * | D51 (cont.) | GOOG-ROWE-00082725 | GOOG-ROWE-00082725 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
|---|---|---|---|---|---|
| ^ | * | D51 (cont.) | GOOG-ROWE-00082751 | GOOG-ROWE-00082763 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082887 | GOOG-ROWE-00082899 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082798 | GOOG-ROWE-00082800 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082713 | GOOG-ROWE-00082723 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082854 | GOOG-ROWE-00082863 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082662 | GOOG-ROWE-00082671 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082867 | GOOG-ROWE-00082870 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082772 | GOOG-ROWE-00082781 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |

| | | | | | |
|---|---|---|---|---|---|
| ^ | * | D51 (cont.) | GOOG-ROWE-00082801 | GOOG-ROWE-00082804 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082782 | GOOG-ROWE-00082789 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | | D52 | GOOG-ROWE-00063425 | GOOG-ROWE-00063428 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – document of unknown origin regarding Ben Wilson's ladder transfer is not relevant, and will prejudice, mislead and confuse the jury; Fed. R. Evid. 801 (Relevance, Prejudice) – out-of-court statements about Ben Wilson's performance and qualifications offered for their truth |
| | ** | D53 | GOOG-ROWE-00054267 | GOOG-ROWE-00054267 | |
| | ** | D54 | GOOG-ROWE-00018551 | GOOG-ROWE-00018552 | |
| | * | D55 | GOOG-ROWE-00059007 | GOOG-ROWE-00059012 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes unattributed feedback and commentary from unknown source(s) offered for its truth |
| | ** | D56 | P000729 | P000733 | |
| | ** | D57 | P000735 | P000735 | |
| | ** | D58 | GOOG-ROWE-P-00000773 | GOOG-ROWE-P-00000775 | |
| | ** | D59 | GOOG-ROWE-00059673 | GOOG-ROWE-00059677 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D60 | GOOG-ROWE-00017569 | GOOG-ROWE-00017570 | |
| | ** | D61 | GOOG-ROWE-00057020 | GOOG-ROWE-00057020 | |
| | * | D62 | GOOG-ROWE-00017533 | GOOG-ROWE-00017538 | Fed. R. Evid. 801 (Hearsay) – out-of-court statement about Plaintiff's fitness for the FSLV role being offered for its truth |
| | ** | D63 | GOOG-ROWE-00017717 | GOOG-ROWE-00017720 | |
| | * | D64 | GOOG-ROWE-00056972 | GOOG-ROWE-00056972 | Fed R. Evid. 801 (Hearsay) – out-of-court statements offered for their truth, including double-hearsay statements about statements made by others, concerning the FSVL role |
| | * | D65 | GOOG-ROWE-00056487 | GOOG-ROWE-00056488 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes unattributed feedback and commentary from unknown source(s) offered for its truth |
| ^ | * | D66 | GOOG-ROWE-00053763 | GOOG-ROWE-00053763 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – document reflects a web tool that (a) Google stopped using 12/1/17 and (b) was not used for any leveling decision relevant to this case. Admission would prejudice, mislead and confuse jurors to draw incorrect/unsupported conclusions |
| | ** | D67 | GOOG-ROWE-00018011 | GOOG-ROWE-00018013 | |

| | | | | | |
|---|---|---|---|---|---|
| | * | D68 | GOOG-ROWE-00065032 | GOOG-ROWE-00065090 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of a Technical Director candidate three years after Plaintiff's hire and protected complaints is not relevant as Plaintiff was not considered against this candidate, and admission will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes feedback and commentary offered for its truth |
| | * | D69 | GOOG-ROWE-00064910 | GOOG-ROWE-00064968 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of a Technical Director candidate three years after Plaintiff's hire and protected complaints is not relevant as Plaintiff was not considered against them, and admission will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes feedback and commentary offered for its truth; |
| | * | D70 | GOOG-ROWE-00055394.R | GOOG-ROWE-00055418.R | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court opinions about candidate's qualifications for the VP-FS role offered for their truth |

| | | | | | |
|---|---|---|---|---|---|
| | * | D71 | GOOG-ROWE-00062337 | GOOG-ROWE-00062344 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes feedback and commentary offered for its truth |
| | | D72 | GOOG-ROWE-00063421 | GOOG-ROWE-00063424 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – candidate's resume offered for its truth |
| | | D73 | GOOG-ROWE-00061871 | GOOG-ROWE-00061872 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – candidate's resume offered for its truth |

| | | | | | |
|---|---|---|---|---|---|
| | | D74 | GOOG-ROWE-00082370 | GOOG-ROWE-00082372 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court statements concerning consideration process offered for their truth Further object because Google did not produce this document until November 17, 2022, over 1 ½ years after the close of discovery |
| | ** | D75 | GOOG-ROWE-00082367 | GOOG-ROWE-00082369 | |
| | | D76 | GOOG-ROWE-00082359 | GOOG-ROWE-00082366 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court statements concerning consideration process offered for their truth Further object because Google did not produce this document until November 17, 2022, over 1 ½ years after the close of discovery |

