

Advocates for Workplace Fairness

September 22, 2023

**Via ECF:**
The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:**  *Ulku Rowe v. Google LLC*, **Case No. 19-cv-08655**

Dear Judge Rearden:

  We represent the Plaintiff, Ulku Rowe in the above-referenced matter. Pursuant to Your Honor's directive at the September 21, 2023 Final Joint Pre-Trial Conference, the Parties write jointly with respect to Plaintiff's objection to the testimony of Patricia Florissi on the basis of relevance and prejudice (*See* Fed. R. Evid. 401, 403). The parties met and conferred on September 21, 2023 but were unable to come to an agreement with respect to this issue. The Parties' respective positions are summarized as follows:

**Plaintiff's Position**

1. *Ms. Florissi's testimony is irrelevant.*

  Because Google is the party that seeks to introduce Ms. Florissi as a witness in this trial, it bears the burden of establishing its relevancy. *See United States v. Camacho*, 353 F. Supp. 2d 524, 536 (S.D.N.Y. 2005) (that proponents of evidence bear the burden of demonstrating its admissibility is a "general principle [that] applies to all questions of admissibility that arise under the Federal Rules of Evidence."). Google cannot meet its burden, and therefore should be precluded from calling Ms. Florissi as a witness at trial.

  Defendant claims that Ms. Florissi's relevance goes to Google's defenses that "[t]here are different expectations for L8 and L9 employees" and "Plaintiff has not been (and is not) performing work at an L9 level," (ECF No. 310). Google confuses the issues being tried in this case and puts forth a wholly new defense that it is unsupported by the case law. Plaintiff's pay equity claim is premised on (1) L9 comparators hired at the same time as her and (2) Stuart Breslow, not current L9s leveled or hired long after she was hired. Likewise, Plaintiff's discrimination claim is premised on discriminatory acts, including leveling and promotion decisions, made in 2020 or before. Plaintiff asserts that she has performed and continues to perform substantially equal work to the work Nicholas Harteau and Stuart Breslow performed, and that Google paid those men more. *See Kent v. Papert Cos.*, 309 A.D.2d 234, 241 (N.Y. App. Div. 2003) (Under the NYEPL, "Plaintiff may introduce evidence that [predecessors] were paid a greater wage [] than she for similar work, and, if she proves her case, she is entitled to

**New York** 685 Third Avenue 25th Floor New York, NY 10017 Tel (212) 245-1000 Fax (646) 509-2060
**San Francisco** One California Street 12th Floor San Francisco, CA 94111 Tel (415) 638-8800 Fax (415) 638-8810
**Washington DC** 601 Massachusetts Ave NW Suite 200W Washington, DC 20001 Tel (202) 847-4400 Fax (202) 847-4410

www.outtengolden.com

compensation for each diminished paycheck issued within the statutory [] period."). Defendant has conceded that Mr. Harteau and Mr. Breslow are the relevant comparators, both in its Jury Charge (*see* ECF No. 273 at 34-35 ("Ms. Rowe need not show that she and Mr. Harteau and/or Mr. Breslow were comparators during the same time period. It is enough for her to meet her burden of proof if Ms. Rowe proved by a preponderance of the evidence that they were comparators under the law I have described, even if the time period in which they were performing that work did not overlap.")), and its proposed Jury Verdict Form (ECF. No. 271 ("Has Plaintiff, Ulku Rowe, proved by a preponderance of the evidence that Google paid Ms. Rowe less than Nicholas Harteau or Stuart Breslow for performing equal work under similar working conditions?")). Ms. Florissi, who has no knowledge of Ms. Rowe's work as it compared to Mr. Harteau's and Mr. Breslow's work, should be precluded from testifying.

Further, Ms. Florissi's testimony is irrelevant for purposes of Plaintiff's NYCHRL claims. In this matter, Plaintiff alleges that Google hired her at a lower level and paid her less than her male peers, denied her additional earned compensation, denied her a promotion for which she was qualified, and demoted her and denied her a second another promotion for which she was qualified. Defendant has not once claimed that Ms. Florissi was involved in any of those decisions. It could not, as she only became Plaintiff's manager on April 25, 2022, after the challenged decisions were made. Her testimony is completely unrelated to liability under the NYCHRL.

