

Advocates for Workplace Fairness

September 28, 2023

**Via ECF:**
The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

          **Re:**    *Ulku Rowe v. Google LLC,* **Case No. 19-cv-08655**

Dear Judge Rearden:

      We represent Plaintiff Ulku Rowe in the above-referenced matter. We write pursuant to Section 5(I) of Your Honor's Individual Rules and Federal Rule of Evidence 611(a) to respectfully request that the Court compel Defendant Google LLC ("Google") to produce William Grannis and Tariq Shaukat, essential witnesses with unique material knowledge of the underlying claims subject to this litigation, for live examination on October 5 and October 6, 2023, respectively, during Plaintiff's case in chief. We have met and conferred with Defendant, who refuses to produce these key witnesses until October 10 (Mr. Grannis) and October 11 (Mr. Shaukat), causing unwarranted prejudice to Plaintiff. Defendant intends to oppose this request to compel via letter, which will be submitted tomorrow as soon as practicable. The Parties' are available to confer with the Court tomorrow afternoon, should it be helpful to the Court in reaching a decision on an expedited basis.

**Background**

      On September 25, 2023, this Court issued an order (the "Order") limiting each party to twelve hours to present their case in chief (Para. 1), to avoid "duplicative and cumulative testimony from several witnesses, including with respect to the hiring and leveling of Technical

**New York**  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
**San Francisco**  One California Street  12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
**Washington DC**  601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410

www.outtengolden.com

Directors in the Office of the CTO ("OCTO"); consideration of Ms. Rowe for the head of the Financial Services Industry Vertical ("FSVL") role; Ms. Rowe's transfer out of OCTO; Ms. Rowe's complaints; and Google's Human Resources processes." (ECF No. 316). Because of this Order, Plaintiff must limit the number of witnesses she calls, condense the testimony of those witnesses, and modify her anticipated order of presentation to establish the elements of her claims and meet her burden of proof.[1] As a result, she now seeks to call Mr. Grannis on October 5 and Mr. Shaukat on October 6.

William Grannis is the current Vice President and Chief Technology Officer of Google Cloud, and is in Google's direct control. As detailed in the Parties' Second Amended Joint Pretrial Order, ECF No. 310, Mr. Grannis is being called to testify regarding Ms. Rowe's hiring, initial leveling, and compensation decisions, as well as her performance in OCTO, her consideration and qualifications for the FSVL position, and other facts and circumstances related to Ms. Rowe's claims in this litigation. He was her manager for much of the six-year period at issue in this suit and was a decision-maker with respect to her initial hiring, leveling, and compensation. Neither party disputes that testimony from Mr. Grannis is critical to this case considering his direct knowledge of facts related to Ms. Rowe's underlying claims. Given that he is a key witness, and in light of the Court's Order, Ms. Rowe seeks to examine Mr. Grannis on the second day of trial, October 5, 2023, at the outset of her case. However, Google refuses to produce Mr. Grannis until the final day of Plaintiff's case in chief, October 10, 2023, claiming he is unavailable until that date due to his participation in Google's "OCTO offsite" in Sunnyvale,

---

[1] During the Parties' conference with the Court on July 24, the Court rescheduled the trial to ensure that the Parties would have sufficient time to present their case. (*See* July 24, 2023 Remote Hearing Transcript, 6:23-7:4). Over the ensuing two months, the Parties planned and scheduled witnesses understanding that they would have up to ten days of trial.

California. The offsite is simply an internal team-building exercise for OCTO employees. It takes place twice per year and is strictly for OCTO employees; no external customers or clients participate.

Tariq Shaukat is the former President of Industry Products and Solutions at Google Cloud, Ms. Rowe's former manager, and the decisionmaker with respect to the FSVL promotion. Pursuant to his separation agreement with Google, Mr. Shaukat has post-termination obligations, including an obligation to cooperate in litigations involving his former employer, Defendant. As detailed in the Parties' Second Amended Joint Pretrial Order, ECF No. 310, Mr. Shaukat is being called to testify regarding Ms. Rowe's and Stuart Breslow's consideration for the FSVL role, his discriminatory treatment of Ms. Rowe, and other facts and circumstances related to Ms. Rowe's claims in this litigation. Google now refuses to produce Mr. Shaukat on October 6, claiming for the first time during the Parties' September 21, 2023 meet and confer that he is out of the country and unavailable until October 11, 2023, after the anticipated close of Ms. Rowe's case in chief.

