

1(212) 318-6046
kennethgage@paulhastings.com

September 29, 2023

**VIA ECF**
Hon. Jennifer H. Rearden
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Ulku Rowe v. Google LLC*, Case No. 1:19-cv-08655-LGS

Dear Judge Rearden:

We represent Defendant Google LLC ("Google") in this matter, and write in response to Plaintiff Ulku Rowe's letter, dated September 28, 2023. (ECF 317).

Will Grannis and Tariq Shaukat are non-party witnesses. Both live and work outside the jurisdiction of this Court, and neither is under subpoena. Grannis is a senior Google executive who lives and works in California and is leading a long-scheduled, business-critical conference from October 2 through 6. Plaintiff has known about Grannis's unavailability to testify in New York on these dates since March 2023, when the conference was announced and Plaintiff was invited to attend. Shaukat no longer works for Google, lives in Texas, and will be in Europe on business from October 1 through 10. Nevertheless, Google has already arranged for—and Plaintiff has previously agreed to permit—their testimony at trial on October 10 and 11, the first trial date they are available to be present in New York.

Now, Plaintiff asks Your Honor to order their appearance in Court on October 5 and 6, 2023. There is no need for the extraordinary relief that Plaintiff seeks. They can both be available within the time the Court has allotted for the trial, albeit not in the order Plaintiff would like. The parties have already stipulated to a jury instruction that will eliminate any potential prejudice about which Plaintiff now complains.

For these and the other reasons set forth below, this Court should deny Plaintiff's request.

I.   **BACKGROUND**

   **A.  Grannis and Shaukat have significant prior commitments.**

In March 2023, long before this trial was scheduled to start in October, Google Cloud's Office of the Chief Technology Officer ("OCTO") began planning its annual offsite conference (the "OCTO



Hon. Jennifer H. Rearden
September 29, 2023
Page 2

Conference") for October 2 through 6, 2023, in Sunnyvale, California. (Declaration of Christa Trinidade ("Trinidade Decl.") ¶ 5.) This is not a "team-building" exercise, as Plaintiff suggests. The purpose of the OCTO Conference is to gather employees spread across approximately 14 countries in a single location, in person, to align on strategic priorities and execution for the coming months. (*Id.* ¶ 4.) Events will run from 8:00am to 10:00pm Pacific time each day. (*Id.*) Team members actively participate in programming aimed at identifying OCTO's strategic business objectives. (*Id.*) During the conference, members of OCTO also receive the skills training necessary to accomplish those objectives, align on Objectives and Key Results ("OKRs"), and present on their unique in-development projects so that others can gain insights useful to their own work. (*Id.*) Consistent with its business-criticality, OCTO designates almost 50% of its Travel & Expense budget to the OCTO Conference each year. (*Id.*)

Google requires that all members of OCTO attend. (*Id.* ¶ 5.)[1] Google's clients, key stakeholders, and other strategic partners spanning both Google Cloud and Alphabet organizations (including members of Cloud and Alphabet's senior leadership), and other strategic partners will also attend the OCTO Conference, contrary to Plaintiff's representation. (*Id.* ¶ 6.) In total, Google expects up to 130 employees and strategic partners to attend, many of them flying into California from Africa, Europe, Asia, and South America. (*Id.* ¶ 6.)

As the current Vice President and Chief Technology Officer of Google Cloud, Grannis is the principal planner and leader of the conference. (*Id.*, ¶ 7.) He will lead the agenda, guide the conversation about OCTO's business strategy throughout the complete schedule of programming, and meet with members of his team. (*Id.*) On the final day, October 6, Grannis will lead a closed-door strategy meeting with his direct leadership team to plan for the year ahead, including a determination of both headcount and budget. (*Id.*) As the "CTO" in "OCTO," Grannis's presence and leadership at the OCTO Conference is essential. (*Id.*)

Google no longer employs Shaukat. After two years as an executive at another company, Shaukat recently accepted a new position last month, as Co-Chief Executive Officer of a company based in Geneva,

---

[1] Google will excuse Plaintiff's attendance, of course, in part because of her participation in the trial.



