## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

ULKU ROWE,

                    Plaintiff,

          v.

GOOGLE LLC,

                    Defendant.

Civ. Action No. 19-cv-08655-JHR

## THIRD AMENDED JOINT PRETRIAL ORDER

Pursuant to the Court's June 23, 2023 Scheduling Order (ECF No. 300), Plaintiff Ulku Rowe and Defendant Google LLC (collectively, the "Parties") in the above-captioned action submit to the Court for its approval the following Third Amended Joint Pre-Trial Order. The parties' amendments account for the abbreviated trial schedule so-ordered by this Court on September 25, 2023 (ECF No. 316); incorporate recent rulings by this Court and stipulations between the parties (ECF No. 315); and correct inadvertent clerical errors in the prior submission. Pursuant to Rule 1(D) of the Court's Individual Rules, the parties submit a redline reflecting all changes against the Second Amended Joint Pretrial Order (ECF No. 310) as Appendix D hereto.

**A.    FULL CAPTION OF THE ACTION**

The full caption of this action is set forth above.

**B.    APPEARANCES**

Plaintiff:
Cara E. Greene
Gregory S. Chiarello
Shira Z. Gelfand
**OUTTEN & GOLDEN LLP**

685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2071
ceg@outtengolden.com
gchiarello@outtengolden.com
sgelfand@outtengolden.com

Defendant:
Kenneth W. Gage
Sara B. Tomezsko
Kaveh Dabashi
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
(212)-318-6000
Fax: 212-918-4090
kennethgage@paulhastings.com
saratomezsko@paulhastings.com
kavehdabashi@paulhastings.com

## C.   SUBJECT MATTER JURISDICTION

As Plaintiff brought claims under federal statute, including Title VII of the Civil Rights

Act of 1964, 42 U.S.C. §§2000e et seq., and the Equal Pay Act, as amended, 29 U.S.C. § 206(d),

this Court had original jurisdiction of this matter pursuant to 28 U.S.C. § 1331. On August 31,

2021, Plaintiff voluntarily dismissed her federal claims with prejudice and the Court retained

jurisdiction over the remaining New York State and City law claims. (*See* ECF No. 132).

## D.   SUMMARY OF CLAIMS

### 1.   Plaintiff's Claims

Plaintiff's asserted claims that remain to be tried are:

    a.  Sex-based pay discrimination in violation of New York's Equal Pay Law
        (N.Y. Lab. L. § 194) (Count IV of Plaintiff's Second Amended Complaint);

    b.  Gender discrimination in violation of the New York City Human Rights Law
        (N.Y.C. Admin. Code § 8-101 et seq.) (Count V of Plaintiff's Second
        Amended Complaint);

    c.  Retaliation in violation of the New York City Human Rights Law (N.Y.C. Admin. Code § 8-101 et seq.) (Count VI of Plaintiff's Second Amended Complaint); and

    d.  Retaliation in violation of New York's Equal Pay Law (N.Y. Lab. L. § 215) (Count VIII of Plaintiff's Second Amended Complaint).

**2.**     **Defendant's Defenses**

Defendant's affirmative defenses that remain to be tried are:

    a.  To the extent Plaintiff can establish that she was denied equal pay for equal work under New York Labor Law § 194, such alleged unequal pay was lawful and not a violation of the New York Labor Law because it was pursuant to a differential based on any factor other than sex which is job-related and consistent with business necessity;

    b.  Plaintiff cannot recover liquidated or punitive damages because at all times relevant to the Second Amended Complaint Defendant had in place a policy to prevent discrimination and retaliation in the workplace and made good faith efforts to implement and enforce that policy.

    c.  Plaintiff may not recover liquidated damages because Defendant had a good faith basis to believe that its actions were in compliance with the law.

**E.**     **TRIAL OF THE CASE**

The Parties will try their case to a jury in the timeframe provided by this Court's Order, dated September 25, 2023. (ECF No. 316).

**F.**     **CONSENT TO MAGISTRATE**

The Parties do not consent to trial by a magistrate judge.

**G.**     **WITNESS LISTS**

**1.**     **Plaintiff's Witnesses**

    **a.**     **Plaintiff's Trial Witness List**

Plaintiff identifies the following witnesses whom she may call live or by deposition at trial. Pursuant to the Court's Individual Rule and Procedure for Civil Cases 7.A.viii, Plaintiff provides the following list of trial witnesses she genuinely intends to call in her case-in-chief.

This list is not a commitment that Plaintiff will call any particular witness at trial, or a representation that any of the witnesses listed are available or will appear for trial. If any witness is unavailable, Plaintiff reserves the right to use his or her deposition testimony or to call a substitute witness. If any of the potential trial witnesses identified by Defendant fail to appear for trial, Plaintiff reserves the right to call the witness in her case or use their deposition testimony. Plaintiff also reserves the right to call at trial in their case: (1) any witnesses identified by Defendant on their witness list live or by deposition; (2) additional witnesses to provide foundation testimony should Defendant contest the authenticity or admissibility of any materials to be proffered at trial; and (3) additional witnesses not identified herein based upon any developments that may occur leading up to and/or during the course of the trial. Plaintiff also may call witnesses, including persons not listed herein, in their rebuttal to Defendant's case, or for impeachment or foundational purposes. Plaintiff further reserves the right to amend this list or to respond to issues raised by the Court's pretrial rulings or rulings made during the course of trial. Other than the foregoing, Plaintiff does not anticipate the need for additional witnesses.

### Chart 1: Will Call

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Testimony |
|---|---|---|---|
| Beaupain, April | Live | Google's ER policies and practices; Ms. Rowe's complaints and her role in investigating those complaints; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .25 hours |
| Breslow, Stuart | Live | His qualifications and selection for the FSVL role; his responsibilities, terms and conditions, performance, and compensation in his position(s) under Tariq Shaukat; his work with Plaintiff; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |

| | | | |
|---|---|---|---|
| Burdis, Jennifer | Deposition | Google's recruiting policies and practices; hiring and leveling of Technical Diretors in OCTO; conversations with Google's Employee Relations regarding Ms. Rowe's complaints; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| Eryurek, Evren | Deposition | His responsibilities, terms and conditions, performance, and compensation in the OCTO Director role; his work with Ms. Rowe; his and Ms. Rowe's move to Mr. Shaukat's organization; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| Grannis, William | Live | His background; Ms. Rowe's hiring, initial leveling, and compensation decisions; Ms. Rowe's performance in OCTO; Ms. Rowe's consideration and qualifications for the FSVL position; Ms. Rowe's work in and transfer out of Mr. Shaukat's organization; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | 1.5 hours |
| Harteau, Nicholas | Live | His responsibilities, terms and conditions, performance, and compensation in the OCTO Director role; his work with Ms. Rowe; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| Lucas, Kevin | Live | Google's HR policies and practices; Ms. Rowe's complaints and his role in investigating those complaints; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| Ostrofe, Nora | Live | Plaintiff's economic damages, consistent with Ms. Ostrofe's FRCP Rule 26 expert disclosures. | .5 hours |
| Rowe, Ulku | Live | As the Plaintiff in this matter, Ms. Rowe will testify to her work at Google and the facts and circumstances supporting her claims in this lawsuit. | 3 hours |
| Shaukat, Tariq | Live | Ms. Rowe and Mr. Breslow's consideration for the FSVL role; his interactions with Ms. Rowe; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | 1.5 hours |

| | | | |
|---|---|---|---|
| Tessier, Ashley | Live | Google's ER policies and practices; her investigation into Plaintiff's complaints and the accompanying interview notes; authenticate and lay foundation for exhibits. | .5 hours |
| Vardaman, Stuart | Deposition | Ms. Rowe's consideration for the FSVL role; Ms. Rowe's consideration for the VP-FS Sales role; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .75 hours |
| Wilson, Benjamin | Deposition | His responsibilities, terms and conditions, performance, and compensation in the OCTO Director role; his work with Ms. Rowe; his and Ms. Rowe's move to Tariq Shaukat's organization; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |

**Chart 2: May Call**

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Testimony |
|---|---|---|---|
| Greene, Diane | Live | Testimony regarding a sworn declaration she signed in this matter. | .25 hours |

- Plaintiff has removed and/or shortened testimony from witnesses who otherwise had relevant and probative testimony in order to comply with the Court's September 25, 2023 Order (ECF No. 316) limiting each side's case presentation to 12 hours. This severe time limitation will likely cause material prejudice if Plaintiff is unable to present all necessary evidence in the time allotted to support her claims, on which she bears the burden of proof. Plaintiff reserves her right to request additional time to fairly and adequately present her case, in response to witnesses in Defendant's control causing undue delay, and/or in response to the type and the nature of the evidence Defendant presents.

- Defendant objects to the identification of Diane Greene as a witness; her testimony regarding a signed declaration in this matter should be excluded under Fed. R. Evid. 401 as irrelevant, and under Fed. R. Evid. 403 as likely to confuse the issues, mislead the jury, and result in undue delay and wasted time. As Ms. Greene's declaration makes clear, she does not recall being involved in the challenged decisions, nor does she have any unique or additive information beyond what other witnesses can provide. As this Court correctly noted, Ms. Greene's declaration is no "more probative on the point for which it is offered" than trial witness Tariq Shaukat's expected testimony. (Transcript of Proceedings for Final Pre-trial Conference, dated September 21, 2023, at 29:214-30:4.) Defendant further objects to the introduction of Ms. Greene's declaration (Exhibit P147) under Fed. R. Evid. 801 and 802, as it is an out-of-court statement offered to prove the truth of its contents, as this Court correctly observed. (*Id*. at 29:21 ("Let's start with P-147. Isn't this hearsay?")).

- Plaintiff argues that Diane Greene's declaration is admissible under Fed. R. Evid. 804 and 807. Defendant mischaracterizes Your Honor's question, which asked "how are statements in [Ms. Greene's] declaration more probative on the point for which it is offered than Shaukat's testimony?" (Pre-Trial Conference, 30:1-4). As Plaintiff noted to the Court, the declaration is not relevant with respect to Mr. Shaukat's testimony, but rather to Plaintiff's initial hiring and leveling (of which Mr. Shaukat was not involved). To the extent other witnesses testify that Ms. Greene was involved in the initial leveling decision, Plaintiff seeks to offer the declaration as rebuttal evidence to demonstrate her lack of involvement. Should Defendant maintain its hearsay objection with respect to the

sworn declaration and the Court sustains the objection, Plaintiff seeks to call Ms. Greene as a rebuttal witness if necessary.

## 2.      Defendant's Witnesses

### a.      Defendant's Trial Witness List

The witnesses below are those Defendant genuinely intends to call in its case. Fed. R. Civ. P. 26(a)(3).  This list is not a commitment that Defendant will call any particular witness at trial, or a representation that any of the witnesses listed are available or will appear for trial. Defendant has indicated that the witness will testify live below unless it has reason to believe as of the date of this filing that the witness will be unavailable for live testimony starting October 4, 2023, subject to the limitations set forth in Defendant's opposition to Plaintiff's motion to compel. (ECF No. 319).

If any witness is or becomes unavailable, Defendant reserves the right to use his or her deposition testimony, to call a substitute witness, or make an application to the Court for that witness to testify remotely upon a showing of good cause. (ECF 280 (Order dated December 6, 2022).) If any of the trial witnesses identified by Plaintiff fail to appear for trial, Defendant reserves the right to call the witness in its case or use their deposition testimony. Defendant also reserves the right to call at trial in its case: (1) any witnesses identified by Plaintiff on her witness list, live or by deposition; (2) additional witnesses to provide foundation testimony should Plaintiff contest the authenticity or admissibility of any materials to be proffered at trial; and (3) additional witnesses not identified herein based upon any developments that may occur leading up to and/or during the course of the trial. Defendant also may call witnesses, including persons not listed herein, for impeachment. Defendant further reserves the right to amend this list to

respond to issues raised by the Court's pretrial rulings or rulings made during the course of the trial.

Defendant acknowledges the temporal limitations the Court placed on the parties' presentation of proof at trial. (ECF 316.) Depending on the type and the nature of the evidence Plaintiff presents in her case, Defendant reserves the right to request more time from the Court sufficient to fairly and adequately establish its defenses to Plaintiff's claims.

**Chart 1: Will Call**

| Witness Name | Anticipated Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| Grannis, William | Live | His background and experience; hiring, leveling, job responsibilities and performance, and compensation of Technical Directors in OCTO, including Rowe; development of industry verticals within Google Cloud; Rowe's transfer out of OCTO and return to OCTO; Nicholas Harteau's transfer out of OCTO in 2018; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 2 hours |
| Stevens, Brian | Live | His background and role at Google; creation of the OCTO function; hiring, leveling, and job responsibilities of Technical Directors in OCTO, including Rowe; development of industry verticals within Google Cloud; Rowe's transfer out of OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 1 hour |

| | | | |
|---|---|---|---|
| Vardaman, Stuart | Live | His role as a recruiter; his interactions with Rowe, hiring managers, interviewees, and other candidates for positions in which Rowe expressed interest; Google's recruiting practices; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 0.4 hours |
| Shaukat, Tariq | Live | His background and role at Google; development of industry verticals within Google Cloud; his decisions regarding and interactions with Rowe; his decisions and interactions regarding other Google employees and candidates for positions on his team in Google Cloud; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 2 hours |
| Lawrence, Melissa | Live | Her background and role at Google; her interactions with Rowe and others concerning Rowe; Google's Human Resources processes; Human Resources personnel and support provided to OCTO; hiring, leveling, and job responsibilities of Technical Directors in OCTO, including Rowe; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 0.5 hours |
| Humez, Christopher | Live | His background and role at Google; Google's compensation processes and policies; compensation determinations concerning Rowe and her alleged comparators; discussions with Rowe and others concerning Rowe's hiring process; and other facts | Up to 0.75 hours |

| | | | |
|---|---|---|---|
| | | and circumstances pertaining to Rowe's claims and Google's defenses. | |
| Lucas, Kevin | Live | His background and role at Google; his interactions with Rowe and others concerning Rowe; Google's Human Resources processes; Human Resources personnel and support provided to Tariq Shaukat's organization; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 1 hour |
| Burdis, Jennifer | Deposition | Her background and role at Google; her interactions with Rowe and others concerning Rowe; hiring and leveling of Technical Directors in OCTO, including Rowe; Google's recruiting practices; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 0.4 hours |
| Beaupain, April | Live | Her background and role at Google; her interactions with Rowe and others concerning Rowe's internal complaints; Google's Employee Relations processes; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 0.75 hours |
| Rensin, David | Live | His background and role at Google; hiring and leveling of Technical Directors in OCTO; Technical Solutions Consultant job ladder; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 0.5hours |
| Eryurek, Evren | Deposition | His background; his role at Google; his work and performance; and other facts and circumstances pertaining to | 0.4 hours |

| | | | |
|---|---|---|---|
| | | Rowe's claims and Google's defenses. | |
| Wilson, Benjamin | Deposition | His background; his role at Google; his work and performance; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 0.5 hours |
| Nicholas Harteau | Live | His background; his role at Google; his work and performance; transfer outside of OCTO in 2018; his submission of a declaration in support of Rowe's motion for summary judgment; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 1 hour |
| Kliphouse, Kirsten | Live | Her background and role at Google; her interactions with Rowe and others concerning Rowe; her involvement in and decisions regarding the selection of the Vice President of Financial Services Sales from among multiple candidates; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 1 hour |
| Krista Callaghan | Live | Her background and experience; correspondence and discussions with Rowe during the hiring process; correspondence and discussions with others concerning Rowe and recruiting of Technical Directors in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 0.75 hours |
| Patricia Florissi | Live | Her background and role at Google; Rowe's performance, the contributions Rowe makes, the influence Rowe has, and the standards by which her performance is assessed as an | Up to 1 hour |

| | | L8; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | |
|---|---|---|---|

- Plaintiff maintains her objection to the testimony of Patricia Florissi. (*See* ECF No. 314).

- The Court has already heard and rejected Plaintiff's motion to prevent Ms. Florissi, Plaintiff's current supervisor, from testifying at trial. (ECF No. 315.) Ms. Florissi's testimony is relevant to "(1) whether the work performed by Plaintiff from April 2022 through July 2023 was substantially equal to that of her proffered comparators; and (2) Google's 2023 determination concerning Plaintiff's pay, which was based at least in part on Plaintiff's work in 2022." (*Id.*). Moreover, Plaintiff deposed Ms. Florissi on October 2, 2023, and therefore cannot claim prejudice or surprise regarding the substance of Ms. Florissi's testimony at trial, which was the original basis for Plaintiff's motion.

- On the evening of October 5, 2023, Mr. Vardaman contacted counsel for Google and indicated he intends to appear in New York and testify live at trial. Counsel for Google notified Plaintiff's counsel of this fact on October 6, 2023. Google's position is that if Mr. Vardaman appears live, the designated deposition excerpts will be inadmissible and should not be used at trial except as appropriate for cross-examination.

**H.     DEPOSITION DESIGNATIONS**

### 1.     The Parties' Designations for Their Respective Cases in Chief

The parties have stipulated that a single reader will read into the record both parties' designations for Ben Wilson's and Evren Eryurek's deposition transcripts, in the order the testimony appears. For purposes of tracking time (regardless of whether the format in which the deposition

testimony is presented), the portions of the transcripts designated by each party, including cross-designations, will count against that parties' allotted time to present its case, with time for testimony designated by both parties split evenly between them (*i.e.*, if there is five minutes of testimony designated by both parties, it will count as 2.5 minutes against each parties' allotted time).

### a. *Plaintiff's Designations:*

#### Jennifer Burdis (Dec. 9, 2020)

| | |
|---|---|
| 16:3-17:2 | 52:13-16 |
| 18:4-16 | 59:13-60:14 |
| 22:4-8 | 65:7-11 |
| 23:9-25:13 | 90:21-91:5 |
| 26:4-13 | 92:11-93:17 |
| 37:20-38:7 | 94:7-96:11 |
| 39:16-40:8 | 96:22-97:9 |
| 42:4-46:6 | 101:12-14 |
| 51:9-11 | 101:21-102:10 |
| | 102:16-25 |
| | 103:17-21 |

#### Evren Eryurek (Dec. 3, 2020)

| | |
|---|---|
| 17:9-18 | 56:2-8 |
| 23:21-24:4 | 58:19-60:15 |
| 32:3-5 | 63:6-66:12 |
| 32:18-21 | 66:14-15 |
| 32:23-35:5 | 66:17-19 |
| 38:24-39:2 | 66:21-22 |
| 39:4-7 | 67:4-8 |
| 39:10-12 | 67:10-14 |
| 39:15-40:14 | 70:9-19 |
| 41:22-42:18 | 70:21-23 |
| 44:6-9 | 70:25-71:9 |
| 46:14-17 | 71:11-13 |
| | 71:25-72:9 |

89:3-4
89:6-12
89:14-19
89:21-90:9
90:11-18
90:20-24
114:16-23
121:8-13
121:15-17127:6-9
127:11-14
127:16-17
127:19-21
127:23-128:2
128:4

**Stuart Vardaman (Nov. 17, 2020)**

| | |
|---|---|
| 21:19-22 | 91:16-18 |
| 25:20-26:2 | 92:10-15 |
| 40:14-43:21 | 94:4-95:4 |
| 46:15-24 | 95:18-96:14 |
| 49:22-24 | 96:19-97:5 |
| 50:19-51:18 | 99:7-100:5 |
| 52:19-54:21 | 100:17-101:2 |
| 55:6-56:3 | 113:9-114:15 |
| 58:20-59:7 | 115:12-23 |
| 59:22-24 | 116:6-118:21 |
| 60:10-62:22 | 118:23-25 |
| 65:8-66:12 | 119:17-23 |
| 72:11-74:2 | 124:19-21 |
| 83:17-20 | 125:21-126:10 |
| 84:22-87:9 | 130:21-131:22 |
| 88:7-25 | 133:5-9 |
| | 134:8-136:10 |
| | 137:10-140:8 |
| | 142:5-20 |
| | 142:25-145:24 |
| | 150:20-23 |

**Benjamin Wilson (Dec. 2, 2020)**

| | |
|---|---|
| 61:14-16 | 86:16-87:23 |
| 67:13-68:4 | 87:25-88:7 |
| 68:6-11 | 88:9-19 |

15

| | |
|---|---|
| 69:5-15 | 88:21-24 |
| 76:24-77:12 | 91:7-92:12 |
| 77:14-19 | 92:14 |
| 77:21-78:5 | 94:7-12 |
| 78:15-79:10 | 94:14-15 |
| 79:20-22 | 94:17-19 |
| 81:17-21 | 94:21-23 |
| 81:23-83:4 | 94:25-95:18 |
| 83:6-15 | 95:20-96:20 |
| | 96:22-97:2 |
| | 97:4-98:9 |
| | 105:20-106:12 |
| | 107:4-18 |
| | 107:20-108:4 |
| | 109:24-25 |
| | 110:3-11 |
| | 110:13-17 |
| | 110:19-111:6 |
| | 111:8-16 |
| | 111:20-112:2 |
| | 112:4 |
| | 112:6 |
| | 167:7-23 |
| | 167:25-168:7 |
| | 171:20-22 |
| | 171:24-172:6 |
| | 172:9-173:11 |
| | 173:13-17 |

b. *Defendant's Designations:*

**Jennifer Burdis (Dec. 9, 2020)**

| | |
|---|---|
| 10:22-25 | 53:23-55:14 |
| 11:6-8 | 60:18-25 |
| 13:17-14:16 | 61:18-63:16 |
| 15:2-5 | 63:21-64:16 |
| 16:3-17:2 | 75:13-77:6 |
| 29:16-30:18 | |
| 31:24-32:14 | |
| 39:21-40:17 | |
| 41:2-42:3 | |
| 47:11-48:11 | |
| 48:18-49:2 | |
| 51:2-4 | |

**Evren Eryurek (Dec. 3, 2020)**

| | |
|---|---|
| 12:17-17:8 | 71:14-24 |
| 21:2-12 | 80:12-25 |
| 24:24-25:21 | 86:18-21 |
| 26:10-17 | 108:10-110:4 |
| 28:7-19 | 112:6-21 |
| 36:22-37:17 | 124:8-13 |
| 46:18-47:9 | 125:14-126:21 |
| 61:21-62:3 | |

**Stuart Vardaman (Nov. 17, 2020)**

| | |
|---|---|
| 12:2-19 | 77:19-78:3 |
| 17:4-14 | 79:23-80:12 |
| 24:5-15 | 108:25-109:17 |
| 48:9-12 | 130:21-131:5 |
| 65:8-14 | 135:24-136:7 |
| 68:6-70:25 | 140:9-141:2 |
| 76:11-22 | 144:22-145:14 |
| 77:3-13 | 146:15-147:8 |

**Benjamin Wilson (Dec. 2, 2020)**

| | |
|---|---|
| 14:10-15:17 | 51:7-24 |
| 16:4-15 | 52:16-53:2 |
| 17:19-18:8 | 54:3-55:15 |
| 19:13-20:24 | 69:16-18 |
| 21:22-22:19 | 69:25-71:20 |
| 24:15-26:14 | 72:5-74:14 |
| 26:24-27:6 | 90:23-91:6 |
| 29:2-31:17 | 99:3-10 |
| 35:20-36:7 | 101:3-23 |
| 38:12-21 | 104:19-105:12 |
| 39:5-18 | 113:7-114:14 |
| 41:5-14 | 118:20-119:19 |
| 41:18-24 | 153:7-20 |
| 45:14-24 | |
| 47:7-22 | |
| 48:8-49:22 | |

17

2. **The Parties' Counter-Designations**

a. *Plaintiff's Counter-Designations:*

**Jennifer Burdis (Dec. 9, 2020)**

11:2-5
31:15-23
63:17-20

**Evren Eryurek (Dec. 3, 2020)**

126:22-25
127:4-5

**Stuart Vardaman (Nov. 17, 2020)**

76:23-77:2
77:14-18
82:8-14
82:21-83:4
141:3-9

**Benjamin Wilson (Dec. 2, 2020)**

| | |
|---|---|
| 15:19-20 | 31:21 |
| 22:20-23 | 32:14-16 |
| 31:18-19 | 117:23-118:7 |

b. *Defendant's Counter-Designations:*

**Jennifer Burdis (Dec. 9, 2020)**

22:18-23:4
28:3-22
38:10-11

18

**Evren Eryurek (Dec. 3, 2020)**

| | |
|---|---|
| 35:6-15 | 49:16-21 |
| 45:25-46:10 | 67:18-20 |
| 48:3-12 | 68:9-24 |
| 48:17-21 | |

**Stuart Vardaman (Nov. 17, 2020)**

| | |
|---|---|
| 43:22-45:12 | 97:6-17 |
| 66:13-67:6 | 98:8-22 |
| 89:2-10 | 102:3-20 |
| | 112:7-10 |
| | 122:12-22 |
| | 126:11-24 |

**Benjamin Wilson (Dec. 2, 2020)**

| | |
|---|---|
| 58:19-59:5 | 61:5-13 |
| 59:7-8 | 75:2-76:6 |
| 60:24-61:3 | 78:6-14 |

3.  **The Parties' Objections to Designated Testimony**

    a.  *Plaintiff's Objections:*

**Jennifer Burdis (Dec. 9, 2020)**

| Defendant's Designated Testimony | Objection |
|---|---|
| 11:6-8 | Fed. R. Evid. 403 (prejudice) – whether the witness understands if she is accused of wrongdoing is irrelevant to the issues to be tried, and its introduction into evidence would serve only to confuse or mislead the jury |
| 28:3-22 | Fed. R. Evid. 403 (prejudice) testimony that minimum qualifications for the Technical Director role are likely to be contained in gHire is speculation, inaccurate, and will mislead the jury. |

**Evren Eryurek (Nov. 17, 2020)**

| Defendant's Designated Testimony | Objection |
|---|---|
| 68:9-24 | Fed. R. Evid. 401, 403 (Relevance) – testimony regarding the witness's belief as to the justification for Plaintiff's level are irrelevant as the witness admitted he had no role in determining her level. |
| 108:10-110:4 112:6-21 | Fed. R. Evid. 401, 403 (Relevance, Prejudice) – testimony regarding Mr. Eryurek's ladder transfer to the product manager role is not relevant, and will lead to prejudice, and mislead and confuse the jury. |

