

Advocates for Workplace Fairness

October 6, 2023

**Via ECF:**
The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *Ulku Rowe v. Google LLC*, **Case No. 19-cv-08655**

Dear Judge Rearden:

We represent Plaintiff Ulku Rowe in the above-referenced matter. We write to renew our objection to the testimony of Patricia Florissi on the basis of relevance and prejudice (*See* Fed. R. Evid. 401, 403). Pursuant to Your Honor's September 25, 2023 Order (ECF No. 315), Plaintiff deposed Ms. Florissi on October 2, 2023 for the full three hours allotted. Ms. Florissi's deposition testimony makes clear that she has no information that is probative to the issues in this case or is of consequence in determining either liability or damages. *See* Fed. R. Evid. 401.

**Ms. Florissi's Testimony is Irrelevant**

In this matter, Plaintiff alleges, in part, that Google paid Ms. Rowe less and treated Ms. Rowe less well than five men Google hired as Technical Directors, Level 9, in late 2016 and early 2017. Ms. Florissi's testimony is irrelevant to "whether the work performed by Plaintiff from April 2022 through July 2023 was substantially equal to that of her proffered comparators." (*See* September 25, 2023 Order, ECF No. 315). Unsurprisingly, given that Plaintiff's proffered comparators left OCTO or Google prior to Ms. Florissi's hire, in her own words, Ms. Florissi "cannot comment on anything that happened before I joined." (October 2, 2023 Deposition of Patricia Florissi Rough Transcript ("Florissi Tr." at 125:25-126:2). Ms. Florissi further testified

New York  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
San Francisco  One California Street  12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
Washington DC  601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410
www.outtengolden.com

Hon. Jennifer H. Rearden
October 6, 2023
Page 2

that she did not have any visibility into the work or job requirements for current Level 9 Technical Directors in OCTO, including Eric Schenk, (*Id.*, 132:9-15) and Scott Penberthy (133:4-9).

Nicholas Harteau, one of Plaintiff's proffered comparators, ceased performing the Technical Director role long before Ms. Florissi was hired and managed Plaintiff, and accordingly, Ms. Florissi testified that she did not know him, did not know of him, did not know his qualifications, and did not know anything about the work he performed while he was at Google (*See* Florissi Tr. 137:4-25). Ms. Florissi testified similarly with respect to Ben Wilson and Evren Eryurek (*See, e.g., id.,* at 138:12-24) ("Q: Are you able to compare the work that Mr. Eryrurek was doing in OCTO to the work that Ms. Rowe was doing in OCTO at that time? A: I am not able to compare, I don't have visibility, I didn't have visibility."). As for current L9 Technical Directors who started in or around the same time as Plaintiff, Ms. Florissi was unable to speak to the role they currently performed, including Paul Strong ("I'm not familiar with the work that [Paul Strong] does") and Jonathan Donaldson ("I do not have visibility into Jonathan [Donaldson's] work.") (*Id.*, 111:22-112:24).

Nor was Ms. Florissi able to testify as to the comparability of the work Ms. Rowe was performing to that of any other current L9, nor could she testify as to whether Plaintiff was performing level 9 work. (*See Id.*, at 104:2-4) ("As a level 8 I don't participate [in promotions from L8 to L9]. I don't have a voice on being promoted to level 9."). She testified that she was only able to speak to what she has "seen level 9 deliver against level 8" but was unable to testify as to the distinctions that exist between how Technical Directors at levels 8 and 9 perform the role. (*Id.*, at 99:25-100:6).

Hon. Jennifer H. Rearden
October 6, 2023
Page 3

      Moreover, Ms. Florissi's testimony contained newly constructed defenses as to the differences between L8 and L9 Technical Directors that are unsupported by the record evidence and will therefore mislead and confuse the jury (*See* Fed. R. Evid. 403). For example, Ms. Florissi testified that the only difference between the roles is that Level 9s are expected to demonstrate "transformative impact" or "execute next level work," (Florissi Rough Tr. 105:8-23, 103:11-19), but Google and the relevant decision makers have never asserted that as a reason at hire for leveling Ms. Rowe at 8 and her male comparators as 9, and there is not a single document Google has produced in this matter substantiating Ms. Florissi's view on how OCTO L8s and L9s differ.[1] Ms. Florissi also testified that the differentiating factor in qualifications for those hired into the Technical Director role at L8 compared to L9 was that "level 9 required me to have led larger teams." (*Id.*, at 131:5-12), a newly articulated affirmative defense and similarly not substantiated by any documentation or other witness in this matter.

