

Advocates for Workplace Fairness

October 7, 2023

**Via ECF:**
The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

                Re:    <u>*Ulku Rowe v. Google LLC*, Case No. 19-cv-08655</u>

Dear Judge Rearden:

      We represent Plaintiff Ulku Rowe in the above-referenced matter. On Friday, October 6, 2023 at 3:00 p.m., Google notified Plaintiff that Stuart Vardaman, a witness Google told Plaintiff would not agree to testify and would not be appearing live, had suddenly "volunteered" to testify in person at trial next week. We write to respectfully request that, in light of Google's late notice of this change, the Court grant Plaintiff one (1) additional hour to her allotted time, to permit adequate time to examine Mr. Vardaman.

      Mr. Vardaman was Google's internal recruiter with respect to two promotions Ms. Rowe sought and which are the subject of this suit: the FSVL role and the VP-FS Sales role. Google employed Mr. Vardaman at the time Plaintiff deposed him in 2020. He subsequently left Google and, because he resides outside subpoena range, the Parties designated his deposition testimony in the December 12, 2023 First Joint Pre-Trial Order (ECF No. 285). After the trial was adjourned to August, Defendant represented on a May 11, 2023 meet and confer call that Mr. Vardaman would appear live. Google then advised on June 2, 2023 that "Mr. Vardaman has

**New York**  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
**San Francisco**  One California Street  12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
**Washington DC**  601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410

www.outtengolden.com

Hon. Jennifer H. Rearden
October 7, 2023
Page 2

informed us that he is no longer willing to travel to New York for the trial" and proposed using the parties' previously designated portions of his deposition testimony for trial that they included in the Joint Pre-Trial Order. Plaintiff agreed and the parties included the previously-designated deposition testimony for Mr. Vardaman in the July 14, 2023 First Amended Joint Pre-Trial Order (ECF No. 310). After Your Honor limited each side's case presentation to twelve (12) hours (*See* ECF No. 316), the Parties exchanged revised, limited deposition designations for Mr. Vardaman on September 27 and counter-designations on September 28, in order to account for the reduction in time.

Since June 2, 2023, Plaintiff has been working under the understanding that Mr. Vardaman would not be testifying live at trial. On 3p.m. on Friday, October 6, less than half of a business day before trial, Defendant suddenly notified Plaintiff that, "Mr. Vardaman reached out to us and volunteered to come to NY to testify live at the trial," and also advised that they now represent Mr. Vardaman. Thus, on the eve of trial, Google seeks to abandon the Parties' prior agreement to use Mr. Vardaman's deposition testimony, on which Plaintiff has relied for more than four months.

Defendant's eleventh-hour shift in position, after Plaintiff has revealed trial strategy through its deposition designations and limited her case in chief to fit within the Court's twelve (12) hour limit, is unfairly prejudicial, as Plaintiff does not have adequate time – ahead of trial or within the 12 hour trial allotment – to adjust for this last minute change.  Defendant's 3:00 p.m. notice also sounds of gamesmanship. It is more than suspicious that, on the last business day before trial, with no enticement by Google, Mr. Vardaman would decide to travel across the country to testify, particularly since Google's prior representations to Plaintiff were that Mr. Vardaman did <u>not</u> want to testify and that it did not have the power to compel him to do so.

Hon. Jennifer H. Rearden
October 7, 2023
Page 3

Google has offered no explanation for the sudden turn of events. Accordingly, Google's late notice that a witness so adamant about not testifying is suddenly "volunteering" to do so has all the appearances of conduct designed to gain Google strategic advantage.

*   *   *

Accordingly, Plaintiff respectfully requests that she be given an additional hour to present her case (13 hours total) in light of Google's last-minute change to the trial format.

Respectfully submitted,

/s/ Cara E. Greene
Cara E. Greene
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017
*Counsel for the Plaintiff*

c: All Parties via ECF