# PAUL HASTINGS

1(212) 318-6267
saratomezsko@paulhastings.com

1(212) 318-6046
kennethgage@paulhastings.com

October 8, 2023

**VIA ECF**

The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Ulku Ms. Rowe v. Google LLC*, Case No. 1:19-cv-08655-JHR

Your Honor:

We represent Google LLC ("Google") in this matter. Pursuant to this Court's October 7, 2023 Order (ECF No. 329), we respond to Plaintiff Ulku Rowe's **(1)** renewed request to exclude Patricia Florissi from trial (ECF No. 327) and **(2)** request for one additional hour for her case-in-chief. (ECF No. 328.) For the reasons set forth in this consolidated letter, the Court should deny both requests.

## PLAINTIFF'S RENEWED REQUEST TO EXCLUDE PATRICIA FLORISSI FROM TRIAL SHOULD BE DENIED

Ms. Rowe's renewed objection to her manager Patricia Florissi's testimony restates arguments already rejected by this Court. (ECF No. 315.) The anticipated testimony remains relevant, and it will not be unduly prejudicial or confusing to the jury.

Ms. Rowe claims that from 2017 to the present, Google has paid her less than men who perform substantially equal work (New York Labor Law ("NYLL") Claim), and that it has discriminated against her because of gender in setting her level (New York City Human Rights Law ("NYCHRL") Claim). Whether Ms. Rowe can prove that Google intentionally set her level because of gender (the NYCHRL Claim); whether Google paid her less than men who perform substantially equal work (the NYLL Claim); and whether Google had bona fide reasons other than sex for any pay differentials she might prove (a defense on the NYLL Claim) are three separate questions. To decide them, the jury must know the nature and quality of work Ms. Rowe has been performing, and the reasons Google pays her what it does.



**VIA ECF**

The Honorable Jennifer H. Rearden
October 8, 2023
Page 2

This Court should reject Ms. Rowe's attempt to preclude this evidence from trial a second time.

**I.   Ms. Florissi's testimony is relevant, and will not prejudice or confuse the issues.**

Google will call Ms. Florissi to testify about the work Ms. Rowe has been performing since approximately April 2022. (ECF No. 314 at 5) (see, e.g., Exh. A, Transcript of Patricia Florissi's Deposition at 64:14-66:24, describing a written "evaluation of [Rowe's] performance" that Ms. Florissi authored in January 2023). Will Grannis, Ms. Rowe's manager before that time, will also testify about the work Ms. Rowe performed at Google up to that date. The evidence will show (and Ms. Rowe cannot dispute) that her managers' evaluations of her work are a basis for Google's annual determination of her base salary, actual bonus relative to target, and discretionary equity awards.

Ms. Florissi's and Mr. Grannis's testimony will assist the jury in two ways. First, it will assist the jury in determining whether Ms. Rowe performed work substantially equal to the work performed by two male employees, Nicholas Harteau and Stuart Breslow. Second, it will also assist the jury in determining whether Google's pay decisions were unlawful (because of sex) or lawful (because of the work Ms. Rowe was actually doing and her performance). We fail to understand why Ms. Rowe believes that testimony about her current work at Google will "malign [her] and her reputation in the workplace." (ECF No. 327 at 4.) It may be prejudicial to her inasmuch as it may lead the jury to conclude that Ms. Rowe has not been performing work substantially equal to her alleged comparators, and/or that Google has legitimate, non-discriminatory reasons for paying her nearly $1 million per year. The standard for excluding evidence under Federal Rule of Evidence 403 is whether it is "*unfairly*" prejudicial, however. *See Costantino v. David M. Herzog, M.D., P.C.*, 203 F.3d 164, 174 (2d Cir. 2000) ("Because virtually all evidence is prejudicial to one party or another, to justify exclusion under Rule 403 the prejudice must be *unfair*") (emphasis in original). Ms. Florissi's testimony will not be unfairly prejudicial.

Ms. Rowe makes the bewildering argument that "performance under Ms. Florissi, … is not an issue in this trial and has no bearing on whether Google's actions in 2017 through 2020 were discriminatory or retaliatory." (ECF No. 327 at 4–5.) She is wrong for at least two reasons. First, Ms. Rowe seeks back-pay



VIA ECF

The Honorable Jennifer H. Rearden
October 8, 2023
Page 3

damages through July 2023, not just through 2020. The nature of her work and her performance under Ms. Florissi's management are plainly at issue because pay is determined annually based upon employee performance and contributions. Second, it is immaterial that Ms. Florissi was neither involved in the earlier decision to set Ms. Rowe's level, nor in a position to evaluate the work of Ms. Rowe's chosen comparators. Google is not offering her testimony on those issues. Other witnesses will speak to the leveling decision and the nature of her chosen comparators' work.

