

Advocates for Workplace Fairness

October 12, 2023

**Via ECF:**
The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

                 **Re:**    <u>*Ulku Rowe v. Google LLC*, Case No. 19-cv-08655</u>

Dear Judge Rearden:

      We represent Plaintiff Ulku Rowe in the above-referenced matter. We write to follow up on several open issues from today's evidentiary conferences with Your Honor.

**I.**     **The Parties Dispute Related to P108**

    **a.**   **P108 is Admissible as a Business Record**

      Plaintiff respectfully requests that the Court allow Plaintiff to admit Plaintiff's Exhibit 108, Defendant's Employee Relations' ("ER") investigation notes. Defendant objects to the admission of P108 on the basis of hearsay, *see* ECF No. 326, Appx. A. As discussed with Your Honor, these notes constitute business records and thus fall within a hearsay exception permitting admission of "a record of an act, event, condition, opinion, or diagnosis if:

(A)    the record was made at or near the time by—or from information transmitted by—someone with knowledge;
(B)    the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
(C)    making the record was a regular practice of that activity;
(D)    all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

**New York**  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
**San Francisco**  One California Street  12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
**Washington DC**  601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410
www.outtengolden.com

      (E)    the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). As an initial matter, "the Second Circuit has emphasized that 'Rule 803(6) favors the admission of evidence rather than its exclusion if it has any probative value at all.'" *Accely v. Consol. Edison Co. of N.Y.*, No. 19 Civ. 5984, 2023 U.S. Dist. LEXIS 69699, *7 (S.D.N.Y, Apr. 20, 2023) (quoting *United States v. Kaiser*, 609 F.3d 556, 574 (2d Cir. 2010)).

Here, Google's Employee Relations interview notes created contemporaneous to the interview as part of a regular business practice satisfy the business record hearsay exception. *See Accely*, 2023 U.S. Dist. LEXIS 69699 at *12 (business record exception applies where investigator "contemporaneously documented his interviews in written and typed notes."); *see also Malek v. Federal Ins. Co.*, 994 F.2d 49, 53 (2d Cir. 1993) (case notes constituted business records where they "were made close to the time of the events they recorded and were, in part, based on [] personal knowledge and observations.").

With respect to the first three prongs above, Google's own policies provide that its investigators will take contemporaneous notes when conducting interviews during ER investigations. *See* Ex. P99 (During Employee Relations interviews, "there generally will be two members of the Investigations Team in the room. One person will be taking notes."). Google's 30(b)(6) witness Bernita Jamison, Head of Employee Relations, testified that it was Google ER's standard practice for its investigators to "take notes during the [ER] interview" (Jamison Tr. at 67:6-18). The investigator may then provide the notes taken in connection with those interviews and share it with employment counsel or use it in its own investigation of the complaint. (*Id.*, at 76:8-77:18).

Hon. Jennifer H. Rearden
October 12, 2023
Page 3

This standard procedure suggests that Google's ER interview notes carry a high degree of trustworthiness, as they are intended to provide an accurate recording of the interview for further investigation or action by legal counsel. Defendant's counsel represented that ER issued such a report, in part based upon representations made in the course of the interviews related to Ms. Rowe's complaints. (Oct. 11, 2023 Trial Transcript, 226:6-10). In addition, the interview notes, recorded during the interview, reflect interviewees' recollections at the time, as opposed to their present recollections, which may have diminished or changed over time. Indeed, when asked about his interview with ER in 2020, Tariq Shaukat testified at trial that what he told ER in his 2020 interview is "likely more correct than what I remember in 2023." (Oct. 11, 2023 Hearing Transcript 356:20-26). Finally, numerous admissions in the notes are adverse to Google. Courts have recognized that investigation notes' "trustworthiness is bolstered by the fact that its findings are in some respects adverse to [Defendant's] interests. . . For this reason, it is especially unlikely that [Defendant] would have intentionally or knowingly commissioned, accepted, or acted upon a report containing falsehoods." *Accely*, 2023 U.S. Dist. LEXIS 69699 at *12. This indicia of reliability is also a separate basis upon which to admit the notes as reliable. *Id.*; Fed. R. Evid. 801(d)(2).

Defendant's argument that the "notes were not vetted" by the employees interviewed is unavailing. (*See* Oct. 11, 2023 Trial Transcript, 100:23-24). Rule 803(6) has no such vetting requirement to establish the exception, and it is Google's policy not to share its interview notes with the interviewees following the interview. (Jamison Tr. 77:19-21). In any event, since all interviewees have testified or will testify at this trial, Defendant's concern should be allayed, as witnesses can identify any mistake in the notes it believes to exist at the time of their testimony.

