# PAUL HASTINGS

1(212) 318-6267
saratomezsko@paulhastings.com

1(212) 318-6046
kennethgage@paulhastings.com

October 11, 2023

**VIA ECF**

The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Defendant's Objections to Designated Deposition Testimony of Trial Witness Jennifer Burdis

Your Honor:

We represent Google LLC ("Google") in this matter. At the Court's request at the conclusion of today's proceedings, we provide in this letter the bases for Google's objections to Plaintiff Ulku Rowe's designations of the deposition testimony of trial witness Jennifer Burdis.

I. **Plaintiff's Designations 37:20-38:7; 39:16-40:8; 42:4-44:3.**[1]

Ms. Rowe cannot rely on these designations to admit into evidence Plaintiff's Trial Exhibit 102B ("P102B"), a Google leveling guideline titled "Our Leveling Approach."

In these designations, Ms. Rowe asks Ms. Burdis questions about P102B. Ms. Burdis, though, had never seen P102B before: "Q: Have you seen this document before? A: No." (Burdis Trans. 38:10-11.) Because "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter," Ms. Burdis' testimony regarding P102B is inadmissible for lack of foundation. Fed. R. Evid. 602. For the same reason, P102B itself is inadmissible for lack of authentication. Fed. R. Evid. 901; *see Hampton v. McDonough*, No. 17-5711, 2022 WL 17581827, at *5 (E.D.N.Y. Dec. 12, 2022) (excluding document from trial for lack of foundation and lack of authentication "since nothing in the record establishes [the deponent's] personal knowledge of the contents").

P102B is also irrelevant under Federal Rule of Evidence 401, because it post-dates the leveling decision at issue in this dispute. According to Ms. Burdis, P102B describes Google's leveling approach as

---

[1] All cited excerpts of Ms. Burdis' deposition transcript are attached hereto as **Exhibit A**.



VIA ECF

The Honorable Jennifer H. Rearden
October 7, 2023
Page 2

of approximately August 2019. (Burdis Trans. 57:7-10.) Ms. Rowe's claims, though, principally stem from her alleged under-leveling at hire in March 2017. Thus, whether Google did or did not adhere to the leveling guidelines in P102B when it determined Ms. Rowe's level at hire is not "of consequence in determining [this] action." Fed. R. Evid. 401(b).

P102B is also unfairly prejudicial under Federal Rule of Evidence 403. There is no evidence that the guidelines reflected in P102B were in place at the time Google leveled Ms. Rowe. So, P102B's introduction will not only waste time, but it will mislead the jury with the false impression that Google was required to follow those guidelines with respect to Ms. Rowe.

II.     **Plaintiff's Designations 93:11-17; 94:7-12; 95:14-25; 96:22-97:9.**

Ms. Rowe cannot rely on these designations to admit into evidence Plaintiff's Trial Exhibit 57 ("P57"), notes taken during one of the Employee Relations investigations into Ms. Rowe's concerns, that record the impressions of Google Employee Relations officer April Beaupain during her fall 2018 investigation. For the same reasons discussed regarding P108 in open court earlier today, Ms. Rowe cannot introduce these notes for their truth under a hearsay exception.

P57 is not a "business record" under Federal Rule of Evidence 803(6), because it does not possess the indicia of trustworthiness that business records require. There is no evidence that Ms. Burdis had an opportunity to review the notes for accuracy. Nor does P57 reflect Ms. Burdis' "statements"; it merely reflects the note-taker's impressions of her interview with Ms. Burdis. In other words, the notes are ascribable to the note-taker, not Ms. Burdis.

As Google explained this morning, Ms. Rowe need not and should not introduce these investigation notes as evidence. She can simply question Ms. Beaupain *in court* about the conclusions of her investigation, the provenance of these notes, what they reflect, and how Ms. Burdis' statements impacted Ms. Beaupain's conclusions. Ms. Rowe may even use P57 to refresh Ms. Beaupain's recollection. But the jury should not be presented with P57, which does not have sufficient indicia of reliability for introduction as a business record.

PAUL HASTINGS

**VIA ECF**

The Honorable Jennifer H. Rearden
October 7, 2023
Page 3

Ms. Rowe's anticipated authorities are inapposite. She relies primarily on decisions that admit investigative *reports* as business records. In *Accely v. Consolidated Edison Co. of N.Y., Inc.*, for example, an investigative report of employment discrimination had sufficient indicia of reliability because the author "produced several drafts of his report, which he revised under the guidance of senior . . . staff," "judicious[ly] document[ed]" each allegation and reached supported conclusions, and "recommend[ed] steps . . . to minimize the risk of a future violation." No. 19-5984, 2023 WL 3045795, at * (S.D.N.Y. Apr. 20, 2023). The notes that Ms. Rowe intends to introduce into evidence are *not* reports, rendering the holding in *Accely* inapplicable.

In *Malek v. Fed. Ins. Co.*, the Second Circuit held that the trial court erred in excluding from trial "case notes" of a social worker for the Orange County Department of Social Services. 994 F.2d 49 (2d Cir. 1993). *Malek*, though, stood on shaky ground: as the dissenting Circuit Judge observed, the social worker "was not the author of the notes and had made no personal observations." *Id*. at *56 (McLaughlin, J., dissenting). Moreover, as subsequent courts have observed, the case notes in *Malek* enjoyed the unique presumption of reliability that attaches to the records of a public entity. *See Davis v. City of New York*, 959 F. Supp. 2d 427, 439 (S.D.N.Y. 2013) ("the case notes in *Malek* were records kept by a public entity in the regular course of business") (internal quotation omitted). Here, there is no such presumption. Thus, P57 is insufficiently reliable to admit as a business record.

Respectfully,

/s/ Sara B. Tomezsko

Sara B. Tomezsko
Kenneth W. Gage
of PAUL HASTINGS LLP

SBT
KWG

LEGAL_US_W # 117943659.1