# PAUL
# HASTINGS

1(212) 318-6267
saratomezsko@paulhastings.com

1(212) 318-6046
kennethgage@paulhastings.com

October 12, 2023

**VIA ECF**

The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*Re: Defendant's Objections to Evidence Regarding Leveling Determinations Jennifer Bennett*

Your Honor:

We represent Google LLC ("Google") in this matter. At the conclusion of the trial, the jury will have to determine, among other things, whether gender motivated Google, in violation of the New York City Human Rights Law ("NYCHRL"), when it hired Plaintiff Ulku Rowe at Level 8. That should be the only leveling determination the jury needs to evaluate.

## 1. Evidence of a Non-Comparator's Leveling Determination Is Irrelevant and Prejudicial

Ms. Rowe now offers evidence regarding Ms. Bennett's leveling, in an effort to turn this proceeding into a trial of Google's treatment of female employees *generally*. She cannot do so. This evidence is irrelevant (Fed. R. Evid. 401), unfairly prejudicial, and likely to cause confusion (Fed. R. Evid. 403).

This is not a class action. Ms. Rowe does not allege, nor does she have to prove under the NYCHRL, that Google treated *women as a class* less well than similarly situated men in level or compensation. She must only prove that Google treated *her individually* "less well than other similarly situated employees, at least in part for discriminatory reasons." *Leftridge v. N.Y.C. Dep't of Educ.*, No. 17-7027, 2020 WL 1503665, at *12 (S.D.N.Y. Mar. 30, 2020). Google's decisions regarding Ms. Bennett—who is not even a comparator—have no "tendency to make a fact" at issue in this case "more or less probable than it would be without that evidence." Fed. R. Evid. 401(a); *see*, *e.g.*, *Robert W. Gordon, Esq. v. City of New York*, No. 14-6115, 2016 WL 3866585, at *1 (S.D.N.Y. July 13, 2016) (in a NYCHRL dispute, denying



a motion to compel documents regarding individuals who were "not comparators to the plaintiff," because the "information is not relevant to any claim or defense in this action").

Moreover, adjudication of not only Ms. Rowe's leveling determination but that of Ms. Bennett as well, will result in a mini-trial over a leveling determination not at issue in the case, "protract[ing] the trial by taking the testimony too far afield from [plaintiff's] actual claims." *Martin v. Reno*, No. 96-7646, 2000 WL 1863765, at *4 (S.D.N.Y. Dec. 19, 2000) (excluding from trial testimony "about alleged incidents of discrimination by [defendant] that do not involve [plaintiff]"); *see also Gabel v. Richards Spears Kibbe & Orbe,* LLP, No. 07-cv-11031, 2009 WL 1856631, at *3 (S.D.N.Y. June 26, 2009) (holding on defendant's motion *in limine* that documents relating to individuals not called as witnesses at the trial are likely inadmissible save for "exceptional cases," and although plaintiff's position "makes evidence about other employees more relevant than it otherwise would have been, … the Court is not prepared to listen to endless amounts of testimony, or to burden the jury with innumerable documents that are of marginal relevance."). Google has not had the opportunity to evaluate any additional witnesses or documents it would seek to introduce at trial to justify Ms. Bennett's levelling determination, nor should it have to.

2. **Plaintiff asserted the relevance of Ms. Bennett's levelling determination for the first time on October 5, 2023.**

The parties have litigated this case for four years. Throughout that time, Plaintiff has selectively curated the scope of comparators, focusing principally on five individuals hired at Level 9 to the exclusion of all other potentially relevant Technical Directors in OCTO. In response to Plaintiff's discovery requests, Google produced and subsequently supplemented the production of hiring and leveling determinations of other Level 8 and Level 9 Technical Directors in OCTO within the United States. Google produced this information, including Ms. Bennett's hiring packet (P152), on December 30, 2020. Investigative interview notes referencing Ms. Bennett's level (e.g., P57) were produced months earlier. On December 9, 2020, Plaintiff deposed recruiter Jennifer Burdis, an individual who referenced Ms. Bennett's level in response to questions from Employee Relations two years prior. Plaintiff questioned Ms. Burdis about her statements



**VIA ECF**

The Honorable Jennifer H. Rearden
October 12, 2023
Page 3

to Employee Relations. She did not allege then that Ms. Bennett's level was probative of discriminatory animus. Nor did Plaintiff make that argument during briefing on cross-motions for summary judgment, which were fully briefed as of early 2022. Plaintiff conceded this today during argument on this issue.

