UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE, | |
| Plaintiff, | 19 Civ. 08655 (JHR) |
| -v.- | ORDER |
| GOOGLE LLC, | |
| Defendant. | |

JENNIFER H. REARDEN, District Judge:

In connection with the ongoing trial in this matter, the Court resolves herein (1) the parties' respective requests for additional trial time, *see* Oct. 13, 2023 Tr. at 878:25-879:23; and (2) Plaintiff's renewed application to exclude the testimony of Patricia Florissi, *see* ECF No. 327.

The parties' respective applications for additional trial time are GRANTED IN PART. Plaintiff seeks an additional 46 minutes, and Defendant seeks an additional 48 minutes.[1] The Court declines to award the full amount of time requested by each party. Each side will be given an additional 24 minutes of trial time. *See Triboro Quilt Mfg. Corp. v. Luve LLC*, No. 10 Civ. 3604 (VB), 2015 WL 5474184, at *5 (S.D.N.Y. July 24, 2015) ("District judges have wide discretion to manage the conduct of trials before them." (citation omitted)).

Plaintiff's renewed application to exclude the testimony of Patricia Florissi is DENIED. Plaintiff's equal-pay and gender-discrimination claims are predicated, in relevant part, on pay determinations made on a year-to-year basis. *See* ECF No. 108 ¶ 29 (alleging that "Google has exacerbated the pay differential [between Plaintiff and her alleged male comparators] by denying Plaintiff . . . . annual equity refreshes"); *see also id.* ¶¶ 2, 29 ("Google has discriminated against

---

[1] The Court surmises that Defendant's request for 48 minutes—which was made with the expressed intent of obtaining the same amount of additional time as Plaintiff—was predicated on a possible mishearing of Plaintiff's (corrected) request for 46, not 48, additional minutes. *See* Oct. 13, 2023 Tr. at 879:10-23.

Plaintiff by [*inter alia*] hiring her at a lower level and paying her less compensation than her similarly situated male peers, [and] denying her *additional* earned compensation" which "ha[s] left her with a significant shortfall in *total* annual compensation[.]" (emphases added)).  Under N.Y. Labor Law § 194, an employer may prove that such an alleged pay disparity is justified by, as relevant here, "a bona fide factor other than status within one or more protected class or classes, such as education, training, or experience."  N.Y. Lab. L. § 194(1)(iv).[2]

In this light, the probative value of Ms. Florissi's testimony is strong.  As Plaintiff has conceded, "Google's affirmative defense must explain why its hiring rationale explains the *year over year* pay differential."  ECF No. 305 at 4 (emphasis added); *see also* Oct. 12, 2023 Tr. at 502:10-13 (Plaintiff acknowledging that "Ms. Rowe's compensation" is "relevant" "with respect to 2022 and 2023").  To that end, Defendant contends "[t]he evidence will show . . . that [Plaintiff's] managers' evaluations of her work are a basis for Google's annual determination of her base salary, actual bonus relative to target, and discretionary equity awards."  ECF No. 330 at 2.  Ms. Florissi, who has firsthand knowledge of Plaintiff's work since approximately April 2022, will offer evidence of Plaintiff's performance during the 2022-2023 period.  *See, e.g.*, *Hatzimihalis v. SMBC Nikko Sec. Am., Inc.*, No. 20 Civ. 8037 (JPC), 2023 WL 3764823, at *10 (S.D.N.Y. June 1, 2023) (considering "contemporaneous performance reviews," testimony "show[ing] that Plaintiff was less successful than her comparators," and other performance metrics in support of Defendants' affirmative defense "that Plaintiff was paid less than her male comparators because she performed worse than they did"); *cf. Eisenhauer v. Culinary Inst. of Am.*, No. 19 Civ. 10933

---

[2] On October 8, 2019, an amendment renumbering Section 194(1)(d) as 194(1)(iv) went into effect. The two provisions are otherwise substantively identical.  *Compare* N.Y. Lab. L. § 194(1)(d) (amended Jul. 10, 2019) ("a bona fide factor other than sex, such as education, training, or experience"), *with id.* § 194(1)(iv) ("a bona fide factor other than status within one or more protected class or classes, such as education, training, or experience").

(PED), 2021 WL 5112625, at *9 (S.D.N.Y. Nov. 3, 2023) (citing with approval authority concluding that defendant had proffered a valid affirmative defense to plaintiff's N.Y. Labor Law claim spanning a multi-year period, where "the difference between the plaintiff's and the comparator's salaries, at their starting levels *and* at the subsequent steps, was supported by legitimate factors other than sex").

Any examination of Ms. Florissi shall be limited.  Specifically, Ms. Florissi may only be questioned regarding "[t]he nature of [Plaintiff's] work and her performance under Ms. Florissi's management" from April 2022 to the present.  ECF No. 330 at 3.  Ms. Florissi may not be called to testify about any other topics, including Plaintiff's compensation, Oct. 12, 2023 Tr. at 503:16-18; "the earlier decision to set Ms. Rowe's level," ECF No. 330 at 3; or "the nature of [Plaintiff's] chosen comparators' work," *id.* at 3.  Within those parameters, the probative value of Ms. Florissi's testimony will not be "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

SO ORDERED.

Dated: October 16, 2023
　　　New York, New York

　　　　　　　　　　　　　　　　　　JENNIFER H. REARDEN
　　　　　　　　　　　　　　　　　　United States District Judge