

Advocates for Workplace Fairness

October 17, 2023

<u>**Via ECF:**</u>
The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re: <u>**Ulku Rowe v. Google LLC, Case No. 19-cv-08655**</u>

Dear Judge Rearden:

  We represent the Plaintiff, Ulku Rowe, in the above-referenced matter and write jointly with Defendant Google to raise a couple of housekeeping matters. The Parties will separately submit by 5:00 pm the joint letter addressing any unresolved evidentiary disputes.

 **A.** **Anticipated Evidence**

  Counsel have conferred regarding the witnesses to be presented for the remainder of the trial. We anticipate that Plaintiff will rest her case either at the end of the day Wednesday or early Thursday morning. Witnesses for Wednesday, the order of which may change, will be Mr. Grannis, Mr. Harteau, Mr. Eryurek (by deposition), Mr. Wilson (by deposition), Ms. Beaupain, Ms. Tessier, Ms. Burdis, and Ms. Ostrofe (remote). Defendant Google anticipates making an oral motion for directed verdict at that time, and then proceeding with presentation of its case. Google's witnesses for Thursday will be Mr. Humez, Mr. Stevens, Ms. Lawrence, Ms. Callaghan, Ms. Kliphouse, and Dr. Florissi. Google anticipates that it will rest on Thursday afternoon.

**New York** 685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
**San Francisco** One California Street  12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
**Washington DC** 601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410

www.outtengolden.com

Hon. Jennifer H. Rearden
October 17, 2023
Page 2

### B.     Jury Charge and Jury Verdict Forms

The Parties respectfully inquire as to when Your Honor would like to conduct a charge conference. (*See* ECF No. 273 (Proposed Jury Charges); ECF No. 271 (Proposed Jury Verdict Forms)). The Parties would prefer, if possible, to have the final Charge and Verdict Form as far in advance of closing arguments as possible.

### C.     Summary of the Parties' Stipulations

For the convenience of the Court, we attach as Appendix A the stipulations reached between the Parties during the first week of trial.

On October 13, the Court inquired as to when Plaintiff would like Stipulation 1 ("Stipulation of Uncontested Facts") read to the jury. Plaintiff requests that the Court read the stipulation to the jury immediately before the testimony of Ashley Tessier, who Plaintiff anticipates calling near the end of her direct case, likely the afternoon of Wednesday, October 18.

### D.     Summary of Limiting Instructions

For the convenience of the Court, we attach as Appendix B a list of the Court's limiting instructions given to the jury during the first week of trial.

Respectfully submitted,

/s/ Cara E. Greene
Cara E. Greene
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017
*Counsel for the Plaintiff*

c: All Parties via ECF

## APPENDIX A –PARTY STIPULATIONS, WEEK 1

1. **Stipulation of Uncontested Facts:** "As of September 19, 2019, Google Cloud's senior leadership was aware of Plaintiff's filed complaint and the allegations contained therein."

2. **Stipulation On Jury Instruction Concerning Witness Order:** The parties stipulated to amend Proposed Jury Charge No. 12 ("Outline of Trial") (ECF No. 273) to add the following instruction: "In either case, the order in which witnesses are presented to you may be affected by the witnesses' availability to appear. So you should not assign any particular weight to any witness's testimony because of when she or he testifies. You should assess each of the witnesses individually, as I will describe to you in a moment."

3. **Stipulation Regarding Admission of Exhibits to Which There is No Objection:** The Parties stipulated to the admission of all exhibits to which no objection was noted in the Joint Pre-Trial Order, as well as to the following jury instruction given to the jury at the start of trial: "To expedite the proceedings, the parties agreed in advance on the admissibility of many exhibits. This means that exhibits may be shown to you at the same time they are shown to witnesses. You should not presume the witness is familiar with a document presented to her or him, or its contents."

4. **Stipulation Regarding Admission of Exhibits Published to the Jury:** As to those exhibits not otherwise admitted per Stipulation 3, the Parties stipulated that any exhibit published to the jury is deemed admitted into evidence.

5. **Stipulation Regarding Burdis Testimony and Plaintiff's Exhibit P102B:** The Parties stipulated to the following instruction to be given before the playing of Jennifer Burdis's video deposition: "You are about to hear testimony from Ms. Burdis regarding Exhibit P102B. You should not consider this document for the truth of its content or as its own proof of any particular policy in place at Google during the relevant time period the witness is testifying about. Rather, the document should only be considered in connection with, and in the context of, the testimony the witness is providing."

Hon. Jennifer H. Rearden
October 17, 2023
Page 4

## APPENDIX B – LIMITING INSTRUCTIONS GIVEN, WEEK 1

### ROWE – DIRECT
Trial Transcript 177:6, RE: PX104B

"THE COURT: Members of the jury, the plaintiff is about to show you an exhibit that consists of articles prepared by Ms. Rowe and a speech that she gave, and you are to consider those materials only for the fact that she wrote articles and gave a speech. You are not to consider them for the truth of any of the matters addressed within those materials. OK."

