October 17, 2023

**Via ECF:**
The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Ulku Rowe v. Google LLC*, Case No. 19-cv-08655

Dear Judge Rearden:

  Pursuant to Your Honor's directive at trial on Friday, October 13 (*See* Oct. 13, 2023 Trial Transcript at 876:20-877:2), the Parties met and conferred on October 16 on the parties' remaining anticipated objections to exhibits and deposition designations. The Parties write jointly to advise the Court on the outcome of those discussions.

  **I.** **Exhibits to Which the Parties Have Resolved Disputes**

  The Parties have resolved all objections to the following exhibits[1]:

- PX7
- PX87
- PX105*
- PX114
- DX76
- DX77
- DX78
- DX82*
- DX83*
- DX84*
- DX85*
- DX86*
- DX87*
- DX88*
- DX89*
- DX90*
- DX91*
- DX92*
- DX93*
- DX94*
- DX102*

---

[1] To streamline the proceedings, the parties agree to the admission and publication of exhibits marked above with *, which Judge Schofield ruled are admissible (January 13, 2023 Order (ECF No. 292), but preserve for appeal their respective objections as stated in the motions *in limine* and the JPTO.

**II.     Exhibit DX38**

The Parties were unable to reach agreement as to Plaintiff's objection to the introduction into evidence of Defendant's Exhibit DX38, the 2020 Engineering-Wide Leveling Guide.[2]

   a.  Plaintiff's Position

Plaintiff objects to DX38 on the basis of relevance. First, the document is a leveling guide dated 2020, three years after the challenged leveling decisions were made, and therefore could not have been relied upon by any decision-maker. In fact, Defendant previously took the position in its summary judgment papers that there was "no evidence that anyone consulted the 2020 Engineering-wide Leveling Guide [] in connection with hiring any Technical Directors in OCTO . . . Based on the date alone, it could not have been used in hiring Plaintiff as a L8 Technical Director in 2017." (Defendant's Reply 56.1, ECF No. 200-02 at 98).[3] Defendant also acknowledges that Mr. Grannis testified at deposition that the document does not represent the specific expectations for any job or role. (Grannis Depo. Tr. at 122:14 – 123:13.). Kevin Lucas similarly testified at deposition that he did not know whether the broader Engineering leveling guide was used in OCTO. (Lucas Tr. 561:8-17.). The document has minimal relevance to Ms. Rowe's claims or Google's defenses in this case and, because it is not a document relied on by any decision-maker, presents high potential to mislead and confuse the jury.

---

[2] Plaintiff objects to the introduction of DX38 in any context, with any witness. However, as a point of clarification, Plaintiff notes that one of Defendant's deposition designations for Ben Wilson (101:3-23) concerns testimony about DX38. Consistent with the previous use of this exhibit with Mr. Grannis, Plaintiff does not object to this testimony but maintains her objection to publishing DX38 to the jury during the portion.

[3] Plaintiff included this document in summary judgment only to demonstrate comparability between the Technical Director role and other Engineering roles, an argument she no longer maintains and which she has not pursued in this trial. Google's position on summary judgment was in reply to Plaintiff's then-argument that software engineers and others outside OCTO were proper comparators for purposes of her claims.

    b. Defendant's Position

Defendant's position is as follows: First (in reference to fn 2), in her use of prior deposition testimony, Plaintiff presents to the jury exhibits discussed in the deposition excerpts (e.g., Ms. Burdis). Therefore, the same should hold true for Mr. Wilson's deposition excerpts, so the jury can fully understand the testimony.

Second, Plaintiff does not object to Mr. Wilson's testimony at 101:3-23 of his transcript, where he answers questions about DX38, as it relates to PX8, which is already in evidence. PX8 is an August 28, 2017 email from Melissa Lawrence to Plaintiff, Mr. Wilson, and others regarding the performance evaluation process. Ms. Lawrence refer the recipients to an Engineering leveling guide as a reference for Google's expectations. Plaintiff questioned Mr. Grannis about PX8 at trial (Tr. 735-736), and established that OCTO referred Technical Directors to the generic Engineering leveling guide when a question arose about expectations, given the fact that OCTO had not yet developed its own guide. In his deposition at 101:3-23, Mr. Wilson testifies DX38 is "substantially the same" as the document referred to in Ms. Lawrence's August 28, 2017 email. The document is directly relevant to the expectations that Google communicated to Rowe and others in 2017. The year on the document merely goes to its weight, not admissibility, given Mr. Wilson's testimony.

