

Advocates for Workplace Fairness

October 18, 2023

**Via ECF:**
The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Ulku Rowe v. Google LLC*, Case No. 19-cv-08655

Dear Judge Rearden:

  We represent the Plaintiff, Ulku Rowe in the above-referenced matter. Pursuant to Your Honor's directive at Trial (Oct. 18, 2023 Trial Transcript at 1142:6), the Parties write jointly with respect to Plaintiff's supplemental discovery request in light of Mr. Vardaman's October 12 and 13 testimony (*See* ECF No. 337).

**Plaintiff's Position**

  As Plaintiff stated in the parties' October 17, 2023 joint letter, Defendant is obligated to search for, and produce, Stuart Vardaman's weekly status reports for the VP-FS Sales role during the period in which Ms. Rowe and/or Ms. Piazza were under consideration for the position (i.e. February 2020 through June 2020). At his November 17, 2020 deposition, Mr. Vardaman testified that he did *not* create updates for Ms. Kliphouse similar to the updates he created for Mr. Shaukat related to the FSVL role, and that whatever he may have created was more "ad hoc." (*See* Vardaman Depo. Tr. 150:24- 152:3). In contradiction to his deposition testimony, at trial Mr. Vardaman testified that he created these status reports and updated them continuously to keep track of the VP-FS Sales search in preparation for his meetings with Ms. Kliphouse. (Trial

New York 685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
San Francisco One California Street  12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
Washington DC 601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410

www.outtengolden.com

Tr. 662:19- 664:20) (weekly updates created to, "keep track of the searches -- of the search and its -- and its updates on an ongoing basis"); *see also,* Trial Tr. 636 (Google counsel acknowledging that updates aren't "any different than P69 [Mr. Vardaman's updates to Mr. Shaukat for the FSVL role]"). Accordingly, Plaintiff learned for the first time during this trial that, rather than creating documents on an *ad hoc* basis, Mr. Vardaman maintained regular weekly updates on the VP-FS job search.

Defendant should be required to produce all the weekly updates, not only the four it has selectively produced in furtherance of its trial narrative (D74, D76, D77, D78), and Plaintiff should be able to review updates created before and (critically) after the four updates Defendant relies on. Namely, Google did not inform Ms. Rowe she would not be a candidate for the VP-FS Sales role until February 28, 2020 (a week after the last update provided), and Ms. Piazza was not hired into the VP-FS Sales role until June 2020. The weekly updates may contain important admissions that undermine Mr. Vardaman's (and potentially Ms. Kliphouse's) testimony, and Plaintiff is entitled to challenge Mr. Vardaman's assertion that as of February 28 – the day he spoke with Ms. Rowe – Ms. Kliphouse had instructed him to focus on Ms. Piazza and wind down other candidates. (Trial Tr. 665:14-21).[1]

Defendant was obligated to supplement this discovery, which is responsive to discovery request Nos. 36, ("All documents supporting Defendant's affirmative defense that defendant's employment decisions, including . . .promotion decisions, were based on legitimate and nondiscriminatory factors unrelated to Plaintiff's protected characteristics."); 37 ("All documents

---

[1] To the extent Mr. Vardaman kept regular notes elsewhere, such as in "Thrive," the Google system Mr. Vardaman used to track the 2018 FSVL role candidates, Google should be directed to produce those as well.

supporting Defendant's affirmative defense that assuming Defendant committed the acts or omissions alleged in the Amended Complaint for discriminatory or retaliatory motives, such acts or omissions would have been taken in any event for legitimate, non-discriminatory, non-retaliatory reasons."); and 47 ("All documents concerning Plaintiff's claims or Defendant's defenses of which Defendant is aware that have not been provided in response to the Requests above.").

Rule 26(e) of the Federal Rules of Civil Procedure imposes a continuing obligation on a party to supplement its discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Trilegiant Corp. v. Sitel Corp.*, No. 09 Civ. 6492, 2012 U.S. Dist. LEXIS 72644, at *11-12 (S.D.N.Y. May 22, 2012); Fed. R Civ. P. 26(e). "The duty to supplement continues even after the discovery period has closed." *Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 358 (W.D.N.Y. 2011) (citing *McKinney v. DOT*, No. 06 Civ. 2055, 2011 U.S. Dist. LEXIS 5059, at *4 (D. Conn. Jan. 19, 2011) ("fact that discovery has closed has no bearing on [d]efendant's duty to supplement under Rule 26(e)").

The Court may order additional discovery when trial testimony reveals the existence of relevant material not produced during the discovery period. *See*, *e.g.*, *Sardini Grp., Inc. v. Imperial Pac. Int'l Cnmi, LLC*, No. 20 Civ. 00007, 2023 U.S. Dist. LEXIS 177522, at *7 (D. N. Mar. I. Sep. 30, 2023) (Court ordered discovery mid-trial when trial testimony revealed Plaintiff had not produced relevant documents, including spreadsheets tracking work performed by its subcontractors, employment records such as time sheets, payment information to employees or subcontractors for work performed); *see also Rodowicz v. Mass. Mut. Life Insurance Co.*, 279

F.3d 36, 44-45 (1st Cir. 2002) (late change in expected trial testimony by plaintiff on material issue required timely supplementation of plaintiff's prior discovery responses).

