UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE,<br><br>                    Plaintiff,<br><br>             -v.-<br><br>GOOGLE LLC,<br><br>                    Defendant. | 19 Civ. 08655 (JHR)<br><br>VERDICT FORM |

JENNIFER H. REARDEN, District Judge:

According to the principles of law as charged by the Court and the facts as you find them, please answer the following questions:

I.  **Liability**

   A. **New York Labor Law § 194**

   1.  Has Plaintiff, Ulku Rowe, proved by a preponderance of the evidence that Defendant Google paid Ms. Rowe less than Nicholas Harteau or Stuart Breslow in violation of New York Labor Law § 194?

   Nicholas Harteau:  YES_____        NO   ✓

   Stuart Breslow:    YES_____        NO   ✓

   *If your answer is "No" to both persons in Question 1, proceed to Question 3 without answering Questions 2. If your answer is "Yes" to either person in Question 1, proceed to Question 2 only as to the person(s) for whom you answered "Yes."*

   2.  Has Defendant, Google, proved by a preponderance of the evidence that the differential in pay between Ms. Rowe and Mr. Harteau or Mr. Breslow was the result of a bona fide factor other than sex, which was job-related and justified by business necessity?

   Nicholas Harteau:  YES_____        NO_____

   Stuart Breslow:    YES_____        NO_____

### B. New York City Human Rights Law (Gender Discrimination)

3. Has Plaintiff, Ulku Rowe, established by a preponderance of the evidence that Defendant, Google, has on at least one occasion treated her less well, at least in part, because of her gender?

YES ✓     NO _____

### C. New York City Human Rights Law (Retaliation)

4. Has Plaintiff, Ulku Rowe, established by a preponderance of evidence that Defendant, Google, has on at least one occasion retaliated against her in violation of the New York City Human Rights Law?

YES ✓     NO _____

### D. New York Labor Law (Retaliation)

5. Has Plaintiff, Ulku Rowe, established by a preponderance of evidence that defendant, Google, has on at least one occasion retaliated against her in violation of the New York Equal Pay Law?

YES ✓     NO _____

*If you answered "No" to Questions 3, 4, and 5 **and** either answered "No" to both persons in Question 1 or "Yes" to both persons in Question 2, please do not answer any further questions and have the foreperson sign and date the verdict sheet. Otherwise, please answer the questions in Section II.*

## II. Damages

6. Has Plaintiff, Ulku Rowe, proven by a preponderance of the evidence that she suffered any injury or any actual damages as a result of Google's unlawful conduct?

YES ✓     NO _____

*If you have answered "Yes" to Question 6, please proceed to Question 7. If you have answered "No" to Question 6, you must award Plaintiff Ulku Rowe $1: Stop here, have the foreperson sign and date this Verdict Sheet, and advise the Court by note that you have reached a verdict.*

### A. Back Pay

7. What amount of back pay, if any, do you find that Plaintiff, Ulku Rowe, has proved by a preponderance of the evidence?

$ 0

2

B. **Statutory Damages Under New York Labor Law**

8. Of the amount awarded in Question 7, how much, if any, is attributable to damages incurred in connection with answering Yes to Section I.A?

$_____

9. Has Defendant, Google, proved by a preponderance of the evidence that it had a good faith and reasonable basis to believe that its underpayment, as found in Question 8, was in compliance with the law?

YES_____    NO_____

*If your answer is "No" to Question 9, please proceed to Question 10. If your answer is "Yes" to Question 9, please proceed to Question 11 without answering Question 10.*

10. Has Plaintiff, Ulku Rowe, proved by a preponderance of the evidence that Google's underpayment, as found in Question 8, was willful?

YES_____    NO_____

C. **Compensatory Damages Under New York City Human Rights Law**

11. If you answered "Yes" to Question 3 or Question 4, state the amount of non-economic damages that you award to the Plaintiff, if any, for emotional distress, pain and suffering, or mental anguish:

$ 150,000

D. **Punitive Damages Under New York City Human Rights Law**

12. If you answered "Yes" to Question 3 or Question 4, do you find that Defendant, Google, should be subjected to punitive damages under the New York City Human Rights Law?

YES ✓    NO_____

13. If you answered "Yes" to Question 12, state the amount of punitive damages, if any, that you award to Plaintiff:

$ 1.0 million

*Please have the foreperson sign and date this Verdict Sheet and advise the Court by note that you have reached a verdict.*

3

Dated: __10/20__, 2023
New York, New York

_____
FOREPERSON

4