UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE, | |
| Plaintiff, | |
| -v.- | 19 Civ. 08655 (JHR) |
| GOOGLE LLC, | |
| Defendant. | |

JENNIFER H. REARDEN, District Judge:

**[DRAFT] Jury Charge**
**October 20, 2023**

TABLE OF CONTENTS

I.    GENERAL INSTRUCTIONS .................................................................................. 1

    A.   Introductory Remarks ................................................................................ 1

    B.   The Parties ................................................................................................ 1

    C.   Role of the Court ....................................................................................... 1

    D.   Role of the Jury ......................................................................................... 2

    E.   Court Rulings on Evidence and Objections ............................................. 2

    F.   Sympathy or Bias ..................................................................................... 3

II.   EVALUATION OF THE EVIDENCE ................................................................... 3

    A.   What Is and Is Not Evidence ................................................................... 3

    B.   Stipulated Facts ........................................................................................ 5

    C.   Direct and Circumstantial Evidence ....................................................... 5

    D.   Redactions ................................................................................................ 6

    E.   Credibility of Witnesses .......................................................................... 6

    F.   Interested Witnesses / Employee Witnesses ........................................... 8

    G.   Expert Witnesses ...................................................................................... 9

    H.   Preparation of Witnesses ....................................................................... 10

    I.   All Available Evidence Need Not Be Produced .................................... 10

    J.   Burden of Proof ...................................................................................... 11

III.  SUBSTANTIVE CHARGES .............................................................................. 12

    A.   Overview of Plaintiff's Claims .............................................................. 12

    B.   New York Labor Law § 194 Claim ....................................................... 13

    C.   Discrimination Claim Under City Law .................................................. 17

    D.   Retaliation Claims Under City Law & New York Labor Law ............... 19

IV.  DAMAGES ..................................................................................................... 22

    A.   Back Pay ................................................................................................. 23

    B.   Statutory Damages Under New York Labor Law .................................. 24

    C.   Compensatory Damages ......................................................................... 25

    D.   Punitive Damages .................................................................................. 26

    E.   Nominal Damages .................................................................................. 28

V.   DELIBERATIONS OF THE JURY ..................................................................... 28

A.   Right to See Exhibits and Hear Testimony...................................................................... 28

B.   Communications with the Court ..................................................................................... 29

C.   Notes .............................................................................................................................. 29

D.   Duty to Deliberate / Unanimous Verdict ....................................................................... 30

E.   Duties of Foreperson...................................................................................................... 30

F.   Verdict Form and Return of Verdict ............................................................................... 31

**VI.  CONCLUSION ............................................................................................................... 31**

# I.  GENERAL INSTRUCTIONS

## A.  Introductory Remarks

Members of the jury, you have now heard all of the evidence in the case, as well as the final arguments of the parties.  We have reached the point where you are about to undertake your final function as jurors.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

My instructions to you today will be in four parts.  First, I will give you general instructions, including instructions about your role as the jury.  Second, I will give you instructions concerning evaluation of the evidence.  Third, I will describe the law to be applied to the facts that you find to be established by the proof.  The fourth and final section of these instructions will relate to your deliberations.

Because my instructions cover many points, I have given you a copy so that you may follow along.  In addition, you may take your copy of the instructions with you for reference during your deliberations.  You should not single out any instruction as alone stating the law.  Instead, you should consider my instructions as a whole when you retire to deliberate in the jury room.

## B.  The Parties

The Plaintiff in this case is Ulku Rowe.  The Defendant is Google LLC (or "Google" for short).  All litigants, including corporations, are equal under the law and are entitled to a just verdict.  It would be improper for you to allow any personal feelings that you might have about the Plaintiff, the Defendant, or the nature of the claims to influence you in any way.

## C.  Role of the Court

My role, as the judge presiding over this trial, is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney has stated, or

states, a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or ought to be.

### D. Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Although you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal or professional expertise you might have or other facts not in evidence to the other jurors during deliberations. You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone. You may not consider or speculate on matters not in evidence or matters outside the case.

### E. Court Rulings on Evidence and Objections

At trial, it is the duty of an attorney to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should draw no inference from the fact that an attorney objected to any evidence.

Nor should you draw any inference from the fact that I might have sustained or overruled an objection. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its significance. That is for you to decide.

More generally, do not draw any inference from any of my rulings. The rulings I made during trial are no indication of any view on my part. You should not seek to find any such view or opinion on my part, nor should you otherwise speculate as to what I may think.

From time to time, the lawyers and I had conferences out of your hearing, known as "sidebars." These sidebars involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

Finally, the personalities and the conduct of counsel in the Courtroom are not in any way at issue. If you formed opinions of any kind regarding any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions should not enter into your deliberations.

### F.     Sympathy or Bias

You are to evaluate the evidence calmly and objectively, without prejudice or sympathy. You are to be completely fair and impartial. Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

It would be improper for you to consider, in deciding the facts of the case, any personal feelings you may have about the race, national origin, sex, or age of any party or any witness, or any other such irrelevant factor. This case should be decided by you as an action between parties of equal standing in the community, and of equal worth. As I previously noted, all parties are entitled to the same fair trial at your hands. All parties stand equal before the law, and are to be dealt with as equals in this Court.

