

1(212) 318-6046
kennethgage@paulhastings.com

December 13, 2023

**VIA ECF**

Hon. Jennifer H. Rearden
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Ulku Rowe v. Google LLC*, Case No. 1:19-cv-08655-JHR

Dear Judge Rearden:

We represent Defendant Google LLC ("Google") in this matter. Pursuant to Rules 5(B) and (F) of Your Honor's Individual Rules and Practices in Civil Cases, we respectfully request (1) leave to submit a sur-reply on Plaintiff Ulku Rowe's motion for attorneys' fees and costs (ECF No. 361), and (2) oral argument on the parties' pending post-trial motions. (ECF Nos. 361, 364, 368, and 370).[1]

**I.        Google Requests Leave to File a Sur-Reply on Rowe's Motion for Attorneys' Fees and Costs.**

Rowe intends to apply for recovery of "[t]ime spent in connection with [her] fee application and post-trial briefing seeking injunctive relief . . . ." (ECF No. 362 at 16.) To that end, Rowe "will submit time entries detailing the time spent" on those motions "together with her reply brief" on her motion for attorneys' fees and costs. (ECF No. 363, ¶ 53.) This Court should afford Google an opportunity to inspect and potentially challenge those time entries.

An award of attorneys' fees for a fee application itself "is not automatic or mandatory." *Sayigh v. Pier 59 Studios, L.P.*, No. 11-cv-1453, 2015 WL 997692, at *11 (S.D.N.Y. Mar. 5, 2015). A so-called "fees on fees" award "is to be evaluated no differently from the costs of litigating the underlying case." *Id*. Thus,

---

[1] Pursuant to Rule 5(F), Google has included the words "ORAL ARGUMENT REQUESTED" on the cover pages of its oppositions to Rowe's motions for (a) attorneys' fees and costs (ECF No. 361), and (b) injunctive and other equitable relief. (ECF No. 364.) Google will similarly include those words on the cover pages of its replies on its own motions for (a) judgment as a matter of law (ECF No. 368), and (b) remittitur of Rowe's punitive damages award. (ECF No. 370.)



December 13, 2023
Page 2

Google is entitled to an opportunity to challenge, in a sur-reply, the fees Rowe seeks to recover in connection with her fee application.

Google is similarly entitled to an opportunity to challenge the fees Rowe seeks to recover in connection with her post-trial motion for injunctive relief. *See Robinson v. City of New York*, No. 05-cv-9545, 2009 WL 3109846, at *14 (S.D.N.Y. Sept. 29, 2009) (reducing fees award for post-trial motion for permanent injunction, because the claimed amount was "grossly excessive . . . [g]iven that motions for injunctive relief are frequently made by civil rights law firms, and that plaintiffs are commanding hourly rates that assume a certain level of expertise in discrimination law").

For these reasons, Google respectfully requests leave to file a sur-reply on Rowe's motion for attorneys' fees and costs. If this Court permits a sur-reply, Google respectfully requests that it be due on or after January 5, 2024, in light of the intervening holidays.

**II.     Google Requests Oral Argument on the Parties' Pending Post-Trial Motions.**

Google has filed post-trial motions for (a) judgment as a matter of law (ECF No. 368), and (b) remittitur of Rowe's punitive damages award. (ECF No. 370.) Rowe has filed post-trial motions for (a) attorneys' fees and costs (ECF No. 361), and (b) injunctive and other equitable relief. (ECF No. 364.) Respectfully, we believe that oral argument on each of these motions would be beneficial to the Court.

Oral argument on Google's renewed motion for judgment as a matter of law (ECF No. 368) and on Rowe's motion for injunctive and other equitable relief (ECF No. 364) would permit the parties to debate in-depth whether there is evidence in the record to support a judgment of any form in Rowe's favor. Particularly given that the jury rejected Rowe's principal claims, we believe the evidence demonstrates that Google at all times treated Rowe in accordance with both the New York City Human Rights Law ("NYCHRL") and New York Labor Law ("NYLL").



December 13, 2023
Page 3

      Oral argument on Google's motion for remittitur (ECF No. 370) would permit the parties to debate the propriety of Rowe's constitutionally excessive punitive damages award, especially in light of the high standard for an award of punitive damages under the NYCHRL.

      Oral argument on Rowe's motion for attorneys' fees and costs (ECF No. 361) would permit the parties to debate the propriety of Outten & Golden LLP's facially excessive fees and costs, especially in light of Rowe's limited success at trial.

***

      We thank the Court for its consideration.

Respectfully submitted,

*[signature]*

Kenneth W. Gage
PAUL HASTINGS LLP