UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ULKU ROWE,                                              Case No. 1:19-cv-08655-JHR

                              Plaintiff,                ORAL ARGUMENT REQUESTED

                v.

GOOGLE LLC,

                              Defendant.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT GOOGLE LLC'S MOTION FOR
REMITTITUR OF PUNITIVE DAMAGES**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     ARGUMENT ...................................................................................................... 2

        A.      Rowe Applies the Incorrect Legal Standard. ........................................... 2

        B.      Rowe Ignores the Applicable Factors for Remittitur. .............................. 4

                1.      Rowe Failed to Prove Any Reprehensible Conduct Occurred.................. 4

                2.      Rowe's Punitive Damages Award Is Constitutionally Excessive
                        Compared to Her Compensatory Damages Award................................... 7

                3.      Rowe's Punitive Damages Award Vastly Exceeds the Maximum
                        Civil Penalty Authorized by the NYCHRL. .............................................. 8

III.    CONCLUSION................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                      **Page(s)**

*BMW of N. Am., Inc. v. Gore*,
   517 U.S. 559 (1996)................................................................................................8, 9

*Brady v. Wal-Mart Stores, Inc.*,
   531 F.3d 127 (2d Cir. 2008)......................................................................................2

*Diggs v. Oscar De La Renta, LLC*,
   169 A.D.3d 1003 (2d Dep't 2019)............................................................................8

*Diggs v. Oscar De La Renta, LLC*,
   No. 161752/2012, 2013 WL 6818169 (N.Y. Sup. Ct. Apr. 16, 2013)......................8

*Duarte v. St. Barnabas Hosp.*,
   341 F. Supp. 3d 306 (S.D.N.Y. 2018).........................................................2, 4, 7, 9

*Greenbaum v. Handelsbanken*,
   67 F. Supp. 2d 228 (S.D.N.Y. 1999).......................................................1, 3, 4, 8

*Lore v. City of Syracuse*,
   670 F.3d 127 (2d Cir. 2012)......................................................................................2

*MacMillan v. Millennium Broadway Hotel*,
   873 F. Supp. 2d 546 (S.D.N.Y. 2012).......................................................4, 7, 8, 9

*McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.*,
   175 Misc. 2d 795 (N.Y. Sup. Ct. 1997), *appeal dismissed*, 256 A.D.2d 269
   (1st Dep't 1998)........................................................................................................3

*N.Y.C. Transit Auth. v. State Div. of Human Rights*,
   78 N.Y.2d 207 (1991) ...............................................................................................2

*Pac. Mut. Life Ins. Co. v. Haslip*,
   499 U.S. 1 (1991)......................................................................................................3

*Qorrolli v. Metro. Dental Assocs., D.D.S.–225 Broadway, P.C.*,
   No. 18-cv-6836 (DLC), 2022 WL 17689836 (S.D.N.Y. Dec. 15, 2022) .................2

*Rosenberg, Minc & Armstrong v. Mallilo & Grossman*,
   8 Misc. 3d 394 (N.Y. Sup. Ct. 2005) .......................................................................8

*Salemi v. Gloria's Tribeca Inc.*,
   115 A.D.3d 569 (1st Dept. 2014)..............................................................................3

*Tse v. UBS Fin. Servs., Inc.*,
   568 F. Supp. 2d 274 (S.D.N.Y. 2008).......................................................................8

*TXO Prod. Corp. v. All. Res. Corp.*,
    509 U.S. 443 (1993)..................................................................................................................3, 4

**Other Authorities**

N.Y.C. Admin. Code § 8-107(13)(d)–(e) ........................................................................................5

## I.    INTRODUCTION

Google grounds its motion for remittitur squarely in the applicable law and cites relevant authority from this District. Remittitur of a punitive damages award under the New York City Human Rights Law ("NYCHRL") is appropriate where, as here, (1) the proved conduct is not sufficiently reprehensible to justify the award, (2) the ratio of punitive-to-compensatory damages is constitutionally excessive, and (3) the punitive damages award exceeds the maximum civil penalty authorized in comparable cases. Though not required for Google to succeed, all three considerations are present, and there is nothing "questionable" about the precedent cited in Google's motion.

