**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ULKU ROWE,<br><br>      Plaintiff,<br><br> v.<br><br>GOOGLE LLC,<br><br>      Defendant. | Civil Action No. 19-cv-08655 (JHR) |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS**

**TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ................................................................................... 1

II. MS. ROWE'S FEES SHOULD NOT BE REDUCED FOR PARTIAL SUCCESS .......... 1

    A.  A Reduction for Partial Success Would Undermine the NYCHRL's Goals. .......... 1

    B.  Ms. Rowe's NYLL Equal Pay Claim Was Inextricably Intertwined with Her Successful Discrimination and Retaliation Claims. ................................................. 3

III. HOURS WERE REASONABLY EXPENDED ................................................................. 5

IV. MS. ROWE IS ENTITLED TO FEES ON HER POST-JUDGMENT MOTIONS ........... 8

V.  THE COURT SHOULD AWARD MS. ROWE ALL COSTS .......................................... 9

VI. CONCLUSION ................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                        **PAGE(S)**

*Argudo v. Rugo, LLC*,
   No. 21 Civ. 5511, U.S. Dist. LEXIS 185447 (N.D.N.Y. Oct. 16, 2018) ................................... 9

*Barfield v. N.Y. City Health & Hospitals Corp.*,
   537 F.3d 132 (2d Cir. 2008) ................................................................................................... 2

*Bobo v. United Parcel Service, Inc.*,
   665 F.3d 741 (6th Cir. 2012) .................................................................................................. 4

*Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*,
   No. 07 Civ. 6304, 2021 U.S. Dist. LEXIS 62863 (S.D.N.Y. Mar. 31, 2021) ....................... 2, 3

*Cooper v. Upstairs, Downstairs of New York, Inc.*,
   No. 18 Civ. 6426, 2021 U.S. Dist. LEXIS 59679 (S.D.N.Y. Mar. 29, 2021) .......................... 3

*Doe v. East Lyme Board of Education*,
   No. 11 Civ. 291, 2019 U.S. Dist. LEXIS 53148 (D. Conn. Mar. 27, 2019) ............................ 5

*Kassim v. City of Schenectady*,
   415 F.3d 246 (2d Cir. 2005) ................................................................................................... 3

*Makinen v. City of New York*,
   No. 11 Civ. 7535, 2016 U.S. Dist. LEXIS 49293 (N.D.N.Y. Apr. 12, 2016) ........................ 10

*Murray v. UBS Securities, LLC*,
   No. 14 Civ. 927, 2020 U.S. Dist. LEXIS 236565 (S.D.N.Y. Dec. 16, 2020) .......................... 3

*Pugh v. Meric*,
   No. 18 Civ. 3556, 2019 U.S. Dist. LEXIS 141475 (S.D.N.Y. Aug. 20, 2019) ....................... 3

*Reichman v. Bonsignore, Brignati & Mazzotta P.C.*,
   818 F.2d 278 (2d Cir. 1987) ................................................................................................. 10

*Rozell v. Ross-Holst*,
   576 F. Supp. 2d 527 (S.D.N.Y. 2008) .................................................................................... 7

*Torres v. Sushi Sushi Holdings, Inc.*,
   No. 19 Civ. 2532, 2022 U.S. Dist. LEXIS 125821 (S.D.N.Y. July 15, 2022) ........................ 2

*Vuona v. Merrill Lynch & Co.*,
   No. 10 Civ. 6529, U.S. Dist. LEXIS 131491 (S.D.N.Y. Nov. 15, 2011) ................................ 4

*Williams v. N.Y.C. Housing Authority*,
   61 A.D.3d 62 (App. Div. 2009) .......................................................................................... 1, 2

**STATUTES**

N.Y.C. Admin. Code § 8-502 ................................................................................................1, 9

I. **PRELIMINARY STATEMENT**

The Court should reject Google's attempt to diminish Ms. Rowe's success at trial, and should instead award her full requested attorneys' fees for the reasons set forth below and in Plaintiff's opening brief ("Pl. Br."). *See* ECF No. 362.[1] Additionally, Ms. Rowe's fees and costs should not be reduced because they were all reasonably incurred and are properly supported.

