IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:19-cv-08655 (JHR) |

### DECLARATION OF CARA E. GREENE IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

I, Cara E. Greene, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner at Outten & Golden LLP ("O&G"), and lead counsel for Plaintiff Ulku Rowe in the above-captioned matter. I make this declaration in further support of Plaintiff's Motion for Attorneys' Fees and Costs, pursuant to the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin Code § 8-503(g). I am familiar with the facts discussed herein and attach as exhibits true and correct copies of the documents identified.

2. Plaintiff conducted two 30(b)(6) depositions related to level, pay, and promotion practices, which provided critical evidence that Google failed to follow its own policies and procedures at her hire, when investigating her complaints, and when considering her for promotions.

3. Plaintiff provided Defendant with a list of her proposed deponents on September 25, 2020, including Diane Greene.

1

4.	On October 7, 2020, Plaintiff provided counsel for Defendant notice and a copy of the subpoena for Diane Greene and service of the subpoena was effectuated on October 13, 2020.

5.	Plaintiff and Defendant scheduled Diane Greene's deposition for November 23, 2020.

6.	Defendant informed Plaintiff on November 19, 2020 that it would be making an application to the Court for an Order that the deposition not proceed.

7.	Defendant filed its motion for a protective order, and in the alternative, motion to quash subpoena on November 23, 2020, the same day the deposition was due to take place and after Plaintiff's Counsel had already spent time preparing for the deposition.

8.	Because she had reviewed all documents produced in this matter and was closest to the underlying facts, Shira Gelfand, the primary associate on the matter, attended most depositions and all mediations in this matter.

9.	 I was the only partner in attendance at the March 2020 and July 2021 mediations. Once Mr. Chiarello began working on the matter in late 2022, he was present at the November 2022 and March 2023 mediations, as we divided strategic work on the matter between the two of us, and Ms. Rowe benefitted from having both of us present to advise her.

10.	Daniel Stromberg is O&G's eDiscovery Counsel. He has unique expertise related to electronic discovery and electronically stored information and appropriately consulted with and provided advice and guidance to attorneys working on the substance of this matter.

11.	Tara Quaglione is a staff attorney at O&G who is particularly experienced reviewing documents and creating deposition digests. She performed this work efficiently and at

the lowest billing rate, and the deposition digests she created were instrumental in preparing for trial, including preparing witness outlines.

12. Plaintiff's Motion for Attorneys' Fees and Costs, and the accompanying memoranda in support, were drafted primarily by one mid-level associate, Eliana Theodorou, under the supervision of Ms. Greene, with paralegals assisting as appropriate.

13. Other post-trial briefs were similarly handled with just one drafting attorney and one supervising attorney.

14. Plaintiff's expert, Nora Ostrofe, used her underlying expert reports to calculate front pay in the event she is not instated to the VP FS-Sales Role, and she submitted a declaration in support of Ms. Rowe's instatement motion.

15. O&G does not include the cost of computerized research – i.e. the amount it pays to database providers – in its hourly rates.

16. O&G attorneys conducting computerized research or using PACER enter a matter number each time they use the service, and O&G's accounting department determines what portion of O&G's bill for each service is attributable to each matter.

17. O&G bills hourly clients for the costs associated with electronic research.

18. Consistent with O&G's policy, billers submitted and were reimbursed for meals when they were required to work through lunch, after 7:00 p.m., or on weekends.

19. Tammy Marzigliano, a partner at O&G, submitted for reimbursement approximately $150 for a meal charge on October 10, 2023, which was the cost of lunch at trial for the entire trial team.

20. O&G is not seeking reimbursement of any attorneys' fees related to Ms. Marzigliano.

21. Plaintiff retained David Perrott & Associates LLC ("DPA"), a strategic consulting firm specializing in highly complex litigation.

22. DPA advised Plaintiff on strategy in selecting the jury, was present for and assisted in jury selection, and provided feedback on Plaintiff's opening and closing statements.

23. Plaintiff seeks reimbursement for an additional $9,300 related to DPA's services for an invoice that was processed after the submission of her opening fee application.

24. With respect to Defendant's general objection to Plaintiff's courier and FedEx charges in its Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys' Fees, ECF No. 378 at 24, Plaintiff agrees not to seek reimbursement for one courier charge of $109.39. The total FedEx costs for which she is seeking reimbursement is $1,248.79.

25. Attached as **Exhibit 1** is the new invoice from DPA for which we are requesting reimbursement.

26. Attached as **Exhibit 2** is the detailed descriptions of FedEx and courier costs from September 24, 2019 until July 31, 2023.

27. Attached as **Exhibit 3** are the compiled contemporaneous time records maintained by each attorney, paralegal, and support staff of O&G for whom we are requesting fees for work on this matter from October 30, 2023 through December 14, 2023.

28. Attached as **Exhibit 4** are excerpts of the trial transcript.

29. Attached as **Exhibit 5** is an excerpt from the May 14, 2020 hearing transcript.

\*   \*   \*

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in New York, New York on December 20, 2023.

5

                                                    */s/ Cara E. Greene*
                                                     Cara E. Greene