**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ULKU ROWE,<br><br>              Plaintiff,<br><br>   v.<br><br>GOOGLE LLC,<br><br>              Defendant. | Civil Action No. 19-cv-08655 (JHR) |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR INSTATEMENT, PERMANENT
<u>INJUNCTION, AND OTHER POST JUDGMENT RELIEF</u>**

**TABLE OF CONTENTS**

I.   Instatement or Front Pay Is Necessary to Make Plaintiff Whole ........................................ 1

    A.   Plaintiff's Request for Equitable Relief Is Legally Supported and Does Not Violate the Seventh Amendment ............................................................................ 1

    B.   Plaintiff's Motion Is Consistent with, and Required by, the Jury's Verdict ........... 3

    C.   Instatement to Level 9 Is Appropriate ...................................................................... 5

    D.   Instatement to the VPFS-Sales Role Is Appropriate ............................................... 6

    E.   Instatement or Front Pay Is Necessary to Make Plaintiff Whole ............................ 7

II.  Plaintiff Is Entitled to Declaratory and Injunctive Relief ..................................................... 9

III. Plaintiff Is Entitled to a Tax Offset ..................................................................................... 10

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                                          **PAGE(S)**

*Berkey Photo, Inc. v. Eastman Kodak Co.*,
    603 F.2d 263 (2d Cir. 1979) ................................................................................................. 4

*Brown v. Trustees of Boston University*,
    891 F.2d 337 (1st Cir. 1989) ................................................................................................ 8

*Chen-Oster v. Goldman*,
    251 F. Supp. 3d 579 (S.D.N.Y. 2017) .................................................................................. 1

*Fair Housing Justice Center, Inc. v. Pelican Management*,
    No. 18 Civ. 1564, 2023 U.S. Dist. LEXIS 175084 (S.D.N.Y. Sep. 29, 2023) ..................... 3

*Firefighters Local Union No. 1784 v. Stotts*,
    467 U.S. 561 (1984) ............................................................................................................ 2

*Gunby v. Pennsylvania Electric Co.*,
    840 F.2d 1108 (3d Cir. 1988) .............................................................................................. 8

*James v. Norton*,
    176 F. Supp. 2d 385 (E.D. Pa. 2001) ................................................................................... 6

*Jones v. Charter Communications LLC*,
    No. 18 Civ. 5953, 2019 U.S. Dist. LEXIS 67914 (E.D.N.Y. Apr. 18, 2019) ...................... 3

*Julian v. City of Houston*,
    314 F.3d 721 (5th Cir. 2002) ............................................................................................... 2

*Leblanc-Sternberg v. Fletcher*,
    922 F. Supp. 959 (S.D.N.Y. 1996) ...................................................................................... 9

*Lewis v. American Sugar Refining, Inc.*,
    No. 14 Civ. 2302, 2018 U.S. Dist. LEXIS 139223 (S.D.N.Y. Aug. 15, 2018) .................... 9

*Otero v. Colligan*,
    No. 99 Civ. 2378, 2006 U.S. Dist. LEXIS 29991 (D. Conn. May 17, 2006) ...................... 8

*PBM Products, LLC v. Mead Johnson & Co.*,
    No. 09 Civ. 269, 2010 U.S. Dist. LEXIS 22848 (E.D. Va. Mar. 12, 2010) ......................... 9

*Pfizer Inc. v. Perrigo Co.*,
    988 F. Supp. 686 (S.D.N.Y. 1997) ...................................................................................... 4

*Reiter v. MTA N.Y.C. Transit Authority*,
    457 F.3d 224 (2d Cir. 2006) ............................................................................................ 1, 2

*Robinson v. Blank*,
  No. 11 Civ. 2480, 2013 U.S. Dist. LEXIS 71471 (S.D.N.Y. May 20, 2013) ............................ 8

*Sass v. MTA Bus Co.*,
  6 F. Supp. 3d 238 (E.D.N.Y. 2014) ................................................................................................ 3

*Serricchio v. Wachovia Securities LLC*,
  658 F.3d 169 (2d Cir. 2011) ........................................................................................................... 1

