# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ULKU ROWE,                                              Case No. 1:19-cv-08655-JHR

                          Plaintiff,          ORAL ARGUMENT REQUESTED

        v.

GOOGLE LLC,

                          Defendant.

## MEMORANDUM OF LAW IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................... 1

II.  LEGAL STANDARD .................................................................................... 1

III.  ARGUMENT ................................................................................................ 2

    A.  To the Extent Rowe Achieves Only Limited Success On Her Post-Trial Motions, Her Fee Recovery Should Be Commensurately Reduced. ..................... 2

    B.  Rowe Cannot Recover for Inefficient Use of Time. ............................... 3

    C.  Rowe's Costs Are Excessive. ................................................................ 5

IV.  CONCLUSION .............................................................................................. 5

## TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*Abraham v. Thomas Jefferson Univ. Hosp.*,
  No. 20-cv-2967 (E.D. Pa. Dec. 18, 2023)...............................................................3

*Cowan v. Ernest Codelia, P.C.*,
  No. 98-cv-5548, 2001 WL 30501 (S.D.N.Y. Jan. 12, 2001),
  *aff'd*, 50 F. App'x 36 (2d Cir. 2002).........................................................................4

*Ravina v. Columbia Univ.*,
  No. 16-cv-2137, 2020 WL 1080780 (S.D.N.Y. Mar. 6, 2020)................................5

*Robinson v. City of New York*,
  No. 05-cv-9545, 2009 WL 3109846 (S.D.N.Y. Sept. 29, 2009) .....................1, 2, 3

*Rozell v. Ross-Holst*,
  576 F. Supp. 2d 527 (S.D.N.Y. 2008).........................................................2, 3, 4, 5

*Sayigh v. Pier 59 Studios, L.P.*,
  No. 11-cv-1453, 2015 WL 997692 (S.D.N.Y. Mar. 5, 2015)..............................1, 2

*Williams v. Metro-North R.R. Co.*,
  No. 17-cv-3847, 2018 WL 3370678 (S.D.N.Y. June 28, 2018) ...........................3, 4

## I.     INTRODUCTION

From October 30 through December 14, 2023, Outten & Golden LLP ("O+G") worked another 418 hours on this case. This is equivalent to a single attorney working 35 days, 12 hours a day solely on post-trial motion practice. This Court should not reward Rowe for this inefficiency with a windfall of over $224,000 in claimed post-trial fees.

O+G's post-trial billing records demonstrate a continuation of the inefficiencies reflected in the initial motion. These records are proof of inefficiency in staffing and productivity; excessive internal conferences; partners performing clerical work; and tasks wholly irrelevant to this lawsuit. This Court should reduce Rowe's fee recovery to account for O+G's concerning inefficiencies in the post-trial period. To the extent Rowe's ultimate success, if any, in this case is less than she pursued, this Court should commensurately reduce her claimed fees, too.

## II.    LEGAL STANDARD

An award of attorneys' fees for a fee application itself "is not automatic or mandatory." *Sayigh v. Pier 59 Studios, L.P.*, No. 11-cv-1453, 2015 WL 997692, at *11 (S.D.N.Y. Mar. 5, 2015). A so-called "fees on fees" award "is to be evaluated no differently from the costs of litigating the underlying case." *Id.* Thus, "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Id.* The same principle applies to the extent Rowe's ultimate success, if any, in this case is less than she pursued. *See Robinson v. City of New York*, No. 05-cv-9545, 2009 WL 3109846, at *12 (S.D.N.Y. Sept. 29, 2009) (plaintiff can recover fees only for a "*successful* [post-trial] motion for injunctive relief") (emphasis added).

Additionally, where the claimed fees for post-trial motion practice "are exorbitant or the time devoted to . . . them [is] unnecessarily high, the judge may refuse further compensation or grant it sparingly." *Id.* at *12, *14. A line-by-line audit of post-trial billing records is unnecessary;

1

this Court can simply apply an across-the-board reduction for demonstrated inefficiency. *See Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) (imposing 15% reduction on O+G's fees because the firm "devoted more time than was reasonably necessary" in litigation).

## III.   ARGUMENT

### A.   To the Extent Rowe Achieves Only Limited Success On Her Post-Trial Motions, Her Fee Recovery Should Be Commensurately Reduced.

In its opposition to Rowe's fee application, Google set forth the myriad reasons that this Court should implement an 80% reduction of Rowe's attorneys' fees and costs. Those included (1) Rowe's severely limited degree of success at trial; (2) matters unreasonably, unsuccessfully, and untimely pursued; (3) inefficient use of attorney time; (4) time entries for non-compensable work (some of which O+G has acknowledged were inappropriate, (ECF No. 383 at 1 n.1); and (5) excessive costs. (ECF No. 378.) This Court should reduce Rowe's recovery of fees incurred through trial by 80% for these reasons. Then, it should commensurately reduce Rowe's recovery of fees for the fee application itself. *Sayigh*, 2015 WL 997692, at *12 (plaintiff "should not receive fees for her overwhelmingly unsuccessful fee application").

This Court should likewise reduce Rowe's fees if her motion for instatement, permanent injunction, and other post-judgment relief fails, or achieves only limited success. *See Robinson*, 2009 WL 3109846, at *12 (plaintiff can recover fees only for a "successful [post-trial] motion for injunctive relief"). As set forth in Google's opposition to that motion, Rowe is not entitled to instatement to a higher-paying position, an up-level, declaratory or injunctive relief, a tax gross-up, pre-judgment interest, or post-judgment interest at a 9% interest rate. (ECF No. 376.) Indeed, Rowe failed even to address Google's arguments on pre- and post-judgment interest, apparently ceding that ground. Thus, her motion has already failed in key respects.

**B.      Rowe Cannot Recover for Inefficient Use of Time.**

O+G expended nearly 420 hours, and almost $225,000 of Rowe's money, on post-trial briefs.[1] This inefficiency should not be rewarded. *See Robinson*, 2009 WL 3109846, at *12–14 (reducing fee award for post-trial motion for permanent injunction, because claimed fees were "grossly excessive . . . [g]iven that motions for injunctive relief are frequently made by civil rights law firms, and that plaintiffs are commanding hourly rates that assume a certain level of expertise in discrimination law"). O+G's inflated numbers are ascribable to the multiple inefficiencies evident in its billing records. For example:

• O+G billed over 23 hours for internal conferences in just 35 business days, which, assuming three attendees, averages to a twenty-minute conference regarding this case every single business day. (Declaration of Sara B. Tomezsko ("Tomezsko Decl.") ¶ 4, Exh. 1.) The Court should reduce the fee application to account for this excess. *See Rozell*, 576 F. Supp. 2d at 541 (reducing O+G's requested fees by 15% in part because of excessive internal conferences); *Williams v. Metro-North R.R. Co.*, No. 17-cv-3847, 2018 WL 3370678, at *10 (S.D.N.Y. June 28, 2018) (O+G violated "commonplace rules prohibiting billing for internal conferences").

• For reasons unknown, O+G staffed two additional attorneys on this case after trial: Associate Eliana J. Theodorou ($425/hour) and Counsel Moira Heiges-Goepfert ($650/hour), neither of whom billed any time on this case from its inception through trial. (*See* ECF No. 363-1.) Associate Shira Gelfand, who attended trial and who O+G admits is "the primary associate on the matter, [and] was closest to the underlying facts and documents," could have performed the work assigned to Ms. Heiges-Goepfert at the lower rate of $425/hour. (ECF No. 383 at 7–8.)

---

[1] For perspective, a law firm recently made headlines for seeking $600,000 in fees after spending 517 hours on the lion's share of discovery, summary judgment briefing, *and* trial in a sex discrimination case. *See Abraham v. Thomas Jefferson Univ. Hosp.*, No. 20-cv-2967 (E.D. Pa. Dec. 18, 2023) at ECF No. 142. O+G spent 81% of that time on post-trial briefing alone.

- Rather than delegating routine legal research to Associates, Partner Gregory Chiarello and Counsel Ms. Heiges-Goepfert drove up fees by billing at their respective rates of $800/hour and $650/hour to conduct research themselves, expending approximately 9 and 24 hours on this, respectively. (Tomezsko Decl., ¶ 5, Exh. 2.) Associates Ms. Gelfand and/or Ms. Theodorou could have performed this research at the lower rate of $425/hour. *See Rozell*, 576 F. Supp. 2d at 541 ("a disproportionate amount of time was billed by [O+G's] more senior counsel . . . relative to that billed by more junior associates with lower hourly rates"); *Williams*, 2018 WL 3370678, at *11–12 (reducing O+G's fees for excessive time spent on legal research, which was high "[g]iven that O+G is one of the most preeminent plaintiff-side firms in employment law").

- Partner Cara Greene, at a rate of $950/hour, billed nearly an hour for redacting "sample retainer agreements." (Tomezsko Decl., ¶ 6, Exh. 3.) Partner Mr. Chiarello, at a rate of $800/hour, billed nearly half an hour for the same task. (*Id.*) The obvious clerical nature of this work is reinforced by a paralegal's time entry, on the same day, for the identical task. (*Id.*) Rowe cannot recover fees for partners performing clerical work. *See Cowan v. Ernest Codelia, P.C.*, No. 98-cv-5548, 2001 WL 30501, at *9 (S.D.N.Y. Jan. 12, 2001), *aff'd*, 50 F. App'x 36 (2d Cir. 2002).

- Associate Amanda Chan billed 3.4 hours on "legal research re[garding] gender discrimination lawsuits against Google," which this Court twice ruled was irrelevant to Rowe's claims. (ECF No. 292; Trial Tr. 15:5–24; Tomezsko Decl., ¶ 7, Exh. 4.)

- Paralegals billed approximately 4.5 hours preparing biographies of O+G's attorneys, which are readily available on O+G's website. (Tomezsko Decl., ¶ 8, Exhs. 5 and 6.)

- A paralegal billed approximately 4 hours on the tables of contents and authorities for Rowe's two post-trial moving briefs. (Tomezsko Decl., ¶ 9, Exh. 7.)

4

These examples are representative only. This Court need not conduct a line-by-line audit of O+G's post-trial billing records. Rather, the application should be reduced by an appropriate percentage to account for these inefficiencies. *See Rozell*, 576 F. Supp. 2d at 543.

### C.   Rowe's Costs Are Excessive.

Rowe's late-submitted documentation of additional pre-trial costs reflects excess, too.[2] O+G's FedEx and courier costs should be dramatically reduced, because their purpose and necessity to the prosecution of this case is unclear. For example, O+G inexplicably incurred two separate courier costs for the same day, December 31, 2021, to deliver courtesy copies of its summary judgment papers to Chambers. (ECF No. 384-2.) O+G also spent hundreds of dollars sending deposition binders to Ms. Greene. (*Id*.) But all depositions were virtual; it is unclear why Ms. Greene needed hard-copy binders.

O+G also incurred an additional $9,300 engaging a trial consultant, for a total of $15,300. (ECF No. 384-1.) These costs, too, should be substantially reduced. *See Ravina v. Columbia Univ.*, No. 16-cv-2137, 2020 WL 1080780, at *14–15 (S.D.N.Y. Mar. 6, 2020) (reducing by 72% the costs incurred by plaintiff's trial consultant, because defendant was not required to bear cost of "*even more* legal professionals from outside [plaintiff's counsel's firm]") (emphasis in original).

