UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE, | Case No. 1:19-cv-08655-JHR |
| Plaintiff, | ORAL ARGUMENT REQUESTED |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

**MEMORANDUM OF LAW IN FURTHER OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. LEGAL STANDARD........................................................................................................... 1

III. ARGUMENT ........................................................................................................................ 2

    A. To the Extent Rowe Achieves Only Limited Success On Her Post-Trial Motions, Her Fee Recovery Should Be Commensurately Reduced. ..................... 2

    B. Rowe Cannot Recover for Inefficient Use of Time. .............................................. 3

    C. Rowe's Costs Are Excessive. ................................................................................ 5

IV. CONCLUSION..................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**                                                                                                 **Page(s)**

*Abraham v. Thomas Jefferson Univ. Hosp.*,
  No. 20-cv-2967 (E.D. Pa. Dec. 18, 2023) ................................................................................3

*Cowan v. Ernest Codelia, P.C.*,
  No. 98-cv-5548, 2001 WL 30501 (S.D.N.Y. Jan. 12, 2001),
  *aff'd*, 50 F. App'x 36 (2d Cir. 2002) .......................................................................................4

*Ravina v. Columbia Univ.*,
  No. 16-cv-2137, 2020 WL 1080780 (S.D.N.Y. Mar. 6, 2020) ................................................5

*Robinson v. City of New York*,
  No. 05-cv-9545, 2009 WL 3109846 (S.D.N.Y. Sept. 29, 2009) ......................................1, 2, 3

*Rozell v. Ross-Holst*,
  576 F. Supp. 2d 527 (S.D.N.Y. 2008) ...........................................................................2, 3, 4, 5

*Sayigh v. Pier 59 Studios, L.P.*,
  No. 11-cv-1453, 2015 WL 997692 (S.D.N.Y. Mar. 5, 2015) ................................................1, 2

*Williams v. Metro-North R.R. Co.*,
  No. 17-cv-3847, 2018 WL 3370678 (S.D.N.Y. June 28, 2018) ............................................3, 4

I.  **INTRODUCTION**

From October 30 through December 14, 2023, Outten & Golden LLP ("O+G") worked another 418 hours on this case. This is equivalent to a single attorney working 35 days, 12 hours a day solely on post-trial motion practice. This Court should not reward Rowe for this inefficiency with a windfall of over $224,000 in claimed post-trial fees.

O+G's post-trial billing records demonstrate a continuation of the inefficiencies reflected in the initial motion. These records are proof of inefficiency in staffing and productivity; excessive internal conferences; partners performing clerical work; and tasks wholly irrelevant to this lawsuit. This Court should reduce Rowe's fee recovery to account for O+G's concerning inefficiencies in the post-trial period. To the extent Rowe's ultimate success, if any, in this case is less than she pursued, this Court should commensurately reduce her claimed fees, too.

II.  **LEGAL STANDARD**

An award of attorneys' fees for a fee application itself "is not automatic or mandatory." *Sayigh v. Pier 59 Studios, L.P.*, No. 11-cv-1453, 2015 WL 997692, at *11 (S.D.N.Y. Mar. 5, 2015). A so-called "fees on fees" award "is to be evaluated no differently from the costs of litigating the underlying case." *Id*. Thus, "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Id*. The same principle applies to the extent Rowe's ultimate success, if any, in this case is less than she pursued. *See Robinson v. City of New York*, No. 05-cv-9545, 2009 WL 3109846, at *12 (S.D.N.Y. Sept. 29, 2009) (plaintiff can recover fees only for a "*successful* [post-trial] motion for injunctive relief") (emphasis added).

Additionally, where the claimed fees for post-trial motion practice "are exorbitant or the time devoted to . . . them [is] unnecessarily high, the judge may refuse further compensation or grant it sparingly." *Id*. at *12, *14. A line-by-line audit of post-trial billing records is unnecessary;

1

this Court can simply apply an across-the-board reduction for demonstrated inefficiency. *See Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) (imposing 15% reduction on O+G's fees because the firm "devoted more time than was reasonably necessary" in litigation).

### III.  ARGUMENT

#### A.  To the Extent Rowe Achieves Only Limited Success On Her Post-Trial Motions, Her Fee Recovery Should Be Commensurately Reduced.

