

Advocates for Workplace Fairness

April 18, 2024

<u>Via ECF:</u>
The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Ulku Rowe v. Google LLC*, Case No. 19-cv-08655

Dear Judge Rearden:

We represent Plaintiff Ulku Rowe in the above-referenced matter. Pursuant to Rule 2.A.
of Your Honor's Individual Rules, we write to request permission to supplement Plaintiff's
pending Motion for Instatement, Permanent Injunction, and Other Post Judgment Relief (ECF
No. 364) with evidence of ongoing retaliation relevant to Ms. Rowe's request for a Permanent
Injunction and related relief.[1]

As outlined in Section II of Plaintiff's Memorandum of Law in support of her pending
Motion for Instatement, Permanent Injunction, and Other Post Judgment Relief (ECF No. 365),
Plaintiff seeks a declaration by the Court and permanent injunction enjoining Google from future
acts of discrimination and retaliation against her. Specifically, Plaintiff has satisfied the standard
required to obtain a permanent injunction. *See Roach v. Morse*, 440 F.3d 53, 56 (2d Cir. 2006)
(internal quotation marks omitted) ("To obtain a permanent injunction, a plaintiff must succeed
on the merits and show the absence of an adequate remedy at law and irreparable harm if the

---

[1] Pursuant to Rule 9.C.iii., Plaintiff had accompanied this letter motion with a request to file this
letter motion in redacted form and her Equal Employment Opportunity Commission ("EEOC")
Charge under seal.

New York  685 3rd Ave 25th Floor, New York, NY 10017  T (212) 245-1000  F (646) 509-2060
San Francisco  1 California Street, 12th Floor, San Francisco, CA 94111  T (415) 322-1391  F (415) 638-8810
Washington, DC  1225 New York Ave NW, Suite 1200B, Washington, DC 20001  T (202) 914-5097  F (202) 847-4410
outtengolden.com  mail@outtengolden.com

Hon. Jennifer H. Rearden
April 18, 2024
Page 2

relief is not granted."). Plaintiff has demonstrated that she succeeded on the merits by prevailing

on her gender discrimination claims, and the absence of an adequate remedy at law coupled with

a high likelihood of irreparable harm, since Google's actions have made clear that even a

judgment against it is not sufficient to deter retaliatory conduct.

Specifically, as Plaintiff outlined in her moving papers (ECF No. 365), her motion for

declaratory and injunctive relief is supported by the fact that her supervisor, Patricia Florissi,

raised unfounded criticisms against her after speaking with Google's legal counsel about Ms.

Rowe's lawsuit. (*Id.* at 25).

Related to the foregoing, Plaintiff seeks to alert the Court as to additional retaliation to

which Google has subjected her. On or about February 6, 2024, █████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

---

[2] The EEOC Charge, a declaration Ms. Rowe provided to the Equal Employment Opportunity
Commission, is offered in support of this motion.

Hon. Jennifer H. Rearden
April 18, 2024
Page 3

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████

     Notably, Ms. Florissi's recent review of Plaintiff is at odds with her sworn trial testimony. At trial, Florissi testified that she had given Plaintiff a "Significant Impact" rating for year-end 2022, and noted her work on climate risk and trusted AI. (Trial Tr. 1290:13-20). She also pointed out that Plaintiff had "collaborated with another OCTO member" working on responsible AI (Trial Tr. 1295:18-20). Most importantly, she agreed during her testimony at trial on October 19, 2023, that Plaintiff's performance was "consistent with the performance of the technical directors in OCTO, including [herself]." (Trial Tr. 1308:15-18). At the time Ms. Florissi testified in October 2023, Ms. Rowe was already on protected leave, and thus there was no basis for ████████████████████████████████████████████████████

     The effect of Ms. Florissi's retaliatory performance rating is obvious: not only does this performance rating negatively impact Plaintiff's compensation, it also diminishes any possibility of her advancing to Level 9 and obtaining other promotions. This is precisely why a permanent injunction is critical here, as it is the only mechanism by which Plaintiff can ensure she will be treated fairly at Google.

     We thank the Court for its consideration of this matter.

Hon. Jennifer H. Rearden
April 18, 2024
Page 4

Respectfully submitted,

_/s/ Cara E. Greene_

Cara E. Greene
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017

*Counsel for the Plaintiff*


c: All Parties via ECF