

Advocates for Workplace Fairness

April 18, 2024

<u>Via ECF:</u>
The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re: <u>Ulku Rowe v. Google LLC</u>, Case No. 19-cv-08655

Dear Judge Rearden:

  We represent Plaintiff Ulku Rowe in the above-referenced matter. Pursuant to Rule 9.C. of Your Honor's Individual Rules, we write to request permission to file the attached letter motion in redacted form, as well as the accompanying Equal Employment Opportunity Commission ("EEOC") Charge under seal, on the basis that the information is embarrassing and harmful to Plaintiff's professional reputation and the EEOC Charge is an administrative filing that concerns claims for discrimination and retaliation separate from this case and that would otherwise remain confidential while pending with the EEOC.[1] The parties met and conferred on this issue on April 15, 2024 and Google does not consent to filing the Charge under seal.

  The Second Circuit, in *Lugosch v. Pyramid Co. of Onondaga*, set forth a three-step process for determining whether documents should remain under seal. First, the court must determine whether the document at issue is a "judicial document" and, thus, whether the presumption of access attaches. *Lugosch*, 435 F.3d at 115. Next, the court must determine the weight to be given to the presumption of public access, which is governed by the "role of the

---

[1] Plaintiff is attaching the Charge filed on April 11, 2024. Plaintiff is awaiting the file-stamped copy from the EEOC, which she anticipates receiving shortly.

New York   685 3rd Ave 25th Floor, New York, NY 10017   T (212) 245-1000   F (646) 509-2060
San Francisco  1 California Street, 12th Floor, San Francisco, CA 94111   T (415) 322-1391   F (415) 638-8810
Washington, DC   1225 New York Ave NW, Suite 1200B, Washington, DC 20001   T (202) 914-5097   F (202) 847-4410
outtengolden.com    mail@outtengolden.com

Hon. Jennifer H. Rearden
April 18, 2024
Page 2

material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Finally, after determining the weight of the presumption of access, a court must balance the competing considerations against it, including, for example, the privacy interests of those involved. *Id*. at 120.

Plaintiff seeks to provide the Court with evidence related to additional retaliatory actions taken against Ms. Rowe that support her request for a permanent injunction. (*See* ECF No. 364.) The attached EEOC Charge and letter motion relate to discriminatory and retaliatory actions that Google, through Ms. Rowe's supervisor, Patricia Florissi, has undertaken since the trial in this matter. Significant weight should be given to Plaintiff's privacy interests with respect to retaining this information under seal.

Although the EEOC Charge is a judicial document relevant to Plaintiff's request for an injunction, in evaluating the public's right to access and Plaintiff's privacy interests, "courts must be cognizant that 'the presumption of public access to court documents has the potential to exacerbate . . . harms to privacy and reputation'" by putting damaging information into the public record. *Cantinieri v. Verisk Analytics, Inc.*, No. 21 Civ. 6911, 2024 U.S. Dist. LEXIS 31586, *6 (E.D.N.Y. Feb. 23, 2024). Here, the public's right to access is minimal given that the merits of the matter have already been resolved through trial, and the public's right to access is outweighed by the potential prejudice and reputational harm to Ms. Rowe.

As such, the court should allow Plaintiff to file the EEOC Charge and supporting letter

Hon. Jennifer H. Rearden
April 18, 2024
Page 3

motion under seal in order to "protect [her] from annoyance, embarrassment, oppression, or undue burden." *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019).

 We thank the Court for its consideration of this matter.

         Respectfully submitted,

         <u>*/s/ Cara E. Greene*</u>
         Cara E. Greene
         Outten & Golden LLP
         685 Third Avenue, 25th Floor
         New York, NY 10017

         *Counsel for the Plaintiff*

c: All Parties via ECF