**PAUL HASTINGS**

1(212) 318-6046
kennethgage@paulhastings.com

April 23, 2024

**VIA ECF**
Hon. Jennifer H. Rearden
U.S. District Court, S.D.N.Y.

Re:   *Rowe v. Google LLC*, Case No. 1:19-cv-08655-JHR

Dear Judge Rearden:

With this letter, Google LLC ("Google") opposes Plaintiff Ulku Rowe's request for leave to supplement her pending Motion for Instatement, Permanent Injunction, and Other Post Judgment Relief (ECF No. 390), as well as her request for leave to file portions of that request and the enclosed EEOC Charge (the "2024 EEOC Charge") under seal. (ECF No. 391.)[1] Google respectfully requests that the Court rule on the pending motions without any further briefing.

Earlier in 2024, Google determined pay and evaluated 2023 job performance for thousands of employees; Rowe is a current employee, so Google made decisions concerning her pay and performance, as well. She disagrees with those decisions, and on April 11, 2024, she filed a charge of discrimination and retaliation with the EEOC to pursue *new* claims under Title VII that are not before this Court. Rowe agrees that the 2024 EEOC charge "concerns claims . . . separate from this case." (*See* ECF No. 391 at 1.) In due course, Google will submit a position statement with the EEOC responding to the new claims.

Supplemental briefing on post-trial motions from the October 2023 trial is not the proper vehicle for determining the lawfulness of these 2024 decisions. If the Court grants the request, however, Rowe's disagreement with Google's legitimate business judgments (which are consistent with the public record at trial) is no reason under the law for sealing the record. Moreover, if the Court grants the request and considers Rowe's unfounded EEOC allegations in determining the post-trial motions (which it should not), Google should be granted leave to supplement the record, particularly given Rowe's objection at trial to

---

[1] Because Rowe's request to seal is pending, in this letter Google references only those portions of Rowe's submission that she does not seek to seal or that are otherwise already public.



April 23, 2024
Page 2

Florissi's proffered testimony about Rowe's statements about her work in 2023. For the reasons set forth in more detail below, the Court should deny both of Rowe's requests.

I.  **New Allegations To Which Google Has Not Responded Should Not Be Considered On The Post-Trial Motions.**

The purpose of post-trial injunctive relief is to effectuate the jury's verdict. *See*, *e.g.*, *Diageo N. Am., Inc. v. W.J. Deutsch & Sons Ltd.*, No. 17-cv-4259, 2022 WL 16748778, at *1 (S.D.N.Y. Nov. 7, 2022) ("As a result of the jury's verdict [finding a trademark violation]," court entered permanent injunction "prohibiting the sale" of offending product). Because a verdict is necessarily based on evidence adduced at trial, post-trial injunctive relief flowing from that verdict should likewise be based on evidence adduced at trial. *See Broker Genius Inc. v. Seat Scouts LLC*, No. 17-8627, 2019 WL 3026754, at *3 (S.D.N.Y. July 11, 2019) ("After a full trial on the merits and a jury verdict for [plaintiff], the Court determined that a permanent injunction was appropriate *based on the evidence presented at trial*") (emphasis added). For reasons outlined in Google's prior briefing (*see* ECF No. 376), Rowe is not entitled to any post-trial injunctive relief, particularly given the jury's findings *in favor of Google*.

Rowe now seeks leave to supplement her post-trial motion with allegations about more recent decisions concerning her performance and the determination of her 2024 pay. Rowe admits these allegations are unrelated to the issues decided by the jury. (ECF No. 391 at 1 (the 2024 EEOC Charge "concerns claims . . . separate from this case.").) Not to mention, these new allegations relate to Google's overall evaluation of Rowe's performance in 2023, and at trial she objected to Google introducing certain evidence relevant to the assessment of her 2023 performance. Specifically, Rowe objected to the proffered testimony that she told her supervisor in July 2023 that she was not working on anything urgent (contrary to her supervisor's opinion) and would be taking six weeks off work. (Trial Tr. 1299:24-1300:5.) Rowe insisted that these matters were "not at issue in this case," arguing that the jury did not need to hear the evidence to determine her claims. (*Id*. 1300:18-25.)



April 23, 2024
Page 3

She has now placed these issues before the EEOC. Google's response to her charge is not due until late May. Google should be entitled to respond to these new allegations in the ordinary course, through the administrative process, and not be forced to do so in this Court. The 2024 EEOC Charge has no role to play in this Court's adjudication of Rowe's post-trial motion for injunctive relief and should be disregarded. To hold otherwise would convert this lawsuit into an open-ended forum for every grievance that Rowe may ever have.

II.     **If Rowe's New Claims Are Considered, Google Should Be Allowed To Supplement Its Response to Rowe's Post-Trial Motion.**

As Google intends to set forth in its position statement with the EEOC—the proper forum for the 2024 EEOC Charge—Rowe is wrong about Google's more recent decisions concerning her performance and pay.

*First*, only part of Rowe's time away from work has been job-protected. Her first six weeks of leave, according to her own counsel, were simply an absence. (*See* Trial Tr. 1299:5–6: "[P]rior to Ms. Rowe's [protected] leave, she was absent for six weeks.")

