

1(212) 318-6406
kennethgage@paulhastings.com
1(212) 318-6267
saratomezsko@paulhastings.com

January 3, 2025

**VIA ECF**
Hon. Jennifer H. Rearden
U.S. District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

*Re:*    *Rowe v. Google LLC*, Case No. 1:19-cv-08655-JHR

Dear Judge Rearden:

Google LLC's motion for remittitur of Ulku Rowe's $1 million punitive damages award (ECF No. 370) is among the post-trial motions scheduled for oral argument on January 16, 2025. In advance of argument, Google hereby notifies Your Honor of supplemental authority relevant to that motion. *See S.E.C. v. Oppenheimer*, No. 15-cv-5456, 2024 WL 3342098, at *4 n.2 (S.D.N.Y. July 8, 2024) ("This Court allows parties to file letter notifications of new, relevant authority, as it is fairly standard practice . . . after briefing is complete") (citation omitted).

On December 23, 2024, the Second Circuit affirmed the District Court's holding that a $2 million punitive damages award was excessive under the New York City Human Rights Law ("NYCHRL"), even in light of conduct that was far more egregious than what Rowe testified about at trial. *Qorrolli v. Metro. Dental Ass'n*, No. 23-282, 2024 WL 5194887 (2d Cir. Dec. 23, 2024), *affirming* No. 18-cv-6836, 2022 WL 17689836 (S.D.N.Y. Dec. 15, 2022). Specifically, the *Qorrolli* plaintiff's supervisor "made repeated sexual advances and harassed her throughout her tenure" as a dental hygienist "by touching her, commenting on her appearance, and verbally abusing her in front of" the dental practice's owner. *Id*. at *1. "Among other similar incidents," the plaintiff's supervisor "once touched her leg, her upper thigh, and said wow, that's firm. And then he made comments to her like well, if you worked out your brain as much as you worked out your ass with



Hon. Jennifer H. Rearden
January 3, 2025
Page 2

those squats, you'd be better off in life and you'd get things done right." *Id*. The plaintiff's supervisor also "told [her] that she had a nice, firm body," would "kiss her on the cheek . . . and tell her he loved her." *Id*. at *2.

Even this genuinely offensive conduct, though, "did not rise to the level of reprehensibility needed to justify" a $2 million punitive damages award under the NYCHRL. *Id*. at *7. In fact, the punitive damages award was "*so* excessive as to be inherently indicative of passion or prejudice" by the jury against the defendant-employer, requiring a new trial on liability pursuant to Federal Rule of Civil Procedure 59. *Id*. at *7 (emphasis added). At the second trial, the jury found the employer liable, but awarded the plaintiff neither compensatory nor punitive damages—"only $1 in nominal damages." *Id*. at *1.[1]

Even according to Rowe's testimony, Google's conduct was not nearly as egregious as that in *Qorrolli*. (*See* ECF No. 371 at Section III(B).) At most, Rowe was excluded from some meetings and emails; transferred to OCTO against her wishes; and/or unfairly treated during her candidacy for two roles. (*See* ECF No. 368 (arguing that even these findings are unsupported).) Rowe did not prove any conduct necessary to support a punitive damages award, such as physical violence or threats, discriminatory epithets, or failure to investigate workplace concerns. (*See* ECF No. 371.) This—in addition to the punitive damages award's disproportionality to Rowe's compensatory damages award (*id*. at Section III(B)(3)), and its vast exceeding of the

---

[1] Google does not seek a new trial on liability. Google's motion, if granted, would merely require Rowe to accept either remittitur of her punitive damages award or a new trial limited to the issue of punitive damages. (*See* ECF No. 371.)



Hon. Jennifer H. Rearden
January 3, 2025
Page 3


NYCHRL's maximum civil penalty (*id*. at Section III(B)(4))—justifies remittitur of Rowe's punitive

damages award to zero.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

Kenneth W. Gage
Sara B. Tomezsko
Kaveh Dabashi
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166

*Counsel for Google LLC*

CC: All Parties of Record via ECF