

Advocates for Workplace Fairness

January 7, 2025

**Via ECF:**
The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Ulku Rowe v. Google LLC*, Case No. 19-cv-08655

Dear Judge Rearden:

We represent Plaintiff Ulku Rowe in the above-referenced matter. We write in response to Defendant Google LLC's Notice of Supplemental Authority with respect to its Motion for Remittitur (ECF No. 397). Google's newly-cited case law, *Qorrolli v. Metro. Dental Ass'n*, No. 23 Civ. 282, 2024 WL 5194887 (2d Cir. Dec. 23, 2024), is an unpublished decision involving a motion for a new trial – not remittitur – and does not justify a reduction to the jury's punitive damages award at trial.

In *Qorrolli*, the District Court granted the defendant's motion for a new trial because it found that the plaintiff had "introduced inadmissible and prejudicial hearsay during trial [and] that the jury's damages award "illustrate[d] that [the jury's] verdict was not based on the admissible evidence introduced at trial" and that the jury "disregarded the Court's multiple limiting instructions." *Id.*, at *18-19. In addition, the District Court was concerned that the jury had only awarded punitive damages against the employer, but not the individual defendant harassers, even though the only wrongdoing attributed to the employer was a failure to maintain a sexual harassment policy. *Id.*, at *20. The District Court therefore concluded that the jury's damages awards "can only be explained by the unfair prejudice to the defendants from the

Hon. Jennifer H. Rearden
January 7, 2025
Page 2

hearsay offered by the plaintiff . . . [and] determined that a new trial was necessary." *Id.* At the second trial, when the challenged hearsay evidence was excluded, the second jury awarded $1 in nominal damages. *Id.* at 3. The Second Circuit affirmed the judgment of the District Court.

In the present matter, Google has not claimed, nor can it, that the jury's punitive damages award was based on inadmissible evidence, or that the jury ignored any of the Court's limiting instructions. Quite to the contrary, the jury's award in this matter was based on the evidence Plaintiff presented demonstrating that Google continuously discriminated and retaliated against Ms. Rowe for an extended period of time. Punitive damages awards are intended to deter future reprehensible conduct and Google's conduct, outlined in Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Remittitur (ECF No. 374), as well as the fact that Google has continued to retaliate against Ms. Rowe following the jury's verdict in her favor, strongly demonstrates why the Court should affirm Plaintiff's Motion for Instatement, Permanent Injunction, and Other Post-Judgment Relief (ECF No. 364) and deny Defendant's Motion for Remittitur (ECF No. 370).[1]

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ Cara E. Greene
Cara E. Greene
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017
*Counsel for the Plaintiff*

---

[1] Google informed the Court that Ms. Rowe was no longer employed by Google in its December 31, 2024 letter. (ECF No. 396). Plaintiff has brought additional discrimination and retaliation claims arising from Google's termination of her employment, which are currently subject to a Charge pending at the EEOC.

Hon. Jennifer H. Rearden
January 7, 2025
Page 3

c: All Parties via ECF