UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULKU ROWE,<br><br>       Plaintiff,<br><br>   -v.-<br><br>GOOGLE LLC,<br><br>       Defendant. | 19 Civ. 8655 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

  The parties are scheduled to appear for oral argument on the motions at ECF Nos. 361, 364, 368, and 370 on **January 16, 2025** at **2:15 p.m.** in Courtroom 12B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  *See* ECF No. 399. Argument will proceed motion-by-motion.  The parties should be prepared to address, among other things, the following issues:

- Plaintiff's departure from Google and the impact of that development on the motions**.**  *See* ECF No. 396 (Letter Updating Factual Record).

- With respect to **ECF No. 361** (*Motion for Attorney's Fees and Costs*):

    - The validity of time entries, including entries that appear unrelated to the case, the efficiency of counsel's use of time, and the difference between time spent by Plaintiff's and Defendant's counsel;

    - Reductions of O+G fees in other cases;

    - Whether, under the New York City Human Rights Law ("NYCHRL"), the Court may properly consider the effect of the level of Plaintiff's success on the fee award;

    - The ratio between Plaintiff's recovery and the fee award; and

- o   Whether Plaintiff's New York Labor Law ("NYLL") pay claim and her NYCHRL discrimination and retaliation claims shared a common core of facts, and how the jury could find an NYCHRL violation but not an NYLL violation if the two claims shared a common core of facts.

- With respect to **ECF No. 364** (*Motion for Instatement, Permanent Injunction, and Other Post Judgment Relief*):

    - o   The effects of the end of Plaintiff's employment with Google on the relief sought, and what a declaration or injunction would provide, given that development;

    - o   The relationship between the jury's findings and Plaintiff's levelling claims—specifically, since the jury found that promotion to L9 would have come with no pay increase, why Plaintiff should earn front pay if her harm flowed from job titles, not pay;

    - o   Whether front pay is barred by the jury's findings about back pay;

    - o   The accuracy of the Court's jury instruction about the tax consequences of the damages award; and

    - o   Calculations of interest, including the propriety of pre-judgment interest on non-economic damages and the relevance of the state versus the federal interest rate.

- With respect to **ECF No. 368** (*Motion for Judgment as a Matter of Law Renewed*):

    - o   How to treat uncontested evidence favorable to Defendant;

    - o   What the jury's findings on the special verdict form can properly be taken to imply, and whether those findings are inconsistent.

- With respect to **ECF No. 370** (*Motion for Remittitur of Punitive Damages*):

    - o   The relevance of the end of Plaintiff's employment at Google;

- The state standard for punitive damages, the differences between the state and federal standards, and the appropriate standard here;

- The customary ratio between non-punitive and punitive damages and the relevant constitutional maximum;

- The relevance of the maximum civil penalties;

- The relevance of Google's antidiscrimination policies and practices; and

- The extent to which Google's conduct should be considered "reprehensible."

SO ORDERED.

Dated: January 14, 2025
New York, New York

*Jennifer H. Rearden*
_____
JENNIFER H. REARDEN
United States District Judge

3