

1(212) 318-6046
kennethgage@paulhastings.com
1(212) 318-6267
saratomezsko@paulhastings.com

April 15, 2025

**VIA ECF**
Hon. Jennifer H. Rearden
U.S. District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

Re:     *Rowe v. Google LLC*, Case No. 1:19-cv-08655-JHR

Dear Judge Rearden:

We represent Defendant Google LLC ("Google") in this matter. Pursuant to Your Honor's Order, dated March 31, 2025, (ECF No. 403), we write in response to Plaintiff Ulku Rowe's letter, (ECF No. 392), supplementing her Motion for Instatement, Permanent Injunction, and Other Post Judgment Relief. (ECF No. 364.) In her letter, Ms. Rowe attempts to leverage a now-one-year-old performance review from Patricia Florissi in further support of her requests for declaratory and injunctive relief, post-trial. Nothing in Ms. Rowe's letter or the circumstances surrounding her performance review supports those requests. Her motion for post-judgment relief, (ECF No. 364) should be denied.

Google has already identified the deficiencies plaguing Ms. Rowe's requests for declaratory and injunctive relief. (ECF No. 376.) Unless a declaratory judgment would "serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations," it "should not be rendered." *Charles Schwab & Co., Inc. v. Retrophin, Inc.*, No. 14-cv-4294, 2015 WL 5729498, at *15 (S.D.N.Y. Sept. 30, 2015). Ms. Rowe has yet to articulate precisely what she wishes this Court to declare, let alone what practical purpose such a declaration would serve.

Ms. Rowe's request for injunctive relief is also unavailing. The request is redundant of the law, because she asks merely that Google refrain from "further violations" of the NYLL and NYCHRL. (ECF No. 365 at 16.) Her request should be denied on this basis alone. *See Chukwueze v. NYCERS*, No. 10- cv-8133, 2013 WL 5878174, at *2 (S.D.N.Y. Nov. 1, 2013) (injunction enjoining defendant from retaliating against plaintiff was unnecessary, "because retaliation is already prohibited by law"). Moreover, "[a] party



Hon. Jennifer H. Rearden
April 15, 2025
Page 2

seeking an injunction bears the burden of proving that the relief is needed because there exists some cognizable danger of recurrent violations." *Wat Bey v. City of New York*, Nos. 99-cv-3873, 01-cv-9406, 2013 WL 12082743, at *5 (S.D.N.Y. Sept. 4, 2013). As this Court is aware, Ms. Rowe is no longer employed by Google as a result of a corporate restructuring. (*See* ECF No. 396.) The employment relationship has long concluded, eliminating any risk of employment-related conduct by Google to which Ms. Rowe could object. Indeed, as of the filing of this letter, we understand that Ms. Rowe recently began a new job in London, England with another employer.[1]

The information in Ms. Rowe's supplemental letter does nothing to further her cause. As set forth in Google's response to Ms. Rowe's related EEOC Charge[2], Ms. Rowe's "Not Enough Impact" (or "NE") rating was legitimately based solely on her work performance for the period January 1 through July 10, 2023—before her vacation and disability leave. (Exh. B, Section II(B)(7)–(8).) The evaluation was also the culmination of documented performance concerns Ms. Florissi had as early as December 2022, long before Ms. Rowe began her disability leave in August 2023. (*Id.*, Section II(B)(6).)

Specifically, in the February 2024 evaluation, Ms. Florissi observed that Ms. Rowe showed "no indication of owning [or] leading innovation[,] technical [or] business strategies to differentiate . . . Google Cloud." (*Id.* at Section II(B)(8).) There was also "no indication" that Ms. Rowe was "leading[,] influencing [or] shaping technical projects[,] vision [or] opinion." (*Id.*) Ms. Florissi lamented that the need to produce artifacts "was made clear during the Q4 2022 support check-in," but the only two documents Ms. Rowe created up to the first half of 2023 "do not seem to have been updated [by Ms. Rowe] since February/March 2023," three months before Ms. Rowe left for vacation. (*Id.*) Ms. Florissi also observed that Ms. Rowe demonstrated "limited collaboration with other OCTO team members . . . and limited (if any) engagement on OCTO team meetings/community." (*Id.*)

---

[1] *See* Exhibit A (email correspondence between counsel regarding Ms. Rowe's new job).
[2] Attached hereto as Exhibit B.



Hon. Jennifer H. Rearden
April 15, 2025
Page 3

Ms. Florissi's observations were based on Ms. Rowe's actual work performance. They had nothing to do with Ms. Rowe suing Google almost *five years* earlier. Nor did they have anything to do with Ms. Rowe's August 2023 disability leave, because Ms. Rowe's performance problems were well-documented as early as December 2022, when Ms. Florissi held a performance check-in with Ms. Rowe.

\*\*\*

For these reasons, as well as those more fully described in Google's opposition to Ms. Rowe's motion for post-judgment relief, (ECF No. 376), and EEOC position statement, (Exh. B), Ms. Rowe's motion for post-judgment relief (ECF No. 364) should be denied.

Respectfully submitted,

Kenneth W. Gage
Sara B. Tomezsko
PAUL HASTINGS LLP