# PAUL HASTINGS

For the reasons stated herein, the application is granted.

The Clerk of Court is directed to maintain ECF No. 406 under seal and terminate ECF No. 405.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Dated:  April 16, 2025

1(212) 318-6046
kennethgage@paulhastings.com
1(212) 318-6267
saratomezsko@pauhastings.com

April 15, 2025

**VIA ECF**
Hon. Jennifer H. Rearden
U.S. District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/16/2025

Re:     *Rowe v. Google LLC*, Case No. 1:19-cv-08655-JHR

Dear Judge Rearden:

We represent Defendant Google LLC ("Google") in this matter. Pursuant to Rule 9(C) of Your Honor's Individual Rules, we respectfully request permission to file the attached EEOC Position Statement—an exhibit to Google's response (ECF No. 404-2) to Plaintiff Ulku Rowe's letter supplementing her motion for post-judgment relief—in redacted form. Ms. Rowe consents to Google's request.

For the same reasons that this Court found that Ms. Rowe's 2024 EEOC Charge is a "judicial document" to which the presumption of public access attaches (ECF No. 403), Google acknowledges that the EEOC Position Statement[1] is a judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Google merely seeks permission to redact from the publicly filed EEOC Position Statement the identities of (1) current and potential customers and clients of Google Cloud, and (2) certain former Google employees who are non-parties to this action. These proposed redactions satisfy the requirement that a sealing order be "narrowly tailored." *Id*. at 124.

The EEOC Position Statement, as well as its Exhibits B–H, J, K, N, O and P, identify current and potential customers and clients of Google Cloud. Identification of these entities is generally not disseminated outside of Google without permission from the customer or client. (ECF No. 148[2] ¶ 3.) Public disclosure of this information would put Google at a competitive disadvantage in the highly competitive cloud marketplace. (*Id*. ¶ 6.) Indeed, this Court has previously held that "this information is unnecessary to

---

[1] Attached hereto as Exhibit 1.
[2] Attached hereto as Exhibit 2.

# PAUL HASTINGS

Hon. Jennifer H. Rearden
April 15, 2025
Page 2

adjudicate Plaintiff's claims . . . and the risk of competitive harm outweighs the public right of access." (ECF No. 220 at 3.) In so holding, this Court observed correctly that "[p]reventing competitive harm is a countervailing interest that can override the public right of access." (*Id.* (citing *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).) *See also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redactions "limited to specific business information . . . which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit"). Google respectfully requests permission to redact this information.

The EEOC Position Statement also identifies, and discusses the work performance of, three former Google employees who are not parties to this action. This information is in the EEOC Position Statement only to provide context regarding Patricia Florissi's evaluation of her direct reports more generally. None of the three employees have anything directly to do with Ms. Rowe's claims in this action. Again, this Court has previously held that information of this type is sealable because it is "unrelated to the resolution of this case and implicates the privacy interests of non-parties." (ECF No. 220 at 8; *see also* ECF No. 232 (granting Google's motion to seal personnel information of non-parties).) Google respectfully requests permission to redact the identities of these three individuals.

We thank the Court for its consideration.

Respectfully submitted,

Kenneth W. Gage
Sara B. Tomezsko
PAUL HASTINGS LLP