UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ULKU ROWE,

               Plaintiff,                         Case No. 1:19-cv-08655-JHR-JW

       v.

GOOGLE LLC,

               Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO WAIVE BOND REQUIREMENT**

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Brooks v. Dash*,
  No. 19-cv-1944, 2020 WL 2521311 (S.D.N.Y. May 16, 2020) ................................................5

*Caprio v. Gorawara*,
  No. 24-cv-1786, 2026 WL 183865 (2d Cir. Jan. 23, 2026) .........................................................1

*Frommert v. Conkright*,
  639 F. Supp. 2d 305 (W.D.N.Y. 2009) ...........................................................................3, 4

*In re Global Cord Blood Corp. Sec. Litig.*,
  No. 24-cv-3071, 2026 WL 444770 (S.D.N.Y. Feb. 17, 2026) ...................................................2

*LCS Group, LLC v. Shire LLC*,
  Nos. 19-cv-942 and 19-cv-2404, 2019 WL 7824613 (2d Cir. Nov. 12, 2019).........................1

*In re Nassau Cnty. Strip Search Cases*,
  783 F.3d 414 (2d Cir. 2015).............................................................................................3, 4

*Olympia Equip. Leasing Co. v. Western Union Tel. Co.*,
  786 F.2d 794 (7th Cir. 1986) .......................................................................................4

*Ortiz v. Stambach*,
  No. 16-cv-00321, 2023 WL 3089087 (W.D.N.Y. Apr. 26, 2023)............................................4

*Staley v. FSR Int'l Hotels Inc.*,
  775 F. Supp. 3d 720 (S.D.N.Y. 2025)...............................................................................2

**Other Authorities**

2025. *Alphabet Inc. Profile*, FIN. TIMES,
  https://markets.ft.com/data/equities/tearsheet/profile?s=GOOG:NSQ
  (last visited Apr. 27, 2026) ............................................................................................2

Fed. R. Civ. P. 62(a) ........................................................................................................1

Fed. R. Civ. P. 62(b) ........................................................................................................3

Katherine Blunt, *Google to Double Spending as Earnings Beat Wall Street
  Expectations*, WALL STREET JOURNAL (Feb. 4, 2026),
  https://www.sec.gov/ix?doc=/Archives/edgar/data/0001652044/00016520442
  6000018/goog-20251231.htm ..........................................................................................2

Tripp Mickle, *Google Plans to Double Spending Amid A.I. Race*, N.Y. TIMES
  (Feb. 4, 2026), https://www.nytimes.com/2026/02/04/business/google-
  earnings-ai.html ............................................................................................................2

Ty Roush, *Alphabet Beats Earnings Expectations As Annual Revenue Tops $400 Billion For First Time*, FORBES (Feb. 4, 2026), https://www.forbes.com/sites/tylerroush/2026/02/04/alphabet-beats-earnings-expectations-as-annual-revenue-tops-400-billion-for-first-time/ ...........................................2

On April 3, 2026, this Court issued an Order *(a)* denying Google's renewed motion for judgment as a matter of law; *(b)* granting Google's motion for remittitur of Ulku Rowe's punitive damages award; *(c)* denying Rowe's motion for a permanent injunction and other equitable relief; and *(d)* granting Rowe's motion for attorneys' fees and costs, with the amounts to be determined by Magistrate Judge Jennifer E. Willis at inquest. (ECF No. 411 (the "Order").) Concurrently with this motion, Google is appealing to the Second Circuit Court of Appeals the portion of the Order that denies its renewed motion for judgment as a matter of law.[1]

Pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, Google respectfully requests that this Court waive the bond requirement pending its appeal, because its ability to pay the maximum judgment of $5.79 million is plain. Google requested Rowe's consent to this motion by April 27, 2026, but as of the date of this filing has received no response.

Alternatively, if this Court denies Google's waiver request, Google requests an extension—of two weeks following the entry of an order denying the waiver request—of the 30-day automatic stay currently in effect under Fed. R. Civ. P. 62(a), so that Google may post a bond.

