Case 1:19-cv-08655-JHR-JW    Document 418    Filed 05/04/26    Page 1 of 4

Here's how you know



# Tax implications of settlements and judgments

The general rule regarding taxability of amounts received from settlement of lawsuits and other legal remedies is Internal Revenue Code (IRC) Section 61. This section states all income is taxable from whatever source derived, unless exempted by another section of the code. IRC Section 104 provides an exclusion from taxable income with respect to lawsuits, settlements and awards. However, the facts and circumstances surrounding each settlement payment must be considered to determine the purpose for which the money was received because not all amounts received from a settlement are exempt from taxes. The key question to ask is: "What was the settlement (and its corresponding payments) intended to replace?"

## IRC Section and Treas. Regulation

IRC Section 61 ☐ explains that all amounts from any source are included in gross income unless a specific exception exists. For damages, the two most common exceptions are amounts paid for certain discrimination claims and amounts paid on account of physical injury.

IRC Section 104 ☐ explains that gross income does not include damages received on account of personal physical injuries and physical injuries.

IRC Section 104(a)(2) ☐ permits a taxpayer to exclude from gross income "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or physical sickness

Reg. Section 1.104-1(c) defines damages received on account of personal physical injuries or physical sickness to mean an amount received (other than workers' compensation) through prosecution of a legal suit or action, or through a settlement agreement entered into in lieu of prosecution.

Cited in Powev. Google LLC
19-Civ8655 Decided 4/3/26
Archived on 4/8/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

Case 1:19-cv-08655-JHR-JW     Document 418     Filed 05/04/26     Page 2 of 4

# Resources (court cases, Chief Counsel Advice, Revenue Rulings, internal resources)

CC PMTA 2009-035 – October 22, 2008   PDF   Income and Employment Tax Consequences and Proper Reporting of Employment-Related Judgments and Settlements

Publication 4345, Settlements – Taxability   PDF   This publication will be used to educate taxpayers of tax implications when they receive a settlement check (award) from a class action lawsuit.

Rev. Rul. 85-97 - The entire amount received by an individual in settlement of a suit for personal injuries sustained in an accident, including the portion of the amount allocable to the claim for lost wages, is excludable from the individual's gross income. Rev. Rul. 61-1 amplified.

Rev. Rul. 96-65 - Under current Section 104(a)(2) of the Code, back pay and damages for emotional distress received to satisfy a claim for disparate treatment employment discrimination under Title VII of the 1964 Civil Rights Act are not excludable from gross income. Under former Section 104(a)(2), back pay received to satisfy such a claim was not excludable from gross income, but damages received for emotional distress are excludable. Rev. Rul. 72-342, 84-92, and 93-88 obsoleted. Notice 95-45 superseded. Rev. Proc. 96-3 modified.

# Analysis

Awards and settlements can be divided into two distinct groups to determine whether the payments are taxable or non-taxable. The first group includes claims relating to physical injuries, and the second group is for claims relating to non-physical injuries. Within these two groups, the claims usually fall into three categories:

1. Actual damages resulting from physical or non-physical injury;

2. Emotional distress damages arising from the actual physical or non-physical injury; and

3. Punitive damages

Prior to August 21, 1996, IRC Section 104(a)(2) did not contain the word "physical" with regard to personal injuries or sickness. The Code was amended (SBJPA, PL 104-188) to exclude from gross income "the amount of any damages (other than punitive) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness". The Service has consistently held that compensatory damages, including lost wages, received on account of a personal physical injury are excludable from gross income with the exception of punitive damages. Rev. Rul. 85-97 and also see *Commissioner v. Schleier*, 515 U.S. 323, 329-30 (1995).

Damages received for non-physical injury such as emotional distress, defamation and humiliation, although generally includable in gross income, are not subject to Federal employment taxes.