| | | D77 | GOOG-ROWE-00082356 | GOOG-ROWE-00082358 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court statements concerning consideration process offered for their truth Further object because Google did not produce this document until November 17, 2022, over 1 ½ years after the close of discovery |
| | | D78 | GOOG-ROWE-00082351 | GOOG-ROWE-00082355 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court statements concerning consideration process offered for their truth Further object because Google did not produce this document until November 17, 2022, over 1 ½ years after the close of discovery |

| | | | | | |
|---|---|---|---|---|---|
| | * | D79 | GOOG-ROWE-00078164 | GOOG-ROWE-00078169 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court opinions about candidate's qualifications for the VP-FS role offered for their truth |
| | | D80 | GOOG-ROWE-00017873.R | GOOG-ROWE-00017875.R | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSLV role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes unattributed feedback and commentary from unknown source(s) offered for its truth |
| | ** | D81 | GOOG-ROWE-00060560 | GOOG-ROWE-00060562 | |
| | | D82 | GOOG-ROWE-00069067 | GOOG-ROWE-00069071 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |

| | | | | | |
|---|---|---|---|---|---|
| | | D83 | GOOG-ROWE-00068834 | GOOG-ROWE-00068838 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D84 | GOOG-ROWE-00068890 | GOOG-ROWE-00068894 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D85 | GOOG-ROWE-00068703 | GOOG-ROWE-00068708 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D86 | GOOG-ROWE-00064541 | GOOG-ROWE-00064544 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |

| | | | | | |
|---|---|---|---|---|---|
| | | D87 | GOOG-ROWE-00068515 | GOOG-ROWE-00068518 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D88 | GOOG-ROWE-00068946 | GOOG-ROWE-00068951 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D89 | GOOG-ROWE-00068895 | GOOG-ROWE-00068900 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D90 | GOOG-ROWE-00068797 | GOOG-ROWE-00068801 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |

| | | | | | |
|---|---|---|---|---|---|
| | | D91 | GOOG-ROWE-00069008 | GOOG-ROWE-00069015 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D92 | GOOG-ROWE-00068680 | GOOG-ROWE-00068683 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D93 | GOOG-ROWE-00068776 | GOOG-ROWE-00068779 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D94 | GOOG-ROWE-00068606 | GOOG-ROWE-00068610 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | ** | D95 | GOOG-ROWE-00019996 | GOOG-ROWE-00019997 | |
| | ** | D96 | GOOG-ROWE-00078369 | GOOG-ROWE-00078374 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D97 | GOOG-ROWE-00078434 | GOOG-ROWE-00078440 | |
| | ** | D98 | GOOG-ROWE-00078508 | GOOG-ROWE-00078514 | |
| | ** | D99 | GOOG-ROWE-00078530 | GOOG-ROWE-00078535 | |
| | ** | D100 | GOOG-ROWE-00078460 | GOOG-ROWE-00078464 | |
| | ** | D101 | GOOG-ROWE-00078411 | GOOG-ROWE-00078417 | |
| | ** | D102 | GOOG-ROWE-00068214 | GOOG-ROWE-00068254 | |
| | * | D102 (cont.) | GOOG-ROWE-00067314 | GOOG-ROWE-00067348 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00068255 | GOOG-ROWE-00068297 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00067464 | GOOG-ROWE-00067495 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D102 (cont.) | GOOG-ROWE-00067600 | GOOG-ROWE-00067632 | |
| | ** | D102 (cont.) | GOOG-ROWE-00067538 | GOOG-ROWE-00067585 | |
| | ** | D102 (cont.) | GOOG-ROWE-00067931 | GOOG-ROWE-00067955 | |
| | ** | D102 (cont.) | GOOG-ROWE-00068171 | GOOG-ROWE-00068213 | |
| | ** | D102 (cont.) | GOOG-ROWE-00067282 | GOOG-ROWE-00067313 | |
| | * | D102 (cont.) | GOOG-ROWE-00067349 | GOOG-ROWE-00067365 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00067392 | GOOG-ROWE-00067432 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00067633 | GOOG-ROWE-00067652 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 7 or 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00067729 | GOOG-ROWE-00067743 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 7 or 8 |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00067685 | GOOG-ROWE-00067728 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00068298 | GOOG-ROWE-00068332 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00068333 | GOOG-ROWE-00068366 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |

# Appendix C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                  :

ULKU ROWE,                                 :

                          Plaintiff,    :

                                   :           19 Civ. 8655 (LGS)

                -against-           :

                                   :             <u>ORDER</u>

GOOGLE LLC,                         :

                        Defendant,  :

                                   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendant filed two motions in limine, and Plaintiff filed six motions in limine, one in the form of a letter motion. The motions are resolved as stated below. All references to rules refer to the Federal Rules of Evidence.