Nor is Ms. Florissi's testimony relevant to damages under the NYCHRL; "[b]ack pay is calculated from the date of the discriminatory practice to the date of entry of judgment." *Quintero v. Angels of the World*, No. 19 Civ. 6126, 2021 U.S. Dist. LEXIS 172445, *36 (E.D.N.Y. Sept. 10, 2021); *see also Epter v. N.Y. City Transit Auth.*, 216 F. Supp. 2d 131, 135 (E.D.N.Y. 2002) ("back pay usually "runs from the date of the discriminatory action to the date of the judgment, and should include any anticipatory raises, step increases, cost of living increases, and other increases necessary to make the plaintiff whole."). Therefore, the relevant inquiry for the jury to determine is whether Google engaged in discrimination at her hire, and what are the damages flowing from that decision.[1] Google may not escape liability for its discriminatory adverse employment action based on information unknown to and/or not relied upon by it when making the decision. *See, e.g. Rifkinson v. CBS*, No. 94 Civ. 7985, 1997 U.S. Dist. LEXIS 15865, at *16-17 (S.D.N.Y. Oct. 14, 1997) ("Because an employer's intent is measured at the time it makes the challenged employment decision, the post-decision performance of either the plaintiff or the more favorably treated employee is generally not relevant" under Fed. R. Evid. 401.)

2. *Defendant's improper attempt to examine Ms. Florissi is untimely, prejudicial, and will mislead and confuse the jury.*

---

[1] Plaintiff's expert submitted her expert report on November 18, 2022, and supplemented it on January 27, 2023. After trial was moved from April 2023 to August 2023, Plaintiff's expert provided a supplemental report on June 27, 2023 for the limited purpose of updating the damages calculations through to the present. The June 29, 2023 report continued to use Nicholas Harteau, Mr. Breslow, and the original L9 hires as Plaintiff's comparators for assessing damages.

Even if Ms. Florissi's testimony were relevant, which it is not, the time for Google to identify Ms. Florissi as a witness is long past. Google never amended its initial disclosures to identify Ms. Florissi as a witness. *See Rella v. Westchester BMW, Inc.*, No. 16 Civ. 916, 2022 U.S. Dist. LEXIS 95794, *4 (S.D.N.Y. May 27, 2022) (failure to supplement initial disclosures to include witness "swings heavily in favor of excluding" said witness). Nor did Google identify Ms. Florissi as a potential witness as part of the Joint Pre-Trial Order on December 12, 2022, for trial scheduled to proceed first on January 9, 2023 and then April 17, 2023. (ECF No. 285). Defendant only identified Ms. Florissi as a possible witness on June 22, 2023, and then added her to its "may call" list on the First Amended Joint Pre-Trial Order on July 14, 2023 (ECF No. 304). It was not until the Parties filed the Second Amended Joint Pre-Trial Order on September 18, 2023 that Defendant added Ms. Florissi to its "will call" list (ECF No. 310).

Rule 26(a) of the Federal Rules of Civil Procedure require parties to provide "the name… of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A); *see also* Fed. R. Civ. P. 26 Advisory Committee Notes ("'Use' includes any use . . . to support a motion, or at trial."). Rule 26(e) further requires that the parties supplement these disclosures in a timely manner. Assuming *arguendo*, Defendant become knowledgeable as of April 2022 of Ms. Florissi's alleged relevance in this matter, it failed to identify her until over a year later, and six months after this case was first scheduled to go to trial.

Courts consider four factors to determine whether the testimony of late-identified witnesses should be precluded as a sanction for violating Rule 26(e): "(1) the party's explanation for failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Emmpresa Cubana del Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 159 (S.D.N.Y. 2003) (A finding of bad faith is not required, and delay resulting from neglect is sufficient for preclusion.").