**<u>Mr. Grannis's and Mr. Shaukat's appearances on the designated dates are necessary to avoid juror confusion, inefficiencies in proceedings, and prejudice to Plaintiff.</u>**

Failure to have testimony taken in open court "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43(a) Advisory Committee's Note to 1996 amendment. District courts have the authority to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence," so as to "make those procedures effective for determining the truth" and to "avoid wasting time." Fed. R. Evid. 611(a)(1)-(2). Defendant's unjustifiable proposal to delay the live testimony of Mr. Grannis until the final day of Plaintiff's case in chief and Mr. Shaukat until after Plaintiff has concluded her case in chief, will waste time and "will not assist the ascertainment of truth." *Maran Coal Corp.*

*v. Societe Generale de Surveillance S.A*., No. 92 Civ. 8728, 1996 U.S. Dist. LEXIS 172, *7 (S.D.N.Y Jan. 9. 1996) (ordering defendants to produce witnesses or else be precluded from calling them as live witnesses in their own case); *see also In re Gulf Oil/Cities Service Tender Offer Litigation,* 776 F. Supp. 838, 839 (S.D.N.Y. 1991) (witness is "a central figure in the underlying events. If he elects to absent himself during plaintiffs' case, he will not testify at all, and plaintiff[] will be free to comment upon his absence.").

Importantly, neither Mr. Grannis nor Mr. Shaukat are Defense witnesses whom Plaintiff is seeking to call out of order, they are Plaintiff's witnesses for purposes of establishing liability. Mr. Grannis's testimony has become increasingly unique and essential to Plaintiff's case in chief, given the reduced number of witnesses necessitated by the Court's Order. He is now the prime witness for certain facts that are material to Plaintiff's claims and that need to be established and presented to the jury early on. Specifically, Mr. Grannis is the only witness who will be able to testify about hiring and leveling of Ms. Rowe and her male peers, his representations about her being the obvious choice to lead the Financial Services vertical, his response to Ms. Rowe's 2017 protected complaints about leveling, and her performance as a Technical Director from 2017 to 2022. Without this unique testimony early on in her case, Plaintiff will be precluded from laying essential foundations and introducing key facts that are pertinent to the jury's determination of her claims. Therefore, Plaintiff has a compelling and legitimate need for his presence on October 5, 2023 – meeting her burden of proof and presenting the case in the manner of her choosing.[2]

---

[2] While Plaintiff previously agreed to accommodate Mr. Grannis's scheduling conflict as a courtesy, she did so anticipating that should would have more time to present her case and would be able to elicit key facts from other witnesses, who now will not appear or have shortened testimony.

Mr. Shaukat also possesses unique and direct knowledge of the pertinent facts underlying Ms. Rowe's claims. Mr. Shaukat was the decisionmaker with respect to the Financial Services Vertical Lead role, and his conduct is the subject of Plaintiff's discrimination and retaliation claim; his actions give rise to liability, and his statements at the time of employment constitute party-admissions. Google's insistence that Mr. Shaukat, a witness in its control, not testify until <u>after</u> the close of Plaintiff's case in chief will cause the jury to hear his testimony out of order, creates substantial risk of jury confusion and trial inefficiency, and prejudice Plaintiff by putting her at risk for a directed verdict. We urge the Court to order his live testimony on October 6, 2023, such that Plaintiff may examine the witnesses in a streamlined, logical order understandable by the jury.

**Mr. Grannis and Mr. Shaukat are not, in fact, unavailable and Google can compel their appearances.**

Contrary to Google's assertions, Mr. Grannis is not unavailable to appear on October 5. His "unavailability" is, in fact, a scheduling conflict related solely to his attendance at an internal meeting in connection with his employment with Google – the defendant in this case. Mr. Grannis's live presence at trial greatly outweighs any business need for his live presence at a team-building function with other employees.

Any argument that Grannis's absence from the offsite will "disrupt business" is meritless, especially given that Defendant's offsite itself is a cessation of typical business activities to participate in what is essentially an employee retreat. Further, Mr. Grannis has been on notice of the dates for this trial since July 24 – more than two months ago – and could have rescheduled the offsite so as not to conflict with trial. He did not do so. Google cannot now refuse to make him available based on an inconvenience that is of his own making. Similarly, while Mr. Shaukat

may be inconvenienced by changing his travel plans, his inconvenience does not equate to unavailability.

Furthermore, Google controls both witnesses and can compel their appearances. "'Control' is used in a very broad sense and includes a witness under the influence of a party as well as one under a party's employment or management." *Chandler v. Flynn*, 111 A.D.2d 300, 301 (2d Dep't 1985) (internal citation omitted). As a corporate employee, Mr. Grannis is in Google's control and can be produced to testify without a subpoena or court order. Google likewise controls Mr. Shaukat, who upon his exit from the company, entered into a valid and enforceable separation agreement which includes a cooperation provision; Google represents him and has indicated it can compel his appearance.

For the reasons outlined above, we respectfully request that the Court compel Mr. Grannis's testimony on October 5, 2023 and Mr. Shaukat's testimony on October 6, 2023.

\* \* \* \*

In addition, the Parties' request the Court's guidance as to what impact a government shutdown may have on the trial, which is scheduled to commence on October 4.

Respectfully submitted,

/s/ Cara E. Greene
Cara E. Greene
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017
*Counsel for the Plaintiff*

c: All Parties via ECF