Switzerland. He has plans to be in Europe for business meetings from October 1 through 10. In fact, pursuant to the parties' prior agreement, Shaukat arranged travel to New York immediately following his business meetings, so he could testify at trial on October 11, 2023, before returning home to Austin, Texas.

> **B. The parties previously agreed that Grannis and Shaukat would testify on October 10 and 11, respectively, which is within the time the Court has allotted for evidence at trial.**

On June 28, 2023, after considering the parties' availability through September 2023, the Court scheduled trial for August 14, 2023. (ECF No. 300.) The parties were prepared to proceed. Google had arranged for Grannis, Shaukat, and several other out-of-state witnesses to appear in New York for the August trial. On July 24, 2023, the Court continued the trial to October 4, 2023. At the time, counsel inquired how much time would be available for the trial in October, and the Court advised that the parties would have sufficient time to present their case. (ECF No. 308 at 7:1-4.)

On August 18, 2023, Plaintiff proposed her preferred trial witness calendar for the October 4 trial. It reflected Grannis testifying on October 6, and Shaukat testifying on October 11, 2023. Google worked diligently in the ensuing weeks to adjust witness availability to Plaintiff's preferred order, to the extent possible. Shaukat accommodated Plaintiff's proposed calendar, as noted above. Google notified Plaintiff that Grannis was unavailable on October 6 (something she already was aware of as a member of OCTO and invitee to the OCTO Conference). The parties conferred, and agreed to a final witness schedule on September 14, 2023. Per that agreed schedule, Shaukat would testify on October 11 and Grannis would testify on October 10, the following business day after the OCTO Conference concludes. At the time, Plaintiff intended to rest her case on October 13, 2023. Grannis and Shaukat were expected to testify in the latter half of Plaintiff's case.

Additionally, the parties stipulated to a proposed jury charge to address Plaintiff's concerns that the jury might devalue the testimony of later-testifying witnesses. Specifically, the parties agreed to amend their Joint Proposed Charge No. 12 ("Outline of Trial") (ECF No. 273) as follows:

> In either case, the order in which witnesses are presented to you may be affected by the witnesses' availability to appear. So you should not assign any particular weight to any witness's testimony because of when she or



Hon. Jennifer H. Rearden
September 29, 2023
Page 4

        he testifies. You should assess each witnesses individually, as I will describe to you in a moment.

The parties will incorporate this amendment into their next amended Joint Pretrial Order.

On September 25, 2023, the Court ordered that the evidence at trial will be presented over five business days, from October 4 to 11, 2023. (ECF No. 316.) The following day, Plaintiff demanded that Google make Grannis and Shaukat available to testify at trial on dates she knows they are unavailable, on October 5 and 6. For reasons described above, Google refused.

**II.  THIS COURT SHOULD DENY PLAINTIFF'S REQUEST, AND ALLOW GRANNIS TO TESTIFY ON OCTOBER 10, AND SHAUKAT TO TESTIFY ON OCTOBER 11.**

Both Grannis and Shaukat are available to testify at trial before Plaintiff rests her case.[2] Google is not refusing to make them available. Due to immovable scheduling conflicts, neither witness can be in New York when Plaintiff prefers to present their testimony, and the Federal Rules do not require a different result.

This Court "exercise[s] reasonable control over the mode and order of examining witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from embarrassment or undue harassment." Fed. R. Evid. 611(a).

Compelling Grannis' and Shaukat's appearances on dates they are not available will not render the trial less "effective for determining the truth." *Id*. Whether Grannis and Shaukat testify towards the beginning or end of a five-day trial has no impact on the jury's ability to reach a sound verdict. Plaintiff's prior agreement that they would testify in the second week of trial undermines her new, eleventh-hour position that they must testify much earlier in her case. This is especially true in light of the parties' agreed amendment to Joint Proposed Charge No. 12, which will expressly instruct jurors that they should not assign any particular weight to a witness's testimony because of when she or he testifies.

---

[2] Plaintiff represents that Google intends to call Shaukat after she rests her case on October 10, but Google has not insisted that Shaukat appear only after Plaintiff rests. The schedule Plaintiff proposed after the Court collapsed the trial into five business days contemplates Plaintiff calling witnesses and presenting evidence until the end of the day on October 10, 2023. There is simply no reason Plaintiff cannot wait to rest her case until the final witness, Shaukat, completes his testimony the following morning, which is still within the timeframe allotted by the Court for trial.