**Stuart Vardaman (Nov. 17, 2020)**

| Defendant's Designated Testimony | Objection |
|---|---|
| 79:23-80:12 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by others, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion *in Limine* (ECF No. 241) |
| 97:6-17 98:8-22 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by him and others, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion *in Limine* (ECF No. 241) |
| 146:15-147:8 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by him and others, which are being offered for the truth of the matter asserted. |

**Benjamin Wilson (Dec. 2, 2020)**

| Defendant's Designated Testimony | Objection |
|---|---|
| 75:2-76:6 | Fed. R. Evid. 401, 403 (relevance, prejudice) – this witness is testifying regarding a position that is not in dispute |

| | |
|---|---|
| | in this lawsuit, and will mislead and confuse the jury. |
| 153:7-20 | Fed. R. Evid. 401, 403 (Relevance, Prejudice) – testimony regarding Ben Wilson's ladder transfer to the product manager role is not relevant, and will lead to prejudice, and mislead and confuse the jury. |

**b. *Defendant's Objections:***

**Jennifer Burdis (Dec. 9, 2020)**

| **Plaintiff's Designated Testimony** | **Objection** |
|---|---|
| 37:20-38:7<br>39:16-40:8<br>42:4-44:3 | To the extent that counsel is relying on this testimony to authenticate the document in question, P102B, Defendant objects on the grounds of Fed. R. Evid. 602 (lacks foundation) - the witness testified that she was not familiar with the document and had not seen it before (Tr. 37:20 - 38:11). Defendant objects to the introduction of the exhibit referenced in this testimony as irrelevant and prejudicial pursuant to Fed. R. Evid. 401 (relevance) and 403(prejudice).<br><br>Defendant has no objection to the question and answer at 39:21-40:8. |
| 93:11-17 | Fed. R. Evid. 801, 802 (hearsay) - to the extent the underlying document about which the witness is being questioned has not yet been submitted into in evidence; the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
| 94:7-12<br>95:14-25 | Fed. R. Evid. 801, 802 (hearsay) - to the extent the underlying document about which the witness is being questioned has not yet been submitted into evidence; the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
| 96:22-97:9 | Fed. R. Evid. 801, 802 (hearsay) - to the extent underlying document about which the witness is being questioned has not yet been submitted into |

| | evidence; the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
|---|---|

**Stuart Vardaman (Nov. 17, 2020)**

| **Plaintiff's Designated Testimony** | **Objection** |
|---|---|
| 49:22-24 | To the extent that counsel is relying on this testimony to authenticate the document in question, Defendant objects on the grounds of Fed. R. Evid. 602 (lacks foundation). |
| 51:4-18 | Fed. R. Evid. 801, 802 (hearsay) – to the extent the underlying document about which the witness is being questioned has not yet been submitted into evidence; the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
| 52:19-54:21 | Fed. R. Evid. 801, 802 (hearsay) - to the extent the underlying document about which the witness is being questioned has not yet been submitted into evidence; the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
| 55:6-16 | Fed. R. Evid. 801, 802 (hearsay) – to the extent the underlying document about which the witness is being questioned has not yet been submitted into evidence; the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
| 60:10-60:17 | Fed. R. Evid. 805 (double hearsay) – an out of court statement allegedly made by Brian Stevens, communicated through his executive assistant in another out-of-court statement is being offered for the truth of the matter asserted. |

**Evren Eryurek (Nov. 3, 2020)**

| Plaintiff's Designated Testimony | Objection |
|---|---|
| 64:2-66:12<br>66:14-15<br>66:17-19<br>66:21-22 | Fed. R. Evid. 401 (relevance) – Plaintiff has not asserted, nor can she establish through testimony, that the witness participated in any decision to hire Plaintiff, determine her compensation or level, supervise her, or direct and evaluate her work. Accordingly, his opinion on these matters are irrelevant.<br>Fed. R. Evid. 403 (prejudice) – for these same reasons, introduction of this testimony into evidence will serve only to confuse or mislead the jury, or waste time. |
| 67:4-8<br>67:10-14 | Fed. R. Evid. 401 (relevance) – Plaintiff has not asserted, nor can she establish through testimony, that the witness participated in any decision to hire Plaintiff, determine her compensation or level, supervise her, or direct and evaluate her work. Accordingly, his opinion on these matters are irrelevant.<br>Fed. R. Evid. 403 (prejudice) – for these same reasons, introduction of this testimony into evidence will serve only to confuse or mislead the jury, or waste time.<br>Fed. R. Evid. 801, 802 (hearsay) - counsel's question seeks hearsay. |
| 89:3-4<br>89:6-12<br>89:14-19<br>89:21-90:9<br>90:11-18<br>90:20-24 | Fed. R. Evid. 801, 802 (hearsay) – the testimony consists solely of the witness's recollection of an out-of-court conversation with Plaintiff offered for its truth. |
| 127:6-9<br>127:11-14<br>127:16-17<br>127:19-21<br>127:23-128:2<br>128:4 | Fed. R. Evid. 602 (lack of personal knowledge) – the witness testified he knows nothing about years of experience and how it may have related to leveling, so his testimony about the impact that might have on the work performed lacks foundation.<br>Fed. R. Evid. 403 (prejudice) – for the same reason, the introduction of this testimony into evidence would serve only to confuse and mislead the jury, and waste time. |

**Benjamin Wilson (Dec. 2, 2020)**

| Plaintiff's Designated Testimony | Objection |
|---|---|
| 67:13-15 | Fed. R. Evid. 401 (relevance) - which employees the witness considered his "peers" is irrelevant given he did not participate in any challenged decisions in this case, including the decision to hire Plaintiff as an L8 rather than an L9. Fed. R. Evid. 403 (prejudice) - testimony in response to a vague question about those people the witness considers his "peers" in OCTO has no bearing on whether the individuals who recommended she be hired as an L8 intentionally discriminated against Plaintiff on the basis of her sex, nor is it evidence that Plaintiff was actually performing work substantially equal to the witness or anyone else. Therefore, its introduction into evidence will serve only to mislead or confuse the jury, and waste time. |
| 77:10-19 | Fed. R. Evid. 401 (relevance) - There is no evidence that the witness was involved in or consulted with respect to any of the challenged decisions in this case, including whether to offer Plaintiff the Financial Services Vertical Lead role in Tariq Shaukat's organization. His opinion as to Plaintiff's qualifications for that role or any other role has no bearing on the issues to be tried. The witness also expressly disavows sufficient knowledge to answer the question posed. Fed. R. Evid. 403 (prejudice) - For those same reasons, the testimony would serve only to confuse or mislead the jury, or waste time. |
| 94:7-12 94:14-15 94:17-19 94:21-23 94:25-95:18 | Fed. R. Evid. 401 (relevance) - because the witness was not involved or consulted in any of the challenged decisions to be tried, his opinion on these matters is irrelevant. Fed. R. Evid. 403 (prejudice) - for these same reasons, introduction of this testimony into evidence will serve only to confuse or mislead the jury, or waste time. |
| 95:5-7 | Fed. R. Evid. 801, 802 (hearsay) – counsel's question seeks hearsay. |
| 97:4-98:9 | Fed. R. Evid. 801, 802 (hearsay) – the testimony recounts an out of court statement offered for the truth of the matter asserted. |

| | |
|---|---|
| | Fed. R. Evid. 401 (relevance) – witness's personal opinion regarding the impact of leveling on how a Technical Director interacted and operated with customers is irrelevant. |
| 167:21-168:7 | Fed. R. Evid. 801, 802 (hearsay) – the testimony recounts an out court statements offered for the truth of the matter asserted.<br>Fed. R. Evid. 401 (relevance) – whether Plaintiff had "good relationships" at Google, and whether witness was personally aware that Plaintiff had raised leveling concerns, are irrelevant.<br>Fed. R. Evid. 403 (prejudice) – in light of the witness's admission that "[he] can't speak for every single person" and "[he doesn't] know what they thought" of Plaintiff, introduction of this testimony into evidence would also serve to waste time and confuse the jury. |
| 171:20-22<br>171:24-172:6<br>172:9-173:11<br>173:13-17 | Fed. R. Evid. 401 (relevance) – Ms. Bennett's level is not at issue in this case, so any discussions the witness had with Ms. Bennett about their respective levels are irrelevant to whether the decision to hire Plaintiff as an L8 was motivated by sex.<br>Fed. R. Evid. 403 (prejudice) – for the same reasons, introduction of this testimony into evidence would serve only to confuse or mislead the jury, or waste time. |

## I.   PROPOSED EXHIBITS AND DEMONSTRATIVE AIDS

### 1.   Parties' Stipulation as to Demonstrative Aids

The Parties stipulated to exchanging demonstrative aids by July 21, 2023, three weeks in advance of the trial conference previously scheduled for August 14, 2023. (*See* ECF 303.) Both Parties submitted copies of their intended demonstratives to the Court on July 21, 2023, via email to Chambers. The Parties raised objections to demonstratives on August 4, 2023.

2.      **Plaintiff's Proposed Exhibits**

Plaintiff's Proposed Exhibits are attached as Appendix A to this Joint Pre-trial

Order.

3.      **Defendant's Proposed Exhibits**

Defendant's Proposed Exhibits are attached as Appendix B to this Joint Pre-trial

Order.

Consistent with the Court's Order dated January 13, 2023 (ECF 292), Defendant

has removed objections to its trial exhibits and trial testimony to the extent that the Court

ruled on the admissibility of the specific exhibit/testimony, or the subject matter covered

by that exhibit/testimony. In doing so, Defendant is not waiving or abandoning those

objections, all of which have previously been asserted in the initial Joint Pre-trial Order

submitted on December 12, 2022 (ECF 285) and in Defendant's motions *in limine* (ECF

234, 236).

4.      **Exhibits for Purposes of Trial**

The parties have previously submitted their respective exhibits to the Court in the

format required by the Court's Individual Rules and Practices in Civil Cases, Rule 7.D.

The exhibits have been numbered to facilitate their use at trial.  To the extent that any

exhibits for which either party has asserted a hearsay objection are admitted into evidence

for a purpose other than to prove the truth of the out-of-court statement, the parties

respectfully request the Court provide a cautionary instruction to the jury regarding the

purpose for which the exhibit has been admitted.

To facilitate the use at trial of exhibits to which there is no objection, the parties

have agreed to jointly request the Court provide the following jury charge at the

beginning of the trial (the parties will submit a revised proposed request to charge at the appropriate time): "To expedite the proceedings, the parties agreed in advance on the admissibility of many exhibits. This means that exhibits may be shown to you at the same time they are shown to witnesses. You should not presume the witness is familiar with a document presented to her or him, or its contents."

**J.    WRITTEN DISCOVERY RESPONSES**

1.   Defendant Google LLC's Objections and Responses to Plaintiff's First set of Requests for Admission, January 25, 2021.

2.   Plaintiff Ulku Rowe's Responses and Objections to Google's First Set of Interrogatories, dated February 20, 2020.

**K.    LIST OF MOTIONS *IN LIMINE***

Judge Schofield's order on the parties' motions *in limine* is attached hereto as Appendix C. (*See* ECF 295 ("Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the reassignment.").) To the extent either party believes the Order on the motions *in limine* render any exhibit or designated deposition testimony inadmissible, those objections are reflected in Appendices A and B and above in section H.3, respectively.

**1.   Plaintiff's Motions *in Limine***

a.   Motion One: Plaintiff's Motion *in Limine* to Exclude Evidence Concerning Defendant's Consideration of Other Rejected Candidates for Financial Services Vertical Lead Role (ECF No. 238)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | ENG BATES |
|---------|------------|-----------|
| D55 | GOOG-ROWE-00059007 | GOOG-ROWE-00059012 |
| D65 | GOOG-ROWE-00056487 | GOOG-ROWE-00056488 |

| | | |
|---|---|---|
| D45 | GOOG-ROWE-00017721 | GOOG-ROWE-00017721 |
| D80 | GOOG-ROWE-00017873.R | GOOG-ROWE-00017875.R |
| D71 | GOOG-ROWE-00062337 | GOOG-ROWE-00062344 |
| D72 | GOOG-ROWE-00063421 | GOOG-ROWE-00063424 |
| D73 | GOOG-ROWE-00061871 | GOOG-ROWE-00061872 |
| D74 | GOOG-ROWE-00082370 | GOOG-ROWE-00082372 |

Court Order on Plaintiff's Motion *in Limine*, Motion One: "Plaintiff's motion to exclude evidence of other candidates for the FSVL role for which she was not hired is DENIED, as this evidence is part of the factual background relevant under Rule 401 to show whether Defendant acted with discriminatory or retaliatory intent." (ECF 292 at ¶ 3.)

b.  Motion Two: Plaintiff's Motion *in Limine* to Exclude Hearsay Evidence Concerning Plaintiff's Candidacy for the Financial Services Vertical Lead Role (ECF No. 240)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---|---|---|
| D62 | GOOG-ROWE-00017533 | GOOG-ROWE-00017538 |

Court Order on Plaintiff's Motion *in Limine*, Motion Two: "Plaintiff's motion to exclude as hearsay evidence of oral feedback from interviewers is DENIED, as the evidence is offered for its effect on Defendant's hiring manager and not for the truth. *See* Rule 802. Plaintiff may submit a joint proposed limiting instruction to this effect at the time the evidence is presented." (ECF 292 at ¶ 4.)

Plaintiff proposes the following limiting instruction per Judge Schofield's ruling: "In certain instances evidence may be admitted only for a limited purpose. You may now hear evidence that the next witness, [Tariq Shaukat/Stuart Vardaman] received interview feedback about Ms. Rowe concerning her consideration for the Financial Services Vertical Lead position. Testimony about the interview feedback itself from any source, if admitted, may be considered by you only to explain [Tariq Shaukat's/Stuart Vardaman's] alleged state of mind upon hearing the feedback. You may not consider evidence of interview feedback

concerning the Financial Services Vertical Lead position for its truth; meaning you may not consider any evidence of interview feedback as evidence of Ms. Rowe's actual qualifications for the Financial Services Vertical Lead position. You may give such evidence, if received, such weight as you feel it deserves but only for the limited purpose for which it has been offered.  You may not use the evidence for any other purpose."

Defendant counter-proposes the following limiting instruction: "In certain instances, the Court may admit evidence for a limited purpose. You may hear evidence about feedback provided by people who interviewed Ms. Rowe for the Financial Services Vertical Lead position. This evidence is admitted for a limited purpose. It is only being offered to show the effect that those statements had on Mr. Shaukat and Mr. Vardaman. It is not being admitted to establish that the interviewers actually held those views. As with all other evidence in this case, you may give this evidence such weight as you feel it deserves."

c.  Motion Three: Plaintiff's Motion *in Limine* to Exclude Evidence Concerning Yolanda Piazza or Defendant's Consideration or Selection of Candidates for the Vice President – Financial Services, Sales Role (ECF No. 242)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|------------|-----------|
| D70 | GOOG-ROWE-00055394.R | GOOG-ROWE-00055418.R |
| D79 | GOOG-ROWE-00078164 | GOOG-ROWE-00078169 |
| D76 | GOOG-ROWE-00082359 | GOOG-ROWE-00082366 |
| D77 | GOOG-ROWE-00082356 | GOOG-ROWE-00082358 |
| D78 | GOOG-ROWE-00082351 | GOOG-ROWE-00082355 |

Court Order on Plaintiff's Motion *in Limine*, Motion Three: "Plaintiff's motion to exclude evidence of other candidates for the VP-FS role for which she was not interviewed is DENIED, as the evidence is relevant under Rule 401 to whether Defendant acted with retaliatory intent, and Plaintiff as not been prejudiced by the timeliness (or not) of the

production of related documents." (ECF 292 at ¶ 5.)

d.  Motion Four: Plaintiff's Motion *in Limine* to Exclude Evidence Concerning the Level 8 Technical Directors (ECF No. 244)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|------------|-----------|
| D43 | GOOG-ROWE-00063979 | GOOG-ROWE-00064012 |
| D44 | GOOG-ROWE-00063516 | GOOG-ROWE-00063589 |
| D68 | GOOG-ROWE-00065032 | GOOG-ROWE-00065090 |
| D69 | GOOG-ROWE-00064910 | GOOG-ROWE-00064968 |

Court Order on Plaintiff's Motion *in Limine*, Motion Four: "Plaintiff's motion to exclude evidence of leveling determinations of male L8 Directors is DENIED because it is relevant under Rule 401 to show whether Plaintiff, who was hired as a Technical Director as an L8, was treated less well than similarly situated men, and whether Plaintiff was more like others hired at L8 than those leveled at L9. For the same reason, the evidence will not confuse the jury with extraneous or irrelevant information." (ECF 292 at ¶ 6.)

e.  Motion Five: Plaintiff's Notice of Motion to Be Permitted to Ask Leading Questions During the Direct Examination of Defendant's Current and Former Employees (ECF No. 246)

Court Order on Plaintiff's Motion *in Limine*, Motion Five: "Plaintiff's motion to permit leading questions or Defendant's employees as hostile witnesses is DENIED in part and GRANTED in part as follows: Plaintiff may treat as hostile witnesses (1) Defendant's current employees because Defendant does not object to Plaintiff's doing so, (2) Tariq Shaukat because Plaintiff accuses him of discriminatory conduct that is in part the basis for this action and (3) any former employee who at the time of trial is represented by defense counsel and who participates with defense counsel in preparing their testimony. The motion is denied as to any remaining employees. At least three weeks prior to the commencement of trial, defense counsel shall identify for Plaintiff any former employees as to whom the motion is denied." (ECF 292 at ¶ 7.)

f. Motion Six: Plaintiff's motion to preclude Defendant from calling Dave Rensin as a witness is DENIED to the extent that Defendant may question Rensin about (1) the TSC Job Ladder generally and what it represents, but not in reference to Plaintiff or any other particular employee, and (2) any feedback from his interview of Plaintiff that he provided to those who made her leveling decision, not to be offered for the truth, but as information that was considered. As to item (2), Plaintiff may submit a joint proposed limiting instruction at the time the evidence is presented.

## 2. Defendant's Motions *in Limine*

a. Defendant Google LLC's Motion *in Limine* Regarding Evidence of Leveling Determinations (ECF No. 234)

The following documents on Plaintiff's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|------------|-----------|
| P15 | GOOG-ROWE-00059224 | GOOG-ROWE-00059229 |
| P52 | GOOG-ROWE-00059824 | GOOG-ROWE-00059829 |

Court Order on Defendant's Motion *in Limine* Regarding Evidence of Leveling Determinations: "Defendant's motion to exclude evidence of 'leveling determinations,' outside of Level 8 and 9 Technical Directors in the Office of the CTO, is DENIED to the extent that Plaintiff may introduce evidence of (1) leveling decisions by Tariq Shaukat, whom Plaintiff alleges treated her in a discriminatory manner and (2) re-leveling decisions to illustrate that re-leveling was possible. This evidence is relevant under Rule 401 to show whether Plaintiff was treated in a discriminatory manner and with discriminatory intent. Defendant has not articulated any unfair prejudice or jury confusion, and any time spent on Defendant's contrary evidence is not waste time and is outweighed by the probative value of this evidence." (ECF 292 at ¶ 1.)

Plaintiff argues that Exhibit P15 does not relate to this motion as it is not a leveling determination, it is an internal discussion of a ladder transfer. Plaintiff further argues that P52 is admissible because it is not a leveling determination, and even if the Court determines it was, it was made by Tariq Shaukat.

b. Defendant Google LLC's Notice of Motion *in Limine* to Exclude Evidence of Other Employee Complaints (ECF No. 236)

The following documents on Plaintiff's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---|---|---|
| P18 | GOOG-ROWE-00056473 | GOOG-ROWE-00056476 |
| P39 | GOOG-ROWE-P-00001200 | GOOG-ROWE-P-00001201 |
| | GOOG-ROWE-00060592 | GOOG-ROWE-00060593 |
| P58 | P001591 | P001603 |
| P105 | GOOG-ROWE-00058542 | GOOG-ROWE-00058555 |

Court Order on Defendant's Motion *in Limine* to Exclude Evidence of Other Employee Complaints: "Defendant's motion to exclude evidence of other employees' complaints of alleged unfair treatment by Defendant is GRANTED in part and DENIED in part. Evidence concerning the following is excluded under Rule 403 as the evidence has limited, if any, probative value and is likely to confuse the jury in a way that will prejudice Defendant: (1) the *Haggan* and *Ellis* class actions, which were settled and did not include Plaintiff within the class, (2) protests principally concerning sexual harassment, which is not at issue in this case, and the resulting 2018 walkout and (3) a gender complaint against Stuart Breslow that did not involve plaintiff. Evidence of the following is permitted: (1) the December 2019 complaint of a Level 6 employee was no re-leveled to Level 7, to show that re-leveling was possible." (ECF 292 at ¶ 2.)

Plaintiff argues that Exhibit P18 does not relate to this motion because it is not an employee complaint. Plaintiff has removed Exhibits P39 and P58 from her exhibit list. Plaintiff further argues that P105 is admissible per the Court's ruling above (the complaint of a Level 6 employee was no re-leveled to Level 7, to show that re-leveling was possible.)

## L.    STIPULATIONS OF UNCONTESTED FACTS

- The parties stipulate that as of September 19, 2019, Google Cloud's senior leadership was aware of Plaintiff's filed complaint and the allegations contained therein.

**M.   OTHER STIPULATIONS[1]**

- The parties stipulate to the following jury instruction, and jointly request that the Court give this instruction regarding the presentation of evidence at the start of the trial: "To expedite the proceedings, the parties agreed in advance on the admissibility of many exhibits. This means that exhibits may be shown to you at the same time they are shown to witnesses. You should not presume the witness is familiar with a document presented to her or him, or its contents."

- The parties stipulate to amend Proposed Jury Charge No. 12 ("Outline of Trial") (ECF No. 273) to add the following instruction: "In either case, the order in which witnesses are presented to you may be affected by the witnesses' availability to appear. So you should not assign any particular weight to any witness's testimony because of when she or he testifies. You should assess each of the witnesses individually, as I will describe to you in a moment."

**N.   STATEMENT OF DAMAGES**

Plaintiff seeks those damages to which she is entitled under New York Labor Law and New York City Human Rights Law, including backpay, liquidated damages, compensatory damages, and punitive damages. These damages will be supported by Plaintiff's own testimony and that of her economic expert, Nora Ostrofe.

Plaintiff's economic losses through July 2023 are approximately $10.9 million. Of this amount, approximately $3.68 million is for liquidated damages on the portion of back-pay related to Equal Pay Law claims and approximately $287,000 is for pre-judgment interest.

---

[1] The parties will submit a revised Proposed Request to Charge at the appropriate time, or as requested by the Court.

Plaintiff seeks emotional distress damages of $300,000.00.

Plaintiff seeks punitive damages in an amount to be determined by the jury as necessary to punish and deter Google from such unlawful behavior, consistent with constitutional limitations.

Plaintiff seeks attorneys' fees and costs for all work performed in connection with the case, including post-trial work and work related to the fee application. Plaintiff's attorneys' fees are presently approximately $3.5 million.

Plaintiff seeks reimbursement of costs, which are presently: approximately $122,000. Defendant denies that Plaintiff is entitled to any of the relief she seeks.

**OTHER RELIEF**

Plaintiff seeks the following additional relief:

a) Declare that Defendant's actions are violative of the law;

b) Enjoin and permanently restrain these violations of the law;

c) Direct Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment opportunities.

d) Direct Defendant to instate Plaintiff into the position she was denied or a comparable position, or in the alternative, set Plaintiff's compensation and benefits at a comparable level to that position;

e) Award Plaintiff the number of Google shares she was unlawfully denied;

f) Award Plaintiff damages to compensate for any adverse tax consequences;

g) Award pre-judgment interest at the statutory rate of 9%;

h) Award Plaintiff attorneys' fees, costs, and disbursements pursuant to applicable law; and

i) Award such other legal and equitable relief as this Court deems necessary, just, and proper.

Defendant denies that Plaintiff is entitled to any of the relief she seeks.

## O.   UNANIMOUS VERDICT

The parties do not consent to less than a unanimous verdict.