      While Your Honor also noted that Ms. Florissi's testimony may be relevant to "Google's 2023 determination concerning Plaintiff's pay, which was based in part on Plaintiff's work in 2022," (ECF No. 315), neither Defendant in any of the previously-filed Joint Pre-Trial Orders (ECF Nos. 310, 304, 285), nor Ms. Florissi at her deposition, have identified this as an area of testimony for Ms. Florissi. When questioned at deposition regarding her expected trial testimony, Ms. Florissi specifically stated that she would testify to: (1) her interactions with Plaintiff; (2) her

---

[1] Defendant's explanation for why it leveled Ms. Rowe at L8 and her male peers at L9 has shifted over time – but never before included this explanation. For example, Google first attributed total years of work experience as the differentiating factor (ECF No. 163 at ¶ 108), then claimed that "[t]ech versus non-Tech experience was the most heavily considered factor when gauging L8 versus L9 for similar years of work experience" (*Id.*), and finally claimed that Plaintiff's male peers were hired at L9 because they "had all been directly involved in building cloud products or led efforts to complete successful large-scale cloud migrations." (ECF No. 138 at 4).

Hon. Jennifer H. Rearden
October 6, 2023
Page 4

expectations of Plaintiff's performance; (3) Plaintiff's interactions with the Google engineering teams and product managers; and (4) specific projects that Plaintiff worked on. (Florissi Tr. 23:4-25:19). Ms. Florissi did not testify that she would speak to compensation decisions. Even assuming *arguendo* that she did have any relevant knowledge, such testimony would be duplicative of Google's compensation analyst, Christopher Humez, whom Defendant noted will testify as to "compensation determinations concerning Rowe and her alleged comparators."[2] (ECF No. 310). *See Int'l Minerals & Res., S.A. v. Pappas*, 96 F.3d 586, 596 (2d Cir. 1996) ("A district judge has discretion to exclude evidence if it is cumulative of evidence already in the record."); *United States v. Holmes*, 44 F.3d 1150, 1157 (2d Cir. 1995) ("Absent a clear abuse of discretion, a trial judge retains a wide latitude to exclude irrelevant, repetitive, or cumulative evidence"); *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 184 (S.D.N.Y. 2008) (precluding testimony that would be "unnecessary and would be a waste of time").

**Ms. Florissi's Testimony Will Confuse the Jury and is Prejudicial**

It is clear from Ms. Florissi's own description of her intended testimony that Google is not calling her to offer relevant information, but rather to malign Plaintiff and her reputation in the workplace. From her deposition testimony, it is clear that Ms. Florissi intends to levy unfounded criticisms of Ms. Rowe's performance over the last fifteen months. However, Ms. Rowe's performance under Ms. Florissi, who only became her manager in April 2022, is not an issue in this trial and has no bearing on whether Google's actions in 2017 through 2020 were

---

[2] Plaintiff maintains her objection set forth in the September 22, 2023 letter (ECF No. 314) that compensation decisions after the alleged discriminatory hiring and leveling decisions are irrelevant to an assessment of damages. *See Kent v. Papert Cos.*, 309 A.D.2d 234, 241 (N.Y. App. Div. 2003) (Under the NYEPL, "Plaintiff may introduce evidence that [predecessors] were paid a greater wage [] than she for similar work, and, if she proves her case, she is entitled to compensation for each diminished paycheck issued within the statutory [] period.")

Hon. Jennifer H. Rearden
October 6, 2023
Page 5

discriminatory or retaliatory. *See Rifkinson v. CBS*, No. 94 Civ. 7985, 1997 U.S. Dist. LEXIS 15865, at *16-17 (S.D.N.Y. Oct. 14, 1997) ("Because an employer's intent is measured at the time it makes the challenged employment decision, the post-decision performance of either the plaintiff or the more favorably treated employee is generally not relevant" under Fed. R. Evid. 401). Not only will Ms. Florissi's testimony sow confusion by suggesting relevance where none exists, it is highly prejudicial to Plaintiff given its negative nature. *See* Fed. R. Evid. 403 (excluding even relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury"); *see also* Fed. R. Evid. 403 Advisory Committee's Note (evidence is excludable if it has "an undue tendency to suggest decision on an improper basis").

*     *     *

Therefore, because Ms. Florissi's testimony is irrelevant, will confuse and mislead the jury, and will cause prejudice to Plaintiff, it should be excluded from this trial.

> Respectfully submitted,
> /s/ Cara E. Greene
> Cara E. Greene
> Outten & Golden LLP
> 685 Third Avenue, 25th Floor
> New York, NY 10017
> *Counsel for the Plaintiff*

c: All Parties via ECF