The argument that Ms. Florissi has no opinion on those subjects misses the point. Not every witness testifies on every issue. Moreover, the jury—not Ms. Florissi—must answer the ultimate question as to whether Ms. Rowe's work is substantially equal to that of her proffered comparators. Ms. Florissi's testimony is no less relevant because she cannot supplant the jury's function and offer an opinion on the ultimate issues in the case.

As the most recent Joint Pre-trial Order reflects, "Ms. Rowe will testify to her work at Google. . . ." (ECF 326 at 5.) Google is entitled to present testimony on the same subject, however detrimental that may be to Ms. Rowe's case and beneficial to Google's defense. Will Grannis and Patricia Florissi are plainly competent witnesses on that topic, and the Court should permit them to testify.

II.     **Ms. Rowe mischaracterizes Ms. Florissi's testimony in support of her motion.**

Google will not address each of the mischaracterizations in Ms. Rowe's letter, but a few examples are warranted:

- According to Ms. Rowe, Ms. Florissi cannot testify as to whether Ms. Rowe currently performs Level 9 work because she cannot speak to the promotion process from Level 8 to Level 9. (ECF No. 327 at 2.) Not only does that argument miss the point, Ms. Rowe offers in support the answer Ms. Florissi gave to a different question: why she believes Google promoted Antonio Gali (*not* one of Ms. Rowe's alleged comparators). Ms. Rowe's Exh. G reflects the question Ms. Greene posed to Ms. Florissi that elicited the response quoted in Ms. Rowe's letter. Google hereby submits pages 103 and 104 of the deposition transcript as Exhibit B so the question and answer are intact.



VIA ECF

The Honorable Jennifer H. Rearden
October 8, 2023
Page 4

- Ms. Rowe argues that Ms. Florissi testified "the *only* difference between the roles is that Level 9s are expected to demonstrate 'transformative impact' or 'execute next level work'. . ." (ECF No. 327 at 3 (emphasis added).) That was not her testimony, as should be obvious from the excerpts submitted with Ms. Rowe's letter. (ECF No. 327, Exh. G.)

- Ms. Rowe incorrectly asserts there "is not a single document" supporting Ms. Florissi's belief that Level 9 employees differ from Level 8 employees because the former are expected to demonstrate transformative impact. (ECF No. 327 at 3.) *Ms. Rowe herself produced such a document in discovery*, and it is Defendant's Exhibit D38. (*See* Exh. C (at P1584-85 (under "Organizational Impact", describing Level 9 expectations for Engineering employees as "Shape the direction and future of the organization and industry by defining, developing, and implementing groundbreaking technologies.").)

- Ms. Rowe confusingly argues that by offering Ms. Florissi as a witness, Google asserts a "newly articulated affirmative defense" that Level 9 Technical Directors are required to have led "larger teams" in prior jobs. (ECF No. 327 at 3.) Google has not changed any of its affirmative defenses. Ms. Florissi answered Ms. Greene's question regarding what Jonathan Donaldson told Ms. Florissi about her level assignment and hire in 2020. Mr. Donaldson did not participate in the decision to hire Ms. Rowe at Level 8 four years earlier (or any other decision with respect to Ms. Rowe). Google does not plan to offer Ms. Florissi to testify on this point.

### PLAINTIFF'S REQUEST FOR EXTRA TIME FOR HER CASE-IN-CHIEF SHOULD BE DENIED

The Court has set a limitation on the parties' presentations based upon its understanding of the case. Mr. Vardaman's decision to appear live changes nothing about the anticipated testimony or, more significantly, his role in the case. The Court should deny Ms. Rowe's request, allow the trial to proceed with the current limitations and, if appropriate, revisit those limitations based upon the course of the trial.



### I. Mr. Vardaman intends to testify live at trial.

Stuart Vardaman is a former Google recruiter. He served as an intermediary among candidates, interviewers, and hiring managers for two roles in which Ms. Rowe expressed interest (one in 2018 and one in 2020). He was not a decision-maker for either role. Ms. Rowe took his deposition during discovery. He voluntarily resigned from Google in January 2022. He did not receive a severance package, and he has no contractual obligation to cooperate with Google on matters relating to his employment. He lives and works in Texas and he is not under subpoena.