Hon. Jennifer H. Rearden
October 12, 2023
Page 4

### b. P108 is Not Being Offered for the Truth of the Matter Asserted.

As to the statements made by individuals interviewed captured in the notes, many are not hearsay at all because they are not being offered for their truth. For example, Plaintiff does not seek to introduce for their truth the statements from Google's internal recruiter, Stuart Vardaman, that Ms. Rowe was "cantankerous" and "bristly." Rather, these statements are being offered to demonstrate Mr. Vardaman's bias towards Ms. Rowe following her protected complaints, as evidenced by his changed characterization of Ms. Rowe following her complaint. "[I]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) (citing Fed. R. Evid. 801(c) Advisory Committee's note). In other instances, the statements are not being offered for the truth of the matter asserted, but rather to attack witness credibility based on a witnesses' prior inconsistent statements. *United States v. Muscato*, 534 F. Supp. 969, 975 (E.D.N.Y. 1982) ("Admitting out of court statement where it was offered on the issue of credibility rather than for its truth as evidence-in-chief"); *see also* Fed. R. Evid. 613. Finally, those statements that are being offered for the truth of the matter asserted (*i.e.* Mr. Shaukat's statement that "[diversity] has been a problem for my team and the cloud") are an opposing party's statement under FRE 801(d)(2) and are admissible on those grounds.

### II.     Objections to Jennifer Burdis Deposition Testimony and Related Exhibits

Pursuant to Your Honor's request, Plaintiff identifies the following objections from the parties related to Jennifer Burdis's video deposition testimony, which the Plaintiff anticipates will be played for the jury on Friday, October 13, 2018.

### a. Plaintiff's Objections to Defendant's Designated Testimony

Hon. Jennifer H. Rearden
October 12, 2023
Page 5

| Defendant's Designated Testimony | Plaintiff's Objection | Testimony |
|---|---|---|
| 11:6-8 | Fed. R. Evid. 403 (prejudice) – whether the witness understands if she is accused of wrongdoing is irrelevant to the issues to be tried, and its introduction into evidence would serve only to confuse or mislead the jury | 11: 6  Q.  Do you understand that you have not<br>7  been accused of any wrongdoing by the plaintiff?<br>8  A.  Yes. |
| 28:3-22 | Fed. R. Evid. 403 (prejudice) testimony that minimum qualifications for the Technical Director role are likely to be contained in gHire is speculation, inaccurate, and will mislead the jury. | 28: 3  Q.  Okay. So you had mentioned that this<br>4  document contains the minimum qualifications for<br>5  the role in the "Skills and Experience<br>6  Requirements" section --<br>7  A.  Okay.<br>8  Q.  -- so I'm asking: Where in here does<br>9  it document the minimum qualifications?<br>10  A.  Well, now I --<br>11  MR. GAGE: Objection. Go ahead.<br>12  A.  Now that I'm looking at the job<br>13  description, I realize that the headline where the<br>14  bullets that's your reading out reside are<br>15  actually under the "Skills and Experience<br>16  Requirements" and there's no mention of minimum<br>17  qualifications in that section of the job<br>18  description.<br>19  Q.  Okay. So are the minimum<br>20  qualifications for this job description listed<br>21  elsewhere?<br>22  A.  They would likely be in GHire. |

### b. Defendant's Objections to Plaintiff's Designated Testimony and Exhibits

#### i. P57

Plaintiff seeks to admit P57, which are Employee Relations interview notes in connection with Ms. Rowe's complaints. Defendant objects to the admission of P57 and Burdis's testimony regarding statements she made to Employee Relations, on the basis of hearsay. *See* Burdis Tr. 93:11-17, 94:7-12, 95:14-25, and 96:22-97:9.[1] As discussed *supra* in Section I, this document is a business record and falls within a hearsay exception. Fed. R. Evid. 803(6). Plaintiff has called the ER investigator, April Beaupain, who was present at this meeting and will establish that this document is a business record.

As for Defendant's hearsay objection relating to the statements made by Jennifer Burdis, who was interviewed by ER, Plaintiff is not seeking to offer her statements for their truth, but as for the reasons she told ER as to why Ms. Rowe was hired as an L8 and her male peers at a L9, and to the extent those reasons are consistent with what she and others have stated was the rationale at other times.

#### ii. P102B

Plaintiff seeks to admit P102B, which is Google's policy titled "Our Leveling Approach" and Ms. Burdis's testimony about this document. *See* Burdis Tr. 37:20-38:7, 39:16-40:8, and 42:4-44:3. Defendant objects to this document and Burdis's testimony on the basis of relevance and prejudice, arguing that this document is dated 2020 and "could not have been consulted or relied upon by any decision maker, and its introduction into evidence serves only to confuse the jury.

---

[1] All of the deposition designations with Defendant's objections are attached as Exhibit 1.

Plaintiff notes that this document is a version of a policy that witnesses will testify were in place at the time decisions were made. For example, Ms. Burdis testified that policies contained within this version of the document were in effect at the time she made the leveling decision (*See, e.g.,* Burdis Tr. 39:16-25). As to Defendant's argument that this document is dated 2020, Defendant has represented during discovery that it did not maintain prior years' versions of policies. Therefore this is the best evidence available and on which defendant's witnesses have been questioned. Furthermore, Defendant was on notice of Plaintiff's claims as of January 2019, and to the extent it failed to maintain and spoliated records, it cannot now rely on their own spoliation to deprive Plaintiff of the ability to enter into evidence Google's policies, especially when Defendant has itself offered into evidence policy documents dated 2020 (*See, e.g.* D18, D20, D38).