Since then, the parties have filed *four* Joint Pretrial Orders. (ECF Nos. 285, 304, 310, and 326.) Plaintiff has never included Ms. Bennett's packet on her list of trial exhibits, though she had nearly a year to do so since the first Joint Pretrial Order was filed on December 12, 2022. (She has, however, added at least four other exhibits over this time period.) Defendant, on the other hand, included in its initial trial exhibit list the hiring packets and evidence of leveling determinations as to Level 8 male Technical Directors and one Level 7 male Technical Director in OCTO. Plaintiff has continuously objected to the introduction of that evidence on the grounds that:

- "evidence of Google's consideration of a Technical Director candidate three years[1] after Plaintiff's hire and protected complaints is not relevant as Plaintiff was not considered against this candidate, and admission will prejudice, mislead and confuse the jury," (ECF No. 326 at 98, objection to D68, D69), and

- "evidence of Google's consideration and leveling of other OCTO Technical Directors at Level 8 has no bearing on Plaintiff's leveling; Google did not consider other leveling decisions and the reasons for them when leveling Plaintiff." (*Id.* at 92, objection to D43, D44; *id.* at 104, objection to D82-94.)

Plaintiff moved *in limine* to exclude evidence of leveling determinations as to Level 8 male Technical Directors, arguing that, "The record is undisputed that Ms. Rowe was leveled independently of the leveling of any L8 directors. The hiring manager, Will Grannis, confirmed in his sworn deposition testimony that he did not consider any candidates against each other with respect to the leveling recommendation." (ECF No. 245 at 2.) The parties did not brief the issue of whether Ms. Bennett's leveling determination was relevant,

---

[1] D68 and D69 are the initial and final hiring packets for L7 Technical Director Ashwin Ram. They are dated December 14, 2017 and January 8, 2018, respectively. They do not post-date Plaintiff's hire by three years.

# PAUL HASTINGS

**VIA ECF**

The Honorable Jennifer H. Rearden
October 12, 2023
Page 4


because Plaintiff gave no indication that she would argue it was during motion *in limine* practice or any other time before then.

On October 5, 2023, at 9:17 PM, Plaintiff informed Defendant that she would seek to introduce evidence of Ms. Bennett's leveling determination (P152) because "Ms. Florissi testified as to Jen Bennett's hire and we realized her gHire packet was not with the others." (Exh. A.) Ms. Florissi was neither employed at Google when Ms. Bennett was hired, nor involved in any decisions regarding Ms. Bennett's leveling. Ms. Florissi had merely observed that, at the time of her testimony, Ms. Bennett was a Level 9 Technical Director in OCTO. (Exh. B, Florissi Trans. 100:7-9.) Google objected to the inclusion of this trial exhibit just before trial, and asked whether Plaintiff would withdraw her objections to evidence of L8 and L7 male Technical Directors in OCTO given her assertion that the leveling determinations of a *female* L7 Technical Director was relevant. Plaintiff never responded.

Plaintiff's attempt to maintain her objections to Defendant's exhibits while seeking to selectively introduce evidence of a female employee hired at Level 7 is untenable. The gender of a Technical Director cannot be the basis for inclusion or exclusion of a hiring packet and leveling determinations at trial. If, however, the Court determines that evidence of Ms. Bennett's leveling determination is probative of anything—which it is not—Google should also be permitted to introduce evidence of Ms. Bennett's progression from Level 8 and ultimately Level 9, while both she and Ms. Rowe were Technical Directors in OCTO. Further, Plaintiff's objections to evidence of leveling determinations of a Level 7 male Technical Director in OCTO likewise must be overruled.

Respectfully,

Sara B. Tomezsko
Kenneth W. Gage
of PAUL HASTINGS LLP

SBT
KWG

offline # 117955852.0