Trial Transcript 180:2, RE: PX76

THE COURT: Members of the jury, Mr. Chiarello and Mr. Yang are about to publish to you an exhibit, and there is a page in the exhibit that captures a press release. You are to consider that press release only for the fact that it shows information that was available to the public about Ms. Rowe at that time. You are not to consider the press release for the truth of the matters described within the press release.

### SHAUKAT – DIRECT
Trial Transcript 390:11, RE: Interview Feedback.

THE COURT: In certain instances, evidence may be admitted only for a limited purpose. You have heard evidence from Tariq Shaukat and you may hear evidence from Stuart Vardaman that they received interview feedback about Ms. Rowe concerning her consideration for the financial services vertical lead position. This evidence is admitted for a limited purpose. It is admitted only for its effect on Tariq Shaukat or Stuart Vardaman upon hearing the alleged feedback. You may not consider evidence of alleged interview feedback concerning the financial services vertical lead position for its truth, meaning you may not consider any evidence of alleged interview feedback as evidence of Ms. Rowe's actual qualifications for the financial services vertical lead position or that the interviewers actually held those views. You may give such evidence, if received, such weight as you feel it deserves, but only for the limited purpose for which it has been offered. You may not use the evidence for any other purpose.

### SHAUKAT – CROSS
Trial Transcript 431:2, RE: DX40

THE COURT: In certain instances evidence may be admitted only for a limited purpose. You are about to see a document marked Defendant's 40. This evidence is admitted for a limited purpose. It is admitted only for the purpose of showing you what Mr. Shaukat told his team would be Mr. Breslow's job responsibilities and duties. You may not consider this document for the truth of the matters asserted therein. You may give this evidence such weight as you feel it deserves, but only for the limited purpose for which it has been offered. You may not use the evidence for any other purpose.

Hon. Jennifer H. Rearden
October 17, 2023
Page 5

**VARDAMAN – CROSS**

Trial Transcript 657:9, RE: DX70, 71, and 79

> THE COURT: Members of the jury, you are about to see several exhibits marked Defendant's Exhibit 70, 71, and 79, all of which consist of hiring-related materials. This evidence is admitted for a limited purpose. It is admitted only for its effect on anyone who reviewed these materials. You may not consider these hiring-related materials for their truth, meaning you may not consider them as evidence that any applicant actually had those qualifications for the financial services vertical lead position and/or the VP financial services sales position. You may give this evidence such weight as you feel it deserves, but only for the limited purpose for which it has been offered. You may not use this evidence for any other purpose.

**BRESLOW – CROSS**

Trial Transcript 716:16, RE: DX40

> THE COURT: Okay. I'm just going to remind the jury that there was an instruction about this document. You're shaking your heads yes.

**GRANNIS – DIRECT**

Trial Transcript 754:2

> THE COURT: Members of the jury, I just want to remind you that this case is about Ms. Rowe and not about any other individuals at Google.

**GRANNIS - CROSS**

Trial Transcript 849:11, RE: DX44

> THE COURT: So members of the jury, you are about to see an exhibit marked Defendant's Exhibit 44, which consists of hiring-related materials. This evidence is admitted for a limited purpose. It is admitted only for its effect on anyone who reviewed these materials. You may not consider these hiring-related materials for their truth; meaning, you may not consider them as evidence that Mr. Penberthy . . . actually had the qualifications reflected in these materials, for the financial services vertical lead position or technical director in OCTO. You may give this evidence such weight as you feel it deserves, but only for the limited purpose for which it has been offered. You may not use this evidence for any other purpose.

Trial Transcript 852:5, RE: DX26

> THE COURT: So this exhibit, D26, is also admitted only for its effect on anyone who reviewed these materials, which are hiring-related materials. You may not consider them for their truth; meaning, you may not consider them as evidence that Ms. Rowe actually had the qualifications for the technical director in the office of the CTO or OCTO. You may give this evidence such weight as you feel it deserves, but only for the limited purpose for which it has been offered and for no other purpose.

Hon. Jennifer H. Rearden
October 17, 2023
Page 6

Trial Transcript 859:8, RE: DX42
    THE COURT: OK. So the exhibit you're about to see is subject to the same instruction that I've given you now a few times in the past few minutes. These are hiring-related materials that are not to be considered for the truth.

Trial Transcript 860:24, RE: DX27
    THE COURT: Same instruction [as DX42].

Trial Transcript 862:5, RE: DX28
    THE COURT: The same instruction [as DX42].

Trial Transcript 863:3, RE: DX24
    THE COURT: Subject to at same instruction [as DX42].