### III. PX122-128

The Court admitted into evidence Exhibits PX122 through PX128 (performance evaluations for technical directors), pursuant to the Parties' stipulation regarding exhibits without objections. On October 17, 2023, Plaintiff proposed that the Court give a limiting instruction regarding these exhibits. Defendant objects.

    a. Plaintiff's Position

Plaintiff seeks to publish portions of performance evaluations for Ms. Rowe and her comparators (Plaintiff's Exhibits 123-127) Those documents contain considerable hearsay with respect to evaluations of those individual's performance. Plaintiff seeks a limiting instruction as to the permissible use of those documents by the jury for all reviewers except Mr. Grannis (whose statements are party admissions):

> Members of the jury, you are about to see several exhibits, all of which consist of performance evaluations of Technical Directors in OCTO. You may consider comments made by Will Grannis in those evaluations for their truth. All other evidence in the evaluations, including comments, is admitted for a limited purpose. With the exception of comments made by Will Grannis, it is admitted only for its effect on anyone who reviewed these materials. Other than comments made by Will Grannis, you may not consider material in the performance evaluations for its truth, meaning you may not consider the content of the evaluations as evidence of any employee's actual performance. You may give this evidence such weight as you feel it deserves, but only for the limited purpose for which it has been offered. You may not use this evidence for any other purpose.

Defendant's arguments about the admission of these exhibits is misplaced; the issue is not one of admissibility but the purpose for which the jury may consider the evidence.

b. Defendant's Position

The proposed limiting instruction is unwarranted and untimely. Rule 105 of the Federal Rules of Evidence provides for limiting instructions "*[i]f* the court admits evidence that is admissible … for a purpose—but not … for another purpose … *on timely request*." Fed. R. Evid. 105 (emphasis added). The Court did not admit this evidence for a limited purpose. No limitation is justified, in any case, given the nature of the exhibits. Plaintiff's request is not timely, and to honor it would unfairly prejudice Defendant's position.

Hon. Jennifer H. Rearden
October 17, 2023
Page 5

These are Plaintiff's exhibits. Defendant did not object. Pursuant to the Parties' stipulation regarding admission of such exhibits, the Court admitted them into evidence. (*See* ECF No. 336 at Appendix A, Stipulation No. 3.) Neither party ever suggested, until now, that these documents are (or should be) admitted for a limited purpose. Defendant's counsel questioned Plaintiff regarding PX126, her own performance evaluations. That document included her own statements (admissible under FRE 801(d)(2)). At no time did Plaintiff's counsel suggest that they offered that exhibit (or the others like it) for a limited purpose. Nor until now, four days and six witnesses into trial, has her counsel suggested that the Court should somehow comment on their value to the jury's deliberations.

The proposed limiting instruction is unjustified and untimely, and it would unfairly prejudice Defendant for the Court to give it. Performance evaluations are records of regularly conducted business activity, admissible under Federal Rule of Evidence 803(6)(d). *See Altman v. New Rochelle Pub. Sch. Dist.*, No. 13-3253, 2017 WL 66326, at *15 n.13 (S.D.N.Y. Jan. 6, 2017) (finding "no need for a limiting instruction" on evidence "since it is admissible and probative"). Since Plaintiff agreed to the admission of these documents, Defendant had no reason to use precious trial time and present testimony to establish this exception to the hearsay rule. Plaintiff's proposed limiting instruction is also arbitrary because it draws an unsupported distinction between the statements Mr. Grannis made in the regular course of business, and the statements of others. Therefore, the Court should not give Plaintiff's proposed instruction to the jury.

**IV.   Deposition Testimony**

    a.   **Deposition Designations for Jennifer Burdis**

The Parties were able to resolve all but one of Parties' objections relating to the deposition testimony of Jennifer Burdis. Plaintiff maintains its relevance objection to Defendant's below designation:

| Defendant's Designation | Plaintiff's Objection |
|---|---|
| 11:6-8 | Fed. R. Evid. 403 (prejudice) – whether the witness understands if she is accused of wrongdoing is irrelevant to the issues to be tried, and its introduction into evidence would serve only to confuse or mislead the jury. |

### b. Deposition Designations for Ben Wilson

#### i. Defendant's Objections to Plaintiff's Designations

Mr. Wilson is not an alleged decision-maker in this case. He did not participate in hiring, leveling, compensating, or evaluating Plaintiff. Thus, his personal opinions regarding Plaintiff's background, qualifications, or fitness for any particular role within Google are irrelevant to this dispute. For this reason, introduction of Mr. Wilson's opinions on these issues will confuse the jury and waste time.