Google has made no showing that supplementing its production will cause annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c)(1); *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14 Civ. 9792, 2015 U.S. Dist. LEXIS 162164, *7 (S.D.N.Y. Dec. 3, 2015) (the party resisting discovery has the burden of showing undue burden or expense). Accordingly, Plaintiff respectfully requests that the Court order Defendant to supplement its production of Vardaman's weekly status updates.

**Defendant's Position**

The Court should deny Plaintiff Ulku Rowe's belated motion to compel discovery, which seeks additional status reports for the Vice President Financial Services Sales role ("VP-FS Role"). Ms. Rowe's motion is a manufactured discovery dispute sprung on Google on the eve of its defense at trial. It is untimely, not grounded in the facts, and meant solely to harass.

**I.    Background.**

Ms. Rowe served her first set of document requests on Google almost four years ago, on January 21, 2020. In it, she requested, *inter alia*, "[a]ll documents supporting Defendant's affirmative defense that Defendant's employment decisions . . . were based on legitimate and nondiscriminatory factors," (Request No. 36); "[a]ll documents supporting Defendant's affirmative defense that Defendant's [pay practice was] not a violation of the NYLL because it was pursuant to (i) a merit system, (ii) a seniority system, (iii) a system that measures earnings by quantity or quality of production, or (iv) a differential based on any factor other than sex based on a legitimate reason," (Request No. 38); and "[a]ll documents concerning Plaintiff's claims or

Defendant's defenses of which Defendant is aware that have not been provided in response to the Requests above." (Request No. 47.) In response to all three Requests, Google referred Ms. Rowe to documents produced in response to previous Requests in that set, including but not limited to Ms. Rowe's personnel file and performance reviews, records of communications regarding Ms. Rowe's hire, documents sufficient to show Ms. Rowe's compensation and benefits, the job ladder applicable to Ms. Rowe's position at Google, and relevant Google policies.

In October 2020, Ms. Rowe informally requested documents regarding "those who applied, interviewed, and were ultimately selected" for the VP-FS Role. None of the pending discovery requests sought these documents, because none of Ms. Rowe's claims related to the VP-FS Role. Nevertheless, Google offered to meet and confer, while cautioning Ms. Rowe that the information sought was irrelevant. Ms. Rowe subsequently deposed Stuart Vardaman regarding Ms. Rowe's interest in the VP-FS Role. (ECF No. 73 at 1.) In that deposition, Mr. Vardaman could not recall whether he provided Kirsten Kliphouse, the decision-maker for the VP-FS Role, "anything in writing" regarding the progress of the VP-FS Role recruitment effort. (Exh. 3 at 151:11-152:3.) Mr. Vardaman's updates to Ms. Kliphouse were "much more *ad hoc*." (*Id*. at 151:16.)

On December 16, 2020, Ms. Rowe moved this Court for leave to file a Second Amended Complaint. (ECF No. 76.) Ms. Rowe sought to add a new claim alleging that Google retaliated against her for filing her initial Complaint by denying her the VP-FS Role in February 2020. (*Id*.) This Court granted Ms. Rowe's motion, over Google's opposition. (ECF No. 105.)

In granting Ms. Rowe's motion, though, this Court expressly informed her counsel that given the untimeliness of her motion to amend—which could have been filed as early as July 2020 in light of the discovery that had already been exchanged—Ms. Rowe could seek no further discovery on her new retaliation claim. The only additional discovery permitted was Google's

deposition of Ms. Rowe, limited to her new claim. "If I allow [the amendment]," Magistrate Judge Gabriel Gorenstein instructed Ms. Rowe's counsel, "that's it . . . you're not going to get anything further." (ECF No. 109 at 25:5-12.) "We're going to have no further discovery from the plaintiff's point of view. The defendants are going to be burdened by having to take a deposition of the plaintiff if they want on this very narrow topic." (*Id*. at 36:25-37:2.) Ms. Rowe filed her Second Amended Complaint on February 12, 2021, including her new retaliation claim related to the VP-FS Role. (ECF No. 108 ¶¶ 48–61.)

Pursuant to its obligation under Federal Rule of Civil Procedure 26(a)(3)(A) to produce "evidence that it may present at trial other than solely for impeachment," on November 11, 2022, Google produced documents—including the status reports currently admitted into evidence: D74, D76, D77, and D78. Ms. Rowe had 14 days to object to Google's production. *See* Fed. R. Civ. P. 26(a)(3)(B). She did not object, opting instead to file a motion *in limine* to exclude from trial all evidence concerning Google's consideration of candidates for the VP-FS Role other than Ms. Rowe herself—including the four status reports at D74, D76, D77, and D78. (ECF No. 242.) Ms. Rowe argued, in part, that Google's document production was untimely in light of the then-scheduled January 2023 trial. (*Id*.) This Court denied Ms. Rowe's motion on the merits, also holding that "Plaintiff has not been prejudiced by the timeliness (or not) of the production of related documents." (ECF No. 292 ¶ 5.)