## II.    EVALUATION OF THE EVIDENCE

### A.     What Is and Is Not Evidence

You may rely only on the evidence that has been introduced throughout the trial. What is evidence? The evidence in this case consists <u>only</u> of the sworn testimony of the witnesses, and the

exhibits that have been received in evidence.

I will describe a list of examples of things that are <u>not</u> evidence:

1. A question by a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

2. Similarly, arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said in their opening and closing statements was intended to help you understand the evidence and to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

3. Statements that I may have made concerning the evidence do not constitute evidence. Similarly, at times, I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times, I may have asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

4. Testimony that has been stricken or excluded is not evidence, and it may not be considered by you in rendering your verdict.

5. Anything you may have seen or heard outside the Courtroom is not evidence.

Now, I will provide you with a list of some things that you may consider as evidence. As I have said, evidence may come in several forms:

1. The sworn testimony of witnesses, regardless of who called them, is evidence. This is true of the witnesses' answers on both direct and cross examination. However, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given.

4

2. The exhibits that were admitted during the trial are evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

3. Prior testimony is evidence. Such testimony, known as depositions (as previously described), is produced through a procedure where, prior to trial, the attorneys for one side may question a witness or an adversary under oath. This is part of what is called pretrial discovery, and each side is entitled to take depositions. To the extent I admitted excerpts of prior testimony at trial, you may consider the prior testimony of a witness according to the same standards you would use to evaluate the testimony of a witness given at trial.

**B.      Stipulated Facts**

The attorneys in this case entered into a stipulation agreeing to certain facts. This means that there is no dispute as to these facts, and these facts are established for the purposes of this case. You must consider the agreed facts along with all of the other evidence presented and give the agreed facts such weight as you find appropriate.

**C.      Direct and Circumstantial Evidence**

Generally, as I told you in my initial instructions, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses— something he or she has seen, felt, touched, or heard. For example, if a witness testified that when she left her house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. To use the same example I gave you at the start of trial: Assume that when you came into the Courthouse this morning, the sun was shining and it was a nice day. Assume that the Courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later another person entered with a wet raincoat. You are not able to look outside of the Courtroom, you cannot see

whether or not it is raining, and no one has testified that it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact. Many facts, such as a person's state of mind or intentions, are rarely susceptible of proof by direct evidence. Usually, such facts are established by circumstantial evidence. Where circumstantial evidence is presented, it is of no less value than direct evidence, for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

### D. Redactions

Portions of certain of the exhibits received in evidence have been redacted. "Redacted" means that part of the document was blacked out or removed. The redactions have been made at the Court's direction. You are to concern yourself only with the portions of the exhibits that have been admitted into evidence, that is, the non-redacted portions. You should draw no adverse inference against either party as a result of these redactions, nor should you speculate on what may have been redacted.

### E. Credibility of Witnesses

You have had the opportunity to observe the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judge of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matter in evidence that may help you decide the truth and the

importance of each witness's testimony.

How do you determine where the truth lies?  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he or she appear to be frank, forthright, and candid?  Or was the witness evasive and edgy, as if hiding something?  What was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying?  Sometimes, it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your everyday experiences in life to make your credibility determinations.

If you find that any witness has willfully testified falsely as to any material fact—that is, as to an important matter—the law permits you to disregard the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  However, you are not required to consider such a witness as totally

"unbelievable." You may accept so much of the witness's testimony as you deem true and disregard what you feel is false. By the processes which I have just described, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of each witness's testimony you accept, and what weight you will give to it.

On some occasions during this trial, witnesses were asked to explain an apparent inconsistency between testimony offered at this trial and previous statements made by the witness. It is for you to determine whether a prior statement was inconsistent, and if so, how much (if any) weight to give to an inconsistent statement in assessing the witness's credibility at trial.

### F. Interested Witnesses / Employee Witnesses

In deciding whether to believe a witness, you should take into account any evidence that shows that a witness may benefit in some way from the outcome of the case, such as a financial interest. Likewise, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. You should also consider any other interest or motive that the witness may have in cooperating with a particular party.

In this case, the Plaintiff, Ulku Rowe, testified before you. As a party to this action, she is, by definition, an interested witness.

An interested witness is not necessarily less believable than a disinterested witness. The mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned, whether the possible interest of any witness, or of any party, has intentionally or otherwise colored or distorted his or her testimony. You are not required to believe an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

Similarly, several non-party witnesses who were or are presently employed by the Defendant, Google, have testified. In the order in which they testified, these are: Tariq Shaukat, Kevin Lucas, Stuart Vardaman, Stuart Breslow, William Grannis, Nicholas Harteau, April Beaupain, Ashley Elizabeth Tessier, Chris Humez, Krista Callaghan, Brian Stevens, Melissa Lawrence, Kirsten Marie Kliphouse, and Patricia Florissi.

You may consider whether the testimony of these witnesses was in any way influenced by the fact that they are now, or were previously, employed by Google.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

G.      Expert Witnesses

In this case, I have permitted an expert witness to express her opinion about matters that are in issue. That witness is Nora Ostrofe, called by the Plaintiff to offer an opinion on Ms. Rowe's claimed economic damages.