Plaintiff Ulku Rowe ("Rowe") cites no persuasive authority otherwise. Her opposition instead describes what *she* believes the law *should* be. Even if Google needed to show the punitive damages are "grossly out of proportion to the severity" of the conduct proved, which it does not, it meets that standard, too. Because the jury found Rowe *did not prove* the foundational claims of her case, validating Google's position that it *lawfully* paid her, set her level at hire, and decided not to promote her to higher paid positions. Indeed, the plaintiff in the case on which Rowe relies most heavily, *Greenbaum v. Handelsbanken*, 67 F. Supp. 2d 228 (S.D.N.Y. 1999), proved things at trial that Rowe *did not prove.* Rowe essentially argues that punitive damages are necessary because Google held her to her burden of proof at trial. Google was entitled to disagree with Rowe then, and it is entitled to disagree with her now.

As described in Google's Renewed Motion for Judgment as a Matter of Law, (ECF No. 368), there remains precious little even arguably to support a judgment in Rowe's favor, and none of that conduct qualifies as so "reprehensible" to warrant the deterrence of punitive damages.

Google does not request "leniency," just application of the law to the facts. The Court should grant its motion for remittitur, if it does not grant its Renewed Motion for Judgment as a Matter of Law.

## II.    ARGUMENT

### A.    Rowe Applies the Incorrect Legal Standard.

The law is clear: a District Court may reduce punitive damages awarded under the NYCHRL where they "deviate[] materially from what would be reasonable compensation." *Duarte v. St. Barnabas Hosp.*, 341 F. Supp. 3d 306, 319 (S.D.N.Y. 2018); *Qorrolli v. Metro. Dental Assocs., D.D.S.–225 Broadway, P.C.*, No. 18-cv-6836 (DLC), 2022 WL 17689836, at *7 n.6 (S.D.N.Y. Dec. 15, 2022) ("To the extent that the plaintiff was found to have recovered under the NYSHRL and NYCHRL, 'an award is deemed excessive' under New York law 'if it deviates materially from what would have been reasonable compensation'") (quoting *Lore v. City of Syracuse*, 670 F.3d 127, 177 (2d Cir. 2012).) This standard "is less deferential to a jury verdict" than the "'shocks the conscience' standard generally applied" under federal statutes. *Duarte*, 341 F. Supp. 3d at 319 (citation omitted). Rowe may disagree with the cases Google cited, and think the District Courts "struggled to correctly apply" the law, (ECF No. 374 at 5), but that is the law in this District.

Rowe instead relies on two cases that measure the propriety of *compensatory*—not *punitive*—damages awards. *See N.Y.C. Transit Auth. v. State Div. of Human Rights*, 78 N.Y.2d 207, 215 (1991) ("This appeal focuses on the standard of review for the Commissioner's award of compensatory damages for mental anguish and aggravation"); *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 137–38 (2d Cir. 2008) (affirming remittitur of compensatory damages award). Google does not challenge Rowe's compensatory damages award in its remittitur motion, so the standards articulated in *Transit Authority* and *Brady* are irrelevant.

Rowe's other authorities are either distinguishable or entirely consistent with Google's motion. Rowe dismisses Google's authorities as "mostly older district court decisions," (ECF No. 374 at 15), but principally relies on *Greenbaum v. Handelsbanken*, a 1999 decision from this District. 67 F. Supp. 2d 228 (S.D.N.Y. 1999). In *Greenbaum*, though, the plaintiff proved precisely what Rowe could not: entitlement to back pay damages for a retaliatory termination. *Id*. at 244. Here, Rowe remains gainfully employed at Google, and the jury awarded her *no* back pay damages. (ECF No. 340.) In *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), the Supreme Court shied away from the impossible task of articulating "a mathematical bright line between the constitutionally acceptable and the constitutionally unacceptable *that would fit every case*," *id.* at 18 (emphasis added), but ultimately held that a punitive damages award "more than 4 times the amount of compensatory damages" was "close to the line" of "constitutional impropriety." *Id*. at 23–24. Curiously, Rowe advocates for a higher ratio here.