II. **MS. ROWE'S FEES SHOULD NOT BE REDUCED FOR PARTIAL SUCCESS**

Ms. Rowe should be awarded her full fees, notwithstanding that she did not prevail on one of her four claims, because failing to do so would undermine the New York City Human Rights Law's ("NYCHRL") broad, remedial goal of deterring discrimination and retaliation from playing any role in hiring and promotion decisions, and because Ms. Rowe's New York Labor Law ("NYLL") pay claims overlap with her successful discrimination and retaliation claims.

A. **A Reduction for Partial Success Would Undermine the NYCHRL's Goals.**

Google incorrectly argues that this Court must "give primary consideration to the amount of damages awarded as compared to the amount sought" in assessing Ms. Rowe's level of success. (*See* ECF No. 378, Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs, "Def. Br." at 6.) As outlined in Ms. Rowe's opening brief, success under the NYCHRL has no relationship to the amount of damages Plaintiff sought. (Pl. Br., at 9-10). Reducing an award on that basis would undermine the NYCHRL's policy of prohibiting discrimination or retaliation from playing any role in employment – "the strongest law enforcement deterrent,'" *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 68 (App. Div. 2009) – even where no economic damages result. *See* N.Y.C. Admin. Code § 8-502(h)(2).

---

[1] Ms. Rowe agrees not to seek fees for the hours identified in Exhibits 16-19 to ECF No. 379, the Declaration of Sara B. Tomezsko ("Tomezsko Decl.").

1

Ms. Rowe's NYCHRL discrimination claim was inclusive of the challenged conduct at the core of her NYLL equal pay claim: under-leveling at hire. *See*, *e.g.*, ECF No. 273 ("Proposed Jury Charge"), at 37 (explaining that "some conduct may be actionable under both" the NYLL and the NYCHRL); *id.* ("The City Law has been violated if you find by a preponderance of the evidence that gender played some role in Google's treatment of Ms. Rowe. This treatment could include under-leveling her at her hire, paying her less than similarly situated male employees, denying her promotions . . . ."). The fact that the jury did not find that economic harm flowed from Google's discriminatory treatment of Ms. Rowe does not mean that jury found that Ms. Rowe was properly leveled. (*See* ECF No. 372, Plaintiff's Memorandum of Law in Opposition to Defendant's Renewed Judgment as a Matter of Law, "Pl. Opp. MJMOL" at 20). The jury's award of significant punitive damages shows that it found Google's conduct reprehensible, even though it did not find that it caused economic harm to Ms. Rowe.

The cases Google cites do not support the proposition that this Court should reduce Ms. Rowe's fees for partial success. As explained in Ms. Rowe's opening brief, this Court may look to federal caselaw interpreting analogous state and federal laws "only to the extent that the counterpart provisions are viewed as a floor below which the City's Human Rights Law cannot fall, rather than a ceiling above which the local law cannot rise" and "only to the extent that those state- or federal-law decisions may provide guidance as to the uniquely broad and remedial provisions of the local law.'" *Williams*, 61 A.D.3d. at 66-67 (quoting the Restoration Act of 2005) (quotation marks omitted); Pl. Br. 8. The cases Google cites either do not involve claims under the NYCHRL, *see Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008) (wage and hour); *Torres v. Sushi Sushi Holdings, Inc.*, No. 19 Civ. 2532, 2022 U.S. Dist. LEXIS 125821 (S.D.N.Y. July 15, 2022) (wage and hour); *Congregation Rabbinical Coll. of*

*Tartikov, Inc. v. Village of Pomona,* No. 07 Civ. 6304, 2021 U.S. Dist. LEXIS 62863 (S.D.N.Y. Mar. 31, 2021) (federal Religious Land Use and Institutionalized Persons Act); *Murray v. UBS Sec., LLC*, No. 14 Civ. 927, 2020 U.S. Dist. LEXIS 236565 (S.D.N.Y. Dec. 16, 2020) (Sarbanes-Oxley Act of 2002); *Pugh v. Meric*, No. 18 Civ. 3556, 2019 U.S. Dist. LEXIS 141475 (S.D.N.Y. Aug. 20, 2019) (wage and hour); or involved unique circumstances not present here, *Cooper v. Upstairs, Downstairs of New York, Inc.*, No. 18 Civ. 6426, 2021 U.S. Dist. LEXIS 59679, at *8 (S.D.N.Y. Mar. 29, 2021) (reducing fees, in case including NYCHRL claims, where Plaintiff had rejected a prior offer of judgment). Accordingly, this Court should give no weight to these cases.