*Swann v. Charlotte-Mecklenburg Board of Education*,
  402 U.S. 1 (1971) ............................................................................................................................ 2

*Truskoski v. ESPN*,
  60 F.3d 74 (2d Cir. 1995) .............................................................................................................. 8

**STATUTES**

N.Y.C. Admin Code. § 8-502 ............................................................................................................. 3

N.Y. Labor Law § 194 ......................................................................................................................... 4

N.Y. Labor Law § 215 ..................................................................................................................... 3, 7

Google's bombastic rhetoric in its opposition brief, as with its other post-trial briefing, supports the equitable relief Ms. Rowe now seeks. With statements like, "[Ms. Rowe] failed to prove most of [her claims]," and, "[w]ithout any evidence of unlawful bias (gender or retaliatory), [Ms.] Rowe asks this Court impermissibly to second-guess Google's business judgment, and reach a different outcome despite overwhelming evidence to the contrary," Google ignores entirely that the trial outcome has been determined, and it lost. Google's approach is not only wrong, it is dangerous, as it suggests Google does not take seriously the reality of the jury verdict, which resolves without ambiguity that Google illegally discriminated against Rowe on the basis of gender (Verdict Form, Question 3) and retaliated against her in violation of the New York City Human Rights Law ("NYCHRL") (*id.*, Question 4) and New York Equal Pay Law provisions of the New York Labor Law ("NYLL") (*id.*, Question 5). Ms. Rowe's motion for equitable "make-whole" relief is the natural response to Google's unlawful conduct, and far from being barred by the U.S. Constitution or other law, it is necessary to restore Ms. Rowe to the position she would have had but for Google's unlawful conduct and to check future unlawful activity by a recalcitrant employer.

I.    **Instatement or Front Pay Is Necessary to Make Plaintiff Whole.**

    A.    **Plaintiff's Request for Equitable Relief Is Legally Supported and Does Not Violate the Seventh Amendment.**

Instatement is a well-recognized and preferred remedy in employment discrimination and retaliation cases. *See Serricchio v. Wachovia Sec. LLC*, 658 F.3d 169, 193 (2d Cir. 2011) ("[O]ur Circuit favors reinstatement as a remedy in employment cases generally."); *Chen-Oster v. Goldman*, 251 F. Supp. 3d 579, 590-92 (S.D.N.Y. 2017) (Title VII and NYCHRL claims; noting Second Circuit has "long expressed its 'overarching preference in employment discrimination cases for reinstatement'") (citation omitted); *Reiter v. MTA N.Y.C. Transit Auth.*,

1

457 F.3d 224, 230 (2d Cir. 2006) (Second Circuit and others have "repeatedly emphasized the importance of equitable relief in employment cases"); *Julian v. City of Hous.*, 314 F.3d 721, 728-29 (5th Cir. 2002) ("In a failure to promote case, the preferred remedy is *instatement* to an illegally denied position") (emphasis in original).

Google's reliance on the Seventh Amendment to argue against equitable relief is misplaced, and misconstrues the purpose of Ms. Rowe's Equitable Relief Motion, which seeks to affirm and enforce (rather than contradict) the jury's findings. *See Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies."). Moreover, accepting Google's position that nothing about its employment relationship with Ms. Rowe should change (and that no equitable or injunctive relief is warranted) notwithstanding the jury's clear findings that it unlawfully discriminated and retaliated against her, would effectively nullify the jury's verdict.

Ms. Rowe's request for equitable relief is entirely consistent with the jury's liability finding and the framework that courts typically use to determine equitable relief post-verdict. Courts have broad discretion to award equitable relief, which *should be liberally granted* to remedy unlawful employment discrimination. *See Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 582 n.15 (1984) (courts should use their "wide discretion" to "exercise[e] their equitable powers to fashion *the most complete relief possible*" in employment discrimination cases so that victims may be "*so far as possible, restored* to a position where they would have been were it not for the unlawful discrimination.") (emphasis added)). Such relief is even more readily available under New York law, which likewise provides for equitable relief including instatement and front pay, but under a broader remedial mandate than federal law. *See* ECF No.