## IV.   CONCLUSION

For the foregoing reasons, Google requests that this Court reduce Rowe's recovery of fees and costs incurred by post-trial motion practice by 80%.

---

[2] In her response to Google's request for leave to file a sur-reply, Rowe asked this Court to limit Google to "addressing Plaintiff's time entries related to the post-trial briefing *only*." (ECF No. 380 (emphasis in original).) At the time, Google had no objection to this limitation. However, Rowe subsequently submitted a supplemental invoice for consulting services, (ECF No. 384-1), and itemized FedEx and courier costs, (ECF No. 384-2), reflecting costs that pre-dated the parties' post-trial motion practice. Google is entitled to address these late submissions.

Dated:  New York, New York
        January 5, 2023

PAUL HASTINGS LLP

Kenneth W. Gage
Sara B. Tomezsko
Kaveh Dabashi
200 Park Avenue
New York, NY 10166
(212) 318-6000
kennethgage@paulhastings.com
saratomezsko@paulhastings.com
kavehdabashi@paulhastings.com

*Counsel for Defendant Google LLC*

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ULKU ROWE,                                              Case No. 1:19-cv-08655-JHR

                          Plaintiff,

              v.

GOOGLE LLC,

                          Defendant.

## DECLARATION OF SARA B. TOMEZSKO

I, Sara B. Tomezsko, declare as follows:

1.      I am a partner at Paul Hastings LLP ("Paul Hastings"), counsel for Defendant Google LLC ("Google") in the above-captioned matter.

2.      I submit this Declaration in support of Google's Further Opposition to Plaintiff Ulku Rowe's Motion for Attorneys' Fees and Costs. (ECF No. 361.)

3.       This Declaration attaches as exhibits excerpts from Outten & Golden LLP's ("O+G") time entries submitted as Exhibit 3 to the Declaration of Cara E. Greene. (ECF No. 384-3.) Where only a portion of the time in each entry is relevant to the topic for which it is cited, Paul Hastings has indicated the amount of time at issue in a separate column (highlighted in gray), to the extent O+G's time entries distinguish time spent on discrete tasks within a single billing entry. Any estimates of time necessitated by block billing or generally-worded time entries have been indicated by an asterisk. These excerpts are not intended to be an exhaustive accounting of O+G's fees incurred in the post-trial period; rather, they are intended as representative examples only.

## I.    ROWE CANNOT RECOVER FOR INEFFICIENT USE OF TIME.

4.      Attached hereto as **Exhibit 1** is an excerpt of O+G's billing records reflecting approximately 23 hours billed for internal conferences from October 30 through December 14, 2023.

5.      Attached hereto as **Exhibit 2** is an excerpt of O+G's billing records reflecting approximately 9 hours of legal research performed by Partner Gregory Chiarello at $800/hour and approximately 24 hours of legal research performed by Counsel Moira Heiges-Goepfert at $650/hour.

6.      Attached hereto as **Exhibit 3** is an excerpt of O+G's billing records reflecting Partner Cara Greene redacting "sample retainer agreements" for nearly one hour at $950/hour; Mr. Chiarello performing the same clerical task for approximately half an hour at $800/hour; and a paralegal performing the same clerical task at $325/hour.

7.      Attached hereto as **Exhibit 4** is an excerpt of O+G's billing records reflecting Associate Amanda Chan billing 3.4 hours on "legal research re[garding] gender discrimination lawsuits against Google," which this Court twice ruled was irrelevant to Rowe's claims. (ECF No. 292; Trial Tr. 15:5–24.) One of the four lawsuits referenced in Rowe's opposition to remittitur of punitive damages is *Haggan et al. v. Google LLC*, (ECF No. 374 at 10), in which plaintiffs and the putative class are represented by O+G.

8.      Attached hereto as **Exhibit 5** is an excerpt of O+G's billing records reflecting paralegals billing approximately 4.5 hours to preparing biographies of O+G's attorneys to include in Rowe's Motion for Attorneys' Fees and Costs. Attached hereto as **Exhibit 6** are the publicly

available biographies of the same attorneys,[1] which are materially identical to the biographies that O+G submitted in its Motion. (*See* ECF No. 363.)

9.     Attached hereto as **Exhibit 7** is an excerpt of O+G's billing records reflecting a paralegal billing approximately 4 hours to preparing the tables of contents and authorities for Rowe's two post-trial moving briefs.

## II.    OTHER EXHIBITS

10.     Attached hereto as **Exhibit 8** are true and correct copies of excerpts from the trial transcript, dated October 10–20, 2023.

**PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated: January 5, 2024

_____

Sara B. Tomezsko

---

[1] Available at https://www.outtengolden.com/professionals/attorney/ (last visited on January 4, 2024).

# EXHIBIT 1

| Relevant Time | Date | Timekeeper | Initials | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|---|
| 0.7 | 10/30/2023 | Vincent Yang | VXY | $325 | 0.7 | $227.50 | Conference with CEG, GSC, EJT, and NAZ re fee application review process. |
| 0.3 | 10/31/2023 | Moira Heiges-Goepfert | MHG | $650 | 0.3 | $195.00 | Conference call with GSC re case background and research project. |
| 0.8 | 10/31/2023 | Eliana J. Theodorou | EJT | $425 | 0.8 | $340.00 | Conference with ALR and VXY re next steps re paralegal work on fee petition. |
| 0.8 | 10/31/2023 | Vincent Yang | VXY | $325 | 0.8 | $260.00 | Telephone conference with EJT and ALR re fee application next steps. |
| 0.8 | 10/31/2023 | Abigail L. Robinson | ALR | $325 | 0.8 | $260.00 | Conference with EJT and VXY re Fee Application assignments. |
| 0.5 | 10/31/2023 | Vincent Yang | VXY | $325 | 0.5 | $162.50 | Conference with NAZ, ALR re fee application review process. |
| 0.5 | 10/31/2023 | Abigail L. Robinson | ALR | $325 | 0.5 | $162.50 | Conference with VXY and NAZ re Fee Application assignments. |
| 0.4 | 11/3/2023 | Eliana J. Theodorou | EJT | $425 | 1.9 | $807.50 | Telephone conference with CEG re revisions to fee application outline (.4); and revise fee application outline per CEG edits (1.5). |
| 0.4 | 11/3/2023 | Cara E. Greene | CEG | $950 | 0.4 | $807.50 | Telephone conference with EJT re revisions to fee application outline. |
| 0.5 | 11/6/2023 | Cara E. Greene | CEG | $950 | 0.5 | $475.00 | Conference with EJT and team re strategy for fee application. |
| 0.5 | 11/6/2023 | Eliana J. Theodorou | EJT | $425 | 0.5 | $212.50 | Conference with CEG, GSC, ALR, and NAZ re next steps on fee application. |
| 0.7 | 11/6/2023 | Abigail L. Robinson | ALR | $325 | 0.7 | $227.50 | Conference with CEG, GSC, ET, and NAZ re Fee Application, send out To Do List post meeting. |
| 0.6 | 11/6/2023 | Napoleon Zapata | NAZ | $325 | 0.6 | $195.00 | Conference with CEG, ET, GSC, and ALR re status updates for motion for final approval of attorney fees, additional pending projects, and deadlines. |
| 0.9 | 11/7/2023 | Gregory S. Chiarello | GSC | $800 | 0.9 | $720.00 | Conference with MHG re instatement motion. |
| 0.9 | 11/7/2023 | Moira Heiges-Goepfert | MHG | $650 | 0.9 | $650.00 | Conference call with GSC re motion for instatement and case background. |

| Relevant Time | Date | Timekeeper | Initials | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|---|
| 0.5 | 11/7/2023 | Eliana J. Theodorou | EJT | $425 | 5.8 | $2,465.00 | Research and draft memorandum of law in support of motion for attorney's fees (5.3); conference with ALR re drafting attorney declaration in support of motion for attorney's fees (.5). |
| 0.3 | 11/13/2023 | Moira Heiges-Goepfert | MHG | $650 | 0.3 | $195.00 | Conference call with EJT re NYCHRL claims and legal standard for post-judgment motions. |
| 0.3 | 11/13/2023 | Eliana J. Theodorou | EJT | $425 | 0.3 | $127.50 | Telephone conference with MHG re injunctive relief brief arguments. |
| 0.4 | 11/13/2023 | Vincent Yang | VXY | $325 | 0.4 | $130.00 | Conference with EJT re updates on status of fee application. |
| 0.8 | 11/15/2023 | Eliana J. Theodorou | EJT | $425 | 3.2 | $1,360.00 | Revise memorandum of law in support of fee application (2.4); telephone conference with SXG re assisting with procedural history section of memorandum (.2); conference with ALR and VXY re next steps in finalizing fee application (.6). |
| 0.7 | 11/15/2023 | Abigail L. Robinson | ALR | $325 | 0.7 | $227.50 | Conference with EJT and VXY re next steps in the Fee Application assignments. |
| 0.7 | 11/15/2023 | Vincent Yang | VXY | $325 | 0.7 | $227.50 | Conference with ALR, SZG, and EJT re fee application project updates. |
| 0.3 | 11/16/2023 | Cara E. Greene | CEG | $950 | 1.2 | $1,045.00 | Conference with EJT re fee application brief (.3); review fee entries and correspondence with SZG re same (.9). |
| 0.4 | 11/16/2023 | Eliana J. Theodorou | EJT | $425 | 4.3 | $1,827.50 | Incorporate SZG edits into memorandum of law in support of fee application and finalize draft of same (3.9); telephone call with CEG re next steps on finalizing fee application (.3); telephone conference with VXY re finalizing cost application (.1). |
| 0.1 | 11/16/2023 | Vincent Yang | VXY | $325 | 0.1 | $32.50 | Conference with accounting re cost updates. |
| 0.1 | 11/16/2023 | Vincent Yang | VXY | $325 | 0.1 | $32.50 | Conference with EJT re checking cost invoices. |
| 1 | 11/17/2023 | Gregory S. Chiarello | GSC | $800 | 2.2 | $1,760.00 | Conference with CEG re Instatement, attorneys' Fees motions (1.0); correspondence, telephone call with N. Ostrofe (1.0); correspondence with MHG re follow-up instatement research (.1); correspondence with CEG, SZG re settlement communications (.1). |

| Relevant Time | Date | Timekeeper | Initials | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|---|
| 1.3 | 11/20/2023 | Cara E. Greene | CEG | $950 | 6.2 | $5,320.00 | Telephone conference with EJT re Rowe fee application and review same (.7); review and edit fee application memorandum of law and declaration (1.7); review and edit injunctive relief brief (3.2); conference with GSC re edits to motion (.6). |
| 0.8 | 11/20/2023 | Gregory S. Chiarello | GSC | $800 | 9.3 | $7,440.00 | Draft, edit memorandum of law in support of motion for instatement, permanent injunction, and other relief (3.0); legal research re pre- and post- judgment interest (4.8); conference with CEG re edits to motion (.6); conference with SZG re record citation searches (.2); review GSC times entries for fee app (.3); draft bio for fee app (.4). |
| 1 | 11/20/2023 | Eliana J. Theodorou | EJT | $425 | 3.8 | $1,487.50 | Finalize draft of attorney declaration and send memorandum of law to cite checkers (2.8); telephone conference with CEG re plan for filing (.7); and telephone conference with VXY re outstanding paralegal tasks for filing (.3). |
| * 1 | 11/21/2023 | Gregory S. Chiarello | GSC | $800 | 9.9 | $7,920.00 | Draft, edit memorandum of law in support of motion for instatement, permanent injunction, and other relief (7.1); review notice of motion (.1); conferences with CEG re instatement and fee app motion strategy (.4); review and redact retainers for fee app (.4); draft Ostrofe declaration and correspondence with N. Ostrofe re same (.8); edit fee application brief, conference with CEG re same (1.1). |
| 0.5 | 11/22/2023 | Vincent Yang | VXY | $325 | 0.5 | $162.50 | Conference and review tables of contents re attorneys' fees motion with EJT. |
| 0.1 | 11/27/2023 | Gregory S. Chiarello | GSC | $800 | 0.5 | $400.00 | Review Google motions (.3); conference with SZG re same opposition briefing (.1); correspondence with BA re opposition briefing (.1). |
| 0.5 | 11/28/2023 | Gregory S. Chiarello | GSC | $800 | 1.2 | $960.00 | Review remittitur brief, prepare notes re opposition (.6); conference with BA re research assignments (.5); correspondence re client email to Google (.1). |