In its opposition to Rowe's fee application, Google set forth the myriad reasons that this Court should implement an 80% reduction of Rowe's attorneys' fees and costs. Those included (1) Rowe's severely limited degree of success at trial; (2) matters unreasonably, unsuccessfully, and untimely pursued; (3) inefficient use of attorney time; (4) time entries for non-compensable work (some of which O+G has acknowledged were inappropriate, (ECF No. 383 at 1 n.1); and (5) excessive costs. (ECF No. 378.) This Court should reduce Rowe's recovery of fees incurred through trial by 80% for these reasons. Then, it should commensurately reduce Rowe's recovery of fees for the fee application itself. *Sayigh*, 2015 WL 997692, at *12 (plaintiff "should not receive fees for her overwhelmingly unsuccessful fee application").

This Court should likewise reduce Rowe's fees if her motion for instatement, permanent injunction, and other post-judgment relief fails, or achieves only limited success. *See Robinson*, 2009 WL 3109846, at *12 (plaintiff can recover fees only for a "successful [post-trial] motion for injunctive relief"). As set forth in Google's opposition to that motion, Rowe is not entitled to instatement to a higher-paying position, an up-level, declaratory or injunctive relief, a tax gross-up, pre-judgment interest, or post-judgment interest at a 9% interest rate. (ECF No. 376.) Indeed, Rowe failed even to address Google's arguments on pre- and post-judgment interest, apparently ceding that ground. Thus, her motion has already failed in key respects.

2

B.     **Rowe Cannot Recover for Inefficient Use of Time.**

O+G expended nearly 420 hours, and almost $225,000 of Rowe's money, on post-trial briefs.[1] This inefficiency should not be rewarded. *See Robinson*, 2009 WL 3109846, at *12–14 (reducing fee award for post-trial motion for permanent injunction, because claimed fees were "grossly excessive . . . [g]iven that motions for injunctive relief are frequently made by civil rights law firms, and that plaintiffs are commanding hourly rates that assume a certain level of expertise in discrimination law"). O+G's inflated numbers are ascribable to the multiple inefficiencies evident in its billing records. For example:

- O+G billed over 23 hours for internal conferences in just 35 business days, which, assuming three attendees, averages to a twenty-minute conference regarding this case every single business day. (Declaration of Sara B. Tomezsko ("Tomezsko Decl.") ¶ 4, Exh. 1.) The Court should reduce the fee application to account for this excess. *See Rozell*, 576 F. Supp. 2d at 541 (reducing O+G's requested fees by 15% in part because of excessive internal conferences); *Williams v. Metro-North R.R. Co.*, No. 17-cv-3847, 2018 WL 3370678, at *10 (S.D.N.Y. June 28, 2018) (O+G violated "commonplace rules prohibiting billing for internal conferences").

- For reasons unknown, O+G staffed two additional attorneys on this case after trial: Associate Eliana J. Theodorou ($425/hour) and Counsel Moira Heiges-Goepfert ($650/hour), neither of whom billed any time on this case from its inception through trial. (*See* ECF No. 363-1.) Associate Shira Gelfand, who attended trial and who O+G admits is "the primary associate on the matter, [and] was closest to the underlying facts and documents," could have performed the work assigned to Ms. Heiges-Goepfert at the lower rate of $425/hour. (ECF No. 383 at 7–8.)

---

[1] For perspective, a law firm recently made headlines for seeking $600,000 in fees after spending 517 hours on the lion's share of discovery, summary judgment briefing, *and* trial in a sex discrimination case. *See Abraham v. Thomas Jefferson Univ. Hosp.*, No. 20-cv-2967 (E.D. Pa. Dec. 18, 2023) at ECF No. 142. O+G spent 81% of that time on post-trial briefing alone.

3

- Rather than delegating routine legal research to Associates, Partner Gregory Chiarello and Counsel Ms. Heiges-Goepfert drove up fees by billing at their respective rates of $800/hour and $650/hour to conduct research themselves, expending approximately 9 and 24 hours on this, respectively. (Tomezsko Decl., ¶ 5, Exh. 2.) Associates Ms. Gelfand and/or Ms. Theodorou could have performed this research at the lower rate of $425/hour. *See Rozell*, 576 F. Supp. 2d at 541 ("a disproportionate amount of time was billed by [O+G's] more senior counsel . . . relative to that billed by more junior associates with lower hourly rates"); *Williams*, 2018 WL 3370678, at *11–12 (reducing O+G's fees for excessive time spent on legal research, which was high "[g]iven that O+G is one of the most preeminent plaintiff-side firms in employment law").