*Second*, Google's recent evaluation of Rowe's 2023 job performance was fully consistent with Florissi's trial testimony. At the end of 2022, Florissi had a support check-in with Rowe, because she "expected more [from Rowe] at that point." (*Id*. 1284:5–21.) Rowe had produced "no artifacts, no documents, no running notes that expressed her contributions on the climate risk analytics." (*Id*. 1285:4–6.) Florissi also "expected [Rowe] to attend more of the team meetings." (*Id*. 1285:9–10.) In early 2023, Florissi gave Rowe a 3 out of 5 rating for her work in 2022. (Trial Exh. P126.) Even this was "generous," she testified. (Trial Tr. 1290:24–25.) Florissi "gave [Rowe] the benefit of the doubt" regarding her "influence[] [on the] direction" of an artifact, based only on a colleague's feedback. (*Id*. 1290:1–17.) By June 2023, however, Florissi observed that Rowe had produced only two artifacts in 2023. (*Id*. 1294:14–1295:22.) By contrast, other team members produced "at least four or five [artifacts] *a month* . . . ." (*Id*. 1309:8–13 (emphasis added).)



April 23, 2024
Page 4

As described above, Rowe then took six weeks off, after telling Florissi that she did not view any of her work as urgent; since then, Rowe has been on a paid leave.

Google's evaluation in February 2024 of Rowe's 2023 performance is both legitimate and unsurprising. If the Court grants Rowe's request to supplement her post-trial motion, Google should likewise be permitted to supplement its opposition to her motion by filing with this Court its position statement submitted to EEOC, on or before May 21, 2024.

**III.    Rowe's Request To File Under Seal Should Be Denied.**

Whether a document may be filed under seal is governed by a three-part inquiry: (1) whether the document is a "judicial document"—*i.e.*, a document "relevant to the performance of the judicial function and useful in the judicial process"—to which a strong presumption of public access attaches; (2) the weight of that presumption, which is typically a function of the document's relevance to an adjudication of a motion; and (3) competing considerations, such as privacy or competitive sensitivity. *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, No. 15-cv-6478, 2018 WL 11597533, at *1 (S.D.N.Y. Apr. 20, 2018); *Bernstein v. O'Reilly*, 307 F. Supp. 3d 161, 167 (S.D.N.Y. 2018). Assuming the Court grants her request to supplement the briefing, which it should not, Rowe's request fails this test.

Rowe admits the 2024 EEOC Charge is "a judicial document relevant to [her] request for an injunction . . . ." (ECF No. 391 at 2.) Thus, the strong presumption of public access attaches. The weight of this presumption is heavy, too, because according to Rowe, the conduct she alleges in the 2024 EEOC Charge is central to her request for relief. (ECF No. 390 at 3.) *See Bernstein*, 307 F. Supp. 3d at 167 (denying motion to seal, because presumption of public access "is at its apogee when asserted with respect to documents relating to matters that directly affect an adjudication").



April 23, 2024
Page 5

The only competing considerations Rowe articulates relate to her reputation and privacy.[2] There is nothing "sufficiently extraordinary" about Rowe's work performance or absences from work, however, that "outweigh the presumption in favor of public access." *Komatsu v. City of New York*, No. 20-cv-6510, 2020 WL 8641272, at *1 (S.D.N.Y. Sept. 2, 2020) (denying motion to seal *in forma pauperis* application, because references to, *inter alia*, the movant's "employment history" were insufficiently sensitive to outweigh presumption of public access); *see also Bernstein*, 307 F. Supp. 3d at 169 ("[g]eneralized concerns of adverse publicity do not outweigh the presumption of access"); *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 472 (S.D.N.Y. 2017) ("[a] possibility of future adverse impact on employment" is insufficient "to overcome the presumption of access to judicial documents").

The public is already aware of Google's opinion of Rowe's performance. (*See*, *e.g.*, Trial Tr. 1284:5–21; 1285:4–6; 1285:9–10; 1290:1–17; 1290:24–25; 1294:14–1295:22; 1309:8–13.) The fact of Rowe's leave is already in the public record. (*Id*. 1297:2–4.) Rowe took no steps to redact any of this information from the trial transcript. (*See* ECF No. 355, instructing parties to submit redaction requests by December 5, 2023 for the transcript of trial proceedings held on October 19, 2023.) She cannot claim a compelling privacy interest over information that is already public. *See*, *e.g.*, *In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 255 (S.D.N.Y. 2009) (granting motion to unseal materials that included information that was "already public"); *Under Seal*, 273 F. Supp. 3d at 472 ("the fact that [information sought to be sealed] ha[s] been revealed to the public weighs against sealing").

\*\*\*

---

[2] The cases Rowe marshals in support of these interests are either inapposite or consistent with Google's position. In *Brown v. Maxwell*, the Second Circuit ordered the *un*sealing of a summary judgment record, holding that "there is no countervailing privacy interest sufficient to justify their continued sealing." 929 F.3d 41, 48 (2d Cir. 2019). The Second Circuit remanded the motion to unseal other documents to the district court, for a more particularized review of those documents consistent with the broad presumption of public access. *Id*. at 54. In *Cantinieri v. Verisk Analytics, Inc.*, the district court appropriately granted a *joint* motion to seal documents that implicated proprietary techniques to detect cyber fraud. No. 21-cv-6911, 2024 WL 759317, at *3 (E.D.N.Y. Feb. 23, 2024). Rowe's claimed privacy interest in a performance evaluation and leave from work do not rise nearly to that level of sensitivity.



      Google respectfully requests that this Court deny Rowe's letter-request for leave to supplement her pending Motion for Instatement, Permanent Injunction, and Other Post Judgment Relief, as well as her request for leave to file portions of that letter-request and the 2024 EEOC Charge under seal. In the event the Court grants Rowe's request to supplement her motion, Google requests that it be given until May 21, 2024, to respond to Rowe's additional filing.

Respectfully submitted,

Kenneth W. Gage
PAUL HASTINGS LLP