## I.    FACTUAL BACKGROUND

On April 3, 2026, this Court issued the Order. (ECF No. 411.) The automatic stay of execution on the judgment expires on May 4, 2026. *See* Fed. R. Civ. P. 62(a).

If Rowe successfully appeals this Court's grant of remittitur and obtains all the attorneys' fees and costs that she seeks, she will obtain a judgment totaling **$5,786,398.61**—consisting of

---

[1] Google reserves the right to appeal that portion of the Order that granted Rowe's motion for attorneys' fees and costs. Google will timely amend its Notice of Appeal following entry of a final, appealable order on that motion. *See LCS Group, LLC v. Shire LLC*, Nos. 19-cv-942 and 19-cv-2404, 2019 WL 7824613, at *1 (2d Cir. Nov. 12, 2019) ("Where attorney's fees and costs have been awarded, but not determined, the order is not final" (citation omitted)); *Caprio v. Gorawara*, No. 24-cv-1786, 2026 WL 183865, at *2 (2d Cir. Jan. 23, 2026) (same).

$1,150,000 in damages, $4,458,313.75 in attorneys' fees, and $178,084.86 in costs. (*See* ECF Nos. 340 and 362.) Thus, at most, Google must pay Rowe a $5.79 million judgment. *Id*.

Google is a multi-billion-dollar company. According to the Financial Times,[2] Google's parent company, Alphabet Inc.,[3] generated $402.84 billion of revenue in 2025. *Alphabet Inc. Profile*, FIN. TIMES (last visited Apr. 27, 2026).[4] Its net income as of December 25, 2025 was $132.17 billion, an increase of over $32 billion from the prior year. *Id*.; *see also* Tripp Mickle, *Google Plans to Double Spending Amid A.I. Race*, N.Y. TIMES (Feb. 4, 2026) (Google's "businesses lifted sales at Alphabet, Google's parent company, to $113.8 billion in the quarter that ended in December [2025], an 18 percent increase from the same period a year earlier")[5]; Ty Roush, *Alphabet Beats Earnings Expectations As Annual Revenue Tops $400 Billion For First Time*, FORBES (Feb. 4, 2026) ("Alphabet's quarterly revenue exceeded Wall Street's estimates of $111.3 billion")[6]; Katherine Blunt, *Google to Double Spending as Earnings Beat Wall Street Expectations*, WALL STREET JOURNAL (Feb. 4, 2026) (Google's "[p]rofit reached about $132 billion last year")[7]; Alphabet Inc., Annual Report (Form 10-K) at 32 (Feb. 5, 2026) ("2025 Form 10-K").[8]

---

[2] This Court may take judicial notice of materials such as news articles from reputable sources, and SEC filings. *See Staley v. FSR Int'l Hotels Inc.*, 775 F. Supp. 3d 720, 725 n.3 (S.D.N.Y. 2025) (taking judicial notice of information in "various news articles," because the articles were "sources whose accuracy cannot reasonably be questioned" (citation omitted)); *In re Global Cord Blood Corp. Sec. Litig.*, No. 24-cv-3071, 2026 WL 444770, at *7 (S.D.N.Y. Feb. 17, 2026) ("An SEC filing is properly subject to judicial notice").

[3] *See* ECF No. 16.

[4] Available at https://markets.ft.com/data/equities/tearsheet/profile?s=GOOG:NSQ.

[5] Available at https://www.nytimes.com/2026/02/04/business/google-earnings-ai.html.

[6] Available at https://www.forbes.com/sites/tylerroush/2026/02/04/alphabet-beats-earnings-expectations-as-annual-revenue-tops-400-billion-for-first-time/.

[7] Available at https://www.wsj.com/tech/alphabet-q4-earnings-2025-googl-stock-fb9a4e9c.

[8] Available at https://www.sec.gov/ix?doc=/Archives/edgar/data/0001652044/000165204426000018/goog-20251231.htm.