Cited in Rowe v. Google LLC
19-cv-8655 Decided 4/3/26
Archived on 4/8/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

Case 1:19-cv-08655-JHR-JW Document 418 Filed 05/04/26 Page 3 of 4

Emotional distress recovery must be on account of (attributed to) personal physical injuries or sickness unless the amount is for reimbursement of actual medical expenses related to emotional distress that was not previously deducted under IRC Section 213. See *Emerson v, Comr.*, T.C. Memo 2003-82 & *Witcher v. Comr.*, T.C. Memo 2002-292.

As a result of the amendment in 1996, mental and emotional distress arising from non-physical injuries are only excludible from gross income under IRC Section104(a)(2) only if received on account of physical injury or physical sickness.

Punitive damages are not excludable from gross income, with one exception. The exception applies to damages awarded for wrongful death, where under state law, the state statute provides only for punitive damages in wrongful death claims. In these cases, refer to IRC Section 104(c) which allows the exclusion of punitive damages. *Burford v. United States,* 642 F. Supp. 635 (N.D. Ala. 1986).

Employment-related lawsuits may arise from wrongful discharge or failure to honor contract obligations. Damages received to compensate for economic loss, for example lost wages, business income and benefits, are not excludable form gross income unless a personal physical injury caused such loss.

Discrimination suits for age, race, gender, religion, or disability can generate compensatory, contractual and punitive awards, none of which are excludible under IRC Section104(a)(2).

As a general rule, dismissal pay, severance pay, or other payments for involuntary termination of employment are wages for federal employment tax purposes.

The General Instructions for Certain Information Returns provides that for information return reporting purposes, a payment made on behalf of a claimant is considered a distribution to the claimant and is subject to information reporting requirements. Consequently, defendants issuing a settlement payment or insurance companies issuing a settlement payment are required to issue a Form 1099 unless the settlement qualifies for one of the tax exceptions.

In some cases, a tax provision in the settlement agreement characterizing the payment can result in their exclusion from taxable income. The IRS is reluctant to override the intent of the parties. If the settlement agreement is silent as to whether the damages are taxable, the IRS will look to the intent of the payor to characterize the payments and determine the Form 1099 reporting requirements.

Treatment of Payments to Attorneys - IRC 6041 and 6045 state that when a payor makes a payment to an attorney for an award of attorney's fees in a settlement awarding a payment that is includable in the plaintiff income, the payor must report the attorney's fees on separate information returns with the attorney and the plaintiff as payees. Therefore, Forms 1099-MISC and Forms W-2, as appropriate, must be filed and furnished with the plaintiff and the attorney as payee when attorney's fees are paid pursuant to a settlement agreement that provides for payments includable in the claimant's income, even though only one check may be issued for the attorney's fees.

Cited Re: Rowe v. Google LLC, 1:19-Civ8655 Decided 4/3/26 Archived on 4/8/26 This doc deems is protected by copyright. Further reproduction is prohibited without permission.

# Issue indicators or audit tips

Research public sources that would indicate that the taxpayer has been party to suits or claims.

Interview the taxpayer to determine whether the taxpayer provided any type of settlement payment to any of their employees (past or present).

## Review court documents or relevant documents to:

- Determine the nature of the claim and the character of the payment.

- Determine whether the payment, in whole or in part, is INCOME to the recipient.

- Determine whether the payment, in whole or in part, is WAGES.

- Determine whether the taxpayer has a reporting requirement, and if so, whether form required is a 1099 or W-2.

Request documentation of how the taxpayer reported the payment and whether the appropriate employment taxes were paid. Request copies of the original petition, complaint or claim filed showing grounds for the lawsuit and the lawsuit settlement agreement.

## Review the original petition, complaint or claim and lawsuit agreement for:

- Clear characterization of payments

- Settlement checks or a schedule of payments

- Documentation showing the amount of legal fees paid, including any written fee agreements

- Disbursement schedule or a clear statement of how the funds were disbursed

- Documentation of letters or statements that address the taxation of the settlement proceeds.

*Page Last Reviewed or Updated: 08-Oct-2025*

Citation Rowe v Google LLC 19Civ8655 Decided 4/3/26 Archived on 4/8/26 This document is protected by copyright Further reproduction is prohibited without permission