1. <u>Defendant's First MIL</u> (Dkt. No. 234). Defendant's motion to exclude evidence of "leveling determinations," outside of Level 8 and 9 Technical Directors in the Office of the CTO, is DENIED to the extent that Plaintiff may introduce evidence of (1) leveling decisions by Tariq Shaukat, whom Plaintiff alleges treated her in a discriminatory manner and (2) re-leveling decisions to illustrate that re-leveling was possible. This evidence is relevant under Rule 401 to show whether Plaintiff was treated in a discriminatory manner and with discriminatory intent. Defendant has not articulated any unfair prejudice or jury confusion, and any time spent on Defendants' contrary evidence is not wasted time and is outweighed by the probative value of the evidence. *See* Rule 403.

2. <u>Defendant's Second MIL</u> (Dkt. No. 236). Defendant's motion to exclude evidence of other employees' complaints of alleged unfair treatment by Defendant is GRANTED in part and DENIED in part. Evidence concerning the following is excluded under Rule 403 as the

evidence has limited, if any, probative value and is likely to confuse the jury in a way that will prejudice Defendant: (1) the *Haggan* and *Ellis* class actions, which were settled and did not include Plaintiff within the class, (2) protests principally concerning sexual harassment, which is not at issue in this case, and the resulting 2018 walkout and (3) a gender complaint against Stuart Breslow that did not involve Plaintiff. Evidence of the following is permitted: (1) the December 2019 complaint of a Level 6 employee who was re-leveled to Level 7, to show that re-leveling was possible.

3. Plaintiff's First MIL (Dkt. No. 238). Plaintiff's motion to exclude evidence of other candidates for the FSVL role for which she was not hired is DENIED, as this evidence is part of the factual background relevant under Rule 401 to show whether Defendant acted with discriminatory or retaliatory intent.

4. Plaintiff's Second MIL (Dkt. No 240). Plaintiff's motion to exclude as hearsay evidence of oral feedback from interviewers is DENIED, as the evidence is offered for its effect on Defendant's hiring manager and not for the truth. *See* Rule 802. Plaintiff may submit a joint proposed limiting instruction to this effect at the time the evidence is presented.

5. Plaintiff's Third MIL (Dkt. No. 242). Plaintiff's motion to exclude evidence of other candidates for the VP-FS role for which she was not interviewed is DENIED, as the evidence is relevant under Rule 401 to whether Defendant acted with retaliatory intent, and Plaintiff has not been prejudiced by the timeliness (or not) of the production of related documents. *See* Rule 403.

6. Plaintiff's Fourth MIL (Dkt. No. 244). Plaintiff's motion to exclude evidence of leveling determinations of male L8 Directors is DENIED because it is relevant under Rule 401 to show whether Plaintiff, who was hired as a Technical Director as an L8, was treated less well

than similarly situated men, and whether Plaintiff was more like others hired at L8 than those leveled at L9.  For the same reason, the evidence will not confuse the jury with extraneous and irrelevant information.  *See* Rule 403.

7. <u>Plaintiff's Fifth MIL</u> (Dkt. No. 246).  Plaintiff's motion to permit leading questions of Defendant's employees as hostile witnesses is DENIED in part and GRANTED in part as follows:  Plaintiff may treat as hostile witnesses (1) Defendant's current employees because Defendant does not object to Plaintiff's doing so, (2) Tariq Shaukat because Plaintiff accuses him of discriminatory conduct that is in part the basis for this action and (3) any former employee who at the time of trial is represented by defense counsel and who participates with defense counsel in preparing their testimony.  The motion is denied as to any remaining employees.  At least three weeks prior to the commencement of trial, defense counsel shall identify for Plaintiff any former employees as to whom the motion is denied.

8. <u>Plaintiff's Sixth MIL</u> (Dkt. No. 289).  Plaintiff's motion to preclude Defendant from calling Dave Rensin as a witness is DENIED to the extent that Defendant may question Rensin about (1) the TSC Job Ladder generally and what it represents, but not in reference to Plaintiff or any other particular employee, and (2) any feedback from his interview of Plaintiff that he provided to those who made her leveling decision, not to be offered for the truth, but as information that was considered.  As to item (2), Plaintiff may submit a joint proposed limiting instruction at the time the evidence is presented.

The Clerk of Court is respectfully directed to close the motions at Dkt. No. 234, 236, 238, 240, 242, 244, 246 and 289.

Dated: January 13, 2023
   New York, New York

               **LORNA G. SCHOFIELD**
              **UNITED STATES DISTRICT JUDGE**