As to the first factor, Defendant has failed to put forth any explanation as to why it did not identify Ms. Florissi sooner. It merely states that Ms. Florissi's name is contained in one exhibit demonstrating she became Plaintiff's manager. Ms. Rowe could not have been on notice of Google's intent to call her as a witness based on this document, given that Ms. Florissi's testimony is irrelevant, as set forth in Section 1 above. *See Rella*, 2022 U.S. Dist. LEXIS 95794 at *4 ("If mere mention of a name . . . were sufficient to constitute notice about a potential trial witness to an opposing party, the Rule 26(a)(1)(A)(i) disclosure requirements would be rendered virtually meaningless, and parties would constantly be left guessing about which witnesses they should depose in advance of trial."). Google has never asserted that Ms. Florissi was a witness it may use to support its claims and defenses, as the Federal Rules require, demonstrating that this is nothing more than a last-ditch attempt at a newly argued, unsupportable defense. *See Lexington Furniture Indus. v. Lexington Co.,* No. 19 Civ. 6239, 2021 U.S. Dist. LEXIS 100723, *5 (S.D.N.Y. May 27, 2021). (The supplemented disclosure listing [the witness] was made . . . during the preparation of final pretrial submissions and with the Joint Pretrial Order due in three weeks. There is no claim by defendant that this was a mistake or oversight or anything other than a strategic decision.").

With respect to the second factor, there is simply no "importance" to Ms. Florissi's testimony. *Emmpresa*, 213 F.R.D. at 159. In fact, had this trial proceeded in January or April 2023 as was originally planned, Defendant would not have called Ms. Florissi at all, given that it did not identify her until June 2023. At the time the trial was expected to commence in August 2023, Defendant still had not made a decision as to whether it was calling Ms. Florissi. Therefore, Defendant cannot credibly argue that a witness added *after* a trial was supposed to take place on three separate occasions is relevant or particularly important to its claims and defenses in this matter.

As to the third factor, given that Ms. Florissi's testimony is irrelevant to the claims and defenses to be tried, its introduction will prejudice Plaintiff, mislead the jury, and confuse the issues. *See* Fed. R. Evid. 403. A pre-trial deposition will not alleviate this prejudice.

On the eve of trial, Defendant has asserted a new defense without completely supplementing discovery as to that defense. It has not provided: (1) supporting and underlying documents related to performance and compensation decisions for Ms. Rowe and other OCTO directors reporting to Ms. Florissi, (2) job descriptions, leveling ladders, and performance rubrics for current OCTO directors reporting to Ms. Florissi, and (4) electronically stored information, such as emails, of which Ms. Florissi is a custodian.[2] This is just an example of the type of information that is responsive to Ms. Rowe's documents requests and that Google would have an obligation to supplement if it intends to assert that for the NYCEPL or NYCHRL, the relevant group of Ms. Rowe's comparators are current L9s. S*ee Lexington Furniture*, 2021 U.S. Dist. LEXIS 100723 at *3-4 ("Experience teaches that granting the modest request of reopening discovery for a single deposition . . . would likely lead to the reopening of much of the completed discovery process, including requests to reexamine other witnesses and supplement document productions" and "will cause [further] delay in the action proceeding to trial.").

Plaintiff is severely prejudiced if she is forced to defend against a newly-minted defense that is not only not recognized at law, but one for which she has no discovery. A simple one-hour deposition of Ms. Florissi, as Google proposes, would in no way mitigate the harm to plaintiff, and would further exacerbate it by requiring her to take valuable time and attention away from her trial preparation. *See Emmpressa*, 213 F.R.D. at *159 ("it is clear that even the bare minimum of discovery required by fairness would at the very least severely hamper trial preparation and likely could not be completed in the two months before the trial is set to begin."); see also *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15 Civ. 2739, 2023 U.S. Dist. LEXIS 108993, *11 (S.D.N.Y. June 23, 2023). ("The prejudice to plaintiff from the late disclosure flows from the need for it to examine" the witness "prior to trial.").