Hon. Jennifer H. Rearden
September 29, 2023
Page 5

There is similarly no need to compel Grannis and Shaukat to appear on October 5 and 6 to "avoid wasting time." *Id*. Due to the abbreviated trial schedule, the parties have more evidence than time, so will not waste the latter. There are 6 witnesses who are available and who Plaintiff may call on October 5 and 6, to allow Grannis and Shaukat to testify on their agreed dates of October 10 and 11. No trial time will be lost. Moreover, Plaintiff is presenting testimony of four witnesses by deposition, who can be presented at any time during her case.

Finally, Plaintiff's request contravenes Rule 611(a)'s express warning against "undue harassment." Fed. R. Evid. 611(a).[3] Both Grannis and Shaukat booked travel agreements to testify in New York on October 10 and 11, respectively, based on Plaintiff's previous agreement that they would testify on those dates. Plaintiff's recent reversal with no reasonable basis creates the unavoidable impression that she wishes only to "undu[ly] harass[]" two of the individuals whose employment decisions she challenges in this case, by disrupting Shaukat's work for his new employer overseas, or a conference of strategic importance to Grannis and members of Plaintiff's team. *Id*. This Court should hold Plaintiff to her agreement.

Plaintiff's cited authorities are inapplicable where, as here, witnesses are available during the trial. The circumstances in *Maran Coal Corp. v. Societe Generale De Surveillance S.A.*, No. 92-8728, 1996 WL 11230 (S.D.N.Y. Jan. 10, 1996), and *In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 776 F. Supp. 838 (S.D.N.Y. 1991), were very different. The defendants in those cases deliberately attempted to withhold witnesses from testifying during the plaintiff's case-in-chief, insisting that Plaintiff rely on deposition testimony in lieu of live testimony, while reserving the right to call those witnesses after the plaintiff rested. Google is not attempting such gamesmanship; it has arranged for the witnesses to testify as soon as they become available during Plaintiff's case. In *Chandler v. Flynn*, 111 A.D.2d 300 (2d Dep't 1985), the Second Department held that the trial court erred in failing to issue an adverse inference instruction, where a key witness under a party's control was absent from trial. Here, it is undisputed that both Mr. Grannis and Mr. Shaukat will be present at trial—just not on the days that Plaintiff prefers.

---

[3] In her letter-motion, Plaintiff conspicuously omits discussion of Rule 611(a)'s "harassment" factor.



Hon. Jennifer H. Rearden
September 29, 2023
Page 6

### III. CONCLUSION

Your Honor's Individual Rules and Practices in Civil Cases instruct counsel to "*confer* regarding scheduling" of all trial witnesses. Rule 7(A)(viii) (emphasis added). Plaintiff prefers to *dictate* witness scheduling. This Court should reject her attempt to do so.

\*\*\*

In light of the Court's Order this morning denying the letter motion to compel at ECF 317, Defendant respectfully submits the following clarification on the issues currently before the Court. Defendant has not made any application in connection with that letter; rather, Defendant's position as to the relief Plaintiff seeks in that filing is set forth above. As to the issues set forth in the Court's Order at ECF 318, the parties have since resolved the dispute over Google Cloud's senior leadership's knowledge of Plaintiff's filed complaint in this case. The parties' stipulation, reproduced below, will be reflected in the amended Joint Pre-Trial Order the parties anticipate filing to address this and any other updates to the witness lists and anticipated length of testimony resulting from the Court's September 25, 2023 Order Regarding Trial Time (ECF 316).

> As of September 19, 2019, Google Cloud's senior leadership was aware of Ms. Rowe's filed complaint and the allegations contained therein.

The dispute has therefore become moot through the cooperation of the parties, and the Order unnecessary given that testimony will be permitted only "[a]bsent a stipulation establishing that knowledge as of September 2019." (ECF 318.)

Respectfully submitted,

*/s/ Kenneth W. Gage*

Kenneth W. Gage
PAUL HASTINGS LLP