Dated: October 6, 2023                        Respectfully submitted,


By: ___s/ *Cara E. Greene*_____          By: ___s/ *Sara B. Tomezsko*_____

Cara E. Greene                                Kenneth W. Gage
Gregory S. Chiarello                          Sara B. Tomezsko
Shira Z. Gelfand                              Kaveh Dabashi
**OUTTEN & GOLDEN LLP**                       **PAUL HASTINGS LLP**
685 Third Avenue, 25th Floor                  200 Park Avenue
New York, NY 10017                            New York, NY 10166
Telephone: (212) 245-1000                     (212)-318-6000
Facsimile: (646) 509-2071                     Fax: 212-918-4090
ceg@outtengolden.com                          kennethgage@paulhastings.com
gchiarello@outtengolden.com                   saratomezsko@paulhastings.com
sgelfand@outtengolden.com                     kavehdabashi@paulhastings.com


*Attorneys for Plaintiff*                     *Attorneys for Defendant*
*Ulku Rowe*                                   *Google LLC*

# Appendix A

## Appendix A – Plaintiff's Proposed Exhibits

| Advanced Ruling Requested? | Object? | Exhibit | Begin Bates | End Bates | Basis for Objection |
|---|---|---|---|---|---|
| | * | P1 | P000751 | P000751 | Fed. R. Evid. 401 – How Plaintiff's prior employer chose to compensate her is irrelevant to Plaintiff's claims against Google. |
| | | P2 | P001743 | P001745 | Fed. R. Evid. 401, 403 – an opinion piece that pre-dates Plaintiff's hiring is irrelevant to Plaintiff's claims against Google; it is not authored by anyone involved in the challenged decisions and will only serve to confuse the jury and waste time. |
| | ** | P3 | GOOG-ROWE-00055477 | GOOG-ROWE-00055479 | |
| | ** | P4 | P000434 | P000438 | |
| | ** | P5 | GOOG-ROWE-00017341.R | GOOG-ROWE-00017352.R | |
| | | P6 | P000736 | P000736 | Fed. R. Evid. 401, 403 – an image of Ms. Rowe posted to social media has no tendency to make the existence of any fact of consequence in this trial more or less probable; its introduction will only result in undue delay. |
| | * | P7 | GOOG-ROWE-00058796 | 0091_GOOG-ROWE-00058799 | Fed. R. Evid. 801, 802 – descriptions of out-of-court statements allegedly made by Will Grannis, Brian Stevens, and others are offered for their truth. |

| | | | | | |
|---|---|---|---|---|---|
| | * | P8 | GOOG-ROWE-00017356 | GOOG-ROWE-00017358 | Fed. R. Evid. 106 – the exhibit is incomplete; Plaintiff has not included the document linked within this email, without which the jury will lack critical context (Exhibit D38).<br>Fed. R. Evid. 403 – without the linked document providing critical context, introduction of this exhibit will confuse and mislead the jury. |
| | ** | P9 | GOOG-ROWE-00017375.R | GOOG-ROWE-00017378.R | None |
| | ** | P10 | GOOG-ROWE-00017379.R | GOOG-ROWE-00017381.R | None |
| | * | P11 | P001586 | P001586 | Fed. R. Evid. 801, 802 – to the extent Plaintiff offers the out-of-court statements allegedly made by Melissa Lawrence for the truth of what she allegedly said to Plaintiff; Defendant does not object to the portions of the document that reflect Plaintiff's statements and/or impressions, which are admissible for their truth as admissions pursuant to Fed. R. Evid. 801(d)(2). |
| | ** | P12 | GOOG-ROWE-00017401.RR | GOOG-ROWE-00017405.RR | |
| | ** | P13 | GOOG-ROWE-00017406 | GOOG-ROWE-00017407 | |
| | ** | P14 | GOOG-ROWE-00058866 | GOOG-ROWE-00058867 | |

| | | | | | |
|---|---|---|---|---|---|
| | * | P15 | GOOG-ROWE-00059224 | GOOG-ROWE-00059229 | The document is inadmissible per Judge Schofield's ruling on Defendant's motion *in limine*. (ECF 292 ¶ 1.) This document falls into neither of the two narrow categories of permissible evidence of leveling determinations outside of Level 8 and 9 Technical Directors in the Office of the CTO. Fed. R. Evid. 401, 403 – Discussions concerning performance and leveling of an unrelated third-party seeking to transfer job ladders is irrelevant to any of the challenged decisions regarding Plaintiff's leveling, and its introduction will only serve to confuse and mislead the jury. |
| | ** | P16 | GOOG-ROWE-00017410 | GOOG-ROWE-00017411 | |
| | * | P17 | GOOG-ROWE-00059503 | GOOG-ROWE-00059508 | Google acknowledges that Judge Schofield did not specifically reference this exhibit in her ruling on Defendant's motion *in limine*. (ECF 292.) However, this document should also be inadmissible for the reasons set forth in ¶ 2 of that Order (granting motion in part to exclude evidence of other employees' complaints of alleged unfair treatment). Fed. R. Evid. 401, 403 – alleged statements by another employee regarding her own compensation negotiations are not facts of consequence in determining Plaintiff's claims at trial. Nor do they have any logical tendency to make Plaintiff's claims more or less probable, and their introduction into evidence serves only to confuse and mislead the jury, or waste time. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Fed. R. Evid. 801, 802 – to the extent Plaintiff intends to offer Will Grannis' out of court statement about what he heard from a third-party employee for its truth. |
| | * | P18 | GOOG-ROWE-00056473 | GOOG-ROWE-00056476 | Google acknowledges that Judge Schofield did not specifically reference this exhibit in her ruling on Defendant's motion *in limine*. (ECF 292.) However, this document should also be inadmissible for the reasons set forth in ¶ 2 of that Order (granting motion in part to exclude evidence of other employees' complaints of alleged unfair treatment). Fed. R. Evid. 801, 802 – to the extent the alleged out-of-court statements by Will Grannis and others are offered for their truth. |
| | ** | P19 | GOOG-ROWE-P-00000714 | GOOG-ROWE-P-00000714 | |
| | ** | P20 | GOOG-ROWE-00017417.R | GOOG-ROWE-00017417.R | |
| | ** | P21 | GOOG-ROWE-00017425 | GOOG-ROWE-00017426 | |
| | ** | P22 | GOOG-ROWE-00017431 | GOOG-ROWE-00017432 | |
| | ** | P23 | GOOG-ROWE-00017427 | GOOG-ROWE-00017428 | |

| | ** | P24 | GOOG-ROWE-00017429 | GOOG-ROWE-00017430 | |
| | ** | P25 | GOOG-ROWE-P-00000726 | GOOG-ROWE-P-00000727 | |
| | ** | P26 | GOOG-ROWE-P-00000729 | GOOG-ROWE-P-00000730 | |
| | ** | P27 | P000705 | P000706 | |
| | ** | P28 | GOOG-ROWE-P-00000742 | GOOG-ROWE-P-00000743 | |
| | ** | P29 | GOOG-ROWE-P-00000762 | GOOG-ROWE-P-00000763 | |
| | ** | P30 | GOOG-ROWE-00017443 | GOOG-ROWE-00017443 | |
| | ** | P31 | GOOG-ROWE-P-00000821 | GOOG-ROWE-P-00000821 | |
| | ** | P31 (cont.) | GOOG-ROWE-P-00004550 | GOOG-ROWE-P-00004552 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P32 | GOOG-ROWE-00017446 | GOOG-ROWE-00017447 | |
| | * | P33 | GOOG-ROWE-00017459 | GOOG-ROWE-00017464 | Fed. R. Evid. 805 – to the extent that Plaintiff offers the alleged out-of-court statements by Brian Stevens, communicated through his executive assistant in another out-of-court statement, for their truth. |
| | ** | P34 | GOOG-ROWE-00017465 | GOOG-ROWE-00017469 | |
| | ** | P35 | GOOG-ROWE-00017515 | GOOG-ROWE-00017517 | |
| | ** | P36 | GOOG-ROWE-00017518 | GOOG-ROWE-00017519 | |
| | ** | P37 | GOOG-ROWE-00017507 | GOOG-ROWE-00017508 | |
| | ** | P38 | GOOG-ROWE-00017532 | GOOG-ROWE-00017532 | |
| | | P39 | None | None | Exhibit intentionally left blank |
| | ** | P40 | GOOG-ROWE-00017554 | GOOG-ROWE-00017554 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P41 | GOOG-ROWE-00054145 | GOOG-ROWE-00054145 | |
| | ** | P42 | GOOG-ROWE-P-00001229 | GOOG-ROWE-P-00001229 | |
| | ** | P43 | GOOG-ROWE-00017555 | GOOG-ROWE-00017557 | |
| | ** | P44 | GOOG-ROWE-00017563 | GOOG-ROWE-00017564 | |
| | ** | P45 | GOOG-ROWE-00017565.R | GOOG-ROWE-00017566.R | |
| | ** | P46 | GOOG-ROWE-00058307 | GOOG-ROWE-00058307 | |
| | ** | P46 (cont.) | GOOG-ROWE-00058308 | GOOG-ROWE-00058308 | |
| | ** | P46 (cont.) | GOOG-ROWE-00058309 | GOOG-ROWE-00058309 | . |
| | ** | P46 (cont.) | GOOG-ROWE-00058310 | GOOG-ROWE-00058310 | |

| | ** | P46 (cont.) | GOOG-ROWE-00058311 | GOOG-ROWE-00058311 | |
|---|---|---|---|---|---|
| | ** | P46 (cont.) | GOOG-ROWE-00058312 | GOOG-ROWE-00058312 | |
| | ** | P46 (cont.) | GOOG-ROWE-00058313 | GOOG-ROWE-00058313 | |
| | ** | P46 (cont.) | GOOG-ROWE-00058317 | GOOG-ROWE-00058317 | |
| | ** | P46 (cont.) | GOOG-ROWE-00058321 | GOOG-ROWE-00058321 | |
| | ** | P46 (cont.) | GOOG-ROWE-00058325 | GOOG-ROWE-00058325 | |
| | ** | P46 (cont.) | GOOG-ROWE-00058326 | GOOG-ROWE-00058326 | |
| | ** | P46 (cont.) | GOOG-ROWE-00058330 | GOOG-ROWE-00058330 | |
| | ** | P46 (cont.) | GOOG-ROWE-00058334 | GOOG-ROWE-00058334 | |

| | ** | P46 (cont.) | GOOG-ROWE-00058338 | GOOG-ROWE-00058338 | |
| | ** | P46 (cont.) | GOOG-ROWE-00058342 | GOOG-ROWE-00058342 | |
| | ** | P46 (cont.) | GOOG-ROWE-00058346 | GOOG-ROWE-00058346 | |
| | ** | P46 (cont.) | GOOG-ROWE-00058350 | GOOG-ROWE-00058350 | |
| | ** | P46 (cont.) | GOOG-ROWE-00058354 | GOOG-ROWE-00058354 | |
| | ** | P46 (cont.) | GOOG-ROWE-00058358 | GOOG-ROWE-00058358 | |
| | ** | P46 (cont.) | GOOG-ROWE-00058362 | GOOG-ROWE-00058362 | |
| | ** | P47 | GOOG-ROWE-00058315 | GOOG-ROWE-00058315 | |
| | ** | P47 (cont.) | GOOG-ROWE-00058319 | GOOG-ROWE-00058319 | |
| | ** | P47 (cont.) | GOOG-ROWE-00058323 | GOOG-ROWE-00058323 | |

| | ** | P47 (cont.) | GOOG-ROWE-00058327 | GOOG-ROWE-00058327 | |
| | ** | P47 (cont.) | GOOG-ROWE-00058331 | GOOG-ROWE-00058331 | |
| | ** | P47 (cont.) | GOOG-ROWE-00058336 | GOOG-ROWE-00058336 | |
| | ** | P47 (cont.) | GOOG-ROWE-00058340 | GOOG-ROWE-00058340 | |
| | ** | P47 (cont.) | GOOG-ROWE-00058345 | GOOG-ROWE-00058345 | |
| | ** | P47 (cont.) | GOOG-ROWE-00058349 | GOOG-ROWE-00058349 | |
| | ** | P47 (cont.) | GOOG-ROWE-00058353 | GOOG-ROWE-00058353 | |
| | ** | P47 (cont.) | GOOG-ROWE-00058356 | GOOG-ROWE-00058356 | |
| | ** | P47 (cont.) | GOOG-ROWE-00058361 | GOOG-ROWE-00058361 | \ |
| | ** | P47 (cont.) | GOOG-ROWE-00058363 | GOOG-ROWE-00058363 | \ |

| | ** | P47 (cont.) | GOOG-ROWE-00058367 | GOOG-ROWE-00058367 | |
|---|---|---|---|---|---|
| | ** | P47 (cont.) | GOOG-ROWE-00058371 | GOOG-ROWE-00058371 | |
| | ** | P47 (cont.) | GOOG-ROWE-00058373 | GOOG-ROWE-00058373 | |
| | ** | P47 (cont.) | GOOG-ROWE-00058375 | GOOG-ROWE-00058375 | |
| | ** | P47 (cont.) | GOOG-ROWE-00058378 | GOOG-ROWE-00058378 | |
| | ** | P48 | GOOG-ROWE-00058314 | GOOG-ROWE-00058314 | |
| | ** | P48 (cont.) | GOOG-ROWE-00058318 | GOOG-ROWE-00058318 | |
| | ** | P48 (cont.) | GOOG-ROWE-00058322 | GOOG-ROWE-00058322 | |
| | ** | P48 (cont.) | GOOG-ROWE-00058328 | GOOG-ROWE-00058328 | |
| | ** | P48 (cont.) | GOOG-ROWE-00058332 | GOOG-ROWE-00058332 | |

| | ** | P48 (cont.) | GOOG-ROWE-00058335 | GOOG-ROWE-00058335 | |
|---|---|---|---|---|---|
| | ** | P48 (cont.) | GOOG-ROWE-00058339 | GOOG-ROWE-00058339 | |
| | ** | P48 (cont.) | GOOG-ROWE-00058344 | GOOG-ROWE-00058344 | |
| | ** | P48 (cont.) | GOOG-ROWE-00058347 | GOOG-ROWE-00058347 | |
| | ** | P48 (cont.) | GOOG-ROWE-00058352 | GOOG-ROWE-00058352 | |
| | ** | P48 (cont.) | GOOG-ROWE-00058357 | GOOG-ROWE-00058357 | |
| | ** | P48 (cont.) | GOOG-ROWE-00058360 | GOOG-ROWE-00058360 | |
| | ** | P48 (cont.) | GOOG-ROWE-00058364 | GOOG-ROWE-00058364 | |
| | ** | P48 (cont.) | GOOG-ROWE-00058368 | GOOG-ROWE-00058368 | |
| | ** | P48 (cont.) | GOOG-ROWE-00058370 | GOOG-ROWE-00058370 | |

| | ** | P48 (cont.) | GOOG-ROWE-00058374 | GOOG-ROWE-00058374 | |
|---|---|---|---|---|---|
| | ** | P48 (cont.) | GOOG-ROWE-00058377 | GOOG-ROWE-00058377 | |
| | ** | P48 (cont.) | GOOG-ROWE-00058379 | GOOG-ROWE-00058379 | |
| | ** | P49 | GOOG-ROWE-00058316 | GOOG-ROWE-00058316 | |
| | ** | P49 (cont.) | GOOG-ROWE-00058320 | GOOG-ROWE-00058320 | |
| | ** | P49 (cont.) | GOOG-ROWE-00058324 | GOOG-ROWE-00058324 | |
| | ** | P49 (cont.) | GOOG-ROWE-00058329 | GOOG-ROWE-00058329 | |
| | ** | P49 (cont.) | GOOG-ROWE-00058333 | GOOG-ROWE-00058333 | |
| | ** | P49 (cont.) | GOOG-ROWE-00058337 | GOOG-ROWE-00058337 | |
| | ** | P49 (cont.) | GOOG-ROWE-00058341 | GOOG-ROWE-00058341 | |

| | ** | P49 (cont.) | GOOG-ROWE-00058343 | GOOG-ROWE-00058343 | |
|---|---|---|---|---|---|
| | ** | P49 (cont.) | GOOG-ROWE-00058348 | GOOG-ROWE-00058348 | |
| | ** | P49 (cont.) | GOOG-ROWE-00058351 | GOOG-ROWE-00058351 | |
| | ** | P49 (cont.) | GOOG-ROWE-00058355 | GOOG-ROWE-00058355 | |
| | ** | P49 (cont.) | GOOG-ROWE-00058359 | GOOG-ROWE-00058359 | |
| | ** | P49 (cont.) | GOOG-ROWE-00058365 | GOOG-ROWE-00058365 | |
| | ** | P49 (cont.) | GOOG-ROWE-00058366 | GOOG-ROWE-00058366 | |
| | ** | P49 (cont.) | GOOG-ROWE-00058369 | GOOG-ROWE-00058369 | |
| | ** | P49 (cont.) | GOOG-ROWE-00058372 | GOOG-ROWE-00058372 | |
| | ** | P49 (cont.) | GOOG-ROWE-00058376 | GOOG-ROWE-00058376 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P49 (cont.) | GOOG-ROWE-00058380 | GOOG-ROWE-00058380 | |
| | ** | P50 | GOOG-ROWE-00056552 | GOOG-ROWE-00056555 | |
| | ** | P51 | GOOG-ROWE-00017568 | GOOG-ROWE-00017568 | |
| | * | P52 | GOOG-ROWE-00059824 | GOOG-ROWE-00059829 | This document should be deemed inadmissible for the reasons set forth in ECF 292 ¶ 1 (denying motion in part to permit evidence of "leveling decisions by Tariq Shaukat, whom Plaintiff alleges treated her in a discriminatory manner"). This document reflects another employee's out-of-court statements about the leveling process generally, and does not fall into that narrow universe of permissible evidence. On its face, the exhibit is clear that no leveling determination is being made—in fact, the potential candidate had not even interviewed. Fed. R. Evid. 401, 403 – Discussions concerning performance and leveling of an unrelated third-party is irrelevant to any of the challenged decisions regarding Plaintiff's leveling, no one on the email was involved in Plaintiff's challenged leveling decision, and its introduction will only serve to confuse and mislead the jury. |
| | ** | P53 | GOOG-ROWE-00017583 | GOOG-ROWE-00017584 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P54 | GOOG-ROWE-P-00001737 | GOOG-ROWE-P-00001737 | |
| | ** | P55 | GOOG-ROWE-00017589 | GOOG-ROWE-00017591 | |
| | * | P56 | GOOG-ROWE-00017594 | GOOG-ROWE-00017595 | Fed. R. Evid. 401, 403 – Mr. Vardaman did not participate in any compensation planning decisions, so his thoughts regarding compensation are irrelevant and will serve only to confuse or mislead the jury. |
| Y | * | P57 | GOOG-ROWE-00017998 | GOOG-ROWE-00018001 | Fed. R. Evid. 801, 802 – statements made to an Employee Relations investigator are alleged out-of-court statements offered for their truth. |
| | | P58 | None | None | Exhibit intentionally left blank |
| | ** | P59 | GOOG-ROWE-00017598 | GOOG-ROWE-00017598 | |
| | ** | P60 | GOOG-ROWE-00017599 | GOOG-ROWE-00017602 | |
| | ** | P61 | GOOG-ROWE-00017624 | GOOG-ROWE-00017632 | |
| | ** | P62 | GOOG-ROWE-00017634.R | GOOG-ROWE-00017637.R | |

| | ** | P63 | GOOG-ROWE-00017638 | GOOG-ROWE-00017638 | |
| | ** | P64 | GOOG-ROWE-00017639 | GOOG-ROWE-00017639 | |
| | ** | P65 | GOOG-ROWE-00056880 | GOOG-ROWE-00056889 | |
| | ** | P66 | GOOG-ROWE-00017642 | GOOG-ROWE-00017642 | |
| | ** | P67 | GOOG-ROWE-00017643 | GOOG-ROWE-00017643 | |
| | ** | P68 | GOOG-ROWE-00017644 | GOOG-ROWE-00017647 | |
| | ** | P69 | GOOG-ROWE-00017722.RR | GOOG-ROWE-00017866.RR | |
| | * | P70 | GOOG-ROWE-00059939 | GOOG-ROWE-00059939 | Fed. R. Evid. 801, 802 – the document consists solely of alleged out-of-court statements offered to prove the truth of the matter asserted (*i.e.*, who an unrelated third-party who did not participate in any of the challenged decisions thought led the various industry verticals in Mr. Shaukat's organization); the fact that Mr. Shaukat is a recipient of the communication does not change that fact. |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P71 | GOOG-ROWE-00057023 | GOOG-ROWE-00057024 | |
| | ** | P72 | GOOG-ROWE-00059967 | GOOG-ROWE-00059969 | |
| | ** | P73 | GOOG-ROWE-00061580 | GOOG-ROWE-00061581 | |
| | | P74 | P000707 | P000709 | Fed. R. Evid. 801, 802 – to the extent that Plaintiff seeks to introduce alleged out-of-court statements by Ms. Kuhn and "Jess" to prove the truth of the matters asserted. Defendant asserts authenticity objections to portion of the document Bates labeled P000709 only. |
| | * | P75 | GOOG-ROWE-00017663 | GOOG-ROWE-00017663 | Fed. R. Evid. 801, 802 – to the extent that Plaintiff seeks to introduce the alleged out-of-court statement by "Stuart" to prove the truth of the matter asserted (i.e., the occurrence of a meeting). |
| | ** | P76 | P000659 | P000662 | |
| | | P76 (cont.) | P000752 | P000753 | Defendant objects solely on the grounds of authenticity. |
| | ** | P77 | GOOG-ROWE-00056890 | GOOG-ROWE-00056891 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P78 | GOOG-ROWE-00056906 | GOOG-ROWE-00056909 | |
| | ** | P79 | GOOG-ROWE-00017677 | GOOG-ROWE-00017679 | |
| | ** | P80 | GOOG-ROWE-00057053 | GOOG-ROWE-00057055 | |
| | ** | P81 | GOOG-ROWE-00017690 | GOOG-ROWE-00017690 | |
| | ** | P82 | GOOG-ROWE-00056682 | GOOG-ROWE-00056690 | |
| | * | P83 | GOOG-ROWE-00060418 | GOOG-ROWE-00060418 | Fed. R. Evid. 401, 403 – there is no evidence in the record that the email recipients were involved in any of the challenged decisions to be tried in this case; the introduction of this evidence will only confuse or mislead the jury, waste time, and is intended to harass. |
| | | P84 | P000683 | P000683 | Fed. R. Evid. 401, 403 – there is no evidence in the record that the recipient of the screen-shot chat message was involved in any of the challenged decisions to be tried in this case; the introduction of this evidence will only confuse or mislead the jury and waste time. |
| | ** | P85 | GOOG-ROWE-00056734 | GOOG-ROWE-00056736 | |

| | | | | | |
|---|---|---|---|---|---|
| | * | P86 | GOOG-ROWE-00017873 | GOOG-ROWE-00017875 | Fed. R. Evid. 106 – the document is incomplete when presented in redacted form, and Plaintiff should be required to use the document at D80. |
| | * | P87 | GOOG-ROWE-00017710.R | GOOG-ROWE-00017712.R | Fed. R. Evid. 801, 802 – the document created by an unspecified author consists solely of alleged out-of-court statements to prove the truth of the matters asserted (*i.e.*, the performance of those referenced in the document). |
| | ** | P88 | GOOG-ROWE-00018014 | GOOG-ROWE-00018014 | |
| | ** | P89 | GOOG-ROWE-00018015 | GOOG-ROWE-00018015 | |
| | * | P90 | GOOG-ROWE-00018558 | GOOG-ROWE-00018559 | Fed. R. Evid. 401, 403 – there is no evidence in the record that Plaintiff sought, applied, or was considered for a role as a Technical Director on OCTO's Applied AI team; as such, the information is irrelevant to any of the challenged decisions to be tried, and its introduction serves only to confuse or mislead the jury, and waste time. |
| | | P91 | P000695 | P000697 | Fed. R. Evid. 801, 802 – this alleged reproduction of Mr. Breslow's LinkedIn profile is hearsay is offered to prove the truth of its contents. |
| | * | P92 | GOOG-ROWE-00060490 | GOOG-ROWE-00060495 | Fed. R. Evid. 602 – Plaintiff has not identified a witness to lay the foundation for introduction of this document into evidence or speak to the purpose for which it was created. |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P93 | GOOG-ROWE-00019205 | GOOG-ROWE-00019208 | |
| | * | P94 | GOOG-ROWE-00022669 | GOOG-ROWE-00022670 | Fed. R. Evid. 401, 403 – the leveling policy document is dated 2019, two years after Plaintiff's challenged leveling decision. It therefore could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse and mislead the jury. |
| | * | P95 | GOOG-ROWE-00026916 | GOOG-ROWE-00026917 | Fed. R. Evid. 401, 403 – the leveling policy document is dated 2019, two years after Plaintiff's challenged leveling decision. It therefore could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse and mislead the jury. |
| | * | P96 | GOOG-ROWE-00020117 | GOOG-ROWE-00020118 | Fed. R. Evid. 401, 403 – Plaintiff does not assert that she should have been promoted to Level 9 in the manner contemplated by this policy document, and she is estopped from advancing that argument now. Therefore, the substance of this document is irrelevant to the claims at issue, and its introduction into evidence serves only to confuse or mislead the jury. |
| | ** | P97 | GOOG-ROWE-00019740 | GOOG-ROWE-00019741 | |
| | ** | P98 | GOOG-ROWE-00019782 | GOOG-ROWE-00019786 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P99 | GOOG-ROWE-00030107 | GOOG-ROWE-00030112 | |
| | ** | P100 | GOOG-ROWE-00056764 | GOOG-ROWE-00056766 | |
| | ** | P101 | GOOG-ROWE-00060559 | GOOG-ROWE-00060562 | |
| | * | P102 | GOOG-ROWE-00052135 | GOOG-ROWE-00052135 | Fed. R. Evid. 401, 403 – the leveling policy document is dated 2020, three years after Plaintiff's challenged leveling decision. It therefore could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse and mislead the jury. |
| Y | * | P102B | GOOG-ROWE-00052153 | GOOG-ROWE-00052153 | Fed. R. Evid. 401, 403 – the leveling policy document is dated 2020, three years after Plaintiff's challenged leveling decision. It therefore could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse and mislead the jury. |
| | ** | P103 | GOOG-ROWE-00053767 | GOOG-ROWE-00053767 | |
| | ** | P104-A | P000871 | P000873 | |

| | | | | | |
|---|---|---|---|---|---|
| | | P104-B | P000787 | P000791 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | * | P104-B (cont.) | P000800 | P000802 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | * | P104-B (cont.) | P000864 | P000864 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | * | P104-B (cont.) | P000876 | P000879 | Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | | P104-C | P000739 | P000746 | Fed. R. Evid. 401, 403 – there is no evidence that anyone at Google knew about or considered the contents of this article when making any decision as it relates to Plaintiff.  It is therefore irrelevant and its introduction into evidence serves only to confuse or mislead the jury, and waste time. Fed. R. Evid. 801, 802 – to the extent the document is offered to prove the truth of the alleged out-of-court statements contained therein. |
| | * | P105 | GOOG-ROWE-00058542 | GOOG-ROWE-00058555 | Google acknowledges that Judge Schofield ruled on the relevance of this exhibit in her Order on Defendant's motion *in limine*, but did not opine on the hearsay objections raised. (ECF 292 ¶ 2.) Fed. R. Evid. 801, 802 – the notes prepared during the investigation of the complaint consist solely of alleged out-of-court statements offered for the truth of the matters asserted. |