Mr. Vardaman originally agreed to testify live at trial. (ECF No. 328 at 1.) In June 2023, though, he decided against it. Ms. Rowe speculates that he was "adamant" in that decision, without any basis. (*Id*. at 3.) Mr. Vardaman merely concluded that given his personal circumstances at the time, coordinating travel from Texas to New York for multiple days to provide brief testimony on a then-undetermined trial date[1] was an avoidable inconvenience. On June 2, 2023, Google promptly informed Ms. Rowe that Mr. Vardaman had changed his mind. (*Id*. at 3–4.) His unavailability forced *both parties* to designate his deposition testimony for trial because he became, at that point, unavailable to testify live.

Very late in the evening of October 5, 2023, Mr. Vardaman contacted counsel for Google and indicated he intends to appear in New York and testify live at trial. (ECF No. 326 at 13.) After confirming that Google would reimburse him for his travel expenses, undersigned counsel notified Ms. Rowe that Mr. Vardaman changed his mind and would appear live. (*Id*.) This is reflected the Third Amended Joint Pretrial Order, and Ms. Rowe noted no objection. (*Id*.) Ms. Rowe asked to meet and confer over the issue on October 6, 2023, and Google provided its availability for a meet and confer later that day, but Ms. Rowe never responded to that offer. Instead, she filed the letter at ECF No. 328.

---

[1] It was not until June 28, 2023, that the trial was scheduled to begin on August 14, 2023. (ECF 300.)



**VIA ECF**

The Honorable Jennifer H. Rearden
October 8, 2023
Page 6

If asked about his reasons for appearing, Mr. Vardaman will testify truthfully. We understand that he will indicate that he read a recent article about the trial in *Wired* magazine, quoting Ms. Rowe's counsel.[2] Some of the statements in that article prompted him to reach out to the undersigned and express a willingness to travel to New York to testify live. Google is prepared to offer that communication to the Court for *in camera* inspection if requested.

**II.    Mr. Vardaman's live appearance is preferred, not prejudicial.**

Ms. Rowe should welcome the live appearance of one of her case-in-chief witnesses, in light of "the preference for live testimony dictated by both common sense and Second Circuit case law." *Buchwald v. Renco Grp., Inc.*, No. 13-7948, 2014 WL 4207113, at *2 (S.D.N.Y. Aug. 25, 2014); *see also Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) ("The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand"). Instead, she suggests that Mr. Vardaman's live appearance is "suspicious" and "unfairly prejudicial." (ECF No. 328 at 2.) She is wrong. His truthful testimony will assist the jury in deciding her claims. There is nothing suspicious about his decision to appear live, given his reaction to the *Wired* article.

Ms. Rowe deposed Mr. Vardaman on November 17, 2020. Therefore, there is no reason to think that the substance of his live testimony will be a surprise, any more than any witness she deposed in discovery. *Both* Ms. Rowe and Google have designated excerpts of his transcript, revealing their thinking about what the jury should hear. *Both* Ms. Rowe and Google must adjust their trial preparation to account for Mr. Vardaman's availability. Ms. Rowe is at no disadvantage, and she has not been unfairly prejudiced.

Ms. Rowe's arbitrary request for one extra hour for her case-in-chief is dubious. Ms. Rowe has already set aside 45 minutes for Mr. Vardaman's designated deposition testimony. (ECF No. 326 at 6.) She offers no explanation for why 45 minutes to question Mr. Vardaman live is insufficient. More significantly,

---

[2] Caitlin Harrington, *This Exec Is Forcing Google Into Its First Trial Over Sexist Pay Discrimination*, WIRED, Oct. 2, 2023 (available at https://www.wired.com/story/exec-google-trial-sexist-pay-discrimination/) (prominently featuring a photo of Ms. Rowe, "courtesy of Outten & Golden," Ms. Rowe's counsel).



**VIA ECF**

The Honorable Jennifer H. Rearden
October 8, 2023
Page 7

with this request she proposes to spend *one hour and 45 minutes* with Mr. Vardaman—more than every other witness except for her own testimony. Again, Mr. Vardaman was not a decision-maker, yet Ms. Rowe apparently plans to question him longer than the hiring manager who participated in the challenged leveling decision and who supervised her for several years, and the supervisor she accuses of denying her a role based on her sex and protected activity. This strongly suggests that Ms. Rowe is using Mr. Vardaman's plan to travel to New York as a pretext for seeking more time than the Court already has allowed.

\*\*\*

The Court should deny Ms. Rowe's renewed request to preclude Ms. Florissi's relevant testimony. This Court should also deny Ms. Rowe's arbitrary request for an additional hour to present her case, on the basis that a witness she intends to call in her case-in-chief is available to testify live.

Respectfully,

Sara B. Tomezsko
Kenneth W. Gage
of PAUL HASTINGS LLP

SBT
KWG