### j. Plaintiff's Proposed Offer of Proof Regarding Jennifer Bennett

Plaintiff intends to submit the following offer of proof related to her testimony concerning Jennifer Bennett. (See Oct. 10, 2023 Trial Transcript, 111:19-112:7).

> In or around February 2018, Ms. Rowe learned there was a Google Women's Leadership Summit in California for all L8+ women at Google. Ms. Rowe assumed Ms. Bennett would be in attendance, and told Ms. Bennett that she would love to meet up while they were both at the event. Ms. Bennett appeared upset and told Ms. Rowe that she was a L7, and therefore not invited to the event. Ms. Rowe was surprised to learn Ms. Bennett was a L7 given that she was doing the same work as the L8 and L9 Technical Directors.

More generally, evidence of how Ms. Bennett was similarly under-leveled as the only other female Technical Director hired alongside Plaintiff is relevant evidence of gender bias. *See* Fed. R. Evid. 404(b)(2); *see also Quinby v. WestLB AG*, 2007 U.S. Dist. LEXIS 28657, *23-24 (denying summary judgment, where plaintiff offered evidence "that [decision-maker]

Hon. Jennifer H. Rearden
October 12, 2023
Page 8

discriminated against other women"); *Zubulake v. UBS Warburg*, LLC, 382 F. Supp. 2d 536, 544-45 (S.D.N.Y. 2005) (allowing testimony about sex discrimination and bias against women other than plaintiff).

### k. Joint Limiting Instruction Relating to Plaintiff's Second Motion *in Limine*

Plaintiff filed a motion *in limine* seeking to exclude hearsay evidence concerning her candidacy for the FSVL role (*See* ECF No. 240). In her ruling, Judge Schofield denied Plaintiff's motion "as the evidence is offered for its effect on Defendant's hiring manager and not for the truth. *See* Rule 802." She then provided that "Plaintiff may submit a joint proposed limiting instruction to this effect at the time the evidence is presented." (ECF No. 292). Plaintiff proposes the following limiting instruction per Judge Schofield's ruling:

> In certain instances, evidence may be admitted only for a limited purpose. You have heard evidence from Tariq Shaukat, and you may now hear evidence from Stuart Vardaman, that he received interview feedback about Ms. Rowe concerning her consideration for the Financial Services Vertical Lead position. Testimony about any alleged interview feedback itself from any source, if admitted, may be considered by you only to explain Tariq Shaukat's or Stuart Vardaman's alleged state of mind upon hearing the alleged feedback. You may not consider evidence of alleged interview feedback concerning the Financial Services Vertical Lead position for its truth; meaning you may not consider any evidence of alleged interview feedback as evidence of Ms. Rowe's actual qualifications for the Financial Services Vertical Lead position. You may give such evidence, if received, such weight as you feel it deserves but only for the limited purpose for which it has been offered. You may not use the evidence for any other purpose."

Defendant has offered its own proposed joint limiting instruction in the Third Amended Joint Pre-Trial Order (ECF No. 326).

### l. Shaukat's Separation Agreement

Hon. Jennifer H. Rearden
October 12, 2023
Page 9

Plaintiff intends to offer into evidence Mr. Shaukat's separation agreement that he signed upon exiting Google (P148). The conditions of Mr. Shaukat's separation, including severance amounts paid to him, are relevant to demonstrate bias and is necessary for the jury to ascertain his credibility and whether he has motivation to lie. *See Morgan Art Found. Ltd. v. McKenzie*, No. 18 Civ. 4438, 2020 U.S. Dist. LEXIS 116074, *16-17 (S.D.N.Y. Jul. 1, 2020) (collecting cases and stating, "[i]ndeed, while settlement agreements are inadmissible at trial to prove liability or damages, they may be admitted for other purposes, 'such as proving a witness's bias or prejudice.'") (quoting Fed. R. Evid. 408(b)). "Thus, settlement materials *are* admissible — and so, discoverable — if they bear on those collateral matters." *Id.*, quoting *In re Initial Pub. Offering Sec. Litig.*, 2003 U.S. Dist. LEXIS 23102, at *4 (S.D.N.Y. Jan. 12, 2004) (emphasis in the original)).

\*           \*           \*

We look forward to discussing these issues with Your Honor tomorrow and thank the Court for its consideration of these matters.

> Respectfully submitted,
>
> /s/ Cara E. Greene
> Cara E. Greene
> Outten & Golden LLP
> 685 Third Avenue, 25th Floor
> New York, NY 10017
> *Counsel for the Plaintiff*

c: All Parties via ECF