Plaintiff's reliance on Judge Schofield's Order denying summary judgment is unavailing. There, Judge Schofield acknowledged the relevance of a Level 9 Technical Director's view of whether he and Plaintiff performed "*the same sort of work*" (ECF No. 219 at 8) (emphasis added)—not his view of Plaintiff's *background or qualifications*. Defendant has not objected to designations that reflect the witness's testimony about the work performed.

Plaintiff responds that: Mr. Wilson's impressions of Ms. Rowe in her role are relevant because he worked with her day-to-day, and Plaintiff must establish that she was "similarly situated to the purported comparators in all material respects." *Cardwell v. Polk*, No. 19 Civ. 10256, 2023 U.S. Dist. LEXIS 26907, at *72 (S.D.N.Y. Feb. 16, 2023). Judge Schofield held

that comparator testimony, including perceptions about similarities in work and experience, is "evidence" that would allow "a reasonable jury [to] find the roles substantially equivalent." *See Rowe v. Google LLC*, 2022 U.S. Dist. LEXIS 173540, *11 (S.D.N.Y. Sept. 26, 2022) ("Plaintiff has proffered evidence -- including a sworn declaration from Comparator 1 -- to support her position that "all Technical Directors performed the same sort of work . . . collaborated with and covered for each other across industry sectors [and] . . . all operated at a senior-level and were self-directed. From a team perspective, Ms. Rowe [and five proposed comparators, including Comparator 1] were all considered equals.") Accordingly, Mr. Wilson's perception that Rowe was similarly qualified to him is relevant.

Plaintiff also notes that Defendant did not file a motion *in limine* on this issue before Judge Schofield, when the parties understood Mr. Wilson would appear live to testify.

| Plaintiff's Designation | Defendant's Objection |
|---|---|
| 77:10-19<br>94:7-95:18<br>97:17-98:9<br>167:21-168:7<br>171:20-172:2 | Fed. R. Evid. 401 (relevance) – There is no evidence that the witness was involved or consulted in any of the challenged decisions in this case. His opinion as to Plaintiff's qualifications for any particular role within Google has no bearing on the issues to be tried. The witness also expressly disavows sufficient knowledge regarding this subject matter.<br><br>Fed. R. Evid. 403 (prejudice) – For these reasons, the testimony would serve only to confuse or mislead the jury, and/or waste time. |

### ii. Plaintiff's Objections to Defendant's Designations

Defendant seeks to introduce two portions of Mr. Wilson's deposition related to his transfer into the Product Manager role within Google. Plaintiff has not asserted at this trial that the Technical Director and Product Manager roles are comparable (although she had at the time

Hon. Jennifer H. Rearden
October 17, 2023
Page 8

she deposed Mr. Wilson). Therefore, this testimony is irrelevant, and its introduction will serve only serve to confuse and mislead the jury:

| Defendant's Designation | Plaintiff's Objection |
|---|---|
| 75:2-76:6 | Fed. R. Evid. 401, 403 (relevance, prejudice) – this witness is testifying regarding a position that is not in dispute in this lawsuit, and will mislead and confuse the jury. |
| 153:7-20 | Fed. R. Evid. 401, 403 (Relevance, Prejudice) – testimony regarding Ben Wilson's ladder transfer to the product manager role is not relevant, and will lead to prejudice, and mislead and confuse the jury. |

Plaintiff compares her compensation to that paid to Technical Directors in OCTO. Therefore, it is Defendant's position that it is relevant for the jury to know when the witness transferred to a different role. His compensation in that other role is wholly irrelevant to the case.

    c. **Deposition Designations for Evren Eryurek**

        i. **Defendant's Objections to Plaintiff's Designations**

Like Mr. Wilson, Mr. Eryurek is not an alleged decision-maker in this case. He did not participate in hiring, leveling, compensating, or evaluating Plaintiff. Thus, his personal opinions regarding Plaintiff's background, qualifications, or fitness for any particular role within Google are irrelevant to this dispute. For this reason, introduction of Mr. Eryurek's opinions on these issues will confuse the jury and waste time. For the reasons stated above, too, Plaintiff's reliance on Judge Schofield's Order denying summary judgment is unavailing.