On October 13, 2023, Mr. Vardaman testified at trial. He confirmed the existence of status reports (D74, D76, D77, and D78) in anticipation of giving updates to Ms. Kliphouse on the VP-FS Role recruitment effort via telephone, either during their "standing time" or "on an *ad hoc* basis." (Trial Trans. 664:18-20; 680:3-5.) Ms. Rowe now claims that she learned at trial about the existence of these status reports, and that she assumes based on Mr. Vardaman's testimony that

more status reports of this type exist. Notably, Ms. Rowe had the opportunity to ask Mr. Vardaman under oath to confirm that assumption. She declined to do so.

Ms. Rowe did not ask Google to search for or produce additional status reports like D74, D76, D77, and D78 on Friday after Mr. Vardaman's testimony. Nor did she make the request on Sunday, when the parties scheduled a meet and confer for the following day to resolve any remaining discovery disputes. On October 16, 2023, during the scheduled meet and confer, the parties discussed what they believed to be all open evidentiary issues remaining in the case. At no time did Ms. Rowe suggest that Google's production of VP-FS Role status reports was incomplete, or even suggest that she would be making this belated request for production of documents.

Finally, on Tuesday, October 17, 2023, at 2:43pm ET, Ms. Rowe requested that Google "please produce this afternoon all [VP-FS Role] weekly status reports (e.g., D74, D76, D77, D78) dated after Feb. 21, 2020," "[i]n light of Mr. Vardaman's testimony at trial" four days prior. (Exh. 4.) Ms. Rowe demanded Google's response "by 4PM" that day. (*Id*.) Google asked Ms. Rowe to clarify which testimony she was referring to. (*Id*.) Ms. Rowe pointed to an unremarkable excerpt of Mr. Vardaman's testimony during which he answered basic questions about D77, one of the VP-FS Role status reports. (Trans. 662:19-664:20.) Ms. Rowe formally moved to compel this discovery today; Your Honor requested this joint letter addressing Ms. Rowe's motion.

## II. Ms. Rowe's motion to compel discovery is untimely.

Ms. Rowe has just rested her case at trial. Despite that, she seeks discovery that she assumes exists with no reasonable basis. Her motion is meant solely to bog Google down on the eve of its defense at trial with a discovery dispute. This Court should deny her request based on the timing alone. *See U.S. v. Avenatti*, No. 19-374, 2022 WL 457315, at *7 (S.D.N.Y. Feb. 15, 2022) (denying

motion to compel discovery as "patently untimely," where "inexplicably, [the movant] waited until after the jury had been selected in this case to raise the issue").

### III. Ms. Rowe's motion to compel discovery is inappropriate.

There is no evidence that Google even possesses the documents Ms. Rowe is requesting. Ms. Rowe's entire motion hinges on the trial testimony of Stuart Vardaman, in which he stated that Ms. Kliphouse would sometimes call him to schedule a time to discuss updates to the search for the VP-FS role that week. (Trial Trans. 663:3-11.) If Mr. Vardaman had updated information, he would update the status report for the search in anticipation of his meeting with Ms. Kliphouse. (*Id.*) Nothing about this testimony establishes that other versions of the status report beyond those Google produced in this case exist.

Moreover, even if such documents exist, there is no basis to request that Google produce them. Ms. Rowe admits that the discovery requests to which these documents are arguably responsive call only for the production of documents and information Google intends to rely on to establish its affirmative defenses. Those requests do not require the production of documents outside that limited scope. If Google has no intention of relying on additional status reports, there is no obligation to produce them, either pursuant to Ms. Rowe's discovery requests or Federal Rule of Civil Procedure 26.

Even assuming additional reports exist, it is also unclear what utility, if any, they would serve at this point. One of Google's affirmative defenses to Ms. Rowe's retaliation complaint is that Ms. Kliphouse's preferred candidate, Yolande Piazza, had already been identified by the time the recruiter, Mr. Vardaman, discussed Ms. Rowe's candidacy for the role. There is no dispute that Ms. Kliphouse ultimately hired Ms. Piazza for the VP-FS Role and that she started her employment with Google in the summer of 2020. The status reports already in evidence show that Ms.

Kliphouse and Mr. Vardaman discussed Ms. Rowe as a potential candidate for the role on or around February 21, 2020. On February 25, 2020, Mr. Vardaman told Ms. Rowe that Ms. Kliphouse decided Ms. Rowe would not proceed further in the process because Ms. Kliphouse wanted to focus on Ms. Piazza as her preferred candidate. Ms. Rowe never followed up about the role. Any further status reports detailing the progression of Ms. Piazza's candidacy up until her date of hire (again, if they even exist) would be irrelevant and would not make Google's affirmative defense to Ms. Rowe's retaliation claim any more or less probable.

\*\*\*

For these reasons, Ms. Rowe's motion to compel discovery should be denied.

Respectfully submitted,

/s/ Cara E. Greene
Cara E. Greene
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017
*Counsel for the Plaintiff*

cc: All Parties (via ECF)