A witness may be permitted to testify to an opinion on those matters about which she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify

concerning her opinion.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

### H.  Preparation of Witnesses

You have heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  Although you may consider that fact when you are evaluating a witness's credibility, there is nothing either unusual or improper about a witness meeting with lawyers before testifying, so that the witness can be made aware of the subjects that he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such consultation.  Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

### I.  All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

Each party has had an equal opportunity or lack of opportunity to call any witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what any uncalled witnesses would have testified to had they been called.  The absence of any witnesses should not affect your judgment in any way.

### J.        Burden of Proof

Before I instruct you on the issues you must decide, I want to define for you the standard under which you will decide whether a particular party has met its burden of proof on a particular issue. The standard that applies in this case is preponderance of the evidence. The Plaintiff, Ulku Rowe, has the burden of proving all the elements of her claim by a preponderance of the evidence.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If, after considering all of the testimony, you are satisfied that the Plaintiff, the party with the burden of proof, has carried her burden on each essential point of her claim, then you must find in her favor. If, after such consideration, you find that the evidence produced by the Plaintiff is outweighed by the evidence against the Plaintiff's position, or that the credible evidence on a given issue is evenly divided between the parties—that it is as equally probable that one side is right as it is that the other side is right—then you must decide that issue against the Plaintiff. The reason for this is that the Plaintiff, because she bears the burden of proof, must prove more than simple equality of evidence—she must prove the element by a preponderance of the evidence. On the other hand, the Plaintiff need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the Plaintiff—that what she claims is more likely true than not—then that element will have been proven by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof only in a *criminal* trial. That requirement does not apply to a civil case such as this one, and you should put it out of your mind.

## III. SUBSTANTIVE CHARGES

### A. Overview of Plaintiff's Claims

I am now going to instruct you on the substantive law to be applied to the claims in this lawsuit. I want to emphasize here that you should consider each claim separately.

This case involves four claims made by Ms. Rowe against Google.

First, Ms. Rowe claims that Google violated Section 194 of the New York Labor Law by failing to pay her the same as men—specifically, Nicholas Harteau and Stewart Breslow—who she argues performed equal or substantially similar work to her.

Second, Ms. Rowe claims that Google discriminated against her on account of her gender by under-leveling her at hire, paying her less than comparable men, refusing to consider her for the role of Financial Services Vertical Lead, and generally treating her less well because of her gender, in violation of the New York City Human Rights Law.

Finally, Ms. Rowe brings two claims of retaliation, one under the New York State Human Rights Law and one under the New York City Human Rights Law. She alleges that, in response to concerns she raised about discrimination and unequal pay practices, Google retaliated against her by refusing to consider her for two positions, the Financial Services Vertical Lead position in 2018 and the Vice President – Financial Services, Sales position in 2020, and/or otherwise engaged in retaliatory conduct against her.

Google denies these claims. It contends that at all times, it treated Ms. Rowe in accordance with the law. Specifically, Google asserts that under Section 194 of the New York Labor Law,

Ms. Rowe was paid what she was lawfully owed, and that any difference in compensation between her and male employees performing equal work was based on lawful job-related factors other than gender. Google asserts that under the New York City Human Rights Law, it treated Ms. Rowe no differently than similarly situated male employees, and that all of its actions towards Ms. Rowe were motivated only by legitimate business reasons.

I will now give further instructions on each of these claims.

## B.    New York Labor Law § 194 Claim

Ms. Rowe brings a claim under Section 194 of the New York Labor Law. I will refer to this law as "Labor Law Section 194." As applicable here, Labor Law Section 194 prohibits employers from paying men and women in the same establishment different wages, except under certain circumstances, as I will explain in more detail momentarily. Labor Law Section 194 is a strict liability statute, meaning that a plaintiff need not show that her employer intentionally paid her less because she is a woman. Both parties bear a burden of proof on this claim: first, Ms. Rowe bears a burden, and if she satisfies that burden, Google bears a burden of proof to avoid liability.

To prevail on this claim, Ms. Rowe must prove by a preponderance of the evidence that Google paid her lower wages than a man in the same geographic area for work which required equal or substantially similar skill, effort, and responsibility, and which was performed under similar working conditions.[1] For purposes of this claim, Ms. Rowe alleges that Google paid her less than Nicholas Harteau and Stuart Breslow.

For Ms. Rowe to prevail on her claim against Google, she must prove each of the following elements by a preponderance of the evidence:

*First*, Google paid Ms. Rowe lower wages than Nicholas Harteau and/or Stuart Breslow;

---

[1] *Talwar v. State Island Univ. Hosp.*, 610 Fed. App'x 28, 30 (2d Cir. 2015); N.Y.L.L. § 194.

*Second*, Ms. Rowe performed equal or substantially similar work to Nicholas Harteau and/or Stuart Breslow on jobs requiring equal skill, effort, and responsibility; and

*Third*, those jobs were performed under similar working conditions.

### 1. First Element: Lower Wages

The first element that Ms. Rowe must prove is that Google paid her lower wages than Nicholas Harteau and/or Stuart Breslow. For these purposes, the term "wages" includes all forms of compensation, including salary, bonuses, stock, profit sharing, commissions, and expense accounts.[2] Fringe benefits are also included in the comparison of wages, as are vacation and holiday pay and overtime pay.[3]

### 2. Second Element: Equal or Substantially Similar Work

The second element that Ms. Rowe must prove is that her work was equal or substantially similar to the work of Nicholas Harteau and/or Stuart Breslow. The word "equal" does not mean identical. It means that the work Ms. Rowe performed must have been "substantially equal" to the work performed by the male employees to whom she asserts she should be compared.