In *Salemi v. Gloria's Tribeca Inc.*, the court upheld a $1.2 million punitive damages award justified by genuinely reprehensible conduct: (1) mandatory weekly prayer meetings, (2) repeated statements that "homosexuality is 'a sin,' and that 'gay people' were 'going to go to hell,'" and (3) subjecting plaintiff to "an incessant barrage of offensive anti-homosexual invective." 115 A.D.3d 569, 569 (1st Dept. 2014). *McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.* involved (1) comments about the plaintiff's breasts, (2) sexually explicit jokes and names, (3) "constant use of vulgar and derogatory language," such as a supervisor telling the plaintiff to "suck my dick," and (4) physical assault. 175 Misc. 2d 795, 803 (N.Y. Sup. Ct. 1997), *appeal dismissed*, 256 A.D.2d 269 (1st Dep't 1998). In both of those cases, the punitive damages award was well within a constitutionally tolerable 3:1 ratio compared to compensatory damages. Finally, *TXO Prod. Corp.*

*v. All. Res. Corp.*, 509 U.S. 443 (1993), is not even an employment law case. It concerned "a common-law action for slander of title," not claims under the NYCHRL. *Id.* at 446.

### B.     Rowe Ignores the Applicable Factors for Remittitur.

#### 1.     *Rowe Failed to Prove Any Reprehensible Conduct Occurred.*

Conduct typically warranting punitive damages in employment cases includes "violence or a threat of violence; physical injury; termination of employment that resulted in financial vulnerability; deceit; indifference or reckless disregard for the health or safety of others . . . discriminatory misconduct extending to employees other than" plaintiff and "repeated failures to address complaints of discrimination." *Duarte*, 341 F. Supp. 3d at 329–30 (citing *MacMillan v. Millennium Broadway Hotel*, 873 F. Supp. 2d 546, 566 (S.D.N.Y. 2012).) Rowe suffered no physical injury. Google has not acted with any sort of disregard for the health or safety of others. Nor has Google terminated Rowe's employment, leaving her financially vulnerable, like the plaintiff in *Greenbaum*. She remains gainfully employed at Google earning nearly $1 million in recent years. (P134.)

Rowe failed to prove that Google paid her, leveled her, or denied her higher paying positions unlawfully. According to her opposition to Google's Motion for Judgment as a Matter of Law, the only other conduct Rowe claims she proved is the so-called "[d]ifferential [t]reatment by Mr. Shaukat"—allegedly missed meetings and emails. (ECF No. 372 at 10–11.) This is very different from violence, the threat of violence, or a barrage of offensive invective.

Rowe points to complaints by other employees that the Court excluded from evidence at trial to argue that the punitive damage award here is "critical." (ECF No. 292 ¶ 2 (granting motion *in limine* because evidence of other employee complaints "has limited, if any, probative value and is likely to confuse the jury in a way that will prejudice" Google); ECF No. 374 at 10.) That

evidence was irrelevant and unfairly prejudicial then, and it remains so now. In any event, Rowe originally offered it to show that "Google does not actually undertake to ensure women and men are paid equally . . . ." (ECF No. 276 at 1–2), a claim the jury rejected.

Nor did Rowe prove a failure to address her initial complaint of under-leveling to Human Resources, and her subsequent complaints of discrimination. To the contrary, and as described at length in its moving papers, Google handled each of those complaints consistent with the processes outlined in its anti-harassment policy, and thoroughly investigated each time. (ECF No. 371 at 5–11.) That Rowe disagrees with the conclusions reached is no basis for an imposition of punitive damages. *See* N.Y.C. Admin. Code § 8-107(13)(d)–(e) (punitive damages are appropriately mitigated where the employer demonstrates that it has established and complied with a "meaningful and responsive procedure for investigating complaints of discriminatory practices").