**B.     Ms. Rowe's NYLL Equal Pay Claim Was Inextricably Intertwined with Her Successful Discrimination and Retaliation Claims.**

As Ms. Rowe addressed in her opening brief, though she did not prevail on her NYLL pay claim, the Court should not reduce her fees because the suit involved a "common core of facts" and involved "related legal theories." *See* Pl. Br. at 14-16; *see also* Pl. Opp. to MJMOL, at 5-10; *Kassim v. City of Schenectady*, 415 F.3d 246, 253 (2d Cir. 2005) (quoting *Hensley v. Eckhart*, 461 U.S. 424, 435 (1983)). Further, evidence related to the NYLL pay claim was relevant to establishing the good faith and reasonable nature of her equal pay complaint.

Google attacks time related to comparator evidence, but comparator evidence was relevant to both Ms. Rowe's NYLL and NYCHRL discrimination claims. *See*, *e.g.*, Proposed Jury Charge, at 38 (explaining that the jury may consider comparator evidence in support of NYCHRL claim and defining comparator for purpose of NYCHRL claim). With respect to Ms. Rowe's motion to compel comparator information, (Def. Br. 4), the letter motion Google refers to explicitly states that Ms. Rowe sought this discovery for purposes of **both** the NYLL and the NYCHRL claims. (*See* ECF No. 28). The Court granted Ms. Rowe's motion, (ECF No. 105), and this discovery allowed her to effectively identify the "universe of proper comparators" for trial.

3

*Vuona v. Merrill Lynch & Co.*, No. 10 Civ. 6529, U.S. Dist. LEXIS 131491, at *124 (S.D.N.Y. Nov. 15, 2011); *Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 753 (6th Cir. 2012) ("The refusal of a defendant to disclose requested comparator information denies plaintiff the opportunity to determine whether the evidence actually reveals comparator status and different treatment, critical elements of the claim that the trier of fact must determine."). Regarding the 30(b)(6) depositions, Google states the depositions covered "level, pay, and promotion practices," (Def. Br., at 5), but, again, these issues were the subject of Ms. Rowe's successful claims. Importantly, these depositions provided critical evidence that Google failed to follow its own policies and procedures at her hire, when investigating her complaints, and when considering her for promotions. Greene Reply Decl. ¶ 2.[2]

Google argues that the depositions of Mr. Wilson, Mr. Eryurek, and Mr. Breslow were only relevant to Ms. Rowe's NYLL pay claim, ignoring the testimony presented at trial. Mr. Wilson and Mr. Eryurek both testified about the comparability of their roles vis-à-vis Ms. Rowe's, testimony which was **only** relevant to the NYCHRL discrimination claim – neither worked in New York and as a matter of law could not be comparators for the NYLL claim. Mr. Breslow, likewise, testified at trial about Mr. Shaukat's differential treatment of him and Ms. Rowe, and the circumstances of his selection for the Financial Services Vertical Lead position, which are only relevant to the discrimination and retaliation claims.

Mr. Harteau's testimony supported both the NYLL pay and NYCHRL discrimination claims. For example, Mr. Harteau's testimony supported the under-leveling complaint because they performed the same work, and he believed and understood that she was a Level 9. His

---

[2] Google acknowledges that one of its 30(b)(6) designees, Mr. Lucas, was also questioned as to "his personal knowledge and involvement in handling Rowe's internal complaint," Tomezsko Decl. ¶ 9, which was relevant to her successful discrimination and retaliation claims.