365 at 3-7; *Fair Hous. Just. Ctr., Inc. v. Pelican Mgmt.*, No. 18 Civ. 1564, 2023 U.S. Dist. LEXIS 175084, at *44 (S.D.N.Y. Sep. 29, 2023) (NYCHRL's remedial purposes "go beyond those of counterpoint State or federal civil rights laws").

Google does not challenge or distinguish this clear authority. Instead, it accuses Rowe of trying to obtain relief from the Court that she failed to obtain from the jury. This argument, too, is meritless. The equitable relief Ms. Rowe seeks can only be awarded by this Court based on a liability finding, so there was no need for Ms. Rowe to request it from the jury. *See Sass v. MTA Bus Co.,* 6 F. Supp. 3d 238, 249-50 (E.D.N.Y. 2014) (request for reinstatement and equitable relief "would have to be made to the court" and finding no prejudice where plaintiff included request in complaint, and the parties fully briefed the issue through post-trial motions); *Jones v. Charter Commc'ns. LLC,* No. 18 Civ. 5953, 2019 U.S. Dist. LEXIS 67914, at *7-8 (E.D.N.Y. Apr. 18, 2019) (under NYCHRL and NYSHRL, equitable remedies are "within a court's discretion" to award); *see also* N.Y. Lab. L. § 215(2)(a) (giving courts discretion to order broad equitable remedies); N.Y.C. Admin Code. § 8-502(a) (same). Ms. Rowe thus followed the proper course in moving for equitable relief post-verdict based on the jury's liability finding.[1]

### B.    Plaintiff's Motion Is Consistent with, and Required by, the Jury's Verdict.

Ms. Rowe's requested relief does not contradict the jury's findings; rather, it seeks to effectuate them. The jury found Google liable for gender discrimination under the NYCHRL (ECF No. 340, Verdict, Question 3), retaliation under the NYCHRL (*id.*, Question 4), and retaliation under the NYLL Equal Pay Law (*id.*, Question 5). Accordingly, it found that Ms. Rowe had suffered an "injury or [] actual damages as a result of Google's unlawful conduct," (*id.*, Question 6), and awarded her $150,000 in compensatory damages (*id.*, Question 11), and $1

---

[1] Notably, Google was silent about the Verdict Form's specificity at the charging conference.

3

million in punitive damages (*id.*, Questions 12-13). The only liability question for which the jury *did not find* for Ms. Rowe was the contention that Rowe was paid less than Nicholas Harteau or Stuart Breslow under N.Y. Lab. L. § 194, (*id.*, Question 1), and the only damages request it *did not award* was backpay. (*Id.*, Question 7). This Court is bound by these determinations and evidence that supports them, notwithstanding Google's attempts to revisit and reinterpret them. *See Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263, 278-79 (2d Cir. 1979) ("Because the jury returned what amounted to general verdicts for the plaintiff on each of these charges, we are bound in the following discussion to construe the evidence and the possible inferences in the light most favorable to [plaintiff]."); *Pfizer Inc. v. Perrigo Co.*, 988 F. Supp. 686, 696 (S.D.N.Y. 1997) (in determining equitable relief, a court may not "reject the jury's determination of facts essential to both the legal and equitable claims.") (citations omitted).

The equitable relief Ms. Rowe requests is entirely in accord both with the jury's liability finding (on Questions 3-5) and its findings that Ms. Rowe was not paid less than Mr. Harteau and Mr. Breslow, or entitled to back pay. Ms. Rowe seeks two types of instatement. First, to remedy Google's unlawful discrimination, she seeks instatement to Level 9 status. Second, to address Google's unlawful retaliation, she seeks instatement to the VPFS-Sales position or a similar role. Neither request is predicated on a factual finding that Ms. Rowe was unlawfully paid less than Mr. Harteau and Mr. Breslow, or an award of back pay. Ms. Rowe does not now seek compensation covering her seven-year employment with Google, but only forward-looking relief to restore her to the same standing she would have but for Google's discrimination and retaliation. Nothing about Ms. Rowe's request contradicts the jury's findings.[2]