| Relevant Time | Date | Timekeeper | Initials | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|---|
| * 0.7 | 11/29/2023 | Cara E. Greene | CEG | $950 | 2.5 | $2,280.00 | Review Defendant's motions for JNOV and remittitur annotate (1.5); conference with GSC re settlement strategy (.5); telephone call with client and conference with GSC re same (.5). |
| 0.5 | 11/29/2023 | Gregory S. Chiarello | GSC | $800 | 1.4 | $1,120.00 | Conference with CEG re briefing strategy re Google post-judgment motions and possible settlement (.5); telephone call with client, CEG re next steps (.4); draft notes re remittitur opposition memorandum of law (.5). |
| 0.5 | 11/30/2023 | Cara E. Greene | CEG | $950 | 0.5 | $475.00 | Conference with SZG re opposition to JNOV. |
| 0.1 | 12/4/2023 | Gregory S. Chiarello | GSC | $800 | 0.1 | $80.00 | Conference with BA re research assignment. |
| 0.1 | 12/6/2023 | Gregory S. Chiarello | GSC | $800 | 3.3 | $2,640.00 | Draft opposition to remittitur motion, legal research re same (3.2); conference with SZG re record citations (.1). |
| 1.3 | 12/14/2023 | Gregory S. Chiarello | GSC | $800 | 1.7 | $1,360.00 | Review Google's opposition to instatement motion (.3); team conference call re reply brief strategy (.3); conference with MHG re instatement reply brief strategy and work allocation (.8); edit letter to court re Google sur-reply (.1); conference with SZG re instatement reply brief work allocation (.2). |
| **Total** | **23.3** | | | | | | |

# EXHIBIT 2

| Relevant Time | Date | Timekeeper | Initials | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|---|
| 2.2 | 10/31/2023 | Moira Heiges-Goepfert | MHG | $650 | 2.2 | $1,430.00 | Research re post-judgment equitable and injunctive relief. |
| 1.1 | 11/1/2023 | Gregory S. Chiarello | GSC | $800 | 1.1 | $880.00 | Pre- and Post- judgment interest research. |
| 3.3 | 11/3/2023 | Moira Heiges-Goepfert | MHG | $650 | 3.3 | $2,145.00 | Research NY and 2d Cir case law re post-judgment relief, including instatement to promotion. |
| 4.2 | 11/6/2023 | Moira Heiges-Goepfert | MHG | $650 | 4.2 | $2,730.00 | Research state/federal law re instatement/reinstatement and equitable remedies for discrimination. |
| 1.5 | 11/7/2023 | Moira Heiges-Goepfert | MHG | $650 | 1.5 | $975.00 | Research caselaw and statutes re post-judgment equitable remedies. |
| 1.1 | 11/8/2023 | Moira Heiges-Goepfert | MHG | $650 | 1.1 | $715.00 | Research for instatement motion. |
| 1.4 | 11/9/2023 | Moira Heiges-Goepfert | MHG | $650 | 2.9 | $1,885.00 | Draft and revise notes and catalog research re instatement and equitable relief. |
| 3.9 | 11/13/2023 | Moira Heiges-Goepfert | MHG | $650 | 3.9 | $2,535.00 | Research re equitable relief under NYCHRL and legal standard for reviewing NYCHRL claims. |
| * 2.3 | 11/14/2023 | Moira Heiges-Goepfert | MHG | $650 | 6.8 | $4,420.00 | Draft and revise motion for instatement or front pay; review case history and factual background and research caselaw for same. |
| * 4.8 | 11/20/2023 | Gregory S. Chiarello | GSC | $800 | 9.3 | $7,440.00 | Draft, edit memorandum of law in support of motion for instatement, permanent injunction, and other relief (3.0); legal research re pre- and post-judgment interest (4.8); conference with CEG re edits to motion (.6); conference with SZG re record citation searches (.2); review GSC times entries for fee app (.3); draft bio for fee app (.4). |
| 1.6 | 11/20/2023 | Moira Heiges-Goepfert | MHG | $650 | 3.1 | $2,015.00 | Research and draft notes for GSC re follow-up questions re NYLL for instatement motion. |
| * 2.5 | 11/21/2023 | Moira Heiges-Goepfert | MHG | $650 | 3.8 | $2,470.00 | Research and correspondence with GCS responding to questions re state law authority for instatement motion. |
| 1.8 | 12/5/2023 | Gregory S. Chiarello | GSC | $800 | 4.3 | $3,440.00 | Legal research re remittitur opposition (1.8); draft remittitur opposition brief (2.5). |
| * 1.6 | 12/6/2023 | Gregory S. Chiarello | GSC | $800 | 3.3 | $2,640.00 | Draft opposition to remittitur motion, legal research re same (3.2); conference with SZG re record citations (.1). |

**Total**   33.3

# EXHIBIT 3

| Relevant Time | Date | Timekeeper | Initials | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|---|
| 0.7 | 11/21/2023 | Cara E. Greene | CEG | $950 | 7.9 | $7,505.00 | Prepare and redact sample retainer agreements (.7); review and edit CEG declaration (1.6); review and edit fee application brief (2.3); review and edit injunctive relief brief (2.6); review costs and fee listings (.7). |
| 0.4 | 11/21/2023 | Gregory S. Chiarello | GSC | $800 | 9.9 | $7,920.00 | Draft, edit memorandum of law in support of motion for instatement, permanent injunction, and other relief (7.1); review notice of motion (.1); conferences with CEG re instatement and fee app motion strategy (.4); review and redact retainers for fee app (.4); draft Ostrofe declaration and correspondence with N. Ostrofe re same (.8); edit fee application brief, conference with CEG re same (1.1). |
| 0.2 | 11/21/2023 | Vincent Yang | VXY | $325 | 0.2 | $65.00 | Redacted retainer exhibits. |

**Total**   1.3

# EXHIBIT 4

| Relevant Time | Date | Timekeeper | Initials | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|---|
| 3.4 | 12/11/2023 | Amanda T. Chan | ATC | $375 | 3.4 | $1,275.00 | Legal research re gender discrimination lawsuits against Google. |
| **Total** | **3.4** | | | | | | |

# EXHIBIT 5

| Relevant Time | Date | Timekeeper | Initials | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|---|
| 0.4 | 11/2/2023 | Abigail L. Robinson | ALR | $325 | 0.4 | $130.00 | Review attorney bios and email to EJT re same. |
| 0.2 | 11/2/2023 | Napoleon Zapata | NAZ | $325 | 0.2 | $65.00 | Correspondence with ALR and EJT re examples of attorney bios submitted with motion for attorney fees and costs. |
| 0.8 | 11/15/2023 | Vincent Yang | VXY | $325 | 0.8 | $260.00 | Prepare attorney biographies re fee app. |
| 0.6 | 11/16/2023 | Vincent Yang | VXY | $325 | 1.2 | $390.00 | Prepare attorney and staff biographies. |
| 0.3 | 11/20/2023 | Abigail L. Robinson | ALR | $325 | 0.3 | $97.50 | Draft bio for Fee Application. |
| 2.1 | 11/21/2023 | Vincent Yang | VXY | $325 | 4.2 | $1,365.00 | Review and format lodestar and summary charts; revise attorney biographies. |

(Rows for 11/16/2023 and 11/21/2023 marked with *)

**Total** **4.4**

# EXHIBIT 6



# Cara E. Greene
**Partner**

**New York**

ceg@outtengolden.com

212-213-4591

"Advocacy: Employees deserve a strong advocate — an advocate who will fight tenaciously for their interests while also providing objective and honest advice."

## About

**CARA E. GREENE** is a partner at Outten & Golden LLP in New York, where she represents employees and partners in litigation and negotiation in all areas of employment law, including equal pay; executive and professional contracts and compensation; lawyers as clients; discrimination class actions; whistleblowing and retaliation; sexual harassment; and discrimination based on disability, pregnancy, and family responsibilities. She is Co-Chair of O&G's Pay Equity Practice Group and Family Responsibilities and Disability Discrimination Practice Group and is active in the Sexual Harassment and Sex Discrimination Practice Group, Financial Services Practice Group and the Executives and Professionals Practice Group.

In addition to reviewing and negotiating employment contracts and compensation guarantees, as well as severance agreements and other exit arrangements, Ms. Greene has litigated both individual and class action cases on behalf of a variety of employees including low-wage hourly workers, highly compensated professionals, lawyers, and employees in the financial services industry. She is a preeminent litigation and trial attorney who has obtained numerous multi-million dollar verdicts and settlements for her clients over the course of her career.

She is past-Chair of the New York State Bar Association's Labor and Employment Law Section; is an active member of the American Bar Association's Labor and Employment Law

1/5/24, 1:35 PM

Section (Employment Rights and Responsibilities Committee); and is a member of the National Employment Lawyers Association and its New York affiliate, NELA/NY. Ms. Greene is a frequent speaker at employment law programs and was formerly on the Board of Editors for the Law Firm Partnership and Benefits Reporter.

Ms. Greene's representation and advocacy have resulted in hundreds of millions of dollars in settlements and judgments on behalf of her clients.* Her representative cases include:

> Represents, with co-counsel, a certified class of female Vice-Presidents and Associates challenging Goldman Sachs's pay and promotion policies in a case that recently settled for $215M^;

> Represents, with co-counsel, a certified settlement class of women and People of Color at Google challenging Google's pay and promotion policies in a case that recently settled for $22M^;

> Litigated and settled a discrimination and retaliation lawsuit on behalf of a female Investor Relations professional at CVC, a large Private Equity firm;

> Prevailed at arbitration on behalf of a woman with claims of pregnancy discrimination and retaliation against her former employer, a large accounting and consulting firm;

> Litigated and resolved an equal pay lawsuit on behalf of a female professional at JPMorgan Chase;

> Settled a matter on behalf of a female associate who was sexually assaulted by a partner at her law firm;

> Mediated and resolved a matter on behalf of a group of Black professionals at a financial services firm with claims of race discrimination;

> Advised and negotiated an exit agreement on behalf of a C-Suite Executive who was leaving her publicly-traded company;

> Arbitrated and settled a matter on behalf of an equity partner at an international law firm with claims of discrimination and retaliation;

> Litigated and resolved a matter on behalf of a woman who had been sexually harassed by her company's founder and CEO;

> Prevailed at arbitration on behalf of a partner with claims of promissory estoppel against his former accounting and consulting firm;

> Represented, with co-counsel, a class of female financial advisors at Bank of America with discriminatory pay claims, which settled for $39M.