- Partner Cara Greene, at a rate of $950/hour, billed nearly an hour for redacting "sample retainer agreements." (Tomezsko Decl., ¶ 6, Exh. 3.) Partner Mr. Chiarello, at a rate of $800/hour, billed nearly half an hour for the same task. (*Id.*) The obvious clerical nature of this work is reinforced by a paralegal's time entry, on the same day, for the identical task. (*Id.*) Rowe cannot recover fees for partners performing clerical work. *See Cowan v. Ernest Codelia, P.C.*, No. 98-cv-5548, 2001 WL 30501, at *9 (S.D.N.Y. Jan. 12, 2001), *aff'd*, 50 F. App'x 36 (2d Cir. 2002).

- Associate Amanda Chan billed 3.4 hours on "legal research re[garding] gender discrimination lawsuits against Google," which this Court twice ruled was irrelevant to Rowe's claims. (ECF No. 292; Trial Tr. 15:5–24; Tomezsko Decl., ¶ 7, Exh. 4.)

- Paralegals billed approximately 4.5 hours preparing biographies of O+G's attorneys, which are readily available on O+G's website. (Tomezsko Decl., ¶ 8, Exhs. 5 and 6.)

- A paralegal billed approximately 4 hours on the tables of contents and authorities for Rowe's two post-trial moving briefs. (Tomezsko Decl., ¶ 9, Exh. 7.)

These examples are representative only. This Court need not conduct a line-by-line audit of O+G's post-trial billing records. Rather, the application should be reduced by an appropriate percentage to account for these inefficiencies. *See Rozell*, 576 F. Supp. 2d at 543.

### C. Rowe's Costs Are Excessive.

Rowe's late-submitted documentation of additional pre-trial costs reflects excess, too.[2] O+G's FedEx and courier costs should be dramatically reduced, because their purpose and necessity to the prosecution of this case is unclear. For example, O+G inexplicably incurred two separate courier costs for the same day, December 31, 2021, to deliver courtesy copies of its summary judgment papers to Chambers. (ECF No. 384-2.) O+G also spent hundreds of dollars sending deposition binders to Ms. Greene. (*Id.*) But all depositions were virtual; it is unclear why Ms. Greene needed hard-copy binders.

O+G also incurred an additional $9,300 engaging a trial consultant, for a total of $15,300. (ECF No. 384-1.) These costs, too, should be substantially reduced. *See Ravina v. Columbia Univ.*, No. 16-cv-2137, 2020 WL 1080780, at *14–15 (S.D.N.Y. Mar. 6, 2020) (reducing by 72% the costs incurred by plaintiff's trial consultant, because defendant was not required to bear cost of "*even more* legal professionals from outside [plaintiff's counsel's firm]") (emphasis in original).

### IV. CONCLUSION

For the foregoing reasons, Google requests that this Court reduce Rowe's recovery of fees and costs incurred by post-trial motion practice by 80%.

---

[2] In her response to Google's request for leave to file a sur-reply, Rowe asked this Court to limit Google to "addressing Plaintiff's time entries related to the post-trial briefing *only*." (ECF No. 380 (emphasis in original).) At the time, Google had no objection to this limitation. However, Rowe subsequently submitted a supplemental invoice for consulting services, (ECF No. 384-1), and itemized FedEx and courier costs, (ECF No. 384-2), reflecting costs that pre-dated the parties' post-trial motion practice. Google is entitled to address these late submissions.

Dated: New York, New York
January 10, 2024

        PAUL HASTINGS LLP

        _/s/ Kenneth W. Gage_

        Kenneth W. Gage
        Sara B. Tomezsko
        Kaveh Dabashi
        200 Park Avenue
        New York, NY 10166
        (212) 318-6000
        kennethgage@paulhastings.com
        saratomezsko@paulhastings.com
        kavehdabashi@paulhastings.com

        *Counsel for Defendant Google LLC*