## II.    LEGAL STANDARD

Rule 62(b) of the Federal Rules of Civil Procedure provides that an appellant is entitled to a stay pending appeal by posting a supersedeas bond. *See* Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security.") "The purpose of requiring a supersedeas bond pending appeal is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency." *Frommert v. Conkright*, 639 F. Supp. 2d 305, 313 (W.D.N.Y. 2009) (citation omitted).

This Court "may, in its discretion, waive the bond requirement" in appropriate circumstances. *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015). Courts consider five factors when a party moves to waive the bond requirement: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Id*. at 417–418.

## III.    ARGUMENT

Google does not argue that it is "in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Id*. Nor does Google have any reason to believe that Rowe could not easily and speedily collect on any judgment. Indeed, "expenses relating to legal and other matters, including certain fines and settlements" are among the "main components of [Google's] general and administrative expenses," so payment of any judgment to Rowe would occur in the ordinary course of Google's business. 2025 Form 10-K at 31–32.

"[A]n inflexible requirement of a bond would be inappropriate" where, as here, "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money . . . ." *In re Nassau Cnty. Strip Search Cases*, 783 F.3d at 417 (citing *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)).

Google's ability to pay a $5.79 million judgment to Rowe—assuming she recovers every dollar she seeks—is plain. Google is a multi-billion-dollar company that can easily afford to pay the maximum judgment of $5.79 million, which represents only *0.004%* of its 2025 net income of $132.17 billion. *See Ortiz v. Stambach*, No. 16-cv-00321, 2023 WL 3089087, at *2 (W.D.N.Y. Apr. 26, 2023) (waiving bond requirement where defendant's ability to pay $6.5 million judgment was "plain," because it was "projected to have more than $109,000,000 available for cash disbursements at the end of the fiscal year"); *Frommert*, 639 F. Supp. 2d at 313 (waiving bond requirement where defendant had "over three billion in assets, far exceeding the amounts at issue in this case, which appear to run into the tens of millions at most").

Rowe acknowledges this, too. In her opposition to Google's successful motion for remittitur, she argued that "Google is one of the largest tech companies in the world," with "$283 billion in revenue in 2022," so could easily "afford to pay" the since-reduced $1 million punitive damages award. (ECF No. 374 at 12–13 (citations omitted).) In fact, in support of the commonly accepted proposition that Google is a multi-billion-dollar company, Rowe relies on publicly available financial information such as SEC filings, too. (*Id*. (citing stockanalysis.com and Alphabet SEC filing).)

For these reasons, Google's bond requirement should be waived.

Alternatively, if this Court denies Google's waiver request, Google requests an extension— of two weeks following the entry of an order denying the waiver request—of the 30-day automatic

4

stay currently in effect under Fed. R. Civ. P. 62(a), so that Google may post a bond. *See Brooks v. Dash*, No. 19-cv-1944, 2020 WL 2521311, at \*1 (S.D.N.Y. May 16, 2020) (granting extension as alternative relief under similar circumstances).

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court waive the bond requirement pending Google's partial appeal of the Order. Alternatively, if this Court denies Google's waiver request, Google requests an extension—of two weeks following the denial—of the 30-day automatic stay under Fed. R. Civ. P. 62(a) so that Google may post a bond.

Dated: May 1, 2026                                        PAUL HASTINGS LLP

Kenneth W. Gage
Sara B. Tomezsko
Kaveh Dabashi
200 Park Avenue
New York, NY 10166
(212) 318-6000

*Counsel for Defendant Google LLC*

5

## WORD COUNT CERTIFICATION

I hereby certify that the total number of words in this Memorandum of Law, inclusive of point headings and exclusive of the caption, table of authorities and signature block, is 1,432.

This certification was prepared in reliance on the word-count function in Microsoft Word, the word-processing system used to prepare the document.

Dated: May 1, 2026

_____
Kaveh Dabashi

1