As for the final factor, a continuance is not feasible given that the trial has been adjourned on the eve of trial three times over the last eight months, and this matter was commenced over four years ago. Moreover, the parties have worked diligently to accommodate the travel schedule for many witnesses across the country to testify. *See Emmpressa*, 213 F.R.D. at *159 ("continuance is not a reasonable possibility" where the trial "was already pushed back a month due to scheduling conflicts with this Court, and a date that is approximately six years after

---

[2] While Defendant has identified some directors currently working in OCTO and provided their personnel histories and G-hire packets, it's production is incomplete as to all directors currently working in OCTO.

the commencement of this action."); *Point Prods. A.G. v. Sony Music Entm't, Inc.,* 2004 U.S. Dist. LEXIS 2676, at *44 (S.D.N.Y. Feb. 20, 2004) ("[E]xclusion of the newly offered evidence, and not a continuance of discovery, is now the proper resolution.")

Defendant made the decision to not identify Ms. Florissi until six months after trial was expected to commence. "Having done so, it cannot now cry about the unfairness of not being permitted to change its strategy, at Plaintiffs' expense." *Peterson*, 2023 U.S. Dist. Lexis 108993 at *12-13. Ms. Florissi should be stricken from Defendant's witness list.

**Defendant's Position**

The Court should permit Patricia Florissi to testify at trial regarding Ulku Rowe's work and performance from April 2022 to the present, because this testimony bears directly on the issues to be tried in this case. At trial, Rowe is seeking back-pay damages from the date of her hiring up to July 2023, according to her expert's report. Florissi has been Rowe's manager since April 2022, and her evaluation of Rowe's work and job performance provides the basis for Google's most recent compensation decisions—decisions which Rowe claims are improperly motivated by sex.

> 1. *Rowe alleges pay discrimination from 2017 to the present; therefore, evidence concerning the work she performs and Google's most recent compensation decision is directly relevant to the case.*

This case is about alleged pay discrimination, among other things. Rowe brings claims under the New York Labor Law ("NYLL") and the New York City Human Rights Law ("NYCHRL"). To decide these claims, the jury must understand the nature of the work Rowe performed relative to her alleged comparators, as well as the non-discriminatory reasons for Google's pay decisions. The Requests to Charge submitted by the parties make this clear.

The jury must decide whether the work Rowe performs is equal to the work of her alleged comparators under the NYLL. (ECF No. 273, Proposed Charge 23 at 35-40). To succeed on this claim, she must prove that the compared jobs "entail common duties and content." (*Id.*) Google's defenses to this claim include, *inter alia*, that Plaintiff has not been performing work requiring equal skill, effort and responsibility to the work performed by Harteau and Breslow, her two identified comparators.[3]

Inasmuch as her claim is for pay discrimination under the NYCHRL, Plaintiff must prove that gender played a role in Google's decisions regarding her base pay, bonus and equity awards. (ECF No. 273, Proposed Charge 24, at 41-44). Google's defenses include, *inter alia*, that it determined Plaintiff's pay annually based on the quality and quantity of her contributions, without regard to her gender.

---

[3] Google does not "concede" that Harteau or Breslow are "relevant comparators." They are identified in the proposed Request to Charge and Verdict Form because Rowe claims they are her New York Labor Law comparators. The jury will decide if they are "relevant."

Florissi's testimony is directly relevant to both of these claims. Rowe is expected to provide her own testimony regarding the work she performed from April 2022 through July 2023 to establish her case. Google is entitled to present its own evidence and testimony regarding that work in order to support her defenses. As Rowe's direct manager for that time period, Florissi is in the best position to present this testimony.

> 2. *Google's 2023 determination concerning Rowe's pay became relevant after the Court continued the trial date and Rowe updated her expert's report.*

Until April 2022, William Grannis managed Rowe for the majority of her employment at Google. (Defendant's Trial Exhibit 98 ("D98")). Google therefore based its decisions concerning Rowe's pay upon his semi-annual evaluation of her work each year. He was also responsible for recommending any increases or adjustments to Rowe's base pay, bonus, and equity each year based in part on her performance against the company's expectations. Until recently, Google conducted that annual compensation planning process in the third quarter of the year. Grannis last participated in compensation planning for Rowe at the end of 2021. Google notified Rowe of the resulting decision concerning her pay for 2022 in January 2022.