| | ** | P106 | GOOG-ROWE-00060571 | GOOG-ROWE-00060573 | |
| | ** | P107 | GOOG-ROWE-00055391 | GOOG-ROWE-00055393 | |
| | * | P108 | GOOG-ROWE-00056990 | GOOG-ROWE-00057014 | Fed. R. Evid. 801, 802 – the notes prepared during the investigation of the complaint consist solely of alleged out-of-court statements offered for their truth. |
| | ** | P109 | GOOG-ROWE-P-00004556 | GOOG-ROWE-P-00004556 | |
| | * | P110 | GOOG-ROWE-00055946 | GOOG-ROWE-00055998 | Fed. R. Evid. 401, 403 – the document is irrelevant unless Plaintiff can show that this is the version of one of Google's workplace trainings taken by one of the relevant decision makers in the case. |
| | ** | P111 | GOOG-ROWE-00056272 | GOOG-ROWE-00056273 | |
| | * | P112 | GOOG-ROWE-00056868 | GOOG-ROWE-00056874 | Fed. R. Evid. 801, 802 – the document consists of several alleged out-of-court statements offered to prove the truth of the matters asserted. |
| | | P113 | GOOG-ROWE-00060591 | GOOG-ROWE-00060591 | Fed. R. Evid. 401, 403 – the excel spreadsheet contains compensation information for Plaintiff's alleged comparators for years or partial years for which they indisputably performed roles other than L8 or L9 Technical Directors in OCTO, and Plaintiff has abandoned her claim that she is comparable to individuals who hold those other |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | roles. The information is therefore irrelevant to her claims, and its introduction into evidence will serve to prejudice Defendant, or mislead and confuse the jury. Fed. R. Evid. 1006 - To the extent Plaintiff offers a "summary" document of the excel spreadsheet in lieu of the actual document produced in discovery, the spreadsheet in question is not so voluminous that it cannot be conveniently examined at trial, and Plaintiff's "summary" is just as "voluminous" as the document she purports to summarize. Finally, Plaintiff has not identified a competent witness who prepared the "summary" for cross-examination. Should the Court admit the "summary" into evidence, Defendant respectfully requests that the underlying document also be admitted and the jury be given a cautionary instruction to carefully examine whether the chart is an accurate reflection of that underlying document. |
| | * | P114 | GOOG-ROWE-00058782 | GOOG-ROWE-00058782 | Fed. R. Evid. 401, 403 – there is no evidence in the record that any witness at Google consulted this document when making any of the challenged decisions, and its introduction into evidence serves only to confuse or mislead the jury, or waste time. |
| | ** | P115 | GOOG-ROWE-00083275 | GOOG-ROWE-00083300 | |
| | ** | P116 | GOOG-ROWE-00063078 | GOOG-ROWE-00063111 | |

| | | | | | |
|---|---|---|---|---|---|
| | * | P117 | GOOG-ROWE-00062565 | GOOG-ROWE-00062596 | Fed. R. Evid. 106 – the document is incomplete, and Mr. Eryurek's full hiring packet is available at D42. |
| | ** | P118 | GOOG-ROWE-00056318.R | GOOG-ROWE-00056346.R | |
| | ** | P119 | GOOG-ROWE-00019097.R | GOOG-ROWE-00019146.R | |
| | ** | P120 | GOOG-ROWE-00061880 | GOOG-ROWE-00061904 | |
| | ** | P121 | GOOG-ROWE-00062214 | GOOG-ROWE-00062241 | |
| | ** | P122 | GOOG-ROWE-00053826.R | GOOG-ROWE-00053832.R | |
| | ** | P122 (cont.) | GOOG-ROWE-00053841.R | GOOG-ROWE-00053847.R | |
| | ** | P122 (cont.) | GOOG-ROWE-00053875.R | GOOG-ROWE-00053878.R | |
| | ** | P122 (cont.) | GOOG-ROWE-00053837.R | GOOG-ROWE-00053840.R | |

| | ** | P123 | GOOG-ROWE-00056275 | GOOG-ROWE-00056275 | |
|---|---|---|---|---|---|
| | ** | P123 (cont.) | GOOG-ROWE-00056312 | GOOG-ROWE-00056315 | |
| | ** | P123 (cont.) | GOOG-ROWE-00056287 | GOOG-ROWE-00056294 | |
| | ** | P123 (cont.) | GOOG-ROWE-00056276 | GOOG-ROWE-00056282 | |
| | ** | P123 (cont.) | GOOG-ROWE-00056303 | GOOG-ROWE-00056311 | |
| | ** | P123 (cont.) | GOOG-ROWE-00056283 | GOOG-ROWE-00056286 | |
| | ** | P123 (cont.) | GOOG-ROWE-00056295 | GOOG-ROWE-00056302 | |
| | ** | P123 (cont.) | GOOG-ROWE-00079130 | GOOG-ROWE-00079133 | |
| | ** | P123 (cont.) | GOOG-ROWE-00079321 | GOOG-ROWE-00079323 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P123 (cont.) | GOOG-ROWE-00079317 | GOOG-ROWE-00079320 | |
| | ** | P123 (cont.) | GOOG-ROWE-00079382 | GOOG-ROWE-00079386 | |
| | ** | P123 (cont.) | GOOG-ROWE-00079175 | GOOG-ROWE-00079176 | |
| | ** | P123 (cont.) | GOOG-ROWE-00079406 | GOOG-ROWE-00079407 | |
| | ** | P123 (cont.) | GOOG-ROWE-00082596 | GOOG-ROWE-00082603 | |
| | ** | P123 (cont.) | GOOG-ROWE-00082628 | GOOG-ROWE-00082636 | |
| | ** | P123 (cont.) | GOOG-ROWE-00082943 | GOOG-ROWE-00082949 | |
| | ** | P123 (cont.) | GOOG-ROWE-00082764 | GOOG-ROWE-00082771 | |
| | ** | P124 | GOOG-ROWE-00053889.R | GOOG-ROWE-00053890.R | |

| | ** | P124 (cont.) | GOOG-ROWE-00053833.R | GOOG-ROWE-00053835.R | |
|---|---|---|---|---|---|
| | ** | P124 (cont.) | GOOG-ROWE-00053891.R | GOOG-ROWE-00053894.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053864.R | GOOG-ROWE-00053868.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053852.R | GOOG-ROWE-00053861.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053901.R | GOOG-ROWE-00053909.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053885.R | GOOG-ROWE-00053888.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00053879.R | GOOG-ROWE-00053881.R | |
| | ** | P124 (cont.) | GOOG-ROWE-00067197 | GOOG-ROWE-00067207 | |
| | ** | P124 (cont.) | GOOG-ROWE-00067208 | GOOG-ROWE-00067213 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P124 (cont.) | GOOG-ROWE-00067233 | GOOG-ROWE-00067237 | |
| | ** | P124 (cont.) | GOOG-ROWE-00079027 | GOOG-ROWE-00079031 | |
| | ** | P124 (cont.) | GOOG-ROWE-00079104 | GOOG-ROWE-00079107 | |
| | ** | P124 (cont.) | GOOG-ROWE-00079095 | GOOG-ROWE-00079098 | |
| | ** | P124 (cont.) | GOOG-ROWE-00079099 | GOOG-ROWE-00079103 | |
| | ** | P124 (cont.) | GOOG-ROWE-00078984 | GOOG-ROWE-00078993 | |
| | ** | P124 (cont.) | GOOG-ROWE-00079145 | GOOG-ROWE-00079153 | |
| | ** | P124 (cont.) | GOOG-ROWE-00082556 | GOOG-ROWE-00082564 | |
| | ** | P124 (cont.) | GOOG-ROWE-00082565 | GOOG-ROWE-00082573 | |

| | ** | P124 (cont.) | GOOG-ROWE-00082574 | GOOG-ROWE-00082584 | |
| | ** | P124 (cont.) | GOOG-ROWE-00082585 | GOOG-ROWE-00082595 | |
| | ** | P124 (cont.) | GOOG-ROWE-00083158 | GOOG-ROWE-00083158 | |
| | ** | P124 (cont.) | GOOG-ROWE-00083159 | GOOG-ROWE-00083160 | |
| | ** | P125 | GOOG-ROWE-00053811.R | GOOG-ROWE-00053811.R | |
| | ** | P125 (cont.) | GOOG-ROWE-00053803.R | GOOG-ROWE-00053810.R | |
| | ** | P125 (cont.) | GOOG-ROWE-00053812.R | GOOG-ROWE-00053819.R | |
| | ** | P125 (cont.) | GOOG-ROWE-00053798.R | GOOG-ROWE-00053802.R | |
| | ** | P125 (cont.) | GOOG-ROWE-00053820.R | GOOG-ROWE-00053824.R | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P125 (cont.) | GOOG-ROWE-00067168 | GOOG-ROWE-00067177 | |
| | ** | P125 (cont.) | GOOG-ROWE-00067178 | GOOG-ROWE-00067186 | |
| | ** | P125 (cont.) | GOOG-ROWE-00067187 | GOOG-ROWE-00067191 | |
| | ** | P125 (cont.) | GOOG-ROWE-00067192 | GOOG-ROWE-00067196 | |
| | ** | P125 (cont.) | GOOG-ROWE-00082647 | GOOG-ROWE-00082648 | |
| | ** | P125 (cont.) | GOOG-ROWE-00082688 | GOOG-ROWE-00082688 | |
| | ** | P125 (cont.) | GOOG-ROWE-00082923 | GOOG-ROWE-00082928 | |
| | ** | P125 (cont.) | GOOG-ROWE-00082929 | GOOG-ROWE-00082933 | |
| | ** | P126 | GOOG-ROWE-00017907 | GOOG-ROWE-00017913 | |

| | ** | P126 (cont.) | GOOG-ROWE-00017929 | GOOG-ROWE-00017933 | |
| --- | --- | --- | --- | --- | --- |
| | ** | P126 (cont.) | GOOG-ROWE-00017914 | GOOG-ROWE-00017918 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017885 | GOOG-ROWE-00017890 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017936 | GOOG-ROWE-00017941 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017897 | GOOG-ROWE-00017906 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017949 | GOOG-ROWE-00017957 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017919 | GOOG-ROWE-00017919 | |
| | ** | P126 (cont.) | GOOG-ROWE-00017935 | GOOG-ROWE-00017935 | |
| | ** | P126 (cont.) | GOOG-ROWE-00056246 | GOOG-ROWE-00056251 | |

| | ** | P126 (cont.) | GOOG-ROWE-00079122 | GOOG-ROWE-00079124 | |
|---|---|---|---|---|---|
| | ** | P126 (cont.) | GOOG-ROWE-00079125 | GOOG-ROWE-00079126 | |
| | ** | P126 (cont.) | GOOG-ROWE-00079022 | GOOG-ROWE-00079022 | |
| | ** | P126 (cont.) | GOOG-ROWE-00079128 | GOOG-ROWE-00079129 | |
| | ** | P126 (cont.) | GOOG-ROWE-00079156 | GOOG-ROWE-00079161 | |
| | ** | P126 (cont.) | GOOG-ROWE-00079165 | GOOG-ROWE-00079168 | |
| | ** | P126 (cont.) | GOOG-ROWE-00082726 | GOOG-ROWE-00082731 | |
| | ** | P126 (cont.) | GOOG-ROWE-00082821 | GOOG-ROWE-00082827 | |
| | ** | P126 (cont.) | GOOG-ROWE-00082816 | GOOG-ROWE-00082820 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P126 (cont.) | GOOG-ROWE-00082918 | GOOG-ROWE-00082922 | |
| | ** | P126 (cont.) | GOOG-ROWE-00083196 | GOOG-ROWE-00083196 | |
| | ** | P127 | GOOG-ROWE-00067274 | GOOG-ROWE-00067274 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067253 | GOOG-ROWE-00067256 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067257 | GOOG-ROWE-00067264 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067272 | GOOG-ROWE-00067272 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067265 | GOOG-ROWE-00067271 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067273 | GOOG-ROWE-00067273 | |
| | ** | P127 (cont.) | GOOG-ROWE-00067275 | GOOG-ROWE-00067281 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P127 (cont.) | GOOG-ROWE-00079134 | GOOG-ROWE-00079134 | |
| | ** | P127 (cont.) | GOOG-ROWE-00079242 | GOOG-ROWE-00079242 | |
| | ** | P127 (cont.) | GOOG-ROWE-00079405 | GOOG-ROWE-00079405 | |
| | ** | P127 (cont.) | GOOG-ROWE-00079062 | GOOG-ROWE-00079063 | |
| | ** | P127 (cont.) | GOOG-ROWE-00079170 | GOOG-ROWE-00079174 | |
| | ** | P127 (cont.) | GOOG-ROWE-00079056 | GOOG-ROWE-00079061 | |
| | ** | P127 (cont.) | GOOG-ROWE-00082702 | GOOG-ROWE-00082603 | |
| | ** | P127 (cont.) | GOOG-ROWE-00082805 | GOOG-ROWE-00082815 | |
| | ** | P127 (cont.) | GOOG-ROWE-00082637 | GOOG-ROWE-00082646 | |

| | ** | P127 (cont.) | GOOG-ROWE-00082950 | GOOG-ROWE-00082955 | |
| --- | --- | --- | --- | --- | --- |
| | ** | P127 (cont.) | GOOG-ROWE-00083184 | GOOG-ROWE-00083184 | |
| | ** | P127 (cont.) | GOOG-ROWE-00083185 | GOOG-ROWE-00083185 | |
| | ** | P128 | GOOG-ROWE-00053862.R | GOOG-ROWE-00053862.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053863.R | GOOG-ROWE-00053863.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053848.R | GOOG-ROWE-00053851.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053882.R | GOOG-ROWE-00053884.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053869.R | GOOG-ROWE-00053874.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00053895.R | GOOG-ROWE-00053900.R | |

| | ** | P128 (cont.) | GOOG-ROWE-00053825.R | GOOG-ROWE-00053825.R | |
| --- | --- | --- | --- | --- | --- |
| | ** | P128 (cont.) | GOOG-ROWE-00053836.R | GOOG-ROWE-00053836.R | |
| | ** | P128 (cont.) | GOOG-ROWE-00067225 | GOOG-ROWE-00067232 | |
| | ** | P128 (cont.) | GOOG-ROWE-00067238 | GOOG-ROWE-00067246 | |
| | ** | P128 (cont.) | GOOG-ROWE-00067214 | GOOG-ROWE-00067218 | |
| | ** | P128 (cont.) | GOOG-ROWE-00067219 | GOOG-ROWE-00067224 | |
| | ** | P128 (cont.) | GOOG-ROWE-00079127 | GOOG-ROWE-00079127 | |
| | ** | P128 (cont.) | GOOG-ROWE-00079169 | GOOG-ROWE-00079169 | |
| | ** | P128 (cont.) | GOOG-ROWE-00082614 | GOOG-ROWE-00082627 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P128 (cont.) | GOOG-ROWE-00082649 | GOOG-ROWE-00082661 | |
| | ** | P128 (cont.) | GOOG-ROWE-00082732 | GOOG-ROWE-00082739 | |
| | ** | P128 (cont.) | GOOG-ROWE-00082900 | GOOG-ROWE-00082908 | |
| | * | P129 | GOOG-ROWE-00053772.R | GOOG-ROWE-00053773.R | Fed. R. Evid. 401, 403 – to the extent Plaintiff offers this document to demonstrate Mr. Breslow's compensation prior to the date on which she alleged he was given the Financial Services Vertical Lead role she sought, the information is irrelevant because Mr. Breslow was not hired as a Technical Director in OCTO, and therefore what Google paid Mr. Breslow in this role has no bearing on the issues to be tried. Its introduction into evidence serves only to confuse and mislead the jury. |
| | ** | P129 (cont.) | GOOG-ROWE-00053774.R | GOOG-ROWE-00053775.R | |
| | ** | P130 | GOOG-ROWE-00055386 | GOOG-ROWE-00055386 | |
| | ** | P130 (cont.) | GOOG-ROWE-00055389 | GOOG-ROWE-00055390 | |

| | ** | P130 (cont.) | GOOG-ROWE-00078246 | GOOG-ROWE-00078247 | |
|---|---|---|---|---|---|
| | ** | P130 (cont.) | GOOG-ROWE-00068458 | GOOG-ROWE-00068459 | |
| | ** | P130 (cont.) | GOOG-ROWE-00078273 | GOOG-ROWE-00078274 | |
| | ** | P131 | GOOG-ROWE-00053776.R | GOOG-ROWE-00053777.R | |
| | * | P131 (cont.) | GOOG-ROWE-00053778.R | GOOG-ROWE-00053779.R | Fed. R. Evid. 401, 403 – Mr. Eryurek's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager beginning in August of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| | * | P131 (cont.) | GOOG-ROWE-00053780.R | GOOG-ROWE-00053781.R | Fed. R. Evid. 401, 403 – Mr. Eryurek's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager beginning in August of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |

| | | | | | |
|---|---|---|---|---|---|
| * | P131 (cont.) | GOOG-ROWE-00078263 | GOOG-ROWE-00078264 | Fed. R. Evid. 401, 403 – Mr. Eryurek's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager beginning in August of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| * | P131 (cont.) | GOOG-ROWE-00078236 | GOOG-ROWE-00078237 | Fed. R. Evid. 401, 403 – Mr. Eryurek's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager beginning in August of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| ** | P132 | GOOG-ROWE-00053782.R | GOOG-ROWE-00053782.R | |
| * | P132 (cont.) | GOOG-ROWE-00053783.R | GOOG-ROWE-00053784.R | Fed. R. Evid. 401, 403 – Mr. Harteau's compensation at this point in time is irrelevant because he was indisputably performing the work of an Engineering Director supervising a team of Software Engineers beginning in September of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |

| | | | | | |
|---|---|---|---|---|---|
| | * | P132 (cont.) | GOOG-ROWE-00053785.R | GOOG-ROWE-00053786.R | Fed. R. Evid. 401, 403 – Mr. Harteau's compensation at this point in time is irrelevant because he was indisputably performing the work of an Engineering Director supervising a team of Software Engineers beginning in September of 2018, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| | ** | P133 | GOOG-ROWE-00078071 | GOOG-ROWE-00078072 | |
| | ** | P133 (cont.) | GOOG-ROWE-00078069 | GOOG-ROWE-00078070 | |
| | ** | P133 (cont.) | GOOG-ROWE-00083094 | GOOG-ROWE-00083095 | |
| | ** | P133 (cont.) | GOOG-ROWE-00083096 | GOOG-ROWE-00083096 | |
| | ** | P133 (cont.) | GOOG-ROWE-00083097 | GOOG-ROWE-00083098 | |
| | ** | P134 | GOOG-ROWE-00017984 | GOOG-ROWE-00017985 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P134 (cont.) | GOOG-ROWE-00017958 | GOOG-ROWE-00017959 | |
| | ** | P134 (cont.) | GOOG-ROWE-00078216 | GOOG-ROWE-00078217 | |
| | ** | P134 (cont.) | GOOG-ROWE-00078244 | GOOG-ROWE-00078245 | |
| | ** | P134 (cont.) | GOOG-ROWE-00078294 | GOOG-ROWE-00078295 | |
| | ** | P134 (cont.) | GOOG-ROWE-00083067 | GOOG-ROWE-00083068 | |
| | ** | P134 (cont.) | GOOG-ROWE-00083069 | GOOG-ROWE-00083069 | |
| | ** | P134 (cont.) | GOOG-ROWE-00083070 | GOOG-ROWE-00083071 | |
| | ** | P135 | GOOG-ROWE-00067249 | GOOG-ROWE-00067250 | |
| | ** | P135 (cont.) | GOOG-ROWE-00067251 | GOOG-ROWE-00067252 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | P135 (cont.) | GOOG-ROWE-00067247 | GOOG-ROWE-00067248 | |
| | ** | P135 (cont.) | GOOG-ROWE-00068466 | GOOG-ROWE-00068467 | |
| | ** | P135 (cont.) | GOOG-ROWE-00078292 | GOOG-ROWE-00078293 | |
| | ** | P135 (cont.) | GOOG-ROWE-00083046 | GOOG-ROWE-00083047 | |
| | ** | P135 (cont.) | GOOG-ROWE-00083048 | GOOG-ROWE-00083048 | |
| | ** | P135 (cont.) | GOOG-ROWE-00083049 | GOOG-ROWE-00083050 | |
| | ** | P136 | GOOG-ROWE-00053787.R | GOOG-ROWE-00053787.R | |
| | ** | P136 (cont.) | GOOG-ROWE-00053788.R | GOOG-ROWE-00053789.R | |
| | * | P136 (cont.) | GOOG-ROWE-00053790.R | GOOG-ROWE-00053791.R | Fed. R. Evid. 401, 403 – Mr. Wilson's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager as of late 2019, and Plaintiff has abandoned her claim that she is comparable to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| | * | P136 (cont.) | GOOG-ROWE-00068464 | GOOG-ROWE-00068465 | Fed. R. Evid. 401, 403 – Mr. Wilson's compensation at this point in time is irrelevant because he was indisputably performing the work of a Director, Product Manager as of late 2019, and Plaintiff has abandoned her claim that she is comparable to individuals who hold this position. Its introduction into evidence therefore serves only to confuse or mislead the jury, and waste time. |
| | * | P137 | GOOG-ROWE-00060576 | GOOG-ROWE-00060578 | Fed. R. Evid. 401, 403 – Mr. Breslow was not hired into the role of Technical Director in OCTO, but rather an unrelated position outside of OCTO. What Google paid him to perform that role is irrelevant to the issues to be tried, and its introduction into evidence serves only to mislead and confuse the jury, and waste time. |
| | ** | P138 | GOOG-ROWE-00054163 | GOOG-ROWE-00054165 | |
| | ** | P139 | GOOG-ROWE-00054168 | GOOG-ROWE-00054170 | |
| | ** | P140 | GOOG-ROWE-00054161 | GOOG-ROWE-00054162 | |
| | ** | P141 | GOOG-ROWE-00078198 | GOOG-ROWE-00078202 | |

| | ** | P142 | GOOG-ROWE-00017920 | GOOG-ROWE-00017922 | |
| | ** | P143 | GOOG-ROWE-00064798 | GOOG-ROWE-00064800 | |
| | ** | P144 | GOOG-ROWE-00054166 | GOOG-ROWE-00054167 | |
| | ** | P145 | N/A | N/A | |
| | ** | P146 | N/A | N/A | |
| | * | P147 | N/A | N/A | Fed. R. Evid. 801, 802 – this declaration offered by Diane Greene at an earlier point in the case is an out-of-court statement offered to prove the truth of its contents. |
| | * | P148 | GOOG-ROWE-00082407 | GOOG-ROWE-00082414 | Fed. R. Evid. 401, 403 – any amounts paid to Mr. Shaukat upon his separation from employment with Google, and the terms of his severance agreement, have no bearing on the claims or defenses in this case. There is also no dispute that Mr. Shaukat will appear to testify at trial, and Google concedes that Plaintiff may ask Mr. Shaukat leading questions or otherwise treat him as an adverse witness. Therefore, there is no basis for the introduction of this confidential document into evidence, and it will only confuse |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | the issues, waste time, or mislead the jury. |
| | ** | P149 | GOOG-ROWE-00017533 | GOOG-ROWE-00017538 | |
| | ** | P150 | GOOG-ROWE-00056487 | GOOG-ROWE-00056488 | |
| | ** | P151 | GOOG-ROWE-00054218 | GOOG-ROWE-00054264 | |
| | * | P152 | GOOG-ROWE-00066522 | GOOG-ROWE-00066584 | Fed. R. Evid. 401, 403 –  P152 is the hiring packet for a Technical Director initially hired at L7. Plaintiff has maintained relevance and prejudice objections to similar or identical documents on Defendant's exhibit list on the grounds that "evidence of Google's consideration and leveling of other OCTO Technical Directors … has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff." (*See* Appendix B.) If that is true, Plaintiff's own objection is equally applicable to this exhibit. The sex of the Technical Director cannot be the basis for inclusion or exclusion of their hiring packets and work histories at trial. If Plaintiff introduces this exhibit, she must withdraw her objections to, or the Court should admit, the following exhibits in fairness, and failure to do so will result in prejudice to |

| | | | | | Defendant: D43, D44, D68, D69, D82, D83, D84, D85, D86, D87, D88, D89, D90, D91, D92, D93, D94, D102. |
|---|---|---|---|---|---|