Plaintiff responds that: Mr. Eryurek's impressions of Ms. Rowe in her role are relevant because he worked with her day-to-day, and Plaintiff must establish that she was "similarly situated to the purported comparators in all material respects." *Cardwell v. Polk*, No. 19 Civ. 10256, 2023 U.S. Dist. LEXIS 26907, at *72 (S.D.N.Y. Feb. 16, 2023). Judge Schofield held

Hon. Jennifer H. Rearden
October 17, 2023
Page 9

that comparator testimony, including perceptions about similarities in work and experience, is "evidence" that would allow "a reasonable jury [to] find the roles substantially equivalent." *See Rowe v. Google LLC*, 2022 U.S. Dist. LEXIS 173540, *11 (S.D.N.Y. Sept. 26, 2022) ("Plaintiff has proffered evidence -- including a sworn declaration from Comparator 1 -- to support her position that "all Technical Directors performed the same sort of work . . . collaborated with and covered for each other across industry sectors [and] . . . all operated at a senior-level and were self-directed. From a team perspective, Ms. Rowe [and five proposed comparators, including Comparator 1] were all considered equals.") Accordingly, Mr. Eryurek's perception that Rowe was similarly qualified to him is relevant.

Plaintiff also notes that Defendant did not file a motion *in limine* on this issue before Judge Schofield, when the parties understood Mr. Eryurek would appear live to testify.

| Plaintiff's Designation | Defendant's Objection |
|---|---|
| 64:2-65:10<br>66:5-17<br>67:4-14 | Fed. R. Evid. 401 (relevance) – There is no evidence that the witness was involved or consulted in any of the challenged decisions in this case. His opinion as to Plaintiff's qualifications for any particular role within Google has no bearing on the issues to be tried. The witness also expressly disavows sufficient knowledge regarding this subject matter.<br><br>Fed. R. Evid. 403 (prejudice) – For these reasons, the testimony would serve only to confuse or mislead the jury, and/or waste time.<br><br>Fed. R. Evid. 801, 802 (hearsay) – counsel's question seeks hearsay. |

### ii. Plaintiff's Objections to Defendant's Designations

Defendant seeks to introduce two portions of Mr. Eryurek's deposition related to his transfer into the Product Manager role within Google. Plaintiff has not asserted at this trial that the Technical Director and Product Manager roles are comparable (although she had at the time

she deposed Mr. Eryurek). Therefore, this testimony is irrelevant, and its introduction will serve only serve to confuse and mislead the jury:

| Defendant's Designation | Plaintiff's Objection |
|---|---|
| 108:10-110:4<br>112:6-21 | Fed. R. Evid. 401, 403 (Relevance, Prejudice) – testimony regarding Mr. Eryurek's ladder transfer to the product manager role is not relevant, and will lead to prejudice, and mislead and confuse the jury. |

Plaintiff compares her compensation to that paid to Technical Directors in OCTO. Therefore, it is Defendant's position that it is relevant for the jury to know when the witness transferred to a different role. His compensation in that other role is wholly irrelevant to the case.

V. **Supplemental Discovery**

On October 17, Plaintiff requested that Defendant supplement its discovery related to two documents, in light of Mr. Vardaman's testimony on October 12 and 13. First, Plaintiff requested that Defendant supplement its production for all VP-FS – Sales weekly status reports (*e.g.*, D74, D76, D77, D78) dated after Feb. 21, 2020. To the extent such documents exist, Google was obligated to produce them during discovery, and at a minimum on November 11, 2022, when it produced the weekly reports listed above. Mr. Vardaman testified at trial that he created these status reports and updated them continuously to keep track of the VP-FS search in preparation for his meetings with Ms. Kliphouse (Trial Tr. 662:19- 664:20). Mr. Vardaman also testified for the first time at trial, and contrary to his earlier deposition testimony, that these status reports exist and were created by him in conjunction with the VP-FS search. (*See* Vardaman Depo. Tr. 150:24- 152:3) (testifying at deposition that he did not create weekly updates for Ms. Kliphouse) Therefore, Google is obligated to supplement its discovery to produce these documents which

Hon. Jennifer H. Rearden
October 17, 2023
Page 11

are responsive to our prior discovery requests and relevant to the claims being tried. Indeed, Google has offered no explanation for why it did not timely produce any such documents.

      Second, Plaintiff requested that Google supplement its production with updated "Thrive" data reflecting information related to Ms. Rowe's candidacy for the VP-FS Sales Role. The Thrive data for the FSVL role has been admitted into evidence at P111. Similar to the first request, Defendant was obligated to produce Thrive data related to the VP-FS sales long ago, and given Mr. Vardaman's contrary testimony relating to the existence of documents, Plaintiff requests that Google search for and produce any responsive Thrive data related to this role.

      Google has not indicated to Plaintiff by the time of this filing whether it will search for and produce such documents.

                                      Respectfully submitted,

c: All Parties via ECF