In determining whether work was "substantially equal," you must compare the skill, effort, and responsibility required of Ms. Rowe's job with the skill, effort, and responsibility required of Nicholas Harteau and/or Stuart Breslow. Insignificant, insubstantial or trivial differences in work performed do not matter and may be disregarded. On the other hand, work is not considered "substantially equal" if material differences in skill, effort or responsibility exist. Further, job classifications, descriptions, or titles are not controlling. It is the actual work or performance requirements of the two jobs that is important.[4]

---

[2] Jury Instr., *Cohen v. Bank of N.Y. Mellon Corp.*, 11 Civ. 0456 (RA); 29 C.F.R. § 1620.10; *Talwar*, 610 Fed. App'x at 30 n.2.
[3] Jury Instr., *Cohen*.
[4] *Id.*

As I just noted, in evaluating whether the performance requirements of the two jobs are substantially equal, you must consider the "skill," "effort," and "responsibility" required for these jobs. I will now tell you what is meant by the terms, "skill," "effort" and "responsibility."

### i  Skill

In deciding whether the jobs require substantially equal "skill," you should consider such factors as the level of education, experience, training, and ability necessary to meet the performance requirements of the respective jobs.[5] You are to compare the jobs, not the employees. Accordingly, the fact that a male employee has a qualification that Ms. Rowe does not have is relevant only if the particular qualification is necessary or useful for performing the job.[6]

### ii  Effort

In deciding whether the jobs require substantially equal "effort," you should consider the mental exertion needed to perform the job.[7] "Equal effort" does not require people to use effort in exactly the same way.[8] If there is no substantial difference in the amount or degree of effort to do the jobs, they require "equal effort." However, if the jobs of Nicholas Harteau and/or Stuart Breslow require additional tasks that consume a significant amount of extra time and effort that would not be expected of Ms. Rowe, then the jobs do not require substantially equal effort.[9]

### iii  Responsibility

In deciding whether the jobs involve substantially equal "responsibility," you should consider the degree of accountability expected by Google for a person filling the jobs, as well as the amount of preparation required to perform the job duties. You should also take into account

---

[5] N.Y.L.L. § 194; Jury Instr., *Edelman v. NYU Langone Health Sys.*, 21 Civ. 0502 (LJL).
[6] Jury Instr., *Cohen*.
[7] *Id.*
[8] 29 C.F.R. § 1620.16(a).
[9] Jury Instr., *Cohen*.

such things as the level of authority delegated to Ms. Rowe as compared to Nicholas Harteau and Stuart Breslow, including whether Ms. Rowe and Nicholas Harteau and/or Stuart Breslow were equally expected to direct the work of others, or to represent Google in dealing with clients or others. Finally, you should consider the consequences to Google of effective performance in the respective jobs.[10]

Remain mindful that "skill," "effort" and "responsibility" constitute separate tests, each of which must be met in order for the equal pay requirement to apply.[11]

### 3.    Third Element: Similar Working Conditions

With respect to the third element of Ms. Rowe's claim, you must find that the jobs are performed under similar working conditions. The conditions need only be similar; they need not be identical or in the same location. In deciding whether the working conditions of the two jobs are similar, you should consider the surroundings or the environment in which the work is performed to which the respective employees may be exposed.[12]

### 4.    Affirmative Defense

If Ms. Rowe proves all three elements of her Labor Law Section 194 claim, then she is entitled to recover on her claim unless Google meets its burden of proving by a preponderance of the evidence that Ms. Rowe was paid less based on a bona fide factor other than sex, and that the factor was both job-related and consistent with business necessity.[13] To meet its burden of establishing business necessity, Google must prove by a preponderance of the evidence that the factor is based on a genuine business need and bears a manifest relationship to the job, or a

---

[10] Jury Instr., *Cohen*.
[11] *Id.*
[12] *Id.*
[13] N.Y.L.L. § 194(1)(iv).

demonstrable relationship to successful performance of the jobs.[14]

### C. Discrimination Claim Under City Law

Separate from her Labor Law Section 194 claim, Ms. Rowe brings a gender discrimination claim under the New York City Human Rights Law, which I will refer to as the City Law. Under the City Law, it is against the law for an employer to discriminate against an employee on the basis of gender, including by paying an employee less on that basis or by refusing to hire or promote that individual.[15] Stated more broadly, the City Law makes it unlawful for an employer to treat an employee "less well"—in any way—at least in part because of that person's gender.[16] The question of whether Google is liable under the City Law is separate and distinct from the question of whether Google is liable under the Labor Law described a moment ago, even though some conduct may be actionable under both laws.