There is no evidence of "increasing hostility," (ECF No. 374 at 9), and Rowe cites to none. Indeed, Rowe argued the precise opposite in her Motion for Instatement and other relief conceding, "there is no evidence of animosity between the parties …." (ECF No. 365 at 11.) The evidence showed that her performance ratings were fair, and consistent throughout; she received an "exceeds expectations" (a score of 3 out of 5). (P126.) Her current manager's testimony about Rowe's work was hardly reprehensible; Patricia Florissi merely testified that Rowe had not created any work-product, despite having generated good ideas for projects. (Trial Tr. 1284:19–21; 1285:4–13; 1294:16–1295:14.) Her assessment of Rowe's performance is entirely consistent with the fact that the role of Technical Director is not limited to coming up with good ideas, but requires Technical Directors to actually translate those ideas into Google's products and services, something Rowe consistently failed to do. (*Id*. at 870:5–7; 868:25–869:7; 870:19–23; 1282:13–1283:21). Evidence that Google has promoted two other Technical Directors in OCTO, Jennifer

Bennett and Scott Penberthy, proves nothing, except that they both *earned* promotions for doing exceptional engineering work, none of which Rowe accomplished. (*Id*. at 732:4–5; 846:23–851:24; D44.)

Nor did Rowe prove that Google engaged in any deceitful conduct. *First*, her argument that Tariq Shaukat lied to her is completely unmoored from the evidence. Shaukat never promised Rowe the FSVL Role; he only promised her "a fair shot" at it (P25), which is precisely what she got. Rowe's interviewers, as she now admits on another motion, "us[ed] the same interview rubrics and asked the same interview questions" of all interviewees, regardless of gender. (ECF No. 372 at 5.) If anything, the record demonstrates that Rowe received *preferential* treatment. Shaukat was not planning to consider Rowe or anyone else who transferred from OCTO for vertical lead roles in his organization, but he gave Rowe the opportunity to interview, something her male colleagues did not get. (Trial Tr. 436:16–438:4; 979:14–981:8.) Shaukat dispensed with "the initial assessment phases" for Rowe's candidacy, (P25; Trial Tr. 604:4–9), and called in a personal favor by requesting that Diane Greene, Google Cloud's then-CEO, interview Rowe for the position. (Trial Tr. 355:10–11; 353:20–25; 605:12–13; P69 at GOOG-ROWE-00017752.RR.) There is no evidence that Shaukat, or anyone else, lied to Rowe regarding the FSVL Role; Rowe thinks he should have "just giv[en her] the role."[1] (*Id*. at 251:18–20; D57.)

*Second*, Rowe's claim that she was deceived during the hiring process when she was told everyone would be hired as an L8 is a non-starter. The jury implicitly rejected Rowe's claim that Google unlawfully set her level, and with that the Court can and should conclude that the jury rejected Rowe's claims that people lied to her at the time. For the reasons in Google's Reply

---

[1] As set forth in Google's moving papers, none of the other conduct Rowe may have proved at trial rises to the level of reprehensibility sufficient to justify an outsized award of $1 million. (*See* ECF No. 371 at 16–21.)

Memorandum in Support of its Renewed Motion for Judgment as a Matter of Law (ECF No. 381 at 3), Rowe cannot benefit from her own effort to avoid a specific jury finding, for imposition of punitive damages or otherwise.

*Third*, Rowe points to a single Thrive profile entry from January 2019—written before she filed her lawsuit and before Stuart Vardaman knew she had raised complaints of potential discrimination—as a basis for a punitive damages award. (ECF No. 372 at 16.) The Thrive profile entry is the proverbial tree no one heard fall in the forest. Access to Thrive is extremely limited, and there is no evidence anyone ever knew the entry existed, let alone consulted it for any reason. (Trial Tr. 580:25–581:6.) Even if Rowe could show that Vardaman was motivated at the time by unlawful animus (which she cannot), the entry resulted in no harm to her or anyone else.

Ultimately, Rowe fails to articulate exactly what conduct the excessive punitive damages award should deter. Rowe argues for punitive damages because Google disagreed with her. It disagreed with her about the level commensurate with her skills and qualifications at hire; whether she was the most qualified candidate for two Vice President roles; the evidence (or lack thereof) substantiating each of her internal complaints; and whether the evidence at trial supports any verdict for Rowe on any of her claims. (ECF No. 374 at 11.) Google is entitled to disagree and hold Rowe to her burden of proof; that is why our judicial system allows for trial, post-trial motions, and appeals. Google's conduct does not justify a $1 million punitive damages award. This Court should reduce it. *See Duarte*, 341 F. Supp. 3d at 329–30; *MacMillan*, 873 F. Supp. 2d at 566.