4

testimony also was relevant to Ms. Rowe's retaliation claims, as it rebutted Mr. Vardaman's characterization of Ms. Rowe as "abrasive" and "cantankerous."[3]

### III. HOURS WERE REASONABLY EXPENDED

Google's arguments that Plaintiff's Counsel's hours were unreasonably expended ignores the nature of the litigation and should be rejected. As an initial matter, the difference in time spent between Ms. Rowe's counsel and Google's is irrelevant, as Plaintiff has the burden of proving her claims, which requires significantly more time and effort. *See Doe v. E. Lyme Bd. of Educ.*, No. 11 Civ. 291, 2019 U.S. Dist. LEXIS 53148, *21 (D. Conn. Mar. 27, 2019) (declining to reduce Plaintiff's requested fees where Plaintiff's firms billed more than double the number of hours billed by Defendant's firms, where Defendant made no argument as "to why Plaintiffs' burdens at many stages of this litigation should not result in a higher number of reimbursable billable hours"). Moreover, Google exaggerates the difference in billable time spent by the parties by not including time spent by Google's in-house counsel.

Google's other arguments are also based on misleading and inaccurate characterizations of the litigation. Google claims that Ms. Rowe pursued "futile discovery" related to comparators outside of the Office of the Chief Technology Officer ("OCTO"),[4] (Def. Br. 10-12), but as discussed in Section II, *supra*, these efforts benefitted the litigation and produced discovery related to Ms. Rowe's successful claims. Google conveniently omits the fact that Plaintiff was forced to file three motions to compel discovery because its responses and production were deficient in numerous ways. *First*, Google refused to provide comparator discovery that was

---

[3] With respect to Ms. Rowe's affirmative motion for summary judgment, if Ms. Rowe had prevailed in establishing comparability for purposes of her NYLL equal pay claim, she would have been able to use that fact at trial in support of her NYCHRL discrimination claims as well.
[4] Google suggests in its brief that Ms. Rowe spent approximately 340 hours briefing three letter motions, but Exhibit 6 to the Tomezsko Decl., which it cites for this proposition, includes time spent on a many other tasks, including preparing for and conducting depositions.

5

relevant to both Ms. Rowe's NYLL pay and NYCHRL discrimination claims; *second*, Google refused to produce complaints of discrimination that were relevant to both Ms. Rowe's NYLL pay and NYCHRL discrimination claims; *third*, Google refused to conduct any ESI searches, which were necessary to obtain evidence regarding all of Ms. Rowe's claims; and *fourth*, Google made improper redactions to documents relevant to all of Ms. Rowe's claims. (*See* ECF Nos. 28, 52, 79.) Despite the revisionist story Google tells in its brief, the Court ultimately agreed with Plaintiff as to *all of these* issues. (*See* ECF Nos. 28, 43); *see also* Greene Reply Decl. Ex. 5, May 14, 2020 hearing transcript, 7:3-8 (Judge Schofield noting that she does not "agree with the argument that plaintiff is restricted to the comparators [] that she has made and identified in the complaint as I agree with the legal proposition that *part of the purpose of discovery is to identify comparators*.") (emphasis added). The Court then ordered Defendant to produce certain comparator information in advance of the 30(b)(6) depositions. (ECF No. 43). In December 2020, Defendant's failure to produce relevant discovery for the third time forced Plaintiff to file yet another motion to compel, which the Court granted, allowing Plaintiff discovery as to 50 comparators outside of OCTO. (ECF Nos. 79, 105).

      Google's characterization of Ms. Rowe's pursuit of the deposition of Diane Greene is also misleading. (Def. Br. 13-14.) Ms. Greene had direct and relevant knowledge of Plaintiff's claims as she was the decisionmaker with respect to the Technical Director and FSVL roles, and was also a direct recipient of one of Ms. Rowe's complaints of discrimination. (*See* ECF No. 65 and Pl. Ex. 54). In any event, Defendant conveniently ignores its own gamesmanship; it moved to quash her deposition nearly two months after it was put on notice of Plaintiff's intent to depose her, and on the very same day the deposition was supposed to take place. (Greene Reply

Decl. ¶¶ 3-7). Therefore, it cannot now claim Plaintiff unreasonably spent time preparing for the deposition when it only challenged it at the eleventh hour.