---

[2] The evidence the jury heard with respect to all four claims, and specifically as to the gender discrimination and retaliation claims on which she prevailed, is marshaled in her Opposition to Google's Renewed Motion for Judgment as a Matter of Law, ECF No. 372 at 5-17. If anything

4

C.     **Instatement to Level 9 Is Appropriate.**

Ms. Rowe's key evidence and theory of gender discrimination incorporates as a factual predicate that Google unfairly and unlawfully denied her Level 9 status (whether at hire, or through its promotion of a less qualified man to the FSVL Level 9 position over Ms. Rowe, even though Will Grannis, her hiring manager, described her as the most logical choice, and best-suited person for the role). Thus, Google's preferred verdict form was not necessary for the jury to find discrimination, nor is it necessary to interpret their findings now. Whether the jury credited Ms. Rowe's evidence of discriminatory under-leveling at hire or failure to promote to a Level 9 position, instatement to Level 9 is the appropriate make-whole remedy. Even if the jury rejected both theories and only endorsed Ms. Rowe's evidence of discrimination and retaliation as to the VPFS-Sales position, this would support instatement to the VPFS-Sales position (Level 10) or a similar role, which would necessarily require *at least* instatement to Level 9.

While Google professes incredulity, finding it "inconceivable" or "difficult to imagine" (Def. Opp. 4-5) that the jury could have found discrimination based on underleveling or failing to promote Ms. Rowe to the Level 9 FSVL role without awarding her backpay, a correct interpretation of the jury's verdict is based on logic and the evidence, not Google's desire to create an issue where none exists. A verdict warranting instatement is entirely consistent with jury's finding. As Google argued forcefully at trial, Level 9 status does not directly correlate to a higher salary, but instead is tied to both economic benefits and *non-economic* (but equally important) intangibles, including increased status, responsibility, and potential for future promotions. (*See generally* Tr. 773:17-24) (Mr. Grannis explaining overlap between Levels 8

---

would lead to an inconsistent verdict, it would be acquiescence to Google's insistence that the Court ignore the totality of evidence presented at trial and the jury's verdict, and instead solely accept its evidence, rejected by the jury, concerning Ms. Rowe's claims.

5

and 9 compensation bands), 774:23-775:21 (Mr. Grannis unaware of anyone ever being promoted from Level 8 to Level 10), 1148-1159 (Mr. Humez's testimony, with examples, that Technical Directors at Level 9 do not "always" earn more than those at Level 8), 1402-07 (closing argument that Ms. Rowe earned more than Level 9 men and arguing why Mr. Harteau was not a comparator). The fact that the jury credited Google's evidence (that mis-leveling does not *necessarily* correspond to or prove economic damages) in denying backpay should come as no great surprise to Google, as its own brief acknowledges. (Def. Opp. 4 (stating that Rowe's argument is "consistent with Google's argument that . . . being a L9 employee does not *necessarily mean* higher pay") (emphasis in original)).

Thus, there is no inconsistency in the jury's finding that Ms. Rowe proved by a preponderance that Google discriminated against her in denying her Level 9 status and related opportunities (either at hire, or through a promotion to the FSVL role), but that such illegal action did not create a clear pay differential warranting backpay. *See* ECF No. 343 (Final Jury Charge) at 22 (defining "backpay" as the "*economic loss* plaintiff has suffered," including salary, stock, and various other economic benefits). Instatement to Level 9 will restore her intangible and non-economic benefits and opportunities to Ms. Rowe so that, going forward, she is not continually harmed by Google's past discrimination. *Cf. James v. Norton*, 176 F. Supp. 2d 385, 392 (E.D. Pa. 2001) (instatement is a preferred remedy because "a plaintiff who is denied a position because of discrimination loses . . . benefits less easy to quantify").