> Represents a senior woman at Google with equal pay, discrimination, and retaliation claims in her lawsuit.

Ms. Greene received her B.A. in political studies from Gordon College, where she was an A.J. Gordon Scholar. She received her J.D. from Fordham University School of Law.

*^Pending court approval.*

(*Prior results do not guarantee a similar outcome.)

## Bar Admission and Professional Activity

Ms. Greene is admitted to practice law only New York and Washington, DC.

Ms. Greene is admitted to the following federal courts: The United States District Courts for the Southern District of New York, Northern District of New York, Eastern District of New York; and the Western District of New York; and the United States Court of Appeals for the Second Circuit.

Member, National Employment Lawyers Association (NELA), NELA New York

Member, American Bar Association (Labor and Employment Law Section)

Member, New York City Bar Association

Member, New York State Bar Association (Labor and Employment Law Section, Executive Board, Co-Chair Ethics Sub-Committee)

## Video & Podcasts

### Pregnancy Discrimination in the Workplace: Cara E. Greene Shares Expert Insights

May 28, 2018

Outten & Golden LLP partner Cara E. Greene discusses workplace pregnancy discrimination issues.



### Employment Law & Advocacy for Attorneys: Cara E. Greene Shares her Expertise

February 2, 2018

Outten & Golden LLP partner **Cara E. Greene** discusses labor law and advocacy for legal professionals.



## Speaking Engagements

### 2021

Panelist: "Dealing with Uncomfortable Situations," Women's Leadership Unbound Summit, Webinar

### 2019

Moderator: "Strategies and Tips for Helping Lawyers with Substance Abuse Problems," ABA Employment Rights & Responsibilities Committee, Midwinter Meeting, Las Vegas, NV

Panelist: "Hot Topics in Employment Law: The Great Debate," New York County Lawyers Association, Continuing Legal Education Insititute, New York, NY

### 2018

Panelist: "Balancing Workplace Safety with Employee Rights," ABA Section of Labor and Employment Law, 12th Annual Labor and Employment Law Conference, San Francisco, CA

Panelist: "Ethical Considerations Implicated By ESI," National Employment Lawyers Association, Spring Seminar: ESI & Technology For The Plaintiffs' Employment Lawyer, Vienna, VA

Panelist: "Managing Ethics Issues When Your Client is In the Wrong," American Bar Association, Section of Labor & Employment Law, Ethics and Professional Responsibility Committee Midwinter Meeting, Clearwater Beach, FL

Panelist: "#MeToo: Preventing Sexual Harassment in the Legal Workplace," American University Washington College of Law, Washington D.C.

Panelist: "#MeToo and the Legal Profession," Cardozo Law School, New York, NY

### 2017

Panelist: "Plenary IV: Ethically Dealing with Difficult Clients," New York State Bar Association, Labor and Employment Law Section, Fall Labor & Employment Law Section Meeting, Bolton Landing, NY

Panelist: "The Ethics of the Disruptive Client," ABA Section of Labor & Employment Law, Ethics and Professional Responsibility Committee, Midwinter Meeting, Puerto Vallarta, Mexico

Panelist: "FMLA Games," ABA Section of Labor & Employment Law, Federal Labor Standards Law Committee, Midwinter Meeting, Playa del Carmen, Mexico

Panelist: "Emergency Ethics," New York State Bar Association, Labor and Employment Law Section, Labor and Employment Law Section Meeting, New York, NY

Panelist: "#MeToo: How to Navigate Sexual Harassment in the Workplace," New York State Bar Association, New York, NY

Panelist: "Equal Pay/Pay Equity Issues in Employment Law," Practising Law Institute, Employment Law Institute, New York, NY

Panelist: "Employer Best Practices for Conducting Sexual Harassment Training in the Workplace," New York City Bar Association, Sexual Harassment Summit: Perspectives and New Best Practices in the Wake of #MeToo, New York, NY

Panelist: "Non-Compete Enforcement in New York State," New York State Bar Association, New York, NY

Panelist: "Assessing #MeToo's Impact on Employment Law," NYU Law, New York, NY

## 2016

Panelist: "Equal Pay/Pay Equity Issues in Employment Law," Practicing Law Institute, Employment Law Institute, New York, NY

Conference Co-Chair: "Labor and Employment Law," American Bar Association, Section of Labor & Employment Law, 10th Annual Conference, Chicago, IL

## 2015

Panelist: "Gender Pay Disparities: Enforcement, Litigation, and Remedies," National Employment Law Association/New York, New York, NY

Speaker: "Ethics in Labor and Employment Arbitration," New York City Labor and Employment Relations Association, New York

Panelist: "Recent Developments in Pregnancy Discrimination Law," National Conference on Equal Employment Opportunity Law, Miami, FL

Conference Vice-Chair: "Labor and Employment Law," American Bar Association, Section of Labor & Employment Law, 9th Annual Conference, Philadelphia, PA

## 2014

Panelist: "Ethical Issues in Representing Multiple Clients: We're All in this Together—Or Are We?," American Bar Association, Section of Labor & Employment Law, Midwinter Meeting, Los Cabos, Mexico

Speaker: "Social Media and Legal Ethics," , 31st Annual Carl A. Warns, Jr. and Edwin R. Render Labor and Employment Law Institute, Louisville, KY

Panelist: "Restrictive Covenants and Faithless Servant Litigation," Suffolk County Bar Association, Hauppauge, NY

## 2013

Panelist: "Update Ethic 20/20," American Bar Association, Section of Labor & Employment Law, Ethics & Professional Responsibility Committee Midwinter Meeting, Miami Beach, FL

Moderator: "Ethics in Employment Law," New York City Bar Association, New York, NY

Speaker: "The Business and Ethics of Hanging Out Your Shingle," American Bar Association, Section of Labor & Employment Law, Ethical, Practical and Technological Issues in Managing a Labor and Employment Law Practice, 7th Annual Labor and Employment Law Conference – Annual CLE Conference, New Orleans, LA

Panelist: "Ethics in Discovery: Where the Rubber Meets the Road," American Bar Association, Section of Labor & Employment Law, New York, NY

Speaker: "Do Lawyers Have an Ethical Duty to Understand Technology," American Bar Association Section of Labor & Employment, National Symposium on Technology and Labor and Employment Law, Berkeley, CA

Panelist: "Ethics: A to Discovery," National Employment Lawyers Association—New York Chapter, New York, NY

## 2012

anelist: "Love Triangle in Sin City: A Modern Day Mock Trial," American Bar Association, Section of Labor & Employment Law, Midwinter Meeting of the American Bar Association, Section of Labor & Employment Law, Employment Rights and Responsibilities Committee, Las Vegas, NV

Panelist: "Emergency Ethics for the Employment Lawyer," National Employment Lawyers Association Annual

## 2011

Panelist: ""Client, You're Fired!" Ethical Issues in Terminating the Client Lawyer Relationship," New York State Bar Association, NYSBA Annual Meeting, New York, NY

Moderator: "Forget Romance, Get it in Writing: The Ethics of Engagement Letters," New York State Bar Association, Labor and Employment Law Section, Fall Meeting, Sarasota Springs, NY

Conference, Hunter, NY

Panelist: "Ethics and Social Media for Plaintiffs' Employment Lawyers," National Employment Lawyers Association Annual Conference, San Diego, CA

Panelist: "Ethics for Government Attorneys," The College of Labor & Employment Lawyers New York, Connecticut, and Northern New Jersey, New York, NY

Panelist: "Ethical Considerations in Alternative Dispute Resolution," National Employment Lawyers Association, National Employment Lawyers Association ABCs of Alternative Dispute Resolution, Seattle, WA

Lecturer: "Ethical Issues in Terminating a Client-Lawyer Relationship," Association of Towns Annual Meeting and Training, New York, NY

Panelist: "Top 5 Things to Tell Your Client in Preparing for Mediation," Colorado Bar Association, National CLE Conference, Vail, CO

Panelist: "Remaining Civil with the Uncivil," The College of Labor & Employment Lawyers New York, Connecticut, and Northern New Jersey, New York, NY

Panelist: "Ethics in Employment Law," National Employment Lawyers Association—New York Chapter, New York, NY

Panelist: "Technology Tools and Legal Ethics," American Bar Association, National Symposium on Technology in Labor & Employment Law, New York, NY

Panelist: "Two Years Down the Road with the Lilly Ledbetter Fair Pay Act – a look back on equal pay developments and a look ahead to upcoming implications for class litigation," American Bar Association, Section of Labor & Employment Law, Employment Rights and Responsibilities Committee/Ethics and Professional Responsibility Committee, Midwinter Meeting, San Juan, PR

Panelist: "Practice Profiles—Labor and Employment Law," Fordham University School of Law, New York, NY

Panelist: "Responding to a World of Rapidly-Changing Technology," American Bar Association, Labor and Employment Law Section, Annual CLE Conference, Seattle, WA

## 2010

Panelist: "FMLA/ADA and USERRA Update," Colorado Bar Association, National CLE Conference, Vail, CO

Panelist: "Equal Employment Opportunity and Discrimination Law and Regulatory Change," The College

## 2009

Panelist: "Fighting the Discovery Battle Without Losing the Ethics War" (Joint Panel)," American Bar Association, Section of Labor & Employment Law, Employment Rights and Responsibilities Committee/Ethics and Professional Responsibility Committee, Midwinter Meeting, Key West, FL

of Labor & Employment Lawyers New York, Connecticut, and Northern New Jersey, New York, NY

Panelist: "Ethical Issues Surrounding Third Party Payer Situations," New York State Bar Association, Labor and Employment Law Section, Fall Meeting, Longboat Key, FL

Moderator: "Le Divorce: Hot Issues in Negotiating Severance Agreements," National Employment Lawyers Association, Washington DC

Panelist: "No Day at the Beach—Conflicts of Interest," American Bar Association, Section of Labor & Employment Law, Employment Rights and Responsibilities Committee/Ethics and Professional Responsibility Committee, Midwinter Meeting (Joint Panel), New York, NY

Panelist: "Ethics in Employment Law," National Employment Lawyers Association—New York Chapter, New York, NY

Lecturer: "Pregnancy and the Law," Legal Health (New York Legal Assistance Group)—Beth Israel Medical Center, New York, NY

Panelist: "Practice Profiles—Labor and Employment Law," Fordham University School of Law, New York, NY

## Articles & Publications

## California Employers Must Post Salary Ranges on Job Listings and Disclose Pay Data

California's state legislature passed a new law on August 30, 2022 that would significantly advance the fight for pay equity. Under the law, which must be signed or vetoed by Governor Gavin Newsom by September 30, California employers would be required to post salary ranges for job postings. Further, employers with over 100 employees in the state would be required to submit a pay data report to California's Civil Rights Department disclosing pay by race, ethnicity, and gender in specified job categories.

Read More

## New and Existing Paid Leave Laws Protect New York Employees During the COVID-19 Emergency

Few employees and executives have been spared the impacts of the COVID-19 coronavirus. Whether because of illness to themselves or family members, childcare or school closures, or disruption in the workplace, it has been anything but business as usual for the majority...

Read More

## New and Existing Paid Leave Laws Protect New York Employees During the COVID-19 Emergency

Cara Greene, O&G Employment Law Blog, April 21, 2020

Read More

## Supreme Court Shows The Way To A Jury In Pregnancy Discrimination Cases

Outten & Golden LLP attorneys Cara Greene and Deirdre Aaron, and Shirley Lin discuss pregnancy discrimination.