Florissi became Rowe's manager in April, 2022. In June 2022, Google announced a change to the timing of its compensation planning process; going forward, compensation planning would occur in the first quarter of the calendar year. As a result, compensation planning for 2023 pay was delayed until February 2023. Therefore, the first opportunity for Florissi to participate in any compensation decision as it related to Rowe was in early 2023. Google notified Rowe of that decision in March 2023.

Trial was originally set to begin on January 9, 2023, (ECF No. 225), with the parties' pre-trial order due December 12, 2022. (ECF No. 285). Plaintiff disclosed her damages expert's report on November 18, 2022. The report reflected her estimate of alleged back pay through January 1, 2023, which accounted for the pay decisions made by Google at the end of 2021.

The Court adjourned the trial to April 17, 2023. (ECF No. 281.) On February 1, 2023, the Clerk reassigned the case to Your Honor, and the parties awaited a new trial date. On April 28, 2023, Rowe requested that Google supplement its document production to reflect compensation information for the most recent pay cycle. (Exh. 1.) Once that information was available, Google supplemented its production, on May 11, 2023, and included performance information for Rowe and the other Technical Directors in OCTO. (*Id.*) This production reflected the input from Florissi based upon her assessment of Rowe's performance in 2022. As of this date, Plaintiff was aware of: (1) the reporting relationship between Florissi and Rowe, along with the identity of the other Technical Directors in OCTO who reported to Florissi; (2) the annual salary, bonus, and equity awarded to each of those individuals while they reported to Florissi; and (3) the performance information for those individuals upon which those compensation decisions were based.

On June 19, 2023, Rowe produced an updated expert report. In it, she disclosed that she now seeks back-pay damages from March 2017 through July 2023. (ECF No. 310 at 36). On

June 22, 2023, Google notified Rowe that it intended to call Florissi to testify regarding the work Ms. Rowe performs, the contributions she makes, the influence she has, and the standards by which her performance is assessed as an L8. As of that date, the parties did not have a trial date. Trial was subsequently set for August 14, 2023, and then on July 25, 2023, the Court adjourned the trial to October 4, 2023.

At no time has Rowe requested a deposition of Florissi. At the Court's suggestion on September 21, 2023, Google offered to make Florissi available for deposition on October 2, 2023, which is the earliest available date given her current schedule. Google proposed a one-hour time limit, consistent with the expected length of her trial testimony. Rowe refused, stating that she considered Florissi's testimony irrelevant.

   3.   *Plaintiff cannot claim surprise by Florissi's inclusion at trial.*

A party must only supplement its Rule 26 disclosures "if the additional … information has not otherwise been made known to the other part[y] during the discovery process *or* in writing . . . ." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). This is precisely what Google did.

Google notified Rowe in June 2023 that it may call Florissi as a witness, promptly after her testimony became relevant to the trial. Rowe had reported to Florissi for over a year at that point. She can hardly claim surprise that Google may call her as a witness, particularly given the passage of time, the adjournment of the trial, Rowe's updated damages estimate, and the relevance of her testimony to the very decisions Rowe challenges at trial. Rule 26's flexibility is especially relevant where, as here, a party is already familiar with the witness she seeks to exclude. *See Universe Antiques, Inc. v. Vareika*, No. 10-cv-3629, 2011 WL 5117057, at *5 (S.D.N.Y. Oct. 21, 2011) (denying motion *in limine* to exclude trial witnesses who were not listed in adversary's Rule 26 disclosures, because "the Undisclosed Witnesses include individuals with whom the [moving parties] are very familiar"). As her direct report, Rowe is "very familiar" with Florissi and Florissi's evaluation of Rowe's work. *Id*. In these circumstances, there is "no credible risk of unfair surprise . . . ." regarding the substance of Ms. Florissi's anticipated testimony. *Id*.

For the foregoing reasons, Google respectfully requests that this Court deny Rowe's request to exclude Ms. Florissi from trial.

                                        Respectfully submitted,

                                        /s/ Cara E. Greene
                                        Cara E. Greene
                                        Outten & Golden LLP
                                        685 Third Avenue, 25th Floor
                                        New York, NY 10017
                                        *Counsel for the Plaintiff*

cc:   All Parties (via ECF)