# Appendix B

**Appendix B – Defendant's Proposed Exhibits**

| Advanced Ruling Requested | Object? | Exhibit | BeginBates | EndBates | Basis of Objection |
|---|---|---|---|---|---|
| | ** | D1 | GOOG-ROWE-00017375.R | GOOG-ROWE-00017378.R | |
| | ** | D2 | P001586 | P001586 | |
| | ** | D3 | GOOG-ROWE-00017406 | GOOG-ROWE-00017407 | |
| | ** | D4 | GOOG-ROWE-00017410 | GOOG-ROWE-00017411 | |
| | ** | D5 | GOOG-ROWE-00017425 | GOOG-ROWE-00017426 | |
| | ** | D6 | GOOG-ROWE-P-00000821 | GOOG-ROWE-P-00000821 | |
| | | D6 (cont.) | GOOG-ROWE-P-00004550 | GOOG-ROWE-00004552 | |
| | ** | D7 | GOOG-ROWE-00017554 | GOOG-ROWE-00017554 | |
| | ** | D8 | GOOG-ROWE-P-00001229 | GOOG-ROWE-P-00001229 | |
| | ** | D9 | GOOG-ROWE-00017555 | GOOG-ROWE-00017557 | |
| | ** | D10 | GOOG-ROWE-00017565.R | GOOG-ROWE-00017566.R | |
| | ** | D11 | GOOG-ROWE-00017568 | GOOG-ROWE-00017568 | |
| | ** | D12 | GOOG-ROWE-00017589 | GOOG-ROWE-00017591 | |
| | ** | D13 | GOOG-ROWE-00017598 | GOOG-ROWE-00017598 | |

| | ** | D14 | P000102 | P000102 | |
|---|---|---|---|---|---|
| | ** | D15 | GOOG-ROWE-00017642 | GOOG-ROWE-00017642 | |
| | ** | D16 | GOOG-ROWE-00017643 | GOOG-ROWE-00017643 | |
| | ** | D17 | GOOG-ROWE-00018015 | GOOG-ROWE-00018015 | |
| | ** | D18 | GOOG-ROWE-00030107 | GOOG-ROWE-00030112 | |
| | ** | D19 | GOOG-ROWE-00053767 | GOOG-ROWE-00053767 | |
| | ** | D20 | GOOG-ROWE-00060571 | GOOG-ROWE-00060573 | |
| | ** | D21 | GOOG-ROWE-00055391 | GOOG-ROWE-00055393 | |
| | ** | D23 | GOOG-ROWE-00060579.R | GOOG-ROWE-00060590.R | |
| | ** | D24 | GOOG-ROWE-00063078 | GOOG-ROWE-00063111 | |
| | ** | D25 | GOOG-ROWE-00056318.R | GOOG-ROWE-00056346.R | |
| | ** | D26 | GOOG-ROWE-00019097.R | GOOG-ROWE-00019146.R | |
| | ** | D27 | GOOG-ROWE-00061880 | GOOG-ROWE-00061904 | |
| | ** | D28 | GOOG-ROWE-00062214 | GOOG-ROWE-00062241 | |
| | ** | D29 | Plaintiff's 122 | Plaintiff's 122 | |
| | ** | D29 (cont.) | GOOG-ROWE-00053826.R | GOOG-ROWE-00053832.R | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D29 (cont.) | GOOG-ROWE-00053837.R | GOOG-ROWE-00053840.R | |
| | ** | D30 | GOOG-ROWE-00056312 | GOOG-ROWE-00056315 | |
| | ** | D30 (cont.) | GOOG-ROWE-00056287 | GOOG-ROWE-00056294 | |
| | ** | D30 (cont.) | GOOG-ROWE-00056276 | GOOG-ROWE-00056282 | |
| | ** | D30 (cont.) | GOOG-ROWE-00056303 | GOOG-ROWE-00056311 | |
| | ** | D30 (cont.) | GOOG-ROWE-00056283 | GOOG-ROWE-00056286 | |
| | ** | D30 (cont.) | GOOG-ROWE-82943 | GOOG-ROWE-00082949 | |
| | ** | D30 (cont.) | GOOG-ROWE-00082764 | GOOG-ROWE-00082771 | |
| | ** | D30 (cont.) | GOOG-ROWE-00079130 | GOOG-ROWE-00079133 | |
| | ** | D30 (cont.) | GOOG-ROWE-00079382 | GOOG-ROWE-00079386 | |
| | ** | D31 | GOOG-ROWE-00053833.R | GOOG-ROWE-00053835.R | |
| | ** | D31 (cont.) | GOOG-ROWE-00053891.R | GOOG-ROWE-00053894.R | |
| | ** | D31 (cont.) | GOOG-ROWE-00053852.R | GOOG-ROWE-00053861.R | |
| | ** | D31 (cont.) | GOOG-ROWE-00053885.R | GOOG-ROWE-00053888.R | |
| | ** | D31 (cont.) | GOOG-ROWE-00053885.R | GOOG-ROWE-00053888.R | |

| | ** | D31 (cont.) | GOOG-ROWE-00067197 | GOOG-ROWE-00067207 | |
| | ** | D31 (cont.) | GOOG-ROWE-00067208 | GOOG-ROWE-00067213 | |
| | ** | D31 (cont.) | GOOG-ROWE-00079099 | GOOG-ROWE-00079103 | |
| | ** | D31 (cont.) | GOOG-ROWE-00078984 | GOOG-ROWE-00078993 | |
| | ** | D31 (cont.) | GOOG-ROWE-00079145 | GOOG-ROWE-00079153 | |
| | ** | D32 | GOOG-ROWE-00053803.R | GOOG-ROWE-00053810.R | |
| | ** | D32 (cont.) | GOOG-ROWE-00053820.R | GOOG-ROWE-00053824.R | |
| | ** | D33 | GOOG-ROWE-00017907 | GOOG-ROWE-00017913 | |
| | ** | D33 (cont.) | GOOG-ROWE-00017967 | GOOG-ROWE-00017971 | |
| | ** | D33 (cont.) | GOOG-ROWE-00017936 | GOOG-ROWE-00017941 | |
| | ** | D33 (cont.) | GOOG-ROWE-00017949 | GOOG-ROWE-00017957 | |
| | ** | D33 (cont.) | GOOG-ROWE-00017919 | GOOG-ROWE-00017919 | |
| | ** | D33 (cont.) | GOOG-ROWE-00082816 | GOOG-ROWE-00082820 | |
| | ** | D33 (cont.) | GOOG-ROWE-00082918 | GOOG-ROWE-00082922 | |
| | ** | D33 (cont.) | GOOG-ROWE-00082726 | GOOG-ROWE-00082731 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D33 (cont.) | GOOG-ROWE-00082821 | GOOG-ROWE-00082827 | |
| | ** | D33 (cont.) | GOOG-ROWE-00079122 | GOOG-ROWE-00079124 | |
| | ** | D33 (cont.) | GOOG-ROWE-00079128 | GOOG-ROWE-00079129 | |
| | ** | D33 (cont.) | GOOG-ROWE-00079156 | GOOG-ROWE-00079161 | |
| | ** | D34 | GOOG-ROWE-00067253 | GOOG-ROWE-00067256 | |
| | ** | D34 (cont.) | GOOG-ROWE-00067257 | GOOG-ROWE-00067264 | |
| | ** | D34 (cont.) | GOOG-ROWE-00067272 | GOOG-ROWE-00067272 | |
| | ** | D34 (cont.) | GOOG-ROWE-00067265 | GOOG-ROWE-00067271 | |
| | ** | D34 (cont.) | GOOG-ROWE-00067273 | GOOG-ROWE-00067273 | |
| | ** | D34 (cont.) | GOOG-ROWE-00082950 | GOOG-ROWE-00082955 | |
| | ** | D34 (cont.) | GOOG-ROWE-00082637 | GOOG-ROWE-00082646 | |
| | ** | D34 (cont.) | GOOG-ROWE-00079242 | GOOG-ROWE-00079242 | |
| | ** | D34 (cont.) | GOOG-ROWE-00079062 | GOOG-ROWE-00079063 | |
| | ** | D34 (cont.) | GOOG-ROWE-00079056 | GOOG-ROWE-00079061 | |
| | ** | D35 | GOOG-ROWE-00053848 | GOOG-ROWE-00053851 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D35 (cont.) | GOOG-ROWE-00053869 | GOOG-ROWE-00053874 | |
| | ** | D35 (cont.) | GOOG-ROWE-00053825.R | GOOG-ROWE-00053825.R | |
| | ** | D35 (cont.) | GOOG-ROWE-00067225 | GOOG-ROWE-00067232 | |
| | ** | D35 (cont.) | GOOG-ROWE-00067214 | GOOG-ROWE-00067218 | |
| | ** | D35 (cont.) | GOOG-ROWE-00082732 | GOOG-ROWE-00082739 | |
| | ** | D35 (cont.) | GOOG-ROWE-00082900 | GOOG-ROWE-00082908 | |
| | ** | D36 | EXHIBIT INTENTIONALLY LEFT BLANK | | |
| | ** | D37 | EXHIBIT INTENTIONALLY LEFT BLANK | | |
| ^ | * | D38 | P001584 | P001585 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – document concerns roles not at issue in this case; no evidence this document was considered/relied upon by any decision-maker |
| | ** | D39 | Solutions Consultant Job Ladder (Produced to Plaintiff without bates) | | |
| | * | D40 | GOOG-ROWE-P-00000827 | GOOG-ROWE-P-00000828 | Fed R. Evid. 801 (Hearsay) – Summary of Stuart Breslow's background as characterized by Tariq Shaukat offered for its truth |
| | ** | D41 | GOOG-ROWE-00056975 | GOOG-ROWE-00056976 | |
| | ** | D42 | GOOG-ROWE-00061917 | GOOG-ROWE-00061966 | |

| | | | | | |
|---|---|---|---|---|---|
| | * | D43 | GOOG-ROWE-00063979 | GOOG-ROWE-00064012 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff; Fed. R. Evid. 801 (Hearsay) – out-of-court opinions about candidate's qualifications for the Technical Director role offered for their truth |
| | * | D44 | GOOG-ROWE-00063516 | GOOG-ROWE-00063589 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff; Fed. R. Evid. 801 (Hearsay) – out-of-court opinions about candidate's qualifications for the Technical Director role offered for their truth |
| | | D45 | GOOG-ROWE-00017721 | GOOG-ROWE-00017721 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSVL role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes unattributed feedback and commentary from unknown source(s) offered for its truth |
| | ** | D46 | GOOG-ROWE-00019062 | GOOG-ROWE-00019062 | |

| | ** | D47 | P000550 | P000552 | |
|---|---|---|---|---|---|
| | ** | D48 | GOOG-ROWE-00058500 | GOOG-ROWE-00058500 | |
| ^ | | D49 | GOOG-ROWE-00062494 | GOOG-ROWE-00062499 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – document of unknown origin regarding Nicholas Harteau's ladder transfer is not relevant, and will prejudice, mislead and confuse the jury; Fed. R. Evid. 801 (Hearsay) – out-of-court statements about Nicholas Harteau's performance and qualifications offered for their truth |
| ^ | * | D50 | GOOG-ROWE-00082724 | GOOG-ROWE-00082724 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082973 | GOOG-ROWE-00082973 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082871 | GOOG-ROWE-00082876 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082672 | GOOG-ROWE-00082681 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082964 | GOOG-ROWE-00082969 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082956 | GOOG-ROWE-00082963 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |

| | | | | | |
|---|---|---|---|---|---|
| ^ | * | D50 (cont.) | GOOG-ROWE-00082881 | GOOG-ROWE-00082885 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082790 | GOOG-ROWE-00082797 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082689 | GOOG-ROWE-00082696 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00079140 | GOOG-ROWE-00079144 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00079004 | GOOG-ROWE-00079005 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00079000 | GOOG-ROWE-00079000 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D50 (cont.) | GOOG-ROWE-00082697 | GOOG-ROWE-00082701 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 | GOOG-ROWE-00082877 | GOOG-ROWE-00082880 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |

| | | | | | |
|---|---|---|---|---|---|
| ^ | * | D51 (cont.) | GOOG-ROWE-00082725 | GOOG-ROWE-00082725 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082751 | GOOG-ROWE-00082763 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082887 | GOOG-ROWE-00082899 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082798 | GOOG-ROWE-00082800 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082713 | GOOG-ROWE-00082723 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082854 | GOOG-ROWE-00082863 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082662 | GOOG-ROWE-00082671 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082867 | GOOG-ROWE-00082870 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082772 | GOOG-ROWE-00082781 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |

| | | | | | |
|---|---|---|---|---|---|
| ^ | * | D51 (cont.) | GOOG-ROWE-00082801 | GOOG-ROWE-00082804 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | * | D51 (cont.) | GOOG-ROWE-00082782 | GOOG-ROWE-00082789 | Fed. R. Evid. 402, 403 (Relevance, Prejudice, Hearsay) – Will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative. |
| ^ | | D52 | GOOG-ROWE-00063425 | GOOG-ROWE-00063428 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – document of unknown origin regarding Ben Wilson's ladder transfer is not relevant, and will prejudice, mislead and confuse the jury; Fed. R. Evid. 801 (Hearsay) – out-of-court statements about Ben Wilson's performance and qualifications offered for their truth |
| | ** | D53 | GOOG-ROWE-00054267 | GOOG-ROWE-00054267 | |
| | ** | D54 | GOOG-ROWE-00018551 | GOOG-ROWE-00018552 | |
| | * | D55 | GOOG-ROWE-00059007 | GOOG-ROWE-00059012 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSVL role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes unattributed feedback and commentary from unknown source(s) offered for its truth |
| | ** | D56 | P000729 | P000733 | |
| | ** | D57 | P000735 | P000735 | |
| | ** | D58 | GOOG-ROWE-P-00000773 | GOOG-ROWE-P-00000775 | |
| | ** | D59 | GOOG-ROWE-00059673 | GOOG-ROWE-00059677 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D60 | GOOG-ROWE-00057051 | GOOG-ROWE-00057052 | |
| | ** | D61 | GOOG-ROWE-00057020 | GOOG-ROWE-00057020 | |
| | * | D62 | GOOG-ROWE-00017533 | GOOG-ROWE-00017538 | Fed R. Evid. 801 (Hearsay) – out-of-court statement about Plaintiff's fitness for the FSVL role being offered for its truth |
| | ** | D63 | GOOG-ROWE-00017717 | GOOG-ROWE-00017720 | |
| | * | D64 | GOOG-ROWE-00056972 | GOOG-ROWE-00056972 | Fed R. Evid. 801 (Hearsay) – out-of-court statements offered for their truth, including double-hearsay statements about statements made by others, concerning the FSVL role |
| | * | D65 | GOOG-ROWE-00056487 | GOOG-ROWE-00056488 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSVL role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes unattributed feedback and commentary from unknown source(s) offered for its truth |
| ^ | * | D66 | GOOG-ROWE-00053763 | GOOG-ROWE-00053763 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – document reflects a web tool that (a) Google stopped using 12/1/17 and (b) was not used for any leveling decision relevant to this case. Admission would prejudice, mislead and confuse jurors to draw incorrect/unsupported conclusions |
| | ** | D67 | GOOG-ROWE-00018011 | GOOG-ROWE-00018013 | |

| | | | | | |
|---|---|---|---|---|---|
| | * | D68 | GOOG-ROWE-00065032 | GOOG-ROWE-00065090 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of a Technical Director candidate three years after Plaintiff's hire and protected complaints is not relevant as Plaintiff was not considered against this candidate, and admission will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes feedback and commentary offered for its truth |
| | * | D69 | GOOG-ROWE-00064910 | GOOG-ROWE-00064968 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of a Technical Director candidate three years after Plaintiff's hire and protected complaints is not relevant as Plaintiff was not considered against them, and admission will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes feedback and commentary offered for its truth; |
| | * | D70 | GOOG-ROWE-00055394.R | GOOG-ROWE-00055418.R | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court opinions about candidate's qualifications for the VP-FS role offered for their truth |

| | | | | | |
|---|---|---|---|---|---|
| | * | D71 | GOOG-ROWE-00062337 | GOOG-ROWE-00062344 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSVL role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes feedback and commentary offered for its truth |
| | | D72 | GOOG-ROWE-00063421 | GOOG-ROWE-00063424 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSVL role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – candidate's resume offered for its truth |
| | | D73 | GOOG-ROWE-00061871 | GOOG-ROWE-00061872 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSVL role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – candidate's resume offered for its truth |

| | | | | | |
|---|---|---|---|---|---|
| | | D74 | GOOG-ROWE-00082370 | GOOG-ROWE-00082372 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSVL role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court statements concerning consideration process offered for their truth Further object because Google did not produce this document until November 17, 2022, over 1 ½ years after the close of discovery |
| | ** | D75 | GOOG-ROWE-00082367 | GOOG-ROWE-00082369 | |
| | | D76 | GOOG-ROWE-00082359 | GOOG-ROWE-00082366 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court statements concerning consideration process offered for their truth Further object because Google did not produce this document until November 17, 2022, over 1 ½ years after the close of discovery |

| | | | | | |
|---|---|---|---|---|---|
| | | D77 | GOOG-ROWE-00082356 | GOOG-ROWE-00082358 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court statements concerning consideration process offered for their truth Further object because Google did not produce this document until November 17, 2022, over 1 ½ years after the close of discovery |
| | | D78 | GOOG-ROWE-00082351 | GOOG-ROWE-00082355 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court statements concerning consideration process offered for their truth Further object because Google did not produce this document until November 17, 2022, over 1 ½ years after the close of discovery |

| | | | | | |
|---|---|---|---|---|---|
| | * | D79 | GOOG-ROWE-00078164 | GOOG-ROWE-00078169 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the VP-FS role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – out-of-court opinions about candidate's qualifications for the VP-FS role offered for their truth |
| | | D80 | GOOG-ROWE-00017873.R | GOOG-ROWE-00017875.R | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration of other candidates for the FSVL role is not relevant, as Plaintiff was not considered against them, and will prejudice, mislead and confuse the jury; Fed R. Evid. 801 (Hearsay) – includes unattributed feedback and commentary from unknown source(s) offered for its truth |
| | ** | D81 | GOOG-ROWE-00060560 | GOOG-ROWE-00060562 | |
| | | D82 | GOOG-ROWE-00069067 | GOOG-ROWE-00069071 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |

| | | | | | |
|---|---|---|---|---|---|
| | | D83 | GOOG-ROWE-00068834 | GOOG-ROWE-00068838 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D84 | GOOG-ROWE-00068890 | GOOG-ROWE-00068894 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D85 | GOOG-ROWE-00068703 | GOOG-ROWE-00068708 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D86 | GOOG-ROWE-00064541 | GOOG-ROWE-00064544 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |

| | | | | | |
|---|---|---|---|---|---|
| | | D87 | GOOG-ROWE-00068515 | GOOG-ROWE-00068518 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D88 | GOOG-ROWE-00068946 | GOOG-ROWE-00068951 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D89 | GOOG-ROWE-00068895 | GOOG-ROWE-00068900 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D90 | GOOG-ROWE-00068797 | GOOG-ROWE-00068801 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |

| | | | | | |
|---|---|---|---|---|---|
| | | D91 | GOOG-ROWE-00069008 | GOOG-ROWE-00069015 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D92 | GOOG-ROWE-00068680 | GOOG-ROWE-00068683 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D93 | GOOG-ROWE-00068776 | GOOG-ROWE-00068779 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | | D94 | GOOG-ROWE-00068606 | GOOG-ROWE-00068610 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff. |
| | ** | D95 | GOOG-ROWE-00019996 | GOOG-ROWE-00019997 | |
| | ** | D96 | GOOG-ROWE-00078369 | GOOG-ROWE-00078374 | |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D97 | GOOG-ROWE-00078434 | GOOG-ROWE-00078440 | |
| | ** | D98 | GOOG-ROWE-00078508 | GOOG-ROWE-00078514 | |
| | ** | D99 | GOOG-ROWE-00078530 | GOOG-ROWE-00078535 | |
| | ** | D100 | GOOG-ROWE-00078460 | GOOG-ROWE-00078464 | |
| | ** | D101 | GOOG-ROWE-00078411 | GOOG-ROWE-00078417 | |
| | ** | D102 | GOOG-ROWE-00068214 | GOOG-ROWE-00068254 | |
| | * | D102 (cont.) | GOOG-ROWE-00067314 | GOOG-ROWE-00067348 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00068255 | GOOG-ROWE-00068297 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00067464 | GOOG-ROWE-00067495 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |

| | | | | | |
|---|---|---|---|---|---|
| | ** | D102 (cont.) | GOOG-ROWE-00067600 | GOOG-ROWE-00067632 | |
| | ** | D102 (cont.) | GOOG-ROWE-00067538 | GOOG-ROWE-00067585 | |
| | ** | D102 (cont.) | GOOG-ROWE-00067931 | GOOG-ROWE-00067955 | |
| | ** | D102 (cont.) | GOOG-ROWE-00068171 | GOOG-ROWE-00068213 | |
| | ** | D102 (cont.) | GOOG-ROWE-00067282 | GOOG-ROWE-00067313 | |
| | * | D102 (cont.) | GOOG-ROWE-00067349 | GOOG-ROWE-00067365 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00067392 | GOOG-ROWE-00067432 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00067633 | GOOG-ROWE-00067652 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 7 or 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00067729 | GOOG-ROWE-00067743 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 7 or 8 |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00067685 | GOOG-ROWE-00067728 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00068298 | GOOG-ROWE-00068332 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |
| | * | D102 (cont.) | GOOG-ROWE-00068333 | GOOG-ROWE-00068366 | Fed. R. Evid. 402, 403 (Relevance, Prejudice) – evidence of compensation Google paid to OCTO Technical Directors at Level 8 has no bearing on Plaintiff's claims; Google did not consider other compensation decisions and the reasons for them when compensating Plaintiff. |

# Appendix C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------X
                                              :
  ULKU ROWE,                                  :
                              Plaintiff,      :
                                              :          19 Civ. 8655 (LGS)
                    -against-                 :
                                              :               ORDER
  GOOGLE LLC,                                 :
                              Defendant,  :
                                              :
-----------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant filed two motions in limine, and Plaintiff filed six motions in limine, one in the form of a letter motion.  The motions are resolved as stated below.  All references to rules refer to the Federal Rules of Evidence.

1. Defendant's First MIL (Dkt. No. 234).  Defendant's motion to exclude evidence of "leveling determinations," outside of Level 8 and 9 Technical Directors in the Office of the CTO, is DENIED to the extent that Plaintiff may introduce evidence of (1) leveling decisions by Tariq Shaukat, whom Plaintiff alleges treated her in a discriminatory manner and (2) re-leveling decisions to illustrate that re-leveling was possible.  This evidence is relevant under Rule 401 to show whether Plaintiff was treated in a discriminatory manner and with discriminatory intent.  Defendant has not articulated any unfair prejudice or jury confusion, and any time spent on Defendants' contrary evidence is not wasted time and is outweighed by the probative value of the evidence.  *See* Rule 403.

2. Defendant's Second MIL (Dkt. No. 236).  Defendant's motion to exclude evidence of other employees' complaints of alleged unfair treatment by Defendant is GRANTED in part and DENIED in part.  Evidence concerning the following is excluded under Rule 403 as the

evidence has limited, if any, probative value and is likely to confuse the jury in a way that will prejudice Defendant: (1) the *Haggan* and *Ellis* class actions, which were settled and did not include Plaintiff within the class, (2) protests principally concerning sexual harassment, which is not at issue in this case, and the resulting 2018 walkout and (3) a gender complaint against Stuart Breslow that did not involve Plaintiff.  Evidence of the following is permitted: (1) the December 2019 complaint of a Level 6 employee who was re-leveled to Level 7, to show that re-leveling was possible.

3. Plaintiff's First MIL (Dkt. No. 238).  Plaintiff's motion to exclude evidence of other candidates for the FSVL role for which she was not hired is DENIED, as this evidence is part of the factual background relevant under Rule 401 to show whether Defendant acted with discriminatory or retaliatory intent.

4. Plaintiff's Second MIL (Dkt. No 240).  Plaintiff's motion to exclude as hearsay evidence of oral feedback from interviewers is DENIED, as the evidence is offered for its effect on Defendant's hiring manager and not for the truth.  *See* Rule 802.  Plaintiff may submit a joint proposed limiting instruction to this effect at the time the evidence is presented.

5. Plaintiff's Third MIL (Dkt. No. 242).  Plaintiff's motion to exclude evidence of other candidates for the VP-FS role for which she was not interviewed is DENIED, as the evidence is relevant under Rule 401 to whether Defendant acted with retaliatory intent, and Plaintiff has not been prejudiced by the timeliness (or not) of the production of related documents. *See* Rule 403.

6. Plaintiff's Fourth MIL (Dkt. No. 244).  Plaintiff's motion to exclude evidence of leveling determinations of male L8 Directors is DENIED because it is relevant under Rule 401 to show whether Plaintiff, who was hired as a Technical Director as an L8, was treated less well

than similarly situated men, and whether Plaintiff was more like others hired at L8 than those leveled at L9. For the same reason, the evidence will not confuse the jury with extraneous and irrelevant information. *See* Rule 403.

7. <u>Plaintiff's Fifth MIL</u> (Dkt. No. 246). Plaintiff's motion to permit leading questions of Defendant's employees as hostile witnesses is DENIED in part and GRANTED in part as follows: Plaintiff may treat as hostile witnesses (1) Defendant's current employees because Defendant does not object to Plaintiff's doing so, (2) Tariq Shaukat because Plaintiff accuses him of discriminatory conduct that is in part the basis for this action and (3) any former employee who at the time of trial is represented by defense counsel and who participates with defense counsel in preparing their testimony. The motion is denied as to any remaining employees. At least three weeks prior to the commencement of trial, defense counsel shall identify for Plaintiff any former employees as to whom the motion is denied.

8. <u>Plaintiff's Sixth MIL</u> (Dkt. No. 289). Plaintiff's motion to preclude Defendant from calling Dave Rensin as a witness is DENIED to the extent that Defendant may question Rensin about (1) the TSC Job Ladder generally and what it represents, but not in reference to Plaintiff or any other particular employee, and (2) any feedback from his interview of Plaintiff that he provided to those who made her leveling decision, not to be offered for the truth, but as information that was considered. As to item (2), Plaintiff may submit a joint proposed limiting instruction at the time the evidence is presented.

The Clerk of Court is respectfully directed to close the motions at Dkt. No. 234, 236, 238, 240, 242, 244, 246 and 289.

Dated: January 13, 2023
     New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

# Appendix D

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ULKU ROWE, | |
| Plaintiff, | Civ. Action No. 19-cv-08655-JHR |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

### ~~SECOND~~THIRD AMENDED JOINT PRETRIAL ORDER

Pursuant to the Court's June 23, 2023 Scheduling Order (ECF No. 300), Plaintiff Ulku Rowe and Defendant Google LLC (collectively, the "Parties") in the above-captioned action submit to the Court for its approval the following ~~Second~~Third Amended Joint Pre-Trial Order. The parties' amendments account for ~~changes in witness availability as a result of~~ the ~~trial's adjournment to October~~abbreviated trial schedule so-ordered by this Court on September 25, 2023 (ECF No. 316); incorporate recent rulings by this Court and stipulations between the parties (ECF No. 315); and correct inadvertent clerical errors in the prior submission. Pursuant to Rule 1(D) of the Court's Individual Rules, the parties submit a redline reflecting all changes against the ~~First~~Second Amended Joint Pretrial Order (ECF No. ~~304~~310) as ~~Exhibit~~Appendix D hereto.

A.    **FULL CAPTION OF THE ACTION**

The full caption of this action is set forth above.