The City Law has been violated if you find by a preponderance of the evidence that gender played some role in Google's treatment of Ms. Rowe.[17] Ms. Rowe need not establish that her gender was the sole consideration or even the most important consideration motivating Google in any of those circumstances—indeed, a number of factors may have contributed to the company's actions. If you find that Google treated Ms. Rowe less well—at least in part—because of her gender, then she may succeed on this claim, even if you find that Google's conduct was also motivated by a lawful reason.[18]

Keep in mind, however, that the City Law is not a general civility code. Thus, Google can still avoid liability by proving by a preponderance of the evidence that the complained-of conduct

---

[14] N.Y.L.L. § 194(2); *see also Grant v. Bethlehem Steel Corp.*, 635 F.2d 1007, 1015 (2d Cir. 1980).
[15] N.Y.C. Admin. Code § 8-107(1)(a).
[16] *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013).
[17] *Lefort v. Kingsbrook Jewish Med. Ctr.*, 164 N.Y.S.3d 183, 188 (2d Dep't 2022).
[18] *Melman v. Montefiore Med. Ctr.*, 98 A.D.3d 107, 127 (1st Dep't 2012).

at issue is nothing more than what a reasonable person would consider "petty slights or trivial inconveniences."[19]

In determining whether Google discriminated against Ms. Rowe because of her gender, you may consider a variety of factors, including whether the language or conduct of Google managers reveals a bias against women or preference for men[20]; whether Google treated Ms. Rowe less well than similarly situated men[21]; whether Google's explanations for its actions were credible or whether they are contradicted by fact or changed over time[22]; or whether any of Google's witnesses were untruthful, either at trial or when speaking to Ms. Rowe.[23]  In making this determination, however, you may not second-guess Google's business judgment.  In other words, you may not find discrimination simply because you think that a business decision that Google made was incorrect or unwise, or because you disagree with the decision.[24]

One note on similarly situated men.  While comparisons may offer some evidence of discrimination, comparisons are not the only way to prove discrimination; I noted for you just now a number of ways on which the parties agree that discrimination may be proven.  However, to the extent you consider whether Google treated similarly situated men differently than Ms. Rowe, I will give you some guidelines.  Under the City Law, for a plaintiff and a comparator to be similarly situated, the plaintiff is not required to show that both individuals' circumstances were identical.  Rather, the fact finder must examine the acts, context, and surrounding circumstances of the plaintiff and her comparator to determine whether the comparator is similarly-situated, such that

---

[19] *Mihalik*, 715 F.3d at 111, 113.
[20] *Williams*, 61 A.D.3d at 80 n.30.
[21] *Day v. City of New York*, No. 15 Civ. 4399 (GBD) (HBP), 2015 WL 10530081, at *15 (S.D.N.Y. Nov. 30, 2015), *report and recommendation adopted*, No. 15 Civ. 4399, 2016 WL 1171584 (S.D.N.Y. Mar. 22, 2016).
[22] *Collins v. Cohen Pontani Lieberman & Pavane*, No. 04 Civ. 8983 (KMW) (MHD), 2008 WL 2971668, at *17 (S.D.N.Y. July 31, 2008).
[23] *Kellman v. Metro. Transp. Auth.*, 8 F. Supp. 3d 351, 383 (S.D.N.Y. 2014).
[24] *Hamburg v. N.Y.U. Sch. of Med.*, 155 A.D.3d 66, 77 (1st Dep't 2017); *Bailey v. N.Y. Westchester Square Med. Ctr.*, 38 A.D.3d 119, 124 (1st Dep't 2007).

you believe a difference in their treatment could reasonably lead to the conclusion that it was because of gender.[25]  This is different from the standard I explained for comparators under the Labor Law.

### D.  Retaliation Claims Under City Law & New York Labor Law

Ms. Rowe also claims that Google retaliated against her for complaining about discrimination in the workplace.  Such retaliation is unlawful under the New York City Human Rights Law (which I will again refer to as the "City Law") as well as the New York Labor Law (which I will refer to as the "Labor Law").  Specifically, under the City Law, it is unlawful for an employer to retaliate or discriminate in any manner against any person because such person has raised, reasonably and in good faith, concerns about discrimination.  Similarly, under the Labor Law, it is unlawful for an employer to retaliate or discriminate in any manner against any person because such person has made a complaint to her employer that she reasonably and in good faith believes the employer has violated the Labor Law regarding unequal pay between women and men.

In order to find for Ms. Rowe on these claims under either of these statutes, you must find that she proved each of the following four elements by a preponderance of the evidence.

*First*, Ms. Rowe engaged in a protected activity;

*Second*, her employer, Google, was aware of the protected activity;

*Third*, Google engaged in what is commonly referred to as an "adverse action"—that is, conduct that could be reasonably expected to "chill" or deter someone from engaging in protected activity; and

*Fourth*, there is a causal connection between the protected activity and the adverse

---

[25] *Shah v. Wilco Sys., Inc.*, 27 A.D.3d 169, 177-78 (1st Dep't 2005).

action—that is, the complaints that were made were at least in part the reason why the adverse employment action took place.

This framework is common to retaliation claims under both the City Law and the Labor Law.[26] I will now address each of these elements in further detail.