> 2.   *Rowe's Punitive Damages Award Is Constitutionally Excessive Compared to Her Compensatory Damages Award.*

Rowe's punitive damages award of $1 million is nearly seven times her compensatory damages award of $150,000. This ratio is unconstitutional and demands reduction. *See Duarte*,

341 F. Supp. 3d at 331, 333 (under the NYCHRL, reducing punitive-to-compensatory damages ratio of 6:1 to 1:1); *MacMillan*, 873 F. Supp. 2d at 568–69 (under the NYCHRL, reducing punitive-to-compensatory damages ratio from 33:1 to 8:1); *Tse v. UBS Fin. Servs., Inc.*, 568 F. Supp. 2d 274, 314–15, 318 (S.D.N.Y. 2008) (under the NYCHRL, reducing punitive-to-compensatory damages ratio from 30:1 to 3:1). Even in *Greenbaum*, the court acknowledged that "a punitive damages award of 'more than 4 times the amount of compensatory damages' might be 'close to the line' . . . ." 67 F. Supp. 2d at 271 (quoting *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 581 (1996).)

Rowe disclaims on-point federal authorities to argue for the application of a 10:1 ratio of punitive-to-compensatory damages allegedly imposed by state courts. (ECF No. 374 at 18–19.) In support, Rowe cites a single case, *Diggs v. Oscar De La Renta, LLC*, in which the plaintiff's colleague "routinely" directed the word "n****r" towards "employees of color" and "'frequently' referred to Asian employees as 'Wong Tong.'" No. 161752/2012, 2013 WL 6818169, at *1 (N.Y. Sup. Ct. Apr. 16, 2013). The court held, in a single sentence without analysis, that a 10:1 ratio punitive-to-compensatory damages was "not excessive." 169 A.D.3d 1003, 1004 (2d Dep't 2019). That decision fails to articulate a universally applicable rule. It is hardly surprising that the court permitted a constitutionally suspect punitive-to-compensatory damages ratio, however.[2] This case is dramatically different from *Diggs*, in all respects.

### 3.    *Rowe's Punitive Damages Award Vastly Exceeds the Maximum Civil Penalty Authorized by the NYCHRL.*

Rowe cites no authority for her argument that comparing punitive damages to the NYCHRL's maximum civil penalty is "inappropriate" because none exist. (ECF No. 374 at 20.)

---

[2] Rowe's other authority, *Rosenberg, Minc & Armstrong v. Mallilo & Grossman*, is not even an employment discrimination case. 8 Misc. 3d 394 (N.Y. Sup. Ct. 2005).

As Rowe herself observes in her opposition, courts uniformly look to civil penalties as a necessary safeguard against excessive awards. (*Id.* at 4 (courts assess "the difference between [the punitive damages award] and the civil penalties authorized or imposed in comparable cases") (quoting *Gore*, 517 U.S. at 575)); *see also Duarte*, 341 F. Supp. 3d at 333 (reducing $750,000 punitive damages award to $125,000, in part because "the civil penalty amount under the NYCHRL suggests that the $750,000 punitive damages award here is excessive"); *MacMillan*, 873 F. Supp. 2d at 568 (reducing $1 million punitive damages award to $100,000, in part because "the civil penalty for violating the NYCHRL—a maximum of $250,000 . . . counsels in favor of reduction"). Rowe's $1 million punitive damages award *quadruples* the NYCHRL's maximum civil penalty of $250,000, so it, too, must be dramatically reduced.

## III.   CONCLUSION

Google respectfully moves to vacate the punitive damages award, or remit it to, at most, a 2:1 ratio to compensatory damages, and give Rowe the choice of accepting that lower amount or a new trial on the issue of punitive damages.

Dated:  New York, New York
            December 20, 2023

PAUL HASTINGS LLP

Kenneth W. Gage
Sara B. Tomezsko
Kaveh Dabashi
200 Park Avenue
New York, NY 10166
(212) 318-6000
kennethgage@paulhastings.com
saratomezsko@paulhastings.com
kavehdabashi@paulhastings.com

*Counsel for Defendant Google LLC*

9