Google similarly criticizes without basis Ms. Rowe's "litigation tactics" leading up to and throughout trial. For example, Ms. Rowe's letter motions to exclude Patricia Florissi's testimony were timely: Google did not add her to its "will call" witness list until September 18, 2023. *See* ECF No. 314. Ms. Rowe filed her motion to exclude the testimony on September 22, 2023, (*see id.*) and renewed her motion on October 6 following Ms. Florissi's October 2 deposition. (ECF No. 327). Ms. Rowe's motions were successful in that the Court ultimately held that "[a]ny examination [at trial] of Ms. Florissi shall be limited" to the nature of Ms. Rowe's work and her performance, but not the other topics for which Google designated her testimony. (ECF No. 335).[5] With respect to trial motions relating to Mr. Vardaman, Plaintiff timely moved to address Mr. Vardaman's new and conflicting testimony at trial. (ECF No. 337). In any case, this Court should not reduce Ms. Rowe's fees because some of motions were ultimately unsuccessful. *See Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 539 (S.D.N.Y. 2008) (where "each [party] filed motions concerning a host of discovery and evidentiary disputes, [] the fact that the plaintiff was unsuccessful on some of them . . . does not disqualify her counsel from compensation for the work done.").

Finally, O&G did not prosecute this matter inefficiently. With respect to the attendance of three attorneys at some (not all) mediations and depositions, each attorney played a distinct role. For example, Shira Gelfand, the primary associate on the matter, was closest to the

---

[5] Ms. Florissi's deposition allowed Plaintiff's counsel at trial to successful elicit testimony that, after speaking with legal counsel about Ms. Rowe's case and being instructed to have "careful documentation," Ms. Florissi documented purported performance issues to justify subjecting Ms. Rowe to a support check-in. (Trial Tr. 1305:19-1306:9).

7

underlying facts and documents and was able to contemporaneously fact-check Google's assertions. Greene Reply Decl.¶ 8. Because strategic work was divided between the two partners on the case, Ms. Rowe benefitted from having both present to advise her. *Id.* ¶ 9. As explained in her opening brief, this Court should not penalize Ms. Rowe for adequately preparing for and attending court-ordered mediations. (Pl. Br. 2-4, 14).

Hours spent on internal conferences and strategy discussion are not excessive given the duration of this litigation – 700 hours over five years averages to less than three hours per week – and are reasonable considering that meetings were more frequent during key stages (depositions, summary judgment motions, trial preparation, trial) and less frequent during quiet stages of the litigation. Google's assertions about time billed by eDiscovery Counsel Daniel Stromberg and staff attorney Tara Quaglione are also unavailing. Mr. Stromberg has unique expertise and appropriately consulted with and provided advice and guidance to attorneys working on the substance of this matter. Ms. Quaglione is a staff attorney at O&G who is particularly experienced reviewing documents and creating deposition digests. She performed this work efficiently and at the lowest billing rate, and the deposition digests she created were instrumental in preparing for trial, including preparing witness outlines. Greene Reply Decl. ¶¶ 10-11.

IV.  **MS. ROWE IS ENTITLED TO FEES ON HER POST-JUDGMENT MOTIONS**

For the reasons explained in opening brief and above, this Court should not reduce Ms. Rowe's fees because she did not prevail on a minority of her claims; and should not reduce her work on her fees-on-fees and other post-trial briefs for this reason either.[6] Ms. Rowe prosecuted her fees-on-fees application efficiently: it was handled primarily by one mid-level associate, Eliana Theodorou, under the supervision of Ms. Greene, with paralegals assisting as appropriate.

---

[6] Google does not dispute that Ms. Rowe may recover fees for her successful post-trial motions.

8

Greene Reply Decl. ¶ 12. Other briefs were similarly handled efficiently with just one drafting and one supervising partner. *See id.*, ¶ 13.

### V.   THE COURT SHOULD AWARD MS. ROWE ALL COSTS

The Court should not impose an across-the-board reduction in costs, or eliminate any of Ms. Rowe's costs, all of which were reasonably necessary to the successful prosecution of the matter and consistent with O&G's regular practices.[7] *See* ECF No. 363, Declaration of Cara E. Greene in Support of Plaintiff's Motion for Attorney's Fees and Costs ("Opening Greene Decl.") ¶¶ 70-71. Costs are recoverable where they are properly substantiated. *See Argudo v. Rugo, LLC*, No. 21 Civ. 5511, U.S. Dist. LEXIS 185447, at *12 (N.D.N.Y. Oct. 16, 2018).