**D.      Instatement to the VPFS-Sales Role Is Appropriate.**

With respect to the VPFS-Sales position, the jury necessarily credited Ms. Rowe's evidence of retaliation relating to Google's refusal to consider her for the VPFS-Sales role in finding Google liable for retaliation under the NYLL (ECF No. 340, Verdict, Question 5). While

6

retaliation under the NYCHRL could have been supported by any evidence of retaliation (e.g., Google's failure to hire her for the FSVL role), Ms. Rowe's NYLL retaliation claim is necessarily predicated on adverse actions taken as a result of her complaints regarding unequal pay under the Equal Pay Law. (*See* Jury Charge, ECF No. 343 at 19 ("under the Labor Law," it is unlawful to retaliate based on a plaintiff's good faith "complaint" that the "*employer has violated the Labor Law regarding unequal pay* between women and men") (emphasis added)); N.Y. Lab. L. 215(1)(a). Ms. Rowe did not complain of equal pay violations under the NYLL until 2019, when she filed the Complaint in this case, a point Google concedes in its motions for remittitur and renewed judgment as a matter of law. The only adverse action that Ms. Rowe alleged following her equal pay complaint, and thus the only basis for the jury's finding of NYLL retaliation, was Google's refusal to consider her for the VPFS-Sales role. The jury's conclusion in this regard was entirely logical, and even predictable, given the evidence of Stuart Vardaman's retaliatory intent and the close proximity of the retaliation to Ms. Rowe's protected activity.

Google's only response is to argue that the jury's retaliation finding instead "*likely relates to any number of the perceived slights* Rowe claims occurred following her internal complaints." (Def. Opp. 12). But this pure speculation is disproved by the objective evidence: Google fails to point to an alternate factual basis for the NYLL retaliation claim, and the timing of Ms. Rowe's Complaint points to the denial of the 2020 VPFS-Sales position as the only act that could support a NYLL retaliation claim.

      E.      **Instatement or Front Pay Is Necessary to Make Plaintiff Whole.**

Without either instatement or front pay, Ms. Rowe will continue to suffer the effects of Google's past discrimination and retaliation. Google argues (without support) that instatement is

7

less favored than reinstatement, but "[t]he law of instatement tracks the law of reinstatement" and both are "preferred remed[ies] to compensate an aggrieved party for loss of future earnings as a result of illegal, adverse employment actions." *Otero v. Colligan*, No. 99 Civ. 2378, 2006 U.S. Dist. LEXIS 29991, at *49 n.11 (D. Conn. May 17, 2006) (quoting *Bullen v. Chaffinch*, 336 F. Supp. 2d 357, 359 (D. Del. 2004). Instatement is less utilized than reinstatement, not because it requires courts to consider job qualifications, but because discrimination and retaliation typically result in termination or constructive discharge. The rare employee who is able to fight discrimination while employed is still entitled to equitable relief, even if it requires the employer to make business adjustments, because once liability has been determined, "the [employer's] prerogative to make . . . decisions must be subordinated to the goals embodied in [the applicable anti-discrimination law]." *Brown v. Trs. of Bos. Univ.*, 891 F.2d 337, 359 (1st Cir. 1989); *see id.* at 340, 359-61.

Google also misses the mark in arguing that Ms. Rowe must identify a similar, vacant position to obtain relief. Employers appropriately bear some responsibility in matching plaintiffs with "similar positions" to those wrongfully withheld, or otherwise finding ways to restore plaintiffs. *See*, *e.g.*, *Robinson v. Blank*, No. 11 Civ. 2480, 2013 U.S. Dist. LEXIS 71471, at *13 (S.D.N.Y. May 20, 2013); *Gunby v. Pa. Elec. Co.*, 840 F.2d 1108, 1123-24 (3d Cir. 1988).

Finally, if instatement to a similar position is truly infeasible, as Google suggests, then the court should award front pay in lieu of instatement. Google's position, that no equitable relief is warranted simply because Ms. Rowe is highly educated and capable, runs counter to Supreme Court and Circuit precedent, and should be rejected. *See Truskoski v. ESPN*, 60 F.3d 74, 77-78 (2d Cir. 1995) (equitable relief can properly be denied "only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination . . . and

8

making persons whole for injuries suffered through past discrimination.") (quoting *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 771 (1976)).