Read More

## Restrictive Covenants and Partnership Agreements: Staying on the Right Side of the Ethics Rules While Protecting Firm Interests

Cara E. Greene, Law Firm Partnership & Benefits Report, October 2013

Read More

## Ethics Concerns When Computing in the Cloud and on the Earth

Cara E. Greene, Law Firm Partnership & Benefits Report, November 2011

## Representing Clients Ethically in the Digital Age

Cara E. Greene, Law Firm Partnership & Benefits Report, April 2015, co-authored with Shirley Lin.

Read More

## The Family Medical Leave Act: 2015 Cumulative Supplement

Cara E. Greene, Chapter 10 Editor, Melissa Pierre-Louis Associate Editor, ABA/BNA Books, 2015

Read More

## The Family Medical Leave Act: 2013 Cumulative Supplement

Cara E. Greene, Chapter 10 Editor, ABA/BNA Books, 2013

Read More

## New Laws Expand Whistleblower Protections

Wayne N. Outten and Cara E. Greene, Employment Law Strategist, November 2011.

Read More

Read More

## The Family Medical Leave Act: 2011 Cumulative Supplement

Cara E. Greene, Chapter 10 Editor, ABA/BNA Books, 2011.

Read More

## The Dodd-Frank Act's Whistleblower Provisions: The Act's Best Hope For Exposing Financial Wrongdoing

In this BNA Insights article, Outten & Golden attorneys Tammy Marzigliano and Cara E. Greene take a close look at these provisions and the effects of preceding laws, such as the Sarbanes-Oxley Act, to examine what their future impact might be. Bloomberg BNA, Workplace Law Report, 10/22/2010.

On Sept. 15, 2008, Lehman Brothers collapsed, sending shock waves through the financial services industry and portending the industry's broader meltdown. Less than two weeks later, Washington Mutual was seized by the federal government and placed into receivership. Over the next year, more than 100 banks folded, Americans saw $13 trillion in wealth evaporate, and massive securities fraud, like that committed by Bernie Madoff, shook investor confidence to the core. The housing market collapsed, the number of people out of work hit 15.6 million, and the federal deficit ballooned. America was in the midst of the Great Recession.

In response, on July 21, 2010, the federal government enacted the Dodd-Frank Wall Street Reform and Consumer Protection Act (the "act" or "Dodd-Frank Act"), which overhauls and strengthens federal oversight of the financial system. While it is impossible to know whether the financial meltdown could have been avoided had the act's provisions been adopted in 2007 instead of 2010, the question on everyone's mind is whether the Dodd-Frank Act will keep it from happening again. Only time will tell if it will have the desired and intended impact, but the act's whistleblower provisions attempt to ensure that in the future financial fraud and irregularities are exposed long

Read More

## Whose Signature Is on the Check?

Cara E. Greene, Law Firm Partnership & Benefits Report, November 2010

Read More

## The Family Medical Leave Act: 2009 Cumulative Supplement

Cara E. Greene, Chapter 10 Editor, ABA/BNA Books, 2009.

Read More

## Family Responsibilities Discrimination in Law Firms

Cara E. Greene and Christopher Willett, *Law Firm Partnership & Benefits Report*, July 2008

Read More

## Ethics Corner: Third Circuit Vindicates Plaintiff's Attorney

Justin M. Swartz and Cara E. Greene. July, 2007. Ethics Corner is a regular contribution by the ABA, Labor & Employment Law Section's Ethics and Professional Responsibility Committee. The Third Circuit recently overturned a district court order disqualifying a plaintiff's attorney who had conducted an *ex parte* interview of the defendant's administrative assistant. *EEOC v. HORA, Inc.*, No. 05-5393, 2007 U.S. App. LEXIS 15705 (3d Cir. June 29, 2007) (unpublished decision). Characterizing the disqualification as "draconian," the Circuit held that the district court abused its discretion because the lawyer did not violate any ethics rules, and, even if she had, there was no prejudice to the defendant.

The plaintiff's lawyer, Jana Barnett, represented Manessta Beverly in a sex harassment and retaliation case against a Days Inn franchise and its management company. During discovery, Barnett conducted an *ex parte* interview of Debbie Richardson, an administrative assistant at the Days Inn. The district court disqualified Barnett for conducting the interview, finding that she violated Pennsylvania Rules of Professional Conduct ("PRPC") Rules 4.2, 4.4, and 5.7.

The Third Circuit reversed, holding that Barnett did not violate Rule 4.2 because the administrative assistant was not a member of the organization with whom *ex parte* contact was forbidden. The Third Circuit recently overturned a district court order disqualifying a plaintiff's attorney who had conducted an ex parte interview of the defendant's administrative assistant.

Read More

## Challenges To Law Firm Mandatory-Retirement Policies

## The Family and Medical Leave Act: 2008 Cumulative Supplement

Linda A. Neilan, Associate Editor, & Cara E. Greene, Chapter 10 Editor, ABA/BNA Books, 2008.

Read More

## Whose Clients Are They? Contacting Putative Class Members

Cara E. Greene and Jill Maxwell, Labor and Employment Law, Vol. 35, No. 3, Spring 2007  www.abanet.org/labor
The prosecution and defense of class actions involve an abundance of ethical considerations. Attorneys must balance zealous advocacy with the governing rules of professional responsibility. For instance, ex parte communications are often an effective and cost-conscious way to glean information, but attorneys on both sides must consider whether contact with putative class members is permissible and, if so, what form that contact may take. With a little forethought, however, lawyers can ensure that they do not overstep ethics rules when contacting putative class members.

Read More

## Jumping Ship (and Taking the Crew): Can Law Firm Partners Solicit Their Firm's Employees?

Employment law attorney Cara E. Greene writes about Challenges to Law Firm Mandatory-Retirement Policies. This article originally appeared in Law Journal Newsletters' Accounting and Financial Planning for Law Firms, February 2007. For more information, visit www.ljnonline.com. Authored with Gary Phelan.

A 2006 survey report indicated that 57% of law firms with 100 or more attorneys have mandatory retirement age policies. *See,* L. Jones "Pitfalls of Mandatory Law Firm Retirement," *National Law Journal*, May 24, 2006. But legal challenges to mandatory retirement policies at law firms are likely to become more common as baby boomers reach retirement age.

The debate over whether a law firm can have a mandatory retirement age has focused on the threshold question of whether the "partner" is deemed an "employer" or an "employee." For each class of lawyer, this article explores possible legal remedies.

Read More

## At the Tipping Point: Mandatory Retirement and Law Firms

Gary Phelan and Cara E. Greene, Law Firm Partnership & Benefits Report, November 2006 and December 2006.

Read More

## The Family and Medical Leave Act: 2006 Supplement

Linda A. Neilan, Associate Editor, & Cara E. Greene, contributing author Chapter 6, ABA/BNA Books, 2006.

Read More

Wayne N. Outten and Cara E. Greene, Law Firm Partnership & Benefits Report, June 2007

Read More

## The DOL's New FLSA White Collar Exemption Regulations and Working with the DOL on FLSA Actions

Adam T. Klein, Mark R. Humowiecki, Tarik F. Ajami, and Cara E. Greene, Employee Rights and Employment Policy Journal, Vol 10, No. 2, Winter 2006.

Read More

## Ethics Corner, ABA Labor and Employment Section Flash, featured columnist

Cara E. Greene, Ethics Corner author ABA Labor and Employment Section Flash, featured columnist.

Read More

# Awards & Recognition

2023: Law360 MVP Awards – Employment

2020-2024: Best Lawyer – Employment Law – Individuals

2021-2024: Best Lawyer – Litigation – Labor and Employment

2013-2023: Super Lawyers – Super Lawyer

2019-2021: Legal 500 United States Recommended Labor and Employment Lawyer

2019-2021: Legal 500 US "Leading Lawyer"

2023: Lawdragon 500 Civil Rights & Plaintiff Employment Lawyer

2018-2021: Lawdragon 500 Leading Plaintiff Employment Lawyers

2019: Super Lawyers NY Women Super Lawyers

2012: Super Lawyers Rising Star – New York Metro



# Gregory S. Chiarello
**Partner**

**New York**

gchiarello@outtengolden.com

212-213-4591

"Equality: Every employee is entitled to equal treatment, equal respect, and equal opportunity."

## About

**GREGORY S. CHIARELLO** is a partner at Outten & Golden LLP in New York, where he is Co-chair of his firm's Family Responsibilities & Disabilities Discrimination Practice Group. He also is a member of the Sex Discrimination and Sexual Harassment Practice Group, and frequently writes and speaks on a number of related issues, including the intersection of the #metoo movement with employment law.

Mr. Chiarello represents employees in litigation and negotiation in a variety of employment matters, including discrimination, retaliation, and harassment claims; fair pay and equal pay claims; breach of employment and other contracts; and noncompete and other restrictive covenant issues. While Mr. Chiarello's background is as a litigator, he frequently counsels employees on a variety of legal and non-legal issues. His

practice also includes providing in-depth preparation for employees facing internal and external investigations.

Mr. Chiarello received his B.A. with highest honors from Rutgers University in 2001, and his J.D. from Brooklyn Law School in 2006, where he was a Carswell Merit Scholar. Although he now represents employees exclusively, Mr. Chiarello began his legal career representing indigent criminal defendants on appeal as a staff attorney at the Office of the Appellate Defender, arguing more than 20 appeals in the New York Supreme Court, Appellate Division, First Department.

**Audio/Video:**

Outten & Golden LLP attorney Gregory S. Chiarello speaking about workplace gender and sex

discrimination on WBAI radio program City Watch.

*(*Prior results do not guarantee a similar outcome.)*

## Bar Admission and Professional Activity

Mr. Chiarello is admitted to practice law only in New York and New Jersey.

Mr. Chiarello is admitted to the following federal courts: The United States District Courts for the Southern District of New York, Eastern District of New York; and Northern District of New York; and the District of New Jersey.

Co-chair, Labor Relations and Employment Law section of the New York County Lawyers Association (NYCLA)

Member, National Employment Lawyers Association (NELA) and its New York Affiliate (NELA/NY)

Member, American Bar Association (ABA)

## Video & Podcasts

Disability, Sick, & Family Leave Explained: Gregory Chiarello of Outten & Golden on Employee Rights

October 2, 2018

Outten & Golden LLP partner Gregory Chiarello, in the New York office, discusses his practice and disability leave, sick leave, family leave, and employee rights.



Addressing Workplace Sexual Harassment: Gregory S. Chiarello of Outten & Golden on Client Advocacy

February 13, 2018

Gregory S. Chiarello, partner in the New York office, discusses sexual harassment and the firm's approach to working with clients and their cases.