B.    **APPEARANCES**

Plaintiff:
Cara E. Greene
Gregory S. Chiarello
Shira Z. Gelfand
**OUTTEN & GOLDEN LLP**

685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2071
ceg@outtengolden.com
gchiarello@outtengolden.com
sgelfand@outtengolden.com

Defendant:
Kenneth W. Gage
Sara B. Tomezsko
Kaveh Dabashi
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
(212)-318-6000
Fax: 212-918-4090
kennethgage@paulhastings.com
saratomezsko@paulhastings.com
kavehdabashi@paulhastings.com

## C.      SUBJECT MATTER JURISDICTION

As Plaintiff brought claims under federal statute, including Title VII of the Civil Rights

Act of 1964, 42 U.S.C. §§2000e et seq., and the Equal Pay Act, as amended, 29 U.S.C. § 206(d),

this Court had original jurisdiction of this matter pursuant to 28 U.S.C. § 1331. On August 31,

2021, Plaintiff voluntarily dismissed her federal claims with prejudice and the Court retained

jurisdiction over the remaining New York State and City law claims. (*See* ECF No. 132).

## D.      SUMMARY OF CLAIMS

### 1.      Plaintiff's Claims

Plaintiff's asserted claims that remain to be tried are:

a. Sex-based pay discrimination in violation of New York's Equal Pay Law
   (N.Y. Lab. L. § 194) (Count IV of Plaintiff's Second Amended Complaint);

b. Gender discrimination in violation of the New York City Human Rights Law
   (N.Y.C. Admin. Code § 8-101 et seq.) (Count V of Plaintiff's Second
   Amended Complaint);

2

      c.  Retaliation in violation of the New York City Human Rights Law (N.Y.C. Admin. Code § 8-101 et seq.) (Count VI of Plaintiff's Second Amended Complaint); and

      d.  Retaliation in violation of New York's Equal Pay Law (N.Y. Lab. L. § 215) (Count VIII of Plaintiff's Second Amended Complaint).

**2.    Defendant's Defenses**

Defendant's affirmative defenses that remain to be tried are:

      a.  To the extent Plaintiff can establish that she was denied equal pay for equal work under New York Labor Law § 194, such alleged unequal pay was lawful and not a violation of the New York Labor Law because it was pursuant to a differential based on any factor other than sex which is job-related and consistent with business necessity;

      b.  Plaintiff cannot recover liquidated or punitive damages because at all times relevant to the Second Amended Complaint Defendant had in place a policy to prevent discrimination and retaliation in the workplace and made good faith efforts to implement and enforce that policy.

      c.  Plaintiff may not recover liquidated damages because Defendant had a good faith basis to believe that its actions were in compliance with the law.

**E.    TRIAL OF THE CASE**

The Parties ~~believe that the issues in dispute can be tried in 10 trial days, and those issues~~ will ~~be tried by~~ try their case to a jury~~.~~ in the timeframe provided by this Court's Order, dated September 25, 2023. (ECF No. 316).

**F.    CONSENT TO MAGISTRATE**

The Parties do not consent to trial by a magistrate judge.

**G.    WITNESS LISTS**

**1.    Plaintiff's Witnesses**

      **a.    Plaintiff's Trial Witness List**

Plaintiff identifies the following witnesses whom she may call live or by deposition at trial. Pursuant to the Court's Individual Rule and Procedure for Civil Cases 7.A.viii, Plaintiff provides the following list of trial witnesses she genuinely intends to call in her case-in-chief.

3

This list is not a commitment that Plaintiff will call any particular witness at trial, or a representation that any of the witnesses listed are available or will appear for trial. If any witness is unavailable, Plaintiff reserves the right to use his or her deposition testimony or to call a substitute witness. If any of the potential trial witnesses identified by Defendant fail to appear for trial, Plaintiff reserves the right to call the witness in her case or use their deposition testimony. Plaintiff also reserves the right to call at trial in their case: (1) any witnesses identified by Defendant on their witness list live or by deposition; (2) additional witnesses to provide foundation testimony should Defendant contest the authenticity or admissibility of any materials to be proffered at trial; and (3) additional witnesses not identified herein based upon any developments that may occur leading up to and/or during the course of the trial. Plaintiff also may call witnesses, including persons not listed herein, in their rebuttal to Defendant's case, or for impeachment or foundational purposes. Plaintiff further reserves the right to amend this list or to respond to issues raised by the Court's pretrial rulings or rulings made during the course of trial. Other than the foregoing, Plaintiff does not anticipate the need for additional witnesses.

**Chart 1: Will Call**

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Testimony |
|---|---|---|---|
| Beaupain, April | Live | Google's ER policies and practices; Ms. Rowe's complaints and her role in investigating those complaints; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .25 hours 1 hour |
| Breslow, Stuart | Live | His qualifications and selection for the FSVL role; his responsibilities, terms and conditions, performance, and compensation in his position(s) under Tariq Shaukat; his work with Plaintiff; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |

4

| | | | |
|---|---|---|---|
| Burdis, Jennifer | Deposition | Google's recruiting policies and practices; hiring and leveling of Technical Diretors in OCTO; conversations with Google's Employee Relations regarding Ms. Rowe's complaints; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| Eryurek, Evren | Deposition | His responsibilities, terms and conditions, performance, and compensation in the OCTO Director role; his work with Ms. Rowe; his and Ms. Rowe's move to Mr. Shaukat's organization; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| Grannis, William | Live | His background; Ms. Rowe's hiring, initial leveling, and compensation decisions; Ms. Rowe's performance in OCTO; Ms. Rowe's consideration and qualifications for the FSVL position; Ms. Rowe's work in and transfer out of Mr. Shaukat's organization; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | ~~.75~~1.5 hours |
| Harteau, Nicholas | Live | His responsibilities, terms and conditions, performance, and compensation in the OCTO Director role; his work with Ms. Rowe; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| ~~Kurian, Thomas~~ | ~~Live~~ | ~~His knowledge of the lawsuit as indicated in Exhibit P83~~ | ~~.25 hours~~ |
| ~~Lawrence, Melissa~~ | ~~Live~~ | ~~Google's HR policies and practices; Ms. Rowe's complaints and her role in investigating those complaints; Ms. Rowe's performance; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit.~~ | ~~1 hour~~ |
| Lucas, Kevin | Live~~Deposition~~ | Google's HR policies and practices; Ms. Rowe's complaints and his role in investigating those complaints; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | ~~1 hour~~.5 hours |
| Ostrofe, Nora | Live | Plaintiff's economic damages, consistent with Ms. Ostrofe's FRCP Rule 26 expert disclosures. | ~~.75~~5 hours |

5

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Testimony |
|---|---|---|---|
| Rowe, Ulku | Live | As the Plaintiff in this matter, Ms. Rowe will testify to her work at Google and the facts and circumstances supporting her claims in this lawsuit. | ~~6~~3 hours |
| Shaukat, Tariq | Live | Ms. Rowe and Mr. Breslow's consideration for the FSVL role; his interactions with Ms. Rowe; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | ~~3~~1.5 hours |
| ~~Stevens, Brian~~Tessier, Ashley | ~~ ~~Live | ~~Ms. Rowe's role in OCTO and consideration for the FSVL role.~~Google's ER policies and practices; her investigation into Plaintiff's complaints and the accompanying interview notes; authenticate and lay foundation for exhibits. | .5 hours |
| Vardaman, Stuart | Deposition | Ms. Rowe's consideration for the FSVL role; Ms. Rowe's consideration for the VP-FS Sales role; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | ~~1.5.~~75 hours |
| Wilson, Benjamin | Deposition | His responsibilities, terms and conditions, performance, and compensation in the OCTO Director role; his work with Ms. Rowe; his and Ms. Rowe's move to Tariq Shaukat's organization; and other facts and circumstances related to Ms. Rowe's claims in this lawsuit. | .5 hours |
| ~~Corporate witness to be determined~~ | ~~Live~~ | ~~Authenticate and lay foundation for Exhibits P46, P47, P48, P49, P64, P86, P105, P108, P110, P112~~ | ~~.5 hours~~ |

## Chart 2: May Call

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Testimony |
|---|---|---|---|
| Greene, Diane | Live | Testimony regarding a sworn declaration she signed in this matter. | .25 hours |
| Plaintiff ~~Meadows, Casey~~ | ~~Live~~ | ~~Testimony regarding correspondence on which he was a sender or recipient.~~ | ~~.25 hours~~ |

| Murray, Megan | Live | Testimony regarding correspondence on which she was a sender or recipient. | .25 hours |
| Orr, Lisa | Live | Testimony regarding correspondence on which she was a sender or recipient. | .25 hours |
| Tessier, Ashley | Live | Testimony regarding correspondence on which she was a sender or recipient. | .25 hours |

- Defendant objects to the identification of Thomas Kurian as a witness; his testimony should be excluded under Fed. has removed and/or shortened testimony from witnesses who otherwise had relevant and probative testimony in order to comply with the Court's September 25, 2023 Order (ECF No. 316) limiting each side's case presentation to 12 hours. This severe time limitation will likely cause material prejudice if Plaintiff is unable to present all necessary evidence in the time allotted to support her claims, on which she bears the burden of proof. Plaintiff reserves her right to request additional time to fairly and adequately present her case, in response to witnesses in Defendant's control causing undue delay, and/or in response to the type and the nature of the evidence Defendant presents.

    R. Evid. 401 as irrelevant, and under Fed. R. Evid. 403 as likely to confuse the issues, mislead the jury, and result in undue delay and wasted time. There is no evidence that he was involved in any decisions in the case. Should one be necessary, Defendant plans to move *in limine* at the pre-trial conference to exclude Mr. Kurian from testifying at trial.

- Plaintiff argues that she requested that Defendant stipulate to the authenticity and foundation of the document referenced with respect to Mr. Kurian, which would obviate the need to call him, but since they would not, it necessitates him being called.

- Defendant objects to the identification of Diane Greene as a witness; her testimony regarding a signed declaration in this matter should be excluded under Fed. R. Evid. 401 as irrelevant, and under Fed. R. Evid. 403 as likely to confuse the issues, mislead the jury, and result in undue delay and wasted time. As Ms. Greene's declaration makes clear, she does not recall being involved in the challenged decisions, nor does she have any unique or additive information beyond what other witnesses can provide. As this Court correctly noted, Ms. Greene's declaration is no "more probative on the point for which it is offered" than trial witness Tariq Shaukat's expected testimony. (Transcript of Proceedings for Final Pre-trial Conference, dated September 21, 2023, at 29:214-30:4.) Defendant further objects to the introduction of Ms. Greene's declaration (Exhibit P147) under Fed. R. Evid. 801 and 802, as it is an out-of-court statement offered to prove the truth of its contents, as this Court correctly observed. (*Id*. at 29:21 ("Let's start with P-147. Isn't this hearsay?")).

- ~~Plaintiff argues that Diane Greene's declaration is admissible under Fed. R. Evid. 804 and 807.~~Plaintiff argues that Diane Greene's declaration is admissible under Fed. R. Evid. 804 and 807. Defendant mischaracterizes Your Honor's question, which asked "how are statements in [Ms. Greene's] declaration more probative on the point for which it is offered than Shaukat's testimony?" (Pre-Trial Conference, 30:1-4). As Plaintiff noted to the Court, the declaration is not relevant with respect to Mr. Shaukat's testimony, but rather to Plaintiff's initial hiring and leveling (of which Mr. Shaukat was not involved). To the extent other witnesses testify that Ms. Greene was involved in the initial leveling decision, Plaintiff seeks to offer the declaration as rebuttal evidence to demonstrate her lack of involvement. Should Defendant maintain its hearsay objection with respect to the

sworn declaration and the Court sustains the objection, Plaintiff seeks to call Ms. Greene as a rebuttal witness if necessary.

2.      **Defendant's Witnesses**

a.      **Defendant's Trial Witness List**

The witnesses below are those Defendant genuinely intends to call in its case ~~(first chart) and witnesses that Defendant "may call if the need arises" (second chart).~~. Fed. R. Civ. P. 26(a)(3).  This list is not a commitment that Defendant will call any particular witness at trial, or a representation that any of the witnesses listed are available or will appear for trial. Defendant has indicated that the witness will testify live below unless it has reason to believe as of the date of this filing that the witness will be unavailable for live testimony starting October 4, 2023~~.~~, subject to the limitations set forth in Defendant's opposition to Plaintiff's motion to compel. (ECF No. 319).

If any witness is or becomes unavailable, Defendant reserves the right to use his or her deposition testimony, to call a substitute witness, or make an application to the Court for that witness to testify remotely upon a showing of good cause. (ECF 280 (Order dated December 6, 2022).) If any of the trial witnesses identified by Plaintiff fail to appear for trial, Defendant reserves the right to call the witness in its case or use their deposition testimony. Defendant also reserves the right to call at trial in its case: (1) any witnesses identified by Plaintiff on her witness list, live or by deposition; (2) additional witnesses to provide foundation testimony should Plaintiff contest the authenticity or admissibility of any materials to be proffered at trial; and (3) additional witnesses not identified herein based upon any developments that may occur leading up to and/or during the course of the trial. Defendant also may call witnesses, including persons not listed herein, for impeachment. Defendant further reserves the right to amend this list to

respond to issues raised by the Court's pretrial rulings or rulings made during the course of the trial.

Defendant acknowledges the temporal limitations the Court placed on the parties' presentation of proof at trial. (ECF 316.) Depending on the type and the nature of the evidence Plaintiff presents in her case, Defendant reserves the right to request more time from the Court sufficient to fairly and adequately establish its defenses to Plaintiff's claims.

**Chart 1: Will Call**

| Witness Name | Anticipated Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| Grannis, William | Live | His background and experience; hiring, leveling, job responsibilities and performance, and compensation of Technical Directors in OCTO, including Rowe; development of industry verticals within Google Cloud; Rowe's transfer out of OCTO and return to OCTO; Nicholas Harteau's transfer out of OCTO in 2018; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | ~~3.5~~Up to 2 hours |
| Stevens, Brian | Live | His background and role at Google; creation of the OCTO function; hiring, leveling, and job responsibilities of Technical Directors in OCTO, including Rowe; development of industry verticals within Google Cloud; Rowe's transfer out of OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 1 ~~.5 hours~~ hour |

| | | | |
|---|---|---|---|
| Vardaman, Stuart | Live~~Deposition~~ | His role as a recruiter; his interactions with Rowe, hiring managers, interviewees, and other candidates for positions in which Rowe expressed interest; Google's recruiting practices; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | ~~1.5~~0.4 hours |
| Shaukat, Tariq | Live | His background and role at Google; development of industry verticals within Google Cloud; his decisions regarding and interactions with Rowe; his decisions and interactions regarding other Google employees and candidates for positions on his team in Google Cloud; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | ~~3~~Up to 2 hours |
| Lawrence, Melissa | Live | Her background and role at Google; her interactions with Rowe and others concerning Rowe; Google's Human Resources processes; Human Resources personnel and support provided to OCTO; hiring, leveling, and job responsibilities of Technical Directors in OCTO, including Rowe; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | ~~1~~Up to 0.5 hours |
| Humez, Christopher | Live | His background and role at Google; Google's compensation processes and policies; compensation determinations concerning Rowe and her alleged comparators; discussions with Rowe and others concerning Rowe's hiring process; and other facts | ~~1.5~~Up to 0.75 hours |

| | | and circumstances pertaining to Rowe's claims and Google's defenses. | |
|---|---|---|---|
| Lucas, Kevin | Live | His background and role at Google; his interactions with Rowe and others concerning Rowe; Google's Human Resources processes; Human Resources personnel and support provided to Tariq Shaukat's organization; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 1 hour |
| Burdis, Jennifer | Deposition | Her background and role at Google; her interactions with Rowe and others concerning Rowe; hiring and leveling of Technical Directors in OCTO, including Rowe; Google's recruiting practices; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | ~~1 hour~~0.4 hours |
| Beaupain, April | Live | Her background and role at Google; her interactions with Rowe and others concerning Rowe's internal complaints; Google's Employee Relations processes; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 0.75 hours |
| Rensin, David | Live | His background and role at Google; hiring and leveling of Technical Directors in OCTO; Technical Solutions Consultant job ladder; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | ~~1 hour~~ Up to 0.5hours |
| Eryurek, Evren | Deposition | His background; his role at Google; his work and performance; and other facts and circumstances pertaining to | ~~1 hour~~0.4 hours |

| | | Rowe's claims and Google's defenses. | |
|---|---|---|---|
| Wilson, Benjamin | Deposition | His background; his role at Google; his work and performance; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | ~~1 hour~~0.5 hours |
| Nicholas Harteau | Live | His background; his role at Google; his work and performance; transfer outside of OCTO in 2018; his submission of a declaration in support of Rowe's motion for summary judgment; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 1 hour |
| Kliphouse, Kirsten | Live | Her background and role at Google; her interactions with Rowe and others concerning Rowe; her involvement in and decisions regarding the selection of the Vice President of Financial Services Sales from among multiple candidates; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 1 hour |
| Krista Callaghan | Live | Her background and experience; correspondence and discussions with Rowe during the hiring process; correspondence and discussions with others concerning Rowe and recruiting of Technical Directors in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 0.75 hours |
| ~~Eric Schenk~~ | ~~Live~~ | ~~His background; his role at Google; his work and performance in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses.~~ | ~~1 hour~~ |

| Scott Penberthy | Live | His background; his role at Google; his work and performance in OCTO; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 1 hour |
|---|---|---|---|
| Patricia Florissi | Live | Her background and role at Google; Rowe's performance, the contributions Rowe makes, the influence Rowe has, and the standards by which her performance is assessed as an L8; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | Up to 1 hour |

**Chart 2: May Call**

| Witness Name | Anticipated Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| Jess Swale (Murphy True) | Remote Testimony (application forthcoming) | Her background and experience at Google; interactions and correspondence with Rowe and others concerning Rowe; and other facts and circumstances pertaining to Rowe's claims and Google's defenses. | 0.75 hours |

- Plaintiff objects to Google's identification of Patricia Florissi as a witness; her testimony should be excluded under Rule Fed. R. Evid. 401 as irrelevant, and under Fed. R. Evid. 403 as likely to confuse the issues, mislead the jury, and result in undue delay and wasted time. This witness was not identified at any point during the discovery period and was only identified to Plaintiff within the last month. Thus, no pre-trial discovery has been taken. No other witnesses have testified that she was involved in the decisions that give

~~rise to the claims or defenses in this case. Plaintiff therefore seeks to exclude Ms. Florissi from testifying at trial.~~

- ~~Patricia Florissi is Plaintiff's direct supervisor, and has managed Plaintiff for over a year. Not only does Plaintiff have personal and direct knowledge of that fact, Plaintiff has no objection to the inclusion of Defendant's exhibit D98 (produced earlier in the case) making that supervisory relationship clear. (*See* Appendix B.) She alleges that (a) Google improperly hired her at Level 8 (L8) in the Office of the CTO, and (b) for the past 6+ years she in fact has performed work substantially equal to employees at level 9 (L9).  Among Google's defenses are that (a) there are different expectations for L8 and L9 employees, and (b) Plaintiff has not been (and is not) performing work at an L9 level.  William Grannis was Plaintiff's manager in OCTO from hire until Spring 2022, and both parties expect him to testify regarding her work in OCTO and the standards against which that work has been evaluated. (*See* Section G.1.a.- b.)  Ms. Florissi became Plaintiff's manager in Spring 2022, and she is expected to testify on those same topics for the time she has managed Plaintiff.  Moreover, Plaintiff seeks damages for alleged pay discrimination from 2017 to July 2023, and her estimates of economic loss account for recent compensation decisions made by Google.  (*See* Section D.1.a.- b. above and Section M. below.)  Ms. Florissi's testimony is relevant for the same reasons as Mr. Grannis's.  It will not confuse the issues, mislead the jury or result in any undue delay or wasted time.~~

- Plaintiff maintains her objection to the testimony of Patricia Florissi. (*See* ECF No. 314).

- The Court has already heard and rejected Plaintiff's motion to prevent Ms. Florissi, Plaintiff's current supervisor, from testifying at trial. (ECF No. 315.) Ms. Florissi's

testimony is relevant to "(1) whether the work performed by Plaintiff from April 2022 through July 2023 was substantially equal to that of her proffered comparators; and (2) Google's 2023 determination concerning Plaintiff's pay, which was based at least in part on Plaintiff's work in 2022." (*Id*.). Moreover, Plaintiff deposed Ms. Florissi on October 2, 2023, and therefore cannot claim prejudice or surprise regarding the substance of Ms. Florissi's testimony at trial, which was the original basis for Plaintiff's motion.

- On the evening of October 5, 2023, Mr. Vardaman contacted counsel for Google and indicated he intends to appear in New York and testify live at trial. Counsel for Google notified Plaintiff's counsel of this fact on October 6, 2023. Google's position is that if Mr. Vardaman appears live, the designated deposition excerpts will be inadmissible and should not be used at trial except as appropriate for cross-examination.

## H.   DEPOSITION DESIGNATIONS

### 1.   The Parties' Designations for Their Respective Cases in Chief

The parties have stipulated that a single reader will read into the record both parties' designations for Ben Wilson's and Evren Eryurek's deposition transcripts, in the order the testimony appears. For purposes of tracking time (regardless of whether the format in which the deposition testimony is presented), the portions of the transcripts designated by each party, including cross-designations, will count against that parties' allotted time to present its case, with time for testimony designated by both parties split evenly between them (*i.e.*, if there is five minutes of testimony designated by both parties, it will count as 2.5 minutes against each parties' allotted time).

*a. Plaintiff's Designations:*

**Jennifer Burdis (Dec. 9, 2020)**

| | |
|---|---|
| 4:2-5 | 52:13-16 |
| 15:2-11 | 53:23-55:17 |
| 16:3-17:2 | 59:13-61:1760:14 |
| 17:8-22 | 65:7-11 |
| 18:4-16 | 90:21-91:5 |
| 22:4-8 | 91:20-25 |
| 22:18-23:4 | 92:11-93:17 |
| 23:9-25:13 | 94:7-96:11 |
| 26:4-13 | 96:22-97:9 |
| 29:16-30:6 | 100:2-101:12-14 |
| 37:20-38:7 | 101:21-102:10 |
| 39:16-40:8 | 102:16-25 |
| 42:4-46:6 | 103:17-21 |
| 51:9-11 | |

**Evren Eryurek (Dec. 3, 2020)**

| | |
|---|---|
| 5:17-5:20 | 56:2-56:8 |
| 17:9-17:18 | 57:2-62:3 |
| 21:2-21:15 | 63:6-67:14 |
| 22:3-22:20 | 67:15-69:12 |
| 23:21-24:14 | 70:9-71:13 |
| 24:24-25:21 | 71:25-72:9 |
| 27:14-28:19 | 75:7-77:3 |
| 30:4-31:5 | 88:15-92:5 |
| 32:3-32:5 | 93:9-95:12 |
| 32:18-35:15 | 96:23-97:20 |
| 38:6-38:23 | 98:3-99:14 |
| 38:24-40:7 | 100:3-101:8 |
| 40:8-42:22 | 114:16-114:23 |
| 44:6-44:9 | 121:8-121:16 |
| 45:25-46:17 | 127:6-128:4 |

**Stuart Vardaman (Nov. 17, 2020)**

| | |
|---|---|
| 5:11-5:19 | 91:11-93:4 |
| 17:4-17:25 | 94:4-95:4 |

| | |
|---|---|
| 20:23-22:3 | 95:18-97:10 |
| 24:14-27:18 | 99:12-100:5 |
| 32:17-34:12 | 100:17-102:2 |
| 34:23-38:17 | 106:4-115:23 |
| 40:6-45:12 | 116:6-118:21 |
| 46:3-48:8 | 118:23-119:23 |
| 49:22-54:21 | 124:24-130:18 |
| 55:6-59:12 | 130:21-131:22 |
| 59:22-62:22 | 132:9-133:18 |
| 65:8-74:15 | 134:8-135:22 |
| 75:4-75:6 | 135:24-136:10 |
| 76:15-78:12 | 137:10-141:9 |
| 78:21-79:22 | 142:5-142:20 |
| 85:10-87:9 | 142:25-145:23 |
| 88:7-88:25 | 150:16-152:3 |

### Evren Eryurek (Dec. 3, 2020)

| | |
|---|---|
| 17:9-18 | 56:2-8 |
| 23:21-24:4 | 58:19-60:15 |
| 32:3-5 | 63:6-66:12 |
| 32:18-21 | 66:14-15 |
| 32:23-35:5 | 66:17-19 |
| 38:24-39:2 | 66:21-22 |
| 39:4-7 | 67:4-8 |
| 39:10-12 | 67:10-14 |
| 39:15-40:14 | 70:9-19 |
| 41:22-42:18 | 70:21-23 |
| 44:6-9 | 70:25-71:9 |
| 46:14-17 | 71:11-13 |
| | 71:25-72:9 |
| | 89:3-4 |
| | 89:6-12 |
| | 89:14-19 |
| | 89:21-90:9 |
| | 90:11-18 |
| | 90:20-24 |
| | 114:16-23 |
| | 121:8-13 |
| | 121:15-17127:6-9 |
| | 127:11-14 |
| | 127:16-17 |
| | 127:19-21 |
| | 127:23-128:2 |
| | 128:4 |

18

### Stuart Vardaman (Nov. 17, 2020)

| | |
|---|---|
| 21:19-22 | 91:16-18 |
| 25:20-26:2 | 92:10-15 |
| 40:14-43:21 | 94:4-95:4 |
| 46:15-24 | 95:18-96:14 |
| 49:22-24 | 96:19-97:5 |
| 50:19-51:18 | 99:7-100:5 |
| 52:19-54:21 | 100:17-101:2 |
| 55:6-56:3 | 113:9-114:15 |
| 58:20-59:7 | 115:12-23 |
| 59:22-24 | 116:6-118:21 |
| 60:10-62:22 | 118:23-25 |
| 65:8-66:12 | 119:17-23 |
| 72:11-74:2 | 124:19-21 |
| 83:17-20 | 125:21-126:10 |
| 84:22-87:9 | 130:21-131:22 |
| 88:7-25 | 133:5-9 |
| | 134:8-136:10 |
| | 137:10-140:8 |
| | 142:5-20 |
| | 142:25-145:24 |
| | 150:20-23 |