### 1. First Element: Protected Activity

The first element that Ms. Rowe must prove is that she engaged in a protected activity. A plaintiff engages in a protected activity when she complains about what she reasonably and in good faith believes to be unlawful, discriminatory employment practices. To prove that her activities were protected, Ms. Rowe need not establish that her claims of discrimination were valid. However, she must show that she expressed clear disapproval of Google's allegedly unlawful conduct by communicating, in substance, that she thought the conduct was wrong.[27]

Ms. Rowe must also establish that she had a good faith, reasonable belief at the time she complained of Google's actions that those actions violated the anti-discrimination laws.[28] If Ms. Rowe's concern was not raised in good faith, but rather was raised in order to, for example, protect her job or attempt to extract a benefit from Google, she has not satisfied the "good faith" requirement.[29]

### 2. Second Element: Knowledge of Protected Activity

Ms. Rowe is also required to prove by a preponderance of the evidence that Google was aware that she had engaged in protected activity. After all, if Google did not know that she had complained about discrimination, then logically it could not have taken any adverse actions against

---

[26] N.Y.C. Admin. Code § 8-107(7); N.Y.L.L. § 215(1)(a).
[27] *Albunio v. City of New York*, 16 N.Y.3d 472, 479 (2011); *Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 17 (2d Cir. 2013).
[28] *Tang v. Glocap Search LLC*, No. 14 Civ. 1108 (JMF), 2015 WL 5472929, at *2 (S.D.N.Y. Sept. 16, 2015).
[29] *Id*; *Robinson v. De Niro*, No. 19 Civ. 09156 (LJL), 2023 WL 4862772, at *29 (S.D.N.Y. May 25, 2023).

her on account of any protected activity she may have engaged in.[30]

To satisfy this element, it is not necessary for Ms. Rowe to prove that any specific actors or individuals knew that she had complained.[31] She need only demonstrate general corporate knowledge by Google.[32]

### 3. Third Element: Adverse Action

The third element that Ms. Rowe must prove by a preponderance of the evidence is that Google engaged in an "adverse action"—that is, conduct that would be reasonably likely to deter a person from engaging in protected activity. The retaliation complained of need not result in a materially adverse change in the terms or conditions of the plaintiff's employment.[33] In determining whether Ms. Rowe was subject to retaliation, keep in mind your sense of workplace realities, and the fact that the "chilling effect" of particular conduct depends on the context.[34] The totality of the circumstances must be considered because the overall context in which the challenged conduct occurs cannot be ignored.[35]

It is of no consequence that the challenged conduct may not have been severe or pervasive, because the challenged conduct's severity and pervasiveness are only relevant to the issue of damages, not liability.[36] However, the defendant is not liable if the plaintiff fails to prove that the challenged conduct was caused at least in part by a retaliatory motive, or if the defendant proves that the conduct was nothing more than petty slights or trivial inconveniences.[37]

---

[30] Jury Instr., *Springs v. City of New York*, 17 Civ. 0451 (CM).
[31] *Id.*
[32] *Id.*
[33] *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 70 (1st Dept't 2009); *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 723 (2d Cir. 2010).
[34] *Williams*, 61 A.D.3d at 71.
[35] *Mihalik v. Credit Agricole Cheuvreux*, 715 F.3d 102, 113 (2d Cir. 2013).
[36] *Id.*
[37] *Id.*

### 4. Fourth Element: Causal Connection

Finally, Ms. Rowe must establish that the adverse action or actions taken by Google was or were taken, at least in part, because of Ms. Rowe's protected activity; in other words, she must establish that there was a "causal connection" between the protected activity and the adverse action(s).

To establish a causal connection, Ms. Rowe bears the burden of proving by a preponderance of the evidence that Google intentionally retaliated against her by taking one or more adverse actions against her, and that retaliation was a motivating factor in Google's decision to take the action or actions that it did. A motivating factor is a factor that made a difference or played a part in a decision. To be clear, that factor need not be the sole consideration or even the most important consideration motivating the adverse action or actions.

To satisfy this element, Ms. Rowe can use indirect, or circumstantial evidence, or she can introduce direct evidence of retaliatory motive.

## IV. DAMAGES

If you conclude that Ms. Rowe has met her burden of proof by a preponderance of the evidence with respect to her claims for unequal pay, gender discrimination, and/or retaliation, then you must determine the damages, if any, to which Ms. Rowe is entitled. On the other hand, if you find for Google on all claims, you will not consider the issue of damages at all—you will simply report a verdict for Google on all claims.

You should not infer that Ms. Rowe is entitled to recover damages merely because I am instructing you on how to calculate damages. It is exclusively your function to determine liability, and I am instructing you on damages only so that you will have guidance should you decide that Ms. Rowe prevails on any of her claims.

Damages must be based on evidence, not on speculation or sympathy, and you may only award damages for those injuries that Ms. Rowe actually suffered as a result of Google's conduct. It is the Plaintiff—that is, Ms. Rowe—who bears the burden of proving her damages by a preponderance of the evidence.

In this case, you may consider awarding several different types of damages: back pay, statutory damages under New York Law Labor Section 194, compensatory damages, nominal damages, and punitive damages. Whether such damages are actually to be awarded in this case, and if so, in what amount, are for you, the jury, to decide in accordance with my instructions.

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.

The verdict form I will give you will assist you in recording the determination, if any, that you make as to damages.

## A.    Back Pay

The economic loss plaintiff has suffered as a result of any of claims she has put forth is called "back pay." Back pay consists of the value not only of salary, but also of bonuses, stock awards, and other forms of compensation and benefits that Ms. Rowe would have received if not for Google's unlawful conduct, if that is what you find.