Specifically, the Court should not reduce costs associated with Ms. Rowe's economic expert, because her work supports Ms. Rowe's instatement motion. Greene Reply Decl. ¶ 14. The NYCHRL allows the Court to award the prevailing party reasonable … expert fees and other costs," and that the jury failed to award Plaintiff backpay should not be a basis to reduce costs specifically recognized by law. N.Y.C. Admin. Code § 8-502(g). Plaintiff also is entitled to costs paid to access computerized databases (e.g., Westlaw, Lexis, Pacer) for research purposes. The case Google cites in support of the proposition that these costs are not compensable, Def. Br. 23, do not apply here. O&G does not include the cost of computerized research – i.e. the amount it pays to database providers – in its hourly rates. Greene Reply Decl. ¶ 15. Rather, O&G attorneys conducting computerized research or using PACER enter a matter number each time they use the service, and O&G's accounting department determines what portion of O&G's bill for each

---

[7] Ms. Rowe has included an exhibit further detailing her FedEx and courier costs. *See* Exhibit 2 to Greene Reply Decl. Ms. Rowe also seeks reimbursement for an additional $9,300 related to jury consulting services for an invoice that was inadvertently omitted from her opening fee application. *See* Greene Reply Decl. ¶¶ 21-23; *see also* Ex. 1 to Greene Reply Decl.

service is attributable to each matter. *Id.* ¶ 16. O&G bills hourly clients for the costs associated with electronic research. *Id.* ¶ 17.

Plaintiff also is entitled to reimbursement for meals. Google does not cite any support for the proposition that meals are only reimbursable if they are in connection with out-of-town travel. Here, consistent with O&G's policy, billers submitted and were reimbursed for meals when they were required to work through lunch, after 7:00 p.m., or on weekends. Greene Reply Decl. ¶ 18. O&G charges hourly, paying clients for these types of meals, and accordingly, they are reimbursable here.[8] *See Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (prevailing plaintiff entitled to "those reasonable out-of-pocket expenses incurred by the attorney[s] and which are normally charged fee-paying clients"). With respect to travel time, O&G has already reduced its travel *rates* by one half, consistent with the case Google cites. *See Makinen v. City of New York*, No. 11 Civ. 7535, 2016 U.S. Dist. LEXIS 49293, *10 (N.D.N.Y. Apr. 12, 2016) ("The Court finds it appropriate to reduce *attorneys' fees* for travel time by 50 percent.") (emphasis added). The cases Google cites does not suggest that the Court may appropriately reduce out-of-pocket travel *costs* by one half.

## VI.   CONCLUSION

For the foregoing reasons and the reasons stated in Ms. Rowe's opening brief, the Court should award Ms. Rowe $4,672,041.25 in fees ($4,448,016.25 through October 27, 2023, adjusted for the amounts Ms. Rowe agrees not to seek here, and $224,025.00 for work performed between October 30, 2023 and December 14, 2023), $187,275.47 in costs.

---

[8] The approximately $150 meal charge on October 10, 2023, was for the cost of lunch during trial for the entire trial team. Greene Reply Decl. ¶ 19. O&G is not seeking reimbursement of any attorneys' fees related to Ms. Marzigliano. *See* Greene Opening Decl. ¶ 20.

10

<div style="display:flex">
<div>
Dated: December 20, 2023<br>
New York, New York
</div>
<div>
Respectfully submitted,

By: */s/ Cara E. Greene*
Cara E. Greene
Gregory S. Chiarello
Shira Z. Gelfand
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
ceg@outtengolden.com
gchiarello@outtengolden.com
sgelfand@outtengolden.com

*Attorneys for Plaintiff*
</div>
</div>

## CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, December 20, 2023, I filed the foregoing document using the Court's CM/ECF filing system, which will automatically send e-mail notification of such filing to the following individuals of record:

Kenneth W. Gage
Sara B. Tomezsko
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
kennethgage@paulhastings.com
saratomezsko@paulhastings.com

*Attorneys for Defendant*

                                              */s/ Cara E. Greene*
                                              Cara E. Greene