## II. Plaintiff Is Entitled to Declaratory and Injunctive Relief.

Google's actions throughout this lawsuit and in the weeks and months following the jury's unanimous verdict against it suggest that the "threat of future bad acts is high," warranting declaratory and injunctive relief from this Court. *Lewis v. Am. Sugar Refin., Inc.*, No. 14 Civ. 2302, 2018 U.S. Dist. LEXIS 139223 at *7 (S.D.N.Y. Aug. 15, 2018); *see Leblanc-Sternberg v. Fletcher*, 922 F. Supp. 959, 963 (S.D.N.Y. 1996) ("injunctive relief must be granted to avoid discrimination in a manner 'found to be predictable from the evidence in this record.'") (citing *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 434 (2d Cir. 1995). Google has made clear it does not accept as valid the judgment against it, and critically, does not believe it needs to modify its conduct in any way. The jury heard evidence that Google denied Ms. Rowe positions even after she filed, and then amended, her Complaint. Post-verdict, Google continues to deny responsibility in this case in an alarming manner, declaring in the press, "We disagree with the jury's finding that Ms. Rowe was discriminated against on account of her gender or that she was retaliated against for raising concerns about her pay, level, and gender." (*See* ECF No. 374 [Remittitur Opp. MOL] at 11 n.4; Def. Br. 13-14); *see PBM Prods., LLC v. Mead Johnson & Co.*, No. 09 Civ. 269, 2010 U.S. Dist. LEXIS 22848, at *10-14 (E.D. Va. Mar. 12, 2010) (in general verdict, court may make factual findings consistent with the record and the jury's verdict to support issuance of a permanent injunction).

Google's perceived invincibility is such that, in its opposition to this motion, it attacked Ms. Rowe by brazenly revealing in a public filing her protected leave, writing that, "*Although she has not performed work for Google since July 2023*, Rowe remains gainfully employed . . .

earning substantial compensation." (Def. Opp. 14-15). Google makes this statement fully aware of the circumstances of Ms. Rowe's leave, and in disregard of the lengthy discussions about the sensitive nature of Ms. Rowe's leave at sidebar *during trial*.[3] Google's injection of Ms. Rowe's personal circumstances into its briefing is harassing, retaliatory, and damaging.

Although Ms. Rowe could pursue another costly lawsuit to address this and similar behavior, it would be far better to avoid another lawsuit altogether, if for no other reason than to free up judicial resources for other matters. Accordingly, Ms. Rowe respectfully requests that the Court take measures sufficient to deter Google from further retaliation and discrimination as, even in the face of a verdict, Google continues to act as if it did not violate the law. A declaration and injunction therefore are necessary to provide additional incentive for Google to comply with the law going forward. (*See* Equitable Relief Motion, ECF No. 365 at 14-19).

### III. Plaintiff Is Entitled to a Tax Offset.

Google does not dispute that Ms. Rowe's compensatory and punitive damages are subject to federal income taxes, or that the jury was charged that her damages awards are "not subject to federal income taxes" and that it "should not consider such taxes in determining the amount of damages, if any." (ECF No. 343 at 22). Instead, Google makes the irrelevant argument that Ms. Rowe has not offered evidence of *increased* tax liability due to her damages award, a different argument altogether than the argument Ms. Rowe posits in her opening brief. Here, the question is whether she is entitled to a gross-up to offset tax consequences of her award because the jury made its award under the incorrect presumption she would not face any tax liability at all. Google offers no opposition to relief so premised.

---

[3] Ms. Rowe will provide the transcript pages of that sidebar under separate cover.

10

Dated: December 20, 2023  
New York, New York

Respectfully submitted,

By: */s/ Gregory S. Chiarello*  
Gregory S. Chiarello  
Cara E. Greene  
Shira Z. Gelfand  
Outten & Golden LLP  
685 Third Avenue, 25th Floor  
New York, NY 10017  
Telephone: (212) 245-1000  
ceg@outtengolden.com  
gchiarello@outtengolden.com  
sgelfand@outtengolden.com  

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, December 20, 2023, I filed the foregoing document using the Court's CM/ECF filing system, which will automatically send e-mail notification of such filing to the following individuals of record:

Kenneth W. Gage
Sara B. Tomezsko
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
kennethgage@paulhastings.com
saratomezsko@paulhastings.com

*Attorneys for Defendant*

                */s/ Cara E. Greene*
                Cara E. Greene