## Speaking Engagements

### 2021

Speaker: "Witness Preparation: When Does it Cross the Ethical Line?," New York State Bar Association, Webinar

### 2019

Panelist: "Stuttering and Employment Law Webinar: We Stutter at Work: Career Success for People Who Stutter," National Stuttering Association, If you Stutter, You are not Alone, Webinar

Panelist: "Navigating ADR Through the #MeToo Movement and the Legislative Response," New York State Bar Association Annual Conference

Panelist: "Listening to #MeToo: Why Laws to Prevent Sexual Harassment Have Been Ineffective, and What Attorneys Can do About It," New York State Bar Association Annual Conference, Presidential Summit

### 2018

Panelist: "Sports, Drugs and Rock & Roll: The Evolving Landscape of Drugs and Scandals in Sports and

### 2017

Moderator: "Transgender Legal Issues CLE Program," NYCLA Labor Relations and Employment Law and Lesbian

Entertainment," presented by the Entertainment, Arts and Sports Law Section of the New York State Bar Association

Panelist: "Sexual Harassment in the Workplace: The Aftermath of the Weinstein Affair," presented by the Labor & Employment Relations Association of NYC, New York, NY

Gay Bisexual Transgender Issues Committees, Transgender Employee Rights, Online Video

## 2016

Panelist: "How to Handle an Employment Discrimination Case CLE program," New York County Lawyers Association, Online video

---

## Articles & Publications

### Can My Employer Retaliate Against Me for Taking Legally Protected Work Absences in New York?

Read More

### New York's Landmark "Adult Survivors Act" Extends Statute of Limitations for Claims of Employment-Related Sexual Assault

Starting on November 24, 2022, workers in New York who were sexually assaulted (often within the context of an employment relationship) but time-barred from pursuing a legal action will have an opportunity to seek legal redress through a civil claim.

Read More

### U.S. Women's Soccer Team Demands Equal Pay for Equal Work

Last week, the U.S. women's national soccer team (USWNT), represented by five of its top players, filed a complaint of wage discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that U.S. Soccer players on the men's national team are paid as...

Read More

### Can an Employer Ask for or Maintain a List of Pregnant Employees?

You may know that federal law prohibits an employer or prospective employer from treating an employee or prospective employee differently because she is pregnant. But can an employer maintain a list of employees it knows to be pregnant? As with many other issues in...

Read More

## What About the Employees Who Pick Up the Slack When Coworkers Take Parental Leave?

The United States is one of the few countries in the world that does not require employers to provide any paid time off for new parents. Employees who are covered by the federal Family & Medical Leave Act and meet its requirements may be entitled to up to twelve...

Read More

## What About the Employees Who Pick Up the Slack When Coworkers Take Parental Leave?

Gregory S. Chiarello, O&G Employment Law Blog, December 4, 2018

Read More

## Employer Witnesses: Preparing to Depose in Discrimination Litigation (Pro-Employee)

Gregory S. Chiarello, Lexis Practice Advisor Note, September 2017

Read More

## U.S. Women's Soccor Team Demands Equal Pay for Equal Work

Gregory S. Chiarello, O&G Employment Law Blog, April 7, 2016

Read More

---

## Awards & Recognition

2022 – 2024: Best Lawyers

2023: Lawdragon 500 Civil Rights & Plaintiff Employment Lawyer

2020-2021: Lawdragon 500 Leading Plaintiff Employment Lawyer

2020-2023 – Super Lawyers – Super Lawyer

2017-2019: Super Lawyers Rising Star

---



# Shira Z. Gelfand
**Associate**

**New York**

**sgelfand@outtengolden.com**

**516-788-7159**

## About

**SHIRA Z. GELFAND** is an associate at Outten & Golden LLP in New York, where she represents employees in litigation and negotiation in all areas of employment law. She is also a member of the firm's Pay Equity Practice Group. Prior to joining the firm, Ms. Gelfand worked as an associate in employment practices coverage, where she advised insurers regarding liabilities and underwriting considerations related to discrimination, harassment, retaliation, wrongful termination, and wage and hour claims.

Ms. Gelfand received her B.A. from Binghamton University *cum laude* and her J.D. from Benjamin N. Cardozo School of Law where she was a Public Service Scholar. During law school, Ms. Gelfand worked as a law clerk at Outten & Golden, interned at the New York State Office of the Attorney General in the Civil Rights Bureau and Pfizer, Inc., and participated in the New York City Law Department Labor and Employment Law Field Clinic.

*(*Prior results do not guarantee a similar outcome.)*

## Bar Admission and Professional Activity

Ms. Gelfand is admitted to practice law only in New York.

Ms. Gelfand is admitted to the following federal courts: The United States District Courts for the Southern District of New York and the Eastern District of New York.

Member, New York City Bar Association

Member of the National Moot Court Competition (New Lawyers Council) (2022 – 2024)

## Speaking Engagements

### 2023

Speaker: "Closing the Pay Gap: Challenges and Opportunities in Pay Equity Reform," 2023 Labor and Employment Law Conference, San Juan, Puerto Rico

## Articles & Publications

What California Job Applicants and Employees Need to Know About the State's New Pay Transparency Law

Read More

Pay Transparency in New York City

As we previously reported earlier this year, the New York City Council passed a law requiring New York City employers with more than four employees to publish the minimum and maximum pay range for any job by May 15, 2022. While this new law was an exciting development for job seekers, many questions remained as to its application and enforcement.

Read More

### Know Your Rights: New NYC Law Requiring Salary Disclosures in Job Postings

Read More

### New York State Joins Efforts to Increase Pay Equity With New Pay Transparency Law

Following the lead of New York City and other states like California and Washington, New York State recently passed a law requiring employers with four or more employees to publish the minimum and maximum pay range for any advertised position. Effective on September 17, 2023, the amendment to the state's labor law advances the goal of pay equity by providing applicants and current employees with greater information about the salary ranges of similarly situated colleagues. As Gov. Kathy Hochul said when signing the bill, "This historic measure will usher in a new era of fairness and transparency for New York's workforce and will be a critical tool in our efforts to end pervasive pay gaps for women and people of color."

Read More

### New York City Job Postings Now Require Salary Range

A new pay transparency law taking effect on May 15, 2022 will require employers to list salary ranges "from the lowest to the highest salary the employer in good faith believes at the time of the posting it would pay for the advertised job, promotion or transfer opportunity."

Read More

### In the Wake of Racial Injustice, Employees and Employers Are Checking Each Other

As conversation surrounding racial justice grows nationwide, candid discussions regarding race are coming to a head in the workplace, where employers and employees are pushing one another to be on the right side of the conversation. While the national conversation is...

Read More

### Healthcare Workers Must Navigate Employment Issues While Fighting on the Frontlines

Much has been asked of the doctors, nurses, and other healthcare workers fighting the COVID-19 pandemic. Our Executives & Professionals Practice Group is proud to represent several of them, and we owe all the frontline heroes and first responders our deepest...

Read More

### 100 Percent COBRA Subsidies and Continuation Coverage Provided by the American Rescue Plan: What Workers Need to Know

Anyone who lost a job that provided group health insurance knows that COBRA continuation coverage can be a lifesaver. They also know that the costs of maintaining that coverage can be astronomical if not prohibitive, especially for someone looking for a new position. For workers who rely on COBRA coverage or are considering enrolling because of a layoff or termination, President Biden's recently enacted American Rescue Plan of 2021 (ARP) provides significant relief, including subsidies that effectively make health insurance free for several months.

Read More

New York State Joins Efforts to Increase Pay Equity With New Pay Transparency Law

Read More

Seeking to Strengthen Pay Equity Laws in New York

Though decades have passed since equal pay legislation was first introduced, significant pay inequity persists across gender, race, ethnicity and other protected characteristics. According to the National Women's Law Center, women in New York typically make 88 cents for every dollar paid to men. For Black women, it's 65 cents, and for Latina women, it's 56 cents.

Read More

In the Wake of Racial Injustice, Employees and Employers Are Checking Each Other

Shira Z. Gelfand, O&G Employment Law Blog, June 19, 2020

Read More

100 Percent COBRA Subsidies and Continuation Coverage Provided by the American Rescue Plan: What Workers Need to Know

Shira Gelfand, O&G Employment Law Blog, June 25, 2021

Read More

## Awards & Recognition

2023: Super Lawyers – Rising Star



# Susan E. Huhta
**Partner**

**Washington**

shuhta@outtengolden.com

202-684-7080

*"We honor the trust that clients put in us by working to earn it every day."*

## About

**SUSAN E. HUHTA** is the partner in charge of Outten & Golden's Washington, D.C. office, where she heads the D.C. office's individual practice group. She is Co-Chair of the firm's Discrimination and Retaliation Practice Group, and represents employees in a wide range of employment matters, including litigation in state and federal trial and appellate courts. Ms. Huhta also provides advice and counseling to individuals experiencing employment problems or disputes, including executives and lawyers, and she negotiates, as well as non-compete, bonus, change of control, separation and severance agreements.

Ms. Huhta's employment practice focuses on claims of wrongful termination, discrimination, sexual harassment, retaliation, family and medical leave act violations, and breaches of contract. She also represents whistleblowers and

individuals who experience adverse employment action as a result of opposing illegal or unethical corporate practices. Ms. Huhta has recovered tens of millions of dollars in lost compensation and other damages for individuals who were wrongfully terminated or otherwise mistreated in the workplace.

Before joining Outten & Golden in 2017, Ms. Huhta practiced at a Washington D.C. boutique employment law firm for six years.  From 1999 to 2011, she ran the Equal Employment Opportunity and Public Accommodations Projects at one of D.C.'s premier civil rights organizations, the Washington Lawyers' Committee for Civil Rights & Urban Affairs, where she represented individuals, classes and institutional clients such as the National Association for the Advancement of Colored People in cases involving discrimination based on race,

gender, age, religion and disability. She began her law career in Washington, D.C. as a litigation associate at Arnold & Porter LLP, and she clerked for the Honorable Barbara B. Crabb, United States District Court Judge for the Western District of Wisconsin.  Ms. Huhta received her Bachelor of Arts degree from Cornell University and graduated *cum laude* from the University of Wisconsin School of Law, where she served as an Articles Editor of the Wisconsin Law Review.

Annually since 2019, Ms. Huhta has been selected as one of the "Best Lawyers in America" representing individuals in employment law, and in 2023, she was selected as the "Best Lawyer" in the D.C. Metropolitan Area representing individuals in employment law.  Since 2019 she has also been rated as a top lawyer by "Super Lawyers."  She currently serves on the Board of Directors of The Washington Lawyers' Committee for Civil Rights & Urban Affairs.

Ms. Huhta employs a highly client-centric approach, carefully considering all aspects of a client's life and needs in helping develop and implement strategic decisions. She believes that every single client — without regard to position in life — deserves a dedicated, compassionate, and tenacious advocate.

*(*Prior results do not guarantee a similar outcome.)*

## Bar Admission and Professional Activity

Ms. Huhta is admitted to practice law only in Washington, D.C.

Ms. Huhta is admitted to the following federal courts: The United States District Courts for the District of Columbia and the District of Maryland; the United States Court of Federal Claims; and the United States Courts of Appeals for the District of Columbia and for the Fourth Circuit.

Member, American Bar Association

Member, National Employment Lawyers Association

Member, Metropolitan Washington Employment Lawyers Association (MWELA)

Member, Women's Bar Association, D.C. Chapter

Member, Trial Lawyers Association, D.C. Chapter

Member, Board of Directors, The Washington Lawyers' Committee for Civil Rights & Urban Affairs

Past Member, Board of Directors, First Shift, 2019-2022

Past Member, Leadership Advisory Committee, National Women's Law Center, 2020-2022

Past Member, Board of Directors, MWELA, 2010-2011

Past President, Washington Council of Lawyers, 1998

## Speaking Engagements

### 2022

Speaker: "Big Jury Trial Wins Against The Federal Government," Metropolitan Washington Employment Lawyers' Association Virtual Seminar, Washington, D.C.