### Benjamin Wilson (Dec. 2, 2020)

| | |
|---|---|
| 4:2-6 | 86:16-89:24 |
| 11:14-19 | 9087:23-93 |
| 18:2-8 | 87:25-88:7 |
| 36:19-38:21 | 88:9-19 |
| 40:7-41:4 | 88:21-24 |
| 43:17-44:15 | 91:7-92:12 |
| 46:5-47:6 | 92:14 |
| 56:2-25 | 93:23-25 |
| 58:15-18 | 94:67-12 |
| 59:21-60:17 | 94:14-15 |
| 61:14-16 | 94:17-19 |
| 63:18-64:5 | 94:21-23 |
| 65:8-67:5 | 94:25-95:18 |
| 67:13-68:144 | 95:20-96:20 |
| 68:6-11 | 96:22-97:2 |
| 69:5-15 | 97:4-98:9 |
| 76:1324-77:12 | 102:15-104:18 |

19

77:14-19
77:21-78:5
78:15-79:10
79:20-22
81:17-21
81:23-83:4
83:6-15

105:20-106:12
107:4-18
107:20-108:~~5~~4
109:24-25
110:3-11
110:13-17
110:19-111:6
111:8-16
111:20-112:2
112:~~4-~~
112:6
~~113:3-114:21~~
~~117:23-118:19~~
~~127:2-10~~
~~145:23-147:22~~
~~148:2-9~~
167:7-23
167:25-168:7
~~169:5-7~~
~~169:15-170:9~~
171:20-22
171:24-172:6
172:9-173:11
173:13-17

*b.   Defendant's Designations:*

**Jennifer Burdis (Dec. 9, 2020)**

10:22-25
11:6-~~24~~8
13:17-14:16
15:2-5
16:3-17:2
29:16-30:~~6~~18
31:24-32:14
39:21-40:17
41:2-42:3
47:11-48:11
48:18-49:2
~~49:12-19~~
51:2-4
~~52:17-53:3~~

53:23-55:14
~~55:19-56:4~~
60:18-25
61:18-63:16
63:21-64:~~7~~16
~~69:7-70:3~~
~~71:21-73:3~~
~~73:20-74:7~~
~~74:23~~75:13-77:2~~16~~
~~78:25-81:20~~
~~88:3-12~~
~~90:11-23~~
~~91:20-25~~

20

### Evren Eryurek (Dec. 3, 2020)

| | |
|---|---|
| 12:17-17:8 | 71:14-24 |
| 21:2-12 | 80:12-25 |
| 24:24-25:21 | 86:18-21 |
| 26:10-17 | 108:10-110:4 |
| 28:7-19 | 112:6-21 |
| 36:22-37:17 | 124:8-13 |
| 46:18-47:9 | 125:14-126:21 |
| 61:21-62:3 | |

### Stuart Vardaman (Nov. 17, 2020)

| | |
|---|---|
| 12:2-19 | 77:19-78:3 |
| 17:4-14 | 79:23-80:12 |
| 24:5-15 | 108:25-109:17 |
| 48:9-12 | 130:21-131:5 |
| 65:8-14 | 135:24-136:7 |
| 68:6-70:25 | 140:9-141:2 |
| 76:11-22 | 144:22-145:14 |
| 77:3-13 | 146:15-147:8 |

### ~~Evren Eryurek (Dec. 3, 2020)~~

| | |
|---|---|
| ~~12:17 - 17:8~~ | ~~71:14 - 24~~ |
| ~~21:2 - 22:24~~ | ~~80:12 - 83:4~~ |
| ~~23:21 - 25:21~~ | ~~86:18 - 21~~ |
| ~~26:10 - 17~~ | ~~91:5 - 22~~ |
| ~~27:14 - 28:19~~ | ~~108:10 - 110:4~~ |
| ~~36:22 - 37:17~~ | ~~112:6 - 21~~ |
| ~~46:18 - 47:23~~ | ~~113:10 - 114:2~~ |
| ~~50:3 - 51:11~~ | ~~124:8 - 13~~ |
| ~~53:6 - 10~~ | ~~125:14 - 127:5~~ |
| ~~61:21 - 62:3~~ | |

### Benjamin Wilson (Dec. 2, 2020)

| | |
|---|---|
| ~~13:15-14:2~~ | ~~48:12-20~~ |
| 14:10-15:17 | ~~48:22-49:3~~ |
| 16:4-15~~:21-17:3~~ | ~~49:5-12~~ |
| 17:19-~~20~~ | ~~49:14-22~~ |
| ~~17:22-~~18:1~~28~~ | 51:7-~~10~~24 |

21

<table>
<tr><td>19:13-~~16~~</td><td>~~51:12~~52:16-53:2</td></tr>
<tr><td>~~19:19~~-20:24</td><td>~~53:9-17~~</td></tr>
<tr><td>~~21:5-18~~</td><td>54:3-55:15</td></tr>
<tr><td>21:22-22:19</td><td>~~63:4-25~~</td></tr>
<tr><td>24:15-~~22~~</td><td>~~65:8-22~~</td></tr>
<tr><td>~~24:24~~-26:14</td><td>69:16-18</td></tr>
<tr><td>26:24-27:~~0~~66</td><td>69:25-71:~~24~~20</td></tr>
<tr><td>29:2-~~30~~31:17</td><td>72:~~2-7~~</td></tr>
<tr><td>~~30:19-31:8~~</td><td>~~72:9-11~~</td></tr>
<tr><td>~~31:10-19~~</td><td>~~72:13-24~~</td></tr>
<tr><td>~~31:21-24~~</td><td>~~73:2-12~~</td></tr>
<tr><td>~~32:3-4~~</td><td>~~73:14~~5-74:14</td></tr>
<tr><td>~~32:7-16~~</td><td>~~75:2-76:12~~</td></tr>
<tr><td>~~32:18-33:14~~</td><td>90:23-91:6</td></tr>
<tr><td>~~33:16~~</td><td>99:3-10</td></tr>
<tr><td>35:20-36:7</td><td>101:3-23</td></tr>
<tr><td>38:12-21</td><td>~~102:15-17~~</td></tr>
<tr><td>39:2~~2~~5-18</td><td>~~102:19-25~~</td></tr>
<tr><td>~~40:7-21~~</td><td>104:19-105:12</td></tr>
<tr><td>41:5-14</td><td>~~108:22-109:23~~</td></tr>
<tr><td>41:18-24</td><td>~~112~~113:7-~~11~~</td></tr>
<tr><td>~~42:12-17~~</td><td>~~112:17~~-114:14</td></tr>
<tr><td>45:14-24</td><td>118:20-119:19</td></tr>
<tr><td>~~46:5-24~~</td><td>~~127:2-10~~</td></tr>
<tr><td>47:~~2-6~~</td><td>~~135:21-136:18~~</td></tr>
<tr><td>~~47:11~~7-22</td><td>153:7-~~154:9~~20</td></tr>
<tr><td>48:8-~~10~~49:22</td><td></td></tr>
</table>

**2.      The Parties' Counter-Designations**

*a.  Plaintiff's Counter-Designations:*

**Jennifer Burdis (Dec. 9, 2020)**

<table>
<tr><td>11:2-5</td><td>~~77:22-78:24~~</td></tr>
<tr><td>~~14~~31:15-23</td><td>~~81:21-82:10~~</td></tr>
<tr><td>~~63~~:17-~~22~~</td><td>~~82:15-18~~</td></tr>
<tr><td>49:20-~~25~~</td><td>~~89:3-17~~</td></tr>
<tr><td>~~63:21-64:6~~</td><td>~~91:6-19~~</td></tr>
<tr><td>~~70:4-21~~</td><td>~~97:10-23~~</td></tr>
<tr><td>~~74:8-12~~</td><td></td></tr>
</table>

**Evren Eryurek (Dec. 3, 2020)**

~~53:19-54:10~~
~~55:3-55:~~126:22-25
127:4-5

**Stuart Vardaman (Nov. 17, 2020)**

76:23-77:2
77:14-18
82:8-14
82:21-83:4
141:3-9

~~**Stuart Vardaman (Nov. 17, 2020)**~~

~~17:2-17:3~~
~~82:8-83:4~~
~~121:3-121:14~~
~~122:7-122:11~~

**Benjamin Wilson (Dec. 2, 2020)**

~~26:~~15:19-20                    31:21~~136:19-137:3~~
22:20-23                          32:14-16
31:18-19                          117:23-118:7

*b.   Defendant's Counter-Designations:*

**Jennifer Burdis (Dec. 9, 2020)**

22:18-23:4
28:3-22
38:10-11

**Evren Eryurek (Dec. 3, 2020)**

23

~~42:19 - 43:17~~
~~44~~35:6-15
45:25-46:10 ~~23~~
~~45:17 - 24~~
48:3~~- 49:~~-12
48:17-21
~~52:14 - 53:5~~

49:16-21
67:~~15-69:12~~
~~73:16 - 74:14~~
~~74:15~~-18-20
~~77:4 - 78:3~~68:9-24

### Stuart Vardaman (Nov. 17, 2020)

43:22-45:12
66:13-67:6
89:2-10

97:6-17
98:8-22
102:3-20
112:7-10
122:12-22
126:11-24

### ~~Stuart Vardaman (Nov. 17, 2020)~~

~~12:2-12:25~~
~~13:9-14:19~~
~~14:20-16:25~~
~~18:13-20:22~~
~~24:5-24:15~~
~~48:9-48:12~~
~~62:23-63:21~~
~~79:23-80:12~~
~~80:20-82:7~~
~~89:2-89:10~~

~~90:7-91:10~~
~~97:6-97:17~~
~~98:8-98:22~~
~~102:3-103:15~~
~~119:24-121:2~~
~~121:15-122:3~~
~~122:12-122:25~~
~~141:10-142:4~~
~~146:15-148:9~~
~~149:18-150:12~~

### Benjamin Wilson (Dec. 2, 2020)

~~11:7-13~~
58:19-59:~~11~~5
59:7-8
60:24-61:~~13~~3

~~67:6-8~~
~~84~~
61:5-~~17~~13
75:2-76:6
78:6-14

24

Defendant reserves all rights to designate additional testimony after the Court

rules on outstanding pre-trial motions.

**4.3.The Parties' Objections to Designated Testimony**

*a.  Plaintiff's Objections:*

**Stuart Vardaman (Nov. 17, 2020)**

| Designated Testimony | Objection |
|---|---|
| 79:23-80:12 | Fed. R. Evid. 802 (hearsay) — the witness is testifying about out of court statements made by others, which are being offered for the truth of the matter asserted. |
| 80:20-82:7 | Fed. R. Evid. 802 (hearsay) — the witness is testifying about out of court statements made by him and others, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion in Limine (ECF No. 241) |
| 90:7-91:10 | Fed. R. Evid. 802 (hearsay) — the witness is testifying about out of court statements he made, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion in Limine (ECF No. 241) |
| 97:6-97:17 98:8-98:22 | Fed. R. Evid. 802 (hearsay) — the witness is testifying about out of court statements made by him and others, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion in Limine (ECF No. 241) |
| 146:15-148:9 | Fed. R. Evid. 802 (hearsay) — the witness is testifying about out of court statements made by him and others, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion in Limine (ECF No. 241) |
| 149:18-150:12 | Fed. R. Evid. 401 (relevance) — this witness is testifying regarding a position that is not in dispute in this lawsuit. |

**Jennifer Burdis (Dec. 9, 2020)**

| **Defendant's** Designated Testimony | Objection |
|---|---|
| 11:6-8 | Fed. R. Evid. 403 (prejudice) – whether the witness understands if she is accused of wrongdoing is irrelevant to the issues to be tried, and its introduction into evidence would serve only to confuse or mislead the jury |
| 28:3-22 | Fed. R. Evid. 403 (prejudice) testimony that minimum qualifications for the Technical Director role are likely to be contained in gHire is speculation, inaccurate, and will mislead the jury. |

## Evren Eryurek (Nov. 17, 2020)

| Defendant's Designated Testimony | Objection |
|---|---|
| 68:9-24 | Fed. R. Evid. 401, 403 (Relevance) – testimony regarding the witness's belief as to the justification for Plaintiff's level are irrelevant as the witness admitted he had no role in determining her level. |
| 108:10-110:4 112:6-21 | Fed. R. Evid. 401, 403 (Relevance, Prejudice) – testimony regarding Mr. Eryurek's ladder transfer to the product manager role is not relevant, and will lead to prejudice, and mislead and confuse the jury. |

## Stuart Vardaman (Nov. 17, 2020)

| Defendant's Designated Testimony | Objection |
|---|---|
| 79:23-80:12 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by others, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion *in Limine* (ECF No. 241) |
| 97:6-17 98:8-22 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by him and others, which are being offered for the truth of the matter asserted. This testimony also relates to Plaintiff's 2nd Motion *in Limine* (ECF No. 241) |
| 146:15-147:8 | Fed. R. Evid. 802 (hearsay) – the witness is testifying about out of court statements made by |

| | him and others, which are being offered for the truth of the matter asserted. |
| --- | --- |

**Benjamin Wilson (Dec. 2, 2020)**

| **Defendant's** Designated Testimony | **Objection** |
| --- | --- |
| 75:2-76:6 | Fed. R. Evid. 401, 403 (relevance, prejudice) – this witness is testifying regarding a position that is not in dispute in this lawsuit, and will mislead and confuse the jury. |
| 153:7-920 | Fed. R. Evid. 402401, 403 (Relevance, Prejudice) – testimony regarding Ben Wilson's ladder transfer to the product manager role is not relevant, and will lead to prejudice, and mislead and confuse the jury. |

*b.*  *Defendant's Objections:*

**Jennifer Burdis (Dec. 9, 2020)**

| **Plaintiff's** Designated Testimony | Objection |
| --- | --- |
| 4:2-5 | The designated text is not testimony. |
| 37:20-38:7 39:16-40:8 42:4-44:3 | To the extent that counsel is relying on this testimony to authenticate the document in question, P102B, Defendant objects on the grounds of Fed. R. Evid. 602 (lacks foundation) - the witness testified that she was not familiar with the document and had not seen it before (Tr. 37:20 - 38:11). Defendant objects to the introduction of the exhibit referenced in this testimony as irrelevant and prejudicial pursuant to Fed. R. Evid. 401 (relevance) and 403(prejudice).

Defendant has no objection to the question and answer at 39:21-40:8. |
| 44:21-46:6 | Fed. R. Evid. 401 (relevance), 403 (prejudice), 701 (lay opinion testimony based on hypotheticals) - counsel poses vague and ambiguous questions about "any role" at Google; this case is not about |

| | |
|---|---|
| | ~~"any role," and counsel has not established a foundation that these hypotheticals accurately reflect the facts of the case.~~ |
| ~~92~~93:11 ~~93:~~17 | Fed. R. Evid. 801, 802 (hearsay) - to the extent the underlying document about which the witness is being questioned has not yet been submitted into in evidence; the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
| 94:7 ~~94:~~12<br>95:14 ~~95:~~25 | Fed. R. Evid. 801, 802 (hearsay) - to the extent the underlying document about which the witness is being questioned has not yet been submitted into evidence; the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
| 96:22-97:9 | Fed. R. Evid. 801, 802 (hearsay) - to the extent underlying document about which the witness is being questioned has not yet been submitted into evidence; the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
| ~~100:2-101:14~~ | ~~Fed. R. Evid. 801, 802 (hearsay) - the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth.~~ |

### ~~Stuart Vardaman (Nov. 17, 2020)~~

| ~~Designated Testimony~~ | ~~Objection~~ |
|---|---|
| ~~5:11 - 5:19~~ | ~~The designated text is not testimony.~~ |
| ~~17:2 - 17:3~~ | ~~Fed. R. Evid. 401 (relevance) - the witness's employer at the time of his deposition is irrelevant to the issues to be tried.~~<br>~~Fed. R. Evid. 403 (prejudice) - the witness was employed by Google at the time he was deposed in 2020, but is no longer employed by Google and will not be on the date of trial. The designated testimony is misleading to the jury unless they are told at the time of trial that the witness is a former employee.~~ |
| ~~46:3 - 46:3~~ | ~~Fed. R. Evid. 106 (completeness) - designated testimony does not include the question posed or~~ |

28

| | the preceding questions, which contextualize the answer. |
|---|---|
| 46:25-47:11 | Fed. R. Evid. 801, 802 (hearsay) – the witness is being asked about notes taken by someone other than himself, which are being offered for the truth of their contents. |
| 59:22-61:4 | Fed. R. Evid. 801, 802 (hearsay) – the witness (or counsel) is reading from an email that contains an out-of-court statement offered for the truth of what Mr. Stevens allegedly said about Plaintiff's candidacy for the Financial Services Vertical Lead position. |
| 65:8-66:8 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from an email that contains an out-of-court statement offered for the truth of the matter asserted |
| 106:4-107:18 111:10-20 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from an email that contains an out-of-court statement offered for the truth of the matter asserted |
| 125:3-128:6 | Fed. R. Evid. 801, 802 (hearsay) – the witness is reading from an email that contains an out-of-court statement offered for the truth of the matter asserted |
| 127:23-129:23 | Fed. R. Evid. 401 (relevance) – the witness was not involved in any compensation decisions as it relates to anyone at Google; his opinion as to the appropriate amount of an equity refresh grant is irrelevant to any issue in this case Fed. R. Evid. 403 (prejudice) – given the lack of relevance, introduction of this testimony would only serve to confuse or mislead the jury, or waste time |

**Stuart Vardaman (Nov. 17, 2020)**

| Plaintiff's Designated Testimony | Objection |
|---|---|
| 49:22-24 | To the extent that counsel is relying on this testimony to authenticate the document in question, Defendant objects on the grounds of Fed. R. Evid. 602 (lacks foundation). |
| 51:4-18 | Fed. R. Evid. 801, 802 (hearsay) – to the extent the underlying document about which the witness is being questioned has not yet been submitted into |

| | evidence; the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
|---|---|
| 52:19-54:21 | Fed. R. Evid. 801, 802 (hearsay) - to the extent the underlying document about which the witness is being questioned has not yet been submitted into evidence; the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
| 55:6-16 | Fed. R. Evid. 801, 802 (hearsay) – to the extent the underlying document about which the witness is being questioned has not yet been submitted into evidence; the witness is being questioned about notes created and prepared by someone else that contain out of court statements offered for their truth. |
| 60:10-60:17 | Fed. R. Evid. 805 (double hearsay) – an out of court statement allegedly made by Brian Stevens, communicated through his executive assistant in another out-of-court statement is being offered for the truth of the matter asserted. |

**Evren Eryurek (Nov. 3, 2020)**

| ~~Designated Testimony~~ | ~~Objection~~ |
|---|---|
| ~~5:17-5:20~~ | ~~The designated text is not testimony.~~ |
| ~~53:19-54:10~~ | ~~Fed. R. Evid. 401 (relevance) – the witness was not involved in hiring Plaintiff, setting her compensation, or interviewing or selecting her for the Financial Services Vertical Lead role (or any other role). Whether he considered Plaintiff to be qualified for the role has no tendency to make any fact of consequence more or less probable.~~ ~~Fed. R. Evid. 403 (prejudice) – given the lack of relevance, the opinion of a witness who has no involvement in any of the challenged decisions to be tried serves only to mislead the jury, confuse the issues, and waste time.~~ |
| ~~57:12-58:5~~ | ~~Fed. R. Evid. 801, 802 (hearsay) – testimony regarding what recruiters told the witness about how Google determined his compensation in connection with his offer of employment, offered for the truth of those representations.~~ |

30

| 60:16-61:20 | Fed. R. Evid. 401 (relevance) — the comparative value of the sign-on equity award granted to the witness against the value of equity he forfeited by leaving his prior employer, and whether that grant was subject to vesting, is irrelevant to whether Plaintiff was treated in a discriminatory manner. Fed. R. Evid. 403 (prejudice) — given the irrelevance of this information to the issues to be tried, its introduction into evidence would serve only to confused or mislead the jury, or waste time. |
|---|---|
| 63:6-67:14 | Fed. R. Evid. 602 (lack of personal knowledge) — Plaintiff has not asserted, nor can she establish through testimony, that the witness participated in any decision to hire Plaintiff, determine her compensation or level, supervise her, or direct and evaluate her work. Accordingly, his opinion of Plaintiff's background, qualifications, and performance is not based on personal knowledge and he lacks the necessary foundation to testify about these topics. Fed. R. Evid. 401 (relevance) — because the witness was not involved or consulted in any of the challenged decisions on trial, his opinion on these matters are irrelevant. Fed. R. Evid. 403 (prejudice) — for these same reasons, introduction of this testimony into evidence will serve only to confuse or mislead the jury, or waste time. |
| 65:11-66:4 | Fed. R. Evid. 801, 802 (hearsay) — the testimony designated is the witness recalling out-of-court statements between himself and Plaintiff, all offered for the truth of the matters asserted. |
| 67:12-14 | Fed. R. Evid. 801, 802 (hearsay) — what the witness heard out-of-court (or, rather, did not hear) is being offered for its truth. |
| 75:7-77:3 | Fed. R. Evid. 801, 802 (hearsay) — the witness's testimony is limited to reading content from a document, which contains out-of-court statements offered for their truth. Fed. R. Evid. 602 (lack of personal knowledge) — the witness was unable to identify the document available via link in the email placed in front of him at deposition, so his answers to questions about the linked document are speculative. |

31

| 89:3-91:3 | Fed. R. Evid. 801, 802 (hearsay) — the testimony consists solely of the witness's recollection of an out-of-court conversation with Plaintiff offered for its truth.<br>Fed. R. Evid. 401 (relevance) — the witness was not involved or consulted in the hiring process for the Financial Services Vertical Lead position at issue, so his opinions about the process and what Plaintiff told him about that topic are irrelevant.<br>Fed. R. Evid. 403 (prejudice) — for the same reasons, the testimony would serve only to confuse or mislead the jury, or waste time, if admitted. |
|---|---|
| 91:23-92:5 | Fed. R. Evid. 801, 802 (hearsay) — the testimony consists solely of the witness's recollection of an out-of-court conversation with Plaintiff offered for its truth.<br>Fed. R. Evid. 401 (relevance) — what Plaintiff told the witness about her alleged exclusion from meetings is irrelevant to the issue of whether Plaintiff was actually excluded from meetings or otherwise treated unfairly on the basis of sex.<br>Fed. R. Evid. 403 (prejudice) — for the same reasons, the testimony would serve only to confuse or mislead the jury, or waste time, if admitted. |
| 93:9-95:12 | The testimony concerning Morgan Kuhn was already ruled inadmissible by Judge Schofield. *See* ECF 292 ¶ 2 ("Defendant's motion to exclude evidence of other employees' complaints of alleged unfair treatment by Defendant is granted in part and denied in part. Evidence concerning the following is excluded under Rule 403 as the evidence has limited, if any, probative value and is likely to confuse the jury in a way that will prejudice Defendant: (1) the *Haggan* and *Ellis* class actions, which were settled and did not include Plaintiff within the class, (2) the protests principally concerning sexual harassment, which is not an issue in this case, and the resulting 2018 walkout, and (3) **a gender complaint against Stuart Breslow that did not involve Plaintiff.**") (emphasis supplied).<br>Fed. R. Evid. 401 (relevance) — an alleged complaint about an individual who is not alleged to have participated or been consulting in any of the challenged decisions on trial is irrelevant. |

| | |
|---|---|
| | Fed. R. Evid. 403 (prejudice) — for the same reason, admitting this testimony into evidence would serve only to confuse and mislead the jury, or waste time. Fed. R. Evid. 801, 802 (hearsay) — the testimony consists of information the witness heard second-hand, offered for its truth. |
| 127:6-128:4 | Fed. R. Evid. 602 (lack of personal knowledge) — the witness testified he knows nothing about years of experience and how it may have related to leveling, so his testimony about the impact that might have on the work performed lacks foundation. Fed. R. Evid. 401 (relevance) — for the same reason, the witness's testimony as to whether "it" has any impact on the nature of the work he and Plaintiff performed is irrelevant. Fed. R. Evid. 403 (prejudice) — for the same reason, the introduction of this testimony into evidence would serve only to confuse and mislead the jury, and waste time. |
| **Plaintiff's Designated Testimony** | **Objection** |
| 64:2-66:12 66:14-15 66:17-19 66:21-22 | Fed. R. Evid. 401 (relevance) – Plaintiff has not asserted, nor can she establish through testimony, that the witness participated in any decision to hire Plaintiff, determine her compensation or level, supervise her, or direct and evaluate her work. Accordingly, his opinion on these matters are irrelevant. Fed. R. Evid. 403 (prejudice) – for these same reasons, introduction of this testimony into evidence will serve only to confuse or mislead the jury, or waste time. |
| 67:4-8 67:10-14 | Fed. R. Evid. 401 (relevance) – Plaintiff has not asserted, nor can she establish through testimony, that the witness participated in any decision to hire Plaintiff, determine her compensation or level, supervise her, or direct and evaluate her work. Accordingly, his opinion on these matters are irrelevant. Fed. R. Evid. 403 (prejudice) – for these same reasons, introduction of this testimony into evidence will serve only to confuse or mislead the jury, or waste time. |

| | Fed. R. Evid. 801, 802 (hearsay) - counsel's question seeks hearsay. |
|---|---|
| 89:3-4<br>89:6-12<br>89:14-19<br>89:21-90:9<br>90:11-18<br>90:20-24 | Fed. R. Evid. 801, 802 (hearsay) – the testimony consists solely of the witness's recollection of an out-of-court conversation with Plaintiff offered for its truth. |
| 127:6-9<br>127:11-14<br>127:16-17<br>127:19-21<br>127:23-128:2<br>128:4 | Fed. R. Evid. 602 (lack of personal knowledge) – the witness testified he knows nothing about years of experience and how it may have related to leveling, so his testimony about the impact that might have on the work performed lacks foundation.<br>Fed. R. Evid. 403 (prejudice) – for the same reason, the introduction of this testimony into evidence would serve only to confuse and mislead the jury, and waste time. |