Specifically, Ms. Rowe asserts that she was paid less than men performing equal work under Labor Law Section 194. She also asserts that, because she is a woman, Google paid her less and denied her positions that would have entitled her to greater compensation, in violation of the City Law. She further asserts that, because she made protected complaints, Google denied her positions that would have entitled her to greater compensation.

Your job as the jury is to determine what damages, if any, Ms. Rowe has proved by a

preponderance of the evidence for each claim. Ms. Rowe is entitled to lost wages and benefits even if they are difficult to calculate. Any uncertainty about the amount of lost compensation to be awarded to Ms. Rowe should be resolved in her favor. That said, Ms. Rowe has the burden of proving that she actually incurred a loss of back pay.

### B. Statutory Damages Under New York Labor Law

If you find that Google violated Section 194 of the Labor Law, Ms. Rowe is also entitled to certain statutory damages, unless you find that Google acted in good faith. Under the law, if you find for Ms. Rowe on liability, it is Google's burden to demonstrate by a preponderance of the evidence that it acted in good faith.[38]

Good faith has two requirements. First, Google must produce plain and substantial evidence of at least an honest intention to ascertain what the Labor Law requires and to comply with it. Second, Google must demonstrate objectively reasonable grounds for believing it was in compliance with the law.[39]

Good faith requires more than ignorance of the prevailing law or uncertainty about its development. It requires an employer to take active steps to ascertain the dictates of the statute and then move to comply with the law. That a defendant did not purposefully violate the statute is not sufficient to establish that it acted in good faith. Nor is good faith demonstrated by conformity with industry-wide practice.[40]

If you find that Google violated the Labor Law, you must also consider whether Google's actions were willful. Willfulness is established if Google knew or showed a reckless disregard for whether its unequal compensation of Rowe was prohibited by law.[41] It is Ms. Rowe's burden

---

[38] N.Y.L.L. § 198(1-a).
[39] *Knox v. John Varvatos Enters. Inc.*, 512 F. Supp. 3d 470, 494 (S.D.N.Y. 2021).
[40] *Id.*
[41] N.Y. Pattern Jury Instrs. § 2:10A.

to establish Google's willfulness by a preponderance of the evidence.

If you find that Ms. Rowe has proven by a preponderance of the evidence that Google knew or showed a reckless disregard for whether or not its payment of her complied with the law, you will find that it acted willfully. You may find that Google acted willfully even if you find that Google did not act with an intent to violate the law. This is because willfulness can be shown where a defendant acts with reckless disregard for the law. However, if you find that Google acted unreasonably but not recklessly in determining its obligations as to how to pay Ms. Rowe, you must find that its actions were not willful.[42]

As you will see on the verdict sheet (which I will discuss more fully in a few moments), if you find that Google violated Section 194 of the Labor Law, you must determine both whether it acted in good faith and whether its violation of the law was willful. If you find that Google's conduct was willful, you must also find that its conduct was not taken in good faith. By the same token, though, if you find that Google's conduct was in good faith, you cannot find that its conduct was willful.

### C.    Compensatory Damages

If you find that Ms. Rowe has established any of her claims of gender discrimination or retaliation under the City Law, you may award her compensatory damages for injuries such as emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life. Compensatory damages are an amount that will fairly compensate the plaintiff for any injury she actually sustained as a result of the defendant's conduct. There is no requirement that a claim of emotional distress be supported by proof of expenses, lost earnings, or specifically measurable damages. No expert testimony is necessary to prove such harm, and you may rest your findings

---

[42] Adapted from the *Knox* jury instructions.

solely on Ms. Rowe's testimony.

No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Rather, you may issue an award of monetary damages based on the emotional harm you determine the plaintiff to have suffered, based on the evidence presented, and based on your best judgment. Any award you make should be fair in light of the evidence presented at the trial.

### D. Punitive Damages

If you find that Ms. Rowe prevails on either of her claims of gender discrimination or retaliation, you may, but are not required to, award her punitive damages.[43] Punitive damages are intended to protect the community and to be an expression of the jury's indignation at a defendant's misconduct.[44] There is no exact rule by which to determine the amount of punitive damages. It is up to the jury to decide what amount is sufficient to punish the defendant. The fact that I am instructing you on punitive damages is not any indication of my view as to what your verdict should be, or on whether punitive damages should be awarded.

Punitive damages may be awarded where a plaintiff proves by a preponderance of the evidence that the defendant's actions amounted to willful or wanton negligence, or recklessness, or where there is a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.[45] Under this standard, a defendant need not know that it was violating the law, and the plaintiff is not required to prove intentional or malicious conduct.[46]

Where an employee engages in discrimination with willful or wanton negligence,

---

[43] N.Y.C. Admin. Code §§ 8-107(13), 8-502.
[44] Jury Instr., *Duarte v. St. Barnabas Hosp.*, No. 15 Civ. 6824 (PGG).
[45] *Chauca v. Abraham*, 30 N.Y.3d 325, 334 (2017).
[46] *Id.* at 334 n.3.

recklessness, or a conscious disregard of her rights under City Law, the employer may be held liable for punitive damages where: (1) the offending employee exercised managerial or supervisory responsibility; (2) the employer knew of the offending employee's discriminatory conduct and acquiesced in it or failed to take immediate and appropriate corrective action; or (3) the employer should have known of the offending employee's unlawful discriminatory conduct but failed to exercise reasonable diligence to prevent it.[47]