### 2021

Co-panelist: "Executive Compensation and Pensions," Metropolitan Washington Employment Lawyers' Association Virtual Seminar, Washington, D.C.

### 2020

### 2019

Co-panelist: "Equal Pay and Workplace Hiring & Retention Policies," D.C. Bar Annual Convention, Washington, D.C.

Speaker: "Things To Look For In Settlement Agreements," National Employment Lawyers Association Annual Convention, New Orleans, LA

## 2018

Speaker: "Changing Currents in Employment Law 2018: Recent Trends and Developments in the Use of Experts in Employment Cases," District of Columbia Bar CLE Program, Washington, D.C.

Panelist: "#WeToo in the Legal Workplace," National Association of Women Judges, 13th Annual Meeting with the Congressional Women's Caucus, Washington, D.C.

Panelist: "Title VII Retaliation Updates," Metropolitan Washington Employment Lawyers Association Annual Conference, Washington, D.C.

---

## Articles & Publications

### Recent Changes to the District of Columbia's Human Rights Law Protect More D.C. Workers From Harassment and Discrimination

Many states and local jurisdictions are amending their anti-discrimination and anti-harassment laws to specifically cover independent contractors and other workers not classified as employees. One of the latest jurisdictions to join this trend is the District of Columbia.

Read More

### Looking Forward and Looking Back: Using the Pregnancy Discrimination Act and Discriminatory Gender/Pregnancy Stereotyping to Challenge Discrimination Against New Mothers

Susan E. Huhta, Westfall and Williams, 7 Emp. Rts. & Emp. Pol'y
J. 303, 2003

Read More

## Awards & Recognition

2023: Best Lawyers – Lawyer of the Year for Employment Law – Individuals in Washington, D.C.

2019-2024: Best Lawyer – Employment Law – Individuals

2020-2024: Best Lawyer – Litigation – Labor and Employment

2019-2023: Super Lawyers – Super Lawyer

2019-2021: Lawdragon 500 Leading Plaintiff Employment Lawyers

2023: Lawdragon 500 Civil Rights & Plaintiff Employment Lawyer

2018: Avvo – Clients' Choice Award

2016-2018: National Trial Lawyers Association – Top 100 Lawyers (civil plaintiff's side)

Washingtonian Magazine, Washington's Top Lawyers, Individual Rights (2010)

Member, Order of the Coif

Articles Editor, Wisconsin Law Review



# Daniel S. Stromberg
**Partner – eDiscovery Counsel**

**Washington**

dstromberg@outtengolden.com

(202) 914-5097



## About

**DANIEL S. STROMBERG** is a partner and eDiscovery Counsel at Outten & Golden LLP.  He is head of O&G's eDiscovery Practice Area, where he advises clients and case teams on discovery strategies, best practices, protocols and technologies, and oversees discovery collections, managed review, and productions. Mr. Stromberg frequently speaks on eDiscovery issues from a plaintiff's perspective, and teaches electronic discovery at the University of Virginia.

Mr. Stromberg negotiates eDiscovery agreements and helps manage discovery strategy and processes in cases in all areas of employment law, including wage and hour and discrimination class actions. His practice particularly focuses on the use of technology to effectively advocate for sufficient and defensible discovery. Before joining Outten & Golden LLP, Mr. Stromberg worked as Director of Discovery Technology at a boutique discovery firm, and as a Senior E-Discovery Consultant with a leading eDiscovery technology provider.

Mr. Stromberg earned his B.A., *cum laude*, from the University of Rochester and his J.D. from The George Washington University Law School. He is admitted to practice in Virginia and the District of Columbia, and is a member of The Sedona Conference Working Group for Electronic Document Retention and Production.

*(*Prior results do not guarantee a similar outcome.)*

## Bar Admission and Professional Activity

Mr. Stromberg is admitted to practice law only in Virginia, the District of Columbia, and New York.

Member, The Sedona Conference Working Group for Electronic Document Retention and Production

Member, Complex Litigation eDiscovery Forum

---

## Speaking Engagements

### 2021

Panelist: "Risk Management / Ethics for Lawyers vis-à-vis Technology," American Bar Association, National Symposium on Technology in Labor and Employment Law, Webinar

### 2020

Presenter: "The Foundations of eDiscovery," Virginia Alliance of Paralegal Association, 2020 Statewide Conference

Panelist: "The ABCs of ESI," National Employment Lawyers Association, 2020 Annual Convention

### 2019

Speaker: "So-Called 'Discovery on Discovery'," Complex Litigation eDiscovery Forum, Minneapolis, MN

### 2018

Speaker: "David v. Goliath: Successfully Negotiating E-Discovery Parameters in Assymetrical Litigation," Georgetown Law CLE & Exterro, edTalks, (Webcast)

Panelist: "Nuts and Bolts: Negotiating for the ESI You Need," NELA/NY, Spring 2018 Conference, New York, NY

Speaker: "Working Productively With The Other Side To Get What You Need," NELA, ESI & Technology For The Plaintiffs' Employment Lawyer, Vienna, VA

### 2017

Daniel S. Stromberg | Outten & Golden

Dialogue Leader: "Cooperation and Transparency," The Sedona Conference WG1 Annual Meeting, Phoenix, AZ

Speaker: "Discovery on Discovery: Both Sides of the V," Georgetown Law, Advanced eDiscovery Institute, Washington, DC

Speaker: "From Buzzword to Process: Advancing Cooperation to Improve Discovery," Georgetown Law, Advanced eDiscovery Institute, Washington, DC

## Awards & Recognition

2023-2024: Best Lawyers – Employment Law – Individuals



# Moira Heiges-Goepfert
**Counsel**

**San Francisco**

**mhg@outtengolden.com**

**(925) 557-5622**

## About

Moira Heiges-Goepfert is Counsel at Outten & Golden in its San Francisco office and a member of the firm's Class Action Practice Group.  She represents employees in class action discrimination (race, gender, immigration and criminal history), wage and hour, and Fair Credit Reporting Act cases, as well as other civil rights cases aimed at eliminating systemic injustice.  Prior to joining the firm in 2017, Moira clerked for the Honorable Jon O. Newman, U.S. Court of Appeals for the Second Circuit, and the Honorable Valerie Caproni, U.S. District Court for the Southern District of New York.  She also worked as a litigation associate at Cleary Gottlieb Steen & Hamilton in New York and taught English literature and writing at a public university in Beijing, China.  Moira earned her B.A. with honors from Yale University in 2004, and her J.D., magna cum laude and Order of the Coif, from the University of Minnesota Law School in 2010, where she served as Managing Editor for the Minnesota Law Review.

*(*Prior results do not guarantee a similar outcome.)*

## Bar Admission and Professional Activity

Ms. Heiges-Goepfert is admitted to practice law only in California and New York.

Ms. Heiges-Goepfert is admitted to the following federal courts: The United States District Courts for the Southern District of New York and the Eastern District of New York, and the Northern District of California; and the United States Courts of Appeals for the Second Circuit and the Ninth Circuit.

California Employment Lawyers Association (CELA)

## Speaking Engagements

### 2022

Speaker: "Former Defense Attorneys Roundtable," CELA's Wage & Hour Committee, CELA's 18th Annual Advanced Wage & Hour seminar, Webinar

Panelist: "2022 Employment Law Update," Santa Clara University, Katharine & George Alexander Community Law Center, 2022 Speaker Series, Webinar

### 2020

Speaker: "Epic Maneuvers: Litigation and Legislative Tactics in the World of Class Action Waivers," Minnesota CLE, 2020 Upper Midwest Employment Law Institute, Webcast

## Articles & Publications

### Apple Must Pay Workers for Time Spent on Mandatory Inspections, California Supreme Court Unanimously Rules

If your employer required you to wait around your workplace for up to 45 minutes after the end of your shift before letting you go home, you would likely want to be paid for that "off the clock" time. If you work in California, your state's highest court agrees with...

Read More

### Changes to New Jersey Law Expand Worker Protections and Target Employee Misclassification

Several recent changes in New Jersey employment law have increased protections for Garden State workers. This stands in contrast to new interpretations of federal wage and hour law, which have generally been viewed as much more employer-friendly. The new laws in New...

Read More

Moira Heiges-Goepfert | Outten & Golden

Changes to New Jersey Law Expand Worker
Protections and Target Employee Misclassification

Moira Heiges-Goepfert, O&G Employment Law Blog, March 23,
2020

Read More

---

## Awards & Recognition

2024: Best Lawyer

---

Lindsay M. Goldbrum | Outten & Golden



# Lindsay M. Goldbrum
**Associate**

**New York**

lgoldbrum@outtengolden.com

(516) 788-7159



## About

**LINDSAY M. GOLDBRUM** is an Associate at Outten & Golden LLP in New York, and a member of the firm's Individual Practice Group, representing individuals in a wide range of employment matters, including sexual harassment, sexual assault, discrimination on the basis of gender, gender identity, sexual orientation, pregnancy, race, disability and/or age, retaliation, family and medical leave, whistleblower and contract claims. She has experience representing employees in single-plaintiff litigation in both federal and state court as well as in arbitration. Prior to joining Outten & Golden, Ms. Goldbrum worked as a Senior Associate at Wigdor LLP, where she represented individuals in employment litigations. Additionally, Ms. Goldbrum worked as an Assistant District Attorney at the Kings County District Attorney's office.

Ms. Goldbrum is an advocate for LGBTQ+ individuals both in and out of the employment context. Ms. Goldbrum currently serves on the Board of Directors for LeGal, the LGBT Bar Association of New York, where she is the co-chair of the Women's Committee. In addition, Ms. Goldbrum has participated in speaking engagements not only about LGBTQ+ employment discrimination, but also about her own experience as an LGBTQ+ attorney. Ms. Goldbrum is admitted to practice in New York and New Jersey, as well as the Second Circuit Court of Appeals and the United States District Courts for the Southern and Eastern Districts of New York.

Ms. Goldbrum has been named to Best Lawyers: Ones to Watch in 2023 and to Super Lawyers: Rising Stars from 2020-2022. Ms. Goldbrum graduated from the University of Maryland- College Park with a B.A. in both Government and Politics and Criminology and Criminal Justice, as well as a College Park Scholars concentration in International Studies. Ms. Goldbrum received her J.D. from Benjamin N. Cardozo School of Law, where she was a full merit scholarship recipient. Upon graduating, Ms. Goldbrum was awarded the

Cardozo Service and Achievement Award for her dedication to the school's clinics, volunteer opportunities, and student leadership.

*(*Prior results do not guarantee a similar outcome.)*

## Bar Admission and Professional Activity

Ms. Goldbrum is admitted to practice in New York and New Jersey, as well as the Second Circuit Court of Appeals and the United States District Courts for the Southern and Eastern Districts of New York.

## Articles & Publications

Supreme Court Issues Devastating Blow to LGBTQ+ Rights During Pride Month

Read More

The $5M Verdict Against Trump: New Laws Allow Sexual Assault Survivors Another Chance to Face Their Attackers

Read More

Sexual Harassment at Off-Site Company Events

Read More

The Trump Trial: How the Adult Survivors Act Gave E. Jean Carroll and Others a Voice

Splashed on the front page of every paper in the country is the story of the ongoing trial against Former President Donald J. Trump. E. Jean Carroll, a writer and a former columnist for Elle magazine, alleges that Trump viciously raped her nearly 30 years ago in a department store dressing room. A year ago, Ms. Carroll would not have been able to bring these claims in court. However, with the passage of the New York Adult Survivors Act, survivors of sexual assault are given a finite window within which these claims will be revived. That window ends on November 23, 2023.