**Benjamin Wilson (Dec. 2, 2020)**

| | |
|---|---|
| 4:2-6 | The designated text is not testimony. |
| 18:2-8 | Fed. R. Evid. 106 (remainder of recorded statement required) – Plaintiff should be required to include the full question and answer for appropriate context (Tr. 17:19-18:8). |
| 37:19 - 38:11 | Fed. R. Evid. 401 (relevance) – what the witness's prior employer paid him for the job he held prior to joining Google has no bearing whatsoever on the issue to be tried, which is whether compensation decisions with respect to Plaintiff were motivated sex.<br>Fed. R. Evid. 403 (prejudice) – this testimony cannot possibly make any fact of consequence in this trial more or less likely, and will serve only to confuse or mislead the jury, or waste time. |
| 44:4-15 | Fed. R. Evid. 401 (relevance) – whether the witness knew what Mr. Eryurek's role and title was during his interview process, and the witness's opinion as to whether Mr. Eryurek's role was similar to the one for which the witness was interviewing, has no bearing on the issue to tried, which is whether those involved in the decision to hire Plaintiff at L8 were motivated by sex. |

34

| | |
|---|---|
| | ~~Fed. R. Evid. 403 (prejudice) – for the same reasons, the testimony would serve only to confuse or mislead the jury, or waste time, if admitted.~~ |
| ~~58:15-18~~**Plaintiff's Designated Testimony** | ~~Fed. R. Evid. 106 (remainder of relevant testimony required) – Plaintiff's designation begins in the middle of the witness's answer and lacks context. Even if Plaintiff includes the entire question and answer, Defendant objects on the grounds of Fed. R. Evid. 401 (relevance) – the witness is reading from a job description "about an AI role which I did not apply for and did not take a job of." (Tr. 56:2–58:15.) There is no dispute that the document about which the witness is testifying is not the job description associated with the Technical Director role Plaintiff held at Google.~~<br>~~Fed. R. Evid. 403 (prejudice) – for the same reasons, the testimony would serve only to confuse or mislead the jury, or waste time, if admitted.~~**Objection** |
| ~~59:21-60:17~~ | ~~Fed. R. Evid. 106 (remainder of relevant testimony required) – Plaintiff's designation fails to make clear the document about which the witness is testifying. If Plaintiff includes Tr. 58:19-59:11 so the jury is not confused or misled into thinking the witness is testifying about a different document, Google will remove its objection. If Plaintiff will not amend her designation accordingly, Defendant objects on the grounds of Fed. R. Evid. 403 (prejudice) – failure to identify the document about which the witness is testifying – particularly when the preceding testimony identifies a *different* job description – will confuse and mislead the jury.~~ |
| 67:13-15 | Fed. R. Evid. 401 (relevance) - which employees the witness considered his "peers" is irrelevant given he did not participate in any challenged decisions in this case, including the decision to hire Plaintiff as an L8 rather than an L9.<br>Fed. R. Evid. 403 (prejudice) - testimony in response to a vague question about those people the witness considers his "peers" in OCTO has no bearing on whether the individuals who recommended she be hired as an L8 intentionally discriminated against Plaintiff on the basis of her sex, nor is it evidence that Plaintiff was actually performing work substantially equal to the witness or anyone else. Therefore, its introduction into |

| | evidence will serve only to mislead or confuse the jury, and waste time. |
|---|---|
| ~~69:5-15~~ | ~~Fed. R. Evid. 401 (relevance) - the witness had no involvement in the decision to hire Plaintiff at L8 or set her compensation. When or whether he became aware of the level at which other employees were hired does not make it more or less likely that the leveling or compensation decisions with respect to Plaintiff were motivated by sex.~~ <br> ~~Fed. R. Evid. 403 (prejudice) - for the same reasons, the testimony would serve only to confuse or mislead the jury, or waste time.~~ |
| 77:10-19 | Fed. R. Evid. 401 (relevance) - There is no evidence that the witness was involved in or consulted with respect to any of the challenged decisions in this case, including whether to offer Plaintiff the Financial Services Vertical Lead role in Tariq Shaukat's organization. His opinion as to Plaintiff's qualifications for that role or any other role has no bearing on the issues to be tried. The witness also expressly disavows sufficient knowledge to answer the question posed. <br> Fed. R. Evid. 403 (prejudice) - For those same reasons, the testimony would serve only to confuse or mislead the jury, or waste time. |
| ~~92:15-93~~94:7-12 <br> 94:~~14~~-15 <br> 94:17-19 <br> 94:21-23 <br> 94:25-95:18 | Fed. R. Evid. ~~602 (lack of personal knowledge) - Plaintiff has not asserted, nor can she establish through testimony, that the witness participated in any decision to hire Plaintiff, determine her compensation or level, supervise her, or direct and evaluate her work. Accordingly, his opinion of Plaintiff's background, qualifications, and performance is not based on personal knowledge and he lacks the necessary foundation to testify about these topics.~~ <br> ~~Fed. R. Evid.~~ 401 (relevance) - because the witness was not involved or consulted in any of the challenged decisions to be tried ~~including the decision to hire Plaintiff as an L8 as opposed to an L9. What he understood or believed her educational and professional background to be~~his opinion on these matters is irrelevant ~~and has no tendency to make any fact of consequence more or less likely~~. |

| | |
|---|---|
| | Fed. R. Evid. 403 (prejudice) - for ~~the~~these same reasons, ~~admitting~~ introduction of this testimony into evidence ~~would~~will serve only to confuse ~~and~~or mislead the jury, ~~and~~or waste time. |
| ~~94:6~~-95:~~5~~-7 ~~96:18~~ ~~97:2~~ | ~~Fed. R. Evid. 401 (relevance) - because the witness was not involved or consulted in any of the challenged decisions to be tried, his opinion on these matters is irrelevant.~~ ~~Fed. R. Evid. 403 (prejudice) - for these same reasons, introduction of this testimony into evidence will serve only to confuse or mislead the jury, or waste time.~~ Fed. R. Evid. 801, 802 (hearsay) – counsel's question seeks hearsay. |
| 97:~~74~~-98:9 | Fed. R. Evid. 801, 802 (hearsay) – the testimony recounts an out of court statement offered for the truth of the matter asserted. Fed. R. Evid. 401 (relevance) – witness's personal opinion regarding the impact of leveling on how a Technical Director interacted and operated with customers is irrelevant. |
| ~~109:24-111:24~~ 167:21-168:7 | Fed. R. Evid. 801, 802 (hearsay) – the testimony recounts an out court statements offered for the truth of the matter asserted. Fed. R. Evid. 401 (relevance) ~~- the~~– whether Plaintiff had "good relationships" at Google, and whether witness was ~~not involved in or consulted in any challenged decision to be tried, including the decision(s) to level any of the individuals mentioned. Therefore, what he knew or believed he knew about their backgrounds and education is~~personally aware that Plaintiff had raised leveling concerns, are irrelevant. Fed. R. Evid. 403 (prejudice) ~~- for the same reasons,~~– in light of the witness's admission that "[he] can't speak for every single person" and "[he doesn't] know what they thought" of Plaintiff, introduction of this testimony into evidence would also serve ~~only~~to waste time and confuse ~~or mislead~~ the jury, ~~or waste time, if admitted.~~ |
| ~~145:23-147:22~~ | ~~Fed. R. Evid. 801, 802 (hearsay) - the testimony recounts an out of court statement offered for the truth of the matter asserted.~~ |
| ~~148:2-9~~ | ~~Fed. R. Evid. 801, 802 (hearsay) - the testimony recounts an out of court statement offered for the truth of the matter asserted.~~ |

| | |
|---|---|
| ~~168:4-7~~ | ~~Fed. R. Evid. 801, 802 (hearsay) – the testimony recounts an out of court statement offered for the truth of the matter asserted.~~ |
| ~~169:5-7~~ | ~~Fed. R. Evid. 401 (relevance) - whether the witness was ever contacted by Employee Relations in connection with an investigation into complaints about decisions in which he played no role or was not consulted has no bearing on whether the decisions themselves were motivated by sex.~~<br>~~Fed. R. Evid. 403 (prejudice) – for the same reasons, introduction of this testimony into evidence would serve only to confuse or mislead the jury, or waste time.~~ |
| ~~169:15-170:9~~ | ~~Fed. R. Evid. 401 (relevance) - whether the witness was ever contacted by Employee Relations in connection with an investigation into complaints about decisions in which he played no role or was not consulted has no bearing on whether the decisions themselves were motivated by sex.~~<br>~~Fed. R. Evid. 403 (prejudice) – for the same reasons, introduction of this testimony into evidence would serve only to confuse or mislead the jury, or waste time.~~ |
| 171:20-22<br>171:24-172:6<br>172:9-173:11<br>173:13-17 | Fed. R. Evid. 401 (relevance) – Ms. Bennett's level is not at issue in this case, so any discussions the witness had with Ms. Bennett about their respective levels are irrelevant to whether the decision to hire Plaintiff as an L8 was motivated by sex.<br>Fed. R. Evid. 403 (prejudice) – for the same reasons, introduction of this testimony into evidence would serve only to confuse or mislead the jury, or waste time. |

## I.    PROPOSED EXHIBITS AND DEMONSTRATIVE AIDS

### 1.    Parties' Stipulation as to Demonstrative Aids

The Parties stipulated to exchanging demonstrative aids by July 21, 2023, three weeks in advance of the trial conference previously scheduled for August 14, 2023. (*See*

ECF 303.) Both Parties submitted copies of their intended demonstratives to the Court on

July 21, 2023, via email to Chambers. The Parties raised objections to demonstratives on

August 4, 2023.

**2.      Plaintiff's Proposed Exhibits**

Plaintiff's Proposed Exhibits are attached as Appendix A to this Joint Pre-trial

Order. ~~Plaintiff believes that the admission of documents to which there are no~~
~~objections, without the necessity of introducing documents through a competent witness~~
~~with personal knowledge pursuant to Fed. R. Evid. 602, will be more efficient than what~~
~~Defendant proposes.~~

**3.      Defendant's Proposed Exhibits**

Defendant's Proposed Exhibits are attached as Appendix B to this Joint Pre-trial

Order. ~~If the Court will rule on the admissibility of exhibits before trial, Defendant seeks~~
~~clarification as to whether evidence deemed admissible will be affirmatively admitted~~
~~into evidence at the start of the trial. It is Defendant's understanding and preference that~~
~~each party introduce documents into evidence through a competent witness with personal~~
~~knowledge pursuant to Fed. R. Evid. 602, unless unique circumstances dictate or the~~
~~parties stipulate otherwise.~~

Consistent with the Court's Order dated January 13, 2023 (ECF 292), Defendant

has removed objections to its trial exhibits and trial testimony to the extent that the Court

ruled on the admissibility of the specific exhibit/testimony, or the subject matter covered

by that exhibit/testimony. In doing so, Defendant is not waiving or abandoning those

objections, all of which have previously been asserted in the initial Joint Pre-trial Order

submitted on December 12, 2022 (ECF 285) and in Defendant's motions *in limine* (ECF 234, 236).

### 4.       Exhibits for Purposes of Trial

The parties have previously submitted their respective exhibits to the Court in the format required by the Court's Individual Rules and Practices in Civil Cases, Rule 7.D. The exhibits have been numbered to facilitate their use at trial. ~~The parties have indicated their request for an advance ruling on contested exhibits with a notation in Appendices A and B.~~ To the extent that any exhibits for which either party has asserted a hearsay objection are admitted into evidence for a purpose other than to prove the truth of the out-of-court statement, the parties respectfully request the Court provide a cautionary instruction to the jury regarding the purpose for which the exhibit has been admitted.

To facilitate the use at trial of exhibits to which there is no objection, the parties have agreed to jointly request the Court provide the following jury charge at the beginning of the trial (the parties will submit a revised proposed request to charge at the appropriate time): "To expedite the proceedings, the parties agreed in advance on the admissibility of many exhibits. This means that exhibits may be shown to you at the same time they are shown to witnesses. You should not presume the witness is familiar with a document presented to her or him, or its contents."

## J.       WRITTEN DISCOVERY RESPONSES

1. Defendant Google LLC's Objections and Responses to Plaintiff's First set of Requests for Admission, January 25, 2021.

2. Plaintiff Ulku Rowe's Responses and Objections to Google's First Set of Interrogatories, dated February 20, 2020.

## K.       LIST OF MOTIONS *IN LIMINE*

Judge Schofield's order on the parties' motions *in limine* is attached hereto as Appendix C. (*See* ECF 295 ("Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the reassignment.").) To the extent either party believes the Order on the motions *in limine* render any exhibit or designated deposition testimony inadmissible, those objections are reflected in Appendices A and B and above in section H.3, respectively.

### 1. Plaintiff's Motions *in Limine*

a. Motion One: Plaintiff's Motion *in Limine* to Exclude Evidence Concerning Defendant's Consideration of Other Rejected Candidates for Financial Services Vertical Lead Role (ECF No. 238)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | ENG BATES |
|---------|------------|-----------|
| D55 | GOOG-ROWE-00059007 | GOOG-ROWE-00059012 |
| D65 | GOOG-ROWE-00056487 | GOOG-ROWE-00056488 |
| D45 | GOOG-ROWE-00017721 | GOOG-ROWE-00017721 |
| D80 | GOOG-ROWE-00017873.R | GOOG-ROWE-00017875.R |
| D71 | GOOG-ROWE-00062337 | GOOG-ROWE-00062344 |
| D72 | GOOG-ROWE-00063421 | GOOG-ROWE-00063424 |
| D73 | GOOG-ROWE-00061871 | GOOG-ROWE-00061872 |
| D74 | GOOG-ROWE-00082370 | GOOG-ROWE-00082372 |

Court Order on Plaintiff's Motion *in Limine*, Motion One: "Plaintiff's motion to exclude evidence of other candidates for the FSVL role for which she was not hired is DENIED, as this evidence is part of the factual background relevant under Rule 401 to show whether Defendant acted with discriminatory or retaliatory intent." (ECF 292 at ¶ 3.)

b. Motion Two: Plaintiff's Motion *in Limine* to Exclude Hearsay Evidence Concerning Plaintiff's Candidacy for the Financial Services Vertical Lead Role (ECF No. 240)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|------------|-----------|
| D62 | GOOG-ROWE-00017533 | GOOG-ROWE-00017538 |

Court Order on Plaintiff's Motion *in Limine*, Motion Two: "Plaintiff's motion to exclude as hearsay evidence of oral feedback from interviewers is DENIED, as the evidence is offered for its effect on Defendant's hiring manager and not for the truth. *See* Rule 802. Plaintiff may submit a joint proposed limiting instruction to this effect at the time the evidence is presented." (ECF 292 at ¶ 4.)

Plaintiff proposes the following limiting instruction per Judge Schofield's ruling: "In certain instances evidence may be admitted only for a limited purpose. You may now hear evidence that the next witness, [Tariq Shaukat/Stuart Vardaman] received interview feedback about Ms. Rowe concerning her consideration for the Financial Services Vertical Lead position. Testimony about the interview feedback itself from any source, if admitted, may be considered by you only to explain [Tariq Shaukat's/Stuart Vardaman's] alleged state of mind upon hearing the feedback. You may not consider evidence of interview feedback concerning the Financial Services Vertical Lead position for its truth; meaning you may not consider any evidence of interview feedback as evidence of Ms. Rowe's actual qualifications for the Financial Services Vertical Lead position. You may give such evidence, if received, such weight as you feel it deserves but only for the limited purpose for which it has been offered.  You may not use the evidence for any other purpose."

Defendant counter-proposes the following limiting instruction: "In certain instances, the Court may admit evidence for a limited purpose. You may hear evidence about feedback provided by people who interviewed Ms. Rowe for the Financial Services Vertical Lead position. This evidence is admitted for a limited purpose. It is only being offered to show the effect that those statements had on Mr. Shaukat and Mr. Vardaman. It is not being admitted to establish that the interviewers

actually held those views. As with all other evidence in this case, you may give this evidence such weight as you feel it deserves."

    c.   Motion Three: Plaintiff's Motion *in Limine* to Exclude Evidence Concerning Yolanda Piazza or Defendant's Consideration or Selection of Candidates for the Vice President – Financial Services, Sales Role (ECF No. 242)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|------------|-----------|
| D70 | GOOG-ROWE-00055394.R | GOOG-ROWE-00055418.R |
| D79 | GOOG-ROWE-00078164 | GOOG-ROWE-00078169 |
| D76 | GOOG-ROWE-00082359 | GOOG-ROWE-00082366 |
| D77 | GOOG-ROWE-00082356 | GOOG-ROWE-00082358 |
| D78 | GOOG-ROWE-00082351 | GOOG-ROWE-00082355 |

Court Order on Plaintiff's Motion *in Limine*, Motion Three: "Plaintiff's motion to exclude evidence of other candidates for the VP-FS role for which she was not interviewed is DENIED, as the evidence is relevant under Rule 401 to whether Defendant acted with retaliatory intent, and Plaintiff as not been prejudiced by the timeliness (or not) of the production of related documents." (ECF 292 at ¶ 5.)

    d.   Motion Four: Plaintiff's Motion *in Limine* to Exclude Evidence Concerning the Level 8 Technical Directors (ECF No. 244)

The following documents on Defendant's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|------------|-----------|
| D43 | GOOG-ROWE-00063979 | GOOG-ROWE-00064012 |
| D44 | GOOG-ROWE-00063516 | GOOG-ROWE-00063589 |
| D68 | GOOG-ROWE-00065032 | GOOG-ROWE-00065090 |
| D69 | GOOG-ROWE-00064910 | GOOG-ROWE-00064968 |

Court Order on Plaintiff's Motion *in Limine*, Motion Four: "Plaintiff's motion to exclude evidence of leveling determinations of male L8 Directors is DENIED because it is relevant under Rule 401 to show whether Plaintiff, who was hired as a Technical Director as an L8, was treated less well than similarly situated men, and whether Plaintiff was more like others hired at L8 than those leveled at L9. For the same reason, the evidence will not confuse the jury with extraneous or irrelevant information." (ECF 292 at ¶ 6.)

e.  Motion Five: Plaintiff's Notice of Motion to Be Permitted to Ask Leading Questions During the Direct Examination of Defendant's Current and Former Employees (ECF No. 246)

Court Order on Plaintiff's Motion *in Limine*, Motion Five: "Plaintiff's motion to permit leading questions or Defendant's employees as hostile witnesses is DENIED in part and GRANTED in part as follows: Plaintiff may treat as hostile witnesses (1) Defendant's current employees because Defendant does not object to Plaintiff's doing so, (2) Tariq Shaukat because Plaintiff accuses him of discriminatory conduct that is in part the basis for this action and (3) any former employee who at the time of trial is represented by defense counsel and who participates with defense counsel in preparing their testimony. The motion is denied as to any remaining employees. At least three weeks prior to the commencement of trial, defense counsel shall identify for Plaintiff any former employees as to whom the motion is denied." (ECF 292 at ¶ 7.)

f.  Motion Six: Plaintiff's motion to preclude Defendant from calling Dave Rensin as a witness is DENIED to the extent that Defendant may question Rensin about (1) the TSC Job Ladder generally and what it represents, but not in reference to Plaintiff or any other particular employee, and (2) any feedback from his interview of Plaintiff that he provided to those who made her leveling decision, not to be offered for the truth, but as information that was considered. As to item (2), Plaintiff may submit a joint proposed limiting instruction at the time the evidence is presented.

**2.  Defendant's Motions *in Limine***

a.  Defendant Google LLC's Motion *in Limine* Regarding Evidence of Leveling Determinations (ECF No. 234)

The following documents on Plaintiff's Proposed Exhibit List relate to this motion:

44

| EXHIBIT | BEG. BATES | END BATES |
|---------|-----------|-----------|
| P15 | GOOG-ROWE-00059224 | GOOG-ROWE-00059229 |
| P52 | GOOG-ROWE-00059824 | GOOG-ROWE-00059829 |

Court Order on Defendant's Motion *in Limine* Regarding Evidence of Leveling Determinations: "Defendant's motion to exclude evidence of 'leveling determinations,' outside of Level 8 and 9 Technical Directors in the Office of the CTO, is DENIED to the extent that Plaintiff may introduce evidence of (1) leveling decisions by Tariq Shaukat, whom Plaintiff alleges treated her in a discriminatory manner and (2) re-leveling decisions to illustrate that re-leveling was possible. This evidence is relevant under Rule 401 to show whether Plaintiff was treated in a discriminatory manner and with discriminatory intent. Defendant has not articulated any unfair prejudice or jury confusion, and any time spent on Defendant's contrary evidence is not waste time and is outweighed by the probative value of this evidence." (ECF 292 at ¶ 1.)

Plaintiff argues that Exhibit P15 does not relate to this motion as it is not a leveling determination, it is an internal discussion of a ladder transfer. Plaintiff further argues that P52 is admissible because it is not a leveling determination, and even if the Court determines it was, it was made by Tariq Shaukat.

b. Defendant Google LLC's Notice of Motion *in Limine* to Exclude Evidence of Other Employee Complaints (ECF No. 236)

The following documents on Plaintiff's Proposed Exhibit List relate to this motion:

| EXHIBIT | BEG. BATES | END BATES |
|---------|-----------|-----------|
| P18 | GOOG-ROWE-00056473 | GOOG-ROWE-00056476 |
| P39 | GOOG-ROWE-P-00001200 | GOOG-ROWE-P-00001201 |
| | GOOG-ROWE-00060592 | GOOG-ROWE-00060593 |
| P58 | P001591 | P001603 |
| P105 | GOOG-ROWE-00058542 | GOOG-ROWE-00058555 |

Court Order on Defendant's Motion *in Limine* to Exclude Evidence of Other Employee Complaints: "Defendant's motion to exclude evidence of other employees' complaints of alleged unfair treatment by Defendant

is GRANTED in part and DENIED in part. Evidence concerning the
following is excluded under Rule 403 as the evidence has limited, if any,
probative value and is likely to confuse the jury in a way that will
prejudice Defendant: (1) the *Haggan* and *Ellis* class actions, which were
settled and did not include Plaintiff within the class, (2) protests
principally concerning sexual harassment, which is not at issue in this
case, and the resulting 2018 walkout and (3) a gender complaint against
Stuart Breslow that did not involve plaintiff. Evidence of the following
is permitted: (1) the December 2019 complaint of a Level 6 employee
was no re-leveled to Level 7, to show that re-leveling was possible."
(ECF 292 at ¶ 2.)

Plaintiff argues that Exhibit P18 does not relate to this motion because it
is not an employee complaint. Plaintiff has removed Exhibits P39 and
P58 from her exhibit list. Plaintiff further argues that P105 is admissible
per the Court's ruling above (the complaint of a Level 6 employee was
no re-leveled to Level 7, to show that re-leveling was possible.)

## L.   STIPULATIONS OF UNCONTESTED FACTS

~~There are no stipulations of uncontested facts.~~

- The parties stipulate that as of September 19, 2019, Google Cloud's senior
  leadership was aware of Plaintiff's filed complaint and the allegations contained
  therein.

## M.   OTHER STIPULATIONS[1]

- The parties stipulate to the following jury instruction, and jointly request that the
  Court give this instruction regarding the presentation of evidence at the start of
  the trial: "To expedite the proceedings, the parties agreed in advance on the
  admissibility of many exhibits. This means that exhibits may be shown to you at

---

[1] The parties will submit a revised Proposed Request to Charge at the appropriate time, or as
requested by the Court.

the same time they are shown to witnesses. You should not presume the witness is familiar with a document presented to her or him, or its contents."

- The parties stipulate to amend Proposed Jury Charge No. 12 ("Outline of Trial") (ECF No. 273) to add the following instruction: "In either case, the order in which witnesses are presented to you may be affected by the witnesses' availability to appear. So you should not assign any particular weight to any witness's testimony because of when she or he testifies. You should assess each of the witnesses individually, as I will describe to you in a moment."

### M.N.   STATEMENT OF DAMAGES

Plaintiff seeks those damages to which she is entitled under New York Labor Law and New York City Human Rights Law, including backpay, liquidated damages, compensatory damages, and punitive damages. These damages will be supported by Plaintiff's own testimony and that of her economic expert, Nora Ostrofe.

Plaintiff's economic losses through July 2023 are approximately $10.9 million. Of this amount, approximately $3.68 million is for liquidated damages on the portion of back-pay related to Equal Pay Law claims and approximately $287,000 is for pre-judgment interest.

Plaintiff seeks emotional distress damages of $300,000.00.

Plaintiff seeks punitive damages in an amount to be determined by the jury as necessary to punish and deter Google from such unlawful behavior, consistent with constitutional limitations.

Plaintiff seeks attorneys' fees and costs for all work performed in connection with the case, including post-trial work and work related to the fee application. Plaintiff's attorneys' fees are presently approximately $3.015 million.

47

Plaintiff seeks reimbursement of costs, which are presently: approximately $122,000.

Defendant denies that Plaintiff is entitled to any of the relief she seeks.

### OTHER RELIEF

Plaintiff seeks the following additional relief:

a)   Declare that Defendant's actions are violative of the law;

b)   Enjoin and permanently restrain these violations of the law;

c)   Direct Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment opportunities.

d)   Direct Defendant to instate Plaintiff into the position she was denied or a comparable position, or in the alternative, set Plaintiff's compensation and benefits at a comparable level to that position;

e)   Award Plaintiff the number of Google shares she was unlawfully denied;

f)   Award Plaintiff damages to compensate for any adverse tax consequences;

g)   Award pre-judgment interest at the statutory rate of 9%;

h)   Award Plaintiff attorneys' fees, costs, and disbursements pursuant to applicable law; and

i)   Award such other legal and equitable relief as this Court deems necessary, just, and proper.

Defendant denies that Plaintiff is entitled to any of the relief she seeks.

### N.O.   UNANIMOUS VERDICT

The parties do not consent to less than a unanimous verdict.

Dated: September 15October 6, 2023          Respectfully submitted,

By:   s/ *Cara E. Greene*          By:   s/ *Sara B. Tomezsko*

Cara E. Greene                            Kenneth W. Gage
Gregory S. Chiarello                      Sara B. Tomezsko
Shira Z. Gelfand                          Kaveh Dabashi

48

**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2071
ceg@outtengolden.com
gchiarello@outtengolden.com
sgelfand@outtengolden.com

*Attorneys for Plaintiff*
*Ulku Rowe*

**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
(212)-318-6000
Fax: 212-918-4090
kennethgage@paulhastings.com
saratomezsko@paulhastings.com
kavehdabashi@paulhastings.com

*Attorneys for Defendant*
*Google LLC*