In calculating a punitive damages award, you should consider, among other things, the (1) nature and reprehensibility of Google's conduct, including the character of the wrongdoing and Google's awareness of what harm the conduct caused or was likely to cause; (2) the amount of time Google engaged in the conduct; and (3) Google's financial condition and the impact your punitive damages award will have on Google.[48] If you award punitive damages, you may consider Google's net worth and the impact of paying that award.[49] Keep in mind that punitive damages are not intended to, and may not be used to, compensate a plaintiff for her injuries. Instead, the purpose of punitive damages is to punish a defendant and to deter similar conduct in the future. Any punitive damages award should be limited to the amount reasonably necessary to achieve the goals of punishment and deterrence.[50]

You may also consider whether Google has (1) established and complied with policies, programs and procedures for the prevention and detection of discrimination by employees; and (2) a record of no, or relatively few, prior incidents of discriminatory conduct by the specific, offending employee. These factors may mitigate a punitive damages award, should you choose

---

[47] *Zakrzewska v. New Sch.*, 14 N.Y.3d 469, 479 (2010).
[48] N.Y. Pattern Jury Instr. § 2:278; Jury Instr., *Duarte*.
[49] *TVT Records v. Island Def Jam Music Grp.*, 257 F. Supp. 2d 737, 745 (S.D.N.Y. 2003).
[50] Jury Instr., *Duarte*.

to impose one.[51]

## E.    Nominal Damages

If you find in favor of Ms. Rowe but you find that she has not shown any injury or any actual damages to warrant an award of back pay, compensatory damages, or punitive damages, then you must return an award of nominal damages of no more than one dollar ($1.00).  Nominal damages must be awarded when a defendant has deprived a plaintiff of a right but the plaintiff has suffered no actual damages of monetary value as a natural consequence of that deprivation.  The mere fact that a deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

Therefore, if you find that Google violated the law but that Ms. Rowe has suffered no injury as a result of Google's conduct other than the fact of a violation, you must award her nominal damages of no more than one dollar ($1.00).

## V.    DELIBERATIONS OF THE JURY

### A.    Right to See Exhibits and Hear Testimony

Members of the jury, that almost completes my instructions to you. You are about to go into the jury room to begin your deliberations.

The exhibits received in evidence will be accessible to you upon request.  If during your deliberations you want to see a hard copy of any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony provided to you, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that.

---

[51] *Chauca v. Abraham*, 841 F.3d 86, 90 (2d Cir. 2016).

You can take your copy of these instructions back with you to the jury room when you deliberate. To assist you in your deliberations, I will be providing you a list of the exhibits; a list of the witnesses who testified; a verdict form, which I have referred to and which I will discuss further in a moment; and a copy of these instructions. There is one of each of these items for each juror.

### B. Communications with the Court

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything regarding this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me me—to request exhibits or testimony, or to request clarification on the law—you should send a note to me, in writing, signed by your foreperson, and given to one of the marshals or my deputy, Ms. Williams. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with a member of the jury on any subject touching on the merits of the case other than in writing, or orally here in open court. If you send any notes to me, do not disclose how the jury stands, numerically or otherwise, on any issue until after a unanimous verdict is reached.

### C. Notes

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. Any difference between a juror's recollection and another juror's notes

should be settled by asking to have the transcript read back, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

### D.  Duty to Deliberate / Unanimous Verdict

For Ms. Rowe to prevail on the questions that you must answer, she must sustain her burden of proof as I have explained it to you.  If you find Ms. Rowe has succeeded as to any of her claims against Google, you must return a verdict in her favor on that claim.  If you find that she has not succeeded on a particular claim, then your verdict must be for Google on that claim.

Your verdict on each question must be unanimous.  Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors.  This is the very essence of jury deliberation.  It is your duty to discuss the evidence.  If you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience.  You are not to give up a point of view, however, that you conscientiously believe in simply because you are outnumbered or outweighed.  You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.

You are not to discuss the case until all jurors are present.  Five or six jurors together is only a gathering of individuals.  Only when all eight jurors are present do you constitute a jury, and only then may you deliberate.

### E.  Duties of Foreperson

The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson, and then send out a note indicating whom you have chosen.

The foreperson does not have any more power or authority than any other juror, and his or

her vote or opinion does not count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the Court. The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict. Then, when you come into open court, the foreperson will be asked to state what the verdict is.

### F.     Verdict Form and Return of Verdict

I have prepared a special verdict form for you to use in recording your decision as to each of Ms. Rowe's claims. Please use that form to report your verdict.

You should answer every question except where the verdict form indicates otherwise. After you have reached a verdict, the foreperson should fill in the verdict sheet, the jurors should sign and date it, and then the foreperson should give a note to the marshal outside your door stating that you have reached a verdict. Do not specify what the verdict is in your note.

I will stress that each of you must be in agreement with the verdict that is announced in Court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## VI.     CONCLUSION

Members of the jury, that concludes my instructions to you. I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like me to give to you or if there is anything I may not have covered in my previous instructions to you.

In this regard, I ask you not to discuss the case while seated in the jury box because the case has not yet been formally submitted to you.