Read More

LGBTQ+ Sexual Harassment in the Workplace in the Wake of #MeToo

New York's Brand-New Law Protecting Sexual Assault Victims Rejects Old Excuses and Revives Old Claims

While #MeToo has shone a light on the important topic of sexual harassment in the workplace, one issue that appears to remain in the shadows is sexual harassment perpetrated against LGBTQ+ individuals.  #MeToo has been groundbreaking in amplifying the voices of victims of sexual harassment and assault that have long been silenced.  However, the experiences of LGBTQ+ individuals, who have been shown to be disproportionately affected by sexual violence, are often excluded from the narrative.

Read More

It is a scene we have all watched in movies and television: an unwanted kiss, uncomfortable advances, a forceful grope or, often, something much worse. Today's social climate recognizes that these frequent workplace behaviors are inappropriate, unacceptable, and illegal. But for years, this type of conduct was excused and ignored, implicitly condoned, as "boys being boys" and "that's just how it was back then."

Fortunately, New Yorkers benefit from some of the most progressive laws combatting the sexual assault of employees. The New York Adult Survivors Act is one such example.

Read More

No data was found

---

## Awards & Recognition

2023-2024: Best Lawyers – Ones to Watch

2020-2023: Super Lawyers – Rising Stars

---



# Jennifer Davidson
**Associate**

**Washington**

**Jdavidson@outtengolden.com**

**202-847-4412**

## About

**JENNIFER DAVIDSON** is an associate at Outten & Golden LLP in Washington, D.C. where she is a member of the Class Action and Individual Practice Groups. Prior to joining the firm in 2021, Ms. Davidson was a fellow at Cohen Milstein Sellers & Toll LLP, where she worked on a wide range of class action litigations, including employment discrimination, harassment, and wage and hour cases.  She also clerked for the Honorable Gregg Costa on the Fifth Circuit Court of Appeals and the Honorable Wendy Beetlestone on the Eastern District of Pennsylvania. Ms. Davidson received her A.B., summa cum laude, from Dartmouth College, and her J.D., Order of the Coif, from the University of Virginia, where she was a Hardy Cross Dillard Scholar.  During law school, Ms. Davidson participated in UVA's Housing Clinic and Supreme Court Litigation Clinic, was a Law and Public Service Fellow, and served as Articles Development Editor for the *Virginia Law Review*. Additionally, Ms. Davidson was a summer associate at Altshuler Berzon LLP, where she worked on union, employment, and civil rights cases.

*(*Prior results do not guarantee a similar outcome.)*

## Bar Admission and Professional Activity

Ms. Davidson is admitted to practice law only in New York and Washington, DC.

## Articles & Publications

No data was found

### NLRB Proposes New Rule to Restore Common Law Joint Employer Standard

On September 6, 2022, the National Labor Relations Board released a Notice of Proposed Rulemaking addressing the standard for determining joint-employer status under the National Labor Relations Act. The Proposed Rule would roll back changes to the joint-employer test established in a 2020 rule and re-ground the analysis in its historic common-law agency principles.

Read More

### Justice for All?: The Shortcomings and Potentials of the Capabilities Approach for Protecting Animals

Jennifer Davidson, *Justice for All?: The Shortcomings and Potentials of the Capabilities Approach for Protecting Animals*, ANIMAL LAW REVIEW, Vol. 24, 2018

Read More

### Lessons from Trinity Lutheran: An Entity-Based Approach to Unconstitutional Conditions and Abortion Defunding Laws

Jennifer Davidson, *Lessons from* Trinity Lutheran*: An Entity-Based Approach to Unconstitutional Conditions and Abortion Defunding Laws*, NYU REVIEW OF LAW AND SOCIAL CHANGE, Vol. 43, 2019

Read More

## Awards & Recognition

2023: Super Lawyers – Rising Star

Lile Intramural Moot Court Competition Winner

Bob Barker Prize for Student Writing in Animal Law, Ethics and Rights

Norton Rose Fulbright Best Legal Memorandum Award



# Eliana J. Theodorou
**Associate**

**New York**

etheodorou@outtengolden.com

(516) 788-7159

## About

**ELIANA THEODOROU** is the Public Interest Fellow and an associate at Outten & Golden LLP in New York. She is a member of the firm's Individual and Class Action Practice Areas. She co-chairs the Firm's Public Interest Committee. Ms. Theodorou received her B.A. with high honors from Wesleyan University in 2012, and her J.D., magna cum laude and Order of the Coif, from New York University School of Law in 2018, where she served as an Executive Editor of New York University Law Review. During law school, Ms. Theodorou served as a clinic student with the New York Civil Liberties Union, and represented parents in abuse and neglect proceedings as a member of NYU Law's Family Defense Clinic.  She also worked on civil rights and employment matters as a law clerk at Beldock, Levine & Hoffman, LLP. Prior to joining Outten & Golden, Ms. Theodorou clerked for the Honorable Gabriel W. Gorenstein of the Southern District of New York. Prior to law school, Ms. Theodorou was the Program Associate for the National Judicial Education Program at Legal Momentum (formerly NOW Legal Defense and Education Fund), where she worked to design training and curricula to educate judges and other justice system professionals about the realities of sexual and domestic violence.

*(*Prior results do not guarantee a similar outcome.)*

## Bar Admission and Professional Activity

Ms. Theodorou is admitted to practice law only in New York.
Ms. Theodorou is admitted to the following federal courts: The United States District Courts for the Southern District of New York and the Eastern District of New York.

## Articles & Publications

### COVID-19 and the Illinois Biometric Information Privacy Act

The COVID-19 pandemic has forced much of the American workforce online, where employers are making use of a variety of platforms to facilitate remote work. Some of these platforms involve video recording or access by fingerprint, face scan, or retina or iris scan,...

Read More

### COVID-19 and the Illinois Biometric Information Privacy Act

Eliana Theodorou, O&G Employment Law Blog, May 13, 2020

Read More

### Note: Supported Decision-Making in the Lone-Star State

Eliana J. Theodorou, 93 N.Y.U L. Rev. 974, 2018

Read More

### Intimate Partner Sexual Assault: An Overlooked Reality of Domestic Violence

Eilana J. Theodorou, update with Lynn Hecht Schafran, Lawyer's Manual on Domestic Violence: Representing the Victim 6th ed.,

Read More

## Awards & Recognition

2023: Super Lawyers – Rising Star

Amanda T. Chan | Outten & Golden



# Amanda T. Chan
**Associate**

**New York**

**achan@outtengolden.com**

**(516) 788-7159**

## About

**AMANDA CHAN** is an associate at Outten & Golden LLP, and a member of the firm's Individual Practice Group, representing employees in discrimination and retaliation matters. Prior to joining the firm in 2022, Amanda represented consumers, workers, and nursing home residents in individual and class action litigation at Finkelstein, Blankinship, Frei-Pearson & Garber LLP. Amanda earned her B.Phil. from the University of Pittsburgh in 2016 and her JD from Harvard Law School in 2020. During law school, Amanda was a summer associate at Winston & Strawn, served as a student attorney at the Wilmerhale Legal Services Center of Harvard Law School, and interned at the Death Penalty Project in London, UK.

*(*Prior results do not guarantee a similar outcome.)*

## Bar Admission and Professional Activity

Ms. Chan is admitted to practice in New York.

## Speaking Engagements

2021

"Representing Workers Who Were Forced To Sign Arbitration Agreements," Harvard Plaintiff's Law Association

"Representing Workers Who Were Forced To Sign Arbitration Agreements," LawLine

# EXHIBIT 7

| Relevant Time | Date | Timekeeper | Initials | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|---|
| 1.3 | 11/22/2023 | Vincent Yang | VXY | $325 | 1.3 | $422.50 | Prepare table of contents and table of authorities and plug in lodestar amounts into attorneys' fee motion. |
| 1.2 | 11/22/2023 | Vincent Yang | VXY | $325 | 1.2 | $390.00 | Prepare tables re injunctive relief memorandum of law. |
| 0.4 * | 11/22/2023 | Napoleon Zapata | NAZ | $325 | 0.7 | $227.50 | TOA TOC review with ALM, and finalization of memorandum of law in support of Plaintiff's Motion for Instatement, Permanent Injunction, and Other Post Judgment Relief in advance of filing. |
| 0.2 * | 11/22/2023 | Napoleon Zapata | NAZ | $325 | 0.4 | $130.00 | Correspondence with ALM, CEG, VXY, ET, GSC, TAM, and ALM re TOA TOC review and finalization of memorandum of law in support of Plaintiff's Motion for Instatement, Permanent Injunction, and Other Post Judgment Relief. |
| 0.5 | 11/22/2023 | Vincent Yang | VXY | $325 | 0.5 | $162.50 | Conference and review tables of contents re attorneys' fees motion with EJT. |
| 0.4 | 11/22/2023 | Vincent Yang | VXY | $325 | 0.4 | $130.00 | Review tables of contents and authorities re fee motion with ALM. |

**Total**      **4.0**

# EXHIBIT 8

NAAVROW1

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  ULKU ROWE,

4              Plaintiff,

5       v.                              19 Civ. 8655 (JHR)

6  GOOGLE LLC,

7              Defendant.               Trial

8  ------------------------------x
                                        New York, N.Y.
9                                       October 10, 2023
                                        10:15 a.m.
10
   Before:
11
                  HON. JENNIFER H. REARDEN,
12
                                        District Judge
13                                      -and a jury-

14                      APPEARANCES

15  OUTTEN & GOLDEN, LLP
        Attorneys for Plaintiff
16  BY:  CARA E. GREENE
         GREGORY S. CHIARELLO
17       SHIRA Z. GELFAND

18  PAUL HASTINGS LLP
        Attorneys for Defendant
19  BY:  KENNETH W. GAGE
         SARA B. TOMEZSKO
20
    Also Present:  Vincent Yang, Paralegal (Outten & Golden)
21                 Andrew Velazquez, Google Rep.
                   Jean Gutierrez, Paralegal (Paul Hastings)
22

23

24

25

NAAVROW1

```
 1                A F T E R N O O N    S E S S I O N

 2                          3:00 P.M.

 3            (A jury of eight was impaneled and sworn)

 4            THE COURT:  Please be seated.

 5            All right.  I want to give some quick rulings before

 6     the jury comes in.

 7            All right.  First, the question about Ms. Rowe's

 8     testimony and whether she can testify about her own

 9     involvement.  Ms. Greene, I think you said, not having the

10     benefit of a transcript, her own involvement in protests

11     concerning sexual harassment and/or the resulting 2018 walkout,

12     was that a question?

13            MS. GREENE:  It's with respect to her participation in

14     the walkout, which also included issues of pay equity, her own

15     participation, and the motivation then for her complaint six

16     days later.

17            THE COURT:  All right.  I view that as covered by

18     Judge Schofield's ruling on defendant's second motion *in*

19     *limine*, and provided that the probative value, if any, is

20     likely to confuse a jury in a way that would prejudice the

21     defendant.  So no, she may not testify about that.

22            All right.  As for the --

23            MS. GREENE:  Your Honor --

24            THE COURT:  That's my ruling.  Thank you.

25            I'm moving on to the documents now.
```